Terry R. Marston, *pro hac vice,* terry@mhf-law.com
Jami K. Elison, *pro hac vice,* jamie@mhf-law.com
MARSTON HEFFERNAN FOREMAN, PLLC
16880 N.E. 79th Street
Redmond, Washington 98052
(425) 861-5700

PAUL J. NANGLE & ASSOCIATES
Kerry Building
101 Christensen Drive
Anchorage, Alaska 99501
Telephone: (907) 274-8866

Attorney for Plaintiff ABSOLUTE ENVIRONMENTAL SERVICES, INC.

**FILED**

DEC 0 1 2005

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By _____ Deputy

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES INC., an Alaska Corporation, <br><br> Plaintiff, <br><br> vs. <br><br> FORREST J. MCKINLEY, an individual, d/b/a "Imperial Industrial Coatings" and EMERCO, INC., a California Corporation, d/b/a Imperial Industrial Coatings, <br><br> Defendant. | Case No.: A03-0199CV (RRB) <br><br><br><br> **PLAINTIFF'S OPPOSITION TO BRECHAN'S MOTION TO DISMISS** |
| EMERCO, INC., a California corporation d/b/a Imperial Industrial Coatings, and the States for Use and Benefit of EMERCO, INC., <br><br> Counterclaimant/Third-party Claimant, <br><br> v. <br><br> ABSOLUTE ENVIRONMENTAL SERVICES INC., an Alaska corporation, et al., <br><br> Cross-defendants/Third-party Defendants. | |

PLAINTIFF'S OPPOSITION TO BRECHAN'S MOTION TO DISMISS
Case No. A03-0199CV (RRB)-- 1
ORIGINAL

140

## I. RELIEF REQUESTED

Plaintiff Absolute Environmental Services, Inc. ("Absolute") requests that this Court deny Brechan Enterprises, Inc.'s ("Brechan") motion to dismiss Absolute's claims.[1]

To the extent that Brechan seeks summary judgment on affirmative defenses, Brechan requests that this Court deny the motion and allow discovery to proceed pursuant to CR 56(f). Discovery will establish that it was Brechan, not Absolute, that had knowledge of the site conditions at the cargo wharf in Kodiak, Alaska.

## II. ISSUES

1. WHETHER BRECHAN'S MOTION TO DISMISS SHOULD BE TREATED AS A MOTION FOR SUMMARY JUDGMENT AND GOVERNED BY FRCP 56?

2. WHETHER BRECHAN HAS DEMONSTRATED THE ABSENCE OF GENUINE ISSUES OF MATERIAL FACT AND ENTITLEMENT TO JUDGMENT AND DISMISSAL AS A MATTER OF LAW?

## III. FACTS

On May 24, 2005, this Court granted a motion brought by Absolute Environmental Services seeking permission under FRCP 15(a) and FRCP 21 to rejoin Brechan Enterprises, Inc. and its Miller Act surety, Safeco. *See* Order Granting Plaintiff's Motion to Join Parties, attached as Appendix A. Pursuant to the Court's order, Absolute then brought suit against Brechan and its surety after which Brechan itself filed a Third-Party Complaint against Coffman Engineers, Inc. seeking indemnity.

---

[1] On November 16, 2005 counsel for Absolute and counsel for Brechan reached an agreement authoring service of Absolute's briefing in opposition to Brechan's Motion to Dismiss via fax or equivalent on November 29, 2005, and filing with the Court via mail thereafter. These materials are served and filed in accord with that agreement.

Coffman has moved to dismiss Brechan's claims as being untimely, brought after the expiration of an earlier deadline for amendment of pleadings. Brechan, while opposing Coffman's motion, has in turn moved to dismiss Absolute's claims on similar facts, but under different legal theories. Brechan is effectively asking this Court to nullify its May 24th order allowing joinder and to rely on the original scheduling order for this purpose.

Absolute previously addressed the reasons why justice required joinder under FRCP 15. These same proofs amply support a conclusion of good cause for a modification to the earlier scheduling order to allow the joinder. A copy of Plaintiff's Motion to Join Parties, Amend Complaint, and Extend Discovery and its supporting Declaration of Terry R. Marston are attached here as Appendix B. The arguments and evidence in these documents are incorporated by this reference and relied upon by Absolute in this opposition to Brechan's motion to dismiss and in support of Absolute's argument that good cause for both amending the scheduling order and permitting the joinder were amply demonstrated.

Brechan's motion does not question the Court's conclusion that Absolute satisfied the requirements of CR 15(a) to permit the rejoinder of Brechan and its surety. Instead, Brechan argues that, procedurally, Absolute should first have made a formal request to modify the scheduling order to allow an amendment of its pleadings after the schedule's deadline to amend pleadings had expired and then supported that formal request with an express showing of "good cause" under CR 16(b). Implicit in Brechan's argument is a contention that the Court erred in its May 24, 2005, order granting the re-joinder of Brechan and Safeco. Brechan claims that Absolute cannot show good cause, that the

joinder order was therefore improperly granted, and that Brechan it and its surety must as a result be dismissed from this lawsuit. As an alternative argument, it argues that it would be unfairly prejudicial to require Brechan to defend itself on the merits against Absolute's claim.

Absolute's claims against Brechan are based on the legal doctrine of "Superior Knowledge" and evidence that Brechan had actual knowledge about concealed defective site conditions and then failed, or declined, to disclose that information to Absolute. *See* Appendix B and Appendix C, Complaint for Damages and Restitution Against Brechan Enterprises and Safeco Insurance Co. of America.

Brechan argues that Absolute knew or should have known of the facts now underlying its claims against Brechan *before* the original deadline for amending pleadings. It reasons that, if so, Absolute's knowledge and subsequent failure to timely act on it constitutes a lack of "diligence" on Absolute's part inconsistent with FRCP 16(b)'s requirement of a showing of "good cause" to support a pretrial schedule modification.

Brechan offers no proof by way of declaration or otherwise to support its assertion that Absolute knew or should have known about the conditions upon which its claims against Brechan are based. For purposes of this motion, Absolute's declarations to the contrary must be taken as fact. *See* accompanying Declaration of David Olson In Opposition to Brechan's Motion to Dismiss.

As stated in the accompanying Declaration of David E. Olson, Absolute did <u>not</u> know prior to the date of the original deadline for amendment of pleadings that the condition of the welds on the Cargo Wharf would cause holidays in the wharf's coating,

that the amount of defective welds was unusually high, or that these conditions constituted compensable differing site conditions.

However, Brechan itself actually knew that Absolute had no prior coatings experience and that its proposed coatings application subcontractor lacked the specified qualifications required for the work. *See* accompanying Olson Decl.

Nor was Absolute was "careless" or lacking in "diligence" when it declined to copy and review Cargo Wharf Phase I documents produced by Brechan at Imperial's request. At the time Brechan produced these documents, they were not relevant to <u>any</u> issue in the lawsuit. Absolute did not review or copy Brechan's Phase I documents because the claims in the lawsuit pertained <u>only</u> to Phase II. Brechan produced Phase I documents in response to a discovery request from Imperial. Imperial had alleged Brechan conspired with Coffman Engineers, Specialty Polymer Coatings, *and Absolute* to take advantage of Imperial <u>on Phase II</u> of the Wharf Renovation project. Absolute did not review or copy Brechan's <u>Phase I</u> documents because Absolute, as one of the alleged conspirators, did not need to spend time and money investigating the merits of an alleged conspiracy Absolute knew did not exist. *See* accompanying Olson Decl.

Brechan was either inexplicably derelict in failing to disclose to Absolute the existence of the concealed site conditions, or it concealed them deliberately. Once Absolute discovered the evidence demonstrating the problem arising out of the defective welds and Brechan's prior knowledge of the conditions, Absolute sought and obtained leave to re-join Brechan and its surety as parties to the lawsuit. There was ample good cause for that Order.

# IV. AUTHORITY & ARGUMENT

### A. BRECHAN'S MOTION TO DISMISS MUST BE GOVERNED BY FRCP 56

Brechan's motion to dismiss does not cite to a particular Federal Rule as authority for this Court to dismiss the claims of Absolute against it. (Neither FRCP 15 nor FRCP 16 cited by Brechan provides a procedure for dismissing a pending claim.) Regardless of the rule Brechan intended to rely on, though, under the Federal Rules its motion must be treated as a motion for summary judgment under FRCP 56 when it relies, as it does, on matters outside the pleadings.

The standard rules pertaining to dismissal of claims before a trial are FRCP 12 and FRCP 56. Whether or not Brechan intended to rely on FRCP 12 to support its motion to dismiss, Rule 12 itself declares that any motion to dismiss that relies upon matters outside the pleadings "shall be treated as one for summary judgment and disposed of as provided in Rule 56 and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Brechan's motion, expressly relying upon the Declaration of Michael Martin and the factual argument that Absolute waived claims against Brechan by not asserting them prior to an earlier deadline for amending pleadings, plainly relies upon matters outside of Absolute's pleading.

### B. WHETHER BRECHAN HAS DEMONSTRATED THE ABSENCE OF GENUINE ISSUES OF MATERIAL FACT AND ENTITLEMENT TO JUDGMENT AND DISMISSAL AS A MATTER OF LAW?

#### 1. Brechan Has No Standing To Contest The May 24, 2005 Order.

Absolute identified in its motion to join that the joinder rules and procedures are "not designed to protect the defendant to be added who is not entitled to notice." Motion, p. 6 citing *Hoffman v. Beer Drivers & Salesmen's Local Union No. 888*, 536 F.2d 1268,

1272 (9th Cir. 1976). Prior to the joinder, the parties in the lawsuit, namely, Forrest J. McKinley, Emerco, Inc., and Special Polymer Coatings USA, Inc., had the right to object to joinder because the schedule duration of the lawsuit in which their rights were to be adjudicated would be effected. And none of those parties objected. Brechan has no standing to challenge the Order that was granted upon filing of an unopposed motion and Brechan's rights are plainly subject to the current case schedule not the old one.

### 2. As A Matter Of Law, Brechan And Safeco Could Be Entitled To Dismissal With Prejudice Of Absolute's Claims Against Them For Failure To Bring Those Claims Prior To The Cutoff For Amendment Of Pleadings Under FRCP 16?

Brechan mistakenly views FRCP 16 as establishing a rule of substantive law, rather than one intended solely to regulate pretrial procedure. However, FRCP 16(a) plainly specifies its *procedural* objectives within the rule itself:

> **(a) Pretrial Conferences; Objectives.** In any action, the court may in its discretion direct the attorneys for the parties and any unrepresented parties to appear before it for a conference or conferences before trial for such purposes as
>
> (1) expediting the disposition of the action;
>
> (2) establishing early and continuing control so that the case will not be protracted because of lack of management;
>
> (3) discouraging wasteful pretrial activities;
>
> (4) improving the quality of the trial through more thorough preparation; and
>
> (5) facilitating the settlement of the case.

FRCP 16(a)(emphasis added).

Absent from this list is any mention of an intent to establish a substantive rule of law to supplement statutory limitations of actions. Accordingly, the absence of the assertion of a claim within a time frame allowed by a pretrial scheduling order

amounts *at most* in the denial of a right to assert the claim in the context of the pending trial and not a substantive waiver of entitlement to pursue the claim.

Brechan cites to no authority that would deny joinder based on the expiration of an earlier pre-trial schedule when, as here, material new facts have been discovered. Without discussing its context, Brechan relies upon *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992). That case did <u>not</u> nullify a case schedule and rely upon an old one. That case is easily distinguished and its holding is inapplicable to the facts here. Here, this Court <u>granted</u> leave to add parties after considering briefing that identified new discoveries and articulated proper reasons for adding parties to the lawsuit. In contrast, in *Johnson* the trial court <u>denied</u> a motion to add parties and explained its reasons:

> Johnson has failed to demonstrate good cause for his belated motion to amend. As discussed above, [Defendant's] answer to the complaint and response to interrogatories amply indicated that Mammoth Recreations did not own and operate the ski resort, and thus any theory of liability predicated upon that fact would fail. Moreover, the district court found that Mammoth Recreations' counsel had sent a letter explicitly offering to stipulate to a substitution of the "proper defendant," …. Failing to heed clear and repeated signals that not all the necessary parties had been named in the complaint does not constitute diligence.
> ***
> The simple fact is that his attorneys filed pleadings and conducted discovery but failed to pay attention to the responses they received. That is precisely the kind of case management that Rule 16 is designed to eliminate.
> ***
> In short, Johnson failed to establish "good cause" for modifying the pretrial scheduling order. The district court did not abuse its discretion …

*Johnson*, 975 F.2d at 609-610. The Ninth Circuit upheld a trial court for denying a motion to join when the party had been expressly notified repeatedly that it should join a different defendant but ignored that information. In contrast, this Court allowed a motion to join because Absolute articulated the reasons why justice required adding claims against

Brechan and its surety. *See* Appendix B. Unlike the *Johnson* case, there is no history of Brechan having notified Absolute that Absolute should have amended the pleadings earlier. On the contrary, this dispute is over Brechan's knowledge, if not concealment, of material facts.

Brechan cites no contrary authority in support of its argument in support of dismissal. In the absence of authority to the effect that Brechan somehow acquired a substantive right when no claims from Absolute were made against it at the time of the original order's deadline, the issue remains one of balancing the needs of justice against the desire for efficient pursuit of litigation.

### 3. Motions Must Be Based On Current Circumstances Or Else They Are Advisory.

Under the scheduling order currently in effect, the joinder of Brechan and its surety is timely. The Ninth Circuit analyzes the rules governing amendments in light of current circumstances and not against old and no longer relevant circumstances:

> [T]he denial of Verizon's motion to amend its complaint cannot be sustained on the ground that it came after judgment had been entered. As matters now stand, a motion to amend would come before trial on the merits of the two issues remanded. The normal rules permitting amendment should govern. *See, Fed. R. Civ. P.* 15 (providing that leave of the court to amend "shall be freely given when justice so requires").

*Verizon Delaware, Inc. v. Covad Communications Co.*, 377 F.3d 1081, 1090 (9th Cir. 2004). Likewise, Brechan's motion to dismiss cannot be sustained based on a previous scheduling order that has been replaced by this Court.

### 4. There Are Numerous Issues Of Material Fact As To Whether There Was "Good Cause" To Modify The Pretrial Order Permitting Absolute's Assertion Of Claims Against Brechan And Safeco.

A finding of good cause was implicit in the Court's ruling under Rule 15 that justice required the joinder of these parties and no express finding to this effect is required. Whether or not the Court's order of May 24th authorizing the joinder of Brechan and Safeco included an express finding of good cause to allow Absolute's amendment of its pleadings to join Brechan and Safeco after the earlier deadline for amending claims, good cause was plainly demonstrated. *See Malone v. U.S. Postal Serv.*, 833 F.2d 128, 132 (9th Cir. 1987) (ruling that explicit discussions may be preferable, but clarifying that "we have never held that explicit discussion of alternatives is *necessary*.")[1]

There are genuine issues of material fact regarding whether Absolute had actual knowledge of the facts out of which its claim against Brechan and Safeco arises prior to the expiration of the original deadline for amendment of pleadings.[2]

The evidence before the Court supports Absolute's contention that it did not learn of the facts underlying its claim against Brechan until long after the expiration of the Court's original deadline for amending pleadings (see Olson Declaration) and there is no evidence offered by Brechan to support its contrary assertions.

There are genuine issues of material fact regarding whether Absolute should have known the facts out of which its claim against Brechan and Safeco arises prior to the expiration of the original deadline for amendment of pleadings.

---

[1] The Court's ruling under Rule 15 that "justice requires" the joinder is itself comparable to a finding of "good cause."

[2] It is actually generous to argue that there are issues of fact because the only substantiated facts are those supporting Absolute's position.

PLAINTIFF'S OPPOSITION TO BRECHAN'S MOTION TO DISMISS
Case No. A03-0199CV (RRB)-- 10

### 5. Whether Brechan And Safeco Are Entitled To Be Dismissed From This Lawsuit Because, Under The Circumstances, It Would Be Unfairly Prejudicial To Require Them To Defend Themselves On The Merits Of Absolute's Claims.

Brechan's second argument in support of its request for dismissal of Absolute's claims is recognizable as Brechan's second affirmative defense, asserting "waiver, estoppel, and laches." (See Appendix D hereto, Answer and Third-Party Complaint of Brechan.) Brechan claims, independent of the argument arising out of the pretrial order, that it was injured by inadequate notice from Absolute causing it to lose rights to reimbursement from the Coast Guard for Absolute's claims.

As an affirmative defense, Brechan bears the burden of proof on these issues and must demonstrate a prima facie case supporting these claims as a condition of seeking summary judgment. Instead, it has offered nothing more than the self-serving, unsubstantiated, and conclusory declaration of Michael Martin to support its argument that pass-through rights were lost. This is inadequate and, as such, the Court should deny Brechan's motion on any of these grounds.

Brechan second argument is that its joinder at this time is unfairly prejudicial because it has lost (a) the opportunity to obtain USCG reimbursement for Absolute's claims, (b) the opportunity to contemporaneously monitor AESI's project productivity, and (c) the opportunity to have its project manager prepare its defense following his resignation. Although the record is generally devoid of any facts proffered to support these claims, Brechan presents a few factual allegations by filing the limited Declaration of Michael Martin. Having presented limited facts into the record, Brechan appears to be

requesting relief either on the pleadings or as a motion for summary judgment. *See generally Cunningham v. Rothery*, 143 F.3d 546 (9th Cir. 1998):

> Contrary to the strictures ... of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which requires the court to consider in a motion for dismissal only the matters in the pleadings, [movant] attached numerous documents to her motion to dismiss, including declarations.
>
> \*\*\*
>
> Rule 12(b)(6) permits the consideration of matters outside the pleadings if the motion for dismissal is converted into a motion for summary judgment. *See* Fed.R.Civ.P. 12(b)(6). There is no notice requirement for the conversion, but the court must give the parties a reasonable opportunity to present material that would be pertinent under the summary judgment motion by rule 56.

*Id.* at 548-49. It is well established "that on summary judgment the court must view the facts and draw all inferences in the light most favorable to the nonmoving party." *Dominguez-Curry v. Nevada Transp. Dept.*, 424 F.3d 1027, 1035 (9th Cir. 2005) (citing *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987). As such, and given the pleadings and declarations of record here, Brechan's motion can be denied for failure of proof. *See Martinez v. Stanford*, 323 F.3d 1178, 1184 (9th Cir. 2003) (holding that motion could be denied even absent an opposition due to failure of proof and existence of factual disputes).

To the extent that this Court believes that factual issues may have been sufficiently presented by Brechan, Absolute requests pursuant to CR 56(f) that this court defer ruling on Brechan's motion until Absolute has been given the opportunity to engage in discovery on these affirmative defenses involving claims of prejudice.

## V. PROPOSED ORDER

A proposed order accompanies this motion.

## VI. CONCLUSION

Initially, Brechan's motion to dismiss must be treated as a summary judgment motion because it relies upon matters outside the pleadings in accordance with the requirements of FRCP 12.

Brechan's motion must be denied under any analysis. To the extent that Brechan seeks to nullify the May 24, 2005 Order and obtain relief pursuant to an old scheduling order, that request must be denied because good cause existed to add parties and there is no legal basis for the dispositive relief requested by Brechan. On the other hand, to the extent that Brechan requests judgment on the pleadings and presents declarations in support of that request, those requests must be denied because genuine issues of material fact exist and further discovery is warranted on the hotly disputed questions of who knew what, and when.

Absolute respectfully requests that this Court deny Brechan's motion in its entirety.

RESPECTFULLY SUBMITTED this 29th day of November, 2005.

MARSTON HEFFERNAN FOREMAN, PLLC

By _____
Terry R. Marston II, WSBA No. 14440
Jami K. Elison, WSBA No. 31007
Attorneys for Plaintiff Absolute Environmental Service, Inc.

## DECLARATION OF SERVICE

The undersigned certifies under penalty of perjury, under the laws of the State of Washington that I am now and at all times herein mentioned, a resident of the State of Washington, over the age of 18 years, not a party to or interested in the above-entitled action, and competent to be a witness herein.

On the date given below I caused to be served in the manner noted copies of the following upon designated counsel:

1. PLAINTIFF'S OPPOSITION TO BRECHAN'S MOTION TO DISMISS;
2. DECLARATION OF DAVID OLSON IN OPPOSITION TO MOTION TO DISMISS;
3. PROPOSED ORDER DENYING MOTION TO DISMISS.

| *VIA Facsimile and US First Class Mail* <br> Eric J. Brown, Esq. <br> Jermain Dunnagan & Owens, P.C. <br> 3000 A Street, Suite 300 <br> Anchorage, AK 99503-4097 <br> *Atty for Forrest McKinley and Emerco* | *VIA Facsimile and US First Class Mail* <br> Robert J. Dickson <br> Atkinson, Conway & Gagnon, Inc. <br> 420 L Street, Suite 500 <br> Anchorage, AK 99501 <br> *Atty for Specialty Polymer Coatings* |
|---|---|
| *VIA Facsimile and US First Class Mail* <br> Jacob Nist <br> Perkins Coie, LLP <br> 1029 West Third Avenue, Suite 300 <br> Anchorage, AK 99501 <br> *Atty for Brechan and Safeco* | *VIA Facsimile and US First Class Mail* <br> Peter Partnow <br> Lane Powell Spears Lubersky <br> 301 W. Northern Lights Boulevard <br> Suite 301 <br> Anchorage, Alaska 99503 <br> *Atty for Coffman* |
| *VIA Facsimile and US First Class Mail* <br> James B. Stoetzer <br> Lane Powell Spears Lubersky <br> 1420 Fifth Avenue, Suite 4100 <br> Seattle, WA 98101 <br> *Atty for Coffman* | |

SIGNED at Redmond, Washington this 29 day of November, 2005.

_____
Kristy L. Martyn