FILED
US DISTRICT COURT
DISTRICT OF ALASKA

2005 DEC -8 PM 4: 04
PD

Jacob Nist, Esq.
Perkins Coie LLP
1029 W. Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561
(907) 276-3108 (Facsimile)
jnist@perkinscoie.com

Attorneys for Defendants Brechan Enterprises, Inc. and Safeco Insurance Company of America

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska corporation,<br><br>Plaintiff,<br><br>v.<br><br>FORREST J. MCKINLEY, an individual, d/b/a "Imperial Industrial Coatings"; EMERCO, INC., a California corporation, d/b/a Imperial Industrial Coatings; BRECHAN ENTERPRISES, INC., an Alaska corporation; and SAFECO INSURANCE COMPANY OF AMERICA, a Washington corporation,<br>                    Defendant. | Case No. A03-0199 Civil (RRB)<br><br>**REPLY TO PLAINTIFF'S OPPOSITION TO BRECHAN'S MOTION TO DISMISS** |

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

REPLY TO OPPOSITION TO MOTION TO DISMISS- 1 -            [38599-0012/AA053350.012]

143

EMERCO, INC., a California corporation d/b/a Imperial Industrial Coatings, and the United States for the Use and Benefit of EMERCO, INC.,

   Counterclaimant/Third-Party Claimant,

v.

ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska corporation, et al.,

   Cross-defendants/Third-party Defendants.

THE UNITED STATES OF AMERICA for the use and benefit of ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska corporation,

        Plaintiff,

v.

SAFECO INSURANCE COMPANY OF AMERICA, a Washington corporation,

        Defendant.

BRECHAN ENTERPRISES, INC., an Alaska corporation,

        Counterclaim Plaintiff,

v.

ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska corporation,

        Counterclaim Defendant.

### REPLY TO PLAINTIFF'S OPPOSITION TO BRECHAN'S MOTION TO DISMISS

Brechan Enterprises, Inc. and Safeco Insurance Company of America have moved to dismiss Absolute Environmental Services' ("Absolute") complaint. Absolute did not satisfy the requirements of Fed. R. Civ. P. 16(b) to show good cause when it added Brechan and Safeco after both were dismissed with prejudice from this lawsuit. In response, Absolute claims that it was ignorant about certain conditions on a construction project until years after it had performed the work.

**I.    Brechan's Motion to Dismiss was Expressly Made Pursuant to Rule 37 and is Not a Motion for Summary Judgment.**

Absolute mistakenly believes that Brechan and Safeco's motion to dismiss is made pursuant to Rule 12. Absolute also mistakenly contends that Brechan and Safeco's motion should be treated as a motion for summary judgment under Rule 56 because it relies on matters outside the pleadings.

Absolute's contention that Brechan and Safeco have moved for summary judgment is wrong. Brechan and Safeco's principal motion adopts the same basis for dismissal, Rule 37, as Coffman's Motion to Dismiss. Brechan and Safeco's Motion to Dismiss, at 5, n.5 (stating that Coffman's motion to dismiss was a motion for sanctions against Absolute pursuant to Rule 37 and stating that this argument has merit). Rule 16(f) states that a party's failure "to obey a scheduling or pretrial order" may subject a party to sanctions under Rule 37. Such sanctions include "dismissing the action or proceeding or any part thereof." Fed. R. Civ. P. 37(b)(2)(C).

Motions for sanctions for failure to abide by discovery rules are not

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

motions for summary judgment. Motions for sanctions may rely on matters outside the pleadings. *Professional Seminar Consultants, Inc. v. Sino American Technology Exchange Council, Inc.*, 727 F.2d 1470, 1472 (9th Cir. 1985) (affirming motion for sanctions based on two affidavits).

## II. Brechan's Rights Were Protected by the Pretrial Scheduling Order Which Absolute Disregarded by its Untimely Complaint.

Brechan and Safeco were parties to this action when the Court set the deadline to join claims and parties. This deadline was April 1, 2004. Had Brechan and Safeco not been dismissed from this lawsuit, there is no question that Absolute would not be able to assert its untimely claim.[1] Yet, Absolute takes the position that the pretrial order which Absolute disregarded does not protect Brechan and Safeco and that they should be denied any opportunity to object.

As the Ninth Circuit explained in *Johnson v. Mammoth Recreations, Inc.*, Rule 16 "[d]oes not simply exalt procedural technicalities over the merits of [a] case." 975 F.2d 604, 610 (9th Cir. 1992). "Disregard of [a pretrial scheduling] order would undermine the court's ability to control its docket, <u>disrupt the agreed-upon course of the litigation</u>, and reward the indolent and cavalier." *Id.* Brechan and Safeco agreed in a pretrial scheduling conference as to the timeline of this litigation. Now, Absolute's untimely claim threatens Brechan and Safeco to have to litigate the same case twice in contravention of that earlier agreement.

---

[1] There is also some question concerning whether Absolute's motion to amend should have been granted even if it were timely. The factual support for the motion is an argumentative declaration signed by Absolute's counsel which does not appear to be based upon personal knowledge. *See* Opposition to Motion to Dismiss, Appendix B, at 13-42.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

However, even if Brechan and Safeco were not parties to the pretrial order, "[p]rejudice to a person who is not a party to the action may be relevant to the decision whether to grant or deny leave to amend." 6 Charles Alan Wright, et al., *Federal Practice and Procedure*, § 1487 at 634 (2d ed. 1990). Indeed, the Court's treatment of the absent defendant in the *Johnson* case demonstrates that the Court may consider Brechan and Safeco's interests. In *Johnson*, the plaintiff sued a defendant who was not responsible for the plaintiff's injury. 975 F.2d at 610. At the time that the plaintiff moved to add the correct defendant, it was undisputed that the original defendant was not liable. *Id.* at 607, 610. As such, the Court could not have been concerned about how the case could have impacted the original defendant, but only concerned about the effect of adding the absent defendant. Similarly, even if Brechan and Safeco were not parties to the original pretrial order, their interests should be protected by Rule 16. Absolute's assertion that Brechan and Safeco are not entitled to challenge an order that directly impacts both is incredible.

### III. Absolute has Failed in its Belated Attempt to Show "Good Cause."

Absolute did not have a good cause to disregard the pretrial deadline for joining parties. Absolute's assertion that it had no way of knowing the project conditions when it was actually working on the project is incredible. Mr. Olsen's declaration admits that Absolute was on the project every day and saw the alleged condition. Declaration of David Olsen, at ¶ 4.

Absolute's claim that its failure to review discovery was reasonable also is incredible. Absolute chose not to investigate Brechan's files which relate to Phase

I of the project. Since 2003, Absolute has been defending a counterclaim brought by its subcontractor, Imperial Industrial Coatings ("Imperial"). Imperial took discovery related to Phase I of the project and Brechan made this information available to all the parties.

Absolute cavalierly claims that it did not bother to review these documents because it believed that it related to Imperial's allegations of conspiracy between Absolute, Brechan, Coffman and Specialty Polymer Coatings. In Absolute's view, these documents were "irrelevant" because Absolute knew Imperial would not be able to prove that Absolute was involved in a conspiracy on Phase II. Conspiracy is only one theory of liability asserted by Imperial. As the declaration of Mr. Olson demonstrates, Absolute did not perform any work during Phase I of the project. Therefore, for whatever reason Imperial took discovery related to Phase I, it could not have dealt with its theory of a conspiracy. Instead, this discovery must have involved one of Imperial's other theories.[2] Absolute has been defending these counterclaims since 2003. It ignored this discovery at its own peril.

### IV.  Absolute has Failed to Rebut Brechan's Showing of Prejudice.

Absolute dodges the issue of Brechan and Safeco's prejudice by claiming that Brechan has moved for summary judgment and requesting a continuance to respond to this motion under Rule 56(f). As noted above, Brechan and Safeco

---

[2] Imperial's claimed "changed condition" is based on a completely different set of circumstances than Absolute's allegation.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

have not moved for summary judgment, but instead for sanctions under Civil Rule 16(f) and Civil Rule 37.

Absolute offers no proof to rebut the fact that under federal contracting law, Brechan has lost any right to pass through Absolute's claim as a result of Absolute's failure to assert it in a timely manner. Additionally, Absolute offers no evidence to rebut the assertion that Brechan's former Project Manager who administered this project no longer works for Brechan. The only contrary evidence that Absolute cites which relates to Brechan's prejudice is that Brechan monitored Absolute's performance on the project through a quality assurance inspector and project manager. Absolute does not dispute that there would be no reason for Brechan to monitor the impact that an alleged "changed condition" would have on the progress of the work in the absence of a claim.

## CONCLUSION

Absolute did not bother to review documents produced in discovery. Absolute, almost two years after the work was performed, claims some of the problems that it encountered were due to project conditions rather than Imperial's performance. Absolute has failed to demonstrate good cause and its complaint against Brechan should be dismissed.

DATED: December 7, 2005.

                        **PERKINS COIE LLP**
                        Attorneys for Brechan Enterprises, Inc. and
                        Safeco Insurance Company of America.

                        By _____
                           Jacob Nist
                           Alaska Bar No. 0211051

## CERTIFICATE OF SERVICE

I hereby certify that I have served by mail/~~fax/hand~~ a true and correct copy of the foregoing on:

**Counsel for Absolute Environmental Services, Inc.**
Lawrence A. Pederson
Paul J. Nangle & Associates
101 Christensen Drive
Anchorage, Alaska 99501
(Fax: 907-274-8866)

**Counsel for Specialty Polymer Coating USA, Inc.**
Robert J. Dickson
Atkinson Conway & Gagnon
410 L Street, Suite 500
Anchorage, Alaska 99501
(Fax: 907-272-2082)

**Counsel for Absolute Environmental Services, Inc.**
Richard R. Roland
Terry R. Marston II
Marston, Heffernan & Foreman
Anderson Park Building
16880 NE 79th Street
Redmond, WA 98052-4424
(Fax: 425-861-6969)

**Counsel for Emerco, Inc., d/b/a Imperial Industrial Coatings**
William R. Baerg
Monteleone & McCrory
725 South Figueroa Street, Suite 3750
Los Angeles, California 90017-5402
(Fax: 213-612-9930)

**Counsel for Forrest J. McKinley and Emerco, Inc., d/b/a Imperial Industrial Coatings**
Eric J. Brown
Jermain Dunnagan & Owens
3000 A Street, Suite 300
Anchorage, Alaska 99503
(Fax: 907-563-7322)

**Counsel for Coffman Engineers, Inc.**
Peter C. Partnow
Lane Powell LLC
301 W. Northern Lights Blvd., #301
Anchorage, Alaska 99503-2648
(Fax: 908-276-2631)

this 7th day of December, 2005.

_/s/ Marnie Craig_