FILED
US DISTRICT COURT
DISTRICT OF ALASKA

2005 DEC 16 PM 4:03

Terry R. Marston, *pro hac vice,* terry@mhf-law.com
Jami K. Elison, *pro hac vice,* jamie@mhf-law.com
MARSTON HEFFERNAN FOREMAN, PLLC
16880 N.E. 79th Street
Redmond, Washington 98052
(425) 861-5700

PAUL J. NANGLE & ASSOCIATES
Kerry Building
101 Christensen Drive
Anchorage, Alaska 99501
Telephone: (907) 274-8866

Attorneys for Plaintiff ABSOLUTE ENVIRONMENTAL SERVICES, INC.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

ABSOLUTE ENVIRONMENTAL SERVICES INC., an Alaska Corporation,

Plaintiff,

vs.

FORREST J. MCKINLEY, an individual, d/b/a "Imperial Industrial Coatings" and EMERCO, INC., a California Corporation, d/b/a Imperial Industrial Coatings,

Defendant.

EMERCO, INC., a California corporation d/b/a Imperial Industrial Coatings, and the States for Use and Benefit of EMERCO, INC.,

Counterclaimant/Third-party Claimant,

v.

ABSOLUTE ENVIRONMENTAL SERVICES INC., an Alaska corporation, et al.,

Cross-defendants/Third-party Defendants.

Case No.: A03-0199CV (RRB)

**PLAINTIFF'S OPPOSITION TO COFFMAN'S MOTION TO DISMISS**



ORIGINAL

144

THE UNITED STATES OF AMERICA *for the use and benefit of* ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation,

Plaintiff,

vs.

SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation.

Defendants.

---

BRECHAN ENTERPRISES, INC., an Alaska corporation,

Counterclaim Plaintiff,

vs.

ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation,

Counterclaim Defendant.

---

BRECHAN ENTERPRISES, INC., an Alaska corporation,

Third-Party Plaintiff,

vs.

COFFMAN ENGINEERS, INC, a Washington Corporation.

Third-Party Defendant.

---

ABSOLUTE ENVIRONMENTAL SERVICES INC., an Alaska Corporation,

Plaintiff/Cross-claimant,

vs.

COFFMAN ENGINEERS, INC, a Washington Corporation.

Third-Party Defendant.

## I. RELIEF REQUESTED

Plaintiff Absolute Environmental Services, Inc. ("Absolute") requests that this Court deny Coffman Engineers, Inc.'s ("Coffman's") motion to dismiss Absolute's claims.

To the extent that Coffman seeks summary judgment on affirmative defenses, Absolute requests that this Court deny the motion and allow discovery to proceed pursuant to Fed.R.Civ.P. 56(f). Discovery will establish that it was Coffman and Brechan, not Absolute, that had knowledge of the site conditions at the cargo wharf in Kodiak, Alaska.

## II. SUMMARY OF ARGUMENT

Neither Coffman nor Brechan rely on Fed.R.Civ.P. 12 or 56 as grounds for their motions to dismiss. Instead, Coffman and Brechan claim that this Court should exercise the sanction authority of Fed.R.Civ.P. 37 to dismiss Absolute's causes of action against them. By arguing that Absolute should be sanctioned for not joining Brechan earlier, Brechan and Coffman are requesting that this Court sanction Absolute for doing precisely what Absolute obtained leave from this Court to do (join Brechan, who in turn joined Coffman). Although Absolute maintains that the motions to dismiss are entirely without merit, Absolute will attempt to address issues in some detail because of the gravity of the dispositive relief requested.

Coffman and Brechan each contend that Absolute somehow lost the right to pursue claims against them when the original pre-trial schedule cutoff date to amend claims or add new parties passed without Absolute having sued them. While no specific theory is articulated by either, the possibilities listed below exist. As will be shown, none is valid or capable of supporting the dismissals Brechan and Coffman seek.

i. Does passage of a cutoff to amend pleadings bar any future action against a party, regardless of any prejudice caused by a claim being later asserted?

There is no authority for such a proposition. A court may decline to allow the presentation of a claim in the pending proceeding, but there is no rule and no case law that would provide a basis to argue that the claims themselves expire rather than merely the opportunity to have them heard in the proceeding governed by the scheduling order.

ii. Does passage of a cutoff to amend pleadings bar any future action against a party, but only if the party would be prejudiced by a claim being later asserted?

Courts draw a clear distinction between "prejudice" and "unfair prejudice," with only the latter being relevant to a request for relief from the court. There is no legal authority cited, or in existence, that would entitle Coffman or Brechan to dismissal of Absolute's claims based on the simple assertion of "prejudice" because it is always prejudicial to be in litigation.

iii. Does passage of a cutoff to amend pleadings bar any future action against a party, but only if the party would be unfairly prejudiced by a claim being later asserted?

Brechan and Coffman fail to substantiate any claims of unfair prejudice.

iv. Does unfair prejudice alone bar any future actions against a party, regardless of the passage of a cutoff to amend pleadings?

An "unfair prejudice" argument is the same as the affirmative defenses of "waiver, estoppel, or laches." Brechan and Coffman are obliged to present evidence substantiating the allegations constituting *prima facie* proof of any affirmative defenses. Until Brechan and Coffman do so, the burden will not shift to Absolute to present evidence rebutting their factual claims. The declaration of Mike Martin (the "evidence" submitted by Brechan in support of its allegation of estoppel or "prejudice") is nothing more than

inadmissible, self-serving, undocumented conclusory statements of the president of the company. Such a declaration would be a *glaringly* inadequate basis to substantiate a summary judgment motion.

Neither Coffman nor Brechan have presented any valid grounds for dismissal of Absolute's claims. Their motions must be denied.

## IV. ISSUES

1. FRCP 16 Offers No Independent Grounds For Dismissing A Party Joined By Order Of The Court Under FRCP 15, Only A Ground For Opposing Such A Motion When One Is Brought. There Is No Motion To Join That Is Currently Pending Before This Court. The Motions To Dismiss Are Based On FRCP 16 And Must Be Denied Absent Citation To Valid Legal Authority For The Dismissal.

2. FRCP 37 Provides A Basis To Dismiss The Claims Of A Party, But Only Based Upon Failures To Provide Discovery. Coffman And Brechan Allege No Failure To Provide Discovery Against Absolute. The Motions Of Coffman And Brechan To Dismiss Cannot Be Granted Under FRCP 37.

3. FRCP 12(F) Requires Any Motion To Dismiss That Is Supported With Factual Declarations To Be Treated As A Motion For Summary Judgment Under FRCP 56. Brechan And Coffman Supported Their Motions To Dismiss The Claims Of Absolute With Declarations Asserting Facts Beyond The Pleadings. The Motions Of Brechan And Coffman To Dismiss Absolute's Claims Must Be Treated As Motions For Summary Judgment By The Court.

4. Under FRCP 56, A Moving Party Must Demonstrate The Absence Of Any Genuine <u>Issue Of Material Fact</u> To Obtain A Summary Judgment. Absolute Categorically Denies The Factual Premise Of Coffman's And Brechan's Argument For Dismissal, That Absolute Allegedly Knew Of The Facts Underlying Its Claims Against Them Before The Initial Cutoff For Amendment Of Claims. Coffman's And Brechan's' Motions To Dismiss Should Be Denied.

5. Under FRCP 56(F), A Party Defending Against A Motion For Summary Judgment Is, After Identifying Relevant Information It Will Pursue, Entitled To Discovery Into The Defenses On Which The Motion Is Based Before Responding. Coffman And Brechan's Motions Alleging "Unfair Prejudice" Constitute The Affirmative Defense Of "Estoppel." Absolute Is Entitled To

Discovery Regarding The Merits *Vel Non* Of Their Claims Before Being Required To Respond To Their Motions.

## V. AUTHORITY & ARGUMENT

Because both Brechan and Coffman seek dismissal of Absolute's claims on substantially similar grounds, Absolute expressly incorporates by reference its brief and supporting declaration(s) in opposition to Brechan's motion.

Without providing the court any context, both Coffman and Brechan rely on *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992). There, a trial court exercised its discretion to deny leave to amend under Rule 16 before evaluating the issues under Rule 15. Coffman and Brechan are asking this Court to turn that authority on its head as they argue that this Court abused its discretion by granting leave to amend under Rule 15. Rule 16 opens with the acknowledgment that "the court may in its discretion" act under that rule to exercise control over a case. At its discretion, here this Court could have entertained argument under Rule 16 before granting leave to join Brechan, or it could have exercised its discretion differently. Additionally, this Court's order may have implicitly recognized compliance with Rule 16.[1] Caselaw confirms that our courts are not obligated to provide rote recitals in support of executed Court orders, for example, this Court's previous Order granting relief under Rule 15. *See Malone v. U.S. Postal Serv.*, 833 F.2d 128, 132 (9th Cir. 1987) (ruling that explicit discussions may be preferable, but clarifying that "we have never held that explicit discussion of alternatives is *necessary*.")

[1] The Court's ruling under Rule 15 that "justice requires" the joinder is itself comparable to a finding of "good cause."

Regardless, Brechan and Coffman were not even "existing parties"[2] to the litigation when the order was entered and cannot challenge this Court's discretion regarding that Order.

Fed.R.Civ.P. 16, by its own terms, is only intended to address issues of efficient *case management* – not to act as a substitute or supplementary statute of limitation. At most, a court could decline to allow amendment of pleadings to assert *new claims* against existing parties and also decline to permit the joinder of *new parties*. There is no authority, however, for a court to grant the relief requested by Brechan and Coffman.

As to Coffman's and Brechan's estoppel ("prejudice") arguments, there is nothing, but self-serving, conclusory and wholly unsubstantiated recitals, in the declarations they submit alleging prejudice. Their assertion of these estoppel arguments is an affirmative defense that they have the *burden of proof* on. *See Childress v. Darby Lumber, Inc.*, 357 F.3d 1000, 1007 (9th Cir. 2004). At this point, they have offered nothing more than allegations to substantiate their claims so as to shift the burden of proof to Absolute to rebut them. Until they have presented a prima facie case, their motions to dismiss cannot be granted on these grounds. If the court were to entertain Coffman's and Brechan's estoppel ("prejudice") arguments, then under the policies underlying FRCP 12(f) and FRCP 56(f), Absolute should be given the opportunity to examine the merits *vel non* of these claims of prejudice and hereby moves the Court for an Order granting it this opportunity before the Court entertains the motions brought by Coffman and Brechan.

1. FRCP 16 Offers No Independent Grounds For Dismissing A Party Joined By Order Of The Court Under FRCP 15, Only A Ground For Opposing Such A Motion When One Is Brought.

[2] When considering whether to add parties to a lawsuit through intervention our courts have consistently focused the analysis on the effect to "existing parties" to the litigation. *See Garza v. County of Los Angeles*, 918 F.2d 763, 777 (9th Cir. 1990); *U.S. v. State of Oregon*, 913 F.2d 576, 588 (9th Cir. 1990).

<u>There Is No Motion To Join That Is Currently Pending Before This Court. The Motions To Dismiss Are Based On FRCP 16 And Must Be Denied Absent Citation To Valid Legal Authority For The Dismissal.</u>

Absolute's motion for joinder was properly granted and the process used under FRCP 15 (which requires no prior notice to parties sought to be joined) has not itself been challenged by Brechan or Coffman. Once a joinder is completed, the parties joined have access to FRCP 12 and FRCP 56 to seek a dismissal of the claims against them if they believe the claims against them are deficient legally or are deficient factually. Neither Coffman nor Brechan have cited these rules to the Court as authority underlying their motions. They cite only FRCP 16 governing pretrial schedules. FRCP 16, though, does not provide procedure (independent of FRCP 12 or FRCP 56) to dismiss claims. In the absence of the identification of a viable *legal* basis for the relief they are requesting, Brechan and Coffman's motions to dismiss must be denied *as a matter of law*.

2. <u>FRCP 37 Provides A Basis To Dismiss The Claims Of A Party, But Only Based Upon Failures To Provide Discovery. Coffman And Brechan Allege No Failure To Provide Discovery Against Absolute. The Motions Of Coffman And Brechan To Dismiss Cannot Be Granted Under FRCP 37.</u>

FRCP 37 does provide a procedure, as a result of *discovery abuses,* for dismissing claims. Dismissal of claims is permitted under FRCP 37, but only in egregious cases involving refusal to provide discovery and, usually, involving disregard of an order compelling disclosure. On these motions to dismiss Absolute's claims against Brechan and Coffman, there are no allegations of discovery abuses to invoke the power under FRCP 37 to dismiss a claim.

Likewise, the authority to sanction under FRCP 16(f) does not apply here. FRCP 16 (f) applies only to the following circumstances:

- If a party or party's attorney fails **to obey** a scheduling or pretrial order, or
- if no appearance is made on behalf of a party at a scheduling or pretrial conference, or
- if a party or party's attorney is substantially unprepared to participate in the conference,
- or if a party or party's attorney fails to participate in good faith [in the conference]

While none of these circumstances apply to the facts underlying Coffman's and Brechan's motions to dismiss, the final three, which all pertain to participation in a scheduling *conference*, clearly do not. Accordingly, Coffman and Brechan can only be alleging that Absolute *disobeyed* the scheduling order."

Both FRCP 16(f) and FRCP 37(b)(2)(B), (C), (D) focus on the concepts of "obedience" and "disobedience" with the court's scheduling or pretrial order. Both rules describe sanctions the Court is authorized to impose when a party is "disobedient."

> (f) **Sanctions**. If a party or party's attorney fails to **obey** a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference, or if a party or party's attorney is substantially unprepared to participate in the conference, or if a party or party's attorney fails to participate in good faith, the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are **just**, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D). In lieu of or in addition to any other **sanction**, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust.

FRCP 16 (f)

(B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;
(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;
(D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination;

FRCP 37(b)(2)(B), (C), (D). The word "disobedience" must be understood to understand what the rule makers considered as sanctionable conduct. "Disobedience" is defined as "*neglect* or *refusal* to obey an order."[3] Both "neglect" and "refusal" require, first, the *ability* to either obey or not obey an order. A party's *diligence* or *willingness* to comply with the order does not even come into play absent his first having the *ability* to comply.

There is no reasonable basis upon which to contend that Absolute, lacking knowledge of the facts giving rise to causes of action against Coffman and Brechan, "disobeyed" the Court's scheduling order by not suing them earlier.

3. FRCP 12(F) Requires Any Motion To Dismiss That Is Supported With Factual Declarations To Be Treated As A Motion For Summary Judgment Under FRCP 56. Brechan And Coffman Supported Their Motions To Dismiss The Claims Of Absolute With Declarations Asserting Facts Beyond The Pleadings. The Motions Of Brechan And Coffman To Dismiss Absolute's Claims Must Be Treated As Motions For Summary Judgment By The Court.

While not cited as a basis for their motions to dismiss, FRCP 12 *does* provide a procedure for dismissing claims lacking a proper foundation *in law*. Because valid legal

[3] Random House College Dictionary, p. 382 (1973).

grounds support Absolute's claims against both Brechan and its claims against Coffman, FRCP 12 provides no basis for the Court to grant the requested motions to dismiss.

Absolute's claims against Brechan are based primarily on the "Doctrine of Superior Knowledge." Under the doctrine, one who enters into a construction contract with knowledge of facts material to the cost of a contractor's work, but fails to disclose those facts when the contractor did not know of them and had no reason to know of them is liable in damages for the contractor's increased cost of performance.

> Generally, a contractee has no duty to disclose information that the contractor can reasonably be expected to find itself. *H.N. Bailey & Assoc. v. U.S.*, 196 Ct. Cl. 166, 178 (1978). However, a contractee may be held liable for breach of contract when it withholds information in its possession vital to the contractor's performance when the contractor would not be reasonably expected to find the information itself. This is known as the "Superior Knowledge" Doctrine. *GAF Corp. v. U.S.*, 932 F.2d 947, 949 (Fed. Cir. 1991).

To recover under the Superior Knowledge Doctrine, a contractor must prove the following elements:

> (1) [The contractor] under[took] to perform without vital knowledge of a fact that affects performance costs or direction; (2) the [contractee] was aware the contractor had no knowledge of and had no reason to obtain such information; (3) any contract specification supplied misled the contractor, or did not put it on notice to inquire, and (4) the [contractee] failed to provide the relevant information.

*GAF Corp. v. U.S.*, 932 F.2d 947, 949 (Fed. Cir. 1991). Under FRCP 12, a party need only *allege* facts sufficient to substantiate an otherwise valid legal theory.

> "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Pruitt v. Cheney*, 963 F.2d 1160, 1164 (9th Cir. 1992).

> "Even more to the point, "[a] party does not need plead specific legal theories in the complaint, as long as the opposing party receives notice as to what is at issue in the lawsuit."

*Pruitt v. Cheney*, 963 F.2d 1160, 1164 (9th Cir. 1992) (citing and quoting *Electrical Constr. & Maint. Co. v. Maeda Pacific Corp.*, 764 F.2d 619, 622 (9th Cir. 1985).

No proof of the facts alleged is required because FRCP 12 constitutes a challenge to the *legal*, not *factual*, merits of a claim. Absolute has in its pleadings *alleged* facts that, if proven, would entitle it to an award of damages under this theories against Coffman and Brechan. Therefore, having identified a viable legal theory and *alleged* facts sufficient to substantiate claims against Coffman and Brechan, there are no grounds under FRCP 12 for the Court to grant the motions to dismiss.

Absolute's claims against Coffman are based on professional negligence [negligent preparation of plans and specifications, negligent failure to "clarify" circumstances related to weld defects, negligent failure to disclose the basis for material changes in the plans and specifications, negligence in administering the plans and specifications]. *See State v. Transamerica Premier Ins. Co.*, 856 P.2d 766, 772 (Al. S.Ct. 1993) (discussing professional negligence claims). In its pleadings Absolute has *alleged* facts sufficient to establish a *prima facie* case to recover damages under this theory. Having identified a valid legal theory and alleged facts sufficient to substantiate such a claim against Coffman, there are no grounds under FRCP 12 to grant Coffman's motions to dismiss the claims of Absolute.

The actions of Coffman and Brechan in supporting their motions to dismiss *with factual declarations* further preclude reliance on FRCP 12 as authority for a dismissal.[4] FRCP 12(f) precludes consideration of motions to dismiss under FRCP 12 when a moving party supports its argument with facts from outside the pleadings.

> When the district court looks outside the pleadings in evaluating a noticed rule 12(b)(6) motion, the motion must be converted and treated as one for summary judgment under Rule 56.

*Portland Retail* Druggists *Assn. v. Kaiser Foundation Health Plan*, 662 F.2d 641, 645 (9th Cir. 1981). FRCP 12(f) requires such motions be treated and ruled upon as motions for summary judgment under FRCP 56. Absolute disputes the conclusory and inadequate allegations relied upon by Coffman and Brechan. See Declaration of David E. Olson In Opposition to Motion to Dismiss.

4. Under FRCP 56, A Moving Party Must Demonstrate The Absence Of Any Genuine Issue Of Material Fact To Obtain A Summary Judgment. Absolute Categorically Denies The Factual Premise Of Coffman's And Brechan's Argument For Dismissal, That Absolute Allegedly Knew Of The Facts Underlying Its Claims Against Them Before The Initial Cutoff For Amendment Of Claims. Coffman's And Brechan's' Motions To Dismiss Should Be Denied.

While not cited as a basis for their motions to dismiss, FRCP 56 does provide a procedure for dismissing claims allegedly lacking a basis *in fact*. According to FRCP 12(f), it also governs motions to dismiss supported by factual assertions outside the pleadings. Because both Coffman and Brechan rely upon factual assertions outside the

4 While Coffman itself submits no supporting declarations, its argument relies on the same factual allegations (from outside the pleadings) that Brechan supported with declarations presenting facts not found in the pleadings. If Brechan's declarations are considered in support of its motion, the motion must be governed by FRCP 56. If Brechan's declarations are not considered, there is no factual support for its contentions at all and its motion must be denied for that reason.

pleadings, resolution of their motions is governed by FRCP 56. In addition to observing that the first pretrial schedule included a cutoff date for amending pleadings and joining parties, and that Absolute had not asserted claims against them before that date, they go on to *allege the following facts*:

- that Absolute had *knowledge before* the original cutoff date of the facts underlying its claims against them and so could have, and should have, asserted the claims before then; and
- that Coffman and Brechan would now be *prejudiced* by being required to defend themselves on the merits of Absolute's claims.

See Declaration of Terry R. Marston II In Opposition to Motion to Dismiss. Absolute categorically denies these fact allegations. See Declaration of David E. Olson In Opposition to Motion to Dismiss.

Contrary to the claims of Coffman and Brechan, Absolute had NO KNOWLEDGE of the facts its claims are now based on as of the date of the original cutoff for joinder. *Id.* Additionally, neither Coffman nor Brechan have offered any documentary substantiation that either will suffer any *unfair* prejudice by being required to respond to Absolute's claims on the merits in this proceeding. The only support presented comes in the form of undocumented, conclusory, self-serving declarations claiming prejudice. Such declarations have no evidentiary value on a motion for summary judgment.

> "The Postal Service's motion for summary judgment stands or falls on Booher's declaration. However, that declaration presents only conclusory assertions .... We hold that the declaration is insufficient to justify a grant of summary judgment ...."

*Tovar v. United States Postal Serv.*, 3 F.3d 1271, 1282 (9th Cir. 1993). Furthermore, and as appellate courts have often noted, there is always prejudice when people are required to defend themselves in a lawsuit; therefore, it is only unfair prejudice that may provide a basis for a defense.

> Plain legal prejudice, however, does not result simply when defendant faces the prospect of a second lawsuit or when plaintiff merely gains some tactical advantage. … Further, it is clear that mere inconvenience of defending another lawsuit does not constitute plain legal prejudice."

*Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982). Coffman and Brechan are not entitled to dismissal based on Absolute's assertion of its claims subsequent to the original pretrial schedule joinder cutoff date (a) when Absolute was not aware of the facts upon which its claim is based at that time and (b) when no statute of limitations is alleged to have elapsed.

FRCP 16 is only intended to regulate trial preparation. There is no suggestion in any authority that it is intended to act as a supplementary statute of limitations. By its own terms, its goals are to minimize delays and conserve judicial resources.

> (a) **Pretrial Conferences; Objectives**. In any action, the court may in its discretion direct the attorneys for the parties and any unrepresented parties to appear before it for a conference or conferences before trial for such purposes as
> (1) expediting the disposition of the action;
> (2) establishing early and continuing control so that the case will not be protracted because of lack of management;
> (3) discouraging wasteful pretrial activities;
> (4) improving the quality of the trial through more thorough preparation, and;
> (5) facilitating the settlement of the case.

FRCP 16(a)(emphasis added). A claim that has not been asserted against a party before a pre-trial joinder cutoff is not thereafter waived, estopped, or permanently barred. At most, it is only disqualified from consideration in the pending lawsuit.

5. Under FRCP 56(F), A Party Defending Against A Motion For Summary Judgment Is, After Identifying Relevant Information It Will Pursue, Entitled To Discovery Into The Defenses On Which The Motion Is Based Before Responding. Coffman And Brechan's Motions Alleging "Unfair Prejudice" Constitute The Affirmative Defense Of "Estoppel." Absolute Is Entitled To Discovery Regarding The Merits Vel Non Of Their Claims Before Being Required To Respond To Their Motions.

Absolute is entitled to an opportunity to conduct discovery into Coffman's and Brechan's affirmative defenses of estoppel ("prejudice"). Whether or not Coffman and/or Brechan will experience *any* prejudice, let alone *unfair* prejudice, as a result of being required to defend themselves against the claims of Absolute in this lawsuit, can only be determined through a factual inquiry into their claims of prejudice. This is an inquiry Absolute is entitled to make under FRCP 26 and FRCP 56(f). Given that evidence of prejudice to Coffman and Brechan would be information uniquely within their possession, it is all the more important that Absolute be given the opportunity to require them to

- Provide substantiation of the existence of the prejudice they claim;
- Provide information regarding whether the prejudice they claim could, would, or did actually occur;
- Provide information regarding whether any unfair prejudice that may be found to exist was *caused* by Absolute or existed independently of anything for which Absolute would be responsible; and

- Provide information regarding whether any prejudice that may exist could and should have been avoided based on independent information long held by them.

## VII. Conclusion

Both Brechan and Coffman are seeking dismissal of Absolute's claims. As legal authority, each urges this Court to use FRCP 37 to sanction Absolute for not joining Brechan earlier. However, Absolute joined Brechan as soon as it discovered the facts giving rises to the claims against Brechan and obtained leave from the Court to join Brechan to the lawsuit. This court already found that justice required the relief granted and authorized Absolute to join Brechan. Brechan and Coffman have been properly served with complaints and neither possesses any right to revisit that previous decision issued under FRCP 15 allowing joinder. Neither of them have presented any legal grounds upon which this Court could entertain the requests for dismissal. Brechan and Coffman are trying to get away with something, which is why the current lawsuit exists.

RESPECTFULLY SUBMITTED this 16th day of December, 2005.

MARSTON HEFFERNAN FOREMAN, PLLC

By [signature]
Terry R. Marston II, WSBA No. 14440
Jami K. Elison, WSBA No. 31007
Attorneys for Plaintiff Absolute Environmental Service, Inc.

**CERTIFICATE OF SERVICE**

The undersigned certifies under penalty of perjury, under the laws of the State of Washington that I am now and at all times herein mentioned, a resident of the State of Washington, over the age of 18 years, not a party to or interested in the above-entitled action, and competent to be a witness herein.

On the date given below I caused to be served in the manner noted copies of the following upon designated counsel:

1. OPPOSITION TO MOTION OF COFFMAN'S TO DISMISS; and
2. [PROPOSED] ORDER DENYING MOTIONS OF BRECHAN AND COFFMAN TO DISMISS AND GRANTING ABSOLUTE'S MOTION TO CONDUCT FRCP 56(f) DISCOVERY

| | |
|---|---|
| ***VIA Hand Delivery on 12/16/05***<br>Eric J. Brown, Esq.<br>Jermain Dunnagan & Owens, P.C.<br>3000 A Street, Suite 300<br>Anchorage, AK 99503-4097<br>*Atty for Forrest McKinley and Emerco* | ***VIA Hand Delivery on 12/16/05***<br>Robert J. Dickson<br>Atkinson, Conway & Gagnon, Inc.<br>420 L Street, Suite 500<br>Anchorage, AK 99501<br>*Atty for Specialty Polymer Coatings* |
| ***VIA Hand Delivery on 12/16/05***<br>Jacob Nist<br>Perkins Coie, LLP<br>1029 West Third Avenue, Suite 300<br>Anchorage, AK 99501<br>*Atty for Brechan and Safeco* | ***VIA Hand Delivery on 12/16/05***<br>Peter Partnow<br>Lane Powell Spears Lubersky<br>301 W. Northern Lights Boulevard<br>Suite 301<br>Anchorage, Alaska 99503<br>*Atty for Coffman* |
| ***VIA Hand Delivery on 12/16/05***<br>James B. Stoetzer<br>Lane Powell Spears Lubersky<br>1420 Fifth Avenue, Suite 4100<br>Seattle, WA 98101<br>*Atty for Coffman* | |

SIGNED at Redmond, Washington this 16th day of December 2005.

Kristy L. Martyn