Peter C. Partnow, ASBA No. 7206029
James B. Stoetzer, ASBA No. 7911130
Lane Powell LLC
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Tel:  907-277-9511
Fax:  907-276-2631
PartnowP@LanePowell.com

Attorneys for Third-Party Defendant
Coffman Engineers, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska corporation,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>FORREST J. McKINLEY, an individual, d/b/a "Imperial industrial Coatings"; and EMERCO, INC., a California corporation, d/b/a Imperial Industrial Coatings; BRECHAN ENTERPRIESES, INC., an Alaska corporation; and SAFECO INSURANCE COMPANY OF AMERICA, a Washington corporation,<br><br>　　　　　　　　　　Defendants. | Case No. A03-199 CV (RRB) |
| EMERCO, INC., a California corporation d/b/a Imperial Industrial Coatings, and the United States for the Use and Benefit of EMERCO, INC.,<br><br>　Counterclaimant/Third-Party Claimant,<br><br>v.<br><br>ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska corporation, et al.,<br><br>　Cross-Defendants/Third-Party Defendants. | **REPLY TO PLAINTIFF'S OPPOSITION TO <u>COFFMAN'S MOTION TO DISMISS</u>** |

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511 Facsimile 907.276.2631

| |
|---|
| THE UNITED STATES OF AMERICA for the use and benefit of ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska corporation,<br><br>          Plaintiff,<br><br>v.<br><br>SAFECO INSURANCE COMPANY OF AMERICA, a Washington corporation,<br><br>          Defendant. |
| BRECHAN ENTERPRISES, INC., an Alaska corporation,<br><br>          Counterclaim Plaintiff,<br><br>v.<br><br>ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska corporation,<br><br>          Counterclaim Defendant. |
| BRECHAN ENTERPRISES, INC., an Alaska corporation,<br><br>          Third-Party Plaintiff,<br><br>v.<br><br>COFFMAN ENGINEERS, INC., a Washington corporation,<br><br>          Third-Party Defendant. |

## I. INTRODUCTION[1]

Absolute's opposition to Coffman's motion to dismiss incorrectly asserts that Coffman is unable to challenge its late joinder as a party, mischaracterizes Coffman's motion as one for summary judgment, summarily claims a justifiable lack of knowledge about its claim prior to the

---

[1] Coffman will not re-argue all of the parts set forth in its opening memorandum here. Instead, it will speak only to the fallacious arguments raised by Absolute in its opposition.

**Reply to Plaintiff's Opposition to Coffman's Motion to Dismiss**
*Absolute Envtl. Servs., Inc. v. Forrest McKinley, et al.* **(Case No. A03-0199 CV (RRB))**    **Page 2 of 8**

deadline, and inexplicably asserts that Coffman has not suffered prejudice as a result of Absolute's unexcused delay. Absolute is incorrect on each point.

## II. COFFMAN HAS "STANDING" TO CHALLENGE ITS ADDITION AS A PARTY.

Absolute contends that Coffman cannot challenge its addition as a party based on the Court's previous scheduling order because after its subsequent dismissal, it was no longer "existing party." Absolute's Opposition at 7. But Coffman was an existing party by any definition of the term when the Court entered its scheduling order. And it is an "existing party" now. It is nonsensical to assert that Coffman could have challenged Absolute's late-filed complaint had it remained a party, but that because the initial complaint against Coffman was dismissed (with Absolute's knowledge), Coffman cannot challenge Absolute's misconduct. In short, Coffman's "standing" to challenge the propriety of Absolute's late-filed claims does not hinge on Absolute's failure to assert its late-filed claim until after Coffman was dismissed from the case.[2]

Moreover, under Rule 16(f), dismissal is available as a potential sanction for each violation of a pretrial order. Dismissal makes no sense as a sanction unless a party rejoined in an untimely manner could challenge the untimely joinder after being rejoined. Finally, unlike in its opposition to Brechan's motion to dismiss, Absolute fails to attach any motion to add claims against Coffman. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992) (holding that party must move to amend pretrial order). *Compare* Appendices A and B to Absolute's Opposition to Brechan's Motion to Dismiss. The court can and should properly consider the interests of parties to be joined in determining whether good cause exists. *See Johnson*, 975 F.2d at 607, 610 (finding no good cause without considering potential prejudice to current defendant, who was without question not liable).

---

[2] Absolute's theory that Coffman has no standing ironically concedes that if Absolute had filed its complaint against Coffman only a *little* late—when Coffman was still a party—Coffman could have challenged its propriety. But Absolute contends that Coffman may not challenge its joinder because Absolute's dilatory behavior resulting in an even *later* filing. Such a theory would reward increasingly bad litigation behavior.

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

Coffman's standing is a non-issue. *See* Fed. R. Civ. Pro. 41(b) ("For failure of the plaintiff . . . to comply with these rules or any order of the court, a defendant may move for dismissal of an action or any claim against the defendant.").

### III.   ABSOLUTE FAILED TO OBEY THE COURT'S SCHEDULING ORDER.

"Obedience" means "[c]ompliance with a law, command, or authority." BLACK'S LAW DICTIONARY 1102 (8th ed. 2004). Absolute could have obeyed the Court's pretrial order by either (1) filing its claim against Coffman before the deadline, or (2) showing good cause to justify late filing. Absolute's claim that it was unable to bring its claims against Coffman before the Court-imposed deadline is essentially an argument that good cause exists for its late filing. Absolute's Opposition at 10.

Absolute did not file its claim against Coffman before the deadline. And because it *could* have filed the claim in a timely manner, Absolute cannot now show good cause for its failure to do so. Absolute's argument that it was unable to obey the court's deadline might be founded on either (1) a reasonable lack of knowledge about the condition itself, or (2) a reasonable lack of knowledge of Coffman's allegedly superior knowledge. Neither is plausible.

Absolute observed the allegedly differing conditions *while working on them*. *See* Declaration of Dave Olson ¶ 4 (attached to Absolute's Opposition to Brechan's Motion to Dismiss). Absolute's claim that its inexperience excuses its failure to discern any problems with the defective welds is simply a claim that the standard of care does not apply to it. *See id*. Based on its own observations, Absolute should have known knowledge of the allegedly defective welds when the litigation commenced.

Absolute alleges that it was unaware until after the Court's deadline had passed that Coffman had provided the project design at all. *See* Declaration of Terry R. Marston in Support of Motion for Joinder ¶ 5 (attached as p. 15 of Appendix B to Absolute's Opposition to Brechan's Motion to

**LANE POWELL** LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511 Facsimile 907.276.2631

LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511 Facsimile 907.276.2631

Dismiss). Absolute fails to explain how or why it sub-contracted for and worked on a project without learning the identity of the designer or why it was unable to discern Coffman's role in the project after Imperial brought suit alleging a conspiracy involving both Coffman and Absolute.

Absolute's claim that it acted reasonably in failing to review discovery documents lacks substance. Absolute admits it possessed the relevant documents in its possession on July 6, 2004.[3] *See* Brechan's Response to Emerco's First Request for Production. Absolute nevertheless asserts that the documents purportedly revealing Coffman's superior knowledge of the allegedly differing conditions were potentially relevant only to Imperial's claim of conspiracy and that it was unnecessary to review discovery related to this claim because it "knew" Imperial's conspiracy claim was untenable. *See* Declaration of Dave Olson ¶ 8. But review of potentially adverse evidence during discovery is standard practice, even among litigations who know that the claim against them are meritless. Such review helps exonerate the innocent party and resolve the conflict in an expeditious manner. Absolute's failure to do so was unreasonable, and it ignored discovery at its own peril. *Cf. Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (noting that situation where party "conducted discovery but failed to pay attention to the responses" is "is precisely the kind of case management that Rule 16 is designed to eliminate").

### IV. ABSOLUTE'S FAILURE TO OBEY THE COURT'S ORDER REQUIRES DISMISSAL OF ITS COMPLAINT AGAINST COFFMAN.

Federal Rule of Civil Procedure 16(f) provides that the sanctions of Rule 37(b)(2)(B, C, and D), including dismissal, may be applied to violations of pretrial orders. Balancing Absolute's unexcused and dilatory conduct with the unfair prejudice caused to Coffman demonstrates that dismissal is the appropriate action for the court in this case. *Cf. Pagtalunan v. Galaza*, 291 F.3d 639,

---

[3] This means that its claim in its initial motion to join Brechan to have *recently acquired* the documents through supplemental disclosure is apparently false. *See* Absolute's Opposition to Brechan's Motion to Dismiss, Appendix B. Declaration of Terry R. Marston ¶ 23.

**Reply to Plaintiff's Opposition to Coffman's Motion to Dismiss**
*Absolute Envtl. Servs., Inc. v. Forrest McKinley, et al.* **(Case No. A03-0199 CV (RRB))**   **Page 5 of 8**

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511 Facsimile 907.276.2631

642 (9th Cir. 2002) (noting that in considering whether to dismiss claim under Rule 41(b), the court must balance the policy of expeditious dispute resolution, the need for docket management, prejudice to the defendant, the availability of less drastic alternatives, and policy of resolving conflicts on the merits).

This litigation has been pending for years. Absolute's failure to obey the Court's order results in unfair prejudice to Coffman beyond simply requiring Coffman to defend this suit. Instead, Absolute's unexcused delay in asserting a claim against Coffman has materially impaired Coffman's *ability* to defend itself against the claim and will therefore impede the just resolution of this case on its merits. Because work on the project was ongoing when this litigation commenced, Absolute's delay in asserting its claim cost Coffman the opportunity both (1) to observe Absolute's forces at work and to document the original condition of the welds which Absolute now alleges it faced, and (2) to determine first-hand whether Coffman exercised due case. Moreover, Absolute's delay in asserting its claim also renders witness testimony less reliable—testimoney that will take on heightened importance because Absolute quite literally covered up the best evidence. *See* Coffman's Motion to Dismiss at 7-9. Monetary sanctions are insufficient to compensate Coffman for the damage to the strength of its case inflicted by Absolute's unexcused delay in filing this claim.

Federal Rules of Civil Procedure 16(f), 37(b)(2)(C), and 41(b) therefore authorize the Court to dismiss Absolute's late-filed claim. *Cf. Dru v. McBride*, Slip Copy, 2005 WL 2648071 (D. Ariz. Oct. 12, 2005) (dismissing action for failure to comply with expert disclosure deadline).

### V.     COFFMAN'S MOTION IS NOT A MOTION FOR SUMMARY JUDGMENT.

Finally, Absolute mistakenly suggests that Coffman's motion should be treated as a motion for summary judgment on an affirmative defense under an estoppel theory because Coffman refers to documents outside the pleadings. Absolute's Opposition at 10. Coffman included a discussion of the prejudice created by Absolute's dilatory behavior to demonstrate that dismissal of this claim was

just under Rule 37, not to argue that Absolute would be independently estopped from asserting this claim. Moreover, motions for sanctions under Rule 37 may rely on materials outside the pleadings. *See, e.g.*, *Professional Seminar Consultants, Inc. v. Sino American Technology Exchange Council, Inc.*, 727 F.2d 1470, 1472 (9th Cir. 1985).

## VI. CONCLUSION

Absolute has provided no legitimate reason, or good cause, for failing to assert its claims against Coffman (as well as against Brechan) before the deadline which existed under the Court's pretrial order. Moreover, it fails to provide any credible explanation (other than asserting its own inexperience or lack of competence) as to how it or its subcontractor Imperial could have worked on the Kodiak wharf project for many months, yet failed to notice "THE" problem which it now seeks to offer up as the reason for alleged cost overruns and the justification for its woefully belated claims. There could not be a more blatant example of a litigant attempting to take advantage of the court system to maintain a claim which lacks any substance and for which there is simply no justification for ignoring its violation of the pretrial order.

For all the reasons stated in this reply, as well as in the opening memorandum and the memoranda seeking dismissal of the Brechan claims against Coffman, Absolute's belated claims against Coffman should be dismissed by the court.

DATED this 3rd day of January, 2006.

          LANE POWELL LLC
          Attorneys for Coffman Engineers, Inc.

          By       /s/
            Peter C. Partnow, ASBA No. 7206029

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

I certify that on January 3, 2006, a copy of the foregoing was served via electronically or U.S. mail, on the following:

**via U.S. Mail:**

Lawrence A. Pederson, Paul J. Nangle & Associates
101 Christensen Dr, Anchorage, AK 99501

Eric J. Brown, Jermain, Dunnagan & Owens
3000 A St., Ste. 300, Anchorage, AK 99503

Michael Kreger, Jacob Nist, Perkins Coie
1029 W 3rd Ave, Ste 300, Anchorage, AK 99501

Robert J. Dickson, Atkinson, Conway & Gagnon
420 L St, Ste 500, Anchorage, AK 99501-1924

William R. Baerg, Monteleone & McCrory
725 S. Figueroa St., Ste 3750, Los Angeles, CA 90017

**via Electronically:**

Jami K. Elison and Terry R. Marston II
Marston Heffernan & Foreman
16880 NE 79th St., Redmond, WA 98052

/s/ .

011680.0076/152533.1

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511   Facsimile 907.276.2631