Peter C. Partnow, ASBA No. 7206029
James B. Stoetzer, ASBA No. 7911130
Lane Powell LLC
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Tel:  907-277-9511
Fax:  907-276-2631
PartnowP@LanePowell.com

Attorneys for Third-Party Defendant
Coffman Engineers, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska corporation,<br><br>          Plaintiff,<br><br>v.<br><br>FORREST J. McKINLEY, an individual, d/b/a "Imperial industrial Coatings"; and EMERCO, INC., a California corporation, d/b/a Imperial Industrial Coatings; BRECHAN ENTERPRIESES, INC., an Alaska corporation; and SAFECO INSURANCE COMPANY OF AMERICA, a Washington corporation,<br><br>          Defendants. | Case No. 3:03-cv-00199-RRB |
| EMERCO, INC., a California corporation d/b/a Imperial Industrial Coatings, and the United States for the Use and Benefit of EMERCO, INC.,<br><br> Counterclaimant/Third-Party Claimant,<br><br>v.<br><br>ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska corporation, et al.,<br><br> Cross-Defendants/Third-Party Defendants. | **COFFMAN ENGINEERS, INC.'S MOTION ON SHORTENED TIME TO QUASH SUBPOENA AND FOR AWARD OF COSTS AND FEES** |

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

|   |
|---|
| THE UNITED STATES OF AMERICA for the use and benefit of ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska corporation,<br><br>                                    Plaintiff,<br><br>v.<br><br>SAFECO INSURANCE COMPANY OF AMERICA, a Washington corporation,<br><br>                                    Defendant. |
| BRECHAN ENTERPRISES, INC., an Alaska corporation,<br><br>                                    Counterclaim Plaintiff,<br><br>v.<br><br>ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska corporation,<br><br>                                    Counterclaim Defendant. |
| BRECHAN ENTERPRISES, INC., an Alaska corporation,<br><br>                                    Third-Party Plaintiff,<br><br>v.<br><br>COFFMAN ENGINEERS, INC., a Washington corporation,<br><br>                                    Third-Party Defendant. |

Pursuant to FRCP 27(c) and 37(a)(4) and Local Rules 1.3, 7.2, and 37.1, Coffman Engineers, Inc (Coffman) respectfully moves on shortened time for an order quashing the subpoena served by plaintiff Absolute Environmental Services, Inc ("Absolute") to compel the attendance of Jerry Hardenbergh for a deposition in Anchorage, Alaska on March 15, 2006, since Mr. Hardenbergh is scheduled to be out of Alaska at that time, but will be available for deposition at a convenient time for all of the parties shortly thereafter during the week of March 27, 2006.  Since this matter has been

**Coffman Engineers, Inc.'s Motion On Shortened Time To
Quash Subpoena And For Award Of Costs And Fees**
*Absolute Envtl. Servs., Inc. v. Forrest McKinley, et al.* **(Case No. A03-0199 CV (RRB))**          **Page 2 of 8**

brought to the attention of counsel for Absolute and he has refused to release Mr. Hardenbergh from the subpoena, Coffman has been forced to file what should have been an unnecessary motion for protective order. It thus also seeks recovery of the expense involved in pursuing this motion, as provided by FRCP 26(c)'s specific incorporation by reference of FRCP 37(a)(4) and by Local Rules 1.3 and 37.1(b).

## INTRODUCTION

In mid-February, the undersigned counsel for Coffman informed counsel for Absolute Environmental Services, Inc ("Absolute"), as well as all other counsel of record, that Coffman employees Dan Stears and Jerry Hardenbergh would be out of state and not available for deposition the week of March 15, 2006, but that both would be available for deposition in Anchorage during the week of March 27, 2006, a week when depositions in this case were being scheduled.

It was therefore a surprise when Mr. Hardenbergh received a subpoena from Absolute on February 21, two days before his scheduled departure from Alaska, for a March 15, 2006 deposition. Although requested to release Mr. Hardenbergh from the subpoena and to proceed with the deposition during the week of March 27, after Mr. Hardenbergh's scheduled return to Alaska, counsel for Absolute refused to do so, thus requiring the filing of this motion to quash.

## BACKGROUND

As the court should recall from the recent oral argument, Coffman (as well as Brechan Enterprises, Inc ("Brechan") had been dismissed from this case in early 2005 with prejudice by the only party which had asserted claims against them. Immediately upon learning of the effort of Absolute to bring Brechan and Coffman back into the litigation, Coffman moved to have the new

**LANE POWELL LLC**
301 WestNorthern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

claims dismissed. Although Coffman's motions were promptly filed, due to further briefing, continuances requested by other parties, and the court's own calendar, oral argument on the motions did not occur until January 27, 2006, and the court's order allowing Absolute to proceed with its new claims was issued several days later.

The parties immediately commenced additional discovery with several depositions being taken and other depositions being set. Absolute, as well as other parties indicated a desire to depose Dan Stears and to re-depose Jerry Hardenbergh, the two Coffman employees most directly involved with the Kodiak Cargo Wharf project.[1] After checking with these two gentlemen, counsel for all parties, including Absolute, were informed that both would be out of the Alaska during the week of March 15, but they would be back in Alaska and available for deposition the week of March 27. *See* attached declaration of counsel. Specifically, an e-mail was sent to counsel for Absolute, as well as the other counsel of record on February 15, 2006, addressing witness availability, as well as other matters. *See* Exhibit 2 to supporting declaration of counsel.[2] Counsel for Absolute responded to the email an indicated no objection to the proposal regarding the dates for depositions of Mssrs Hardenbergh and Stears. *See* Exhibit 3 to supporting declaration of counsel.

With no further discussion or notice, Absolute proceeded to subpoena Mr. Hardenbergh for a deposition on March 15, 2006. *See* Exhibit 4 to supporting declaration of counsel. Immediately

---

[1] Although Mr. Hardenbergh has already been deposed for more than the time permitted under the rules, Coffman indicated he would be made available. Among other things, Coffman recognizes that counsel for Absolute did not have the opportunity to question Mr. Hardenbergh during his initial deposition.

[2] The e-mail to all counsel specifically confirmed "Regarding the availability of Dan Stears and Jerry Hardenbergh, I informed you and the other parties on Monday that they would both be out of state during the week of March 13. However, I believe they are both available for deposition here in Anchorage towards the end of the week of March 27 if we can agree upon dates at that time."

**Coffman Engineers, Inc.'s Motion On Shortened Time To**
**Quash Subpoena And For Award Of Costs And Fees**
*Absolute Envtl. Servs., Inc. v. Forrest McKinley, et al.* **(Case No. A03-0199 CV (RRB))**   **Page 4 of 8**

**LANE POWELL LLC**
301 WestNorthern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

upon learning of this, the undersigned contacted counsel for Absolute, referenced the fact that Mr. Hardenbergh would be out of state on March 15, but back in Alaska and available for deposition shortly thereafter.  *See* Exhibit 5 to supporting declaration of counsel.  Despite two requests that the subpoena for the March 15 date be withdrawn and that the deposition be scheduled to proceed during the week of March 27, as had previously been discussed, counsel for Absolute flatly refused, realizing that his refusal would force Coffman to have to file a motion to quash the subpoena.[3]

Specifically with regards to Mr. Hardenbergh, he is a corrosion technologist who is employed by Coffman but resides in West Virginia with his wife and two small children.  He rotates back and forth between his home and Alaska to perform his work for Coffman. He typically remains in Alaska for three to four weeks at a time and then returns to spend a similar amount of time with his family in West Virginia.

Most recently, he has been in Anchorage since January 11, 2006.  He overstayed his normal rotation date and remained in Anchorage until his scheduled departure on February 23, 2006, in large part to assist in gathering documents from Phase I of the Kodiak Cargo Wharf project which was requested by Absolute.[4]  He is leaving Anchorage to return to West Virginia on February 23,

---

[3] Counsel for Absolute, who resides in the Seattle area, did indicate he would travel to West Virginia, where Mr. Hardenbergh resides, to take the deposition on March 15 claiming that would be a "push" for his client.  Such arrangement would involve substantial expense and inconvenience for the undersigned, as well as the other counsel in this case who reside in Alaska, to say nothing of the imposition it would impose on disrupting Mr. Hardenbergh's time off with his wife and small children.  It is also unclear how Absolute's counsel or other counsel could accomplish this in any event since another deposition in this case is already scheduled to occur in Anchorage on March 16 commencing at 9 a.m.

[4] No request for production has been made by Absolute or any other party for these documents. They had not been previously gathered, as they pertained to work on Phase I, rather than Phase II. Those documents have now been gathered and sent to the copying service for duplication and distribution.

**LANE POWELL LLC**
301 WestNorthern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

which arrangements had been made well prior to being informed that Absolute intended to subpoena him for a deposition on March 15, 2006.  He is scheduled to return to Anchorage in late March and will be available for deposition on a mutually convenient date during the week of March 27, a week when Absolute's counsel is already scheduled to be in Anchorage for other depositions in this case.[5]

## DISCUSSION

There is no reason why Absolute can not take the deposition of Mr. Hardenbergh at a point when Mr. Hardenbergh is in Alaska.  The date proposed is only a few days later than the date for which Absolute subpoenaed Mr. Hardenbergh despite knowing his pre-existing plans to be out of the state at that time.  It is customary practice, to cooperate with counsel and to recognize the imposition on witnesses when setting depositions.  In this case, such courtesies have been routinely extended.  By way of example, the undersigned consented to allow the conclusion of the deposition of Absolute's owner to occur during the week of March 27, as requested by Absolute's counsel, rather than at an earlier point.  *See* Exhibit 2 to supporting declaration of counsel.[6]

Moreover, in the instant case, trial is not set to occur until late July.  The discovery cut off remains well in the future.  While there is no doubt much work to be done by all counsel, there is simply no prejudice created by setting the deposition of Mr. Hardenbergh a few days later than the

---

[5] The factual allegations in this paragraph are supported by the declaration of Jerry Hardenbergh as well as the supporting declaration of counsel.

[6] Absolute's counsel noted that "Regarding resumption of Dave's deposition, Mike [Kreger, counsel for Brechan] has already noted a 30(b)6 for AES on the 30th of March at which time Dave will be present as the primary designee.  I would hope that in practical terms the remaining questions could be accomplished in that proceeding.  If not, then the continuation of the first depo should be on an adjacent day **to economize on preparation and travel time**."  (emphasis added)

**LANE POWELL LLC**
301 WestNorthern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511 Facsimile 907.276.2631

**Coffman Engineers, Inc.'s Motion On Shortened Time To
Quash Subpoena And For Award Of Costs And Fees**
*Absolute Envtl. Servs., Inc. v. Forrest McKinley, et al.*  (Case No. A03-0199 CV (RRB))   **Page 6 of 8**

date arbitrarily selected by Absolute at a time when Mr. Hardenbergh will be in work status in Alaska.

While counsel for Absolute may suggest that Coffman is reluctant to make Mr. Hardenbergh available for deposition, nothing could be farther from the truth. Coffman is well aware that any dispositive motion it might pursue in order to avoid the unnecessary time and expense of discovery and trial preparation in this matter would almost certainly be subject to a Rule 56(f) continuance request by Absolute until such time as its employees Stears and Hardenbergh have been made available for deposition. Thus, it is totally in Coffman's interests to have those depositions occur at an early date. Indeed, there would have been no objection to the depositions occurring during the week of March 13 but for the fact that both Mr. Stears and Mr. Hardenbergh were unavailable at that time.[7]

## CONCLUSION

It is regrettable that court involvement has been required for what should have been a matter routinely resolved among counsel. Contrary to established norms of practice in this jurisdiction, faced with no prejudice, and in stark disregard to the inconvenience and expense imposed on others, Absolute has petulantly insisted on enforcing a deposition subpoena for a witness on a date when he is not reasonably available even knowing the witness is available for deposition a few days later at a time and place which Absolute itself has already indicated would "economize on preparation and travel time."

---

[7] To the undersigned's knowledge, no subpoena has been issued to Mr. Stears. Assuming it remains the intent of Absolute to depose Mr. Stears, as well as Mr. Hardenbergh, counsel for Absolute will be in Anchorage to take that deposition at some point after March 27, 2006.

**LANE POWELL LLC**
301 WestNorthern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511 Facsimile 907.276.2631

**Coffman Engineers, Inc.'s Motion On Shortened Time To
Quash Subpoena And For Award Of Costs And Fees**
*Absolute Envtl. Servs., Inc. v. Forrest McKinley, et al.* **(Case No. A03-0199 CV (RRB))**   Page 7 of 8

For the reasons stated, the deposition subpoena for Jerry Hardenbergh to appear on March 15, 2006 should be quashed and Coffman should be awarded the costs and fees incurred in having to pursue this motion.

DATED this ____ day of February, 2006.

            LANE POWELL LLC
            Attorneys for Coffman Engineers, Inc.

By  s/ Peter C. Partnow
    Peter C. Partnow, ASBA No. 7206029
    301 W. Northern Lights Blvd., Suite 301
    Anchorage, Alaska 99503-2648
    Tel:  907-277-9511
    Fax:  907-276-2631
    Email:  PartnowP@LanePowell.com

I certify that on February 23, 2006, a copy of the foregoing was served by ECF on:

Robert J. Dickson:  acgecf@acglaw.com
Jami K. Elison:  jamie@mhf-law.com
Michael E. Kreger:  mkreger@perkinscoi.com
Terry R. Marston:  terry@mhf-law.com

and by mail on:

Lawrence A. Pederson, Paul J. Nangle & Associates
101 Christensen Dr, Anchorage, AK 99501

Eric J. Brown, Jermain, Dunnagan & Owens
3000 A St., Ste. 300, Anchorage, AK 99503

William R. Baerg, Monteleone & McCrory
725 S. Figueroa St., Ste 3750, Los Angeles, CA 90017

  s/Peter C. Partnow

011680.0076/153764.1

**LANE POWELL LLC**
301 WestNorthern Lights Boulevard, Suite 301
Anchorage, Alaska  99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631