Peter C. Partnow, ASBA No. 7206029
James B. Stoetzer, ASBA No. 7911130
Lane Powell LLC
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Tel:  907-277-9511
Fax:  907-276-2631
PartnowP@LanePowell.com

Attorneys for Third-Party Defendant
Coffman Engineers, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska corporation,<br><br>        Plaintiff,<br><br>v.<br><br>FORREST J. McKINLEY, an individual, d/b/a "Imperial industrial Coatings"; and EMERCO, INC., a California corporation, d/b/a Imperial Industrial Coatings; BRECHAN ENTERPRIESES, INC., an Alaska corporation; and SAFECO INSURANCE COMPANY OF AMERICA, a Washington corporation,<br><br>        Defendants. | Case No. 3:03-cv-00199-RRB |
| EMERCO, INC., a California corporation d/b/a Imperial Industrial Coatings, and the United States for the Use and Benefit of EMERCO, INC.,<br><br> Counterclaimant/Third-Party Claimant,<br><br>v.<br><br>ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska corporation, et al.,<br><br> Cross-Defendants/Third-Party Defendants. | **DECLARATION OF COUNSEL**<br>**IN SUPPORT OF MOTION TO QUASH** |

| |
|---|
| THE UNITED STATES OF AMERICA for the use and benefit of ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska corporation,<br><br>         Plaintiff,<br><br>v.<br><br>SAFECO INSURANCE COMPANY OF AMERICA, a Washington corporation,<br><br>         Defendant. |
| BRECHAN ENTERPRISES, INC., an Alaska corporation,<br><br>         Counterclaim Plaintiff,<br><br>v.<br><br>ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska corporation,<br><br>         Counterclaim Defendant. |
| BRECHAN ENTERPRISES, INC., an Alaska corporation,<br><br>         Third-Party Plaintiff,<br><br>v.<br><br>COFFMAN ENGINEERS, INC., a Washington corporation,<br><br>         Third-Party Defendant. |

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511 Facsimile 907.276.2631

  I, Peter C. Partnow, hereby declare and state under oath as follows:

  1. I am one of the counsel of record for Coffman Engineers, Inc. in this lawsuit.

  2. Both prior to and after the court entered its recent order allowing Absolute Environmental Services, Inc. to proceed with its new claims against Coffman, I have attempted to cooperate with all counsel in terms of scheduling depositions, making client documents available even without requiring a formal production request, and otherwise allowing this case to proceed. *See*

Exhibit 1.  Other than recurring disagreements with counsel for Absolute, I have experienced no difficulty in dealing with counsel for any of the parties in this litigation.

    3.    Among the numerous depositions being sought by the various parties in this case, counsel for Absolute indicated a desire to depose the two Coffman employees who were most involved in the Kodiak Cargo Wharf project, Jerry Hardenbergh and Dan Stears.  Exhibit 1.  He requested that these depositions be set during the week of March 13.  Upon checking, I learned that neither Mr. Hardenbergh nor Mr. Stears would be in the state of Alaska at that time.  I also learned that both would be back and available to be deposed during the week of March 27, 2006.  This appeared to be a workable timeframe as, among other things, it coincided with other depositions which were being set in Anchorage.

    4.    I immediately informed counsel for the other parties, both orally and in writing, that Mr. Hardenbergh and Mr. Stears would not be available during the week of March 13.  My February 15, 2006 e-mail which I sent to all counsel dealt with several topics which had been discussed by counsel during deposition break, including specifically the fact that Mr. Stears and Mr. Hardenbergh were not available during the week of March 13, but that they could be scheduled for deposition during the week of March 27.  *See* Exhibit 2.

    5.    Exhibit 3 is a true and correct copy of a February 15, 2006 e-mail response which I received from counsel for Absolute.  While the e-mail did not specifically address the depositions of Mr. Stears or Mr. Hardenbergh, it did address other matters raised in my earlier e-mail.  It also included the request by counsel for Absolute that the deposition of Absolute's president, Dave Olson, which had not been completed several days earlier, be completed during the week of March 27 rather than during the week of March 13 as I had requested in order to "economize on preparation and

**LANE POWELL LLC**
301 WestNorthern Lights Boulevard, Suite 301
Anchorage, Alaska  99503-2648
Telephone 907.277.9511   Facsimile 907.276.2631

travel time." That suggestion seemed reasonable and I did not object to it or otherwise attempt to force Mr. Olson and his counsel to appear at the time I had suggested.

6. At no point did I have any further discussion with counsel for Absolute or any other party about scheduling the Stears and Hardenbergh depositions until February 21, 2006, when I was informed by my clients that Mr. Hardenbergh had been subpoenaed for a deposition on March 15. *See* Exhibit 4. After re-confirming that Mr. Hardenbergh in fact was not going to be in Alaska on March 15, I sent an e-mail on February 21 to Absolute's counsel noting our earlier communications regarding Mr. Hardenbergh's availability and requesting that the subpoena be withdrawn. *See* Exhibit 5.

7. Counsel for Absolute responded by indicating that he intended to proceed with the deposition on March 15, though he suggested he would be willing to take the deposition in West Virginia rather than in Alaska.

8. It was not convenient or economically feasible for either counsel or my client or Mr. Hardenbergh to have the deposition occur in West Virginia. I also received a phone call from counsel for Brechan, who had been copied with the e-mail from Absolute's counsel, indicating that it was not feasible for Brechan to attend a deposition in West Virginia on March 15. In fact, Brechan had already noticed a deposition in this case to commence on March 16 at 9:00 a.m.

9. I sent a second e mail to counsel for Absolute on February 21, 2006, again pointing out the Mr. Hardenbergh was not available for deposition on March 15, that he would be available the week of March 27 in Anchorage, and that if the subpoena was not withdrawn, Coffman would be left with no alternative but to seek intervention by the court, a step which I believed should not be necessary, and for which Coffman would seek to recover costs if it had to be pursued.

**LANE POWELL LLC**
301 WestNorthern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

10. In response to my second request, on February 22, 2006, I received a lengthy, unpleasant, inaccurate letter from counsel for Absolute which, boiled down to its essence, indicated that Absolute intended to proceed with the deposition on March 15 in the absence of intervention by this court.

11. Counsel for Absolute has asserted to me that Coffman is reluctant to make Mr. Hardenbergh available for deposition. This is not true. As I have informed counsel for Absolute, Coffman's intention to successfully pursue a motion to for summary judgment in this matter will almost certainly be met with a request for a Rule 56(f) continuance, if the Coffman witnesses have not been made available for deposition.

12. I have requested consideration on shortened time of this motion because of the short timeframe available between now and March 15, 2006, the date for which Mr. Hardenbergh has been subpoenaed. As noted in his declaration, Mr. Hardenbergh is leaving Alaska on February 23, and will not be back at work in Alaska until the week of March 27, 2006.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED at Anchorage, Alaska, this 23rd day of February, 2006.

By s/ Peter C. Partnow
    Peter C. Partnow

**LANE POWELL LLC**
301 WestNorthern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511 Facsimile 907.276.2631

I certify that on February 23, 2006, a copy of the foregoing was served by ECF on:

Robert J. Dickson:  acgecf@acglaw.com
Jami K. Elison:  jamie@mhf-law.com
Michael E. Kreger:  mkreger@perkinscoi.com
Terry R. Marston:  terry@mhf-law.com

and by mail on:

Lawrence A. Pederson, Paul J. Nangle & Associates
101 Christensen Dr, Anchorage, AK 99501

Eric J. Brown, Jermain, Dunnagan & Owens
3000 A St., Ste. 300, Anchorage, AK 99503

William R. Baerg, Monteleone & McCrory
725 S. Figueroa St., Ste 3750, Los Angeles, CA 90017

 s/Peter C. Partnow

**LANE POWELL LLC**
301 WestNorthern Lights Boulevard, Suite 301
Anchorage, Alaska  99503-2648
Telephone 907.277.9511   Facsimile 907.276.2631