Terry R. Marston, *pro hac vice,* terry@mhf-law.com
Jami K. Elison, *pro hac vice,* jamie@mhf-law.com
MARSTON HEFFERNAN FOREMAN, PLLC
16880 N.E. 79th Street
Redmond, Washington 98052
(425) 861-5700

PAUL J. NANGLE & ASSOCIATES
Kerry Building
101 Christensen Drive
Anchorage, Alaska 99501
Telephone: (907) 274-8866

Attorney for Plaintiff ABSOLUTE ENVIRONMENTAL SERVICES, INC.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>FORREST J. MCKINLEY, an individual, d/b/a "Imperial Industrial Coatings" and EMERCO, INC., a California Corporation, d/b/a Imperial Industrial Coatings, BRECHAN ENTERPRISES, INC., an Alaska corporation; and SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation.<br><br>Defendants. | Case No.: A03-0199CV (RRB)<br><br>**DECLARATION OF TERRY R. MARSTON IN SUPPORT OF OPPOSITION OF ABSOLUTE ENVIRONMENTAL TO COFFMAN'S MOTION TO QUASH** |
| EMERCO, INC., a California corporation d/b/a Imperial Industrial Coatings, and the States for Use and Benefit of EMERCO, INC.,<br><br>Counterclaimant/Third-party Claimant,<br><br>v.<br><br>ABSOLUTE ENVIRONMENTAL SERVICES INC., an Alaska corporation, et al.,<br><br>Cross-defendants/Third-party Defendants. | |

| | |
|---|---|
| THE UNITED STATES OF AMERICA *for the use and benefit of* ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, | )<br>)<br>)<br>)<br>) |
| Plaintiff, | ) |
| vs. | )<br>) |
| SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation. | )<br>)<br>) |
| Defendants. | )<br>) |
| BRECHAN ENTERPRISES, INC., an Alaska corporation, | )<br>)<br>) |
| Counterclaim Plaintiff, | ) |
| vs. | )<br>) |
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, | )<br>)<br>) |
| Counterclaim Defendant. | ) |
| BRECHAN ENTERPRISES, INC., an Alaska corporation, | )<br>)<br>) |
| Third-Party Plaintiff, | ) |
| vs. | )<br>) |
| COFFMAN ENGINEERS, INC, a Washington Corporation. | )<br>)<br>) |
| Third-Party Defendant. | )<br>) |
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, | )<br>)<br>) |
| Plaintiff/Cross-claimant, | ) |
| vs. | )<br>) |
| COFFMAN ENGINEERS, INC, a Washington Corporation. | )<br>)<br>) |
| Third-Party Defendant. | )<br>) |

DECLARATION OF TERRY R. MARSTON IN SUPPORT OF OPPOSITION OF ABSOLUTE
ENVIRONMENTAL TO COFFMAN'S MOTION TO QUASH
Case No. A03-0199CV (RRB)-- 2

I, Terry R. Marston, declare as follows:

1. I am an attorney for Absolute Environmental Services, Inc. ("Absolute"), plaintiff in the above captioned action. I am competent to testify and base these declarations on personal knowledge.

2. Regarding the scheduling of March 15 for Mr. Hardenbergh's deposition, attached hereto as **Exhibit A** is true and correct copy of an email chain dated February 21, 2006 between me and Peter Partnow. Attached hereto as **Exhibit B** is a true and correct copy of February 22, 2006 letter from me to Mr. Partnow.

3. Coffman is well aware of the problem created by its demand to delay Mr. Hardenbergh's deposition. Following is text from a March 1, 2006 email from me to all counsel. Attached hereto as **Exhibit C** is a true and correct copy of the email.

   1. Coffman proposed an extension of the deadline to submit expert reports so as not to conflict with the expert disclosure deadline. If such a stipulation could be accomplished, Absolute would not have insisted on taking Mr. Hardenbergh's deposition prior to the March 21 deadline.

   2. Brechan, however, is opposed to this idea. In a telephone conversation yesterday, Jim Stoetzer, counsel for Coffman, said that he had spoken with Mr. Kreger about his email and explored with him whether Brechan would be willing to reverse its position opposing a stipulated extension. He reported that Mr. Kreger said Brechan intended to maintain its opposing an extension. (Jim Stoetzer was careful to point out that he did not speak for Brechan and could not say whether Brechan's position was cast in stone.)

   3. Through Mike, Brechan offered an alternative solution that has merit:

   I suggest therefore the "solution" to the current issue of having expert disclosures/reports due before key fact witnesses are deposed may lie in the duty

to supplement. If an expert's disclosed opinion is changed by a subsequent testimony, the expert's disclosure/report should timely supplement.

4. Mike's proposed solution is acceptable to Absolute, if it is acceptable to each of you. With the understanding that expert opinions may (if not must) be amended in the event later deposition testimony of material witnesses effects their opinions or opinion foundations, Absolute is willing to defer the deposition of Mr. Hardenbergh as Coffman has requested.

5. I have left both email and voicemail messages with Mr. Partnow in anticipation of his return from his trip. Jim Stoetzer indicated that Peter had received them and would be calling me this morning. Because I have yet to hear from him, I am taking the alternative approach of transmitting this email to him, to Jim Stoetzer, and to each of you to let you know of Absolute's position and to anyone opposed to Mike's solution say so promptly (or forever hold you peace).

6. If I receive no protest from any of you or from Coffman, I will file a brief response to Coffman's Motion To Quash in the next few hours reciting my intention to voluntarily reschedule Mr. Hardenbergh's deposition until the end of the month in reliance on the solution proposed by Brechan.

EXECUTED this 1st day of March, 2006 in Redmond, Washington.

_____
Terry R. Marston

DECLARATION OF TERRY R. MARSTON IN SUPPORT OF OPPOSITION OF ABSOLUTE ENVIRONMENTAL TO COFFMAN'S MOTION TO QUASH
Case No. A03-0199CV (RRB)-- 4