**Terry R. Marston II**

**From:** Partnow, Peter [PartnowP@LanePowell.com]
**Sent:** Tuesday, February 21, 2006 7:14 PM
**To:** Terry R. Marston II
**Cc:** Jake Nist; Mike Kreger; Bill Baerg; Eric Brown; Bob Dickson; Stoetzer, James
**Subject:** RE: Absolute/Kodiak

Terry:

I have checked with Jerry and his recollection of his conversation with Mr. Olson differs from that which you have reported. As Mr. Olson is well aware, and as Jerry noted at the time, Jerry lives in West Virginia with his family, and rotates up to Alaska for several weeks at a time to perform his responsibilities for Coffman. He has already been in Alaska well beyond his planned rotation time and was already planning to return to West Virginia at the time of the recent depositions, not to return until late March. In fact, he is scheduled to leave Alaska later this week. .

I can assure you that Coffman has absolutely no desire to delay Mr. Hardenbergh's deposition. We continue to believe that Absolute's newly filed claims are totally lacking in merit and that they are being pursued in bad faith. We anticipate filing a summary judgment motion as soon as sufficient discovery has been completed to make it clear that Absolute's claims are bogus. It is thus very much in Coffman's interests to allow Mr. Hardenbergh to be deposed at an early point so the summary judgment motion we plan to file will not be delayed by a 56(f) motion.

We have attempted to cooperate to the maximum extent feasible with regards to scheduling depositions and making other discovery available without the need of court intervention. By way of example, we agreed to make Mr. Hardenbergh available for further deposition even though he has already been deposed for more than the time allowed under the rules in this case. We have also cooperated with your requests, such as agreeing to schedule the conclusion of Mr. Olson's deposition at a time which was convenient for you and him rather than at the earlier date we had suggested.

Further, while you claim that taking Mr. Hardenbergh's deposition would be a "push" for you and your client, it is not a push for my client, nor would it be a "push" for the other counsel in this case, some or all of whom also have indicated a desire to question Mr. Hardenbergh. I, for instance, have an all day mediation in another multiparty matter scheduled in Anchorage for March 14.

All that being said, I again request you to confirm you will not insist on attempting to proceed with the deposition of Mr. Hardenbergh on March 15. Absent your agreement, we will take the steps necessary, and, should we need to involve the court, we will seek recovery of costs incurred as the result of your actions.

This litigation is already expensive. It hardly seems in the interest of any of the parties to further increase the expense by requiring discovery motions to resolve issues which should be easily resolved by counsel.

I look forward to your response.

Peter

**From:** Terry R. Marston II [mailto:terry@mhf-law.com]
**Sent:** Tuesday, February 21, 2006 4:44 PM
**To:** Partnow, Peter
**Cc:** Jake Nist; Mike Kreger; Bill Baerg; Eric Brown; Bob Dickson
**Subject:** Absolute/Kodiak

Peter:

    This is confirmation of my intent to go forward with the deposition of Jerry Hardenbergh on March 15th. I remember that you said that neither Mr. Hardenbergh nor Mr. Stears would be available until the end of March, but I have learned otherwise.

    You will recall that Mr. Hardenbergh attended the recent depositions with you. During one of the breaks, my client asked Mr. Hardenbergh why he was unavailable until the end of March. His response was that he "didn't know" and that he was just planning on "going home" to West Virginia.

    As Mr. Hardenbergh is a central witness to this dispute and critical to our preparation, I have gone ahead and noted his deposition. (Also note that the date I selected, March 15th, is within the time frames all counsel previously agreed to block out for depositions in this case.)

    If Mr. Hardenbergh was actually planning on returning to West Virginia prior to March 15th and would prefer to have his deposition taken there, please let me know. I believe the expense to my client of a deposition in either location would be a push.

    Terry R. Marston

**From:** Partnow, Peter [mailto:PartnowP@LanePowell.com]
**Sent:** Tuesday, February 21, 2006 5:16 PM
**To:** Terry R. Marston II
**Cc:** Stoetzer, James
**Subject:** absolute v imperial et al--depositions

Terry:
I just received notice from Coffman that a deposition subpoena has been served on Jerry Hardenbergh for the week of March 15. As we have previously discussed, and as I believe was confirmed in writing, neither Jerry nor Dan Stears will be in the state at that time. We had discussed setting those depositions perhaps during the week of March 27 at or around the time when you and your client will be here in any event for the completion of Mr. Olson's deposition.

Please confirm that it is not your intent to attempt to proceed with Jerry's deposition during the week of March 15 and that we will set it at a mutually convenient time.

Thank you for your prompt attention to this matter.

Peter

**Peter Partnow**

Lane Powell LLC

301 West Northern Lights Boulevard, Suite 301

Anchorage, Alaska 99503-2648

3/1/2006

Phone (direct): 907.264.3317
Phone (cell): 907.227.8835
Fax: 907.276.2631
Email: partnowp@lanepowell.com
Website: <http://www.lanepowell.com>

This message is private or privileged. If you are not the person for whom this message is intended, please delete it and notify me immediately, and please do not copy or send this message to anyone else.

Please be advised that, if this communication includes federal tax advice, it cannot be used for the purpose of avoiding tax penalties unless you have expressly engaged us to provide written advice in a form that satisfies IRS standards for "covered opinions" or we have informed you that those standards do not apply to this communication.

This message is private or privileged. If you are not the person for whom this message is intended, please delete it and notify me immediately, and please do not copy or send this message to anyone else.

Please be advised that, if this communication includes federal tax advice, it cannot be used for the purpose of avoiding tax penalties unless you have expressly engaged us to provide written advice in a form that satisfies IRS standards for "covered opinions" or we have informed you that those standards do not apply to this communication.