LAW OFFICES OF

# MARSTON HEFFERNAN FOREMAN

A PROFESSIONAL LIMITED LIABILITY COMPANY

ANDERSON PARK BUILDING

16880 N.E. 79TH STREET

REDMOND, WASHINGTON 98052-0902

TERRY R. MARSTON II

E-MAIL
terry@mhf-law.com

TELEPHONE
425.861.5700

FACSIMILE
425.861.6969

February 22, 2006

<u>Via Facsimile and U.S. Mail</u>
Peter Partnow
Lane Powell Spears Lubersky
301 W. Northern Lights Boulevard
Suite 301
Anchorage, Alaska  99503

Re:   **Absolute Environmental Services, Inc. v. Emerco, Inc.**
U.S.D.C. (Alaska) Cause No.  A-03-0199 Civil (RRB)

Dear Mr. Partnow:

The next time you want something from me, try to avoid the following:

1. <u>Avoid fibbing</u>.  ("I can assure you that Coffman has absolutely no desire to delay Mr. Hardenbergh's deposition.")

2. <u>Avoid disparaging the other party's case</u>.  ("Absolute's newly filed claims are totally lacking in merit" ... "Absolute's claims are bogus.")

3. <u>Avoid disparaging the other party's motives</u>.  ("Absolute's newly filed claims are ... being pursued in bad faith.")

4. <u>Avoid disclosing a plan to move for summary judgment when the deposition sought would relate to such a motion</u>.  ("We anticipate filing a summary judgment motion as soon as sufficient discovery has been completed ....")

5. <u>Avoid pretending to make sacrifices when the sacrifice you claim is far less than that already endured by the party you are trying to persuade</u>.  ("[W]e agreed to make Mr. Hardenbergh available for further deposition even though he has already been deposed for more than the time allowed under the rules in this case." [i.e., <u>one</u> day].

    → Please recall that David Olson of Absolute Environmental Services has already been deposed for <u>three</u> full days —and has nevertheless agreed <u>at your request</u> among others to make himself available for a <u>fourth</u> day.

FILE COPY

**MARSTON HEFFERNAN FOREMAN**

---

Peter Partnow
February 22, 2006
Page - 2

> ➔ Note also that Mr. Hardenbergh's one-day deposition was long before the issues came to light upon which Absolute's suit against your client is based and before Absolute's assertion of its claims against your client. When Mr. Hardenbergh's deposition concluded (at 7:02 pm), Absolute had not asked a single question, nor has it since.

6. <u>Avoid feigning unreasonable financial burden.</u> ("Further, while you claim that taking Mr. Hardenbergh's deposition would be a "push" for you and your client, it is not a push for my client, nor would it be a "push" for the other counsel in this case, some or all of whom also have indicated a desire to question Mr. Hardenbergh.")

> ➔ My offer to conduct Mr. Hardenbergh's deposition in his home state of West Virginia was offered as an accommodation <u>to him</u>. David Olson no longer resides in Alaska, but he returned there last week at his own expense for his recent (3rd) day of deposition, a deposition where <u>you</u> were one of the questioners. As you are aware, he will be returning again for a fourth day of deposition. If it is too expensive for Coffman Engineers to have you travel, your client (possessing far more resources than mine) may prefer to simply pay for a ticket for Mr. Hardenbergh to return to Anchorage for a day.

7. <u>Avoid claiming scheduling problems when you previously promised to hold dates open.</u> ("I, for instance, have an all day mediation in another multiparty matter scheduled in Anchorage for March 14.")

> ➔ You and I, as well as counsel for Brechan, Specialty Polymer Coatings, and Imperial, all conducted a telephone conference call on January 31st of this year <u>for the specific purpose</u> of agreeing on blocks of dates to reserve for depositions in this case. The dates we <u>all</u> agreed to were as follows: March 13 - 17, March 29-31, and April 3-7. The date I have requested for Mr. Hardenbergh's deposition, March 15th, is within these blocks. I cannot conceive why you would disregard your commitment to hold these dates given the difficulties we have encountered scheduling this case with parties and counsel residing all up and down the western United States and Canada.

Having said this, my client will proceed with the deposition of Mr. Hardenbergh on the 15th of March. It will do so, not because of the false and offensive arguments presented in your email, but simply to obtain the discovery it is entitled to in a time frame to allow it to complete its preparation for our trial in July.

**MARSTON HEFFERNAN FOREMAN**

---

Peter Partnow
February 22, 2006
Page - 3

Finally, you have threatened to file a motion for a protective order and further threatened to seek sanctions against Absolute in that motion. I am sure that you will do what you believe to be in the best strategic interests of your client. However, rest assured that you will also be required to defend your client's own actions for what I promise will be Absolute's counter-motion for sanctions for a frivolous motion and for obstruction of Absolute's discovery.

Very truly yours,

Marston Heffernan Foreman PLLC

Terry R. Marston II

TRM/klm
cc: Absolute Environmental Services, Inc.
    Eric Brown, Esq.
    Bill Baerg, Esq.
    Robert J. Dickson, Esq.
    Michael Kreger, Esq.
    Jacob Nist, Esq.
    James Stoetzer, Esq.

Case 3:03-cv-00199-RRB   Document 158-3   Filed 03/01/2006   Page 3 of 3