## Kristy L. Martyn

| | |
|---|---|
| **From:** | Terry R. Marston II |
| **Sent:** | Wednesday, March 01, 2006 3:45 PM |
| **To:** | Kristy L. Martyn |
| **Cc:** | Jami K. Elison |
| **Subject:** | FW: Expert disclosure deadline & Deposition Schedule |

**Importance:** High

**From:** Terry R. Marston II
**Sent:** Wednesday, March 01, 2006 11:52 AM
**To:** Partnow, Peter; Stoetzer, James
**Cc:** Bob Dickson; Eric Brown; Bill Baerg; Nist, Jacob (Perkins Coie); 'Kreger, Mike (Perkins Coie)'
**Subject:** RE: Expert disclosure deadline & Deposition Schedule
**Importance:** High

Peter and all counsel:

Some thoughts regarding the deposition schedule and, more particularly, the present dispute between Absolute and Coffman over whether Jerry Hardenbergh's deposition will be taken before or after the deadline for formulation and disclosure of expert opinions.

1. Coffman proposed an extension of the deadline to submit expert reports so as not to conflict with the expert disclosure deadline. If such a stipulation could be accomplished, Absolute would waive its insistence on taking Jerry Hardenbergh's deposition prior to the March 21 deadline.

2. Brechan, however, appears to be opposed to this idea (see Mike Kreger's (Brechan) email immediately below). In a telephone conversation yesterday, Jim Stoetzer (Coffman) said that he had spoken with Mike about his email and explored with him whether Brechan would be willing to reverse its position opposing a stipulated extension. He told me that Mike said Brechan intended to maintain its opposing an extension. (Jim was careful to point out that he did not speak for Brechan and could not say whether Brechan's position was cast in stone.) I placed a call to Mike Kreger this morning, but was told he was out. Jake Nist indicated he could shed no further light on the issue in Mike's absence, but did say that Mike was concerned about adhering to the pretrial schedule in order to remain on track for our July trial. I share Mike's concern on issues of schedule given Absolute's own commitment to hold onto our July trial date – and to end this ordeal.

3. Through Mike, Brechan offered an alternative solution that has merit:

    I suggest therefore the "solution" to the current issue of having expert disclosures/reports due before key fact witnesses are deposed may lie in the duty to supplement. If an expert's disclosed opinion is changed by a subsequent testimony, the expert's disclosure/report should timely supplement.

4. Mike's proposed solution is acceptable to Absolute, if it is acceptable to each of you. With the understanding that expert opinions may (if not must) be amended in the event later deposition testimony of material witnesses effects their opinions or opinion foundations, Absolute is willing to defer the deposition of Mr. Hardenbergh as Coffman has requested.

5. I have left both email and voicemail messages with Mr. Partnow in anticipation of his return from his trip. Jim Stoetzer indicated that Peter had received them and would be calling me this morning. Because I have yet to hear from him, I am taking the alternative approach of transmitting this email to him, to Jim Stoetzer, and to each of you to let you know of Absolute's position and to anyone opposed to Mike's solution say so promptly (or forever hold you peace).

If I receive no protest from any of you or from Coffman, I will file a brief response to Coffman's Motion To Quash in the next few hours reciting my intention to voluntarily reschedule Mr. Hardenbergh's deposition until the end of the month in reliance on the solution proposed by Brechan.

    Terry R. Marston


**From:** Kreger, Mike (Perkins Coie) [mailto:MKreger@perkinscoie.com]
**Sent:** Monday, February 27, 2006 1:19 PM
**To:** Partnow, Peter; Terry R. Marston II
**Cc:** Bob Dickson; Eric Brown; Bill Baerg; Stoetzer, James; Nist, Jacob (Perkins Coie)
**Subject:** RE: expert disclosure deadline

Counsel:
Peter wrote:
"Finally, during our discussions on Monday, there appeared to be general consensus among all counsel that the deadline for expert disclosures and expert reports in the existing pretrial order is not realistic, particularly since certain important fact witnesses have not yet been deposed. If I am correct in my understanding, I suggest we circulate and submit to the court a stipulation to extend that date. I would also suggest the parties indicate their belief as to what the revised date should be. Hopefully we can come to a quick consensus on that matter"

I've thought about this and see a more serious problem arising from the fix.   Extending expert disclosures/reports (they are the same under this rule, are they not?) until after fact witnesses are deposed (no later than May 22) will create a schedule compression problem: Disclosures/reports and then the expert depositions will be pushed into mid-June, which, in turn, overlaps the present dates for motions in limine and dispositive motions.

I suggest therefore the "solution" to the current issue of having expert disclosures/reports due before key fact witnesses are deposed may lie in the duty to supplement . If an expert's disclosed opinion is changed by a subsequent testimony, the expert's disclosure/report should timely supplement.

For our part, Brechan is presently working to meet the 3/21 disclosure/report date and is not expecting a stipulation to significantly extend that date as a work around for untaken depositions.

    -----Original Message-----
    **From:** Partnow, Peter [mailto:PartnowP@LanePowell.com]
    **Sent:** Wednesday, February 15, 2006 10:34 AM
    **To:** Terry R. Marston II
    **Cc:** Kreger, Mike (Perkins Coie); Bob Dickson; Eric Brown; Bill Baerg; Stoetzer, James; Nist, Jacob (Perkins Coie)
    **Subject:** RE: AES request for copies, future depositions, and expert disclosure deadline

    Terry:
    At your request, we have asked the commercial copying company which is prepared to copy the Coffman Phase I documents to provide the price for copying just the documents marked by Dave Olson as opposed to providing Absolute with a complete set of those documents, as has been requested by several of the other parties. As soon as we have the quote, I will let you know so you can instruct how you wish to proceed. I would note that if you opt for the first option, the set of documents you receive would likely not include Bates Stamp numbering, since the production numbers will be added as

part of the commercial copying of the entire set.

I would request that you inform us how you wish to proceed as soon as we have the cost information to you, as the tags placed by Mr.. Olson will need to be removed prior to the copying of the entire set of the documents.

On a different matter, because the deposition went so late yesterday, we did not have the opportunity to check calendars and set future depositions. I had told you I wish to complete my questioning of Mr.. Olson as soon as possible. I would propose that he be available in Anchorage during the week of March 13 during time we had previously set aside. I would request some day other than March 14, as I have a mediation which was set in another matter on that date.

Regarding the availability of Dan Stears and Jerry Hardenbergh, I informed you and the other parties on Monday that they would both be out of state during the week of March 13. However, I believe they are both available for deposition here in Anchorage towards the end of the week of March 27 if we can agree upon dates at that time.

Finally, during our discussions on Monday, there appeared to be general consensus among all counsel that the deadline for expert disclosures and expert reports in the existing pretrial order is not realistic, particularly since certain important fact witnesses have not yet been deposed. If I am correct in my understanding, I suggest we circulate and submit to the court a stipulation to extend that date. I would also suggest the parties indicate their belief as to what the revised date should be. Hopefully we can come to a quick consensus on that matter.

Peter



**From:** Terry R. Marston II [mailto:terry@mhf-law.com]
**Sent:** Wednesday, February 15, 2006 10:15 AM
**To:** Jake Nist
**Cc:** Mike Kreger; Bob Dickson; Eric Brown; Bill Baerg; Partnow, Peter; Stoetzer, James
**Subject:** AES/Kodiak - Jason Peterson Deposition
**Importance:** High

Jake:

    I told Dave you were thinking of noting Jason Peterson to be deposed on the 17th. He checked with Peterson to knowing he has vacation plans. Peterson will be in Costa Rica on a dive trip from the 8th to the 18th of March. He is available though on either the 30th or 31st of March (of the blocks of dates we earlier set aside).

    On another issue, evidently the 2004 P&L and Income Statement had not been prepared when the earlier financial records were provided last November. We are obtaining them from Ms. Haines and anticipate emailing them to you within a day or two.

    Terry

This message is private or privileged. If you are not the person for whom this message is intended, please delete it and notify me immediately, and please do not copy or send this message to anyone else.

Please be advised that, if this communication includes federal tax advice, it cannot be used for the purpose of avoiding tax penalties unless you have expressly engaged us to provide written advice in a form that satisfies IRS standards for "covered opinions" or we have informed you that those standards do not apply to this communication.

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.