James B. Stoetzer, ASBA No. 7911130
Peter C. Partnow, ASBA No. 7206029
Lane Powell LLC
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Tel: 907-277-9511
Fax: 907-276-2631
StoetzerJ@LanePowell.com
PartnowP@LanePowell.com

Attorneys for Third-Party Defendant
Coffman Engineers, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska corporation,<br><br>                       Plaintiff,<br><br>v.<br><br>FORREST J. McKINLEY, an individual, d/b/a "Imperial industrial Coatings"; and EMERCO, INC., a California corporation, d/b/a Imperial Industrial Coatings; BRECHAN ENTERPRIESES, INC., an Alaska corporation; and SAFECO INSURANCE COMPANY OF AMERICA, a Washington corporation,<br><br>                       Defendants. | Case No. A03-199 CV (RRB) |
| EMERCO, INC., a California corporation d/b/a Imperial Industrial Coatings, and the United States for the Use and Benefit of EMERCO, INC.,<br><br>   Counterclaimant/Third-Party Claimant,<br><br>v.<br><br>ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska corporation, et al.,<br><br>   Cross-Defendants/Third-Party Defendants. | **COFFMAN ENGINEERS, INC.'S MOTION AND MEMORANDUM IN SUPPORT OF MOTION TO AMEND CASE SCHEDULE, AND RESET TRIAL DATE** |

THE UNITED STATES OF AMERICA for the use and benefit of ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska corporation,

        Plaintiff,

v.

SAFECO INSURANCE COMPANY OF AMERICA, a Washington corporation,

        Defendant.

BRECHAN ENTERPRISES, INC., an Alaska corporation,

        Counterclaim Plaintiff,

v.

ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska corporation,

        Counterclaim Defendant.

BRECHAN ENTERPRISES, INC., an Alaska corporation,

        Third-Party Plaintiff,

v.

COFFMAN ENGINEERS, INC., a Washington corporation,

        Third-Party Defendant.

ABSOLUTE ENVIRONMENTAL SERVICES INC., an Alaska Corporation,

        Plaintiff/Cross-Claimant,

v.

COFFMAN ENGINEERS, INC., a Washington Corporation,

        Third-Party Defendant.

LANE POWELL LLC
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511 Facsimile 907.276.2631

**Coffman Engineers, Inc.'s Motion and Memorandum In Support of Motion to Amend Case Schedule and Reset Trial Date**
*Absolute Envtl. Servs., Inc. v. Forrest McKinley, et al. (Case No. A03-0199 CV (RRB))*

Page 2 of 13

# I. INTRODUCTION

Third party defendant and cross-claimant Coffman Engineers, Inc. ("Coffman") hereby moves the Court for an order vacating the currently set July 24, 2006 trial, resetting the trial to a date two to three months later, and adjusting the case schedule accordingly.

# II. FACTUAL AND PROCEDURAL BACKGROUND

This matter relates in part to the design for and application of protective coating material on the Kodiak Wharf for the United States Coast Guard ("USCG") located at Kodiak, Alaska. Brechan Enterprises, Inc. ("Brechan") was the design-build contractor for USCG, and hired Coffman to provide design and quality assurance services with regard to Phase II of the coating application project. Brechan subcontracted the coating application work to plaintiff Absolute Environmental Services ("Absolute") which in turn subcontracted with defendant Emerco, Inc., d/b/a Imperial Industrial Coatings ("Imperial") to perform the coating work. Imperial and later Absolute, used coating material manufactured by defendant Specialty Polymer Coatings ("SPC").

In fall 2003, Absolute initiated this litigation against Imperial, and its owner, Forrest McKinley, for damages Absolute allegedly incurred as a result of Imperial's conduct. Imperial in turn filed a counterclaim against Absolute and a third party complaint against Coffman, Brechan, SPC and Safeco Insurance Co. Imperial's claim against Coffman alleged that Coffman was involved in a conspiracy formed by Absolute and Brechan. The alleged purpose of the conspiracy was to terminate Imperial from the project, thereby increasing Absolute's profits for this job. No other claims, cross-claims or third party claims were alleged against Coffman.

In January 2005, after some discovery had been performed and several depositions taken, Imperial agreed to the dismissal with prejudice of both Coffman and Brechan. The

Coffman Engineers, Inc.'s Motion and Memorandum In
Support of Motion to Amend Case Schedule and Reset Trial Date
*Absolute Envtl. Servs., Inc. v. Forrest McKinley, et al. (Case No. A03-0199 CV (RRB))*   Page 3 of 13

LANE POWELL LLC
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

litigation among the remaining parties then continued in earnest. Further documents were exchanged and depositions were conducted.

In May 2005, Absolute sought and received the Court's permission to add Brechan back in as a party defendant. In its new claims against Brechan, Absolute alleges that Brechan was in possession of superior knowledge regarding the existing conditions at the project site. Absolute alleges that Brechan withheld that information to Absolute's detriment.

In response to Absolute's new claim against it, Brechan filed a new third party complaint against Coffman, which was not served on Coffman until September 2005. In its third-party complaint, Brechan seeks indemnity from Coffman. On October 12, 2005, less than six weeks after it was served with Brechan's new third-party complaint, Coffman filed a motion to dismiss that complaint.

The Court held the trial setting conference on September 15, 2005.[1] At that point, Coffman had been served only nine days before with the Brechan third-party complaint, bringing it back into this litigation, after having been dismissed with prejudice in January 2005. *See* Transcript of September 15, 2005 trial setting conference, attached as Exhibit 1 to the accompanying declaration of Peter Partnow. As noted above, at the time of the conference Coffman had not yet answered Brechan's new third-party claim, or otherwise responded to that claim. Indeed, Anchorage counsel for Coffman was in the middle of a deposition in another matter when directed by the Court to participate telephonically in the trial setting conference, which had been noticed by the other parties to the litigation. At the

---

[1] Coffman had requested that the trial setting conference be rescheduled so that its counsel could be more fully prepared.

Coffman Engineers, Inc.'s Motion and Memorandum In
Support of Motion to Amend Case Schedule and Reset Trial Date
*Absolute Envtl. Servs., Inc. v. Forrest McKinley, et al. (Case No. A03-0199 CV (RRB))*                Page 4 of 13

LANE POWELL LLC
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

trial setting conference, the Court set a trial date of July 24, 2006, and subsequently issued a case schedule that included a discovery cut-off date of May 22, 2006.

It was not until almost two months after the trial setting conference, on <u>November 14, 2005</u>, Absolute filed its cross-claim against Coffman. Within two weeks of that filing, Coffman filed its motion to dismiss Absolute's cross-claim. However, it was not until January 30, of 2006 that the Court issued its order denying both of Coffman's motions to dismiss, which denial confirmed that Absolute Environmental would be permitted to proceed with its new claims against Coffman and Brechan. *See* Docket Number 151. Due primarily to the fact that Coffman's motions to dismiss were pending for most of the intervening time, no depositions occurred during the period from September, 2005 until February 8, 2006. Thus, although Coffman had acted quickly when served with the new Brechan claim and then the new Absolute claim, the parties lost approximately half of the eight months that the pretrial order anticipated would be available for fact discovery.

In addition to these delays in conducting discovery, additional time for discovery was unfortunately lost due to a medical situation involving Coffman's lead trial counsel, James B. Stoetzer of Lane Powell PC, which required emergency surgery on January 25, 2006 and two months of restricted activity. The extended absence imposed on Mr. Stoetzer as a result of the surgery and the concomitant recovery time significantly interrupted and interfered with Coffman's ability to fully engage in discovery. See declaration of James B. Stoetzer, filed under seal. Every effort was made through other resources to keep the case moving. However, certain key discovery, including expert depositions, was necessarily deferred. Moreover, Coffman's Alaska counsel, Peter Partnow of Lane Powell's Anchorage office, is

Coffman Engineers, Inc.'s Motion and Memorandum In
Support of Motion to Amend Case Schedule and Reset Trial Date
*Absolute Envtl. Servs., Inc. v. Forrest McKinley, et al. (Case No. A03-0199 CV (RRB))*      Page 5 of 13

LANE POWELL LLC
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

involved in a case that will go to trial in late April and is precluded from fully participating in depositions through at least mid-May.

As a result of the foregoing, approximately half of the eight months allowed for discovery by the Court's September 15, 2005 case schedule has been lost. These interruptions in discovery were not the fault of any party or counsel, nor did they result from any dilatory conduct by any person or party involved in this litigation. Nevertheless, Coffman believes that the remaining time before the current discovery cutoff is inadequate to complete discovery in an orderly, cost effective, manner. While document production has proceeded and a number of depositions have been taken during the last month and a half, substantial additional discovery remains to be completed. In March 2006, the parties identified over 90 potential trial witnesses. Some depositions have proven to be difficult to schedule or complete due to the unavailability of counsel and/or witnesses. Other depositions have been delayed because of attempts by the parties to verify that full document production has been obtained from the other parties while Coffman was not a party prior to taking the depositions. *See* Exhibit 2 to Partnow declaration. Still other depositions have been postponed due to disputes with the USCG regarding the terms under which USCG employees may be deposed. *See* discussion below and correspondence attached as Exhibit 3 to Partnow declaration.

Moreover, a conference call was recently conducted among most of the attorneys involved in this case [2] to set a deposition schedule. It was revealed at that time, and in subsequent correspondence among counsel, that more than 20 additional fact and expert

---

[2] Counsel for Imperial were invited to participate in the conference call, but were apparently unable to do so. Counsel for all other parties participated in the conference.

Coffman Engineers, Inc.'s Motion and Memorandum In
Support of Motion to Amend Case Schedule and Reset Trial Date
*Absolute Envtl. Servs., Inc. v. Forrest McKinley, et al.* (Case No. A03-0199 CV (RRB))    Page 6 of 13

LANE POWELL LLC
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

witnesses will be deposed. Among the fact witnesses that remain to be deposed are the following:

<u>Tom Puett of Imperial Industrial Coatings</u>: Although Mr. Puett has been previously deposed in this matter, that deposition was conducted prior to the addition of the new claims against Coffman and Brechan. All counsel involved in the discovery conference call indicated their belief that Mr. Puett must be deposed again. Despite this fact, counsel for Imperial has taken the position that no Imperial witnesses will be produced for depositions without an order from this Court compelling those depositions. *See* Exhibit 4 to Partnow declaration. In the event that an order is entered or an agreement is negotiated, it is likely that the Imperial depositions will have to be taken in California.

<u>U.S. Coast Guard Personnel</u>: The discovery conference call also revealed that as many as four USCG officials or representatives remain to be deposed. As noted above, unfortunately, the USCG, through its counsel, has thus far resisted producing these individuals for depositions, and has sought to impose conditions on the timing, duration and substance of those depositions. For example, *See* Exhibit 3 to the Partnow declaration, which consists of copies of additional correspondence between the USCG's counsel, counsel for Absolute, and counsel for Brechan. At this point, it appears that it will become necessary for the parties to this action to bring motions in this Court and in the United States District Court for the Western District of Washington in Seattle to compel the attendance of the individuals from the Coast Guard at those depositions.

<u>Other Imperial Depositions</u>: Counsel for Absolute has indicated that he <u>may</u> need to depose additional personnel from or related to Imperial in connection with Absolute's attempts to pierce Imperial's corporate veil. As Imperial is headquartered in California, most

Coffman Engineers, Inc.'s Motion and Memorandum In
Support of Motion to Amend Case Schedule and Reset Trial Date
*Absolute Envtl. Servs., Inc. v. Forrest McKinley, et al. (Case No. A03-0199 CV (RRB))*    Page 7 of 13

if not all of those depositions will have to be conducted in that state. It is not presently known if Absolute will pursue these depositions.

<u>Expert Depositions</u>: Coffman and other counsel anticipate depositions of at least four and as many as nine experts. Some of the experts were deposed while Coffman was not a party. Expert disclosures were made in March, but with the understanding that final fact witness discovery could impact expert opinions and that experts could not be deposed until fact discovery was concluded. It is expected that Brechan and Coffman will depose at least the following experts:

| Michael Lembke | Mark Schilling |
| Jeremy Hailey | Skip Vernon |

The deponents live in several different states and at least one deposition may require a motion to compel.

Additionally, the schedules of counsel must be taken into consideration as the final deposition calendar is prepared. For example, counsel for defendant SPC has indicated that he is unavailable for much of the month of May due to a trial, and certain key party representatives will be out of state during portions of the remaining current discovery period. This fact will further delay and interrupt the parties' ability to prepare and maintain a mutually convenient and geographically realistic deposition schedule.

### III. ARGUMENT AND AUTHORITY

It is well settled that a district court's sound discretion governs its decision to grant or deny a request to reset a trial date and to amend the case schedule. *Heay v. Phillips*, 201 F. 2d 220 (9th Cir. 1952); *Ngyen v. CNA Corp.*, 44 F. 3d 234 (4th Cir. 1995). In fact, as stated in *Linear Products v. Marotech, Inc.*, 189 F. Supp. 2d 461, 468 (W.D. Va 2002):

LANE POWELL LLC
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511 Facsimile 907.276.2631

Coffman Engineers, Inc.'s Motion and Memorandum In
Support of Motion to Amend Case Schedule and Reset Trial Date
*Absolute Envtl. Servs., Inc. v. Forrest McKinley, et al. (Case No. A03-0199 CV (RRB))*   Page 8 of 13

> However, continuances are routinely granted for nothing more compelling than the convenience of the parties or the Court.

In the present case, however, the circumstances as described above and in the attached declarations in support of this motion are far more compelling than the "mere convenience" of the parties. As noted above, the factual and procedural history of this case has unfortunately rendered it essentially impossible to complete all fact and expert discovery within the time frame currently prescribed by the Court's case schedule nor to meet the July 24, 2006 trial date currently set. As noted above, Absolute's new claims against Coffman have only been pending only since November 2005. Moreover, because Coffman's motion to dismiss was not denied until January 30, 2006, and because of the medical emergency experienced by Coffman's lead trial counsel, several months during which depositions could have been taken were lost. It must be emphasized that the loss of this time was not due to the fault or dilatory conduct of any party or counsel.

Given these facts, the sheer volume of fact and expert witness depositions to be taken, and the procedural and logistical problems presented in connection with a number of those depositions, it is indisputable that discovery in this matter is not nearly complete and cannot be responsibly or conveniently completed prior to the May 22, 2006 discovery cutoff currently prescribed by this Court's pretrial order. It is equally apparent that the July 24 trial date is unrealistic and should be stricken and continued for a period of two to three months. Proposed case schedules are attached reflecting continuances of two months and three months.

Additionally, the procedural posture of this case as described above establishes that no party should be heard to argue in opposition to this motion that it will be prejudiced by the

Coffman Engineers, Inc.'s Motion and Memorandum In
Support of Motion to Amend Case Schedule and Reset Trial Date
*Absolute Envtl. Servs., Inc. v. Forrest McKinley, et al. (Case No. A03-0199 CV (RRB))*   Page 9 of 13

LANE POWELL LLC
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

LANE POWELL LLC
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

continuation of the trial date. The fact is, prejudice <u>will</u> result if a continuance of the trial date is <u>not</u> granted. This is especially true for Coffman and Brechan, who were not reinserted into the litigation until late 2005, and whose motions to dismiss were not denied until late January 2006. It should not be lost on this Court that Imperial consented to the prior dismissal of Coffman and Brechan last year, and Absolute did not oppose or object to that dismissal. It is the belated claims which brought in new parties and new claims that add to the complexity of the current litigation. Certainly Coffman would prefer not to be a party. But given the course of this litigation to date and the volume of discovery yet to be conducted, a very brief continuance of the trial date is necessary and warranted, and Coffman's motion should be granted.

Additional bases exist which support the continuance of the trial date. For example, while witness lists and initial expert reports were exchanged on March 21, 2006 pursuant to the deadline established in the pretrial order, it is evident that the initial expert reports will need to be supplemented once additional fact discovery has been completed. It is highly unlikely that multi-state fact discovery can be completed prior to the May 22, 2006 deadline set in the pretrial order and it is, therefore, uncertain how much additional time will be necessary thereafter to allow for the appropriate supplementation of expert reports, and the deposition of those experts, as well as for pretrial dispositive motions. Coffman will continue to negotiate a mutually convenient and realistic schedule.

In addition, trial in this matter, set in the July/August period, occurs at a time which is particularly disruptive of business operations for litigants such as Coffman who are involved

Coffman Engineers, Inc.'s Motion and Memorandum In
Support of Motion to Amend Case Schedule and Reset Trial Date
*Absolute Envtl. Servs., Inc. v. Forrest McKinley, et al. (Case No. A03-0199 CV (RRB))*    Page 10 of 13

in construction activities in Alaska. This would seem to apply to all of the parties, but is particularly applicable to Coffman, whose coatings and corrosion work in the field occurs almost exclusively during that time period. Significant business disruption would arise if Coffman were required to have its staff who are most involved in its coatings obligations tied up in a multi-week trial during the middle of the corrosion coatings season. *See* attached declaration of Dan Stears.

Moreover, during the currently scheduled trial Coffman's primary on-site person, Jerry Hardenbergh, will be in the process of moving his family cross-country from West Virginia to Idaho. Due to work commitments applicable to his wife's employment as a physician, the time of this move cannot be altered. Mr. Hardenbergh's involvement and participation in the trial and in pretrial preparation is absolutely essential to Coffman's defense.

From statements made by the Court at the September 2, 2005 status conference, it appears that by making the instant request at this point, the Court should be able to vacate the trial date, and reset the trial to occur at some point in late September or October. *See* Exhibit 5 to Partnow declaration at pages 7-8. This minimal delay in the trial should not prejudice the parties and should allow for fact discovery to be completed, for expert reports to be supplemented as necessary and for expert depositions to be taken, and for dispositive motions to be pursued and determined well before trial.

Coffman Engineers, Inc.'s Motion and Memorandum In
Support of Motion to Amend Case Schedule and Reset Trial Date
*Absolute Envtl. Servs., Inc. v. Forrest McKinley, et al. (Case No. A03-0199 CV (RRB))*        Page 11 of 13

LANE POWELL LLC
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

Coffman believes the above stated goals can be achieved without unfairly or unnecessarily delaying the trial in this matter or otherwise prejudicing the legitimate interests of any of the parties. At the same time, as noted, interference with the on-going business activities of the various parties can be avoided by moving the trial outside of the busy summer construction season.

As noted at the outset, no party or counsel bears any fault for the currently existing situation. Rather, events have transpired in a manner which suggests that a modest change in the trial date can be accomplished with no prejudice to the parties and which will allow for an orderly progression through discovery to final trial preparation.

For the reasons stated, Coffman respectfully requests that the existing trial date be vacated.[3]

DATED this 20th day of April, 2006.

        LANE POWELL LLC
        Attorneys for Coffman Engineers, Inc.

        By  s/ James B. Stoetzer
           James Stoetzer, ASBA No. 7911130
           Peter C. Partnow, ASBA No. 7206029
           301 W. Northern Lights Blvd., Suite 301
           Anchorage, Alaska 99503-2648
           Tel: 907-277-9511
           Fax: 907-276-2631
           Email: StoetzerJ@LanePowell.com
           Email: PartnowP@LanePowell.com

---

[3] Prior to filing the instant motion, the undersigned requested that counsel for all parties stipulate to the requested action. While some counsel were in agreement, it was evident that this issue could not be resolved through agreement of all parties, thus necessitating the filing of the instant motion.

Coffman Engineers, Inc.'s Motion and Memorandum In
Support of Motion to Amend Case Schedule and Reset Trial Date
*Absolute Envtl. Servs., Inc. v. Forrest McKinley, et al. (Case No. A03-0199 CV (RRB))*    Page 12 of 13

LANE POWELL LLC
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511   Facsimile 907.276.2631

I certify that on April 20, 2006, a copy
of the foregoing was served on:

Paul J. Nangle, Paul J. Nangle & Associates
101 Christensen Dr, Anchorage, AK 99501

Terry R. Marston II
Marston Heffernan & Foreman
16880 NE 79th St., Redmond, WA 98052

Eric J. Brown, Jermain, Dunnagan & Owens
3000 A St., Ste. 300, Anchorage, AK 99503

Jacob Nist, Perkins Coie
1029 W 3rd Ave, Ste 300, Anchorage, AK 99501

Robert J. Dickson, Atkinson, Conway & Gagnon
420 L St, Ste 500, Anchorage, AK 99501-1924

William R. Baerg, Monteleone & McCrory
725 S. Figueroa St., Ste 3750, Los Angeles, CA 90017

s/Alisa R. Flabel

011680.0076/154756.1

LANE POWELL LLC
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

Coffman Engineers, Inc.'s Motion and Memorandum In
Support of Motion to Amend Case Schedule and Reset Trial Date
*Absolute Envtl. Servs., Inc. v. Forrest McKinley, et al. (Case No. A03-0199 CV (RRB))*    Page 13 of 13

**PROPOSED CASE SCHEDULE**
Absolute/Coffman
USDC, District of Alaska
Cause No. A03-199CV (RRB)
(Assuming September 25, 2006 Trial Date)

| | |
|---|---|
| Trial Date | September 25, 2006 |
| Final Pre-trial Conference | September 19, 2006 |
| Amendments to Pleadings | N/A |
| Preliminary Disclosures | N/A |
| Witness Lists | N/A |
| Expert Disclosures | N/A |
| Discovery Cutoff | July 24, 2006 |
| Discovery Motions, Dispositive Motions, Motions in Limine filed on or before | August 25, 2006 |
| Trial Briefs | September 4, 2006 |
| Final Witness Lists | September 4, 2006 |
| Exhibit Lists | September 4, 2006 |
| Objections to Experts | September 11, 2006 |
| Objections to Exhibits | September 11, 2006 |
| Counsel to Meet with Clerk Regarding Review of Trial Exhibits | September 11, 2006 |
| Designation of Deposition Testimony | September 4, 2006 |
| Objections to Deposition Designation | September 11, 2006 |
| Jury Instructions | September 4, 2006 |
| Objections to Jury Instructions | September 11, 2006 |
| Proposed Voir Dire Questions | September 18, 2006 |

011680.0076/1288481.1

## PROPOSED CASE SCHEDULE
### Absolute/Coffman
### USDC, District of Alaska
### Cause No. A03-199CV (RRB)
### (Assuming October 23, 2006 Trial Date)

| | |
|---|---|
| Trial Date | October 23, 2006 |
| Final Pre-trial Conference | October 17, 2006 |
| Amendments to Pleadings | N/A |
| Preliminary Disclosures | N/A |
| Witness Lists | N/A |
| Expert Disclosures | N/A |
| Discovery Cutoff | August 21, 2006 |
| Discovery Motions, Dispositive Motions, Motions in Limine filed on or before | September 22, 2006 |
| Trial Briefs | October 2, 2006 |
| Final Witness Lists | October 2, 2006 |
| Exhibit Lists | October 2, 2006 |
| Objections to Experts | October 9, 2006 |
| Objections to Exhibits | October 9, 2006 |
| Counsel to Meet with Clerk Regarding Review of Trial Exhibits | October 9, 2006 |
| Designation of Deposition Testimony | October 2, 2006 |
| Objections to Deposition Designation | October 9, 2006 |
| Jury Instructions | October 2, 2006 |
| Objections to Jury Instructions | October 9, 2006 |
| Proposed Voir Dire Questions | October 16, 2006 |