**EXHIBIT 1**

8

Page 1

```
 1              IN THE UNITED STATES DISTRICT COURT
 2                      DISTRICT OF ALASKA
 3

    ABSOLUTE ENVIRONMENTAL SERVICES,    )
 4  INC., an Alaska Corporation,        )
                                        )
 5              Plaintiff,              )
                                        )
 6  vs.                                 )
                                        )
 7  FORREST J. McKINLEY, an individual,)
    d/b/a "Imperial Industrial          )
 8  Coatings"; and EMERCO, INC., a      )
    California corporation, d/b/a       )
 9  Imperial Industrial Coatings;       )
    BRECHAN ENTERPRISES, INC., an       )
10  Alaska Corporation; and SAFECO      )
    INSURANCE COMPANY OF AMERICA,       )
11  a Washington corporation,           )
                                        )
12              Defendants.             )
    _____)
13

    Case No. A03-199 CIVIL
14
15
16                      HEARING
17      BEFORE THE HONORABLE RALPH R. BEISTLINE
            September 15, 2005 - Pages 1 through 18
18
19
20
21
22
23
24
25
```

EXHIBIT 1

9

```
 1               A P P E A R A N C E S
 2      FOR ABSOLUTE ENVIRONMENTAL SERVICES, INC.:
 3                    Marston, Heffernan & Foreman
                      16880 NE 79th Street
 4                    Redmond, Washington  98052
                      BY:  TERRY R. MARSTON
 5                    (Appearing Telephonically)
 6      FOR EMERCO, INC., IMPERIAL INDUSTRIAL COATINGS, and
        FORREST J. McKINLEY:
 7
                      JERMAIN, DUNNAGAN & OWENS
 8                    3000 A Street, Suite 300
                      Anchorage, Alaska  99503
 9                    BY: ERIC J. BROWN
10      FOR BRECHAN ENTERPRISES, INC. and SAFECO INSURANCE
        COMPANY OF AMERICA:
11
                      PERKINS COIE
12                    1029 W. 3rd Avenue, Suite 300
                      Anchorage, Alaska  99501
13                    BY: JACOB NIST
14      FOR SPECIALTY POLYMERS:
15                    ATKINSON, CONWAY & GAGNON
                      420 L Street, Suite 300
16                    Anchorage, Alaska  99501
                      BY:  ROBERT J. DICKSON
17
        FOR COFFMAN ENGINEERS, INC.:
18
                      LANE POWELL, LLC
19                    301 W. Northern Lights Boulevard
                      Suite 301
20                    Anchorage, Alaska  99503
                      BY: PETER C. PARTNOW
21                         (Appearing Telephonically)
22
23
24
25
```

10

Page 3

```
 1                      PROCEEDINGS
 2              THE CLERK:  All rise.  His Honor
 3   the Court, the United States District Court for
 4   the District of Alaska is now in session with the
 5   Honorable Ralph R. Beistline presiding.
 6                 Please be seated.
 7              THE COURT:  Okay.  Do we have
 8   everybody here, either in person or
 9   telephonically?
10              THE CLERK:  Yes.
11              MR. MARSTON:  Terry Marston is
12   present for Plaintiff, Your Honor.
13              MR. PARTNOW:  Peter Partnow for
14   recently served Third-Party Defendant, I think.
15              THE COURT:  Okay, that's two.
16              MR. BROWN:  Eric Brown for Emerco
17   and Mr. McKinley, Your Honor.
18              THE COURT:  That's three.
19              MR. NIST:  Jacob Nist for Brechan
20   and Safeco, Your Honor.
21              THE COURT:  That's four.
22              MR. DICKSON:  Bob Dickson for
23   Specialty Polymer.
24              THE COURT:  Is that everybody?
25              MR. MARSTON:  That is everybody,
```

Page 4

1   Your Honor.

2                    THE COURT:  Okay.  Five Defendants,

3   okay.

4                    Mr. Partnow is the most recently

5   brought into this matter.  Just to bring him up

6   to speed, if he doesn't know, the -- this hearing

7   was set, I think, primarily to see if we could

8   set a trial date.  We didn't do it last time

9   because there was an expectation that your client

10  would be brought into the matter, and we thought

11  that you might want to have some involvement in

12  the selection of the trial date, Mr. Partnow.

13                   So, that's where we are.  Has

14  anything changed since I -- since we last

15  addressed this?  I see that -- that service has

16  been accomplished.

17                   MR. MARSTON:  As far as I know,

18  Your Honor -- this is Terry Marston speaking --

19  all of the parties are now in the suit.

20                   THE COURT:  Right.

21                   MR. MARSTON:  And based on our last

22  conversation we had with the Court, what we were

23  going to be doing today is that you indicated

24  that were going to be -- you would go ahead and

25  assign a trial date, but that you would do what

12

Page 5

1   was necessary to accommodate the discovery

2   interests of the parties.  And it's my

3   understanding that that's what we're going to be

4   addressing today.

5              THE COURT:  Okay.  Well, typically

6   I sign a trial date and discovery closes about 60

7   days prior to that time.  But people have kind of

8   been doing discovery all along here.

9              How much discovery needs still to

10  be done?

11             MR. MARSTON:  Again, this is Terry

12  Marston speaking.

13             Your Honor, 90 percent or better of

14  the discovery for the causes of action that

15  preceded the reintroduction of Brechan and

16  Coffman has been concluded already.

17             THE COURT:  Okay.  So 90 percent

18  has been completed.  10 percent remaining?

19             MR. MARSTON:  Correct.

20             MR. NIST:  This is Jacob Nist for

21  Brecken, Your Honor.

22             I might dispute Mr. Marston's

23  assertion that 90 percent of the discovery has

24  been completed.  We were recently served about

25  5,000 additional pages that we'd never seen

13

Page 6

1    before earlier this week, and from there -- we're

2    not sure -- we haven't had time to digest them,

3    but we don't know where our discovery as far as

4    document production will go.

5                    THE COURT:  Okay.  So you're not

6    certain that the figure is 90 percent?

7                    MR. PARTNOW:  And Your Honor, this

8    is Peter Partnow.  I am sort of in the dark as to

9    how much discovery has occurred while Coffman was

10   not in the case.  So I'm not in a position -- in

11   a position to even hazard a guess as to how much

12   has been done.

13                   MR. MARSTON:  This is Terry Marston

14   speaking again, Your Honor.

15                   THE COURT:  Okay.

16                   MR. MARSTON:  The 90 percent that I

17   was referring to is the discovery pertaining to

18   the disputes principally between my client,

19   Absolute, the Imperial Group, which is Emerco,

20   and McKinley, and Specialty Polymer Coatings.

21   Claims, which to my knowledge, don't have

22   anything to do with Brechan or Coffman.  The

23   claims have been brought against Brechan or

24   Coffman.  So when I said 90 percent, I stand by

25   that figure as an accurate figure.

14

Page 7

1            The comments that Mr. Nist and

2    Mr. Partnow just recently made pertain to --

3    clearly pertain to the causes of action expressed

4    against them.

5            Now, with respect to the 5,000

6    documents that were recently sent to them, again,

7    that is all of the documents that were produced

8    during the course of the first phase of the

9    lawsuit, if you will, that pertains the original

10   three parties that I identified, excluding

11   Brechan and excluding Coffman.

12           Those 5,000 documents were produced

13   expressly by Absolute for the purpose of avoiding

14   any impact upon these two latter parties who

15   might suggest that there is considerable

16   additional time required for them.  For instance,

17   in waiting 30 or more days in order to get

18   documents.  They have all the documents now.

19           For the most part, the documents

20   that were recently produced to them are being

21   reproduced to them, because they were both in the

22   lawsuit earlier.  And the vast majority of these

23   documents were produced at time and day where

24   they even have copies of these documents.

25           The balance of the documents

15

Page 8

1    pertaining to the new issues, the superior

2    knowledge issues, are documents that are either

3    in Brechan's possession or in Coffman's

4    possession, and it would be up to us to obtain

5    copies of those documents.

6                Now, just last week, Absolute

7    completed its review of the CR 26 documents

8    produced by Coffman.  And it's our understanding

9    that we have 95 percent or better of the

10   documents that they have.  The only thing left to

11   do is get the Coffman documents when they do

12   their CR 26 disclosure.  And once that's done --

13   and, again, we're the party with the burden of

14   proof on those issues.  We'll be way on our way

15   to being prepared to do depositions.  There's no

16   reason why they shouldn't be in the same

17   position.

18                THE COURT:  So when is the

19   Plaintiff -- will the Plaintiff be ready to go to

20   trial?

21                MR. MARSTON:  We will be ready to

22   go to trial by March.

23                THE COURT:  When will Coffman be

24   ready to go?

25                MR. PARTNOW:  I don't know,

16

1    Your Honor.  For two reasons.  One is because I

2    haven't seen all the information.

3                   Secondly, I know I can't go to

4    trial -- I've got two trials in -- in April and a

5    trial in May already in my calendar.

6                   And, third, there is a procedural

7    issue which may come up before any of this comes

8    up in terms -- as Mr. Marston mentioned, Coffman,

9    at least, was in the case.  We were dismissed.

10   It was the same case, the same case number, and

11   there's a pretrial order that required adding of

12   claims and adding of parties and so on and so

13   forth.

14                   And it seems to me that -- and

15   we'll be filing a motion.  I don't expect a

16   ruling or anything at this point.  It -- it's

17   improper to try to bootstrap Coffman back into

18   the case where the timelines have long since

19   passed, and there's no good cause for -- you

20   know, for trying to ignore the previously

21   existing timelines which Your Honor had set.

22                   MR. MARSTON:  Your Honor, this is

23   Mr. Marston again.

24                   Irrespective of any motion that

25   Coffman may intend to bring, that would not be

17

Page 10

1     germane to when the trial should be -- should be

2     set.  Go ahead and a trial, in the unlikely event

3     that they on a procedural matter could obtain a

4     dismissal themselves from that lawsuit, that

5     doesn't mitigate against setting a trial date in

6     March now.

7               MR. BROWN:  Your Honor, this is

8     Eric Brown for Emerco and Mr. McKinley.

9               A couple things.  One is there is a

10    motion to compel that Your Honor granted months

11    ago with regard to Absolute.  We don't believe

12    that we have all the documents from Absolute.  So

13    we would dispute Mr. Marston's assertion that 90

14    percent of the discovery has been done --

15              THE CLERK:  Mr. Brown, could you

16    pull the microphone to you, please?

17              MR. BROWN:  -- even in the first

18    part of the -- even in the case with regard to

19    Emerco and Absolute.

20              The other thing is that these new

21    theories that are being set forth against Coffman

22    and Brechan were unclear until some of these

23    depositions are taken, and I can -- I assume -- I

24    think everybody assumes, that the Brechan

25    principals and employees will be deposed.  Some

18

1    Swalling people will be deposed.  Perhaps some

2    Coast Guard people will be deposed.  And

3    Mr. Hardenbergh with Coffman, I assume, he'll be

4    redeposed.

5              So, I don't think March is

6    reasonable, but --

7              THE COURT:  What is?  What date do

8    you think is reasonable?

9              MR. BROWN:  Well, I would think

10   that May, June time periods.  May to July

11   sometime.

12             THE COURT:  Counsel, what do you

13   think is reasonable?

14             MR. NIST:  Well, I know we already

15   identified about nine different people that we

16   want to depose.  We've got to subpoena documents

17   from the Federal Government and from the previous

18   contractor on the project named Swalling.

19             As it stands now, we're looking

20   about probably nine months, which would put us to

21   trial about July or August.

22             MR. DICKSON:  Speaking on behalf of

23   Specialty Polymer, Your Honor.  I've already got

24   a trial in April for three weeks; one in June for

25   ten days; one in September, 15 days, right in the

19

Page 12

1     middle.

2                    March would work in my trial

3     calendar.  But if the other parties can't make it

4     by March, then I'm unable to agree to any trial

5     other than in late July, early August.

6                    MR. PARTNOW:  And this is Peter

7     Partnow.  In terms of my trial calendar,

8     Your Honor, I would have the same thing.  I have

9     at least one or two trials continuously from the

10    beginning of April until the first half --

11    through the first half of July.

12                    THE COURT:  Okay.  Anything else?

13                    MR. NIST:  Your Honor, I'd like to

14    interject here also --

15                    THE COURT:  I'm about to rule.

16    When I go like this that means I'm about to rule.

17    So you caught me just in time.

18                    MR. NIST:  Thank you, Your Honor.

19                    Typically, under the Federal rules,

20    you would certify a case as being ready for

21    trial, and then set a trial date.

22                    THE COURT:  That's one way.

23                    MR. NIST:  We expect -- Brechan

24    expects a significant amount of motion practice

25    in this case, and we'd kind of like to get those

20

1    motions resolved prior to showing up for trial,

2    Your Honor.

3                 THE COURT:  Well, I understand.

4    This case has been on -- going on for quite a

5    while.  There's reasons, I think, for setting a

6    trial date.  Just so I can get on -- in control

7    on it, so I can schedule based upon it, so all

8    the counsel can schedule based on it.  We can get

9    the discovery done.  We can get the depositions

10   done.  And then we'll go to trial.  And you've

11   got plenty of time -- there will be plenty of

12   time.

13                Trial starts July 24th, 2006, and

14   we'll still set a -- a final order out that will

15   include -- we don't have -- it will include

16   discovery dates.  Let's see, we don't have to

17   have a -- we won't address joinder, because we've

18   got all the parties in.  We're not going to have

19   anymore parties; we're pretty well comfortable

20   with that.

21                Witness lists, primary disclosure

22   of potential witnesses.  Has that already been

23   done?  That's already been done.  But we've got a

24   new party, so should I include a category for

25   that as well?

21

1            I can give all my standard dates in

2    my standard combined pretrial order and -- and

3    schedule and planning order.  It's a six- or

4    seven-page document, but I don't want to include

5    dates that have already passed that the parties

6    think are unnecessary.

7            MR. PARTNOW:  This is Peter

8    Partnow.  Your Honor, I think probably the best

9    thing I would hazard a guess would be just to

10   hand out the standard order, since we have

11   different parties and different status, and if

12   there's a problem with one of the deadlines or

13   other, that we could bring it to your attention

14   rather than going through each one of them now.

15           MR. MARSTON:  This -- Your Honor,

16   this is Terry Marston speaking again.

17           THE COURT:  Yes.

18           MR. MARSTON:  I don't disagree with

19   Mr. Partnow's approach with one modification on

20   it.

21           THE COURT:  Okay.

22           MR. MARSTON:  And that is everybody

23   else has already performed at least one,

24   sometimes twice, the CR 26 disclosure

25   requirements that the new deadline that you set

Page 15

```
1   for complying with the CR 26 requirements would
2   be limited and established --
3                THE COURT:  Limited to the parties
4   who have not yet complied with it.
5                MR. PARTNOW:  We haven't done it.
6   We'd done it initially when we were in the case.
7   We haven't done -- we haven't even answered yet.
8                THE COURT:  Okay.  So I would think
9   that this would only apply to Mr. Partnow.  But
10  it will be in my standard order, because you know
11  if you've done it.  If you've done it, you don't
12  have to do it again, except for Mr. Partnow.
13                MR. NIST:  Your Honor --
14                THE COURT:  Yes.
15                MR. NIST:  Jacob Nist again for
16  Brechan.  One thing that's a little unclear to me
17  is whether Imperial is going to be presenting a
18  pass-through claim or rather than Emerco is going
19  to be presenting a pass-through claim based on
20  these new theories.  And if that's the case,
21  we're going to need initial disclosures from
22  Imperial as well.
23                MR. BROWN:  And if that happens,
24  we'll get them.
25                MR. NIST:  Okay.
```

23

Page 16

```
 1                    THE COURT:  Okay.  We're making
 2   some progress.  No one's happy, but, you know,
 3   that's life.  At least we're going to get it done
 4   within a year.
 5                    MR. DICKSON:  Your Honor, just for
 6   clarification, the parties did say it was about a
 7   20-week -- 20 day --
 8                    THE COURT:  20-day trial.
 9                    MR. DICKSON:  20-day trial.
10                    THE COURT:  So I said the 24th,
11   right?
12                    MR. DICKSON:  So we're still
13   looking at a four-week trial beginning July 24th?
14                    THE COURT:  I don't know if we are.
15   But I'm going to -- I'm going to reserve four
16   weeks.  Right now I've got on my calendar,
17   reserve four weeks.  That's -- that's why it's so
18   hard for me to get a date.  And when I see one
19   where everyone is kind of agreeing, I grab it.
20   And that's where we are.
21                    I don't think it will take four
22   weeks.  I've never had a four-week trial in my
23   life, as a lawyer or as a judge.
24                    MR. MARSTON:  You were close,
25   Your Honor.
```

24

1              THE COURT:  I've been -- yeah, I

2    came close, but I didn't go over.  But maybe this

3    will be a record.  I don't mind.  I mean, it

4    gives me something to talk about.

5              But right now I think

6    three-and-a-half is my limit.  So maybe it will

7    go four.  I -- I haven't had that experience.

8              I like to get it done fairly

9    quickly.  We move along.  We go from 8:30 to 4:30

10   all day long.  We -- it's no secret how we

11   conduct trials.  We'll get into those details

12   down the line.

13             Anything else?

14             I'll do a written order.  It will

15   come out.

16             MR. MARSTON:  Thank you,

17   Your Honor.

18             THE COURT:  Thank you all very

19   much.

20             MR. PARTNOW:  Thank you,

21   Your Honor.

22             MR. BROWN:  Thank you, Your Honor.

23             THE CLERK:  All rise.  The Court is

24   adjourned.  The Court stands in recess subject to

25   call.

25

Page 18

1              TRANSCRIBERS' CERTIFICATE

2

3          I, SANDRA M. MIEROP, hereby certify

4    that the foregoing pages numbered 1 through 17

5    are a true, accurate, and complete transcript of

6    the requested proceedings in Case No. A03-199-CV,

7    Absolute Environmental Services, Inc., et al. vs.

8    Forrest J. McKinley, et al., transcribed by me

9    from a copy of the electronic sound recording to

10   the best of my knowledge and ability.

11

12   March 30, 2006        _____

                            SANDRA M. MIEROP

13

14

15

16

17

18

19

20

21

22

23

24

25

26