# EXHIBIT 2

Case 3:03-cv-00199-RRB   Document 172-3   Filed 04/20/2006   Page 1 of 16

27



**LANE POWELL**
ATTORNEYS & COUNSELORS

JAMES B. STOETZER
206.223.7019
stoetzerj@lanepowell.com

March 17, 2006

**SENT VIA FACSIMILE AND U.S. MAIL**

Terry R. Marston II, Esq.
Marston Heffernan & Foreman
16880 NE 79th Street
Redmond, Washington 98052

Re: *Absolute Environmental Services*
Coffman depositions
Our File No. 11680.76

Dear Terry:

    I appreciated the oppportunity to discuss the status of this litigation with you earlier this week. Per our conversation, I understand Absolute no longer wishes to depose either Jerry Hardenbergh or Dan Stears during the week of March 27. Rather, Absolute has decided to defer these depositions until after Absolute has received responses to discovery requests recently propounded to Coffman Engineers.

    I would request that you let me, as well as the attorneys for the other parties, know as soon as is practical when you propose to take the two Coffman depositions. As you know, with multiple parties, each represented by counsel with busy trial calendars, as well as the professional obligations which these witnesses have, scheduling can be difficult. I assure you that Coffman is anxious to cooperate and have these depositions occur as soon as possible.

    I look forward to hearing from you.

Very truly yours,

LANE POWELL PC

James B. Stoetzer

JBS:af
011680.0076/154142.1

**EXHIBIT 2**

www.lanepowell.com
T. 206.223.7000
F. 206.223.7107

A PROFESSIONAL CORPORATION
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON
98101-2338

LAW OFFICES
ANCHORAGE, AK . OLYMPIA, WA
PORTLAND, OR . SEATTLE, WA
LONDON, ENGLAND

28

# EXHIBIT 3

LAW OFFICES OF
# MARSTON HEFFERNAN FOREMAN
A PROFESSIONAL LIMITED LIABILITY COMPANY
ANDERSON PARK BUILDING
16880 N.E. 79TH STREET
REDMOND, WASHINGTON 98052-4424

JESSE P. ELISON

E-MAIL
jessee@mhf-law.com

TELEPHONE
425.861.5700

FAX
425.861.6969

February 14, 2006

**VIA U.S. Mail**
LCDR Geoffrey Owen, USCG
Pacific JAG Office, Claims and Litigation (lc)
Coast Guard Island, Bldg. 54-A
Alameda, CA 94501-5100

RE: Absolute Environmental Services, Inc. v. Emerco, Inc., et al.,
    USDC for the District of Alaska - Case No.: A03-0199CV (RRB).

Dear Geoffrey Owen:

This letter is a request to depose Ms. Anita Repanich, a Contracting Officer in the United States Coast Guard's Facilities Design and Construction Center in Seattle. In accordance with the Department of Homeland Security regulations in 6 C.F.R. 5 et seq., the Plaintiff, Absolute Environmental Services, Inc., seeks Ms. Repanich's testimony concerning her role on behalf of the Coast Guard in the Cargo Wharf Maintenance project at the Kodiak Coast Guard Station.

Ms. Repanich was personally involved with the Coast Guard's contract with Brechan Enterprises, Inc. regarding Task Order # 0007, Cargo Wharf Maintenance project. The contract was a "design/build" contract and under the terms of the contract Brechan's design was required to extend the service life of the Cargo Wharf by twenty-five years. Brechan awarded Swalling Construction Company, Inc. the subcontract to perform coating maintenance to the wharf's piles.

Absolute Environmental Services, Inc. became involved in the Cargo Wharf project when it replaced Swalling. Absolute entered into the subcontract with Brechan without knowledge of the existence of concealed defective welds or the performance of the specified coating system over those welds. Absolute completed the project at significant economic loss and eventual business devastation. Absolute filed a lawsuit against its subcontractor, Emerco, and the prime contractor, Brechan, for breach of contract.

Ms. Repanich's testimony is necessary to resolve disputed facts. Pursuant to 6 C.F.R. § 5.45, the Plaintiff, Absolute, requests Ms. Repanich's testimony concerning the following topics that she had personal knowledge of:

- Her role in negotiations with Brechan to complete the Cargo Wharf Maintenance Project.

**EXHIBIT 3**

MARSTON HEFFERNAN FOREMAN, PLLC

LCDR Geoffrey Owen, USCG
February 14, 2006
Page 2

- Her role in overseeing Brechan's change orders, requests and correspondence about the Cargo Wharf project.
- Her knowledge about the plans and specifications of the Cargo Wharf project in negotiations with Brechan.
- Her knowledge about the plans and specifications during the period of the project.
- The 25 Feb 2002 Letter from Ms. Repanich to Mr. M. Martin of Brechan Enterprises, Inc.
- Her concerns with project delays and increases to project costs as communicated to Brechan.
- Her knowledge of site conditions at significant stages of the contract: formation of the contract between the USCG and Brechan; time preceding Swalling termination; and Absolute Environmental Services Inc.'s contract date.
- Her knowledge of orders and progress reports pertaining to Phase 1 and Phase 2 of the Cargo Wharf project.
- Her knowledge of Brechan proposals.
- Her personal knowledge of conditions relevant to the condition of the cargo pier such as, but not limited to, defective welds and deficient coating.

We appreciate your compliance to fulfill our request pursuant to 6 C.F.R. 5 et seq. Trial is set for July. We need to depose Ms. Anita Repanich in the next 4 to 6 weeks at a location most accommodating to her whether at her office in Seattle or our law office in Redmond.

Sincerely,
MARSTON HEFFERNAN FOREMAN, PLLC

Jesse P. Elison

JPE/klm

cc:

LAW OFFICES OF

# MARSTON HEFFERNAN FOREMAN

A PROFESSIONAL LIMITED LIABILITY COMPANY

ANDERSON PARK BUILDING

16880 N.E. 79TH STREET

REDMOND, WASHINGTON 98052-4424

JESSE P. ELISON

E-MAIL
jessee@mhf-law.com

TELEPHONE
425.861.5700

FAX
425.861.6969

February 22, 2006

**VIA U.S. Mail**
LCDR Geoffrey Owen, USCG
Pacific JAG Office, Claims and Litigation (lc)
Coast Guard Island, Bldg. 54-A
Alameda, CA 94501-5100

RE: Absolute Environmental Services, Inc. v. Emerco, Inc., et al.,
United States District Court for the District of Alaska
(Case No.: A03-0199CV (RRB)).

Dear Geoffrey Owen:

This letter is a request to depose Ms. Margaret Wilson, a Contracting Officer in the United States Coast Guard's Facilities Design and Construction Center in Seattle. In accordance with the Department of Homeland Security regulations in 6 C.F.R. 5 et seq., the Plaintiff, Absolute Environmental Services, Inc., seeks Ms. Wilson's testimony concerning her role on behalf of the Coast Guard in the Cargo Wharf Maintenance project at the Kodiak Coast Guard Station.

Ms. Wilson followed Ms. Anita Repanich in the role of Contract Officer for the Coast Guard on Phase II of the Cargo Wharf Maintenance project

Ms. Wilson's testimony is necessary to resolve disputed facts. Pursuant to 6 C.F.R. § 5.45, the Plaintiff, Absolute, requests Ms. Wilson's testimony concerning the following topics that she had personal knowledge of:

- The scope of the briefing she received from Anita Repanich and others involved in Phase I in conjunction with her assuming responsibility as Contracting Officer for Phase II of the Cargo Wharf Maintenance project.

- The scope of her review of the project records for Phase I in conjunction with her assuming responsibility as the Contracting Officer for Phase II of the Cargo Wharf Maintenance project.

- Her knowledge of the competition for the JOC contract under which Brechan completed the Cargo Wharf Maintenance project.

- Her understanding of the relationship of the Phase I wharf work to the Phase II wharf work, including the correlation of design, scope, and pricing.

**MARSTON HEFFERNAN FOREMAN, PLLC**

LCDR Geoffrey Owen, USCG
February 22, 2006
Page 2

- Her knowledge of the evaluation and negotiation of Brechan's *proposal* for Phase II of the Cargo Wharf Maintenance Project.

- Her role in negotiations with Brechan for contract *modifications* on Phase II of the Cargo Wharf Maintenance Project.

- Her knowledge about the existence of latent pile defects pertaining to *defective and/or omitted welds* before and during Phase II of the Cargo Wharf Maintenance Project.

- Her knowledge about the existence of latent pile defects related to the propagation of *holidays* before and during Phase II of the Cargo Wharf Maintenance Project.

- Her knowledge about revisions to the specifications and acceptance criteria for coatings work between the outset of the Cargo Wharf Maintenance project and its completion.

We appreciate your assistance with our request pursuant to 6 C.F.R. 5 et seq. We have reviewed the case schedule and would like Ms. Margaret Wilson and Ms. Anita Repanich's depositions noted for the 13th, 14th or 29th of March at their offices in Seattle, or our offices in Redmond. The deponents should each allow 7 hours of time for their depositions, though the deposition of Ms. Wilson could be less than that of Ms. Repanich. We would prefer to conduct the deposition of Ms. Repanich first as she was the Contracting Officer on the first phase of the project and her information could be relevant to the scope of the inquiries to Ms. Wilson.

In preparation for the depositions, we bring to your attention the following two relevant documents. Please provide copies of these following materials to us pursuant to 6 C.F.R. § 5.45 and § 5.3(b). We agree to pay the standard rate for subpoenas in federal district court for the time and copies. Each deponent is requested to bring to the deposition the following:

1. The correspondence and emails written by, sent to, or copied to the deponent regarding any aspect of the project between 10/1/01 – 6/30/02.

2. The notes and meeting minutes written by, sent to, or copied to the deponent regarding any aspect of the project between 10/1/01 – 6/30/02.

Sincerely,

MARSTON HEFFERNAN FOREMAN, PLLC

Jesse P. Elison

JPE/klm
cc: Client

☒ 002/003

**U.S. Department of Homeland Security**

**United States Coast Guard**

Maintenance & Logistics Command Pacific
Pacific JAG Office

Coast Guard Island, Bldg 54-A
Alameda, CA 94501-5100
Staff Symbol: lc
Phone: (510) 437-3330
Fax: (510) 437-3337
Email:

5822
3306LC0062
March 09, 2006

*VIA FACSIMILE AND CERTIFIED MAIL*

Marston Hefferman Foreman
Attn: Mr. Jesse P. Elison
Anderson Park Building
16880 N.E. 79th Street
Redmond, WA 98052-4424

Dear Mr. Elison:

I am responding to your letters of February 22, 2006, requesting to depose Ms. Anita Repanich and Ms. Margaret Wilson of U.S. Coast Guard Facilities Design & Construction Center (FD&CC), Seattle, Washington, concerning contracts for work on the Wharf Maintenance Project at U.S. Coast Guard Integrated Support Center, Kodiak, Alaska. I have reviewed your request in accordance with 6 C.F.R. Part 5. I have determined that Mr. Repanich was involved as the contracting officer on Phase I of this project and that Ms. Wilson was involved as the contracting officer on Phase II. I am hereby authorizing Ms. Repanich and Ms. Wilson to provide testimony subject to the following conditions:

1. All testimony will be in the form of deposition; I am not authorizing trial testimony.

2. All testimony will be taken by one attorney for each of the plaintiffs and one attorney for each defendant, hereafter the "parties."

3. Agency counsel will attend the deposition.

4. Part 5 of Title 6 of the Code of Federal Regulations shall apply to the depositions. Thus, all questions during the deposition will be confined to those factual matters referenced in your original requests only and will not seek opinion or expert testimony. Specifically, the parties will not seek the deponent's opinion regarding any actions of the parties in this matter.

5. For each deponent, the deposition will conclude no more than three hours after the beginning. Each deponent may be questioned for no more than one and one half hours by plaintiff's attorneys and one and one half hours by defendant's attorneys. The parties may agree to some other equitable division of these three hours, subject to agency counsel approval.

6. The deposition will take place at a date and time to be arranged by the parties and subject to agency counsel approval. In light of my previous discussions with Mr. Marston, we are prepared to consider the week of April 3-7, 2006, which appears to be well in advance of your scheduled close of discovery on May 22, 2006.

7. The deposition will occur at the U.S. Coast Guard FD&CC, Seattle, Washington. Once a date has been set, facilities shall be reserved for the deposition on board the Coast Guard

34

☒ 003/003

5822
3306LC0062
March 09, 2006

unit. Should these facilities become unavailable or prove unsatisfactory, the parties are responsible for reserving the necessary facilities and such reservations are subject to my approval.

8. You, as counsel for the requesting party, will provide me with copies of the deposition transcripts within 30 days following the deposition, at no cost to the United States.

9. All facility, stenographer and reproduction costs will be borne by the parties.

I appreciate your cooperation. Please contact me at the above number with any questions.

Sincerely,

G. D. OWEN
Chief, Claims and Litigation Branch
U.S. Coast Guard

Copy:  CO USCG FD&CC
       MLCPAC (lp)
       File

35

LAW OFFICES OF

# MARSTON HEFFERNAN FOREMAN
A PROFESSIONAL LIMITED LIABILITY COMPANY

ANDERSON PARK BUILDING
16880 N.E. 79TH STREET
REDMOND, WASHINGTON 98052-0902

TERRY R. MARSTON II

E-MAIL
terry@mhf-law.com

TELEPHONE
425.861.5700

FACSIMILE
425.861.6969

March 28, 2006

<u>Via Email and U.S. Mail</u>
LCDR Geoffrey D. Owen
Coast Guard Island, Bldg. 54-A
Staff Symbol: LC
Alameda, CA 94501-5100

Re: **Absolute Environmental Services, Inc. v. McKinley, et al.**
U.S.D.C. (Alaska) Cause No. A-03-0199 Civil (RRB)

LCDR Owen:

The Coast Guard has placed my client in a dilemma. The Coast Guard has agreed to make the two contracting officers for the Cargo Wharf Maintenance project available for deposition, but under conditions that we cannot accept. For example:

- My client's ability to depose these witnesses has been capped at 90 minutes for each;

- There are seven additional parties in this lawsuit representing at least five disparate interests whose combined time has been capped at a maximum of 90 minutes *and* who must nominate one attorney among them to ask all questions;

- You have stated that the overall duration of the two deposition may not exceed three hours from the start of the first witness to completion of the second, without consideration for time off-record;

- You have declined to allow the witnesses to answer any questions that involves an expression of opinion; and

- You have refused to allow the witnesses to testify at trial.

We have researched the issue of whether the Coast Guard can actually impose such terms and, essentially, opt-out of providing testimony when the testimony sought is that of percipient witnesses. <u>We have confirmed that you cannot</u>. Yes, there are regulations that require you to be good stewards of government resources (including human resources) and, yes, the Supreme Court has validated the government's right to refuse to let its employees testify under some circumstances (*United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951)), but the present circumstances fall well beyond those for which the government may refuse to participate.

36

**MARSTON HEFFERNAN FOREMAN**

LCDR Geoffrey D. Owen
March 28, 2006
Page - 2

Instead, the testimony sought here falls squarely within the 9th Circuit's decision in *Exxon v. United States*, 34 F.3d 774 (1994)(see enclosed) in which the 9th Circuit ruled as follows:

> [U]nder the Government's argument, sovereign immunity would authorize the executive branch to make conclusive determinations whether federal employees may comply with a valid federal court subpoena. Such a broad definition would raise serious separation of powers questions. As the Supreme Court has stated, "judicial control over the evidence in a case cannot be abdicated to the caprice of executive officers." *United States v. Reynolds*, 345 U.S. 1, 9-10 (1953). We decline to hold that federal courts cannot compel federal officers to give factual testimony. [Citation omitted.]
>
> The government's argument would also violate the fundamental principle that "'the public ... has a right to every man's evidence.'" *United States v. Bryan*, 339 U.S. 323, 331 (1950)(quoting Wigmore, Evidence § 2192 (3d Ed.)). Exceptions to the demand for every man's evidence are not lightly created nor expansively construed, for they are in derogation of the search for truth. *United States v. Nixon*, 418 U.S. 683, 710 (1974). Furthermore, the Federal Rules of Civil Procedure strongly favor full discovery. "Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action.

*Id.* at 778-79. We, therefore, believe Absolute does have the right to take the deposition of these witnesses under the Federal Rules of Civil Procedure, and not under the Coast Guard's conflicting terms. We also believe that Absolute has the right to the testimony of these witnesses for the purposes of trial.

However, neither of these witnesses is currently subject to an enforceable subpoena. Subpoenas were sent to you with a request that you accept service, but acting on behalf of the Coast Guard you declined to do so. (Additionally, the subpoenas were improperly captioned, with the Alaska District Court having been named as the issuing court, rather than the Federal District Court for Western Washington). For this reason, we cannot go forward with the depositions as currently noted because we would lack the required foundation to obtain a court order compelling the Coast Guard to comply with the Federal Rules.

We, therefore, request that the Coast Guard acknowledge its duty under *Exxon v. United States*, that it voluntarily withdraw its conditions, and that it agree to accept service of the subpoenas for Anita Repanich and Margaret Wilson for full depositions, subject only to the normal rights and obligations established by the Federal Rules of Civil Procedure. I will be calling you tomorrow to ask one last time that the Coast Guard agree to comply with the Federal Rules. If you do not, I will be forced to strike my notices of deposition for these witnesses, have them properly served for depositions on another date, document the Coast Guard's refusal to submit to the authority of the Federal District Court, and then file a motion for an order

37

**MARSTON HEFFERNAN FOREMAN**

LCDR Geoffrey D. Owen
March 28, 2006
Page - 3

compelling the Coast Guard's compliance.   I would hope that a thoughtful reading of the enclosed decision would avoid the necessity of such a motion.

Very truly yours,

**Marston Heffernan Foreman PLLC**

Terry R. Marston II

TRM/klm
cc:   Absolute Environmental Services, Inc.
      Eric Brown, Esq.
      Bill Baerg, Esq.
      Robert J. Dickson, Esq.
      Michael Kreger, Esq.
      Jacob Nist, Esq.
      James Stoetzer, Esq.
      Peter Partnow, Esq.

38

**Perkins Coie**

Michael E. Kreger
PHONE: 907.263.6916
EMAIL: mkreger@perkinscoie.com

1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
PHONE: 907.279.8561
FAX: 907.276.3108
www.perkinscoie.com

March 27, 2006

RECEIVED
MAR 30 2006
LANE POWELL PC

**VIA FACSIMILE AND U.S. MAIL**

LCDR Geoffrey Owen, USCG
Pacific JAG Office, Claims and Litigation (lc)
Coast Guard Island, Bldg. 54-A
Alameda, CA 94501-5100

Re:   USCG Kodiak Cargo Wharf Maintenance Contracts
      Contract Nos. DTCG50-01-D-643XX0 and DTCG50-01-D-643J55
      Absolute v. McKinley, et al.; USDC Case No. A03-0199 CV (RBB)

Dear Lt. Commander Owen:

This letter is a request to depose Ms. Chris Lynch, the Contracting Officer's Representative ("COR") for the United States Coast Guard's above-referenced projects in Kodiak, Alaska. In accordance with the Department of Homeland Security regulations in 6 C.F.R. 5 et seq., Brechan Enterprises, Inc., a defendant in the above-referenced action, seeks Ms. Lynch's testimony concerning her role as the COR on the Cargo Wharf Pile Coating project at the Kodiak Coast Guard Station.

Ms. Lynch was directly involved in observing Brechan Enterprises, Inc.'s contracts with the Coast Guard regarding the Pile Coating project to extend the service life of the wharf. The work was performed under two JOC contracts. Under Task Order 0007 to Contract DTCG50-01-D-643XX0, Brechan subcontracted with Swalling Construction Company, Inc. to remove coating and recoat the wharf's piles. Under a task order to Contract DTCG50-01-D-643J55, Brechan contracted with Absolute Environmental Services, Inc. to perform additional work.[1]

---

[1] For ease of reference, you may recall the USCG has previously authorized Contracting Officers Wilson and Repanich to give testimony regarding this matter.

[38599-0012/AA060820.013]

ANCHORAGE · BEIJING · BELLEVUE · BOISE · CHICAGO · DENVER · LOS ANGELES
MENLO PARK · OLYMPIA · PHOENIX · PORTLAND · SAN FRANCISCO · SEATTLE · WASHINGTON, D.C.
Perkins Coie LLP and Affiliates

39

LCDR Geoffrey Owen, USCG
March 27, 2006
Page 2

Absolute Environmental Services, Inc. has alleged that its subcontractor, Imperial Industrial Coatings, breached its subcontract and caused Absolute to experience significant cost overruns. Absolute claims it incurred costs due to Imperial's undermanning of the project and its failure to adequately estimate the level of difficulty of the work, environmental conditions specific to Alaska, unexpected costs for materials and equipment, job sequencing, quality requirements, and equipment problems. During the project, the coatings manufacturer decertified Imperial Industrial Coatings, and Imperial's subcontract with Absolute was terminated shortly thereafter. Absolute has more recently filed claims against Brechan and Coffman Engineers, alleging that damages are due from these parties.

Ms. Lynch's testimony is necessary to resolve disputed facts. Pursuant to 6 C.F.R. 5.45, Brechan Enterprises, Inc. requests Ms. Lynch's testimony concerning the following topics that she had personal knowledge of:

- Her knowledge regarding the Statement of Work and associated contract specifications for the Cargo Wharf project;

- Her knowledge of the contractual performance of the contractor and subcontractors on the project, including Brechan Enterprises, Inc., Absolute Environmental Services, Inc., and Imperial Industrial Coatings;

- Her knowledge of the existing site conditions;

- Her knowledge of the progress of the work at significant stages of the contracts during 2001-2003;

- Her knowledge of the coatings decertification of Imperial Industrial Coatings and its departure from the project;

- Her knowledge of the compliance of the contractor with the quality control and quality assurance requirements;

- Her knowledge of the obligations and means and methods used by the contractor to perform the Cargo Wharf project.

We appreciate your assistance with our request pursuant to 6 C.F.R. 5 et seq. We would like to schedule Ms. Lynch's deposition for April 26 or 27, either at the Coast Guard Station in Kodiak, or at our office in Anchorage. We expect that the deposition will take four hours.

[38599-0012/AA060820.013]                                                                03/27/06

40

LCDR Geoffrey Owen, USCG
March 27, 2006
Page 3

In preparation for the depositions, we bring to your attention the following relevant documents:

> The written records, notes, logs, or documents kept or prepared by Ms. Lynch during the performance of her duties as the COR on the project during 2001-2003.

Please provide us with copies of these materials pursuant to 6 C.F.R. 5.45 and 5.3(b). We agree to pay the standard rate for subpoenas in federal district court for the time and copies.

Very truly yours,

*Michael E. Kreger*

Michael E. Kreger

MEK:ljk

cc counsel of record



**U.S. Department of Homeland Security**

**United States Coast Guard**

Maintenance & Logistics Command Pacific
Pacific JAG Office

Coast Guard Island, Bldg 54-A
Alameda, CA 94501-5100
Staff Symbol: lc
Phone: (510) 437-3330
Fax: (510) 437-3337
Email:

5800
3306LC0062
April 13, 2006

VIA FACSIMILE AND U. S. MAIL

Perkins Coie
Mr. Michael E. Kreger
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981

RECEIVED

APR 1 7 2006

PERKINS COIE
ANCHORAGE

RE: *Absolute v. McKinley, et al;* USDC Case No. A03-0199 CV (RBB)

Dear Mr. Kreger:

I am writing regarding your firm's request to depose Ms. Chris Lynch, a former employee of the U.S. Coast Guard and regarding matters related to her official duties as Contracting Officer's Representative for projects in Alaska which are the subject matter of the referenced litigation.

In order to thoroughly consider your request, we require additional information regarding the specific areas of inquiry about which you desire to question Ms. Lynch.

In order to allow full consideration of your request pursuant to 6 C.F.R. § 5.48, we request that you provide an exhaustive list of interrogatories covering matters about which you are seeking testimony. This information will allow us to consider the appropriateness of the request and to identify any objections prior to actual deposition testimony should such testimony be approved. This is not a denial of your request. Given multiple parties and the complex subject matter, we need to have the above information from all parties making such requests to ensure proper evaluation of the considerations listed in 6 C.F.R. § 5.48.

Please contact me with any questions at (510) 437-3327.

Sincerely,

G. D. OWEN
Chief, Claims and Litigation Branch
U.S. Coast Guard

Copy:   File

42