James B. Stoetzer, ASBA No. 7911130
Peter C. Partnow, ASBA No. 7206029
LANE POWELL LLC
301 West Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone: 907.277.9511
Facsimile: 907.276.2631

Attorneys for Third-Party Defendant
Coffman Engineers, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation,<br><br>         Plaintiff,<br><br> v.<br><br>FORREST J. MCKINLEY, an individual, d/b/a "Imperial Industrial Coatings" and EMERCO, INC., a California Corporation, d/b/a Imperial Industrial Coatings, BRECHAN ENTERPRISES, INC., an Alaska corporation; and SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation.<br><br>         Defendants. | Case No. A03-0199CV (RRB)<br><br>**COFFMAN ENGINEERS, INC.'S MOTION AND MEMORANDUM IN SUPPORT OF MOTION FOR DISCOVERY CONFERENCE**[1] |

---

[1] Should the court desire, Coffman could move for protective order and appropriate sanctions under Fed. R. Civ. P. 37 and Local Rule 37.1. However, the court has recently scheduled matters relating to the procedural posture of this case for April 28, 2006. Further, Coffman is interested in having the case proceed logically and efficiently, not in incurring additional time and expense briefing discovery motions. Thus it is hoped that by promptly bringing the matters referenced in this motion to the court's attention, the court can quickly and inexpensively establish necessary guidelines, applicable to all parties, which will promote the completion of discovery with a minimum amount of motion practice or other avoidable discovery disputes.

|  |
|---|
| EMERCO, INC., a California corporation d/b/a Imperial Industrial Coatings, and the States for Use and Benefit of EMERCO, INC., <br><br>   Counterclaimant/Third-Party Claimant, <br><br>   v. <br><br> ABSOLUTE ENVIRONMENTAL SERVICES INC., an Alaska corporation, et al., <br><br>   Cross-defendants/Third-Party Defendants. |
| THE UNITED STATES OF AMERICA *for the use and benefit of* ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, <br><br>                          Plaintiff, <br> v. <br><br> SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation. <br><br>                          Defendants. |
| BRECHAN ENTERPRISES, INC., an Alaska corporation, <br><br>   Counterclaim Plaintiff, <br> v. <br><br> ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, <br><br>   Counterclaim Defendant. |
| BRECHAN ENTERPRISES, INC., an Alaska corporation, <br><br>   Third-Party Plaintiff, <br> v. <br><br> COFFMAN ENGINEERS, INC, a Washington Corporation. <br><br>   Third-Party Defendant. |

**LANE POWELL LLC**
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511 Facsimile 907.276.2631

**LANE POWELL LLC**
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511   Facsimile 907.276.2631

ABSOLUTE ENVIRONMENTAL SERVICES INC., an Alaska Corporation,

                Plaintiff/Cross-Claimant,

v.

COFFMAN ENGINEERS, INC, a Washington Corporation.

                Third-Party Defendant.

## I. INTRODUCTION

Pursuant Local Rule 16.1(d) and this court's February 20, 2005 Scheduling and Planning Order (Docket No. 35) as updated by the September 16, 2005 Pretrial Order (Docket No. 125), third party defendant and cross-claimant Coffman Engineers, Inc. ("Coffman") hereby moves the Court for an immediate discovery conference to address several discovery matters which have recently come to light and which need to be promptly addressed if this case is to be prepared for trial in an efficient and economical manner and without the need for multiple discovery motions.

The specific issues which Coffman wishes to have addressed by the court are (1) the **730** requests for admission which plaintiff Absolute Environmental Services, Inc. ("Absolute") has recently served on Coffman and other parties in this case; (2) the position recently taken by Absolute and Defendant Imperial Industrial Coating ("Imperial") that witnesses who have been previously deposed will not be made available for deposition, even if deposed prior to Absolute having filed its amended pleadings and even if certain parties were not afforded to examine such witnesses; and (3) the marking of documents in a manner which improperly comments on the importance of such documents.

## II. DISCUSSION

A summary of the factual and procedural background of this case has recently been provided to the court in Coffman's Motion to Amend Case Schedule and Reset Trial Date. Docket 169. That

summary will not be repeated as the court is no doubt familiar with the background and procedural status of this litigation in preparation for its consideration of that motion.

Since the Motion to Amend the Case Schedule was filed, several important matters have occurred which reveal that despite the insistence by Absolute and Imperial that this case can proceed to trial in July, they are each taking steps which have delayed efficient trial preparation and unnecessarily increased the cost of discovery and trial preparation.

**1. Burdensome Requests for Admission.**

The initial example is two sets of Requests for Admission, totaling some 730 individual requests, which Absolute has just propounded. *See* Exhibit 1 to accompanying declaration of counsel. The sheer number of these requests is ample evidence of their burdensome nature. Beyond the unprecedented number of Requests for Admission in a case of this size, it should also be noted that the first set of 390 **identical** requests have been propounded to not only Coffman, but also to defendant/third party plaintiff Brechan and the Imperial/McKinley defendants. No attempt was made by Absolute to address requests regarding specific documents to any particular party. No attempt was made to distinguish between documents whose authenticity might be an issue as opposed to the vast majority of documents which, while perhaps subject to relevance or other objections as to admissibility at the time of trial, will almost certainly not be objected to on grounds of authenticity.

With regard to the second set of 340 Requests for Admission, the identical set has been served on both Coffman and Brechan, even though many of the requests pertain to one party rather than the other. Many of the requests are vague and ambiguous. Without undertaking the Herculean task of addressing the myriad of problems involved in these burdensome requests, at least the following deficiencies should serve as ample evidence of the unnecessary and unreasonable burden which Absolute has attempted to impose on the other parties:

**LANE POWELL LLC**
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

- Some of the Requests for Admission appear to be based on statements which may be contained in documents, but the particular documents being quoted are not referenced or identified.  For instance, Requests for Admission 109, 110 and 111 are all premised on statements Coffman allegedly made on November 13, 2002 but no document is referenced.  Neither Coffman nor Brechan should be required to search the entire universe of documents in an effort to locate the specific document or documents to which Absolute might be referring.

- A similar example is Requests for Admission 118 in which Absolute quotes from "[an] October 30, 2001 . . . Coffman Memorandum to Scott Bonney of the USCG ISC Kodiak" but fails to provide the Bates number to specifically identify the document to which it is referring.

- The Requests for Admission make no attempt to differentiate the party to which the request is being directed.  For instance, Requests for Admission such as 225, 297, 298, 303 and 340 request that Coffman admit Brechan's knowledge or intent with regards to various matters while Requests for Admission such as 66, 106, 156, 222, and 335 request Brechan to admit Coffman's knowledge or intent with regards to various matters.

Absolute's requests for admission would thus force multiple parties to devote huge amounts of time and effort to respond.  Rather than preparing for depositions which Coffman and Brechan have attempted to schedule so discovery can move ahead and be completed and the case readied for trial, counsel finds it necessary to respond to Absolute's staggeringly large set of Requests for Admission, to pursue time-consuming motion(s) for protective orders, or to face the risk of having numerous assertions deemed admitted pursuant to Fed. R. Civ. P. 36(b).

Under Fed. R. Civ. P. 26(2)(b)(2), the court has the authority to regulate discovery, including the right to limit the number of Requests for Admission under Rule 36.  Prior to the recent discovery requests by Absolute, there was no reason to believe that any of the parties would propound 730 requests for admission, and thus no limitation was contemplated or sought.  Rather than getting into an extended dispute over the 730 requests that Absolute has propounded, Coffman suggests that each

**LANE POWELL LLC**
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska  99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

**Coffman Engineers, Inc.'s Motion and Memorandum In
Support of Motion for Discovery Conference**
*Absolute Envtl. Servs., Inc. v. Forrest McKinley, et al.* **(Case No. A03-0199 CV (RRB))**                Page 5 of 9

party be limited to not more than 50 Requests for Admission to any other party, absent leave of court for good cause shown to ask more than that number.[2]

### 2. Limitations on depositions of key witnesses.

Turning to the question of depositions, in an effort to complete fact discovery, defendants have recently attempted to notice the depositions of several key witnesses, only to have both Absolute and Imperial indicate that the witnesses would not be made available since they had been previously deposed for more that the seven hours allowed for depositions under Fed. R. Civ. P. 30(d)((2).

It should first be observed that most key witnesses who have been deposed in this case have been, until now, routinely made available for depositions lasting more than the normal seven hours. This has been due to a variety of factors, including (1) this is multiparty litigation, with at least five parties, each of whom have uniquely separate interests and concerns, and thus have different matters of inquiry for the various witnesses; (2) a number of witnesses were deposed during the period when Coffman and Brechan were not parties to the case and were thus not subject to questioning by Coffman or Brechan; and (3) many of the depositions were taken prior to Absolute having amended its pleadings to assert new factual allegations and legal theories against Coffman and Brechan, thus raising entirely new areas of legitimate inquiry that did not exist at the time of the initial deposition.

So long as parties are not intentionally disrupting depositions, or unreasonably imposing on other parties or witnesses through repetitive or otherwise inappropriate examination, there does not appear to be any reason to arbitrarily deny any party the opportunity to question important witnesses regarding matters about which the party has not yet had the chance to inquire.

---

[2] Coffman would expect the court to deal appropriately with it, or any other party who, without good cause, refused to stipulate to the authenticity of any document.

**Coffman Engineers, Inc.'s Motion and Memorandum In
Support of Motion for Discovery Conference**
*Absolute Envtl. Servs., Inc. v. Forrest McKinley, et al.* **(Case No. A03-0199 CV (RRB))**   Page 6 of 9

**LANE POWELL LLC**
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511 Facsimile 907.276.2631

Recently, efforts were made to notice the deposition of Mr. Ralph "Tom" Puett. *See* Deposition Notice, Exhibit 2 to declaration of counsel. Mr. Puett was the lead representative for Imperial both in preparing the Imperial cost proposal for the Kodiak Cargo Wharf project and as the on site representative for Imperial. Mr. Puett was initially deposed in November, of 2004. While that deposition extended over two days, because of extensive questioning by other counsel, counsel for Coffman did not have the opportunity to do any questioning. *See* Exhibit 3. Moreover, as of November, 2005, Absolute had not asserted any of its new claims against Coffman pertaining to alleged undisclosed site conditions, so Mr. Puett was not questioned regarding the matters raised by Absolute in its new claims against Coffman and Brechan.

Despite the clear and legitimate need for both Coffman and Brechan to make inquiry of Mr. Puett, counsel for Imperial has responded to the deposition notice by indicating that Mr. Puett would simply not appear at the deposition. Exhibit 3.

Similarly, a notice of a 30(b)(6) deposition of Absolute with regards to damages claimed by Absolute was issued. Exhibit 5. Absolute nominated its president, Dave Olson, who has already been deposed extensively, as the 30(b)(6) witness. Absolute has now taken the position that it will not allow the 30(b)(6) deposition to proceed because Mr. Olson has been previously deposed. Exhibit 6.

To avoid the immediate problem, and future problems regarding the length of depositions, or the taking of any deposition, the court should order that any witness may be deposed, or redeposed as to topics about which inquiry was not made, or could not reasonably have been made at the time of initial deposition, that each party shall be permitted to question each witness for up to six hours, so long as questioning is not unnecessarily repetitive of questioning which has already occurred, and that the burden shall be on the party seeking to prevent or limit a deposition to seek protective order

**LANE POWELL LLC**
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511 Facsimile 907.276.2631

**Coffman Engineers, Inc.'s Motion and Memorandum In
Support of Motion for Discovery Conference**
*Absolute Envtl. Servs., Inc. v. Forrest McKinley, et al.* **(Case No. A03-0199 CV (RRB))**      Page 7 of 9

(and sanctions if appropriate) if another party is unnecessarily extending depositions or seeking to take unnecessary depositions.

### 3. Improper marking of documents.

As can be seen from Absolute's recent first set of requests for admission (Exhibit 1), Absolute has chosen to identify a series of documents with the identification tag "KEY XXXXX." The documents so marked are documents which have in whole (or in large part) previously been produced by one or any other of the parties, or by some third party, with Bates numbering which would reveal the source from which the documents were acquired (e.g., BEI XXXXX for documents produced by Brechan, AES XXXXX for documents produced by Absolute, etc.)  Exhibit 7 is an example of part of one such document.

The "KEY" tag selected by Absolute leads to the impression that the documents so labeled are somehow "key" or more important than other documents.  It is as if one of the parties suddenly started stamping its produced documents as "SMOKING GUN XXXXX."

The marking of documents which may be used at trial should not be done in away which somehow could be viewed by the jury as a commentary on the content or importance of the documents so marked.

### III.  CONCLUSION

As noted at the outset, the matters raised in this motion could be, if necessary, dealt with through motions to compel or motions for protective order.  In order to avoid unnecessary time and expense, and to allow what should be fairly straightforward issues to be promptly resolved, Coffman has requested that these matters be addressed and resolved by the court at a discovery conference to be held in conjunction for oral argument already set for April 28, 2006.  It is believed that through a prompt discovery conference, at a time which has already been established by the court, impending and future discovery disputes can be eliminated or greatly reduced.  Since all parties are represented

LANE POWELL LLC
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

Coffman Engineers, Inc.'s Motion and Memorandum In
Support of Motion for Discovery Conference
*Absolute Envtl. Servs., Inc. v. Forrest McKinley, et al.* (Case No. A03-0199 CV (RRB))    Page 8 of 9

by experienced, capable counsel, there should be little difficulty for the parties to resolve most discovery disputes based on prompt, modest direction by the court.

DATED this 25th day of April, 2006.

                LANE POWELL LLC
                Attorneys for Coffman Engineers, Inc.

By  s/ Peter C. Partnow
    James Stoetzer, ASBA No. 7911130
    Peter C. Partnow, ASBA No. 7206029
    301 W. Northern Lights Blvd., Suite 301
    Anchorage, Alaska 99503-2648
    Tel:  907-277-9511
    Fax:  907-276-2631
    Email:  StoetzerJ@LanePowell.com
    Email:  PartnowP@LanePowell.com

I certify that on April 25, 2006, a copy of the foregoing was served by ECF on:

William R. Baerg, baerg@mmlawyers.com
Eric J. Brown, ebrown@jdolaw.com
Robert J. Dickson, acgecf@acglaw.com
Patrick J. Duffy, duffy@mmlawyers.com
Jami K. Elison, jamie@mhf-law.com
Michael E. Kreger, mkreger@perkinscoie.com
Terry R. Marston, terry@mhf-law.com
James B. Stoetzer, stoetzerj@lanepowell.com

and by mail on:

Paul J. Nangle, Paul J. Nangle & Associates
101 Christensen Dr, Anchorage, AK 99501

 s/Peter C. Partnow

011680.0076/154853.1

**LANE POWELL LLC**
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

**Coffman Engineers, Inc.'s Motion and Memorandum In
Support of Motion for Discovery Conference**
*Absolute Envtl. Servs., Inc. v. Forrest McKinley, et al.* **(Case No. A03-0199 CV (RRB))**        Page 9 of 9