1  **REQUEST FOR ADMISSION NO. 275:**  With respect to the document identified as

2  KEY20576.

3  **REQUEST FOR ADMISSION NO. 276:**  With respect to the document identified as

4
5  KEY20577.

6  **REQUEST FOR ADMISSION NO. 277:**  With respect to the document identified as

7  KEY20578.

8  **REQUEST FOR ADMISSION NO. 278:**  With respect to the document identified as

9  KEY20579.

10
11  **REQUEST FOR ADMISSION NO. 279:**  With respect to the document identified as

12  KEY20580.

13  **REQUEST FOR ADMISSION NO. 280:**  With respect to the document identified as

14  KEY20581-582.

15
16  **REQUEST FOR ADMISSION NO. 281:**  With respect to the document identified as

17  KEY20583-584.

18  **REQUEST FOR ADMISSION NO. 282:**  With respect to the document identified as

19  KEY20585.

20
21  **REQUEST FOR ADMISSION NO. 283:**  With respect to the document identified as

22  KEY20586.

23  **REQUEST FOR ADMISSION NO. 284:**  With respect to the document identified as

24  KEY20587-588.

25
26

EXHIBIT ___1___

PAGE _31_ OF _91_

1    **REQUEST FOR ADMISSION NO. 285:** With respect to the document identified as

2    KEY20589.

3    **REQUEST FOR ADMISSION NO. 286:** With respect to the document identified as

4    KEY20590.

5

6    **REQUEST FOR ADMISSION NO. 287:** With respect to the document identified as

7    KEY20591.

8    **REQUEST FOR ADMISSION NO. 288:** With respect to the document identified as

9    KEY20592.

10

11   **REQUEST FOR ADMISSION NO. 289:** With respect to the document identified as

12   KEY20593.

13   **REQUEST FOR ADMISSION NO. 290:** With respect to the document identified as

14   KEY20594.

15   **REQUEST FOR ADMISSION NO. 291:** With respect to the document identified as

16   KEY20595.

17

18   **REQUEST FOR ADMISSION NO. 292:** With respect to the document identified as

19   KEY20596-597.

20   **REQUEST FOR ADMISSION NO. 293:** With respect to the document identified as

21   KEY20598-599.

22

23   **REQUEST FOR ADMISSION NO. 294:** With respect to the document identified as

24   KEY20600.

25   EXHIBIT _____1_____

26   PAGE _32_ OF _91_

1  **REQUEST FOR ADMISSION NO. 295:** With respect to the document identified as

2  KEY20601-602.

3  **REQUEST FOR ADMISSION NO. 296:** With respect to the document identified as

4  KEY20603.

5

6  **REQUEST FOR ADMISSION NO. 297:** With respect to the document identified as

7  KEY20604.

8  **REQUEST FOR ADMISSION NO. 298:** With respect to the document identified as

9  KEY20605.

10

11  **REQUEST FOR ADMISSION NO. 299:** With respect to the document identified as

12  KEY20606.

13  **REQUEST FOR ADMISSION NO. 300:** With respect to the document identified as

14  KEY20607.

15

16  **REQUEST FOR ADMISSION NO. 301:** With respect to the document identified as

17  KEY20608.

18  **REQUEST FOR ADMISSION NO. 302:** With respect to the document identified as

19  KEY20609.

20

21  **REQUEST FOR ADMISSION NO. 303:** With respect to the document identified as

22  KEY20610-611.

23  **REQUEST FOR ADMISSION NO. 304:** With respect to the document identified as

24  KEY20612.

25

26

EXHIBIT _____1_____

PAGE __33__ OF __91__

**REQUEST FOR ADMISSION NO. 305:**  With respect to the document identified as KEY20613.

**REQUEST FOR ADMISSION NO. 306:**  With respect to the document identified as KEY20614-615.

**REQUEST FOR ADMISSION NO. 307:**  With respect to the document identified as KEY20616.

**REQUEST FOR ADMISSION NO. 308:**  With respect to the document identified as KEY20617.

**REQUEST FOR ADMISSION NO. 309:**  With respect to the document identified as KEY20618.

**REQUEST FOR ADMISSION NO. 310:**  With respect to the document identified as KEY20619.

**REQUEST FOR ADMISSION NO. 311:**  With respect to the document identified as KEY20620.

**REQUEST FOR ADMISSION NO. 312:**  With respect to the document identified as KEY20621.

**REQUEST FOR ADMISSION NO. 313:**  With respect to the document identified as KEY20622.

**REQUEST FOR ADMISSION NO. 314:**  With respect to the document identified as KEY20623.

EXHIBIT ____1____

PAGE _34_ OF _91_

1   **REQUEST FOR ADMISSION NO. 315:** With respect to the document identified as

2   KEY20624.

3   **REQUEST FOR ADMISSION NO. 316:** With respect to the document identified as

4   KEY20625-626.

5

6   **REQUEST FOR ADMISSION NO. 317:** With respect to the document identified as

7   KEY20627-628.

8   **REQUEST FOR ADMISSION NO. 318:** With respect to the document identified as

9   KEY20629-631.

10

11  **REQUEST FOR ADMISSION NO. 319:** With respect to the document identified as

12  KEY20632-634.

13  **REQUEST FOR ADMISSION NO. 320:** With respect to the document identified as

14  KEY20635-637.

15

16  **REQUEST FOR ADMISSION NO. 321:** With respect to the document identified as

17  KEY200638-640.

18  **REQUEST FOR ADMISSION NO. 322:** With respect to the document identified as

19  KEY20641-643.

20

21  **REQUEST FOR ADMISSION NO. 323:** With respect to the document identified as

22  KEY20644-646.

23  **REQUEST FOR ADMISSION NO. 324:** With respect to the document identified as

24  KEY20647-651.

25  EXHIBIT _____1_____

26  PAGE _35_ OF _91_

1   **REQUEST FOR ADMISSION NO. 325:**   With respect to the document identified as

2   KEY20652-706.

3   **REQUEST FOR ADMISSION NO. 326:**   With respect to the document identified as

4   KEY20707-727.

5

6   **REQUEST FOR ADMISSION NO. 327:**   With respect to the document identified as

7   KEY20728-729.

8   **REQUEST FOR ADMISSION NO. 328:**   With respect to the document identified as

9   KEY20730.

10

11   **REQUEST FOR ADMISSION NO. 329:**   With respect to the document identified as

12   KEY20731-736.

13   **REQUEST FOR ADMISSION NO. 330:**   With respect to the document identified as

14   KEY20737-739.

15

16   **REQUEST FOR ADMISSION NO. 331:**   With respect to the document identified as

17   KEY20740.

18   **REQUEST FOR ADMISSION NO. 332:**   With respect to the document identified as

19   KEY20741.

20

21   **REQUEST FOR ADMISSION NO. 333:**   With respect to the document identified as

22   KEY200924.

23   **REQUEST FOR ADMISSION NO. 334:**   With respect to the document identified as

24   KEY20742-743.

25                                                                EXHIBIT _____ 1 _____

26                                                                PAGE 36 OF 91

1  **REQUEST FOR ADMISSION NO. 335:**  With respect to the document identified as

2  KEY20744-745.

3  **REQUEST FOR ADMISSION NO. 336:**  With respect to the document identified as

4  KEY20746-747.

5

6  **REQUEST FOR ADMISSION NO. 337:**  With respect to the document identified as

7  KEY20748-749.

8  **REQUEST FOR ADMISSION NO. 338:**  With respect to the document identified as

9  KEY20750-751.

10

11  **REQUEST FOR ADMISSION NO. 339:**  With respect to the document identified as

12  KEY20752-753.

13  **REQUEST FOR ADMISSION NO. 340:**  With respect to the document identified as

14  KEY20754-755.

15

16  **REQUEST FOR ADMISSION NO. 341:**  With respect to the document identified as

17  KEY20756-760.

18  **REQUEST FOR ADMISSION NO. 342:**  With respect to the document identified as

19  KEY20761-763.

20

21  **REQUEST FOR ADMISSION NO. 343:**  With respect to the document identified as

22  KEY20764-766.

23  **REQUEST FOR ADMISSION NO. 344:**  With respect to the document identified as

24  KEY20767-769.

25

26

EXHIBIT _____1_____
PAGE _37_ OF _91_

PLAINTIFF'S FIRST REQUESTS FOR ADMISSION TO DEFENDANT COFFMAN ENGINEERS
Case No. A03-0199CV (RRB)-- 37

**REQUEST FOR ADMISSION NO. 345:** With respect to the document identified as KEY20770-772.

**REQUEST FOR ADMISSION NO. 346:** With respect to the document identified as KEY20773.

**REQUEST FOR ADMISSION NO. 347:** With respect to the document identified as KEY20774-776.

**REQUEST FOR ADMISSION NO. 348:** With respect to the document identified as KEY20777-779.

**REQUEST FOR ADMISSION NO. 349:** With respect to the document identified as KEY20780-782.

**REQUEST FOR ADMISSION NO. 350:** With respect to the document identified as KEY20783-785.

**REQUEST FOR ADMISSION NO. 351:** With respect to the document identified as KEY20786-788.

**REQUEST FOR ADMISSION NO. 352:** With respect to the document identified as KEY20789-791.

**REQUEST FOR ADMISSION NO. 353:** With respect to the document identified as KEY20792-794.

**REQUEST FOR ADMISSION NO. 354:** With respect to the document identified as KEY20795-796.

EXHIBIT ___1___
PAGE _38_ OF _91_

1  **REQUEST FOR ADMISSION NO. 355:**  With respect to the document identified as

2  KEY20797-799.

3  **REQUEST FOR ADMISSION NO. 356:**  With respect to the document identified as

4  KEY20800-801.

5

6  **REQUEST FOR ADMISSION NO. 357:**  With respect to the document identified as

7  KEY20802-803.

8  **REQUEST FOR ADMISSION NO. 358:**  With respect to the document identified as

9  KEY20804-805.

10

11  **REQUEST FOR ADMISSION NO. 359:**  With respect to the document identified as

12  KEY20806-807.

13  **REQUEST FOR ADMISSION NO. 360:**  With respect to the document identified as

14  KEY20808-809.

15

16  **REQUEST FOR ADMISSION NO. 361:**  With respect to the document identified as

17  KEY20810-811.

18  **REQUEST FOR ADMISSION NO. 362:**  With respect to the document identified as

19  KEY20812-814.

20

21  **REQUEST FOR ADMISSION NO. 363:**  With respect to the document identified as

22  KEY20815-817.

23  **REQUEST FOR ADMISSION NO. 364:**  With respect to the document identified as

24  KEY20818-820.

25

26

EXHIBIT _____ 1

PAGE _39_ OF _91_

1    **REQUEST FOR ADMISSION NO. 365:**  With respect to the document identified as

2    KEY20821-822.

3    **REQUEST FOR ADMISSION NO. 366:**  With respect to the document identified as

4    KEY20823-825.

5

6    **REQUEST FOR ADMISSION NO. 367:**  With respect to the document identified as

7    KEY20826-827.

8    **REQUEST FOR ADMISSION NO. 368:**  With respect to the document identified as

9    KEY20828-830.

10

11   **REQUEST FOR ADMISSION NO. 369:**  With respect to the document identified as

12   KEY20831-833.

13   **REQUEST FOR ADMISSION NO. 370:**  With respect to the document identified as

14   KEY20834-836.

15

16   **REQUEST FOR ADMISSION NO. 371:**  With respect to the document identified as

17   KEY20837-839.

18   **REQUEST FOR ADMISSION NO. 372:**  With respect to the document identified as

19   KEY20840-842.

20

21   **REQUEST FOR ADMISSION NO. 373:**  With respect to the document identified as

22   KEY20843-845.

23   **REQUEST FOR ADMISSION NO. 374:**  With respect to the document identified as

24   KEY20846-848.

25

26

EXHIBIT _____ (

PAGE _40_ OF _91_

1    **REQUEST FOR ADMISSION NO. 375:**  With respect to the document identified as

2    KEY20849-851.

3    **REQUEST FOR ADMISSION NO. 376:**  With respect to the document identified as

4    KEY20852.

5

6    **REQUEST FOR ADMISSION NO. 377:**  With respect to the document identified as

7    KEY20853-855.

8    **REQUEST FOR ADMISSION NO. 378:**  With respect to the document identified as

9    KEY20856-857.

10

11   **REQUEST FOR ADMISSION NO. 379:**  With respect to the document identified as

12   KEY20858-860.

13   **REQUEST FOR ADMISSION NO. 380:**  With respect to the document identified as

14   KEY20861-863.

15

16   **REQUEST FOR ADMISSION NO. 381:**  With respect to the document identified as

17   KEY20864-866.

18   **REQUEST FOR ADMISSION NO. 382:**  With respect to the document identified as

19   KEY20867-869.

20   **REQUEST FOR ADMISSION NO. 383:**  With respect to the document identified as

21   KEY20870-872.

22

23   **REQUEST FOR ADMISSION NO. 384:**  With respect to the document identified as

24   KEY20873-875.

25                                                            EXHIBIT _____1_____

26                                                            PAGE __41__ OF __91__

PLAINTIFF'S FIRST REQUESTS FOR ADMISSION TO DEFENDANT COFFMAN ENGINEERS
Case No. A03-0199CV (RRB)-- 41

**REQUEST FOR ADMISSION NO. 385:**  With respect to the document identified as KEY20876-878.

**REQUEST FOR ADMISSION NO. 386:**  With respect to the document identified as KEY20879-881.

**REQUEST FOR ADMISSION NO. 387:**  With respect to the document identified as KEY20882-883.

**REQUEST FOR ADMISSION NO. 388:**  With respect to the document identified as KEY20884-885.

**REQUEST FOR ADMISSION NO. 389:**  With respect to the document identified as KEY20886-887.

**REQUEST FOR ADMISSION NO. 390:**  With respect to the document identified as KEY20889-890.


DATED this 20ᵗʰ day of April, 2006.

MARSTON HEFFERNAN FOREMAN, PLLC

By _____
Terry R. Marston II, WSBA No. 14440
Jami K. Elison,   WSBA No. 31007
Attorneys for Plaintiff Absolute Environmental
Service, Inc.

EXHIBIT ____ 1
PAGE ____ 42 OF 91

PLAINTIFF'S FIRST REQUESTS FOR ADMISSION TO DEFENDANT COFFMAN ENGINEERS
Case No. A03-0199CV (RRB)-- 42

1

## ATTORNEY'S CR 26 CERTIFICATION

2

3      The undersigned has read the foregoing responses to plaintiff Absolute Environmental's

4   First Requests for Admission to defendant Coffman Engineers and certifies said responses are in

5   compliance with FRCP 26(g).

6      DATED this _____ day of _____, 2006.

7                                    LANE POWELL SPEARS LUBERSKY

8

9                                    By _____
                                        Peter Partnow ABA # 7206029
10                                       James B. Stoetzer ABA # 7911130
                                     Attorneys for third-party defendant Coffman
11                                   Engineers

12

13

14

15

16

17

18

19

20

21

22

23

24

25                                              EXHIBIT _____1_____
                                             PAGE __43__ OF __91__
26
PLAINTIFF'S FIRST REQUESTS FOR ADMISSION TO DEFENDANT COFFMAN ENGINEERS
Case No. A03-0199CV (RRB)-- 43

1

2
<u>AFFIDAVIT</u>

3
STATE OF ALASKA          )
                                 ) ss.

4
COUNTY OF _____   )

5
_____ being first duly sworn, on oath deposes and says:

6
     That _____ is the _____ for Coffman Engineers,

7
defendant in the above-entitled matter, and as such is authorized to sign on behalf of said
corporation, has read the foregoing answers to plaintiff's First Requests for Admission, knows
the contents thereof, and believes the same to be true to _____ knowledge and belief.

8

9
                                 _____

10

11
SUBSCRIBED AND SWORN TO before me this _____ day of _____, 2006.

12
                                 _____

13
                                 [Printed Name] _____
NOTARY PUBLIC in and for the State of

14
_____, residing at _____
My appointment expires: _____

15

16

17

18

19

20

21

22

23

24

25
                                 EXHIBIT _____ 1 _____
                                 PAGE 44 OF 91

26

1

## CERTIFICATE OF SERVICE

2      The undersigned certifies under penalty of perjury, under the laws of the State of

3   Washington that I am now and at all times herein mentioned, a resident of the State of

4   Washington, over the age of 18 years, not a party to or interested in the above-entitled action,

5   and competent to be a witness herein.

6      On the date given below I caused to be served in the manner noted copies of the following

7   upon designated counsel:

8
9      1.    PLAINTIFF'S FIRST REQUESTS FOR ADMISSION TO DEFENDANT COFFMAN ENGINEERS.

10

| *VIA U.S. Mail* | *VIA U.S. Mail* |
|---|---|
| Eric J. Brown, Esq.<br>Jermain Dunnagan & Owens, P.C.<br>3000 A Street, Suite 300<br>Anchorage, AK 99503-4097<br>*Atty for Forrest McKinley and Emerco* | Jacob Nist<br>Perkins Coie, LLP<br>1029 West Third Avenue, Suite 300<br>Anchorage, AK 99501<br>*Atty for Brechan and Safeco* |
| *VIA U.S. Mail*<br>Mr. William Baerg<br>Patrick Duffy<br>Monteleone & McCrory, LLP<br>725 South Figueroa Street, Suite 3750<br>Los Angeles, CA 90017-5446<br>*Atty for Forrest McKinley and Emerco* | *VIA U.S. Mail*<br>Peter Partnow<br>Lane Powell Spears Lubersky<br>301 W. Northern Lights Boulevard<br>Suite 301<br>Anchorage, Alaska 99503<br>*Atty for Coffman* |
| *VIA Hand Delivery on 4.21.06*<br>James B. Stoetzer<br>Lane Powell Spears Lubersky<br>1420 Fifth Avenue, Suite 4100<br>Seattle, WA 98101<br>*Atty for Coffman* | *VIA U.S. Mail*<br>Robert J. Dickson<br>Atkinson, Conway & Gagnon, Inc.<br>420 L Street, Suite 500<br>Anchorage, AK 99501<br>*Atty for Specialty Polymer Coatings* |

20      SIGNED at Redmond, Washington this _20th_ day of April, 2006.

21

22                                  Kristy L. Martyn

23

24

25                                        EXHIBIT _____1_____

26                                        PAGE _45_ OF _91_

1  Terry R. Marston, *pro hac vice*, terry@mhf-law.com
   Jami K. Elison, *pro hac vice*, jamie@mhf-law.com
2  MARSTON HEFFERNAN FOREMAN, PLLC
   16880 N.E. 79th Street
3  Redmond, Washington 98052
   (425) 861-5700

4  PAUL J. NANGLE & ASSOCIATES
5  Kerry Building
   101 Christensen Drive
6  Anchorage, Alaska 99501
   Telephone: (907) 274-8866

7

   Attorney for Plaintiff ABSOLUTE ENVIRONMENTAL SERVICES, INC.
8

9           UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF ALASKA

10  ABSOLUTE ENVIRONMENTAL                )
    SERVICES, INC., an Alaska Corporation,  )   Case No.: A03-0199CV (RRB)
11                                          )
              Plaintiff,                    )
12                                          )
         vs.                                )
13                                          )   **PLAINTIFF'S SECOND REQUESTS FOR**
    FORREST J. MCKINLEY, an individual,     )   **ADMISSION TO DEFENDANT**
14  d/b/a "Imperial Industrial Coatings" and )  **COFFMAN ENGINEERS**
    EMERCO, INC., a California Corporation,  )
15  d/b/a Imperial Industrial Coatings, BRECHAN )
    ENTERPRISES, INC., an Alaska corporation; )
16  and SAFECO INSURANCE COMPANY OF          )
    AMERICA, a Washington Corporation.       )
17                                           )
              Defendants.                    )
18  _____      )
    EMERCO, INC., a California corporation d/b/a )
    Imperial Industrial Coatings, and the States for )
19  Use and Benefit of EMERCO, INC.,         )
                                             )
20  Counterclaimant/Third-party Claimant,    )
                                             )
21  v.                                       )
                                             )
22  ABSOLUTE ENVIRONMENTAL SERVICES )
    INC., an Alaska corporation, et al.,     )
23                                           )
    Cross-defendants/Third-party Defendants. )
24                                           )
    _____      )

25                                    COPY          EXHIBIT ___1___
                                                    PAGE __46__ OF __91__
26

PLAINTIFF'S SECOND REQUESTS FOR ADMISSION TO DEFENDANT COFFMAN ENGINEERS
                 Case No. A03-0199CV (RRB)-- 1

RECEIVED
APR 24 2006
LANE POWELL LLC

1    THE UNITED STATES OF AMERICA *for* )
     *the use and benefit of* ABSOLUTE    )
2    ENVIRONMENTAL SERVICES, INC., an    )
     Alaska Corporation,    )
3      )
     )
4               Plaintiff,    )
        vs.    )
5      )
     SAFECO INSURANCE COMPANY OF    )
6    AMERICA, a Washington Corporation.    )
     )
7              Defendants.    )
     )
8      )
     BRECHAN ENTERPRISES, INC., an Alaska )
9    corporation,    )
     )
10           Counterclaim Plaintiff,    )
       vs.    )
11      )
     ABSOLUTE ENVIRONMENTAL    )
12    SERVICES, INC., an Alaska Corporation,    )
     )
13         Counterclaim Defendant.    )
14    BRECHAN ENTERPRISES, INC., an Alaska )
     corporation,    )
15      )
           Third-Party Plaintiff,    )
16        vs.    )
     )
17    COFFMAN ENGINEERS, INC, a Washington )
     Corporation.    )
18           Third-Party Defendant.    )
19      )
     ABSOLUTE ENVIRONMENTAL SERVICES )
20    INC., an Alaska Corporation,    )
     )
21         Plaintiff/Cross-claimant,    )
       vs.    )
22      )
     COFFMAN ENGINEERS, INC, a Washington )
23    Corporation.    )
     )
24           Third-Party Defendant.    )

25

26

EXHIBIT _____1____

PAGE _47_ OF _91_

PLAINTIFF'S SECOND REQUESTS FOR ADMISSION TO DEFENDANT COFFMAN ENGINEERS
Case No. A03-0199CV (RRB)-- 2

TO:          Coffman Engineers, Inc.
             c/o James B. Stoetzer & Peter Partnow, counsel for Coffman Engineers, Inc.

AND TO:      All Counsel of Record

      Plaintiff, by counsel, pursuant to Fed.R.Civ.P. 36, hereby submits the following requests for admissions.

      You must answer and serve a written response to this request within thirty (30) following service hereof.  Your response to each matter may be in the form of an admission, a specific denial or an objection (with reasons clearly stated), or statement that a matter cannot be admitted or denied.  You may not give lack of information or knowledge as a reason for a failure to admit or deny unless you state that you have made reasonable inquiry and the information known or readily available to you is insufficient to enable you to admit or deny.

### REQUESTS FOR ADMISSION

**Request for Admission 1.**    Admit Coffman changed the coating acceptance criteria on the H-Piles in Phase I.

**Request for Admission 2.**    Admit Coffman changed the coating acceptance criteria on the H-Piles in Phase I to reflect the weld related changes on the H-piles Swalling Construction encountered on the H-pile portion of Phase I.

**Request for Admission 3.**    Admit Brechan changed the coating acceptance criteria on the H-Piles in Phase I.

**Request for Admission 4.**    Admit Brechan changed the coating acceptance criteria on the H-Piles in Phase I to reflect the weld related changes on the H-piles Swalling Construction encountered on the H-pile portion of Phase I.

**Request for Admission 5.**    Admit the USCG changed the coating acceptance criteria in the USCG/Brechan Contract on the H-Piles in Phase I.

EXHIBIT _____1_____
PAGE __48_ OF _91_

**Request for Admission 6.**     Admit Coffman changed the coating acceptance criteria in the Phase II Specifications or Drawings.

**Request for Admission 7.**     Admit Coffman changed the coating acceptance criteria in the Phase II Specifications or Drawings to reflect the weld related changes Swalling Construction encountered on the H-pile portion of Phase I.

**Request for Admission 8.**     Admit Brechan did not change the coating acceptance criteria in the Phase II Specifications or Drawings.

**Request for Admission 9.**     Admit the USCG did not change the coating acceptance criteria in the Phase II Specifications or Drawings.

**Request for Admission 10.**   Admit that for the 2002 construction season Coffman changed the Holiday Detection criteria on the H-pile portion of the Phase I project.

**Request for Admission 11.**   Admit that in 2002 Brechan changed the Holiday Detection criteria on the H-pile portion of the Phase I project.

**Request for Admission 12.**   Admit that in 2002 the USCG did not change the Holiday Detection criteria on the H-pile portion of the Phase I project.

**Request for Admission 13.**   Admit Coffman did not change the Holiday Detection criteria in the Specifications or on the Drawings on Phase II.

**Request for Admission 14.**   Admit Brechan did not change the Holiday Detection criteria in the November 26, 2002 Specifications or on the Drawings on Phase II.

**Request for Admission 15.**   Admit that the USCG did not change the Holiday Detection criteria in the Specifications or on the Drawings on Phase II.

EXHIBIT ____1____

PAGE _49_ OF _91_

PLAINTIFF'S SECOND REQUESTS FOR ADMISSION TO DEFENDANT COFFMAN ENGINEERS
Case No. A03-0199CV (RRB)-- 4

**Request for Admission 16.** Admit no one changed the Holiday Detection criteria in the November 26, 2002 Specification for Phase II.

**Request for Admission 17.** Admit that in 2002 someone changed the Holiday Detection criteria on the H-pile portion of the Phase I.

**Request for Admission 18.** Admit that Coffman never told AESI about weld issues encountered by Swalling on the H-pile portion of Phase I prior to November 26, 2002.

**Request for Admission 19.** Admit that Coffman never told AESI about weld issues encountered by Swalling on the H-pile portion of Phase I prior to December 18, 2002.

**Request for Admission 20.** Admit that Coffman never told AESI about weld issues encountered by Swalling on the H-pile portion of Phase I prior to February 2003.

**Request for Admission 21.** Admit that in 2002 Coffman did not perform final holiday detection testing above elevation 116 of the H-Piles in Phase 1 using Holiday Detection Equipment.

**Request for Admission 22.** Admit that Coffman did not perform initial holiday detection testing at welds below elevation 116 at bents 6-15 of the H-Piles in Phase 1 using Holiday Detection Equipment.

**Request for Admission 23.** Admit that in 2002 Coffman did not perform final holiday detection testing at welded areas of the H-Piles in Phase 1 using Holiday Detection Equipment.

**Request for Admission 24.** Admit that in 2002 Coffman did not perform final holiday detection testing at metal to metal connections of the H-Piles in Phase 1 using Holiday Detection Equipment.

**Request for Admission 25.** Admit Swalling had a contract that included coating bents 1-15 of the Original Cargo Wharf on Phase I.

EXHIBIT _____ 1
PAGE _50_ OF _91_

PLAINTIFF'S SECOND REQUESTS FOR ADMISSION TO DEFENDANT COFFMAN ENGINEERS
Case No. A03-0199CV (RRB)-- 5

**Request for Admission 26.**  Admit that in 2002 Coffman performed final holiday testing of metal to metal connections of the H-Piles in Phase 1 using a "visual only" standard.

**Request for Admission 27.**  Admit that in 2002 Coffman performed final holiday testing of caulked areas of the H-Piles in Phase 1 using a "visual only" standard.

**Request for Admission 28.**  Admit that in 2002 Swalling was not required by Brechan to perform holiday detection testing above elevation 116 of the H-Piles in Phase 1 using Holiday Detection Equipment.

**Request for Admission 29.**  Admit that in 2002 Swalling was not required by Brechan to perform holiday detection testing at weld locations below elevation 116 of the H-Piles in Phase 1 using Holiday Detection Equipment.

**Request for Admission 30.**  Admit that in 2002 Swalling was not required by Brechan to perform holiday detection testing at caulked locations on the H-Piles in Phase 1 using Holiday Detection Equipment.

**Request for Admission 31.**  Admit that in 2002 Swalling was not required to perform final holiday detection testing at welded areas of the H-Piles in Phase 1 using Holiday Detection Equipment.

**Request for Admission 32.**  Admit that in 2002 Swalling was not required to perform final holiday detection testing at metal to metal connections of the H-Piles in Phase 1 using Holiday Detection Equipment.

**Request for Admission 33.**  Admit that in 2002 Swalling was not required to perform final holiday detection testing at caulked areas of the H-Piles in Phase 1 using Holiday Detection Equipment.

EXHIBIT _____ 1 _____
PAGE __51__ OF _91_

PLAINTIFF'S SECOND REQUESTS FOR ADMISSION TO DEFENDANT COFFMAN ENGINEERS
Case No. A03-0199CV (RRB)-- 6

**Request for Admission 34.**  Admit that in 2002 Swalling Construction did perform final holiday detection on the non-weld flat surfaces of the H-Piles in Phase 1 using Holiday Detection Equipment.

**Request for Admission 35.**  Admit that in 2002 Swalling performed final holiday detection testing of the weld areas, caulk areas, and metal to metal connection areas of the H-Piles in Phase 1 using a "visual only" standard.

**Request for Admission 36.**  Admit Coffman performed a square foot quantity takeoff for the Wharf Extension (Round Piles) during the design phase of the work.

**Request for Admission 37.**  Admit Coffman performed a square foot quantity takeoff for the Wharf Extension (Round Piles) during the construction phase of the work.

**Request for Admission 38.**  Admit Coffman performed a square foot quantity takeoff for the Original Wharf (H-Piles) during the design phase of the work.

**Request for Admission 39.**  Admit Coffman performed a square foot quantity takeoff for the Original Wharf (H-Piles) during the construction phase of the work.

**Request for Admission 40.**  Admit the quantities of square feet to be recoated in Area(s) 1, 2A, and 2B, shown on the project plans (Contract Documents) were revised during the design of the project.

**Request for Admission 41.**  Admit the quantities of square feet to be recoated were changed by Coffman.

**Request for Admission 42.**  Admit the quantities of square feet to be recoated were changed by Brechan.

EXHIBIT _____ 1 _____
PAGE __52__ OF __91__

PLAINTIFF'S SECOND REQUESTS FOR ADMISSION TO DEFENDANT COFFMAN ENGINEERS
Case No. A03-0199CV (RRB)-- 7

**Request for Admission 43.** Admit SikaFlex was the only caulk submitted to and approved by Coffman for the Phase II project.

**Request for Admission 44.** Admit Brechan performed a square foot quantity takeoff for the Wharf Extension (Round Piles) during the design phase of the work.

**Request for Admission 45.** Admit Brechan performed a square foot quantity takeoff for the Wharf Extension (Round Piles) during the construction phase of the work.

**Request for Admission 46.** Admit Brechan's square footage amounts were verified by Coffman.

**Request for Admission 47.** Admit Coffman's square footage amounts were verified by Brechan.

**Request for Admission 48.** Admit that Matt Holmstrom of Brechan represented to AESI that there was 24,500 square feet to be recoated in Phase II of the Cargo Wharf Project.

**Request for Admission 49.** Admit square foot quantity takeoffs performed by Coffman were incorporated into the project plans by Coffman.

**Request for Admission 50.** Admit square foot quantity takeoffs performed by Brechan were incorporated into the project plans by Coffman.

**Request for Admission 51.** Admit square foot quantity takeoffs performed by Coffman or Brechan were incorporated into the project plans by Tryck Nyman Hayes.

**Request for Admission 52.** Admit Brechan performed a square foot quantity takeoff for the Original Wharf (H-Piles) during the design phase of the work.

EXHIBIT _____ l

PAGE _53_ OF _91_

**Request for Admission 53.**  Admit Brechan performed a square foot quantity takeoff for the Original Wharf (H-Piles) during the construction phase of the work.

**Request for Admission 54.**  Admit Brechan authored or co-authored the "Holiday Free" standard in the November 26, 2002 Specification.

**Request for Admission 55.**  Admit that the USCG did not author the "Holiday Free" standard in the November 26, 2002 Specification.

**Request for Admission 56.**  Admit that Tryck Nyman Hayes did not author or co-author the "Holiday Free" standard in the November 26, 2002 Specification.

**Request for Admission 57.**  Admit Coffman authored or co-authored the "Holiday Free" standard in the November 26, 2002 Specification.

**Request for Admission 58.**  Admit Coffman authored or co-authored the "Holiday Free" standard in all editions of the Cargo Wharf Specifications.

**Request for Admission 59.**  Admit Brechan required the "Holiday Free" standard in the November 26, 2002 Specification.

**Request for Admission 60.**  Admit Coffman required the "Holiday Free" standard in the November 26, 2002 Specification.

**Request for Admission 61.**  Admit the USCG required the "Holiday Free" standard in the November 26, 2002 Specification.

**Request for Admission 62.**  Admit Tryck Nyman Hayes required the "Holiday Free" standard in the November 26, 2002 Specification.

EXHIBIT ____ l

PAGE __94__ OF _91_

1

**Request for Admission 63.**    Admit Coffman enforced the "Holiday Free" standard on all of the
2    Phase I work when Swalling Construction was working on the project.

3

**Request for Admission 64.**    Admit Coffman enforced the "Holiday Free" standard on all of the
4    Phase II work when Imperial Industrial Coatings was working on the project.

5

6    **Request for Admission 65.**    Admit Coffman enforced the "Holiday Free" standard on all of the
Phase II work when AESI took over IIC's portion of the work on the project.
7

8

**Request for Admission 66.**    Admit Coffman did not perform holiday detection testing on the
9    repair and warranty areas of the H-Piles in Phase 1 using a Holiday Detector after Brechan
Enterprises' warranty and repair work was completed by AESI.
10

11

**Request for Admission 67.**    Admit Coffman considered poor quality welds found in Phase I to
12    be a change in conditions.

13

14    **Request for Admission 68.**    Admit Brechan considered poor quality welds found in Phase I to be
a change in conditions.
15

16

**Request for Admission 69.**    Admit Coffman considered the amount of non-existent welds found
17    in Phase I to be a change in conditions.

18

19    **Request for Admission 70.**    Admit Brechan considered the amount of non-existent welds found
in Phase I to be a change in conditions.
20

21

22    **Request for Admission 71.**    Admit Brechan de-scoped Swalling's Phase I contract.

23

**Request for Admission 72.**    Admit Coffman considered the poor quality welds found in Phase I
24    to be a hidden condition.

25

26                                          EXHIBIT _____ 1
                                            PAGE __55__ OF _91_

PLAINTIFF'S SECOND REQUESTS FOR ADMISSION TO DEFENDANT COFFMAN ENGINEERS
Case No. A03-0199CV (RRB)-- 10

**Request for Admission 73.**   Admit Brechan considered the poor quality welds found in Phase I to be a hidden condition.

**Request for Admission 74.**   Admit the USCG considered the poor quality welds found in Phase I to be a hidden condition.

**Request for Admission 75.**   Admit the USCG issued a change order for poor quality welds found in Phase I.

**Request for Admission 76.**   Admit Coffman considered the amount of non-existent welds found in Phase I to be a hidden condition.

**Request for Admission 77.**   Admit Brechan considered the amount of non-existent welds found in Phase I to be a hidden condition.

**Request for Admission 78.**   Admit the USCG considered the amount of non-existent welds found in Phase I to be a hidden condition.

**Request for Admission 79.**   Admit the USCG issued a change order for the amount of non-existent welds found in Phase I.

**Request for Admission 80.**   Admit Coffman considered the poor quality welds found in Phase I to be an unforeseeable condition.

**Request for Admission 81.**   Admit Brechan considered the poor quality welds found in Phase I to be an unforeseeable condition.

**Request for Admission 82.**   Admit the USCG considered the poor quality welds found in Phase I to be an unforeseeable condition.

EXHIBIT _____1_____
PAGE __56__ OF __91__

PLAINTIFF'S SECOND REQUESTS FOR ADMISSION TO DEFENDANT COFFMAN ENGINEERS
Case No. A03-0199CV (RRB)-- 11

**Request for Admission 83.**  Admit Coffman considered the amount of non-existent welds found in Phase I to be an unforeseeable condition.

**Request for Admission 84.**  Admit Brechan considered the amount of non-existent welds found in Phase I to be an unforeseeable condition.

**Request for Admission 85.**  Admit the USCG considered the amount of non-existent welds found in Phase I to be an unforeseeable condition.

**Request for Admission 86.**  Admit that after Phase I Coffman believed that the poor quality and non-existent welds for Phase II could be repaired to allow a holiday free level for less than $100,000.

**Request for Admission 87.**  Admit that after Phase I Brechan believed that the poor quality and non-existent welds for Phase II could be repaired to allow a holiday free level for less than $100,000.

**Request for Admission 88.**  Admit that Caulk will never correct Holidays in coatings where coatings are inspected using a Holiday detector.

**Request for Admission 89.**  Admit that Caulk will rarely correct Holidays in coatings where coatings are inspected using a Holiday detector.

**Request for Admission 90.**  Admit after Phase I Coffman believed that the poor quality and non-existent welds for Phase II could be repaired to allow a holiday free level for less than $200,000.

**Request for Admission 91.**  Admit after Phase I Brechan believed that the poor quality and non-existent welds for Phase II could be repaired to allow a holiday free level for less than $200,000.

**Request for Admission 92.**  Admit after Phase I Coffman believed that the poor quality and non-existent welds for Phase II could be repaired to allow a holiday free level for less than $300,000.

PLAINTIFF'S SECOND REQUESTS FOR ADMISSION TO DEFENDANT COFFMAN ENGINEERS
Case No. A03-0199CV (RRB)-- 12

EXHIBIT _____
PAGE _57_ OF _91_

**Request for Admission 93.**  Admit after Phase I Brechan believed that the poor quality and non-existent welds for Phase II could be repaired to allow a holiday free level for less than $300,000.

**Request for Admission 94.**  Admit after Phase I Coffman believed that the poor quality and non-existent welds for Phase II could be repaired to allow a holiday free level for less than $400,000.

**Request for Admission 95.**  Admit after Phase I Brechan believed that the poor quality and non-existent welds for Phase II could be repaired to allow a holiday free level for less than $400,000.

**Request for Admission 96.**  Admit after Phase I Coffman believed that the poor quality and non-existent welds for Phase II could be repaired to allow a holiday free level for less than $500,000.

**Request for Admission 97.**  Admit after Phase I Brechan believed that the poor quality and non-existent welds for Phase II could be repaired to allow a holiday free level for less than $500,000.

**Request for Admission 98.**  Admit after Phase I Coffman believed that the poor quality and non-existent welds for Phase II could be repaired to allow a holiday free level for less than $600,000.

**Request for Admission 99.**  Admit after Phase I Brechan believed that the poor quality and non-existent welds for Phase II could be repaired to allow a holiday free level for less than $600,000.

**Request for Admission 100.** Admit after Phase I Coffman believed that the poor quality and non-existent welds for Phase II could be repaired to allow a holiday free level for less than $700,000.

**Request for Admission 101.** Admit after Phase I Brechan believed that the poor quality and non-existent welds for Phase II could be repaired to allow a holiday free level for less than $700,000.

**Request for Admission 102.** Admit after Phase I Coffman believed that the poor quality and non-existent welds for Phase II could be repaired to allow a holiday free level for less than $800,000.

EXHIBIT _____ 1
PAGE 58 OF 91

PLAINTIFF'S SECOND REQUESTS FOR ADMISSION TO DEFENDANT COFFMAN ENGINEERS
Case No. A03-0199CV (RRB)-- 13

**Request for Admission 103.** Admit after Phase I Brechan believed that the poor quality and non-existent welds for Phase II could be repaired to allow a holiday free level for less than $800,000.

**Request for Admission 104.** Admit after Phase I Coffman believed that the poor quality and non-existent welds for Phase II could be repaired to allow a holiday free level for less than $900,000.

**Request for Admission 105.** Admit after Phase I Brechan believed that the poor quality and non-existent welds for Phase II could be repaired to allow a holiday free level for less than $900,000.

**Request for Admission 106.** Admit after Phase I Coffman believed that the poor quality and non-existent welds for Phase II could be repaired to allow a holiday free level for less than $1,000,000.

**Request for Admission 107.** Admit after Phase I Brechan believed that the poor quality and non-existent welds for Phase II could be repaired to allow a holiday free level for less than $1,000,000.

**Request for Admission 108.** Admit Phase I of the Cargo Wharf included Bents 1-15 of the Original Cargo Wharf.

**Request for Admission 109.** Admit that on November 13, 2002 Coffman stated that lowering Swalling's level of performance in recognition of the H-pile conditions was warranted.

**Request for Admission 110.** Admit that on November 13, 2001 Coffman stated that, "Acceptable criteria shall be as follows: The modified coating acceptance criteria, is only applicable between pile elevations 119' and 116'. The acceptance criteria will be 2 or fewer holidays per lineal foot of weld; size not to exceed 1/8" diameter per holiday and cumulative length not to exceed ½" per foot weld. In case of conflict or questions in regards to acceptance of coating system, the ultimate determination of number and size of holidays will be determined by the USCG QA on-site representative".

**Request for Admission 111.** Admit that Coffman did not incorporate the November 13, 2001 foregoing language in the November 26, 2002 specification.

EXHIBIT _____ l _____
PAGE _59_ OF _91_

PLAINTIFF'S SECOND REQUESTS FOR ADMISSION TO DEFENDANT COFFMAN ENGINEERS
Case No. A03-0199CV (RRB)-- 14

**Request for Admission 112.** Admit that Brechan did not incorporate the November 13, 2001 language in the November 26, 2002 specification.

**Request for Admission 113.** Admit that on or about November 13, 2001 Coffman performed an analysis of Swalling's Surface Preparation Estimate for Bents 6-15.

**Request for Admission 114.** Admit that on or about November 13, 2001 Brechan performed an analysis of Swalling's Surface Preparation Estimate for Bents 6-15.

**Request for Admission 115.** Admit Swalling was seeking $249,432 for the additional surface preparation for Bents 6-15.

**Request for Admission 116.** Admit Coffman recalculated the cost to roughly $119,943.60 for the additional surface preparation for Bents 6-15.

**Request for Admission 117.** Admit the surface condition from Bents 16-33 was consistent with the surface conditions of Bents 1-15 of the Original Cargo Wharf.

**Request for Admission 118.** Admit that on October 30, 2001 Coffman stated in a Coffman Memorandum to Scott Bonney of the USCG ISC Kodiak "During the surface preparation inspection, after abrasive blasting, a large number of surface defects became very apparent. The majority of these surface defects are almost impossible to see without removing the old coatings and corrosion build-up. Basically, there is a lot more surface preparation required, before coating application, than anyone had anticipated".

**Request for Admission 119.** Admit that on October 30, 2001 Coffman stated in a Coffman Memorandum to Scott Bonney of the USCG ISC Kodiak "The surface defects being encountered include: weld spatter, poor weld workmanship, very rough weld profiles, weld undercutting, column splice run-off tabs and areas requiring seal welding".

**Request for Admission 120.** Admit the November 26, 2002 Project Plans and Specifications did not describe weld spatter conditions on the Original Cargo Wharf.

EXHIBIT _____1_____

PAGE __60__ OF __91__

PLAINTIFF'S SECOND REQUESTS FOR ADMISSION TO DEFENDANT COFFMAN ENGINEERS
Case No. A03-0199CV (RRB)-- 15