James B. Stoetzer, ASBA No. 7911130
Peter C. Partnow, ASBA No. 7206029
LANE POWELL LLC
301 West Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone: 907.277.9511
Facsimile: 907.276.2631

Attorneys for Coffman Engineers, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation,<br><br>        Plaintiff,<br><br> v.<br><br>FORREST J. MCKINLEY, an individual, d/b/a "Imperial Industrial Coatings" and EMERCO, INC., a California Corporation, d/b/a Imperial Industrial Coatings, BRECHAN ENTERPRISES, INC., an Alaska corporation; and SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation.<br><br>        Defendants. | Case No. 3:03-cv-00199-RRB<br><br>**DECLARATION OF PETER C. PARTNOW IN SUPPORT OF COFFMAN'S MOTIONS FOR DISCOVERY CONFERENCE AND TO SHORTEN TIME** |
| EMERCO, INC., a California corporation d/b/a Imperial Industrial Coatings, and the States for Use and Benefit of EMERCO, INC.,<br><br>  Counterclaimant/Third-Party Claimant,<br><br> v.<br><br>ABSOLUTE ENVIRONMENTAL SERVICES INC., an Alaska corporation, et al.,<br><br>  Cross-defendants/Third-Party Defendants. | |

LANE POWELL LLC
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

**LANE POWELL LLC**
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

THE UNITED STATES OF AMERICA *for the use and benefit of* ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation,

          Plaintiff,

v.

SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation.

          Defendants.

---

BRECHAN ENTERPRISES, INC., an Alaska corporation,

          Counterclaim Plaintiff,

v.

ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation,

          Counterclaim Defendant.

---

BRECHAN ENTERPRISES, INC., an Alaska corporation,

          Third-Party Plaintiff,

v.

COFFMAN ENGINEERS, INC, a Washington Corporation.

          Third-Party Defendant.

---

ABSOLUTE ENVIRONMENTAL SERVICES INC., an Alaska Corporation,

          Plaintiff/Cross-Claimant,

v.

COFFMAN ENGINEERS, INC, a Washington Corporation.

          Third-Party Defendant.

I, Peter C. Partnow, hereby declare and state under oath as follows:

1. I am one of the counsel of record for Coffman Engineers, Inc. ("Coffman") in this lawsuit.

2. I have personal knowledge of the contents of this declaration. This declaration is filed in support of Third-Party Defendant Coffman Engineers, Inc.'s motion for shortened time and underlying motion for discovery conference.

3. Exhibit 1 to this declaration includes two sets of requests for admission, totaling 730 individual requests, which has within the last few days been served by plaintiff Absolute. The first set of 390 requests for admission was propounded not only to Coffman but also to Brechan, Forrest J. McKinley, and Emerco, Inc. The second set of 340 requests for admission was propounded to both Coffman and to Brechan.

4. In my experience practicing in both Alaska state courts and before the United States District Court for the District of Alaska, I have never seen such an extensive and burdensome set of requests for admission. Even in very complex, multi-party cases involving substantially larger amounts of money than are involved in the instant litigation, I have never seen any party pursue anything even remotely approaching the number of requests for admission which Absolute has now propounded. Invariably, for instance, with regards to documents, as part of marking exhibits for trial, the parties waive objections to authenticity except in those rare cases where an issue truly does exist with regards to one or more documents. I have dealt with numerous cases with literally thousands of documents, and never seen issues regarding authenticity with regards to more than a handful of documents. There is simply no reason to require that all parties admit the authenticity of thousands of pages of documents when, as here, it is not at all clear which documents will actually be included on the parties' exhibit lists and there is no reason to believe that significant disputes over authenticity will arise.

5. Exhibit 2 is the notice for the deposition of Ralph "Tom" Puett. Mr. Puett was the individual on behalf of Absolute's coatings subcontractor, Imperial, who was most responsible for preparing the cost estimates for performing the work, for inspecting the site in order to prepare the cost estimate, and for performing and supervising the coating work which was actually performed on

LANE POWELL LLC
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511 Facsimile 907.276.2631

the cargo wharf during Phase II of the project by Imperial. Mr. Puett was deposed over the course of two days in November of 2004, at least in part as a 30(b)(6) deponent. I attended that deposition on behalf of Coffman. Prior to my having the opportunity to ask any questions of Mr. Puett, counsel for Imperial, Mr. Brown, summarily announced that the deposition was concluded and that no further questioning would be permitted. I placed on the record that Coffman had not yet had the opportunity to question Mr. Puett and that Coffman did have the right to question Mr. Puett. Exhibit 3 is a true and correct copy of an excerpt from that Puett deposition.

It should also be noted that the November deposition of Mr. Puett occurred many months prior to Absolute having amended its complaint to assert claims against Coffman and Brechan regarding alleged unforeseen site conditions encountered about which Coffman and Brechan allegedly had superior knowledge. Thus Mr. Puett, an individual who should be intimately familiar with the site conditions which were actually encountered while performing the work, has not yet been questioned regarding the assertions made by Absolute in its amended pleadings.

6.   Exhibit 4 consists of the notification received from counsel indicating that Mr. Puett would not be made available for deposition, even though his deposition was scheduled at a time when counsel had indicated availability and even though Mr. Puett has never been subject to questioning by counsel for Coffman or questioning by anyone with regards to the new claims which Absolute raised subsequent to Mr. Puett's initial deposition.

7.   Exhibit 5 is the notice for the continuation of the 30(b)(6) deposition of the damages witness of Absolute. Exhibit 6 is a notification which has been received from counsel for Absolute indicating that Absolute's designated 30(b)(6) witness regarding Absolute's claimed damages, Mr. Dave Olson, will not be made available for deposition because he has already been deposed extensively.

It should also be noted, even putting aside the 30(b)(6) issue, a number of witnesses have already been deposed or been made available for deposition for more than the seven hours provided in the rules in light of the multiparty nature of this litigation and the fact that new issues were added to the case during the summer of 2005. By way of example, Coffman has indicated it made its employee Jerry Hardenbergh available for further deposition, even though he was already

**LANE POWELL LLC**
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

**Declaration of Peter C. Partnow in Support of Coffman's Motions for Discovery Conference and to Shorten Time**
*Absolute Envtl. Servs., Inc. v. Forrest McKinley, et al.* (Case No. 3:03-cv-00199-RRB)                                Page 4 of 5

deposed for a full day, since not all of the parties had the opportunity to question Mr. Hardenbergh and since Mr. Hardenbergh likely has discoverable information relevant to the new claims which were asserted by Absolute after Mr. Hardenbergh's initial deposition.

7. The documents referred to in Absolute's first, extensive set of 390 requests for admission were all given document designation numbers by Absolute as "KEY XXXXX." Most, if not all of these documents have previously been produced and assigned a production number which identifies the party which produced them. Exhibit 7 is an example of one such document which was produced by Coffman with a Coffman production number

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED at Anchorage, Alaska this 25th day of April, 2006.

Peter C. Partnow

I certify that on April 25, 2006, a copy of the foregoing was served by ECF on:

William R. Baerg, baerg@mmlawyers.com
Eric J. Brown, ebrown@jdolaw.com
Robert J. Dickson, acgecf@acglaw.com
Patrick J. Duffy, duffy@mmlawyers.com
Jami K. Elison, jamie@mhf-law.com
Michael E. Kreger, mkreger@perkinscoie.com
Terry R. Marston, terry@mhf-law.com
James B. Stoetzer, stoetzerj@lanepowell.com

and by mail on:

Paul J. Nangle, Paul J. Nangle & Associates
101 Christensen Dr, Anchorage, AK 99501

s/Peter C. Partnow

011680.0076/154860.1

LANE POWELL LLC
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631