Terry R. Marston, *pro hac vice,* terry@mhf-law.com
Jami K. Elison, *pro hac vice,* jamie@mhf-law.com
MARSTON HEFFERNAN FOREMAN, PLLC
16880 N.E. 79th Street
Redmond, Washington  98052
(425) 861-5700

PAUL J.  NANGLE & ASSOCIATES
Kerry Building
101 Christensen Drive
Anchorage, Alaska  99501
Telephone:  (907) 274-8866

Attorney for Plaintiff ABSOLUTE ENVIRONMENTAL SERVICES, INC.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, <br><br> Plaintiff, <br><br> vs. <br><br> FORREST J. MCKINLEY, an individual, d/b/a "Imperial Industrial Coatings" and EMERCO, INC., a California Corporation, d/b/a Imperial Industrial Coatings, BRECHAN ENTERPRISES, INC., an Alaska corporation; and SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation. <br><br> Defendants. | Case No.: A03-0199CV (RRB) <br><br><br><br><br> **ABSOLUTE'S MOTION FOR A PROTECTIVE ORDER FOR DAVE OLSON** |
| EMERCO, INC., a California corporation d/b/a Imperial Industrial Coatings, and the States for Use and Benefit of EMERCO, INC., <br><br> Counterclaimant/Third-party Claimant, <br><br> v. <br><br> ABSOLUTE ENVIRONMENTAL SERVICES INC., an Alaska corporation, et al., <br><br> Cross-defendants/Third-party Defendants. | |

| | |
|---|---|
| THE UNITED STATES OF AMERICA *for the use and benefit of* ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, | ) ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation. | ) ) ) |
| Defendants. | ) ) |

| | |
|---|---|
| BRECHAN ENTERPRISES, INC., an Alaska corporation, | ) ) ) |
| Counterclaim Plaintiff, | ) |
| vs. | ) ) |
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, | ) ) ) |
| Counterclaim Defendant. | ) |

| | |
|---|---|
| BRECHAN ENTERPRISES, INC., an Alaska corporation, | ) ) ) |
| Third-Party Plaintiff, | ) |
| vs. | ) ) |
| COFFMAN ENGINEERS, INC, a Washington Corporation. | ) ) ) |
| Third-Party Defendant. | ) ) |

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES INC., an Alaska Corporation, | ) ) ) |
| Plaintiff/Cross-claimant, | ) |
| vs. | ) ) |
| COFFMAN ENGINEERS, INC, a Washington Corporation. | ) ) ) |
| Third-Party Defendant. | ) ) |

ABSOLUTE'S MOTION FOR A PROTECTIVE ORDER FOR DAVE OLSON
Case No. A03-0199CV (RRB)-- 2

## I.  RELIEF REQUESTED

Plaintiff Absolute Environmental Services, Inc. ("AESI") respectfully requests this Court to enter a protective order that Dave Olson may not be deposed again in this matter, and that parties may not use Rule 30(b)(6) as a vehicle to subject Dave Olson to further deposition.

## II.  ISSUE

A court may make any order which justice requires to protect a party from undue burden or expense.  Brechan would like to continue a 30(b)(6) deposition of Dave Olson even though he has already been deposed on five separate occasions (four times in his individual capacity and once in his capacity as 30(b)(6) designee of AESI).  Should this Court issue a protective order ruling that Dave Olson will not be subject to further depositions in this matter?

## III.  EVIDENCE RELIED UPON

AESI relies on the files and records herein and the accompanying declaration of Jami K. Elison, with exhibits attached.

## IV.  FACTS

Dave Olson has been deposed in this matter on five separate occasions.  Mr. Olson was deposed in his individual capacity on March 7, 2005, March 8, 2005, February 13, 2006, and March 30, 2006 and in his capacity as 30(b)(6) designee of AESI on March 30, 2006.

## V.  AUTHORITY

It will be an abuse of Civil Rule 30(b)(6) to allow parties in this action to use that to subject Dave Olson to continuing depositions.

**A.    Civil Rule 30(b)(6)**

Civil Rule 30(b)(6) states:

A party may in the party's notice and in a subpoena name as the deponent a public or private corporation or a partnership or association or governmental agency and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters known on which the person will testify. A subpoena shall advise a non-party organization of its duty to make such a designation. The persons so designated shall testify as to matters known or reasonably available to the organization. This subsection (b)(6) does not preclude taking a deposition by any other procedure authorized in these rules.

The Federal Civil Rule 30(b)(6) was enacted in 1970. In explaining the "reach of Rule 30(b)(6)," the United States Court of Appeals for the Fifth Circuit stated:

Rule 30(b)(6) was designed as an optional discovery device to supplement "the existing practice whereby the examining party designates the corporate [or agency] official to be deposed." Advisory Committee Notes to Rule 30(b)(6), 48 F.R.D. at 515.

*Cates v. LTV Aerospace Corp.*, 480 F.2d 620, 623 (5th Cir. 1973).

Another federal court stated:

Prior to the 1970 Amendment to Rule 30(b)(6), the procedure for taking the deposition of a corporation was to name the corporate official to be deposed on behalf of the corporation.

*Mitsui & Co. (U.S.A.), Inc. v. Puerto Rico Water Resources Authority*, 93 F.R.D. 62, 64 (D. P.R. 1981).

The *Cates* court explained the purpose for the change in practice:

The purposes of the amendment were states as (1) reducing the difficulty in determining whether a person deposed is a managing agent, (2) curbing the "bandying" by which various officers of a corporation are deposed, in turn, but each disclaims knowledge of facts that are clearly known by someone in the organization, (3) protecting the corporation or agency by eliminating unnecessary and unproductive depositions. Advisory Committee Notes to Rule 30(b)(6), 48 F.R.D. at 515.

480 F.2d at 623. The change in process of who designates the corporate deponent did not otherwise alter existing law and did <u>not</u> create a conceptually isolated type of deposition. However, Brechan is attempting to use the rule as a means of continuing to subject Dave Olson to depositions and other parties might attempt the same gambit. This Court should prevent that from happening.

**B.**     **Dave Olson of Absolute is entitled to a protective order preventing cumulative depositions.**

Courts have confirmed that the procedural change in who designates corporate deponents did not abrogate the existing practices and did not create a distinctly different type of deposition. The United States Court of Appeals for the First Circuit stated:

> Moreover, the Advisory Committee notes accompanying the amendment to Rule 30 which created the 30(b)(6) procedure make it clear that the device 'supplements the existing practice whereby the examining party designates the corporate official to be deposed.'

*Atlantic Cape Fisheries v. Hartford Fire Ins. Co.*, 509 F.2d 577, 579 (1st Cir. 1975) (holding that deposition requirements do not vary for a corporation's managing agent depending on whether the deposition was denominated as under 30(b)(6) or otherwise). Brechan's reconvening of a 30(b)(6) deposition and continuing to depose Dave Olson shows that Brechan considers a 30(b)(6) deposition to be a unique form of deposition. Brechan now, and conceivably Coffman or other parties soon, creates this formalistic distinction to have multiple "bites at the apple."

Granting a protective order to prevent cumulative depositions under the form of 30(b)(6), a federal district court stated:

> The Court can limit discovery if the parties seek duplicative or cumulative information, [and] had ample time to get the information,
>
> ***

Novartis contends that it has the right to depose Dr. Norton in an official capacity, even though he has already been deposed in an individual capacity.

\*\*\*

The Court finds that Dr. Norton is the most knowledgeable witness in the subject area and would have been the designee for a 30(b)(6) deposition. Novartis has obtained over eighty pages of testimony and the Court concludes that another deposition of Dr. Norton would be cumulative to the testimony already procured. Accordingly the Court will deny Novartis' motion to compel the deposition of a 30(b)(6) designee ....

*Novartis Pharmaceuticals Corp. v. Abbott Laboratories*, 203 F.R.D. 159, 162-63 (D. Del. 2001).

This Court should read the same conclusion and protect Dave Olson from further deposition.

It is common knowledge that Dave Olson is the individual AESI would designate for virtually every 30(b)(6) subject the parties might articulate. Under 30(d)(2) depositions are anticipated for one day, "a deposition is limited to one day of seven hours." Dave Olson has already participated in a 30(b)(6) deposition date and four full days of total deposition. AESI and Dave Olson have fully complied with discovery obligations.

## VI.  CONCLUSION

For the foregoing reasons, AESI requests the Court enter a protective order ruling that Dave Olson may not be deposed again in this matter, and that parties may not use Rule 30(b)(6) as a vehicle to depose Dave Olson.

DATED this 26th day of April, 2006.

MARSTON HEFFERNAN FOREMAN, PLLC

By _____
Terry R. Marston II, WSBA No. 14440
Jami K. Ellson,   WSBA No. 31007
Attorneys for Plaintiff Absolute Environmental
Service, Inc.

## CERTIFICATE OF SERVICE

The undersigned certifies under penalty of perjury, under the laws of the State of Washington that I am now and at all times herein mentioned, a resident of the State of Washington, over the age of 18 years, not a party to or interested in the above-entitled action, and competent to be a witness herein.

On the date given below, a true and correct copy of the following:

1. ABSOLUTE'S MOTION FOR A PROTECTIVE ORDER FOR DAVE OLSON;
2. DEPOSITION OF JAMI ELISON IN SUPPORT OF MOTION FOR PROTECTIVE ORDER;
2. [Proposed] ORDER GRANTING MOTION FOR PROTECTIVE ORDER

were electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| James B. Stoetzer<br>Lane Powell Spears Lubersky<br>1420 Fifth Avenue, Suite 4100<br>Seattle, WA 98101<br>*Atty for Coffman* | Jacob Nist<br>Perkins Coie, LLP<br>1029 West Third Avenue, Suite 300<br>Anchorage, AK 99501<br>*Atty for Brechan and Safeco* |
| Robert J. Dickson<br>Atkinson, Conway & Gagnon, Inc.<br>420 L Street, Suite 500<br>Anchorage, AK 99501<br><br>*Atty for Specialty Polymer Coatings* | Peter Partnow<br>Lane Powell Spears Lubersky<br>301 W. Northern Lights Boulevard<br>Suite 301<br>Anchorage, Alaska 99503<br>*Atty for Coffman* |
| Eric J. Brown, Esq.<br>Jermain Dunnagan & Owens, P.C.<br>3000 A Street, Suite 300<br>Anchorage, AK 99503-4097<br>*Atty for Forrest McKinley and Emerco* | Mr. William Baerg<br>Patrick Duffy<br>Monteleone & McCrory, LLP<br>725 South Figueroa Street, Suite 3750<br>Los Angeles, CA 90017-5446<br>*Atty for Forrest McKinley and Emerco* |

SIGNED at Redmond, Washington this __26th__ day of April, 2006.

Kristy L. Martyn