James B. Stoetzer, ASBA No. 7911130
Peter C. Partnow, ASBA No. 7206029
Lane Powell LLC
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Tel: 907-277-9511
Fax: 907-276-2631
StoetzerJ@LanePowell.com
PartnowP@LanePowell.com

Attorneys for Third-Party Defendant
Coffman Engineers, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska corporation,<br><br>         Plaintiff,<br><br>v.<br><br>FORREST J. McKINLEY, an individual, d/b/a "Imperial industrial Coatings"; and EMERCO, INC., a California corporation, d/b/a Imperial Industrial Coatings; BRECHAN ENTERPRIESES, INC., an Alaska corporation; and SAFECO INSURANCE COMPANY OF AMERICA, a Washington corporation,<br><br>         Defendants. | Case No. A03-199 CV (RRB) |
| EMERCO, INC., a California corporation d/b/a Imperial Industrial Coatings, and the United States for the Use and Benefit of EMERCO, INC.,<br><br>  Counterclaimant/Third-Party Claimant,<br><br>v.<br><br>ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska corporation, et al.,<br><br> Cross-Defendants/Third-Party Defendants. | **COFFMAN ENGINEERS, INC.'S REPLY TO OPPOSTION OF DEFENDANTS MCKINLEY AND EMERCO TO COFFMAN'S MOTION TO AMEND CASE SCHEDULE AND RESET TRIAL DATE AND FOR DISCOVERY CONFERENCE** |

LANE POWELL, LLC
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

**LANE POWELL LLC**
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511 Facsimile 907.276.2631

| | |
|---|---|
| THE UNITED STATES OF AMERICA for the use and benefit of ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska corporation, | |
| Plaintiff, | |
| v. | |
| SAFECO INSURANCE COMPANY OF AMERICA, a Washington corporation, | |
| Defendant. | |
| BRECHAN ENTERPRISES, INC., an Alaska corporation, | |
| Counterclaim Plaintiff, | |
| v. | |
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska corporation, | |
| Counterclaim Defendant. | |
| BRECHAN ENTERPRISES, INC., an Alaska corporation, | |
| Third-Party Plaintiff, | |
| v. | |
| COFFMAN ENGINEERS, INC., a Washington corporation, | |
| Third-Party Defendant. | |
| ABSOLUTE ENVIRONMENTAL SERVICES INC., an Alaska Corporation, | |
| Plaintiff/Cross-Claimant, | |
| v. | |
| COFFMAN ENGINEERS, INC., a Washington Corporation, | |
| Third-Party Defendant. | |

Coffman Engineers, Inc.'s Reply to Opposition of Defendants McKinley and Emerco to Coffman's Motion to Amend Case Schedule and Reset Trial Date and for Discovery Conference
*Absolute Envtl. Servs., Inc. v. Forrest McKinley, et al. (Case No. A03-0199 CV (RRB))*     Page 2 of 10

## I. INTRODUCTION

Third party defendant Coffman Engineers, Inc. ("Coffman") submits this brief in reply to the opposition brief filed by defendants Forrest J. McKinley and Emerco, Inc. (hereinafter collectively "Emerco") to Coffman's Motion to Amend the Case Schedule and to Reset the Trial Date, and its Motion for a Discovery Conference.

## II. REPLY TO EMERCO'S OPPOSITION TO MOTION TO AMEND CASE SCHEDULE AND RESET TRIAL DATE

Contrary to Emerco's argument, this motion, and the need to amend the case schedule and reset the trial date, is not the result of any foot dragging or dilatory conduct by any party or attorney. This motion was not necessitated because Coffman "failed to diligently conduct discovery and simply wants more time" as Emerco contends. In fact, a more comprehensive timeline of significant events than that provided by Emerco reveals unequivocally that Emerco's argument in this regard is without merit:

> August 29, 2003 - Absolute files its complaint against the Emerco defendants.
>
> November 26, 2003 - Absolute amends its complaint to allege alter ego claims.
>
> December 9, 2003 – Emerco defendants answer Absolute's complaint, assert a counterclaim and file a third-party complaint against Coffman, Brechan, SPC and Safeco. Emerco's claim against Coffman alleges only that it was involved in a conspiracy to cause economic damage and interfere in Emerco's performance of its contract.
>
> February 20, 2004 - Court enters scheduling and planning order and sets discovery cutoff date of January 21, 2005.
>
> August 12, 2004 - First deposition notices are issued; however, they relate only to records depositions of Kodiak Rental Center, Business Insurance Associates and Polar Supply.
>
> September 29, 2004 – First substantive deposition is notice issued – for Tom Puett.
>
> January 2005 – Emerco defendants agree to dismissal, with prejudice of Coffman and Brechan.

**LANE POWELL LLC**
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

Coffman Engineers, Inc.'s Reply to Opposition of Defendants McKinley and Emerco to Coffman's Motion to Amend Case Schedule and Reset Trial Date and for Discovery Conference
*Absolute Envtl. Servs., Inc. v. Forrest McKinley, et al. (Case No. A03-0199 CV (RRB))*   Page 3 of 10

<mark>
</mark>

May 2005 – Absolute receives the Court's permission to add Brechan back in as a party defendant, alleging that Brechan possessed "superior knowledge" regarding existing conditions of the project site.

September 6, 2005 – Brechan serves Coffman with its third-party complaint in which it alleges that it is entitled to indemnification from Coffman.

September 15, 2005 – The Court holds its trial setting conference. Coffman had been served only nine days previously. The Court sets a May 22, 2006 discovery cutoff and a July 24, 2006 trial date.

October 12, 2005 – Coffman files its motion to dismiss Brechan's third-party complaint.

November 14, 2005 – Absolute files and serves its cross-claim against Coffman.

November 28, 2005 – Coffman files its motion to dismiss Absolute's cross-claim.

January 30, 2006 – The Court issued its order denying Coffman's motions to dismiss the Brechan and Absolute claims.

September 2005 to February 8, 2006 – No depositions taken.

January 25, 2006 – Coffman's lead trial counsel Stoetzer has a significant medical incident.

January 25, 2006 through March 25, 2006 – Stoetzer on restricted activity.

March 2006 – the parties identify over 90 potential trial witnesses in their respective witness disclosures.

The foregoing timeline demonstrates that no one, especially not Coffman's counsel, has been sitting on their hands. Additionally, it is simply unreasonable and unrealistic to suggest, as Emerco has done, that Coffman should have been engaging in discovery while its motions to dismiss were pending. It certainly made no sense to expend time and resources pursuing discovery if, as Coffman believed, its motion to dismiss was well taken. Further, since none of the other parties attempted to take depositions or propound paper discovery to Coffman while the motions to dismiss were pending, it can hardly be suggested that Coffman interfered with or delayed discovery during that period of time.

LANE POWELL LLC
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

Emerco's argument that this case has been pending for over two and a half years utterly ignores the fact that Coffman was dismissed from this case in early February 2005, and that Absolute's new claims against Coffman were not filed until mid-November 2005. Thus, while Emerco's claims against Absolute have been pending for two and a half years, the Absolute claims against Coffman have only been pending for slightly over five months.

Emerco also argues that Coffman has failed to identify any projects in which it will be engaged during the currently set trial, which falls squarely within the limited "construction season" available in Alaska. For Emerco's edification and to further inform the Court, Coffman provides the following description of projects in which it is involved and the work it must perform in the upcoming season. First, it must be noted that out of technical necessity, much of Coffman's corrosion engineering work <u>must</u> be completed during the summer months. Much of the survey and inspection work can only be done when the ground is not frozen and pipelines, tanks, and other installations are accessible. Consequently, the summer season is always the busiest time of year for Coffman's corrosion engineers. Below is a partial list of Coffman's clients and projects that Coffman is under contract to perform this summer. This is not an exhaustive list, but represents the significant backlog of work Coffman <u>must</u> complete this summer season.

- Tesoro Alaska and Tesoro Pipelines - cathodic protection surveys, pipelines and storage tanks
- Flint Hills Refinery - cathodic protection surveys, pipelines
- Chevron Oil Company - cathodic protection surveys and pipeline integrity management inspections
- Port of Anchorage - cathodic protection surveys and systems maintenance
- Conoco Phillips Oil Company - cathodic protection surveys

**LANE POWELL LLC**
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

- Anchorage Water and Wastewater Utility (AWWU) - corrosion engineering and inspections during construction
- Forest Oil Company - corrosion engineering and pipeline integrity management inspections
- Elmendorf Air Force Base - cathodic protection surveys and systems maintenance
- Alaska Department of Environmental Conservation (ADEC) - corrosion engineering monitoring and spill review
- Marathon Oil Company - corrosion engineering and construction support
- British Petroleum (BP) - corrosion engineering and inspection support

These clients/projects alone represent over 5000 manhours of required corrosion engineering, the vast majority of which must be completed during this summer's season. With Coffman's limited corrosion engineering staff, any disruption to the availability of their corrosion engineers to perform this work will not only be financially devastating to Coffman, but will have far reaching effects on the clients listed above. Much of this work is driven by Federal mandates, particularly annual inspections of regulated pipelines and facilities. These clients rely on Coffman to complete this work and meet the timelines dictated by the Federal regulation. If these inspections are not completed timely, the Owners could fall out of compliance and could be subject to punishment and fines, both civil and criminal.

Emerco also argues that Coffman should focus on the "likely" or "probable" witnesses that need to be deposed. This argument may be based on Emerco's failure to participate in the conference call recently held among counsel for all of the other parties, in which it was revealed that it is "likely" that more than 20 additional fact and expert witnesses remain to be deposed. This argument also contradicts the indication from Emerco's Alaska counsel in his April 11, 2006 telephone call to Coffman's Alaska counsel indicating that

**LANE POWELL LLC**
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

Emerco intended to depose eight named witnesses, most of whom are experts, (Michael Lembke, Jeremy Hailey, Skip Vernon, William Partin, Webb Chandler, Robert Dunn, Stephen Ross and Dan Stears) as well as the USCG witnesses that can be secured for depositions. It was not until more recently that Emerco's counsel apparently changed their collective mind and indicated that they will take no further depositions.

Unfortunately, the problems surrounding the July 24 trial date cannot be resolved simply by extending the trial date but not the discovery cutoff date as Emerco suggests. As noted above and in Coffman's motion, there is simply no way to complete the remaining fact and expert witness depositions before the discovery cutoff. This is especially true in light of the lack of cooperation being exhibited by counsel for the United States Coast Guard and by Imperial's stated refusal to produce Tom Puett for further deposition testimony. Additionally, expert witness discovery has been further complicated by the fact that the case schedule required that all expert reports be provided on the same date (March 21, 2006), which was prior to the completion of all factual discovery. Because significant factual discovery remains to be completed, it is a virtual certainty that most, if not all, expert reports will require supplementation. Moreover, because the experts hired by defendants Brechan and Coffman have had limited information and few reports to respond to, their rebuttal reports will also require supplementation. For example, Absolute's primary liability expert to support its claim against Coffman is Jeremy Hailey. Coffman's expert is Bill Mott. Mr. Mott prepared his report in time for the March 21, 2006 disclosure deadline. Prior to that date, Mr. Mott did not have the benefit of a report setting forth Mr. Hailey's conclusions or opinions. Mr. Mott must now supplement his report to address the opinions and conclusions reached by Mr. Hailey. However, that supplementation must await the completion of fact discovery.

LANE POWELL LLC
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

In summary, Emerco's opposition to Coffman's motion ignores the fact that while the claims between Absolute and Emerco have been pending for two and a half years, Absolute's current claims against Coffman have only been pending for slightly over five months. Moreover, Coffman has moved diligently and reasonably in its approach to discovery in this matter. Unfortunately, circumstances unfolded in such a way as to present significant impediments to the completion of discovery by the currently set discovery cutoff, again, through no fault of any party or counsel. Coffman respectfully requests that its Motion to Amend the Case Schedule and Reset the Trial Date be granted.

### III. REPLY TO EMERCO'S OPPOSITION TO COFFMAN'S MOTION FOR DISCOVERY CONFERENCE

Emerco's primary opposition to Coffman's motion for a discovery conference is the result of what was perhaps inartful drafting on the part of Coffman's counsel. It was not, and is not, Coffman's intention for the Court to enter an order allowing a further 24 hours of deposition time for Mr. Puett or any other witness. It was our intent to obtain an additional six hours to redepose witnesses with regard to issues raised by Absolute's new claims against Coffman.

Emerco's opposition to this motion continues to ignore the fact that new claims have been asserted, and new issues have arisen, due to Absolute's filing in mid-November 2005 of its cross-claim against Coffman. Consequently, even if Coffman's counsel did have an opportunity to ask Mr. Puett questions during his previous depositions, those questions did not, and could not have, related to claims that had not been asserted and issues that had not yet arisen. Coffman should be allowed to question Mr. Puett regarding these claims and issues. Consequently, Coffman respectfully requests that the Court enter an order allowing Coffman to redepose Mr. Puett.

Coffman Engineers, Inc.'s Reply to Opposition of Defendants McKinley and Emerco to Coffman's Motion to Amend Case Schedule and Reset Trial Date and for Discovery Conference
*Absolute Envtl. Servs., Inc. v. Forrest McKinley, et al. (Case No. A03-0199 CV (RRB))*   Page 8 of 10

LANE POWELL LLC
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

Similarly, Coffman's request extends to a similar "ground rule" being extended for the benefit of all parties. By way of example, Absolute has repeatedly indicated its desire to depose Jerry Hardenbergh, even though Mr. Hardenbergh has already been extensively deposed prior to the new Absolute claims being asserted. Absolute's request to depose Mr. Hardenbergh is reasonable, and has not been opposed by Coffman. However, it would be entirely unreasonable to allow Mr. Hardenbergh to be redeposed, but not to allow other important witnesses, such as Mr. Puett, to also be redeposed with regards to new issues.

DATED this 28th day of April, 2006.

LANE POWELL LLC
Attorneys for Coffman Engineers, Inc.


By  s/ James B. Stoetzer
    James Stoetzer, ASBA No. 7911130
    Peter C. Partnow, ASBA No. 7206029
    301 W. Northern Lights Blvd., Suite 301
    Anchorage, Alaska 99503-2648
    Tel: 907-277-9511
    Fax: 907-276-2631
    Email: StoetzerJ@LanePowell.com
    Email: PartnowP@LanePowell.com

**LANE POWELL LLC**
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

Coffman Engineers, Inc.'s Reply to Opposition of Defendants McKinley and Emerco to Coffman's Motion to Amend Case Schedule and Reset Trial Date and for Discovery Conference
*Absolute Envtl. Servs., Inc. v. Forrest McKinley, et al. (Case No. A03-0199 CV (RRB))*    Page 9 of 10

I certify that on April 28, 2006, a copy
of the foregoing was served on:

Paul J. Nangle, Paul J. Nangle & Associates
101 Christensen Dr, Anchorage, AK 99501

Terry R. Marston II
Marston Heffernan & Foreman
16880 NE 79th St., Redmond, WA 98052

Eric J. Brown, Jermain, Dunnagan & Owens
3000 A St., Ste. 300, Anchorage, AK 99503

Jacob Nist, Perkins Coie
1029 W 3rd Ave, Ste 300, Anchorage, AK 99501

Robert J. Dickson, Atkinson, Conway & Gagnon
420 L St, Ste 500, Anchorage, AK 99501-1924

William R. Baerg, Monteleone & McCrory
725 S. Figueroa St., Ste 3750, Los Angeles, CA 90017

s/Alisa R. Flabel

011680.0076/154903.1

**LANE POWELL LLC**
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631