Terry R. Marston, *pro hac vice,* terry@mhf-law.com
Jami K. Elison, *pro hac vice,* jamie@mhf-law.com
MARSTON HEFFERNAN FOREMAN, PLLC
16880 N.E. 79th Street
Redmond, Washington 98052
(425) 861-5700

PAUL J. NANGLE & ASSOCIATES
Kerry Building
101 Christensen Drive
Anchorage, Alaska 99501
Telephone: (907) 274-8866

Attorney for Plaintiff ABSOLUTE ENVIRONMENTAL SERVICES, INC.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>FORREST J. MCKINLEY, an individual, d/b/a "Imperial Industrial Coatings" and EMERCO, INC., a California Corporation, d/b/a Imperial Industrial Coatings, BRECHAN ENTERPRISES, INC., an Alaska corporation; and SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation.<br><br>Defendants. | Case No.: A03-0199CV (RRB)<br><br><br><br>**ABSOLUTE'S RESPONSE TO COFFMAN'S MOTION FOR DISCOVERY CONFERENCE** |
| EMERCO, INC., a California corporation d/b/a Imperial Industrial Coatings, and the States for Use and Benefit of EMERCO, INC.,<br><br>Counterclaimant/Third-party Claimant,<br><br>v.<br><br>ABSOLUTE ENVIRONMENTAL SERVICES INC., an Alaska corporation, et al.,<br><br>Cross-defendants/Third-party Defendants. | |

ABSOLUTE'S RESPONSE TO COFFMAN'S MOTION FOR DISCOVERY CONFERENCE
Case No. A03-0199CV (RRB)-- 1

| | |
|---|---|
| 1 | THE UNITED STATES OF AMERICA *for the use and benefit of* ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, ) ) ) ) ) |
| 2 | |
| 3 | |
| 4 | Plaintiff, ) ) vs. ) |
| 5 | ) |
| 6 | SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation. ) ) ) |
| 7 | Defendants. ) ) |
| 8 | |
| 9 | BRECHAN ENTERPRISES, INC., an Alaska corporation, ) ) ) |
| 10 | Counterclaim Plaintiff, ) ) |
| 11 | vs. ) ) |
| 12 | ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, ) ) ) |
| 13 | Counterclaim Defendant. ) |
| 14 | BRECHAN ENTERPRISES, INC., an Alaska corporation, ) ) |
| 15 | ) |
| 16 | Third-Party Plaintiff, ) vs. ) |
| 17 | COFFMAN ENGINEERS, INC, a Washington Corporation. ) ) ) |
| 18 | Third-Party Defendant. ) ) |
| 19 | ABSOLUTE ENVIRONMENTAL SERVICES) |
| 20 | INC., an Alaska Corporation, ) ) |
| 21 | Plaintiff/Cross-claimant, ) vs. ) |
| 22 | ) |
| 23 | COFFMAN ENGINEERS, INC, a Washington Corporation. ) ) ) |
| 24 | Third-Party Defendant. ) ) |
| 25 | |
| 26 | |

ABSOLUTE'S RESPONSE TO COFFMAN'S MOTION FOR DISCOVERY CONFERENCE
Case No. A03-0199CV (RRB)-- 2

## OPPOSITION

Coffman Engineering, Inc.'s ("Coffman") motion and memorandum in support of a discovery conference raises concerns over efficiency and timeliness <u>shared</u> by Absolute Environmental Services.

Absolute does not foresee a problem resolving the "Key" markings. If they are in any way offensive, they can be removed. The markings are merely for ease of reference in discovery as they have also been supplied to and used by Absolute's retained expert witnesses. No action is necessary to resolve what will otherwise be resolved at the time the parties stipulate to the exhibit list.

Absolute is confident the standard motion practice protects each party's procedural rights to discovery and, as importantly, protects each party's resources from being abused. Coffman's proposed blanket order of access to witnesses is improper, unnecessary, unsupported by law and beyond the discovery protections and rules already in place. Coffman feigns unfairness now and under declaration states its willingness to make Jerry Hardenbergh available for deposition, but the record demonstrates otherwise (Absolute subpoenaed Mr. Hardenbergh to be deposed long ago. Coffman moved to quash that subpoena because it had sent him home to West Virginia. They also objected to taking the deposition in West Virginia.) A new order to "facilitate" discovery should not be issued.

Absolute's first set of Requests for Admission regarding authenticity simplifies, accelerates and economizes on the selection process of documents for trial. Contrary to Coffman's assertion, it will <u>not</u> be cumbersome or time consuming to simply Admit or Deny the authenticity of these documents. Absolute has provided copies of each of the documents in question. If the document is not authentic, or is unfamiliar to the party being asked to admit its

authenticity it may simply deny it. The task of determining which documents are believed by Brechan or Coffman to be authentic is best determined by Brechan or Coffman, not by Absolute. Coffman argues that the parties "usually" just waive objections to the authenticity of documents and contest only those genuinely in dispute. Absolute cannot rely on Coffman's invitation that it simply trust Coffman will be cooperative. Unfortunately, that has not been Absolute's experience thus far. Absolute has therefore elected to use the most economical means it can determine to obtain the authentication its entitled to. The other option would be a records deposition that would be hugely expensive, inconvenient and time consuming for all parties, including Coffman itself.

The second set of Requests for Admission further the process of narrowing issues for trial. If the defendants genuinely Admit or Deny the assertions made, many days can be shed from the trial by allowing the parties to focus solely on facts that are genuinely disputed. Again, requests for admission are a far more economical means of establishing facts that can be established, rather than taking up the time of this Court and our jury proving undisputed facts.

The Requests for Admission may be numerous, but they are not burdensome and will certainly detract from other discovery. They will enable parties to abbreviate discovery by isolating those facts that are genuinely disputed. This was the original aim of the creation of the discovery process. Absolute has elected to use Requests for Production as an alternative to more expensive and far less productive depositions. This is both timely and cost effective for all parties. Under no circumstances should Requests for Admission be limited to 50 requests per party.

Absolute respectfully requests this court deny the motion to relieve parties from responding to Absolute's proper Requests for Admission.

1

2    DATED this 26th day of April, 2006.

3

4                                    MARSTON HEFFERNAN FOREMAN, PLLC

5

6    By _____
     Terry R. Marston II, WSBA No. 14440
7    Jami K. Elison,  WSBA No. 31007
     Attorneys for Plaintiff Absolute Environmental
     Service, Inc.

## CERTIFICATE OF SERVICE

The undersigned certifies under penalty of perjury, under the laws of the State of Washington that I am now and at all times herein mentioned, a resident of the State of Washington, over the age of 18 years, not a party to or interested in the above-entitled action, and competent to be a witness herein.

On the date given below, a true and correct copy of the following:

1. ABSOLUTE'S RESPONSE TO COFFMAN'S MOTION RE DISCOVERY CONFERENCE;

2. [Proposed] ORDER DENYING COFFMAN'S MOTION RE DISCOVERY CONFERENCE

were electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| James B. Stoetzer<br>Lane Powell Spears Lubersky<br>1420 Fifth Avenue, Suite 4100<br>Seattle, WA 98101<br>*Atty for Coffman* | Jacob Nist<br>Perkins Coie, LLP<br>1029 West Third Avenue, Suite 300<br>Anchorage, AK 99501<br>*Atty for Brechan and Safeco* |
| Robert J. Dickson<br>Atkinson, Conway & Gagnon, Inc.<br>420 L Street, Suite 500<br>Anchorage, AK 99501<br><br>*Atty for Specialty Polymer Coatings* | Peter Partnow<br>Lane Powell Spears Lubersky<br>301 W. Northern Lights Boulevard<br>Suite 301<br>Anchorage, Alaska 99503<br>*Atty for Coffman* |
| Eric J. Brown, Esq.<br>Jermain Dunnagan & Owens, P.C.<br>3000 A Street, Suite 300<br>Anchorage, AK 99503-4097<br>*Atty for Forrest McKinley and Emerco* | Mr. William Baerg<br>Patrick Duffy<br>Monteleone & McCrory, LLP<br>725 South Figueroa Street, Suite 3750<br>Los Angeles, CA 90017-5446<br>*Atty for Forrest McKinley and Emerco* |

SIGNED at Redmond, Washington this 28th day of April, 2006.

Kristy L. Martyn