Terry R. Marston, *pro hac vice,* terry@mhf-law.com
Jami K. Elison, *pro hac vice,* jamie@mhf-law.com
MARSTON HEFFERNAN FOREMAN, PLLC
16880 N.E. 79th Street
Redmond, Washington 98052
(425) 861-5700

PAUL J. NANGLE & ASSOCIATES
Kerry Building
101 Christensen Drive
Anchorage, Alaska 99501
Telephone: (907) 274-8866

Attorney for Plaintiff ABSOLUTE ENVIRONMENTAL SERVICES, INC.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>FORREST J. MCKINLEY, an individual, d/b/a "Imperial Industrial Coatings" and EMERCO, INC., a California Corporation, d/b/a Imperial Industrial Coatings, BRECHAN ENTERPRISES, INC., an Alaska corporation; and SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation.<br><br>Defendants.<br><br>EMERCO, INC., a California corporation d/b/a Imperial Industrial Coatings, and the States for Use and Benefit of EMERCO, INC.,<br><br>Counterclaimant/Third-party Claimant,<br><br>v.<br><br>ABSOLUTE ENVIRONMENTAL SERVICES INC., an Alaska corporation, et al.,<br><br>Cross-defendants/Third-party Defendants. | Case No.: A03-0199CV (RRB)<br><br>**ABSOLUTE'S OPPOSITION TO COFFMAN'S MOTION TO AMEND CASE SCHEDULE AND RESET TRIAL DATE.** |

| | |
|---|---|
| THE UNITED STATES OF AMERICA *for the use and benefit of* ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, | ) ) ) ) ) |
| Plaintiff, vs. | ) ) ) ) |
| SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation. | ) ) ) |
| Defendants. | ) ) |
| BRECHAN ENTERPRISES, INC., an Alaska corporation, | ) ) ) |
| Counterclaim Plaintiff, vs. | ) ) ) ) |
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, | ) ) ) |
| Counterclaim Defendant. | ) |
| BRECHAN ENTERPRISES, INC., an Alaska corporation, | ) ) ) |
| Third-Party Plaintiff, vs. | ) ) ) ) |
| COFFMAN ENGINEERS, INC, a Washington Corporation. | ) ) ) |
| Third-Party Defendant. | ) ) |
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, | ) ) ) |
| Plaintiff/Cross-claimant, vs. | ) ) ) ) |
| COFFMAN ENGINEERS, INC, a Washington Corporation. | ) ) ) |
| Third-Party Defendant. | ) ) |

ABSOLUTE'S OPPOSITION TO COFFMAN'S MOTION
TO AMEND CASE SCHEDULE AND RESET TRIAL DATE.
Case No. A03-0199CV (RRB)-- 2

## I. OPPOSITION AND RELIEF REQUESTED

Coffman Engineering, Inc. ("Coffman") has moved to Amend Case Schedule and Reset Trial Date. Each of the 5 represented parties has planned for a trial to begin July 24, 2006. Coffman's request to strike the trial date is an issue of critical importance. Given the financial burden this case has imposed on the parties, justice delayed threatens to be justice denied.

## II. ISSUES

Coffman's Motion to Extend Discovery and Continue the Trial Date Should Be Denied When It Has Failed to Satisfy The Four Prerequisites of Diligence, Usefulness, Inconvenience and Absence of Prejudice.

## III. FACTS

There is no reason to change the trial date or to extend discovery in this matter. Contrary to Coffman's suggestion that a continuance is favored by a majority of the parties, the opposite is true. Only Coffman and Brechan favor a continuance. The majority of the parties, including Absolute, Specialty Polymer Coatings, and McKinley/Emerco vigorously oppose a continuance. Coffman complains that "through no one's fault" it cannot complete its discovery in the time remaining. This is not true, with diligence and application of the human resources it has already demonstrated it has available to it, Coffman can complete its discovery in the remaining time. And, even if it were otherwise, then the fault would lie solely with Coffman which never noted any depositions until the day before filing this motion. Inadequate preparation due to lack of diligence is not a ground for granting a trial continuance.

The Circuit Courts of Appeals have instructed trial courts to assess four factors when considering whether to grant a continuance.

(1) The moving party's diligence in preparing for trial.

(2) Whether a continuance would remedy the problem the moving party complains of.

(3) The extent to which a continuance would inconvenience the court and opposing parties.

(4) The harm to the moving party resulting from the district court's denial.

Coffman's argument fails to address these factors. Instead, it weakly claims that it had hoped to be successful on its earlier motion to dismiss and that the hospitalization in January of one of its three lawyers actively working on this case (each of whom is a partner) left it incapable of organizing documents and conducting depositions. Other parties timely noted depositions. At this time, every one of Absolute's managerial employees on this project has already been deposed by Coffman in the course of depositions noted, with one exception, by others. This includes Absolute's president, its estimator, and two project management personnel. Coffman claims that there are 90 people to be deposed. This is farcical. The only claims being made against Coffman are, effectively, the claims of Absolute (Brechan is solely asking that Coffman indemnify it for liability to Absolute). For the most part, the only parties remaining to be deposed are the expert witnesses -- all of whom, including Coffman's, were themselves able to complete and file their expert opinions in a timely fashion over a month ago (March 21, 2006). Brechan has already noted the depositions of two of the three expert witnesses pertinent to claims against Brechan and Coffman; they will be taken on May 16th and 17th in Seattle. The third is available prior to May 22nd in Anchorage. The problem Coffman is claiming is fictitious. Brechan has made little or no independent effort to describe or document a need for a continuance, instead joining in the arguments of Coffman.

A continuance of this case would have grave effects on the ability of Absolute to go forward. Absolute has already been forced to make decisions against attending some of the depositions being noted by Coffman and Brechan merely to conserve its financial resources for

trial. To allow Coffman and Brechan to perpetuate the horrible financial burn rate on this case would be to perpetrate an injustice to Absolute which undisputedly lost millions through no fault of its own on this project.

## IV.  AUTHORITY

**I. The District Court Has Broad Discretion For Managing Its Own Docket And Changed Circumstances Is The Main Element For Granting A Continuance But That Element Is Not Present Here.**

Judicial economy is of premium importance in denying or granting a continuance. A federal appellate court addressed the issue of continuance by emphasizing judicial economy when it reviewed a district court's denial of continuance in a breach of contract case between a utility company and coal mining company. The case was initiated in April and tried in August of the same year and involved a $181 million jury verdict. A local rule necessitated completion within five months but the reason the district court provided for denying continuance was the case couldn't have been tried until the following year because the calendar was so crowded. *Northern Indiana Public Service Co. v. Carbon County Coal Co.*, 799 F.2d 265, 268-69 (7th Cir. 1986). The appellate court explained why it gave deference to the district court's decision "for drastically compressing the pretrial period" (269):

> Nevertheless we do not think the district judge abused his discretion in refusing to postpone the trial. Matters of trial management are for the district judge; we intervene only when it is apparent that the judge has acted unreasonably. The occasions for intervention are rare. At a time when a combination of very heavy caseloads with the pressure exerted by the Speedy Trial Act to take criminal cases out of order and try them first makes managing federal district courts' dockets trickier than ever before, district judges must be allowed considerable leeway in scheduling civil cases, and therefore in denying continuances that would disrupt their schedules. Id.

1   Our case has not had a compressed pretrial period and no local rule compels its completion, but
2   judicial economy clearly applies. The efficiency of the trial court with respect to its docket must
3   receive preeminent consideration.
4       A changed circumstance is the main element appellate courts have identified for a
5   continuance. The Seventh Circuit in *Carbon County* reviewed other circuit decisions to identify
6   when circuits reversed a district court for denying a continuance:

> The common element in cases that reverse such denials is the existence of changed circumstances to which a party cannot reasonably be expected to adjust without an extension of time. In <u>Sutherland Paper Co. v. Grant Paper Box Co.</u>, 183 F.2d 926, 931 (3d Cir. 1950), the denial of certain pretrial motions just two weeks before the trial of a complex patent case, combined with the illness of the inventor, made it impossible for the defendants to complete their pretrial preparation without a continuance that the judge denied. In <u>Smith-Weik Machinery Corp. v. Murdock Machine & Engineering Co.</u>, 423 F.2d 842 (5th Cir. 1970), the defendant's principal counsel became ill on the eve of trial, and its local counsel was not sufficiently well informed about the facts and pertinent law to conduct the trial by himself on such short notice. In <u>Fenner v. Dependable Trucking Co.</u>, 716 F.2d 598, 600-02 (9th Cir. 1983), the judge refused to grant a continuance to enable the defendants' expert to rebut evidence newly discovered by the plaintiff. Other "surprise" cases are <u>Wells v. Rushing</u>, 755 F.2d 376, 380-81 (5th Cir. 1985); <u>Menendez v. Perishable Distributors, Inc.</u>, 763 F.2d 1374, 1379-80 (11th Cir. 1985), and <u>Shelak v. White Motor Co.</u>, 581 F.2d 1155, 1159 (5th Cir. 1978) (and see Judge Rubin's powerful dissent, id. at 1161-64). The element of changed circumstances is missing here. Id. at 269-70.

The element of changed circumstances is also missing in our case. The Seventh Circuit in *Carbon County* further reasoned that the moving party was not prejudiced because "given the amount of time it had to plan its case before it filed suit and the large staff of lawyers at its disposal to conduct discovery once the suit began" (270). Not only have circumstances not changed in our case, but Defendants have had ample time to plan their case since being joined and have a wealth of resources to complete discovery.

ABSOLUTE'S OPPOSITION TO COFFMAN'S MOTION
TO AMEND CASE SCHEDULE AND RESET TRIAL DATE.
Case No. A03-0199CV (RRB)-- 6

**II. Denying Request For Continuance Does Not Severely Prejudice The Moving Party And Four Factors Show Denying Continuance Is Appropriate.**

"The denial of a request for a continuance does not constitute an abuse of discretion unless it 'severely prejudice[s]' the moving party." *Rink et al. v. Cheminova, Inc.*, 400 F.3d 1286, 1296 (11th Cir. 2005). The Eleventh Circuit Court continued:

> In reviewing a denial of a continuance request, we consider: (1) the moving party's diligence in its efforts to ready its case prior to the date set for hearing; (2) the likelihood that the need for a continuance would have been remedied had the continuance been granted; (3) the extent to which granting the continuance would have inconvenienced the court and the opposing party; (4) the extent to which the moving party might have suffered harm as a result of the district court's denial. Id.

In *Rink*, the moving party's request for continuance to find another expert witness was denied because their action "did not represent the kind of diligence in trial preparation that merits a continuance," and granting the request would have inconvenienced the non-moving party. Id. at 1296.

The Ninth Circuit has provided the same four factors for the district court to consider in its decision to grant or deny a request to continue a hearing in *United States v. Meija*, 69 F.3d 309, 314 (9th Cir. 1995). In *Meija*, the four factors of diligence, usefulness, inconvenience and prejudice were analyzed in a criminal context. The district court denied the request and the appellate court found the trial court abused its discretion because the moving party did not have the opportunity to cross-examine key government witnesses who were on vacation.

The Ninth Circuit has also affirmed the responsibility of the parties to respect the schedule of the court by holding that "Lack of preparation is not a ground for obtaining a continuance, unless there is a valid reason for such lack." *United States v. Pacific Fruit & Produce Co.*, 138

F.2d 367, 372 (9th Cir. 1943). Ample time has been provided for defendants to complete discovery and to prepare for trial.

The defendants as the moving party are not "severely prejudiced" in our case because they possess the majority of relevant information and have access to the most witnesses. Nor have the defendants moving for continuance demonstrated diligence in completing discovery until recently but even now have ample time and resources to complete discovery if they are diligent. A continuance is not useful. The defendants' conduct has not demonstrated months leading to discovery cut-off would be any different if continuance were granted. Finally, patent inconvenience would be thrust on the trial court and Plaintiff.

## V. CONCLUSION

Judicial economy mandates denial of defendants' motion for continuance in this case because the trial court has made previous concessions for time extension and should bear no additional disruption to its own docket. Circumstances have not changed to provide a ground for continuance. Lack of preparation is not a factor for consideration. A consideration of the factors informing a grant or denial of a continuance overwhelming demonstrates that this motion should be denied.

As this court pointed out long ago, this case has been pending far too long. Coffman and Brechan and their respective attorneys have the financial and legal resources to complete discovery in the time remaining. They just don't want to. All that is required to change that is the Court's direction that they apply those resources. The clearest way to accomplish that is by denying their motion for a continuance.

DATED this 28th day of April, 2006.

MARSTON HEFFERNAN FOREMAN, PLLC

By _____
Terry R. Marston II, WSBA No. 14440
Jami K. Elison, WSBA No. 31007
Attorneys for Plaintiff Absolute Environmental Service, Inc.

## CERTIFICATE OF SERVICE

The undersigned certifies under penalty of perjury, under the laws of the State of Washington that I am now and at all times herein mentioned, a resident of the State of Washington, over the age of 18 years, not a party to or interested in the above-entitled action, and competent to be a witness herein.

On the date given below, a true and correct copy of the following:

1. ABSOLUTE'S ABSOLUTE'S OPPOSITION TO COFFMAN'S MOTION TO AMEND CASE SCHEDULE AND RESET TRIAL DATE
2. [Proposed] ORDER DENYING COFFMAN'S MOTION TO AMEND CASE SCHEDULE AND RESET TRIAL DATE

were electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| James B. Stoetzer<br>Lane Powell Spears Lubersky<br>1420 Fifth Avenue, Suite 4100<br>Seattle, WA 98101<br>*Atty for Coffman* | Jacob Nist<br>Perkins Coie, LLP<br>1029 West Third Avenue, Suite 300<br>Anchorage, AK 99501<br>*Atty for Brechan and Safeco* |
| Robert J. Dickson<br>Atkinson, Conway & Gagnon, Inc.<br>420 L Street, Suite 500<br>Anchorage, AK 99501<br><br>*Atty for Specialty Polymer Coatings* | Peter Partnow<br>Lane Powell Spears Lubersky<br>301 W. Northern Lights Boulevard<br>Suite 301<br>Anchorage, Alaska 99503<br>*Atty for Coffman* |
| Eric J. Brown, Esq.<br>Jermain Dunnagan & Owens, P.C.<br>3000 A Street, Suite 300<br>Anchorage, AK 99503-4097<br>*Atty for Forrest McKinley and Emerco* | Mr. William Baerg<br>Patrick Duffy<br>Monteleone & McCrory, LLP<br>725 South Figueroa Street, Suite 3750<br>Los Angeles, CA 90017-5446<br>*Atty for Forrest McKinley and Emerco* |

SIGNED at Redmond, Washington this 28th day of April, 2006.

Kristy L. Martyn