# EXHIBIT A

**Terry R. Marston II**

**From:** Dickson, Robert J. [RJD@acglaw.com]
**Sent:** Thursday, April 13, 2006 6:04 PM
**To:** Terry R. Marston II
**Subject:** RE: Absolute Environmental Services, Inc./Kodiak

Terry,

   Just received a copy of Stoetzer's letter of April 13. My conversation with Peter was to the effect that our client would NOT be in favor of a continuance, though we see ourselves as a small player at this point. We probably would not argue a position, thought if asked, SPC wants this to be over sooner rather than later. I also advised Peter that I had two trials scheduled for September and October 06. That was the "trial commitments" that I voiced.


Robert J. Dickson
Attorney
Atkinson, Conway & Gagnon
420 L Street, Suite 500
Anchorage AK 99501-1989
(907) 276-1700
Fax: (907) 272-2082
rjd@acglaw.com

The information contained in this transmittal is confidential, may be subject to attorney-client privilege and is intended only for the use of the recipient named above. If the reader of this information is not the intended recipient, or the employee or agent responsible for delivery of this information to the intended recipient, you are hereby notified that this is not a waiver of privilege and any dissemination, distribution, or copying of this information is strictly prohibited. If you have received this information in error, please notify the sender immediately by telephone at (907) 276-1700 and delete this message from your system.

---

**From:** Terry R. Marston II [mailto:terry@mhf-law.com]
**Sent:** Monday, April 10, 2006 9:38 PM
**To:** Dickson, Robert J.; Jake Nist; Mike Kreger; Bill Baerg; Eric Brown; Stoetzer, James; Partnow, Peter; niemerj@LanePowell.com
**Cc:** Kristy L. Martyn
**Subject:** Absolute Environmental Services, Inc./Kodiak

Gentlemen:

   I have received a letter from Counsel for Coffman that to my mind seriously misrepresents both the purpose and the conclusions reached in the course of last week's telephone conference call. That conference call was not for the purpose recited by Coffman, but solely for the purpose of agreeing on blocks of time, as we had done on an earlier occasion, that counsel for all parties would reserve for depositions in this case. This being a prudent thing to do given the fact the discovery cut-off is now six weeks away.

   Rather than identify blocks of time, counsel for Coffman solicited an inventory from counsel of the witnesses the parties had an "interest" in deposing. As this activity wore on, it occurred to me that Coffman may simply be using our conference call to create a foundation to argue that the trial date must be continued given an "inadequate amount of time" remaining to complete depositions in this case. When that thought occurred to me, you will recall that I made a point of clarifying that I had heard no one expressing anything more than "an interest" in deposing certain people, not a commitment. I emphasized that any persons I had identified as potential deponents on Absolute's behalf were nothing more than that "potential" deponents. I explained that whether Absolute were to take any further depositions would be based on a balancing of need, expense and the impact, if any, on maintaining our scheduled trial date. Counsel for Coffman, then recited an opposite interpretation of the statements of the parties (a position reiterated in his letter). He then stated that he had did not believe that it would be possible to complete discovery by May 22nd and that we should all stipulate to a "brief" 90-day extension of the trial. (The inducement of a "brief extension" is illusory. With the myriad calendars that would have to be juggled, including that of the Court, it is unrealistic to believe that we and the Court would all, fortuitously, have the same one-month block of time open to us six months from now.)

   Please pardon me for being direct, but I do not believe that Coffman's assertions are made in good faith. There has been ample time to conduct discovery in this case -- more than ample (my client would say <u>far</u> more than ample). There is also sufficient time remaining to complete the depositions of genuine material witnesses in this case. Coffman is in the least meritorious position to claim inadequate time to complete discovery. For reasons that are not entirely clear to me, Coffman has done little discovery thus far. Instead, it has focused its efforts on motion practice -- with promises of more to come. With the possible exception of Brechan (employing Perkins, Coie), Coffman has the <u>most</u> resources available to call upon to enable it to complete discovery, it having retained the large Lane, Powell law firm, which has in turn assigned *three partners* to this single suit (James Stoetzer, James Niemer and Peter Partnow) . Given the wealth of human (not to mention financial) resources Coffman has available, its complaining of inadequate time to prepare are not credible.

   At the conclusion of our telephone conversation, I offered to prepare a matrix that would distill those dates that would be available on the calendars of counsel for all parties so that we could identify and reserve them for the completion of discovery. I have all, but completed that task except that I have yet to obtain an identification of the available dates for McKinley's Los Angeles counsel, Messers Duffy and Baerg, and the available dates for Coffman's Jim Niemer. <u>I would appreciate their earliest supply of this information so that I may complete the matrix and identify the dates while they are still available.</u>

   I will also ask for another favor. The letter from counsel for Coffman recited a list of 42 witnesses Coffman characterized as needing to be deposed before the May 22nd cut-off. Once again, pardon me for saying so, but I do not believe that anyone in this case has any intention of taking the depositions of these 42 people. I believe the list was prepared merely as an artificial foundation upon which to base a claim that discovery cannot be completed in the time remaining. The best way I can conceive of piercing this facade is to ask you each the following: <u>Please provide me, within the next twenty-four hours, a list of the witnesses whose depositions you will, before the close of discovery,</u> **actually note on your client's behalf** <u>(assuming the witness's deposition is not first noted by others).</u>   To simplify this task , I have prepared the attached table of the 42 witnesses identified by Coffman in its letter for your

ready reference.

    Thank you in advance for your earliest responses to these requests.

Terry R. Marston

Exhibit A pg 3 of 3