Peter C. Partnow, ASBA No. 7206029
James B. Stoetzer, ASBA No. 7911130
Lane Powell LLC
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Tel: 907-277-9511
Fax: 907-276-2631
PartnowP@LanePowell.com

Attorneys for Third-Party Defendant
Coffman Engineers, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation,<br><br>Plaintiff,<br><br>v.<br><br>FORREST J. MCKINLEY, an individual, d/b/a "Imperial Industrial Coatings" and EMERCO, INC., a California Corporation, d/b/a Imperial Industrial Coatings, BRECHAN ENTERPRISES, INC., an Alaska corporation; and SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation.<br><br>Defendants. | Case No. 3:03-cv-00199-RRB<br><br>**COFFMAN ENGINEERS, INC.'S MOTION AND MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT DISMISSING CLAIM BY PLAINTIFF ABSOLUTE ENVIRONMENTAL SERVICES, INC. FOR BUSINESS DEVASTATION DAMAGES** |
| EMERCO, INC., a California corporation d/b/a Imperial Industrial Coatings, and the States for Use and Benefit of EMERCO, INC.,<br><br>Counterclaimant/Third-Party Claimant,<br><br>v.<br><br>ABSOLUTE ENVIRONMENTAL SERVICES INC., an Alaska corporation, et al.,<br><br>Cross-defendants/Third-Party Defendants. | |

**LANE POWELL, LLC**
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

**LANE POWELL LLC**
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511 Facsimile 907.276.2631

| |
|---|
| THE UNITED STATES OF AMERICA *for the use and benefit of* ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, <br><br>              Plaintiff, <br> v. <br><br> SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation. <br><br>              Defendants. |
| BRECHAN ENTERPRISES, INC., an Alaska corporation, <br><br>            Counterclaim Plaintiff, <br> v. <br><br> ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, <br><br>            Counterclaim Defendant. |
| BRECHAN ENTERPRISES, INC., an Alaska corporation, <br><br>             Third-Party Plaintiff, <br> v. <br><br> COFFMAN ENGINEERS, INC, a Washington Corporation. <br><br>            Third-Party Defendant. |
| ABSOLUTE ENVIRONMENTAL SERVICES INC., an Alaska Corporation, <br><br>           Plaintiff/Cross-Claimant, <br> v. <br><br> COFFMAN ENGINEERS, INC, a Washington Corporation. <br><br>            Third-Party Defendant. |

## I. INTRODUCTION

Plaintiff/Cross-Claimant Absolute Environmental Services, Inc. ("Absolute") in its November 14, 2005 cross-claim against Cross-Claim Defendant Coffman Engineers, Inc. ("Coffman") asserts that damages allegedly attributable to Coffman include "business devastation." Cross-Claim at ¶ 27. Absolute makes a similar damage claim against defendant Brechan Enterprises, Inc. ("Brechan"). *See* June 22, 2005, Complaint at ¶ 109. Absolute asserts the Brechan and Coffman are solely responsible for its alleged business devastation. Exhibit 1.[1]

Because Absolute has no competent witness or other evidence from which the jury could reasonably determine any business devastation damages, partial summary judgment dismissing Absolute's business devastation claim should be granted. *Geolar, Inc. v. Gilbert/Commonwealth Inc. of Michigan*, 874 P.2d 937, 947 (Alaska 1994). Alternatively, even if Absolute is allowed to proceed with its business devastation claim, this court should enter an order rejecting Absolute's attempt to hold Coffman along with Brechan solely responsible. The court's order should provide, pursuant to AS 09.17.080, that fault, if any, is to be allocated to each entity, whether or not a party, which is found responsible for damages.

## II. BACKGROUND

In this case, Absolute seeks to recover damages allegedly incurred in connection with its work removing existing coating material and applying new coatings on the United States Coast Guard's Cargo Wharf in Kodiak in 2003. Absolute performed this work as a subcontractor to Brechan. Absolute entered a subcontract with Imperial Industrial Coatings ("Imperial") to perform

---

[1] All exhibits are exhibits to the accompanying declaration of counsel.

**LANE POWELL LLC**
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

most of this work, but after Imperial left the job in August of 2003, Absolute completed contract performance.

Initially, Absolute sued Imperial. Imperial counterclaimed against Absolute and also filed third-party claims against Coffman, Brechan, and the coatings manufacturer, Specialty Polymer Coating, USA, Inc. ("SPC"). Subsequently, in early 2005, Imperial dismissed with prejudice all claims against both Coffman and Brechan and for a period of time, neither Coffman nor Brechan was involved in this litigation.

After the passage of time, the court permitted Absolute, over objection, to bring Coffman and Brechan back into the case. Absolute alleges it did not know and could not have known about the conditions which had been encountered during Phase I of the project, and further claimed that these same conditions were the cause of most of the damages which it alleged incurred performing its contract.

As an element of its newly asserted claims against Coffman and Brechan, Absolute pled "business devastation" damages. November 14, 2005, Cross-Claim at ¶ 27 and June 22, 2006, Complaint at ¶ 109. During the course of discovery (which closed pursuant to the court's scheduling order in early July, 2006), Absolute asserted the quantum of its business devastation claim to be $2.28 million with these damages asserted solely against Brechan and Coffman. Exhibit 1.

Discovery has revealed further that there is no witness who is prepared and qualified to testify as to the amount of any alleged business devastation damage. Absolute's primary damages expert, Mr. Michael Lembke, testified that the $2.28 million number was not developed by him, but rather was a figure which he received from a second of Absolute's retained experts, Mr. Donovan

**LANE POWELL LLC**
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511 Facsimile 907.276.2631

Rulien. Exhibit 2 at p. 194, l. 11-19, and p. 198, l. 17-p. 199, l. 2.[2] Mr. Lembke further testified that he had no independent knowledge of the quantum of Absolute's alleged business devastation damage, that he had not been asked to formulate an analysis or opinion on that matter, and that he in fact had no knowledge or opinion as to the amount of any alleged business devastation damage. *Id.* at p. 195, l. 3-15, and p. 199, l. 11-p. 200, l. 16.[3] Mr. Lembke also testified that in his damages report, he attributed the total amount of Absolute's alleged business devastation to Coffman and Brechan solely because that was what he was directed to do by Absolute's owner, Mr. Dave Olson. *Id.* at p. 202, l. 14-21.[4]

Absolute's other retained damages expert, Mr. Donovan Rulien, testified he developed the $2.28 million figure as representing the value of Absolute (and a related entity Sad Leasing, Inc.) as

---

[2]  Q: In Exhibit D to your report, just look at Errata 2, in terms of business devastation, I understand you've just plugged in the number that you got from Mr. Bullion (sic). I think that's the expert who developed that number?
Mr. Marston:   Rulene (sic).
Q: Rulene (sic). Sorry. I apologize to him.
A: Yes. In the business devastation line item of Number 12, that is the number that comes directly from his report.

[3]  Q: You haven't done any analyses yourself in terms of Absolute's alleged business devastation?
A: Is the question: Have I done any analysis in terms of Absolute's business devastation?
Q: Yes.
A: No. . . . I haven't done any analysis of the problem, no.
Q: And as far as you know, that's not on your to-do list for trial, the scope of the opinions you're going to be expressing?
A: No.

[4]  A: I just recalled why I put the business devastation number under Item 12 Brechan/Coffman.
Q: So you yourself have no basis or allocating it one place or another, just that that's what Mr. Olson asked you to do?
A: That' correct.

**LANE POWELL LLC**
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

of December 31, 2003. Exhibit 3 at p. 20, l. 14-p. 21, l. 5.[5] Mr. Rulien further testified that he had no opinion as to Absolute's value as of any other date. *Id.* at p. 21, l. 6-17.[6] Significantly, Mr. Rulien testified that he had not been asked to develop and opinion and that he in fact had no opinion as to the amount of any business devastation damages which Absolute may have suffered. *Id.* at p. 24, l. 22-p. 25, l. 12.[7]

Finally, as its Fed. R. Civ. P. 30(b)(6) witness regarding its damages claim, Absolute designated its owner, Mr. Dave Olson. At the 30(b)(6) deposition, Mr. Olson confirmed that Absolute is, in fact still in business, performing contracts and submitting bids or proposals on new work and that Absolute's on-going work has been profitable. Exhibit 4 at p. 8, l. 22-25, p. 13, l. 10-

---

[5]
Q: I note that your report selects December 31, 2003 as the date of the valuation. Whose determination was it to perform the valuation as of that date?
A: It was probably a combination of myself, Mr. Marston, and Mr. Olson.

[6]
Q: If I understood your report, you indicated if a different date was chosen, an earlier date, any other date, then the valuation would likely be different?
A: That is correct.
Q: Have you performed any assessment, for instance, if date were chosen today, how would that effect the value of the company?
A: No. I haven't been asked to do that.
Q: So your opinion is limited to the value of the company on that date.
A: That's correct.

[7]
Q: And does your report in any way indicate the amount of business devastation which Absolute may have suffered?
A: No. The valuation is based on a specific date as if the devastation did not occur.
Q: So if there was business devastation, as you understand it, that would then be the difference between that $2.28 million, and what would be the value of the company today, for instance?
A: I haven't been asked to look at that.
Q: But in fact, in other words, one cannot look at your report and put a number to so-called business devastation because you need to know what it's gone to. In other words, what change there has been from the 2.28 to something else?
A: That is correct.

**LANE POWELL LLC**
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511 Facsimile 907.276.2631

**Coffman Engineers, Inc.'s Motion and Memorandum in Support of Motion for Partial Summary Judgment Dismissing Claim By Plaintiff Absolute Environmental Services, Inc. for Business Devastation Damages**
*Absolute Envtl. Servs., Inc. v. Forrest McKinley, et al.* (Case No. 3:03-cv-00199-RRB)          Page 6 of 12

20, p. 14, l. 13-15, p. 15, l. 13-14, l. 19-21.  With regard to Absolute's business devastation claim, Mr. Olson conceded that he was not an expert in this area, that he was relying totally on the opinions expressed by Absolute's retained experts as to the amount of business devastation damages, and that he had no knowledge as to Absolute's current value.  *Id.* at p. 37, l. 22-p. 38, l. 18.[8]  Mr. Olson also confirmed that he made the unilateral determination to assert the business devastation damages solely against Coffman and Absolute.  *Id.* at p. 92, l. 8-12.

### III.  ARGUMENT

A.      **Standard for Summary Judgment**

The standard applicable to a motion for summary judgment is straight forward.  Summary judgment, or partial summary judgment on a limited issue, is appropriate when "there is no genuine issue as to any material fact and the moving party is entitled to summary judgment as a matter of law."  Fed. R. Civ. P. 56(c).  As the United States Supreme Court has held, the moving party "bears

---

[8]
    Q.    Without Mr. Rulien's report do you have sufficient knowledge and background to put a reasonably accurate value on Absolute Environmental Services' worth?
    A.    You'd have to define value.
MR. MARSTON:  Objection. Vague.
THE WITNESS:  I don't have an accounting background, and I don't have a -- I've never done a business valuation of any business before.  You know, that number doesn't take into account what people refer to as blue sky.  I would think that Absolute is worth more than what's stated possibly as for potential future worth of it, as opposed to actual at that moment worth.
BY MR. NIST:
    Q.    What about currently?  Do you have any idea about Absolute Environmental Services current worth?
MR. MARSTON:  Calls for a yes or no answer.
THE WITNESS:  Do I have a knowledge of its current worth?
BY MR. NIST:
    Q.    Yes.
    A.    No.

LANE POWELL LLC
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

the initial responsibility of informing the district court of the basis for its motion" and demonstrating an "absence of a genuine issue of material fact." *Celotex Corporation v Catrett*, 477 U.S. 323 (1986). At that point, the party opposing the motion can overcome the request for summary judgment only by showing that the moving party is wrong as a matter of law, or by adducing competent, admissible facts which could support a verdict by the finder of fact in the non-moving party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). If the non-moving party fails, then other disputed evidence becomes immaterial, and the moving party is entitled to summary judgment (or partial summary judgment). *Celotex* at 323.

**B.      Coffman Is Entitled to Partial Summary Judgment on Absolute's Business Devastation Claims Because Absolute Can Introduce No Evidence or Testimony Which Would Provide the Jury With a Reasonable, Non-Speculative Basis to Make a Damage Award.**

Applying this standard to Absolute's claim for business devastation damages, the law of Alaska to be applied in this diversity case is clear that while damage claims do not have to be proved with mathematical certainty, they can not be wholly speculative. *Fairbanks North Star Borough v. Kandik Construction Inc. & Associates,* 795 P.2d 793,798 (Alaska 1990). The party seeking damages must provide evidence sufficient to provide the jury with a reasonable basis for computing an award. *Power Constructors, Inc. v. Taylor and Hintze*, 960 P.2d 20, 41 (Alaska 1998). A damages award cannot stand if it is the result of speculation. *City of Whittier v. Whittier Fuel & Marine Corporation*, 577 P.2d 216, 222 (Alaska 1978).

As with any damages claim, there are two elements which the claimant must establish. "The first is causation, that is the evidence must prove that the loss was caused by the tort. The second is amount. The party seeking damages must provide the jury with a 'reasonable basis' for

**LANE POWELL LLC**
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

computing the award." *Conam Alaska v. Bell Lavalin, Inc.*, 842 P.2d 148, 154 (Alaska 1992).  The instant motion focuses on the second element, namely the lack of admissible evidence sufficient to provide a reasonable basis as to any award.

With regard to Absolute's business devastation claim, there is no dispute over the fact that the amount of damage claimed by Absolute is the difference between what Donovan Rulien opined Absolute to be worth as of December 31, 2003, and zero, namely $2.28 million.  Exhibit 1.  There are substantial questions as to the validity of Mr. Rulien's $2.28 million valuation figure.[9]  However, for purposes of the instant motion, even if Mr. Rulien's valuation as of December 31, 2003 is accepted, there is simply no evidence to support, or witness who can properly testify to, Absolute's current value.  Absolute remains an on-going business which continues to perform contracts and which continues to own equipment and other items of value.  Exhibit 4 at p. 8, l. 22-25, p. 13, l. 1-10, p. 14, l. 13-14, l. 19-21.  It maintains a place of business, employees, and a telephone number.  *Id.* at p. 44, l. 19-25.  Its current value is, without dispute, something other than zero.

---

[9] By way of example, Mr. Rulien, while claiming to value the company on what a prudent buyer would have paid as of December 31, 2003, bases much of his valuation on information such as the condition of the Alaska construction industry, and on events which transpired well after that date and which were not known as of that date.  His valuation combines the alleged value of two separate corporate entities, Absolute and Sad Leasing, even though Sad is not a party to this litigation.  While noting that Absolute's profitability fluctuated wildly from year to year, he suggests a prudent buyer would emphasize profitable years while significantly de-emphasizing unprofitable years and that the prudent buyer would ignore all losses which might be associated with the Kodiak project but would fully recognize the unprecedented profit which Absolute obtained on another project which it also performed in 2003.  Mr. Rulien also does not discount the value of the business despite his recognition that much of the value is attributable to Mr. Olson's value as the owner/operator of the business, Mr. Olson's own confirmation that the value and success of Absolute is attributable to his management of the company (Exhibit 4 at p. 30, l. 10-15), and the fact that Mr. Olson, who has recently moved from Alaska to Idaho (*Id.* at p. 90, l. 7-8) would no longer be managing the business if it were sold.

**LANE POWELL LLC**
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

Both of Absolute's damages experts, Mr. Lembke and Mr. Rulien, have readily conceded that they have developed no opinion as to the amount of Absolute's alleged business devastation. Mr. Olson concedes he lacks the expertise to value a business and that specifically he has no independent knowledge as to Absolute's current value.

Under these circumstances, there is no evidence from which the jury could properly determine any business devastation damages which Absolute may have experienced. Rather, if this claim were permitted to be presented, the jury would be left to develop some number based on rank speculation. This is improper. Indeed, the Alaska Supreme Court faced essentially this identical issue in *Geolar Inc. v. Gilbert/Commonwealth Inc. of Michigan,* 874 P.2d 937 (Alaska 1994). As part of its claim in that case, the plaintiff contractor sought damages for "loss of value of business as an operating business." *Id.* at 947. To support the quantum of this claim, the contract relied on the testimony of an expert economist regarding the "valuation of [the company] as an operating business." *Id.* In holding that the claim was not supported by sufficient evidence, the Alaska Supreme Court opined

> . . . Taylor's valuation methodology is not the proper means of measuring the losses sustained when a company is forced out of business. Geolar's true loss, if any, is the difference between its net value when it was in operation and its net value after ceasing operation. Taylor calculated only part of one half of this calculation, and therefore his testimony is not sufficient to support an award for the loss in value of Geolar.

*Id.*

There is no dispute of material fact preventing application of the same analysis to the business devastation claim in the instant case. Even viewing the facts most favorably to Absolute, the only evidence which it can present is evidence as to Absolute's value as of December 31, 2003.

**LANE POWELL LLC**
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511 Facsimile 907.276.2631

Absolute can provide no evidence for the "other half" of the required calculation, namely its value after any impact of the Kodiak Cargo Wharf project.

Because Absolute cannot establish an amount of alleged business devastation damages by anything other than rank speculation, the court should grant partial summary judgment in favor of Coffman (and Brechan) and strike any claim by Absolute for alleged business devastation damages.

C. **Alternatively, and if Partial Summary Judgment Is Not Granted, Any Business Devastation Damages Would Have to Be Allocated by the Jury to All Entities, Whether or Not Parties, Who May Be Responsible for Such Damages.**

Coffman believes, for the reasons stated, that there are no disputes of material fact preventing the entry of partial summary judgment as to Absolute's business devastation claim. However, and in the alternative, if for some reason, the court were to allow the claim to remain, it could not, in any event, be limited, as Absolute has suggested, to Coffman and Brechan.

The record clearly indicates the only reason why the business devastation claim was asserted solely against Coffman and Brechan is because Dave Olson directed Michael Lembke to make that allocation. Exhibit 2, p. 202, l. 14-21 and Exhibit 4, p. 94, l. 8-12. Such an arbitrary allocation would be inconsistent with AS 09.17.080(a)(2) which requires allocation of fault to all persons "responsible for the damages" without regard to whether such persons have been named as parties, and certainly without restrictions as the claimant might seek to arbitrarily establish. Here, parties to whom damages might be allocated by the finder of fact, in addition to Coffman and Brechan, would include at least Imperial, SPC, and the Coast Guard.[10]

---

[10] The required allocation of fault to a person against whom claims have not been asserted by the claimant does not subject that person to liability or stand as evidence of liability in any other civil proceeding—it is simply the required method for determining each party's equitable share of damages. AS 09.17.080(c).

**Coffman Engineers, Inc.'s Motion and Memorandum in Support of Motion for Partial Summary Judgment Dismissing Claim By Plaintiff Absolute Environmental Services, Inc. for Business Devastation Damages**
*Absolute Envtl. Servs., Inc. v. Forrest McKinley, et al.* **(Case No. 3:03-cv-00199-RRB)**   Page 11 of 12

LANE POWELL LLC
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511 Facsimile 907.276.2631

## **CONCLUSION**

Absolute would clearly like to place a big number in front of the jury. It would also like to have its alleged damages assessed against parties from whom it believes any damages awards would be collectable. However for the reasons noted, it is not permitted to introduce its "big number" in the form of alleged business devastation damages when it lacks admissible, non-speculative evidence which would provide the jury with a reasonable basis for making any business devastation damages award. Nor would Absolute, in any event, be permitted to limit exposure to any such damages to parties arbitrarily selected in contravention of AS 09.17.080(a).

Thus, for the reasons stated, partial summary judgment should be entered against Absolute dismissing its business devastation damages claims.

DATED this 3rd day of August, 2006.

                                    LANE POWELL LLC
                                    Attorneys for Coffman Engineers, Inc.

                                    By  s/ Peter C. Partnow
                                        James Stoetzer, ASBA No. 7911130
                                        Peter C. Partnow, ASBA No. 7206029
                                        301 W. Northern Lights Blvd., Suite 301
                                        Anchorage, Alaska 99503-2648
                                        Tel:  907-277-9511
                                        Fax:  907-276-2631
                                        Email:  StoetzerJ@LanePowell.com
                                        Email:  PartnowP@LanePowell.com

**LANE POWELL LLC**
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

I certify that on August 3, 2006, a copy of the foregoing
was served electronically on the following:

William R. Baerg , baerg@mmlawyers.com
Eric J. Brown, ebrown@jdolaw.com
Robert J. Dickson, acgecf@acglaw.com
Patrick J. Duffy, duffy@mmlawyers.com
Jami K. Elison, jamie@mhf-law.com
Michael E. Kreger, mkreger@perkinscoie.com
Terry R. Marston, terry@mhf-law.com
James B. Stoetzer, stoetzerj@lanepowell.com

and by mail on:
Paul Nangle, 101 Christensen Dr, Anchorage, AK 99501

 s/Peter C. Partnow

011680.0076/156084.1

**Coffman Engineers, Inc.'s Motion and Memorandum in Support of Motion for Partial Summary Judgment
Dismissing Claim By Plaintiff Absolute Environmental Services, Inc. for Business Devastation Damages**
*Absolute Envtl. Servs., Inc. v. Forrest McKinley, et al.* **(Case No. 3:03-cv-00199-RRB)**           **Page 12 of 12**