Michael E. Kreger
James N. Leik
Perkins Coie LLP
1029 W. Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561
(907) 276-3108 (Facsimile)
mkreger@perkinscoie.com

Attorneys for Defendants Brechan Enterprises, Inc.
and Safeco Insurance Company of America

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska corporation,<br><br>       Plaintiff,<br><br>v.<br><br>FORREST J. MCKINLEY, et al.,<br><br>       Defendants. | Case No. 3:03-cv-0199-RRB |

**BRECHAN AND SAFECO'S MOTION FOR PARTIAL SUMMARY JUDGMENT TO DISMISS ABSOLUTE'S "BUSINESS DEVASTATION" CLAIM AND MOTION IN LIMINE TO EXCLUDE TESTIMONY CONCERNING ALLEGED BUSINESS DEVASTATION**

Pursuant to Federal Rules of Evidence 402, 403 and 702, defendants

Brechan Enterprises, Inc. and Safeco Insurance Company of America (collectively

"Brechan") move to exclude testimony of plaintiff's retained experts Michael

Lembke and Donovan Rulien regarding Absolute's alleged "business devastation."

**PERKINS COIE LLP**
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

ABSOLUTE v. McKINLEY et al.
Case No. 3:03-cv-0199-RRB                - 1 -                [38599-0012/AA062110.002]

Neither witness has analyzed the claim and neither witness has admissible testimony on the subject. Brechan also moves for partial summary judgment dismissing any claim by Absolute for business devastation damages, as there is no admissible testimony to support the claim.

## ARGUMENT

Absolute purports to make a claim against Brechan and Coffman for "business devastation." One of Absolute's retained experts, Michael Lembke, included a single line in his Rule 26 expert report, stating a value for this claim of $2.28 million. But depositions of Absolute's retained experts on damages revealed that neither expert has analyzed the business devastation claim. Neither expert witness is prepared to testify that Absolute has sustained any "business devastation," and neither expert witness is prepared to testify concerning the value of this claim. Absolute's business devastation claim should be dismissed, and all testimony concerning this claim should be excluded.[1]

### I. Absolute's Retained Expert Michael Lembke Has Not Analyzed the Claim for Business Devastation and Has Not Formed Any Opinion Supporting the Claim

In his Rule 26 report, Absolute's retained expert Michael Lembke included a one-line reference to $2,280,000 for "business devastation." Ex. 1 (Ex. D to Lembke Report (Ex. 10 to Lembke Dep.) at Line 12. This reference is

---

[1] Absolute's motion to exclude is based on Federal Rules of Evidence 402, 403 and 702. Any testimony by Lembke or Rulien on this point has no probative value whatsoever, and the deposition testimony below demonstrates that none of the requirements for admission of expert testimony stated in Rule 702 are satisfied.

**PERKINS COIE LLP**
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

ABSOLUTE v. McKINLEY et al.
Case No. 3:03-cv-0199-RRB    - 2 -    [38599-0012/AA062110.002]

literally the only mention of these damages in his report.  His report contains no discussion or analysis of a business devastation claim, and no rationale for the $2.28 million value stated in the report.

At his deposition, Lembke testified that he obtained the $2.28 million figure from a report prepared by Absolute's accountant, Donovan Rulien.  Ex. 2, Lembke Dep. at 194, 198-99.  Lembke attributed the business devastation damages to Brechan and Coffman solely because Absolute's president, Olson, told him to do so.  Ex. 2, Lembke Dep. at 202.  Lembke admitted that he had not done any independent analysis of the business devastation claim, and he had not formed any opinions regarding the value of Absolute's business devastation claim:

> Q   Have you done an independent analysis of the business devastation that you reported in Line 12?
>
> A   No.  I'm assuming that the expert that prepared that report has done it properly and I'm relying on his report.
>
> . . . . .
>
> Q   You haven't done any analyses yourself in terms of Absolute's alleged business devastation?
>
> A   Is the question:  Have I done any analysis in terms of Absolute's business devastation?
>
> Q   Yes.
>
> A   No.
>
> Q   For instance, let's assume for the take of argument that Absolute's business is less robust now than it was a couple years ago.  You haven't done anything, for instance, to determine whether Absolute grew too quickly and had problems or whether they took too much capital out of the business or whether Mr. Olson's

**PERKINS COIE LLP**
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

>   health affected the business?  You haven't done any of that sort of thing, have you?
>
> A   Well, I have knowledge of the fact that he spent an awful lot of money on this lawsuit and it has been a hardship on him, but I haven't done any analysis of the problem, no.
>
> Q   And as far as you know, that's not on your to-do list for trial, the scope of opinions you're going to be expressing?
>
> A.  No.

Ex. 2, Lembke Dep. at 194, 199.

Lembke's own testimony establishes that he has no basis for testify about Absolute's alleged business devastation damages.  Therefore, he should not be permitted to testify on this subject.

## II. Absolute's Retained Expert Donovan Rulien Has Not Analyzed the Claim for Business Devastation and Has Not Formed Any Opinion Supporting the Claim

Donovan Rulien, in turn, did not analyze any "business devastation" to Absolute caused by the Brechan/Absolute subcontract.  All that Rulien did was state his opinion regarding the combined value of Absolute and a sister company, SAD Leasing, as of December 31, 2003,[2] approximately one month after Absolute finished its work on the subcontract.  For purposes of this opinion, Rulien assumed that Absolute did not incur any loss on the Brechan contract.  With this adjustment, Rulien concluded that as of December 31, 2003, the combined value of Absolute Environmental and SAD Leasing was $2.28 million.

---

[2] Rulien chose the date December 31, 2003 because it coincided with the end of the tax year, and he had the year-end data.  Ex. 3, Rulien Dep. at 20-21.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

Rulien has not done any analysis of Absolute's value at any date before or after December 31, 2003, and he has no opinion concerning Absolute's current value.[3] He was never asked to do a "before and after" analysis of Absolute's value, in relation to the Absolute/Brechan subcontract.[4] Thus, he has no basis for stating the impact of the Absolute/Brechan subcontract on Absolute's value. As a result, Rulien concedes that his report does not provide the information that is necessary in order to place a value on Absolute's business devastation claim:

> Q: One cannot look at your report and put a number to so-called business devastation because you need to know what it's gone to. In other words, what change there has been from the [$]2.28 [million value] to something else?
>
> A: Correct.

Ex. 3, Rulien Dep. at 25. Therefore, Rulien testified that he is not expressing any opinion concerning the value of Absolute's business devastation claim:

> Q: Does your report in any way indicate the amount of business devastation which Absolute may have suffered?
>
> A: No. The valuation is based on a specific date as if the devastation did not occur.

---

[3] Ex. 3, Rulien Dep. at 21. Absolute also has no information regarding Absolute's current value. Ex. 4, Deposition of Absolute Pursuant to Rule 30(b)(6) (D. Olson, Absolute's President) at 39.

[4] Q: [Was it] ever considered to value the business before they had performed the contract and after they performed the contract and see what the difference would have been there?

A: I have never been asked to do that, no.

Ex. 3, Rulien Dep. at 91.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

ABSOLUTE v. McKINLEY et al.
Case No. 3:03-cv-0199-RRB         - 5 -         [38599-0012/AA062110.002]

Ex. 3, Rulien Dep. at 24-2 (emphasis added). Rulien was asked if his analysis supported the statement in Lembke's report that Absolute's business devastation claim had a value of $2.28 million. Rulien denied that he had done any calculations to support the business devastation claim of $2.28 million, as stated in Lembke's report: "I haven't been asked to do any calculations [on the $2.28 million business devastation claim stated in Lembke's report]. I have never seen it." Ex. 3, Rulien Dep. at 26-27.

Rulien's testimony establishes that he has not analyzed Absolute's alleged business devastation damages, and has not formed an expert opinion as to those damages. Therefore, he should not be permitted to testify as to those damages.

### III.  Absolute's Claim for Business Devastation Damages Should be Dismissed

Absolute has the burden of proving its damages. It must prove that the claimed damages were caused by the defendant's breach, and it must prove the amount of damages. Damages must be proved with reasonable certainty, and may not be speculative. Power Constructors, Inc. v. Taylor & Hintze, 960 P.2d 20, 41 (Alaska 1998); Ben Lomond, Inc. v. Schwarz, 915 P.2d 632, 636-37 (Alaska 1996); Geolar, Inc. v. Gilbert/Commonwealth, Inc.of Michigan, 874 P.2d 937, 946 (Alaska 1994).

Absolute has no expert analysis whatsoever to support its business devastation claim. Both of its retained experts testified under oath that they have not analyzed the claim and cannot support it. Their testimony should be excluded as stated above. Without competent testimony to support this claim, any award of damages on this theory would be the product of pure speculation by the jury.

**PERKINS COIE LLP**
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

ABSOLUTE v. McKINLEY et al.
Case No. 3:03-cv-0199-RRB                - 6 -                [38599-0012/AA062110.002]

Moreover, even if admitted, the proposed testimony does not establish the claimed damages. Proof of business devastation requires evidence to establish the difference between the value of the company before and after the "devastation." Geolar, Inc, 874 P.2d at 947. Absolute has no testimony to establish the "after" portion of the calculation. As discussed above, Lembke made no assessment of Absolute's value, before or after the Kodiak project. Rulien placed a value on Absolute and SAD Leasing on completion of the contract, making the hypothetical assumption that Absolute completed the Kodiak project on budget, with anticipated profit. But he did not determine Absolute's value <u>before</u> the contract, or Absolute's value at any date <u>after</u> it supposedly sustained the "devastation" losses. And, Absolute's president, and its Rule 30(b)(6) witness on these issues, does not know Absolute's current value.[5] Thus, there is no basis for a jury to make an award of business devastation damages. Consequently, any award of damages on this theory would be speculative and unsupported by evidence. This claim should be dismissed.

---

[5] Ex. 4, Deposition of Absolute Pursuant to Rule 30(b)(6) (D. Olson, Absolute's President) at 39.

**PERKINS COIE LLP**
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

DATED: August 4, 2006.

**PERKINS COIE LLP**
Attorneys for Defendant
Brechan Enterprises, Inc.

By   /s/ Michael E. Kreger
    Michael E. Kreger
    Alaska Bar No. 8311170
    James N. Leik
    Alaska Bar No. 8111109
    Perkins Coie LLP
    1029 W. Third Avenue, Suite 300
    Anchorage, Alaska  99501
    (907) 279-8561
    (907) 276-3108 (Facsimile)
    Email:  mkreger@perkinscoie.com

I hereby certify that on August 4, 2006, the
foregoing has been served by electronic mail on
Robert J. Dickson, Peter C. Partnow, William R.
Baerg, Terry R. Marston II, James B. Stoetzer, and
Eric J. Brown.

  /s/ Michael E. Kreger
    Michael E. Kreger

**PERKINS COIE LLP**
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108