# EXHIBIT 4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

ABSOLUTE ENVIRONMENTAL
SERVICES, INC., an Alaska Corporation

    Plaintiff,

vs.

FORREST J. MCKINLEY, an individual,
d/b/a "Imperial Industrial Coatings" and
EMERCO, INC., a California Corporation,
d/b/a/ Imperial Industrial Coatings, BRECHAN
ENTERPRISES, INC., an Alaska Corporation;
and SAFECO INSURANCE COMPANY OF
AMERICA, a washington Corporation.

    Defendants.



---

EMERCO, INC., a California corporation d/b/a
Imperial Industrial Coatings, and the States for
Use and benefit of EMERCO, INC.,

Counterclaimant/Third-party Claimant,

v.

Absolute Environmental Services
INC., an Alaska corporation, et al.,

Cross-defendants/Third-party Defendants.

---

THE UNITED STATES OF AMERICA for
The use and benefit of ABSOLUTE
ENVIRONMENTAL SERVICES, INC., an
Alaska Corporation,

    Plaintiff,

vs.

SAFECO INSURANCE COMPANY OF
AMERICA, a Washington Corporation.

    Defendants.

---

## Page 2

```
 1  _____
    Brechan Enterprises, INC., an Alaska
 2  Corporation,
 3      Counterclaim Plaintiff,
 4  vs.
 5  ABSOLUTE ENVIRONMENTAL
    SERVICES, INC., an Alaska Corporation,
 6
        Counterclaim Defendant.
 7  _____
    Brechan Enterprises, INC., an Alaska
 8  corporation,
 9      Third-Party Plaintiff,
10  vs.
11  COFFMAN ENGINEERS, INC, a Washington
    Corporation.
12
        Third-Party Defendant.
13  _____
    Absolute Environmental Services
14  INC., an Alaska Corporation,
15      Plaintiff/Cross-claimant,
16  vs.
17  COFFMAN ENGINEERS INC., a Washington
    Corporation.
18
        Third-Party Defendant.
19  _____
    Case No. A-03-0199CV (RRB)
20
21
22
23
24
25
```

## Page 3

```
 1
 2
 3
 4
 5
 6
 7       DEPOSITION OF DAVID OLSON
 8         Pages 1-128, inclusive
 9         Commencing at 9:12 a.m.
10            Friday, June 9, 2006
11             Anchorage, Alaska
12
13
14
15
16
17
18         Alaska Stenotype Reporters
              511 West Ninth Avenue
19           Anchorage, AK 99501-3520
              Serving Alaska Since 1953
20
21
22  Rick D. McWilliams, RPR, Ret.   Telephone 907.276.1680
    Fred M. Getty, RPR, Ret.    Email AkSteno@aol.com
23            Fax 907.276-8016
24
25
```

## Page 4

```
 1       UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF ALASKA
 2
    ABSOLUTE ENVIRONMENTAL
 3  SERVICES, INC., an Alaska Corporation
 4      Plaintiff,
 5  vs.
 6  FORREST J. MCKINLEY, an individual,
    d/b/a "Imperial Industrial Coatings" and
 7  EMERCO, INC., a California Corporation,
    d/b/a/ Imperial Industrial Coatings, BRECHAN
 8  ENTERPRISES, INC., an Alaska Corporation;
    and SAFECO INSURANCE COMPANY OF
 9  AMERICA, a washington Corporation.
10      Defendants.
11  EMERCO, INC., a California corporation d/b/a
    Imperial Industrial Coatings, and the States for
12  Use and benefit of EMERCO, INC.,
13  Counterclaimant/Third-party Claimant,
14  v.
15  Absolute Environmental Services
    INC., an Alaska corporation, et al.,
16
    Cross-defendants/Third-party Defendants.
17  _____
    THE UNITED STATES OF AMERICA for
18  The use and benefit of ABSOLUTE
    ENVIRONMENTAL SERVICES, INC., an
19  Alaska Corporation,
20      Plaintiff,
21  vs.
22  SAFECO INSURANCE COMPANY OF
    AMERICA, a Washington Corporation.
23
        Defendants.
24  _____
25
```

## Page 5

```
 1  _____
    Brechan Enterprises, INC., an Alaska
 2  Corporation,
 3      Counterclaim Plaintiff,
 4  vs.
 5  ABSOLUTE ENVIRONMENTAL
    SERVICES, INC., an Alaska Corporation,
 6
        Counterclaim Defendant.
 7  _____
    Brechan Enterprises, INC., an Alaska
 8  corporation,
 9      Third-Party Plaintiff,
10  vs.
11  COFFMAN ENGINEERS, INC, a Washington
    Corporation.
12
        Third-Party Defendant.
13  _____
    Absolute Environmental Services
14  INC., an Alaska Corporation,
15      Plaintiff/Cross-claimant,
16  vs.
17  COFFMAN ENGINEERS INC., a Washington
    Corporation.
18      Third-Party Defendant.
19  Case No. A-03-0199CV (RRB)
20      DEPOSITION OF DAVID OLSON, taken on behalf of the
21  Defendants, pursuant to notice, at the Law Offices of
22  Perkins, Coie, 1029 West Third Avenue, Suite 300
23  Anchorage, Alaska, before Rosie S. Scott, Certified
24  Shorthand Reporter for Alaska Stenotype Reporters and
25  Notary Public for the State of Alaska.
```

### Page 38

1  Q. December 31st.
2  A. A million dollars less than it was valued at on
3  August 7th of 2003.
4  Q. There was some kind of valuation?
5  A. Plus or minus.
6  Q. You did some kind of valuation of Absolute
7  Environmental Services on August 7th, 2003?
8  A. I believe the business valuation that was
9  performed by my expert witness was based on the value of
10 Absolute Environmental Services prior to the overwhelming
11 losses it suffered on the cargo pier.
12 Q. Okay.
13 A. As a result of your client's actions.
14 Q. And do you have any basis to agree or disagree
15 with Mr. Rulien's report?
16 A. Agree or disagree?
17 Q. Yeah.
18 A. I agree with Mr. Rulien's report.
19 Q. Without that report, do you have sufficient
20 knowledge to put a reasonably accurate value on Absolute
21 Environmental Services?
22 A. I'm sorry, repeat the question.
23 Q. Without Mr. Rulien's report do you have
24 sufficient knowledge and background to put a reasonably
25 accurate value on Absolute Environmental Services' worth?

### Page 39

1  A. You'd have to define value.
2     MR. MARSTON: Objection. Vague.
3     THE WITNESS: I don't have an accounting
4  background, and I don't have a -- I've never done a
5  business valuation of any business before. You know,
6  that number doesn't take into account what people refer
7  to as blue sky. I would think that Absolute is worth
8  more than what's stated possibly as for potential future
9  worth of it, as opposed to actual at that moment worth.
10 BY MR. NIST:
11 Q. What about currently? Do you have any idea
12 about Absolute Environmental Services current worth?
13    MR. MARSTON: Calls for a yes or no answer.
14    THE WITNESS: Do I have a knowledge of its
15 current worth?
16 BY MR. NIST:
17 Q. Yes.
18 A. No.
19    (Exhibit 1 marked.)
20 BY MR. NIST:
21 Q. Mr. Olson, you've been handed what's been
22 marked as Exhibit 1 to Volume 2 of this deposition. Do
23 you recognize this document, sir?
24 A. I believe this to be part of Mr. Rulien's
25 expert report.

### Page 40

1  Q. Have you ever read this document before today?
2  A. I believe I have.
3  Q. Exhibit E appears to be net asset valuation of
4  Absolute Environmental Services. Do you agree with that?
5  A. It appears to be that?
6  Q. Yes.
7  A. That's what it says at the bottom, yes.
8  Q. And it says there's a total net asset value of
9  about $1,642,000?
10    MR. MARSTON: Objection. Document speaks for
11 itself.
12 BY MR. NIST:
13 Q. Would you agree with that?
14    MR. MARSTON: Same objection.
15    THE WITNESS: I agree with the number that's at
16 the bottom of the page $1,642,506.
17 BY MR. NIST:
18 Q. Can you say -- do you have any basis to
19 disagree with the assertion that the total net asset
20 value as of December 31st, 2003, of Absolute
21 Environmental Services was $1,642,506?
22 A. Do I have any reason to disagree with that?
23 Q. Yes.
24 A. No.
25 Q. And I'm looking at the top here. It says -- it

### Page 41

1  lists Absolute Environmental Services current assets; is
2  that correct?
3  A. Yes, it does.
4  Q. And it looks like there was some kind of
5  adjustment taken for the loss on the cargo wharf project
6  for $748,126; is that correct?
7     MR. MARSTON: Are you asking whether it looks
8  like that? I object to the form of the question because
9  you're asking him if it looks to you as if there was a
10 loss taken on that. So that's an improper question for
11 him.
12    THE WITNESS: Given I don't have a background
13 in accounting, and given the fact that Mr. Rulien
14 prepared the report, he would be a better one to ask on
15 it. But that appears to be -- what is your question
16 again?
17    MR. MARSTON: Objection. Lack of foundation.
18    THE WITNESS: An adjustment was made to this.
19 BY MR. NIST:
20 Q. Okay. Can you say if it was $748,126 or not?
21    MR. MARSTON: Objection. Lack of foundation.
22    THE WITNESS: It appears that the fair market
23 value adjustment is $748,126.
24 BY MR. NIST:
25 Q. And was that related to the cargo wharf

```
 1                    REPORTER'S CERTIFICATE
 2        I, ROSIE S. SCOTT, CSR, hereby certify:
 3        That I am a Certified Shorthand Reporter
 4   for Alaska Stenotype Reporters and Notary Public for the
 5   State of Alaska; that the foregoing proceedings were
 6   taken by me in computerized machine shorthand and
 7   thereafter transcribed by me; that the transcript
 8   constitutes a full, true and correct record of said
 9   proceedings taken on the date and time indicated therein.
10        Further, that I am a disinterested person to
11   said action.
12        IN WITNESS WHEREOF, I have hereunto
13   subscribed my hand and affixed my official seal this
14   28th day of July, 2006.
15
16
17
18
19        ROSIE S. SCOTT
          Certified Shorthand Reporter
20        My Commission Expires
          8/16/08
21
22
23
24
25
```