Terry R. Marston, *pro hac vice,* terry@mhf-law.com
Jami K. Elison, *pro hac vice,* jamie@mhf-law.com
MARSTON HEFFERNAN FOREMAN, PLLC
16880 N.E. 79th Street
Redmond, Washington 98052
(425) 861-5700

PAUL J. NANGLE & ASSOCIATES
Kerry Building
101 Christensen Drive
Anchorage, Alaska 99501
Telephone: (907) 274-8866

Attorney for Plaintiff ABSOLUTE ENVIRONMENTAL SERVICES, INC.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>FORREST J. MCKINLEY, an individual, d/b/a "Imperial Industrial Coatings" and EMERCO, INC., a California Corporation, d/b/a Imperial Industrial Coatings, BRECHAN ENTERPRISES, INC., an Alaska corporation; and SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation.<br><br>Defendants.<br><br>EMERCO, INC., a California corporation d/b/a Imperial Industrial Coatings, and the States for Use and Benefit of EMERCO, INC.,<br><br>Counterclaimant/Third-party Claimant,<br><br>v.<br><br>ABSOLUTE ENVIRONMENTAL SERVICES INC., an Alaska corporation, et al.,<br><br>Cross-defendants/Third-party Defendants. | Case No.: A03-0199CV (RRB)<br><br>**PLAINTIFF ABSOLUTE'S MOTION TO COMPEL DEFENDANT BRECHAN ENTERPRISES, INC. TO RESPOND TO DISCOVERY REQUESTS** |

| | |
|---|---|
| 1  THE UNITED STATES OF AMERICA *for the use and benefit of* ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, | ) ) ) ) ) |
| 3 | ) |
| 4          Plaintiff,<br>     vs. | ) ) ) |
| 5 | ) |
| 6  SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation. | ) ) ) |
| 7          Defendants. | ) ) |
| 8 _____<br>BRECHAN ENTERPRISES, INC., an Alaska corporation, | ) ) ) |
| 10          Counterclaim Plaintiff,<br>     vs. | ) ) ) |
| 11 | ) |
| 12  ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, | ) ) ) |
| 13          Counterclaim Defendant. | ) ) |
| 14  BRECHAN ENTERPRISES, INC., an Alaska corporation, | ) ) ) |
| 15 | ) |
| 16          Third-Party Plaintiff,<br>     vs. | ) ) ) |
| 17  COFFMAN ENGINEERS, INC, a Washington Corporation. | ) ) ) |
| 18          Third-Party Defendant. | ) ) |
| 19 _____<br>ABSOLUTE ENVIRONMENTAL SERVICES INC., an Alaska Corporation, | ) ) ) |
| 20 | ) |
| 21          Plaintiff/Cross-claimant,<br>     vs. | ) ) ) |
| 22 | ) |
| 23  COFFMAN ENGINEERS, INC, a Washington Corporation. | ) ) ) |
| 24          Third-Party Defendant. | ) ) |

25

26

PLAINTIFF ABSOLUTE'S MOTION TO COMPEL DEFENDANT BRECHAN ENTERPRISES, INC.
TO RESPOND TO DISCOVERY REQUESTS
Case No. A03-0199CV (RRB)-- 2

## I. INTRODUCTION & RELIEF REQUESTED

Plaintiff Absolute Environmental Services, Inc. conferred in good faith with Defendant Brechan Enterprises, Inc. to obtain certain documents Brechan refuses to produce in response to Plaintiff's Requests for Production. (See **Exhibit A** to accompanying Declaration of Terry R. Marston). Absolute respectfully moves for an order compelling Brechan to produce the requested documents.

## II. FACTS

Plaintiff Absolute Environmental Services, Inc. ("Absolute") joined Defendant Brechan Enterprises, Inc. ("Brechan") in this lawsuit after newly discovered information showed that Brechan knew of concealed conditions but did not disclose them to Absolute. Brechan's financial status is part of this story. The concealed conditions had an "enormous" impact on the cost of the work for the Cargo Wharf Maintenance project at the Kodiak Coast Guard Station. See Marston Decl. in support of Plaintiff's Unopposed Motion To Join Parties, Amend Complaint, and Extend Discovery ("Motion to Join Parties") at pages 3-5. Brechan's financial records will corroborate the timing of certain events and will also show motives and consequences of actions taken by Brechan.

The Coast Guard's Facilities Design and Construction Center in Seattle ("USCG") awarded Brechan a "job order contract" (JOC) to provide construction services for the Kodiak Coast Guard Station on an as-needed basis. Under the JOC contract, the USCG negotiated individual construction contracts with Brechan without competitive bidding. The individual construction contracts awarded under the JOC were referred to as "Task Orders" and were assigned consecutive "Task Order Numbers." Brechan's Task Order No. 0007 was to perform maintenance on the "Cargo Wharf" at the Coast Guard Station. The Task Order obligated

Brechan to perform both the design and construction work for the project. (Such a contract is referred to as a "design/build" contract within the construction industry.) Under the terms of the Task Order, Brechan's design was required to extend the service life of the Cargo Wharf by twenty-five years.

Brechan awarded Swalling Construction Company, Inc. ("Swalling") the subcontract to perform coating maintenance to the wharf's piles. Swalling encountered extensive defective concealed conditions and brought them to the attention of Brechan and their design professional Coffman Engineers, Inc. ("Coffman"). Brechan proposed a modification to its contract with the United States Coast Guard. The modification was ultimately denied. Swalling left the job and Absolute replaced them to complete Phase II of the Wharf Maintenance project. Brechan withheld from Absolute information about the hidden defective welds and problems Swalling had with coating the piles. (See Marston Decl. in support of Motion to Join Parties, ¶¶7-9, 29).

Brechan has denied Absolute's requests for production of Brechan's financial statements and tax returns for 2002, 2003, and 2004, Requests for Production Nos. 6 and 7. (See **Exhibit B** to Marston Decl.). After conferring in good faith pursuant to a Fed.R.Civ.P. 37 Conference, Brechan maintained its objections for Requests for Production Nos. 6 and 7. Requests for Production Nos. 8-11 were also denied by Brechan, which denial was maintained in the Fed.R.Civ.P. 37 Conference. Those requests of Nos. 8-11 will lead to admissible evidence about the chronology of key events in relation to Brechan's financial position and also about the methods and practices of Brechan with respect to its dealings with the Coast Guard and subcontractors on Coast Guard projects. All the documents in Nos. 6-11 are critical to Absolute's claim that Brechan fraudulently mislead Absolute with respect to the Cargo Wharf project and demonstrate Brechan's exaggerated profit margins on United State's Coast Guard projects.

Absolute maintains its requests for Nos. 6-11 in this motion to compel Brechan's compliance with discovery.

### III.  ISSUE

Defendant failed to provide information in response to discovery requests pertaining to the Kodiak Cargo Wharf Maintenance project. Should the court compel Defendant to fulfill Plaintiff's Requests for Production?

### IV.  EVIDENCE RELIED UPON

This motion is based upon the files and pleadings herein, the accompanying Declaration of Terry R. Marston.

### V.  AUTHORITY

Pursuant to FRCP 26, 34 and 37 Plaintiff has requested discovery pertaining to the scope of the Delivery Order number 0007, the first phase of the Cargo Wharf Maintenance project.

FRCP 34(b) provides:

> The party upon whom the request is served shall serve a written response within 30 days after the service of the request… The party submitting the request may move for an order under rule 37(a) with respect to any objection or other failure to respond to the request or any party thereof, or any failure to permit inspection as requested.

FRCP 37 provides:

> **(a) Motion for Order Compelling Disclosure or Discovery.** (2) (B) …If a party, in response to a request for inspection or if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action.

Further, FRCP 37(a)(4)(A) establishes:

> (4) Expenses and Sanctions.

(A) If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall,... require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees...

Accordingly, Plaintiff is entitled to its reasonable expenses incurred in making the motion, including attorney's fees.

## VI.  PROPOSED ORDER

A proposed form of an order is served with this motion, the original of which is included with the working papers for the Court. The proposed order has not been filed with the Clerk.

## VII.  CONCLUSION

The final statement and tax returns for 2002, 2003, and 2004 are necessary to show Brechan's practices with respect to the Coast Guard and its subcontractors. Brechan must be compelled to produce relevant documents because it has chosen not to comply with the Federal Rules of Civil Procedure. Therefore, Absolute respectfully requests the Court to grant its motion and award Absolute the fees it was forced to incur in bringing this motion.

DATED this ___4___ day of August, 2006.

MARSTON HEFFERNAN FOREMAN, PLLC

By _____
Terry R. Marston II, WSBA No. 14440
Jami K. Elison, WSBA No. 31007
Attorneys for Plaintiff Absolute Environmental Service, Inc.

## CERTIFICATE OF SERVICE

The undersigned certifies under penalty of perjury, under the laws of the State of Washington that I am now and at all times herein mentioned, a resident of the State of Washington, over the age of 18 years, not a party to or interested in the above-entitled action, and competent to be a witness herein.

On the date given below, a true and correct copy of the following:

1. PLAINTIFF ABSOLUTE'S MOTION TO COMPEL DEFENDANT BRECHAN ENTERPRISES, INC. TO RESPOND TO DISCOVERY REQUESTS;
2. DECLARATION OF TERRY R. MARSTON;
2. [Proposed] ORDER GRANTING MOTION TO COMPEL DEFENDANT BRECHAN ENTERPRISES, INC., TO RESPOND TO DISCOVERY REQUESTS

were electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| James B. Stoetzer<br>Lane Powell Spears Lubersky<br>1420 Fifth Avenue, Suite 4100<br>Seattle, WA 98101<br>*Atty for Coffman* | Jacob Nist<br>Perkins Coie, LLP<br>1029 West Third Avenue, Suite 300<br>Anchorage, AK 99501<br>*Atty for Brechan and Safeco* |
| Robert J. Dickson<br>Atkinson, Conway & Gagnon, Inc.<br>420 L Street, Suite 500<br>Anchorage, AK 99501<br>*Atty for Specialty Polymer Coatings* | Peter Partnow<br>Lane Powell Spears Lubersky<br>301 W. Northern Lights Boulevard<br>Suite 301<br>Anchorage, Alaska 99503<br>*Atty for Coffman* |
| Eric J. Brown, Esq.<br>Jermain Dunnagan & Owens, P.C.<br>3000 A Street, Suite 300<br>Anchorage, AK 99503-4097<br>*Atty for Forrest McKinley and Emerco* | Mr. William Baerg<br>Patrick Duffy<br>Monteleone & McCrory, LLP<br>725 South Figueroa Street, Suite 3750<br>Los Angeles, CA 90017-5446<br>*Atty for Forrest McKinley and Emerco* |

SIGNED at Redmond, Washington this ___ day of August, 2006.

_____
Kristy L. Martyn