# EXHIBIT B

u-14

RECEIVED
APR 17 2006
PERKINS COIE
ANCHORAGE

James B. Stoetzer, ASBA No. 7911130
Peter C. Partnow, ABSA No. 7206029
LANE POWELL PC
301 West Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone: 907.277.9511
Facsimile: 907.276.2631

Attorneys for Coffman Engineers, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation,<br><br>    Plaintiff,<br><br>v.<br><br>FORREST J. MCKINLEY, an individual, d/b/a "Imperial Industrial Coatings" and EMERCO, INC., a California Corporation, d/b/a Imperial Industrial Coatings, BRECHAN ENTERPRISES, INC., an Alaska corporation; and SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation.<br><br>    Defendants. | Case No. A03-0199CV (RRB)<br><br>**PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT COFFMAN ENGINEERS AND RESPONSES THERETO** |
| EMERCO, INC., a California corporation d/b/a Imperial Industrial Coatings, and the States for Use and Benefit of EMERCO, INC.,<br><br>    Counterclaimant/Third-party Claimant,<br><br>v.<br><br>ABSOLUTE ENVIRONMENTAL SERVICES INC., an Alaska corporation, et al.,<br><br>    Cross-defendants/Third-party Defendants. | |

**EXHIBIT B**

*(Left margin: LANE POWELL LLC, 301 W. Northern Lights Blvd., Suite 301, Anchorage, Alaska 99503-2648, Telephone 907.277.9511 Facsimile 907.276.2631)*

THE UNITED STATES OF AMERICA *for the use and benefit of* ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation,

        Plaintiff,

v.

SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation,

        Defendants.

BRECHAN ENTERPRISES, INC., an Alaska corporation,

        Counterclaim Plaintiff,

v.

ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation,

        Counterclaim Defendant.

BRECHAN ENTERPRISES, INC., an Alaska corporation,

        Third-Party Plaintiff,

v.

COFFMAN ENGINEERS, INC, a Washington Corporation.

        Third-party Defendant.

ABSOLUTE ENVIRONMENTAL SERVICES INC., an Alaska Corporation,

        Plaintiff/Cross-claimant,

v.

COFFMAN ENGINEERS, INC, a Washington Corporation.

        Third-party Defendant.

**LANE POWELL LLC**
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511 Facsimile 907.276.2631

PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT COFFMAN ENGINEERS
Case No. A03-0199CV (RRB)    Page 2 of 10
011680.0076/1279198.1

TO:        Coffman Engineers, Inc.
           c/o James B. Stoetzer & Peter Partnow, counsel for Coffman Engineers, Inc.

AND TO:    All Counsel of Record

Pursuant to the Federal Rules of Civil Procedure 33, you are required to answer and respond to the following Interrogatories, under oath, within 30 days of this date. Your responses shall be served at the offices of Marston Heffernan Foreman, PLLC, 16880 N.E. 79th Street, Redmond, Washington 98052-4424.

## MATTERS OF GENERAL APPLICATION AND DEFINITIONS

1. The response to each Discovery Request shall include all responsive information in the answering party's care, custody or control, including without limitation, information in the care, custody or control of companies or organizations retained by or affiliated with the answering party such as consultants, accountants, attorneys, and other agents.

2. In response to each Interrogatory or Discovery Request, if you do not answer in whole or in part because you are unable to do so, identify each person you believe has information regarding the subject of the Interrogatory or Discovery Request.

3. If any documents meeting any specific Discovery Request have been produced in the materials identified in your FRCP 26 "Initial Disclosures," please identify those documents by Bates Control number, and do not physically produce additional copies.

4. "Conversations," as used herein, refers to any manner of oral communication regardless of the medium by which such communication occurred.

5. "Identify," as used herein, means to describe and define with particularity and precision.

6. "You," "your," or "the answering party," as used herein, means the party to whom these Discovery Requests are addressed and all associated or affiliated persons, companies, or entities and their agents, assigns, and attorneys.

7. The term "Project," as used herein, refers to all aspects of the design, bidding, and construction of the construction Project out of which this lawsuit has arisen, generally known as the Wharf Piling Coating project at the United States Coast Guard Facility at Kodiak Island, Alaska.

8. "Person," as used herein shall be understood to mean any individual or entity, such as a corporation, partnership, or other organization.

9. "Personnel" or "representative" includes present and past employees, officers, agents, directors, and principals of the answering party and independent parties employed, hired, or retained by him.

LANE POWELL LLC
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511   Facsimile 907.276.2631

PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT COFFMAN ENGINEERS
Case No. A03-0199CV (RRB)                                      Page 3 of 10
011680.0076/1279198.1

10. Where identification of a document is required, state: the date; the exact title; the general subject matter of the document; the name of the author, his business affiliation presently and at the time the document was prepared, and his last known address; the name, business affiliation, presently and at the time he received the document, and the last known address of the addressee; the name, business affiliation, presently and at the time of the preparation of document, and the last known address of every person or organization to whom a copy of the document was to be sent, other than the addressee described above; the names and addresses of all persons who now have the original and any copies; the identification and location of the files where the original and each copy is normally or presently kept and the custodian thereof; and whether such document will be made available for inspection without a motion to produce.

11. The term "documents" as used here means any written information (regardless of the medium upon which it is written) in the care, custody or control of the answering party, and whether or not claimed to be privileged or exempt from production for any reason, including, but not limited to, letters, reports, agreements, communications (including intra-company communications), correspondence, telegrams, memoranda, summaries of records of personal conversations, formal or informal notes, diaries, forecasts, photographs, tape recordings, computer data, models, statistical statements, graphs, laboratory and engineering reports and notebooks, charts, plans, drawings, minutes or records of conferences, expressions or statements of policy, lists of persons attending meetings or conferences, reports and/or summaries of interviews, reports and/or summaries of investigations, opinions or reports of consultants, appraisals, records, reports or summaries of negotiations, brochures, pamphlets, advertisements, circulars, trade letters, press releases, drafts of any document, revision of drafts of any documents, invoices, receipts, and original or preliminary notes. Any comment or notation appearing on or affixed to any document is to be considered a part of the "document."

12. "Pertaining to," as used in these discovery requests, means pertinent, relevant or material to, pertaining to, having a bearing on, or concerning, affecting, discussing, dealing with, considering or otherwise relating to in any manner whatsoever, the subject matter of inquiry.

13. In producing documents, you are required to furnish all copies known or available to you regardless of whether these documents are possessed by you or your agents, employees, and representatives, investigators, or by your attorney or their agents, employees, representatives, or investigators.

14. If you object to any discovery requests, state the reasons for the objection, and identify each person having knowledge of the factual bases for the objection. If the objection is to the production of a document, identify its date, subject matter, and the names of the author(s), addressee(s), recipient(s), and other person(s) who have had access to the document.

15. These discovery requests shall be deemed to be continuing pursuant to Civil Rule 26(3). Additional responsive information you acquire after providing your initial responses to these requests shall be promptly provided in the form of supplemental responses.

16. Words in the masculine gender include the feminine and neuter.

17. The singular number includes the plural and the plural the singular.

LANE POWELL LLC
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT COFFMAN ENGINEERS
Case No. A03-0199CV (RRB)                                     Page 4 of 10
011680.0076/1279198.1

## INTERROGATORIES

**INTERROGATORY NO. 1:** Identify the (non-lawyer) representative(s) of Coffman Engineers, Inc. (CEI) who provided the responses to the following discovery requests and which discovery request(s) each provided information for.

**RESPONSE:** Dan Stears and Jerry Hardenbergh provided input and information with regard to responses to each of the interrogatories below.

**INTERROGATORY NO. 2:** Identify each revision from the June 21, 2001 version of the coating specifications (§ 09967) reflected in the November 26, 2002 version of the coating specification, including why each revision was made.

**RESPONSE:** Objection. Vague and overly broad. Moreover, the revisions from the June 21, 2001 specification reflected in the November 26, 2002 version can be identified by plaintiff by comparing the two versions.

Without waiving these objections, Coffman responds as follows: In general, the revisions to the June 21, 2001 specification as reflected in the November 26, 2002 specification were made at the request of the United States Coast Guard ("USCG") and Brechan Enterprises, Inc. ("Brechan"). The overall goal was to revise the specification to include Addendum 1 and Paragraph 2(b) from Modification 5 from the Phase I scope of work. Additionally, comments from the USCG and Brechan were incorporated into the November 26, 2002 specification. Specific revisions to meet these general goals included, but were not limited to, the following:

- The revised specification defined the extent of the coating application requirements for locations near or on the shore.
- The revised specification relaxed the requirement to remove large rocks.
- Removed references to work regarding the dock extension in order to avoid confusion.
- Deleted "applicable standards" referenced in the Phase I specification that were not needed in the Phase II specification.

LANE POWELL LLC
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511 Facsimile 907.276.2631

- Minor editorial changes were made to the specification, which was relaxed to eliminate the requirement of submittals regarding descriptions of the equipment to be used.
- The revised specification deleted references to other alternative coating systems specified in the Phase I specification in order to provide uniformity throughout the dock structure. However, the "approved equal" clause was incorporated into the specification to provide consideration for alternative systems.
- The method for testing soluble salts was revised to reflect the method used during Phase I.
- The revised specification deleted the requirement for seal welding of non-structural members and relaxed the requirement to allow caulking and/or removal of abandoned non-structural members.
- Revised the minimum, maximum and average coating thickness for dry film thickness.

**INTERROGATORY NO. 3:** Explain why CEI retained a "holiday-free" standard in the November 26, 2002 version of the coating specifications when Dan Stears and/or Jerry Hardenbergh had expressed the opinion that it was not possible (or practicable) to achieve a "holiday-free" coating.

**ANSWER:** Objection. Vague. Without waiving this objection, Coffman answers as follows: The specification did not reference a "holiday-free" requirement. Holiday testing was to comply with NACE RP0188 and the manufacturer's approved testing procedures pursuant to specification sections 1.5.7 and 3.5.8.10. Pursuant to specification 3.5.8.10, the voltage setting was to be set for the actual thickness of the coating being tested. Holidays detected using this threshold limit were to be repaired.

The Phase I contractor submitted a coatings plan and agreed to a voltage setting in accordance with the coating manufacturer's standards of 100V/mil. All holidays or defects identified by this voltage threshold were agreed to be repaired. In Jerry Hardenbergh's October 30, 2001 memo to the USCG, it was acknowledged that a holiday-free coating using the agreed upon voltage

LANE POWELL LLC
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511 Facsimile 907.276.2631

threshold would be difficult to obtain at the H-pile splice locations in Bents 1 through 5. In that area, poor welding workmanship issues were prevalent. Those issues included cracked welds, missing structural welds, excessive weld undercut, and weeping structural welds. However, the workmanship and weld quality substantially improved after Bent 5, as was acknowledged by the Phase I coating contractor.

The Phase II contractor, contrary to specification section 1.5.7.1, did not submit an acceptable coatings plan. Consequently, it was agreed by Absolute and Imperial that the Phase I holiday testing procedure would be retained in Phase II. However, in Phase II a relaxed threshold standard of 5KV (50 mils) was allowed. Had this relaxed threshold standard not been allowed, additional defects would have been identified, necessitating additional repairs. This is particularly true in light of the fact that Absolute and Imperial in numerous areas applied coatings greater than 100 mils in thickness.

**INTERROGATORY NO. 4:** Explain why CEI retained a "holiday-free" standard in the November 26 version of the coating specifications when, at the February 8th meeting in Anchorage with BEI and Swalling, CEI agreed that a zero-holiday standard was not necessary to achieve a 25-year service life for the Cargo Wharf coating system.

**ANSWER:** Objection. Duplicative. Without waiving this objection, see answer to Interrogatory No. 3.

**INTERROGATORY NO. 5:** What were the "lessons learned" Dan Stears mentioned in his email to Matt Holmstrom on November 26, 2002?

**ANSWER:** The "lessons learned" referred to in Dan Stears' November 26, 2002 email to Matt Holmstrom and Andy Brown were previously identified in Mr. Stears' email to matt Holmstrom dated November 24, 2002. Items 2A through 2F of that email, and the understanding that Brechan was responsible for welding in Phase II, were the "lessons learned." In summary, those "lessons" included the following:

LANE POWELL LLC
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511 Facsimile 907.276.2631

- The removal of large rocks was unnecessary.
- The definition of the extent of the coating application requirements located near or on the shore were to be included in the Phase II specification.
- Removal from the Phase II specification of references regarding the dock extension was appropriate in order to avoid confusion.
- Some of the "applicable standards" referenced in the Phase I coating specification were unnecessary in the Phase II coating specification.
- References to other alternative coating systems specified in the Phase I specification were deleted in order to provide uniformity throughout the dock structure.
- The method for testing soluble salts needed to be revised to reflect the method used in Phase I.
- Because the 100% containment requirement in the Phase I specification involved significant costs, the USCG was requested to review that requirement to determine if it could be relaxed in order to reduce Phase II coating application costs. The USCG determined that 100% containment was requirement.
- The Phase I requirement for seal welding could be deleted in connection with non-structural members and the specification relating to allowing caulking and/or the removal of non-structural members could be relaxed.

DATED this __9th__ day of March, 2006.

MARSTON HEFFERNAN FOREMAN, <sup>PLLC</sup>

By _____
Terry R. Marston II, WSBA No. 1440
Jami K. Elison, WSBA No. 31007
Attorneys for Plaintiff Absolute Environmental Service, Inc.

LANE POWELL LLC
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511 Facsimile 907.276.2631

## ATTORNEY'S CR 26 CERTIFICATION

The undersigned has read the foregoing responses to plaintiff Absolute Environmental's First Interrogatories to third-party defendants Coffman Engineers and certifies said responses are in compliance with FRCP 26(g).

DATED this 14th day of April, 2006.

LANE POWELL PC

By _____
Peter Partnow ABA # 7206029
James B. Stoetzer ABA # 7911130
Attorneys for Third-Party Defendant
Coffman Engineers

### AFFIDAVIT

STATE OF ALASKA     )
                    ) ss.
COUNTY OF _____ )

C. Dan Stearns, being first duly sworn, on oath deposes and says:

That he is the Principal for Coffman Engineers, third-party defendants in the above-entitled matter, and as such is authorized to sign on behalf of said corporation, has read the foregoing answers to plaintiffs first Interrogatories, knows the contents thereof, and believes the same to be true to his knowledge and belief.

_____

SUBSCRIBED AND SWORN TO before me this 20 day of April, 2006.

[Printed Name] Heather Lynn Lewis
NOTARY PUBLIC in and for the State of Alaska,
residing at Anchorage
My Commission Expires: 9-13-06

OFFICIAL SEAL
STATE OF ALASKA
NOTARY PUBLIC
HEATHER LYNN LEWIS
My Comm. Expires: 9-13-06

LANE POWELL LLC
301 W. Northern Light, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511 Facsimile 907.276.2631

PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT COFFMAN ENGINEERS
Case No. A03-0199CV (RRB)                                    Page 9 of 10
011680.0076/1279198.1

## CERTIFICATE OF SERVICE

The undersigned certifies under penalty of perjury, under the laws of the State of Washington that I am now and at all times herein mentioned, a resident of the State of Washington, over the age of 18 years, not a party to or interested in the above-entitled action, and competent to be a witness herein.

On the date given below I caused to be served in the manner noted copies of the following upon designated counsel:

1. PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT COFFMAN ENGINEERS

| | |
|---|---|
| *VIA U.S. Mail* <br> Eric J. Brown, Esq. <br> Jermain Dunnagan & Owens, P.C. <br> 3000 A Street, Suite 300 <br> Anchorage, AK 99503-4097 <br> *Atty for Forrest McKinley and Emerco* | *VIA U.S. Mail* <br> Jacob Nist <br> Perkins Coie, LLP <br> 1029 West Third Avenue, Suite 300 <br> Anchorage, AK 99501 <br> *Atty for Brechan and Safeco* |
| *VIA U.S. Mail* <br> Mr. William Baerg <br> Patrick Duffy <br> Monteleone & McCrory, LLP <br> 725 South Figueroa Street, Suite 3750 <br> Los Angeles, CA 90017-5446 <br> *Atty for Forrest McKinley and Emerco* | *VIA U.S. Mail* <br> Peter Partnow <br> Lane Powell PC <br> 301 W. Northern Lights Boulevard Suite 301 <br> Anchorage, Alaska 99503 <br> *Atty for Coffman* |
| *VIA U.S. Mail* <br> James B. Stoetzer <br> Lane Powell PC <br> 1420 Fifth Avenue, Suite 4100 <br> Seattle, WA 98101 <br> *Atty for Coffman* | *VIA U.S. Mail* <br> Robert J. Dickson <br> Atkinson, Conway & Gagnon, Inc. <br> 420 L Street, Suite 500 <br> Anchorage, AK 99501 <br> *Atty for Specialty Polymer Coatings* |

SIGNED at Redmond, Washington this __9th__ day of March, 2006.

_____
Kristy L. Martyn

LANE POWELL LLC
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT COFFMAN ENGINEERS
Case No. A03-0199CV (RRB)    Page 10 of 10
011680.0076/1279198.1

I certify that on April 14, 2006, a copy
of the foregoing was served by mail on:

Paul J. Nangle, Paul J. Nangle & Associates
101 Christensen Dr, Anchorage, AK 99501

Richard R. Roland, Terry R. Marston II
Marston Heffernan & Foreman
16880 NE 79th St., Redmond, WA 98052

Eric J. Brown, Jermain, Dunnagan & Owens
3000 A St., Ste. 300, Anchorage, AK 99503

Michael Kreger, Jacob Nist, Perkins Coie
1029 W 3rd Ave, Ste 300, Anchorage, AK 99501

Robert J. Dickson, Atkinson, Conway & Gagnon
420 L St, Ste 500, Anchorage, AK 99501-1924

William R. Baerg, Monteleone & McCrory
725 S. Figueroa St., Ste 3750, Los Angeles, CA 90017

s/Alisa R. Flabel

**LANE POWELL LLC**
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631