Terry R. Marston, *pro hac vice,* terry@mhf-law.com
Jami K. Elison, *pro hac vice,* jamie@mhf-law.com
MARSTON HEFFERNAN FOREMAN, PLLC
16880 N.E. 79th Street
Redmond, Washington 98052
(425) 861-5700

PAUL J. NANGLE & ASSOCIATES
Kerry Building
101 Christensen Drive
Anchorage, Alaska 99501
Telephone: (907) 274-8866

Attorney for Plaintiff ABSOLUTE ENVIRONMENTAL SERVICES, INC.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>FORREST J. MCKINLEY, an individual, d/b/a "Imperial Industrial Coatings" and EMERCO, INC., a California Corporation, d/b/a Imperial Industrial Coatings, BRECHAN ENTERPRISES, INC., an Alaska corporation; and SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation.<br><br>Defendants. | Case No.: A03-0199CV (RRB)<br><br><br><br><br>**DECLARATION OF TERRY R. MARSTON IN SUPPORT OF MOTION TO COMPEL** |
| EMERCO, INC., a California corporation d/b/a Imperial Industrial Coatings, and the States for Use and Benefit of EMERCO, INC.,<br><br>Counterclaimant/Third-party Claimant,<br><br>v.<br><br>ABSOLUTE ENVIRONMENTAL SERVICES INC., an Alaska corporation, et al.,<br><br>Cross-defendants/Third-party Defendants. | |

DECLARATION OF TERRY R. MARSTON IN SUPPORT OF MOTION TO COMPEL
Case No. A03-0199CV (RRB)-- 1

|   |   |
|---|---|
| THE UNITED STATES OF AMERICA *for the use and benefit of* ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, | ) ) ) ) ) |
| Plaintiff, | ) |
| vs. | ) ) |
| SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation. | ) ) ) |
| Defendants. | ) ) |
| BRECHAN ENTERPRISES, INC., an Alaska corporation, | ) ) ) |
| Counterclaim Plaintiff, | ) |
| vs. | ) ) |
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, | ) ) ) |
| Counterclaim Defendant. | ) |
| BRECHAN ENTERPRISES, INC., an Alaska corporation, | ) ) ) |
| Third-Party Plaintiff, | ) |
| vs. | ) ) |
| COFFMAN ENGINEERS, INC, a Washington Corporation. | ) ) ) |
| Third-Party Defendant. | ) ) |
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, | ) ) ) |
| Plaintiff/Cross-claimant, | ) |
| vs. | ) ) |
| COFFMAN ENGINEERS, INC, a Washington Corporation. | ) ) ) |
| Third-Party Defendant. | ) ) |

DECLARATION OF TERRY R. MARSTON IN SUPPORT OF MOTION TO COMPEL
Case No. A03-0199CV (RRB)-- 2

I, Terry R. Marston, declare as follows:

1. I am an attorney for Absolute Environmental Services, Inc. ("Absolute"), plaintiff in the above captioned action. I am competent to testify and base these declarations on personal knowledge.

2. The information contained within this Declaration constitutes my understanding of the facts out of which the present lawsuit has arisen and upon which the associated motion to compel is based.

3. Absolute issued Requests for Production to Brechan Enterprises, Inc. ("Brechan"). Brechan provided its responses and objections. Attached hereto as **Exhibit A** is a true and correct copy of Brechan's Response and Objections to Absolute's First Requests for Production.

4. Pursuant to Fed. R. Civ. P. 37(a)(2), I conferred in good faith with counsel for Brechan, Michael E. Kreger, concerning Brechan's objections. Brechan maintained its objections to Absolute's Request For Production Numbers 6 and 7, regarding financial statements and tax returns for 2002, 2003 and 2004, respectively. Those requests are the documents sought through this motion to compel.

5. I corresponded with counsel for Brechan about receiving all surety bonds issued to Brechan on Cargo Wharf project. Attached hereto as **Exhibit B** is a true and correct copy of an email exchanges concerning the production of the surety bond issued by Safeco to Brechan.

6. Attached hereto as **Exhibit C** is a true and correct copy of a Payment Bond with a Penal Sum limit of $100,000 provided by Brechan.

7. I conferred in good faith with Mike Kreger, counsel to Brechan, about receiving the bonds covering the actual costs of the Cargo Wharf project and Mr. Kreger maintained he

had produced the relevant bond. In the event that there is no new bond document, we requested the rider or accounting that demonstrates any adjustments in the penal sum of the bond. Mr. Kreger declined to agree to produce them.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED this ___4th___ day of August, 2006, at Redmond, Washington.

_____
TERRY R. MARSTON