# Terry R. Marston II

**From:** Terry R. Marston II
**Sent:** Friday, August 04, 2006 4:50 PM
**To:** 'Kreger, Mike (Perkins Coie)'
**Subject:** RE: Brechan/Absolute 08/04/06 Letter from MEKreger to TMarston

Thanks for the letter, Mike. I think we covered that ground in our email exchanges already so I'll spare us both re-hashing everything over again here with these two exceptions:

1. Your comment regarding the absence of Absolute RFPs misses the point. These are documents central to the dispute between Safeco can Absolute and, as such, were required to have been provided by Safeco at the time of lay-down discovery?

2. Do you intend to produce the "rider" or a printout of Safeco's computerized tabulation of BEI's bond amounts?

My present understanding is that you will not. If that is incorrect, please tell me promptly.

-- TRM

-----Original Message-----
From: Kreger, Mike (Perkins Coie) [mailto:MKreger@perkinscoie.com]
Sent: Friday, August 04, 2006 4:42 PM
To: Terry R. Marston II
Subject: FW: Brechan/Absolute 08/04/06 Letter from MEKreger to TMarston


Terry: Here's the letter I said you'd get. Mike.

----

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

# Terry R. Marston II

**From:** Kreger, Mike (Perkins Coie) [MKreger@perkinscoie.com]
**Sent:** Friday, August 04, 2006 4:41 PM
**To:** Terry R. Marston II
**Subject:** RE: Courtesy request

Terry: It doesn't appear we can hammer or type this out before the end of the day, I've got another filing so I'm going to send the letter I mentioned and I assume, you'll file a motion, (although I think, again, there is nothing that we were obliged under CR26 to provide which we haven't, and nothing Absolute requested we haven't properly responded to. ) As to the request for a print out of Safeco's accounting record indicating the requested rider, I'll need to talk with Safeco, which I can't do yet today. As I said, in my humble view, we're in compliance, on the other hand, I have no problem with providing that to you.

-----Original Message-----
**From:** Terry R. Marston II [mailto:terry@mhf-law.com]
**Sent:** Friday, August 04, 2006 3:25 PM
**To:** Kreger, Mike (Perkins Coie)
**Subject:** RE: Courtesy request

> Mike:
> I'm not sure what your asking, but let me respond in this way: I am still not happy with Safeco's denying Absolute documentary confirmation that the amount of an existing bond was increased by a rider. Or an identification of the specific existing bond that it increased. Or by how much. Or documentation demonstrating some rationale for <u>why</u> the bond was only increased by that much, if it was only increased by that much.
>
> Wouldn't I look foolish if it was discovered that Safeco's bond on Brechan's JOC contract was for $3,000,000, not $1,000,000 – and I had never found out because I had simply taken Safeco's attorney's word for it?
>
> -- TRM
>
> **From:** Kreger, Mike (Perkins Coie) [mailto:MKreger@perkinscoie.com]
> **Sent:** Friday, August 04, 2006 4:06 PM
> **To:** Terry R. Marston II
> **Subject:** Courtesy request
> **Importance:** High
>
>
> Terry: Do I still need to put what I've told you by email into a formal letter. I will do so I understood you were going to attach your first email to a motion to compel. Thanks, Mike.
>
> Mike Kreger | Perkins Coie LLP
>
> 907.263.6916 (direct) | 907.276.3108 (fax) mkreger@perkinscoie.com

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.



B 2 of 8

# Terry R. Marston II

**From:** Terry R. Marston II
**Sent:** Friday, August 04, 2006 4:14 PM
**To:** 'Kreger, Mike (Perkins Coie)'
**Subject:** RE: AESI/Brechan - Safeco's Surety Bond Documentation

Mike: See my responses to your responses below.

" Is there then some form of tabulation kept by Safeco that keeps a running tally on the amount of the bond? "

    My understanding is there is an accounting entry in the database.

        Will you provide a complete printout so that I can verify this, as well as the amount of the penal sum of the bond?

" Does Safeco provide the Coast Guard (whether directly or through Brechan) with written confirmation that the bond has been increased -- or even that that request has been received. "

My understanding: Not unless they are asked to do so.

        What is your understanding based on?

" It is inconceivable that Safeco could increase its loss exposure by $1,000,000 and not have it documented. Ditto for the Coast Guard regarding the companion performance bond. "

    No comment, but as I think you know, Safeco doesn't have a loss exposure as I would describe it if its principal's GAI is in place and its indemnitors are solvent.

        By definition, a loss exposure arises in the general sense whenever a surety issues a bond. The probability of that loss exposure being converted to a loss experienced may change over time. But the fundamental exposure of having issued a bond is there from the date of its issuance. (What you're talking about is instead whether Safeco feels the need to establish a loss reserve; that's different.)

" And, if the process is as you say, why wasn't the amount of the bond the same as the amount of the Task Order, $1.4 million. "

    I've assumed this is because that's the amount 's Safeco was asked to add by rider.

        Your assumptions, regardless of your good faith in providing them, are no substitute for the documents themselves -- documents that Absolute is 'absolutely' entitled to.

*B 3 of 8*

-- TRM

**From:** Kreger, Mike (Perkins Coie) [mailto:MKreger@perkinscoie.com]
**Sent:** Friday, August 04, 2006 4:01 PM
**To:** Terry R. Marston II
**Subject:** RE: AESI/Brechan - Safeco's Surety Bond Documentation

-----Original Message-----
**From:** Terry R. Marston II [mailto:terry@mhf-law.com]
**Sent:** Friday, August 04, 2006 2:26 PM
**To:** Kreger, Mike (Perkins Coie)
**Subject:** RE: AESI/Brechan - Safeco's Surety Bond Documentation

Terry

" Is there then some form of tabulation kept by Safeco that keeps a running tally on the amount of the bond? "

My understanding is there is an accounting entry in the data base.

" Does Safeco provide the Coast Guard (whether directly or through Brechan) with written confirmation that the bond has been increased – or even that that request has been received. "

My understanding: Not unless they are asked to do so.

" It is inconceivable that Safeco could increase its loss exposure by $1,000,000 and not have it documented.  Ditto for the Coast Guard regarding the companion performance bond. "

No comment, but as I think you know, Safeco doesn't have a loss exposure as I would describe it  if its principal's GAI is in place and its indemnitors are solvent.

" And, if the process is as you say, why wasn't the amount of the bond the same as the amount of the Task Order, $1.4 million. "

I've  assumed  this  is because that's the amount 's Safeco was asked to add by rider.

Mike



B 4 of 8

8/4/2006

**From:** Kreger, Mike (Perkins Coie) [mailto:MKreger@perkinscoie.com]
**Sent:** Friday, August 04, 2006 3:15 PM
**To:** Terry R. Marston II
**Subject:** RE: AESI/Brechan - Safeco's Surety Bond Documentation

Terry: To the best of my knowledge there is no written rider in Safeco's possession and I have seen none in Brechan's. (If the Coast Guard had asked for a written rider, one might also assume it would have been in their USCG records.) It's my understanding that the way this works is a call comes in from the broker to add the amount of the task order to the existing bond. Mike

**From:** Terry R. Marston II [mailto:terry@mhf-law.com]
**Sent:** Friday, August 04, 2006 1:48 PM
**To:** Terry R. Marston II; Kreger, Mike (Perkins Coie)
**Subject:** RE: AESI/Brechan - Safeco's Surety Bond Documentation

Mike:

One other thing – in addition to the rider itself, I will need a copy of the bond it was amending, if it was not the $100,000 bond attached to Absolute's complaint. Thanks.

-- Terry

**From:** Terry R. Marston II
**Sent:** Friday, August 04, 2006 2:45 PM
**To:** 'Kreger, Mike (Perkins Coie)'
**Subject:** RE: AESI/Brechan - Safeco's Surety Bond Documentation

Mike:

I did in fact review the bond, but its language failed to resolve my unanswered questions. You agreed to contact Safeco to see what further documentation it possessed and it appears as if you have done that as well. How soon can you provide with the rider, I would appreciate the opportunity to stand down on the motion if no motion is required.

-- Terry

**From:** Kreger, Mike (Perkins Coie) [mailto:MKreger@perkinscoie.com]
**Sent:** Friday, August 04, 2006 2:41 PM
**To:** Terry R. Marston II
**Cc:** Nist, Jacob (Perkins Coie)
**Subject:** RE: AESI/Brechan - Safeco's Surety Bond Documentation

B 5 of 8

Terry: At the end of the phone call yesterday you indicated you would review the bond you attached to complaint and alleged was applicable to this project (which we allegation we have admitted) I indicated I would call Safeco to re-confirm that there was no other bond. I have done so, and am preparing a further written response, which you will have within the hour. In short, I have re-confirmed that there is no other bond. The penal sum of the bond for this IDIQ contract was increased by a rider when the task order for Phase 2 was issued. Mike Kreger

**From:** Terry R. Marston II [mailto:terry@mhf-law.com]
**Sent:** Friday, August 04, 2006 12:29 PM
**To:** Kreger, Mike (Perkins Coie)
**Cc:** Nist, Jacob (Perkins Coie)
**Subject:** AESI/Brechan - Safeco's Surety Bond Documentation

Mike:

Yesterday we discussed my long-standing request for a copy of Brechan's surety bond (or equivalent documentation) on Phase 2 of the Cargo Wharf project. After a lengthy discussion with you and your associate Jake Nist, I came to the following conclusions. (I understood you to be in agreement from your comments.)

1. In its Answer to Absolute's Complaint, Safeco has admitted that

   a. Safeco was Brechan's surety on Phase 2 of the Cargo Wharf project,

   b. the bond attached to Absolute's Complaint against Brechan and Safeco is <u>a</u> Safeco bond applicable to Phase 2 of the Cargo Wharf project, and

   c. the penal sum of Safeco's bond on Phase 2 of the Cargo Wharf project is $1,080,847.00.

2. This is still Safeco's position on these points.

3. At the time you prepared Safeco's Answer to Absolute's Complaint, Safeco informed you that $1,080,847.00 was the penal sum of its bond for Phase 2.

4. Safeco did not provide documentation of a penal sum in this amount at the time you prepared Safeco's Answer. You have not seen any documentation of such a penal sum since that time.

5. You, as the attorneys for Safeco (not Safeco itself), do not know <u>one way or the other</u> whether Safeco has any additional bond (or equivalent documentation) for Phase II of the Cargo Wharf project beyond the bond Absolute attached to its Complaint.

B 6 of 8

6. You have not requested Safeco to provide you with the documentation upon which it based its conclusion that the penal sum of its bond for Phase 2 was $1,080,847.00.

7. Not having requested this documentation from Safeco, you have not produced it to Absolute.

8. The bond attached to Absolute's Complaint against Brechan and Safeco recites a penal sum of only $100,000.00. This is less than 1/10th of the sum admitted to by Safeco.

9. You were careful to make sure that I understood that you had no actual knowledge of the basis for the penal sum being $1,080,847.00, then you offered your speculation that the explanation *might* be that the $100,000 bond may have been issued prior to finalizing the price for the Phase 2 Task Order and that the penal sum of the bond increased with the issuance of the Task Order.

At the conclusion of our conversation, I asked you to request the supporting documentation from Safeco for the $1,080,847.00 penal sum (whether from Mr. Echigoshima or his stand-in if he was on vacation) and provide it to me. I explained to you yesterday (and to your associate in my September 15, 2005 email) my view that this was information should have been provided under Safeco's CR 26 ("lay-down") discovery obligations. I also explained to you that I had a vital need for this information, not only to verify the actual penal sum of the bond (which according my understanding of the Miller Act should have been for $1.4 million, not just $1.08 million) but to also confirm the terms of the bond undertaking.

You have filed a motion for summary judgment alleging that Absolute's claim was untimely under the terms of the Miller Act. Irrespective of the merits of that argument, Absolute as a third-party beneficiary of the surety contract is entitled to hold Safeco to its contractual commitments stated in the bond, including subsequent modifications to that bond, itself. Accordingly, Safeco's bond commitment may be broader than the minimum requirements of the Miller Act. In order to prepare a complete response to Safeco's Motion for Summary Judgment, Absolute must have – and is entitled to – each bond issued by Safeco applicable to Phase 2 of the Cargo Wharf project, including modifications to those bonds. Given the absence of any documentation for the amount of the penal sum of the bond, one can only conclude that either a further bond was issued or that this bond was modified. No such documentation has ever been provided – despite repeated requests.

Today is the final day to present discovery motions. In order to preserve Absolute's right to obtain this documentation, we are forced to bring a motion to compel.

> If you feel I have mischaracterized anything here, please do me the courtesy of identifying what specifically you disagree with and what you believe the truth to be.
>
> *Terry Marston*

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.