Terry R. Marston, *pro hac vice*, terry@mhf-law.com
Jami K. Ellison, *pro hac vice*, jamie@mhf-law.com
MARSTON HEFFERNAN FOREMAN, PLLC
16880 N.E. 79th Street
Redmond, Washington 98052
(425) 861-5700

PAUL J. NANGLE & ASSOCIATES
Kerry Building
101 Christensen Drive
Anchorage, Alaska 99501
Telephone: (907) 274-8866

HD
RECEIVED
NOV 1 4 2005
LANE POWELL PC

Attorney for Plaintiff ABSOLUTE ENVIRONMENTAL SERVICES, INC.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, <br><br> Plaintiff, <br><br> vs. <br><br> FORREST J. MCKINLEY, an individual, d/b/a "Imperial Industrial Coatings"; EMERCO, INC., a California Corporation, d/b/a Imperial Industrial Coatings; BRECHAN ENTERPRISES, INC., an Alaska corporation; and SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation, <br><br> Defendants. | Case No.: A03-0199CV (RRB) <br><br><br><br><br> ABSOLUTE ENVIRONMENTAL SERVICES' CROSS CLAIMS AGAINST COFFMAN ENGINEERS, INC. |
| EMERCO, INC., a California corporation d/b/a Imperial Industrial Coatings, and the States for Use and Benefit of EMERCO, INC., <br><br> Counterclaimant/Third-party Claimant, <br><br> v. <br><br> ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska corporation, et al., <br><br> Cross-defendants/Third-party Defendants. | |

EXHIBIT A
PAGE 1 OF 9

| | |
|---|---|
| 1 | THE UNITED STATES OF AMERICA *for the use and benefit of* ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, )))))) |
| 2 | |
| 3 | |
| 4 | Plaintiff, )))) |
| | vs. |
| 5 | )) |
| 6 | SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation. )))) |
| 7 | Defendants. )) |
| 8 | BRECHAN ENTERPRISES, INC., an Alaska corporation, )))) |
| 9 | |
| 10 | Third-Party Plaintiff, )))) |
| | vs. |
| 11 | COFFMAN ENGINEERS, INC, a Washington Corporation. )))) |
| 12 | |
| 13 | Third-Party Defendant. )) |
| 14 | ABSOLUTE ENVIRONMENTAL SERVICES INC., an Alaska Corporation, )))) |
| 15 | Plaintiff/Cross-claimant, )))) |
| 16 | vs. |
| 17 | COFFMAN ENGINEERS, INC, a Washington Corporation. )))) |
| 18 | Third-Party Defendant. )) |

19

20   COMES NOW PLAINTIFF ABSOLUTE ENVIRONMENTAL SERVICES, INC. for its

21  Cross Claim against COFFMAN ENGINEERS, INC. alleging as follows:

22

23

24  //

25  //

26

ABSOLUTE ENVIRONMENTAL SERVICES' CROSS CLAIMS AGAINST COFFMAN ENGINEERS, INC
Case No. A03-0199CV (RRB)-- 2

EXHIBIT A
PAGE 2 OF 9

## PARTIES

1. Plaintiff ABSOLUTE ENVIRONMENTAL SERVICES, INC. ("AESI") is a corporation duly registered with the State of Alaska and was at all times mentioned in this Cross Claim doing business in Alaska.

2. Defendant COFFMAN ENGINEERS, INC. ("Coffman") is a corporation duly registered with the State of Alaska and was at all times mentioned in the Cross Claim doing business in Alaska.

## JURISDICTION

3. The jurisdiction of this Court in this matter falls under the Court's federal question subject matter jurisdiction at 28 U.S.C. § 1331.

4. The jurisdiction of this Court in this matter falls under 28 U.S.C. § 1367.

5. The jurisdiction of this Court in this matter over AESI's claim against Coffman is predicated upon the principal of pendant party jurisdiction.

## VENUE

6. Venue is proper in this court pursuant to the provisions of 40 U.S.C. § 3133(b)(3)(B) as the federal construction project out of which AESI's claims against these Defendants arise was performed within the District of Alaska at Kodiak.

## FACTS

7. The United States Coast Guard's "Facilities Design and Construction Center" (FD&CC) in Seattle (the "USCG") awarded Brechan a "Job Order Contract" (JOC) to provide construction services for the Coast Guard Station in Kodiak, Alaska.

8. Brechan contracted with the engineering firm of Trick, Nyman, Hayes, Inc. ("TNH") to prepare the project design.

ABSOLUTE ENVIRONMENTAL SERVICES' CROSS CLAIMS AGAINST COFFMAN ENGINEERS, INC
Case No. A03-0199CV (RRB)-- 3

EXHIBIT A
PAGE 3 OF 9

9. TNH subcontracted with Coffman to provide designs and specifications for repairs to the failed coating systems.

10. Coffman had a duty to prepare the coating systems design and specifications for the Cargo Wharf Project.

11. Coffman had a duty to prepare the coating systems design and specifications to be adequate to meet the requirements of the USCG's RFP.

12. Coffman had a duty to prepare the design and specifications to repair deficiencies identified in the USCG's Cargo Wharf and Fuel Pier Inspection Report (Sep 21 – Oct 2, 2000).

13. Coffman had a duty to prepare the design and specifications to be feasible.

14. Coffman had a duty to prepare the design and specifications to be practical.

15. In its November 2002 revisions to the specifications, Coffman had a duty to clarify issues for the new coating contractor.

16. In its November 2002 revisions to the specifications, Coffman had a duty to clear up confusion regarding the seal weld issue.

17. In its November 2002 revisions to the specifications, Coffman had a duty to provide the new contractor with an opportunity to provide a reasonable cost for performing the work.

18. Coffman had a duty to observe and evaluate the execution of the coatings specifications by the coatings applicator for the second phase of the Cargo Wharf project, commenced in 2003 by Brechan, AESI.

19. Coffman had a duty to observe and evaluate the adequacy of the coatings specifications during and following the execution of the second phase of the Cargo Wharf project.

ABSOLUTE ENVIRONMENTAL SERVICES' CROSS CLAIMS AGAINST COFFMAN ENGINEERS, INC
Case No. A03-0199CV (RRB) – 4

20. Coffman had a duty to observe and evaluate the feasibility of the coatings specifications during and following the execution phase of the second phase of the Cargo Wharf project.

21. Coffman had a duty to observe and evaluate the practicality of the coatings specifications during and following the execution phase of the second phase of the Cargo Wharf project.

22. Coffman had a duty to propose design revisions in the event the specifications were found to be not feasible, impractical, or inadequate in some respects.

23. Coffman had a duty to implement only those design revisions that were feasible, practical, and adequate.

24. Coffman failed to fulfill its duties.

25. Coffman failed to exercise reasonable care in performing its duties.

26. Coffman's failures caused AESI to suffer financial damages.

27. The damages suffered by AESI were numerous and included, without limitation, increased costs in completing the work and business devastation.

28. The damages Coffman caused AESI to suffer are in an amount that will be proven at the time of trial, but not less than $1,000,000.

29. Coffman made negligent misrepresentations, including without limitation with regard to the condition of the welds and the seal welding within the coatings specifications, through both what it disclosed and what it neglected to disclose.

30. AESI had a right to rely on the representations of Coffman in the form of the specifications.

31. AESI did rely on the misrepresentations of Coffman and suffered damages as a result.

32. The amount of damages suffered by AESI will be proven at the time of trial, but are not less than $1,129,399.83.

33. Coffman made intentional and/or fraudulent misrepresentations regarding the condition of the welds and of the seal welding within its coatings specifications, through both commission and omission. AESI reasonably relied upon these misrepresentations to its financial detriment.

34. The acts and omissions of Coffman constitute violations of the principles of equity.

35. The acts and omissions of Coffman under contract, tort, and equity concepts give rise to a claim of AESI for damages including, but not limited to a claim for business devastation.

36. The acts of Coffman either independently or jointly and severally with damages caused by Brechan, McKinley and Emerco were the proximate cause of damages suffered by AESI.

### RELIEF REQUESTED

WHEREFORE, Plaintiff Absolute Environmental Services, Inc. prays for relief against Coffman Engineers, Inc. as follows:

1. For an award of monetary damages in an amount not less than $1,129,399.83 and as to be more specifically determined by the proof at the time of trial;

2. For an award in restitution under principles of equity in an amount not less than $1,129,399.83 and as to be more specifically determined by the proof at the time of trial;

3. For an award of AESI'S pre- and post-judgment interest;

4. For AESI'S reasonable attorney's fees;

5. For AESI'S costs of suit incurred herein and, if necessary, on appeal; and

6. For such other and further relief as the Court may deem just or equitable.

RESPECTFULLY SUBMITTED this 14 day of November, 2005.

PAUL J. NANGLE & ASSOCIATES

By /s/ Paul J. Nangle
Paul J. Nangle ASBA No. 7011066
Attorneys for Plaintiff Absolute Environmental Service, Inc.

ABSOLUTE ENVIRONMENTAL SERVICES' CROSS CLAIMS AGAINST COFFMAN ENGINEERS, INC
Case No. A03-0199CV (RRB)-- 7

EXHIBIT A
PAGE 7 OF 9

## CERTIFICATE OF SERVICE

The undersigned certifies under penalty of perjury, under the laws of the State of Washington that I am now and at all times herein mentioned, a resident of the State of Washington, over the age of 18 years, not a party to or interested in the above-entitled action, and competent to be a witness herein.

On the date given below I caused to be served in the manner noted copies of the following upon designated counsel:

1. ABSOLUTE ENVIRONMENTAL SERVICES' CROSS CLAIMS AGAINST COFFMAN ENGINEERS, INC.

| | |
|---|---|
| *VIA Facsimile and Hand Delivery(see accompanying dec of service)*<br>Eric J. Brown, Esq.<br>Jermain Dunnagan & Owens, P.C.<br>3000 A Street, Suite 300<br>Anchorage, AK 99503-4097<br>*Atty for Forrest McKinley and Emerco* | *VIA Facsimile and Hand Delivery(see accompanying dec of service)*<br>Robert J. Dickson<br>Atkinson, Conway & Gagnon, Inc.<br>420 L Street, Suite 500<br>Anchorage, AK 99501<br>*Atty for Specialty Polymer Coatings* |
| *VIA Facsimile and Hand Delivery(see accompanying dec of service)*<br>Jacob Nist<br>Perkins Coie, LLP<br>1029 West Third Avenue, Suite 300<br>Anchorage, AK 99501<br>*Atty for Brechan and Safeco* | *VIA Facsimile and Hand Delivery(see accompanying dec of service)*<br>Peter Partnow<br>Lane Powell Spears Lubersky<br>301 W. Northern Lights Boulevard<br>Suite 301<br>Anchorage, Alaska 99503<br>*Atty for Coffman* |
| *VIA Facsimile and Hand Delivery*<br>James B. Stoetzer<br>Lane Powell Spears Lubersky<br>1420 Fifth Avenue, Suite 4100<br>Seattle, WA 98101<br>*Atty for Coffman* | |

SIGNED at Redmond, Washington this 14th day of November 2005.

Kristy L. Martyn

## CERTIFICATE OF SERVICE

The undersigned certifies under penalty of perjury, under the laws of the State of Alaska that I am now and at all times herein mentioned, a resident of the State of Alaska, over the age of 18 years, not a party to or interested in the above-entitled action, and competent to be a witness herein.

On the date given below I caused to be served in the manner noted copies of the following upon designated counsel:

1. ABSOLUTE ENVIRONMENTAL SERVICES' CROSS CLAIMS AGAINST COFFMAN ENGINEERS, INC.

| | |
|---|---|
| **_VIA Hand Delivery_**<br>Eric J. Brown, Esq.<br>Jermain Dunnagan & Owens, P.C.<br>3000 A Street, Suite 300<br>Anchorage, AK 99503-4097<br>*Atty for Forrest McKinley and Emerco* | **_VIA Hand Delivery_**<br>Robert J. Dickson<br>Atkinson, Conway & Gagnon, Inc.<br>420 L Street, Suite 500<br>Anchorage, AK 99501<br>*Atty for Specialty Polymer Coatings* |
| **_VIA Hand Delivery_**<br>Jacob Nist<br>Perkins Coie, LLP<br>1029 West Third Avenue, Suite 300<br>Anchorage, AK 99501<br>*Atty for Brechan and Safeco* | **_VIA Hand Delivery_**<br>Peter Partnow<br>Lane Powell Spears Lubersky<br>301 W. Northern Lights Boulevard<br>Suite 301<br>Anchorage, Alaska 99503<br>*Atty for Coffman* |

SIGNED at Anchorage, Alaska this 14 day of November 2005.

/s/ Kathryn Richardson
Kathryn Richardson

ABSOLUTE ENVIRONMENTAL SERVICES' CROSS CLAIMS AGAINST COFFMAN ENGINEERS, INC
Case No. A03-0199CV (RRB) – 9

EXHIBIT A
PAGE 9 OF 9