

Lawrence A. Pederson, Esq.
Paul J. Nangle & Associates
101 Christensen Drive
Anchorage, Alaska 99501
(907) 274-8866   Fax: 279-1794

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation<br><br>              Plaintiff<br><br>vs.<br><br>FORREST J. MCKINLEY and "JANE DOE" MCKINLEY, and the marital community composed, thereof d/b/a "Imperial Industrial Coatings" and EMERCO, INC. a California Corporation, d/b/a Imperial Industrial Coatings.<br><br>              Defendants | Case No: A-03-0199 Civil (RRB) |

**FIRST AMENDED COMPLAINT FOR
BREACH OF CONTRACT, BREACH OF
WARRANTY, ALTER EGO, AND AGENT LIABILITY**

COMES NOW, Plaintiff, Absolute Environmental Services, Inc, by and through counsel Paul J. Nangle & Associates, and for its Complaint in this action alleges and prays as follows:

**PARTIES**

1. Plaintiff Absolute Environmental Services, Inc. is a corporation duly registered with the State of Alaska, in compliance with all corporate requirements, and was at all times mentioned in the complaint doing business in Alaska.

2. Defendant Forrest J. McKinley is an individual resident of California, and upon information and belief conducting business in Alaska as Imperial Industrial Coatings.

3. Defendant "Jane Doe" McKinley upon information and belief, is and was at all times relevant hereto the wife of Forrest J. McKinley. All acts of Forrest J. McKinley alleged herein were done for the benefit and on behalf of, the marital community comprised of Forrest J. McKinley and "Jane Doe" McKinley.

4. Alternatively, Defendant Emerco, Inc, is a corporation incorporated under the laws of the State of California and was at all times mentioned in the complaint, doing business in the State of Alaska under the fictitious business name of "Imperial Industrial Coatings".

## JURISDICTION

5. The jurisdiction of this Court in this matter is predicated upon the provisions of 28 U.S.C. § 1332 for Diversity Jurisdiction. The amount in controversy exceeds the jurisdictional minimum of $75,000, exclusive of interests and costs.

## VENUE

6. Venue is proper in this court pursuant to the provisions of 28 U.S.C. § 1391 (a)(2)

## FACTS

7. On or about December 18, 2002 Plaintiff ABSOLUTE ENVIRONMENTAL SERVICES, INC. (hereinafter "ABSOLUTE") entered a sub-contract with Brechan Enterprises, Inc. (hereinafter "Brechan") to perform certain work on a United States Coast Guard construction project known as Cargo Wharf Pile Coating, Phase II. The project is physically located on Kodiak Island Alaska.

8. The overall project number is DTCG50-02-D-643J55. The prime contract between Brechan and the Coast Guard is Project Number is 33-S01171, Task Order

643P92. The contract between Brechan and Absolute incorporated the Plans and Specifications of Contract DTCG50-02-D-643J55

9. Terms of the contract did not require any work to be performed at any location other than at the Coast Guard facility at Kodiak Island, Alaska

10. The terms of the Absolute contract with Brechan called for Absolute to perform certain services related to the removal and replacement of protective coatings for Wharf Pilings at the Coast Guard facility at Kodiak Island. To accomplish this portion of the work, Absolute entered discussions with a company identifying itself as Imperial Industrial Coatings (hereinafter "IIC") for the purpose of obtaining a contractual agreement by IIC to perform the required removal and reapplication of the Wharf Piling protective coatings.

11. During the pre-contracting phase between Absolute and IIC, IIC was provided with complete Plans and Specifications for the overall project, including the Plans and Specifications for the work specific to the subcontract to be entered between Absolute and IIC relating to the removal and reapplication of the Wharf Piling protective coatings. Prior to entering any contract with Absolute, IIC's project manager Thomas Puitt personally visited the project site and conducted a pre-contract inspection and evaluation for purposes of IIC's contract cost estimating.

12. Following the completion of IIC's pre-contract inspections and further negotiations between Absolute and IIC, on or about January 31, 2003 IIC entered a written contract (hereinafter "the SubContract") with Absolute, which was mutually agreed to be dated December 18, 2002. The SubContract required IIC to perform certain work in furtherance of the prime IDIQ MultiTrade Construction Contract DTC50-01-D-643J55 - Cargo Wharf Pile Coating Phase II Project contract, such Contract identified in The SubContract as the "Project".

5. For costs of suit incurred herein; and

6. For such other and further relief as the Court may deem just and proper.

DATED this 26th day of November, 2003.

                            PAUL J. NANGLE & ASSOCIATES
                            Attorneys for Plaintiff

                            By: _____
                                Lawrence A. Pederson
                                Alaska Bar No: 8310143

I certify that on the 26th day of November 2003 a
copy of the foregoing document was mailed to:

William Jermain, Esq.

_K. Richardson_
courtesy copy: William Beery, Esq.

Absolute/Emerco/2541.6                                         Page 10
First Amended Complaint


Exhibit 1 p 4/4