ERIC J. BROWN, ESQ.
JERMAIN DUNNAGAN & OWENS, P.C.
3000 A Street, Suite 300
Anchorage, Alaska 99503-4097
Telephone: (907) 563-8844
Facsimile: (907) 563-7322



FILED
DEC 0 9 2003
UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By_____ Deputy

Attorneys for Defendant
and Cross-Claimant, EMERCO, INC.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, ) ) ) Plaintiff, ) ) v. ) ) FORREST J. McKINLEY and "JANE DOE" ) McKINLEY, and the marital community ) composed thereof d/b/a/ "Imperial Industrial ) Coatings" and EMERCO, INC., a California ) corporation d/b/a Imperial Industrial Coatings, ) ) Defendants. ) _____ ) EMERCO, INC., a California Corporation ) d/b/a Imperial Industrial Coatings, and the ) States for the Use and Benefit of EMERCO, ) Inc., ) ) Counter-Claimant/Third Party Claimant, ) v. ) ) ABSOLUTE ENVIRONMENTAL ) SERVICES, INC., an Alaska Corporation, ) BRECHAN ENTERPRISES, INC., an Alaska ) corporation, SPECIALTY POLYMER ) COATING USA, INC., a Canadian ) corporation, COFFMAN ENGINEERS, INC., ) a Washington corporation, and SAFECO ) INSURANCE COMPANY OF AMERICA, ) a Washington corporation, ) ) Cross-Defendants/Third Party Defendants. ) _____ ) ) | **ANSWER OF FORREST J. McKINLEY TO FIRST AMENDED COMPLAINT AND ANSWER AND COUNTER-CLAIM OF EMERCO, INC. FOR BREACH OF CONTRACT, CONVERSION, TORTIOUS INTERFERENCE AND CONSPIRACY, AND ON PAYMENT BOND (MILLER ACT)** CASE NO. A-03-0199 Civil (RRB) |

Exhibit 8 p 1/5

### THIRD AFFIRMATIVE DEFENSE

24. ABSOLUTE is estopped from contending that IMPERIAL breached the contract by any of its performances on the project or by any failure to complete the work in that it conspired with others to affirmatively impede such performance for the purpose of avoiding payments owed to IMPERIAL and in order to aid it in its desire to steal IMPERIAL's project materials and equipment.

### COUNTER-CLAIM

### COUNTER-CLAIM ONE

### (For Contract Balance Against Counter-Defendant Absolute Only)

25. At all times mentioned herein Counter-Claimant EMERCO, INC., doing business as IMPERIAL INDUSTRIAL COATINGS, (hereinafter referred to as "IMPERIAL") was and is a corporation existing under and by virtue of the laws of the State of California and duly registered with the State of Alaska to perform work therein.

26. On or near December 18, 2002, ABSOLUTE entered into a purported subcontract agreement with IMPERIAL, which subcontract was partly written and partly oral. Under the terms of said subcontract, ABSOLUTE agreed to pay IMPERIAL the sum of $772,123.00, for which IMPERIAL agreed to perform certain work consisting of the removal of old coal tar epoxy coatings and the application of new coatings on a project known as Cargo Wharf Pile Coating Phase II, ISC Kodiak, Alaska (hereinafter "Project"). ABSOLUTE was a subcontractor to the Project's prime

JERMAIN DUNNAGAN & OWENS
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

35. As an additional proximate result of the failure of ABSOLUTE to pay IMPERIAL the amounts due as alleged, IMPERIAL suffered a loss of bonding capacity and a consequent loss of revenue in an amount that is continuing and for which ABSOLUTE will seek recovery according to proof at trial.

## COUNTER-CLAIM THREE

### (For Goods Sold and Delivered Against Counter-Defendant Absolute Only)

36. IMPERIAL hereby incorporates paragraphs 25, 26, 27 and 30 contained in its Counter-Claim One and paragraphs 32, 33, 34 and 35 of its Counter-Claim Two as if set forth in full herein.

37. On or about August 7, 2003, ABSOLUTE seized and exercised control over certain goods and property of IMPERIAL without legal cause or justification. Immediately thereafter, in an August 7, 2003 letter, IMPERIAL demanded from ABSOLUTE the return of said property and goods, which property and goods were itemized in said letter. In that letter, IMPERIAL duly gave ABSOLUTE notice that unless said property was returned by a date and time certain, that the property would be deemed converted, and that IMPERIAL would thereby be agreeing to purchase the property and goods at the prices listed in the August 7, 2003 letter. ABSOLUTE did not return the property or goods set forth in the letter at the date and time stated.

38. By operation of law, IMPERIAL sold and delivered to ABSOLUTE the goods and property referred to in Paragraph 37 of this complaint, and ABSOLUTE agreed to pay IMPERIAL the property and goods at the prices set forth in the August 7,

---

*Absolute Environmental Services, Inc. vs. Forrest J. McKinley, et. al.*
Case #A-03-0199 Civil (RRB)
ANSWER OF FORREST J. McKINLEY TO FIRST AMENDED COMPLAINT AND ANSWER AND COUNTER-CLAIM OF EMERCO, INC. FOR BREACH OF CONTRACT, CONVERSION, TORTIOUS INTERFERENCE AND CONSPIRACY, AND ON PAYMENT BOND (MILLER ACT)
Page 12 of 21

JERMAIN DUNNAGAN & OWENS
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

Exhibit 8 p 3/5

2003 letter, which prices total $518,320.00. For purposes of asserting this claim in this Counter-Claim, IMPERIAL hereby waives the tort of conversion and elects to proceed instead on a contract implied by law on the part of ABSOLUTE to purchase the property and goods taken by ABSOLUTE on August 7, 2003, for a total price of $518,320.00.

39. No part of this amount has been paid, and there is now due, and owing and unpaid from ABSOLUTE to IMPERIAL the amount of $518,320.00.

## COUNTER-CLAIM FOUR/THIRD PARTY CLAIM
### (For Co-Venturer Liability Against
### Counter-Defendant Brechan Enterprises, Inc. Only)

40. IMPERIAL hereby incorporates each of the paragraphs of the preceding three counter-claims as if they were set forth herein.

41. Counter-Claim defendant BRECHAN ENTERPRISES, INC. (hereinafter referred to as "BRECHAN") is a corporation existing under and by virtue of the laws of the State of Alaska.

42. Prior to ABSOLUTE and IMPERIAL entering into the contract which is the subject of this action, ABSOLUTE and BRECHAN determined that they would bid the subject Coast Guard project as effective co-venturers using IMPERIAL's bid price for the cost of the work and then successively marking up that price, splitting the mark-up and profit between them, while intending to perform no work on the project yet making it appear to the Coast Guard that there were three tiers of contractors actually working on the contract, to wit: ABSOLUTE, BRECHAN, and IMPERIAL.

*Absolute Environmental Services, Inc. vs. Forrest J. McKinley, et. al.*
Case #A-03-0199 Civil (RRB)
ANSWER OF FORREST J. McKINLEY TO FIRST AMENDED COMPLAINT AND ANSWER AND COUNTER-CLAIM OF EMERCO, INC. FOR BREACH OF CONTRACT, CONVERSION, TORTIOUS INTERFERENCE AND CONSPIRACY, AND ON PAYMENT BOND (MILLER ACT)
Page 13 of 21                Exhibit 8 p 4/5

JERMAIN DUNNAGAN & OWENS
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

DATED: December 2A, 2003

JERMAIN DUNNAGAN & OWENS, P.C.
Attorneys for Forrest J. McKinley
and Emerco, Inc.
d/b/a Imperial Industrial Coatings

By: _____
　　　Eric J. Brown
　　　ABA No. 9011084

*Absolute Environmental Services, Inc. vs. Forrest J. McKinley, et. al.*
Case #A-03-0199 Civil (RRB)
ANSWER OF FORREST J. McKINLEY TO FIRST AMENDED COMPLAINT AND ANSWER
AND COUNTER-CLAIM OF EMERCO, INC. FOR BREACH OF CONTRACT, CONVERSION,
TORTIOUS INTERFERENCE AND CONSPIRACY, AND ON PAYMENT BOND (MILLER ACT)
Page 20 of 21    Exhibit 8 p 5/5

JERMAIN DUNNAGAN & OWENS
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322