Terry R. Marston, *pro hac vice*, terry@mhf-law.com
Jami K. Elison, *pro hac vice*, jamie@mhf-law.com
MARSTON HEFFERNAN FOREMAN, PLLC
16880 N.E. 79th Street
Redmond, Washington 98052
(425) 861-5700

PAUL J. NANGLE & ASSOCIATES
Kerry Building
101 Christensen Drive
Anchorage, Alaska 99501
Telephone: (907) 274-8866

Attorney for Plaintiff ABSOLUTE ENVIRONMENTAL SERVICES, INC.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>FORREST J. MCKINLEY, an individual, d/b/a "Imperial Industrial Coatings" and EMERCO, INC., a California Corporation, d/b/a Imperial Industrial Coatings, BRECHAN ENTERPRISES, INC., an Alaska corporation; and SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation.<br><br>Defendants. | Case No.: A03-0199CV (RRB)<br><br>**DECLARATION OF DAVE OLSON IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT TO DISMISS CLAIMS OF GOODS SOLD AND DELIVERED** |
| EMERCO, INC., a California corporation d/b/a Imperial Industrial Coatings, and the States for Use and Benefit of EMERCO, INC.,<br><br>Counterclaimant/Third-party Claimant,<br><br>v.<br><br>ABSOLUTE ENVIRONMENTAL SERVICES INC., an Alaska corporation, et al.,<br><br>Cross-defendants/Third-party Defendants. | |

| | |
|---|---|
| 1 | THE UNITED STATES OF AMERICA *for the use and benefit of* ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, )))))) |
| 2 | |
| 3 | |
| 4 | Plaintiff, )) |
| | vs. ) |
| 5 | ) |
| | SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation. )) |
| 6 | |
| 7 | Defendants. )))  |
| 8 | _____ |
| | BRECHAN ENTERPRISES, INC., an Alaska corporation, )) |
| 9 | ) |
| 10 | Counterclaim Plaintiff, )) |
| | vs. ) |
| 11 | ) |
| 12 | ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, )) |
| 13 | ) |
| | Counterclaim Defendant. ) |
| 14 | BRECHAN ENTERPRISES, INC., an Alaska corporation, )) |
| 15 | ) |
| 16 | Third-Party Plaintiff, )) |
| | vs. ) |
| 17 | COFFMAN ENGINEERS, INC, a Washington Corporation. )))) |
| 18 | |
| | Third-Party Defendant. )) |
| 19 | _____ |
| | ABSOLUTE ENVIRONMENTAL SERVICES INC., an Alaska Corporation, )) |
| 20 | ) |
| 21 | Plaintiff/Cross-claimant, )) |
| | vs. ) |
| 22 | COFFMAN ENGINEERS, INC, a Washington Corporation. )))) |
| 23 | |
| 24 | Third-Party Defendant. )) |
| 25 | |
| 26 | |

DECLARATION OF DAVE OLSON IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT TO DISMISS CLAIMS OF GOODS SOLD AND DELIVERED
Case No. A03-0199CV (RRB)-- 2

I, David Olson, being first duly sworn, declare and say as follows:

1. I am the president of Absolute Environmental Services, Inc. ("Absolute"), the Plaintiff in this matter. I have personal knowledge of the facts set out below

2. The project fell behind schedule.

3. The coatings manufacturer withdrew its certification of Imperial to apply its coatings.

4. The contract specifications prohibited the application of coatings by anyone other than manufacturer-certified applicators.

5. Without certified applicators Imperial could not complete its work.

6. After conferring with the Coast Guard over its concerns regarding possible vandalism, Absolute informed Imperial that its personnel would not be allowed back on the Coast Guard Station until it had obtained recertification.

7. Absolute issued a "cure notice" to Imperial instructing Imperial to correct the decertification problem immediately and resume work.

8. Absolute informed Imperial that it would carry on Imperial's work, at Imperial's expense, until it obtained recertification and resumed work.

9. Forrest McKinley sent Absolute a letter stating that he was working on correcting Imperial's decertification and would be returning to work.

10. Imperial then issued a letter terminating its subcontract for alleged breaches of contract by Absolute. Imperial made no further effort to return to work; instead, it filed a lawsuit against Absolute in California.

11. When Imperial terminated the subcontract, there was equipment and materials it had been using remaining onsite.

12. Some materials (e.g., coating material) left behind were used by Absolute to complete the project on our own.

13. William Baerg, an attorney for Imperial, sent a letter demanding the return of the materials and equipment said to have been left on site by Imperial.

14. The letter included an enclosure listing the equipment and materials and including a dollar amount opposite each item.

DECLARATION OF DAVE OLSON IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT TO
DISMISS CLAIMS OF GOODS SOLD AND DELIVERED
Case No. A03-0199CV (RRB)-- 3

15. Baerg's letter concluded with the assertion that failure to return the equipment as demanded would be deemed consent by Absolute to purchase the equipment and materials at the prices stated.

16. Not knowing whether we would be able to recover our excess cost of completing the work, Absolute retained the equipment as security for losses we foresaw arising out of Imperial's termination of the subcontract and refusal to complete its work.

17. The Complaint of Emerco, Inc. alleges the materials and equipment listed in Baerg's letter were sold by Emerco to Absolute for $518,320.

18. Emerco does not allege that Absolute provided express acceptance of Mr. Baerg's purported "offer" by Emerco.

19. Instead the allegation is that, under the circumstances, a sale occurred 'by operation of law' under a legal theory of "goods sold & delivered."

20. McKinley, the sole shareholder of Emerco, Inc., vigorously denied at his deposition that the materials and equipment were sold to Absolute.

21. McKinley stated that he wanted the materials back.

22. Counsel for McKinley and Emerco was informed the equipment and material remaining could be picked up by McKinley, or others at his direction, any time he cared to. No action on this standing offer has thus far been taken.

23. <u>The equipment and remaining material they claim was sold to Absolute is and remains available to be picked up by McKinley, or by others at his direction, at any time they care to.</u>

24. Tom Puett testified in my presence at his trial that the Purchase orders issued by Imperial were not actual purchase orders, but just inventory "tracking" tools used by Imperial.

25. Attached hereto as **Exhibit 1** is a true and correct copy of relevant excerpts from Absolute's Amended Complaint Against dated November 26, 2003.

26. Attached hereto as **Exhibit 2** is a true and correct copy of relevant excerpts from the specifications for the project dated November 26, 2002.

27. Attached hereto as **Exhibit 3** is a true and correct copy of SPC's decertification letter to Tom Puett of Imperial Industrial Coatings dated August 5, 2003.

DECLARATION OF DAVE OLSON IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT TO DISMISS CLAIMS OF GOODS SOLD AND DELIVERED
Case No. A03-0199CV (RRB)-- 4

28. Attached hereto as **Exhibit 4** is a true and correct copy of Absolute's notice to cure letter to Imperial dated August 6, 2003.

29. Attached hereto as **Exhibit 5** is a true and correct copy of counsel for Imperial's notice of termination and default letter dated August 7, 2003.

30. Attached hereto as **Exhibit 6** is a true and correct copy of counsel for Imperial's letter regarding materials and equipment dated August 7, 2003.

31. Attached hereto as **Exhibit 7** is a true and correct copy of Absolute's response letter, to Imperials letter regarding conversion, dated August 8, 2003.

32. Attached hereto as **Exhibit 8** is a true and correct copy of relevant excerpts from Emerco's First Amended Complaint and Answer filed December 9, 2003.

33. Attached hereto as **Exhibit 9** is a true and correct copy of an Imperial purchase order dated March 17, 2003.

34. Attached hereto as **Exhibit 10** are true and correct copies of Emerco, Inc.'s 2000, 2001, and 2002 tax returns and Emerco's 2002 Depreciation and Amortization schedule.

35. Attached hereto as **Exhibit 11** is a true and correct copy of relevant excerpts from Forrest J. McKinley's deposition taken on March 9, 2005.

36. Attached hereto as **Exhibit 12** is a true and correct copy of relevant excerpts from the transcript of Forrest J. McKinley's deposition taken February 9, 2005.

37. Attached hereto as **Exhibit 13** is a true and correct copy of Defendant Forrest J. McKinley written responses to Plaintiff's First Set of Interrogatories to Defendant signed July 30, 2004.

38. Attached hereto as **Exhibit 14** is a true and correct copy of the Summary of Proceedings of day one of trial in the matter of *Olson v. Puett*, cause number 3AN-04-12232 CI.

39. Attached hereto as **Exhibit 15** is a true and correct copy of the Court's Findings of Fact, Conclusions of Law and Judgment in the matter of *Olson v. Puett*, cause number 3AN-04-12232 CI.

40. Attached hereto as **Exhibit 16** is a true and correct copy of Alaska Equipment Appraisers expert report.

41. Attached hereto as **Exhibit 17** is a true and correct copy of the Summary of Proceedings of day two of trial in the matter of *Olson v. Puett*, cause number 3AN-04-12232 CI.

42. Absolute has offered, through its counsel, on multiple occasions to return the equipment since completing the Cargo Wharf project, but Emerco, Inc., through its counsel, has rejected the return of the equipment. Absolute is still willing to return the equipment.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED this 4th day of August, 2006 at Grangville, Idaho.

_____
Dave Olson

DECLARATION OF DAVE OLSON IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT TO
DISMISS CLAIMS OF GOODS SOLD AND DELIVERED
Case No. A03-0199CV (RRB)— 6