MAR 11 2006

# IN THE DISTRICT COURT FOR THE STATE OF ALASKA

## THIRD JUDICIAL DISTRICT

| | |
|---|---|
| DAVID E. OLSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| THOMAS PUETT, ) | Filed in the Trial Courts |
| Defendant and ) | STATE OF ALASKA, THIRD DISTRICT |
| Counterclaimant ) | |
| vs. ) | MAR 1 0 2006 |
| ) | |
| DAVID OLSON, JASON PETERSON ) | Clerk of the Trial Courts |
| And ABSOLUTE ENVIRONMENTAL ) | By _____ Deputy |
| SERVICES, INC., ) | |
| ) | |
| Third-party Defendants. ) | |

Case No. 3AN-04-12232 CI.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND JUDGMENT

**Findings of Fact and Conclusions of Law:**

This matter was tried before the court without a jury. The court entered Findings of Fact and Conclusions of Law on the record at the conclusion of trial. The court directed plaintiff to prepare a proposed judgment to be reviewed by defendant prior to filing. Plaintiff filed a proposed Order and Judgment. Plaintiff's attorney also filed a letter with the court. Defendant filed an Opposition to Plaintiff's Proposed Order and Judgment. In its Opposition Defendant asked the court to disregard the letter. The court has reviewed the pleadings. The letter will be disregarded because it is not a proper pleading. The court enters judgment in accordance with its oral findings at the conclusion of the trial and as supplemented herein.

Exhibit 15 p 1/3

With respect to prejudgment interest the court finds that although the $6500 loan was an informal loan, it was due to be paid at the end of the summer of 2003. Counsel for Olson demanded repayment of the loan on January 29, 2004. Prejudgment interest is ordered from January 29, 2004 through the date of the judgment. With respect to Puett's counterclaim for conversion, prejudgment interest is ordered from August 7, 2003, the date the adhesion tester and holiday detector were converted through the date of the judgment.

With respect to attorney's fees, the court finds that Olson prevailed on his claim for $6500 and that Puett prevailed on the conversion portion of the counterclaim for a recovery of $1495 for the adhesion tester and $3286.30 for the holiday detector for a total of $4781.30, plus the value of the value of the five scaffold planks. The planks were variously valued by Puett at $1500 to $2500. In his Opposition to Plaintiff's Proposed Order and Judgment, Puett valued the planks at $2335, for a total of $7116.30. However, Puett was not successful in his counterclaim for $3500 in unpaid compensation. The court finds that essentially two claims were tried, whether the $6500 was a loan or partial compensation, and whether plaintiff converted defendant's property. Olson was the prevailing party for the first claim and Puett was the prevailing party for the second claim. Because each party prevailed on one of the two claims, the court finds that there was no prevailing party in the action. Therefore, no attorney's fees or costs will be awarded.

## Judgment

1. Plaintiff David E. Olson shall recover from defendant and counter claimant Thomas Puett $6500 plus prejudgment interest of $1134.21, computed at the annual rate of 8.25 percent from January 29, 2004 through the date of this judgment, for a total of $7634.21.

2. Thomas Puett shall recover from David Olson, Jason Peterson, and Absolute Environmental Services, Inc. $4781.30 plus prejudgment interest of $1056.93, computed at the annual rate of 8.25 percent from August 7, 2003 through the date of this judgment, for a total of $5838.23.

3. Thomas Puett's counterclaim for $3500 is denied.

4. Thomas Puett shall recover from David Olson, Jason Peterson, and Absolute Environmental Services, Inc. the five scaffold planks.

5. Thomas Puett shall recover from David Olson the previously ordered $1500 in attorney's fees and costs for the discovery violation.

6. Paragraphs 1. and 2. of this judgment shall bear interest at the annual rate of 8.25 percent from the date of this judgment until paid.

7. The parties shall bear their own costs and attorneys' fees except as provided in paragraph 5. of this judgment.

DATED this 10th day of March, 2006, at Anchorage, Alaska.

ALEX M. SWIDERSKI
District Court Judge

I hereby certify that this is a true and correct copy of the original on file in my office.
ATTEST:
Clerk of the Trial Courts at Anchorage
By _____ Deputy  3/10/06

Exhibit 15 p 3/3