In the District Court at Anchorage, Alaska

| | | | |
|---|---|---|---|
| **Media No:** | 3AN2206-32 | **Judge:** | Swiderski |
| **Date:** | Wednesday, March 01, 2006 | **Clerk:** | Wallack |
| **Case No:** | 3AN-04-12232 CI | | |
| **Case Title:** | Absolute Environmental Services, Inc  Vs. | | Thomas Puett |
| **Type of Proceeding:** | Continued Non-Jury Trial | | |

**Counsel Present:**

- Plaintiff: Paul Nangle
- Defendant: Eric Brown

**Court Orders:**
1 - Judgment for Plaintiff on claim for $6,500 loan
2 - Judgment denying Defendant 's counterclaim for $3500
3 - Judgment for Defendant for $1495 for conversion of adhesion tester, and for $3,286.30 for conversion of holiday detector
4 - Plaintiff to return 5 planks to Defendant; if planks are damaged, Defendant may move to modify the judgment
5 - Mr Nangle to prepare judgment and serve same on Mr Brown by Friday, March 3, 2006; Mr Brown to file objections by Monday, March 6, 2006

---

**Summary of Proceedings:**

| Time | |
|---|---|
| 8:29:51 AM | On record<br>Court<br>- counsel and parties are present<br>- Mr Puett was being cross-examined by Mr Nangle |
| 8:30:24 AM | **Witness Previously Sworn/Affirmed:**<br>    Ralph Thomas Puett<br>Cross-examination by Nangle resumes<br>- re Exhibit 10, clarify testimony<br>- I said I was employed by Techno since 1994<br>- I worked from 200-2001<br>- Exhibit 10 says since 1994 I completed more than 300 projects<br>- accurate resume'<br>- resume' drafted in 2000<br>- resume' does not say I was a consultant for Absolute Environmental |
| 8:34:02 AM | **Exhibit(s) Offered                                                              10**<br><br>Brown<br>- object to letter<br>- resume' and mission statement OK<br>- letter not authenticated and hearsay<br><br>Nangle<br>- will recall client to testify he received it from Puett<br><br>Court |

| | |
|---|---|
| | - Admit entire Exhibit 10 with letter subject to other testimony by Mr Olson |
| 8:37:15 AM | Puett testimony resumes<br>- **Exhibit(s) Identified** _____ 11<br>- (re letter portion of Exhibit 11)<br>- had relationship with Techno in May 2001<br>- I was a project manager and project manager for Techno looking for work for them in California<br>- I was an independent contractor for Absolute Environmental re work in Alaska<br>- familiar with duty of good faith and fair dealing<br><br>Objection, legal conclusion; sustained |
| 8:42:22 AM | - re Exhibit 4, page 1 of 11<br>- they were purchase orders to track equipment and materials which went to Kodiak<br>- re statement saying no tax, cannot speak to it since I did not prepare them<br>- (re page 2 & 4 references to tax on the purchase orders)<br>- (re disc reference)<br>- (re date stamp 206) |
| 8:46:01 AM | Objection; relevance; overruled<br>- (re Exhibit 5) purchase order written to witness<br>- (re tax reference)<br>- (re Exhibit 6 and reference to tax)<br>- (re Exhibit 7 and reference to tax) |
| 8:48:13 AM | - I am still employed by Imperial<br>- re Exhibit 3, I did not help prepare that letter<br>- recall my deposition<br>- recall questions as to concept of conversion<br>- (re his concept of conversion) |
| 8:50:52 AM | - Exhibit 3 says inspection gauges, not sure what they referred to<br>- I was on the job<br>- there were 15-20 different gauges<br>- I had 3 of them (gauges)<br>- (re valuation of gauges and scaffold planks) |
| 8:53:03 AM | Court<br>- trying to figure out defense to conversion claim<br><br>Nangle<br>- Imperial claims the materials<br>- we do not claim they are ours<br>- we asked why he did not sue Imperial |
| 8:54:20 AM | Re-direct of Puett by Brown<br>- recall questions about contractors license<br>- obtained document<br>- a copy of my contractors license with State of California<br>- active license no 414523<br>- held license since 1981<br>- second page says exempt from having workers compensation<br>item marked as Exhibit AAD<br>**Admitted Exhibit(s)** _____ AAD |

| Time | |
|---|---|
| 8:57:06 AM | - in federal case Imperial produced large volume of documents<br>- none of those documents included checks as to sale of items by me to Imperial<br>objection; overruled<br>- re letter Exhibit 3<br>- not familiar with MMH-Law<br><br>objection, leading - sustained |
| 9:00:42 AM | - (re Exhibit J,) how valued<br>- (re Exhibit AAA) how valued<br>- no estimating on employer stationary |
| 9:03:05 AM | Re-cross by Nangle<br>- purchase price I paid for planks was $300-500 per plank |
| 9:03:43 AM | Court inquires of Puett<br>- re 4 jobs estimated for, they did bid on some of those jobs<br>- re Exhibit I, page 6 & 7, used purchase order form rather than an equipment list because that was Mr McKinley's procedure for tracking things on jobs<br>- numbers on the purchase orders was in Mr McKinley's handwriting<br>- what I testified as Exhibit J was actually Exhibit U<br>- I got this document (Exhibit U) to Mr McKinley<br>- his request was to write the description, and he would write the dollar amounts |
| 9:07:55 AM | - we (McKinley and witness) each kept a copy of the purchase orders<br>- purpose of trip to Alaska which was paid for by Olson was to exam the Kodiak site to prepare bid for Phase Two and for other jobs in Kodiak<br>- also to Valdez re post office job<br>- May of 2002 I worked for Imperial<br>- I came up in February 2002, I was working for Techno coatings, but I came up as an independent contractor for Absolute |
| 9:12:49 AM | - re Exhibit L reference to Alaska should be in here, referred to the Alaska factor for higher costs of logistics<br>- **Admitted Exhibit(s)**                                                                    L |
| 9:14:11 AM | Exhibit W, X, Y, & Z provided to witness<br>- (Exhibit W same as Exhibit 3)<br>- law firm is not representing me as an attorney, but they used me in depositions as the most knowledgeable<br>- they did ask for my equipment back<br>- they also asked for the additional $3,500 and assert the 6,500 was not a loan<br>- (re why they would do so if they are not acting as his attorneys) |
| 9:20:18 AM | - I billed Absolute for estimate on Phase One, it was part of the $10,000 |
| 9:21:28 AM | Witness excused<br>Defense closes<br>Plaintiff rebuttal |
| 9:22:15 AM | **Witness Previously Sworn/Affirmed:**<br>        David Olson<br>Inquiry by Nangle<br>- brought Puett up because Brechan wanted to know if we knew someone who knew about coatings<br>- normally if I needed to send someone to site to prepare a bid, I would pay for it<br>- In February, the job depended on Coast Guard funding<br>- do not recall if Tom said he was being paid by his employer for his trip |

| Time | |
|---|---|
| 9:25:22 AM | **Exhibit(s) Identified**                                                                 11<br>- contacted Mr Puett to team with Techno Coatings Inc<br>- Techno Coatings Inc was represented by Mr Puett<br>- re Exhibit 3, notice of conversion letter<br>- I r43ceived the letter and received a complaint same day or day after<br><br>Objection; beyond scope; overruled it is fair rebuttal<br><br>- I asked Imperial for proof they owned the equipment, and Exhibit 4, 5, 6, 7 was part of the proof they provided<br>- Imperial still asserts ownership |
| 9:29:44 AM | - Exhibit 10 was fax from Mr Puett<br>- includes a letter from Techno Coatings<br>- do not know why it was included in his resume'<br>- he (Mr Puett) sent it<br>- was received in ordinary course of business |
| 9:30:42 AM | Cross exam by Brown<br>- re Exhibit X I have read this letter before<br>- letter asserts Puett is owner of inspection gauges<br>- letter does not make it clear that Mr Puett owns it<br>- there is no specific reference to specific instruments in Exhibit W<br>- in very original specification there were QP 1,2,3 specifications, but they were removed later |
| 9:35:22 AM | Court inquires of Mr Olson<br>- we do not get paid for estimating projects, and we do not pay subcontractors for their estimates<br>- I paid for him (Puett) to come up at behest of Brechan Enterprises since they were considering replacing Swalling Constructions<br>- I could not ask him or his employer to go out of pocket<br>- re Exhibit X, understood that firm represented Imperial and Mr McKinley, but no indication they represented Puett<br>- there was no reconciliation between Exhibit X and Exhibit 3<br>- $6500 was not identified as an expense on tax return and no 1099 issued as to $6500<br>- 1099 was issued to Techno, but 6500 not included in that |
| 9:42:24 AM | Inquiry by Nangle<br>- my sole source of income is Absolute<br>- take out and put in to corporation as needed<br><br>Inquiry by Brown<br>- 6500 was characterized as a profit dividend from corporation |
| 9:43:51 AM | Inquiry by Court<br>- 6500 not deducted on personal taxes |
| 9:44:08 AM | Off record for recess |
| 9:54:05 AM | On record<br>Brown<br>- no sur-rebuttal |

|  |  |
|---|---|
|  | Court<br>- re conversion claim<br>- plaintiff does not claim it<br>- either belongs to Imperial or Puett<br>- surprised it takes a trial<br>- could be interpleader<br><br>Nangle<br>- Imperial always claimed everything on that list<br><br>Court<br>- why need a bill of sale<br><br>Nangle<br>- need to transfer title<br><br>Court<br>- why not request disclaimer of interest<br>- you could have negotiated a return or get a letter that they refused to disclaimed |
| 9:57:51 AM | Nangle argues<br>- in 5 years Mr Puett never sent a bill or asserted a fee agreement<br>- claim he does not owe Dave Olson 6500 is not credible<br>- at all times he was an employee<br>- fiduciary duty<br>- never pay subcontractors for producing bid<br>- Exhibit 10 shows that Absolute got from Techno the QP 1, 2, 3<br>- ridiculous to claim consulting fee when no bill or agreement |
| 10:00:07 AM | Brown argues<br>- Plaintiff has burden of proof<br>- failed to meet burden that there was a loan<br>- no documents of loan<br>- no testimony other than Olson<br><br>Court<br>- also no evidence of agreement of employment<br><br>Brown<br>- then he said-he said<br><br>Court<br>- concerned that he never declared 6500 as income<br>- lack of 1099 does not excuse failure to declare income<br>- could have asked for 1099<br>- please explain<br><br>Brown<br>- accountant said no 1099, do not declare<br>- it was risky thing to do<br>- no documents with company letterhead for estimates<br>- all estimated in his handwriting and correspondence to home<br>- there should be a nexus between Absolute and those companies |

| | |
|---|---|
| 10:05:20 AM | - only the one qualifier of Techno on Phase One<br>- then 2003 when he works for Imperial<br>- for lack of a better term, he was moonlighting<br>- not a breach of fiduciary duty if there was no prohibition on his working after hours<br>- ask Court to look at interrogatories<br>- we got appraisal on equipment in Federal case<br>- no effort to return it<br>- letter from Marston (Olson's attorney in federal case) to Imperial to get items |
| 10:08:06 AM | **Court**<br>- did you ask Mr Nangle about getting items when you saw Exhibit X; |
| | **Brown**<br>- we got no response to that letter, we got a lawsuit<br>- 2 law suits in state court and one in federal<br>- vindictive suits<br>- at this point he wants to be reimbursed for the property<br>- no idea of the current condition of items<br>- if items shown to be in same condition as they were, he would want them<br>- not sure which items they actually have |
| 10:12:10 AM | - they admit in their interrogatories that they took the equipment<br>- we are entitled to be reimbursed<br>- they have not established that there was a loan<br>- too many documents show that he was an independent contractor who is owed $3500 |
| | **Court**<br>- what if conversion claim stayed for 30 days to determine location and condition of the items |
| | **Brown**<br>- problem is the context of Federal case |
| 10:15:30 AM | **Nangle**<br>- it cost 1.2 million to finish job Imperial was hired to do<br>- Mr Puett went to Kodiak to get his personal property<br>- no mention of gauges, etc.<br>- he can come over to look at what we have, but we will not give anything back until there is an order that we do so<br>- Mr Olson is naïve when he sends a check for $6500 without a promissory note, but it was a loan<br>- he had an American Express Bill of 6500<br>- w3e proved it was a loan |
| 10:18:54 AM | **Court**<br>- I will take this under advisement for short period<br>- IU will schedule a time for decision on record for one hour<br>- urge parties to arrange for Mr Puett to examine the items |
| | **Brown**<br>- problem is they have to be sent to company to certify that they are in working condition |
| | **Puett**<br>- instruments need to be certified annually<br>- not sure if planks damaged |

|  |  |
|---|---|
|  | Nangle<br>- planks in one of trailers, may be in Kodiak<br>- planks not referenced in Exhibit X<br>- instruments in an office in Ship Creek<br>- instruments not used for 3 years<br>- they were out of certification when lawyer wrote letter (Exhibit X)<br>- we offered to return everything to Imperial, but they refused<br><br>Brown<br>- not so |
| 10:24:32 AM | Court<br>- it does not sound as if you (parties) cannot work out<br>- I will need 15 minutes (before rendering decision) |
| 10:25:24 AM | Off record for recess |
| 10:50:10 AM | On record<br>Court<br>- thanks parties for patience and for well argued and presented case<br>- as to Plaintiff's claim for loan and Defendant's claim it was not a loan<br>- a close dispute<br>- Defendant presented evidence suggesting he was working for himself and not for his employers<br>- estimates provided were not on letterhead of employers but also not on his own letter head<br>- ultimately find compelling is how they treated the transaction on their income taxes |
| 10:52:52 AM | - tax returns are signed with representations<br>- Court find this was a loan of 6500<br>- Plaintiff did not deduct it from corporate or personal taxes as an expense<br>- also that he did not issue a 1099<br>- As for Mr Puett, whether or not a 1099 issued, income is income and must be declared<br>- not credible for accountant to say not to declare it<br>Brown<br>-<br>Court<br>- had opportunity to present evidence and argument<br>- file a motion |
| 10:55:55 AM | - have gone out of my way to allow presentation of evidence<br>- find it was a loan (to be repaid) and the counterclaim for 3500 is denied<br>- as for conversion claim on adhesion tester valued at $1495 and the holiday detector valued at $3,286.30, I find that the letter from the attorneys for Imperial specifically states that this property was personally owned by Defendant and should have been returned<br>- find that Imperial Industrial Coatings specifically disclaimed its interest through its attorneys and there was conversion<br>- considered ordering return of property to defendant to allow testing<br>- will not do that since a burden on Defendant which Defendant should not have<br>- Court finds these are not property of Imperial Industrial Coatings, they are property of Mr Puett<br>- the letter does not address 5 planks and they should be returned to defendant<br>- no evidence of damage<br>- if damaged can be subject of motion for modification of judgment<br>- Mr Nangle to prepare proposed judgment |

|  |  |  |
|---|---|---|
|  | - | get together with Mr Brown |
|  | - | fax it to Brown by this Friday (March 3), and file objections by Monday (March 6) |
|  | - | understand planks may be in Kodiak |
| 11:02:44 AM | - | I expect the two of you as members of bar to act civilly |
|  | - | will not make any ruling as to value of planks |
|  | - |  |
| 11:03:46 AM | - | Off record |