Terry R. Marston, *pro hac vice,* terry@mhf-law.com
Jami K. Elison, *pro hac vice,* jamie@mhf-law.com
MARSTON HEFFERNAN FOREMAN, PLLC
16880 N.E. 79th Street
Redmond, Washington 98052
(425) 861-5700

PAUL J. NANGLE & ASSOCIATES
Kerry Building
101 Christensen Drive
Anchorage, Alaska 99501
Telephone: (907) 274-8866

Attorney for Plaintiff ABSOLUTE ENVIRONMENTAL SERVICES, INC.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>FORREST J. MCKINLEY, an individual, d/b/a "Imperial Industrial Coatings" and EMERCO, INC., a California Corporation, d/b/a Imperial Industrial Coatings, BRECHAN ENTERPRISES, INC., an Alaska corporation; and SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation.<br><br>Defendants. | Case No.: A03-0199CV (RRB)<br><br>**DECLARATION OF TERRY R. MARSTON IN SUPPORT OF MOTION TO DISMISS OR CAP CERTAIN CLAIMS ALLEGED BY DEFENDANT EMERCO, INC.** |
| EMERCO, INC., a California corporation d/b/a Imperial Industrial Coatings, and the States for Use and Benefit of EMERCO, INC.,<br><br>Counterclaimant/Third-party Claimant,<br><br>v.<br><br>ABSOLUTE ENVIRONMENTAL SERVICES INC., an Alaska corporation, et al.,<br><br>Cross-defendants/Third-party Defendants. | |

DECLARATION OF TERRY R. MARSTON IN SUPPORT OF MOTION TO DISMISS OR CAP
CERTAIN CLAIMS ALLEGED BY DEFENDANT EMERCO, INC.
Case No. A03-0199CV (RRB)-- 1

| | |
|---|---|
| THE UNITED STATES OF AMERICA *for the use and benefit of* ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, | )<br>)<br>)<br>)<br>) |
| Plaintiff,<br>vs. | )<br>)<br>) |
| SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation. | )<br>)<br>) |
| Defendants. | )<br>) |
| BRECHAN ENTERPRISES, INC., an Alaska corporation, | )<br>) |
| Counterclaim Plaintiff,<br>vs. | )<br>)<br>) |
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, | )<br>)<br>) |
| Counterclaim Defendant. | ) |
| BRECHAN ENTERPRISES, INC., an Alaska corporation, | )<br>) |
| Third-Party Plaintiff,<br>vs. | )<br>)<br>) |
| COFFMAN ENGINEERS, INC, a Washington Corporation. | )<br>)<br>) |
| Third-Party Defendant. | )<br>) |
| ABSOLUTE ENVIRONMENTAL SERVICES INC., an Alaska Corporation, | )<br>)<br>) |
| Plaintiff/Cross-claimant,<br>vs. | )<br>)<br>) |
| COFFMAN ENGINEERS, INC, a Washington Corporation. | )<br>)<br>) |
| Third-Party Defendant. | )<br>) |

DECLARATION OF TERRY R. MARSTON IN SUPPORT OF MOTION TO DISMISS OR CAP
CERTAIN CLAIMS ALLEGED BY DEFENDANT EMERCO, INC.
Case No. A03-0199CV (RRB)-- 2

I, Terry R. Marston, declare as follows:

1. I am an attorney for Absolute Environmental Services, Inc. ("Absolute"), plaintiff in the above captioned action. I am competent to testify and base these declarations on personal knowledge.

2. Attached hereto as **Exhibit 1** is a true and correct copy of Written Response of Defendant Emerco, Inc. ... to Plaintiff's First Set of Interrogatories.

3. Per Ex. 1, Emerco alleges that it encountered a gray paint substance that increased the amount of required work by Emerco. *See* pp. 11-12.

4. Per Ex. 1, Emerco contests certain backcharges that were assessed by AESI during the course of construction. *See* p.16.

5. Per Ex. 1, Emerco claims that it was entitled to be paid for mobilization. *See* p.15. Attached hereto as **Exhibit 2** is a true and correct copy of the subcontract between Absolute and Emerco. There is no provision for a mobilization payment in Ex. 2.

6. Per Ex. 1, Emerco claims it is entitled to lost profits for completely different projects, the Coating Tanks referred to as N12 and N60. *See* p.14.

7. Per Ex. 1, Emerco claims it is entitled to economic damages for lost profits on the cargo wharf project that is the subject of this litigation. *See* pp.12-13.

8. Per Ex. 1, Emerco alleged interference and delay damages but provided no quantification and no expert to support such a claim. *See* pp. 17-18.

9. On August 4, 2003 Special Polymer Coatings ("SPC"), the coating manufacturer, decertified Emerco's applicators leaving Emerco wholly unable to perform its required work. Attached hereto as **Exhibit 3** is a true and correct copy of that letter obtained through discovery.

10.  AESI sent a cure notice to Emerco requiring that they obtain certification and resume working on the Project. Attached hereto as **Exhibit 4** is a true and correct copy of that August 6, 2003 letter.

11.  Emerco elected to terminate the contract. Attached hereto as **Exhibit 5** is a true and correct copy of an August 7, 2003 letter from William Baerg, counsel for Emerco.

12.  Mr. Puett testified about the labor cost associated with the gray paint. Attached hereto as **Exhibit 6** is a true and correct copy of excerpts from the deposition of Tom Puett.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED this 12 day of August, 2006, at Redmond, Washington.

TERRY R. MARSTON