3 NO.: 2003-04                                                                       ACCOUNT CODE:

DATE:    1/31/03

# SUBCONTRACT
(SHORT FORM)

This agreement is made this 18 day of December 20 02, and effective the 18th day of December 20 02, by and between Absolute Environmental Services (Contractor) and **Imperial Industrial Coating** (Subcontractor) to perform the Work identified in Article 2 in accordance with the Project's Contract Documents.

        PROJECT:    IDIQ MultiTrade Construction Contract DTCG50-01-D-643J55
                          **Cargo Wharf Pile Coating Phase II**
        OWNER:     FD&CC (PAC)
        ARCHITECT: Same
        CONTRACTOR:    Absolute Environmental Services, Inc.
        SUBCONTRACTOR: **Imperial Industrial Coating**

## ARTICLE 1

**CONTRACT PAYMENT.**    The Contractor agrees to pay Subcontractor for satisfactory performance of Subcontractor's Work the sum of    Seven Hundred Seventy-two Thousand One Hundred Twenty-three    Dollars ($ 772,123 )

Progress payments, less retainage of _____ %, shall be made to Subcontractor for Work satisfactorily performed no later than seven (7) days after receipt by Contractor of payment from Owner for Subcontractor's Work. Final Payment of the balance due shall be made to Subcontractor no later than seven (7) days after receipt by Contractor of final payment from Owner for Subcontractor's Work. These payments are subject to receipt of such lien waivers, affidavits, warranties and guarantees required by the Contract Documents or Contractor.

## ARTICLE 2

**SCOPE OF WORK.**    Subcontractor agrees to commence Subcontractor's Work herein described upon notification by Contractor, and to perform and complete such Work in accordance with Contract Documents and under the general direction of Contractor in accord with Contractor's schedule. This shall include all work necessary or incidental to complete the:
**Removal of existing pile coatings and application of new pile coatings**

Work for the Project as more particularly, though not exclusively specified in    Scope of Work dated 9-16-02 and our proposal dated 9-16-02.

## ARTICLE 3

**SCHEDULE OF WORK.**    Time is of the essence. Subcontractor shall provide Contractor with any requested scheduling information of Subcontractor's Work. The Schedule of Work, including that of this Subcontract shall be prepared by Contractor and may be revised as the Work progresses.

Subcontractor shall coordinate its work with all other contractors, subcontractors, and suppliers on the project so as not to delay or damage their performance, work, or the Project.

## ARTICLE 4

**CHANGES.**    Contractor, without nullifying this Agreement, may direct Subcontractor in writing to make changes to Subcontractor's Work. Adjustment, if any, in the contract price or contract time resulting from changes shall set forth in a Subcontract Change Order pursuant to the Contract Documents.

IIC-000001

2 1 of 2

### ARTICLE 5

**FAILURE OF PERFORMANCE.** Should Subcontractor fail to satisfy contractual deficiencies within three (3) working days from receipt of Contractor's written notice, then the Contractor, without prejudice to any right or remedies, shall have the right to take whatever steps it deems necessary to correct said deficiencies and charge the cost thereof to Subcontractor, who shall be liable for payment of same, including reasonable overhead, profit, and attorneys fees.

### ARTICLE 6

**INSURANCE.** Prior to the start of Subcontractor's Work, Subcontractor shall procure and maintain in force for the duration of the Work, Worker's Compensation Insurance, Employer's Liability Insurance, Comprehensive General Liability Insurance and all insurance required of Contractor under the Contract Documents. Contractor, Owner, and Architect shall be named as additional insured on each of these policies, except for Worker's Compensation.

### ARTICLE 7

**INDEMNIFICATION.** To the fullest extent permitted by law, Subcontractor shall indemnify and hold harmless Owner, Architect, Architect's consultants, and Contractor from all damages, losses, or expenses, including attorneys fees, from any claims or damages for bodily injury, sickness, disease, or death, or from claims for damage to tangible property, other than the Work itself. This indemnification shall extend to claims resulting from performance of this Subcontract and shall apply only to the extent that the claim or loss is caused in whole or in part by any negligent act or omission of Subcontractor or any of its agents, employees, or subcontractors. This indemnity shall be effective regardless of whether the claim or loss is caused in some part by a party to be indemnified. The obligation of Subcontractor under this Article shall not extend to claims or losses that primarily caused by the Architect, or Architect's consultant's performance or failure to perform professional responsibilities.

### ARTICLE 8

**WARRANTY.** Subcontractor warrants its work against all deficiencies and defects in material and/or workmanship and agrees to satisfy same without cost to Owner or Contractor for a period of one (1) year from the date of Substantial Completion of the Project or per Contract Documents, whichever is longer.

### ARTICLE 9

**SPECIAL PROVISIONS.** (Insert any special provisions required by this Subcontract).

### ATTACHMENTS I THROUGH VII

In witness whereof, the parties have executed this Agreement under Seal, the day and year first written above.

| Imperial Industrial Coatings | Absolute Environmental Services, Inc. |
|---|---|
| SUBCONTRACTOR FIRM NAME | CONTRACTOR FIRM NAME |
| Forrest J McKinley   President | David Olson   Owner/President |
| BY (TYPE OR PRINT SIGNER'S NAME AND TITLE) | BY (TYPE OR PRINT SIGNER'S NAME AND TITLE) |

Subcontractor's Federal Tax ID Number: 33-0978232

IIC-000002

Exhibit 2 2 of 2