Michael E. Kreger
Perkins Coie LLP
1029 W. Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561
(907) 276-3108 (Facsimile)
mkreger@perkinscoie.com

Attorneys for Defendants Brechan Enterprises, Inc.
and Safeco Insurance Company of America

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska corporation,<br><br>    Plaintiff,<br>v.<br><br>FORREST J. MCKINLEY, et al.,<br><br>    Defendants. | Case No. 3:03-cv-0199-RRB |

**BRECHAN ENTERPRISES, INC.'S OPPOSITION
TO ABSOLUTE ENVIRONMENTAL SERVICES'
MOTION TO COMPEL**

In March, 2006, Absolute requested production of Brechan's financial statements for 2002, 2003 and 2004 and Brechan's federal tax returns for 2002, 2003 and 2004. Absolute also requested the delivery order and project records related to a United States Coast Guard task order Absolute identified as the "Building 25 project." Brechan made timely objections to each of these five requests for production on April 10, 2006. On the final day established by the

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

ABSOLUTE v. McKINLEY et al.
Case No. 3:03-cv-0199-RRB    - 1 -    [38599-0012/AA062270.003]

pretrial order for motions to compel, Absolute brought a motion to compel the production of these documents. Absolute also included in its motion a request for discovery regarding the payment bond applicable to the project and for printouts of certain Safeco internal records related to that bond.

Brechan continues to oppose Absolute's efforts to obtain irrelevant financial information and irrelevant information about other projects. Brechan and Safeco, through counsel, have voluntarily produced to Absolute the documents requested concerning the bonding information.

## ARGUMENT

FRCP 26(b)(1) provides that "parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, . . ." The Advisory Committee's notes to the 2000 amendments indicate the intent that "the parties and the court focus on the actual claims and defenses involved in the action. While the dividing line between information relevant to the claims and defenses cannot be defined with precision, it is clear that the parties have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings." Advisory Committee Notes, GAP Report, 2000 Amendment, Subdivision(b)(1).

Absolute's claims in this lawsuit are that Brechan failed to disclose information regarding site conditions at the United States Coast Guard cargo wharf in Kodiak when it had an implied duty in contract to disclose "superior

**PERKINS COIE LLP**
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

knowledge."[1]  Brechan's financial statements for 2002, 2003 and 2004; its tax returns and its job cost reports and other project records for the Building 25 demolition project are not relevant to Absolute's claims, and discovery of those documents should not be ordered.

**Corporate Tax Returns and Financial Statements (Request for Production Nos. 6 and 7)**

With respect to Request Nos. 6 and 7, Absolute only asserts all the documents in Nos. 6-10 "are critical to Absolute's claim that Brechan fraudulently misled Absolute with respect to the cargo wharf project and demonstrated Brechan's exaggerated profit margins on United States Coast Guard projects."

---

[1] During a trial setting conference, counsel for Absolute explained the claims as follows:

> Mr. Marston:  The essence of our claim against Brechan is that they were aware of a significant undisclosed condition on the contract.  And that they failed to disclose that prior to the time so we could incorporate that into our bid.
>
> That's it.
>
> In the documentation submitted to the court it was stated that we had ten different claims.  Well, you know how Pleadings works?  You have ten different theories of recovery, but it's all identifying the same operative facts and all talking about the same damages.  And the entire question boils down to:  did they, in fact, know about the existence of this situation, and did they disclose it?
>
> So that's not going to be something that's going to take lengthy periods of time of discovery.

See Docket 172, Declaration of P. Partnow in Support of Coffman Engineer's Motion to Reset Trial Date, at Exhibit 5, pp 11-12 (Transcript of September 15, 2005 Trial Setting Conference, remarks of Mr. Marston).

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

Absolute makes no effort to explain why the documents in Request Nos. 6-7 are "critical" or even related to Absolute's claim. No such showing can be made.

Absolute has not attempted to explain to the court why Brechan's financial status or corporate tax returns in 2002-2004 have any relevance to a claim or defense. Absolute presumably will contend that Brechan's accounting records and tax returns may show it had a strong year (or a weak year?) in 2002, and that therefore Brechan would have been more included or less inclined to conceal known, vital information about the possibility of defective welds on H-piles. But there is no stated or obvious connection between the project team's disclosure of weld issues and Brechan's reported financial status, positive or negative. How that subsequent financial reporting is relevant to a claim is unexplained.

The more telling moment in Absolute's motion is the assertion that these documents "demonstrate Brechan's exaggerated profit margins on United States Coast Guard projects." Evidence that Brechan realized an "exaggerated profit margin" on the United States Coast Guard projects is unrelated to Absolute's liability or damages on any pending claims. Evidence of Brechan's asserted "exaggerated profit margin" on United States Coast Guard projects is, instead, one of several "excite the jury" themes Absolute may seek to present at trial, no doubt to greater juror interest than the significance of contract language to "stripe coat" defective welds, but with no relevance to Absolute's claim that Brechan failed to disclose "superior knowledge."

**PERKINS COIE LLP**
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

ABSOLUTE v. McKINLEY et al.
Case No. 3:03-cv-0199-RRB     - 4 -     [38599-0012/AA062270.003]

**Demo Building 25 – Task Order 44 (Request for Production of Document Nos. 8-11).**

With respect to information regarding Task Order 44, "Demo Building 25," there is again no correlation between contractual documents or job cost reports for that task order and Brechan's subcontract with Absolute on the project at issue.[2]  Absolute's motion sheds no light on the claim of relevance of that task order to its claims, other than to suggest job cost reports or other records will lead to admissible evidence about "the chronology of key events" in relation to Brechan's financial position and about "the methods and practices of Brechan with respect to its dealings with the Coast Guard."  Absolute offers no explanation how job cost reports for a separate project have any bearing on Absolute's claims, or how job cost reports on that task order might relate to any so-called "key events."

Again, the telling part of Absolute's request is its assertion that project records for Building 25 would bear on "methods and practices" in Brechan's dealings with the Coast Guard.  This again signals Absolute's intention to look for juror-incensing "practices and methods" in Brechan's dealings with the Coast Guard.  The court should not authorize, without good cause, a discovery expedition aimed at finding diversions to the issues for trial.  Absolute has not shown any cause.

---

[2] It is not clear if Absolute is clearly seeking these records.  Absolute's form of order does not seek the disclosure of these records.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

ABSOLUTE v. McKINLEY et al.
Case No. 3:03-cv-0199-RRB           - 5 -           [38599-0012/AA062270.003]

In short, the requested financial records and unrelated project records are not relevant to claims or defense and no good cause exists for authorizing this discovery.

**Disclosure of Bonds and Safeco Computer Records Has Occurred**

Two payment bonds were issued during the IDIQ contract under which the task order for the Cargo Wharf Phase II was issued. See Declaration of Guy Armfield, August 11, 2006, ¶¶ 2, 18. There were no riders or other modifications to those bonds. Id. Absolute attached the second, later payment bond to its Complaint as Exhibit A. See Docket 104. Defendants have produced a copy of the first payment bond. See Declaration of Michael E. Kreger, Exhibit 1. To address the confusion about the applicable bond, Safeco researched its records and has printed and provided complete bond transaction records pertaining to the two payment bonds which were issued as requested informally by Absolute.[3]

## CONCLUSION

For the reasons set forth above, Absolute's motion to compel should be denied.

---

[3] Safeco's response to Absolute's inquiry is not an occasion to enter a sanction in connect with Absolute's motion. Absolute's recent inquiry and Brechan's written response "book ended" the close of motion practice for motions to compel on August 4th. No interrogatories and requests for production were issued about bonds during discovery. No cost sanctions should be awarded on a motion for which there was no discovery requested, or as to a Rule 26 disclosure, for the correction of Safeco's mistaken response to Absolute's mistaken assertion about the identification number of the correct bond applicable to Absolute's subcontract.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

ABSOLUTE v. McKINLEY et al.
Case No. 3:03-cv-0199-RRB           - 6 -           [38599-0012/AA062270.003]

DATED: August 15, 2006.

**PERKINS COIE LLP**
Attorneys for Defendant
Brechan Enterprises, Inc.


By  /s/ Michael E. Kreger
   Michael E. Kreger
   Alaska Bar No. 8311170
   Perkins Coie LLP
   1029 W. Third Avenue, Suite 300
   Anchorage, Alaska  99501
   (907) 279-8561
   (907) 276-3108 (Facsimile)
   Email:  mkreger@perkinscoie.com

I hereby certify that on August 15, 2006, the
foregoing has been served by electronic mail on
Robert J. Dickson, Peter C. Partnow, William R.
Baerg, Terry R. Marston II, James B. Stoetzer, and
Eric J. Brown.

  /s/ Michael E. Kreger
     Michael E. Kreger

**PERKINS COIE LLP**
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

ABSOLUTE v. McKINLEY et al.
Case No. 3:03-cv-0199-RRB                - 7 -                [38599-0012/AA062270.003]