IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska corporation,<br><br>Plaintiff,<br><br>v.<br><br>FORREST J. MCKINLEY, et al.,<br><br>Defendants. | Case No. A03-0199 Civil (RRB)<br><br>**DECLARATION OF GUY P. ARMFIELD** |

I, Guy P. Armfield, hereby declare under penalty of perjury, that:

1. I am employed by Safeco Insurance Company of America as a senior construction bond underwriter. In my position with Safeco, I am the current underwriter at Safeco responsible for the Brechan Enterprises, Inc. surety bond account. I make this declaration based on personal knowledge and a review of Safeco's underwriting files. Because many of the early transactions reflected in Safeco records and described below were authorized by my predecessor, my declaration is also based on information and belief.

2. Two bonds were issued by Safeco on behalf of Brechan Enterprises in connection with Contract DTCG50-020D-643J55.

3. Attached to this declaration as Exhibit 1 are printouts I made of transaction notes from Safeco's computer records concerning the transactions for these two bonds. A brief description of each transaction processed ("tran note")

for bonds 6165609 and 6165609-0001 follows. The transactions referred to below were entered into the Safeco system by administrative assistants after authorization from an underwriter.

### Bond 6165609

4. Bond 6165609 was originally entered into the Safeco system on August 26, 2002. The bond is for Contract DTCG50-020D-643J55 and has a contract date of July 18, 2002. The penal sum of the bond is $100,000.

5. A transaction was processed on April 10, 2003, per the trans note entry date issuing an additional billing because the agent (Willis) advised us the contract amount had increased to $5,627,594. As is customary in the surety industry, we billed for premium based on the reported value of the contract. No rider was issued increasing the penal sum of the bond, which remained at $100,000. The "Perf and Pymt Amount" sections of the tran note should have indicated that by remaining at $100,000, but they were incorrectly modified to reflect the reported contract amount of $5,627,594.

6. On July 15, 2003 a transaction was processed per the tran note issuing an additional billing because the agent (Willis) advised us the contract amount had increased to $10,000,000. No rider was issued increasing the penal sum of the bond, so it remained at $100,000. The Perf and Pymt sections of the tran were again incorrectly modified to indicate the reported contract amount of $10,000,000.

7. On September 8, 2005 a transaction was processed to change the renewal method of the bond from 5 to 6. This is an internal Safeco code which

tells the bond whether to remain open for additional billings, or to close automatically. The bond was originally entered with an incorrect renewal method of 5.

8. Based on a Brechan provided spreadsheet detailing the task orders issued under the contract, on September 8, 2005 a transaction was processed to close our file with a final contract price of $10,241,119 and a billing is generated. No rider was ever issued increasing the penal sum of this bond.

9. On September 19, 2005 our file is reinstated because the final contract price was entered incorrectly on September 8, 2005.

10. On October 3, 2005 our file for this bond was closed with a final contract amount of $14,759,935 from the Brechan-provided spreadsheet. The final billing was generated.

## Bond 6165609-0001

11. On July 8, 2003 Bond 6165609-0001 was originally entered into the Safeco system. The bond is for Contract DTCG50-02-D-643J55 Option Year 1, and has a contract date of March 9, 2003. The penal sum of the bond is $100,000.

12. A transaction was processed on July 15, 2003, per the trans note issuing an additional billing because the agent (Willis) advised us the contract amount had increased to $1,080,947. As is customary in the surety industry, we bill for premium based on the total value of the contract. No rider was issued increasing the penal sum of the bond. The Perf and Pymt sections of the tran note were incorrectly modified to reflect the reported contract amount of $1,080,947.

13. On October 30, 2003 a transaction was processed per the tran note issuing an additional billing because the agent (Willis) advised us the contract had increased to $4,044,964. No rider was issued increasing the penal sum of the bond.

14. On September 8, 2005 a transaction is processed issuing an additional billing because the agent (Willis) advised us the contract amount had increased to $14,286,083. No rider was issued increasing the penal sum of the bond. The "Perf and Pymt Amount" entries were not modified.

15. On September 19, 2005 the transaction processed on September 8, 2005 was reversed as it was done incorrectly.

16. On September 19, 2005, based on a Brechan provided spreadsheet detailing the task orders issued under the contract, a transaction was processed to increase our billing based on a contract amount of $10,241,119. No rider was issued increasing the penal sum of the bond. The Perf and Pymt amount sections of the tran were incorrectly modified to reflect the reported contract amount of $10,241,119.

17. On April 10, 2006 a note is added to the file indicating that the next sequence of billings will be documented under an entry described as 6165609-0002. No bond was ever issued with a bond number 6165609-0002. The change in our file is necessary due to a system limitation presented by the change of agents handling Brechan's business. This is the final entry in the system for Bond 6165609-0001.

18. On April 20, 2006, based on a Brechan provided spreadsheet, a billing was generated based on a reported contract value of $10,252,413. The premium billing for that contract value was billing is processed under an entry of "bond 6165609-0002," as explained above. No bond by that number exists. No other bonds for Brechan's task orders under Contract DTCG50-020D-643J55 besides Bond No. 6165609 and Bond No. 6165609-0001 were ever issued.

19. Based upon our review of the files, which were prompted by Mr. Marston's recent motion to compel, Safeco has determined that an over billing occurred because of a processing/system error. Safeco has or will make an appropriate adjustment to the Brechan account to correct this error.

DATED this 11th day of August, 2006.

_____
Guy P. Armfield

DECLARATION OF GUY ARMFIELD
Page 5

AA062220.011.DOC