Terry R. Marston, *pro hac vice,* terry@mhf-law.com
Jami K. Elison, *pro hac vice,* jamie@mhf-law.com
MARSTON HEFFERNAN FOREMAN, PLLC
16880 N.E. 79th Street
Redmond, Washington 98052
(425) 861-5700

PAUL J. NANGLE & ASSOCIATES
Kerry Building
101 Christensen Drive
Anchorage, Alaska 99501
Telephone: (907) 274-8866

Attorney for Plaintiff ABSOLUTE ENVIRONMENTAL SERVICES, INC.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>FORREST J. MCKINLEY, an individual, d/b/a "Imperial Industrial Coatings" and EMERCO, INC., a California Corporation, d/b/a Imperial Industrial Coatings, BRECHAN ENTERPRISES, INC., an Alaska corporation; and SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation.<br><br>Defendants. | Case No.: A03-0199CV (RRB)<br><br>**DECLARATION OF DAVE OLSON IN SUPPORT OF ABSOLUTE'S OPPOSITION TO SAFECO'S MOTION FOR SUMMARY JUDGMENT** |
| EMERCO, INC., a California corporation d/b/a Imperial Industrial Coatings, and the States for Use and Benefit of EMERCO, INC.,<br><br>Counterclaimant/Third-party Claimant,<br><br>v.<br><br>ABSOLUTE ENVIRONMENTAL SERVICES INC., an Alaska corporation, et al.,<br><br>Cross-defendants/Third-party Defendants. | |

DECLARATION OF DAVE OLSON IN SUPPORT OF ABSOLUTE'S OPPOSITION TO SAFECO'S
MOTION FOR SUMMARY JUDGMENT
Case No. A03-0199CV (RRB)-- 1

| | |
|---|---|
| THE UNITED STATES OF AMERICA *for the use and benefit of* ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, | ) ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation. | ) ) ) |
| Defendants. | ) ) |
| BRECHAN ENTERPRISES, INC., an Alaska corporation, | ) ) ) |
| Counterclaim Plaintiff, | ) |
| vs. | ) ) |
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, | ) ) ) |
| Counterclaim Defendant. | ) |
| BRECHAN ENTERPRISES, INC., an Alaska corporation, | ) ) ) |
| Third-Party Plaintiff, | ) |
| vs. | ) ) |
| COFFMAN ENGINEERS, INC, a Washington Corporation. | ) ) ) |
| Third-Party Defendant. | ) ) |
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, | ) ) ) |
| Plaintiff/Cross-claimant, | ) |
| vs. | ) ) |
| COFFMAN ENGINEERS, INC, a Washington Corporation. | ) ) ) |
| Third-Party Defendant. | ) ) |

DECLARATION OF DAVE OLSON IN SUPPORT OF ABSOLUTE'S OPPOSITION TO SAFECO'S MOTION FOR SUMMARY JUDGMENT
Case No. A03-0199CV (RRB)-- 2

I, David Olson, being first duly sworn, declare and say as follows:

1. I am the president of Absolute Environmental Services, Inc. ("Absolute"), the Plaintiff in this matter. I have personal knowledge of the facts set out below.

2. Phase I of the Cargo Wharf Project commenced on or about July 17, 2001. Attached hereto as Exhibit A is a true and correct copy of an email exchange dated July 16, 2001.

3. All production on Phase I of the Cargo Wharf Project stopped for the winter on or about November 5, 2001. Attached hereto as **Exhibit B** is a true and correct copy of Jerry Hardenbergh's weekly summary report dated November 5, 2001 which states that all production coating on original Wharf has been stopped. (Produced to us in discovery.)

4. After five months of winter shutdown, Phase I of the Cargo Wharf Project resumed on or about May 1, 2002. Attached hereto as **Exhibit C** is a true and correct copy of a May 1, 2002 daily summary report issued by Jerry Hardenbergh. (Produced to us in discovery.)

5. Phase I of the Cargo Wharf Project was completed on or about June 15, 2002. Attached hereto as **Exhibit D** is a true and correct copy of Jerry Hardenbergh's June 15, 2002 daily summary report which indicates that "[a]ll coating work is complete through bent 12 and is acceptable in accordance with project specifications." (Produced to us in discovery.)

6. Absolute commenced work on Phase II of the Cargo Wharf Project on or about April 2, 2003. Attached hereto as **Exhibit E** is a true and correct copy of the Preconstruction Conference notes for Phase II dated April 2, 2003.

7. In November 2003 Jerry Hardenbergh issued a daily summary report prior to Absolute's winter shutdown of the project. Attached hereto as **Exhibit F** is a true and correct copy of Jerry Hardenbergh's daily summary report dated November 10, 2004.

8. Absolute demobilized from Phase II of the Cargo Wharf Project in November 2003. Attached hereto as **Exhibit G** is a true and correct copy of Absolute's daily report dated November 20, 2003.

9. Absolute was required to perform surface preparation and obtain a holiday free standard as part of its work under the contract. Because of the nature of defects and existing conditions, which predated Absolute's participation on the project, Absolute was not able to complete its work under the contract until December 2004.

10. Absolute originally anticipated completing its work on Phase II by the end of August 2003. But the actual conditions of the project delayed Absolute's completion. Because of this delay, Absolute incurred extended job site and home office overhead damages. Absolute's expert, Mr. Lembke, performed an analysis if delays and delay damages pertaining to this period of time. Absolute was able to demobilize on November 20, 2003, but was <u>not</u> able to finish its work until a full year later. Mr. Lembke's comments about completion and delays pertained to a particular analysis and on their face do not speak to, nor establish, the proposition that Safeco now presents.

11. The winter shutdown period for Phase II again lasted for approximately 5 months. As requested by Brechan, and at Brechan's direction, Absolute agreed to return to the site to complete its contract work in mid or late May 2004. However, Jerry Hardenbergh was not available to provide QA for the work until June 2004. Attached hereto as **Exhibit H** is a true and correct copy of an email chain dated April 22 and April 27, 2004.

12. As instructed by Brechan, Absolute resumed its work on the project in early July 2004.

13. From July until December 2004, Absolute performed substantial contract work in order to achieve a holiday-free application of coatings consistent with the contract requirements. Given the failure of Brechan and Coffman to disclose the actual conditions of the site, the base contract work itself can be described in large part as repair work.

14. From July to December 2004 Absolute provided 634 labor-hours to the project. Attached hereto as **Exhibit I** are true and correct copies of Absolute's Job Hours from July through December 2004, along with a 2004 summary sheet of Absolute's hours. July, August, and September work was <u>not</u> non-billable warranty work.

15. Absolute completed its work on Phase II in October 2004 and Phase II was accepted in December 2004. Attached hereto as **Exhibit J** is a true and correct copy of Coffman's December 17, 2004 inspection report and warranty inspection list dated October 2-3, 2004.

16. Brechan issued its final pay request to the United States Coast Guard for 100% completion of the Project in <u>December 2004</u>. Attached hereto as **Exhibit K** are true and correct copies of Brechan's final Requests for Payment to the US Coast Guard dated <u>December 31, 2004</u>, October 31, 2004 and September 30, 2004.

17. Absolute was paid the final amount due on the contract after 100% completion of the project on or about December 2, 2004. Attached hereto as **Exhibit L** is a true and correct copy of an Absolute Deposit Summary dated December 2, 2004.

18. Absolute was last paid under the contract in December 2004. Absolute timely commenced a lawsuit alleging Miller Act claims on June 22, 2005, well within the 1-year period required by the statute.

19. Attached hereto as **Exhibit M** is a true and correct copy of page 30 of the JOC contract documents.

20. Attached hereto as **Exhibit N** is a true and correct copy of page 68 of the JOC contract documents.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED this \_\_\_ day of August, 2006 at Grangville, Idaho.

*Dave Olson*

DECLARATION OF DAVE OLSON IN SUPPORT OF ABSOLUTE'S OPPOSITION TO SAFECO'S
MOTION FOR SUMMARY JUDGMENT
Case No. A03-0199CV (RRB)-- 5