ERIC J. BROWN, ESQ.
JERMAIN DUNNAGAN & OWENS, P.C.
3000 A. Street, Suite 300
Anchorage, Alaska 99503-4097
Telephone: (907) 563-8844
Facsimile: (907) 563-7322 (ebrown@jdolaw.com)

PATRICK J. DUFFY, III, ESQ.
WILLIAM R. BAERG, ESQ.
MONTELEONE & McCRORY, LLP
725 S. Figueroa Street, Suite 3200
Los Angeles, California 90017-5446
Telephone: (213) 612-9900
Facsimile: (213) 612-9930 (baerg@mmlawyers.com)

Attorneys for Defendant Forrest J. McKinley and
Defendant and Counter-Claimant EMERCO, INC.,
dba Imperial Industrial Coatings

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaskan Corporation,<br><br>*Plaintiff,*<br><br>v.<br><br>FORREST J. McKINLEY and "JANE DOE" McKINLEY, and the marital community property composed thereof d/b/a/ "Imperial Industrial Coatings" and EMERCO, INC., a California Corporation d/b/a/ Imperial Industrial Coatings,<br><br>*Defendants.* | CASE NO. A-03-0199 Civil (RRB)<br><br>**CROSS-CLAIMANT EMERCO, INC., DBA IMPERIAL INDUSTRIAL COATINGS' OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS CLAIM FOR GOODS SOLD AND DELIVERED** |
| EMERCO, INC., a California Corporation d/b/a Imperial Industrial Coatings, and the United States for the Use and Benefit of EMERCO, Inc.,<br><br>*Counter-Claimant/Third Party Claimant,*<br><br>v.<br><br>ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaskan Corporation, et al.,<br><br>*Cross-Defendants/Third Party Defendants.* | |

| | |
|---|---|
| THE UNITED STATES OF AMERICA for the use and benefit of ABSOLUTE ENVIRONMENTAL SERVICES, INC., and Alaska corporation, | )<br>)<br>) |
| *Plaintiff,* | ) |
| v. | ) |
| SAFECO INSURANCE COMPANY OF AMERICA, a Washington corporation, | )<br>) |
| Defendant. | ) |
| BRECHAN ENTERPRISES, INC., an Alaska corporation, | )<br>) |
| Counterclaim Plaintiff, | ) |
| v. | ) |
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska corporation, | )<br>) |
| Counterclaim Defendant. | ) |
| BRECHAN ENTERPRISES, INC., an Alaska corporation, | )<br>) |
| Third-Party Plaintiff, | ) |
| v. | ) |
| COFFMAN ENGINEERS, INC., a Washington corporation, | )<br>) |
| Third-Party Defendant. | ) |

## I.

## INTRODUCTION

The Motion of Absolute Environmental Services, Inc. ("Absolute"), styled as one for "summary judgment," does not seek a judgment in this matter; rather it seeks to dismiss, or alternatively to cap the damages on, one of many discrete claims. Whatever procedural irregularities might exist, the Motion should not succeed for a more fundamental reason: It is predicated upon determinations of genuine and material issues of disputed fact — an incursion into matters reserved for the jury.

The court need not look far to find a major portion of the factual dispute. It is apparent in the Motion itself. The lawyer's legal brief posits that the subject equipment was retained by the moving party because it was needed to complete the construction work. The sworn testimony in the declaration is far different — stating that the moving party "retained the equipment as security for losses [it] foresaw . . ." *See* Motion (Olson Decl. at 4:4).

This disputed fact, apparent on the face of the Motion, is not the only one. And in determining the outcome of this Motion, it should be recalled that the Motion seeks to take matters from the jury and have them determined by the court — a vehicle limited to circumstances where the facts are not in genuine dispute.

## II.

## LEGAL ARGUMENT AND DISPUTED FACTS

For purposes of a motion for summary judgment, the burden of establishing that there is no genuine issue of material fact lies with the moving party and resolution of all doubts should be resolved in favor of the party opposing the motion. *British Airways Board v. Boeing Company*, 585 F.2d 936, 951 (9th Cir. 1978). Because summary judgment is a drastic device, cutting off a party's right to present its case to a jury, the moving party bears a heavy burden of demonstrating the absence of any triable issue of material fact. *Nationwide Life Insurance Co. v. Bankers Leasing Association, Inc.*, 182 F.3d 157, 160 (2nd Cir. 1999). In this case, Absolute has failed to meet its heavy burden of establishing that there are no triable issues of fact entitling it to summary judgment.

1. **Absolute Ignores a Litany of Genuine Disputed Facts to Reach its Conclusion That the Elements of the Cause of Action Are Not Met.**

Absolute presents three elements necessary for cross-claimant Emerco, Inc., dba Imperial Industrial Coatings ("Emerco" or "Imperial") to recover in quasi-contract for the value of its equipment: (1) a benefit conferred on Absolute by Emerco, (2) appreciation by Absolute of such

benefit, and (3) acceptance and retention by Absolute of such benefit under such circumstances that it would be inequitable for Absolute to retain it without paying the value thereof. *See* Motion at 13:12-14.

Absolute admits that the first and second elements are "satisfied" --- but it gets the reason only partially right. Absolute says the first and second element are satisfied because, "Absolute needed the equipment to finish the coating maintenance project." *See* Motion at 13:17-18. Thus, Absolute concludes it received a benefit (element one) and it appreciated the benefit (element two) by using the equipment for the project.

Absolute then concludes, however, that Emerco cannot satisfy the third element because Emerco cannot show it was "inequitable" for Absolute to retain the equipment under the circumstances. Following Absolute's logic: it was not inequitable because Absolute needed the equipment to finish the project. Moreover, Absolute adds that it was also not inequitable because "it will ultimately be shown to have mitigated damages caused by [Emerco]." *See* Motion at 13:18-21. Hence, at the very least, the Motion admits a trial is necessary.

In so concluding, however, Absolute's legal brief (which is not evidence) ignores the actual evidence contained in the accompanying declaration. There, Mr. Olson, declares under oath that only "Some materials (e.g. coating material) left behind were used by Absolute to complete the project on our own." *See* Motion (Olson Decl. at ¶ 11). Not all of the equipment, just "some." Moreover, the word "some" is defined in the parenthetical to mean "coating material." Therefore, the only evidence suggests that coating materials, not equipment, were used to complete the project. Thus there is no argument from the facts that the equipment was equitably used to finish the project.

The Olson Declaration, unlike the legal brief, admits the true reason why the equipment was retained — having nothing to do with finishing the project: "Not knowing whether we would be able to recover our excess cost of completing the work, Absolute retained the equipment as security for losses we foresaw arising out of Imperial's termination of the subcontract and refusal to complete its work." *See* Motion (Olson Decl. at ¶ 16). By Absolute's own factual admission, retaining the equipment had nothing to do with finishing the work and everything to do with

vigilante self-help aimed at running an end-a-round Alaska's attachment law. That is not only inequitable; its scandalous. And it is an issue for a jury to determine.

Absolute conferred a benefit on itself: It took a security interest. It appreciated that benefit by retaining the equipment. It was inequitable to do so as it was not authorized by contract or law.

Moreover, Absolute's claim that its conduct was equitable because it ultimately mitigated damages is undercut by the facts discussed above. Retaining equipment did not mitigate damages, and it was not retained for the purpose of mitigating damages. Instead Absolute admits it only used the coating materials and concedes its purpose was to take a "security interest for losses [it] foresaw." *See* Motion (Olson Decl. at ¶ 16). Moreover, there is no evidence of mitigation presented; just a lawyer's brief assuring that was the case.

Finally, the totality of Absolute's Motion is predicated upon the court first finding that Emerco breached the contract — because unless Emerco did breach the contract there can be no finding that Absolute behaved properly, equitably, or that it had any damages to mitigate. The Motion seeks an implicit finding that decides the whole larger issue of breach of contract without attacking those causes of action directly or presenting evidence related thereto in the Motion.

There are genuine disputed issues of material fact at every turn. These factual determinations must be made by the jury.

2. **Absolute Asks the Court to Supplant the Role of the Jury and Choose Between Two Competing Estimates of Value.**

Since Emerco's lawyer sent a letter on August 7, 2003, stating the value of the equipment as $518,320, its position on the value, based on purchase orders, has not changed. During litigation, Absolute retained an expert to offer a lesser figure as to the value of the equipment. Absolute now wants the court to either dismiss the claim or pick the value asserted by Absolute over the value asserted by Emerco — without regard to the right to trial by jury.

Absolute first argues that the claim for the value of the equipment should be dismissed because Emerco did not allege the value of the property in its counterclaim. *See* Motion at 15:9-

12. This simply is not true; the value is stated in the counterclaim as $518,320. *See* Motion (Olson Decl. Ex. 8 at ¶¶ 38 and 39 — $518,320.00).

Next, Absolute quibbles with language saying merely that it is not bound by the "price stated" in Emerco's letter of August 7, 2003. Whether Absolute is free to produce contradictory evidence of the value of the materials and equipment (which Absolute advises it will do with its $79,859 estimate from a paid expert witness) says nothing about whether Emerco can proceed with its own evidence — the $518,320 estimate prepared by Emerco's employee who was in charge of the project and for procuring the materials, Mr. Puett, based on actual purchase orders for the equipment and materials. *See* Exhibit 1 to the Declaration of Ralph Thomas Puett, and Exhibits 1, 2 to the Declaration of William R. Baerg. This competing evidence must be weighed by the jury, not the court on a motion for summary judgment.[1] To cap the disputed damage amounts, as Absolute requests, is to weigh the evidence in contravention of the rules governing such motions and in contravention of the right to trial by jury. There is a genuine factual dispute as to the amount of damages; the jury should resolve the dispute.

Finally, Absolute tries to recast the cause of action as one for "unjust enrichment" and then tells the court that none has taken place. This argument relies once again on the court deciding all factual issues in this lawsuit in Absolute's favor including whether the contract was breached, by whom, and whether damages were mitigated. This go-for-broke portion of the brief again operates outside the confines of determining issues where there is no genuine issue of dispute facts. If Absolute wanted to bring a motion for partial summary judgment attacking the causes of action for breach of contract, it should have done so. It relegated the present Motion to a single claim and should not be allowed to obtain a backdoor ruling that assumes victory for Absolute on other causes of action not at issue in this Motion.

---

[1] Absolute posits that its evidence is superior in that its evidence is the product of a paid expert witness. This will go to the weight of the evidence. Absolute presented no authority suggesting an owner of property cannot present evidence of its value. The documents showing the cost of the equipment and materials was produced to Absolute in discovery, and Mr. Puett testified as to the value. Baerg Declaration at ¶¶ 2, 3.

### 3. Absolute Reaches When it Claims There Is No Evidence Supporting Emerco's Ownership of the Equipment.

Absolute asserts that Emerco cannot recover the value of the equipment because there is "no" evidence that Emerco owns it. *See* Motion at 17:24-25. Politely stated, this is a gross overstatement. Evidence, in any case, consists of either authenticated documents or sworn testimony. Absolute complains about a purported lack of documentary evidence but glosses over the sworn testimony, or expresses dissatisfaction with the sworn testimony, of Emerco personnel. Forrest McKinley, the president of Emerco, testified at his deposition that Emerco bought and paid for the equipment and materials, and has cancelled checks to prove it. *See* Motion (Olson Decl. Ex. 8 page 329:7-25). With sworn testimony that Emerco bought, paid for and owned the equipment, it is difficult to see how Absolute could say there is "no" evidence to support Emerco's ownership.

Absolute's discontent with the evidence, its references to tax returns and the like, is an argument about the weight of the evidence. If Absolute wants to dispute the evidence at trial for the reasons stated in its brief, it may do so. But it cannot be allowed to obtain a weighing of disputed evidence by way of pretrial motion. This is especially true when one considers the rather common sense proposition that the materials and equipment was not placed on the jobsite by magic, it was placed by Emerco to build the job.

Finally, Absolute's reliance on the judgment and summary of evidence in the separate legal proceeding between Mr. Puett and Absolute is not only objectionable hearsay (with regard to the summary of evidence); it is also anecdotal, refers to a finite amount of equipment, makes no effort to demonstrate how the equipment at issue in that case overlaps or subsumes the equipment at issue in this one.

Absolute is free dispute ownership of the equipment at trial. But the genuine dispute that exists at present must be resolved by the jury.

## III.

## CONCLUSION

For the foregoing reasons, Emerco respectfully requests the court deny the Motion in its entirety, preserving for Emerco its right to a jury trial on the numerous genuine issues of material fact underlying the relief requested in the Motion.

DATED: August 19, 2006

MONTELEONE & McCRORY LLP

Attorneys for Emerco, Inc., dba Imperial Industrial Coatings

By _____
WILLIAM R. BAERG, ESQ.
CSBN 167399
WSBN 23052