Terry R. Marston, *pro hac vice,* terry@mhf-law.com
Jami K. Elison, *pro hac vice,* jamie@mhf-law.com
Jesse P. Elison, *pro hac vice,* jessee@mhf-law.com
MARSTON HEFFERNAN FOREMAN, PLLC
16880 N.E. 79th Street
Redmond, Washington 98052
(425) 861-5700

PAUL J. NANGLE & ASSOCIATES
Kerry Building
101 Christensen Drive
Anchorage, Alaska 99501
Telephone: (907) 274-8866

Attorney for Plaintiff ABSOLUTE ENVIRONMENTAL SERVICES, INC.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation,<br><br>Plaintiff,<br>vs.<br><br>FORREST J. MCKINLEY, an individual, d/b/a "Imperial Industrial Coatings" and EMERCO, INC., a California Corporation, d/b/a Imperial Industrial Coatings, BRECHAN ENTERPRISES, INC., an Alaska corporation; and SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation.<br><br>Defendants. | Case No.: A03-0199CV (RRB)<br><br>**ABSOLUTE'S OPPOSITION TO BRECHAN AND SAFECO'S MOTION FOR SUMMARY JUDGMENT - NONDISCLOSURE** |
| EMERCO, INC., a California corporation d/b/a Imperial Industrial Coatings, and the States for Use and Benefit of EMERCO, INC.,<br><br>Counterclaimant/Third-party Claimant,<br><br>v.<br><br>ABSOLUTE ENVIRONMENTAL SERVICES INC., an Alaska corporation, et al.,<br><br>Cross-defendants/Third-party Defendants. | |

| | |
|---|---|
| THE UNITED STATES OF AMERICA *for the use and benefit of* ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, | )<br>)<br>)<br>)<br>) |
| Plaintiff,<br>vs. | )<br>)<br>) |
| SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation. | )<br>)<br>) |
| Defendants. | )<br>) |
| BRECHAN ENTERPRISES, INC., an Alaska corporation, | )<br>)<br>) |
| Counterclaim Plaintiff,<br>vs. | )<br>)<br>) |
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, | )<br>)<br>) |
| Counterclaim Defendant. | ) |
| BRECHAN ENTERPRISES, INC., an Alaska corporation, | )<br>)<br>) |
| Third-Party Plaintiff,<br>vs. | )<br>)<br>) |
| COFFMAN ENGINEERS, INC, a Washington Corporation. | )<br>)<br>) |
| Third-Party Defendant. | )<br>) |
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, | )<br>)<br>) |
| Plaintiff/Cross-claimant,<br>vs. | )<br>)<br>) |
| COFFMAN ENGINEERS, INC, a Washington Corporation. | )<br>)<br>) |
| Third-Party Defendant. | )<br>) |

ABSOLUTE'S OPPOSITION TO BRECHAN AND SAFECO'S MOTION FOR SUMMARY
JUDGMENT - NONDISCLOSURE
Case No. A03-0199CV (RRB)-- 2

## I. OPPOSITION AND RELIEF REQUESTED

Plaintiff Absolute Environmental Services, Inc. ("AESI") requests this Court deny Brechan and Safeco's Motion for Summary Judgment—Nondisclosure.

## II. ISSUES

Genuine issues of material fact exist on every issue briefed by Brechan and Safeco. Under FRCP 56 summary judgment must be denied.

## III. FACTS

AESI disputes the factual allegations and interpretations presented by Brechan and Safeco. To avoid duplication and in the interest of economy, AESI incorporates by this reference and relies upon the accompanying Declaration of Dave Olson and other filings of record.

## IV. AUTHORITY

This Court should not countenance the motion for summary judgment filed by Brechan and Safeco on Non-Disclosure. Brechan is wasting this Court's time, deliberately causing additional expense of AESI, and pursuing an improper purpose of trying to prevail through deception. It is within the authority of this Court to issue sanctions *sua sponte* under FRCP 11. *See United Nat. Ins. Co. v. R & D Latex Corp.*, 242 F.3d 1102 (9th Cir. 2001).

Brechan entered into a contract with the Coast Guard and a subcontract with Swalling Construction Company, Inc. only to discover later that the project could not be performed for the anticipated costs due to the actual condition of defective welds and other latent problems with surface conditions. *See* accompanying Decl. of Dave Olson; *see also* Appendix A to this Opposition brief. Having failed to discover these conditions itself, and Swalling likewise having failed to discover these conditions, Brechan's claims that AESI should have discovered these conditions without any disclosure from Brechan is nothing less than bad faith.

Brechan and Safeco's desultory discussion about superior knowledge, non-disclosure, contract duties, tort duties, and fraud, fails to present this Court with a fair recitation of binding law. For this Court's convenience, attached as Appendix B is a copy of the **APPEAL OF PIEDMONT PAINTING CONTRACTORS, IBCA,** Contract No. 1443-CX7000-94010. This ruling contains an accurate discussion of applicable legal principles and rules, and is more on point than anything cited by Brechan and Safeco.

Evidence establishes what happened on the Coast Guard Cargo Wharf Project:

> Although it is not a fiduciary toward its contractors, the Government-where the balance of knowledge is so clearly on its side-can no more betray a contractor into a ruinous course of action by silence than by the written or spoken word.

*Morrison-Knudsen Co., Inc. v. State of Alaska*, 59 P.2d 834, 840 (Alaska 1974) (citing *Helene Curtis Ind., Inc. v. United States*, 312 F.2d 774, 778, 160 Ct. Cl. 437 (1963).

In the case cited by the Alaska court relied upon by Brechan and Safeco, the Court of Claims actually granted superior knowledge relief to the claimant because there was a breach of contract as a matter of law:

> It is well settled in this court that where the Government possesses special knowledge, not shared by the contractor, which is vital to the performance of the contract, the Government has an affirmative duty to disclose such knowledge. It cannot remain silent with impunity.

*Helene Curtis Ind., Inc. v. United States*, 312 F.2d 774, 160 Ct. Cl. 437 (1963); *see also*, e. g., Aerodex, Inc. v. United States, 417 F.2d 1361, 189 Ct.Cl. 344 (1969); J. A. Jones Constr. Co. v. United States, 390 F.2d 886, 182 Ct.Cl. 615 (1968). Evidence confirms that Brechan withheld knowledge that was vital, that AESI relied on Brechan and Coffman's disclosures, that AESI's knowledge was based on a reasonable inquiry and collection of information, and that Brechan knowingly withheld the information. *See* accompanying Decl. of Dave Olson.

As to the scattered allegations presented by Brechan and Safeco, summary judgment is <u>not</u> proper when a party's conduct is at issue in the determination of whether that conduct was reasonable because the determination is a factual one. The majority of Brechan's allegations go to what knowledge AESI "reasonably" should have had or obtained.

> When the reasonableness of conduct is in question, summary judgment is rarely appropriate because juries have 'unique competence in apply the reasonable person standard' to the facts of the case. See <u>10A Charles Alan Wright et al. Federal Practice and Procedure § 2729, at 533 (3d ed.1998)</u>.

*Lissau v. Southern Food Service, Inc.*, 159 F.3d 177, 183 (4th Cir. 1998).

Brechan's conduct is squarely at issue in this dispute, and central to any analysis of superior knowledge and non-disclosure. In *Sherrill v. Federal-Mogul Corp. Retirement Programs Committee*, 413 F.Supp.2d 842, 867 (E.D.Mich. 2006), the court concluded that the question of the defendant's conduct was "one that is inherently factual in nature." The Court continued:

> Defendants would like the Court to, as matter of law, dismiss plaintiff's claims against them. The Court, however, declines to usurp the province of the trier of fact.

*Id.* Whether regarding alleged knowledge of Brechan or AESI, this Court should apply the same precautionary analysis and reach the same conclusion:

> It is well established that federal policy favors jury decisions of disputed fact questions. See, e.g., *Atl. & Gulf Stevedores, Inc. Ellerman Lines, Ltd.*, 369 U.S. 355, 360 82 S.Ct. 780, 7 L.Ed 798 (1962) (noting that the Seventh Amendment fashioned the policy favoring the jury resolving factual disputes); *Coopersville Co-Operative Creamery Co. v. Lemon*, 163 F. 145 (6th Cir. 1908) ("it is the peculiar province of a jury to determine disputed questions of fact.").

*Id.*

There is no legitimate question about AESI's pre-bid inspection. Contractors who enter into contracts with the government are held to a standard of "reasonableness" for pre-bid site

inspections. They are responsible to observe that which may be reasonably observed, but are not responsible to discover latent, concealed defects.

> "In conducting a pre-bid site investigation, a contractor is held to the standard of reasonableness."

*North Slope Technical Limited, Inc. v. United States*, 14 Cl.Ct. 242, 253 (1988).

> "The standard [for pre-bid inspections] is whether, without qualification, the contractor acted reasonably."
>
> \*\*\*
>
> "It is well-settled that a contractor is charged with knowledge of the conditions that a pre-bid site visit would have revealed."

*H.B. Mac, Inc. v. United States,* 153 F.3d 1338, 1345-46 (Fed.Cir. 1998).

> "While it is incumbent upon the contractor to make an on-site inspection, <u>it is not necessary ... 'to poke a hole in the ceiling' to discover latent defects</u>. He is held only to the standard of reasonableness."

*Liles Constr. Co. v. United States*, 455 F.2d 527, 538 (1972)(emphasis added).

> "'The duty to make an inspection of the site <u>does not ... put the contractor at peril to discover hidden subsurface conditions</u> or those beyond the limits of an inspection appropriate to the time available.'"

*Renda Marine, Inc. v. United States*, 66 Fed. Cl. 639, 656 (2005).

> "In the cases arising under the modern changed conditions clause, caution continues to be observed that the duty to make an inspection of the site <u>does not negate the changed conditions clause by putting the contractor at peril to discover hidden subsurface conditions or those beyond the limits of an inspection appropriate at the time available</u>."

*Foster Constr. C.A. & Williams Brothers Co., v. United States*, 435 F.2d 873, 888 (1970) (emphasis added).

> A reasonable site inspection is properly evaluated against what a rational, experienced, prudent and intelligent contractor in the same field of work would discover.

*W.G. Thompson, Inc.*, HUD BCA No. 79-353-C11, 81-2 BCA ¶ 15,411, at 76,353 (1981).

Issue pertaining to superior knowledge as put forth in this dispute are inherently factual in nature in improper for summary judgment:

> Whether Eckholt and BCI had such <u>superior knowledge is a question of fact</u> about which ABCI has identified sufficient evidence to withstand this motion for summary judgment.
>
> \* \* \*
>
> ABCI alleges that Eckholt and BCI had superior knowledge about specific facts that were material to the transaction and that were not disclosed to ABI prior to closing… ABCI has presented sufficient evidence of these facts to overcome BCI and Eckholt's motion for summary judgment on its fraudulent and negligent misrepresentation claims, and the evidence may be sufficient to convince a jury that Eckholt and BCI are liable for false statements about BCI's expected performance because they had superior knowledge of the seminars industry and of certain specific facts concerning BCI's business. Therefore, summary judgment on ABCI's claims for false statements regarding future events is inappropriate.

*Eckholt v. American Business Information, Inc.*, 873 F.Supp. 510, 519 (D.Kan. 1994) (emphasis added).

## V.  CONCLUSION

The most reasonable conclusion to draw from the 49-page brief filed by Brechan and Safeco is that someone "doth protest too much." This lawsuit exists because Brechan tried to get away with something; this brief shows that Brechan is litigating the same way it ran the construction project. Evidence establishes genuine issues of material fact about all the issues argued by Brechan. Under FRCP 56 and well established law allowing a plaintiff to proceed to trial and have a day in court, this Court must deny the motion for summary judgment.

DATED this 18th day of August, 2006.

MARSTON HEFFERNAN FOREMAN, PLLC

By /s/ _____
Terry R. Marston II, WSBA No. 14440
Jami K. Elison,   WSBA No. 31007
Jesse P. Elison, WSBA No. 36914
Attorneys for Plaintiff Absolute Environmental
Service, Inc.

## CERTIFICATE OF SERVICE

The undersigned certifies under penalty of perjury, under the laws of the State of Washington that I am now and at all times herein mentioned, a resident of the State of Washington, over the age of 18 years, not a party to or interested in the above-entitled action, and competent to be a witness herein.

On the date given below, a true and correct copy of the following:

1. ABSOLUTE'S OPPOSITION TO BRECHAN AND SAFECO'S MOTION FOR SUMMARY JUDGMENT - NONDISCLOSURE
2. FIRST DECLARATION OF DAVE OLSON;
3. SECOND DECLARATION OF DAVE OLSON;
2. [Proposed] ORDER DENYING COFFMAN'S MOTION FOR SUMMARY JUDGMENT TO DISMISS ABSOLUTE'S CLAIM OF BUSINESS DEVASTATION DAMAGES

were electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| James B. Stoetzer<br>Lane Powell Spears Lubersky<br>1420 Fifth Avenue, Suite 4100<br>Seattle, WA 98101<br>*Atty for Coffman* | Jacob Nist<br>Perkins Coie, LLP<br>1029 West Third Avenue, Suite 300<br>Anchorage, AK 99501<br>*Atty for Brechan and Safeco* |
|---|---|
| Robert J. Dickson<br>Atkinson, Conway & Gagnon, Inc.<br>420 L Street, Suite 500<br>Anchorage, AK 99501<br>*Atty for Specialty Polymer Coatings* | Peter Partnow<br>Lane Powell Spears Lubersky<br>301 W. Northern Lights Boulevard<br>Suite 301<br>Anchorage, Alaska 99503<br>*Atty for Coffman* |
| Eric J. Brown, Esq.<br>Jermain Dunnagan & Owens, P.C.<br>3000 A Street, Suite 300<br>Anchorage, AK 99503-4097<br>*Atty for Forrest McKinley and Emerco* | Mr. William Baerg<br>Patrick Duffy<br>Monteleone & McCrory, LLP<br>725 South Figueroa Street, Suite 3750<br>Los Angeles, CA 90017-5446<br>*Atty for Forrest McKinley and Emerco* |

SIGNED at Redmond, Washington this ____ day of August, 2006.

Kristy L. Martyn