Terry R. Marston, *pro hac vice,* terry@mhf-law.com
Jami K. Elison, *pro hac vice,* jamie@mhf-law.com
Jesse P. Elison, *pro hac vice*, jessee@mhf-law.com
MARSTON HEFFERNAN FOREMAN, PLLC
16880 N.E. 79th Street
Redmond, Washington 98052
(425) 861-5700

PAUL J. NANGLE & ASSOCIATES
Kerry Building
101 Christensen Drive
Anchorage, Alaska 99501
Telephone: (907) 274-8866

Attorney for Plaintiff ABSOLUTE ENVIRONMENTAL SERVICES, INC.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation,<br><br>        Plaintiff,<br><br>   vs.<br><br>FORREST J. MCKINLEY, an individual, d/b/a "Imperial Industrial Coatings" and EMERCO, INC., a California Corporation, d/b/a Imperial Industrial Coatings, BRECHAN ENTERPRISES, INC., an Alaska corporation; and SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation.<br><br>        Defendants.<br><br>EMERCO, INC., a California corporation d/b/a) Imperial Industrial Coatings, and the States for Use and Benefit of EMERCO, INC.,<br><br>Counterclaimant/Third-party Claimant,<br><br>v.<br><br>ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska corporation, et al.,<br><br>Cross-defendants/Third-party Defendants. | Case No.: A03-0199CV (RRB)<br><br>**ABSOLUTE'S OPPOSITION TO BRECHAN'S MOTION FOR PARTIAL SUMMARY JUDGMENT TO DISMISS ABSOLUTE'S "BUSINESS DEVASTATION" CLAIM AND MOTION IN LIMINE TO EXCLUDE TESTIMONY CONCERNING ALLEGED BUSINESS DEVASTATION** |

| | |
|---|---|
| THE UNITED STATES OF AMERICA *for the use and benefit of* ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, | ) ) ) ) |
| Plaintiff, vs. | ) ) ) |
| SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation. | ) ) ) |
| Defendants. | ) ) ) |
| BRECHAN ENTERPRISES, INC., an Alaska corporation, | ) ) ) |
| Counterclaim Plaintiff, vs. | ) ) ) |
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, | ) ) ) |
| Counterclaim Defendant. | ) |
| BRECHAN ENTERPRISES, INC., an Alaska corporation, | ) ) ) |
| Third-Party Plaintiff, vs. | ) ) ) |
| COFFMAN ENGINEERS, INC, a Washington Corporation. | ) ) ) |
| Third-Party Defendant. | ) ) |
| ABSOLUTE ENVIRONMENTAL SERVICES INC., an Alaska Corporation, | ) ) |
| Plaintiff/Cross-claimant, vs. | ) ) ) |
| COFFMAN ENGINEERS, INC, a Washington Corporation. | ) ) ) |
| Third-Party Defendant. | ) ) |

# I. OPPOSITION AND RELIEF REQUESTED

Plaintiff Absolute Environmental Services, Inc. ("AESI") requests this Court deny Brechan's motion for partial summary judgment to dismiss Absolute's "business devastation" claim and motion in limine to exclude testimony concerning alleged business devastation.

# II. ISSUES

1. It is the right of the jury to reasonably determine the amount of damages to award. Brechan seeks to eliminate the entire category of business devastation damages based on an argument that the $2.28 business valuation should not go to the jury because there is no evidence establishing its current business; however, there is evidence that demonstrates that Brechan and Coffman devastated AESI leaving it with zero business value. Must this Court deny Brechan's motion?

2. Brechan sweepingly moves to exclude <u>all</u> testimony concerning AESI's business devastation claim. AESI can establish business devastation by combining the testimony of Mr. Rulien with that of Mr. Olson; moreover, under ER 702 and 703 evidence that assists the trier of fact is admissible and "facts or data in a particular case upon which an expert bases an opinion or inference may be those perceived by or made known to the expert at or before the hearing." Must the Court deny Brechan's motion?

# III. FACTS

AESI disputes defendant's alleged facts and "factual" interpretations. This opposition brief is based on the pleadings and filings of record, including affidavits, declarations, and exhibits submitted in opposition to other motions, the accompanying Declaration of Olson re. Motions for Summary Judgment, and the accompanying Declaration of Donovan Rulien.

Because the motion raises the same issues briefed in Coffman's motion for summary judgment re business devastation, AESI incorporates and relies upon its opposition to that brief (court docket no. 252). Attached as **Appendix A** is a courtesy copy of the Declaration of Dave Olson In Support of Absolute's Opposition to Coffman's Motion for Partial Summary Judgment (court docket no. 253 - without exhibits).

AESI presented evidence that its business value prior to the Kodiak Cargo Wharf Project was $2.28 million. This valuation is not the subject of either Coffman or Brechan's motion. Both Coffman and Brechan argue only that either Mr. Rulien or Mr. Lembke should have evaluated and opined about AESI's business value as a result of the Kodiak Cargo Wharf Project. AESI will establish that testimony with Mr. Olson.

Mr. Olson is competent to establish that his business was devastated by Brechan and Coffman. *See* Appendix A. He is able to present testimony and financial documents probative of that fact. *Id.* It does not take an expert to look at AESI's net worth and see it has been devastated. *Id.* Nonetheless, under ER 703 Mr. Rulien and/or Mr. Lembke can easily confirm at trial the obvious conclusions about business value that must be drawn from the evidence and testimony presented by Mr. Olson. *See* accompanying Decl. of Rulien. The jury will be able to "reasonably estimate" a business devastation award.

## IV. AUTHORITY

Brechan's motion to dismiss AESI's entire business devastation claim fails because, like Coffman, Brechan erroneously assumes that AESI must utilize Mr. Rulien or Mr. Lembke to establish facts pertaining to devastation. When an issue is "within common understanding" then "the jury does not need the help of experts." *U.S. v. Arvin, 900 F.2d 1385, 1389 (9th Cir. 1990).*

Mr. Olson knows his own business and can easily establish that his business was devastated by Brechan and Coffman. *See* Appendix A. The evidence satisfies ER 702 because it will certainly "assist the trier" of fact to know: AESI was forced to sell its primary business places, depleted all its operating capital, borrowed huge sums of money, has net operating losses, has been unable to earn a profit since the Cargo Wharf Project, and now has a net worth of

negative $1.8 million.  All such evidence can be presented by Mr. Olson.  Without the help of an

expert, the jury can conclude that AESI is devastated as a matter of "common understanding."

Although it will be the prerogative of AESI whether or not to present additional testimony

regarding business devastation, the plain language of ER 703 authorizes either Mr. Rulien of Mr.

Lembke to testify based on facts or data presented by Mr. Olson:

> The facts or data in the particular case upon which an expert bases an opinion or
> inference <u>may be those perceived by or made known to the expert at or before
> the hearing</u>.

(emphasis added).  Brechan's sweeping motion must be denied.

Brechan's motion would also invade the province of the jury.  Alaska uses the liberal rule

for <u>damages "quantification" once proof of "entitlement" to damages has been established</u>.

> Normally, where the plaintiff has shown actual loss of business profits during a
> period as a result of defendant's breach of contract, he should not be denied
> recovery merely because the exact amount of damages cannot be readily
> ascertained.  The rule against recovery of uncertain damages is, therefore,
> generally directed against uncertainty with respect to the <u>cause of</u> rather than the
> <u>extent of</u> damages.  However, some competent evidence as to the amount of
> damages must still be introduced.

*Dowling Supply and Equipment, Inc. v. City of Anchorage*, 490 P.2d 907, 909-10 (Alaska 1971)

(citing 11 Williston on Contracts s 1345 at 231-240 (3d ed. 1968); 5 Corbin on Contracts ss

1021-1022 at 127-147 (1964)) (emphasis added).  Further:

> Once the fact of damages has been proven to a reasonable probability, <u>the
> amount</u> of such damages, on the other hand, need only be proven to such a
> degree as to allow the finder of fact <u>to 'reasonably estimate</u> the amount to be
> allowed for [the] item [of damages].'

*Pluid v. B.K.*, 948 P.2d 981, 984 (Alaska 1997) (quoting *Henderson v. Breesman*, 77 Ariz. 256,

269 P.2d 1059, 1061-62 (1954)) (emphasis added).  Moreover:

> Westward's argument is unpersuasive.  Given ATWV's strong showing that
> Westward's breach caused AJV substantial actual harm, the lack of certainty as

> to AJV's margin of profit on its revenues has relatively minor importance:
> Once the <u>fact of damages</u> has been proven to a reasonable probability, <u>the</u>
> <u>amount of such damages</u>, on the other hand, need only be proven to such a
> degree as to allow the finder of fact to 'reasonably estimate the amount to be
> allowed for [the] item [of damages].'

*Alaska Tae Woong Venture, Inc. v. Westward Seafoods, Inc.*, 963 P.2d 1055, 1061 (Alaska 1998)

(emphasis added).

The courts clearly articulate the underlying interests of the common law to provide redress

for injury:

> The goal of damage awards for breach of contract is to place the injured party in
> as good a position as he would have been if the contract had been fully
> performed. Thus, lost profits, if proven, may be recovered. An award cannot
> stand, however, if the amount is the result of speculation, although it is not
> necessary to prove lost profits with exactness <u>so long as actual loss of profits is</u>
> <u>shown</u> and the jury has a <u>reasonable basis</u> on which to compute its award.

*City of Whittier v. Whittier Fuel and Marine Corp.*, 577 P.2d 216, 222 (Alaska 1978) (disapproved

on other grounds; cites *Dowling* and Williston and Corbin on Contracts) (emphasis added).

Further:

> Once actual damages are shown and there is a reasonable basis for computing an
> award, a defendant's opportunity for pre-trial discovery of the evidentiary basis
> for the amount claimed, the right to cross-examine witnesses and to present
> evidence, as well as the judge's duty to instruct the jury on the issue of certainty
> provide adequate protection against speculative verdicts.

*Whittier Fuel* at 224. Applying these principles, AESI must be allowed to present evidence of

business devastation to the jury.

AESI is eligible to recover business devastation damages. In *Geolar Inc. v.*

*Gilbert/Commonwealth, Inc. of Michigan*, 874 P.2d 937, 947 (Alaska 1994), the court addressed a

claim for loss of value as an operating business:

In order to award damages for the loss of the business, the jury was instructed that it must find that Homer Electric had reason to foresee the loss as a probable result of the breach at the time that the contract was made.

There, the party provided "no evidence from which the jury could properly determine any business devastation damages;" *id.* at 947. However, here, AESI has provided competent evidence from which a jury could easily "reasonably estimate the amount to be allowed." *Pluid v. B.K.*, 948 P.2d 981, 984.

## V.  CONCLUSION

This Court must <u>deny</u> Brechan's motion to dismiss the business devastation claim and <u>deny</u> Brechan's motion to exclude testimony regarding that claim. Evidence exists upon which a jury can perform its duty and "reasonably estimate" an appropriate damage award for business devastation. Brechan and Coffman have both assumed that only Mr. Rulien or Mr. Lembke would provide that evidence (in fact, their motions have been based on that assumption); however, Dave Olson knows what happened to his company and a jury can easily understand that a company has lost all its value when it has negative net worth, no operating capital, has sold its primary places of business, has liabilities exceeding assets to the tune of negative $1.8 million, and is no longer profitable.

DATED this $\underset{\sim}{21}\overset{st}{}$ day of August, 2006.

MARSTON HEFFERNAN FOREMAN, PLLC

By _____

Terry R. Marston II, WSBA No. 14440
Jami K. Elison,   WSBA No. 31007
Jesse P. Elison, WSBA No. 36914
Attorneys for Plaintiff Absolute Environmental
Service, Inc.

## CERTIFICATE OF SERVICE

The undersigned certifies under penalty of perjury, under the laws of the State of Washington that I am now and at all times herein mentioned, a resident of the State of Washington, over the age of 18 years, not a party to or interested in the above-entitled action, and competent to be a witness herein.

On the date given below, a true and correct copy of the following:

1. ABSOLUTE'S OPPOSITION TO BRECHAN'S MOTION FOR PARTIAL SUMMARY JUDGMENT TO DISMISS ABSOLUTE'S "BUSINESS DEVASTATION" CLAIM AND MOTION IN LIMINE TO EXCLUDE TESTIMONY CONCERNING ALLEGED BUSINESS DEVASTATION (with appendix A and B);
2. DECLARATION OF DONOVAN RULIEN; and
2. PROPOSED ORDER DENYING BRECHAN'S MOTION FOR PARTIAL SUMMARY JUDGMENT

were electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| James B. Stoetzer<br>Lane Powell Spears Lubersky<br>1420 Fifth Avenue, Suite 4100<br>Seattle, WA 98101<br>*Atty for Coffman* | Jacob Nist<br>Perkins Coie, LLP<br>1029 West Third Avenue, Suite 300<br>Anchorage, AK 99501<br>*Atty for Brechan and Safeco* |
| Robert J. Dickson<br>Atkinson, Conway & Gagnon, Inc.<br>420 L Street, Suite 500<br>Anchorage, AK 99501<br><br>*Atty for Specialty Polymer Coatings* | Peter Partnow<br>Lane Powell Spears Lubersky<br>301 W. Northern Lights Boulevard<br>Suite 301<br>Anchorage, Alaska 99503<br>*Atty for Coffman* |
| Eric J. Brown, Esq.<br>Jermain Dunnagan & Owens, P.C.<br>3000 A Street, Suite 300<br>Anchorage, AK 99503-4097<br>*Atty for Forrest McKinley and Emerco* | Mr. William Baerg<br>Patrick Duffy<br>Monteleone & McCrory, LLP<br>725 South Figueroa Street, Suite 3750<br>Los Angeles, CA 90017-5446<br>*Atty for Forrest McKinley and Emerco* |

SIGNED at Redmond, Washington this 21st day of August, 2006.

Kristy L. Martyn