Terry R. Marston, *pro hac vice,* terry@mhf-law.com
Jami K. Elison, *pro hac vice,* jamie@mhf-law.com
Jesse P. Elison, *pro hac vice,* jessee@mhf-law.com
MARSTON HEFFERNAN FOREMAN, PLLC
16880 N.E. 79th Street
Redmond, Washington 98052
(425) 861-5700

PAUL J. NANGLE & ASSOCIATES
Kerry Building
101 Christensen Drive
Anchorage, Alaska 99501
Telephone: (907) 274-8866

Attorney for Plaintiff ABSOLUTE ENVIRONMENTAL SERVICES, INC.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>FORREST J. MCKINLEY, an individual, d/b/a "Imperial Industrial Coatings" and EMERCO, INC., a California Corporation, d/b/a Imperial Industrial Coatings, BRECHAN ENTERPRISES, INC., an Alaska corporation; and SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation.<br><br>Defendants.<br><br>EMERCO, INC., a California corporation d/b/a Imperial Industrial Coatings, and the States for Use and Benefit of EMERCO, INC.,<br><br>Counterclaimant/Third-party Claimant,<br><br>v.<br><br>ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska corporation, et al.,<br><br>Cross-defendants/Third-party Defendants. | Case No.: A03-0199CV (RRB)<br><br>**ABSOLUTE'S OPPOSITION TO BRECHAN'S MOTION TO EXCLUDE DAMAGES TESTIMONY BY MICHAEL LEMBKE AND MOTION FOR SUMMARY JUDGMENT** |

THE UNITED STATES OF AMERICA *for the use and benefit of* ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, )
)
)
)
)

                    Plaintiff,   )
        vs.                      )
                                 )
SAFECO INSURANCE COMPANY OF      )
AMERICA, a Washington Corporation. )
                                 )
                    Defendants.  )
                                 )
_____
BRECHAN ENTERPRISES, INC., an Alaska )
corporation,                     )
                                 )
            Counterclaim Plaintiff, )
        vs.                      )
                                 )
ABSOLUTE ENVIRONMENTAL           )
SERVICES, INC., an Alaska Corporation, )
                                 )
        Counterclaim Defendant.  )
BRECHAN ENTERPRISES, INC., an Alaska )
corporation,                     )
                                 )
            Third-Party Plaintiff, )
        vs.                      )
COFFMAN ENGINEERS, INC, a Washington )
Corporation.                     )
                                 )
        Third-Party Defendant.   )
_____
ABSOLUTE ENVIRONMENTAL SERVICES )
INC., an Alaska Corporation,     )
                                 )
            Plaintiff/Cross-claimant, )
        vs.                      )
                                 )
COFFMAN ENGINEERS, INC, a Washington )
Corporation.                     )
                                 )
        Third-Party Defendant.   )
_____

ABSOLUTE'S OPPOSITION TO BRECHAN'S MOTION TO EXCLUDE DAMAGES TESTIMONY
BY MICHAEL LEMBKE AND MOTION FOR SUMMARY JUDGMENT
Case No. A03-0199CV (RRB)-- 2

# I. OPPOSITION AND RELIEF REQUESTED

Plaintiff Absolute Environmental Services, Inc. ("AESI") requests this Court deny Brechan's motion to exclude damages testimony by Michael Lembke and motion for summary judgment.

## II. ISSUES

1. Once entitlement is established, for quantification of damages a party may present evidence that will assist the jury to "reasonably estimate" the allowable damages. To defeat summary judgment, AESI presented evidence establishing genuine issues of material fact regarding duty, breach, causation, and the fact of substantial damages. Under Alaska law, is the Court's correct inquiry to identify whether damages evidence will assist the trier of fact to reasonably estimate the allowable damages?

2. Under ER 702 expert reports are admissible to "assist the trier of fact to understand the evidence or to determine a fact in issue." Mr. Lembke's damages report adjusts AESI's reasonable additional costs to deduct backcharges, and other costs, assessed to AESI and allocates damages incurred to responsible parties. Is Mr. Lembke's expert report useful for the jury such that this Court must deny Brechan's motion to exclude and allow AESI to present its evidence to the jury?

## III. FACTS

Absolute Environmental Services, Inc. ("AESI") disputes defendant's alleged facts and factual interpretations. This opposition brief is based on the pleadings and filings of record, including affidavits, declarations, and exhibits submitted in opposition to other motions, the Declaration of Olson re. Motions for Summary Judgment, and the accompanying Declaration of Michael K. Lembke.

Brechan erroneously confuses burdens of proof pertaining to causation with burdens of proof pertaining to quantification of damages. Brechan also erroneously characterizes Mr. Lembke's damages report as a "total cost" claim, despite the fact that it clearly modifies total

costs for other factors. As a matter of fact and well established law, all evidence of record must be taken in the light most favorable to the non-moving party, AESI; thus, Brechan's characterizations and interpretations of fact must be rejected in the face of a record replete in contrary testimony and documentary evidence. *See* Declaration of Dave Olson re Motions for Summary Judgment, incorporated by reference herein.

For purposes of summary judgment, AESI easily meets its burden of presenting a prima facie case for duty, breach, causation, and the fact of substantial damages. *See* Declaration of Dave Olson re Motions for Summary Judgment. It is undisputed that Brechan owed contractual duties to AESI, both express and implied as a matter of law. For purposes of motions pending before this Court, the facts of duty, breach, and substantial damages are not put into issue by Brechan or any other party. For purposes of summary judgment, these issues must be taken as conceded. The fair interpretation of Brechan's instant motion is that as a factual matter it weakly challenges "causation" on the entitlement side, and then jumps to attack quantification of damages by Mr. Lembke.

Regarding causation of damages, as a matter of fact evidence of record shows that Brechan and Coffman were the proximate cause of all the damages pursued by AESI. AESI replaced Swalling Construction Company, Inc. on the Kodiak Cargo Wharf Project. While on the job Swalling discovered latent defects pertaining to welds and other surface problems. As a result of these changes, Brechan paid Swalling additional money for the additional work performed outside the scope of the original contract. *See* Dave Olson Decl. re. Motions for Summary Judgment. Having discovered these conditions, Swalling projected that its cost to complete the project would be approximately $64.63 per square foot. *Id.*

After a series of confidential communications, Brechan closed out its contract with Swalling and recruited AESI to replace Swalling on the Project without disclosing the defective welds and other problems with surface conditions. *See* Dave Olson Decl. re. Motions for Summary Judgment. AESI performed its contract services in a workmanlike manner. *Id.* Certain backcharges were assessed to AESI. *Id.* Brechan confirmed that AESI performed its contract services in a workmanlike manner. *Id.* During performance of its contract AESI incurred some costs as a result of problems related to its subcontractor Imperial Industrial Coatings. *Id.* At the conclusion of the Project AESI had incurred costs remarkably similar to those costs that Swalling projected. *Id.* Based on this evidence, a jury could reasonably conclude that additional costs, less backcharges attributed to AESI, and less attribution of damages for the subcontractor Imperial, were proximately caused by the fact that Brechan and Coffman deceived AESI by failing to disclose the latent defective welds and surface problems that existed on the Project.

It is gross mischaracterization of fact for Brechan to represent to this Court that Mr. Lembke's report is a "total-cost" analysis, but that is perhaps the central premise of Brechan's ill-conceived motion. Mr. Lembke does not rely on estimated costs and instead undertakes to perform an objective analysis of costs reasonably incurred. *See* accompanying Lembke Decl. Having identified a reasonable cost number, Mr. Lembke's report then deducts from its damage calculation costs attributable to AESI. *See* Lembke Decl. Brechan admits that. *See* Brechan's Motion, p.3. Mr. Lembke's report also allocates damages to Imperial based on an objective standard. *See* Lembke Decl. Brechan's motion admits that as well. *See* Brechan's Motion, pp.3-4. There is no evidence of any additional responsible party other than Brechan and Coffman and at that point of his analysis Mr. Lembke utilizes an objective standard to allocate damages

between those two parties. *See* Lembke Decl. Brechan admits that as well. *See* Brechan's Motion, pp.3-4.

## IV.  AUTHORITY

### 1.  <u>Summary judgment is inappropriate because evidence establishes AESI's *prima facie* case for purposes of causation.</u>

Facts and inferences reasonably drawn from those facts should be taken in light most favorable to the non-moving party.

*Bryan v. Shell Offshore, Inc.*, Slip Copy, 2006 WL 1308072, 2 (5th Cir. 2006) (citing *Eastman Kodak Co. v. Image Technical Services, Inc.* 504 U.S. 451, 456, 112 S.Ct. 2072, 119 L.Ed.2d 265 (1992). Here, facts of record establish that Brechan owed AESI duties, express and implied by law. *See* Dave Olson Declaration Re. Motions for Summary Judgment.  Facts demonstrate that Brechan breached those duties by failing to disclose critical information to AESI and by deliberately misrepresenting the latent defects and other surface problems. *Id.* Facts demonstrate that AESI suffered substantial financial damages. *Id.* Facts demonstrate that these damages were caused by Brechan and Coffman. *Id.*

Brechan argues that the "total-cost" method shows that AESI has failed to establish causation at two levels. *See* Brechan's Motion, p.5. First, as discussed above Brechan has grossly mischaracterized AESI's damage report. *See* Lembke Decl. Second, even if Brechan was correct about the method utilized, which they are not, a computation method goes to quantification and has nothing to do with the preliminary causation analysis necessary to establish entitlement. This is made clear by the fact that Alaska courts authorize plaintiff's to go to a jury with a total claim analysis and do not disturb a jury verdict afterwards if there was a reasonable basis for finding that the jury had other evidence upon which to consider its damage award. In *Anchorage v. Frank Coluccio Constr. Co.*, 826 P.2d 316, 327 (Alaska 1992), the Supreme Court did not reverse a jury

verdict based on a modified cost theory because the jury also heard an actual cost analysis from

the defendant. Moreover, the *Coluccio* court observed:

> Courts have generally approved 'jury verdict' awards, whether rendered by the judge or a jury, under similar circumstances-that is, where the contractor has sought to rely on a total cost approach, but the fact-finder has apparently gone beyond that method and rendered a verdict that seems fair and reasonable and is supported by substantial evidence.

*Id.*   Clearly, Brechan's argument that a computation method can be the basis for dismissing

entitlement to a claim, on summary judgment no less, is wholly without merit.

2. **Alaska law authorizes AESI to present its expert's modified cost report to the jury to assist the trier of fact to "reasonably estimate" the allowable damages**.

Alaska uses the liberal rule for <u>damages "quantification" once proof of "entitlement" to</u>

<u>damages has been established</u>.

> Normally, where the plaintiff has shown actual loss of business profits during a period as a result of defendant's breach of contract, he should not be denied recovery merely because the exact amount of damages cannot be readily ascertained.   The rule against recovery of uncertain damages is, therefore, generally directed against uncertainty with respect to the <u>cause of</u> rather than the <u>extent of</u> damages.   However, some competent evidence as to the amount of damages must still be introduced.

*Dowling Supply and Equipment, Inc. v. City of Anchorage*, 490 P.2d 907, 909-10 (Alaska 1971)

(citing 11 Williston on Contracts s 1345 at 231-240 (3d ed. 1968); 5 Corbin on Contracts ss

1021-1022 at 127-147 (1964)) (emphasis added).   Further:

> Once the fact of damages has been proven to a reasonable probability, <u>the amount</u> of such damages, on the other hand, need only be proven to such a degree as to allow the finder of fact to <u>'reasonably estimate</u> the amount to be allowed for [the] item [of damages].'

*Pluid v. B.K.*, 948 P.2d 981, 984 (Alaska 1997) (quoting *Henderson v. Breesman*, 77 Ariz. 256,

269 P.2d 1059, 1061-62 (1954)) (emphasis added).   Moreover:

> Westward's argument is unpersuasive. Given ATWV's strong showing that Westward's breach caused AJV substantial actual harm, the lack of certainty as to AJV's margin of profit on its revenues has relatively minor importance: Once the <u>fact of damages</u> has been proven to a reasonable probability, <u>the amount of such damages</u>, on the other hand, need only be proven to such a degree as to allow the finder of fact to '<u>reasonably estimate</u> the amount to be allowed for [the] item [of damages].'

*Alaska Tae Woong Venture, Inc. v. Westward Seafoods, Inc.*, 963 P.2d 1055, 1061 (Alaska 1998) (emphasis added).

The courts clearly articulate the underlying interests of the common law to provide redress for injury:

> The goal of damage awards for breach of contract is to place the injured party in as good a position as he would have been if the contract had been fully performed. Thus, lost profits, if proven, may be recovered. An award cannot stand, however, if the amount is the result of speculation, although it is not necessary to prove lost profits with exactness <u>so long as actual loss of profits is shown</u> and the jury has a <u>reasonable basis</u> on which to compute its award.

*City of Whittier v. Whittier Fuel and Marine Corp.*, 577 P.2d 216, 222 (Alaska 1978) (disapproved on other grounds; cites *Dowling* and Williston and Corbin on Contracts) (emphasis added). Further:

> Once actual damages are shown and there is a reasonable basis for computing an award, a defendant's opportunity for pre-trial discovery of the evidentiary basis for the amount claimed, the right to cross-examine witnesses and to present evidence, as well as the judge's duty to instruct the jury on the issue of certainty provide adequate protection against speculative verdicts.

*Whittier Fuel* at 224.

As a matter of law, only the "fact" or existence of substantial damages must be proved by a "preponderance of evidence:"

> Pluid contends that B.K. failed to show by a preponderance of the evidence that she would require this amount of therapy. This may be true. However, Pluid has misconceived the quantum of evidence necessary to support an award of damages. It is, of course, the law that the *fact* of damages must be proven by a

preponderance of the evidence. 'To recover for future medical expenses one must prove to a reasonable probability that they will occur.' *Blumenshine v. Baptiste*, 869 P.2d 470, 473 (Alaska 1994) (citing *Maddocks v. Bennett*, 456 P.2d 453, 548 (Alaska 1969)). Once the fact of damages has been proven to a reasonable probability, the *amount* of such damages, on the other hand, need only be proven to such a degree as to allow the finder of fact to "reasonably estimate the amount to be allowed for [the] item [of damages]." *Id.* (citing *Henderson v. Breesman*, 77 Ariz. 256, 269 P.2d 1059, 1061-62 (1954)).

*Pluid v. B.K.*, 948 P.2d 981, 984 (Alaska 1997). Further:

> In *Eastman Kodak Co. v. Southern Photo Materials Co.*, 273 U.S. 359, 379, 47 S.Ct. 400, 405, 71 L.Ed. 684, 691 (1927) (citations omitted), the United States Supreme Court, quoting the court of appeals, held:
> 'The plaintiff had an established business, and the future profits could be shown by past experience. It was permissible to arrive at net profits by deducting from gross profits of an earlier period an estimated expense of doing business. Damages are not rendered uncertain because they cannot be calculated with absolute exactness. <u>It is sufficient if a reasonable basis of computation is afforded, although the result be only approximate.</u>' <u>This, we think, was a correct statement of the applicable rules of law. Furthermore, a defendant whose wrongful conduct has rendered difficult the ascertainment of the precise damages suffered by the plaintiff, is not entitled to complain that they cannot be measured with the same exactness and precision as would otherwise be possible.</u>

*City of Palmer v. Anderson*, 603 P.2d 495, 500 (Alaska 1979) (emphasis added). Under applicable law establishing that damage awards are squarely within the province of the jury, Brechan's motion to deny the jury its right to award damages to redress a wrong, fails.

## V.  CONCLUSION

Brechan's motion is rife with mischaracterizations and misreadings of Mr. Lembke's expert report on damages. AESI presented evidence to establish a *prima facie* case of duty, breach, causation, and the fact of substantial damages. It is AESI's theory of the case that has the ring of truth to it. Swalling projected that the cost to complete the work, after discovery of the latent welds and other surface problems, was approximately $64.63 per square foot. That is remarkably close to the costs incurred by AESI in completing the work. AESI's damages expert

did not prepare a total cost claim.  Mr. Lembke calculated reasonable bid costs to avoid any problems related to bid analysis, modified the total costs reasonably incurred by deducting for backcharges and other costs attributable to AESI, and from there presented an objective allocation of costs attributable to the subcontractor Imperial and then as between Brechan and Coffman.  The analysis was thorough, objective, performed by a qualified expert, and easily able to assist the trier of fact to reasonably estimate the allowable damages.  Brechan's motion to dismiss damages and the report of Mr. Lembke is without merit and must be denied.

DATED this ____ day of August, 2006.

MARSTON HEFFERNAN FOREMAN, PLLC

By _____
Terry R. Marston II, WSBA No. 14440
Jami K. Elison,   WSBA No. 31007
Jesse P. Elison, WSBA No. 36914
Attorneys for Plaintiff Absolute Environmental
Service, Inc.

## CERTIFICATE OF SERVICE

The undersigned certifies under penalty of perjury, under the laws of the State of Washington that I am now and at all times herein mentioned, a resident of the State of Washington, over the age of 18 years, not a party to or interested in the above-entitled action, and competent to be a witness herein.

On the date given below, a true and correct copy of the following:

1. ABSOLUTE'S OPPOSITION TO BRECHAN'S MOTION TO EXCLUDE DAMAGES TESTIMONY BY MICHAEL LEMBKE AND MOTION FOR SUMMARY JUDGMENT
2. DECLARATION OF MICHAEL LEMBKE;
2. [Proposed] ORDER DENYING BRECHAN'S MOTION TO EXCLUDE DAMAGES TESTIMONY BY MICHAEL LEMBKE AND MOTION FOR SUMMARY JUDGMENT

were electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| James B. Stoetzer<br>Lane Powell Spears Lubersky<br>1420 Fifth Avenue, Suite 4100<br>Seattle, WA 98101<br>*Atty for Coffman* | Jacob Nist<br>Perkins Coie, LLP<br>1029 West Third Avenue, Suite 300<br>Anchorage, AK 99501<br>*Atty for Brechan and Safeco* |
| Robert J. Dickson<br>Atkinson, Conway & Gagnon, Inc.<br>420 L Street, Suite 500<br>Anchorage, AK 99501<br><br>*Atty for Specialty Polymer Coatings* | Peter Partnow<br>Lane Powell Spears Lubersky<br>301 W. Northern Lights Boulevard<br>Suite 301<br>Anchorage, Alaska 99503<br>*Atty for Coffman* |
| Eric J. Brown, Esq.<br>Jermain Dunnagan & Owens, P.C.<br>3000 A Street, Suite 300<br>Anchorage, AK 99503-4097<br>*Atty for Forrest McKinley and Emerco* | Mr. William Baerg<br>Patrick Duffy<br>Monteleone & McCrory, LLP<br>725 South Figueroa Street, Suite 3750<br>Los Angeles, CA 90017-5446<br>*Atty for Forrest McKinley and Emerco* |

SIGNED at Redmond, Washington this 21st day of August, 2006.

Kristy L. Martyn