Terry R. Marston, *pro hac vice,* terry@mhf-law.com
Jami K. Elison, *pro hac vice,* jamie@mhf-law.com
MARSTON HEFFERNAN FOREMAN, PLLC
16880 N.E. 79th Street
Redmond, Washington 98052
(425) 861-5700

PAUL J. NANGLE & ASSOCIATES
Kerry Building
101 Christensen Drive
Anchorage, Alaska 99501
Telephone: (907) 274-8866

Attorney for Plaintiff ABSOLUTE ENVIRONMENTAL SERVICES, INC.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>FORREST J. MCKINLEY, an individual, d/b/a "Imperial Industrial Coatings" and EMERCO, INC., a California Corporation, d/b/a Imperial Industrial Coatings, BRECHAN ENTERPRISES, INC., an Alaska corporation; and SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation.<br><br>Defendants.<br><br>EMERCO, INC., a California corporation d/b/a Imperial Industrial Coatings, and the States for Use and Benefit of EMERCO, INC.,<br><br>Counterclaimant/Third-party Claimant,<br><br>v.<br><br>ABSOLUTE ENVIRONMENTAL SERVICES INC., an Alaska corporation, et al.,<br><br>Cross-defendants/Third-party Defendants. | Case No.: A03-0199CV (RRB)<br><br>**DECLARATION OF MICHAEL K. LEMBKE IN SUPPORT OF ABSOLUTE'S OPPOSITION TO BRECHAN'S MOTION TO EXCLUDE MICHAEL LEMBKE AND MOTION FOR SUMMARY JUDGMENT** |

DECLARATION OF MICHAEL K. LEMBKE IN SUPPORT OF ABSOLUTE'S OPPOSITION TO
BRECHAN'S MOTION TO EXCLUDE MICHAEL LEMBKE AND MOTION FOR SUMMARY
JUDGMENT
Case No. A03-0199CV (RRB)-- 1

| | |
|---|---|
| THE UNITED STATES OF AMERICA *for the use and benefit of* ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, | ) ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation. | ) ) ) |
| Defendants. | ) ) |
| BRECHAN ENTERPRISES, INC., an Alaska corporation, | ) ) ) |
| Counterclaim Plaintiff, | ) ) |
| vs. | ) ) |
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, | ) ) ) |
| Counterclaim Defendant. | ) |
| BRECHAN ENTERPRISES, INC., an Alaska corporation, | ) ) ) |
| Third-Party Plaintiff, | ) ) |
| vs. | ) ) |
| COFFMAN ENGINEERS, INC, a Washington Corporation. | ) ) ) |
| Third-Party Defendant. | ) ) |
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, | ) ) ) |
| Plaintiff/Cross-claimant, | ) ) |
| vs. | ) ) |
| COFFMAN ENGINEERS, INC, a Washington Corporation. | ) ) ) |
| Third-Party Defendant. | ) ) |

DECLARATION OF MICHAEL K. LEMBKE IN SUPPORT OF ABSOLUTE'S OPPOSITION TO BRECHAN'S MOTION TO EXCLUDE MICHAEL LEMBKE AND MOTION FOR SUMMARY JUDGMENT
Case No. A03-0199CV (RRB)-- 2

I, Michael Lembke, being first duly sworn, declare and say as follows:

1. I am principal of MKL Associates, LLC ("MKL"), a licensed and registered consulting firm based in Kirkland, Washington. MKL was engaged by plaintiff, Absolute Environmental Services, Inc. ("AESI"), to prepare its' claim for damages associated with its' completion of Imperial Industrial Coatings' work on the Cargo Wharf project as outlined in my Findings and Opinions Report and to evaluate the loss exposure and conduct of Brechan Enterprises, Inc. for Phase I of the Cargo Wharf Maintenance Project at the U.S. Coast Guard base in Kodiak, Alaska,

2. Attached hereto as **Exhibit A** is a true and correct copy of my November 12, 2004 Findings and Opinion Report, with attached exhibits and errata, regarding Imperial's work.

3. Attached hereto as **Exhibit B** is a true and correct of my March 21, 2006 Findings and Opinion Report, with attached exhibits and errata, evaluating the loss exposures and conduct of Brechan.

4. Contrary to Brechan's assertions, I have performed many analyses. These include:

   a. Audit of actual costs incurred by AESI. *See* Exhibit A (November 12, 2004 Findings and Opinion Report, Ex. Nos. 3, 4, 5, 6, 7);

   b. Audit of AESI home office overhead. *See* Exhibit A (November 12, 2004 Findings and Opinion Report, Ex. Nos. 11 and 12);

   c. Measured-mile analysis of AESI costs for performance of AESI's non-impact base contract work. *See* Exhibit A (November 12, 2004 Findings and Opinion Report, Ex. No. 9);

   d. Analysis of AESI costs for performance of Phase I warranty work for Brechan. *See* Exhibit B (March 21, 2006 Findings and Opinion Report, Ex. C);

   e. Detailed quantity survey of steel H piling and bracing and ancillary steel. *See* Exhibit B (March 21, 2006 Findings and Opinion Report, Ex. C);

    f.   Allocation of AESI damages between Brechan Enterprises, Inc. and Imperial Industrial Coatings dated May 5, 2005, with revision notes. Attached hereto as **Exhibit C** is a true and correct copy of that allocation.

    g.   Allocation of damages among the several defendants. *See* Exhibit B (March 21, 2006 Findings and Opinion Report and Errata No 2 – revised Ex. D dated May 16, 2006);

    h.   Square foot calculations, Phase I – Brechan/SCCI. *See* Exhibit B (March 21, 2006 Findings and Opinion Report, Ex. E);

    i.   Exhaustive research into the factual history of the project through review of contemporaneous documents. *See* Exhibit A and B (November 12, 2004 Findings and Opinion Report and March 21, 2006 Findings and Opinion Report respectively).

5.   With respect to meeting the tests for use of total cost or modified total cost methodology, the following discussion must be considered:

    a.   <u>Nature of Loss</u>:

-During IIC's time on the project, two main factors affected IIC's ability to perform: (1) IIC's internal problems and (2) Brechan's/Coffman's withholding of knowledge of problems encountered with the defective welds on Phase I the prior year and their insistence on 100% holiday-free coating. These two factors affected the work simultaneously and continuously from very early in the project to the time of IIC's departure from the site.

-Absent discrete time card coding of these factors, meaningful cost accounting, meaningful daily reports addressing the impact of theses factors, and IIC's continuing attempts to comply with defective specifications, no better method is available to determine with any degree of accuracy, other than a reasonable estimate based on examination and analysis of the project records.

    b.   <u>Reasonableness of Bid</u>:

-AESI's bid price was $995,850, or $40.65 per square foot (SF), based on the Brechan provided quantity of 24,500 SF.

- The government estimate for the first contract, DT CG50-01-D-643XXO, was $40.00 SF. Attached hereto as **Exhibit D** are a true and correct copies of U.S. Coast Guard record of negotiation dated February 12, 2001, BEI 4100-4103, and BEI 0948 (which were obtained through discovery).

- Swalling's contract price for the first contract was $38.32 SF. Attached hereto as **Exhibit E** are true and correct copies of BEI 8254-8255 and BEI 4492-4493. AESI's bid was reasonable.

c. Actual Costs were reasonable:

-Swalling projected price to correct the weld defects and meet a holiday-free coating specification was $64.64 SF. *See* Exhibit B (March 21, 2006 Findings and Opinion Report, Ex. E).

-AESI actually performed to the same specifications on 31,393 SF. At Swalling's projected price – (31,393 SF @ $64.63) = $2,028,930. AESI's bid price plus damages sought from Brechan/Coffman = $2,125,250, a difference of only $96,320. AESI's actual costs were reasonable. *See* Exhibit B (March 21, 2006 Findings and Opinion Report, Ex. C).

d. AESI is not responsible for additional costs:

-There is no contemporaneous documentation to suggest that AESI mismanaged or committed errors in its performance that adversely affected costs. On the contrary, Brechan solicited AESI to perform work on Swalling's portion of the work on a cost-plus basis.

-Aside from IIC, whose cost impact to AESI has been considered and accounted for, the only factors affecting AESI's costs were Brechan/Coffman's insistence that a 100% holiday-free coating be achieved.

-Even in Areas A & B, the vast majority of defects requiring correction were defective welds. Attached hereto as **Exhibit F** is a true and correct copy of Jerry Hardenbergh's memo dated August 19, 2003.

-The same was true at Areas C, D, and E, performed by AESI. The amount of work to correct defective welds and subsequent recoating of weld areas

was a major cost factor. *See* Jerry Hardenbergh's Daily Reports May 11, 2003 through September 20, 2003.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED this 21ST day of August, 2006 at Redmond, WA.

*[signature]*

Michael K. Lembke

DECLARATION OF MICHAEL K. LEMBKE IN SUPPORT OF ABSOLUTE'S OPPOSITION TO BRECHAN'S MOTION TO EXCLUDE MICHAEL LEMBKE AND MOTION FOR SUMMARY JUDGMENT
Case No. A03-0199CV (RRB)-- 6