Terry R. Marston, *pro hac vice,* terry@mhf-law.com
Jami K. Elison, *pro hac vice,* jamie@mhf-law.com
Jesse P. Elison, *pro hac vice,* jessee@mhf-law.com
MARSTON HEFFERNAN FOREMAN, PLLC
16880 N.E. 79th Street
Redmond, Washington 98052
(425) 861-5700

PAUL J. NANGLE & ASSOCIATES
Kerry Building
101 Christensen Drive
Anchorage, Alaska 99501
Telephone: (907) 274-8866

Attorney for Plaintiff ABSOLUTE ENVIRONMENTAL SERVICES, INC.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation,<br><br>Plaintiff,<br>vs.<br><br>FORREST J. MCKINLEY, an individual, d/b/a "Imperial Industrial Coatings" and EMERCO, INC., a California Corporation, d/b/a Imperial Industrial Coatings, BRECHAN ENTERPRISES, INC., an Alaska corporation; and SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation.<br><br>Defendants. | Case No.: A03-0199CV (RRB)<br><br>**ABSOLUTE'S OPPOSITION TO COFFMAN'S MOTION FOR SUMMARY JUDGMENT AGAINST ABSOLUTE REGARDING NEGLIGENT AND FRAUDULENT MISREPRESENTATION OF CLAIMS** |
| EMERCO, INC., a California corporation d/b/a) Imperial Industrial Coatings, and the States for Use and Benefit of EMERCO, INC.,<br><br>Counterclaimant/Third-party Claimant,<br><br>v.<br><br>ABSOLUTE ENVIRONMENTAL SERVICES INC., an Alaska corporation, et al.,<br><br>Cross-defendants/Third-party Defendants. | |

| | |
|---|---|
| THE UNITED STATES OF AMERICA *for the use and benefit of* ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, | ) ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation. | ) ) ) |
| Defendants. | ) ) |
| BRECHAN ENTERPRISES, INC., an Alaska corporation, | ) ) ) |
| Counterclaim Plaintiff, | ) ) |
| vs. | ) ) |
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, | ) ) ) |
| Counterclaim Defendant. | ) |
| BRECHAN ENTERPRISES, INC., an Alaska corporation, | ) ) ) |
| Third-Party Plaintiff, | ) ) |
| vs. | ) ) |
| COFFMAN ENGINEERS, INC, a Washington Corporation. | ) ) ) |
| Third-Party Defendant. | ) ) |
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, | ) ) ) |
| Plaintiff/Cross-claimant, | ) ) |
| vs. | ) ) |
| COFFMAN ENGINEERS, INC, a Washington Corporation. | ) ) ) |
| Third-Party Defendant. | ) ) |

ABSOLUTE'S OPPOSITION TO COFFMAN'S MOTION FOR SUMMARY JUDGMENT AGAINST
ABSOLUTE REGARDING NEGLIGENT AND FRAUDULENT MISREPRESENTATION OF CLAIMS
Case No. A03-0199CV (RRB)-- 2

## I. OPPOSITION AND RELIEF REQUESTED

Plaintiff Absolute Environmental Services, Inc. ("AESI") requests this Court <u>deny</u> Coffman's motion for partial summary judgment against Absolute regarding negligent and fraudulent misrepresentation claims.

## II. ISSUE

Genuine issues of material fact exist and preclude summary judgment on claims of negligent and fraudulent misrepresentations.

## III. FACTS

AESI disputes defendant's alleged facts and factual interpretations. This opposition brief is based on the pleadings and filings of record, including affidavits, declarations, and exhibits submitted in opposition to other motions, and the Declaration of Olson re. Motions for Summary Judgment.

Coffman's pivotal factual allegation is hotly contested: "Mr. Hardenbergh has steadfastly and unequivocally maintained that weld conditions differed greatly from Phase I to Phase II, that the weld conditions on Phase II were much improved over the Phase I conditions, and that there was little similarity between the condition of the welds on Phase I compared to Phase II welds." *See* Dave Olson Decl. re. Motions for Summary Judgment (the extent of Mr. Hardenbergh's equivocation is extraordinary).

Moreover, there is substantial evidence, circumstantial and otherwise, confirming fraud even without regard to the testimony of Mr. Hardenbergh. *See* Dave Olson Decl. re. Motions for Summary Judgment.

## IV. AUTHORITY

Coffman's motion to dismiss claims of negligent and fraudulent misrepresentation are not proper for summary under FRCP 56.

> This court has stated that fraud is established by a preponderance of the evidence; clear and convincing evidence is not required.

*Dairy Queen of Fairbanks, Inc. v. Travelers Indem. Co. of America*, 748 P.2d 1169, 1171 (Alaska 1988). AESI has presented evidence, by a preponderance of the evidence, to establish a *prima facie* case for negligent and fraudulent misrepresentation. *See* Dave Olson Decl. re. Motions for Summary Judgment.

Brechan's conduct is squarely at issue in this lawsuit. Summary judgment is not proper when a party's conduct is at issue in the determination of whether that conduct was reasonable because the determination is a factual one. In *Sherrill v. Federal-Mogul Corp. Retirement Programs Committee*, 413 F.Supp.2d 842, 867 (E.D.Mich. 2006), the court concluded that the question of the defendant's conduct was "one that is inherently factual in nature" and while "Defendants would like the Court to, as matter of law, dismiss plaintiff's claims against them. The Court, however, declines to usurp the province of the trier of fact." The court continued: "It is well established that federal policy favors jury decisions of disputed fact questions." *See, e.g., Atl. & Gulf Stevedores, Inc. Ellerman Lines, Ltd.*, 369 U.S. 355, 360 82 S.Ct. 780, 7 L.Ed 798 (1962) (noting that the Seventh Amendment fashioned the policy favoring the jury resolving factual disputes); *Coopersville Co-Operative Creamery Co. v. Lemon*, 163 F. 145 (6th Cir. 1908) ("it is the peculiar province of a jury to determine disputed questions of fact."). *Id.* Applying the same principles, this Court should deny summary judgment here.

Given the nature of fraud claims, circumstantial evidence is routinely endorsed by our courts: "Existence of a fraudulent intent is a question of fact, often proven by circumstantial evidence." *Gabaig v. Gabaig*, 717 P.2d 835, 838 (Alaska 1986). Further:

> Though the Rounsevilles did not have any direct proof to support their claim of conspiracy, there was circumstantial evidence at the time they filed their complaint to support the existence of a conspiracy… As we often note in other contexts, conspiracies are by their very nature secretive operations that can hardly ever be proven by direct evidence.

*Rounseville v. Zahl*, 13 F.3d 625, 632 (2nd Cir. 1994). Applying governing law regarding the correct burdens of proof for claims of negligent and fraudulent misrepresentation, and assuming that the elements are those generally outlined in Coffman's motion, Coffman's must be denied in light of the evidence of record. *See* Dave Olson Decl. re. Motions for Summary Judgment.

## V. CONCLUSION

This Court should deny Coffman's motion and allow AESI to proceed to trial.

DATED this 21st day of August, 2006.

MARSTON HEFFERNAN FOREMAN, PLLC

By _____
Terry R. Marston II, WSBA No. 14440
Jami K. Elison, WSBA No. 31007
Jesse P. Elison, WSBA No. 36914
Attorneys for Plaintiff Absolute Environmental Service, Inc.

## CERTIFICATE OF SERVICE

The undersigned certifies under penalty of perjury, under the laws of the State of Washington that I am now and at all times herein mentioned, a resident of the State of Washington, over the age of 18 years, not a party to or interested in the above-entitled action, and competent to be a witness herein.

On the date given below, a true and correct copy of the following:

1. ABSOLUTE'S OPPOSITION TO COFFMAN'S MOTION FOR SUMMARY JUDGMENT TO ~~DISMISS ABSOLUTE'S CLAIM OF BUSINESS DEVASTATION DAMA~~GES
2. ~~DECLARATION OF DAVE OLSON~~;
2. [Proposed] ORDER DENYING COFFMAN'S MOTION FOR SUMMARY JUDGMENT TO DISMISS ABSOLUTE'S CLAIM OF BUSINESS DEVASTATION DAMAGES

were electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| James B. Stoetzer<br>Lane Powell Spears Lubersky<br>1420 Fifth Avenue, Suite 4100<br>Seattle, WA 98101<br>*Atty for Coffman* | Jacob Nist<br>Perkins Coie, LLP<br>1029 West Third Avenue, Suite 300<br>Anchorage, AK 99501<br>*Atty for Brechan and Safeco* |
| Robert J. Dickson<br>Atkinson, Conway & Gagnon, Inc.<br>420 L Street, Suite 500<br>Anchorage, AK 99501<br><br>*Atty for Specialty Polymer Coatings* | Peter Partnow<br>Lane Powell Spears Lubersky<br>301 W. Northern Lights Boulevard<br>Suite 301<br>Anchorage, Alaska 99503<br>*Atty for Coffman* |
| Eric J. Brown, Esq.<br>Jermain Dunnagan & Owens, P.C.<br>3000 A Street, Suite 300<br>Anchorage, AK 99503-4097<br>*Atty for Forrest McKinley and Emerco* | Mr. William Baerg<br>Patrick Duffy<br>Monteleone & McCrory, LLP<br>725 South Figueroa Street, Suite 3750<br>Los Angeles, CA 90017-5446<br>*Atty for Forrest McKinley and Emerco* |

SIGNED at Redmond, Washington this 21st day of August, 2006.

Terry R. Marston
Kristy L. Morthy