Terry R. Marston, *pro hac vice,* terry@mhf-law.com
Jami K. Elison, *pro hac vice,* jamie@mhf-law.com
MARSTON HEFFERNAN FOREMAN, PLLC
16880 N.E. 79th Street
Redmond, Washington 98052
(425) 861-5700

PAUL J. NANGLE & ASSOCIATES
Kerry Building
101 Christensen Drive
Anchorage, Alaska 99501
Telephone: (907) 274-8866

Attorney for Plaintiff ABSOLUTE ENVIRONMENTAL SERVICES, INC.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>FORREST J. MCKINLEY, an individual, d/b/a "Imperial Industrial Coatings" and EMERCO, INC., a California Corporation, d/b/a Imperial Industrial Coatings, BRECHAN ENTERPRISES, INC., an Alaska corporation; and SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation.<br><br>Defendants. | Case No.: A03-0199CV (RRB)<br><br>**DECLARATION OF JEREMY HAILEY IN SUPPORT OF ABSOLUTE'S OPPOSITION TO COFFMAN'S MOTION FOR SUMMARY JUDGMENT FOR DISMISSAL OF ABSOLUTE'S NEGLIGENCE CLAIMS** |
| EMERCO, INC., a California corporation d/b/a Imperial Industrial Coatings, and the States for Use and Benefit of EMERCO, INC.,<br><br>Counterclaimant/Third-party Claimant,<br><br>v.<br><br>ABSOLUTE ENVIRONMENTAL SERVICES INC., an Alaska corporation, et al.,<br><br>Cross-defendants/Third-party Defendants. | |

| | |
|---|---|
| THE UNITED STATES OF AMERICA *for the use and benefit of* ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, | )<br>)<br>)<br>)<br>) |
| Plaintiff, | ) |
| vs. | )<br>) |
| SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation. | )<br>)<br>) |
| Defendants. | )<br>) |
| BRECHAN ENTERPRISES, INC., an Alaska corporation, | )<br>)<br>) |
| Counterclaim Plaintiff, | ) |
| vs. | )<br>) |
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, | )<br>)<br>) |
| Counterclaim Defendant. | ) |
| BRECHAN ENTERPRISES, INC., an Alaska corporation, | )<br>)<br>) |
| Third-Party Plaintiff, | ) |
| vs. | ) |
| COFFMAN ENGINEERS, INC, a Washington Corporation. | )<br>)<br>) |
| Third-Party Defendant. | )<br>) |
| ABSOLUTE ENVIRONMENTAL SERVICES INC., an Alaska Corporation, | )<br>)<br>) |
| Plaintiff/Cross-claimant, | ) |
| vs. | )<br>) |
| COFFMAN ENGINEERS, INC, a Washington Corporation. | )<br>)<br>) |
| Third-Party Defendant. | )<br>) |

DECLARATION OF JEREMY HAILEY IN SUPPORT OF ABSOLUTE'S OPPOSITION TO COFFMAN'S MOTION FOR SUMMARY JUDGMENT FOR DISMISSAL OF ABSOLUTE'S NEGLIGENCE CLAIMS
Case No. A03-0199CV (RRB)-- 2

I, Jeremy Hailey, being first duly sworn, declare and say as follows:

1. I am the president and owner of Northwest Corrosion Engineering, a consulting firm providing specialized engineering services in the field of corrosion control. Northwest Corrosion Engineering was engaged by plaintiff, Absolute Environmental Services, Inc. ("AESI"), to provide opinions in response to specific questions regarding the performance of Coffman Engineers on the Kodiak Cargo Wharf Maintenance Project. Attached hereto as **Exhibit A** is a true and correct copy of my curriculum vitae. Attached hereto as **Exhibit B** is a true and correct copy of my expert report.

2. Regarding my qualifications, Coffman says, "[His] knowledge and experience relates to CP and not coatings." My response is that if they are saying that I have no expertise in coatings, this is false. My work involves the application of corrosion control methods to provide for the protection of metallic structures. These methods include both the design and preparation of (a) cathodic protection systems and (b) coating specifications. Many times, the two go hand in hand. I have completed several projects that involve the preparation, editing, and issuance of coating specifications for a variety of structures. In addition, I also provide NACE Certified Coating Inspection services.

3. Regarding my qualifications, Coffman next states, "In connection with obtaining his degree in Agricultural Engineering he never took any course work relating to industrial or marine coatings." My response is I am not aware of any accredited colleges that offer course work relating to industrial or marine coatings. <u>Knowledge concerning protective coatings and protective coating inspection for the field of Corrosion Engineering is derived from field experience and hands-on training provided by qualified organizations in the coating and coating inspection industry</u>.

4. Regarding my qualifications, Coffman next says, "He took only one class, at the University of Alaska, in *corrosion engineering*." My response is that I took four graduate-level engineering courses at the University of Alaska, one of which was specifically on Corrosion Engineering. (My cumulative GPA at the University of Anchorage was 4.0.) Attached hereto as **Exhibit C** is a true and correct copy of my transcript from the University of Alaska, Anchorage.

DECLARATION OF JEREMY HAILEY IN SUPPORT OF ABSOLUTE'S OPPOSITION TO
COFFMAN'S MOTION FOR SUMMARY JUDGMENT FOR DISMISSAL OF ABSOLUTE'S
NEGLIGENCE CLAIMS
Case No. A03-0199CV (RRB)-- 3

5. Coffman next states, "He had never written a specification for the application of an industrial coating in an over-water or marine environment" and that "he had never written a specification for the application of an industrial coating in a tidal zone." My response is that while this is true, few people have. However, the absence of this narrow experience has no bearing on the subjects of the expert opinions I have prepared. Coffman has not identified why they think these facts somehow make my training and expertise irrelevant.

6. Coffman then says, "His coating inspection experience consists of one project involving a water tank." This is true for my experience with the second corrosion engineering firm I worked for. Since being in business for myself, I have written many coating specifications and conducted coating inspections on numerous different types of jobs. I was also asked during my deposition to provide information concerning the five largest coating and coating inspection projects that I have worked on. This information was provided to the deposer.

7. Coffman then says, "He has never performed any high voltage holiday testing of industrial coatings." My response is that I have been trained on and practiced the use of the high voltage holiday tester during my Coating Inspection Training (CIP II). I have used a low voltage holiday tester on different jobs and personally own a low voltage holiday tester. The only difference between the two testers is the thickness of the coating. Generally > 20 mils uses a high voltage tester and < 20 mils uses a low voltage tester. Neither tester is any more difficult to operate than the other.

8. Coffman says, "He has never personally observed the weld conditions on Phase 1 or Phase II and, in fact, has never actually seen or visited the cargo wharf." Coffman's statement is misleading. While I did not did personally visit the Cargo Wharf, I did look at numerous digital color photographs and a video tape lasting over an hour of the inspection conducted by Imperial's expert, Schilling.

9. Coffman is obviously arguing that I do not have the expertise necessary to render the opinions I have in this case due to a lack of requisite training or experience on a specific structure. While I have not completed coating inspection on the structural support members of a cargo wharf and have not developed a coating specification utilizing a plural component coating for a cargo wharf, this does not indicate that my experience in coating specifications and holiday testing is deficient. The development of a coating specification should be specific to the structure to be

coated. However, all well developed coating specifications contain much of the same project specific information such as known site conditions, coating types, environmental constraints, surface preparation materials and procedures, application methods and procedures, testing requirements, etc. Not having completed work specifically on a cargo wharf in Kodiak Alaska should not render my opinions on the quality of the coating specification null and void.

10. The leader of Coffman's corrosion engineering design team on this project was said to be Dan Stears. To my knowledge, Mr. Stears is not a licensed professional engineer (P.E.). I have reviewed the State of Alaska's web site for professional engineers and have been unable to find his name included there. I, myself, am a licensed professional engineer in five states, Alaska, Washington, Idaho, Oregon, and Colorado.

11. The organization that is the recognized world leader on the subject of Corrosion Control is the National Association of Corrosion Engineers, NACE International. I am a member of NACE, as is Dan Stears of Coffman Engineers. NACE provides a number of different certifications designed to demonstrate expertise in the field of Corrosion Control. I am one of approximately 20 NACE members in the world who holds all three certification as a Cathodic Protection Specialist, Corrosion Specialist, P, and a Certified Coating Inspector. Neither Coffman's Mr. Stears or Mr. Hardenbergh have all of these certifications. Nor do Brechan and Coffman's own experts, Webb Chandler and William Mott. Attached as **Exhibit D** to this declaration is a matrix I assisted in preparing that identifies the different NACE certifications that are available and the certifications that are held by Coffman's employees, Brechan and Coffman's experts, and by me. As the matrix discloses, I have the highest qualifications of anyone involved in this litigation, whether as a fact witness or as an expert. Also attached, as **Exhibit E**, to this declaration are true and correct copies of the NACE web pages from which I collected the information with which to prepare the matrix as well as copies of the State of Alaska's web site regarding registration of engineers.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED this 21st day of August, 2006 at SEDRO-WOOLLEY, Washington.

Jeremy Hailey, P.E.

DECLARATION OF JEREMY HAILEY IN SUPPORT OF ABSOLUTE'S OPPOSITION TO COFFMAN'S MOTION FOR SUMMARY JUDGMENT FOR DISMISSAL OF ABSOLUTE'S