| | |
|---|---|
| 1 | Terry R. Marston, *pro hac vice,* terry@mhf-law.com |
|   | Jami K. Elison, *pro hac vice,* jamie@mhf-law.com |
| 2 | Jesse P. Elison, *pro hac vice,* jessee@mhf-law.com |
|   | MARSTON HEFFERNAN FOREMAN, PLLC |
| 3 | 16880 N.E. 79th Street |
|   | Redmond, Washington  98052 |
| 4 | (425) 861-5700 |
| 5 | PAUL J. NANGLE & ASSOCIATES |
|   | Kerry Building |
| 6 | 101 Christensen Drive |
|   | Anchorage, Alaska  99501 |
|   | Telephone:  (907) 274-8866 |
| 7 | |
| 8 | Attorney for Plaintiff ABSOLUTE ENVIRONMENTAL SERVICES, INC. |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>FORREST J. MCKINLEY, an individual, d/b/a "Imperial Industrial Coatings" and EMERCO, INC., a California Corporation, d/b/a Imperial Industrial Coatings, BRECHAN ENTERPRISES, INC., an Alaska corporation; and SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation.<br><br>Defendants. | Case No.: A03-0199CV (RRB)<br><br>**REPLY IN SUPPORT OF ABSOLUTE'S MOTION TO COMPEL DEFENDANT BRECHAN ENTERPRISES, INC. TO RESPOND TO DISCOVERY REQUESTS** |
| EMERCO, INC., a California corporation d/b/a Imperial Industrial Coatings, and the States for Use and Benefit of EMERCO, INC.,<br><br>Counterclaimant/Third-party Claimant,<br><br>v.<br><br>ABSOLUTE ENVIRONMENTAL SERVICES INC., an Alaska corporation, et al.,<br><br>Cross-defendants/Third-party Defendants. | |

REPLY IN SUPPORT OF ABSOLUTE'S MOTION TO COMPEL DEFENDANT BRECHAN
ENTERPRISES, INC. TO RESPOND TO DISCOVERY REQUESTS
Case No. A03-0199CV (RRB)-- 1

| | |
|---|---|
| THE UNITED STATES OF AMERICA *for the use and benefit of* ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, | )<br>)<br>)<br>)<br>) |
| Plaintiff, | ) |
| vs. | )<br>) |
| SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation. | )<br>)<br>) |
| Defendants. | )<br>) |
| BRECHAN ENTERPRISES, INC., an Alaska corporation, | )<br>)<br>) |
| Counterclaim Plaintiff, | ) |
| vs. | )<br>) |
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, | )<br>)<br>) |
| Counterclaim Defendant. | ) |
| BRECHAN ENTERPRISES, INC., an Alaska corporation, | )<br>)<br>) |
| Third-Party Plaintiff, | ) |
| vs. | )<br>) |
| COFFMAN ENGINEERS, INC, a Washington Corporation. | )<br>)<br>) |
| Third-Party Defendant. | )<br>) |
| ABSOLUTE ENVIRONMENTAL SERVICES INC., an Alaska Corporation, | )<br>)<br>) |
| Plaintiff/Cross-claimant, | ) |
| vs. | )<br>) |
| COFFMAN ENGINEERS, INC, a Washington Corporation. | )<br>)<br>) |
| Third-Party Defendant. | )<br>) |

REPLY IN SUPPORT OF ABSOLUTE'S MOTION TO COMPEL DEFENDANT BRECHAN ENTERPRISES, INC. TO RESPOND TO DISCOVERY REQUESTS
Case No. A03-0199CV (RRB)-- 2

Plaintiff Absolute Environmental Services, Inc. ("AESI") is entitled to all evidence that is reasonably calculated to lead to admissible evidence, including the financial information withheld by Brechan.

### I.   ABSOLUTE'S REPLY TO BRECHAN'S FACTS

AESI requested critical documents in a FOIA request to the United States Coast Guard in February of 2006. After extensive effort and great cost to AESI, the request culminated in a Motion to Compel in the United States District Court for the District of Western Washington at the end of May. Under the threat of a federal district court, the Coast Guard complied with AESI's requests and AESI withdrew its motion to compel discovery. *See* accompanying Decl. of Dave Olson in Support of Reply Motion to Compel Brechan.

Documents critical to this case were produced by the Coast Guard and AESI is only now beginning to assimilate them. The Coast Guard produced documents involving Brechan and Coffman that were not produced by either Brechan or Coffman but clearly should have been under Rule 26(a). Shortly after the Coast Guard produced the documents, Brechan produced documents allegedly "misplaced" months before. The "misplaced" documents are also critical documents that AESI is relying upon in support of its claims against Brechan and Coffman. *See* Decl. of Dave Olson.

Brechan continues to withhold financial documents. Brechan's largest customer is the Coast Guard. Based on available evidence, the Coast Guard is Brechan's only significant customer. In 2001, Brechan spent $3 million to purchase a non-compete agreement from Brechan's only primary competitor for Coast Guard work on Kodiak Island. Based on evidence available, circumstantial and direct, Brechan's business dealings with the Coast Guard are fraught with impropriety. The nature of that relationship will fairly inform the trier of fact regarding the

series of secret communications between Brechan, Coffman and the Coast Guard that preceded AESI being brought onto the job at a demonstrably unfair price. Even when substantial additional costs were added to the Coast Guard Cargo Wharf Project, Brechan's financial records will show that Brechan passed those costs on to others and this circumstantial evidence bears directly on Brechan's violation of the superior knowledge doctrine and non-disclosure of critical information regarding the actual work and expense of the Project. *See* Decl. of Dave Olson.

Receiving financial statements and tax returns are relevant to AESI's claims against Brechan. See Decl. of Dave Olson in Support of Reply Motion to Compel Brechan. Documents concerning Building 25 will support the methods and practices constantly used by Brechan in its dealings with the United States Coast Guard. *See* Decl. of Dave Olson.

## II.   AUTHORITY

FRCP 26(b)(1) provides:

> For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Tax returns are discoverable when a party's income is at issue. *Heathman v. U.S. Dist. Court for Central Dist. of California*, 503 F.2d 1032, 1037 (9th Cir. 1974); *Sanderson v. Winner*, 507 F.2d 477, 480 (1974). Financial statements are also discoverable. *Harvest Meat Co. v. Robert Dairy Co.*, Slip Copy, 2005 WL 3470340, 4 (D.Kan. 2005).

Brechan's concerns about "exciting the jury" are an improper basis for refusing to produce documents in discovery. Brechan's arguments about admissibility can be raised in a motion in limine before trial, but cannot constitute a reason to withhold evidence that may lead to the discovery of admissible evidence.

## V. CONCLUSION

Brechan has wrongfully withheld documents. They wrongfully withheld a large batch of Coast Guard documents until the Coast Guard was pressed to disclose them through the Freedom of Information Act. The financial documents complete the story of the case. The financial statements and tax returns for 2002, 2003, and 2004, and the documents related to Building 25 are necessary to show Brechan's practices with respect to the Coast Guard and its subcontractors.

DATED this 22nd day of August, 2006.

MARSTON HEFFERNAN FOREMAN, PLLC

By _____
Terry R. Marston II, WSBA No. 14440
Jami K. Elison,   WSBA No. 31007
Jesse P. Elison, WSBA No. 36914
Attorneys for Plaintiff Absolute Environmental Service, Inc.

## CERTIFICATE OF SERVICE

The undersigned certifies under penalty of perjury, under the laws of the State of Washington that I am now and at all times herein mentioned, a resident of the State of Washington, over the age of 18 years, not a party to or interested in the above-entitled action, and competent to be a witness herein. On the date given below, a true and correct copy of the following:

1. REPLY IN SUPPORT OF ABSOLUTE'S MOTION TO COMPEL DEFENDANT BRECHAN ENTERPRISES, INC. TO RESPOND TO DISCOVERY REQUESTS;
2. DECLARATION OF DAVE OLSON;

were electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| James B. Stoetzer<br>Lane Powell Spears Lubersky<br>1420 Fifth Avenue, Suite 4100<br>Seattle, WA 98101<br>*Atty for Coffman* | Jacob Nist<br>Perkins Coie, LLP<br>1029 West Third Avenue, Suite 300<br>Anchorage, AK 99501<br>*Atty for Brechan and Safeco* |
| Robert J. Dickson<br>Atkinson, Conway & Gagnon, Inc.<br>420 L Street, Suite 500<br>Anchorage, AK 99501<br><br>*Atty for Specialty Polymer Coatings* | Peter Partnow<br>Lane Powell Spears Lubersky<br>301 W. Northern Lights Boulevard<br>Suite 301<br>Anchorage, Alaska 99503<br>*Atty for Coffman* |
| Eric J. Brown, Esq.<br>Jermain Dunnagan & Owens, P.C.<br>3000 A Street, Suite 300<br>Anchorage, AK 99503-4097<br>*Atty for Forrest McKinley and Emerco* | Mr. William Baerg<br>Patrick Duffy<br>Monteleone & McCrory, LLP<br>725 South Figueroa Street, Suite 3750<br>Los Angeles, CA 90017-5446<br>*Atty for Forrest McKinley and Emerco* |

SIGNED at Redmond, Washington this 22nd day of August, 2006.

_____
Kristy L. Martyn