Michael E. Kreger
Perkins Coie LLP
1029 W. Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561
(907) 276-3108 (Facsimile)
mkreger@perkinscoie.com

Attorneys for Defendants Brechan Enterprises, Inc.
and Safeco Insurance Company of America

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>FORREST J. MCKINLEY, et al.,<br><br>    Defendants. | Case No. 3:03-cv-0199-rrb |

**REPLY TO ABSOLUTE'S OPPOSITION TO SAFECO'S
MOTION FOR SUMMARY JUDGMENT**

The issue before the court is whether Absolute's work in 2004 extends the Miller Act's limitations period. Whether Absolute's work in 2004 extends the Miller Act's limitations period is resolved by a straightforward question – whether the work performed in 2004 was for the purpose of correcting defects and making repairs to Absolute's prior work. If Absolute was correcting or making repairs to its previous work in when it came back to the project in 2004, then its claim is

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

REPLY TO ABSOLUTE'S OPPOSITION TO SAFECO'S
MOTION FOR SUMMARY JUDGMENT   - 1 -   [38599-0012/AA062290.004]
ABSOLUTE v. BRECHAN, et al.
3:03-cv-0199-rrb

time-barred. *U.S. for the Use of Austin v. Western Elec. Co.*, 337 F.2d 568, 572 (9th Cir. 1964); *T & A Painting, Inc. v. U.S.*, 673 F. Supp. 994, 996 (N.D. Cal. 1987); *U.S. v. R.T. Woodfield, Inc.*, 709 F.2d 249 (4th Cir. 1983); *U.S. v. Fireman's Fund Ins. Co.*, 790 F. Supp. 680, 685 (S.D. Miss. 1992).

Absolute bears the burden of proving that its work in 2004 was <u>not</u> repair work and that its lawsuit is timely under the Miller Act. *U.S. v. Continental Ins. Co.*, 776 F.2d 962 (11th Cir. 1985); *U.S. v. EJT Construction Co.*, 517 F. Supp. 1178, 1181 (E.D. Pa. 1981) (materialman has burden of proof under Miller Act to prove that the materials it supplied were not for repair work). As such, Absolute must adduce competent, admissible facts to establish its claim. In its opposition, Absolute does not present any evidence that its 2004 work was anything other than repairs on its 2003 work.[1]

---

[1] The only "evidence" offered in support of these arguments is the conclusory and self-serving declaration of Mr. Olson. Safeco objects to the following statements as inadmissible legal conclusions: (1) Mr. Olson's characterizations of Absolute's work in 2004 as "contract work" and "base contract work"; and (2) Mr. Olson's statements that "Absolute timely commenced a lawsuit alleging Miller Act claims on June 22, 2005, well within the 1-year period required by the statute." Olson Decl. at ¶ 18. *Evangelista v. Inlandboatmen's Union of Pacific*, 777 F.2d 1390, 1398 n.3 (9th Cir. 1985) (holding that testimony concerning construction of contract was inadmissible legal conclusion); *Cutter & Buck, Inc. v. Genesis Ins. Co.*, 306 F.Supp.2d 988, 999 (W.D. Wash. 2004) (statement purporting to interpret contract is inadmissible as a legal conclusion because contract interpretation is a matter of law to be determined by the court); Fed. R. Civ. P. 56(e) (party must oppose summary judgment with admissible evidence).

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

REPLY TO ABSOLUTE'S OPPOSITION TO SAFECO'S
MOTION FOR SUMMARY JUDGMENT        - 2 -        [38599-0012/AA062290.004]
ABSOLUTE v. BRECHAN, et al.
3:03-cv-0199-rrb

### I. There Is No Dispute that Absolute's Work in 2004 Was Limited to Correcting its 2003 Work.

Despite Absolute's conclusory statements to the contrary, the facts relevant to this motion are not in dispute. In 2003, Absolute performed 100% of the coating work for the project. In 2003, Coffman Engineers, Inc. ("Coffman") performed an inspection and found that there were several defects in Absolute's work that needed to be repaired. Coffman identified these defects in a "punch-list" and Absolute returned to repair these defects in 2004.

In its opposition, Absolute rejects the report of its own expert, Michael Lembke, who calculated the date that Absolute completed the project as November 22, 2003. *See* Ex. E to Safeco's Motion for Summary Judgment (Lembke Report). However, Absolute does not dispute the following evidence which demonstrates that Absolute's work in 2004 was limited to repairing its 2003 work: (1) Coffman's reports showing that Absolute was 100% complete with applying new coatings by November 2003 and was focusing exclusively on "coating repair" by that time (Ex. A to Safeco's motion); (2) Absolute's billings to Brechan showing 100% completion in all work before Absolute resumed its work in 2004 (Ex. H to Safeco's motion); and (3) the parties' communications in early 2004 where Absolute and Brechan discussed the purpose for Absolute's return in 2004 was to perform repairs (Ex. K to Safeco's motion).

Absolute argues in response: (1) Brechan paid Absolute to perform the 2004 work; (2) that Brechan would not pay Absolute extra to do repair work; therefore (3) Absolute could not have been doing "repair" work in 2004. However, it is undisputed that Coffman Engineers, Inc. noted several deficiencies

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

REPLY TO ABSOLUTE'S OPPOSITION TO SAFECO'S
MOTION FOR SUMMARY JUDGMENT    - 3 -    [38599-0012/AA062290.004]
ABSOLUTE v. BRECHAN, et al.
3:03-cv-0199-rrb

in Absolute's 2003 work and the United States informed Brechan and Absolute that it was "withhold[ing] final payment on the task order until corrective action is taken." (Ex. J to Safeco's motion.). Absolute has admitted that its billing for its 2004 work reflected the fact that the United States withheld final payment on Absolute's 2003 work. (Ex. G to Safeco motion at 143, 153.) In short, it is undisputed that Absolute was _not_ being paid for "new work" in 2004. Absolute was paid for its 2003 work after it had been repaired in 2004.

### II.  Absolute's Opposition Raises Only Irrelevant Facts That Have Nothing To Do With Whether Absolute Was Performing Corrections and Repairs in 2004.

Absolute has presented no evidence that its 2004 work was anything other than correcting its 2003 work. Instead, Absolute makes two legal arguments that are irrelevant: (1) the United States had not issued a "final acceptance" of Absolute's work until 2004; and (2) Absolute performed a lot of corrections to its previous work in 2004. Both arguments are addressed below.

#### A.  Whether the United States had Issued a "Final Acceptance" of Absolute's Work is Irrelevant to Determine the Statute of Limitations under the Miller Act.

Absolute ignores the legal standard at issue in this motion – whether or not Absolute's work in 2004 was "for the purpose of correcting defects, or making repairs" to its prior work.[2] *Austin*, 337 F.2d at 572. Absolute has presented no

---

[2] Absolute appears to argue that work always tolls the Miller Act's limitations period unless the work is pursuant to a warranty after the government issues a "final acceptance" of a project. Absolute provides no citation for this proposition and no case provides such a bright line rule. It is true that post-

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

REPLY TO ABSOLUTE'S OPPOSITION TO SAFECO'S
MOTION FOR SUMMARY JUDGMENT           - 4 -           [38599-0012/AA062290.004]
ABSOLUTE v. BRECHAN, et al.
3:03-cv-0199-rrb

argument or evidence that <u>any</u> of its 2004 work related to anything other than repairing areas that it had already worked on. Indeed, Absolute could not make such an assertion given contemporaneous project records (and Absolute's billings) stating Absolute was 100% complete in all the areas to be coated under the contract, but that the United States would not make the final payment until Absolute repaired its prior work.

Instead, Absolute mistakenly asserts that, in order for the Miller Act's statute of limitations to commence, the contract must be accepted as complete by the contractor or owner. Absolute does not cite any cases for this proposition. To the contrary, it is the <u>nature</u> of the work as corrective or remedial which determines whether the Miller Act is tolled – not the labels that the parties put on the work. *Austin*, 337 F.2d at 573 (drawing the distinction between punch list items which were required for "completion of the project" and work performed that was "correction, repairs and cleanup."); *U. S. for Use of State Elec. Supply Co. v. Hesselden Const. Co.*, 404 F.2d 774, 775-76 (4th Cir. 1968) (holding that a replacement pedestal delivered to the project site four days prior to the government's "final acceptance" was remedial work which did not extend the

---

completion warranty work is for the purpose of correcting defects and courts often grant summary judgment on that basis. *See e.g., U.S. ex rel. Automatic Elevator Co., Inc. v. Lori Const.*, 912 F. Supp. 398 (N.D. Ill. 1996). However, that does <u>not</u> mean that only "warranty" work constitutes "correcting defects or making repairs" under the Miller Act. *See Austin*, 337 F.2d at 572-73 (drawing distinction between subcontractor's work that "was required for the completion of the project" and work that was "in the nature of corrections, repairs and cleanup"); *U.S. ex rel. Interstate Mech. Contractors v. Inter. Fidelity Ins. Co.*, 200 F.3d 456 (6th Cir. 2000) (corrective work required to complete contract does not extend Miller Act's limitations period).

REPLY TO ABSOLUTE'S OPPOSITION TO SAFECO'S
MOTION FOR SUMMARY JUDGMENT        - 5 -                    [38599-0012/AA062290.004]
ABSOLUTE v. BRECHAN, et al.
3:03-cv-0199-rrb

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

Miller Act's limitations period); *U.S. ex rel. Interstate Mech. Contractors v. Inter. Fidelity Ins. Co.*, 200 F.3d 456, 461 (6th Cir. 2000) (rejecting dissenting opinion view that "final acceptance" of subcontract work should be used as the date of the Miller Act's limitations period);[3] *U.S. ex rel. Mid-West Painting, Inc. v. Hartford Accident & Indem. Co.*, 99-1308-JTM, 2000 WL 1072296, at *2 (D. Kan. July 14, 2000) ("[A]lthough there is a dispute between the parties as to whether 'final acceptance' of the project occurred [within the limitations period], the nature of [the subcontractor's] subsequent work is clear: the work was remedial . . . Since the work was remedial in nature, it does not affect the running of the limitations period.").

The fact that Absolute was required to correct defects in its work under the subcontract is also irrelevant to determine the limitations period. Such an argument would necessarily imply that only purely gratuitous repairs and corrections by a subcontractor would not serve to extend the limitations period – a position which finds no support in case law. A contractual requirement to repair a deficiency does not extend the Miller Act's limitations period.[4] *U.S. ex rel. Interstate Mech. Contractors v. Inter. Fidelity Ins. Co.*, 200 F.3d 456, 461 (6th Cir.

---

[3] The dissent in *Interstate* was based on the majority's acceptance of the Ninth Circuit's standard in *Austin*. 200 F.3d at 462.

[4] Safeco does not dispute that Absolute was contractually required to repair defects in its work. Indeed, the United States withheld final payment to Brechan and Absolute until Absolute came back to repair these areas in 2004. *See* Ex. K to Safeco's Motion for Summary Judgment (United States saying that it would "withhold final payment on the task order until corrective action is taken").

REPLY TO ABSOLUTE'S OPPOSITION TO SAFECO'S
MOTION FOR SUMMARY JUDGMENT      - 6 -      [38599-0012/AA062290.004]
ABSOLUTE v. BRECHAN, et al.
3:03-cv-0199-rrb

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

2000). In *Interstate Mech. Contractors*, the subcontractor installed duct heaters outside the applicable limitations period. *Id.* at 458. However, the duct heaters did not comply with the specifications and they had to be replaced. *Id.* The subcontractor then performed contractually-required tests of the duct heaters within the Miller Act's limitations period. *Id.* The subcontractor attempted to argue that because the tests were required under the subcontract, such work was "part of the original contract." *Id.* at 460. The court rejected this argument and held that because the diagnostic tests were of corrective work, such tests could not be used to extend the Miller Act's statute of limitations. *Id.* at 460-61.

   B.   **Whether or Not Absolute did "A Lot" of Repairs in 2004 is Irrelevant Under the Miller Act.**

It is the nature of work that a subcontractor performs which determines the Miller Act's limitations period – not the amount of repairs that a subcontractor performs.[5] *See Austin*, 337 F.2d at 575 n.12 ("[t]he fact that the work performed or material furnished was minor in nature is not conclusive"); *United States for the use of Air Stream Prods. Co. v. Essential Constr. Co.*, 363 F. Supp. 681, 682 (S.D.N.Y. 1973) ("[T]he crucial question is not whether the final shipment is large or inconsequential, but rather whether it is made pursuant to an 'over-all contract.'"); *U.S. v. Gunnar I Johnson & Son, Inc.*, 310 F.2d 899 (8th Cir. 1962)

---

[5] *U.S. for Use of McGregor Architectural Iron Co. v. Merritt-Chapman*, 185 F. Supp. 381, 383 (D.C. Pa 1960), cited by Absolute, involved a situation where the court performed an analysis of labor and determined whether the work in question was merely repairs in response to a government demand. The decision did not discuss whether additional repairs would have any impact on the court's analysis.

REPLY TO ABSOLUTE'S OPPOSITION TO SAFECO'S
MOTION FOR SUMMARY JUDGMENT    - 7 -    [38599-0012/AA062290.004]
ABSOLUTE v. BRECHAN, et al.
3:03-cv-0199-rrb

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

(evidence of the value or cost of materials was not necessary to determining the Miller Act's limitations period); *United States for use of Laboratory Furniture Co. v. Reliance Ins. Co.*, 274 F. Supp. 377, 379 (D. Mass. 1967) (whether materials were "minor and inexpensive items" was "not important" to the Miller Act's tolling determination). Absolute's 2004 repairs to defects in its work, while extensive, do not extend the Miller Act's limitations period.

### III. The Court Should Deny Absolute's Motion for Rule 11 Sanctions.

Finally, Absolute has moved for sanctions under Rule 11. This motion is frivolous for three reasons.

First, Safeco's summary judgment motion is meritorious.[6] Safeco has demonstrated that Absolute did nothing more than make repairs to its previous work during 2004. Absolute, the party with the burden of establishing that this work was not repairs, has utterly failed to meet this burden.

Second, Safeco's factual statements are well-supported in the record. Safeco presented ample evidence that Absolute's work in 2004 was repairs to its prior work.

Third, Rule 11's requirements have not been met. Rule 11 requires that the party making the motion (in this case Absolute) serve the motion on the opposing party 21 days prior to filing it in court. Fed. R. Civ. P. 11(c)(1)(A). The opposing party (in this case Safeco) then has 21 days in which to correct or

---

[6] Indeed, it appears as if Absolute's motion for sanctions is nothing more than a tactic to bolster its otherwise deficient opposition.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

REPLY TO ABSOLUTE'S OPPOSITION TO SAFECO'S
MOTION FOR SUMMARY JUDGMENT       - 8 -       [38599-0012/AA062290.004]
ABSOLUTE v. BRECHAN, et al.
3:03-cv-0199-rrb

withdraw the allegedly improper pleading. Absolute did **not** serve this motion on Safeco prior to filing it with the court. Rule 11 also states that a motion for sanctions "shall be made separately from other motions or requests." Fed. R. Civ. P. 11(c)(1)(A). Absolute did not do so.[7]

## CONCLUSION

Absolute has the burden of establishing that the work it performed in 2004 was not for the purpose of correcting defects or making repairs. Absolute has not identified any work in 2004 which was for any purpose other than repair, and has not met its burden. As such, summary judgment is proper on the Miller Act claim.

DATED: August 23, 2006.

PERKINS COIE LLP
Attorneys for Defendant
Brechan Enterprises, Inc.

By  /s/ Michael E. Kreger
    Michael E. Kreger
    Alaska Bar No. 8311170
    Perkins Coie LLP
    1029 W. Third Avenue, Suite 300
    Anchorage, Alaska  99501
    (907) 279-8561
    (907) 276-3108 (Facsimile)
    Email: mkreger@perkinscoie.com

---

[7] Given Absolute's failure to comply with requirements of Rule 11, it is proper to award Safeco its "reasonable expenses and attorney's fees incurred in . . . opposing the motion."

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

REPLY TO ABSOLUTE'S OPPOSITION TO SAFECO'S
MOTION FOR SUMMARY JUDGMENT - 9 -   [38599-0012/AA062290.004]
ABSOLUTE v. BRECHAN, et al.
3:03-cv-0199-rrb

I hereby certify that on August 23, 2006, the foregoing has been served by electronic mail on Robert J. Dickson, Peter C. Partnow, William R. Baerg, Terry R. Marston II, James B. Stoetzer, and Eric J. Brown.

  /s/ Michael E. Kreger
     Michael E. Kreger

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

REPLY TO ABSOLUTE'S OPPOSITION TO SAFECO'S
MOTION FOR SUMMARY JUDGMENT        - 10 -        [38599-0012/AA062290.004]
ABSOLUTE v. BRECHAN, et al.
3:03-cv-0199-rrb