Terry R. Marston, *pro hac vice,* terry@mhf-law.com
Jami K. Elison, *pro hac vice,* jamie@mhf-law.com
Jesse P. Elison, *pro hac vice,* jessee@mhf-law.com
MARSTON HEFFERNAN FOREMAN, PLLC
16880 N.E. 79th Street
Redmond, Washington 98052
(425) 861-5700

PAUL J. NANGLE & ASSOCIATES
Kerry Building
101 Christensen Drive
Anchorage, Alaska 99501
Telephone: (907) 274-8866

Attorney for Plaintiff ABSOLUTE ENVIRONMENTAL SERVICES, INC.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, ) ) ) | Case No.: A03-0199CV (RRB) |
| Plaintiff, ) ) | |
| vs. ) | |
| FORREST J. MCKINLEY, an individual, d/b/a "Imperial Industrial Coatings" and EMERCO, INC., a California Corporation, d/b/a Imperial Industrial Coatings, BRECHAN ENTERPRISES, INC., an Alaska corporation; and SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation. ) ) ) ) ) ) ) ) ) | **REPLACEMENT BRIEF –** **ABSOLUTE'S OPPOSITION TO COFFMAN'S MOTION FOR SUMMARY JUDGMENT OF ABSOLUTE'S NEGLIGENCE CLAIMS** |
| Defendants. ) | |
| EMERCO, INC., a California corporation d/b/a Imperial Industrial Coatings, and the States for Use and Benefit of EMERCO, INC., ) ) ) | |
| Counterclaimant/Third-party Claimant, ) ) | |
| v. ) | |
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska corporation, et al., ) ) ) | |
| Cross-defendants/Third-party Defendants. ) ) ) | |

THE UNITED STATES OF AMERICA *for the use and benefit of* ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation,                                    )
)
)
)
)

           Plaintiff,                                    )
   vs.                                    )
)
SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation.                                    )
)
)
         Defendants.                                    )
)
_____

BRECHAN ENTERPRISES, INC., an Alaska corporation,                                    )
)
)
        Counterclaim Plaintiff,                                    )
   vs.                                    )
)
ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation,                                    )
)
)
        Counterclaim Defendant.                                    )
_____
BRECHAN ENTERPRISES, INC., an Alaska corporation,                                    )
)
)
        Third-Party Plaintiff,                                    )
   vs.                                    )
)
COFFMAN ENGINEERS, INC, a Washington Corporation.                                    )
)
)
        Third-Party Defendant.                                    )
_____
ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation,                                    )
)
)
        Plaintiff/Cross-claimant,                                    )
   vs.                                    )
)
COFFMAN ENGINEERS, INC, a Washington Corporation.                                    )
)
)
        Third-Party Defendant.                                    )
_____

# I. OPPOSITION AND RELIEF REQUESTED

Plaintiff Absolute Environmental Services, Inc. ("AESI") requests this Court <u>deny</u> Coffman's motion for partial summary judgment dismissing Absolute's negligence claim.

# II. ISSUES

1. Coffman claims that "governing case authority in Alaska" precludes AESI's negligence claims against Coffman. <u>Coffman fails to cite the governing Alaska authority on the economic loss rule</u>; in contrast to Coffman's representations to this Court, the governing rule in Alaska authorizes negligence claims seeking economic damages. The Court should <u>deny</u> Coffman's motion.

2. Jeremy Hailey is a licensed professional engineer and highly qualified corrosion engineer who provides expert testimony that will "assist the trier of fact" in understanding and evaluating the standard of care corrosion engineers. Coffman presents no evidence to callenge the accuracy of Mr. Hailey's opinions, but requests that this Court disqualify Mr. Hailey based on arguments irrelevant experience issues that at best go only to "weight." The Court should <u>deny</u> Coffman's motion and allow Mr. Hailey to testify.

# III. FACTS

AESI categorically rejects defendant's alleged facts and factual interpretations. This opposition brief is based on the pleadings and filings of record, including affidavits, declarations, and exhibits submitted in opposition to other motions, the Declaration of Olson regarding Motions for Summary Judgment, and the accompanying Declaration of Jeremy Hailey.

AESI has plead a cause of action in negligence seeking damages from Coffman Engineers, Inc. AESI did not claim privity of contract with Coffman; however, as a subcontractor on a construction project upon which Coffman was providing design and inspection service, AESI is within the class of persons to whom Coffman owes a duty of care. Coffman failed to present to this Court mandatory, controlling Alaska authority on the applicability *vel non* of the economic loss rule. Coffman's arguments to dismiss based on its economic loss rule argument fail the test of candor to a tribunal.

AESI will establish the duty of care owed by Coffman through expert testimony from a corrosion engineer, Jeremy Hailey, P.E.   Mr. Hailey has significant experience with public construction projects and the duty of care that corrosion engineering design teams owe, and the direct impact their negligence has on contractors and subcontractors on a Project.  Mr. Hailey has written and drafted numerous sets of specifications.  *See* accompanying Decl. of Jeremy Haily. Mr. Hailey is a licensed professional engineer and possesses the highest certifications the National Association of Corrosion Engineers (NACE) provides.   His testimony will provide great assistance to the trier of fact.

Coffman moves to dismiss the negligence claim by misrepresenting governing law. Coffman seeks to disqualify Mr. Hailey but Mr. Hailey possesses a sound foundation from which to testify about the subject matters put to him for testimony.  *See* accompanying Hailey Decl.

## IV.  AUTHORITY

1.  **Coffman's motion on the economic loss rule fails to recite Alaska's governing authority on the economic loss rule, which authority allows AESI's claims against Coffman for negligence.**

Coffman's primary argument fails the duty of candor to the tribunal.  Coffman pretends that *Morrow v. New Moon Homes, Inc.*, 548 P.2d 79 (Alaska 1976), *Northern Power & Eng'g Corp. v. Caterpillar Tractor Co.*, 623 P.2d 324 (Alaska 1981), and later *Smith v. Tyonek Timber*, 680 P.2d 1148 (1984) are the governing cases on the economic loss rule for all tort claims.  They are not; they never were.

The controlling Alaska law on recovery of economic losses in negligence claims comes from the Supreme Court's decision in *Mattingly v. Sheldon Jackson College*, 743 P.2d 356 (Alaska 1987).  Coffman fails to recite this controlling authority to the Court.  The *Mattingly* court held:

[A] defendant owes a duty of care to take reasonable measures to avoid the risk of causing economic damages, aside from physical injury [or property damage], to particular plaintiffs or plaintiffs comprising an identifiable class with respect to whom defendant knows or has reason to know are likely to suffer such damages from its conduct.  <u>A defendant failing to adhere to this duty of care may be found liable for such economic damages proximately caused by its breach of duty.</u>

*Id.* at 116  In adopting a rule permitting recovery for purely economic losses, we emphasize the role of foreseeability as it relates both to the duty owed and to proximate cause.  'The traditional test of negligence is what a reasonably prudent person would foresee and do in the circumstances; duty is clearly defined by knowledge of the risk of harm or the reasonable apprehension of that risk.' *Id.* at 115.

In cases where plaintiffs may successfully recover for purely economic harm, it must be shown that the defendants knew or reasonably should have foreseen both that particular plaintiffs or an identifiable class of plaintiffs were at risk and that ascertainable economic damages would ensue from the conduct.  Thus, knowledge or special reason to know of the consequences of the tortuous conduct in terms of the persons likely to be victimized and the nature of the damages likely to be suffered will suffice to impose a duty upon the tortfeasor not to interfere with economic well-being of third parties.

*Id.* at 360 (quoting *People Express Airlines, Inc. v. Consolidated Rail Corp.*, 100 N.J. 246, 495 A.2d 107 (1985) (emphasis added).  Coffman does not cite *Mattingly* and withheld this controlling Alaska law from this Court.

Ignoring the controlling authority, Coffman cites product liability cases, and strict liability. Coffman cites *Smith v. Tyonek Timber*, 680 P.2d 1148 (1984) alleging the sweeping proposition that the economic loss rule extends to all tort claims.  It does not.  *Smith* addressed a negligence theory only in the context of <u>product</u> liability.  It is not controlling on the issue of tort claims against design professionals alleging negligence.  Nor is it even the most recent Supreme Court decision on negligence in the context of product liability.

*Smith* clearly addressed negligence within the limited context of product liability actions when the court explained:

1
2
3
4

> *The policy considerations against allowing recovery for solely economic loss in strict liability cases apply to negligence actions as well.* When the defect is of a qualitative nature and the harm relates to the consumer's expectation that a product is of a particular quality so that it is fit for ordinary use, contract, rather than tort, law provides the appropriate set of rules for recovery… *As discussed above, the UCC provides the proper framework for a purchaser's recovery of economic losses.*

5
6
7
8

*Id.* at 1154 (emphasis in the original). *Smith* does not contradict *Mattingly* because of its narrow application to product liability; nor can it be argued to modify *Mattingly* because *Mattingly* was the later case.

9
10
11
12
13
14
15

Although Coffman makes no effort to discuss the development of the Alaska law for this Court, the Court should note that even the *Smith* rule has been relaxed since *Mattingly*. In the context of product liability now, under certain circumstances a party may still be able to pursue a claim for purely economic loss. *See Pratt & Whitney Canada, Inc. v. Sheehan*, 852 P.2d 1173 (Alaska 1993). In *Sheehan*, the plaintiff brought a product liability action for economic loss. The court reviewed its history of decisions on the issue, and determined economic loss was recoverable in a case that it characterized as one of product liability.

16
17
18
19

> PWC argues that Sheehan's economic loss for the damage to his aircraft should not be compensable in a tort action for strict products liability. In *Northern Power & Engineering Corp. v. Caterpillar Tractor Co.*, 623 P.2d 324 (Alaska 1981), we held that a litigant may recover economic loss in strict products liability… *Id.* at 1175.

20

> \*        \*        \*

21
22

> PWC urges that we reconsider and reverse *Northern Power* in light of the United States Supreme Court's criticism of our decision… *East River*, 476 U.S. at 871, 106 S.Ct. at 2302. *Id.* at 1179.

23

> \*        \*        \*

24
25

> PWC urges that *East River* steers a better course between contract law and tort law. We disagree. Under *East River*, many consumers like Sheehan not only would be denied a remedy in tort, but many also would be deprived of a remedy

26

in contract since a product may not be covered by a warranty or the warranty may be limited. *Id.* at 1180

\*    \*    \*

[W]e do not share PWC's view that the law evidences a clear trend toward the rule in *East River*. The case law and commentary on economic loss and strict products liability reveal a diversity of opinion. *Id.*

In *Sheehan*, the court concluded Alaska's rule for recovery of economic loss in product liability as stated in *Northern Power* "struck the proper balance between contract law and tort law." *Id.* at 1181. In the case that exists here, that balance has been struck as a matter of law. Alaska law clearly authorizes negligence claims against design professionals. *State v. Transamercia Premier Ins. Co.*, 856 P.2d 766, 772-774 (Alaska 1993).

2.    **Jeremy Hailey is a highly qualified expert whose testimony will "assist the trier of fact" in understanding and evaluating the standard of care of design engineers. Coffman's arguments fail to mispresent his qualifications and, at most, go to weight not admissibility**.

ER 702 specifies that opinion testimony is admissible when it will "assist the trier of fact:"

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Coffman fails to present a legitimate challenge to Mr. Hailey's qualifications. Coffman fails to identify any defect in the facts or data relied upon by Mr. Hailey. Nor does Coffman dispute the principles and methods utilized by Mr. Hailey either in the abstract or as applied to the facts.

Mr. Hailey analyzed Coffman's project specifications and the evolution of those specifications from Phase I to Phase II. Given his substantial experience with public works projects and corrosion engineering, he is well qualified to testify to the impact that specifications have on subcontractors and the duty owed by engineers to those firms. At most, Coffman is challenges (unsubstantiated as they are) go to the weight of Mr. Hailey's testimony. They quibble about differences in his work experience wholly unrelated to the opinions he offers.

> As part of the pretrial evaluation, the trial court also must determine whether the expert opinion is 'based on facts that enable the expert to express a reasonably accurate conclusion as opposed to conjecture or speculation [but] absolute certainty is not required.' *Kieffer v. Weston Land, Inc.*, 90 F.3d 1496, 1499 (10th Cir. 1996) (quoting *Jones v. Otis Elevator Co.*, 861 F.2d 655, 662 (11th Cir.1988)).
>
> \*    \*    \*
>
> At this time, the court is satisfied that the assumptions used by O'Brien in his discount cash flow analysis are based on methodology and calculations which clear the minimum threshold of financial validity. <u>The defendants' criticisms with O'Brien's assumptions appear to be weaknesses in the underpinnings of his opinion that go to its weight not its admissibility.</u> *Compton*, 82 F.3d at 1518. The court denies the defendants' motion in limine.

*Koch v. Koch Industries, Inc.*, 2 F.Supp.2d 1385, 1408 (D.Kan. 1998) (emphasis added). This Court should reach the same conclusion here, and deny Coffman's motions to exclude Mr. Hailey's testimony, leaving the type of experience as an issue "that goes to its weight."

> [T]he trial judge must determine at the outset, pursuant to <u>Rule 104(a)</u>, whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue. This entails a preliminary assessment of whether the reasoning or methodology properly can be applied to the facts in issue. We are confident that federal judges possess the capacity to undertake this review.
>
> \*    \*    \*
>
> The inquiry envisioned by <u>Rule 702</u> is, we emphasize, a flexible one.

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 592-594, 113 S.Ct. 2786 (1993).

Daubert explained "many factors will bear on the inquiry," and provided general observations. *Id.* at 593. Furthermore, *Daubert* explained that the trial judge had the task of ensuring that the expert's testimony rests on a reliable foundation and is relevant to the task at hand. Id. at 597.

In *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147, 119 S.Ct. 1167 (1999), the Supreme Court held that *Daubert's* "gatekeeping" obligation extended to all experts. To fulfill this gatekeeping function, the trial judge must hear expert testimony and apply the relevant factors. When genuine issues of material fact exist and additional testimony is necessary, summary judgment is inconsistent with the gatekeeping obligation. A "*Kumho* hearing" is often required before the moving party could appropriately seek summary judgment. *See Battenfeld of America Holding Co., Inc. v. Baird, Kurtz & Dobson*, 60 F.Supp.2d 1189, 1202 (D.Kan. 1999).

As conceded by Coffman, Mr. Hailey has articulated the professional standard of care and its violation to hold Coffman's liable for professional negligence. Coffman's motions, 6-7. But Coffman criticizes Hailey's experience and training, <u>not</u> the standard of care he expresses or the method he uses to support it. Both *Daubert* and *Kumho* emphasize the reliability of the expert's method and theory. Under ER 702, experience is only one criteria to evaluate. Skill is another. Not once has Coffman criticized Hailey's method and theory. Even if it had, the type of argument presented by Coffman is only an argument that goes to weight, not admissibility.

## V. CONCLUSION

Coffman's argument that AESI's negligent claim should be dismissed is based on a misrepresentation to the Court of governing Alaska authority on the economic loss rule. The Alaska rule is plainly supportive of the recovery of damages in tort for economic losses due to the negligence of design professionals. Coffman's motion should be denied and terms are justified.

Coffman's second argument that Mr. Hailey's testimony should be precluded must be denied because the evidence establishes that Mr. Hailey is well qualified to provide testimony that will assist the trier of fact on the subject matters on which he has formed an expert opinion. Under applicable law and to allow AESI its day in court, this Court must deny Coffman's motion in its entirety.

DATED this 23rd day of August, 2006.

MARSTON HEFFERNAN FOREMAN, PLLC

By _____

Terry R. Marston II, WSBA No. 14440
Jami K. Elison,   WSBA No. 31007
Jesse P. Elison, WSBA No. 36914
Attorneys for Plaintiff Absolute Environmental
Service, Inc.

## CERTIFICATE OF SERVICE

The undersigned certifies under penalty of perjury, under the laws of the State of Washington that I am now and at all times herein mentioned, a resident of the State of Washington, over the age of 18 years, not a party to or interested in the above-entitled action, and competent to be a witness herein.

On the date given below, a true and correct copy of the following:

1. REPLACEMENT BRIEF - ABSOLUTE'S OPPOSITION TO COFFMAN'S MOTION FOR SUMMARY JUDGMENT TO DISMISS ABSOLUTE'S CLAIM OF NEGLIGENCE CLAIMS
2. [Proposed] ORDER DENYING COFFMAN'S MOTION FOR SUMMARY JUDGMENT TO DISMISS ABSOLUTE'S CLAIM OF NEGLIGENCE CLAIMS

were electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| James B. Stoetzer<br>Lane Powell Spears Lubersky<br>1420 Fifth Avenue, Suite 4100<br>Seattle, WA 98101<br>*Atty for Coffman* | Jacob Nist<br>Perkins Coie, LLP<br>1029 West Third Avenue, Suite 300<br>Anchorage, AK 99501<br>*Atty for Brechan and Safeco* |
| Robert J. Dickson<br>Atkinson, Conway & Gagnon, Inc.<br>420 L Street, Suite 500<br>Anchorage, AK 99501<br><br>*Atty for Specialty Polymer Coatings* | Peter Partnow<br>Lane Powell Spears Lubersky<br>301 W. Northern Lights Boulevard<br>Suite 301<br>Anchorage, Alaska 99503<br>*Atty for Coffman* |
| Eric J. Brown, Esq.<br>Jermain Dunnagan & Owens, P.C.<br>3000 A Street, Suite 300<br>Anchorage, AK 99503-4097<br>*Atty for Forrest McKinley and Emerco* | Mr. William Baerg<br>Patrick Duffy<br>Monteleone & McCrory, LLP<br>725 South Figueroa Street, Suite 3750<br>Los Angeles, CA 90017-5446<br>*Atty for Forrest McKinley and Emerco* |

SIGNED at Redmond, Washington this 23rd day of August, 2006.

Kristy L. Martyn