Terry R. Marston, *pro hac vice*, terry@mhf-law.com
Jami K. Elison, *pro hac vice*, jamie@mhf-law.com
Jesse P. Elison, *pro hac vice*, jessee@mhf-law.com
MARSTON HEFFERNAN FOREMAN, PLLC
16880 N.E. 79th Street
Redmond, Washington 98052
(425) 861-5700

Lawrence A. Pederson
PAUL J. NANGLE & ASSOCIATES
Kerry Building
101 Christensen Drive
Anchorage, Alaska 99501
Telephone: (907) 274-8866

Attorney for Plaintiff ABSOLUTE ENVIRONMENTAL SERVICES, INC.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>FORREST J. MCKINLEY, an individual, d/b/a "Imperial Industrial Coatings" and EMERCO, INC., a California Corporation, d/b/a Imperial Industrial Coatings, BRECHAN ENTERPRISES, INC., an Alaska corporation; and SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation.<br><br>Defendants. | Case No.: A03-0199CV (RRB)<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT TO DISMISS CLAIM OF GOODS SOLD AND DELIVERED** |
| EMERCO, INC., a California corporation d/b/a Imperial Industrial Coatings, and the States for Use and Benefit of EMERCO, INC.,<br><br>Counterclaimant/Third-party Claimant,<br><br>v.<br><br>ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska corporation, et al.,<br><br>Cross-defendants/Third-party Defendants. | |

| | |
|---|---|
| THE UNITED STATES OF AMERICA *for the use and benefit of* ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, | )<br>)<br>)<br>)<br>) |
| Plaintiff, | ) |
| vs. | )<br>) |
| SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation. | )<br>)<br>) |
| Defendants. | )<br>) |
| BRECHAN ENTERPRISES, INC., an Alaska corporation, | )<br>)<br>) |
| Counterclaim Plaintiff, | ) |
| vs. | )<br>) |
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, | )<br>)<br>) |
| Counterclaim Defendant. | ) |
| BRECHAN ENTERPRISES, INC., an Alaska corporation, | )<br>)<br>) |
| Third-Party Plaintiff, | ) |
| vs. | )<br>) |
| COFFMAN ENGINEERS, INC, a Washington Corporation. | )<br>)<br>) |
| Third-Party Defendant. | )<br>) |
| ABSOLUTE ENVIRONMENTAL SERVICES INC., an Alaska Corporation, | )<br>)<br>) |
| Plaintiff/Cross-claimant, | ) |
| vs. | )<br>) |
| COFFMAN ENGINEERS, INC, a Washington Corporation. | )<br>)<br>)<br>) |
| Third-Party Defendant. | ) |

# I. INTRODUCTION

Emerco fails to identify genuine facts in support of its equitable claim of Goods Sold and Delivered. Emerco relies solely upon Imperial's purchase orders prepared by Ralph Thomas Puett to establish the <u>ownership</u> of the equipment. Emerco relies solely upon Mr. Puett to establish the <u>value</u> of the equipment. By Mr. Puett's own admission, he does not have first hand knowledge of either the ownership or value of the equipment. Because Emerco has not brought forth evidence to create a genuine issue of fact, summary judgment should be granted.

# II. RELEVANT FACTS

### A. OWNERSHIP:

Forrest McKinley, the sole shareholder of Emerco and Imperial testified in his deposition at length about the purchase and ownership of the equipment at issue. Mr. McKinley was asked if he believed Emerco owned the equipment:

> Q. What makes you believe it belongs to Emerco?
> A. I just believe that.
> Q. Did Emerco buy it?
> A. Yes.

*See* Exhibit 11 to Olson Decl. in support of this motion. Mr. McKinley was asked about proof of ownership and value of the equipment:

> Q. Absolute requested that you produce documentation establishing the value of that equipment, and the only thing we received is Imperial Industrial Coatings' purchase orders. Are you aware of any documentation that exists to establish what that equipment was purchased for or what its value is?
> A. No.

<u>Id.</u>

In his first deposition, Mr. Puett was asked about his relationship to Emerco:

> Q. Is it your belief that you are employed by a company named Emerco, Incorporated?
> A. No.
> Q. Have you ever been employed by a company named Emerco, Incorporated?
> A. No.
>
> * * *
>
> Q. If I understand your testimony correctly, what you're telling me is that you do <u>not</u> believe you were ever employed by a corporation name Emerco, Incorporated; is that right?
> A. Yes.

*See* Exhibit 1 to accompanying Marston Decl, p. 8:6-11, p. 11:23- p. 12:2 (emphasis added). In fact, Mr. Puett did not know he had been designated by Emerco to testify as its 30(b)(6) witness, but rather he understood that he only represented Imperial. <u>Id.</u> p. 5:3-19. Mr. Puett was also asked about his relationship to Emerco during his time at the Cargo Wharf Project:

> Q. And during the entirety of the project, wharf project in Kodiak, you did <u>not believe</u> that you were employed by Emerco, Incorporated?
> A. Yes.

<u>Id.</u> p. 12:6-9 (emphasis added).

Mr. Puett made a statement in court[2] that "items were put on (purchase orders) for tracking purposes only." *See* Exhibit 14 at 8 to Olson Decl. in support of this motion. This issue of purchase orders tracking the equipment came up throughout the state court trial. <u>Id.</u>; Exhibit 17 to Olson Decl.

B. VALUE:

Emerco relies on Mr. Puett's estimation of the equipment to establish the value:

> [T]he cost of $518, 320 is based on estimates furnished by Tom Puett at the time of the conversion and set forth in the August 7, 2003 letter.

---

[2] **FRE 801(c) Hearsay**. "Hearsay" is a statement, <u>other than one made by the declarant while testifying at the trial or hearing</u>, offered in evidence to prove the truth of the matter asserted.

Exhibit 1 at 17 of 20 to Baerg's Decl.

> As stated in my November 1, 2004, deposition session, the value of the materials and equipment is something I independently calculated based on, among other things, Imperial's actual purchase orders of the materials and equipment.

Decl. of Puett at 3.[3]

In the state court case in Alaska, the court, itself, inquired of Mr. Puett about the purchase orders and Mr. Puett described the process of how the estimates of the equipment were established:

> I got this document (Exhibit U) to Mr. McKinley
> his request was to write the description, and he would write the dollar amounts
> we (McKinley and witness) each kept a copy of the purchase orders

See Exhibit 17, 3 of 8, to Decl of Olson in support of this motion.

### III.  ARGUMENT

Emerco has failed to establish the value of the equipment to entitle it to the equitable remedy of Goods Sold and Delivered that it seeks recovery under.  Mr. Puett's testimony is insufficient at least at two levels.  He lacks personal knowledge about Emerco because he only worked for Imperial and he neither had access to proof of purchase documents, because as Mr. McKinley testified at his deposition no such documents existed, nor did Mr. Puett's involvement in the preparation of Imperial's purchase orders establish the value of the equipment.  In fact, he admitted in trial in state court that he only described the equipment.

As Emerco points out, the equipment did not appear ex nihilo on the cargo wharf. However, Emerco seeks an equitable remedy that requires Emerco to establish <u>ownership</u> of the

---

[3] Plaintiff objects to Mr. Puett's declaration for lack of personal knowledge.  No foundation has been established that Mr. Puett had knowledge of Emerco's ownership of the equipment nor has Imperial produced any credible documentation that Imperial purchased the equipment.  The first deposition of Mr. Puett establishes that Mr. Puett had no working knowledge of Emerco. *See* Exhibit 1 to accompany Marston Decl.

equipment and the <u>value</u> of the equipment. Both are essential elements to the equitable claim of Goods Sold and Delivered as discussed at length in the Plaintiff's Motion for Summary Judgment to Dismiss Emerco's Claim of Goods Sold and Delivered.

### IV. CONCLUSION

Emerco has not produced evidence sufficient to show its claim of Goods Sold and Delivered is a triable issue. Emerco has failed to make the required showing to establish essential elements of its claim. Absolute still offers to return the equipment that according to Mr. McKinley was never sold to them, which he still wants back "in its entirety." *See* Exhibit 11 to Olson Decl. Emerco cannot have it both ways. The Goods Sold and Delivered claim must be dismissed.

RESPECTFULLY SUBMITTED this 25th day of August, 2006.

MARSTON HEFFERNAN FOREMAN, PLLC

By _____
Terry R. Marston II, WSBA No. 14440
Jami K. Elison,     WSBA No. 31007
Jesse P. Elison     WSBA No. 36914
Attorneys for Plaintiff Absolute Environmental Service, Inc.

I hereby certify that on the date given a copy of the forgoing and Decl. of Terry R. Marston were electronically filed with the Clerk of Court using the CM/ECF system and was served electronically on the following:

William R. Baerg, Patrick J. Duffy
Eric J. Brown
Robert J. Dickson
Michael E Kreger, Jacob Nist
James B. Stoetzer, Peter C. Partnow

s/Jami K. Elison_____.