Terry R. Marston, *pro hac vice*, terry@mhf-law.com
Jami K. Elison, *pro hac vice*, jamie@mhf-law.com
Jesse P. Elison, *pro hac vice*, jessee@mhf-law.com
MARSTON HEFFERNAN FOREMAN, PLLC
16880 N.E. 79th Street
Redmond, Washington 98052
(425) 861-5700

PAUL J. NANGLE & ASSOCIATES
Kerry Building
101 Christensen Drive
Anchorage, Alaska 99501
Telephone: (907) 274-8866

Attorney for Plaintiff ABSOLUTE ENVIRONMENTAL SERVICES, INC.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>FORREST J. MCKINLEY, an individual, d/b/a "Imperial Industrial Coatings" and EMERCO, INC., a California Corporation, d/b/a Imperial Industrial Coatings, BRECHAN ENTERPRISES, INC., an Alaska corporation; and SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation.<br><br>Defendants. | Case No.: A03-0199CV (RRB)<br><br>**REPLY IN SUPPORT OF ABSOLUTE'S MOTION TO DISMISS OR CAP CERTAIN CLAIMS ALLEGED BY DEFENDANT EMERCO, INC.** |
| EMERCO, INC., a California corporation d/b/a Imperial Industrial Coatings, and the States for Use and Benefit of EMERCO, INC.,<br><br>Counterclaimant/Third-party Claimant,<br><br>v.<br><br>ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska corporation, et al.,<br><br>Cross-defendants/Third-party Defendants. | |

| | |
|---|---|
| THE UNITED STATES OF AMERICA *for the use and benefit of* ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, | )<br>)<br>)<br>)<br>) |
|        Plaintiff,<br>  vs. | )<br>)<br>) |
| SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation. | )<br>)<br>) |
|        Defendants. | )<br>)<br>) |
| BRECHAN ENTERPRISES, INC., an Alaska corporation, | )<br>)<br>) |
|        Counterclaim Plaintiff,<br>  vs. | )<br>)<br>) |
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, | )<br>)<br>) |
|        Counterclaim Defendant. | ) |
| BRECHAN ENTERPRISES, INC., an Alaska corporation, | )<br>)<br>) |
|        Third-Party Plaintiff,<br>  vs. | )<br>)<br>) |
| COFFMAN ENGINEERS, INC, a Washington Corporation. | )<br>)<br>) |
|        Third-Party Defendant. | )<br>) |
| ABSOLUTE ENVIRONMENTAL SERVICES INC., an Alaska Corporation, | )<br>)<br>) |
|        Plaintiff/Cross-claimant,<br>  vs. | )<br>)<br>) |
| COFFMAN ENGINEERS, INC, a Washington Corporation. | )<br>)<br>) |
|        Third-Party Defendant. | )<br>) |

## I. REPLY

Certain specific arguments that have been made during the course of litigation should be resolved before trial. This Court can easily grant AESI's motion to dismiss or cap identified claims by Emerco: (1) Emerco agrees that it does not seek delay damages from AESI; (2) Emerco agrees that the claim for unpaid contract price is not increased by other stated claims; (3) Emerco agrees that the labor costs claimed due to the presence of gray paint is no more than $2,301; and (4) Emerco <u>presents no evidence whatsoever to establish that a contract was formed providing any rights for Emerco on the projects called Tanks N12 and N60</u>.

### 1. "Delay damages" should be dismissed based on Emerco's representations to this Court.

Emerco has alleged that AESI caused delays. Emerco explains that it will argue "delays" without claiming any right to monetary delay damages. The parties should be able to prepare for trial without spending any energy or expense preparing arguments pertaining to monetary delay damages. Emerco agrees that it does not seek delay damages. *See* Emerco's Opposition, pp.3-4.

### 2. Emerco's claim should be capped at the value of its claim for unpaid contract price.

Emerco now explains that multiple claims plead and pursued are "components of its claims" for payment of a disputed unpaid contract price. *See* Emerco's Opposition, pp.4-5. Again to enable efficient trial preparation and prevent surprise at trial, Emerco's damage claim should be capped to that amount, whatever it is established to be at trial.

### 3. The labor cost component of Emerco's claim pertaining to gray paint should be capped at no more than the admitted value, $2,301.

AESI did not move to dismiss the entirety of Emerco's claim related to gray paint. AESI moved to cap the labor costs. Emerco agrees that the labor cost portion of the claim is $2,301. *See* Emerco's Opposition, p.5. *See* Ex. 6 to Decl. of Terry Marston. Emerco suggests that the difference between $2,301 and the $92,029.21 claim amount results due to: "extra pot tender operator costs, and extra clean-up and disposal costs. In addition, there are set up costs, extra equipment and material costs, and overhead and profit on the added costs." Emerco's Opposition, p.5. The deposition testimony of Mr. Puett confirms that the labor rate utilized to calculate that sum is a loaded rate; therefore, "set up costs" and "overhead and profit" are already captured within the $2,301 sum. In addition, AESI provided the pot tender operator, not Emerco. It is unnecessary for the Court to address these specifics now. We can all wait to see how Emerco cooks up a $90,000 bill out of "extra pot tender operator costs" paid by someone else, nondescript "clean-up and disposal costs," and "equipment and material costs" on a labor-intensive work scope. The critical component is the labor cost. This Court should cap that at $2,301.

4. **Emerco has presented no evidence that it formed a contract for N12 and N60 and its claim for profits on that project must be dismissed.**

AESI moved to dismiss Emerco's claim for damages related to N12 and N60. AESI moved for summary judgment based on the <u>absence of any evidence that Emerco had any contractual right pertaining to those projects</u>. *See Forest Oil Corp. v. Union Oil Co. of America*, Slip Copy, 2006 WL 1096312 (D. Alaska 2006) *citing Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) *and Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Emerco presents no evidence whatsoever that it formed a contract on that project.

Emerco presents no accompanying declaration and relies solely on inadequate language prepared for responses to interrogatories. *See* Emerco's Opposition, p.6. Language from responses to interrogatories ambiguously stating that the quantification of an estimate was "approved" and some drafting performed, completely fails to establish that a contract was executed. For an accurate presentation of the facts relevant to N12 and N60, *see* accompanying Declaration of Jason Peterson.

The required elements for contract formation are black-letter law. An offer must be made and accepted with consideration. *See Reust v. Alaska Petroleum Contractors, Inc.*, 127 P.3d 807 (Alaska 2005). That did not happen here. Here, Mr. Puett explored a possible contract for N12 and N60; he did <u>not</u> form a contract. Emerco has presented no evidence that it formed a contract.

## II.  CONCLUSION

AESI has moved to dismiss or cap damage claims on which there are no genuine issues of material fact. This Court should grant AESI's motion and enable efficient trial preparation and prevent unfair surprise at trial. A revised proposed Order, providing specific relief, accompanies this brief.

DATED this 25th day of August, 2006.

MARSTON HEFFERNAN FOREMAN, PLLC

By _____
Terry R. Marston II, WSBA No. 14440
Jami K. Elison, WSBA No. 31007
Attorneys for Plaintiff Absolute Environmental Service, Inc.

I hereby certify that on the date given a copy of the forgoing and declaration of Jason Peterson were electronically filed with the Clerk of Court using the CM/ECF system and were served electronically on the following:

William R. Baerg, Patrick J. Duffy
Eric J. Brown
Robert J. Dickson
Michael E Kreger, Jacob Nist
James B. Stoetzer, Peter C. Partnow

s/Jami K. Elison

REPLY IN SUPPORT OF ABSOLUTE'S MOTION TO DISMISS OR CAP CERTAIN CLAIMS
ALLEGED BY DEFENDANT EMERCO, INC.
Case No. A03-0199CV (RRB)-- 6