# Brechan Enterprises / General Contractors
## 2705 Mill Bay Road Kodiak Alaska  99615

## FAX TRANSMITTAL SHEET
Date: 3/21/01

TO:  ABSOLUTE ENV.   346-4491

ATTN:  DAVE

FROM:  MATT H.

~~SUBCONTRACT FOR BLDG 53~~

DAVE — I FORGOT TO INCLUDE THE "NO CHANGE ORDER" CLAUSE ON PAGE 2. MH

This fax consists of ~~6~~ 2 page (s) including this cover.

Please call (907) 487-2223/2238 if you do not receive all sheets.

Thank you    MH



JOB NO. 32009
DATE: 3/21/01

ACCOUNT CODE: _____

## SUBCONTRACT
### (SHORT FORM)

This agreement is made this 21ST day of MARCH 2001, and effective the 21ST day of MARCH 2001, by and between BROTHAN ENTERPRISES, INC. (Contractor) and ABSOLUTE ENVIRONMENTAL SERVICES, INC. (Subcontractor) to perform the Work identified in Article 2 in accordance with the Project's Contract Documents.

PROJECT: BUILDING 53 DEMOLITION
OWNER: USCG ISC KODIAK
ARCHITECT: ———
CONTRACTOR: BROTHAN ENTERPRISES
SUBCONTRACTOR: ABSOLUTE ENVIRONMENTAL

### ARTICLE 1

**CONTRACT PAYMENT.** The Contractor agrees to pay Subcontractor for satisfactory performance of Subcontractor's Work the sum of FOUR HUNDRED EIGHTY ONE THOUSAND EIGHT HUNDRED TWENTY SIX Dollars ($481,826.00).

Progress payments, less retainage of _____ %, shall be made to Subcontractor for Work satisfactorily performed no later than seven (7) days after receipt by Contractor of payment from Owner for Subcontractor's Work. Final payment of the balance due shall be made to Subcontractor no later than seven (7) days after receipt by Contractor of final payment from Owner for Subcontractor's Work. These payments are subject to receipt of such lien waivers, affidavits, warranties and guarantees required by the Contract Documents or Contractor.

### ARTICLE 2

**SCOPE OF WORK.** Subcontractor agrees to commence Subcontractor's Work herein described upon notification by Contractor, and to perform and complete such Work in accordance with Contract Documents and under the general direction of Contractor in accord with Contractor's schedule. This shall include all work necessary or incidental to complete the:

DEMOLITION/ABATEMENT ON BUILDING IAW YOUR PROPOSAL DTD 3/12/01 AND MODIFIED BY MATT HOLSTROM ON 3/15/01

Work for the Project as more particularly, though not exclusively specified in ___N/A___

### ARTICLE 3

**SCHEDULE OF WORK.** Time is of the essence. Subcontractor shall provide Contractor with any requested scheduling information of Subcontractor's Work. The Schedule of Work, including that of this Subcontract shall be prepared by Contractor and may be revised as the Work progresses.

Subcontractor recognizes that changes may be made in the Schedule of Work and agrees to comply with such changes without additional compensation.

Subcontractor shall coordinate its work with all other contractors, subcontractors, and suppliers on the Project so as not to delay or damage their performance, work, or the Project.

## ARTICLE 4

**CHANGES.** Contractor, without nullifying this Agreement, may direct Subcontractor in writing to make changes to Subcontractor's Work. Adjustment, if any, in the contract price or contract time resulting from such changes shall be set forth in a Subcontract Change Order pursuant to the Contract Documents.

## ARTICLE 5

**FAILURE OF PERFORMANCE.** Should Subcontractor fail to satisfy contractual deficiencies within three (3) working days from receipt of Contractor's written notice, then the Contractor, without prejudice to any right or remedies, shall have the right to take whatever steps it deems necessary to correct said deficiencies and charge the cost thereof to Subcontractor, who shall be liable for payment of same, including reasonable overhead, profit and attorneys fees.

## ARTICLE 6

**INSURANCE.** Prior to the start of Subcontractor's Work, Subcontractor shall procure and maintain in force for the duration of the Work, Worker's Compensation Insurance, Employer's Liability Insurance, Comprehensive General Liability Insurance and all insurance required of Contractor under the Contract Documents. Contractor, Owner and Architect shall be named as additional insureds on each of these policies, except for Worker's Compensation.

## ARTICLE 7

**INDEMNIFICATION.** To the fullest extent permitted by law, Subcontractor shall indemnify and hold harmless Owner, Architect, Architect's consultants, and Contractor from all damages, losses, or expenses, including attorneys fees, from any claims or damages for bodily injury, sickness, disease, or death, or from claims for damage to tangible property, other than the Work itself. This indemnification shall extend to claims resulting from performance of this Subcontract and shall apply only to the extent that the claim or loss is caused in whole or in part by any negligent act or omission of Subcontractor or any of its agents, employees, or subcontractors. This indemnity shall be effective regardless of whether the claim or loss is caused in some part by a party to be indemnified. The obligation of Subcontractor under this Article shall not extend to claims or losses that are primarily caused by the Architect, or Architect's consultant's performance or failure to perform professional responsibilities.

## ARTICLE 8

**WARRANTY.** Subcontractor warrants its work against all deficiencies and defects in materials and/or workmanship and agrees to satisfy same without cost to Owner or Contractor for a period of one (1) year from the date of Substantial Completion of the Project or per Contract Documents, whichever is longer.

## ARTICLE 9

**SPECIAL PROVISIONS.** (Insert any special provisions required by this Subcontract).

*THIS WILL BE A NO CHANGE ORDER PROJECT.*

*DC.*

*"ABSOLUTE" ACKNOWLEDGES*

In witness whereof, the parties have executed this Agreement under Seal, the day and year first written above.

*Absolute Environmental Svcs Inc*

SUBCONTRACTOR (FIRM NAME)   CONTRACTOR (FIRM NAME)

BY: (Type or print signer's name and title)   BY: (Type or print signer's name and title)

Subcontractor's Federal Tax ID Number: 92-0148051

© Copyright 1987 Associated General Contractors of America (AGC No. 603).

# Absolute Environmental Services, Inc.

P.O. Box 112807 • Anchorage, AK 99511-2807 • Phone (907) 346-4490 • Fax (907) 346-4491

March 12, 2001

Brechen Enterprises, Inc.
Attn: Matt Holmstrom
2705 Mills Bay Road
Kodiak, Alaska 99615

RE:    Kodiak USCG, Buildings #52 and #53

Subject:    Objective Statement and Cost Proposal for Hazard Abatement.

Dear Mr. Holmstrom;

Absolute Environmental Services, Inc. has prepared the following objective statement and cost for the removal of hazardous waste at the above referenced project.

The purpose of the hazard abatement of this project is to minimize exposure risks of workers, protect the environment, minimize waste through consolidation and ensure proper disposal of the existing hazardous waste.

These objectives will be accomplished by following the requirements as set forth in the EPA (CFR 40: 61.761, 261-263) and OSHA (29 CFR 1926.1101, 62 and 1910. 120) regulations. Specifically, this will be attained by using trained/experienced workers and work practices that have proven their validity through environmental and worker exposure air monitoring.

SCOPE OF WORK   The scope of work is to remove the following materials as identified in the provided hazardous materials investigation; limited to the following inclusions and exclusions.   The abatement work consists of the following materials listed below.  Note:  The majority of asbestos containing items are also paint with lead paint and will have to be disposed of off Kodiak Island. The Kodiak landfill no longer accepts any items that have been painted with lead paint.

**Building #52**
75 linear feet of asbestos caulking
Removal, segregation and disposal of painted materials

**Building #53**
1,900 square feet of vinyl tile/mastic
760 square feet of vinyl sheeting
17,000 square feet of paneling/glue
14,000 square feet of exterior CAB siding and tarpaper
4,328 square feet of interior CAB walls

57 windows with ACM glazing
500 square feet of CAB counter tops (12)
1,200 linear feet of pipe with TSI pipe insulation
Freezer unit (12' x14' x 8') with ACM caulking/mastic
15 cubic feet of Chimney insulation and cleaning of chimney space
58,000 square feet of gypsum wallboard with ACM joint compound and texturing
1,000 square feet of ACM popcorn wall/ceiling texturing
Filtering of all contaminated water in crawl space
8,000 square feet (recommended removal depth 0" to 4" deep, depending on level of contamination) of contaminated crawl space soil
150 square feet of tank ACM insulation clean up
30 linear feet of piping ACM insulation clean-up
1 Boiler with ACM sealant (boiler will be removed)
24 valves with ACM gaskets
500 PCB light ballast
1000 mercury containing lamps
10 exit lights
Freon removal from 7 small refrigerators
12,000 square feet of non-ACM suspended ceilings

### Non-Asbestos/Lead Items at Building #53
Non- ACM flooring
Removal of fiberglass insulation
All wiring
All metal and iron from interior
All asphalt roofing singles
Cut and segregate painted and unpainted iron during demolition of structure, as you bring it down
Disposal/recycling of steel I beams

### Lead Items at Building #53
Removal, segregation and disposal of the remaining painted materials
Paint removal on foundation

Inclusions:
1. Removal of asbestos, PCB's and mercury containing materials per scope of work above
2. Agency notifications
3. Removal of lead painted items prior to demolition work
3. Air monitoring to be performed by an independent laboratory
4. Disposal of ACM, PCB's, mercury containing items, and lead painted items
5. Mobilization and R&B for workers
6. Insurance

Cost Proposal        $481,826
Four Hundred Eighty-seven Thousand Seven Hundred Seventy-eight Dollars and No/100's.

Ex 2, Page 5 of 5