

JOB NO.: **DO 32010**     ACCOUNT CODE: _____

DATE: **7/1/01**

# SUBCONTRACT
### (SHORT FORM)

This agreement is made this **1st** day of **JULY**, 2001, and effective the **1st** day of **JULY**, 2001, by and between **BREEHAN ENTERPRISES, INC** (Contractor) and **SWALLING CONSTRUCTION CO., INC.** (Subcontractor) to perform the Work identified in Article 2 in accordance with the Project's Contract Documents.

PROJECT: **USCG CARGO WHARF MAINTENANCE PROJECT**
OWNER: **USCG FDCC PAC**
ARCHITECT:
CONTRACTOR: **BREEHAN**
SUBCONTRACTOR: **SWALLING**

## ARTICLE 1

CONTRACT PAYMENT. The Contractor agrees to pay Subcontractor for satisfactory performance of Subcontractor's Work the sum of **EIGHT HUNDRED FIFTY THOUSAND + no/100** Dollars ($ **850,000.00**).

Progress payments, less retainage of _____ %, shall be made to Subcontractor for Work satisfactorily performed no later than seven (7) days after receipt by Contractor of payment from Owner for Subcontractor's Work. Final payment of the balance due shall be made to Subcontractor no later than seven (7) days after receipt by Contractor of final payment from Owner for Subcontractor's Work. These payments are subject to receipt of such lien waivers, affidavits, warranties and guarantees required by the Contract Documents or Contractor.

## ARTICLE 2

SCOPE OF WORK. Subcontractor agrees to commence Subcontractor's Work herein described upon notification by Contractor, and to perform and complete such Work in accordance with Contract Documents and under the general direction of Contractor in accord with Contractor's schedule. This shall include all work necessary or incidental to complete the:

**PILE COATING ON THE CARGO WHARF EXTENSION + ORIGINAL CARGO WHARF**

Work for the Project as more particularly, though not exclusively specified in **CONTRACT DOCUMENTS PREPARED BY TRYCK NYMAN HAYES, INC. AND IN ACCORDANCE WITH SWALLING PROPOSAL DATED MAY 23, 2001 AND WITH HOUSNER LETTER DATED JUNE 12, 2001**

## ARTICLE 3

SCHEDULE OF WORK. Time is of the essence. Subcontractor shall provide Contractor with any requested scheduling information of Subcontractor's Work. The Schedule of Work, including that of this Subcontract shall be prepared by Contractor and may be revised as the Work progresses.

Subcontractor recognizes that changes may be made in the Schedule of Work and agrees to comply with such changes without additional compensation.

Subcontractor shall coordinate its work with all other contractors, subcontractors, and suppliers on the Project so as not to delay or damage their performance, work, or the Project.

BEI4560
38599-0012



## ARTICLE 4

**CHANGES.** Contractor, without nullifying this Agreement, may direct Subcontractor in writing to make changes to Subcontractor's Work. Adjustment, if any, in the contract price or contract time resulting from such changes shall be set forth in a Subcontract Change Order pursuant to the Contract Documents.

## ARTICLE 5

**FAILURE OF PERFORMANCE.** Should Subcontractor fail to satisfy contractual deficiencies within three (3) working days from receipt of Contractor's written notice, then the Contractor, without prejudice to any right or remedies, shall have the right to take whatever steps it deems necessary to correct said deficiencies and charge the cost thereof to Subcontractor, who shall be liable for payment of same, including reasonable overhead, profit and attorneys fees.

## ARTICLE 6

**INSURANCE.** Prior to the start of Subcontractor's Work, Subcontractor shall procure and maintain in force for the duration of the Work, Worker's Compensation Insurance, Employer's Liability Insurance, Comprehensive General Liability insurance and all insurance required of Contractor under the Contract Documents. Contractor, Owner and Architect shall be named as additional insureds on each of these policies, except for Worker's Compensation.

## ARTICLE 7

**INDEMNIFICATION.** To the fullest extent permitted by law, Subcontractor shall indemnify and hold harmless Owner, Architect, Architect's consultants, and Contractor from all damages, losses, or expenses, including attorneys fees, from any claims or damages for bodily injury, sickness, disease, or death, or from claims for damage to tangible property, other than the Work itself. This indemnification shall extend to claims resulting from performance of this Subcontract and shall apply only to the extent that the claim or loss is caused in whole or in part by any negligent act or omission of Subcontractor or any of its agents, employees, or subcontractors. This indemnity shall be effective regardless of whether the claim or loss is caused in some part by a party to be indemnified. The obligation of Subcontractor under this Article shall not extend to claims or losses that are primarily caused by the Architect, or Architect's consultant's performance or failure to perform professional responsibilities.

## ARTICLE 8

**WARRANTY.** Subcontractor warrants its work against all deficiencies and defects in materials and/or workmanship and agrees to satisfy same without cost to Owner or Contractor for a period of one (1) year from the date of Substantial Completion of the Project or per Contract Documents, whichever is longer.

## ARTICLE 9

**SPECIAL PROVISIONS.** (Insert any special provisions required by this Subcontract).

In witness whereof, the parties have executed this Agreement under Seal, the day and year first written above.

*Swalling Construction Co, Inc*                  *BRECHAN ENTERPRISES*
SUBCONTRACTOR (FIRM NAME)                        CONTRACTOR (FIRM NAME)

*F Michael Swalling, Pres*                       *Matt Hansmiren, Project Manager*

Subcontractor's Federal Tax ID Number: 92-0013188

BEI4561
38599-0012