Michael E. Kreger
Perkins Coie LLP
1029 W. Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561
(907) 276-3108 (Facsimile)
mkreger@perkinscoie.com

Attorneys for Defendants Brechan Enterprises, Inc.
and Safeco Insurance Company of America

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

ABSOLUTE ENVIRONMENTAL
SERVICES, INC., et al.,

      Plaintiffs,

v.

FORREST J. MCKINLEY, et al.,

      Defendants.

Case No. 3:03-cv-0199-rrb

---

**REPLY TO ABSOLUTE'S OPPOSITION TO BRECHAN'S MOTION FOR SUMMARY JUDGMENT ON NEGLIGENT DESIGN, DIFFERING SITE CONDITION, CONSTRUCTIVE CHANGE, COVENANT OF GOOD FAITH AND FAIR DEALING, IMPLIED CONTRACT AND EQUITY CLAIMS**

Brechan and Safeco moved for summary judgment on Absolute's claims

of: (1) negligent design; (2) differing site conditions; (3) constructive change; (4)

breach of the covenant of good faith and fair dealing; (5) equity claims; and (6)

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

REPLY TO ABSOLUTE'S OPPOSITION
TO BRECHAN'S MOTION FOR SUMMARY JUDGMENT
Absolute v. Brechan, et al.
3:03-cv-0199-rrb                    - 1 -                    [38599-0012/AA062370.003]

breach of the implied warranty of specifications claims.[1]  In opposition, Absolute made conclusory arguments lacking any factual support.  This cannot defeat summary judgment.

As an initial matter, throughout its opposition, Absolute repeatedly asserts that there are genuine issues of material fact without referencing any evidence in the record.  If Absolute cannot identify the facts it relies on to support summary judgment, it is not the responsibility of Brechan, Safeco or the Court to do so. *See Carman v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001) (noting the profound unfairness of a party opposing summary judgment to expect the judge or movant to comb the record and perform the opposing "lawyer's duty of setting forth specific facts showing that there is a genuine issue for trial.").  Absolute cannot rely on any opposition to Brechan and Safeco's motion for summary judgment unless: (1) the facts opposing it are recited within its opposition; and (2) such factual materials are on file with this Court.  *Id.*

## I.     Summary Judgment is Proper on Absolute's Negligent Design Claim Because Brechan is Not a Design Professional.

Brechan is not a design professional – an undisputed fact.  Absolute also does not dispute that Coffman Engineers, Inc. is a design professional and created the specifications for the project at issue in this dispute.  Absolute's claim for

---

[1] For the sake of brevity, this motion will be referred to as Brechan and Safeco's motion for summary judgment throughout this reply.  Where Brechan and Safeco are referring to a separate motion for summary judgment, such as the motion for summary judgment regarding nondisclosure, they will so indicate.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

REPLY TO ABSOLUTE'S OPPOSITION
TO BRECHAN'S MOTION FOR SUMMARY JUDGMENT
Absolute v. Brechan, et al.
3:03-cv-0199-rrb                  - 2 -                  [38599-0012/AA062370.003]

negligent design is, therefore, barred as a matter of law. *State v. Transamerica Premier Ins. Co.*, 856 P.2d 766, 772-74 (Alaska 1993).

Absolute attempts to distinguish *Transamerica* by alleging that Brechan was a "design-build" contractor on the Phase II project (i.e., Brechan was under contract with the United States to hire the project designer for the Phase II project). Absolute has not pointed to any admissible evidence supporting this position, and therefore, Absolute's allegations must fail. Fed. R. Civ. P. 56(e) (opposition to summary judgment must be supported by admissible evidence).

However, even assuming that Brechan was a "design-build" contractor on Phase II, Alaska law still precludes Absolute's claim for "negligent design" under *Transamerica*. First, whether or not the project was "design-build" relates to the contractual relationship between Brechan and the United States – not the relationship between Brechan and its subcontractor, Absolute. Second, Absolute provides no explanation of why Alaska law insulates a project owner who hires a design professional from tort liability, but not a general contractor who hires a design professional.[2]

*Transamerica* forecloses the position asserted by Absolute. The basis of the court's opinion was that a design professional's duty is imposed by operation of

_____

[2] *Moloso v. State*, 644 P.2d 205 (Alaska 1982), cited by Absolute, is inapposite. It stands for the proposition when the project owner is also the design professional that the owner may be sued in tort. Obviously, that is not the case here.

REPLY TO ABSOLUTE'S OPPOSITION
TO BRECHAN'S MOTION FOR SUMMARY JUDGMENT
Absolute v. Brechan, et al.
3:03-cv-0199-rrb                - 3 -                [38599-0012/AA062370.003]

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

law rather than any contractual duty.[3]  856 P.2d at 772-73.  In contrast, Brechan's duty under an alleged "design-build" agreement with the United States would be purely contractual (a contract to which Absolute is not a party).  "Because [the design] duty arises solely from a contractual promise, [Absolute] cannot use a tort action to enforce it."[4]  *Id.* at 772.

## II.    Absolute Has Offered No Evidence Establishing Entitlement to Compensation for Differing Site Conditions.

Brechan and Safeco moved for summary judgment on Absolute's differing site condition claim.  The basis of this motion is that there was no provision in Brechan's contract with Absolute stating that Absolute would receive additional compensation for unexpected physical conditions on the project.  Absolute

---

[3] It would be nonsensical for the law to impose a duty in tort for a contractor to exercise the "ordinary skill of a [design] professional" when a contractor did not possess such skill and requires the services of a design professional.

[4] Absolute also asserts that "to this date, Brechan is the only logical author of a critical design document, 'Mod 5' as neither Brechan nor its design professional Coffman Engineers has admitted to being its actual author."  Opposition at 5.  First, this assertion is nowhere in the factual record.  Second, Absolute cannot rely on speculation of who might be the author of "Mod 5" to overcome summary judgment.  *Nelson v. Pima Cmty, Coll.*, 83 F.3d 1075, 1081-82 (9th Cir. 1996) ("mere allegation and speculation do not create a factual dispute for purposes of summary judgment.").  Third, Absolute does not explain how or why "Mod 5," a contractual modification in a separate contract with the United States, is a "critical design document."  Finally, even if this allegation were true, this assertion is irrelevant because "Mod 5" related to a different project than the one at issue in this case.  *See* Second Declaration of Dave Olson in Support of Absolute's Opposition to Brechan's Motion for Summary Judgment – Nondisclosure at ¶ 19.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

REPLY TO ABSOLUTE'S OPPOSITION
TO BRECHAN'S MOTION FOR SUMMARY JUDGMENT
Absolute v. Brechan, et al.
3:03-cv-0199-rrb                                    - 4 -                          [38599-0012/AA062370.003]

opposed this motion by claiming that Absolute did not include the risk of differing

site conditions in its bid and that Brechan had a "course of dealing" to compensate

subcontractors for differing site conditions in the absence of a differing site

condition clause in the contract.[5]  Absolute's opposition fails for a lack of legal and

factual support.

Absolute's argument that Absolute did not include the risk of differing site

conditions when preparing its estimate is completely unsupported as a factual

matter.  Although the Second Declaration of David Olson in Support of Absolute's

Opposition to Brechan's Motion for Summary Judgment – Nondisclosure makes

conclusory statements concerning Absolute's lack of knowledge concerning the

project (*see, e.g.,* ¶ 5), there is no testimony concerning whether or not Absolute

incorporated the risk of differing site conditions into its estimate.  This Court is

not permitted to conjure facts which are not specifically stated in an opposition for

summary judgment.  *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990).

Even if there was such testimony, it would be irrelevant.  It does not matter

whether or not Absolute considered the risk of differing site conditions when it

prepared its estimate.  As demonstrated in Brechan and Safeco's motion for

summary judgment, the law imposes this obligation on Absolute in the absence of

a differing site condition clause.

---

[5] Absolute also argues that there was a "course of dealing" between
Absolute and Brechan regarding compensation for differing site conditions.  There
is no factual basis to support this argument with the exception of the untimely
declaration filed by Absolute on August 25, 2005.  As explained in Brechan's
Motion to Strike, this declaration is not a part of the factual record.

REPLY TO ABSOLUTE'S OPPOSITION
TO BRECHAN'S MOTION FOR SUMMARY JUDGMENT
Absolute v. Brechan, et al.

[38599-0012/AA062370.003]

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

Absolute's argument that Brechan paid Swalling compensation for a differing site condition on Phase I of the project also fails as a matter of law.[6] First, a course of dealing cannot be established by a single occasion of performance. Restatement (Second) of Contracts § 202 cmt. g (1981) (stating that the rule allowing for interpreting an agreement through a course of performance, "does not apply to action on a single occasion"); *Kern Oil and Refining Co. v. Tenneco Oil Co.*, 792 F.2d 1380, 1385 (9th Cir. 1986) ("[A] single transaction cannot constitute a course of dealing."). Second, a course of dealing between two parties to a contract cannot be established by one of the party's dealings with a third party. AS 45.01.205(a) ("A course of dealing is a sequence of previous conduct between the parties to a particular transaction") (emphasis added); Restatement (Second) of Contracts § 202 cmt. g (1981); *Shelby County State Bank v. Van Diest Supply Co.*, 303 F.3d 832, 837 (7th Cir. 2002) ("the course of dealing between principal parties A and B is not likely to shed light on the way that third party C should have understood an agreement"); *Liberty Ins. Corp. v. Ferguson Steel Co., Inc.*, 812 N.E.2d 228, 231 (Ind. App. 2004) ("[T]he course of dealing between Ferguson and Steel Frame does not apply to a third party such as Liberty.

---

[6] David Olson's declaration regarding any of Brechan's dealings with Swalling is also inadmissible because Mr. Olson was not involved with the Phase I project and, therefore, has no personal knowledge. Fed. R. Evid. 602 ("A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."). Furthermore, Mr. Olson is incompetent to authenticate documents relating to Phase I of the project because he lacks personal knowledge. Brechan and Safeco object to any of his testimony on that basis.

REPLY TO ABSOLUTE'S OPPOSITION
TO BRECHAN'S MOTION FOR SUMMARY JUDGMENT
Absolute v. Brechan, et al.
3:03-cv-0199-rrb                    - 6 -                    [38599-0012/AA062370.003]

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

Course of dealing is an established pattern of conduct between the parties to a particular transaction. . . . Liberty was not a party to the agreement between Ferguson and Steel Frame.").

### III.    Absolute's Constructive Change is Identical to Absolute's Differing Site Conditions Claim and Fails for the Same Reason.

Brechan and Safeco moved for summary judgment on Absolute's constructive change theory because the alleged "constructive change" was Absolute's work related to an alleged differing site condition.  Because Absolute was not entitled to additional compensation because of a differing site condition under its contract with Brechan, Absolute's "constructive change" theory fails as well.

Absolute cites *J.F. Allen Co. and Wiley W. Jackson Co. v. U.S.*, 25 Cl.Ct. 312, 314 (1992) – a case where a contractor had two distinct claims against the project owner.  One related to the increased costs of performing work as the result of the government's order on a contract (the project owner disputed the contractor's entitlement).  *Id.*  The second claim was for increased costs as the result of a differing site condition (the project owner did not dispute the contractor's entitlement to additional compensation).  *Id.*  These were claims made for separate and distinct events.  However, that is not the case here.  Absolute has admitted that its "entitlement theories are all applicable to the same operative facts and are not reflective of different occurrences for which claims are being made." Ex. H at 17 (attached to Brechan's Motion for Summary Judgment) (emphasis added).

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

REPLY TO ABSOLUTE'S OPPOSITION
TO BRECHAN'S MOTION FOR SUMMARY JUDGMENT
Absolute v. Brechan, et al.
3:03-cv-0199-rrb                    - 7 -                    [38599-0012/AA062370.003]

Absolute has clearly stated that the "constructive change" it is alleging is that it performed work in response to what it claims was a "differing site condition." Ex. G at 11; Ex. H at 6 (both attached to Brechan's Motion for Summary Judgment). Case law clearly holds that unless there is a differing site conditions clause in a contract, the risk of a differing site condition is on Absolute. This well-established legal principle would be meaningless if a subcontractor, simply by pleading a "constructive change," could shift the risk of a differing site condition back on a contractor.

## IV.   Absolute's Breach of the Covenant of Good-Faith and Fair Dealing Claim is Barred Because Absolute is Alleging an Injury Arising from Contract Formation.

Brechan and Safeco moved for summary judgment on Absolute's covenant of good faith and fair dealing claim because the alleged breach of the covenant (failure to disclose physical conditions on the project so that information could be incorporated into Absolute's cost proposal) occurred <u>before</u> there was any contract between Absolute and Brechan. Because there was no contract in place, a contract could not be breached.

Absolute admits that "[t]he failure to disclose conditions occurred during the formation of the contract." Opposition at 7-8. However, the covenant of good faith and fair dealing:

> does <u>not</u> deal with good faith in the formation of a contract . . . .
> Particular forms of bad faith in bargaining are subjects of the rules as
> to capacity to contract, mutual assent and consideration and of rules
> as to invalidated causes such as fraud and duress.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

REPLY TO ABSOLUTE'S OPPOSITION
TO BRECHAN'S MOTION FOR SUMMARY JUDGMENT
Absolute v. Brechan, et al.
3:03-cv-0199-rrb          - 8 -          [38599-0012/AA062370.003]

Restatement (Second) of Contracts, § 205 cmt. c (1981) (emphasis added); *see also Hutchins v. Zoll Medical Corp.*, 430 F.Supp.2d 24 (D. Mass. 2006) (quoting *Schwanbeck v. Fed.-Mogul Corp.*, 578 N.E.2d 789 (Mass. Ct. App. 1991)) ("While an obligation of good faith and fair dealing is implicit in the performance of a contract, even if not stated, this principle presupposes the formation of a contract and is therefore inapplicable during the courtship dance phase of contract formation.") (internal quotations omitted).  In the absence of a contract, a party's conduct cannot amount to a breach of contract.

Absolute also asserts that a failure to disclose information throughout the course of a project might form the basis of a breach of the covenant of good faith and fair dealing.  That might be true in cases where a party's ability to perform a contract would be hampered by the lack of information.  *See R.S.M. Inc. v. Alliance Capital Management Holdings L.P.*, 790 A.2d 478, 499 (Del. Ch. 2001) (cited by Absolute).  However, Absolute has presented <u>no evidence</u> that is the situation presented here.

Instead, Absolute raises the issue that at some point during the performance of the project, Absolute passed along a request to Brechan for correspondence relating to Phase I of the project.  Second Declaration of Dave Olson in Support of Absolute's Opposition to Brechan's Motion for Summary Judgment – Nondisclosure (Docket No. 258) at ¶ 25.  Absolute then states that "Neither Brechan nor Swalling ever transmitted the requested documentation, documentation that would doubtless have alerted us to the trap [Absolute] had

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

REPLY TO ABSOLUTE'S OPPOSITION
TO BRECHAN'S MOTION FOR SUMMARY JUDGMENT
Absolute v. Brechan, et al.
3:03-cv-0199-rrb                     - 9 -                     [38599-0012/AA062370.003]

been snared in."[7]  *Id.*  This testimony demonstrates that Absolute is contending

that after the parties entered into the contract, Absolute had already been "snared"

in Brechan's "trap."[8]  In short, Absolute is still alleging here that Brechan's

<u>precontract</u> conduct (*i.e.,* failure to disclose conditions of defective welds) forms

the basis of Absolute's alleged damages.[9]

    Mr. Olson's testimony concerning this issue is also misleading because it

implies that Absolute actually requested these documents from Brechan.  It did

not.  Attached hereto is the actual correspondence referred to by David Olson.  *See*

Exhibit A attached hereto, Declaration of William Oliver and accompanying

exhibits.  Neither Absolute's transmittal nor its fax cover sheet indicate anything

more than Absolute is passing along the letter.  The request contained at the

bottom of Imperial's letter is not mentioned in Absolute's correspondence or in its

fax cover sheet.  There is no evidence that Absolute ever endorsed Imperial's

request, nor that Absolute made its own, similar request.

---

[7] Mr. Olson has previously testified that Absolute declined to review these documents and considered them "not relevant to any issue" involving the cargo wharf project.  Declaration of David Olson in Opposition to Brechan's Motion to Dismiss (Docket No. 140) (emphasis in original).

[8] Of course, Mr. Olson's self-serving, inflammatory and conclusory characterizations are denied by Safeco and Brechan.

[9] Indeed, Absolute does not even present a theory about how it might have avoided its alleged damages if it had obtained these documents.

REPLY TO ABSOLUTE'S OPPOSITION
TO BRECHAN'S MOTION FOR SUMMARY JUDGMENT
Absolute v. Brechan, et al.
3:03-cv-0199-rrb                              - 10 -                        [38599-0012/AA062370.003]

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

**V.    Absolute Has Offered No Evidence That Its Work Was Outside the Scope of Absolute's Contract With Brechan and, Therefore, Summary Judgment is Proper on Absolute's Equity Claims.**

Brechan and Safeco moved for summary judgment on Absolute's claims in equity because Alaska law holds that a plaintiff <u>may not</u> recover in equity if the work in question is within the scope of an express contract. Brechan and Safeco described Absolute's contractual requirements and compared it against the work that Absolute alleged formed the basis of its claim. This work was within the scope of Absolute's contract.

In response, Absolute offered a one sentence conclusory assertion that "[t]here are genuine issues of material fact about what was captured by the specifications." Opposition at 8. Absolute then cited to an unspecified declaration of David Olson to support this assertion. *Id.*

Absolute's opposition is insufficient as a matter of law and summary judgment should be granted to Brechan and Safeco on Absolute's equity claims. First, conclusory statements that there are genuine issues of material fact are insufficient to defeat summary judgment. *Leer v. Murphy*, 844 F.2d 628, 631 (9th Cir. 1988) (a party opposing summary judgment motion may not rest on conclusory statements but must set forth specific facts). Second, Absolute's opposition does not set forth any specific facts which justify the denial of summary judgment. *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1029 (9th Cir. 2001) (a "district court is not required to comb the record to find some reason to deny a motion for summary judgment"). Third, none of Mr. Olson's various declarations discuss the scope of Absolute's contract with Brechan.

REPLY TO ABSOLUTE'S OPPOSITION
TO BRECHAN'S MOTION FOR SUMMARY JUDGMENT
Absolute v. Brechan, et al.
3:03-cv-0199-rrb                    - 11 -                    [38599-0012/AA062370.003]

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

Fourth, even if Mr. Olson were to offer testimony concerning the scope of

Absolute's contract with Brechan, such testimony would be completely

inadmissible.  Contract interpretation is a question of law.  *Evangelista v.

Inlandboatmen's Union of Pacific*, 777 F.2d 1390, 1398 n.3 (9th Cir. 1985)

(holding that testimony concerning construction of contract was inadmissible legal

conclusion); *Cutter & Buck, Inc. v. Genesis Ins. Co.*, 306 F.Supp.2d 988, 999

(W.D. Wash. 2004) (statement purporting to interpret contract is inadmissible as a

legal conclusion because contract interpretation is a matter of law to be determined

by the court); Fed. R. Civ. P. 56(e) (party must oppose summary judgment with

admissible evidence).[10]

## VI.     Absolute Has Failed to Present Any Evidence Establishing Entitlement Under the Implied Warranty of Adequate Specifications.

Brechan and Safeco moved for summary judgment on Absolute's "implied

warranty of adequacy of specifications" claim because Absolute had not met any

of the elements of the Spearin Doctrine.  Absolute failed to meet its burden of

proof in opposing this motion.

---

[10] Absolute devotes Part 6 of its opposition to arguing that a defendant may <u>never</u> receive summary judgment where the plaintiff has pled an equitable claim.  This argument is patently wrong.  *See Mitford v. de Lasala*, 666 P.2d 1000, 1006 n.1 (Alaska 1983) (affirming summary judgment on plaintiff's quantum meruit claim because there was an express contract that covered the services in question); *Newbery Corp. v. Fireman's Fund Ins. Co.*, 95 F.3d 1392, 1405 (9th Cir. 1996) (same).

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

REPLY TO ABSOLUTE'S OPPOSITION
TO BRECHAN'S MOTION FOR SUMMARY JUDGMENT
Absolute v. Brechan, et al.
3:03-cv-0199-rrb                    - 12 -                    [38599-0012/AA062370.003]

A.    **The specifications at issue must be considered a performance specification because Absolute has not presented evidence that it did not have discretion when addressing any perceived "defective welds."**

Absolute's opposition correctly notes that the difference between a performance and a design specification is whether the contractor is empowered to exercise its own discretion in achieving a particular result.  Brechan and Safeco presented evidence that Absolute exercised its discretion to apply as thick a coat of product as it wanted, could caulk welds, could stripe coat welds and could cut non-structural steel on the wharf so that there would be fewer welds – whatever Absolute determined was best to meet the "holiday-free" standard of the specification.  Absolute did not provide any argument or evidence in response other than to offer a conclusory assertion that "Absolute acted under strict guidelines not its own discretion."  Absolute has failed to meet its burden to demonstrate that the specification was a "design specification."

B.    **Absolute has not shown any facts demonstrating reliance on the specifications.**

In Brechan and Safeco's motion for summary judgment, Brechan and Safeco offered evidence that Absolute could not have relied on any alleged defect in the specification when creating its estimate because: (1) Absolute did not create its own estimate; and (2) Tom Puett of Imperial (who created Absolute's estimate) disregarded any information regarding the conditions of the welds when creating Absolute's estimate.  *See* Motion for Summary Judgment at 18-19; Motion for Summary Judgment – Nondisclosure, at 45-48.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

REPLY TO ABSOLUTE'S OPPOSITION
TO BRECHAN'S MOTION FOR SUMMARY JUDGMENT
Absolute v. Brechan, et al.
3:03-cv-0199-rrb                    - 13 -                    [38599-0012/AA062370.003]

In response, David Olson (without support) asserts that Absolute relied on the specifications. *See* Second Declaration of Dave Olson in Support of Absolute's Opposition to Brechan's Motion for Summary Judgment – Nondisclosure at ¶¶ 4-6. This response is simply inadequate to meet Absolute's burden of proof.

First, conclusory statements cannot defeat summary judgment. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990) (holding that party opposing summary judgment does not show "genuine issue for trial" by "replac[ing] conclusory allegations of the complaint or answer with conclusory allegations of an affidavit"); *F.T.C. v. Publishing Clearing House, Inc.*, 104 F.3d 1168 (9th Cir. 1997) ("A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact.").

Second, David Olson cannot have personal knowledge that Absolute relied on anything when creating its estimate because Mr. Olson testified in his deposition that he did not create Absolute's estimate.

> THE WITNESS:  Did I estimate the project?
>
> BY MR. KREGER:
>
> Q       Let's start with that.
>
> A       I didn't estimate the project.

Olson Dep. at 140 (attached as Ex. 6 to Brechan and Safeco's Motion for Summary Judgment – Nondisclosure). When a person flatly contradicts his or her own deposition testimony in a later declaration, the Court should find that the declaration is a "sham issue of fact." *Orr v. Bank of America, NT & SA*, 285 F.3d

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

REPLY TO ABSOLUTE'S OPPOSITION
TO BRECHAN'S MOTION FOR SUMMARY JUDGMENT
Absolute v. Brechan, et al.
3:03-cv-0199-rrb                    - 14 -                    [38599-0012/AA062370.003]

764, 780 n.28 (9th Cir. 2002) ("We find her affidavit to be a sham submitted in an attempt to create a triable issue.  Because Orr's deposition testimony contradicts her affidavit, Orr has not raised a triable issue of fact"); *Burrell v. Star Nursery, Inc.*, 170 F.3d 951, 954 (9th Cir. 1999) (holding that affidavit which directly contradicted plaintiff's earlier deposition testimony was a "sham"); *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 267 (9th Cir. 1991) (holding that party cannot rely on a sham affidavit that flatly contradicts earlier testimony in order to create an issue of fact); *Buttry v. General Signal Corp.*, 68 F.3d 1488, 1493 (2nd Cir. 1995) (rejecting party's affidavit asserting reliance on misrepresentations where party's deposition testimony was clear that there was no reliance on those statements).  Because Mr. Olson does not have personal knowledge concerning the creation of Absolute's estimate, he cannot testify to Absolute's reliance in creating the estimate.  Such testimony is inadmissible.  Fed. R. Evid. 602 (stating that testimony must be based upon a person's personal knowledge).

Finally, Mr. Olson's conclusory statements cannot successfully oppose summary judgment because there is no explanation of how Absolute might have relied on the specifications at issue.  It is undisputed that Absolute did not create its own estimate and Tom Puett of Imperial (who did create Absolute's estimate) disregarded any information concerning the conditions of the welds on the project.  Exhibit J, Puett Dep. at 17-18, 47-49 (attached to Brechan and Safeco's motion for summary judgment).  Essentially, Absolute is asking the Court to invent facts to support Absolute's opposition.  The Court is not permitted to do so.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

REPLY TO ABSOLUTE'S OPPOSITION
TO BRECHAN'S MOTION FOR SUMMARY JUDGMENT
Absolute v. Brechan, et al.
3:03-cv-0199-rrb                    - 15 -                    [38599-0012/AA062370.003]

> It will not do to "presume" the missing facts because, without them, the affidavits would not establish the injury that they generally allege. That converts the operation of Rule 56 to a circular promenade: plaintiff's complaint makes general allegation of injury; defendant contests through Rule 56 existence of specific facts to support injury; plaintiff responds with affidavit containing general allegation of injury, which must be deemed to constitute averment of requisite specific facts, since otherwise allegation of injury would be unsupported (which is precisely what defendant claims it is).

*Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). Absolute is required to oppose summary judgment with specific facts. Absolute has utterly failed to demonstrate any facts showing reliance.

    **C.**    **Absolute has failed to establish the remaining elements required to recover under the Spearin Doctrine.**

Absolute has admitted in written discovery that its subcontractor, Imperial, did not follow the specifications and performed its work in an unworkmanlike manner. Ex. H at 9-11 (attached to Brechan and Safeco's motion for summary judgment). Absolute has admitted that the condition of the cargo wharf was expected to be rusted and pitted at the time of contracting and that those conditions made its work more difficult and time consuming. *See* Ex. L (attached to Brechan and Safeco's motion for summary judgment) (Request for Admission No. 10 and response). Brechan and Safeco have presented evidence that the specification was not impossible or commercially impracticable. Ex. M at 120-121; Ex. F at 275 (attached to Brechan and Safeco's motion for summary judgment). In short, Brechan and Safeco have presented evidence that Absolute cannot establish any of the elements needed for it to prevail on its claim under the Spearin Doctrine.

REPLY TO ABSOLUTE'S OPPOSITION
TO BRECHAN'S MOTION FOR SUMMARY JUDGMENT
Absolute v. Brechan, et al.
3:03-cv-0199-rrb      - 16 -      [38599-0012/AA062370.003]

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

Absolute has offered nothing to rebut Brechan and Safeco's evidence. Instead, Absolute offers a conclusory assertion that there are genuine issues of material fact. Absolute has failed to meet its burden and summary judgment is proper.

## CONCLUSION

Absolute's conclusory assertions that there are genuine issues of material fact are insufficient as a matter of law to deny Brechan and Safeco's motion for summary judgment. For the purposes of summary judgment, Absolute has a burden of proof which requires that Absolute set the specific facts it relies on in its opposition. Absolute has failed to do so and summary judgment on Absolute's claims of: (1) negligent design; (2) differing site conditions; (3) constructive change; (4) breach of the covenant of good faith and fair dealing; (5) equity claims; and (6) breach of the implied warranty of specifications claims is proper.

DATED:  August 29, 2006.

**PERKINS COIE LLP**
Attorneys for Defendant
Brechan Enterprises, Inc.

By   /s/ Michael E. Kreger
    Michael E. Kreger
    Alaska Bar No. 8311170
    Jacob B. Nist
    Alaska Bar No. 0211051
    Perkins Coie LLP
    1029 W. Third Avenue, Suite 300
    Anchorage, Alaska  99501
    (907) 279-8561/(907) 276-3108 (fax)
    Email:  mkreger@perkinscoie.com

REPLY TO ABSOLUTE'S OPPOSITION
TO BRECHAN'S MOTION FOR SUMMARY JUDGMENT
Absolute v. Brechan, et al.
3:03-cv-0199-rrb                    - 17 -                    [38599-0012/AA062370.003]

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

Case 3:03-cv-00199-RRB    Document 292    Filed 08/29/2006    Page 18 of 18

I hereby certify that on August 29, 2006, the foregoing has been served by electronic mail on Robert J. Dickson, Peter C. Partnow, William R. Baerg, Terry R. Marston II, James B. Stoetzer, and Eric J. Brown.

  /s/ Michael E. Kreger
    Michael E. Kreger

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

REPLY TO ABSOLUTE'S OPPOSITION
TO BRECHAN'S MOTION FOR SUMMARY JUDGMENT
Absolute v. Brechan, et al.
3:03-cv-0199-rrb                    - 18 -                    [38599-0012/AA062370.003]