Terry R. Marston, *pro hac vice*, terry@mhf-law.com
Jami K. Elison, *pro hac vice*, jamie@mhf-law.com
Jesse P. Elison, *pro hac vice*, jessee@mhf-law.com
MARSTON HEFFERNAN FOREMAN, PLLC
16880 N.E. 79th Street
Redmond, Washington 98052
(425) 861-5700

PAUL J. NANGLE & ASSOCIATES
Kerry Building
101 Christensen Drive
Anchorage, Alaska 99501
Telephone: (907) 274-8866

Attorney for Plaintiff ABSOLUTE ENVIRONMENTAL SERVICES, INC.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation,<br><br>Plaintiff,<br>vs.<br><br>FORREST J. MCKINLEY, an individual, d/b/a "Imperial Industrial Coatings" and EMERCO, INC., a California Corporation, d/b/a Imperial Industrial Coatings, BRECHAN ENTERPRISES, INC., an Alaska corporation; and SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation.<br><br>Defendants. | Case No.: A03-0199CV (RRB)<br><br>**PLAINTIFF ABSOLUTE'S MOTION TO SHORTEN TIME AND FOR EXTENSIONS TO BRIEFING SCHEDULE** |
| EMERCO, INC., a California corporation d/b/a Imperial Industrial Coatings, and the States for Use and Benefit of EMERCO, INC.,<br><br>Counterclaimant/Third-party Claimant,<br><br>v.<br><br>ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska corporation, et al.,<br><br>Cross-defendants/Third-party Defendants. | |

PLAINTIFF ABSOLUTE'S MOTION FOR EXTENSIONS TO BRIEFING SCHEDULE
Case No. A03-0199CV (RRB)-- 1

| | |
|---|---|
| THE UNITED STATES OF AMERICA *for the use and benefit of* ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, | )<br>)<br>)<br>)<br>) |
|            Plaintiff,<br>vs. | )<br>)<br>) |
| SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation. | )<br>)<br>) |
|            Defendants. | )<br>) |
| BRECHAN ENTERPRISES, INC., an Alaska corporation, | )<br>)<br>) |
|            Counterclaim Plaintiff,<br>vs. | )<br>)<br>) |
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, | )<br>)<br>) |
|            Counterclaim Defendant. | ) |
| BRECHAN ENTERPRISES, INC., an Alaska corporation, | )<br>)<br>) |
|            Third-Party Plaintiff,<br>vs. | )<br>)<br>) |
| COFFMAN ENGINEERS, INC, a Washington Corporation. | )<br>)<br>) |
|            Third-Party Defendant. | )<br>) |
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, | )<br>)<br>) |
|            Plaintiff/Cross-claimant,<br>vs. | )<br>)<br>) |
| COFFMAN ENGINEERS, INC, a Washington Corporation. | )<br>)<br>) |
|            Third-Party Defendant. | )<br>) |

## I. RELIEF REQUESTED

A. Plaintiff, Absolute Environmental Services, Inc. ("AESI") requests this court grant leave for filings court docket nos. 281 and 289 responsive to motions to dismiss AESI's claims. AESI requests leave for the following filings: (1) Replacement Brief—Absolute's Opposition to Coffman's Motion to Dismiss Negligence Claims and (2) Declaration of Dave Olson in Support of Absolute's Oppositions to Summary Judgment Motions.

B. Plaintiff, Absolute Environmental Services, Inc. ("AESI") requests this Court rule on shortened time in order to confirm that filings are included in the record and allowing time for replies, where appropriate, before the September 14, 2006 hearing.

## II. ISSUES

1. FRCP 6(b) authorizes this Court to extend the time for responding to dispositive motions for cause shown. During a short period of time, AESI submitted responses to 8 dispositive motions. To safeguard the rights of the non-moving party that was bombarded with dispositive motions (and do so with no prejudice to moving parties), should this Court allow leave so AESI may correct inadvertence and excusable delay in filing responsive materials?

2. FRCP 56(f) authorizes courts to extend the time for opposing motions for summary judgment "to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just." Brechan failed to produce over 2000 documents until June 16, 2006 and AESI did not receive Coast Guard documents until the end of July 2006. It was necessary for AESI to assimilate the contents of this critical discovery while also preparing responses to lengthy dispositive motions; thus, should this Court allow the modest extensions requested?

## III. FACTS

The parties in this litigation participated in 14 depositions in June 2006. Defendant Brechan Enterprises, Inc. interfered with the ability of AESI to conduct meaningful depositions by withholding critical documents. Brechan withheld over 2000 relevant, in fact, critical, documents until June 16, 2006. Brechan disclosed these documents only when it became

obvious that AESI would obtain documents from the Coast Guard, which document production would expose what Brechan had done. *See* accompanying Marston Decl. re. Withheld Documents.

Coast Guard documents were finally delivered to AESI on July 28, 2006. *Id.* Then, from August 1 until August 4, Brechan and Coffman filed 8 different motions to dismiss AESI's claims, several containing multiple issues.[1] While LR 7.1(a)(2) Motion Practice encourages "[a] brief statement of points and authorities," there is <u>not</u> a stated page limit. Exclusive of accompanying affidavits and exhibits, AESI was confronted with 171 pages of briefing from defendants Brechan and Coffman.[2] LR 7.1(e) requires an opposition to be served and filed within fifteen (15) days of service of the motion. AESI has made a good faith effort to comply with the rigorous briefing schedule without requesting a general extension of time. However, certain modest extensions are necessary and requested herein.

As a result of the extensive amount of exhibit and transcript review necessitated by Brechan and Coffman's motions, AESI managed the logistical challenges of obtaining information from individuals in Alaska and Washington. It was necessary for Dave Olson of

---

[1] "Safeco Insurance Company of America, Inc.'s Motion For Summary Judgment," nine (9) pages; [2] "Brechan and Safeco's Motion for Summary Judgment—Nondisclosure," forty-eight (48) pages; [3] "Brechan and Safeco's Motion for Summary Judgment on Absolute Environmental Services' Negligent Design, Differing Site Condition, Constructive Change, Covenant of Good Faith and Fair Dealing, Implied Contract and Equity Claims," twenty-one (21) pages; [4] "Brechan Enterprises' and Safeco's Motion to Exclude Damages Testimony by Michael Lembke and Motion for Summary Judgment," thirty-three (33) pages; [5] "Brechan and Safeco's Motion for Partial Summary Judgment to Dismiss Absolute's 'Business Devastation' Claim and Motion in Limine to Exclude Testimony Concerning Alleged Business Devastation," seven (7) pages; [6] "Coffman Engineers, Inc.'s Motion and Memorandum in Support of Motion for Partial Summary Judgment Dismissing Claim by Plaintiff Absolute Environmental Services, Inc. for Business Devastation Damages," twelve (12) pages; [7] "Coffman's Motion for Summary Judgment Dismissal of Absolute's Negligence Claims," twenty-four (24) pages; [8] "Coffman's Motion for Summary Judgment Against Absolute Regarding Negligent and Fraudulent Misrepresentation Claims" seventeen (17) pages.

[2] AESI submits that Brechan and Coffman submitted 8 motions for summary judgment in violation of CR 11 because the motions were submitted "to harass or cause unnecessary delay or needless increase in the cost of litigation." AESI will file a separate motion to consolidate its requests for sanctions under CR 11 and this Court need not address that at this time.

AESI to travel from Idaho to Washington in order to assist in the completion of opposition papers to the multiple motions for summary judgment.

AESI has generally complied with the very rigorous briefing schedule. AESI's Opposition to Coffman's Motion to Dismiss Negligence Claim was timely filed but AESI later discovered that it had inadvertently filed an earlier draft, not the final draft of that brief. Finally, the Declaration of Dave Olson Re. Motions for Summary Judgment was filed after other reply materials were filed. Dave Olson drove from Idaho to the Seattle area in order to assist in completion of the responsive papers. Despite best efforts by AESI, delays in completing this Declaration of Dave Olson resulted due to the extensive amount of document review necessitated by the motions and, particularly, the extensive amount of time required to assimilate the documents not produced until June and late July.

There is no prejudice to moving parties because AESI acknowledges that moving parties would be entitled to proportional additional time to supplement replies.

### IV. AUTHORITY

Relief under FRCP 56(f) is appropriate here. When a party has been diligent and acted in good faith Rule 56(f) should be applied liberally to protect its rights. *In re Horkins*, 153 B.R. 793, 802 (Bankr.M.D.Tenn. 1992). AESI has been diligent and acted in good faith here. The requested extensions should be allowed.

Due to Brechan's withholding of over 2000 documents and the extensive amount of legal work necessitated by the filing of 8 motions, good cause exists to grant AESI'S requests leave for leave on three examples of either inadvertence or excusable delay. The district judge has broad discretion to manage the schedule. *U.S. v. Yousef*, 327 F.3d 56, 148 (2nd Cir. 2003).

FRCP 6(b) **Enlargement.**

...the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged...

Under Rule 7.2(c) **Shortened Time**, AESI has shown that documents pertinent to the briefing were not timely produced to AESI and that time was required to assimilate over 2000 relevant documents while also studying and responding to over 170 pages of legal briefing.

## V.  CONCLUSION

Whether under FRCP 56(f) or 6(b) or LR 7.2, AESI respectfully requests this court grant leave for the requested extensions. Good cause has been shown. The modest extensions will not prejudice any parties, but denying the motion will potentially prejudice AESI.

DATED this 28th day of August, 2006.

MARSTON HEFFERNAN FOREMAN, PLLC

By _____/s/_____
Terry R. Marston II, WSBA No. 14440
Jami K. Elison,   WSBA No. 31007
Jesse P. Elison,  WSBA No. 36914
Attorneys for Plaintiff Absolute Environmental Service, Inc.

I hereby certify that on the date given a copy of the forgoing along with the Decl. of Terry R. Marston were electronically filed with the Clerk of Court using the CM/ECF system and were served electronically on the following:

William R. Baerg, Patrick J. Duffy
Eric J. Brown
Robert J. Dickson
Michael E Kreger, Jacob Nist
James B. Stoetzer, Peter C. Partnow

s/Terry R. Marston