Terry R. Marston, *pro hac vice*, terry@mhf-law.com
Jami K. Elison, *pro hac vice*, jamie@mhf-law.com
MARSTON HEFFERNAN FOREMAN, PLLC
16880 N.E. 79th Street
Redmond, Washington 98052
(425) 861-5700

PAUL J. NANGLE & ASSOCIATES
Kerry Building
101 Christensen Drive
Anchorage, Alaska 99501
Telephone: (907) 274-8866

Attorney for Plaintiff ABSOLUTE ENVIRONMENTAL SERVICES, INC.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>FORREST J. MCKINLEY, an individual, d/b/a "Imperial Industrial Coatings" and EMERCO, INC., a California Corporation, d/b/a Imperial Industrial Coatings, BRECHAN ENTERPRISES, INC., an Alaska corporation; and SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation.<br><br>Defendants.<br><br>EMERCO, INC., a California corporation d/b/a Imperial Industrial Coatings, and the States for Use and Benefit of EMERCO, INC.,<br><br>Counterclaimant/Third-party Claimant,<br><br>v.<br><br>ABSOLUTE ENVIRONMENTAL SERVICES INC., an Alaska corporation, et al.,<br><br>Cross-defendants/Third-party Defendants. | Case No.: A03-0199CV (RRB)<br><br>**DECLARATION OF TERRY MARSTON RE WITHHELD DOCUMENTS** |

DECLARATION OF TERRY MARSTON RE WITHHELD DOCUMENTS
Case No. A03-0199CV (RRB)-- 1

| | |
|---|---|
| THE UNITED STATES OF AMERICA *for the use and benefit of* ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, | ) ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation. | ) ) ) |
| Defendants. | ) ) |
| BRECHAN ENTERPRISES, INC., an Alaska corporation, | ) ) ) |
| Counterclaim Plaintiff, | ) ) |
| vs. | ) |
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, | ) ) ) |
| Counterclaim Defendant. | ) |
| BRECHAN ENTERPRISES, INC., an Alaska corporation, | ) ) ) |
| Third-Party Plaintiff, | ) ) |
| vs. | ) |
| COFFMAN ENGINEERS, INC, a Washington Corporation. | ) ) ) |
| Third-Party Defendant. | ) ) |
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, | ) ) ) |
| Plaintiff/Cross-claimant, | ) ) |
| vs. | ) |
| COFFMAN ENGINEERS, INC, a Washington Corporation. | ) ) ) |
| Third-Party Defendant. | ) ) |

DECLARATION OF TERRY MARSTON RE WITHHELD DOCUMENTS
Case No. A03-0199CV (RRB)-- 2

I, Terry Marston, declare as follows:

1. I am counsel for plaintiff Absolute and am competent to testify to the statements made in this declaration.

2. Copies of these important Coast Guard documents were not delivered to AESI until July 28, 2006, more than three weeks after the discovery cut-off. AESI has only recently been able to review them, and the difficulty of completing this task has been compounded by the burden of responding to eight motions for summary judgment filed by Brechan and Coffman during the first week of August.

3. As importantly, Brechan inexcusably withheld over 2000 key documents involving communications with the Coast Guard management team until it became apparent that AESI would succeed in obtaining documents from the Coast Guard. For an extended period of time, the Coast Guard obstructed AESI's requests for documents and requests for depositions. AESI was denied access to these documents and to take depositions until it filed a lawsuit against the Coast Guard in the Federal District Court in Washington. When faced with explaining their refusal to a federal District Court judge and a motion to compel, under the advice of a U.S. Attorney, the Coast Guard finally agreed to produce documents and make their employees available for depositions. Attached as **Exhibit 1** is a copy of the June 15, 2006 letter I sent to LCDR Geoffrey Owen confirming the agreement AESI had reached with him through the assistance of the US Attorney.

4. Also on June 15, <u>the same day the Coast Guard gave in to our discovery demands</u>, Brechan sent over 2100 documents involving confidential communications with the Coast Guard by overnight mail to AESI. On June 16, 2006 AESI received these documents from Brechan. However, by then, AESI's attorneys were immersed in the final push to complete

DECLARATION OF TERRY MARSTON RE WITHHELD DOCUMENTS
Case No. A03-0199CV (RRB)-- 3

depositions before the discovery cutoff. There were 14 depositions in June, most of which were in the second half of the month. There was no time to review and assimilate this magnitude of documents. The discovery cutoff occurred on July 3, 2006.

5. When asked, Brechan's excuse for not producing these documents until such a late date was that a Brechan secretary had performed a faulty download of project emails. The exact correlation of the production of this correspondence with the Coast Guard on the date that AESI succeeded in forcing the Coast Guard to produce its own copies of such documents precludes giving any credence to the story that the blame lies with secretarial error. Moreover, it cannot be ignored that Brechan used at least one such document in deposition at which time Brechan equivocated about where the document came from and whether it had been produced to AESI. Attached as **Exhibit 2** is an excerpt from the deposition transcript of Margaret Wilson.

6. The withholding of those key documents substantially impaired AESI's ability to conduct depositions and the magnitude of documents this severely late production further delayed AESI's ability to respond to the numerous motions for summary judgment. AESI made a good faith effort to respond to these motions without requesting a general extension of briefing dates. AESI must now request leave though for the filing of its opposition pleadings.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED this 28th day of August, 2006, at Redmond, Washington.

                                                /s/
                                    TERRY R. MARSTON