Peter C. Partnow, ASBA No. 7206029
James B. Stoetzer, ASBA No. 7911130
Lane Powell LLC
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Tel: 907-277-9511
Fax: 907-276-2631
PartnowP@LanePowell.com

Attorneys for Third-Party Defendant
Coffman Engineers, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska corporation,<br><br>        Plaintiff,<br><br>v.<br><br>FORREST J. MCKINLEY, an individual, d/b/a "Imperial Industrial Coatings" and EMERCO, INC., a California corporation d/b/a Imperial Industrial Coatings, BRECHAN ENTERPRISES, INC., an Alaska corporation; and SAFECO INSURANCE COMPANY OF AMERICA, a Washington corporation,<br><br>        Defendants. | Case No. 3:03-CV-00199-RRB |
| EMERCO, INC., a California corporation d/b/a Imperial Industrial Coatings, and the States for Use and Benefit of EMERCO, INC.,<br><br>   Counterclaimant/Third-Party Claimant,<br><br>    v.<br><br>ABSOLUTE ENVIRONMENTAL SERVICES INC., an Alaska corporation, et al.,<br><br>   Cross-Defendants/Third-Party Defendants. | **COFFMAN'S REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT DISMISSING CLAIM BY PLAINTIFF ABSOLUTE ENVIRONMENTAL SERVICES INC. FOR <u>BUSINESS DEVASTATION DAMAGES</u>** |

**LANE POWELL** LLC
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511   Facsimile 907.276.2631

| | |
|---|---|
| THE UNITED STATES OF AMERICA *for the use and benefit of* ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, | |
| Plaintiff, | |
| v. | |
| SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation. | |
| Defendants. | |
| BRECHAN ENTERPRISES, INC., an Alaska corporation, | |
| Counterclaim Plaintiff, | |
| v. | |
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, | |
| Counterclaim Defendant. | |
| BRECHAN ENTERPRISES, INC., an Alaska corporation, | |
| Third-Party Plaintiff, | |
| v. | |
| COFFMAN ENGINEERS, INC, a Washington Corporation. | |
| Third-Party Defendant. | |
| ABSOLUTE ENVIRONMENTAL SERVICES INC., an Alaska Corporation, | |
| Plaintiff/Cross-Claimant, | |
| v. | |
| COFFMAN ENGINEERS, INC, a Washington Corporation. | |
| Third-Party Defendant. | |

**Coffman's Reply in Support of Motion for Partial Summary Judgment Dismissing Claim by Plaintiff Absolute Environmental Services Inc. for Business Devastation Damages**
*Absolute Envtl. Servs., Inc. v. Forrest McKinley, et al.* **(Case No. 3:03-cv-00199-RRB)**              **Page 2 of 9**

## I. INTRODUCTION

Coffman Engineers, Inc. ("Coffman") as well as Brechan Enterprises, Inc. ("Brechan") have moved for partial summary judgment dismissing the claim by plaintiff Absolute Environmental Services, Inc. ("Absolute") for business devastation damages. The basis for Coffman's motion is that as a matter of law, Absolute has no admissible or competent evidence from which a jury can reasonably determine Absolute's current value.

In an effort to defeat Coffman's motion, Absolute ignores the controlling legal authority, as well as its own position as stated in its summary judgment on claims against it by Emerco. Absolute only offers the lay impressions of its president Dave Olson in a self-serving declaration which is contrary to his recent sworn deposition testimony as Absolute's 30(b)(6) designee regarding Absolute's alleged damages. In addition, Absolute attempts to rely on previously undisclosed documents and information developed well after the discovery cut-off and the deadline for producing expert reports and opinions.

While not included in its opposition to Coffman's motion (though referenced in footnote 1), Absolute has also submitted in opposition to Brechan's parallel motion the unsupported and conclusory declaration of its retained business valuation expert, Donovan Rulien. That declaration, without any analysis or recitation of factors relied on, other than some unidentified "testimony of Dave Olson that has been provided to me," asserts a position regarding Absolute's current value which was not stated in Mr. Rulien's expert report and on which Mr. Rulien was unprepared and unable to opine upon at his June 27, 2006 deposition.

**LANE POWELL LLC**
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

The court should reject the improper and unsupported arguments put forth by Absolute and enter partial summary judgment dismissing Absolute's business devastation claims.

## II. DISCUSSION

Without rearguing the matters set forth in Coffman's opening brief, that brief made it clear that as of the close of discovery and the deadline for expert reports, Absolute had no expert opinion or other evidence from which a jury could determine Absolute's current value. Coffman's brief referenced the undisputed facts establishing that whatever its value might be, Absolute was an on-going business.

Coffman denies it is at fault for any damages, including alleged business devastation damages, claimed by Absolute. Coffman further flatly rejects the assertions of Absolute and Dave Olson's long time accountant-turned-business-valuation expert Donovan Rulien regarding the value of Absolute as of December 31, 2003. Nonetheless, for the purposes of the instant motion, Coffman relies on the undisputed fact that the record is and remains devoid of evidence of Absolute's current value, or its value at any time subsequent to December 31, 2003. As previously pointed out, established authority holds that in the absence of expert testimony from which a jury can determine the amount of any change in Absolute's value, the business devastation claim fails and should be dismissed. *Geolar, Inc. v. Gilbert/Commonwealth Inc. of Michigan*, 874 P.2d 937, 947 (Alaska 1994).

In its opposition, Absolute seeks to avoid summary judgment by arguing essentially that disputed material facts exist which allow it to throw a big business devastation number in front of the

**LANE POWELL LLC**
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511 Facsimile 907.276.2631

jury and let the jury emote as to the quantum of Absolute's alleged business devastation. However, none of Absolute's asserted rationales for proceeding with its business devastation are valid.

First, Absolute claims it can establish the current value of the company to be zero based on the testimony of its president Dave Olson. This assertion is fallacious for a variety of reasons. Initially, in his August 18, 2003 declaration (Docket # 253), Dave Olson asserts that Absolute has no "net worth" and that no expert opinion is required to establish that fact. However, there is no evidence that "value" and "net worth" are the same thing or even comparable. Certainly, the expert report prepared by Mr. Rulien does not reach its conclusion based on the "net worth" of Absolute, but rather considers a variety of factors to establish Mr. Rulien's opinion as to the companies "value" as of December 31, 2003. As Mr. Rulien clearly notes in his engagement letter to Absolute, "The purpose of the valuation is to render an opinion as to the **fair market value** of 100 percent equity interest of Absolute Environmental Services, Inc. and Sad Leasing, Inc. as of December 31, 2003." Docket 263, Declaration of Donovan Rulien, Exhibit B at 3 (March 15, 2006 letter from Donovan Rulien to David E. Olson) (emphasis added). He goes on to note "[our] approach has been to determine the value which would provide a reasonable return on investment to an investor." *Id.* at 5. At his deposition, Mr. Rulien further clarified that his proposed determination of Absolute's "value" reflected "what a rational buyer would pay to a rational seller in order to purchase the business." Exhibit 1 to declaration of counsel.

Beyond that, as noted in Coffman's opening brief, Mr. Olson has previously testified under oath that he had no idea as to the value of Absolute and that he simply adopted the opinions of his

**LANE POWELL LLC**
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511 Facsimile 907.276.2631

**Coffman's Reply in Support of Motion for Partial Summary Judgment Dismissing
Claim by Plaintiff Absolute Environmental Services Inc. for Business Devastation Damages**
*Absolute Envtl. Servs., Inc. v. Forrest McKinley, et al.* (Case No. 3:03-cv-00199-RRB)   Page 5 of 9

expert, Mr. Rulien.[1]  Now, in its opposition, Absolute seeks for the first time to insert into the record evidence of Absolute's current "value" through Mr. Olson's self-serving opinion of Absolute's "net worth," expressed for the first time in his declaration, and based on documents not previously produced and developed after the close of discovery.  Mr. Olson relies on a so-called "balance sheet" and "profit and loss statement" which both supposedly reflect information as of July 31, 2006, well after the close of discovery.  Docket 252, Declaration of David Olson, Exhibits A and B.  There is no indication as to who developed the balance sheet and the profit and loss statement or where the information came from.[2]  There has been no opportunity to examine Mr. Olson, Mr. Rulien, or anyone else regarding the content of these unsupported documents.[3]

---

[1]     Q . . . am I correct in hearing that you don't have any kind of independent basis for valuating these claims, that you'd have to—for evaluating the business you would have to defer to Mr. Rulien and whatever work he did?
A (Mr. Olson):  I said I would have to look at the reports. . . .  And like I said, I have reviewed those reports and concur with the opinions expressed in those reports.

Exhibit 2 to declaration of counsel.  (June 9, 2006 30(b)(6) damages deposition of Absolute nominee David E. Olson, at 21-22.)

[2] While the documents offered by Mr. Olson have not been previously produced and the background information not provided, several quick observations underscore they would be subject to questioning.  In Exhibit A, the balance sheet, a liability of over $67,000 to Sad Leasing is noted, yet Mr. Rulien's December 31, 2003 valuation includes the combined value of both Absolute and its wholly owned related entity, Sad Leasing.  Absolute significantly reduces the value of its current assets by deducting "accumulated depreciation" of over $500,000, but fails to indicate how that number is derived or what relationship, if any, that number has to the actual market value of the depreciated equipment.  Nor does the balance sheet indicate whether it includes the value or other assets of Sad Leasing, Inc.  Looking briefly at the so-called profit and loss statement (Exhibit B), it appears that a profit of some $143,844 (or some 14.5% of job revenue) would be reflected, but for the deduction of some unexplained $436,347.37 of "professional services" which almost certainly relate to attorneys fees and/or expert witness charges for this litigation.

[3] During discovery, Mr. Rulien and Mr. Olson indicated that updated financial information pertaining to Absolute's value after December 31, 2003 had not been prepared.  Exhibit 1 to attached declaration of counsel at 102 and Exhibit 2 at 53-54.

**LANE POWELL** LLC
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

**Coffman's Reply in Support of Motion for Partial Summary Judgment Dismissing
Claim by Plaintiff Absolute Environmental Services Inc. for Business Devastation Damages**
*Absolute Envtl. Servs., Inc. v. Forrest McKinley, et al.* **(Case No. 3:03-cv-00199-RRB)**            **Page 6 of 9**

It is well established that "uncorroborated and self-serving declarations . . . do not create any genuine issues of material fact." *DuBois v. Association of Apartment Owners of 2987 Kalakaua*, 453 F.3d 1175, 1180 (9th Cir. 2006) (citing *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002)). *See also Federal Trade Commission v. Publishing Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1996) ("A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact."). A party "cannot create a genuine issue of material fact by submitting a contradictory declaration, which appears to be offered to avoid summary judgment"). *U.S. v. TRW Rifle 7.62X51mm Caliber, One Model 14 Serial 593006*, 447 F.3d 686, 692 n.10 (9th Cir. 2006). "One cannot create an issue of fact by simply contradicting one's own previous statement." *Silas v. Babbitt*, 96 F.3d 355, 358 (9th Cir.1996). *See also Cleveland v. Policy Management Systems Corp.*, 526 U.S. 795, 806-07 (1999) (approving lower courts' holding that there exists "virtual unanimity that a party cannot create a genuine issue of fact sufficient to survive summary judgment simply by contradicting his or her own previous sworn statement (by, say, filing a later affidavit that flatly contradicts that party's earlier sworn deposition) without explaining the contradiction or attempting to resolve the disparity").[4]

Beyond the deficiencies already noted, Absolute's assertion that its current value can be established through the testimony of Dave Olson, rather than through expert opinion, is not only

---

[4] This well established precedent is equally applicable to the terse declaration of Donovan Rulien filed in support of Absolute's opposition to Brechan's business devastation motion and referenced in footnote 1 of Absolute's opposition to Coffman's motion. Not only is Rulien's declaration inconsistent with and utterly beyond his expert report and deposition testimony; there is also no attempt to explain or resolve the disparity. Mr. Rulien simply asserts he has come to his new, previously unexpressed opinion based on "testimony of Dave Olson that has been provided to me" without identifying the "testimony" to which he is referring or how such testimony would form the basis of any new opinion of Absolute's current value.

**LANE POWELL LLC**
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

wrong; it is flatly inconsistent with the position Absolute has taken in its Motion to Dismiss or Cap Certain Claims alleged by Emerco, Inc. Docket 227. In its motion, Absolute noted that Emerco, in response to discovery efforts regarding alleged damages, never produced evidence to support claims and that it had allowed the discovery cut-off and deadline to disclose expert witness reports pass without providing admissible evidence to support damage claims. *Id.* at 8.

Beyond that, Absolute specifically observed that Emerco's damage claims were a form of alleged economic loss "which must be established by expert opinion . . . Emerco has no expert to establish interference or delay damages." *Id.* at 8-9 (citations omitted). Absolute also went on in the same motion to assert that Emerco's claims for lost profits should be dismissed at being purely speculative, citing Alaska authority for the proposition that "It is well established that a plaintiff has to prove its damages with 'reasonable certainty.'" *Id.* at 10 (citations omitted).

Clearly Absolute has adopted an inconsistent position wherein it would have the controlling Alaska law applied to have this court dismiss Emerco's improperly supported damage claims against Absolute, but would have a different, improper standard applied to allow its unsupported, speculative business devastation claims against Brechan and Coffman go to the jury.

## CONCLUSION

Contrary to Absolute's assertion, Coffman has not attempted to "invade the province of the jury." Rather, Absolute had ample time after asserting its alleged business devastation to prepare and introduce proper evidence from which the jury could determine the value of Absolute prior and subsequent to the Kodiak cargo wharf project. However, Absolute totally failed to provide any evidence as to the critical second part of the equation prior to the close of discovery. Its post

**LANE POWELL LLC**
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

**Coffman's Reply in Support of Motion for Partial Summary Judgment Dismissing
Claim by Plaintiff Absolute Environmental Services Inc. for Business Devastation Damages**
*Absolute Envtl. Servs., Inc. v. Forrest McKinley, et al.* **(Case No. 3:03-cv-00199-RRB)**        **Page 8 of 9**

discovery effort to rely on previously unproduced evidence and previously unexpressed opinions is improper, as is its inconsistent assertion that its damages, as opposed to the damages sought against it by Emerco, may be entirely speculative and unsupported by competent expert testimony.

For the reasons stated here and in its opening brief, Absolute's business devastation claims should be dismissed.

DATED this 30th day of August, 2006.

                                      LANE POWELL LLC
                                      Attorneys for Coffman Engineers, Inc.

By  s/ Peter C. Partnow
    Peter C. Partnow, ASBA No. 7206029
    301 W. Northern Lights Blvd., Suite 301
    Anchorage, Alaska 99503-2648
    Tel:  907-277-9511
    Fax:  907-276-2631
    Email:  PartnowP@LanePowell.com

I certify that on August 30, 2006, a copy of the foregoing was served electronically on the following:

William R. Baerg, baerg@mmlawyers.com
Eric J. Brown, ebrown@jdolaw.com
Robert J. Dickson, acgecf@acglaw.com
Patrick J. Duffy, duffy@mmlawyers.com
Jami K. Elison, jamie@mhf-law.com
Michael E. Kreger, mkreger@perkinscoie.com
Terry R. Marston, terry@mhf-law.com
James B. Stoetzer, stoetzerj@lanepowell.com

and by mail on:

Paul J. Nangle, Paul J. Nangle & Associates
101 Christensen Dr, Anchorage, AK 99501

 s/Peter C. Partnow

011680.0076/156335.1

**LANE POWELL LLC**
301 W. Northern Lights Blvd., Suite 301  Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

**Coffman's Reply in Support of Motion for Partial Summary Judgment Dismissing
Claim by Plaintiff Absolute Environmental Services Inc. for Business Devastation Damages**
*Absolute Envtl. Servs., Inc. v. Forrest McKinley, et al.* (Case No. 3:03-cv-00199-RRB)      **Page 9 of 9**