Michael E. Kreger
James N. Leik
Perkins Coie LLP
1029 W. Third Avenue, Suite 300
Anchorage, Alaska  99501
(907) 279-8561
(907) 276-3108 (Facsimile)
mkreger@perkinscoie.com

Attorneys for Defendants Brechan Enterprises, Inc.
and Safeco Insurance Company of America

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska corporation,<br><br>    Plaintiff,<br>v.<br><br>FORREST J. MCKINLEY, et al.,<br><br>    Defendants. | Case No. 3:03-cv-0199-RRB |

**BRECHAN AND SAFECO'S REPLY BRIEF IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT TO DISMISS ABSOLUTE'S "BUSINESS DEVASTATION" CLAIM AND MOTION IN LIMINE TO EXCLUDE TESTIMONY CONCERNING ALLEGED BUSINESS DEVASTATION (Docket No. 219)**

Brechan Enterprises and Safeco moved to exclude testimony of Absolute's

retained experts regarding Absolute's business devastation claims, and moved for

partial summary judgment to dismiss the business devastation claim.  These

motions should be granted.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

Absolute hired two experts on damages. Both of Absolute's retained experts prepared Rule 26 reports, and both were deposed. Both testified under oath that they had not formed any opinion regarding the damages claimed by Absolute in the category of "business devastation." Mr. Lembke deferred entirely to Mr. Rulien. Mr. Rulien said that his sole opinion related to Absolute's value in 2003, that he had no opinion regarding Absolute's current value, and that he had not formed any opinion about the value of Absolute's business devastation claim. See Brechan's Opening Brief (Docket 219) at 4-6.

To confirm that it had complete information about Absolute's business devastation damage claims, on June 9, 2006, Brechan also took Absolute's deposition, pursuant to Rule 30(b)(6). At this deposition, Absolute's president, David Olson, testified that he had no knowledge concerning Absolute's current value. Absolute Env. Dep. at 39 (Ex. 4 to Brechan's Opening Brief, Docket 219). Thus, when discovery closed, and when dispositive motions were due, the state of the record was that Absolute had presented an expert witness who purported to state Absolute's value in 2003, but both of its expert witnesses denied having any opinion as to Absolute's current value, and Absolute also denied that it had any knowledge concerning its current value.

Based on this information, Brechan and Coffman filed their dispositive motions and motions in limine concerning Absolute's business devastation claim. The law is clear that in order to prove a business devastation claim, the plaintiff must present competent evidence of value before and after the alleged devastating events. Geolar, Inc. v. Gilbert/Commonwealth Inc. of Michigan, 874 P.2d 937,

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

947 (Alaska 1994). The above testimony established that Absolute could not meet its burden of demonstrating Absolute's current value.

Now, after the deadline for disclosure of expert testimony is long past, and after dispositive motions were due and have been filed, Mr. Olson has apparently discovered that he does know Absolute's current net worth and its fair market value, and Mr. Rulien has apparently discovered that he does have an opinion about Absolute's current fair market value. In support of Mr. Olson's statement, he refers to a "balance sheet" and a "profit and loss statement" that Absolute never disclosed until it filed its opposition to Coffman's motion, on August 21, 2006.

The Court should reject these last-minute efforts to resuscitate this claim. The proposed testimony about Absolute's current value is inadmissible, for a host of reasons set forth below. Since Absolute is unable to meet its burden of demonstrating Absolute's current value—the second half of the business devastation equation—the claim must be dismissed.

I.    **Rulien and Lembke Cannot Testify Regarding Absolute's Current Value, or the Value of Absolute's Business Devastation Claim.**

The first step in this analysis is to consider the retained experts, Michael Lembke and Donovan Rulien. Under Fed. R. Civ. P. 26(a)(2) and the Court's pretrial order, Absolute was required to disclose reports that stated their opinions, and the basis for their opinions. Rulien's report did not express any opinion about Absolute's present worth, or any opinion concerning the value of any business devastation claim. Rulien's report only discussed Absolute's value as of December 2003. Lembke's report had one line that referred to a business devastation claim for $2.28 million, but at his deposition he testified that he had not done any

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

analysis of this claim and he was not expressing an opinion on it.  So, based on their Rule 26 reports and their deposition testimony, neither of Absolute's experts have any basis for testifying about Absolute's current value, or the value of its business devastation claim.  See Brechan's Opening Brief at 2-6.

In Absolute's opposition brief, it does not dispute anything stated in the preceding paragraph.  But, it says that at trial, Lembke <u>or</u> Rulien may testify about opinions concerning the value of the business devastation claim.  Absolute's Opposition Brief at 4.  Absolute gives no explanation for why Lembke could possibly testify about this subject.  Absolute has submitted a declaration from Mr. Rulien, in which he states that "based on the testimony of Dave Olson that has been provided to me", he has concluded that "AESI has no fair market value" and that AESI "has been devastated and has lost all that value."  Rulien Dec. at ¶ 3.

Rulien's proposed testimony violates Federal Rule of Civil Procedure 26 and the pretrial order, and the Court should exclude and disregard it for that reason alone.  Under Rule 26(a)(2), Absolute was required to fully disclose Rulien's opinions.  Under the pretrial orders, Absolute's expert reports were due on March 21, 2006, with supplemental reports due by July 3, 2006.  In addition, under Rule 26(a)(1)(C), Absolute was required to fully disclose the basis for its damages claims.  Nevertheless, Rulien's opinions concerning Absolute's current value were never disclosed.  Therefore, under Federal Rule of Civil Procedure 37(c), his opinions cannot be considered in relation to this motion.  This rule provides: "A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) . . . is not, unless such failure is harmless, permitted to use as evidence . . . on a motion any witness or information

**PERKINS COIE LLP**
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

**ABSOLUTE v. MCKINLEY, et al.**
**Case No. 3:03-cv-0199-RRB**                - 4 -                [38599-0012/AA062380.001]

not so disclosed." This prohibition against the use of previously-undisclosed information is self-executing and automatic, in that no prior motion is required in order to exclude the undisclosed information from the Court's consideration. <u>Yeti by Molly Ltd. v. Deckers Outdoor Corp.</u>, 259 F.3d 1101, 1106 (9th Cir. 2001) (affirming exclusion of testimony of defendant's sole damages expert as sanction for non-disclosure).

Absolute's failure to disclose an expert's opinion that Absolute's fair market value is zero is not harmless.[1] Absolute's current value is an essential part of any claim for business devastation, but Absolute did not have its experts address this issue, or disclose any such opinions. If Absolute had disclosed this position earlier, defendants would have conducted discovery and expert analysis to determine (1) whether this assessment of Absolute's fair market value is correct; and (2) what caused Absolute's current financial condition. Defendants are not required to accept Absolute's conclusions on either point.

## II.    Donovan Rulien's August 21, 2006 Declaration Does Not Demonstrate a Genuine Issue of Material Fact on Absolute's Business Devastation Claim

Even if the Court were to consider Rulien's August 21, 2006 declaration regarding Absolute's current fair market value, his declaration does not create a genuine issue of material fact for purposes of this motion for partial summary judgment, for several reasons.

---

[1] Absolute has the burden of proving that its failure to disclose was harmless. <u>Yeti by Molly</u>, 259 F.3d at 1107.

**PERKINS COIE LLP**
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

First, in order to create a genuine issue of material fact, the party opposing summary judgment must present <u>admissible</u> evidence. Rulien's testimony concerning Absolute's current value is not admissible. Under FRE 702, expert opinion testimony is admissible only if: (1) the testimony is based upon sufficient facts or data; and (2) the testimony is the product of reliable principles and methods; and (3) the witness has applied the principles and methods reliably to the facts of the case. Rulien has not established any basis for his conclusory opinion that Absolute currently has no fair market value. In his declaration, he does not state that he has reviewed any financial data, or performed any of the complex analyses that he has otherwise indicated are necessary in order to assess the fair market value of a business. His <u>only</u> source for his new opinion is unspecified and undisclosed "testimony of Dave Olson that has been provided to me." Rulien Dec. at ¶ 3. On its face, this source does not meet the reliability test for expert opinion under Rule 702. As discussed below, Mr. Olson admits that he has no experience or expertise in business valuation. Moreover, he is not a reliable source for an independent expert's valuation of his business. The statements of a business owner who is highly motivated by his litigation objectives are not a reliable basis for valuing a business. Thus, Rulien's opinions concerning Absolute's present fair market value do not meet the requirements for admissibility under FRE 702.

Absolute apparently thinks that Rulien's testimony about Absolute's current value is admissible under Federal Rule of Evidence 703. That is wrong. FRE 703 permits an expert witness to rely on otherwise inadmissible testimony, but only if that testimony is "of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject." Rulien's

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

ABSOLUTE v. MCKINLEY, et al.
Case No. 3:03-cv-0199-RRB                    - 6 -                    [38599-0012/AA062380.001]

declaration does not establish this foundation. His declaration does not state that business valuation experts reasonably form their opinions about the current value of a business based solely on the statements of the business's owner (the only source which Rulien identifies in his affidavit). Moreover, FRE 703 is not a way to evade the admissibility requirements in FRE 702. Thus, even if it is permissible for Rulien to rely on what Olson has told him, that does not make Rulien's opinion reliable, as required by FRE 702.[2]

For these reasons and the reasons stated in Brechan's Opening Brief (Docket 219), the Court should exclude any testimony by Lembke or Rulien regarding Absolute's alleged business devastation damages.

## III. David Olson Cannot Testify Regarding Absolute's Current Net Worth or Its Fair Market Value.

In opposition to this motion, Absolute also attempts to rely on testimony of David Olson and attached financial statements to establish Absolute's current value. In his declaration dated August 18, 2006, Mr. Olson states his opinion that Absolute currently has a negative net worth, and no fair market value. Olson Dec. at ¶¶ 2, 3, 4, 5. With his declaration, Mr. Olson submitted documents labeled "Balance Sheet as of July 31, 2006" and "Profit & Loss/January through July 2006".

---

[2] "When an expert relies on inadmissible information, FRE 703 requires the trial court to determine whether that information is of a type reasonably relied on by other experts in the field. If so, the expert can rely on the information in reaching an opinion. However, the question whether the expert is relying on a sufficient basis of information—whether admissible information or not—is governed by the requirements of FRE 702." Advisory Committee Note to 2000 Amendment to Federal Rule of Evidence 702.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

Olson's testimony is inadmissible.  First, Olson's testimony is barred by

Olson's previous testimony at Absolute's Rule 30(b)(6) deposition on June 9, 2006.

At that deposition, Olson testified, on behalf of Absolute, as follows:

> Q:    . . . Do you have any idea about Absolute
>        Environmental Services current worth?
>
> A:    No.

Absolute Env. Dep. at 39 (Ex. 4 to Brechan's Opening Brief).  Absolute is bound

by that testimony, and is not permitted to abandon it in response to a motion for

summary judgment.[3]

Even aside from this, Olson's testimony concerning Absolute's current

financial condition is inadmissible under Federal Rules of Evidence 602, 702 and

802.  First, his statements are inadmissible under FRE 602.  Although Olson

makes the conclusory statement that he has personal knowledge of the company's

profit and loss status and its current net worth, Olson Dec. at ¶ 2, his declaration

states no facts to support his assertion of personal knowledge regarding Absolute's

net worth or its fair market value.  He previously testified that he has no

accounting background,[4] so there is no reason to believe that he personally

prepared the profit and loss statement or the balance sheet.  In any event, he has

not established any such foundation for his statements.  The statements are

---

[3] Orr v. Bank of America, NT & SA, 285 F.3d 764, 780 n.28 (9th Cir. 2002) ("We find her affidavit to be a sham submitted in an attempt to create a triable issue.  Because Orr's deposition testimony contradicts her affidavit, Orr has not raised a triable issue of fact"); Burrell v. Star Nursery, Inc., 170 F.3d 951, 954 (9th Cir. 1999).

[4] Absolute Dep. at 39 (Ex. 4 to Brechan's Opening Brief, Docket 219).

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

**ABSOLUTE v. MCKINLEY, et al.**
**Case No. 3:03-cv-0199-RRB**                              - 8 -                              [38599-0012/AA062380.001]

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

inadmissible on that basis.  See Fed. R. Civ. P. 56(e) (opposing affidavits must be based on personal knowledge and set forth facts admissible in evidence); FRE 602 (requiring evidence sufficient to support a finding that the witness has personal knowledge).[5]  If Mr. Olson is repeating what he learned from Absolute's bookkeeper or accountant, or from reading documents that someone else prepared, his statements are inadmissible hearsay, as they are offered for the purpose of proving the truth of his assertions about Absolute's financial condition.  FRE 802.[6]

Absolute insists that Olson's opinions are admissible under FRE 702.  See Absolute's Opposition Brief at p. 4.  But FRE 702 requires that the witness is "qualified as an expert by knowledge, skill, experience, training or education."  Olson does not have any of these qualifications to testify concerning Absolute's value.  At Absolute's 30(b)(6) deposition, Olson was asked if he had enough knowledge and background to put a reasonably accurate value on Absolute's worth.  He testified that he did not: "I don't have an accounting background and I don't have a --- I've never done a business valuation of any business before."  Absolute Dep. at 39 (Ex. 4 to Brechan's Opening Brief, Docket 219).  In his August 18, 2006 declaration, he repeats that "I am not an expert on business valuation."  Olson Dec. at ¶ 3.  Consequently, Olson's opinions about Absolute's

---

[5] See Norita v. Northern Mariana Islands, 331 F.3d 690, 697-98 (9th Cir. 2003) (affidavit testimony excluded on summary judgment due to absence of personal knowledge); Carmen v. San Francisco Unified School District, 237 F.3d 1026, 1028 (9th Cir 2001).

[6] Norita, 331 F.3d at 698.

current net worth and current fair market value are not admissible. His own

testimony establishes that he is not competent to testify about these issues.[7]

Exhibits A and B to Olson's declaration are also inadmissible, because

they are hearsay. FRE 802. Mr. Olson's declaration does not contain any

foundation for an exception to the hearsay rule with respect to these documents.

Finally, pursuant to Fed. R. Civ. P. 37(c), discussed above, Olson's

declaration and the financial information submitted with it should be disregarded

based on Absolute's violation of Fed. R. Civ. P. 26(a)(1)(C). This provision

requires plaintiff to disclose:

> a computation of any category of damages claimed by the
> disclosing party, making available for inspection and
> copying as under Rule 34 the documents or other
> evidentiary material, not privileged or protected from
> disclosure, on which such computation is based . . .

See also Fed. R. Civ. P. 26(e)(1) (requiring supplemental disclosure). Absolute

did not disclose Olson's testimony, or this financial information, until August 25,

2006, when it filed Olson's August 18, 2006 declaration in response to Coffman's

motion for summary judgment. Absolute's failure to disclose this information at

any earlier date prohibits Absolute from using this information to oppose

---

[7] Even if Olson had qualifications to state an expert opinion under
FRE 702, his opinion would be inadmissible because no foundation has been
established to demonstrate the reliability of his opinion as to Absolute's value, as
required by FRE 702.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

ABSOLUTE v. MCKINLEY, et al.
Case No. 3:03-cv-0199-RRB                    - 10 -                    [38599-0012/AA062380.001]

Brechan's motion for summary judgment.  Fed. R. Civ. P. 37(c); <u>Yeti by Molly</u>

<u>Ltd.,</u> 259 F.3d at 1106.[8]

## IV.    The Court Should Grant Partial Summary Judgment on the Business Devastation Claim

To establish a prima facie case of business devastation, Absolute must

establish its <u>value</u> before and after the alleged devastation.  <u>Geolar, Inc.</u>, 874 P.2d

947.  Failure to establish the business's <u>value</u> at either end is fatal to the claim.  <u>Id.</u>

As discussed above, Absolute does not have admissible evidence to establish its

current value.  Since Absolute cannot establish this essential element, Brechan is

entitled to summary judgment.

Absolute seems to argue that even though it has no admissible evidence to

establish Absolute's current value, it can satisfy its burden by advancing testimony

from Mr. Olson stating that Absolute has experienced various financial

difficulties.  He says that Absolute has borrowed money, has sold some of its

assets, and hasn't paid its bills when due.  Olson Dec. at ¶ 16.  But none of those

alleged facts meet Absolute's burden of demonstrating Absolute's *value*.  A

business could do or experience all of these things, and still have value.  Thus, a

qualified expert might consider each of these points in reaching his or her opinion

on value, but by themselves they do not establish value, and are not sufficient to

meet Absolute's burden of establishing its current value.  Therefore, those alleged

facts do not create a genuine issue of material fact on Absolute's business

devastation claim.

---

[8] For the reasons stated above, Absolute's failure to disclose is not
harmless.

**PERKINS COIE LLP**
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

**ABSOLUTE v. MCKINLEY, et al.**
**Case No. 3:03-cv-0199-RRB**                     - 11 -                     [38599-0012/AA062380.001]

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

## CONCLUSION

Brechan's motion to exclude the testimony of Mr. Rulien and Mr. Lembke regarding business devastation damages should be granted.  Their Rule 26 reports and their deposition testimony demonstrate that they did not analyze this claim and did not form any relevant opinions.  Mr. Rulien's last-minute "opinion", stated in his August 21, 2006 declaration, is both untimely and inadmissible.

Brechan's motion for partial summary judgment dismissing Absolute's business devastation claim should be granted.  There is no admissible testimony upon which a jury could determine the claimed damages.

DATED at Anchorage, Alaska on August 31, 2006.

PERKINS COIE LLP
Attorneys for Defendant
Brechan Enterprises, Inc.

By   /s/ Michael E. Kreger
    Michael E. Kreger
    Alaska Bar No. 8311170
    James N. Leik
    Alaska Bar No. 8111109
    Perkins Coie LLP
    1029 W. Third Avenue, Suite 300
    Anchorage, Alaska  99501
    (907) 279-8561
    (907) 276-3108 (Facsimile)
    Email:  mkreger@perkinscoie.com

I hereby certify that on August 31, 2006, the
foregoing has been served by electronic mail on
Robert J. Dickson, Peter C. Partnow, William R.
Baerg, Terry R. Marston II, James B. Stoetzer, and
Eric J. Brown.
  /s/ Michael E. Kreger
    Michael E. Kreger

ABSOLUTE v. MCKINLEY, et al.
Case No. 3:03-cv-0199-RRB                    - 12 -                    [38599-0012/AA062380.001]