Peter C. Partnow, ASBA No. 7206029
James B. Stoetzer, ASBA No. 7911130
Lane Powell LLC
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Tel: 907-277-9511
Fax: 907-276-2631
PartnowP@LanePowell.com

Attorneys for Third-Party Defendant
Coffman Engineers, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska corporation,<br><br>                          Plaintiff,<br><br>v.<br><br>FORREST J. MCKINLEY, an individual, d/b/a "Imperial Industrial Coatings" and EMERCO, INC., a California corporation d/b/a Imperial Industrial Coatings, BRECHAN ENTERPRISES, INC., an Alaska corporation; and SAFECO INSURANCE COMPANY OF AMERICA, a Washington corporation,<br><br>                          Defendants. | Case No. 3:03-cv-00199-RRB<br><br>**COFFMAN'S REPLY TO ABSOLUTE'S OPPOSITION TO COFFMAN'S MOTION FOR SUMMARY JUDGMENT REGARDING NEGLIGENT AND FRAUDULENT <u>MISREPRESENTATION CLAIMS</u>** |
| EMERCO, INC., a California corporation d/b/a Imperial Industrial Coatings, and the States for Use and Benefit of EMERCO, INC.,<br><br>  Counterclaimant/Third-Party Claimant,<br><br>   v.<br><br>ABSOLUTE ENVIRONMENTAL SERVICES INC., an Alaska corporation, et al.,<br><br>  Cross-Defendants/Third-Party Defendants. | |

**LANE POWELL LLC**
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511   Facsimile 907.276.2631

| |
|---|
| THE UNITED STATES OF AMERICA *for the use and benefit of* ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation,<br><br>                              Plaintiff,<br><br>v.<br><br>SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation.<br><br>                              Defendants. |
| BRECHAN ENTERPRISES, INC., an Alaska corporation,<br><br>                              Counterclaim Plaintiff,<br><br>v.<br><br>ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation,<br><br>                              Counterclaim Defendant. |
| BRECHAN ENTERPRISES, INC., an Alaska corporation,<br><br>                              Third-Party Plaintiff,<br><br>v.<br><br>COFFMAN ENGINEERS, INC, a Washington Corporation.<br><br>                              Third-Party Defendant. |
| ABSOLUTE ENVIRONMENTAL SERVICES INC., an Alaska Corporation,<br><br>                              Plaintiff/Cross-Claimant,<br><br>v.<br><br>COFFMAN ENGINEERS, INC, a Washington Corporation.<br><br>                              Third-Party Defendant. |

## I. INTRODUCTION

Third party defendant and cross-defendant Coffman Engineers Inc. ("Coffman") submits this brief in reply to the opposition of plaintiff Absolute Environmental Services ("Absolute") to Coffman's Motion for Summary Judgment Regarding Negligent and Fraudulent Misrepresentation Claims. Absolute has failed to present any competent evidence sufficient to raise factual issues that would preclude entry of summary judgment as requested by Coffman.[1] Specifically, Absolute has failed to present any competent evidence to create material issues of fact relating to the facts relevant to this motion, including the following:

1. The <u>only</u> witness to have observed the weld conditions on both phases of the subject construction project was Coffman's Jerry Hardenbergh;

2. Mr. Hardenbergh's testimony establishes that the weld conditions in Phase 2 did not match those encountered in Phase 1, and the weld conditions in Phase 2 were vastly improved over those in Phase 1. See Declaration of Jerry Hardenbergh

Absolute has also failed to even attempt to refute the central proposition of this motion, namely, that because the weld conditions in Phase 1 were not replicated or duplicated during Phase 2, the condition of the Phase 1 welds was not a <u>material</u> fact with regard to Phase 2. As noted

---

[1] On August 25, 2006, four days after Absolute's materials in opposition to Coffman's motions were due, Absolute filed the Declaration of David Olson regarding Motions for Summary Judgment (document number 288). As explained in the motion of defendant Brechan Enterprises Inc. ("Brechan") to strike that declaration, and in Coffman's joinder in that motion, that declaration was untimely and filed without the leave of this Court as required by D.Ak. LR 7.1(h)(2). This failure on Absolute's part to comply with this local rule mandates that Mr. Olson's declaration and its exhibits be stricken and not considered as part of the record. In the reply briefs relating to its three summary judgment motions, Coffman will not address the untimely Olson declaration. If, however, the Court allows that declaration and its exhibits to become part of the record, Coffman hereby requests that it be provided the opportunity to respond to the declaration and to object to the many misstatements, mischaracterizations and unsupported representations contained therein.

**LANE POWELL LLC**
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

in Coffman's opening brief, this lack of materiality is fatal to Absolute's claims for negligent and fraudulent misrepresentation.

Finally, Absolute has failed to produce any evidence whatsoever that Coffman intended to perpetrate a fraud on Absolute. In the absence of evidence of intent on Coffman's part, Absolute's claim for fraudulent misrepresentation must be dismissed.

## II. ARGUMENT

### A. Absolute Has Produced No Evidence to Refute Hardenbergh's Testimony.

In its opposition submittal, Absolute does not even attempt to refute the fact that Mr. Hardenbergh was the only person to observe the weld conditions on both phases of the subject construction project. The best Absolute can muster in this regard is the unsupported statement on page 3 of its brief that "Coffman's pivotal factual allegation is hotly contested." This statement does not create a factual issue, nor do Mr. Olson's bald assertions at page 6 of his declaration in support of Absolute's opposition to Coffman's Motion for Partial Summary Judgment (regarding Absolute's business devastation claim, docket number 253). Mr. Olson states:

> The photographs of the locations of holiday proliferation on Phase 2 exactly coincides with the location of holiday proliferation documented in Phase 1 work performed by [Swalling].

Mr. Olson does not provide (or otherwise identify) these purported photographs to the Court or to the parties, nor does he provide any instruction or elucidation as to what those photographs supposedly show, who supposedly took them or when they were taken. It is well established that unsupported, self-serving and conclusory statements such as those of Absolute in its brief and Mr. Olson in his declaration are not sufficient to raise issues of material fact that would deflect a summary judgment motion. As the Ninth Circuit has stated in Federal Trade Commission v. Publishing Clearinghouse Inc., 104 F.3d 1168, 1171 (9th Cir. 1996):

**LANE POWELL LLC**
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

> A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence is insufficient to create a genuine issue of material fact.

These unsupported statements by Mr. Olson are not competent evidence and are insufficient to create factual issues regarding Mr. Hardenbergh's testimony that the Phase 1 weld conditions were not replicated on Phase 2. This fact is unrefuted and, as noted in Coffman's opening brief, because the Phase 1 weld conditions were not replicated on Phase 2, the condition of the Phase 1 welds were not material to the Phase 2 work. Thus, even, for the sake of summary judgment it were assumed that Coffman did engage in a misrepresentation, either negligently or fraudulently, that alleged misrepresentation did not relate to a <u>material</u> fact. Consequently, Absolute is unable to satisfy the element of materiality, which element must be established in order to prevail on its claims for negligent or fraudulent misrepresentation. Those claims should be dismissed on this basis.

**B.    <u>Absolute Has Failed to Produce Any Evidence of Intent to Commit Fraud.</u>**

As noted in Coffman's opening brief, in order to prevail on its claim for fraudulent misrepresentation, Absolute must establish that Coffman intended to commit fraud. However, instead of addressing its utter lack of proof regarding this required element, Absolute elects to discuss case authority relating to the standard of proof and that should be applied to this claim. Absolute cites such cases as <u>Dairy Queen of Fairbanks, Inc. v. Travelers Indem. Co. of America</u>, 748 P.2d 1169 (Alaska 1988) and <u>Gabaig v. Gabaig</u>, 717 P.2d 835 (Alaska 1986) for the proposition that fraud need be established only by a preponderance of evidence, and not by clear and convincing evidence.

Absolute's argument in this regard utterly ignores the fact that it has produced <u>no</u> evidence of intent on Coffman's part, and fails to address the case authority cited in Coffman's opening brief. Those cases, including <u>McHugh v. Church</u>, 583 P.2d 210 (Alaska 1978) and <u>Alaska Pacific Assur. Co. v. Collins</u>, 794 P.2d 936 (Alaska 1990) stand unequivocally for the proposition that in the absence of any evidence of intent to commit fraud, a claim for fraudulent misrepresentation is subject

**LANE POWELL LLC**
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

to dismissal on summary judgment. McHugh, supra at 217. That is precisely the situation which exists here. Absolute has presented no competent evidence of any intent on Coffman's part to commit fraud.

Again, Mr. Olson's unsupported statements in his declarations, (docket numbers 253 and 258) are conclusory, not based on personal knowledge and fail to present even circumstantial evidence of any intent on Coffman's part to perpetrate a fraud against Absolute. In the absence of such evidence, Absolute's fraud claim against Coffman must be dismissed.

### III. CONCLUSION

Absolute's negligent and fraudulent misrepresentation claims are based on the allegation that Coffman negligently or intentionally misrepresented the condition of the welds on Phase 1 of the Kodiak cargo wharf project. The only competent evidence regarding the relative weld conditions on the two phases of the project comes from Mr. Hardenbergh. Mr. Hardenbergh has testified unequivocally that the Phase 2 weld conditions did not replicate those found in Phase 1. Absolute has failed to refute this fact, or to raise any issues of material fact surrounding this issue. Absolute's failure in this regard is fatal to its negligent and fraudulent misrepresentation claims, since Absolute is unable to establish that the alleged misrepresentation related to a material fact. As a result, there is no dispute of material fact, and as a matter of law Absolute's negligent and fraudulent misrepresentation claims against Coffman should be dismissed.

Likewise, Absolute's failure to produce any evidence, circumstantial or otherwise, of an intent on Coffman's part to perpetrate a fraud against Absolute is fatal to Absolute's claim for fraudulent misrepresentation, and that claim should be dismissed on this basis as well.

**LANE POWELL LLC**
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511 Facsimile 907.276.2631

DATED this 31st day of August, 2006.

           LANE POWELL LLC
           Attorneys for Coffman Engineers, Inc.

By  s/ Peter C. Partnow
    Peter C. Partnow, ASBA No. 7206029
    301 W. Northern Lights Blvd., Suite 301
    Anchorage, Alaska 99503-2648
    Tel:  907-277-9511
    Fax:  907-276-2631
    Email:  PartnowP@LanePowell.com

I certify that on August 31, 2006, a copy of the foregoing was served electronically on the following:

William R. Baerg, baerg@mmlawyers.com
Eric J. Brown, ebrown@jdolaw.com
Robert J. Dickson, acgecf@acglaw.com
Patrick J. Duffy, duffy@mmlawyers.com
Jami K. Elison, jamie@mhf-law.com
Michael E. Kreger, mkreger@perkinscoie.com
Terry R. Marston, terry@mhf-law.com
James B. Stoetzer, stoetzerj@lanepowell.com

and by mail on:

Paul J. Nangle, Paul J. Nangle & Associates
101 Christensen Dr, Anchorage, AK 99501

 s/Peter C. Partnow

011680.0076/156391.1

**LANE POWELL LLC**
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631