IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENT SERVICES, INC., an Alaska Corporation,<br><br>      Plaintiff,<br><br>vs.<br><br>FORREST J. MCKINLEY, an individual d/b/a Imperial Industrial Coatings, and EMERCO, INC., a California Corporation d/b/a Imperial Industrial Coatings, BRECHAN ENTERPRISES, INC., an Alaska corporation; and SAFECO INSURANCE COMPANY OF AMERICA, a Washington corporation,<br><br>      Defendants.<br>_____<br><br>BRECHAN ENTERPRISES, INC., an Alaska corporation,<br><br>      Defendant and<br>      Third-Party Plaintiff,<br><br>vs.<br><br>COFFMAN ENGINEERS, INC., a Washington Corporation,<br><br>      Third-Party Defendant. | Case No. 3:03-CV-0199-RRB<br><br><br><br><br><br>**ORDER DENYING SAFECO'S**<br>**MOTION FOR SUMMARY**<br>**JUDGMENT AT DOCKET 213** |

**I.   INTRODUCTION**

      Before the Court is Defendant Safeco Insurance Company of America ("Safeco") with a Motion for Summary Judgment (Docket 213).

ORDER DENYING MOTION FOR SUMMARY JUDGMENT AT DOCKET 213 - 1
3:03-CV-0199-RRB

Safeco argues it is entitled to judgment as a matter of law because the single cause of action pled against it – a claim under the Miller Act, i.e., 40 U.S.C. § 3133 – is untimely. Plaintiff Absolute Environmental Services, Inc. ("Absolute") opposes at Docket 245.

## II. FACTS

Inasmuch as the facts are more than substantially briefed within the applicable pleadings, they are not repeated herein except as necessary.

## III. STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment should be granted if there is no genuine dispute as to material facts and if the moving party is entitled to judgment as a matter of law. The moving party has the burden of showing that there is no genuine dispute as to material fact.[1] The moving party need not present evidence; it need only point out the lack of any genuine dispute as to material fact.[2] Once the moving party has met this burden, the nonmoving party must set forth evidence of specific facts showing the existence of a genuine issue for trial.[3] All evidence presented by the non-movant must be

---

[1] Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

[2] Id. at 323-325.

[3] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-9 (1986).

believed for purposes of summary judgment, and all justifiable inferences must be drawn in favor of the non-movant.[4]  However, the nonmoving party may not rest upon mere allegations or denials, but must show that there is sufficient evidence supporting the claimed factual dispute to require a fact-finder to resolve the parties' differing versions of the truth at trial.[5]

**IV. DISCUSSION**

Absolute commenced a lawsuit alleging Miller Act claims on June 22, 2005.[6]  "A claim under the Miller Act must be brought 'no later than one year after the day on which the last of the labor was performed or material supplied by the person bringing the action.'"[7]

Safeco argues Absolute finished its work on the Project in November 2003[8]; whereby, its present Miller Act claim is untimely.  Absolute contends, however, that it demobilized for the first time on November 22, 2003, for its winter shutdown and did not complete its work under the contract until December, 2004.[9]

---

[4]   Id. at 255.

[5]   Id. at 248-9.

[6]   Clerk's Docket No. 245 at 7.

[7]   Clerk's Docket No. 213 at 1 (quoting 40 U.S.C. § 3133(b)(4)).

[8]   Id. at 2.

[9]   Clerk's Docket No. 245 at 3 (emphasis added).

While it is clear to the Court that Absolute performed "work" on the Project until December 2004, an issue of material fact remains as to whether the "work performed" was performed as: (1) "part of the contract" and/or "contract work"; or (2) "warranty work" and/or "repair work."[10]  Consequently, Safeco's Motion for Summary Judgment must be denied.

## V. CONCLUSION

Because the parties disagree as to the exact day on which the last day of "contract work" was performed or "material supplied," and because issues of material fact remain with regard to the same, the Court concludes summary judgment is inappropriate.

///
///
///
///
///

---

[10]  Indeed, whether the work was "part of the contract" is the critical test.  Id. at 7.

> To analyze whether a suit is timely under the Miller Act, "the test to be applied is whether the work was performed and the material supplied as part of the original contract or for the purposes of correcting defects, or making repairs following inspection of the project."

U.S. for Use and Benefit of Grinnell Corp. v. DNI, Inc., 106 F.3d 411 (9th Cir. 1997)(quoting U.S. for Use and Benefit of Austin v. Western Elec. Co., 337 F.2d 568, 572-73 (9th Cir. 1964))(emphasis added).  See also U.S. v. Reza, Inc., 30 Fed. Appx. 708 (9th Cir. 2002).

Safeco's Motion for Summary Judgment at Docket 213 is hereby **DENIED**.[11]

       ENTERED this 1st day of September, 2006.

                             /s/ RALPH R. BEISTLINE
                             UNITED STATES DISTRICT JUDGE

---

[11] Inasmuch as the Court concludes the parties have submitted memoranda thoroughly discussing the law and evidence in support of their positions, it further concludes oral argument is neither necessary nor warranted with regard to the instant matter. See Mahon v. Credit Bureau of Placer County, Inc., 171 F.3d 1197, 1200 (9th Cir. 1999)(explaining that if the parties provided the district court with complete memoranda of the law and evidence in support of their positions, ordinarily oral argument would not be required). As a result, the parties shall adjust their oral argument presentations accordingly.