Michael E. Kreger
Perkins Coie LLP
1029 W. Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561
(907) 276-3108 (Facsimile)
mkreger@perkinscoie.com

Attorneys for Defendants Brechan Enterprises, Inc.
and Safeco Insurance Company of America

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., et al., <br><br> Plaintiffs, <br> v. <br><br> FORREST J. MCKINLEY, et al., <br><br> Defendants. | Case No. 3:03-cv-0199-RRB |

**SUPPLEMENTAL REPLY TO ABSOLUTE'S OPPOSITION TO BRECHAN'S MOTION FOR SUMMARY JUDGMENT ON ABSOLUTE'S NEGLIGENT DESIGN, DIFFERING SITE CONDITION, CONSTRUCTIVE CHANGE, COVENANT OF GOOD FAITH AND FAIR DEALING, IMPLIED CONTRACT AND EQUITY CLAIMS**

This supplemental brief replies to an issue raised in Mr. Olson's recent declaration (Docket No. 289).[1] Mr. Olson's testimony is largely irrelevant to the

---

[1] This declaration is largely inadmissible because Mr. Olson lacks personal knowledge of the subject of his testimony. See e.g., Declaration of Dave Olson Regarding Motions for Summary Judgment at ¶¶ 3-41 (Mr. Olson claims that Absolute's lack of knowledge of these events at the time of contracting forms

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

ABSOLUTE v. MCKINLEY, et al.
Case No. 3:03-cv-0199-RRB                - 1 -                [38599-0012/AA062480.009]

issues before the court. The declaration does address one relevant issue – whether a "course of dealing" arose between Brechan and Absolute out of prior contracts concerning the availability of an adjustment in the contract price for a differing site condition, despite the absence of an agreement in the contract allocating this risk to Brechan. As explained below, Absolute's showing is insufficient as a matter of law to defeat Brechan and Safeco's motion for summary judgment on this issue.

I.  **As a Matter of Law, Mr. Olson's Declaration Cannot Establish a "Course of Dealing" Regarding the Risk of Differing Site Conditions.**

Brechan and Safeco moved for summary judgment on Absolute's "differing site conditions" claim because the agreement between Brechan and Absolute did not shift the risk of differing site conditions from Absolute. In opposition, Mr. Olson makes the conclusory statement that Absolute and Brechan have a "course of dealing" to allow Absolute to be compensated for differing site conditions. As a matter of law, this opposition is insufficient to deny Brechan and Safeco's motion for summary judgment.

Rule 56(e) requires that a party must set forth "specific facts" in order to oppose summary judgment. Conclusions without such supporting facts do not raise a genuine issue for trial. Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990). The only fact supporting Mr. Olson's conclusion that there is a "course of dealing" between Brechan and Absolute is a single contract from 2001, wherein Brechan wrote: "this will be a no change order project."

---

the basis of this lawsuit). Because the declaration only touches on a germane issue in this regard, the declaration, while inadmissible, is immaterial in any case.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

ABSOLUTE v. MCKINLEY, et al.
Case No. 3:03-cv-0199-RRB                    - 2 -                    [38599-0012/AA062480.009]

This single occasion, regardless of its import, cannot establish a course of dealing. As a matter of law, a party cannot establish a course of dealing upon a single transaction. Restatement (Second) of Contracts § 223(1) (1981) (a course of dealing is a <u>sequence of previous conduct</u> between the parties) (emphasis added); AS 45.01.205 (same); <u>Kern Oil & Refining Co. v. Tenneco Oil Co.</u>, 792 F.2d 1380, 1385 (9th Cir. 1986) (affirming exclusion of "course of dealing" evidence where the evidence "related to the negotiation of a single prior contract"), cert. denied, 480 U.S. 906, 107 S.Ct. 1349, 94 L.Ed.2d 520 (1987); 1 J. White & R. Summers, <u>Uniform Commercial Code</u> § 3-3, at 131 (3d ed. 1988) (noting that "a single occasion cannot constitute a sequence and therefore cannot be a course of dealing") (emphasis in original); <u>Nanakuli Paving and Rock Co. v. Shell Oil Co., Inc.</u>, 664 F.2d 772, 794 (9th Cir. 1981) ("[O]ne instance does not constitute a course of performance.").

Absolute has offered evidence that it has performed 35 contracts with Brechan. Declaration of Dave Olson Regarding Motions for Summary Judgment at ¶ 2. Setting aside the import of the proposed implied term, there is simply no basis to conclude that there is a "sequence of previous conduct between the parties" necessary to find that there is a course of dealing.[2]

Equally important, the notation that a particular contract would involve "no change orders" does not even speak to whether Brechan and Absolute had an

---

[2] Absolute has offered <u>no evidence</u> as to whether or not Absolute has been compensated in the past in other contracts where there is no differing site condition clause in the contract. Absolute has offered <u>no evidence</u> that Brechan has ever explicitly informed Absolute that it could receive compensation for differing site conditions in other contracts.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

ABSOLUTE v. MCKINLEY, et al.
Case No. 3:03-cv-0199-RRB — - 3 -                                    [38599-0012/AA062480.009]

agreement on that contract regarding the allocation of the risk of hitting differing site conditions. "Change orders" are defined in Article 4 of the same contract as occasions where the contractor "direct[s] the [s]ubcontractor in writing to make changes to the [s]ubcontractor's work." Under the language of the 2001 agreement, therefore, Brechan and Absolute agreed to forego compensable changes to work. As here, in the absence of conflicting extrinsic evidence, contract interpretation is a matter of law. Still v. Cunningham, 94 P.3d 1104 (Alaska 2004).[3] As a matter of law, the interlinear contract attached to Mr. Olson's declaration cannot be interpreted as the risk of a differing site condition.

## CONCLUSION

Mr. Olson's newly filed declaration does not impact Brechan and Safeco's motions for summary judgment. These motions should be granted.

DATED: September 6, 2006.

                     PERKINS COIE LLP
                     Attorneys for Defendant
                     Brechan Enterprises, Inc.

                     By   /s/ Michael E. Kreger
                          Michael E. Kreger
                          Alaska Bar No. 8311170

---

[3] To the extent that Absolute has an unexpressed subjective belief concerning the meaning of this provision in derogation of the express contract language, this subjective belief is entitled to no weight in contract interpretation. "Testimony of a party as to his subjective intentions concerning the meaning of a particular clause in a contact is not probative unless the party in some way expressed or manifested his understanding at the time of contract formation." Norville v. Carr-Gottstein Foods Co., 84 P.3d 996, 1003; citing Peterson v. Wirum, 625 P.2d 866, 870 (Alaska 1981).

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

ABSOLUTE v. MCKINLEY, et al.
Case No. 3:03-cv-0199-RRB          - 4 -                    [38599-0012/AA062480.009]

<div style="margin-left:50%">
Jacob B. Nist  
Alaska Bar No. 0211051  
Perkins Coie LLP  
1029 W. Third Avenue, Suite 300  
Anchorage, Alaska  99501  
(907) 279-8561  
(907) 276-3108 (Facsimile)  
Email:  mkreger@perkinscoie.com
</div>

I hereby certify that on September 6, 2006, the foregoing has been served by electronic mail on Robert J. Dickson, Peter C. Partnow, William R. Baerg, Terry R. Marston II, James B. Stoetzer, and Eric J. Brown.

  /s/ Michael E. Kreger  
      Michael E. Kreger

PERKINS COIE LLP  
1029 West Third Avenue, Suite 300  
Anchorage, Alaska 99501  
(907) 279-8561 / Facsimile (907) 276-3108

**ABSOLUTE v. MCKINLEY, et al.**  
Case No. 3:03-cv-0199-RRB        - 5 -        [38599-0012/AA062480.009]