Peter C. Partnow, ASBA No. 7206029
James B. Stoetzer, ASBA No. 7911130
Lane Powell LLC
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Tel:  907-277-9511
Fax:  907-276-2631
PartnowP@LanePowell.com

Attorneys for Third-Party Defendant
Coffman Engineers, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska corporation,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>FORREST J. MCKINLEY, an individual, d/b/a "Imperial Industrial Coatings" and EMERCO, INC., a California corporation d/b/a Imperial Industrial Coatings, BRECHAN ENTERPRISES, INC., an Alaska corporation; and SAFECO INSURANCE COMPANY OF AMERICA, a Washington corporation,<br><br>　　　　　　　　　Defendants. | Case No. 3:03-cv-00199-RRB<br><br>**COFFMAN'S SUPPLEMENTAL REPLY BRIEF REGARDING NEGLIGENT AND FRAUDULENT <u>MISREPRESENTATION CLAIMS</u>** |
| EMERCO, INC., a California corporation d/b/a Imperial Industrial Coatings, and the States for Use and Benefit of EMERCO, INC.,<br><br>　　Counterclaimant/Third-Party Claimant,<br><br>　　v.<br><br>ABSOLUTE ENVIRONMENTAL SERVICES INC., an Alaska corporation, et al.,<br><br>　Cross-Defendants/Third-Party Defendants. | |

**LANE POWELL** LLC
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

| |
|---|
| THE UNITED STATES OF AMERICA *for the use and benefit of* ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation,<br><br>          Plaintiff,<br><br>v.<br><br>SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation.<br><br>          Defendants. |
| BRECHAN ENTERPRISES, INC., an Alaska corporation,<br><br>          Counterclaim Plaintiff,<br><br>v.<br><br>ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation,<br><br>          Counterclaim Defendant. |
| BRECHAN ENTERPRISES, INC., an Alaska corporation,<br><br>          Third-Party Plaintiff,<br><br>v.<br><br>COFFMAN ENGINEERS, INC, a Washington Corporation.<br><br>          Third-Party Defendant. |
| ABSOLUTE ENVIRONMENTAL SERVICES INC., an Alaska Corporation,<br><br>          Plaintiff/Cross-Claimant,<br><br>v.<br><br>COFFMAN ENGINEERS, INC, a Washington Corporation.<br><br>          Third-Party Defendant. |

## I.
## INTRODUCTION

Third-Party Defendant and Cross-Claim Defendant Coffman Engineers, Inc. ("Coffman") submits this supplemental reply brief in connection with its Motion for Summary Judgment Against Plaintiff Absolute Environmental Services, Inc. ("Absolute") Regarding Negligent and Fraudulent Misrepresentation Claims. This brief was necessitated by Absolute's untimely filing of the Declaration of Dave Olson Regarding Motions for Summary Judgment, docket number 289.

The new Olson declaration was filed four days after the due date for Absolute's Memorandum in Opposition to Coffman's Motions and was objected to by defendant Brechan Enterprises Inc. ("Brechan") and Coffman. Absolute did not seek prior leave of this Court to file the new Olson declaration; instead, after it had filed the new Olson declaration it sought the Court's leave as required by governing local rules. In any event, on August 31, 2006, after Coffman had filed its reply briefs in connection with its summary judgment motions, this Court granted Absolute's motion.

The new Olson declaration unsuccessfully attempts to create factual issues. That declaration reads more like a closing argument of counsel than a recitation of facts. *See* Declaration of Terry Marston filed August 22, 2006 (docket number 279), and the "Replacement" thereof filed August 25, 2006 (docket number 286). Saying it is so, does not make it so. Absolute relies almost exclusively on unsupported, conclusory representations by Mr. Olson in his new declaration. Many of Mr. Olson's statements are misleading or mischaracterize evidence. Specifically, Absolute attempts to use photographs for which no foundation has been provided to attempt to refute the declaration and deposition testimony of Jerry Hardenbergh, a certified weld inspector, that Phase I weld conditions were not replicated on Phase II. Even if the photos were admissible, Mr. Olson has neither the personal knowledge nor the knowledge or training to testify as to what those photos depict. The lack

of an adequate foundation both for the photos themselves and for Mr. Olson's testimony regarding the photos' substance render all of Mr. Olson's testimony and the photos themselves, inadmissible.

Absolute also resorts to personal attacks on Mr. Hardenbergh in an attempt to manufacture issues of material fact to defeat Coffman's summary judgment motion. For example, Mr. Olson claims, falsely, that Mr. Hardenbergh has been "grossly and deliberately misleading" in his deposition testimony, in his sworn declarations, and in the reports he prepared during construction on the subject project. However, Mr. Olson fails to provide any factual or evidentiary support for <u>any</u> of these statements. All of Mr. Olson's statements are unsupported, ad hominum attacks are inadmissible without foundation or support, are inadmissible on that basis, and are utterly insufficient to defeat Coffman's motion.

In summary, that motion should be granted and Absolute's negligent and fraudulent misrepresentation claims should be dismissed.

## II.

## <u>ARGUMENT AND AUTHORITY</u>

**A.    <u>Olson's New Declaration Is Rife with Misleading, Unsupported and Inadmissible Statements.</u>**

It is well established that in order to create factual issues sufficient to defeat a summary judgment motion, the nonmoving party may not rely on uncorroborated, self-serving declarations. *See DuBois v. Association of Apartment Owners of 2987 Kalakaua*, 453 F.3d 1175, 1180 (9th Cir. 2006) (holding that "uncorroborated and self-serving declarations . . . do not create any genuine issues of material fact) (citing *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir.2002)).

Opposing declarations must set forth detailed facts, and must consist of admissible evidence. *See* Fed. R. Civ. Pro. 56(e); *Broderick v. King's Way Assembly of God Church*, 808 P.2d 1211, 1215

**LANE POWELL LLC**
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511   Facsimile 907.276.2631

(Alaska 1991) ("If the parties choose to submit affidavits [in support or opposition of summary judgment], they must be based upon personal knowledge, set forth facts that would be admissible evidence at trial, and affirmatively show that the affiant is competent to testify to the matters stated."). Where statements in declarations are not admissible, such as when they are made without personal knowledge, they must be stricken and disregarded. *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002) ("A trial court can only consider admissible evidence in ruling on a motion for summary judgment.").

Mr. Olson's new declaration, to the extent it relates to Coffman's summary judgment motion to dismiss Absolute's negligent and fraudulent misrepresentation claims, it is rife with such inadmissible, unsupported statements and representations which are inadmissible and insufficient to defeat Coffman's motion.

Examples of such statements in Mr. Olson's declaration include the following:

- In paragraph 26 of his new declaration, Mr. Olson states that "Jerry Hardenbergh ultimately discontinued use of High Voltage holiday testing of welded areas as a basis for rejecting coatings applied by Swalling." Mr. Olson provides no foundation or support for this patently untrue representation. It cannot be based on Mr. Olson's personal knowledge, sine he was not even present on site during Swalling's portion of the project. As Mr. Hardenbergh states in his supplemental declaration, and as revealed in the daily summary reports attached to that declaration as Exhibit B, high voltage holiday testing was conducted throughout Phase I. The only exception to this fact related to caulked areas on nonstructural appurtenances that were coated in the spring and summer of 2002 by Swalling, which clearly does not relate to this case.

- Mr. Olson goes onto proclaim in paragraph 26 of his declaration that "Jerry Hardenbergh has never testified to the contrary" meaning that Mr. Hardenbergh has never denied discontinuing

**LANE POWELL LLC**
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

the use of High Voltage holiday testing during Phase I of the project. Again, this is wrong. Attached as Exhibit C to Mr. Hardenbergh's supplemental declaration are excerpts from Volume 2, (pages 387-388) of his deposition in which he testified that high voltage holiday testing was performed over all coated surfaces in both Phase I and Phase II, again with the exception of caulked areas on non-structural appurtenances.

- Mr. Olson makes another misstatement in paragraph 26 when he represents to the Court that Mr. Hardenbergh has never "testified that the welds in Phase II were "good" welds …." In fact, at page 371 of volume 2 of his deposition, Mr. Hardenbergh testifies as follows:

   o Q.   Therefore, except in the minimal number of areas that a contractor would normally expect to encounter sliver, scabs, weld splatter, etcetera, the only – well, the welds were good, right?
   o A.   That's right.

Thus, Mr. Olson is wrong when he states in paragraph 26 of his new declaration that the most Mr. Hardenbergh ever said about the Phase II welds was that they were "significantly improved."[1]

- At paragraph 42 of his new declaration, Mr. Olson tells this Court that Absolute's proposal to perform work on Phase II of the project "excluded all welding related work." A simple review of Absolute's proposal (which appears as Exhibit 66 to the new Olson declaration) demonstrates that Mr. Olson's statement is misleading. The only welding-related work

---

[1] Mr. Olson's characterizations of Mr. Hardenbergh's deposition testimony and various documents are argumentative, and therefore may not be considered in the context of this motion. *Burch v. Regents of University of California*, 433 F.Supp.2d 1110, 1119 (E.D. Cal. 2006) (holding that "statements in declarations based on speculation or improper legal conclusions, or argumentative statements, are not facts and likewise will not be considered on a motion for summary judgment") (emphasis in original). *See also Epileptic Foundation v. City and County of Maui*, 300 F.Supp.2d 1003, 1006 n.7 (D. Hawaii 2003) (declining to consider argumentative "statements in declaration"); *McCoy v. Southwest Airlines Co., Inc.,* 208 F.R.D. 617, 617 n.1 (C.D. Cal. 2002) (striking and disregarding potions of supplemental affidavit as argumentative).

LANE POWELL LLC
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

excluded from that proposal is "welding structural repairs." This is yet another example of Mr. Olson attempting to manufacture an issue of material fact sufficient to defeat Coffman's summary judgment motion.

- In paragraph 46 of his new declaration, Mr. Olson claims that at the preconstruction conference held at Coffman's offices on February 18, 2003, the "weld defects problems" encountered by Swalling on Phase I "were not mentioned at all." Mr. Olson fails to inform the Court that he was not even in attendance at that meeting. See supplemental Hardenbergh declaration. Mr. Olson's statement is not based on personal knowledge and is, therefore, inadmissible. See Fed. R. Civ. Pro. 56(e).

As noted above, case authority is unequivocal in holding that such misleading, unsupported and conclusory statements by Mr. Olson are neither admissible evidence nor sufficient to create factual issues to defeat Coffman's summary judgment motion. That motion should be granted and Absolute's negligent and fraudulent misrepresentation claims against Coffman dismissed.

## B. Mr. Olson's Unsupported Attacks on Mr. Hardenbergh's Credibility Do Not Create Issues of Material Fact.

Mr. Olson attempts to deflect Coffman's motion by claiming that Mr. Hardenbergh's deposition and declaration testimony is "grossly and deliberately misleading." Not surprisingly, Mr. Olson provides no specific evidence to support this inaccurate statement. Absolute claims that Mr. Hardenbergh has been equivocal and less than forthcoming with regard to his testimony that the weld conditions in Phase I were not replicated in Phase II. Again, Absolute cites no evidence to support this contention, and in fact, has utterly ignored Mr. Hardenbergh's extensive deposition testimony regarding this issue. Indeed, in his deposition, Mr. Hardenbergh described the various types of weld "defects": Missing/omitted welds; cracked welds; weeping welds; welds with very rough profiles; and undercut welds. Deposition of Jerry Hardenbergh, Vol. 2, pages 286-294.

**LANE POWELL LLC**
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511   Facsimile 907.276.2631

Mr. Hardenbergh went on to testify regarding the point at which each of these conditions ceased being widespread problems during Phase I. His answers were even divided into the structural and nonstructural aspects of the bents. Mr. Hardenbergh's deposition testimony in this regard is attached to his Supplemental Declaration as Exhibit D.

Alaska courts have long held that "such tactics will not suffice to avoid summary judgment." *Arctic Tug & Barge, Inc. v. Raleigh, Schwarz & Powell*, 956 P.2d 1199, 1201 (Alaska 1998). "[Absolute] cannot avoid summary judgment by conclusorily attacking [Mr. Hardenbergh's] credibility." *Id*. Instead, "[T]o put the affiant's credibility in issue; specific facts must be properly produced." *Miller v. City of Fairbanks*, 509 P.2d 826, 831 (Alaska 1973). *See also Turnbull v. LaRose*, 702 P.2d 1331, 1335 (Alaska 1985) (cautioning that "fact that a party desires to have an affiant's statements tested by a jury, in and of itself, will not preclude a grant . . . [of summary judgment] unless the evidence presented casts *sufficient doubt* on the affiant's credibility to create a genuine issue of material fact") (quoting 10A CHARLES A. WRIGHT & ARTHUR MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 2730, at 237-38 (2d ed.1983) (alteration in original) (emphasis added)). Moreover, like all evidence introduced in opposition to a motion for summary judgment, such specific facts must be admissible.

The federal courts follow the same rule. *See Crawford-El v. Britton*, 523 U.S. 574, 600 (1998) (holding that after defendant "has made a properly supported motion, the plaintiff may not respond simply with general attacks upon the defendant's credibility, but rather must identify affirmative evidence from which a jury could find that the plaintiff has carried his or her burden of proving the pertinent motive.") (internal footnote omitted); *Far Out Prod., Inc. v. Oskar*, 247 F.3d 986, 997 (9th Cir.2001) (holding that a party's assertion that a witness "committed fraud is not in itself sufficient to prevent summary judgment"). In determining whether Mr. Olson's declaration raises a genuine issue of material fact, the Court must scrutinize any facts to determine whether they

**LANE POWELL LLC**
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511 Facsimile 907.276.2631

raise substantial doubt about Mr. Hardenbergh's credibility. As even a cursory review of the evidence reveals, no such doubt is raised. Mr. Olson's misplaced attacks on Mr. Hardenbergh's credibility are not only unsupported by specific facts, but also incorrect.

Moreover, it must be borne in mind that Mr. Olson has <u>no</u> personal knowledge with regard to Phase I weld conditions. Mr. Hardenbergh has extensive personal knowledge in this regard: he was on site, for both phases, nearly every day. Mr. Olson was not. Mr. Hardenbergh took hundreds of photos, made contemporaneous written reports of his observations and reviewed the written reports of others, including Absolute's Quality Control person. Absent from any of those reports were any complaints in Phase II about the weld conditions. Given the absence of any material questions of fact with regard to this issue, Coffman's motion should be granted.

C. **The Photographs Submitted by Absolute Do Not Create Factual Issues Regarding Weld Conditions in Phase II.**

As noted in Coffman's motion, Jerry Hardenbergh is the only summary judgment witness to have actually observed the condition of the welds in both Phase I and Phase II of the project. As also noted, Mr. Hardenbergh is a certified welding inspector and competent to tell the difference between good weld conditions and poor weld conditions. Mr. Hardenbergh has stated in his declaration and in his deposition that the defective weld conditions encountered in Phase I were not replicated in Phase II. Consequently, the condition of the welds in Phase I was not material to Phase II of the project. Because Absolute must establish in connection with its negligent and fraudulent misrepresentation claims that they relied on the misrepresentation of a <u>material</u> fact, Absolute's inability to present evidence to refute this lack of materiality is fatal to its claims against Coffman for negligent and fraudulent misrepresentation.

In his new declaration, Mr. Olson attempts to manufacture a factual issue in this regard by calling Mr. Hardenbergh a liar, and by attaching as exhibits photographs from Phase II of the project

**LANE POWELL LLC**
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

which he claims show "defective and omitted welds." The ploy of Absolute and Mr. Olson in this regard fails to raise factual issues sufficient to defeat Coffman's motion. The Ninth Circuit has "repeatedly held that unauthenticated documents cannot be considered in a motion for summary judgment." *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002) (citing *Cristobal v. Siegel*, 26 F.3d 1488, 1494 (9th Cir.1994); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550-51 (9th Cir.1989); *Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1182 (9th Cir.1988); *Canada v. Blain's Helicopters, Inc.*, 831 F.2d 920, 925 (9th Cir.1987); *Hamilton v. Keystone Tankship Corp.*, 539 F.2d 684, 686(9th Cir.1976)). Foundation must be established either through personal knowledge, through the procedures listed in Federal Rule of Evidence 901(b), or self-authentication under Rule 902. *Id.* The photographs attached as Exhibits 41-44 to Mr. Olson's declaration are not self-authenticating; nor are any of the authentication techniques described in Rule 901(b) applicable. Mr. Olson does not claim to have taken the photographs himself, or that he was present at the time they were taken. In short, Absolute has introduced insufficient evidence to authenticate and provide a foundation for the photographs.

Moreover, even if the photos were admissible, Absolute has provided no basis on which the Court could conclude that the welds depicted therein were "defective." Mr. Olson has no basis, or training, or experience, that would allow him to state that a weld is "defective" or not. Instead, he has simply thrown 14 photographs in front of the Court and provides his conclusory, unsupported statement that these photographs show missing and defective welds in Phase II of the project.

In fact, Absolute provides only the most conclusory statements as to exactly what the photos depict. For example, with regard to Exhibit 44, Absolute states only that the 14 photos that make up that exhibit show "defective and omitted welds" on Phase II. Again, it is important to note that neither Mr. Olson nor any other Absolute witness has any basis to testify or opine regarding what is or is not a "defective" weld. In the absence of competent testimony, the Court has no basis to

**LANE POWELL LLC**
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

conclude that the welds depicted in the inadmissible photos are defective. Mr. Hardenbergh, on the other hand, is a certified weld inspector with extensive knowledge, training and experience in this area.

As Mr. Hardenbergh states in his Supplemental Declaration, only three of the photographs, numbers 3, 5 and 8, show missing welds. As he further states, the "missing welds" in these relate to concrete form supports and Absolute was allowed to simply caulk those areas. Moreover, the "missing" welds depicted in those three photos from Exhibit 44 are not similar to the widespread missing welds in the early portion of Phase I. See Supplemental Hardenbergh Declaration, paragraph 7.

Furthermore, none of the photographs show any defective welds. As Mr. Hardenbergh further states in his Supplemental Declaration, and as the record in this case establishes unequivocally, the problems with the weld conditions on Phase I were not isolated, and were, in fact, widespread through large portions of the Phase I area. Consequently, showing three isolated incidents of missing welds on non-structural appurtenances in Phase II does not create an issue of fact for purposes of Coffman's motion. In fact, Absolute's inability to produce more than three photographs, among the hundreds of photos produced in this case, depicting "defective and omitted welds" in Phase II (which, again, were not of the type encountered in Phase 1) further establishes that the Phase I weld conditions were not replicated on Phase II of the project. This is certainly consistent with the fact that Absolute registered no complaints regarding weld conditions until two <u>years</u> after substantial completion.

Absolute has failed to raise factual issues regarding Mr. Hardenbergh's testimony that the Phase I weld conditions were not replicated in Phase II. In the absence of factual issues in this regard, Coffman's motion to dismiss Absolute's negligent and fraudulent misrepresentation claims against Coffman should be dismissed.

**LANE POWELL LLC**
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

DATED this 8th day of September, 2006.

        LANE POWELL LLC
        Attorneys for Coffman Engineers, Inc.

By  s/ Peter C. Partnow
    Peter C. Partnow, ASBA No. 7206029
    James B Stoetzer, ASBA No. 7911130
    301 W. Northern Lights Blvd., Suite 301
    Anchorage, Alaska 99503-2648
    Tel:  907-277-9511
    Fax:  907-276-2631
    Email:  PartnowP@LanePowell.com

I certify that on September 8th, 2006, a copy of the foregoing was served electronically on the following:

William R. Baerg, baerg@mmlawyers.com
Eric J. Brown, ebrown@jdolaw.com
Robert J. Dickson, acgecf@acglaw.com
Patrick J. Duffy, duffy@mmlawyers.com
Jami K. Elison, jamie@mhf-law.com
Michael E. Kreger, mkreger@perkinscoie.com
Terry R. Marston, terry@mhf-law.com
James B. Stoetzer, stoetzerj@lanepowell.com
James E. Niemer, niemerj@lanepowell.com

and by mail on:

Paul J. Nangle, Paul J. Nangle & Associates
101 Christensen Dr, Anchorage, AK 99501

 s/Peter C. Partnow

011680.0076/156481.1

**LANE POWELL LLC**
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631