Michael E. Kreger
James N. Leik
Perkins Coie LLP
1029 W. Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561
(907) 276-3108 (Facsimile)
mkreger@perkinscoie.com

Attorneys for Defendants Brechan Enterprises, Inc.
and Safeco Insurance Company of America

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska corporation,<br><br>    Plaintiff,<br>v.<br><br>FORREST J. MCKINLEY, et al.,<br><br>    Defendants. | Case No. 3:03-cv-0199-RRB |

**MOTION IN LIMINE TO EXCLUDE EXPERT OPINION TESTIMONY REGARDING BRECHAN'S "LOSS EXPOSURE" DURING PHASE I OF THE CARGO WHARF PROJECT (TASK ORDER 7)**

Pursuant to Federal Rules of Evidence 402, 403 and 702, Brechan Enterprises, Inc. ("Brechan") and Safeco Insurance Co. of America ("Safeco") move to exclude testimony of Absolute Environmental Services, Inc.'s ("Absolute") retained expert, Michael Lembke, regarding Brechan's alleged "loss exposure" during Phase I of the Cargo Wharf project.

ABSOLUTE v. MCKINLEY, et al.
Case No. 3:03-cv-0199-RRB      - 1 -      [38599-0001/AA062510.002]

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

The claims in this case arise out of the contract between the Coast Guard (owner), Brechan (contractor) and Absolute (subcontractor) on Phase II of the Cargo Wharf contract (Bents 13-33). It is undisputed that this was a separate contract from the earlier contract, known as Phase I, or "Task Order 7." Nevertheless, Absolute proposes to have Mr. Lembke testify about Brechan's "loss exposure" while it was performing the Phase I contract.

Lembke's own admissions establish that his testimony about Brechan's alleged "loss exposure" on Phase I has no relevance to the issues in this case. Any minimal relevance is greatly outweighed by the waste of time that will be generated by talking about a different contract than the one at issue in this case. Mr. Lembke's opinion also lacks reliability under an Evidence Rule 702/Daubert review. His opinions on Brechan's Phase I loss exposure should be excluded.

**1. Mr. Lembke's Loss Exposure Analysis Relates Solely to the Separate Phase I Contract, Not to the Contract at Issue in this Case.**

Mr. Lembke claims that at various stages in the performance of the Phase I contract, Brechan would have suffered a loss on the contract, due to excessive costs incurred by its coatings subcontractor on Phase I, Swalling Construction. Mr. Lembke's opinions concerning Brechan's projected losses on the Phase I contract are inadmissible because they are not relevant to the dispute before the court. Mr. Lembke's testimony on loss exposure relates to Phase I of the Cargo Wharf project. It is undisputed that Phases I and II of the Cargo Wharf

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

ABSOLUTE v. MCKINLEY, et al.
Case No. 3:03-cv-0199-RRB                - 2 -                [38599-0001/AA062510.002]

project were completed on separate contracts.[1] Absolute was not involved in Phase I of the contract, and its claims do not arise from Phase I. Therefore, testimony about losses that Brechan may have faced in its performance of the Phase I contract is simply irrelevant.

2. **Mr. Lembke Agrees that Any "Loss Exposure" Brechan Faced on Phase I was Eliminated, so that Brechan had No "Carry-over" Loss to Address in Phase II.**

In theory, Absolute might have tried to argue that Brechan sustained financial losses on Phase I, and needed to recoup those losses on Phase II. But Mr. Lembke concluded that any loss exposure that Brechan faced on Phase I was eliminated entirely when the Coast Guard and Brechan agreed to modify the Phase I contract in April, 2002: "With ... modification [5] in hand, Brechan's loss exposure was completely eliminated, and it was once again in a profitable position relative to all of the issues discussed—for Phase I." Second Lembke Report, March 21, 2006 (Exhibit C hereto), at 6. Mr. Lembke confirmed this at his deposition: "I don't believe Brechan was in a loss position anymore after Modification 5." Lembke Dep. (Exhibit D hereto) at 163. In fact, Lembke's opinion is that after Modification 5, "Brechan came back out actually in better financial shape than when they started." Lembke Dep. at 182. Modification 5 to

---

[1] At his deposition, Mr. Lembke acknowledged that he misstated that there was a single contract for Brechan to do the work from Bents 1 through 33. Lembke Dep. at 83. Mr. Lembke also admitted that Brechan did not become contractually obligated to do the work identified in the delivery order that was issued in 2002 until the date "they signed the contract with the Coast Guard." Id. at 84.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

ABSOLUTE v. MCKINLEY, et al.
Case No. 3:03-cv-0199-RRB   - 3 -   [38599-0001/AA062510.002]

Task Order 7 is attached as Exhibit B. Consequently, any "loss exposure" that Brechan experienced on Phase I did not translate into a real "loss" on the contract, and any such loss exposure has no relevance to this lawsuit.[2]

In his Rule 26 expert report, Lembke claimed that his "loss exposure" analysis for Brechan's work on Phase I was relevant to Phase II because Brechan needed "a new way to keep Phase II within budget." Lembke Report at p. 6. But this rationale also fails, because there it depends upon the unexamined and incorrect assumption that prior to bidding on Phase II, Brechan was bound by a carried-over budget from Phase I that it could not exceed. At his deposition, Lembke testified that "there are documents between the Coast Guard and Brechan that indicate that they [Brechan] had a specific budget that they couldn't exceed for the construction of the second phase of the work. . . ." Lembke Dep. at 88. But when he was asked to identify any documents that established this "budget," he referred to documents KEY 20519-20521, attached as part of Exhibit A to this motion. Those documents, however, are the proposed construction costs estimated by Brechan for coating and accepted by the Coast Guard for a new delivery order issued under a new contract. Lembke Dep. at 101-102; see e.g., 102, lines 2-5.

---

[2] Lembke's assessment of Absolute's "loss exposure" on Phase I at various points in time ignores that throughout this period, Brechan had contractual remedies available to address excessive costs that it was experiencing in Phase I. Brechan would have experienced real and actual losses on the contract only if it was unable to address its costs through the normal processes and remedies that were available to it. In fact, negotiation with the owner yielded a solution (Mod. 5) that added $90,000 to the contract for additional surface preparation work due to poor quality or defective welds. See Exhibit B (Mod. 5).

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

ABSOLUTE v. MCKINLEY, et al.
Case No. 3:03-cv-0199-RRB            - 4 -            [38599-0001/AA062510.002]

These documents did not establish a "budget" for Phase II. Mr. Lembke's opinion is inadmissible under Evidence Rule 702, because it is not based on facts. The cost estimates were used to achieve the contract price, but there is no basis to assume that the price for the Phase II contract was affected by Brechan's "loss exposure" on the Phase I contract.

3. **The Court Should Not Allow a Time-Consuming and Confusing Trial-within-a-Trial Concerning the Performance of the Phase I Contract.**

Under FRE 403, the lack of relevance of the proposed "loss exposure" testimony should be weighed against the time required to try the "loss exposure" events Mr. Lembke posits. Lembke's testimony invites the parties to not only litigate the complex issues of performance on the Phase II contract, but to also to litigate Brechan's "loss exposure" on a previous contract, not even involving the same parties. This exercise will not only take substantial time, but will distract the jury from the issue at hand (Phase II) and invite confusion between testimony that pertained to Phase I and testimony that pertained to Phase II. This cost is hard to overestimate. Mr. Lembke read numerous notes, emails and exchanges between Swalling, Brechan and the Coast Guard; he assumes he has expert insight into the negotiating parties' interpretations of these positions. Unraveling his interpretation of what he read requires the restaged litigation of a dispute which Swalling, Brechan, and the Coast Guard resolved among themselves without litigation. Under the balancing test in Evidence Rule 403 and the court's gatekeeper role in FRE 702, the Court should exclude this opinion testimony.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

ABSOLUTE v. MCKINLEY, et al.
Case No. 3:03-cv-0199-RRB                - 5 -                [38599-0001/AA062510.002]

## CONCLUSION

The proposed testimony by Michael Lembke regarding Brechan's alleged "loss exposure" on the contract for Phase I of the Kodiak Cargo Wharf project should be excluded. The testimony is not relevant or reliable, and if admitted, it will generate an unnecessary and time-consuming sideshow regarding the financial performance of a contract that is not in dispute in this case.

DATED at Anchorage, Alaska on September 8, 2006.

**PERKINS COIE LLP**
Attorneys for Defendant
Brechan Enterprises, Inc.


By  /s/ Michael E. Kreger
Michael E. Kreger
Alaska Bar No. 8311170
James N. Leik
Alaska Bar No. 8111109
Perkins Coie LLP
1029 W. Third Avenue, Suite 300
Anchorage, Alaska  99501
(907) 279-8561
(907) 276-3108 (Facsimile)
Email: mkreger@perkinscoie.com

I hereby certify that on September 8, 2006, the
foregoing was served electronically on Robert J.
Dickson, Peter C. Partnow, William R. Baerg, Terry
R. Marston II, James B. Stoetzer, and Eric J. Brown.

 /s/ Michael E. Kreger
    Michael E. Kreger

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

ABSOLUTE v. MCKINLEY, et al.
Case No. 3:03-cv-0199-RRB                - 6 -              [38599-0012/AA062510.002]