Peter C. Partnow, ASBA No. 7206029
James B. Stoetzer, ASBA No. 7911130
James Niemer, *pro hac vice*
Lane Powell LLC
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Tel:  907-277-9511
Fax:  907-276-2631
PartnowP@LanePowell.com

Attorneys for Third-Party Defendant
Coffman Engineers, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska corporation,<br><br>                      Plaintiff,<br><br>v.<br><br>FORREST J. McKINLEY, an individual, d/b/a "Imperial industrial Coatings"; and EMERCO, INC., a California corporation, d/b/a Imperial Industrial Coatings; BRECHAN ENTERPRIESES, INC., an Alaska corporation; and SAFECO INSURANCE COMPANY OF AMERICA, a Washington corporation,<br><br>                      Defendants. | |
| EMERCO, INC., a California corporation d/b/a Imperial Industrial Coatings, and the United States for the Use and Benefit of EMERCO, INC.,<br><br>   Counterclaimant/Third-Party Claimant,<br><br>v.<br><br>ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska corporation, et al.,<br><br>   Cross-Defendants/Third-Party Defendants. | Case No. 3:03-cv-00199-RRB<br><br>**COFFMAN ENGINEERS, INC.'S MOTIONS *IN LIMINE*** |

**LANE POWELL LLC**
301 W. NorthernLights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

**LANE POWELL LLC**
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

| |
|---|
| THE UNITED STATES OF AMERICA for the use and benefit of ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska corporation,<br><br>                              Plaintiff,<br>v.<br><br>SAFECO INSURANCE COMPANY OF AMERICA, a Washington corporation,<br><br>                              Defendant. |
| BRECHAN ENTERPRISES, INC., an Alaska corporation,<br><br>                              Counterclaim Plaintiff,<br>v.<br><br>ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska corporation,<br><br>                              Counterclaim Defendant. |
| BRECHAN ENTERPRISES, INC., an Alaska corporation,<br><br>                              Third-Party Plaintiff,<br>v.<br><br>COFFMAN ENGINEERS, INC., a Washington corporation,<br><br>                              Third-Party Defendant. |

Coffman Engineers, Inc. ("Coffman") moves that no arguments be made or evidence introduced at trial regarding the following matters:

1.  **Evidence and Argument Regarding Conditions Which Allegedly Existed in Phase I of the Kodiak Cargo Wharf Project.**

From the approach which has been taken to this litigation, it is apparent that Absolute's intent with regards to claims against Coffman (and Brechan) is to introduce evidence and argument with

regards to the "changed condition" which the Phase I contractor, Swalling, encountered, and which led to a change in the coatings specifications and an increase in the amount which was paid to Swalling as the result of work required by the unanticipated, changed site condition.

In order to convince this Court to allow it to bring both Brechan and Coffman back into this law suit, after they had previously been dismissed, Absolute argued it did not know of the circumstances which Swalling had encountered until Absolute discovered documents from Phase I which had previously be "withheld" from it. Absolute asserted that because Brechan and Coffman allegedly had "superior knowledge" of the existence of these matters, it should be permitted to bring its claims against Coffman and Brechan. *See* Absolute's November 29, 2005 Opposition to Brechan's Motion to Dismiss (including the supporting declaration by Terry R. Marston), Absolute's December 16, 2005 Opposition to Coffman's Motion to Dismiss, the transcript of the January 27, 2006 Oral Argument on the Motions to Dismiss (attached as exhibit 1 to the supporting Declaration of Counsel), particularly at pages 19-21 and 54-55, and this Court's Order denying the Motions to Dismiss (Docket 151).

Because Absolute's arguments were sufficient to lead this Court to allow Absolute to bring its belated claims against Coffman and Brechan, Absolute asserts it can now try Phase I. Absolute is wrong. The primary liability issue in this litigation is whether the conditions which Absolute actually encountered in performing the Phase II work under its contract were so different from the conditions reasonable anticipated from the Phase II specifications and what could reasonably have been observed by Absolute in its pre-proposal site inspection, that it is entitled to additional compensation beyond its contract amount.

**LANE POWELL LLC**
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

In order to prove its claims, Absolute should be permitted to introduce evidence regarding the conditions which it actually encountered while performing the Phase II work. It should be permitted to introduce evidence as to why these conditions were not reasonably observed or discovered prior to the time it submitted its pricing proposal. It could, if it has properly qualified witnesses, even be permitted to introduce evidence as to why the Phase II specifications were inappropriate for the work which it actually encountered or impossible to perform.

What Absolute cannot and should not be permitted to do is introduce evidence and argument with regards to the conditions which Swalling encountered during Phase I. Phase II involved a different area of the wharf. It was performed under revised specifications. The conditions which Swalling encountered during its Phase I work, the Phase I specifications under which Swalling performed, and whether or not some or all of those Phase I specifications were relaxed for Swalling, are all matters which are simply not relevant to what conditions were actually encountered by Absolute in Phase II or whether the specification to which it was required to perform was adequate.

This is a very important issue and evidentiary point in this litigation. Allowing Absolute to litigate Phase I is confusing, prejudicial, and will require a trial which will likely be double the length of trial time anticipated by the Court. Review of the final witness lists, for instance, reveals 33 witnesses on Absolute's witness list alone, many of whom have testimony which relates only to Phase I of the project. The total number of witnesses anticipated, if Absolute were allowed to introduce evidence of the sort objected to in this and the following motions *in limine*, approaches 50. *See* Docket Nos. 306, 309, 310, and 313.

To be entitled to damages in this case, Absolute must show not the conditions which arose or were unanticipated during Phase I, or how those problems were addressed, but rather the conditions

**LANE POWELL LLC**
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

which it encountered during Phase II, how they were addressed, and why they were unanticipated and not properly covered by the Phase II specification. Pursuant to Evidence Rule 401 and 403, Absolute should not be permitted to introduce evidence or argument regarding the Phase I work.

**2. Expert Opinions by Messrs. Hailey, Schilling, or Vernon Which (1) Go Beyond The Opinions Stated in Their Respective Expert Reports or Depositions in This Case, or (2) Are Based on Documents or Other Factual Information Which Was Within the Scope of Initial Disclosures, Propounded Written Discovery, or Deposition Inquiry.**

From various declarations and arguments made on behalf of Absolute, it appears that Absolute may be intending to have either or both of its retained coatings experts, Mr. Vernon or Mr. Hailey, state opinions beyond those contained in their expert reports, and/or based on documents or other factual information which was not produced prior to the close of discovery in this matter. *See for example* Hailey Declaration (Docket No. 273). Therefore, any expert opinions by Messrs. Hailey, Schilling, or Vernon which (1) go beyond the opinions stated in their respective expert reports or depositions in this case, or (2) are based on documents or other factual information which was within the scope of initial disclosures, propounded written discovery, or deposition inquiry should not be allowed.

**3. Expert Opinions by Messrs. Lembke or Rulien Which (1) Go Beyond the Opinions Stated in Their Respective Expert Reports or Depositions in This Case, or (2) Are Based on Documents or Other Factual Information Which Was Within the Scope of Initial Disclosures, Propounded Written Discovery, or Deposition Inquiry.**

From various declarations and arguments made on behalf of Absolute, it appears that Absolute may be intending to have either or both of its damages experts, Mr. Lembke and Mr. Rulien, state opinions beyond those contained in their expert reports, and/or based on documents or other factual information which was not produced until after the close of discovery in this matter. By way of example, in his declaration in support of Absolute's opposition to Brechan's business

**LANE POWELL LLC**
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511 Facsimile 907.276.2631

**Coffman Engineers, Inc.'s Motions in Limine**
*Absolute Envtl. Servs., Inc. v. Forrest McKinley, et al.* (Case No. 3:03-cv-00199-RRB)   Page 5 of 13

devastation motion (Docket No. 264), Mr. Rulien relied on unidentified previously undisclosed "testimony of Dave Olsen that has been provided to me" as the basis for opining, for the first time, that Absolute currently has no value. Therefore, any expert opinions by Messrs. Lembke or Rulien which (1) go beyond the opinions stated in their respective expert reports or depositions in this case, or (2) are based on documents or other factual information which was within the scope of initial disclosures, propounded written discovery, or deposition inquiry should not be allowed.

    **4.**    **Evidence or Argument by Imperial Regarding the Quantum or Cause(s) of Its Alleged Damages Beyond That Stated in Its Written Discovery Interrogatory Response.**

During the course of this litigation, Imperial, in response to Absolute's First Set of Interrogatories to Defendant Emerco, Inc. d/b/a Imperial Industrial Coatings, submitted an eighteen page response. Exhibit 2 to supporting declaration of counsel. Nothing in that response states or suggests that any damages experienced by Imperial were caused by unanticipated defects or missing welds. Imperial did suggest that some damages might be attributable to improper testing or other field activity by Coffman's QA employee, but indicated that the amount of any such damages and the method of calculating were "unknown at present" with "analysis to be performed." *Id.* at 17-18. Subsequently, Imperial dismissed with prejudice all claims against Coffman. Docket No. 75.

Later, after the Court had permitted Absolute to assert claims against Brechan and Coffman based on Absolute's claim of newly discovered evidence, the issue was specifically raised as to whether Imperial was going to change or amend its previous disclosures to present claims based on "these new theories." Imperial specifically informed the Court and the other parties "if that happens, we'll get them." Exhibit 3 to supporting declaration at 15. In fact, Imperial never changed or updated its damages or other disclosures to assert any such claims. It thus should not be permitted to introduce evidence or make arguments regarding damage theories beyond those which it previously disclosed.

**LANE POWELL LLC**
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

5. **Evidence or Argument Regarding Costs or Attorneys' Fees Which Have Been Incurred in This Litigation.**

In its witness list summary of evidence which it intends to introduce in this proceeding (Docket No. 313), Absolute indicates an intent to introduce evidence regarding "the amount of the expenses paid and debt incurred by Absolute in litigating with Imperial while believing that Imperial was solely to blame for its losses and then the doubling of those costs and debts after discovering that the lion's share of responsibility for the losses actually lay with Brechan and Coffman."

Again, Coffman takes strong exception to Absolute's assertions since Absolute's litigation costs are the results of its own litigation strategy, including its decision to repackage its claims when it learned it would have difficulty actually collecting damages from Imperial. Be that as it may, any determination with regard to an award of costs and attorneys' fees is a determination to be made by the Court, not the jury, at the conclusion of the litigation, based upon determination by the Court as to prevailing party status. Evidence of the type suggested by Absolute is not properly presented to the jury during the trial, any more than it would be proper, during trial, for Coffman or any of the other parties to introduce evidence of the significant litigation costs incurred in having to address specious, trumped up claims by Absolute.

6. **Evidence or Argument Regarding the Alleged Financial Dealings of Absolute's "Sole Shareholder" or Any Other Individual or Entity Other Than Absolute Environmental Services, Inc.**

In its witness list summary of evidence (Docket No. 313), Absolute indicates an intent to introduce evidence regarding its sole shareholder, Dave Olson, allegedly having to "sell personal assets at severe discounts to raise capital to loan to the corporation." Such evidence is inadmissible under Evidence Rules 401 and 403. Mr. Olson is not a party to this litigation—the plaintiff is a corporation, not Mr. Olson personally. No claims have been pled on behalf of Mr. Olson personally.

**LANE POWELL LLC**
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

No discovery has been pursued regarding details of Mr. Olson's personal finances or transactions in which Mr. Olson personally may have been involved.

The only possible purpose for introducing evidence of the type suggested by Absolute would be to unfairly prejudice or confuse the jury. No evidence regarding Mr. Olson's loans to the corporation or his personal financial dealings to raise money to run Absolute or to pursue this litigation should be permitted.

**7. Evidence Which Consists of or is Based Solely on Hearsay Other Than Hearsay Evidence Permitted Under Evidence Rules 803 or 804.**

In its witness list summary of evidence (Docket No. 313), as well as in its lengthy declarations (*See for instance* Docket Nos. 279, 286 and 289) Absolute indicates an intent to introduce evidence regarding the opinions or analysis by Dave Olson of a variety of documents such as those generated by the Coast Guard, or his theories or opinions regarding legal claims which could have been brought by Swalling, by the Coast Guard, or others, even though no such claims have in fact been brought. Such evidence is inadmissible under Evidence Rules 401, 403, 701, and 802.

Mr. Olson's opinions and assertions (or similar opinions or assertions by any other Absolute employee or agent) on matters outside of his personal knowledge are in truth argument which may or may not be permissible by counsel, but which certainly are not proper or admissible evidence. While it may be difficult for the Court to issue a blanket ruling prior to trial, given the allegations of far-reaching conspiracies and purported illegal actions which form the basis of Absolute's apparent theories of liability, the Court should, prior to trial, make it clear that the Rules do not permit, and the Court will not allow, improper hearsay or opinion testimony, or evidence with regard to alleged breaches of contract or other violations by parties to this case or third parties (such as Swalling or the Coast Guard), where the third parties have in fact brought no such claims.

The only purpose of such evidence or arguments would be to improperly and unfairly prejudice and confuse the jury. In addition, raising such issues will lead to undue lengthening of the

**LANE POWELL LLC**
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511 Facsimile 907.276.2631

trial and wasting trial time with "trials within the trial" regarding the alleged merits, or lack thereof, of some claims which allegedly could have been, but were not, asserted, and the merits of which have not been adjudicated.

      **8.**    **Evidence or Opinion Regarding the Condition of the Wharf After the Completion of the Work, or Other Argument or Opinion That the Wharf Will Not Have a Life Expectancy of an Additional 25 Years.**

Based on recent arguments and assertions put forth by Absolute, Coffman believes that Absolute may attempt to introduce photographs or other evidence regarding the condition of the wharf in Kodiak to support an argument that the product which was to be obtained (namely a 25 year extension in the useful life of the wharf) has not been obtained. Alternatively, or additionally, it appears that Absolute may seek to introduce arguments or evidence that the Coast Guard was seeking a 25 year extension of the life of the coatings, and that the specifications were improperly limited to a 25 year extension on the life of the entire wharf.

Such arguments or evidence would be improper for several reasons. First, with regard to the condition of the wharf subsequent to the performance of the contract at issue in this case, there has been no allegation that the results sought by the Coast Guard, as owner, were not obtained. Not only do the pleadings lack such a cause of action, there has also been no claim or other assertion by the Coast Guard to that effect.

Second, with regard to any condition which may currently exist at the wharf, there is no basis for determining the cause of any such condition (e.g. improper maintenance, subsequent accident of some sort, etc.).

Without stating or implying that there in fact currently exist any conditions which would reflect on the adequacy of the work achieved under the contract at issue in this case, the attempt to introduce any such evidence would, as with other of the approaches Absolute appears to contemplate, violate at least Evidence Rules 401, 403, 701, and 802. Such an approach would

**LANE POWELL LLC**
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511 Facsimile 907.276.2631

require a "trial within the trial" to determine the subsequent condition of the wharf and the reasons why such condition came to be. It would involve rank speculation regarding claims the Coast Guard might have, even though no such claims have been raised or pursued, as well as speculation regarding the validity or basis for any such claims. The only purpose for raising such matters would be to prejudice and confuse the jury. Again, substantial trial time would be required for a "trial within the trial" to address and allow an evidentiary basis to determine the validity of any such claims.

Such evidence and argument should therefore not be allowed.

9. **Evidence, Opinion, or Argument Regarding Any Alleged Breach of Any Contract or Obligation to the Coast Guard, Alleged Improper Dealings With the Coast Guard, or Alleged Failure of the Coast Guard to Enforce Obligations Due and Owing to It.**

As noted in item 6 above, based on its witness list summary of evidence which it intends to introduce in this proceeding (Docket No. 313), as well as in its lengthy declarations (*See for instance* Docket Nos. 279, 286 and 289) Absolute apparently intends to introduce evidence regarding damage claims which could have been brought by Swalling, damage claims which could have been brought by the Coast Guard, or perhaps even tax payer claims which could have been brought against the Coast Guard for not enforcing alleged obligations owed to it by Brechan or Coffman. By way of example, Absolute suggests that (1) Coffman "falsely certified" that work performed by Swalling had been accomplished in accordance with specifications; (2) the Coast Guard's Alpha team "willfully disregarded the requirements of the contract with Brechan" and permitted Brechan to overcharge for work which was not the Coast Guard's responsibility; (3) Brechan violated its non-collusion agreement with the Coast Guard with regards to its dealings with third parties; (4) the Coast Guard was illegally giving Brechan preferences in contract awards; (5) the Coast Guard's Alpha team was "secretly" paying money to Brechan in violation of orders from superiors; (6) the

**LANE POWELL LLC**
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

Coast Guard had proposed that Brechan sue Coffman for negligence; (7) that Swalling was improperly underpaid for the work it performed on Phase I or that Swalling has or had legitimate claims against Brechan, Coffman, or the Coast Guard; etc.

Such evidence, argument, or opinion by Absolute would violate Evidence Rules 401, 403, 701, 703, and 802, among others. In addition to being presented through impermissible hearsay, speculation, and lay opinion, such evidence would require the jury to consider, and make determinations regarding a wide variety of matters which do not relate to the performance of the work on Phase II of the cargo wharf project, and which matters were neither raised, nor adjudicated by the actual parties who would have possessed the right to bring claims if they believed viable claims actually existed.

Absolute's attempt to raise these issues can only derive from an effort to improperly and unfairly prejudice or confuse the jury. Further, this effort would lead to a massive lengthening of the trial to accommodate a "trial within a trial" to adjudicate the merits or demerits of these other unasserted and unadjudicated matters. For all of these reasons, such evidence and argument should not be permitted.

**10.    Evidence, Opinion or Argument Regarding Punitive Damages and/or Any Aspect of the Current Investigation of BP or Coffman's Involvement or Dealings With BP.**

Absolute has just informed Coffman by letter, for the first time that it intends to seek punitive damages against Coffman. The basis for this newly asserted damage claim is the argument by Absolute that the current investigation of BP with regard to North Slope pipeline maintenance involves Coffman and that Coffman "whitewashed" matters pertaining to the BP situation. Absolute claims in its letter that this is similar to actions which Coffman took in its dealing with Brechan in the instant litigation, thus entitling Absolute to introduce evidence with regards to the BP situation and to request and have the jury consider an award of punitive damages.

**LANE POWELL LLC**
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511 Facsimile 907.276.2631

Absolute's assertions in this letter, in addition to being totally false and defamatory, indicate that Absolute is going to attempt to introduce evidence and make arguments which are wholly inappropriate and prejudicial. First, Absolute has previously made no demand or request for punitive damages against Coffman. Second, none of the damages calculations or assertions prepared by or on behalf of Absolute assert or suggest any claim for punitive damages. Finally, Absolute's suggested argument is wholly inappropriate and contrary to at least Evidence Rules 401, 402, 403, 404, and 608(b). There has been no proof or adjudication of Coffman having done anything wrong in conjunction with the current investigations of BP (and Coffman would adamantly deny any wrongdoing on its part should such assertions be made, which they have not.) To proceed as Absolute suggests, would consume substantial trial time for a "trial within a trial" to determine the facts and merits of the wholly unrelated BP situation. The only reason to pursue such a course would be to unfairly prejudice and confuse the jury in the instant case. Moreover, even if it were assumed for the sake of argument that Coffman had done something wrong in conjunction with its North Slope work, such "character" evidence or evidence of "other wrongful acts" is not admissible in this proceeding under pursuant to both Evidence Rule 404(b) and 608(b).

**11.    Evidence or Argument That Coffman Failed to Perform its Field Services (QA Work) Properly or in Accordance With the Applicable Standard of Care.**

No party can raise these issues. Brechan has at no point asserted such claims. Brechan's August 31, 2005 Third-Party Complaint. Imperial dismissed with prejudice all claims against Coffman so it cannot assert such claims. *See* Docket No. 75. And Absolute, in response to Coffman's Request for Admission No. 13 has admitted unconditionally that "the QA work performed by Coffman during Phase II of the cargo wharf project comported with normally accepted industry standards for field coating quality assurance." Exhibit 4 to supporting declaration. Thus any evidence or argument would not be relevant to any issues properly before the Court.

**LANE POWELL LLC**
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

DATED this 8th day of September, 2006.

        LANE POWELL LLC
        Attorneys for Coffman Engineers, Inc.

By  s/ Peter C. Partnow
     Peter C. Partnow, ASBA No. 7206029
     301 W. Northern Lights Blvd., Suite 301
     Anchorage, Alaska 99503-2648
     Tel:  907-277-9511
     Fax:  907-276-2631
     Email:  PartnowP@LanePowell.com

I certify that on September 8, 2006, a copy of the foregoing was served electronically on the following:

William R. Baerg, baerg@mmlawyers.com
Eric J. Brown, ebrown@jdolaw.com
Robert J. Dickson, acgecf@acglaw.com
Patrick J. Duffy, duffy@mmlawyers.com
Jami K. Elison, jamie@mhf-law.com
Michael E. Kreger, mkreger@perkinscoie.com
Terry R. Marston, terry@mhf-law.com
James B. Stoetzer, stoetzerj@lanepowell.com
James E. Niemer, niemerj@lanepowell.com

and by mail on:

Paul J. Nangle, Paul J. Nangle & Associates
101 Christensen Dr, Anchorage, AK 99501

 s/Peter C. Partnow
011680.0076/156427.1

**LANE POWELL LLC**
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631