```
                IN THE UNITED STATES DISTRICT COURT

                        DISTRICT OF ALASKA


ABSOLUTE ENVIRONMENTAL SERVICES,  )
INC., an Alaska Corporation,      )
                                  )
          Plaintiff,              )
                                  )
vs.                               )
                                  )
FORREST J. McKINLEY, an individual,)
d/b/a "Imperial Industrial        )
Coatings"; and EMERCO, INC., a    )
California corporation, d/b/a     )
Imperial Industrial Coatings;     )
BRECHAN ENTERPRISES, INC., an     )
Alaska Corporation; and SAFECO    )
INSURANCE COMPANY OF AMERICA,     )
a Washington corporation,         )
                                  )
          Defendants.             )
                                  )
```

Case No. A03-199 CIVIL


HEARING

BEFORE THE HONORABLE RALPH R. BEISTLINE
September 15, 2005 - Pages 1 through 18

**ORIGINAL**

EXHIBIT 3
PAGE 1 OF 18

```
                    A P P E A R A N C E S

 1

 2   FOR ABSOLUTE ENVIRONMENTAL SERVICES, INC.:

 3              Marston, Heffernan & Foreman
                16880 NE 79th Street
 4              Redmond, Washington  98052
                BY:  TERRY R. MARSTON
 5              (Appearing Telephonically)

 6   FOR EMERCO, INC., IMPERIAL INDUSTRIAL COATINGS, and
     FORREST J. McKINLEY:
 7
                JERMAIN, DUNNAGAN & OWENS
 8              3000 A Street, Suite 300
                Anchorage, Alaska  99503
 9              BY: ERIC J. BROWN

10   FOR BRECHAN ENTERPRISES, INC. and SAFECO INSURANCE
     COMPANY OF AMERICA:
11
                PERKINS COIE
12              1029 W. 3rd Avenue, Suite 300
                Anchorage, Alaska  99501
13              BY: JACOB NIST

14   FOR SPECIALTY POLYMERS:

15              ATKINSON, CONWAY & GAGNON
                420 L Street, Suite 300
16              Anchorage, Alaska  99501
                BY:  ROBERT J. DICKSON
17
     FOR COFFMAN ENGINEERS, INC.:
18
                LANE POWELL, LLC
19              301 W. Northern Lights Boulevard
                Suite 301
20              Anchorage, Alaska  99503
                BY: PETER C. PARTNOW
21                  (Appearing Telephonically)

22

23

24
                              EXHIBIT   3
25                            PAGE  2 OF 18
```

EXHIBIT 3
PAGE 2 OF 18

```
 1                    PROCEEDINGS
 2            THE CLERK: All rise. His Honor
 3  the Court, the United States District Court for
 4  the District of Alaska is now in session with the
 5  Honorable Ralph R. Beistline presiding.
 6            Please be seated.
 7            THE COURT: Okay. Do we have
 8  everybody here, either in person or
 9  telephonically?
10            THE CLERK: Yes.
11            MR. MARSTON: Terry Marston is
12  present for Plaintiff, Your Honor.
13            MR. PARTNOW: Peter Partnow for
14  recently served Third-Party Defendant, I think.
15            THE COURT: Okay, that's two.
16            MR. BROWN: Eric Brown for Emerco
17  and Mr. McKinley, Your Honor.
18            THE COURT: That's three.
19            MR. NIST: Jacob Nist for Brechan
20  and Safeco, Your Honor.
21            THE COURT: That's four.
22            MR. DICKSON: Bob Dickson for
23  Specialty Polymer.
24            THE COURT: Is that everybody?
25            MR. MARSTON: That is everybody,
```

EXHIBIT 3
PAGE 3 OF 18

```
 1   Your Honor.
 2              THE COURT:  Okay.  Five Defendants,
 3   okay.
 4              Mr. Partnow is the most recently
 5   brought into this matter.  Just to bring him up
 6   to speed, if he doesn't know, the -- this hearing
 7   was set, I think, primarily to see if we could
 8   set a trial date.  We didn't do it last time
 9   because there was an expectation that your client
10   would be brought into the matter, and we thought
11   that you might want to have some involvement in
12   the selection of the trial date, Mr. Partnow.
13              So, that's where we are.  Has
14   anything changed since I -- since we last
15   addressed this?  I see that -- that service has
16   been accomplished.
17              MR. MARSTON:  As far as I know,
18   Your Honor -- this is Terry Marston speaking --
19   all of the parties are now in the suit.
20              THE COURT:  Right.
21              MR. MARSTON:  And based on our last
22   conversation we had with the Court, what we were
23   going to be doing today is that you indicated
24   that were going to be -- you would go ahead and
25   assign a trial date, but that you would do what
```

EXHIBIT 3
PAGE 4 OF 18

Northern Lights Realtime & Reporting, Inc.
(907) 337-2221

```
 1  was necessary to accommodate the discovery
 2  interests of the parties.  And it's my
 3  understanding that that's what we're going to be
 4  addressing today.
 5              THE COURT:  Okay.  Well, typically
 6  I sign a trial date and discovery closes about 60
 7  days prior to that time.  But people have kind of
 8  been doing discovery all along here.
 9              How much discovery needs still to
10  be done?
11              MR. MARSTON:  Again, this is Terry
12  Marston speaking.
13              Your Honor, 90 percent or better of
14  the discovery for the causes of action that
15  preceded the reintroduction of Brechan and
16  Coffman has been concluded already.
17              THE COURT:  Okay.  So 90 percent
18  has been completed.  10 percent remaining?
19              MR. MARSTON:  Correct.
20              MR. NIST:  This is Jacob Nist for
21  Brecken, Your Honor.
22              I might dispute Mr. Marston's
23  assertion that 90 percent of the discovery has
24  been completed.  We were recently served about
25  5,000 additional pages that we'd never seen
```

EXHIBIT 3
PAGE 5 OF 18

```
 1   before earlier this week, and from there -- we're
 2   not sure -- we haven't had time to digest them,
 3   but we don't know where our discovery as far as
 4   document production will go.
 5              THE COURT:  Okay.  So you're not
 6   certain that the figure is 90 percent?
 7              MR. PARTNOW:  And Your Honor, this
 8   is Peter Partnow.  I am sort of in the dark as to
 9   how much discovery has occurred while Coffman was
10   not in the case.  So I'm not in a position -- in
11   a position to even hazard a guess as to how much
12   has been done.
13              MR. MARSTON:  This is Terry Marston
14   speaking again, Your Honor.
15              THE COURT:  Okay.
16              MR. MARSTON:  The 90 percent that I
17   was referring to is the discovery pertaining to
18   the disputes principally between my client,
19   Absolute, the Imperial Group, which is Emerco,
20   and McKinley, and Specialty Polymer Coatings.
21   Claims, which to my knowledge, don't have
22   anything to do with Brechan or Coffman.  The
23   claims have been brought against Brechan or
24   Coffman.  So when I said 90 percent, I stand by
25   that figure as an accurate figure.
```

1  The comments that Mr. Nist and
2  Mr. Partnow just recently made pertain to --
3  clearly pertain to the causes of action expressed
4  against them.
5  Now, with respect to the 5,000
6  documents that were recently sent to them, again,
7  that is all of the documents that were produced
8  during the course of the first phase of the
9  lawsuit, if you will, that pertains the original
10 three parties that I identified, excluding
11 Brechan and excluding Coffman.
12 Those 5,000 documents were produced
13 expressly by Absolute for the purpose of avoiding
14 any impact upon these two latter parties who
15 might suggest that there is considerable
16 additional time required for them.  For instance,
17 in waiting 30 or more days in order to get
18 documents.  They have all the documents now.
19 For the most part, the documents
20 that were recently produced to them are being
21 reproduced to them, because they were both in the
22 lawsuit earlier.  And the vast majority of these
23 documents were produced at time and day where
24 they even have copies of these documents.
25 The balance of the documents

EXHIBIT 3
PAGE 7 OF 18

```
 1   pertaining to the new issues, the superior
 2   knowledge issues, are documents that are either
 3   in Brechan's possession or in Coffman's
 4   possession, and it would be up to us to obtain
 5   copies of those documents.
 6              Now, just last week, Absolute
 7   completed its review of the CR 26 documents
 8   produced by Coffman.  And it's our understanding
 9   that we have 95 percent or better of the
10   documents that they have.  The only thing left to
11   do is get the Coffman documents when they do
12   their CR 26 disclosure.  And once that's done --
13   and, again, we're the party with the burden of
14   proof on those issues.  We'll be way on our way
15   to being prepared to do depositions.  There's no
16   reason why they shouldn't be in the same
17   position.
18              THE COURT:  So when is the
19   Plaintiff -- will the Plaintiff be ready to go to
20   trial?
21              MR. MARSTON:  We will be ready to
22   go to trial by March.
23              THE COURT:  When will Coffman be
24   ready to go?
25              MR. PARTNOW:  I don't know,
```

EXHIBIT 3
PAGE 8 OF 18

```
 1    Your Honor.  For two reasons.  One is because I
 2    haven't seen all the information.
 3              Secondly, I know I can't go to
 4    trial -- I've got two trials in -- in April and a
 5    trial in May already in my calendar.
 6              And, third, there is a procedural
 7    issue which may come up before any of this comes
 8    up in terms -- as Mr. Marston mentioned, Coffman,
 9    at least, was in the case.  We were dismissed.
10    It was the same case, the same case number, and
11    there's a pretrial order that required adding of
12    claims and adding of parties and so on and so
13    forth.
14              And it seems to me that -- and
15    we'll be filing a motion.  I don't expect a
16    ruling or anything at this point.  It -- it's
17    improper to try to bootstrap Coffman back into
18    the case where the timelines have long since
19    passed, and there's no good cause for -- you
20    know, for trying to ignore the previously
21    existing timelines which Your Honor had set.
22              MR. MARSTON:  Your Honor, this is
23    Mr. Marston again.
24              Irrespective of any motion that
25    Coffman may intend to bring, that would not be
```

```
 1   germane to when the trial should be -- should be
 2   set.  Go ahead and a trial, in the unlikely event
 3   that they on a procedural matter could obtain a
 4   dismissal themselves from that lawsuit, that
 5   doesn't mitigate against setting a trial date in
 6   March now.
 7            MR. BROWN:  Your Honor, this is
 8   Eric Brown for Emerco and Mr. McKinley.
 9            A couple things.  One is there is a
10   motion to compel that Your Honor granted months
11   ago with regard to Absolute.  We don't believe
12   that we have all the documents from Absolute.  So
13   we would dispute Mr. Marston's assertion that 90
14   percent of the discovery has been done --
15            THE CLERK:  Mr. Brown, could you
16   pull the microphone to you, please?
17            MR. BROWN:  -- even in the first
18   part of the -- even in the case with regard to
19   Emerco and Absolute.
20            The other thing is that these new
21   theories that are being set forth against Coffman
22   and Brechan were unclear until some of these
23   depositions are taken, and I can -- I assume -- I
24   think everybody assumes, that the Brechan
25   principals and employees will be deposed.  Some
```

```
 1   Swalling people will be deposed.  Perhaps some
 2   Coast Guard people will be deposed.  And
 3   Mr. Hardenbergh with Coffman, I assume, he'll be
 4   redeposed.
 5              So, I don't think March is
 6   reasonable, but --
 7              THE COURT:  What is?  What date do
 8   you think is reasonable?
 9              MR. BROWN:  Well, I would think
10   that May, June time periods.  May to July
11   sometime.
12              THE COURT:  Counsel, what do you
13   think is reasonable?
14              MR. NIST:  Well, I know we already
15   identified about nine different people that we
16   want to depose.  We've got to subpoena documents
17   from the Federal Government and from the previous
18   contractor on the project named Swalling.
19              As it stands now, we're looking
20   about probably nine months, which would put us to
21   trial about July or August.
22              MR. DICKSON:  Speaking on behalf of
23   Specialty Polymer, Your Honor.  I've already got
24   a trial in April for three weeks; one in June for
25   ten days; one in September, 15 days, right in the
```

```
 1   middle.
 2                March would work in my trial
 3   calendar.  But if the other parties can't make it
 4   by March, then I'm unable to agree to any trial
 5   other than in late July, early August.
 6                MR. PARTNOW:  And this is Peter
 7   Partnow.  In terms of my trial calendar,
 8   Your Honor, I would have the same thing.  I have
 9   at least one or two trials continuously from the
10   beginning of April until the first half --
11   through the first half of July.
12                THE COURT:  Okay.  Anything else?
13                MR. NIST:  Your Honor, I'd like to
14   interject here also --
15                THE COURT:  I'm about to rule.
16   When I go like this that means I'm about to rule.
17   So you caught me just in time.
18                MR. NIST:  Thank you, Your Honor.
19                Typically, under the Federal rules,
20   you would certify a case as being ready for
21   trial, and then set a trial date.
22                THE COURT:  That's one way.
23                MR. NIST:  We expect -- Brechan
24   expects a significant amount of motion practice
25   in this case, and we'd kind of like to get those
```

1  motions resolved prior to showing up for trial,
2  Your Honor.
3        THE COURT:  Well, I understand.
4  This case has been on -- going on for quite a
5  while.  There's reasons, I think, for setting a
6  trial date.  Just so I can get on -- in control
7  on it, so I can schedule based upon it, so all
8  the counsel can schedule based on it.  We can get
9  the discovery done.  We can get the depositions
10 done.  And then we'll go to trial.  And you've
11 got plenty of time -- there will be plenty of
12 time.
13       Trial starts July 24th, 2006, and
14 we'll still set a -- a final order out that will
15 include -- we don't have -- it will include
16 discovery dates.  Let's see, we don't have to
17 have a -- we won't address joinder, because we've
18 got all the parties in.  We're not going to have
19 anymore parties; we're pretty well comfortable
20 with that.
21       Witness lists, primary disclosure
22 of potential witnesses.  Has that already been
23 done?  That's already been done.  But we've got a
24 new party, so should I include a category for
25 that as well?

```
 1            I can give all my standard dates in
 2   my standard combined pretrial order and -- and
 3   schedule and planning order.  It's a six- or
 4   seven-page document, but I don't want to include
 5   dates that have already passed that the parties
 6   think are unnecessary.
 7            MR. PARTNOW:  This is Peter
 8   Partnow.  Your Honor, I think probably the best
 9   thing I would hazard a guess would be just to
10   hand out the standard order, since we have
11   different parties and different status, and if
12   there's a problem with one of the deadlines or
13   other, that we could bring it to your attention
14   rather than going through each one of them now.
15            MR. MARSTON:  This -- Your Honor,
16   this is Terry Marston speaking again.
17            THE COURT:  Yes.
18            MR. MARSTON:  I don't disagree with
19   Mr. Partnow's approach with one modification on
20   it.
21            THE COURT:  Okay.
22            MR. MARSTON:  And that is everybody
23   else has already performed at least one,
24   sometimes twice, the CR 26 disclosure
25   requirements that the new deadline that you set
```

```
 1   for complying with the CR 26 requirements would
 2   be limited and established --
 3           THE COURT:  Limited to the parties
 4   who have not yet complied with it.
 5           MR. PARTNOW:  We haven't done it.
 6   We'd done it initially when we were in the case.
 7   We haven't done -- we haven't even answered yet.
 8           THE COURT:  Okay.  So I would think
 9   that this would only apply to Mr. Partnow.  But
10   it will be in my standard order, because you know
11   if you've done it.  If you've done it, you don't
12   have to do it again, except for Mr. Partnow.
13           MR. NIST:  Your Honor --
14           THE COURT:  Yes.
15           MR. NIST:  Jacob Nist again for
16   Brechan.  One thing that's a little unclear to me
17   is whether Imperial is going to be presenting a
18   pass-through claim or rather than Emerco is going
19   to be presenting a pass-through claim based on
20   these new theories.  And if that's the case,
21   we're going to need initial disclosures from
22   Imperial as well.
23           MR. BROWN:  And if that happens,
24   we'll get them.
25           MR. NIST:  Okay.
```

```
 1              THE COURT:  Okay.  We're making
 2   some progress.  No one's happy, but, you know,
 3   that's life.  At least we're going to get it done
 4   within a year.
 5              MR. DICKSON:  Your Honor, just for
 6   clarification, the parties did say it was about a
 7   20-week -- 20 day --
 8              THE COURT:  20-day trial.
 9              MR. DICKSON:  20-day trial.
10              THE COURT:  So I said the 24th,
11   right?
12              MR. DICKSON:  So we're still
13   looking at a four-week trial beginning July 24th?
14              THE COURT:  I don't know if we are.
15   But I'm going to -- I'm going to reserve four
16   weeks.  Right now I've got on my calendar,
17   reserve four weeks.  That's -- that's why it's so
18   hard for me to get a date.  And when I see one
19   where everyone is kind of agreeing, I grab it.
20   And that's where we are.
21              I don't think it will take four
22   weeks.  I've never had a four-week trial in my
23   life, as a lawyer or as a judge.
24              MR. MARSTON:  You were close,
25   Your Honor.
```

```
 1              THE COURT:  I've been -- yeah, I
 2   came close, but I didn't go over.  But maybe this
 3   will be a record.  I don't mind.  I mean, it
 4   gives me something to talk about.
 5              But right now I think
 6   three-and-a-half is my limit.  So maybe it will
 7   go four.  I -- I haven't had that experience.
 8              I like to get it done fairly
 9   quickly.  We move along.  We go from 8:30 to 4:30
10   all day long.  We -- it's no secret how we
11   conduct trials.  We'll get into those details
12   down the line.
13              Anything else?
14              I'll do a written order.  It will
15   come out.
16              MR. MARSTON:  Thank you,
17   Your Honor.
18              THE COURT:  Thank you all very
19   much.
20              MR. PARTNOW:  Thank you,
21   Your Honor.
22              MR. BROWN:  Thank you, Your Honor.
23              THE CLERK:  All rise.  The Court is
24   adjourned.  The Court stands in recess subject to
25   call.
```

```
 1                TRANSCRIBERS' CERTIFICATE
 2
 3          I, SANDRA M. MIEROP, hereby certify
 4   that the foregoing pages numbered 1 through 17
 5   are a true, accurate, and complete transcript of
 6   the requested proceedings in Case No. A03-199-CV,
 7   Absolute Environmental Services, Inc., et al. vs.
 8   Forrest J. McKinley, et al., transcribed by me
 9   from a copy of the electronic sound recording to
10   the best of my knowledge and ability.
11
12   March 30, 2006
                                 _____
13                                 SANDRA M. MIEROP
14
15
16
17
18
19
20
21
22
23
24
25
```

EXHIBIT 3
PAGE 18 OF 18