1   Terry R. Marston, *pro hac vice*, terry@mhf-law.com
    Jami K. Elison, *pro hac vice*, jamie@mhf-law.com
2   MARSTON HEFFERNAN FOREMAN, PLLC
    16880 N.E. 79th Street
3   Redmond, Washington 98052
    (425) 861-5700

4   PAUL J. NANGLE & ASSOCIATES
    Kerry Building
5   101 Christensen Drive
    Anchorage, Alaska 99501
6   Telephone: (907) 274-8866

7

8   Attorney for Plaintiff ABSOLUTE ENVIRONMENTAL SERVICES, INC.

9                    UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF ALASKA

10  ABSOLUTE ENVIRONMENTAL          )
    SERVICES, INC., an Alaska Corporation,  )   Case No.: A03-0199CV (RRB)
11                                  )
        Plaintiff,                  )
12                                  )
        vs.                         )
13                                  )   **ABSOLUTE ENVIRONMENTAL'S**
    FORREST J. MCKINLEY, an individual,  )   **RESPONSES TO COFFMAN'S SECOND**
14  d/b/a "Imperial Industrial Coatings" and  )   **DISCOVERY REQUESTS**
    EMERCO, INC., a California Corporation,  )
15  d/b/a Imperial Industrial Coatings, BRECHAN  )
    ENTERPRISES, INC., an Alaska corporation;  )
16  and SAFECO INSURANCE COMPANY OF  )
    AMERICA, a Washington Corporation.  )
17                                  )
        Defendants.                 )
18  EMERCO, INC., a California corporation d/b/a  )
    Imperial Industrial Coatings, and the States for  )
19  Use and Benefit of EMERCO, INC.,  )
                                    )
20  Counterclaimant/Third-party Claimant,  )
                                    )
21  v.                              )
                                    )
22  ABSOLUTE ENVIRONMENTAL SERVICES  )
    INC., an Alaska corporation, et al.,  )
23                                  )
    Cross-defendants/Third-party Defendants.  )
24                                  )

25

26

ABSOLUTE ENVIRONMENTAL'S RESPONSES TO COFFMAN'S SECOND DISCOVERY
REQUESTS
Case No. A03-0199CV (RRB)-- 1

EXHIBIT ___4___
PAGE _1_ OF _23_

| | |
|---|---|
| 1 | THE UNITED STATES OF AMERICA *for the use and benefit of* ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, |
| 2 | |
| 3 | |
| 4 | Plaintiff, |
| | vs. |
| 5 | |
| 6 | SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation, |
| 7 | Defendants. |
| 8 | |
| 9 | BRECHAN ENTERPRISES, INC., an Alaska corporation, |
| 10 | Counterclaim Plaintiff, |
| | vs. |
| 11 | |
| 12 | ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, |
| 13 | Counterclaim Defendant. |
| 14 | BRECHAN ENTERPRISES, INC., an Alaska corporation, |
| 15 | Third-Party Plaintiff, |
| 16 | vs. |
| 17 | COFFMAN ENGINEERS, INC, a Washington Corporation. |
| 18 | Third-Party Defendant. |
| 19 | ABSOLUTE ENVIRONMENTAL SERVICES INC., an Alaska Corporation, |
| 20 | |
| 21 | Plaintiff/Cross-claimant, |
| | vs. |
| 22 | |
| 23 | COFFMAN ENGINEERS, INC, a Washington Corporation. |
| 24 | Third-Party Defendant. |
| 25 | |
| 26 | |

ABSOLUTE ENVIRONMENTAL'S RESPONSES TO COFFMAN'S SECOND DISCOVERY REQUESTS
Case No. A03-0199CV (RRB)-- 2

EXHIBIT ____4____
PAGE __2__ OF __23__

1    COMES NOW Absolute Environmental Services, Inc., and in response to Coffman's

2    second discovery requests responds as follows:

3

4    DATED: June 2, 2006.

5                        LANE POWELL LLC
                         Attorneys for Coffman Engineers, Inc.

6

7

8    By _____ /s/ _____
                         James B. Stoetzer, ASBA No. 7911130

9

10   **REQUEST FOR ADMISSION NO. 1:** Please admit that a reasonably accurate proposal to

11   perform the Phase II work on the Cargo Wharf coatings project would have to have been

12   predicated on the specification requirements and the actual field conditions which existed at the

13   cargo wharf area.

14   **RESPONSE: Deny**

15

16

17   **INTERROGATORY NO. 1:** If your response to Request for Admission No. 1 is anything other

18                        **66**
     than an unconditional admission,      please state in detail all facts on which you base any denial

19

20   or limitation of Request for Admission No. 1.

21   **ANSWER:** Objection:  CEI has exceeded the permitted number of interrogatories under

22   the federal rules.

23

24

25

26

ABSOLUTE ENVIRONMENTAL'S RESPONSES TO COFFMAN'S SECOND DISCOVERY
REQUESTS
Case No. A03-0199CV (RRB)-- 3

EXHIBIT ___4___
PAGE _3_ OF _23_

**REQUEST FOR ADMISSION NO. 2**  Please admit that Imperial's schedules, estimates and cost proposal to perform the coatings work on Phase II of the cargo wharf were not based on reasonable analysis and compilation of cost factors which resulted from the specification requirements and the reasonably anticipated field impacts.

**RESPONSE: Deny**

**INTERROGATORY NO. 2**:  If your response to Request for Admission No. 2 is anything

67

other than an unconditional admission, please     state in detail all facts on which you base any denial or limitation of Request for Admission No. 2.

**ANSWER:**  Objection:  CEI has exceeded the permitted number of interrogatories under the federal rules.

Absolute has no personal knowledge of what Imperial actually based its proposal on, though Imperial's unit cost was consistent with estimates made by others, including the USCG, given the facts it was provided.

**REQUEST FOR ADMISSION NO. 3:**  Please admit that IIC had access to the drawings and specifications and that it made a visit to the job site prior to submitting its cost proposal to perform the Phase II coatings work on the cargo wharf project.

**RESPONSE: Deny**

**INTERROGATORY NO. 3**:  If your response to Request for Admission No. 3 is anything

other than an unconditional admission, please   68   state in detail all facts on which you base any

denial or limitation of Request for Admission No. 3.

    **ANSWER:**   Objection:  CEI has exceeded the permitted number of interrogatories under

the federal rules.

      Imperial made a site visit and had access to plans and specifications before submitting its

proposal on Phase II, but the plans and specifications both it and AESI had were  versions of the

Phase I specifications.  Neither AESI nor IIC had copies of the Phase II specifications before

submitting their proposals.

**REQUEST FOR ADMISSION NO. 4:**  Please admit that the cost proposal submitted to

Brechan by Absolute to perform the Phase II work did not estimate and adequately address all

reasonably anticipated jobsite impacts.

    **RESPONSE: Deny**

**INTERROGATORY NO. 4:**  If your response to Request for Admission No. 4 is anything other

than an unconditional admission, please   69   state in detail all facts on which you base any denial

or limitation of Request for Admission No. 4.

    **ANSWER:**

1    Objection:  CEI has exceeded the permitted number of interrogatories under the federal

2    rules.

3    Absolute's proposal was in the same range as those submitted by similarly situated

4    proposers lacking knowledge of the problems cited by CEI in its 10/30/01 Hardenbergh

5    memorandum.

6

7

8

**REQUEST FOR ADMISSION NO. 5:**  Please admit that it is customary and logical for an

experienced industrial coatings applicator to include in its cost proposal the cost of stripe coating

over weld areas.

**RESPONSE: Deny**

**INTERROGATORY NO. 5:**  If your response to Request for Admission No. 5 is anything other

**70**

than an unconditional admission, please     state in detail all facts on which you base any denial

or limitation of Request for Admission No. 5.

**ANSWER:**  Objection:  CEI has exceeded the permitted number of interrogatories under

the federal rules.

This is simply not true.  Circumstances and requirements vary significantly by project.

1    **REQUEST FOR ADMISSION NO. 6:** Please admit that IIC and Absolute did not make a

2    reasonable inspection of the cargo wharf prior to preparing and submitting a cost proposal for the

3    Phase II work.

4        **RESPONSE: Deny**

5

6    **INTERROGATORY NO. 6:** If your response to Request for Admission No. 6 is anything

7                                                    **71**

8    other than an unconditional admission, please        state in detail all facts on which you base any

9

10   denial or limitation of Request for Admission No. 6.

11       **ANSWER:** Objection: CEI has exceeded the permitted number of interrogatories under

12   the federal rules.

13       AESI and IIC made a reasonable site investigation in accordance with the requirements of

14   the law.

15

16

17

18   **REQUEST FOR ADMISSION NO. 7** Please admit that common site visit activities to be

19   conducted by an experienced industrial coatings applicator prior to preparing and submitting a

20   proposal include computation of the area to be coated, observation of the substrates to be coated,

21

22   removal and/or close observation of the existing coating system, and observation of the local

23   conditions affecting the work.

24       **RESPONSE: Deny**

25

26

**INTERROGATORY NO. 7**: If your response to Request for Admission No. 7 is anything

72

other than an unconditional admission, please    state in detail all facts on which you base any

denial or limitation of Request for Admission No. 7.

    **ANSWER:** Objection:  CEI has exceeded the permitted number of interrogatories under

the federal rules.   These steps may be done, but are by no means required.

**REQUEST FOR ADMISSION NO. 8.**  Please admit that by executing the contract to perform

the Phase II work, Absolute acknowledged it had satisfied itself as to the character, quality, and

quantity of surface and subsurface conditions or obstacles to be encountered in performing the

contract insofar as that information was reasonably ascertainable from inspection of the site and

the documentary information provided to Absolute by Brechan.

    **RESPONSE: Deny**

**INTERROGATORY NO. 8**: If your response to Request for Admission No. 8 is anything other

73

than an unconditional admission, please    state in detail all facts on which you base any denial

or limitation of Request for Admission No. 8.

**ANSWER:** Objection: CEI has exceeded the permitted number of interrogatories under the federal rules. Brechan instructed AESI what quantities to use, 24,500 sf. A Reasonable Site Inspection Does Not Require Subsurface Investigations.

**REQUEST FOR ADMISSION NO. 9:** Please admit that if there is not a material difference between the conditions actually encountered while performing the work, and the conditions which reasonably should have been anticipated in light of the specifications and field conditions which should reasonably have been observed during pre-proposal site visit(s), no changed condition entitling Absolute to additional compensation would exist.

**RESPONSE: Deny**

**INTERROGATORY NO. 9:** If your response to Request for Admission No. 9 is anything other than an unconditional admission, please    state in detail all facts on which you base any

74

denial or limitation of Request for Admission No. 9.

**ANSWER:** Objection: CEI has exceeded the permitted number of interrogatories under the federal rules.

1  **REQUEST FOR ADMISSION NO. 10**  Please admit that based on the specifications and pre-

2  proposal site visit(s), Absolute and Imperial reasonably should have anticipated the existence of

3  rusted and pitted steel in many locations, which conditions would require difficult and time

4  consuming work to obtain the finish required by the specifications.

5      **RESPONSE:** Admit

6

7  **INTERROGATORY NO. 10**:  If your response to Request for Admission No. 10 is anything

8                              **75**

9  other than an unconditional admission, please      state in detail all facts on which you base any

10

11  denial or limitation of Request for Admission No. 10.

12      **ANSWER:** Objection:  CEI has exceeded the permitted number of interrogatories under

13  the federal rules.

14

15

16

17

18

19  **REQUEST FOR ADMISSION NO. 11:**  Please admit that Absolute and Imperial should

20  reasonably have raised to Brechan any problems encountered as the result of perceived changed

21  conditions at the time such conditions were encountered while performing the work?

22      **RESPONSE: Deny**

23

24

25

26

ABSOLUTE ENVIRONMENTAL'S RESPONSES TO COFFMAN'S SECOND DISCOVERY
REQUESTS
Case No. A03-0199CV (RRB)-- 10

EXHIBIT _____ 4

PAGE _10_ OF _23_

**INTERROGATORY NO. 11**:  If your response to Request for Admission No. 11 is anything

76

other than an unconditional admission, please    state in detail all facts on which you base any

denial or limitation of Request for Admission No. 11.

**ANSWER:** Objection:  CEI has exceeded the permitted number of interrogatories under

the federal rules.

**REQUEST FOR ADMISSION NO. 12**  Please admit that Absolute did not raise any issue

regarding alleged changed or unanticipated conditions encountered by its forces to Brechan,

Coffman, or anyone else while performing its work on the cargo wharf during 2003 0r 2004.

**RESPONSE: Deny**

**INTERROGATORY NO. 12**:  If your response to Request for Admission No. 12 is anything

77

other than an unconditional admission, please    state in detail all facts on which you base any

denial or limitation of Request for Admission No. 12.

**ANSWER:** Objection:  CEI has exceeded the permitted number of interrogatories under

the federal rules.

ABSOLUTE ENVIRONMENTAL'S RESPONSES TO COFFMAN'S SECOND DISCOVERY
REQUESTS
Case No. A03-0199CV (RRB)-- 11

EXHIBIT ___4___

PAGE _11_ OF _23_

**REQUEST FOR ADMISSION NO. 13:** Please admit that the QA work performed by Coffman during Phase II of the cargo wharf project comported with normally accepted industry standards for field coating quality assurance.

    **RESPONSE:** Admit

**INTERROGATORY NO. 13:** If your response to Request for Admission No. 1 is anything

**78**

other than an unconditional admission, please    state in detail all facts on which you base any

denial or limitation of Request for Admission No. 13.

    **ANSWER:** Objection: CEI has exceeded the permitted number of interrogatories under the federal rules.

**REQUEST FOR ADMISSION NO. 14:** Please admit that per the specifications, holiday testing on Phase II of the cargo wharf project was to be done in accord with NACE RPO 199-99.

    **RESPONSE:** Deny: Holiday detection was to be performed pursuant to NACE RPO188.

**INTERROGATORY NO. 14:**  If your response to Request for Admission No. 14 is anything

**79**

other than an unconditional admission, please     state in detail all facts on which you base any

denial or limitation of Request for Admission No. 14.

**ANSWER:** Objection:  CEI has exceeded the permitted number of interrogatories under

the federal rules.

**REQUEST FOR ADMISSION NO. 15:**  Please admit that the contract documents, when read

as a whole and given their customary meaning, required the coating on Phase II of the cargo

wharf to be "holiday free" as that term is commonly used in the coating industry.

**RESPONSE:** Admit

**INTERROGATORY NO. 15:**  If your response to Request for Admission No. 15 is anything

**80**

other than an unconditional admission, please     state in detail all facts on which you base any

denial or limitation of Request for Admission No. 15.

**ANSWER:** Objection:  CEI has exceeded the permitted number of interrogatories under

the federal rules.

ABSOLUTE ENVIRONMENTAL'S RESPONSES TO COFFMAN'S SECOND DISCOVERY
REQUESTS
Case No. A03-0199CV (RRB)-- 13

EXHIBIT _____4_____
PAGE _13_ OF _23_

**REQUEST FOR ADMISSION NO. 16:** Please admit that the specifications required that repairable defects disclosed by the holiday detector be repaired.

  **RESPONSE:** Deny; all defects disclosed by the holiday detector were to be repaired.

**INTERROGATORY NO. 16:** If your response to Request for Admission No. 16 is anything

**81**

other than an unconditional admission, please    state in detail all facts on which you base any

denial or limitation of Request for Admission No. 16.

  **ANSWER:** Objection: CEI has exceeded the permitted number of interrogatories under the federal rules.

**REQUEST FOR ADMISSION NO. 17:** Please admit that under the contract documents and in light of the marine conditions which existed at the cargo wharf, the specifications required that holidays located when following NACE RPO 188-99 were to be located and repaired, and that the resulting surface would then be "holiday free" as that term is commonly used in the coating industry.

  **RESPONSE:** **Deny;** the specifications required holidays identified by high voltage holiday detection pursuant to NACE RPO188 be repaired.

ABSOLUTE ENVIRONMENTAL'S RESPONSES TO COFFMAN'S SECOND DISCOVERY REQUESTS
Case No. A03-0199CV (RRB)-- 14

EXHIBIT _4_
PAGE _14_ OF _23_

**INTERROGATORY NO. 17**:  If your response to Request for Admission No. 17 is anything

**82**

other than an unconditional admission, please     state in detail all facts on which you base any

denial or limitation of Request for Admission No. 17.

     **ANSWER:** Objection:  CEI has exceeded the permitted number of interrogatories under

the federal rules.

**REQUEST FOR ADMISSION NO. 18:**  Please admit that where a contractor or subcontractor

falls behind schedule, the owner is not compelled to accept work which does not meet the

contract requirements to remedy the schedule slippage.

     **RESPONSE:** Admit

**INTERROGATORY NO. 18**:  If your response to Request for Admission No. 18 is anything

**83**

other than an unconditional admission, please     state in detail all facts on which you base any

denial or limitation of Request for Admission No. 18.

1    **ANSWER:** Objection:  CEI has exceeded the permitted number of interrogatories under

2    the federal rules.

3

4

5

6

7    **REQUEST FOR ADMISSION NO. 19**.  Please admit that much of the work performed by

8    Absolute to complete the phase II work after Imperial left the job involved repair of defective or

9    non-complying work which had been performed by Imperial.

10

11    **RESPONSE:** Deny

12

13    **INTERROGATORY NO. 19**:  If your response to Request for Admission No. 19 is anything

14                                        **84**

15    other than an unconditional admission, please      state in detail all facts on which you base any

16    denial or limitation of Request for Admission No. 19.

17    **ANSWER:** Objection:  CEI has exceeded the permitted number of interrogatories under

18    the federal rules. AESI was required to perform repairs of defective work performed by IIC, but it

19    also had to perform work to correct the weld problems to obtain a holiday free coating.  Much of

20    the expense incurred was in performing the latter work.

21

22

23

24

25

26

**INTERROGATORY NO. 19(A):**    If your response to Request for Admission No. 19 is

**85**

anything other than an unconditional admission, please    identify the percentage of Absolute's

total work to complete Phase II after Imperial left the job which involved repair of defective or

non-complying work which had been performed by Imperial.

    **ANSWER:** Objection:  CEI has exceeded the permitted number of interrogatories under

the federal rules.

**REQUEST FOR ADMISSION NO. 20** Please admit that much of the cost incurred by Absolute

to complete the Phase II work after Imperial left the job related to the repair of defective or non-

complying work which had been performed by Imperial.

    **RESPONSE:  Deny; see above.**

**INTERROGATORY NO. 20:**  If your response to Request for Admission No. 20 is anything

**86**

other than an unconditional admission, please    state in detail all facts on which you base any

denial or limitation of Request for Admission No. 20.

    **ANSWER:** Objection:  CEI has exceeded the permitted number of interrogatories under

the federal rules.

**INTERROGATORY NO. 20(A)**:  If your response to Request for Admission No. 20 is anything

87

other than an unconditional admission, please      identify either the total dollar amount or the

percentage of Absolute's cost to complete Phase II after Imperial left the job which related to

repair of defective or non-complying work which had been performed by Imperial.

    **ANSWER:** Objection:  CEI has exceeded the permitted number of interrogatories under

the federal rules.

**REQUEST FOR ADMISSION NO. 21**      Please admit that Absolute's cost to complete the

Phase II work after Imperial left the job was significantly increased because Absolute was forced

to perform the work in increasingly difficult weather conditions.

    **RESPONSE:**  Deny; the cost of AESI's performance was increased to some extent due to

deteriorating weather.

ABSOLUTE ENVIRONMENTAL'S RESPONSES TO COFFMAN'S SECOND DISCOVERY
REQUESTS
Case No. A03-0199CV (RRB)-- 18

EXHIBIT ___4___
PAGE _18_ OF _23_

**INTERROGATORY NO. 21:** If your response to Request for Admission No. 21 is anything

**88**

other than an unconditional admission, please     state in detail all facts on which you base any

denial or limitation of Request for Admission No. 21.

      **ANSWER:** Objection:  CEI has exceeded the permitted number of interrogatories under

the federal rules.

**REQUEST FOR ADMISSION NO. 22:**  Please admit that Absolute was forced to complete the

Phase II work in increasingly difficult weather conditions because Imperial was significantly

behind schedule in the performance of its work.

**RESPONSE:  Deny;** Absolute was forced to complete the Phase II work in deteriorating weather

because (1) Imperial was behind schedule in the performance of its work in part due to its own

errors and in part due to defective plans and specifications and non-disclosure of the weld

problems and (2) because of AESI's having to grind the welds in order to obtain a holiday-free

coating.

**INTERROGATORY NO. 22**:  If your response to Request for Admission No. 22 is anything

**89**

other than an unconditional admission, please     state in detail all facts on which you base any

denial or limitation of Request for Admission No. 22.

    **ANSWER:** Objection:  CEI has exceeded the permitted number of interrogatories under

the federal rules.

**REQUEST FOR ADMISSION NO. 23**   Please admit that Imperial's failure to maintain

schedule in the performance of the Phase II work was caused by Imperial's own improper actions

or inactions rather than improper actions or inactions of Absolute or any other party or entity.

    **RESPONSE:  Deny;** IIC's failure to maintain the schedule was likely the result of both

its own errors and those of Coffman and BEI, the latter in failing to fulfill its duties under the

Superior Knowledge and Severin Doctrines.

**INTERROGATORY NO. 23**:  If your response to Request for Admission No. 23 is anything

**90**

other than an unconditional admission, please     state in detail all facts on which you base any

denial or limitation of Request for Admission No. 23.

    **ANSWER:** Objection:  CEI has exceeded the permitted number of interrogatories under

the federal rules.

EXHIBIT _4_

PAGE _20_ OF _23_

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

RESPECTFULLY SUBMITTED this ___7___ day of July, 2006.

MARSTON HEFFERNAN FOREMAN, PLLC

By _____

Terry R. Marston II, WSBA No. 14440
Jami K. Elison,   WSBA No. 31007
Attorneys  for  Plaintiff  Absolute  Environmental
Service, Inc.

ABSOLUTE ENVIRONMENTAL'S RESPONSES TO COFFMAN'S SECOND DISCOVERY
REQUESTS
Case No. A03-0199CV (RRB)-- 21

EXHIBIT ___4___
PAGE _21_ OF _23_

## VERIFICATION

STATE OF IDAHO          ⎫
                       ⎬ ss.
COUNTY OF IDAHO         ⎭

    I, Dave Olson, the President of Absolute Environmental Services, Inc., being first duly sworn, state that I have read the answers to the foregoing interrogatories and that these answers are true, correct, and complete to the best of my knowledge.

                    ABSOLUTE ENVIRONMENTAL SERVICES, INC.

                    By _____

                    Its _____

ABSOLUTE ENVIRONMENTAL'S RESPONSES TO COFFMAN'S SECOND DISCOVERY
REQUESTS
Case No. A03-0199CV (RRB)-- 22

EXHIBIT ___4___
PAGE _22_ OF _23_

**CERTIFICATE OF SERVICE**

The undersigned certifies under penalty of perjury, under the laws of the State of Washington that I am now and at all times herein mentioned, a resident of the State of Washington, over the age of 18 years, not a party to or interested in the above-entitled action, and competent to be a witness herein.

On the date given below I caused to be served in the manner noted copies of the following upon designated counsel:

1. ABSOLUTE ENVIRONMENTAL'S RESPONSES TO COFFMAN'S SECOND DISCOVERY REQUESTS

| | |
|---|---|
| ***VIA E-Mail***<br>Eric J. Brown, Esq.<br>Jermain Dunnagan & Owens, P.C.<br>3000 A Street, Suite 300<br>Anchorage, AK  99503-4097<br>*Atty for Forrest McKinley and Emerco* | ***VIA E-Mail***<br>Mr. William Baerg<br>Patrick Duffy<br>Monteleone & McCrory, LLP<br>725 South Figueroa Street, Suite 3750<br>Los Angeles, CA  90017-5446<br>*Atty for Forrest McKinley and Emerco* |
| ***VIA E-Mail***<br>Mike Kreger<br>Jacob Nist<br>Perkins Coie, LLP<br>1029 West Third Avenue, Suite 300<br>Anchorage, AK  99501<br>*Atty for Brechan and Safeco* | ***VIA E-Mail and US First Class Mail***<br>Peter Partnow<br>Lane Powell Spears Lubersky<br>301 W. Northern Lights Boulevard<br>Suite 301<br>Anchorage, Alaska  99503<br>*Atty for Coffman* |
| ***VIA E-Mail and US First Class Mail***<br>James B. Stoetzer<br>Lane Powell Spears Lubersky<br>1420 Fifth Avenue, Suite 4100<br>Seattle, WA 98101<br>*Atty for Coffman* | ***VIA E-mail***<br>Robert J. Dickson<br>Atkinson, Conway & Gagnon, Inc.<br>420 L Street, Suite 500<br>Anchorage, AK  99501<br>*Atty for Specialty Polymer Coatings* |

SIGNED at Redmond, Washington this 7⁻ day of July, 2006.

Kristy L. Martyn