James B. Stoetzer, ASBA No. 7911130
Peter C. Partnow, ASBA No. 7206029
LANE POWELL PC
301 West Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone: 907.277.9511
Facsimile: 907.276.2631

Attorneys for Coffman Engineers, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska corporation,<br><br>                         Plaintiff,<br><br>v.<br><br>FORREST J. MCKINLEY, an individual, d/b/a "Imperial Industrial Coatings" and EMERCO, INC., a California corporation d/b/a Imperial Industrial Coatings, BRECHAN ENTERPRISES, INC., an Alaska corporation; and SAFECO INSURANCE COMPANY OF AMERICA, a Washington corporation,<br><br>                         Defendants. | Case No. A03-0199CV (RRB)<br><br>**SUPPLEMENTAL DECLARATION OF<br>JERRY HARDENBERGH** |
| EMERCO, INC., a California corporation d/b/a Imperial Industrial Coatings, and the States for Use and Benefit of EMERCO, INC.,<br><br>   Counterclaimaint/Third-Party Claimant,<br><br>v.<br><br>ABSOLUTE ENVIRONMENTAL SERVICES INC., an Alaska corporation, et al.,<br><br>   Cross-Defendants/Third-Party Defendants. | |

LANE POWELL LLC
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511   Facsimile 907.276.2631

LANE POWELL LLC
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

| | |
|---|---|
| THE UNITED STATES OF AMERICA *for the use and benefit of* ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, | |
| Plaintiff, | |
| v. | |
| SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation. | |
| Defendants. | |
| BRECHAN ENTERPRISES, INC., an Alaska corporation, | |
| Counterclaim Plaintiff, | |
| v. | |
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, | |
| Counterclaim Defendant. | |
| BRECHAN ENTERPRISES, INC., an Alaska corporation, | |
| Third-Party Plaintiff, | |
| v. | |
| COFFMAN ENGINEERS, INC, a Washington Corporation. | |
| Third-Party Defendant. | |
| ABSOLUTE ENVIRONMENTAL SERVICES INC., an Alaska Corporation, | |
| Plaintiff/Cross-Claimant, | |
| v. | |
| COFFMAN ENGINEERS, INC, a Washington Corporation. | |
| Third-Party Defendant. | |

**Supplemental Declaration of Jerry Hardenbergh**
*Absolute Envtl. Servs., Inc. v. Forrest McKinley, et al.* (Case No. A03-0199 CV (RRB))

Page 2 of 8

I, Jerry Hardenbergh hereby declare and state under oath as follows:

1. I am an employee of Coffman Engineers, Inc., third party defendant and cross-claim defendant in this lawsuit. I make this declaration on personal knowledge. This declaration is intended to supplement my August 4, 2006 declaration filed in support of Coffman's motions for summary judgment, and to respond to the new Declaration of Dave Olson Regarding Motions For Summary Judgment.

2. First, I remind the Court that I was the Quality Assurance representative on both phases of the project, and as such I was on site almost every day. I personally observed the conditions encountered at the site, including the conditions depicted in the photos Mr. Olson attaches to his declaration. Mr. Olson, on the other hand, was <u>never</u> on site during Phase I, and was rarely on site in Phase II. Most of his site visits occurred toward the end of Phase II during punchlist work.

3. I have reviewed that declaration, in which Mr. Olson makes a number of misstatements and mischaracterizations. I will address those misstatements and mischaracterizations in this declaration. In paragraph 26 of his declaration, Mr. Olson states that I "discontinued use of high voltage holiday testing of welded areas as a basis for rejecting coatings applied by Swalling." This is inaccurate. Again, Mr. Olson was not present on site during Swalling's part of the project. I continued to perform high voltage holiday testing throughout Swalling's time on the project. Attached hereto as Exhibit A are true and correct copies of examples of daily summary reports I prepared during the spring of 2002 reflecting this fact.

4. Mr. Olson also states in paragraph 26 of his declaration that I never denied in my deposition that I discontinued using high voltage testing during Phase I. Mr. Olson has no personal knowledge of what occurred on Phase I, or of what I did in connection with high voltage testing in that phase. Attached hereto as Exhibit B are true and correct copies of pages 387 and 388 of

LANE POWELL LLC
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

Volume 2 of my deposition, in which I testified that all coated surfaces were tested in both Phase I and Phase II, with the exception of caulked areas on non-structural appurtenances.

5. Mr. Olson also states in paragraph 26 that I never testified that the welds in Phase II were "good" welds. This is inaccurate. Attached hereto as Exhibit C is a true and correct copy of page 371 of Volume 2 of my deposition in which I confirmed that, except for the minimal areas that a contractor would normally expect to encounter sliver, scabs and weld spatter, the welds on Phase II were good.

6. In paragraph 46 of his declaration, Mr. Olson states that the "weld defects problem" was not discussed during the pre-construction conference at Coffman's offices on February 18, 2003. I attended that conference. Mr. Olson was not in attendance. The weld conditions found on Phase I were specifically identified and were extensively discussed during that conference.

7. I have reviewed the 14 photographs that make up Exhibit 44 to Mr. Olson's declaration. Mr. Olson states in paragraph 21 of his declaration that these photographs show "defective and omitted welds on Phase II." For most of the photos, this representation is wrong. Before I address each of the 14 photos, I would like to remind the Court that I am an American Welding Society senior certified welding inspector with extensive experience and training in inspecting weldments. The "senior" status for welding inspector requires a minimum of 15 years experience inspecting weldments. To my knowledge, Mr. Olson has no certifications or expertise in welding inspection. I also remind the Court that the problems with the weld conditions in portions of the Phase I area of the project were widespread, and not isolated incidents.

8. The first photograph in Exhibit 44 primarily shows a coffer dam surrounding an H pile. There are no defective welds visible or apparent in that photograph.

9. The second photograph in Exhibit 44 shows an H pile with splice plates on the interior of that pile and a pad eye on the exterior. While it appears that there may be some weld slag

**Supplemental Declaration of Jerry Hardenbergh**
*Absolute Envtl. Servs., Inc. v. Forrest McKinley, et al.* (Case No. A03-0199 CV (RRB))    Page 4 of 8

LANE POWELL LLC
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511   Facsimile 907.276.2631

where the pad eye meets the H pile, that slag would be easily removed. There are no defective welds apparent in that photo.

10. With regard to the third photograph in Exhibit 44, I have specific recollection of this condition. In this area, there was a weld attaching an electrical unistrut to an H pile. The welder apparently melted a hole through the H pile. When this area was coated, the coating filled most of the hole, but not all of it. However, no holidays were detected in this area.

11. I also have a specific recollection of the area depicted in the fourth photograph of Exhibit 44. That depicts a spot where a piece of non-structural square tubing was removed. This occurred at bent 14. This was the only location that this occurred. In any event, there are no defective welds depicted in this photo.

12. I also have a specific recollection of the H pile depicted in the fifth photo of Exhibit 14. This H pile is included in bent 15. The photo shows two splice plates on the H pile, both of which have no welds along their bottom edge. This is the only place in the Phase II area of the project that this condition occurred. That area was coated, and no holidays were detected

13. The sixth and seventh photos of Exhibit 44 do not show defective welds that created problems during Phase II. While those photos depict some poor weld workmanship, they do not depict "defective" welds that created problems for the coating applicator. Furthermore, the conditions shown in these photos are not at all similar to the weld problems that were encountered on Phase I and which constituted differing site conditions.

14. The eighth photo of Exhibit 44 does not show any defective welds. In fact, the upper plate on the exterior flat surface of this H pile was a cathodic protection negative connection plate. The specifications required that all such CP negative connection plates be removed. Consequently, Absolute cannot complain that any "weld problems" relating to those plates created problems for

LANE POWELL LLC
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

**Supplemental Declaration of Jerry Hardenbergh**
*Absolute Envtl. Servs., Inc. v. Forrest McKinley, et al.* (Case No. A03-0199 CV (RRB))     Page 5 of 8

them on Phase II. The lower plate is a concrete form support. Pursuant to the revised specification for Phase II, the coating applicator was allowed to caulk the lower edge of that form support.

15. The ninth photograph in Exhibit 44 shows an area where a square tube was cut off an H pile, but where the resulting edge was not ground off. This occurred at only one location on Phase II. This was not the type of situation encountered by Swalling on Phase I that constituted differing site conditions on that phase.

16. The tenth photograph in Exhibit 44 depicts a patch that had to be put on a square tube to cover a corrosion hole that had developed over that tube. This occurred at bent 15. This patch was welded on by a Brechan employee. This photo does not depict a defective weld.

17. Photographs 11 and 12 of Exhibit 44 depict cathodic protection negative connection plates that had to be removed. Even if these plates had bad welds (which they do not) it didn't matter since the specification required their removal. These photos do not depict defective or omitted welds.

18. The thirteenth photo in Exhibit 44 shows one vertical weld approximately eight inches in length. It does not appear to be a defective weld, although the profile of the weld might be somewhat rough. In any event, from what I can see in this photograph, the condition of this weld does not match the bad weld conditions that were uncovered by Swalling in Phase I of the project.

19. The last photograph in Exhibit 44 shows a weld that may contain several porosity holes, and may have a somewhat rough profile. However, this picture does not depict a weld that would cause coating problems. Again, this weld is not similar to the defective welds encountered on Phase I of the project.

20. Attached as Exhibit D are true and correct copies of pages 286-294 of Volume 2 of my deposition, in which I testified regarding the various types of weld defects encountered on Phase

**Supplemental Declaration of Jerry Hardenbergh**
*Absolute Envtl. Servs., Inc. v. Forrest McKinley, et al.* (Case No. A03-0199 CV (RRB))   Page 6 of 8

LANE POWELL LLC
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

I, and locations in Phase I at which those conditions ceased creating problems for the coating applicator.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED at Anchorage, Alaska this 8th day of September, 2006.

By _____
Jerry Hardenbergh

LANE POWELL LLC
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

I certify that on September 8, 2006, a copy of the foregoing was served by mail on:

{Click F11}

_____

011680.0076/1323282.1

**LANE POWELL LLC**
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511   Facsimile 907.276.2631

**Supplemental Declaration of Jerry Hardenbergh**
*Absolute Envtl. Servs., Inc. v. Forrest McKinley, et al.* (Case No. A03-0199 CV (RRB))

Page 8 of 8