1  Terry R. Marston, *pro hac vice,* terry@mhf-law.com
   Jami K. Elison, *pro hac vice,* jamie@mhf-law.com
2  Jesse P. Elison, *pro hac vice,* jessee@mhf-law.com
   MARSTON HEFFERNAN FOREMAN, PLLC
3  16880 N.E. 79th Street
   Redmond, Washington  98052
4  (425) 861-5700

5  PAUL J.  NANGLE & ASSOCIATES
   Kerry Building
6  101 Christensen Drive
   Anchorage, Alaska  99501
7  Telephone:  (907) 274-8866

8  Attorney for Plaintiff ABSOLUTE ENVIRONMENTAL SERVICES, INC.

9                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF ALASKA
10  ABSOLUTE ENVIRONMENTAL                )
11  SERVICES, INC., an Alaska Corporation, )   Case No.: A03-0199CV (RRB)
                                          )
12          Plaintiff,                     )
          vs.                             )
13                                         )   **PLAINTIFF ABSOLUTE'S PROPOSED**
   FORREST J. MCKINLEY, an individual,    )   **FACTUAL STATEMENT OF THE CASE**
14  d/b/a "Imperial Industrial Coatings" and )
   EMERCO, INC., a California Corporation,  )
15  d/b/a Imperial Industrial Coatings,     )
   BRECHAN ENTERPRISES, INC., an Alaska   )
16  corporation; and SAFECO INSURANCE      )
   COMPANY OF AMERICA, a Washington       )
17  Corporation.                           )
                                          )
18          Defendants.

19
20
21
22
23
24
25
26

1  EMERCO, INC., a California corporation d/b/a)
2  Imperial Industrial Coatings, and the States for )
   Use and Benefit of EMERCO, INC.,              )
3                                                 )
   Counterclaimant/Third-party Claimant,          )
4                                                 )
   v.                                             )
5                                                 )
   ABSOLUTE ENVIRONMENTAL SERVICES)
6  INC., an Alaska corporation, et al.,           )
7  Cross-defendants/Third-party Defendants.       )
8                                                 )

   THE UNITED STATES OF AMERICA *for*            )
9  *the use and benefit of* ABSOLUTE              )
   ENVIRONMENTAL SERVICES, INC., an              )
10 Alaska Corporation,                            )
11                Plaintiff,                      )
12        vs.                                     )
                                                  )
13 SAFECO INSURANCE COMPANY OF                    )
   AMERICA, a Washington Corporation.             )
14                                                )
                Defendants.                       )
15                                                )

16 BRECHAN ENTERPRISES, INC., an Alaska )
   corporation,                                   )
17                                                )
                Counterclaim Plaintiff,           )
18        vs.                                     )
                                                  )
19 ABSOLUTE ENVIRONMENTAL                         )
20 SERVICES, INC., an Alaska Corporation,         )
                                                  )
21              Counterclaim Defendant.           )

22

23

24

25

26

BRECHAN ENTERPRISES, INC., an Alaska )
corporation,                           )
                                       )
                Third-Party Plaintiff, )
        vs.                            )
                                       )
COFFMAN ENGINEERS, INC, a Washington )
Corporation.                           )
                                       )
                Third-Party Defendant. )
_____)
ABSOLUTE ENVIRONMENTAL SERVICES)
INC., an Alaska Corporation,           )
                                       )
                Plaintiff/Cross-claimant, )
        vs.                            )
                                       )
COFFMAN ENGINEERS, INC, a Washington )
Corporation.                           )
                                       )
                Third-Party Defendant. )
_____)

This dispute arises out of the second of two contracts issued by the U.S. Coast Guard to perform maintenance work on a cargo wharf at the Coast Guard Base in Kodiak. Included in the maintenance work was the re-painting, or "coating", of pilings underneath the wharf. The two contracts were referred to as "Phase I" and "Phase II" of the **Cargo Wharf Maintenance** project.

The contract for Phase I was issued in 2001 and the contract for Phase II was issued in 2002. Both contracts were issued by the Coast Guard to **Brechan Enterprises, Inc.**, a general contractor. The Phase I contract required the general contractor Brechan to both prepare the design for the project and perform the work.

Brechan hired Tryck, Nyman, Hayes engineers to prepare the overall design for the project. Tryck, Nyman, Hayes then hired **Coffman Engineers, Inc.** to prepare the painting

(coatings) portions of the project design.  Brechan also hired Coffman Engineers directly on both Phases I and II to provide other on-site services during the construction work.

Brechan hired Swalling Construction Company, Inc. to perform the coating work on the Phase I contract.

Brechan hired **Absolute Environmental Services, Inc.** to perform the coating work on the Phase II contract.   Absolute Environmental Services then hired **Imperial Industrial Coatings** to perform certain portions of the work under its subcontract with Brechan.

Disagreements arose between Imperial,  Absolute, Coffman and Brechan after work began on the Phase II contract.   Imperial claimed that it was being asked to perform extra work without compensation and complained about the way its work was being inspected.  Absolute, Coffman and Brechan claimed that the quality and timeliness of Imperial's work was inadequate.  After performing a portion of the work, Imperial informed Absolute that it was terminating its subcontract.  Afterward, Absolute completed the painting work on its own.

Absolute Environmental Services, Inc. filed this lawsuit to recover from Imperial for financial losses it suffered in order to correct and complete Imperial's subcontract work.  Absolute filed suit against Forrest J. McKinley to recover this money alleging that "Imperial Industrial Coatings" is a fictitious business name used by Mr. McKinley personally.  Absolute also filed suit against a corporation owned by Mr. McKinley named "Emerco, Inc." because Mr. McKinley claims that "Imperial Industrial Coatings" was a fictitious business name for his corporation, not for himself.

Emerco, Inc. filed a counter-suit against Absolute claiming that it was "Imperial" and that Absolute owed money to Imperial

After this lawsuit had begun, McKinley and Emerco provided Absolute with documents that showed that Brechan Enterprises and Coffman Engineers had discovered hidden problems during the earlier Phase I contract that caused defects to appear in the paint that was to be applied. Absolute claims that the problems that occurred in Phase I also occurred in Phase II and that it was not told by either Brechan or Coffman about these problems before pricing and signing a contract to complete the second phase of the Cargo Wharf project. Absolute has filed suit against both Brechan and Coffman alleging that each had a duty to inform Absolute about the problems that arose in Phase I and that it lost money when they failed to do so.

DATED this 20th day of September, 2006.


MARSTON HEFFERNAN FOREMAN, PLLC


By _____s/Jami K. Elison_____
  Terry R. Marston II, WSBA No. 14440
  Jami K. Elison,   WSBA No. 31007
  Jesse P. Elison,  WSBA No. 36914
Attorneys for Plaintiff Absolute Environmental
Service, Inc.

I hereby certify that on the date given a copy of the forgoing was electronically filed with the Clerk of Court using the CM/ECF system and was served electronically on the following:

William R. Baerg, Patrick J. Duffy
Eric J. Brown
Robert J. Dickson
Michael E Kreger, Jacob Nist
James B. Stoetzer, Peter C. Partnow

s/Jami K. Elison_____.