Peter C. Partnow, ASBA No. 7206029
James B. Stoetzer, ASBA No. 7911130
Lane Powell LLC
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Tel:  907-277-9511
Fax:  907-276-2631
PartnowP@LanePowell.com

Attorneys for Third-Party Defendant
Coffman Engineers, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska corporation,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>FORREST J. McKINLEY, an individual, d/b/a "Imperial industrial Coatings"; and EMERCO, INC., a California corporation, d/b/a Imperial Industrial Coatings; BRECHAN ENTERPRIESES, INC., an Alaska corporation; and SAFECO INSURANCE COMPANY OF AMERICA, a Washington corporation,<br><br>　　　　　　　　　　Defendants. | Case No. 3:03-cv-00199-RRB |
| EMERCO, INC., a California corporation d/b/a Imperial Industrial Coatings, and the United States for the Use and Benefit of EMERCO, INC.,<br><br>　　Counterclaimant/Third-Party Claimant,<br><br>v.<br><br>ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska corporation, et al.,<br><br>　Cross-Defendants/Third-Party Defendants. | **PROPOSED FACTUAL STATEMENT OF COFFMAN ENGINEERS, INC.** |

| |
|---|
| THE UNITED STATES OF AMERICA for the use and benefit of ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska corporation, <br><br>          Plaintiff, <br><br> v. <br><br> SAFECO INSURANCE COMPANY OF AMERICA, a Washington corporation, <br><br>          Defendant. |
| BRECHAN ENTERPRISES, INC., an Alaska corporation, <br><br>          Counterclaim Plaintiff, <br><br> v. <br><br> ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska corporation, <br><br>          Counterclaim Defendant. |
| BRECHAN ENTERPRISES, INC., an Alaska corporation, <br><br>          Third-Party Plaintiff, <br><br> v. <br><br> COFFMAN ENGINEERS, INC., a Washington corporation, <br><br>          Third-Party Defendant. |

**LANE POWELL LLC**
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511 Facsimile 907.276.2631

   Pursuant to the Court's September 19, 2006 Minute Order, Coffman Engineers, Inc. ("Coffman") hereby submits its Proposed Factual Statement for the Court to read to the jury at the commencement of trial:

**LANE POWELL LLC**
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

## **Proposed Factual Statement**

This case involves the design and construction of renovations to the United States Coast Guard's cargo wharf in Kodiak, Alaska. Brechan Enterprises, Inc. ("Brechan"), a Kodiak based company, was the Coast Guard's general contractor. The project included, among other things, the removal and replacement of the coating material that covered the steel structure which supports the wharf. The purpose of the coatings is to prevent rusting of the wharf by keeping salt water and other moisture away from the steel surfaces. The Coast Guard required that the coatings, along with other corrosion prevention systems, would extend the life of the wharf for 25 years.

The Coast Guard's annual appropriation did not include enough funds to perform the entire wharf renovation at once, so it was divided into two phases. The first phase was performed by Swalling Construction Company. While it was initially anticipated that Swalling would also do the Phase II work, by agreement of Swalling, the Coast Guard, and Brechan, this did not occur. There was no litigation regarding the Phase I contract and Swalling is not a party to this lawsuit.

For Phase II, Brechan hired the plaintiff Absolute Environmental Services, Inc. ("Absolute"). Absolute is an Anchorage based contractor primarily involved in asbestos abatement work. It had performed a number of other contracts for Brechan. It was not, however, experienced in doing coatings work of the type required for this project. In order to perform the work, Absolute contracted with defendant Emerco, Inc., doing business as Imperial Industrial Coatings ("Imperial"), a contractor from California. Imperial contracted with Absolute to perform work which consisted of removing the pre-existing coating material and applying the new coating material to the wharf.

The other party involved in this lawsuit is Coffman Engineers, Inc. ("Coffman"), a national engineering firm with an Anchorage office. Coffman prepared the original coatings

specifications for the Phase I project.  Coffman revised those specifications for the Phase II work, and also provided an on-site quality assurance inspector while the Phase II work was actually being performed.

The Phase II work was to be performed on the wharf in Kodiak commencing in April of 2003 and concluding later in 2003.  At the start of the project, employees of Imperial were required to be certified by the manufacturer of the coatings material to make sure they knew how to properly apply this material.

The evidence you will hear during the trial will show that a variety of problems arose while Imperial was performing the work.  There is a dispute among the parties as to who was at fault for the various problems.

Part way through Phase II, the manufacturer of the coating material revoked Imperial's certification which Imperial was required to maintain in order to work on the project.  You will hear evidence regarding whether Imperial then abandoned the job or whether it was thrown off the job.  In any event, after Imperial was no longer on the project, Absolute hired staff which completed the Phase II coating work by late 2003.

Thereafter, Absolute started this lawsuit by suing Imperial.  Absolute claimed Imperial had breached its contract with Absolute by failing to complete work required and by performing work improperly.

Imperial denied Absolute's claims and also filed claims against Absolute, alleging that it (Imperial) had been wrongly decertified, and that Absolute had breached the subcontract and caused damages to Imperial.  As you will hear, part of the controversy between Absolute and Imperial involves questions as to the legal status of Imperial, and whether any obligations which might be

**LANE POWELL LLC**
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

owing to Absolute were owed by Emerco, Inc. or by defendant Forrest McKinley, who is the owner of Emerco.

Almost two years after this lawsuit began, Absolute sued Brechan, alleging that Brechan had breached the subcontract between those two parties by requiring Absolute to perform additional work outside the scope of the subcontract. Absolute also alleges that Brechan failed to inform Absolute about problems that had been encountered during Phase I of the project. Those problems related to the condition of welds discovered by Swalling, the Phase I coatings contractor, during Phase I which made it more difficult for Swalling to meet the coating standard required by the applicable Phase I specifications. Absolute alleges that it was not aware of these conditions, either at the time it contracted to perform the Phase II work or while the Phase II work was being performed. Absolute claims that it encountered the same weld conditions which arose in Phase I during the Phase II work, and that it is entitled to additional compensation because of that.

Absolute also sued Coffman after it sued Brechan. Absolute alleges that Coffman's preparation of the Phase II coatings specification was negligent, and that Coffman should have informed Absolute about the problems with the weld conditions encountered in Phase I.

Brechan and Coffman deny all of Absolute's claims against them. They claim the weld problems which were discovered during Phase I as the Phase I contractor performed the work did not adversely impact the Phase II work because similar conditions did not occur in Phase II and because the revisions which were made in the specifications which applied to Phase II allowed the Phase II work to be performed without additional or unanticipated costs. Brechan and Coffman also claim that Absolute was informed of the problems which had occurred during the Phase I work. Brechan and Coffman claim that any additional costs incurred by Absolute were the result of poor

**LANE POWELL LLC**
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511   Facsimile 907.276.2631

performance by Imperial and by Absolute's failure to properly coordinate work responsibly between itself and Imperial.

Finally, while both Brechan and Coffman deny Absolute's claims, each indicates that if Absolute's claims are valid in any way, that it is the other who is responsible.

DATED this 20th day of September, 2006.

> LANE POWELL LLC
> Attorneys for Coffman Engineers, Inc.
>
> By  s/ Peter C. Partnow
> Peter C. Partnow, ASBA No. 7206029
> 301 W. Northern Lights Blvd., Suite 301
> Anchorage, Alaska 99503-2648
> Tel:  907-277-9511
> Fax:  907-276-2631
> Email:  PartnowP@LanePowell.com

I certify that on September 20, 2006, a copy of the foregoing was served electronically on the following:

William R. Baerg, baerg@mmlawyers.com
Eric J. Brown, ebrown@jdolaw.com
Robert J. Dickson, acgecf@acglaw.com
Patrick J. Duffy, duffy@mmlawyers.com
Jami K. Elison, jamie@mhf-law.com
Michael E. Kreger, mkreger@perkinscoie.com
Terry R. Marston, terry@mhf-law.com
James B. Stoetzer, stoetzerj@lanepowell.com
James E. Niemer, niemerj@lanepowell.com

and by mail on:
Paul J. Nangle, Paul J. Nangle & Associates
101 Christensen Dr, Anchorage, AK 99501

 s/Peter C. Partnow

011680.0076/156675.1

**LANE POWELL LLC**
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

**Proposed Factual Statement of Coffman Engineers, Inc.**
*Absolute Envtl. Servs., Inc. v. Forrest McKinley, et al. (*Case No. A-03-0199 CV (RRB))                Page 6 of 6