# EXHIBIT A

## 1.1 DUTY OF JURY

Ladies and gentlemen: You are now the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions. At the end of the trial, I will give you more detailed instructions. Those instructions will control your deliberations.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be.

### Comment

See Instruction 3.1 (Duties of Jury to Find Facts and Follow Law) for an instruction at the end of the case.

## 1.2 CLAIMS AND DEFENSES

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff, Absolute, claims that Imperial's work on the Project was defective and that as a result of the allegedly defective work, it was required to complete the work and to perform repair work at an added cost. Absolute also contends that Brechan and Coffman knew that the conditions of the job site were not as represented in the design documents, seeks damages against Brechan and Coffman for failing to impart its superior knowledge to the contractors, and seeks damages arising from their failure.

The defendant and counter-claimant, Imperial, denies that its work was defective. Imperial, in its counter-claim against Absolute, contends that the conditions of the job site were not as represented in the design documents which made the coating work more costly, difficult and time consuming. Imperial also contends it was directed to perform work that was not required by its subcontract, and that the project's inspectors employed improper testing standards on the work. Imperial further contends it was improperly prevented from completing the work when Absolute ordered Imperial off the job site in August of 2003. Imperial claims it was excused from completing the Project because it was removed from the job site. Imperial also claims Absolute owes Imperial money for designing a coatings specification for two tanks on a separate project. Imperial seeks damages against Absolute for its contract balance, for extra work, and for the value of its materials and equipment that was confiscated by Absolute.

Defendants Coffman and Brechan deny the allegations of Absolute and claim that the problems on the Project were the result of Absolute and Imperial to properly perform the work. If, however, the claims of Absolute are valid, then Coffman says Brechan is responsible, and Brechan says Coffman is responsible.

## 1.3 WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which are received into evidence; and

(3) any facts to which the lawyers stipulate.

## 1.4 WHAT IS NOT EVIDENCE

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case:

(1) statements and arguments of the attorneys;

(2) questions and objections of the attorneys;

(3) testimony that I instruct you to disregard; and

(4) anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

### Comment

See Instruction 3.3 (What Is Not Evidence) for an instruction at the end of the case.

## 1.5 EVIDENCE FOR LIMITED PURPOSE

Some evidence may be admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

### Comment

As a rule, limiting instructions need only be given when requested and need not be given *sua sponte* by the court. *United States v. McLennan*, 563 F.2d 943, 947–48 (9th Cir.1977), *cert. denied*, 435 U.S. 969 (1978).

*See United States v. Marsh*, 144 F.3d 1229, 1238 (9th Cir.1998) (when the trial court fails to instruct the jury in its final instructions regarding the receipt of evidence for a limited purpose, the Ninth Circuit examines the trial court's preliminary instructions to determine if the court instructed the jury on this issue).

*See also* Instructions 2.10 (Limited Purpose Evidence), 2.11 (Impeachment by Conviction of Crime), and 3.3 (What Is Not Evidence).

## 1.6 DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

### Comment

See Instruction 3.5 (Direct and Circumstantial Evidence) for an instruction at the end of case.

It may be helpful to include an illustrative example in the instruction:

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may explain the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

## 1.7 RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

### Comment

See Instruction 3.3 (What Is Not Evidence) for an instruction at the end of the case.

## 1.8 CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness' memory;

(3) the witness' manner while testifying;

(4) the witness' interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness' testimony;

(6) the reasonableness of the witness' testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

### Comment

See Instruction 3.6 (Credibility of Witnesses) for an instruction at the end of the case.

8

### 1.9 CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case please let me know about it immediately;

Second, do not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it;

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me simply give a signed note to the [bailiff] [clerk] [law clerk] [matron] to give to me; and

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide that case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

### Comment

An abbreviated instruction should be repeated before the first recess and as needed before other recesses. *See* Instruction 2.1 (Cautionary Instruction at First Recess).

The practice in federal court of instructing jurors not to discuss the case until deliberations is widespread. *See, e.g., United States v. Pino-Noriega,* 189 F.3d 1089, 1096 (9th Cir.) ("There is a reason that most judges continually admonish their juries during trials not to discuss the evidence or begin deliberations until told to do so, after all of the evidence, argument, and instruction on the law has been received."), *cert. denied,* 528 U.S. 989 (1999).

## 1.10 NO TRANSCRIPT AVAILABLE TO JURY

At the end of the trial, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial. I urge you to pay close attention to the testimony as it is given.

### Comment

The previous version of this instruction has been modified to delete the suggestion that readbacks are either unavailable or highly inconvenient. The practice of discouraging readbacks has been criticized in *United States v. Damsky,* 740 F.2d 134, 138 (2d Cir.), *cert. denied*, 469 U.S. 918 (1984). *See also* JURY COMMITTEE OF THE NINTH CIRCUIT, A MANUAL ON JURY TRIAL PROCEDURES, § 5.1.F (1998).

The court may wish to repeat this instruction in the instructions at the end of the trial.

## 1.11 TAKING NOTES

If you wish, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you so that you do not hear other answers by witnesses. When you leave, your notes should be left in the courtroom] [jury room] [envelope in the jury room].

Whether or not you take notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

### Comment

It is well settled in this circuit that the trial judge has discretion to allow jurors to take notes. *United States v. Baker,* 10 F.3d 1374, 1402 (9th Cir.1993), *cert. denied*, 513 U.S. 934 (1994). *See also* JURY COMMITTEE OF THE NINTH CIRCUIT, A MANUAL ON JURY TRIAL PROCEDURES, § 3.4 (1998).

## 1.12 OUTLINE OF TRIAL

The next phase of the trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

## 1.13 BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

### Comment

See Chapter 5 regarding instructions on burdens of proof. This instruction may not apply to cases based on state law.

## 1.14 BURDEN OF PROOF—CLEAR AND CONVINCING EVIDENCE

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means you must be persuaded by the evidence that the claim or defense is highly probable. Such evidence requires a higher standard of proof than proof by a preponderance of the evidence.

You should base your decision on all of the evidence, regardless of which party presented it.

### Comment

*See Colorado v. New Mexico*, 467 U.S. 310, 316 (1984) (defining clear and convincing evidence).

In cases in which the preponderance of the evidence standard is not defined, it may be necessary to modify this instruction.

In certain civil cases, the higher standard of proof by "clear and convincing evidence" applies. *See, e.g.,* Instruction 18.19 (Defenses—Abandonment—Affirmative Defense—Defendant's Burden of Proof), or Instruction 18.21 (Defenses—Fair Use).

This instruction may not apply to cases based on state law.

## 2.1 CAUTIONARY INSTRUCTION

—

### FIRST RECESS

We are about to take our first break during the trial, and I want to remind you of the instruction I gave you earlier. Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately. Do not read or listen to any news reports of the trial. Finally, you are reminded to keep an open mind until all the evidence has been received and you have heard the arguments of counsel, the instructions of the court, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the [marshal] [bailiff] [clerk] [law clerk] to give to me.

I will not repeat these admonitions each time we recess or adjourn, but you will be reminded of them on such occasions.

## 2.2 BENCH CONFERENCES AND RECESSES

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

We will, of course, do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

## 2.6 DEPOSITION AS SUBSTANTIVE EVIDENCE

When a person is unavailable to testify at trial, the deposition of that person may be used at the trial. A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

The deposition of Keith MacLeod, which was taken on April 7, 2006, is about to be presented to you. Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

### Comment

This instruction should be used only when testimony by deposition is offered as substantive evidence. The committee recommends that it be given immediately before a deposition is to be read. It need not be repeated if more than one deposition is read. If the judge prefers to include the instruction as a part of his or her instructions before evidence, it should be modified appropriately.

## 2.6 DEPOSITION AS SUBSTANTIVE EVIDENCE

When a person is unavailable to testify at trial, the deposition of that person may be used at the trial. A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

The deposition of Charlie Mathias, which was taken on March 11, 2005, is about to be presented to you. Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

### Comment

This instruction should be used only when testimony by deposition is offered as substantive evidence. The committee recommends that it be given immediately before a deposition is to be read. It need not be repeated if more than one deposition is read. If the judge prefers to include the instruction as a part of his or her instructions before evidence, it should be modified appropriately.

## 2.6 DEPOSITION AS SUBSTANTIVE EVIDENCE

When a person is unavailable to testify at trial, the deposition of that person may be used at the trial. A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

The deposition of Rob Alliston, which was taken on March 10, 2005, is about to be presented to you. Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

### Comment

This instruction should be used only when testimony by deposition is offered as substantive evidence. The committee recommends that it be given immediately before a deposition is to be read. It need not be repeated if more than one deposition is read. If the judge prefers to include the instruction as a part of his or her instructions before evidence, it should be modified appropriately.

## 2.13 USE OF INTERROGATORIES OF A PARTY

Evidence is now to be presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers have been given in writing and under oath, before the actual trial, in response to questions which were submitted in writing under established court procedures. The answers are entitled to the same consideration and are to be judged as to credibility and weight, and otherwise considered by you insofar as possible, as if the answers were made from the witness stand.

### Comment

Use this oral instruction before interrogatories and answers are read to the jury. The attorney should warn the judge ahead of time and give the judge an opportunity to give this oral instruction. This oral instruction is not appropriate if answers to interrogatories are being used for impeachment only.

Do not use this instruction for requests for admission under Fed. R. Civ. P. 36. The effect of requests for admission under the rule is not the same as the introduction of evidence through interrogatories. If an instruction is needed, a special one will have to be drafted.

## 3.1 DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence [and the arguments of the attorneys], it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult if you find it necessary.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

### Comment

*See* JURY COMMITTEE OF THE NINTH CIRCUIT, A MANUAL ON JURY TRIAL PROCEDURES, § 4.3.B and § 4.3.C (1998).

*See also* Fed. R. Civ. P. 51.

## 3.2 WHAT IS EVIDENCE

The evidence from which you are to decide what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which have been received into evidence; and

(3) any facts to which the lawyers have agreed or stipulated.

### Comment

*See United States v. Mikaelian*, 168 F.3d 380, 389 (9th Cir.) (material facts to which the parties voluntarily stipulate are to be treated as "conclusively established") (citing *United States v. Houston*, 547 F.2d 104, 107 (9th Cir.1976)), *amended by* 180 F.3d 1091 (9th Cir.1999).

## 3.3 WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

### Comment

With regard to the bracketed material in paragraph 3, see Instructions 1.5 (Evidence for Limited Purpose), 2.10 (Limited Purpose Evidence), and 2.11 (Impeachment by Conviction of Crime).

## 3.5 DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what the witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

## 3.6 CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness' memory;

(3) the witness' manner while testifying;

(4) the witness' interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness' testimony;

(6) the reasonableness of the witness' testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

### 3.7 OPINION EVIDENCE, EXPERT WITNESSES

You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

### Comment

*See* Fed. R. Evid. 602, 701–05.

The committee recommends that this instruction be given only upon request. Since expert testimony is so common in modern jury trials, there is no good reason why it should be treated differently from other testimony.

26

## 3.9 CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE

Certain charts and summaries that have not been received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

### Comment

This instruction applies only where the charts and summaries are not received into evidence and are used for demonstrative purposes. *See United States v. Johnson*, 594 F.2d 1253, 1254–55 (9th Cir.), *cert. denied,* 444 U.S. 964 (1979). *See also* JURY COMMITTEE OF THE NINTH CIRCUIT, A MANUAL ON JURY TRIAL PROCEDURES § 3.10 (1998).

## 3.10 CHARTS AND SUMMARIES IN EVIDENCE

Certain charts and summaries have been received into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

### Comment

*See* Fed. R. Evid. 1006. *See also* JURY COMMITTEE OF THE NINTH CIRCUIT, A MANUAL ON JURY TRIAL PROCEDURES § 3.10 (1998). This instruction may be unnecessary if there is no dispute as to the accuracy of the chart or summary.

## 3.11 TWO OR MORE PARTIES—DIFFERENT LEGAL RIGHTS

You should decide the case as to each party separately. Unless otherwise stated, the instructions apply to all parties.

## 4.1 DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

## 4.2 USE OF NOTES

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

## 4.3 COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [marshal] [bailiff], signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

## 4.4 RETURN OF VERDICT

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

### Comment

The judge may also wish to explain to the jury the particular form of verdict being used and just how to "advise the court" of a verdict.

## 4.5 ADDITIONAL INSTRUCTIONS OF LAW

At this point I will give you a further instruction. By giving a further instruction at this time, I do not mean to emphasize this instruction over any other instruction.

You are not to attach undue importance to the fact that this was read separately to you. You shall consider this instruction together with all of the other instructions that were given to you.

SEE IMPERIAL/McKINLEY'S SPECIALLY PREPARED JURY INSTRUCTIONS 1 TO 8

### Comment

Use this oral instruction for giving a jury instruction to a jury while it is deliberating. If the jury has a copy of the instructions, send the additional instruction to the jury room. All attorneys must be given an opportunity to be present. Unless the additional instruction is by consent of both parties, both sides must be given an opportunity to take exception or object to it. If this instruction is used, it should be made a part of the record. The judge and attorneys should make a full record of the proceedings.

*See* JURY COMMITTEE OF THE NINTH CIRCUIT, A MANUAL ON JURY TRIAL PROCEDURES, § 5.1.E (1998 & Supp. 2000).

## 5.1 BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

## 6.1 CORPORATIONS AND PARTNERSHIPS

—

### FAIR TREATMENT

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

## 6.2 LIABILITY OF CORPORATIONS

—

## SCOPE OF AUTHORITY NOT IN ISSUE

Under the law, a corporation is considered to be a person. It can only act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

## 6.4 AGENT AND PRINCIPAL
—
## DEFINITION

An agent is a person who performs services for another person under an express or implied agreement and who is subject to the other's control or right to control the manner and means of performing the services. The other person is called a principal. One may be an agent without receiving compensation for services. The agency agreement may be oral or written.

**6.5 AGENT**

—

## SCOPE OF AUTHORITY DEFINED

An agent is acting within the scope of authority if the agent is engaged in the performance of duties which were expressly or impliedly assigned to the agent by the principal.

## 6.6 ACT OF AGENT IS ACT OF PRINCIPAL

—

## SCOPE OF AUTHORITY NOT IN ISSUE

Any act or omission of an agent within the scope of authority is the act or omission of the principal.

## 6.8 PRINCIPAL SUED BUT NOT AGENT
—
## NO ISSUE AS TO AGENCY OR AUTHORITY

Keith MacLeod of KTA-Tator was the agent of the counter-defendant Absolute, and, therefore, any act or omission of Keith MacLeod was the act or omission of Absolute.

Local Electric was the agent of the counter-defendant Absolute, and, therefore, any act or omission of Local Electric was the act or omission of Absolute.

41

## 7.1 DAMAGES—PROOF

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff or counter-claimant, you must determine the plaintiff's or counter-claimant's damages. The plaintiff and counter-claimant has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money which will reasonably and fairly compensate the plaintiff or counter-claimant for any injury you find was caused by the defendants.

The plaintiff and counter-claimant has the burden of proving damages by a preponderance of the evidence, and it is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

### Comment

If liability is not disputed, this instruction should be modified accordingly.

## 7.3 DAMAGES
—
## MITIGATION

The plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

The defendant has the burden of proving by a preponderance of the evidence:

1.    that the plaintiff failed to use reasonable efforts to mitigate damages; and

2.    the amount by which damages would have been mitigated.

### Comment

The trier-of-fact is to mitigate damages by discounting awards to present value when there has been received into evidence appropriate discount rates. *Passantino v. Johnson & Johnson Consumer Products, Inc.* 212 F.3d 493, 509 (9th Cir.2000).

43