**EXHIBIT B**

## IMPERIAL/McKINLEY'S SPECIALLY PREPARED JURY INSTRUCTION 1

In this case, Emerco, Inc., duly published a notice that it would operate under the fictitious business name of Imperial Industrial Coatings. A fictitious business name is a trade name or a name that is descriptive of the type of business performed by the corporation. A corporation doing business under another name does not create a separate legal entity apart from the corporation.

LEGAL AUTHORITY:  *Pinkerton's v. Superior Court* (Cal.App. 1 Dist. 1996) 49 Cal.App.4th 1342, 1348-49, *citing inter alia, Duval v. Midwest Auto City, Inc.*, (D.Neb, 1977) 425 F.Supp. 1381, 1387, aff'd. (8th Cir 1978) 578 F.2d 721; *Providence Washington Ins. Co. v. Valley Forge Ins. Co.* (Cal.App. 1 Dist. 1996) 42 Cal.App.4th 1194, 1200, 50 Cal.Rptr.2d 92.

## IMPERIAL/McKINLEY'S SPECIALLY PREPARED JURY INSTRUCTION 2

To recover damages for a breach of contract, a party must allege and establish:

(1) a valid contract between the parties,

(2) an obligation or duty arising out of the contract,

(3) a breach of that duty, and

(4) damages caused by the breach.


LEGAL AUTHORITY:    *Int'l Data Products Corp. v. United States* (2006) 70 Fed.Cl. 387, 398

## IMPERIAL/McKINLEY'S SPECIALLY PREPARED JURY INSTRUCTION 3

When a public agency breaches a construction contract with a prime contractor, and the breach causes damage to the prime contractor's subcontractor, the subcontractor does not have legal standing to assert a claim directly against the public agency for breach of contract. This is because the subcontractor's contract is with the prime contractor, and not the public entity. The same is true for a second tier subcontractor who does not have standing to sue the prime contractor. In such circumstances, however, the subcontractor can assert a claim for breach of contract against the prime contractor for the damages it suffered as a result of the public entity having breached its contract with the prime contractor. To the extent the prime contractor is liable to the subcontractor, the public entity is liable to the prime contractor on the theory that the public entity's breach of contract resulted in the prime contractor incurring liability to the subcontractor.

Applied to the facts of this case, Emerco, Inc., dba Imperial Industrial Coatings, may only assert claims against Absolute Environmental Services, Inc. for damages Emerco, Inc., dba Imperial Industrial Coatings suffered and which were caused by Brechan Enterprises' breach of its contract with Absolute Environmental Services, Inc. In turn, Absolute Environmental Services, Inc., may assert claims against Brechan Enterprises on the theory that, to the extent it becomes liable to Emerco, Inc., dba Imperial Industrial Coatings for damages, those damages were caused by Brechan Enterprises' breach of its contract with Absolute Environmental Services, Inc.

LEGAL AUTHORITY:    *Donovan Construction Company v. United States* (1957) 138 Ct.Cl. 97, 149 F.Supp. 898; *J.W. Terteling & Sons v. Central Nebraska Pub. P. & I Dist.*, 8 F.R.D. 210, 213-14 (D.Neb. 1948); *Owens Corning Fiberglas Corp. v. United States* 419 F.2d 439 (Ct.Cl. 1969); *Bernard-Curtiss Company v. United States* 157 Ct.Cl. 103, 301 F.2d 909 (1962)

## IMPERIAL/McKINLEY'S SPECIALLY PREPARED JURY INSTRUCTION 4

It is the general rule that by failing to impart its knowledge of difficulties to be encountered in a federal project, the owner of the project will be liable to the contractor for misrepresentation if the contractor is unable to perform according to the contract provisions.

This is true notwithstanding a provision in the contract that requires bidders to carefully examine the job site before submitting their bids, or any provision in the contract that states the contractor affirms that by bidding the job the contractor had made such an inspection.

LEGAL AUTHORITY:   *United States v. Atlantic Dredging Co.* (1920) 253 U.S. 1, 11-12, 64 L.Ed. 735, 40 S.Ct. 423; *United States v. Spearin* (1918) 248 U.S. 132, 63 L.Ed. 166, 39 S.Ct. 59; *Christie v. United States* (1915) 237 U.S. 234, 59 L.Ed. 933, 35 S.Ct. 565

## IMPERIAL/McKINLEY'S SPECIALLY PREPARED JURY INSTRUCTION 5

Where a subcontractor is ordered to perform extra or additional work, then the subcontractor is entitled to compensation for said work despite the failure to issue a written change order.

LEGAL AUTHORITY: *Fox Valley Engineering, Inc. v. United States* (1960) 151 Ct.Cl. 228; and *Salem Engineering and Construction Corporation v. United States* (1983) 2 Cl.Ct. 803.

## IMPERIAL/McKINLEY'S SPECIALLY PREPARED JURY INSTRUCTION 6

A second-tier subcontractor's nonperformance of the subcontract is excused, and the second-tier subcontractor is entitled to damages, as a result of the subcontractor's breach of the subcontract.


LEGAL AUTHORITY:      *Conam Alaska v. Bell Lavalin, Inc.* 842 P.2d 148 (AK 1992)

## IMPERIAL/McKINLEY'S SPECIALLY PREPARED JURY INSTRUCTION 7

The owner of property wrongfully taken by the defendant may waive the tort of conversion and elect to treat the conversion as a forced sale, and sue the defendant for the value of the property under a contract implied by law.

LEGAL AUTHORITY: *Felder, et al., v. Reeth* 34 Fed 722 (9th Cir. 1929)

50

## IMPERIAL/McKINLEY'S SPECIALLY PREPARED JURY INSTRUCTION 8

Prejudgment interest accrues from the time the cause of action accrues.

LEGAL AUTHORITY:    *Fairbanks Builders, Inc. v. Morton DeLima, Inc.* 483 P.2d 194 (AK 1971)

51