Michael E. Kreger
Jacob B. Nist
Perkins Coie LLP
1029 W. Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561
(907) 276-3108 (Facsimile)
mkreger@perkinscoie.com

Attorneys for Defendants Brechan Enterprises, Inc.
and Safeco Insurance Company of America

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., et al.,<br><br>  Plaintiffs,<br>v.<br><br>FORREST J. MCKINLEY, et al.,<br><br>  Defendants. | Case No. 3:03-cv-0199-RRB |

**TRIAL BRIEF OF BRECHAN ENTERPRISES, INC. AND
SAFECO INSURANCE COMPANY OF AMERICA, INC.**

Brechan Enterprises, Inc. ("Brechan") and Safeco Insurance Company of America, Inc. ("Safeco") hereby submit their trial brief pursuant to D. AK. LR 39.2. Most of the issues related to Brechan and Safeco's trial brief are fully addressed in the following motions for summary judgment.

- Docket No. 213: Motion for Summary Judgment filed by Safeco Insurance Company of America.

- Docket No. 214: Motion for Summary Judgment -- Nondisclosure filed by Safeco Insurance Company of America, Brechan Enterprises Inc.
- Docket No. 218: Motion for Summary Judgment -- Damages filed by Safeco Insurance Company of America, Brechan Enterprises Inc.
- Docket No. 222: Motion for Summary Judgment -- Dismissal of Absolute's Negligence Claims filed by Coffman Engineers, Inc.
- Docket No. 224: Motion for Summary Judgment Against Absolute Regarding Negligent and Fraudulent Misrepresentation Claims filed by Coffman Engineers, Inc.
- Docket No. 225: Motion for Summary Judgment -- Negligent Design, Differing Site Condition, Constructive Change, Covenant of Good Faith, Implied Contract and Equity Claims filed by Safeco Insurance Company of America, Brechan Enterprises Inc.

Because of the extensive prior briefing in this case and the complexity of legal and factual issues involved, Brechan and Safeco incorporate this briefing by reference.

I.   **Case Summary.**

This case involves a federal construction project for the United States Coast Guard during the summer of 2003. A summary of the case is set out in Docket No. 214, at pp. 1-5. A shorter summary was submitted as Brechan's Proposed Statement of the Case at Docket No. 345.

A.   **Identification of the Parties.**

**Brechan Enterprises, Inc. ("Brechan")** – Brechan was the prime contractor for a federal construction project involving replacement of the coatings on the Coast Guard Cargo Wharf in Kodiak.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

ABSOLUTE v. MCKINLEY, et al.
Case No. 3:03-cv-0199-RRB         - 2 -         [38599-0012/AA062610.011]

**Safeco Insurance Company of America, Inc. ("Safeco")** – Safeco was Brechan's surety for the project pursuant to the Miller Act, 40 U.S.C. § 3133.

**Absolute Environmental Services, Inc. ("Absolute")** – Brechan subcontracted with Absolute to perform a majority of the work for the Cargo Wharf project. Absolute hired a subcontractor, Imperial Industrial Coatings, to perform most of the work under its subcontract.

**Emerco, Inc., d/b/a Imperial Industrial Coatings ("Imperial")** – Imperial performed its work in a substandard manner and in August 2003, Imperial's certification to apply coatings was revoked by the manufacturer. Absolute hired additional coatings applicators and laborers to complete the project.

**Forrest J. McKinley, d/b/a Imperial ("McKinley")** – McKinley is the owner of Imperial. There is a dispute in this case between Absolute and McKinley concerning whether Imperial is a sole proprietorship of McKinley or a pseudonym for a corporation McKinley owns, called Emerco, Inc.

**Coffman Engineers, Inc. ("Coffman")** – Coffman prepared the specifications for the project. Coffman also provided quality assurance services for the project.

B. **Identification of the Theories of Recovery and Defenses That have been Pled.**

1. **Claims between Absolute and Imperial.**

Absolute has claims against Imperial. Imperial has contract and tort claims against Absolute.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

ABSOLUTE v. MCKINLEY, et al.
Case No. 3:03-cv-0199-RRB                - 3 -                [38599-0012/AA062610.011]

### 2. Absolute's claims against Brechan.

Following the Court's September 19, 2006 Order, Absolute's claims against Brechan are: (1) superior knowledge / nondisclosure; (2) warranty of plans and specifications; and (3) implied contract/quantum meruit. Absolute also alleges that Safeco, as Brechan's Miller Act surety, is responsible for unpaid labor and materials furnished to the project.

### 3. Absolute's claims against Coffman.

Absolute has claims against Coffman for negligence and misrepresentation.

### 4. Brechan and Coffman's claims against each other.

Brechan has claims against Coffman for indemnity and equitable apportionment. Coffman has an indemnity claim against Brechan.

### 5. Brechan's claim against Absolute.

Brechan has a permissive counterclaim against Absolute for Brechan's costs of defending the prior Imperial lawsuit. Brechan believes this issue can be resolved as a matter of law upon motion for a directed verdict.

## II. Designation of the Appropriate Pleadings and Pretrial Rulings or Stipulations.

As of today, there is one pretrial stipulation relating to a carve-out of the corporate veil claim. The court and parties have also discussed a carve-out of legal issues relating to the scope of coverage and the penal sum of the bond, and also exclusion of references to Safeco.

In its September 19 Order, the Court dismissed the following claims by Absolute against Brechan:

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

- Absolute's claim for business devastation (Motion at Docket Nos. 216, 219).
- Absolute's claim for negligent design (Motion at Docket No. 225).
- Absolute's claim based on differing site conditions (Motion at Docket No. 225).
- Absolute's "constructive change" claim (Motion at Docket No. 225).
- Absolute's claim based on the implied covenant of good faith and fair dealing (Motion at Docket No. 225).
- Other stipulations and rulings relating to Coffman and Absolute have been made.

### III. Designation of Claims and Parties Which Remain for Disposition.

Absolute's remaining claims against Brechan are (1) superior knowledge/nondisclosure; (2) breach of the implied warranty of the adequacy of the plans and specifications; and (3) implied contract/quantum meruit. Absolute's claim against Safeco is a claim under the Miller Act, based on Brechan's alleged breach of contract.

The Court has indicated that it will schedule a hearing to address whether Absolute may present "total cost" damages testimony. This hearing may be dispositive with respect to Absolute's remaining claims against Brechan.

Brechan and Coffman have a claim against each other for indemnification.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

### IV. Summary of Claims.

#### A. Anticipated Evidence on Liability and Damages.

Anticipated evidence on Brechan's defenses is extensively discussed in the motions at Docket Nos. 213, 214, 218, and 225. The nature of Absolute's anticipated evidence to establish its claims is unclear.

#### B. Itemized List of Relief Requested.

Brechan seeks dismissal of Absolute's claims with prejudice, and judgment against Absolute for costs and attorneys' fees. Brechan also seeks indemnification from Coffman, and dismissal of Coffman's indemnification claims.

### V. Controlling Statutes or Cases.

Controlling law on Absolute's theories against Brechan is briefed in the motions at Docket Nos. 213, 214, 218, and 225.

### VI. Summary of What is Likely to be Most at Issue.

The central issues in this case include: (1) whether the welds on the Cargo Wharf were materially different than what should have been expected; (2) whether changes in the specification between Phase I (performed by a previous subcontractor, Swalling) and Phase II (performed by Absolute) adequately addressed the existence of poor quality welds; (3) whether Brechan believed that changes in the specification between Phase I and Phase II adequately addressed the existence of poor quality welds; (4) the impact of Imperial's breach of contract on Absolute's cost of performance; and (5) the extent to which Absolute relied on the specifications or any statements by Brechan.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

ABSOLUTE v. MCKINLEY, et al.
Case No. 3:03-cv-0199-RRB        - 6 -        [38599-0012/AA062610.011]

**VII. Summary of Issues Likely to Arise Regarding Evidence.**

1. Brechan and Safeco have filed motions in limine regarding what they believe will be the primary evidentiary issues at Docket Nos. 321 (relating to Brechan's contracts and relationships with the United States Coast Guard), 322 (regarding whether Absolute's President, David Olson, may testify to matters outside of his personal knowledge), and 323 (relating to Absolute's "loss exposure" theory).

2. Use of admissible exhibits, only, during opening.

3. Admissibility of hearsay records by U.S. Coast Guard during Phase I.

DATED at Anchorage, Alaska on September 22, 2006.

> PERKINS COIE LLP
> Attorneys for Defendant
> Brechan Enterprises, Inc.
>
> By  /s/ Michael E. Kreger
> Michael E. Kreger
> Alaska Bar No. 8311170
> Jacob B. Nist
> Alaska Bar No. 0211051
> Perkins Coie LLP
> 1029 W. Third Avenue, Suite 300
> Anchorage, Alaska  99501
> (907) 279-8561
> (907) 276-3108 (Facsimile)
> Email: mkreger@perkinscoie.com

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

ABSOLUTE v. MCKINLEY, et al.
Case No. 3:03-cv-0199-RRB          - 7 -          [38599-0012/AA062610.011]

I hereby certify that on September 22, 2006, the foregoing was served electronically on Robert J. Dickson, Peter C. Partnow, William R. Baerg, Terry R. Marston II, James B. Stoetzer, and Eric J. Brown.

/s/ Michael E. Kreger
    Michael E. Kreger

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

ABSOLUTE v. MCKINLEY, et al.
Case No. 3:03-cv-0199-RRB      - 8 -      [38599-0012/AA062610.011]