Peter C. Partnow, ASBA No. 7206029
James B. Stoetzer, ASBA No. 7911130
Lane Powell LLC
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Tel:  907-277-9511
Fax:  907-276-2631
PartnowP@LanePowell.com

Attorneys for Third-Party Defendant
Coffman Engineers, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska corporation,<br><br>                    Plaintiff,<br><br>v.<br><br>FORREST J. McKINLEY, an individual, d/b/a "Imperial industrial Coatings"; and EMERCO, INC., a California corporation, d/b/a Imperial Industrial Coatings; BRECHAN ENTERPRIESES, INC., an Alaska corporation; and SAFECO INSURANCE COMPANY OF AMERICA, a Washington corporation,<br><br>                    Defendants. | Case No. 3:03-cv-00199-RRB |
| EMERCO, INC., a California corporation d/b/a Imperial Industrial Coatings, and the United States for the Use and Benefit of EMERCO, INC.,<br><br>       Counterclaimant/Third-Party Claimant,<br><br>v.<br><br>ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska corporation, et al.,<br><br>   Cross-Defendants/Third-Party Defendants. | **TRIAL BRIEF OF**<br>**COFFMAN ENGINEERS, INC.** |

LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511   Facsimile 907.276.2631

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

THE UNITED STATES OF AMERICA for the use and benefit of ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska corporation,

                      Plaintiff,

v.

SAFECO INSURANCE COMPANY OF AMERICA, a Washington corporation,

                      Defendant.

BRECHAN ENTERPRISES, INC., an Alaska corporation,

                      Counterclaim Plaintiff,

v.

ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska corporation,

                      Counterclaim Defendant.

BRECHAN ENTERPRISES, INC., an Alaska corporation,

                      Third-Party Plaintiff,

v.

COFFMAN ENGINEERS, INC., a Washington corporation,

                      Third-Party Defendant.

      Third-party defendants and cross claimants Coffman Engineers, Inc. ("Coffman") by and through its undersigned counsel of records, and pursuant to the pretrial order entered in this matter and Local Rule 39.2, hereby submits its trial brief.

# I.

## PARTIES AND THEORIES OF RECOVERY AND DEFENSES

A.   **The Parties.**

The parties in this construction dispute, which involves the design and implementation of renovations to a cargo wharf in Kodiak, Alaska include plaintiff Absolute Environmental Services, Inc. ("Absolute"), defendant Forrest J. McKinley doing business as Imperial Industrial Coatings, and defendant Emerco, Inc. doing business as Imperial Industrial Coatings (collectively referred to as "Imperial"), defendant Brechan Enterprises, Inc. ("Brechan") and its surety, Safeco Insurance Company of America ("Safeco") and Coffman.

Brechan was the general contractor to the United States Coast Guard ("USCG") for the cargo wharf renovation project. Absolute was a subcontractor to Brechan for Phase II of that project. Pursuant to that subcontract, Absolute was to perform the necessary surface preparation for the steel support structure under the wharf, and apply a plural component industrial marine coating to that steel structure. Absolute subcontracted much of that work to Imperial. Although Coffman had originally contracted with Brechan's design consultant, Tryck Nyman Hayes ("TNH") to prepare the coating specification and perform Quality Assurance ("QA") services on Phase I of the project, they later contracted directly with Brechan to provide an onsite representative and technical support, on an as needed basis, for Phase II.

B.   **Theories of Recovery.**[1]

1.   <u>Imperial's Claims Against Coffman</u>. Imperial originally asserted a third-party claim against Coffman, alleging that Coffman was involved in a civil conspiracy with Brechan and Absolute, the purpose of which was to have Imperial terminated from the project. However, in February 2005, Imperial stipulated to the dismissal of any and all claims against Coffman, with

---

[1] This section will address only the theories of recovery alleged against Coffman.

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511 Facsimile 907.276.2631

**Trial Brief of Coffman Engineers, Inc.**
*Absolute Envtl. Servs., Inc. v. Forrest McKinley, et al.* **(Case No. 3:03-cv-00199-RRB)**   Page 3 of 14

prejudice. The order dismissing that claim was entered on February 3, 2005. Consequently, Imperial has no remaining viable claims against Coffman.

  2. <u>Absolute's Claims Against Coffman</u>. Absolute alleges that Coffman was negligent in its preparation of the Phase II specification. Absolute alleges that Coffman was negligent in the following ways:

  a. Coffman was allegedly negligent (or was guilty of negligent or fraudulent misrepresentation) by failing to include in the Phase II specification a detailed description of the weld conditions encountered in Phase I.

  b. Coffman was allegedly negligent in preparing the Phase II specification because it required that the coating applicator provide a "holiday free" coating; in other words, a coating that was free of defects and penetrations beyond a stated testing standard.[2]

  c. Coffman was allegedly negligent by specifying that the holiday free status of the coating be established by the use of high voltage testing.

  d. Coffman was allegedly negligent by specifying the use of "stripe coating" and/or caulking over weld areas.

  Coffman contends that it met the standard of care in all respects. Coffman will establish that the standard of care did not require that the revised Phase II specification include a description of the weld conditions encountered in Phase I, and that since those conditions were not replicated in Phase II and since it in any event had revised the specifications to allow the contractor to address the situations which had been encountered during the Phase I work. Coffman will further establish that Absolute and its subcontractor Imperial were informed or put on notice of the weld conditions

---

[2] The testing standard in the specification was identical that prescribed by the manufacturer of the coating material, namely that no holidays based on high voltage testing be allowed to remain where the voltage meter on the high voltage testing unit was set at 100 volts per mil of coating thickness, based on the actual thickness of the coating applied.

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511   Facsimile 907.276.2631

encountered in Phase I in a variety of ways, including discussions during the prejob conference attended by representatives of both Absolute and Imperial in February of 2003.

Coffman will establish that the standard of care <u>required</u> a holiday free standard be imposed and met in light of the USCG's requirement that the coating system, in conjunction with a cathodic protection system, extend the useful life of the wharf another 25 years.

Coffman will further establish that the use of high voltage testing was necessary and proper in order to ensure that the holiday free coating standard had been met.

Finally, Coffman will establish that the use of stripe coating and/or caulking over weld areas as well as the contractor's option to remove any non-structural steel, was within the standard of care and, in fact, resulted in a holiday free coating when competently implemented after appropriate surface preparation.

Absolute also alleges claims against Coffman for negligent and fraudulent misrepresentation. Absolute alleges that Coffman made negligent or fraudulent misrepresentations by omission by failing to include in the revised Phase II specifications a detailed description of the weld conditions encountered in Phase I of the project, and by failing to otherwise disclose to Absolute and Imperial the weld conditions encountered in Phase I. Absolute also alleges that Coffman made negligent and fraudulent misrepresentations by not informing Absolute that the specification's allowance of the use of stripe coating and/or caulking over welds would not allow Absolute to meet the holiday free standard required by the specification.

Coffman will establish that the Phase I weld conditions of which the Phase I coating subcontractor (Swalling Construction) complained, which conditions included cracked welds, weeping welds, omitted welds, very rough weld profiles and weld undercutting, improved from what Swalling discovered on the first few bents of the Phase I work to what was discovered in 2002 when Swalling returned to complete its Phase I work. Coffman will establish that the unanticipated, deficient welds were for the most part nonexistent in Phase II work area. Coffman will further

establish that the revisions in the specification allowed Absolute and Imperial to address any bad welds which may have been encountered, and further that both Absolute and Imperial were informed or put on notice of the weld conditions encountered in Phase I in a variety of ways, including discussions during the prejob conference attended by representatives of both Absolute and Imperial in February of 2003.

Finally, Coffman and Brechan have cross-claims against each other for contractual indemnity. Both parties allege that to the extent that Absolute suffered any damages at the hands of either Coffman or Brechan, which is expressly denied by both Coffman and Brechan, the other party is responsible.

## II.

## DESIGNATION OF APPROPRIATE PLEADINGS, RULINGS AND STIPULATIONS

The operative pleadings are as follows:

1. Absolute's August 29, 2003 Complaint for Breach of Contract, Breach of Warranty and Alter Ego (docket no. 7).

2. Imperial's December 9, 2003 Answer to First Amended Complaint and Counterclaim for Breach of Contract, Conversion, Tortious Interference and Conspiracy, and on payment Bond (Miller Act) (docket no. 8).

3. January 14, 2004 Answer of Specialty Polymer Coatings USA to Third-Party Complaint (docket no. 28).

4. January 15, 2004 Answer of Brechan Enterprises and Safeco Insurance Company of America (docket no. 30).

5. Absolute's January 15, 2004 Answer to Counterclaim of Emerco d/b/a Imperial Industrial Coatings (docket no. 27).

6. Coffman's January 20, 2004 Answer to Emerco's Third-Party Complaint (docket no. 31).

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511   Facsimile 907.276.2631

**Trial Brief of Coffman Engineers, Inc.**
*Absolute Envtl. Servs., Inc. v. Forrest McKinley, et al.* **(Case No. 3:03-cv-00199-RRB)**   Page 6 of 14

7. February 3, 2005 Stipulation and Order for Dismissal with Prejudice of Coffman Engineers, Inc. (docket no. 75).

8. Absolute's June 22, 2005 Complaint for Damages and Restitution Against Brechan and Safeco (docket no. 104).

9. Brechan's July 14, 2005 Answer and Counterclaim (docket no. 107).

10. Brechan's August 31, 2005 Third-Party Complaint Against Coffman (docket no. 120).

11. Absolute's November 14, 2005 Answer to Brechan's Counterclaim (docket no. 136).

12. Absolute's November 14, 2005 Crossclaim Against Coffman (docket no. 133).

13. Coffman's June 16, 2006 Answer and Affirmative Defenses to Brechan's Third-Party Complaint; Coffman's Counterclaim Against Brechan (docket no. 205).

14. Coffman's June 16, 2006 Answer to Absolute's crossclaim (docket no. 206).

15. Court's September 19, 2006 Order Regarding Pending Motions (docket no. 339).

## III.

## CLAIMS REMAINING FOR DISPOSITION

The claims remaining for disposition include all of Absolute's claims against Imperial, and all of Imperial's counterclaims against Absolute. Also remaining are Absolute's claims against Brechan and Safeco, and Brechan's counterclaims against Absolute. Absolute's claims against Coffman remain, as do Brechan's claims against Coffman and Coffman's counterclaims against Brechan.

The claims that do not remain are Imperial's claims against SPC, and any claims by Imperial against Coffman or Brechan. Further, claims by Absolute which were resolved by the court's rulings on dispositive motions, such as Absolute's claim for business devastation, no longer remain.

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

## IV.

## SUMMARY BY CLAIM OF ANTICIPATED EVIDENCE[3]

A.   **Negligence Claims.**

Absolute's evidence in support of its negligence claims against Coffman is expected to include documentation from Phase I of the project reflecting problems encountered in connection with the conditions of the welds discovered by Swalling when performing its Phase I work on the initial H-piles (Bents 1 through 5) in the fall of 2001. Coffman continues to believe that the events which transpired in Phase I are neither relevant nor material to the requirements of the Phase II specifications or that any marginal relevance is outweighed by confusion prejudice and consumption of time which would make such evidence inadmissible under ER 403.

It is anticipated that Absolute will attempt to introduce summary reports and/or photographs reflecting weld problems encountered in Phase I and the difficulties encountered by Swalling in achieving the holiday free standard required by the specification.  Absolute is expected to attempt to introduce photographs taken during Phase I, as well as daily summary reports prepared by Coffman's QA representative, Jerry Hardenberg, quality control reports prepared by Swalling personnel, superintendent and/or foreman daily reports from Swalling, email traffic, memoranda and correspondence among Brechan, Swalling, the USCG and Coffman relating to the weld conditions, solutions to the weld conditions and the ultimate modification of the contract between Brechan and USCG, and the subcontract between Brechan and Swalling.

Absolute is also expected to introduce testimony and documentation relating to the second part of Phase I of the project, and in particular is expected to introduce similar documentation from the second part of Phase I.  Absolute is expected to use this documentation and testimony in an attempt to establish that the modifications to the contract and to the requirements of the specification

---

[3] Again, this section will address only the claims alleged against Coffman.

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

were not successful in allowing the Phase I coating subcontractor to complete the coating in a holiday free manner as required, and that Brechan and Coffman relaxed the high voltage testing requirements during the second part of Phase I of the project.

Absolute is also expected to attempt to introduce testimony that weld conditions similar to those which constituted a differing site condition in Phase I also permeated the Phase II work, and that it and Imperial were required to perform an extraordinary amount of surface preparation, primarily the grinding of welds, in order to achieve the holiday free standard required by the specifications.

In response, Coffman's evidence will demonstrate that once it became clear during Phase I that the Phase I coating subcontractor had encountered a differing site condition, Coffman worked with all of the parties to bring about a solution to address that differing site condition and to allow for the completion of Phase I. Coffman's evidence will demonstrate that the use of stripe coating and caulking at welds and, at the contractor's discretion, the removal of non-structural steel, constituted a solution that was acceptable and appropriate to all involved, including USCG, Brechan and Swalling. Coffman's evidence will also demonstrate that its high voltage holiday testing requirements and practices remained constant throughout the second part of Phase I and all of Phase II.

Coffman's evidence will demonstrate that the poor weld conditions encountered in Phase I diminished as Swalling progressed further down the wharf, and that the poor welding conditions encountered in Phase I were not replicated in Phase II. Coffman's evidence will establish that Absolute's subcontractor, Imperial, failed to comply with the project specifications and the recommendations and requirements of the manufacturer of the coating product that was applied to the wharf. Coffman's evidence will establish that Imperial was properly decertified by the product manufacturer and thereafter left the project site. Coffman will introduce evidence to establish that any additional amounts Absolute spent in completing the project and in repairing Imperial's improper work are attributable to Imperial's breach of its subcontract with Absolute. Coffman will

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511 Facsimile 907.276.2631

establish that once Absolute hired knowledgeable and experienced coating applicators, its work proceeded smoothly and with no significant problems.

Coffman's evidence will also establish that no complaints were made regarding the Phase II weld conditions while the coating application process was ongoing. Coffman's evidence will also demonstrate that there were numerous individuals involved in Phase II who would have observed any unanticipated or differing site conditions such as those encountered in Phase I, and which would have made the work unusually difficult or expensive to perform by the contractor. Through oral testimony, daily reports, and photographs, Coffman's evidence will demonstrate that unusually difficult weld conditions did not exist in the Phase II area.

Coffman will also introduce evidence to establish that Absolute, which originally sued Imperial, did not sue Coffman until Absolute developed concern that Imperial and its various owners, parent companies and/or subsidiaries, would be unable to satisfy any judgment Absolute might obtain. Coffman will establish that Absolute sued Coffman and Brechan only because it believed that those two companies had the "deep pockets" necessary to satisfy a judgment in Absolute's favor.

Coffman will also introduce evidence which demonstrates that much of the problem between Absolute and Imperial arose from the failure to coordinate between the Absolute/Brechan contract and the Absolute/Imperial contract.

Coffman will also introduce evidence that it had no involvement in the selection of Absolute or Imperial to perform the Phase II work, that it was unaware of who the Phase II contractor would be until after contractual arrangements had been made, and that it had no involvement in the negotiation of contract price or any other aspect of the terms or conditions of the Brechan/Absolute contract other than revision of the Phase I specifications to provide the relaxed specifications which applied to the Phase II work.

Coffman will introduce evidence which demonstrates that Absolute and Imperial were informed, and otherwise put on reasonable inquiry notice, of problems which may have existed on

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511 Facsimile 907.276.2631

**Trial Brief of Coffman Engineers, Inc.**
*Absolute Envtl. Servs., Inc. v. Forrest McKinley, et al.* **(Case No. 3:03-cv-00199-RRB)**    **Page 10 of 14**

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

Phase I and that such information was not concealed or withheld or in the exclusive control of Coffman or Brechan.

B.   **Absolute's Negligent and Fraudulent Misrepresentation Claims.**

It is anticipated that Absolute will attempt to introduce documentation and testimony to establish that Coffman was aware of the problems with weld conditions in Phase I. This evidence is expected to consist of daily summary reports from Coffman, memoranda from Coffman to Brechan and the USCG, and correspondence from Swalling to Brechan. It is anticipated that Absolute will attempt to introduce documentation and correspondence surrounding the request by Brechan that Coffman revise the specification to incorporate the changes implemented in Phase I of the project pursuant to contract modification no. 5. Absolute will use this evidence in an attempt to establish that Coffman fraudulently or negligently omitted from the revised specification a detailed description of the weld conditions encountered in Phase I.

In response, Coffman's evidence will demonstrate that the Phase I weld conditions were not replicated in Phase II, and that the weld conditions in Phase II did not present or create any problems for the coating applicator. Coffman will demonstrate that the vast majority of the welds encountered in Phase II were of good quality, and were not unusual or difficult to coat. Coffman's evidence will further establish that the Phase I weld conditions were discussed in detail with representatives of Absolute and Imperial at the preconstruction meeting in February 2003 at Coffman's offices.

V.

**CONTROLLING STATUTES OF CASES**

City of Dillingham v. CH2M Hill Northwest, Inc., 873 P.2d 1271 (Alaska 1994).

Ball v. Birch, Horton, Bittner & Cherot, 58 P.3d 481 (Alaska 2002).

Daubert v. Merrell Dow Pharmaceuticals Inc., 509 U.S. 579 (1973).

Kumho Tire Company v. Carmichael, 526 U.S. 137 (1999).

United States v. Chang, 207 F.3d 1169 (9th Cir. 2000).

Eagleston v. Guido, 41 F.3d 865 (2nd Cir. 1964).

McCulloch v. H.B. Fuller Company, 981 F.2d 65 (2nd Cir. 1992).

Perkins v. Volkswagon of America, Inc., 596 F.2d 681 (5th Cir. 1979).

Bubbel v. Wien Air Alaska, 682 F.3d 374 (Alaska 1984).

Valdez Fisheries Development Association, Inc. v. Alyeska Pipeline Service Company, 45 P.3d 657 (Alaska 2002).

B.E.C.K. Constructors v. State of Alaska, 604 P.2d 578 (Alaska 1979).

McHugh v. Church, 583 P.2d 210 (Alaska 1978).

Alaska Pacific Assur. Co. v. Collins, 794 P.2d 936 (Alaska 1990).

## VI.

## SUMMARY OF PREVELANT ISSUES

The prevalent issues presented by Absolute's claims against Coffman, and Coffman's defenses to those claims, include the following:

1.  Whether the weld conditions encountered in Phase I were, in fact, replicated in Phase II.

2.  Whether the condition of the welds in Phase II constituted a differing site condition, requiring additional work.

3.  Whether the modifications made to the Phase I contracts were sufficient to address the problem weld conditions encountered in Phase I.

4.  Whether Coffman disclosed to Absolute and Imperial the existence of the problem weld conditions in Phase I prior to the commencement of Phase II.

5.  Whether the high voltage holiday testing performed in Phase II was consistent with that performed in Phase I in terms of the process, the frequency of testing and testing locations.

6.  Whether Coffman intentionally withheld information from Absolute and Imperial regarding the weld conditions in Phase I.

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

**Trial Brief of Coffman Engineers, Inc.**
*Absolute Envtl. Servs., Inc. v. Forrest McKinley, et al.* **(Case No. 3:03-cv-00199-RRB)**    **Page 12 of 14**

7.      What if any evidence pertaining to Phase I is admissible in this trial relating to the performance of Phase II.

## VII.

## LIKELY EVIDENTIARY ISSUES

There are likely to be significant evidentiary disputes arising as a result of the practice of Absolute's owner, David Olsen, exhibited during discovery and motions practice, of testifying regarding matters about which he has no personal knowledge. Coffman anticipates significant foundational issues will arise throughout Absolute's presentation of its case.

Additional evidentiary issues surround the qualifications of Absolute's liability expert, Jeremy Hailey, who has never before written a coating specification on a project similar to the Kodiak Cargo Wharf. Coffman anticipates that it will challenge the qualifications of Mr. Hailey to opine regarding Coffman's lack of compliance with the standard of care, and will challenge the propriety and reliability of the information on which he relied in reaching his conclusions.

Coffman anticipates that substantial evidentiary issues will arise regarding the relevance of the dealings between Brechan, the USCG and Swalling in connection with Phase I.

Finally, evidentiary disputes are likely to arise regarding Absolute's damages documentation and the anticipated testimony of its damages expert Michael Lembke. Mr. Lembke has failed to utilize any recognized or reasonable methodology in reaching his conclusions, and has performed inadequate analyses regarding the amount of Absolute's alleged damages. Coffman anticipates that it will object to the testimony of Mr. Lembke on these grounds. It also anticipates continued objection to Absolute's attempt to present a total cost damages claim to the jury.

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511 Facsimile 907.276.2631

DATED this 22nd day of September, 2006.

        LANE POWELL LLC
        Attorneys for Coffman Engineers, Inc.

By  s/ Peter C. Partnow
    Peter C. Partnow, ASBA No. 7206029
    301 W. Northern Lights Blvd., Suite 301
    Anchorage, Alaska 99503-2648
    Tel: 907-277-9511
    Fax: 907-276-2631
    Email: PartnowP@LanePowell.com

I certify that on September 22, 2006, a copy of the foregoing was served electronically on the following:

William R. Baerg, baerg@mmlawyers.com
Eric J. Brown, ebrown@jdolaw.com
Robert J. Dickson, acgecf@acglaw.com
Patrick J. Duffy, duffy@mmlawyers.com
Jami K. Elison, jamie@mhf-law.com
Michael E. Kreger, mkreger@perkinscoie.com
Terry R. Marston, terry@mhf-law.com
James B. Stoetzer, stoetzerj@lanepowell.com
James E. Niemer, niemerj@lanepowell.com

and by mail on:

Paul J. Nangle, Paul J. Nangle & Associates
101 Christensen Dr, Anchorage, AK 99501

 s/Peter C. Partnow

011680.0076/156718.1

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511 Facsimile 907.276.2631

**Trial Brief of Coffman Engineers, Inc.**
*Absolute Envtl. Servs., Inc. v. Forrest McKinley, et al.* (Case No. 3:03-cv-00199-RRB)    **Page 14 of 14**