Michael E. Kreger
James N. Leik
Jacob Nist
Perkins Coie LLP
1029 W. Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561
(907) 276-3108 (Facsimile)
mkreger@perkinscoie.com

Attorneys for Defendants Brechan Enterprises, Inc. and
Safeco Insurance Company of America

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

ABSOLUTE ENVIRONMENTAL
SERVICES, INC., an Alaska corporation,

      Plaintiff,

v.

FORREST J. MCKINLEY, an individual,
d/b/a "Imperial Industrial Coatings";
EMERCO, INC., a California corporation,
d/b/a Imperial Industrial Coatings; Brechan
ENTERPRISES, INC., an Alaska
corporation; SAFECO INSURANCE
COMPANY OF AMERICA, a Washington
corporation; and COFFMAN ENGINEERS,
INC., a Washington corporation,

      Defendants.

Case No. 3:03-cv-0199-RRB

**BRECHAN ENTERPRISES,
INC. AND SAFECO
INSURANCE COMPANY OF
AMERICA'S PROPOSED JURY
INSTRUCTIONS**

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

**ABSOLUTE v. MCKINLEY, et al.**
**Case No. 3:03-cv-0199-RRB**

[38599-0012/AA062650.005]

Pursuant to this Court's Pretrial Order dated August 7, 2006 and D. AK LR 51.1, Brechan Enterprises, Inc. ("Brechan") and Safeco Insurance Company of America, Inc. ("Safeco") hereby submit the following jury instructions.

Pursuant to D. AK LR 51.1(f) the following Ninth Circuit Model Jury Instructions are designated by reference:  1.1, 1.3 – 1.13, 3.1, 3.2, 3.3, 3.5, 3.6, 3.7, 3.9, 3.10, 3.11, 3.12, 4.1 – 4.4, 5.1, 6.1, 6.2.

Safeco and Absolute are discussing a potential stipulation to deal with surety bond issues.  Therefore, no instructions are being submitted regarding surety bond issues.  Safeco reserves the right to submit instructions as necessary.

Indemnification issues remain, but Brechan believes that these issues can be addressed by interrogatories on the special verdict form, without separate instructions.

//

//

//

//

//

//

//

//

//

//

//

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

**ABSOLUTE v. MCKINLEY, et al.**
**Case No. 3:03-cv-0199-RRB** - 2 - [38599-0012/AA062650.005]

## BRECHAN'S INSTRUCTION NO. 1
## NONDISCLOSURE AND DUTY
## TO DISCLOSE "SUPERIOR KNOWLEDGE"

Absolute claims that Brechan breached its duties to Absolute by failing to disclose information about defective welds encountered on a prior project.

In order to win on this claim, Absolute has the burden of proving each of the following elements by a preponderance of the evidence:

(1)    Brechan had special information about defective welds encountered on the prior project;

(2)    Absolute was not aware of the information Brechan had about defective welds occurring on the prior project, and could not reasonably discover this information through its own efforts;

(3)    Brechan recognized that the disclosure of this information would be vital to Absolute to prepare a reasonable proposal for the next project;

(4)    Brechan knew that Absolute did not have this information and that Absolute was not reasonably likely to learn this information from its own inquiries or from any other source;

(5)    Brechan knew that Absolute would reasonably expect Brechan to disclose this information to Absolute;

(6)    Brechan did not provide this information to Absolute;

(7)    The new coating specification for Absolute's project did not put Absolute on notice about the possibility of defective welds;

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

ABSOLUTE v. MCKINLEY, et al.
Case No. 3:03-cv-0199-RRB                - 3 -                [38599-0012/AA062650.005]

(8)    Brechan withheld this information from Absolute with the intention that Absolute would act in reliance on the absence of the information;

(9)    Based upon Brechan's failure to disclose this information, Absolute had a false understanding concerning the work that it would be required to perform;

(10)    Absolute justifiably relied on this false understanding in preparing its price proposal; and

(11)    Absolute had financial losses that were legally caused by its reliance on this false understanding.

If you find that Absolute has proved all of these elements, then you must find in favor of Absolute on this claim, and determine damages.

If Absolute has failed to prove any one of these elements, then you must find against Absolute on this claim and you may not award damages to Absolute based on this claim.

GAF Corp. v. United States, 19 Cl. Ct. 490, 497 (1990); aff'd 932 F.2d 947 (Fed. Cir. 1991), cert. denied, 502 U.S. 1071 (1992). Intercontinental Manufacturing Co. v. United States, 4 Cl. Ct. 591, 598-99 (1984); Granite Construction Co. v. United States, 24 Cl. Ct. 735, 744 (1991); Morrison-Knudsen Company, Inc. v. State, 519 P.2d 834 (Alaska 1974); Restatement (2d) of Torts §§ 525, 551 and comments j, k and l; Arctic Tug & Barge Inc. v. Raleigh Schwarz & Powell, 956 P.2d 1199, 1202 (Alaska 1998) (following Restatement § 551); Matthews v. Kincaid, 746 P.2d 470 (Alaska 1987); McElhannon v. Ford, 73 P.3d 827, 831 (N.M.App 2003); Barber v. National Bank of Alaska, 815 P.2d 857, 862 (Alaska 1991); Brady v. State, 965 P.2d 1, 15 (Alaska 1998).

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

## BRECHAN'S INSTRUCTION NO. 2
## IMPLIED WARRANTY OF ADEQUACY
## OF COATING SPECIFICATION

Absolute claims that the specification for the Coast Guard wharf coating project was defective, and that the defective specification caused Absolute to incur extra costs in performing its subcontract.

In order to win on this claim, Absolute has the burden of proving each of the following elements by a preponderance of the evidence:

1)    the coating applicators (Absolute and Imperial) were not allowed to select the means or methods they would use to obtain a required final result;

2)    if there was a prescribed method the coating applicators were required to follow, the coating applicators performed their work according to the prescribed method and in a workmanlike manner;

3)    when it prepared its price proposal for its subcontract with Brechan, Absolute relied on the specification;

4)    Absolute's reliance on the specification was reasonable;

5)    the specification was defective; and

6)    the defect in the specification caused Absolute to incur costs in excess of the costs that Absolute would have incurred if the specification was not defective.

If you find that Absolute has proved all of these elements, then you must find in favor of Absolute on this claim, and determine damages.  If Absolute has failed to

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

prove any one of these elements, you must find against Absolute on this claim and you may not award damages to Absolute based on this claim.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

Al Johnson Constr. Co. v. United States, 854 F.2d 467 (Fed. Cir. 1988) (citing United States v. Spearin, 248 U.S. 132 (1918)); Fairbanks North Star Borough v. Kandik Const., Inc. & Associates, 795 P.2d 793 (Alaska 1990), vacated in part on other grounds, 823 P.2d 632 (Alaska 1991); Lewis v. Anchorage Asphalt, 535 P.2d 1188, 1196 n. 19 (Alaska 1975).

## BRECHAN'S INSTRUCTION NO. 3
## SUBCONTRACTOR'S WARRANTY

When Absolute agreed to perform work on the Cargo Wharf project, Absolute agreed that its work would meet the requirements that are stated in the contract. Absolute also agreed that its work would meet the standards of the profession or trade, and that the final product would be reasonably fit for its intended use. These promises are part of Absolute's contract with Brechan.

Absolute entered into a subcontract with Imperial, in which Imperial agreed to perform some of the work on the Cargo Wharf. Even though Absolute hired Imperial as a subcontractor, Absolute remained responsible for performing all of the requirements in its contract with Brechan. If Imperial's work did not meet the contract's requirements, Absolute remained responsible for completing the work so that the work met the requirements of Absolute's contract with Brechan. Absolute is not entitled to additional payment from Brechan for completing, repairing or re-doing work that Imperial failed to do.

See Alaska Pattern Civil Jury Instruction 24.07; Lewis v. Anchorage Asphalt Paving Co., 535 P.2d 1188 (Alaska 1975).

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

**ABSOLUTE v. MCKINLEY, et al.**
**Case No. 3:03-cv-0199-RRB**                - 7 -                [38599-0012/AA062650.005]

## BRECHAN'S INSTRUCTION NO. 4
## LEGAL CAUSE

A legal cause of harm is an act or failure to act which is a substantial factor in bringing about the harm. An act or failure to act is a substantial factor in bringing about harm if it is more likely true than not true that:

(1)    the act or failure to act was so important in bringing about the harm that a reasonable person would regard it as a cause and attach responsibility to it; and

(2)    the harm would not have occurred but for the act or failure to act.

Alaska Pattern Civil Jury Instruction 3.06.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

**ABSOLUTE v. MCKINLEY, et al.**
**Case No. 3:03-cv-0199-RRB**                    - 8 -                    [38599-0012/AA062650.005]

**BRECHAN'S INSTRUCTION NO. 5**
**DAMAGES--GENERAL**

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff, you must determine the plaintiff's damages.  The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money which will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant.

9th Cir. Instruction 7.1.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

**ABSOLUTE v. MCKINLEY, et al.**
**Case No. 3:03-cv-0199-RRB**            - 9 -            [38599-0012/AA062650.005]

**BRECHAN'S INSTRUCTION NO. 6**
**DAMAGES**

If you find in favor of Absolute on one or more of its claims, you must decide how much money, if any, would fairly compensate Absolute. Absolute has the burden of proving its damages by a preponderance of the evidence. For any damages claimed by Absolute, you may award damages against any defendant only if Absolute proves the following elements by a preponderance of the evidence:

1)     That the damages were legally caused by conduct of the defendant that forms the basis of your verdict against that defendant. You may not award damages against any defendant that were caused by another defendant's conduct, or by Absolute's own conduct, or by other factors unrelated to the conduct of that defendant that forms the basis for your verdict against that defendant.

2)     The amount of the damages. Absolute is not required to prove the amount of its damages with mathematical precision, but it must prove the amount with reasonable certainty. You may not award damages on the basis of speculation, guess, or conjecture.

For damages that Absolute claims from Brechan or Imperial for failure to perform their obligations under their contracts with Absolute, Absolute must also prove that at the time Brechan and Imperial entered into their contracts with Absolute, the defendants had reason to foresee that the damages claimed by Absolute would be a probable result if the defendants failed to perform their obligations under the contract. A party to a contract has reason to foresee that damages will be a probable result if

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

ABSOLUTE v. MCKINLEY, et al.
Case No. 3:03-cv-0199-RRB                    - 10 -                    [38599-0012/AA062650.005]

either (a) the loss follows in the ordinary course of events from a failure to perform the obligation, or (b) the loss follows from special circumstances which the defendant had reason to know about when the promise was made.

Element 1:  Fairbanks North Star Borough v. Kandik Construction, Inc., 795 P.2d 793,798 (Alaska 1990) ("Recovery of damages for a breach of contract is not allowed unless acceptable evidence demonstrates that the damages claimed resulted from and were caused by the breach"); Restatement (Second) of Contracts § 347 and comment e ("The injured party is limited to damages based on his actual loss caused by the breach."); Conam Alaska v. Bell Lavalin, Inc., 842 P.2d 148, 155 ("Proximate cause is just as much an element of tort damages as it is an element of contract damages"). See also American Bar Association Construction Litigation Instruction 10.04; National Controls Corp. v. National Semiconductor Corp., 833 F.2d 491, 496 (3d Cir. 1987); Lichter v. Mellon-Stuart Co., 305 F.2d 216 (3d Cir. 1962); Net Construction, Inc. v. C&C Rehab & Construction, 256 F.Supp. 2d 350 (E.D. Pa. 2003).

Element 2:  Municipality of Anchorage v. Frank Coluccio Construction, 826 P.2d 316, 328 (Alaska 1992) (approving instructions that jury must award damages without speculation, guess or conjecture, and that although plaintiff is not required to show its damages with mathematical exactness, plaintiff has burden to prove amount of damages with reasonable certainty and by the best measure that can be used under the circumstances). See also Fletcher v. Trademark Construction, 80 P.3d 725, 731 (Alaska 2003); Power Constructors, Inc. v. Taylor & Hintze, 960 P.2d 20, 41 (Alaska 1998); Geolar, Inc. v. Gilbert/Commonwealth Inc., 874 P.2d 937 (Alaska 1994); Fairbanks North Star Borough v. Kandik Construction, Inc., 795 P.2d 793, 798 (Alaska 1990); Alaska Ins. Co. v. Movin' On Const., Inc., 718 P.2d 472, 474 (Alaska 1986); 9th Cir. Model Civil Jury Instruction 7.1 (damage award may not be based on speculation, guesswork or conjecture).

Element 3:  Native Alaska Reclamation & Pest Control, Inc. v. United Bank of Alaska, 685 P.2d 1211, 1219-20 (Alaska 1984); Restatement (2d) of Contracts § 351; Alaska Pattern Civil Jury Instruction 24.09A.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

## BRECHAN'S INSTRUCTION NO. 7
## DAMAGES:  TOTAL COST METHOD

Absolute is claiming damages based upon the difference between the amount of money it originally estimated it would require to do the work, and its total expenses for the job.  This method of calculating damages is known as a "total cost" method. You may not award these damages to Absolute unless Absolute proves each of the following elements by a preponderance of the evidence:

1)      That it is impossible or impractical for Absolute to prove its actual costs for the extra work it was required to perform with a reasonable degree of accuracy. Absolute cannot meet this requirement by showing only that it did not keep records of its actual costs for performing the additional work.  Absolute must show that it had a legitimate reason for not keeping records of its actual costs for the additional work.  If it does not meet this requirement, Absolute cannot meet its burden of proof to prove its damages;

2)      That the amount of money Absolute and Imperial originally estimated it would require to do the work for the Cargo Wharf job was realistic;

3)      That Absolute and Imperial's actual costs for performing the Cargo Wharf job were reasonable; and

4)      That Absolute and Imperial were not responsible for any of the additional costs that Absolute is claiming.

If Absolute has not proved all four of these elements by a preponderance of the evidence, you may not award damages to Absolute.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

If you find that Absolute has proved all four of these elements by a preponderance of the evidence, you may consider Absolute's total costs to determine an award of damages.  In your consideration of Absolute's total costs, however, you must carefully evaluate the evidence to determine what particular costs, if any, were legally caused by any breach of duties by a defendant.  Your award of damages against any defendant is limited to the actual costs that were legally caused by that defendant's breach of its duties.

See Geolar, Inc. v. Gilbert/Commonwealth, 874 P.2d 937, 945 (jury must be instructed that it cannot apply the total cost method unless the plaintiff meets the four factor test; "in addition, because the basic flaw with the use of the total cost method is that it assumes causation, we also require that the jury be instructed not to award damages unless the plaintiff proves that the defendant's breach caused them").  See also K&K Recycling v. Alaska Gold Co., 80 P.2d 702, 718 n. 35 & 719 (Alaska 2003) (approving jury instruction on total cost); Municipality of Anchorage v. Frank Coluccio Const., 826 P.2d 316, 328 (jury properly instructed that it must find all four factors); Fairbanks North Star Borough v. Kandik Construction, Inc., 795 P.2d 793, 799 (Alaska 1990) (when plaintiff presents total cost proof, jury must be instructed to limit its award of damages to those proximately flowing from breach); Propellex Corp. v. Brownlee, 342 F.3d 1335, 1342 (Fed. Cir. 2003) (element one, duty to show legitimate reason for failure to keep records of actual costs).  See also ABA Instruction 10.07.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

## BRECHAN'S INSTRUCTION NO. 8
## MITIGATION OF DAMAGES

Absolute is not entitled to be paid for any loss or for part of any loss that Absolute could have avoided with reasonable efforts and without undue risk or hardship, even though the loss originally resulted from an act or omission for which a defendant is legally responsible.  If you decide that it is more likely true than not true that Absolute could have avoided any loss or part of any loss with reasonable efforts and without undue risk or hardship, you may not require any defendant to pay the amount that Absolute could have reasonably avoided.

Alaska Pattern Civil Jury Instruction 20.18A.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

**ABSOLUTE v. MCKINLEY, et al.**
**Case No. 3:03-cv-0199-RRB**          - 14 -          [38599-0012/AA062650.005]

## BRECHAN'S INSTRUCTION NO. 9
## DUPLICATE AWARDS OF DAMAGES

Absolute has several different claims against the defendants.  If you decide in favor of Absolute on more than one claim, you may not make duplicate awards for the same damages.  You may only award damages for any loss once.

**PERKINS COIE LLP**
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

**ABSOLUTE v. MCKINLEY, et al.**
**Case No. 3:03-cv-0199-RRB**          - 15 -          [38599-0012/AA062650.005]

## BRECHAN'S INSTRUCTION NO. 10
## ATTORNEYS' FEES AND COSTS

The court will decide whether any party should be reimbursed for some or all of the expenses of this lawsuit, including attorneys' fees. You should not discuss this subject during your deliberations because it has no bearing on any issues that you will decide.

Alaska Pattern Civil Jury Instruction 2.06.

**ABSOLUTE v. MCKINLEY, et al.**
**Case No. 3:03-cv-0199-RRB**              - 16 -              [38599-0012/AA062650.005]

DATED at Anchorage, Alaska on September 22, 2006.

**PERKINS COIE LLP**
Attorneys for Defendant
Brechan Enterprises, Inc.


By   /s/ Michael E. Kreger
    Michael E. Kreger
    Alaska Bar No. 8311170
    James N. Leik
    Alaska Bar No. 8111109
    Perkins Coie LLP
    1029 W. Third Avenue, Suite 300
    Anchorage, Alaska  99501
    (907) 279-8561
    (907) 276-3108 (Facsimile)
    Email:  mkreger@perkinscoie.com


I hereby certify that on September 22, 2006, the
foregoing was served electronically on Robert J.
Dickson, Peter C. Partnow, William R. Baerg, Terry R.
Marston II, James B. Stoetzer, and Eric J. Brown.

  /s/ Michael E. Kreger
    Michael E. Kreger

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

**ABSOLUTE v. MCKINLEY, et al.**
**Case No. 3:03-cv-0199-RRB**          - 17 -          [38599-0012/AA062650.005]