**INSTRUCTION TO PRECEDE THE OATH TAKEN BY JURORS**

## JURY INSTRUCTION NO. 1

## EMPANELING THE JURY

You have been chosen as jurors in this case.   Before I give the juror's oath to you, I want to impress upon you the seriousness and importance of being a member of a jury.  Trial by jury is a fundamental right in Alaska and in the federal courts of this country.  It assures that each case will be decided by citizens who are fairly selected, who come to a case without bias, and who will attempt to render a fair verdict upon the evidence presented.

You took one oath before your qualifications to be jurors were examined.  Now, you are called upon to take a second oath.  By this oath, you will swear or affirm that you will decide the case on the evidence presented according to the law that I will give you.

When you state the oath, you accept serious and important obligations.  The jury system depends on the honesty and the integrity of individual jurors.  You affirm that your answers to questions put to you concerning your qualifications to sit on this jury were complete and correct. You affirm that you are truly impartial in this case.  You affirm that there is nothing to your knowledge that I or the parties should know about your ability to sit as a juror in this case.  If any of you believe you should not take this oath or there is something that I or the parties should know that we do not know, please raise your hand.  I will have you give your information to me and to the parties privately.

I will now administer the oath.

(Insert oath here).

---

**Alaska Pattern Civil Jury Instruction 1.01 (modified)**

**INSTRUCTIONS TO BE GIVEN AFTER JURORS TAKE THE OATH
BUT BEFORE OPENING STATEMENTS**

**JURY INSTRUCTION NO. 2**

**DUTY OF JURY**

Ladies and gentlemen: You are now the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions. At the end of the trial, I will give you more detailed instructions. Those instructions will control your deliberations.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be.

---

**Ninth Circuit Model Instruction 1.1**

## JURY INSTRUCTION NO. 3

## CLAIMS AND DEFENSES

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

**JURY INSTRUCTION NO. 4**

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which are received into evidence; and

(3) any facts to which the lawyers stipulate.

---

**Ninth Circuit Model Instruction 1.3**

**JURY INSTRUCTION NO. 5**

**WHAT IS NOT EVIDENCE**

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case:

(1) statements and arguments of the attorneys;

(2) questions and objections of the attorneys;

(3) testimony that I instruct you to disregard; and

(4) anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

---

**Ninth Circuit Model Instruction 1.4**

## JURY INSTRUCTION NO. 6

## EVIDENCE FOR LIMITED PURPOSE

Some evidence may be admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

---

**Ninth Circuit Model Instruction 1.5**

## JURY INSTRUCTION NO. 7

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

---

**Ninth Circuit Model Instruction 1.6**

**JURY INSTRUCTION NO. 8**

**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and the lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

---

**Ninth Circuit Model Instruction 1.7**

## JURY INSTRUCTION NO. 9

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness' memory;

(3) the witness' manner while testifying;

(4) the witness' interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness' testimony;

(6) the reasonableness of the witness' testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

---

**Ninth Circuit Model Instruction 1.8 (modified)**

## JURY INSTRUCTION NO. 10

## CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case please let me know about it immediately;

Second, do not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it;

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own; Fourth, if you need to communicate with me simply give a signed note to the [bailiff] [clerk] [law clerk] [matron] to give to me; and

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide that case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

---

**Ninth Circuit Model Instruction 1.9**

## JURY INSTRUCTION NO. 11

## NO TRANSCRIPT AVAILABLE TO JURY

At the end of the trial, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial. I urge you to pay close attention to the testimony as it is given.

---

**Ninth Circuit Model Instruction 1.10**

## JURY INSTRUCTION NO. 12

## TAKING NOTES

If you wish, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you so that you do not hear other answers by witnesses. When you leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury room].

Whether or not you take notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

---

**Ninth Circuit Model Instruction 1.11**

## JURY INSTRUCTION NO. 13

## OUTLINE OF TRIAL

The next phase of the trial will now begin. First, each of the four parties may make an opening statement. Because Absolute is the plaintiff, one of its attorneys, Mr. Marston, will go first.  Following his opening statement, Mr. Duffy, one of the attorneys for defendant and third-party plaintiff, Imperial, will make his opening statement.  Following his opening statements, Mr. Kreger, one of the attorneys for defendant and third-party defendant, Brechan, will make his opening statement.  Finally, Mr. Partnow, one of the attorneys for third-party defendant Coffman, will make his opening statement.  An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

After opening statements, the plaintiff will call witnesses and present evidence.  The attorneys for each of the other parties will then have the opportunity to cross-examine.  After Absolute has call all of the its witnesses, Imperial, Brechan, and Coffman each will have the opportunity to call witnesses and the attorneys for each of the other parties y may cross-examine these witnesses.  Finally, each party who has asserted a claim may call rebuttal witnesses who can be cross-examined by the attorneys for the party against whom the claim is asserted.

At some point during the presentation of evidence, any party may call a witness out of order because of travel schedules or other matters pertaining to witness availability.  Should this occur, I will so advise you.

After all of the evidence has been presented, the attorneys will make closing arguments and I will instruct you on the law that applies to the case.

## JURY INSTRUCTION NO. 13 CONTINUED

After that, you will go to the jury room to deliberate on your verdict.

---

**Ninth Circuit Model Instruction 1.12 (modified)**

## JURY INSTRUCTION NO. 14

## EXPLANATION OF OPENING STATEMENT

We will now proceed to hear opening statements.  The statements of counsel are not evidence.  They are attempts by the lawyers to help you understand and use the evidence, or to persuade you, but are not themselves proof of anything.  Because the decisions you make in this case are to be based on the evidence rather than the statements or arguments by lawyers, you should not draw any conclusions about the case based on the attorneys' opening statements.

---

**Ninth Circuit Model Instruction 3.3 (modified)**

**INSTRUCTIONS TO BE GIVEN AFTER OPENING STATEMENTS
AND BEFORE PRESENTATION OF EVIDENCE**

## JURY INSTRUCTION NO. 15

## WHAT IS EVIDENCE

As I told you before opening statements, it will be your job to decide the facts based on the evidence presented to you during the course of the trial.  The evidence from which you are to decide what the facts are consists of:

1.    The sworn testimony of witnesses, on both direct and cross-examination, regardless of who called the witness;

2.    The exhibits which have been received into evidence; and

3.    Any facts to which all the lawyers have agreed or stipulated.

I must caution you that some things you may see or hear during the course of this trial are not evidence and may not be considered by you in deciding what the facts are.  I will list them for you.

1.    Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they say in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them based upon the evidence differ from the way the lawyers have stated them, your memory of the evidence controls.

2.    Likewise, questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.

You should not be influenced by the objection or by the court's ruling on it.

3.    Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.

## JURY INSTRUCTION NO. 15 CONTINUED

4.     Anything you may have seen or heard when the court was not in session is not evidence.

---

**Ninth Circuit Model Instructions 3.3 and 3.5 (modified)**

**JURY INSTRUCTION NO. 16**

**CALLING OF WITNESSES AND QUESTIONS BY THE COURT**

It is possible that I will ask questions of witnesses called by the parties.  If I do so, you should consider the resulting testimony as you would consider any other testimony.  You should not assume that answers to my questions are more or less important than answers to other questions.  And you should not assume that because I ask questions, I have any opinion about the case.  It is your job, and yours alone, to evaluate the evidence and to decide what witnesses to believe and what weight to give to testimony.

---

**Ninth Circuit Model Instruction 1.13**

## JURY INSTRUCTION NO. 17

## OBJECTIONS TO EVIDENCE

There are rules of law that prevent some types of information from being presented as evidence in a court of law. This is why objections may be made to certain questions of counsel, answers of witnesses, or exhibits. There will likely be conferences between me and the attorneys and legal arguments outside of your presence. I know that you will wonder what is being discussed and, after such discussions, why some evidence must be excluded. These matters are governed by the rules of evidence and the rules of the court.

Basically, these rules are designed to do two things. First, the rules are intended to help you focus on important and reliable evidence. Second, the rules are intended to help you decide the case objectively. We have confidence in the impartiality and the integrity of the jury because these rules insure decisions based upon reliable and objective evidence. You should not be influenced by the fact that objections are made to questions or to the presentation of evidence or that requests are made that I take certain actions; nor should you be influenced by the number of objections or requests that are made.

Objections or requests are not evidence. You should draw no conclusions about the case from my response to objections or rulings, as these matters will be determined by the law and will not reflect anything about the merits of the case or my views of the evidence or the witness. So please remember that my rulings that exclude evidence or that bar questions are designed to help you decide the case fairly. Of course, if I rule that certain evidence should be excluded, you must disregard it. You may not speculate as to why the evidence was excluded or what it may have been.

**JURY INSTRUCTION NO. 17 CONTINUED**

If I allow testimony or other evidence to be introduced despite the objections of one or more of the attorneys, this does not indicate any opinion as to the weight or effect of such evidence. As stated before, you are the exclusive judges of the credibility of all witnesses and the weight and effect of all evidence.

When I sustain or accept an objection to a question addressed to a witness, you must disregard the question entirely, and may not draw any inference from the wording of it, nor speculate as to what the witness would have said if permitted to answer the question.

---

**Alaska Pattern Civil Jury Instructions 1.12 (modified)**

## JURY INSTRUCTION NO. 18

## RELATIONSHIP OF EXHIBITS TO TESTIMONY

In addition to the testimony witnesses, the parties will also introduce various exhibits into evidence for you to consider.  In deciding how much weight, if any, to give an exhibit, you should examine its content, and see how it relates to the other evidence in this case.  The fact that an exhibit may be given to you for your examination does not necessarily mean that it is entitled to more weight than oral testimony.  It may be and it may not be depending on other facts and on instructions on the law, which I will give you later.

In order to try to avoid confusion, the parties will attempt to avoid introducing multiple copies of the same exhibit.  The fact that an exhibit is identified with a number or letter which indicates it has come from any particular party does not by itself carry any weight.

---

**Alaska Pattern Civil Jury Instruction 1.09 (modified)**

## JURY INSTRUCTION NO. 19

### BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

---

**Ninth Circuit Model Instruction 9.1 Ninth Circuit Model Instruction 2.1(modified)**

**INSTRUCTION TO PRECEDE FIRST RECESS**

## JURY INSTRUCTION NO. 20

## CAUTIONARY INSTRUCTION—FIRST RECESS

We are about to take our first break during the trial. I want to remind you of the instruction I gave you earlier. Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately. Do not read or listen to any news reports of the trial. Finally, you are reminded to keep an open mind until all the evidence has been received and you have heard the arguments of counsel, the instructions of the court, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the [marshal] [bailiff] [clerk] [law clerk] to give to me.

I may not repeat these admonitions each time we recess or adjourn, but even if I do not remind you, these admonitions apply each time there is a break in the trial, including when trial is recessed from day to day or over a weekend.

**INSTRUCTION AT FIRST BENCH CONFERENCE**

## JURY INSTRUCTION NO. 21

## BENCH CONFERENCES AND RECESSES

From time to time during the trial, it may become necessary for me to talk with the attorneys out of your hearing, either by having a conference at the bench while you remain present in the courtroom, or by calling a recess and having you adjourn to the jury room. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

We will, of course, do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

---

**Ninth Circuit Model Instruction 2.2**

**INSTRUCTION BEFORE FIRST DEPOSITION TESTIMONY**

## JURY INSTRUCTION NO. 22

## DEPOSITION AS SUBSTANTIVE EVIDENCE

When a person is unavailable to testify in person at trial, the deposition of that person may be used.  A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.

The deposition testimony of a number of witnesses will be presented to you.  Prior to any such deposition testimony, you will be informed of the date on which the particular deposition was taken.  Deposition testimony may be presented either through a video of the deposition or through reading from the deposition transcript.

The deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way without regard to whether it is presented through a video or through reading from a transcript.  When the testimony is introduced through reading from a transcript, do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

---

**Ninth Circuit Model Instruction 2.6 (modified)**

**INSTRUCTIONS TO BE GIVEN AFTER PRESENTATION
OF EVIDENCE AND BEFORE CLOSING ARGUMENT**

## JURY INSTRUCTION NO. 23

## EXPLANATION OF CLOSING ARGUMENT

The presentation of evidence is now complete. The attorneys now have the right to argue the case to you. The arguments of counsel, based upon study and thought, may be, and usually are, distinctly helpful; however, remember that arguments of the attorneys are not evidence and cannot rightly be considered as such. It is your duty to give careful attention to the arguments of counsel which are based upon the evidence which you have heard and the proper deductions from the evidence, and the law as given to you by me in these instructions.     You should disregard arguments of attorneys which depart from the facts or from the law. Counsel, although acting in the best of good faith, may be mistaken in their recollection of testimony given during the trial. You are the ones to finally determine what testimony was given in this case, as well as what conclusions of fact should be drawn from the testimony and other evidence.

**INSTRUCTIONS TO BE GIVEN AFTER CLOSING ARGUMENT**

## JURY INSTRUCTION NO. 24

## DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence and the arguments of the attorneys, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult as you find necessary or helpful.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

---

**Ninth Circuit Model Instruction 3.1**

## JURY INSTRUCTION NO. 25

## EXPLANATION OF THE PURPOSE OF THE INSTRUCTIONS

The instructions that I am now about to give you cover several different topics. They cover your responsibilities as jurors and how you are to proceed to decide the questions that you are given. These instructions offer some suggestions as to how you might wish to think about the witnesses and the evidence that has been presented. They also cover the law that you must apply in this case.

It is important that each of you listen carefully to the instructions that I give. Your duty as jurors does not end with your fair and impartial consideration of the evidence. It includes your careful attention to the instructions so that the law will properly and justly be applied to the parties in the case. You will have a copy of my instructions with you when you retire to the jury room to deliberate and to reach your verdict. But, it is still absolutely necessary for you to pay careful attention to the instructions now. Sometimes, the spoken word is clearer than the written word, and you should not miss the chance to hear the instructions. I will give them to you as clearly as I can in order to assist you as much as possible.

The order in which the instructions are given has no relation to their importance. The length of instructions also has no relation to importance. Some concepts require more explanation than others, but this does not make longer instructions more important than shorter ones. All of the instructions are important, and all should be carefully considered. You should understand each instruction and see how it relates to the others given.

## JURY INSTRUCTION NO. 25 CONTINUED

When I finish the instructions, you will go to the jury room to begin your deliberations. I will have more to say about that at the close of the instructions.

---

**Alaska Pattern Civil Jury Instruction 2.01B (modified)**

## JURY INSTRUCTION NO. 26

## WHAT IS EVIDENCE

As I told you before the trial began, it will be your job to decide the facts of this case. You must do this based only on the evidence which has been presented to you during the course of the trial. Not everything you have seen or heard during the trial is evidence. To assist you in distinguishing between what is and is not evidence, I will now repeat an instruction I gave you at the beginning of the trial, which explains what is and is not evidence.

The evidence from which you are to decide what the facts are consists of:

1.    The sworn testimony of witnesses, on both direct and cross-examination, regardless of who called the witness;

2.    The exhibits which have been received into evidence;  and

3.    Any facts to which all the lawyers have agreed or stipulated.

Some of the things which are not evidence, and which may not be considered by you in deciding what the facts are, include the following:

1.    Arguments and statements by lawyers are not evidence.

2.    Questions and objections by lawyers are not evidence.

3.    Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.

4.    Anything you may have seen or heard when the court was not in session is not evidence.

---

**Ninth Circuit Model Instructions 3.2 and 3.3 (modified)**

## JURY INSTRUCTION NO. 27

## EVALUATION OF WITNESS - DEPOSITION TESTIMONY

In deciding whether to believe a witness or how much weight to give a witness' testimony, you should consider anything that reasonably helps you to assess the testimony. Among the things that you should consider are the following:

1.    The witness' appearance, attitude, and behavior on the stand and the way the witness testified;

2.    The witness' age, intelligence, and experience;

3.    The witness' opportunity and ability to see or hear things about which she testified;

4.    The accuracy of the witness' memory;

5.    Any motive of the witness not to tell the truth;

6.    Any interest that a witness had in the outcome of the case;

7.    Any bias of the witness;

8.    Opinion or reputation evidence about the witness' truthfulness;

9.    Prior criminal convictions of the witness relating to honesty or veracity; and

10.    The internal consistency or inconsistency of the witness' testimony and its support or contradiction by other evidence.

If you believe that a witness testified falsely as to part of his testimony, you may choose to distrust other parts also, but you are not required to do so. You should bear in mind that inconsistencies and contradictions in a witness' testimony, or between his testimony and that

## JURY INSTRUCTION NO. 27 CONTINUED

of others, do not necessarily mean that you should disbelieve the witness. Failure of recollection is a common experience. It is common for two honest people to see or hear things differently.

In weighing the significance of any discrepancies in the testimony, consideration should be given to whether the discrepancies pertain to facts of importance or only to trivial details. However, a willful falsehood is always a matter of importance and should be seriously considered. A witness willfully false in one part of his testimony may be distrusted in other parts.

You may believe all, part, or none of the testimony of any witness. You need not believe any witness even though the testimony is uncontradicted, but you should act reasonably in deciding whether or not you believe a witness and how much weight to give to testimony.

When the testimony of witnesses is in conflict, you are not bound to decide in conformity with the testimony of a greater number of witnesses, if their testimony does not produce conviction in your mind, as against the testimony of a lesser number of witnesses or other evidence, on the proof of any fact. The testimony of one witness worthy of belief is sufficient for the proof of any fact. This does not mean that you may disregard the testimony of a greater number of witnesses merely from caprice or prejudice or from a desire to favor one side as against the other. It does mean that you must not decide an issue by the simple process of counting the number of witnesses who have testified on the opposing sides. The final test is not in the relative number of witnesses, but in the relative convincing force of the evidence.

## JURY INSTRUCTION NO. 27 CONTINUED

Finally, remember as I told you early, testimony presented from depositions which were either read to you or presented on videotape, should be weighed by you as you would weigh any other testimony.

---

**Ninth Circuit Model Instruction 3.6 (modified)**
**Alaska Pattern Civil Jury Instruction Nos. 2.02 and 2.05 (modified)**

## JURY INSTRUCTION NO. 28

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

All of the evidence received in this case falls into one of two categories: direct evidence and circumstantial evidence. A fact may be proved by direct evidence, by circumstantial evidence, or both.

Direct evidence is given when a witness testifies of his own actual and personal knowledge of the facts in issue to be proved.

Circumstantial evidence is given when a witness testifies to facts from which the jury may infer other and connected facts which usually and reasonably follow the facts testified to according to common experience.

If before you go to bed on a winter night, you look out of your window and see it snowing, and you reach out the window and feel it on your hand, you have personal knowledge that it is snowing. This is direct evidence.

But, if, when you go to sleep, the sky and the ground are clear, and when you later awaken, the ground is white and covered with snow, you can conclude that it has snowed even though you did not see the snow fall. This is circumstantial evidence.

Neither type of evidence is necessarily entitled to greater weight than the other. The weight to be given this evidence is for you to determine. You must examine the evidence carefully and decide how to evaluate it in light of the law that I will give you in these instructions.

---

**Ninth Circuit Model Instruction 3.6 (modified)**

## JURY INSTRUCTION NO. 29

## CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE

Certain charts and summaries that have not been received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

---

**Ninth Circuit Model Instruction 3.9**

# JURY INSTRUCTION NO. 30

## BURDEN OF PROOF - PREPONDERANCE OF THE EVIDENCE

Each party asserting a claim has the burden to prove its claim by a "preponderance of the evidence." When I say in these instructions that a party has the burden of proof on any claim by a preponderance of the evidence, or when I use the expression "if you find" or "if you decide," I mean you must be persuaded by the evidence that the claim is more probably true than not true.

Something is more likely true than not true if you believe that the chance it is true is even slightly greater than the chance that it is not true. In more familiar language, something is more likely than not true, if you believe that there is a greater than 50% chance that it is true. 51% certainty is sufficient; no more is required for you to decide that something is more likely than not true. If the evidence is so evenly balanced that you are unable to say that the evidence on either side of an issue is more likely true than not true, your finding on that issue must be against the party who had the burden of proving it.

If you believe that the chance that something is true is 50/50 or less, you must decide that it is false. In other words, when you find something to be more likely than not true, you are to accept it as true; when you find otherwise, you are to accept it as false.

You should base your decision on all of the evidence, regardless of which party presented it.

---

**Ninth Circuit Model Instruction 5.1 (modified)**

## JURY INSTRUCTION NO. 31

### ELEMENTS AND BURDEN OF PROOF FOR
### ABSOLUTE'S CLAIM AGAINST COFFMAN FOR PROFESSIONAL NEGLIGENCE

Absolute claims that it was harmed because of the professional negligence of Coffman.

In order to find that Absolute is entitled to recover from Coffman for professional negligence, Absolute has the burden of proving each of the following elements by a preponderance of the evidence:

1.     the standard of care required of a professional corrosion engineering firm in Alaska such as Coffman was negligent;

2.     that Coffman breached or failed to meet that standard of care;

3.     that Coffman's failure to meet the required standard of care caused harm to Absolute; and

4.     that Absolute was actually harmed.

I will later define negligence and legal cause for you.

---

(Alaska Civil Pattern Jury Instruction 3.01)  *See Larman v. Kodiak Elec. Ass'n.*, 514 P.2d 1275 (Alaska 1973); *Linck v. Barokas & Martin*, 667 P.2d 171, 173 (Alaska 1983); *Ball v. Birch, Horton, Bittner & Cherot*, 58 P.3d 481, 485 (Alaska 2002), *citing Kendall v. State*, 692 P.2d 953, 955 (Alaska 1984)

## JURY INSTRUCTION NO. 32

## DEFINITION OF PROFESSIONAL NEGLIGENCE

I will now define for you the standard of care for a professional such as Coffman.

A corrosion coating engineering failed to meet the professional standard of care if it fails to exercise that degree of skill that a reasonably prudent, skilled, and qualified corrosion coating engineering firm would exercise under the circumstances. In determining the degree of skill that a reasonably prudent, skilled, and qualified coating engineering firm would exercise under the circumstances, you must consider only the expert testimony presented by each party since expert testimony is required to establish both the standard of care and a breach of that standard. I will instruct you on the evaluation of expert testimony in a moment.

If Absolute fails to establish by a preponderance of the evidence that Coffman failed to meet the required standard of care for a corrosion engineering firm, you must return a verdict for Coffman. If you do find that Absolute has proved by a preponderance of the evidence that Coffman failed to meet the required standard of care, you must also decide whether Coffman 's negligence was a legal cause of harm to Absolute. I will now instruct you on legal cause.

---

 (Alaska Civil Pattern Jury Instruction 8.15 (modifications in italics))  *John's Heating Service v. Lamb*, 46 P.3d 1024, 1038 (Alaska 2002).

**JURY INSTRUCTION NO. 33**

**DEFINITION OF "LEGAL CAUSE"**

I will now define "legal cause" for you. A legal cause of harm is an act or failure to act which is a substantial factor in bringing about the harm. An act or failure to act is a substantial factor in bringing about harm if it is more likely true than not true that:

1)      the act or failure to act was so important in bringing about the harm that a reasonable person would regard it as a cause and attach responsibility to it; and

2)      the harm would not have occurred but for the act or failure to act.

[There is, however, one exception to the requirement that the harm would not have occurred but for the act, or failure to act, of the defendant. If two or more forces operated to cause the harm, one because of the defendant and the others not, and each force by itself was sufficient to cause the harm, then the defendant's act or failure to act is a cause of the harm if it was so important in bringing about the harm that a reasonable person would regard it as a cause and attach responsibility to it.]

---

**(Alaska Civil Pattern Civil Instruction 3.06)** *See Vincent v. Fairbanks Memorial Hospital***, 862 P.2d 847, 851 (Alaska 1993).**

## JURY INSTRUCTION NO. 34

## EXPERT TESTIMONY

Several expert witnesses testified in this case.  Experts have special training, education, skills or knowledge that may be helpful to you.  In deciding whether to believe an expert and how much weight to give expert testimony, you should consider the same things that you would when any other witness testifies.  In addition, you should consider the following things:

(1)     the special qualifications of the expert;

(2)     the expert's knowledge of the subject matter involved in the case;

(3)     the source of the information considered by the expert; and

(4)     the reasons given for the expert's opinion.

As with other witnesses, you must decide whether to believe an expert and how much weight to give to expert testimony.  You may believe all, part, or none of the testimony of an expert witness.  You need not believe an expert even if the testimony is uncontradicted.  However, you should act reasonably in deciding whether or not you believe an expert witness and how much weight to give expert testimony.

You are not required to accept expert testimony as true simply because a number of expert witnesses agree with each other.  You may decide that even the unanimous testimony of expert witnesses is erroneous.  But you should act reasonably in deciding whether to reject uncontradicted testimony.

When expert witnesses are in conflict, you need not accept the testimony of a majority of the witnesses.  You may find the testimony of one witness or of a few witnesses more persuasive than the testimony of a larger number.

---

**Alaska Pattern Civil Jury Instruction 2.10**

## JURY INSTRUCTION NO. 35

## NEGLIGENT MISREPRESENTATION

Absolute claims  it was damaged because Coffman negligently misrepresented certain information.  In order to win on this claim, Absolute bears the burden of proving each of the following elements by a preponderance of the evidence:

1.       Coffman made a false or misleading representation, either orally, in writing or by conduct; and

2.       Coffman's false or misleading statement was susceptible of knowledge at the time made; and

3.       Coffman's false or misleading statement was material.  A material statement is one that could be reasonably expected to influence a person's judgment or conduct concerning the transaction in question; and

4.       Absolute actually relied on the Coffman's false or misleading statement; and

5.       Absolute's reliance on the false or misleading statement was justifiable.

6.       That as a result of its reliance, Absolute has suffered some damage or injury; and

7.       That a reasonably careful corrosion coatings engineering firm under similar circumstances would have been aware that the statement was false or misleading; and

8.       That Coffman failed to act as a reasonably careful corrosion coatings engineering firm in communicating the false or misleading information.

## JURY INSTRUCTION NO. 35 CONTINUED

If Absolute fails to establish by a preponderance of the evidence that each of the requirements just listed is more likely true than not true, then your verdict must be for Coffman. If you do find that Absolute has proved each of the above factors by a preponderance of the evidence, you must also decide whether Coffman's negligent misrepresentation was a legal cause of harm to Absolute.

---

(Alaska Pattern Civil Jury Instruction 17.01) Elements: *Bubbel v. Wien Air Alaska*, 682 P.2d 374, 380 (Alaska 1984). Materiality: *Valdez Fisheries Development Association Inc. v. Alyeska Pipeline Service Co.*, 45 P.3d 657, 671 (Alaska 2002); *Barber v. National Bank of Alaska*, 815 P.2d 857, 862 (Alaska 1991); *Donnybrook Building Supply Inc. v. Interior City Branch First Nat. Bank*, 798 P.2d 1263, 1266 (Alaska 1990).

## JURY INSTRUCTION NO. 36

## FRAUDULENT MISREPRESENTATION

Absolute claims that it was damaged because Coffman intentionally and fraudulently misrepresented certain information.  In order to win on this claim, Absolute must establish it is more likely true than not true that:

1.     Coffman made a false or misleading representation, either orally, in writing or by conduct; and

2.     Coffman's false or misleading statement was susceptible of knowledge at the time made; and

3.     Coffman's false or misleading statement was material.  A material statement is one that could be reasonably expected to influence a person's judgment or conduct concerning the transaction in question; and

4.     Absolute actually relied on the Coffman's false or misleading statement; and

5.     Absolute's reliance on the false or misleading statement was justifiable.

6.     That as a result of its reliance, Absolute has suffered some damage or injury; and

7.     That when Coffman made the false or misleading statements, it was aware that the statement was false; and

8.     That Coffman acted with a fraudulent intent to deceive Absolute in communicating the false or misleading information.

## JURY INSTRUCTION NO. 36 CONTINUED

If Absolute fails to establish by a preponderance of the evidence that each of the requirements just listed is more likely true than not true, then your verdict must be for Coffman. If you do find that Absolute has proved each of the above factors by a preponderance of the evidence, you must also decide whether Coffman's fraudulent misrepresentation was a legal cause of harm to Absolute.

---

**(Alaska Pattern Civil Jury Instruction 17.01)** *Barber v. National Bank of Alaska*, **815 P.2d 857 (Alaska 1991).** *McHugh v. Church*, **583 P.2d 210, 217 (Alaska 1978);** *Alaska Pacific Assur. Co. v. Collins*, **794 P.2d 936 (Alaska 1990);** *Bubbel v. Wien Air Alaska*, **682 P.2d 374, 380 (Alaska 1984).**

## JURY INSTRUCTION NO. 37

### DUTY TO DISCLOSE

I will now instruct you on the circumstances under which Coffman may have a duty to disclose specific information to Absolute.  Coffman had a duty to disclose information to Absolute if you find that it is more likely true than not true that:

1.      Coffman failed to disclose information which made some statement by Coffman false or misleading; or

2.      Coffman had previously innocently made a false or misleading statement which was not susceptible of knowledge at the time made, but which Coffman later discovered or reasonably should have discovered was false or misleading; or

3.      There existed between Absolute and Coffman a  relationship that imposed on Coffman as a professional engineering firm, a duty to disclose information because Coffman was in the business of providing such information.

---

**Alaska Pattern Civil Jury Instruction 17.03 (modified)**

## JURY INSTRUCTION NO. 38

## DAMAGES

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for a party on any of its claims, you must determine the amount of damages, if any, and who is responsible for these damages. Damages means the amount of money which will reasonably and fairly compensate the damaged party for any injury you find was caused by someone else.

The party seeking damage has the burden of proving its damages by a preponderance of the evidence. It is for you to determine what damages, if any, have been proved.

Any damage award must be based upon evidence and not upon speculation, guesswork, or conjecture. Any amount of damages which you may award shall not be based on any perceived ability or inability to pay.

---

[37] **Ninth Circuit Model Instruction 7.1 (modified)**

## JURY INSTRUCTION NO. 39

## DAMAGES - PROOF

I will list for you the items of loss claimed by Imperial and Absolute. You may not assume because I list an item of loss or explain how to measure a particular loss that you are required to make an award for that loss. For each item of loss you must decide that it is more likely true than not true that:

1.    Imperial or Absolute had such a loss or is reasonably probable to have such a loss in the future, and

2.    the loss was legally caused by the conduct of the others..

If both of these things are more likely true than not true, you must then decide how much money will fairly compensate  for that item of loss. If you do not conclude that both of these things are more likely true than not true for a particular item of loss, you may not make an award for that loss.

The items of loss claimed by Imperial against Absolute are the following:

1.    Increased cost of performance of its contract with Absolute.

2.    Amounts due and payable under its contract with Absolute

3.    Value of Imperial's goods and property seized and controlled by Absolute.

The items of loss claimed by the Absolute are the following:

1.

2.

3.

4.

---

**Ninth Circuit Model Instruction 7.1 (modified)**

**JURY INSTRUCTION NO. 40**

**DAMAGES – MITIGATION**

The party who has suffered damages has a duty to use reasonable efforts to mitigate damages.  To mitigate means to avoid or reduce damages.

The party against whom damages are sought has the burden of proving by a preponderance of the evidence:

1.    That the damaged party failed to use reasonable efforts to mitigate damages; and

2.    The amount by which damages would have been mitigated.

---

**Ninth Circuit Model Instruction 7.3 (modified)**

## JURY INSTRUCTION NO. 41

## ALLOCATION OF FAULT

If you find that Absolute was damaged and that Coffman's actions were a legal cause of those damages, for each category of damages that you find Absolute suffered, you must now allocate fault among the parties. That is, for each person or entity whose actions you find to be a legal cause of Absolute's damages, you must assign that person or entity a percentage of the fault for causing Absolute's damages. Recall that an event may have more than one legal cause.

Thus, if you find that Absolute is entitled to compensatory damages for extra work that it had to perform, you must determine which person or entity's' wrongful actions were legal causes of these damages, and allocate fault among them. In determining the percentages of fault for Absolute's compensatory damages for extra work, you are to consider both the nature of the conduct of each person or entity at fault, and the extent of the causal relation between the conduct and the damages for extra work.

---

**AS 09.17.080(a) and (b); as 09.17.900**

**JURY INSTRUCTION NO. 42**

**INDEMNIFICATION**

Brechan claims that, to the extent it may be liable to Absolute for damages, it is entitled to pass those damages on to Coffman.  To succeed on this claim, Brechan  bears the burden of proving each of the following elements by a preponderance of the evidence:

(1)    That a valid contract existed between Brechan and Coffman; and

(2)    That contract required Coffman to indemnify Brechan for the negligent acts or omission of Coffman in connection with the work performed by Coffman under the contract with Brechan; and

(3)    That Coffman did not act as a reasonably prudent corrosion coatings engineering firm in discharging its duties to Brechan under their contract; and

(4)    Coffman's negligence caused Brechan to incur liability to Absolute; and

(5)    Brechan was not responsible for the damages to Absolute.

---

*Hoffman Construction Company of Alaska v. U.S. Fabrication and Erection, Inc.*, **32 P.3d 346, 361-62 (Alaska 2001);** *Fairbanks North Star Borough v. Kandik Construction Co, Inc., and Associates*, **823 P.2d 632, 636 (Alaska 1991).**

## JURY INSTRUCTION NO. 43

## INDEMNIFICATION OF COFFMAN BY BRECHAN

Coffman has claimed that, in the event that it is found liable to Absolute for damages, it is entitled to pass those damages on to Brechan.  In order to succeed on this claim, Coffman bears the burden of proving each of the following elements by a preponderance of the evidence:

(1)    A valid contract existed between Brechan and Coffman; and

(2)    That contract requires Brechan to indemnify Coffman for liability resulting from Brechan's negligent acts or omissions; and

(3)    That Brechan was negligent in discharging its duties; and

(4)    Brechan's negligence or breach of contract caused Coffman to incur liability to Absolute; and

(5)    Coffman was not responsible for the damages to Absolute.

---

*Hoffman Construction Company of Alaska v. U.S. Fabrication and Erection, Inc.*, **32 P.3d 346, 361-62 (Alaska 2001);** *Fairbanks North Star Borough v. Kandik Construction Co, Inc., and Associates*, **823 P.2d 632, 636 (Alaska 1991).**

## JURY INSTRUCTION NO. 44

## CONTRACTOR COMPARATIVE FAULT

Coffman has claimed that Absolute's own actions caused some or all of the damages that Absolute claims to have incurred.  You may allocate fault to Absolute or any damages that it incurred if you find it more likely than not such damages were caused in whole or in part because

(1)     Absolute conducted insufficient investigation before bidding on the job, including failing to conduct a reasonable job site investigation; or

(2)     Absolute misjudged its capabilities to perform the necessary operations when bidding on the Project; or

(3)     Absolute failed to perform the necessary operations as a reasonably prudent corrosion coating contractor.

*PCL Construction Services, Inc. v. United States*, 47 Fed. Cl. 745, 799 (2000) (quoting *Am. Ship Bldg. Co. v. United States*, 228 Ct.Cl. 220, 224, 654 F.2d 75, 78 (1981)); *Natus Corp. v. United States*, 178 Ct.Cl. 1, 12, 371 F.2d 450, 457 (1967).

**JURY INSTRUCTION NO. 45**

**RESPONDEAT SUPERIOR RE ABSOLUTE AND IMPERIAL**

Imperial was a subcontractor to Absolute on this project.  As regards to Coffman and Brechan, Absolute is responsible for the acts of its subcontractor Imperial.

---

**Alaska Pattern Civil Jury Instruction 23.04A (modified)**

# JURY INSTRUCTION NO. 46

# JUROR CONDUCT:  FIRST INSTRUCTION

I will finish instructing you in a few moments. I have told you how to evaluate the evidence and the witnesses and what law applies to this case. Here is what happens next. Until now, I have asked you not to discuss the case with anyone else, not even with other members of the jury. I told you that this was important to assure that every member of the jury independently sees and hears all of the evidence before making even tentative comments to someone else, and also to prevent any one from influencing you before all the evidence was presented.

When I finish instructing you, the jury will go to deliberate in a room called the jury room. When you reach the jury room, you can and you should talk with each other about the case.

Each juror must act upon his own judgment concerning the evidence in this case, but all of you should listen to each other with open minds. Each of you should consider whether your views are fair and reasonable and try your best to decide the questions you have been given according to my instructions.

You should not hesitate to change an opinion if you are convinced that it is wrong. However, you should not agree to decide any question in a particular way just because some of the jurors, even a majority, favor such a decision. No juror should surrender an honest conviction as to the weight or effect of the evidence solely because of the opinion of the other jurors, or for the mere purpose of returning a verdict.

In order to reach a verdict in this case, you must be in agreement.

## JURY INSTRUCTION NO. 46 CONTINUED

You will take my instructions, the exhibits, and verdict forms with you in the jury room. In the jury room, you will select one jury member to be a spokesperson for the jury. This person will preside over your deliberations, will communicate with me on your behalf, if that is necessary, and will complete and sign any verdicts to which you agree.

---

**Alaska Pattern Civil Jury Instruction 2.24 (modified)**

## JURY INSTRUCTION NO. 47

## JUROR NOTES

At the beginning of the trial, I told you that it was for you to decide individually whether or not you wanted to take notes. When you begin your deliberations, you may have your notes with you. Remember that one juror's notes are not necessarily to be given more weight in your deliberations than the memory of another juror who chose to consider the evidence carefully without taking notes. When the case is over your notes will be collected and kept as confidential material in the records of the court.

**Alaska Pattern Civil Jury Instruction 2.25**

## JURY INSTRUCTION NO. 48

## REQUIRED UNANIMITY

Jurors are empanelled for the purpose of reaching a verdict, if they are able, so that there may be an end to the litigation. The object of the jury system in this Court is to secure the unanimous agreement of the jurors by a comparison of the views of and by discussion among the jurors.

In this case, the Verdict Form that you will take with you into the jury room, asks you to decide whether answers to certain questions are more likely than not true. You must unanimously agree on your answer to each of the questions.

---

**Ninth Circuit Model Instruction 4.1 and 4.4 (modified)**

## JURY INSTRUCTION NO. 49

## TIME FOR JURY DELIBERATIONS

When you have agreed upon your verdict, you should have your foreperson date and sign the Verdict Form with the answers agreed upon by you and return it immediately into open court in the presence of the entire jury, together with any exhibits and these instructions.

You should deliberate until at least 4:30 p.m. or 5:00 p.m. each day. If you have not reached a verdict by the end of the day,  you may return to your homes for the night, but you must return to the jury room to continue your deliberations at 9:00 a.m. the following morning. Of course, you may deliberate as late each day as you wish. And, of course, meals will be provided. At the time the jury may be apart, you are admonished that you do not discuss the case or your deliberations with anyone, nor should you allow anyone to discuss the case or your deliberations with you and you should not discuss the case among yourselves until the entire jury has assembled.

---

**Alaska Pattern Civil Jury Instruction 2.28 (modified)**

## JURY INSTRUCTION NO. 50

## INTRODUCTION TO SPECIAL VERDICT FORM

I will give you a form called a "Verdict Form." It has a list of questions you must answer. I have already instructed you on the law you are to use in answering these questions. You must follow my instructions and the form carefully. The special verdict form tells you what to do after each question. You must agree upon an answer to each question.

---

**Alaska Pattern Civil Jury Instruction 3.09 (modified)**