Terry R. Marston, *pro hac vice,* terry@mhf-law.com
Jami K. Elison, *pro hac vice,* jamie@mhf-law.com
MARSTON HEFFERNAN FOREMAN, PLLC
16880 N.E. 79th Street
Redmond, Washington  98052
(425) 861-5700

PAUL J.  NANGLE & ASSOCIATES
Kerry Building
101 Christensen Drive
Anchorage, Alaska  99501
Telephone:  (907) 274-8866

Attorney for Plaintiff ABSOLUTE ENVIRONMENTAL SERVICES, INC.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation,    ) ) ) | Case No.: A03-0199CV (RRB) |
| Plaintiff,    ) ) | |
| vs.    ) ) ) | **PLAINTIFF ABSOLUTE ENVIRONMENTAL SERVICES, INC.'S PROPOSED JURY INSTRUCTION** |
| FORREST J. MCKINLEY, an individual, d/b/a "Imperial Industrial Coatings" and EMERCO, INC., a California Corporation, d/b/a Imperial Industrial Coatings, BRECHAN ENTERPRISES, INC., an Alaska corporation; and SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation.    ) ) ) ) ) ) ) ) ) | |
| Defendants.    | |
| EMERCO, INC., a California corporation d/b/a Imperial Industrial Coatings, and the States for Use and Benefit of EMERCO, INC.,    ) ) ) | |
| Counterclaimant/Third-party Claimant,    ) ) | |
| v.    ) ) ) | |
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska corporation, et al.,    ) ) ) | |
| Cross-defendants/Third-party Defendants.    ) ) ) | |

THE UNITED STATES OF AMERICA *for the use and benefit of* ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, )
)
)
)
)

        Plaintiff, )
vs. )
)
SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation. )
)
)
        Defendants. )
)
)

BRECHAN ENTERPRISES, INC., an Alaska corporation, )
)
)
        Counterclaim Plaintiff, )
vs. )
)
ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, )
)
)
        Counterclaim Defendant. )

BRECHAN ENTERPRISES, INC., an Alaska corporation, )
)
)
        Third-Party Plaintiff, )
vs. )
)
COFFMAN ENGINEERS, INC, a Washington Corporation. )
)
        Third-Party Defendant. )

ABSOLUTE ENVIRONMENTAL SERVICES INC., an Alaska Corporation, )
)
)
        Plaintiff/Cross-claimant, )
vs. )
)
COFFMAN ENGINEERS, INC, a Washington Corporation. )
)
        Third-Party Defendant. )

Pursuant to this Court's Pretrial Order dated August 7, 2006 and D. AK LR 51.1, plaintiff Absolute Environmental Services, Inc. ("Absolute") hereby submits the following jury instructions.

Pursuant to D. AK LR 51.1(f) the following Ninth Circuit Model Jury Instruction are designated by reference:  1.7, 3.1-3.3, 3.5-3.6, 3.9-3.10, 5.1-5.3.

Additionally, the following Alaska Civil Pattern Jury Instructions are designated by reference:  1.7, 2.4-2.5, 3.6-3.7, 17.1-17.2, 20.20A, 20.20B, 23.1, 23.1C, 24.3, 24.9A.

DATED this 22nd day of September, 2006.

MARSTON HEFFERNAN FOREMAN, PLLC


By   s/Terry R. Marston
 Terry R. Marston II, WSBA No. 14440
 Jami K. Elison,   WSBA No. 31007
Attorneys for Plaintiff Absolute Environmental
Service, Inc.

I hereby certify that on the date given a copy of the forgoing was electronically filed with the Clerk of Court using the CM/ECF system and was served electronically on the following:

William R. Baerg, Patrick J. Duffy
Eric J. Brown
Robert J. Dickson
Michael E Kreger, Jacob Nist
James B. Stoetzer, Peter C. Partnow

s/Terry R. Marston            .

1

**ABSOLUTE'S INSTRUCTION NO. 1 (Contract-Definition):**

2

A contract is an oral or written agreement between two or more parties enforceable by

3

law to do or not to do a particular thing. The agreement must be reached by a meeting of the

4

minds of the parties. The agreement can be a written or oral expression, or it can be implied

5

from the conduct of the parties, but it cannot be based on the secret intention or understanding

6

of one party not conveyed to the other. To be enforceable, a contract must be based on a

7

consideration, that is, a promise to do something in exchange for something that is a detriment

8

to the other party or a benefit to the first party. Under the law certain implied obligations apply

9

to contracts.

10

11

12

**American Bar Association Model Jury Instruction Construction Litigation, 1.2**

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**ABSOLUTE'S INSTRUCTION NO. 2 (Superior Knowledge):**

Absolute claims that Brechan breached its contract with Absolute by failing to provide vital information to Absolute that Brechan had obtained about the Cargo Wharf.  Absolute wins on this contract claim if you find that:

(1) Brechan had superior knowledge about site conditions and obstacles to meeting a "holiday-free" acceptance criteria;

(2) At the time it made a bid Absolute did not possess, and Brechan knew that Absolute did not possess, the same information known to Brechan about site and conditions and obstacles to meeting a "holiday-free" acceptance criteria;

(3) Brechan failed to disclose to Absolute its knowledge about site conditions and obstacles to meeting a "holiday-free" acceptance criteria;

(4) Having been misled, or not informed, about the site conditions and obstacles to meeting a "holiday-free" acceptance criteria, Absolute undertook to perform the contract without knowledge of facts that affected the costs of performing the contract.

**ABSOLUTE'S INSTRUCTION NO. 3 (*Spearin* Doctrine—Warranty of Accuracy of the Plans and Specifications):**

If you find that Absolute was bound to build according to plans and specifications that Absolute did not prepare, then the contractor is not responsible for the consequences of defects in the plans and specifications. In the construction industry, the party that presents the plans and specifications to a contractor implicitly warrants that if the contractor complies with the plans and specifications furnished to it, the contractor will not be responsible for loss or damage that results solely from the failure of the plans and specifications to create an acceptable result. The responsibility to provide accurate plans and specifications is not overcome by general clauses in the contract requiring the contractor to visit the site, check the plans, and/or inform himself of the requirements of the work. If you find that Absolute followed the plans and specifications and was not negligent in doing so, and that following the plans and specifications resulted in increased costs to complete the work, then you should find a breach of contract entitling the contractor to additional compensation.

**American Bar Association Model Jury Instruction Construction Litigation, 4.5**

**ABSOLUTE'S INSTRUCTION NO. 4 (No Duty To Inquire Re. Latent Ambiguities):**

Absolute seeks compensation for the additional costs of meeting a "holiday-free" coating standard as required by the specifications for the project. The contractor claims that site conditions and work required was not explicitly specified in the contract.  Brechan claims that the work was required by the contract, or that if there was an ambiguity in whether the work in dispute was required, the question of whether the additional work was required should have been readily apparent to the contractor at the time it submitted its bid, and it had an obligation to notify the owner at that time of the ambiguity in the contract. Because the contractor did not raise this issue at the time it submitted its bid, the owner contends it must perform the additional work at no additional cost.

In making this determination, you should be aware that there are two types of ambiguities in the law: latent and patent. A latent ambiguity is an uncertainty in the contract that is not readily apparent under a reasonable interpretation of the contract. A patent ambiguity is an uncertainty in the contract that should be recognized by a reasonable interpretation of the contractual language at issue, that is, it is self-evident.

A contractor has no duty before submitting its bid to seek clarification of what is known as a latent ambiguity in the contract. If you find that the ambiguity in the contract specifications as to the additional work in dispute was latent, then you should find that Absolute is entitled to the additional cost incurred in performing surface prepration and meeting a "holiday-free" acceptance criteria.  In the case of a latent ambiguity, you may consider, in addition to the contract itself, oral, or "parol," evidence of the intent of the parties.

**American Bar Association Model Jury Instruction Construction Litigation, 2.3**

**ABSOLUTE'S INSTRUCTION NO. 5 (Duty to Investigate Site):**

Absolute seeks compensation for additional costs incurred in performing surface preparating and meeting a "holiday-free" acceptance criteria.  Brechan claims that it is not responsible to pay for the additional work because the contractor should have realized that the additional work was required as a result of its investigation of the site before submitting its bid. A pre-bid site visit is reasonable and required if a reasonably experienced and prudent contractor would do so in similar circumstances or if it was required by the parties' contract. Bidders are expected to use normal powers of observation when conducting site inspections. Generally, however, bidders are not required to conduct independent subsurface investigation, such as removal of existing coating to examine subsurface conditions, unless specifically required by the bidding documents.  If you find that the need for the additional work would have been apparent to the contractor from a reasonably conducted site visit before it submitted its bid to perform the work, then the contractor is not entitled to additional compensation. If, however, you find that a pre-bid site visit was not reasonably required or that the additional work would not have been apparent to the contractor from a reasonable site visit, the contractor is entitled to be compensated for this extra work.

**American Bar Association Model Jury Instruction Construction Litigation, 2.4**

**ABSOLUTE'S INSTRUCTION NO. 6 (Duty to Disclose and Not Hinder Construction):**

In every building or construction contract, there is an an implied duty not to obstruct, hinder, or delay the performance of the contractor or subcontractor. To the contrary, parties must facilitate performance of the work. Parties also have an implied duty to disclose information material to the contractor's performance that is not available from other sources. Under the law, a party breaches a contract when it fails to do something that it has expressly or implicitly undertaken to facilitate the other party's performance.

**American Bar Association Model Jury Instruction Construction Litigation, 4.4**

**ABSOLUTE'S INSTRUCTION NO. 7 (Quasi-Contract, Quantum Meruit):**

Even if you find that no implied, express, written, or oral contract existed between the parties with respect to certain portions of the work performed at the Kodiak project, you may still find that Absolute is entitled to recover the costs of the labor and materials provided in the construction project under the theory of quasi-contract. Quasi-contract prevents the injustice of one party's retaining the benefit of another's labor or materials without paying for the benefit. For you to find that Absolute is entitled to the reasonable value of its work under the theory of quasi-contract, you must find that (1) Absolute conferred a benefit directly on defendant; (2) defendant knew it received, and retained, the benefit; and (3) defendant's retention of the benefit would be unjust without compensating plaintiff. If you find that Absolute has proved these elements by a preponderance of the evidence, you must find for Absolute under a theory of quasi-contract and award plaintiff damages in an amount equivalent to the benefit retained by defendant.

**American Bar Association Model Jury Instruction Construction Litigation, 7.6**

**ABSOLUTE'S INSTRUCTION NO. 8 (Fraud/Misrepresentation):**

Absolute claims that Brechan and Coffman committed fraud. Fraud is a false representation of fact, whether by words, conduct, or concealment, which misleads and is intended to mislead another so that the recipient relies on the false representation to its injury. To recover on its fraud claim against defendant, plaintiff must prove by clear and convincing evidence that (1) defendant knowingly concealed facts that it had a duty to disclose; (2) the concealment of facts was material to the transaction; (3) the concealment of facts was made with the intent of misleading plaintiff; (4) plaintiff was justified in relying on the concealment and did, in fact, so rely; (5) plaintiff was injured; and (6) the injury was proximately caused by its reliance on defendant's concealment.

For Absolute to recover for fraud, defendants' knowing concealment must be material; that is, it must be important to, or have influence on, the transaction at issue in this case. A representation is false when it is not substantially true. The truth or falsity of a representation depends on the natural and obvious meanings of the words taking into consideration all the surrounding circumstances. A person intends to mislead another to rely on a representation when it is his or her purpose to mislead. A person's intent is known only to himself or herself unless it is expressed to others or is indicated by conduct. Intent is determined from the way in which the representation is made, the means used, and all the facts and circumstances in evidence. Plaintiff is justified in relying on defendant's representations if a person of ordinary care would rely on such representations under the same or similar circumstances. If you find that plaintiff proved all six elements of fraud by clear and convincing evidence, you must enter a verdict for plaintiff and you must consider damages under the following sections. If you find

that the above elements have not been proved by clear and convincing evidence, you must enter a verdict for defendant on the fraud claim.

**American Bar Association Model Jury Instruction Construction Litigation, 7.9**

**ABSOLUTE'S INSTRUCTION NO. 9 (Negligent Misrepresentation):**

Absolute has alleged that Brechan and Coffman either intentionally or negligently misrepresented certain facts pertaining to the Cargo Wharf Project and that plaintiff was injured as a result of negligent misrepresentation. Negligent misrepresentation occurs when a party, in the course of its business or profession, or in any other transaction in which it has a pecuniary interest, supplies false information for the guidance of others in their business transactions.  If you find by a preponderance of the evidence that (1) defendant negligently misrepresented facts to plaintiff; (2) plaintiff suffered a loss by justifiable reliance on the misrepresented facts; and (3) defendant failed to exercise reasonable care in obtaining or communicating the information to plaintiff, then you must enter a verdict for plaintiff on the negligent misrepresentation claim.  If you find that Absolute has not established all these elements by a preponderance of the evidence, you must enter a verdict for defendant on the negligent misrepresentation claims.  If you find for plaintiff on the negligent misrepresentation claim, you may award damages to plaintiff. The damages recoverable for plaintiff's claim of negligent misrepresentation include those incurred as a result of plaintiff's forbearance of other business opportunities, and plaintiff's out-of-pocket costs incurred as a result of justifiable reliance on defendant's misrepresentations.

**American Bar Association Model Jury Instruction Construction Litigation, 7.8**

**ABSOLUTE'S INSTRUCTION NO. 10 (Indemnity):**

Brechan claims that Absolute has a limited obligation to indemnify Brechan for litigation expense that Brechan incurred while defending an action that McKinley/Emerco/Imperial pursued against Brechan. In that action McKinley/Emerco/Imperial alleged it was entitled to relief due to Brechan's misconduct. Indemnity is the right of one person to be compensated for a loss because of the legal consequences of the conduct of another person. This right also applies to one who discharges a duty owed by him or her to one party, but that, as between himself or herself and a third party, actually should have been discharged by that third party. You must determine whether Brechan discharged a duty owed by it that should have been discharged by Absolute. You must further determine whether Brechan is barred from indemnity by the wrongful nature of its own conduct. If you determine that Brechan incurred litigation expenses due to its own conduct or allegations pertaining to its own conduct, then you should find that Brechan has no rights to indemnity for another party.

**American Bar Association Model Jury Instruction Construction Litigation, 7.4**

**ABSOLUTE'S INSTRUCTION NO. 11 (Professional Liability for Engineer):**

To prevail on the negligence claim against Coffman Engineers, Absolute must prove by a preponderance of evidence that (1) the engineer was negligent and (2) the engineer's negligence was a legal cause of damage sustained by Absolute.

Because an engineer, acting in a professional capacity, has superior knowledge and skill as a design professional, an engineer must exercise a greater degree of care consistent with this superior knowledge and skill. Therefore, an engineer is negligent if he or she fails to use the care, skill, ability and diligence ordinarily required of architects in the course of [preparation of plans, site inspection, or construction supervision]. Negligence may consist either in doing something that a reasonably careful architect would not do under like circumstances, or in failing to do something that a reasonably careful architect would do under like circumstances.

Negligence is a legal cause of damage if it directly and in a natural and continuous sequence produces, or contributes substantially to producing, such damage so that it can reasonably be said that, except for the negligence, the loss, injury, or damage would not have occurred. Negligence may be a legal cause of damage even though it operates in combination with the act of another, some natural cause, or some other cause if such other cause occurs at the same time as the negligence and if the negligence contributes substantially to producing such damage.  If you find by a preponderance of the evidence that Coffman was negligent in its design of project specifications and such negligence damaged plaintiff, you must enter a verdict for Absolute and consider damages under the following sections.

**American Bar Association Model Jury Instruction Construction Litigation, 8.3**

**ABSOLUTE'S INSTRUCTION NO. 12 (Obligations of Design Professional):**

Along with the duty of an engineer to use the care, skill, ability, and diligence ordinarily required of engineers, an engineer also has a duty of good faith, a duty of loyalty to the employer, and a duty to disclose errors in design or construction that are so well known within the profession that a design professional should be aware of them. If you find, by a preponderance of the evidence, that Coffman breached any of these duties, and that such a breach was a legal cause of damages to Absolute, you must also consider damages under the following sections.

**American Bar Association Model Jury Instruction Construction Litigation, 8.4**

**ABSOLUTE'S INSTRUCTION NO. 13 (Workmanlike Performance):**

Absolute claims that McKinley/Emerco/Imperial failed to perform construction services in a workmanlike manner. If at the time of contracting there is no express contractual provision concerning workmanship, the law implies a warranty that the contract will be performed in a reasonably good and workmanlike manner and in accordance with good usage and accepted trade practices resulting in a merchantable structure. "Good and workmanlike" means that quality of work performed by one who has the knowledge, training, or experience necessary for the successful practice of a trade or occupation and performed in a manner generally considered proficient by those capable of judging such work. This may also be defined as the degree of care that a skilled contractor would exercise under like or similar circumstances in the community in which the work is done. To establish that the contractor breached this implied warranty, the owner must prove that the contractor's work failed to meet the standard and that this failure was a proximate cause of damages suffered by plaintiff.

**American Bar Association Model Jury Instruction Construction Litigation, 6.12**

**ABSOLUTE'S INSTRUCTION NO. 14 (Agency):**

Absolute In various relationships between parties, the law imposes liability on one party for the acts of another.  An agent is one who is authorized by another to transact business or manage some affair for or on behalf of the principal. Where agency is established, the principal is liable for the acts of the agent committed within the scope of its employment.  An agency relationship can be found in any one of four categories:

(1)   *Apparent authority* means such authority as a reasonably prudent person, using diligence and discretion in view of the defendant's conduct, would naturally and reasonably suppose the agent to possess. Apparent authority also exists when a person knowingly permits the agent to hold himself or herself out as having such authority or by a principal's action that clothes the agent with signs or indications of authority, thus leading a reasonably prudent person to believe that the agent has such authority.Apparent authority can exist without actual authority.

*(2)   Actual authority* of an agent to act on behalf of a principal, may be *express* or *implied.*

(3)   *Express authority means* authority that is given to an agent by words or conduct that expressly or directly authorizes the agent to do an act.

(4)   *Implied authority means* authority to do whatever is proper, usual, and necessary to exercise any authority that has been expressly given.

**American Bar Association Model Jury Instruction Construction Litigation, 7.02**

**ABSOLUTE'S INSTRUCTION NO. 15 (Goods Sold and Delivered):**

McKinley/Emerco/Imperial claims that it sold goods to Absolute.  If you find that there is not a

preponderance of evidence that goods were sold, or if you find that there is not a preponderance

of evidence that the goods were ever owned by the entity claiming to have sold them, or if you

find that there is not a preponderance of evidence to establish reliable pricing for the goods

claimed to be sold, then you should find that the goods were not sold and delivered.

**ABSOLUTE'S INSTRUCTION NO. 16 (Contracts for N12 and N60):**

McKinley/Emerco/Imperial claims that it is entitled to profits for contracts performed by Absolute on projects known as N12 and N60. You will be asked to find whether a contract exists. You must find an offer, acceptance, and consideration for the contract.

**ABSOLUTE'S INSTRUCTION NO. 17 (Compensatory Damages):**

If you find that Absolute has proved by a preponderance of the evidence that defendant or defendants have breached contracts, then you may consider what damages, if any, are due Absolute.  The fact that I give you instructions on damages should not be taken as an indication that I think damages should be, or should not be, awarded. That is a determination that is left entirely to you, the jury. I am instructing you on principles governing damage awards so that, in the event you should find defendant liable, you will know on what basis to consider any award of damages.

The purpose of the law of damages is to award, as far as possible, just and fair compensation for the loss, if any, that resulted from a defendant's violation of a plaintiff's rights. In this case, if you find that defendant or defendants are liable regarding any of Absolute's claims, then you must award sufficient damages to compensate Absolute for any damages proximately caused. These damages are known as compensatory damages. Compensatory damages seek to make the injured party whole, that is, to compensate the party for the damages that it suffered.  Compensatory damages represent a sum of money that will fairly, adequately, and reasonably compensate a party for harm caused by another's conduct. Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize a defendant. Compensatory damages for breach of contract are designed under the law to place the injured party in as good a monetary position as he or she would have enjoyed if performance of the contract had been rendered as promised.


**American Bar Association Model Jury Instruction Construction Litigation, 10.2**

**ABSOLUTE'S INSTRUCTION NO. 18 (Reasonable Estimate):**

In awarding compensatory damages, if you so decide to award them, you must be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, Absolute is not required to prove its damages with mathematical certainty; rather, it need only prove a sufficient basis for estimating the damages with reasonable certainty. The measurement of damages cannot be based on speculation because only actual, or compensatory, damages are recoverable. You must be able, in view of the evidence offered, to arrive with a reasonable degree of certainty at some conclusion about what the plaintiff lost as a result of the breach. Difficulty in ascertaining the amount of damages is not to be confused with the right of recovery. If Absolute has produced the best evidence available and if it is sufficient to support a reasonable basis for estimating Absolute's loss, Absolute is not to be denied recovery because the amount of the damages is incapable of exact ascertainment. In all instances, you are to use sound discretion in fixing an award of damages, if any, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence.

**American Bar Association Model Jury Instruction Construction Litigation, 10.3**

**ABSOLUTE'S INSTRUCTION NO. 19 (Causation and Foreseeability):**

Recovery in any contract action requires the plaintiff to prove that the damages are the proximate consequence[s] of the breach and that the damages were reasonably foreseeable at the time the parties entered into the contract.

The proximate consequences of an act or omission are those that follow from the breach in the ordinary course of events. They are the usual consequences that might reasonably have been expected. This is in distinction to remote consequences, which are the unusual and unexpected result, not reasonably to be anticipated from an accidental combination of circumstances or a result over which the defendant had no control. Stated another way, a proximate cause is a "but for" circumstance where the breach is a substantial factor in bringing about the damage.

The plaintiff is required to prove that its damages, if any, were foreseeable to the defendant at the time the parties entered into the contract. This does not mean that the defendant must actually have foreseen the particular loss or damage suffered by the plaintiff. All that is required is that the plaintiff prove by a preponderance of the evidence that a reasonable person in the position of the defendant would have foreseen the harm as a probable result of the breach. Damages are foreseeable if they either follow from the breach in the ordinary course of events or follow from the breach as a result of circumstances that the party in breach had reason to know.  Damages are not recoverable for losses that [the party in breach] did not have reason to foresee as a probable result of the breach when the contract was made. In establishing proximate causation, plaintiff must segregate any of its damages caused by defendant from those damages caused by third parties or by itself or through no one's fault. If you find that plaintiff has failed to prove what portion of its damages, if any, were proximately

1    caused by defendant, then you may not award plaintiff any damages in this case. Causation and

2    foreseeability must be proved by a preponderance of evidence.

4    **American Bar Association Model Jury Instruction Construction Litigation, 10.4**

**ABSOLUTE'S INSTRUCTION NO. 20 (Total-Cost Theory of Recovery):**

In a construction case such as the one before you, a plaintiff who seeks recovery from a defendant must link, or tie, its damages to specific breaches of contract and it must prove its damages with a reasonable degree of certainty. The contractor may be permitted to calculate its damages under what is known as a total-cost theory. To recover any sums under the total-cost theory of damages, the contractor must prove by a preponderance of the evidence each of the following: (1) that the nature of the particular losses it suffered makes it impossible to attach a dollar figure to determine them with a reasonable degree of certainty; (2) that the contractor's bid for the contract was both a realistic and accurate bid when made; (3) that the contractor's actual costs spent on the project were reasonable under the circumstances; and (4) that the contractor was not responsible for its additional costs to complete the job because of its own delays and mismanagement. If the contractor fails to prove any one of these elements by a preponderance of the evidence, then you may not award the contractor damages. If the contractor has proved these elements, then you may award damages calculated by the difference between the contractor's actual costs on the project, plus a reasonable amount for overhead and profit, less what it has been paid so far on the contract.

**American Bar Association Model Jury Instruction Construction Litigation, 10.7**

**ABSOLUTE'S INSTRUCTION NO. 21 (Lost Profit):**

In this case, plaintiff Absolute claims that defendant Brechan breached the contract between them. Plaintiff, in part, seeks the profits that it would have received under the contract as damages.  You may award damages based on anticipated profits if plaintiff can show with reasonable certainty the amount of profits plaintiff would have received if the contract had been performed to completion by both parties. Lost profits are recoverable when (1) they are within the contemplation of the parties at the time the contract was made, that is, that it is reasonably probable that profits would have been earned except for the breach; (2) they are the proximate result of defendant's breach; and (3) the amount of loss can be proved with reasonable certainty. Plaintiff must produce evidence sufficient to afford a reasonable basis for estimating its loss. Damages for profits that are unsatisfactorily proved, remote, or speculative cannot be recovered.

**American Bar Association Model Jury Instruction Construction Litigation, 10.8**

**ABSOLUTE'S INSTRUCTION NO. 22 (Interest):**

If you find that defendants breached his or her obligation to pay plaintiff Absolute a certain definite sum of money under the contract, then you may award plaintiff interest from the date that the payment should have been made.

**American Bar Association Model Jury Instruction Construction Litigation, 10.11**