Terry R. Marston, *pro hac vice*, terry@mhf-law.com
Jami K. Elison, *pro hac vice*, jamie@mhf-law.com
Jesse P. Elison, *pro hac vice*, jessee@mhf-law.com
MARSTON HEFFERNAN FOREMAN, PLLC
16880 N.E. 79th Street
Redmond, Washington 98052
(425) 861-5700

PAUL J. NANGLE & ASSOCIATES
Kerry Building
101 Christensen Drive
Anchorage, Alaska 99501
Telephone: (907) 274-8866

Attorney for Plaintiff ABSOLUTE ENVIRONMENTAL SERVICES, INC.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation,<br><br>Plaintiff,<br>vs.<br><br>FORREST J. MCKINLEY, an individual, d/b/a "Imperial Industrial Coatings" and EMERCO, INC., a California Corporation, d/b/a Imperial Industrial Coatings, BRECHAN ENTERPRISES, INC., an Alaska corporation; and SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation.<br><br>Defendants. | Case No.: A03-0199CV (RRB)<br><br>**ABSOLUTE'S OPPOSITION TO BRECHAN'S MOTION IN LIMINE TO RESTRICT DAVID OLSON'S TESTIMONY** |
| EMERCO, INC., a California corporation d/b/a Imperial Industrial Coatings, and the States for Use and Benefit of EMERCO, INC.,<br><br>Counterclaimant/Third-party Claimant,<br><br>v.<br><br>ABSOLUTE ENVIRONMENTAL SERVICES INC., an Alaska corporation, et al.,<br><br>Cross-defendants/Third-party Defendants. | |

|   |   |
|---|---|
| THE UNITED STATES OF AMERICA *for the use and benefit of* ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, | )<br>)<br>)<br>)<br>) |
| Plaintiff,<br>vs. | )<br>)<br>) |
| SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation. | )<br>)<br>) |
| Defendants. | )<br>) |
| BRECHAN ENTERPRISES, INC., an Alaska corporation, | )<br>)<br>) |
| Counterclaim Plaintiff,<br>vs. | )<br>)<br>) |
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, | )<br>)<br>) |
| Counterclaim Defendant. | ) |
| BRECHAN ENTERPRISES, INC., an Alaska corporation, | )<br>)<br>) |
| Third-Party Plaintiff,<br>vs. | )<br>)<br>) |
| COFFMAN ENGINEERS, INC, a Washington Corporation. | )<br>)<br>) |
| Third-Party Defendant. | )<br>) |
| ABSOLUTE ENVIRONMENTAL SERVICES INC., an Alaska Corporation, | )<br>)<br>) |
| Plaintiff/Cross-claimant,<br>vs. | )<br>)<br>) |
| COFFMAN ENGINEERS, INC, a Washington Corporation. | )<br>)<br>) |
| Third-Party Defendant. | )<br>) |

ABSOLUTE'S OPPOSITION TO BRECHAN'S MOTION IN LIMINE TO RESTRICT DAVID OLSON'S TESTIMONY
Case No. A03-0199CV (RRB)-- 2

# I. RELIEF REQUESTED

Plaintiff Absolute Environmental Services, Inc. ("AESI") requests this Court deny Brechan's Motion in Limine Regarding David Olson's Testimony.

# II. OPPOSITION

BEI has moved for an order in limine to artificially and improperly restrict the scope of David Olson's testimony to two issues: (1) the negotiation of contracts with Imperial and Brechan and (2) the performance of the work by Imperial and Absolute.[1]

### A. No Precedent Exists for Personalized General Orders to Comply with the Rules of Evidence

Brechan argues first that Mr. Olson should be precluded from presenting any testimony that is based on hearsay (FRE 802) or that is not based on personal knowledge (FRE 602). Entering an order simply requiring one particular witness to comply with evidence rules is unprecedented and unnecessary. These evidence rules, as *rules*, already require compliance – from all witnesses, not merely Mr. Olson. (Consider the implications if the Court were to Rule otherwise.) Therefore, this first aspect of Brechan's motion is pointless and should be denied.

### B. Brechan Presents No Evidence To Support its Claim that David Olson Possesses No Relevant Personal Knowledge Beyond Issues of Contract Formation and Performance

Next, Brechan claims that Mr. Olson has no personal knowledge of facts relevant to this case other than those pertaining to the formation of contracts with BEI and IIC and the performance of work in Phase II by Imperial and Absolute. First, Brechan's claim is not true.[2]

---

[1] The categories Brechan would like to limit Mr. Olson's testimony to are in any event far too vaguely worded to provide a useable tool with for the Court to determine what would be permitted and what would not (rendering enforcement a problem).

[2] David Olson possesses knowledge of facts regarding a far greater number of relevant issues then Brechan has acknowledged to the Court (e.g. types of costs incurred, amount of expenses paid, the familiarity his company had

And, as important, Brechan does not support its preposterous claim with citations to any supporting evidence. Without supporting evidence, this court is being asked (once again) to "make a ruling in a vacuum" – a practice the law does not permit.[3] If Brechan believes that Mr. Olson, or if any party believes that any witness, intends to testify regarding a subject without a proper evidentiary foundation, the available normal remedies include *specific, supported* pretrial motions in limine, foundation objections during the trial; and, when necessary, *voir dire* of the witness on the foundation for the testimony requested.

### C. Accusations by Brechan & Coffman of an Ulterior "Motive" for Absolute's Suing Them

Brechan and Coffman openly declare their intention to argue and prove that they are *victims*, that they are being sued solely for their "deep pockets." *See* e.g. Coffman's Motions in Limine (Docket No. 326) p. 7. They claim Absolute sued them only after allegedly "learning"

---

with coatings contracting at the outset of this project; payment disagreements with Brechan; losses his company suffered on the project; completion of the work; inspections; when his Miller Act suit was filed relative to when the work was completed; when AESI received its final payment; the length of time and the number of previous contracts AESI had successfully performed for Brechan; the number of contracts that Brechan hired him to perform following this project; courses of conduct that had developed between Brechan and Absolute during earlier projects; his knowledge gained from research after Imperial's abandonment that Emerco, Inc. had not filed with the State of Alaska as a foreign corporation doing business here until long after Phase II had begun; his knowledge that he was never told about Emerco and never consented to act as its registered agent; his knowledge of conversations he had with Brechan employees; how he came to learn that he had been defrauded by Brechan, and then learned of Coffman's involvement, and then learned of the role played by FD&CC's "Alpha-Team"; the allegations of Emerco, that it sold materials and equipment to him; the fact that Tom Puett has testified inconsistently under oath at different times in different forums regarding whether the "Purchase Orders" Emerco submits in support of the value of the equipment and materials allegedly sold to Absolute were actual purchase orders or, instead, merely a form of inventory tracking paperwork and not a purchase order at all). In Support of these assertions, AESI incorporates by reference the four deposition transcripts of David E. Olson (one in his capacity as a 30(b)(6) designee) already identified as exhibits to this trial and submitted as evidence.

[3] *See* F.R.Civ.P. 56(e). A more appropriate motion would be one that challenged whether a witness possessed testimonial knowledge about distinct issues (the rifle, rather than the shotgun, approach). The witness would then be put on fair notice of a particular target it was being asked to defend, rather than all *possible* topics. The shotgun approach is unfair because it invites a party opposing such a motion to attempt to provide an encyclopedic recital of all facts for which the witness has testimonial capacity. The penalty for an unwitting omission of one or more facts would be the possible exclusion otherwise admissible testimony when the moving party "limits" its motion in reply to exclude testimony regarding all facts except those supported in the witness's opposing declaration.

ABSOLUTE'S OPPOSITION TO BRECHAN'S MOTION IN LIMINE TO RESTRICT DAVID
OLSON'S TESTIMONY
Case No. A03-0199CV (RRB)-- 4

that McKinley and Emerco were judgment-proof. In other words, Brechan and Coffman have chosen to make Absolute's *motives* an issue at trial. This challenge to Absolute's motives makes the documents relied upon by Mr. Olson, the information within them, and the conclusions he drew from that information all admissible probative of his actual state of mind (his motives) for bringing and maintaining the suits against Brechan and Coffman. *See* F.R. Evidence 803(3).

### D.     Hearsay Exceptions; Availability of Declarant Immaterial

For the overwhelming majority of records discovered by Mr. Olson, or placed before Mr. Olson to solicit testimony during 4 days of deposition, there is a recognized exception to the hearsay rule. Records of regularly conducted business activity are not inadmissible and shall not be precluded based upon a witnesses lack of personal knowledge of the events recorded in those records. Federal Evidence Rule 803(6) lists records not excluded by the hearsay rule.

RULE 803. HEARSAY EXCEPTIONS; AVAILABILITY OF DECLARANT IMMATERIAL.

> (6) Records of Regularly Conducted Activity. A memorandum, report, record, or data compilation, in any form, or acts, event, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, or by certification that complies with Rule 902(11), Rule 902(12), or a statute permitting certification, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term "business" as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

### D.     Documents produced in Discovery by Opponent are Deemed Authentic

"Documents produced by a party in discovery were deemed authentic when offered by the party-opponent." *Orr v. Bank of America*, 285 F.3d 764, 777 n.20 (9th Cir. 2002) (citing *Maljack Prods., Inc. v. GoodTimes Home Video Corp.*, 81 F.3d 881, 889 n.12 (9th Cir. 1996). *See also*

*Texas Technical Institute, Inc. v. Silicon Valley, Inc.* Slip Copy 2006 WL 237027 (S.E. Tex 2006) (because party offered no evidence that the documents its produced were not authentic, the court treated them as admissible); *In re Homestore.com, Inc. Securities Litigation*, 347 F. Supp 2d 769, 781 (C.D. Cal. 2004) (emails written by a party are admissions of a party opponent and are admissible against that party; *also citing Orr v. Bank of America*); *Perfect 10, Inc. v. Cybernet Ventures, Inc.*, 213 F.Supp 2d 1146, 1154 (C.D. Cal 2002) (discovery documents deemed authentic). To the extent that Brechan's motion seeks to preclude Dave Olson from introducing as evidence, without substituting his own testimony for a document's contents, authentic documents that are otherwise relevant and therefore admissible, the motion is without legal support, and must be denied.

### III. CONCLUSION

For each of the foregoing reasons, Absolute respectfully requests that this Court deny the motion of Brechan Enterprises to issue an order restricting the testimony of David Olson to facts within the topics of contract formation and performance.

DATED this _____ day of September, 2006.

MARSTON HEFFERNAN FOREMAN, PLLC

By _s/Jami K. Elison_____
  Terry R. Marston II, WSBA No. 14440
  Jami K. Elison,   WSBA No. 31007
  Jesse P. Elison, WSBA No. 36914
Attorneys for Plaintiff Absolute Environmental
Service, Inc.

I hereby certify that on the date given a copy of the forgoing was electronically filed with the Clerk of Court using the CM/ECF system and was served electronically on the following:

William R. Baerg, Patrick J. Duffy
Eric J. Brown
Robert J. Dickson
Michael E Kreger, Jacob Nist
James B. Stoetzer, Peter C. Partnow

s/Jami K. Elison