Michael E. Kreger
Perkins Coie LLP
1029 W. Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561
(907) 276-3108 (Facsimile)
mkreger@perkinscoie.com

Attorneys for Defendants Brechan Enterprises, Inc.
and Safeco Insurance Company of America

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., et al.,<br><br>Plaintiffs,<br>v.<br><br>FORREST J. MCKINLEY, et al.,<br><br>Defendants. | Case No. 3:03-cv-0199-rrb |

**BRECHAN ENTERPRISES, INC. AND SAFECO INSURANCE COMPANY OF AMERICA, INC.'S RESPONSES TO OBJECTIONS OF IMPERIAL INDUSTRIAL COATINGS AND OBJECTIONS TO DEPOSITION COUNTER-DESIGNATIONS OF IMPERIAL INDUSTRIAL COATINGS**

Brechan Enterprises, Inc. ("Brechan") and Safeco Insurance Company of America, Inc. ("Safeco"), submit the following responses to the evidentiary objections of Forrest J. McKinley and Emerco Inc. (collectively "Imperial").

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

ABSOLUTE v. McKINLEY, et al.
Case No. 3:03-cv-0199-rrb                - 1 -                [38599-0012/AA062630.006]

I.  **DEPOSITION OF DAVID ROHNER**

   A.  **Responses to Objections.**

Page 75, Line 13 to Page 7, Line 13 – Imperial interposed a foundation objection. The applicable question addresses the impact of the tides on performing work on the Kodiak cargo wharf. Mr. Rohner testified that he was present at the site and was performing work on the Kodiak cargo wharf. He therefore has sufficient foundation to testify to how the tides impacted the work. Imperial's objection should be overruled.

   B.  **Objections to Counter-designations.**

Page 123, Line 9 to Page 123, Line 17 – This testimony is objected to as calling for speculation.

Page 124, Line 4 to Page 123, Line 7 – This testimony is objected to as asked and answered.

Page 131, Line 22 to Page 132, Line 25 – This testimony is objected to as hearsay.

II. **DEPOSITION OF CHARLIE MATHIAS**

   A.  **Responses to Objections.**

Not applicable.

   B.  **Objections to Counter-designations.**

Page 36, Line 15 to Page 36, Line 18 – The designated lines consist of Imperial's question without any response and is objected to on that basis.

Page 43, Line 21 to Page 43, Line 24 – This testimony is objected to as hearsay.

III. **DEPOSITION OF PAUL PEDERSON**

   A.  **Responses to Objections.**

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

Page 53, Line 14 – Imperial interposed a leading objection. Mr. Pederson is identified with parties adverse to Brechan and Safeco in this action (Imperial and Absolute). Imperial's objection should be overruled.

Page 60, Line 5 – Imperial interposed a leading objection. A leading question is one which suggests the answer. The question does not. Furthermore, Mr. Pederson is identified with parties adverse to Brechan and Safeco in this action (Imperial and Absolute). Imperial's objection should be overruled.

Page 62, Line 25 – Imperial interposed a foundation objection. The question related to Mr. Pederson's understanding of the correct way to repair holidays. Mr. Pederson testified that he was working on the project and observed and participated in the repair of holidays. Imperial's objection should be overruled.

Page 64, Line 20 – Imperial interposed a hearsay objection. The declarant was an employee of Imperial and, therefore, the statement is an admission. Imperial's objection should be overruled.

Page 68, Line 2 – Imperial interposed a hearsay objection. The declarant was an employee of Imperial and, therefore, the statement is an admission. Imperial's objection should be overruled.

Page 72, Line 20 – Imperial interposed a leading objection. A leading question is one which suggests the answer. The question does not. Furthermore, Mr. Pederson is identified with parties adverse to Brechan and Safeco in this action (Imperial and Absolute). Imperial's objection should be overruled.

Page 77, Line 17 – Imperial interposed a leading objection. A leading question is one which suggests the answer. The question does not and instead asks if the lawyer properly understood Mr. Pederson's previous testimony. Furthermore, Mr.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

Pederson is identified with parties adverse to Brechan and Safeco in this action (Imperial and Absolute). Imperial's objection should be overruled.

<u>Page 82, Line 24</u> – Imperial interposed a hearsay objection. The declarant was an employee of Imperial and, therefore, the statement is an admission. Imperial's objection should be overruled.

<u>Page 87, Line 7</u> – Imperial interposed a hearsay objection. The declarant was an employee of Imperial and, therefore, the statement is an admission. Imperial's objection should be overruled.

      B.      Objections to Counter-designation.

None.

IV.      **DEPOSITION OF JASON TENDERELLA**

      A.      Responses to Objections.

Not applicable.

      B.      Objections to Counter-designation.

None.

V.      **DEPOSITION OF DAN YELL**

      A.      Responses to Objections.

Not applicable.

      B.      Objections to Counter-designation.

None.

VI.      **DEPOSITION OF SKIP VERNON**

      A.      Responses to Objections.

Not applicable.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

      **B.**    **Objections to Counter-designation.**

None.

**VII.**    **DEPOSITION OF JOSH BELVILLE**

      **A.**    **Responses to Objections.**

<u>Page 42, Lines 1-4 and Lines 19-22</u> – Imperial interposed vagueness objections. The questions asked if Mr. Belville had reviewed the applicable standards for the coating job Imperial had undertaken. These are not vague questions and Imperial's objection should be overruled.

<u>Page 44, Lines 6-9</u> – Imperial interposed an argumentative objection. The question asked if Mr. Belville had read a specific standard related to coating work. This is not argumentative and Imperial's objection should be overruled.

<u>Page 45, Lines 20-22</u> – Imperial interposed an asked and answered objection. Mr. Belville had not previously answered when he reviewed applicable standards for the project. Imperial's objection should be overruled.

<u>Page 46, Lines 14, 17-18 and 22-23</u> – Imperial interposed vagueness and argumentative objections. The questions asked whether Mr. Belville had actually read the project specifications and Mr. Belville admitted that he did not remember doing so. These questions are neither argumentative or vague and Imperial's objection should be overruled.

      **B.**    **Objections to Counter-designation.**

None.

**VIII.**    **DEPOSITION OF MICHAEL ANDERSON**

      **A.**    **Responses to Objections.**

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

ABSOLUTE v. McKINLEY, et al.
Case No. 3:03-cv-0199-rrb      - 5 -      [38599-0012/AA062630.006]

Not applicable.

      B.     **Objections to Counter-designations.**

<u>Page 142, Line 12 to Page 143, Line 6</u> – This testimony is objected to as irrelevant. Mr. Anderson's testimony concerns resolution of a contractual dispute in Phase I of the Project between Brechan and a prior contractor. The terms of settlement are irrelevant and the objection should be sustained.

<u>Page 25, Lines 7-16</u> – This testimony is objected to as hearsay and the objection should be sustained.

## IX.    DEPOSITION OF MARK SCHILLING

      A.     **Responses to Objections.**

Not applicable.

      B.     **Objections to Counter-designations**

None.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

**ABSOLUTE v. McKINLEY, et al.**
Case No. 3:03-cv-0199-rrb     - 6 -     [38599-0012/AA062630.006]

DATED at Anchorage, Alaska on September 25, 2006.

**PERKINS COIE LLP**
Attorneys for Defendant
Brechan Enterprises, Inc.

By  /s/ Michael E. Kreger
    Michael E. Kreger
    Alaska Bar No. 8311170
    Perkins Coie LLP
    1029 W. Third Avenue, Suite 300
    Anchorage, Alaska  99501
    (907) 279-8561
    (907) 276-3108 (Facsimile)
    Email:  mkreger@perkinscoie.com

I hereby certify that on September 25, 2006, the foregoing was served electronically on Robert J. Dickson, Peter C. Partnow, William R. Baerg, Terry R. Marston II, James B. Stoetzer, and Eric J. Brown.

 /s/ Michael E. Kreger
    Michael E. Kreger

**PERKINS COIE LLP**
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

**ABSOLUTE v. McKINLEY, et al.**
**Case No. 3:03-cv-0199-rrb**  - 7 -  [38599-0012/AA062630.006]