Terry R. Marston, *pro hac vice*, terry@mhf-law.com
Jami K. Elison, *pro hac vice*, jamie@mhf-law.com
Jesse P. Elison, *pro hac vice*, jessee@mhf-law.com
MARSTON HEFFERNAN FOREMAN, PLLC
16880 N.E. 79th Street
Redmond, Washington 98052
(425) 861-5700

PAUL J. NANGLE & ASSOCIATES
Kerry Building
101 Christensen Drive
Anchorage, Alaska 99501
Telephone: (907) 274-8866

Attorney for Plaintiff ABSOLUTE ENVIRONMENTAL SERVICES, INC.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>FORREST J. MCKINLEY, an individual, d/b/a "Imperial Industrial Coatings" and EMERCO, INC., a California Corporation, d/b/a Imperial Industrial Coatings, BRECHAN ENTERPRISES, INC., an Alaska corporation; and SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation.<br><br>Defendants.<br><br>EMERCO, INC., a California corporation d/b/a Imperial Industrial Coatings, and the States for Use and Benefit of EMERCO, INC.,<br><br>Counterclaimant/Third-party Claimant,<br><br>v.<br><br>ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska corporation, et al.,<br><br>Cross-defendants/Third-party Defendants. | Case No.: A03-0199CV (RRB)<br><br>**PLAINTIFF ABSOLUTE'S MOTION FOR PARTIAL RECONSIDERATION OF ORDER No. 339 AS TO DISMISSAL OF BUSINESS DEVASTATION CLAIM** |

PLAINTIFF ABSOLUTE'S MOTION FOR PARTIAL RECONSIDERATION
Case No. A03-0199CV (RRB)-- 1

| | |
|---|---|
| 1 | THE UNITED STATES OF AMERICA *for the use and benefit of* ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, )<br>)<br>)<br>)<br>) |
| 2-3 | |
| 4 | Plaintiff, )<br>vs. ) |
| 5 | |
| 6 | SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation. )<br>)<br>) |
| 7 | Defendants. )<br>) |
| 8 | |
| 9 | BRECHAN ENTERPRISES, INC., an Alaska corporation, )<br>)<br>) |
| 10 | Counterclaim Plaintiff, )<br>vs. ) |
| 11 | |
| 12 | ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, )<br>)<br>) |
| 13 | Counterclaim Defendant. ) |
| 14 | BRECHAN ENTERPRISES, INC., an Alaska corporation, )<br>) |
| 15 | |
| 16 | Third-Party Plaintiff, )<br>vs. ) |
| 17 | COFFMAN ENGINEERS, INC, a Washington Corporation. )<br>)<br>) |
| 18 | Third-Party Defendant. )<br>) |
| 19 | |
| 20 | ABSOLUTE ENVIRONMENTAL SERVICES INC., an Alaska Corporation, )<br>)<br>) |
| 21 | Plaintiff/Cross-claimant, )<br>vs. ) |
| 22 | |
| 23 | COFFMAN ENGINEERS, INC, a Washington Corporation. )<br>)<br>) |
| 24 | Third-Party Defendant. )<br>) |
| 25 | |
| 26 | |

PLAINTIFF ABSOLUTE'S MOTION FOR PARTIAL RECONSIDERATION
Case No. A03-0199CV (RRB)-- 2

## I.   RELIEF REQUESTED & INTRODUCTION

Plaintiff Absolute Environmental Services, Inc. moves for partial reconsideration of this Court's "Order Regarding Pending Motions" (Docket No. 339). This Court granted motions (Docket Nos. 216 and 219) to dismiss Absolute's business devastation claim, holding:

> Because the Court concludes: (1) Absolute's retained experts have <u>not</u> analyzed its claim for business devastation and have not formed any opinion supporting the claim; and (2) Absolute's post-discovery effort to rely on previously unproduced evidence and previously unexpressed opinion is improper. (Order, p.12)
>
> ***
>
> Coffman argues that "[b]ecause Absolute has no competent witness or other evidence from the jury could reasonably determine any business devastation damages, partial summary judgment dismissing Absolute's business devastation claim should be granted." (Order, p.10-11).

Representations made by defense counsel that documents and testimony of Absolute were being expressed for the first time after discovery in a belated effort to substantiate Absolute's business devastation evaluation are false.[1] The complete record of Mr. Olson's deposition testimony plainly refutes the factual claims of defense counsel and shows there is competent evidence upon which a jury could reasonably estimate Absolute's business devastation damages. Under AK LR 59.1[2], this Court should reconsider and vacate its dismissal of business devastation claims.

## II.   AUTHORITY & ARGUMENT

Under FRCP 56, summary judgment must be denied when there are genuine issues of material fact. Coffman and Brechan challenged the quantification of business devastation damages, not the fact of substantial damages. Alaska law addresses this distinction:

> Normally, where the plaintiff has shown <u>actual loss</u> of business profits during a period as a result of defendant's breach of contract, he should not be denied recovery merely because

---

[1] There was no discovery motion pending at the time of the Court's decision and the facts pertaining to Absolute's prior discovery responses were not fairly presented to the Court. Consequently, the Court should not have predicated its decision on such an argument.

[2] N.B. The 5-page limit for this motion has not been exceeded despite the pagination; the first two pages are simply the caption.

> the exact <u>amount</u> of damages cannot be readily ascertained. The rule against recovery of uncertain damages is, therefore, generally directed against uncertainty with respect to the <u>cause</u> of rather than the <u>extent</u> of damages. However, <u>some</u> competent evidence as to the amount of damages must still be introduced.

*Dowling Supply and Equipment, Inc. v. City of Anchorage*, 490 P.2d 907, 909-10 (Alaska 1971) (emphasis added).

> Once <u>the fact of damages</u> [i.e. that they exist] has been proven to a reasonable probability, <u>the amount</u> of such damages, on the other hand, need only be proven to such a degree as to allow the finder of fact to '<u>reasonably estimate the amount</u> to be allowed for [the] item [of damages].'

*Pluid v. B.K.*, 948 P.2d 981, 984 (Alaska 1997) (emphasis added and bracket language added).

> The only remaining question is whether there is a <u>reasonable basis</u> upon which to calculate the extent to which lost opportunity caused lost profits. As we explained in *Williams*, we will not deny recovery unless the <u>best available evidence on damages</u> provides no "possibility of a <u>reasonably proximate estimation</u> of lost fishing profits.

*Johnson v. Alaska Dept. of Fish & Game*, 836 P.2d 896, 910 (Alaska 1991) (emphasis added).

Did Absolute substantiate a genuine issue of material fact as to the "fact" (existence) of damages? Yes. That was never challenged by defendants.

Regarding the amount of Absolute's damages, the parties agree that a business devastation evaluation is best determined by the difference between the value of the company before the harm was inflicted and the value of the company afterward. *See Geolar, Inc. v. Gilbert/Commonwealth Inc. of Michigan*, 874 P.2d 937 (Alaska 1994). Accordingly, the question before the Court was whether Absolute simply provided a reasonable basis for the jury to estimate the likely amount of the loss.

Absolute, consistent with accepted practice, relied on the testimony of the president and sole shareholder of Absolute, David Olson. *See Lightning Lube, Inc. v. Witco Corp*, 4 F.3d 1153, 1175 (3d Cir. 1993). To support the "after" value of his devastated business, Mr. Olson relied

upon the company's balance sheets, Profit & Loss Statements, the decline in his revenues, depletion of operating capital, and, most importantly, the massive debt load of the company, all of which led him to his reasonable conclusion that nobody would pay money for his company when all they would get would be debt.

Defense counsel represented that this argument and evidence was new and that Absolute's Balance Sheets and Profit & Loss Sheets <u>had not been produced prior to the discovery cut-off</u>. That was a false representation to the Court. *See* **Ex. B** to accompanying Elison Decl. Accompanying this motion are deposition excerpts and other supporting documents that demonstrate that Absolute presented its argument and evidence <u>before</u> the discovery cut-off and that defendants conducted extensive time in depositions inquiring into Mr. Olson's statements on these points:

> [By Terry R. Marston, Counsel for Absolute]  On another note, evidently the 2004 P&L and Income Statement had not been prepared when the earlier financial records were provided last November.  We are obtaining them from Ms. Haines and anticipate emailing them to you within a day or two.

Elison Decl. **Ex. A** (February 15, 2006 email to all counsel).
\*\*\*

> Attached is Absolute Environmental Services' recently completed 2004 Balance Sheet and Profit & Loss Sheet (Bates Nos. AES008653-AES008656).

Elison Decl. **Ex. B**. (February 22, 2006 email to all counsel).
\*\*\*

> A.     … Then I'll let you know that I once had bonding capacity of $5 million and I struggle now to get a $40,000 bond …

Elison Decl. **Ex. I**.  (June 9, 2006 Olson Deposition trans.).
\*\*\*

> Q.     How did Absolute's losses on the cargo wharf project impact Absolute's, say future business?
> A.     It devastated it.
> Q.     How?
> A.     By taking all of its working capital away, by impacting its ability to bond jobs, by wiping out its credit lines, by making it unable to pay its bills, by wiping out any

    momentum it had, by making it sell assets, by making it have to borrow money from its sole shareholder to make ends meet to be sitting here today.

Elison Decl. **Ex. C**. (June 9, 2006 Olson Deposition trans.).

Contrary to representations of opposing counsel made in court, these depositions excerpts show that all defense counsel were fully informed of the facts presented by Absolute in Opposition to Defendants' motions well before the close of discovery and that relevant financial documents were provided and in fact inquired about in depositions.[3] It was error for this Court to disregard the testimony of David Olson as to the existence of business devastation (the fact) and also the testimony of expert Donovan Rulien (Docket No. 264) confirming that it was easy to conclude from the facts that Absolute was devastated. The weight to be given to Mr. Olson's testimony and the supporting business records is a question of fact for the jury.

As this Court is aware, David Olson answered on one occasion a question by stating that he did not know the current value of Absolute. *See* Order, p.12 fn37. The explanation for that statement (as an offer of proof would show) is that Mr. Olson knew and testified that his business was devastated, but he did not know how "negative" its net worth was on the date of that deposition.[4]

> When the Court indicates that the Rule 30(b)(6) designee gives a statement or opinion binding on the corporation, this does not mean that said statement is tantamount to a judicial admission. Rather, just as in the deposition of individuals, it is only a statement of the corporate person which, if altered, may be explained and explored through cross-examination as to why the opinion or statement was altered.

*U.S. v. Taylor*, 166 F.R.D. 356, 362 n. 6 (M.D.N.C. 1996).

---

[3] It is true that Absolute ran a to-date Profit-Loss Statement for purposes of the motion. It is equally true that Absolute ran a to-date Statement at the time of trial. However, his does not constitute new theories or new evidence, merely updates. Defense counsel failed to inform the Court that they had in fact received and deposed David Olson about the same financial documents in the earlier form.

[4] After a number of later discussions with legal counsel, Mr. Olson came to understand that once the fair market value of his business dipped below zero dollars, the further "negative" value created by the company's indebtedness would not be legally considered.

David Olson could not provide a reliable valuation of his business as a successful "going concern," but he can readily and reliably testify as to its present worthlessness due to its debt load.[5]  Absolute is financially dead as a result of the losses inflicted by Brechan and Coffman.  Most Courts have permitted the owner or officer of a business to testify to the value of projected profits of the business without qualifying them as an expert.  *See Lightning Lube,* 4 F.3d at 1175.

> [A]s we have recognized previously, '[t]he modern trend favors the admission of [lay] opinion testimony, provided that it is well founded on personal knowledge and susceptible to specific cross-examination.' [citation omitted].  Venuto thus was not required to qualify as an expert to offer opinion testimony concerning Lightning Lube's lost profits.

### III.   CONCLUSION

Mr. Rulien's expert testimony that Absolute had a pre-devastation value of $2.28 million was not challenged.  Testimony from David Olson that Absolute no longer had any market value substantiated by Absolute's financial records and the enormous debt Absolute incurred in order to remain in operation provides a basis upon which a jury could "reasonably estimate" the amount of damages inflicted on Absolute.  Mr. Olson's testimony was admissible, relevant, and met the only standard applicable here – Whether it was sufficient along with Mr. Rulien's "before" testimony to provide a reasonable basis for the jury to establish loss.  This Court should not deny Absolute a right to seek a full remedy for the losses inflicted upon it.

DATED this 25th day of September, 2006.

MARSTON HEFFERNAN FOREMAN, PLLC

By _s/Jami K. Elison_____
   Terry R. Marston II, WSBA No. 14440
   Jami K. Elison,  WSBA No. 31007
   Attorneys for Plaintiff Absolute Environmental Service, Inc.

---

[5] A doctor is necessary to evaluate the state of an individual's health, but, for the most part, even lay people can tell when someone has died.

I hereby certify that on the date given a copy of the forgoing was electronically filed with the Clerk of Court using the CM/ECF system and was served electronically on the following:

William R. Baerg, Patrick J. Duffy
Eric J. Brown
Robert J. Dickson
Michael E Kreger, Jacob Nist
James B. Stoetzer, Peter C. Partnow

s/Jami K. Elison            .