Terry R. Marston, *pro hac vice,* terry@mhf-law.com
Jami K. Elison, *pro hac vice,* jamie@mhf-law.com
Jesse P. Elison, *pro hac vice,* jessee@mhf-law.com
MARSTON HEFFERNAN FOREMAN, PLLC
16880 N.E. 79th Street
Redmond, Washington 98052
(425) 861-5700

PAUL J. NANGLE & ASSOCIATES
Kerry Building
101 Christensen Drive
Anchorage, Alaska 99501
Telephone: (907) 274-8866

Attorney for Plaintiff ABSOLUTE ENVIRONMENTAL SERVICES, INC.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation,<br><br>Plaintiff,<br>vs.<br><br>FORREST J. MCKINLEY, an individual, d/b/a "Imperial Industrial Coatings" and EMERCO, INC., a California Corporation, d/b/a Imperial Industrial Coatings, BRECHAN ENTERPRISES, INC., an Alaska corporation; and SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation.<br><br>Defendants.<br><br>EMERCO, INC., a California corporation d/b/a Imperial Industrial Coatings, and the States for Use and Benefit of EMERCO, INC.,<br><br>Counterclaimant/Third-party Claimant,<br><br>v.<br><br>ABSOLUTE ENVIRONMENTAL SERVICES INC., an Alaska corporation, et al.,<br><br>Cross-defendants/Third-party Defendants. | Case No.: A03-0199CV (RRB)<br><br>**ABSOLUTE'S OPPOSITION TO BRECHAN'S MOTION IN LIMINE TO EXCLUDE EXPERT OPINION TESTIMONY REGARDING BRECHAN'S "LOSS EXPOSURE" DURING PHASE I OF THE CARGO WHARF PROJECT (TASK ORDER 7)** |

| | |
|---|---|
| THE UNITED STATES OF AMERICA *for the use and benefit of* ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, | )<br>)<br>)<br>)<br>) |
| Plaintiff, | ) |
| vs. | )<br>) |
| SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation. | )<br>)<br>) |
| Defendants. | )<br>) |
| BRECHAN ENTERPRISES, INC., an Alaska corporation, | )<br>)<br>) |
| Counterclaim Plaintiff, | ) |
| vs. | )<br>) |
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, | )<br>)<br>) |
| Counterclaim Defendant. | ) |
| BRECHAN ENTERPRISES, INC., an Alaska corporation, | )<br>)<br>) |
| Third-Party Plaintiff, | ) |
| vs. | )<br>) |
| COFFMAN ENGINEERS, INC, a Washington Corporation. | )<br>)<br>) |
| Third-Party Defendant. | )<br>) |
| ABSOLUTE ENVIRONMENTAL SERVICES INC., an Alaska Corporation, | )<br>)<br>) |
| Plaintiff/Cross-claimant, | ) |
| vs. | )<br>) |
| COFFMAN ENGINEERS, INC, a Washington Corporation. | )<br>)<br>) |
| Third-Party Defendant. | )<br>) |

ABSOLUTE'S OPPOSITION TO BRECHAN'S MOTION IN LIMINE TO EXCLUDE EXPERT OPINION TESTIMONY REGARDING BRECHAN'S "LOSS EXPOSURE" DURING PHASE I OF THE CARGO WHARF PROJECT (TASK ORDER 7)
Case No. A03-0199CV (RRB)-- 2

## I. RELIEF REQUESTED

Plaintiff Absolute Environmental Services, Inc. ("AESI") requests this Court deny Brechan's motion in limine regarding Brechan's "Loss Exposure."

## II. OPPOSITION

Brechan presents several contentions as to why evidence regarding "loss exposure" should be excluded. The contentions can be summed up as follows: (1) Brechan argues that Phase I is irrelevant (Brechan's Motion, p.2); (2) Brechan suggests it had no motive to pass a loss onto Absolute (Brechan's Motion, p.3); and (3) Brechan suggests that it solved any financial problem that might have crossed from Phase I to Phase II (Brechan's Motion, p.4-5). Hotly contested factual disputes belie Brechan's contentions. Moreover, each contention fails when tested applicable evidentiary laws and plaintiff's right to present: relevant evidence, circumstantial evidence, evidence of routine business practice, a coherent and comprehensible story, admissions by party-opponent, statement against interest, intrinsic evidence that is inextricably intertwined in the transactions and conduct at issue, character evidence admissible to show motive, opportunity, intent, preparation, plan, knowledge, identity, or the absence of mistake or accident. Accordingly, this Court should deny Brechan's motion in limine based on FRE 402, 404(b), 406, 703, 803(1), 801(d)(2), and 804(3).

[FACTS]

Brechan's second contention is that it had no motive to pass losses onto Absolute and was not subject to a limited budget. That too is demonstrably false. The Coast Guard was a valued customer, a repeat customer, so Brechan had a rational economic motive for engaging in conduct that would otherwise appear counter-intuitive, in short, accepting a contract with a contract price

that would be inadequate to cover performance costs. Therefore, this case is starkly different from the cases where courts exclude evidence pertaining to dealings with other entities:

> Second, the Supreme Court has held that if defendants have no rational economic motive to conspire, their conduct does not give rise to an inference of conspiracy. [] The court is persuaded that the cable companies would have no rational economic motive to conspire against their own interests. If ESPN and TNT programming are as essential as plaintiff purports them to be, it would be contrary to the cable companies' interests to aid these organizations in achieving monopoly power.

*TV Commincations Network, Inc. v. TVCN*, 767 F.Supp. 1062, 1074 (D.Col. 1991) (citation omitted). Here, Brechan paid a rich price to monopolize Coast Guard work and has an established business practice that enables them to recoup losses. Brechan has clear economic motives to accept a contract for a lower price, even if it means hurting its subcontractors because it means preserving its relationship with the goose laying the golden eggs. Brechan's suggestions (which stop short of affirmative perjurious statements) that it was not subject to a budget is contrary to evidence of record. *See* Ex. __ to Elison Decl. Again this Court should reject Brechan's contention.

Brechan's final contention is that it solve any financial problem that might have crossed from Phase I to Phase II. Discussion above has already refuted that contention. Further, if that were the case then there is no rational reason why Brechan would have surreptitiously terminated its contract with the preferred more experience coatings subcontractor that had already mobilized to the site, Swalling. Another federal court considered a similarly implausible proposal, and rejected it in favor of good logic.

> [T]hen one one is prompted to wonder why Lewis, before he had any reason to suspect the fraud he alleges, would be endeavoring to get a cash consideration for the cancellation of Contract 2488, a contract which he contends was so highly profitable and essential to the conduct of his business. In view of Lewis' admission that he made one deliberate misstatement to the defendants in his effort to get cash for canceling said contract, I am inclined to resolve this issue of fact against him.

ABSOLUTE'S OPPOSITION TO BRECHAN'S MOTION IN LIMINE TO EXCLUDE EXPERT
OPINION TESTIMONY REGARDING BRECHAN'S "LOSS EXPOSURE" DURING PHASE I OF THE
CARGO WHARF PROJECT (TASK ORDER 7)
Case No. A03-0199CV (RRB)-- 4

*Lewis v. Southern Mills*, 53 F.Supp. 443, 449 (W.D. North Carolina 1944). Here, this Court should also resolve the issues against Brechan.

Brechan had not solved its financial problems. It had covered up the enormous costs that would be incurred due to the actual condition of site conditions and the obstacles to meeting the required holiday-free acceptance criteria. That problem began on Phase I and crossed over to Phase II. Brechan's handling of loss exposure throughout the project is relevant evidence that should be placed before the jury. It will not require a "trial within a trial" because the evidence of prior acts need not be conclusively established by eyewitnesses and need not be corroborated under FRE 404(b). All the evidence is squarely relevant for Absolute's fraud claims, because:

> [W]here unlawful intent or motive is an essential element of the challenged conduct, the act cannot be analyzed apart from the actor's intent …

*Garcia v. Williams*, 704 F.Supp.984, 997 (N.D. Cal. 1988).

Under any of several legal theories, Absolute must be allowed to present evidence of "loss exposure.

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probably or less probable than it would be without the evidence." FRE 401.

Circumstantial evidence is admissible and, as this Court has already noted, "[e]xistence of a fraudulent intent is a question of fact, often proved by circumstantial evidence." Order Regarding Pending Motions, p.15 (Docket No. 339).

"A statement is not hearsay if--… The statement is offered against a party and is (A) the party's own statement." FRE 801(d)(2).

Under FRE 804(b)(3):

> The following are not excluded by the hearsay rule if the declarant is unavailable as a witness: ... A statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject the declarant to civil or criminal liability, or to render invalid a claim by the declarant against another, that a reasonable person in the declarant's position would not have made the statement unless believing it to be true.

"Evidence of contemporaneous cashing of stolen checks was properly admitted as probative of appellant's intent and knowledge." *United States v. Rosenstein*, 434 F.2d 640, 641 (2nd Cir. 1970) (contemporaneous acts were not charged in the indictment but were properly admitted to show intent).

"Evidence of the habit of a person or of the routine practice of an organization, whether corroborated or not and regardless of the presence of eyewitnesses, is relevant to prove that the conduct of the person or organization on a particular occasion was in conformity with the habit or routine practice." FRE 406.

FRE 404(b) expressly provides that evidence of other acts is admissible to show "motive, opportunity, intent, preparation, plan, knowledge, identify, or absence of mistake or accident." Moreover:

> Evidence is not 'other acts' evidence within the scope of Rule 404(b) if it is inextricably intertwined with the crime charged. [] Evidence is 'inextricably intertwined' if it 'constitutes a part of the transaction that serves as the basis for the criminal charge' or 'was necessary to ... permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime.

*United States v. Williams*, 291 F.3d 1180, 1189 (9th Cir. 2002) (citations omitted).

### III. CONCLUSION

Brechan's business practice of deflecting loss exposure injured, in fact, devastated, Absolute Environmental Services, Inc. Of course Brechan wants to exclude that evidence from

this trial. For the reasons stated above, this Court should deny Brechan's motion to exclude relevant evidence.

DATED this 25th day of September, 2006.

MARSTON HEFFERNAN FOREMAN, PLLC


By s/Jami K. Elison
Terry R. Marston II, WSBA No. 14440
Jami K. Elison,  WSBA No. 31007
Attorneys for Plaintiff Absolute Environmental Service, Inc.

I hereby certify that on the date given a copy of the forgoing was electronically filed with the Clerk of Court using the CM/ECF system and was served electronically on the following:

William R. Baerg, Patrick J. Duffy
Eric J. Brown
Robert J. Dickson
Michael E Kreger, Jacob Nist
James B. Stoetzer, Peter C. Partnow

s/Jami K. Elison