Terry R. Marston, *pro hac vice,* terry@mhf-law.com
Jami K. Elison, *pro hac vice,* jamie@mhf-law.com
Jesse P. Elison, *pro hac vice,* jessee@mhf-law.com
MARSTON HEFFERNAN FOREMAN, PLLC
16880 N.E. 79th Street
Redmond, Washington 98052
(425) 861-5700

PAUL J. NANGLE & ASSOCIATES
Kerry Building
101 Christensen Drive
Anchorage, Alaska 99501
Telephone: (907) 274-8866

Attorney for Plaintiff ABSOLUTE ENVIRONMENTAL SERVICES, INC.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>FORREST J. MCKINLEY, an individual, d/b/a "Imperial Industrial Coatings" and EMERCO, INC., a California Corporation, d/b/a Imperial Industrial Coatings, BRECHAN ENTERPRISES, INC., an Alaska corporation; and SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation.<br><br>Defendants. | Case No.: A03-0199CV (RRB)<br><br>**PLAINTIFF ABSOLUTE'S MOTION FOR LEAVE TO DESIGNATE ADDITIONAL DEPOSITION EXCERPTS** |
| EMERCO, INC., a California corporation d/b/a Imperial Industrial Coatings, and the States for Use and Benefit of EMERCO, INC.,<br><br>Counterclaimant/Third-party Claimant,<br><br>v.<br><br>ABSOLUTE ENVIRONMENTAL SERVICES INC., an Alaska corporation, et al.,<br><br>Cross-defendants/Third-party Defendants. | |

PLAINTIFF ABSOLUTE'S MOTION FOR LEAVE TO DESIGNATE ADDITIONAL DEPOSITION
EXCERPTS
Case No. A03-0199CV (RRB)-- 1

| | |
|---|---|
| 1 | THE UNITED STATES OF AMERICA *for the use and benefit of* ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, )))))) |
| 2 | |
| 3 | |
| 4 | Plaintiff, )) |
| | vs. ) |
| 5 | ) |
| 6 | SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation. ))) |
| 7 | Defendants. )) |
| 8 | |
| 9 | BRECHAN ENTERPRISES, INC., an Alaska corporation, ))) |
| 10 | Counterclaim Plaintiff, )) |
| | vs. ) |
| 11 | ) |
| 12 | ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, ))) |
| 13 | Counterclaim Defendant. ) |
| 14 | BRECHAN ENTERPRISES, INC., an Alaska corporation, )) |
| 15 | ) |
| | Third-Party Plaintiff, ) |
| 16 | vs. ) |
| 17 | COFFMAN ENGINEERS, INC, a Washington Corporation. ))) |
| 18 | ) |
| | Third-Party Defendant. ) |
| 19 | ) |
| | ABSOLUTE ENVIRONMENTAL SERVICES INC., an Alaska Corporation, )) |
| 20 | ) |
| 21 | Plaintiff/Cross-claimant, )) |
| | vs. ) |
| 22 | ) |
| 23 | COFFMAN ENGINEERS, INC, a Washington Corporation. ))) |
| 24 | Third-Party Defendant. )) |
| 25 | |
| 26 | |

PLAINTIFF ABSOLUTE'S MOTION FOR LEAVE TO DESIGNATE ADDITIONAL DEPOSITION EXCERPTS
Case No. A03-0199CV (RRB)-- 2

## I.   RELIEF REQUESTED

Plaintiff Absolute Environmental Services, Inc. ("Absolute") respectfully requests an order of this Court to permit its use of the attached deposition transcript excerpts (**Appendices A, B, and C**) at trial notwithstanding the passage of the cut-off for designation of transcript excerpts.

## II.   FACTS

Absolute requests an order of this Court to permit its use of the attached deposition transcript excerpts at trial. The deposition excerpts are of critical witnesses to this trial, as representatives of the project's owner, the USCG Facilities Design & Construction Center-Pacific ("FDCC"), located in Seattle. We wanted their live testimony because we were not afforded an opportunity to interrogate these witnesses at their depositions regarding key documents containing communications between defendants and the FDCC regarding how they were going to respond to the problem with the proliferation of holidays in welded areas on the Wharf. The documents in question were provided to us late by defendants and also at the depositions of the FDCC personnel.

These witnesses had been subpoenaed to testify live at trial (including the purchase of airline tickets and the booking of overnight hotel reservations for them). The USCG, however, has refused to allow them to testify and threatened Absolute with a motion for sanctions unless the subpoenas were withdrawn. *See* **Exhibit A** to the accompanying Decl. of Terry R. Marston. After concluding that the USCG would likely prevail on a motion to quash, Absolute reluctantly withdrew its subpoenas and seeks now to proceed with the deposition transcript excerpts alone. *See* Marston Decl. **Exhibit B.** This motion should pose no undue hardship to any party because the witnesses whose deposition excerpts are proposed to be used are witnesses who should already have been expected to testify given their being included on Absolute's list of witnesses.

### III. AUTHORITY

The district court has broad discretion in managing litigation and trial preparation materials. See Johnson v. Mammoth Recreactions, Inc., 975 F.2d 604, 607 (9th Cir. 1992). The Coast Guard personnel have knowledge regarding Phase I and Phase II of the Cargo Wharf Project. To ensure a fair trial, this Court should provide leave to Plaintiff to present deposition excerpts of Coast Guard personnel at trial, including excerpts that authenticate documents.

### IV. CONCLUSION

Absolute respectfully requests this Court to grant it leave to use the attached deposition transcript excerpts at trial notwithstanding the passage of the cut-off for designation of transcript excerpt. This motion should pose no undue hardship to any party because the witnesses whose deposition excerpts are proposed to be used are witnesses who should already have been expected to testify given their being included on Absolute's list of witnesses.

DATED this 27th day of September, 2006.

MARSTON HEFFERNAN FOREMAN, PLLC

By ___/s/ Terry R. Marston___
Terry R. Marston II, WSBA No. 14440
Jami K. Elison, WSBA No. 31007
Jesse P. Elison, WSBA No. 36914
Attorneys for Plaintiff Absolute Environmental Service, Inc.

I hereby certify that on the date given a copy of the forgoing were electronically filed with the Clerk of Court using the CM/ECF system and were served electronically on the following:

William R. Baerg, Patrick J. Duffy
Eric J. Brown
Robert J. Dickson
Michael E Kreger, Jacob Nist
James B. Stoetzer, Peter C. Partnow

s/Terry R. Marston_____.