ERIC J. BROWN, ESQ.
JERMAIN DUNNAGAN & OWENS, P.C.
3000 A. Street, Suite 300
Anchorage, Alaska 99503-4097
Telephone: (907) 563-8844
Facsimile: (907) 563-7322 (ebrown@jdolaw.com)

PATRICK J. DUFFY, III, ESQ.
WILLIAM R. BAERG, ESQ.
MONTELEONE & McCRORY, LLP
725 S. Figueroa Street, Suite 3200
Los Angeles, California 90017-5446
Telephone: (213) 612-9900
Facsimile: (213) 612-9930 (baerg@mmlawyers.com)

Attorneys for Defendant Forrest J. McKinley and
Defendant and Counter-Claimant EMERCO, INC.,
dba Imperial Industrial Coatings

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaskan Corporation,<br><br>*Plaintiff,*<br><br>v.<br><br>FORREST J. McKINLEY and "JANE DOE" McKINLEY, and the marital community property composed thereof d/b/a/ "Imperial Industrial Coatings" and EMERCO, INC., a California Corporation d/b/a/ Imperial Industrial Coatings,<br><br>*Defendants.* | CASE NO. A-03-0199 Civil (RRB)<br><br>**OBJECTIONS OF DEFENDANT FORREST J. McKINLEY AND DEFENDANT AND CROSS-CLAIMANT EMERCO, INC., DBA IMPERIAL INDUSTRIAL COATINGS TO DEPOSITION DESIGNATIONS OF LAURA EMERY SUBMITTED BY PLAINTIFF ABSOLUTE ENVIRONMENTAL SERVICES, INC.** |
| EMERCO, INC., a California Corporation d/b/a Imperial Industrial Coatings, and the United States for the Use and Benefit of EMERCO, Inc.,<br><br>*Counter-Claimant/Third Party Claimant,*<br><br>v.<br><br>ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaskan Corporation, et al.,<br><br>*Cross-Defendants/Third Party Defendants.* | |

| | |
|---|---|
| 1 | THE UNITED STATES OF AMERICA for the use ) |
|   | and benefit of ABSOLUTE ENVIRONMENTAL ) |
| 2 | SERVICES, INC., and Alaska corporation, ) |
|   | ) |
| 3 | *Plaintiff,* ) |
|   | ) |
| 4 | v. ) |
|   | ) |
| 5 | SAFECO INSURANCE COMPANY OF ) |
|   | AMERICA, a Washington corporation, ) |
| 6 | ) |
|   | Defendant. ) |
| 7 | ) |
|   | BRECHAN ENTERPRISES, INC., an Alaska ) |
| 8 | corporation, ) |
|   | ) |
| 9 | Counterclaim Plaintiff, ) |
|   | ) |
| 10 | v. ) |
|   | ) |
| 11 | ABSOLUTE ENVIRONMENTAL SERVICES, ) |
|    | INC., an Alaska corporation, ) |
| 12 | ) |
|    | Counterclaim Defendant. ) |
| 13 | ) |
|    | BRECHAN ENTERPRISES, INC., an Alaska ) |
| 14 | corporation, ) |
|    | ) |
| 15 | Third-Party Plaintiff, ) |
|    | ) |
| 16 | v. ) |
|    | ) |
| 17 | COFFMAN ENGINEERS, INC., a Washington ) |
|    | corporation, ) |
| 18 | ) |
|    | Third-Party Defendant. ) |
| 19 | ) |

20

21        TO THIS HONORABLE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS

22 OF RECORD:

23

24        Defendant Forrest McKinley and defendant and counter-claimant Emerco, Inc., dba

25 Imperial Industrial Coatings ("Objecting Parties") objects to the designations of the deposition of

26 Laura Emery submitted by plaintiff Absolute Environmental Services, Inc. ("Absolute").

27

28

As set forth in the attached Exhibit A, Absolute and the Objecting Parties reached a stipulation that Absolute would seek a bifurcation of its "corporate disregard" (a/k/a piercing the corporate veil/alter ego) claim against the Objecting Parties. As a result of this stipulation, the Objecting Parties did not submit objections to the designation of the deposition of Laura Emery.

In the event that the Court does not accept the stipulation, however, then Objecting Parties object to the following designations for the reasons stated herein:

**Page 6, line 10 to page 7, line 20:**

Objection is made to this block of designated testimony pursuant to Federal Rules of Evidence 401 and 402. Other than page 6, line 14 to page 7, line 7, wherein she identifies her employer and how the name of Emerco, Inc. was selected, the remaining block of designated testimony is not relevant to this case.

**Page 7, line 24 to page 8, line 1:**

Objection is made to this block of designated testimony pursuant to Federal Rules of Evidence 401 and 402. This testimony concerns her former employment with an entity who is not a party to this action and it irrelevant.

**Page 8, line 9 to page 8, line 21:**

Objection is made to this block of designated testimony pursuant to Federal Rules of Evidence 401 and 402. This testimony concerns her former employment with an entity who is not a party to this action and is irrelevant.

**Page 17, line 1 to page 53, line 25:**

Objection is made to this block of designated testimony concerning the accounting firm of Gillis & Nathu, among other matters, pursuant to Federal Rules of Evidence 401 (relevance), 402 (irrelevant evidence inadmissible), 403 (prejudice, undue waste of time), 602 (lack of personal knowledge), 603 (statements not under oath), and 802 (hearsay).

Absolute's attorney repeatedly asks the witness to speculate as to what services the accountancy firm was providing, how it maintained its records, what she was told by third parties, and what was contained in the records — notwithstanding the witness' testimony that she did not have knowledge of the matters in question. (For example, "Q. Do they provide bookkeeping services for each of the three corporations? A. I assume they do. I really don't know what they provide. . . ." [Depo. Emery at 20:22-25]), ("You know, I've never looked in one of their binders. I wouldn't know what they are." [Depo. Emery at 31:25 - 32:1]) ***Fed. Rule Evid. 602*** ("A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. . . .")

The block of designated testimony also concerns inquiries into business entities other than those who are parties to this case, and what accounting services were provided by Gillis & Nathu. Accordingly, the testimony is irrelevant and inadmissible. ***Fed. Rule Evid. 401, 402.***

Moreover, much of the block of designated testimony was Absolute's attorney making statements (not under oath) on the record, which are completely irrelevant and not permissible as trial testimony. (See, for example, Depo. Emery at 37:23 to 40:21, 45:8 to 19, 50:19 to 51:12, 52:8 to 25]. ***Fed. Rule Evid. 401, 402, 603.***

Moreover, Absolute clearly made no effort to edit its selection of deposition testimony so as to include only those portions that were actually relevant to this case. Therefore, unless and until Absolute is able to present specific questions and answers that are relevant, not subject to hearsay objections, and which meet the requirements of Federal Rule of Evidence 602 (presenting evidence sufficient to support a finding that the witness has personal knowledge of the matters) then none of the above-referenced testimony should be permitted to be read to the jury.

**Page 58, line 25 to page 236, line 6:**

Objecting Parties object to this voluminous block of deposition testimony pursuant to Federal Rules of Evidence 401 (relevance), 402 (irrelevant evidence inadmissible), 403 (prejudice, undue waste of time), 602 (lack of personal knowledge), 603 (statements not under

1  oath), and 802 (hearsay).

2  Evidently, Absolute claims that every single question and answer, and every argument
3  and statement of counsel, found from page 58 through page 236 of Laura Emery's deposition
4  transcript is relevant and admissible evidence. This is simply not true, and Absolute does not
5  appear to appreciate the significant difference in the type of questions one may properly ask at a
6  deposition and the type of questions one may properly ask at trial.

7  Absolute has made no effort whatsoever to parse this voluminous testimony down to
8  what is at issue in this case. Within these nearly 200 pages of testimony that Absolute believes
9  should be read to the jury at trial, Absolute's lawyer asks such questions as whether Emerco's
10 office has a door, whether Mr. McKinley ever let his daughter use his timeshare in Reno, whether
11 she knows when her dad will retire, and whether her dad's timeshare is located near any skiing
12 facilities! Unfortunately, the list goes on.

13 Absolute's lawyer asks Ms. Emery to speculate as to whether any of her father's
14 businesses makes a profit, she asks about a contract a third party company had with Stater Bros.
15 (a supermarket chain in southern California), whether she knows about California's contractor's
16 license law, and about hypothetical questions based on "facts" he wants her to assume. Not
17 surprisingly, she responds that she does not know the answers to many of his questions, having
18 no basis to know the answer.

19 Absolute's lawyer also asks Ms. Emery about her father's business investments in
20 Mexico, and seems to imply that there is something sinister about having foreign business
21 investments. She is also asked about Mr. McKinley's other personal business and real estate
22 investments. Attempting to introduce this kind of irrelevant evidence is barred by Federal Rule
23 of Evidence 403 in that it's negligible probative value is outweighed by the prejudice Absolute
24 intends it to have, and the unnecessary expenditure of time that its introduction will cause. After
25 reading the transcript designated by Absolute, one rightfully wonders what the vast majority of it
26 has to do with the Cargo Wharf Phase II project.

27 Ms. Emery is asked about statements made by third parties to her, including attorneys and
28 experts. Absolute's lawyer prefaces some of his questions by purporting to "re-cap" what others

have testified, and then asks her what she thinks about that testimony. Obviously, this kind of questioning is improper as it makes the lawyer a hearsay witness. At one point in the deposition, she answers "I don't know" to the lawyer's questions about the purchase of materials. (See, pages 189 to 191).

There appears to be no legitimate purpose for designating this voluminous block of deposition testimony, as it is clear from reading the designated portions that the witness has no personal knowledge of the matters upon which Absolute's counsel questions her. The transcript is replete with admissions by the witness that she would be guessing.

Absolute made no effort to edit its selection of deposition testimony so as to include only those portions that were actually relevant to this case. Therefore, unless and until Absolute is able to present specific questions and answers that are relevant, not subject to hearsay objections, and which satisfy the requirements of Federal Rule of Evidence 602 (presenting evidence sufficient to support a finding that the witness has personal knowledge of the matters) then none of the above-referenced testimony should be permitted to be read to the jury.

DATED: September 28, 2006

MONTELEONE & McCRORY LLP

Attorneys for Emerco, Inc., dba Imperial Industrial Coatings

By _____
PATRICK J. DUFFY III, ESQ.
CSBN 45042
WILLIAM R. BAERG, ESQ.
CSBN 167399
WSBN 23052

## CERTIFICATE OF SERVICE BY ECF

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I certify that on September 28, 2006, a copy of the foregoing was served by ECF on:

Eric J. Brown, ebrown@jdolaw.com
Robert J. Dickson, acgecf@acglaw.com
Patrick J. Duffy, duffy@mmlawyers.com
Jami K. Elison, jamie@mhf-law.com
Michael E. Kreger, mkreger@perkinscoie.com
Terry R. Marston, terry@mhf-law.com
Peter C. Partnow, PartnowP@LanePowell.com
James B. Stoetzer, StoetzerJ@LanePowell.com

and by facsimile on:

Paul J. Nangle
Paul J. Nangle & Associates
101 Christensen Dr.
Anchorage, AK 99501
FAX NO.:    (907) 279-1794

I declare under penalty of perjury under the laws of the United States that the above is true and correct.  Executed on September 28, 2006, at Los Angeles, California.

_____
SALLIE RASPA