ERIC J. BROWN, ESQ.
JERMAIN DUNNAGAN & OWENS, P.C.
3000 A. Street, Suite 300
Anchorage, Alaska 99503-4097
Telephone: (907) 563-8844
Facsimile: (907) 563-7322 (ebrown@jdolaw.com)

PATRICK J. DUFFY, III, ESQ.
WILLIAM R. BAERG, ESQ.
MONTELEONE & McCRORY, LLP
725 S. Figueroa Street, Suite 3200
Los Angeles, California 90017-5446
Telephone: (213) 612-9900
Facsimile: (213) 612-9930 (baerg@mmlawyers.com)

Attorneys for Defendant Forrest J. McKinley and
Defendant and Counter-Claimant EMERCO, INC.,
dba Imperial Industrial Coatings

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaskan Corporation,<br><br>*Plaintiff,*<br><br>v.<br><br>FORREST J. McKINLEY and "JANE DOE" McKINLEY, and the marital community property composed thereof d/b/a/ "Imperial Industrial Coatings" and EMERCO, INC., a California Corporation d/b/a/ Imperial Industrial Coatings,<br><br>*Defendants.* | CASE NO. A-03-0199 Civil (RRB)<br><br>**RESPONSE OF DEFENDANT FORREST J. McKINLEY AND DEFENDANT AND CROSS-CLAIMANT EMERCO, INC., DBA IMPERIAL INDUSTRIAL COATINGS TO BRECHAN ENTERPRISES, INC., AND SAFECO INSURANCE COMPANY OF AMERICA'S OBJECTIONS TO EXHIBITS** |
| EMERCO, INC., a California Corporation d/b/a Imperial Industrial Coatings, and the United States for the Use and Benefit of EMERCO, Inc.,<br><br>*Counter-Claimant/Third Party Claimant,*<br><br>v.<br><br>ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaskan Corporation, et al.,<br><br>*Cross-Defendants/Third Party Defendants.* | |

| | |
|---|---|
| 1<br>2 | THE UNITED STATES OF AMERICA for the use )<br>and benefit of ABSOLUTE ENVIRONMENTAL )<br>SERVICES, INC., and Alaska corporation, ) |
| 3 | *Plaintiff,* ) |
| 4 | v. ) |
| 5<br>6 | SAFECO INSURANCE COMPANY OF )<br>AMERICA, a Washington corporation, ) |
| 7 | Defendant. ) |
| 8 | BRECHAN ENTERPRISES, INC., an Alaska )<br>corporation, ) |
| 9 | Counterclaim Plaintiff, ) |
| 10 | v. ) |
| 11<br>12 | ABSOLUTE ENVIRONMENTAL SERVICES, )<br>INC., an Alaska corporation, ) |
| 13 | Counterclaim Defendant. ) |
| 14 | BRECHAN ENTERPRISES, INC., an Alaska )<br>corporation, ) |
| 15 | Third-Party Plaintiff, ) |
| 16 | v. ) |
| 17<br>18 | COFFMAN ENGINEERS, INC., a Washington )<br>corporation, ) |
| 19 | Third-Party Defendant. ) |

The objections made by Brechan Enterprises, Inc. ("Brechan") and its surety Safeco Insurance Company of America ("Safeco") should more accurately be captioned, "List of Documents Harmful to Brechan and Safeco's Case." Simply because the documents are harmful to the objecting parties' case, however, is not sufficient cause to object. Brechan and Safeco should strive to be more judicious in their assertion of objections. Emerco, Inc., dba Imperial Industrial Coatings ("Imperial") and Forrest J. McKinley ("McKinley") respond to the objections to their exhibits.

**FIRST:** Brechan and Safeco do not have standing to object to any documents

offered by Imperial or McKinley because Imperial is not making any claims against Brechan or Safeco, and no claims are being asserted by Brechan and Safeco against Imperial or McKinley.

**SECOND:** The objections are substantively frivolous and should be overruled as follows:

**Exhibit I-10:** Brechan and Safeco's objections based on Federal Rules of Evidence 402 and 403 are frivolous. The document in question is an e-mail produced by Brechan in discovery and is relevant to establish Brechan and Safeco's liability (and under the rules of a contractor's pass-through claim, the liability of Absolute Environmental Services, Inc.'s ("Absolute")) because it exposes Brechan's prior knowledge of the adverse conditions of the cargo wharf that damages Absolute and Imperial. The objection pursuant to Federal Rule of Evidence 802 that the document is hearsay is equally frivolous. Many documents are necessarily hearsay. However, it is not hearsay if it is a prior statement by a witness or a party admission. This document falls under that category, and is not hearsay. Moreover, most documents fall under a hearsay exception. See Federal Rule of Evidence 803 has over 20 exceptions to the hearsay rule. Here, the document falls under several exceptions including present sense impression, recorded recollection and records of regularly conducted activity.

**Exhibit I-11:** Imperial and McKinley incorporate by this reference the arguments made in response to the objections to Exhibit I-10 as though fully set forth herein.

**Exhibit I-12:** Imperial and McKinley incorporate by this reference the arguments made in response to the objections to Exhibit I-10 as though fully set forth herein.

**Exhibit I-14:** Imperial and McKinley incorporate by this reference the arguments made in response to the objections to Exhibit I-10 as though fully set forth herein.

**Exhibit I-54:** Brechan and Safeco's objections based on Federal Rules of Evidence 402 and 403 are without merit. The document in question is a letter to Tom Puett of Imperial and is relevant to establish Imperial's compliance with the project's scheduling and quality control submittal procedures. The objection pursuant to Federal Rule of Evidence 802 that the document is hearsay is equally frivolous. Many documents are necessarily hearsay. However, it is not hearsay if it is a prior statement by a witness or a party admission. This document falls under that category, and is not hearsay. Moreover, most documents fall under a hearsay exception. See Federal Rule of Evidence 803 has over 20 exceptions to the hearsay rule. Here, the document falls under several exceptions including present sense impression, recorded recollection and records of regularly conducted activity. Brechan and Safeco should wait until and unless the document is offered into evidence so it will understand its proper context.

**Exhibit I-90:** This document is a report commissioned by Coffman Engineers, Inc., a party to this action during the project which report verified the fact that Imperial had encountered a differing site condition. Notwithstanding their knowledge, Coffman continued to deny the claims of Imperial. The objection pursuant to Federal Rule of Evidence 802 that the document is hearsay is frivolous. Many documents are necessarily hearsay. However, it is not hearsay if it is a prior statement by a witness or a party admission. This document falls under that category, and is not hearsay. Moreover, most documents fall under a hearsay exception. See Federal Rule of Evidence 803 has over 20 exceptions to the hearsay rule. Here, the document falls under several exceptions including present sense impression, recorded recollection and records of regularly conducted activity. The document is also a tool of impeachment. Brechan and Safeco should wait until and unless the document is offered into evidence

so it will understand its proper context.

**Exhibit I-97:** Brechan and Safeco's objections based on Federal Rules of Evidence 402 and 403 are without merit. The document in question is a letter from Tom Puett of Imperial and is relevant to establish Imperial's compliance with the notice requirements to make a claim on a federal project relating to a differing site condition. The objection pursuant to Federal Rule of Evidence 802 that the document is hearsay is equally frivolous. The document is a fact of independent significance. Many documents are necessarily hearsay. However, it is not hearsay if it is a prior statement by a witness or a party admission. This document falls under that category, and is not hearsay. Moreover, most documents fall under a hearsay exception. See Federal Rule of Evidence 803 has over 20 exceptions to the hearsay rule. Here, the document falls under several exceptions including present sense impression, recorded recollection and records of regularly conducted activity. Brechan and Safeco should wait until and unless the document is offered into evidence so it will understand its proper context.

**Exhibit I-145:** Brechan and Safeco's objections based on Federal Rules of Evidence 402 and 403 are without merit. The document in question is an e-mail recording the fact that Imperial discovered a differing site condition and were demanding compensation, and contains statements attributable to a party in the case which that party may be asked about. The objection pursuant to Federal Rule of Evidence 802 that the document is hearsay is equally frivolous. Many documents are necessarily hearsay. However, it is not hearsay if it is a prior statement by a witness or a party admission. This document falls under that category, and is not hearsay. Moreover, most documents fall under a hearsay exception. See

|   |   |
|---|---|
|   | Federal Rule of Evidence 803 has over 20 exceptions to the hearsay rule. Here, the document falls under several exceptions including present sense impression, recorded recollection and records of regularly conducted activity. Brechan and Safeco should wait until and unless the document is |
| **Exhibit I-151:** | Imperial and McKinley incorporate by this reference the arguments made in response to the objections to Exhibit I-97 as though fully set forth herein. |
| **Exhibit I-153:** | Imperial and McKinley incorporate by this reference the arguments made in response to the objections to Exhibit I-97 as though fully set forth herein. |
| **Exhibit I-157:** | Imperial and McKinley incorporate by this reference the arguments made in response to the objections to Exhibit I-97 as though fully set forth herein. |
| **Exhibit I-246:** | Imperial and McKinley incorporate by this reference the arguments made in response to the objections to Exhibit I-145 as though fully set forth herein. |
| **Exhibit I-461:** | This exhibit is a written report of Imperial's expert Mark Schilling. It sets forth his opinions, and it contains his analysis, and the factual assumptions upon which his opinions are based. This information is admissible pursuant to Federal Rule of Evidence 705. |
| **Exhibit I-462:** | This exhibit, which contains photographs, is a written report of Imperial's expert Mark Schilling. It sets forth his opinions, and it contains his analysis, and the factual assumptions upon which his opinions are based. This information is admissible pursuant to Federal Rule of Evidence 705. |
| **Exhibit I-463:** | This exhibit, which contains photographs, is a written report of |

|    |                          |                                                                                                                                                                                                                                                                                                                                                                                                                  |
|----|--------------------------|--|

          Imperial's expert Mark Schilling. It sets forth his opinions, and it contains his analysis, and the factual assumptions upon which his opinions are based. This information is admissible pursuant to Federal Rule of Evidence 705.

**Exhibit I-464:** This exhibit, which contains photographs, is a written report of Imperial's expert Mark Schilling. It sets forth his opinions, and it contains his analysis, and the factual assumptions upon which his opinions are based. This information is admissible pursuant to Federal Rule of Evidence 705.

**Exhibit I-465:** This exhibit is a written report of Imperial's expert Mark Schilling. It sets forth his opinions, and it contains his analysis, and the factual assumptions upon which his opinions are based. This information is admissible pursuant to Federal Rule of Evidence 705.

**Exhibits I-581 to I-594:** Brechan and Safeco's objections to the deposition transcripts are frivolous. The court's rules required the parties to include the depositions on their exhibit lists if a party anticipated using the deposition at trial. Brechan and Safeco are really objecting to the court's rules. A blanket objection of relevance (Federal Rule Evidence 402, 403) without any specific identification of the testimony objected to is too vague and overbroad to be sustained, and places an unfair burden on the court to sift through each and every question and answer contained in every deposition transcript to make a ruling. For Brechan and Safeco to make such a blanket objection boarders on a Rule 11 violation. Likewise, the blanket objection based on Federal Rule of Evidence 602 is frivolous. Brechan and Safeco

would have this court believe, without any reference to any specific testimony, that none of the witnesses ever testified to anything in their depositions of which they had personal knowledge. Again, without directing this court or the parties to any specific testimony, renders the objections too vague and overbroad to be sustained, and places an unfair burden on the court to sift through each and every question and answer contained in every deposition transcript to make a ruling. Federal Rule of Evidence 602 simply states that experts can testify on matters requiring expert testimony. It is not an exclusionary rule or a basis for objecting. Finally, the objections based on Federal Rule of Evidence 1002 is baffling. That rule provides that if there is a genuine dispute over the authenticity of a document's contents, then the original must be produced. To make such an objection, the initial burden is on Brechan and Safeco to present evidence that a duplicate original of the deposition transcripts have been altered or otherwise rendered untrustworthy. Again, they fail to support their objections with any facts, and they must be overruled.

DATED: September 28, 2006

MONTELEONE & McCRORY LLP

Attorneys for Emerco, Inc., dba Imperial Industrial Coatings and Forrest J. McKinley

By _____
PATRICK J. DUFFY III, ESQ.
CSBN 45042
WILLIAM R. BAERG, ESQ.
CSBN 167399
WSBN 23052

# CERTIFICATE OF SERVICE BY ECF

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I certify that on September 28, 2006, a copy of the foregoing was served by ECF on:

Eric J. Brown, ebrown@jdolaw.com
Robert J. Dickson, acgecf@acglaw.com
Patrick J. Duffy, duffy@mmlawyers.com
Jami K. Elison, jamie@mhf-law.com
Michael E. Kreger, mkreger@perkinscoie.com
Terry R. Marston, terry@mhf-law.com
Peter C. Partnow, PartnowP@LanePowell.com
James B. Stoetzer, StoetzerJ@LanePowell.com

and by facsimile on:

Paul J. Nangle
Paul J. Nangle & Associates
101 Christensen Dr.
Anchorage, AK 99501
FAX NO.:     (907) 279-1794

I declare under penalty of perjury under the laws of the United States that the above is true and correct. Executed on September 28, 2006, at Los Angeles, California.

SALLIE RASPA