Michael E. Kreger
James N. Leik
Perkins Coie LLP
1029 W. Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561
(907) 276-3108 (Facsimile)
mkreger@perkinscoie.com

Attorneys for Defendants Brechan Enterprises, Inc. and
Safeco Insurance Company of America

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

ABSOLUTE ENVIRONMENTAL
SERVICES, INC., an Alaska corporation,

     Plaintiff,

v.

FORREST J. MCKINLEY, et al.,

     Defendants.

Case No. 3:03-cv-0199-RRB

## BRECHAN AND SAFECO'S RESPONSE TO ABSOLUTE'S BRIEF (DOCKET 372) REGARDING PUNITIVE DAMAGES

At two recent pretrial conferences, and in a pleading filed on September 25, plaintiff Absolute Environmental Services states that it will claim punitive damages. Brechan and Safeco object to any consideration of punitive damage claims, because Absolute's Complaint neither alleges a claim for punitive

**PERKINS COIE LLP**
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

**ABSOLUTE v. MCKINLEY, et al.**
**Case No. 3:03-cv-0199-RRB**    - 1 -    [38599-0012/AA062650.006]

damages nor alleges any basis upon which punitive damages could be awarded, and because any amendment to the pleadings is untimely and highly prejudicial.

## BACKGROUND

Absolute filed its Complaint against Brechan on or about June 22, 2005. Absolute's complaint does not allege acts that would support a claim for punitive damages under the applicable standard. The Complaint consists of 12 pages of factual allegations, followed by a laundry list of claims in contract (¶ 106) and tort (¶ 107). The factual allegations describe statements allegedly made by Brechan regarding the scope of Absolute's work. Absolute also describes Brechan's alleged failure to mention, explain or disclose certain information (¶¶ 30, 34, 73, 98). Then, in paragraph 105, Absolute alleges that "Brechan had actual knowledge of material latent conditions that substantially interfered with the performance and completion of Absolute's work yet failed and refused to reveal the same causing massive financial injury to Absolute." In paragraph 107, Absolute alleges in a conclusory manner that Brechan's conduct violates the "principles" of tort, including negligent misrepresentation, intentional misrepresentation and fraud. There is no allegation in the Complaint that Brechan's conduct was outrageous, or that it was undertaken with malice toward Absolute, or that it was undertaken with reckless disregard for Absolute's rights. In a recitation of damages in the Complaint, there is no reference to punitive damages, and there is no prayer for punitive damages. (Complaint at pp. 15-17).

On September 2, 2005, Absolute served its Rule 26(a) initial disclosures with respect to its claims against Brechan. Rule 26(a)(1)(C) requires disclosure of

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

ABSOLUTE v. MCKINLEY, et al.
Case No. 3:03-cv-0199-RRB                    - 2 -                    [38599-0012/AA062650.006]

"a computation of any category of damages claimed by the disclosing party. . . ."
For its damage disclosure, Absolute said: "A spreadsheet and copies of the support
documents will be transmitted shortly.  Damages continue to accrue.  Information
pertaining to the business devastation damage claim will be provided upon
completion of the calculations."  Exhibit A.  Absolute's disclosure did not refer to
punitive damages.  With Mr. Lembke's report dated November 12, 2005, Absolute
produced a spreadsheet concerning its damages.  This spreadsheet did not refer to
punitive damages.

Brechan served interrogatories dated October 10, 2005, including an
interrogatory that asked Absolute for information about the damages it was
claiming.  Absolute responded on November 14, 2005.  Exhibit B.  Again,
Absolute made no mention of a punitive damages claim.

Federal Rule of Civil Procedure 26 requires supplementation of discovery
responses.  Absolute has never served supplements to its Rule 26(a) disclosures or
its discovery responses indicating that it intended to claim punitive damages
against Brechan.

On September 16, 2005, the Court issued a pretrial order (Docket 125).
The order provides that "Motions to add other parties and/or to amend the
pleadings subsequent to the date of this order shall be served and filed on or before
November 14, 2005."  Order at 2.  Absolute has not filed a motion to amend its
Complaint.

On September 19, 2006, the Court issued an order addressing dispositive
motions (Docket 339).  One of the orders granted a motion for partial summary

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

judgment, dismissing Absolute's claims for $2.28 million in "business devastation" damages. The following day, Absolute sent a letter to Brechan's lawyers, stating for the first time that Absolute was claiming punitive damages from Brechan. Exhibit C. At the pretrial conference on September 21, Brechan raised this issue, and the Court directed Absolute that if it intended to claim punitive damages, it should file a motion to amend its Complaint by September 25, 2006. Absolute did not do so. Absolute filed a brief on September 25, opposing Coffman's motion in limine regarding punitive damages. At the pretrial conference on September 26, Absolute stated that it was not going to move to amend its Complaint, because it believed that the Complaint it filed in 2005 adequately plead a claim for which Absolute could be awarded punitive damages.

## ARGUMENT

### 1.    Plaintiff's Complaint Against Brechan Does Not Allege A Basis for an Award of Punitive Damages

A plaintiff may not pursue punitive damages if the pleadings do not allege a basis for recovery of punitive damages. See Seibert v. Nusbaum, Stein, Goldstein & Compeau, 167 F.3d 166, 171 (3d Cir. 1999); Blanck v. Wyndham Int'l, 2004 WL 614571 (E.D. Pa. 2004); Campbell v. Thornton, 644 F. Supp. 103, 105 (W.D. Mo. 1986); Great Divide Ins. Co. v. Carpenter, 79 P.2d 599, 611-12 (Alaska 2000).[1]  Absolute argues that even though its Complaint does not refer to

---

[1] If the complaint sufficiently alleges a claim for which punitive damages could be awarded, the omission of punitive damages from the complaint's prayer for relief does not prevent an award of punitive damages, as authorized by Rule

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

punitive damages in any way, the allegations in the Complaint are sufficient to provide notice to Brechan of a claim for which punitive damages may be awarded. But review of the Complaint demonstrates that Absolute's Complaint does not contain allegations sufficient to support an award of punitive damages.

The standard for an award of punitive damages in Alaska is set by AS 09.17.020(b). This statute requires proof by clear and convincing evidence that the defendant's conduct "was outrageous, including acts done with malice or bad motives; or evidenced reckless indifference to the interest of another person." This standard requires clear and convincing proof of "actual malice, or reckless indifference equivalent to actual malice." <u>Robles v. Shoreside Petroleum, Inc.</u>, 29 P.3d 838, 846 (Alaska 2001).

Absolute's Complaint does not allege that Brechan committed outrageous acts, or that it acted with malice or bad motives, or that it committed acts that were recklessly indifferent to Absolute's rights. The Complaint only alleges that Brechan had actual knowledge of material latent conditions that substantially interfered with the performance and completion of Absolute's work; that Brechan failed and refused to disclose the information; and that this conduct constituted the torts of intentional misrepresentation and fraud. Complaint, ¶¶ 105, 107.

At a conference on September 2, 2005, Absolute's lawyer reinforced that that this Complaint raised only issues of undisclosed site conditions:

---

54(c). <u>Cancellier v. Federated Dep't Stores</u>, 672 F.2d 1312, 1318-19 (9th Cir. 1982).

**PERKINS COIE LLP**
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

MR. MARSTON: Just a quick response to Mr. Kreger's comments. The essence of our claim against Brechan is that they were aware of a significant undisclosed condition on the contract. And that they failed to disclose that prior to the time so we could incorporate that into our bid.

That's it.

In the documentation submitted to the Court it was stated that we had ten different claims. Well, you know how Pleadings works? You have ten different theories of recovery, but it's all identifying the same operative facts and all talking about the same damages. And the entire question boils down to: Did they, in fact, know about the existence of this situation, and did they disclose it?

So that's not going to be something that's going to take lengthy periods of time of discovery.

Transcript of Proceeding, September 2, 2005, Docket 172, Ex. 5 at pages 11-12 (emphasis added). Similarly, at his deposition on February 13, 2006, Mr. Olson testified that Absolute's claim was based on differing site conditions, and failure to disclose, with no mention of any malice or reckless disregard. Olson Dep. at 40-41 (Exhibit D).

Absolute apparently argues that its allegation of "fraud" in paragraph 107 is enough to put Brechan on notice that Absolute was claiming punitive damages. But under Alaska law, an award of punitive damages requires different pleading and proof than what is required to plead and prove a fraud claim. Pleading a cause of action for fraud requires the plaintiff to allege the following elements: (1) a false representation of fact; (2) knowledge of the falsity of the representation;

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

(3) intention to induce reliance; (4) justifiable reliance; and (5) damages.[2]  The plaintiff is not required to allege outrageous conduct, malice, or reckless indifference.  Therefore, the mere mention of the word "fraud" in Absolute's Complaint against Brechan does not implicitly include allegations that would support an award of punitive damages.

This conclusion is supported by an Alaska case, Nelson v. Progressive Insurance, 976 P.2d 859 (Alaska 1999).  There, the court made it clear that proving fraud is not the same as proving entitlement to punitive damages.  "Not all conduct which amounts to [an intentional tort] is sufficiently outrageous to warrant an award of punitive damages."  Id. at 865, quoting State Farm Mutual Auto. Ins. Co. v. Weiford, 831 P.2d 1264, 1266 (Alaska 1992).  Plaintiff obtained a verdict for "knowing misrepresentation" (fraud) but the jury rejected plaintiff's claim for punitive damages.  The plaintiff argued that the finding of fraud necessarily justified a punitive damage award, but the Supreme Court concluded that "even though the jury found that Progressive knowingly misrepresented some facts, it may not have found the misrepresentations sufficiently egregious to constitute outrageous conduct."  976 P.2d at 865.  Thus, the Court refused to equate knowing misrepresentation (fraud) with conduct that will support an award for punitive damages.[3]

_____

[2] Jarvis v. Ensminger, 134 P.3d 353, 363 (Alaska 2006).

[3] The Alaska Supreme Court has reached the same result in cases that involve similar intentional torts, concluding that that proof of the elements of plaintiffs' intentional tort claim could not be equated with proof of entitlement to

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

Applying this point here, the mere fact that Absolute's Complaint alleges a claim for fraud (as one of numerous legal theories based on the same operative facts) does not mean that Absolute has alleged conduct that would support a punitive damage award.  As <u>Nelson</u> demonstrates, the two concepts are not the same.

The case that Absolute relies upon supports the same point.  In <u>Great Divide Ins. Co. v. Carpenter</u>, 79 P.2d 599 (Alaska 2000), the insured made a counterclaim against an insurance company for breach of the duty of good faith and fair dealing.  On the first day of trial, the counterclaimant said he was seeking punitive damages.  The trial court gave a punitive damage instruction to the jury, but the Supreme Court reversed, because the counterclaimant had not given timely notice of a punitive damage claim.  The Court's analysis of the counterclaim demonstrates a close parallel to the Complaint in this case.  The counterclaim alleged a variety of intentional conduct, but it did not allege conduct that met the statutory standard for punitive damages.  <u>Id.</u> at 611-12.  The Supreme Court held that the counterclaim did not provide fair notice to the counterclaim defendant that

---

punitive damages.  In <u>Weiford</u>, the jury found in the plaintiff's favor on a tort claim for bad faith by an insurance company, and the jury awarded $1.2 million in punitive damages.  The Supreme Court affirmed the verdict on the bad faith tort claim, but reversed the punitive damages award.  The Court concluded that although there was sufficient evidence to show bad faith by the insurance company, the evidence did not rise to the level of outrageous conduct necessary to support a punitive damage award.  831 P.2d at 1266-69.  Similarly, in <u>State Farm v. Nicholson</u>, 777 P.2d 1152 (Alaska 1989), the Court affirmed a verdict on a bad faith claim, but reversed the award of punitive damages, because the plaintiff had not proved the additional element of outrageous conduct sufficient to support a punitive damage award.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

the counterclaimant was seeking punitive damages. "<u>The conduct alleged in the counterclaim was not necessarily outrageous, nor was it so characterized</u>. The allegation that Great Divide violated the implied covenant of good faith and fair dealing is not sufficient to support a claim for punitive damages. . . Consistent with the body of the counterclaim, the wherefore clause of the counterclaim simply requested special and general damages, both of which are categories of compensatory rather than punitive damages." <u>Id</u>. at 612 (emphasis added).

The same points are true here. The conduct alleged in Absolute's complaint against Brechan (failure to disclose information about site conditions) is not necessarily outrageous, and it was not so characterized. The allegation that Brechan committed fraud is not sufficient by itself to support a claim for punitive damages. And, the prayer for relief claims only compensatory damages, not punitive damages. Thus, as in <u>Great Divide</u>, the Complaint does not provide notice of punitive damage claims.

The inclusion of a punitive damage claim on the eve of this trial is highly prejudicial to Brechan. A punitive damage claim requires proof of a specific state of mind by Brechan: that Brechan acted with malice or reckless disregard toward Absolute.[4] Absolute has not alleged this state of mind. As a result, its existence was not the subject of Brechan's discovery. The discovery in the case was not conducted with an expectation that Brechan was exposed to a punitive damages claim. Absolute employees who worked for Brechan at the job site or who were

---

[4] AS 09.17.020(b)

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

around the JOC trailer with Brechan and who also might have testimony about "malice," were not deposed and are not on witness lists. Brechan did not ask Coast Guard or Absolute witnesses who were deposed about their perception of any malice by Brechan against Absolute, or their evaluation concerning whether any action by Brechan was "reckless." This is especially prejudicial with respect to the Coast Guard. Brechan's alleged "too cozy" client-to-customer relationship to the Coast Guard is the centerpiece of Absolute's motive/conspiracy theory. Brechan's questions during those limited U.S. Coast Guard depositions -- apparently the sole source of U.S. Coast Guard testimony – were not directed at testing and ruling out claims of malice or reckless indifference.

In addition, due to the stringent requirements of proof, punitive damage claims can frequently be dismissed on summary judgment.[5] "Punitive damage claims . . . require the trial court to make a threshold determination whether there is 'evidence that gives rights to an inference of actual malice or conduct sufficiently outrageous to be deemed equivalent to actual malice.'"[6] If Absolute had asserted a claim for punitive damages, Brechan would have filed a motion for summary judgment as to the punitive damage claims. But due to Absolute's failure to make this claim earlier, the time for filing summary judgment motions

---

[5] See, e.g., Robles v. Shoreside Petroleum Inc., 29 P.3d 838, 846 (Alaska 2001); Mitchell v. Heinrichs, 27 P.3d 309 (Alaska 2001); Alyeska Pipeline Service Co. v. Beadles, 731 P.2d 572, 574 (Alaska 1987).

[6] Mitchell v. Heinrichs, 27 P.3d 309, 312 (Alaska 2001) (quoting Wal-Mart Inc. v. Stewart, 990 P.2d 626, 637 (Alaska 1999)).

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

has passed, and so has the opportunity for Brechan and the Court to resolve this issue before trial.

In summary, a claim for punitive damages requires allegations of malice or conduct that is so reckless that it is the equivalent of malice. Absolute's Complaint does not allege such conduct, and does not provide notice that Absolute is seeking punitive damages. The Court should not permit Absolute to pursue a punitive damage claim.

## 2. Amendment of the Complaint to Add a Punitive Damages Claim is Prohibited by the Pretrial Order and Federal Rule of Civil Procedure 16

At the pretrial hearing on September 26, Absolute disavowed any intention to amend its Complaint. And, Absolute declined to submit a motion to amend, as the Court directed them to, by September 25. The Court should hold Absolute to this decision. In any event, Brechan states its opposition to any amendment to add punitive damage allegations at this late date.

The Court's September 16, 2005 pretrial order set a deadline of November 14, 2005 to amend the pleadings.

> Once the district court had filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 which established a timetable for amending pleadings that rule's standards controlled. . . . Thus, [plaintiff's] motion to amend his complaint was governed by Rule 16(b), not Rule 15(a). . . . Orders entered before the final pretrial conference may be modified on a showing of "good cause . . . ."

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

ABSOLUTE v. MCKINLEY, et al.
Case No. 3:03-cv-0199-RRB                - 11 -                [38599-0012/AA062650.006]

Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992).[7]

In order to show good cause under Rule 16(b), the plaintiff has the burden of demonstrating that it has been diligent in presenting its motion to amend. Moreover, the motion to amend may be denied even without any showing of prejudice to the defendant from the late amendment:

> Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. . . . Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end.
>
> . . . .
>
> A scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." . . . Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and award the indolent and the cavalier. Rule 16 was drafted to prevent this situation and its standards may not be short-circuited by an appeal to those of Rule 15.

Johnson, 975 F.2d at 609, 610 (emphasis added).

---

[7] See also Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000) ("[T]he district court correctly found that it should address the [amendment of plaintiffs' complaint] under Federal Rule . . . 16 because it had filed pretrial scheduling order that established a timetable for amending the pleadings, and the deadline had expired before [plaintiffs] moved to amend."

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

An Eighth Circuit case applying Rule 16(b) deals with a proposed amendment to assert punitive damage claims. As here, plaintiff tried to amend to claim punitive damages ten months after the deadline for amendment of the pleadings (but much further in advance of trial than in this case). The District Court denied the motion to amend, and the court of appeals affirmed. "To hold otherwise would eviscerate the purpose of Rule 16(b)." Freeman v. Busch, 349 F.3d 582, 589 (8th Cir. 2003). See also Martin v. Purina Mills, 143 F.R.D. 254 (D. Kan. 1992) (denying motion to amend to claim punitive damages filed 30 days after scheduling order deadline).

Here, Absolute cannot meet its burden of proving diligence in seeking to amend its complaint to allege punitive damages. The rationale it gives is that it obtained critical evidence in documents that Brechan produced on May 30, 2006 and which Absolute acknowledges receiving at its office on June 16, 2006. Brechan disputes virtually every aspect of this claim, but even if it were true that Absolute received late production in June 2006, Absolute cannot satisfy the diligence requirement under Rule 16(b). Absolute had these documents in mid June 2006, over three months before Absolute first mentioned its intention to seek punitive damages. Absolute certainly had fully formed its view of these documents by August 25, 2006, when Absolute filed declarations describing its liability theories. Docket 288. Yet Absolute waited until September 20, 2006 to state its intention to seek punitive damages, and it still has not filed a motion to amend. There is no justification for this late assertion of a punitive damage claim.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

It is plainly motivated not by new discovery, but by Absolute's desire to pump up its damage claims following an adverse ruling.

**3.    Amendment of the Complaint to Add a Punitive Damage Claim is Prohibited by Federal Rule of Civil Procedure 15**

Amendment to assert a claim for punitive damages is also prohibited under Rule 15(a). Although leave to amend should be freely granted when justice so requires, this Court has discretion to deny a motion to amend when amendment of the pleadings is prejudicial to the opposing party. AmerisourceBergen Corp. v. Dialysist West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006).

Under this standard, federal courts have prohibited the late assertion of punitive damage claims. For example, in McCarthy v. Komori America Corp., 200 F.R.D 507 (E.D. Pa. 2001), the plaintiff filed a motion to amend to assert a punitive damage claim after the close of discovery, and three to five months after the plaintiff discovered the facts that allegedly supported the punitive damage claims. The court denied the motion to amend, based on the undue delay in filing the motion and the prejudice to defendant in preparing its defense. In Kleinhans v. Lisle Savings Profit Sharing Trust, 810 F.2d 618, 625-26 (7th Cir. 1987), shortly after the defendants moved for summary judgment, the plaintiff filed a motion for leave to amend to claim punitive damages. Discovery had been closed for six months. The district court observed that this was an apparent attempt to avoid the effect of summary judgment on the plaintiff's other claims, and denied leave to amend. The appellate court affirmed. See also Stuckey v. Northern Propane Gas Co., 874 F.2d 1563, 1575 (11th Cir. 1989); Smith v. Garden Way, Inc., 821

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

F.Supp. 1486 (N.D. Ga. 1993) (motion to amend to claim punitives filed after close of discovery and dispositive motions filed).

## CONCLUSION

For these reasons, the Court should not permit Absolute to claim punitive damages in this case.

DATED at Anchorage, Alaska on September 28, 2006.

**PERKINS COIE** LLP
Attorneys for Defendant
Brechan Enterprises, Inc.

By   /s/ Michael E. Kreger
    Michael E. Kreger
    Alaska Bar No. 8311170
    James N. Leik
    Alaska Bar No. 8111109
    Perkins Coie LLP
    1029 W. Third Avenue, Suite 300
    Anchorage, Alaska  99501
    (907) 279-8561
    (907) 276-3108 (Facsimile)
    Email:  mkreger@perkinscoie.com

I hereby certify that on September 28, 2006, the foregoing was served electronically on Robert J. Dickson, Peter C. Partnow, William R. Baerg, Terry R. Marston II, James B. Stoetzer, and Eric J. Brown.

   /s/ Michael E. Kreger
    Michael E. Kreger

**ABSOLUTE v. MCKINLEY, et al.**
**Case No. 3:03-cv-0199-RRB**                 - 15 -                [38599-0012/AA062650.006]