LAW OFFICES OF
# MARSTON HEFFERNAN FOREMAN
A PROFESSIONAL LIMITED LIABILITY COMPANY
ANDERSON PARK BUILDING
16880 N.E. 79TH STREET
REDMOND, WASHINGTON 98052-4424

JAMI K. ELISON

E-MAIL
jamie@mhf-law.com

RECEIVED
SEP 2 6 2006
PERKINS COIE
ANCHORAGE

TELEPHONE
425.861.5700

FACSIMILE
425.861.6969

September 20, 2006

**VIA EMAIL AND US MAIL**
Michael E. Kreger
Perkins Coie, LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501

ER 408 COMMUNICATION

Re: **Absolute Environmental Services, Inc. v. Emerco, Inc.**
U.S.D.C. (Alaska) Cause No. A-03-0199 Civil (RRB)

Dear Mr. Kreger:

Terry asked me to contact you regarding settlement discussions after the motions. I deferred doing so until we received rulings. It looks like we are all going to trial. Let me know if Brechan believes settlement discussions are worthwhile. In the meantime, please be aware of two things: (1) Absolute will move for reconsideration of the Order dismissing business devastation, which we expect will be seriously considered due to substantial evidence made available during discovery undermining the ground upon which the motion was granted; and (2) at trial, Absolute will be asking for punitive damages from Brechan Enterprises, Inc. based on the contents of the 2000 lost emails recently produced.

Under Alaska law, punitive damages are appropriate for intentional and fraudulent misrepresentation claims. *Great Divide Ins. Co. v. Carpenter*, 79 P.3d 599 (Alaska 2003). Note also that, "punitive damages need not be pled in a complaint," and "[o]ne occasion for the assertion of punitive damages would have been in proposed jury instructions as required by the scheduling order." *Id.* Brechan's conduct on Kodiak is probative both of Brechan being "motivated by financial gain" and the "actual knowledge standard." *Norcon, Inc. v. Kotowski*, 971 P.2d 158, 175 (Alaska 1999). Consequently:

> In such cases the cap on punitive damages may not exceed the greatest of <u>four</u> times the amount of compensatory damages, <u>four</u> times the aggregate amount of financial gain resulting from the misconduct, or <u>$7,000,000</u>.

*Id*; see AS 09.17.020.

As you no doubt expect, Absolute will request from the jury the maximum amount allowed by law.

EXHIBIT C
PAGE 1 of 2

**MARSTON HEFFERNAN FOREMAN**

September 20, 2006
Page - 2

Very truly yours,

Marston Heffernan Foreman PLLC

Jamì K. Elison

cc:   Absolute Environmental Services, Inc.