Page 1

```
 1            IN THE UNITED STATES DISTRICT COURT
 2               FOR THE DISTRICT OF ALASKA
 3
 4   ABSOLUTE ENVIRONMENTAL
     SERVICES, INC., An Alaska
 5   corporation,
 6              Plaintiff,
 7       vs.
 8   FORREST J. McKINLEY and "JANE
     DOE" McKinley, et al.,
 9
                Defendants.
10   _____
11   Case No A03-0199 Civil (RRB)
12
13
14
15
            VIDEOTAPED DEPOSITION OF DAVID OLSON
16
                 Taken February 13, 2006
17               Commencing at 9:00 a.m.
18       Volume I - Pages 1 - 243, inclusive
19
20
                 Taken by the Defendant
21                         at
                      PERKINS COIE
22            1029 W. Third Av., Suite 300
                  Anchorage, AK  99501
23
24
25   Reported by:
     Susan J. Warnick, RPR
```

COPY

Page 38

1  jury."
2  Q  Has somebody made an effort to segregate the damages
3  between Mr. McKinley and Emerco, Inc, and those that
4  you're claiming against Brechan?
5      MR. MARSTON: Objection. Lack of foundation.
6      THE WITNESS: I don't know if we're actively
7  working on that right now or not.
8  BY MR. KREGER:
9  Q  Well, it says here, "It is not possible to
10 confidently segregate." Do you see that?
11 A  Yes.
12 Q  How do you know at the time it wasn't possible to
13 confidently segregate those damages?
14     MR. MARSTON: Objection. An incomplete
15 question. Document speaks for itself.
16     THE WITNESS: Because I'm unable to
17 differentiate what your client did not disclose for me and
18 what Imperial did on the job.
19 BY MR. KREGER:
20 Q  Are there agreements or understandings between
21 Imperial and Absolute about how much Absolute is going
22 seek to recover against Imperial in this lawsuit?
23     MR. MARSTON: Objection. Vague.
24     THE WITNESS: No.
25 BY MR. KREGER:

Page 39

1  Q  Have there been any discussions like that?
2  A  No.
3  Q  So if I understand correctly, we have a situation
4  where Absolute is suing Imperial for a million two and
5  Absolute is suing Brechan for approximately a million
6  two -- and Absolute is also suing Coffman, correct?
7  A  I believe so, yes.
8  Q  And they're suing Coffman for a million two also,
9  correct?
10 A  Yes.
11 Q  So we have a situation where Absolute is suing
12 Imperial for a million two and Brechan for a million two
13 and Coffman for a million two and -- is that correct?
14     MR. MARSTON: Objection. Asked and answered.
15     THE WITNESS: I think I previously testified to
16 that, yes.
17 BY MR. KREGER:
18 Q  And so your total damages aren't a million two times
19 three -- three point six; your damages are approximately a
20 million two, correct?
21     MR. MARSTON: Objection. Assumes facts not in
22 evidence and misstates the witness's prior testimony.
23     THE WITNESS: That would represent the million
24 two, this aspect of --
25 BY MR. KREGER:

Page 40

1  Q  Not including the business devastation stuff. Let's
2  leave that out for now.
3  A  Yes. And not including attorneys' fees and whatever
4  other costs are associated.
5  Q  So if Absolute recovered $3.6 million from the three
6  defendants that it's suing, that would be a duplication or
7  a triplication of recovery, correct?
8      MR. MARSTON: Objection. Calls for speculation,
9  calls for a legal conclusion.
10     THE WITNESS: For this particular aspect of my
11 damages?
12 BY MR. KREGER:
13 Q  Yes.
14 A  You're saying that, if I received the same amount
15 that I'm asking for, or suing for, from each of the three
16 parties --
17 Q  Yes.
18 A  -- that it would be a triplication --
19 Q  Yes.
20 A  -- of this particular number?
21 Q  Yes.
22 A  I suppose it would be.
23 Q  What was your reason for deciding to attempt to bring
24 Brechan back into the lawsuit?
25 A  I discovered that Brechan's subcontractor on Phase 1

Page 41

1  had encountered a differing site condition that was never
2  disclosed to me by Brechan Enterprises.
3  Q  What was the differing site condition that you
4  believe you discovered?
5  A  Discovered a memorandum that spoke to the condition
6  -- poor condition of welds throughout the original cargo
7  pier that made it impossible or virtually impossible for
8  my predecessor to perform his work.
9  Q  What was the condition that you believe you
10 discovered that made it, as you say, impossible or
11 virtually impossible for your predecessor to do his work?
12 A  The condition of the cargo -- the original cargo pier
13 was such that you couldn't satisfy the requirement in the
14 specification for what they called a holiday-free coating.
15 Q  Anything else that you thought about or you
16 considered for your reasons for bringing Brechan back into
17 the lawsuit?
18 A  The fact that they didn't disclose it to me. I don't
19 know if it's the same -- it would be the same thing as
20 what I just answered to.
21 Q  Who brought this memorandum to your attention?
22     MR. MARSTON: Objection. Assumes facts not in
23 evidence, that anybody brought the memorandum to his
24 attention.
25     THE WITNESS: I discovered the memorandum as

```
 1                    REPORTER'S CERTIFICATE

 2          I, SUSAN J. WARNICK, RPR, and Notary Public in

 3   and for the State of Alaska do hereby certify:

 4          That the witness in the foregoing proceedings was

 5   duly sworn; that the proceedings were then taken before me

 6   at the time and place herein set forth; that the testimony

 7   and proceedings were reported stenographically by me and

 8   later transcribed under my direction by computer

 9   transcription; that the foregoing is a true record of the

10   testimony and proceedings taken at that time; and that I

11   am not a party to nor have I any interest in the outcome

12   of the action herein contained; that signature was

13   requested.

14          IN WITNESS WHEREOF, I have hereunto subscribed my

15   hand and affixed my seal this 28th day of February

16   2006.

17

18                              _____
                                SUSAN J. WARNICK,
19                              Registered Professional Reporter
                                Notary Public for Alaska
20

21   My Commission Expires:  April 8, 2006

22

23

24

25
```