Peter C. Partnow, ASBA No. 7206029
James B. Stoetzer, ASBA No. 7911130
James Niemer, *pro hac vice*
Lane Powell LLC
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Tel:  907-277-9511
Fax:  907-276-2631
PartnowP@LanePowell.com

Attorneys for Third-Party Defendant
Coffman Engineers, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska corporation,<br><br>        Plaintiff,<br><br>v.<br><br>FORREST J. MCKINLEY, an individual, d/b/a "Imperial Industrial Coatings" and EMERCO, INC., a California corporation d/b/a Imperial Industrial Coatings, BRECHAN ENTERPRISES, INC., an Alaska corporation; and SAFECO INSURANCE COMPANY OF AMERICA, a Washington corporation,<br><br>        Defendants. | Case No. 3:03-cv-00199-RRB<br><br>**OPPOSITION OF COFFMAN ENGINEERS, INC. TO MOTION TO RECONSIDER ORDER AT DOCKET 339 AS TO DISMISSAL OF BUSINESS <u>DEVASTATION CLAIM</u>** |
| EMERCO, INC., a California corporation d/b/a Imperial Industrial Coatings, and the States for Use and Benefit of EMERCO, INC.,<br><br> Counterclaimant/Third-Party Claimant,<br><br>  v.<br><br>ABSOLUTE ENVIRONMENTAL SERVICES INC., an Alaska corporation, et al.,<br><br> Cross-Defendants/Third-Party Defendants. | |

**LANE POWELL LLC**
301 W.Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511   Facsimile 907.276.2631

**LANE POWELL LLC**
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

| | |
|---|---|
| THE UNITED STATES OF AMERICA *for the use and benefit of* ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, | |
| Plaintiff, | |
| v. | |
| SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation. | |
| Defendants. | |
| BRECHAN ENTERPRISES, INC., an Alaska corporation, | |
| Counterclaim Plaintiff, | |
| v. | |
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, | |
| Counterclaim Defendant. | |
| BRECHAN ENTERPRISES, INC., an Alaska corporation, | |
| Third-Party Plaintiff, | |
| v. | |
| COFFMAN ENGINEERS, INC, a Washington Corporation. | |
| Third-Party Defendant. | |
| ABSOLUTE ENVIRONMENTAL SERVICES INC., an Alaska Corporation, | |
| Plaintiff/Cross-Claimant, | |
| v. | |
| COFFMAN ENGINEERS, INC, a Washington Corporation. | |
| Third-Party Defendant. | |

**Opposition of Coffman Engineers, Inc. to Motion to Reconsider
Order at Docket 339 as to Dismissal of Business Devastation Claim**
*Absolute Envtl. Servs., Inc. v. Forrest McKinley, et al.* **(Case No. 3:03-cv-00199-RRB)**   **Page 2 of 7**

Absolute Environmental Services, Inc. ("Absolute"), in its motion for reconsideration finally concedes, as it must, that the controlling authority with regard to proof of the quantum of a business devastation claim is *Geolar, Inc. v. Gilbert/Commonwealth Inc. of Michigan*, 874 P.2d 937 (Alaska 1994). While paying lip service to the controlling authority, however, Absolute again totally ignores the holding of that case **with regard to a claim for business devastation**. Moreover, Absolute again fails to recognize the important distinction between a claim for **lost profits** and a claim for **business devastation**.

Section c of the *Geolar* decision, and *only* section c of that opinion, deals with the issue of "loss of value of business as a going concern"—that is, "business devastation." *Id.* at 947. The Alaska Supreme Court found Geolar's business devastation claim improper because

> Geolar's true loss, if any, is the difference between its **net value** when it was in operation and its **net value** after cessation of operation. [Geolar's expert] valued only part of one half of this calculation, and therefore his testimony is not sufficient to support an award of the loss in value in Geolar.

*Id.* (emphasis added). The rule is clear: a party presenting a business devastation claim must provide (1) *expert* testimony about (2) the business' *net value* both (3) before and *after* the allegedly devastating event. Absolute fails all three of these evidentiary requirements.

In fact, the situation in *Geolar* is precisely replicated in the instant litigation, with the additional factor that Geolar, unlike Absolute, was actually out of business. As is clear in the original briefing on this issue, Absolute's so-called expert, Mr. Rulien, arrives at the "big number" for Absolute's "value" before damage allegedly caused by the Kodiak project through a variety of calculations of which Absolute's "net value" is only one of many considerations. Mr. Rulien at no

**Opposition of Coffman Engineers, Inc. to Motion to Reconsider**
**Order at Docket 339 as to Dismissal of Business Devastation Claim**
*Absolute Envtl. Servs., Inc. v. Forrest McKinley, et al.* **(Case No. 3:03-cv-00199-RRB)**   Page 3 of 7

**LANE POWELL LLC**
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

point even attempts to apply the same principles to opine as to Absolute's "net value" after the wharf project.

Instead of required expert opinion, Absolute belatedly offers Mr. Olson's speculation as to the company's current "net worth."[1]  In his 30(b)(6) damages deposition, Mr. Olson testified under oath as Absolute's designate witness.  Absolute had an obligation under Rule 26(e)(2) to amend its response if Mr. Olson's testimony was incorrect or incomplete.  It did not do so.  It cannot now rely on inconsistent, undisclosed information.  Fed. R. Civ. P. 37(c)(1).

Even if such previously undisclosed information were useable, Mr. Olson has not stated, and cannot properly have, a valid, admissible opinion as to the company's current "net value."  This is without question an area which requires expert opinion.  He provides no evidence as to what a buyer might pay for the business at this point.  Thus, Absolute seeks to have the jury compare apples and

---

[1] As noted in the earlier briefing, Absolute attempts to disavow the sworn testimony of Mr. Olson through subsequent declaration refuting his early testimony.  On this point, it is useful to quote the remainder of the footnote from *United States v. Taylor*, 166 F.R.D. 356, 362 n.6 (M.D. N.C. 1996) which Absolute fails to include in its brief: "However, the [30(b)(6)] designee can make admissions against interest under Fed. R. Evid. 804(b)(3) which are binding on the corporation."  Absolute had a duty to prepare Mr. Olson—as a 30(b)(6) witness—to speak for it "on all discoverable information and to give full, complete and unevasive answers."  *FDIC v. Butcher*, 116 F.R.D. 196, 201 (E.D. Tenn. 1986).
   "If the designee testifies that [Absolute] does not know the answer to [the] questions, [Absolute] will not be allowed effectively to change its answer by introducing evidence during trial." *Ierardi v. Lorillard, Inc.*, 1991 WL 158911 at *3 (E.D. Penn 1991) (also cited in *Taylor*, 166 F.R.D. at 362 n.6).  The same principle applies to incorrect or inaccurate answers.  The very purpose of discovery is "to avoid 'trial by ambush.'"  *Butcher*, 116 F.R.D. at 201.  Furthermore, Absolute had a duty under Federal Rule of Civil Procedure 26(e)(2) to amend its response.  It may not provide what it now claims to be incorrect or incomplete answers, conceal what it claims to be the true facts, and then attempt to ambush Coffman at trial.
   Absolute's attorneys suggest without support that Mr. Olson was confused about how to value Absolute.  *See* Doc. No. 368 at 6.  However, *Taylor*, 166 F.R.D. at 361-62, the case on which Absolute relies, makes clear that "[t]he attorney for the corporation is not at liberty to manufacture the corporation's contentions.  Rather, the corporation may designate a person to speak on its behalf and it is this position which the attorney must advocate."

**Opposition of Coffman Engineers, Inc. to Motion to Reconsider**
**Order at Docket 339 as to Dismissal of Business Devastation Claim**
*Absolute Envtl. Servs., Inc. v. Forrest McKinley, et al.* **(Case No. 3:03-cv-00199-RRB)**                    Page 4 of 7

**LANE POWELL LLC**
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

oranges, and to gain the benefit of an inflated "net value" testified to by Mr. Rulien, and Mr. Olson's own rank speculation as to what a willing buyer would now pay for the business.

Even in Absolute's Motion for Reconsideration, however, Mr. Olson expresses no real opinion about Absolute's "net value." Mr. Olson admittedly makes no attempt to value Absolute as a "going concern." Doc. No. 368 at 7. Rather he asserts that Absolute is "financially dead" and "devastated." Neither of these is an expression of value; neither is supported by the required expert testimony. Indeed, the first assertion is *completely* unsupported even by Mr. Olson's inadmissible lay opinion. S*ee* Doc. No. 368 at 7.

Nevertheless, despite *Geolar*'s clear requirement of expert testimony, Absolute argues that expert testimony is not required to establish Absolute's "net value" because "[a] doctor is necessary to evaluate the state of an individual's health, but, for the most part, even lay people can tell when someone has died." *Id.* at p. 7, n.5. Aside from being contrary to clearly expressed Alaska law, the metaphor fails because Absolute is still in business. It is still alive. Absolute continued to perform projects profitably in 2004. Exhibit 1 to attached declaration (Deposition of D. Olson pp. 56-57). This trend continued into 2006 as Absolute continues to complete projects in a profitable manner and to bid on new projects. *Id.* at 13-15.

Further, as in its initial briefing, Absolute blithely ignores the distinction between a claim for lost profits and its claim for business devastation. *Geolar* clearly distinguishes between these two theories of damages. *Compare Id.* at 946 (section b, addressing lost profits) *with id.* at 947 (section c, addressing loss of value of business as a going concern). *Lightning Lube, Inc. v. Witco Corporation,* 4 F.3d 1153, 1175 (3rd Cir. 1993), on which Absolute relies, dealt with the issue of lost

**LANE POWELL** LLC
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511 Facsimile 907.276.2631

**Opposition of Coffman Engineers, Inc. to Motion to Reconsider**
**Order at Docket 339 as to Dismissal of Business Devastation Claim**
*Absolute Envtl. Servs., Inc. v. Forrest McKinley, et al.* **(Case No. 3:03-cv-00199-RRB)**   Page 5 of 7

profits, not business devastation. In that case, the court found that the principal of the company, based on long experience in the business, was able to provide reasonable testimony with regards to past and future profits. However, Absolute may not supplant clear Alaska precedent with case law from another jurisdiction on a different cause of action.

In the instant case, the business devastation claim cannot include lost profits from the Kodiak job because (1) Mr. Rulien has already factored those in to his "business value" model, and (2) Absolute, through its general damages expert, Mr. Lembke, has already included Absolute's alleged lost profits his the total cost claim analysis. Absolute is not entitled to double recovery by adding these previously claimed lost profits damages to its business devastation claim. Nor can Absolute's business devastation claim include lost future profits, because even Mr. Olson has not opined as to profits Absolute might have made in the future but for the wharf project. Again, there is no testimony by anyone, be it Mr. Rulien, Mr. Lembke, or Mr. Olson, as to future "profits" which Absolute may have lost.

Thus, the fatal flaw to Absolute's business devastation claim is that it fails to provide any rational basis upon which a jury could possibly determine "the difference between its **net value** when it was in operation and its **net value** after cessation of operation", or, in this case, Absolute's "net value" subsequent to the Kodiak wharf project.

The court properly dismissed Absolute's business devastation claim based upon the clear holding of *Geolar*. Because Absolute has cited no business devastation authority which is contrary to *Geolar*, and has provided no facts which could lead to the conclusion that any more that "half the

**LANE POWELL LLC**
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

**Opposition of Coffman Engineers, Inc. to Motion to Reconsider**
**Order at Docket 339 as to Dismissal of Business Devastation Claim**
*Absolute Envtl. Servs., Inc. v. Forrest McKinley, et al.* **(Case No. 3:03-cv-00199-RRB)**   Page 6 of 7

[required] calculation" has been provided by Absolute, the court should not reconsider its earlier ruling.

DATED this 28th day of September, 2006.

LANE POWELL LLC
Attorneys for Coffman Engineers, Inc.

By  s/ Peter C. Partnow
    Peter C. Partnow, ASBA No. 7206029
    301 W. Northern Lights Blvd., Suite 301
    Anchorage, Alaska 99503-2648
    Tel:  907-277-9511
    Fax:  907-276-2631
    Email:  PartnowP@LanePowell.com

I certify that on September 28, 2006, a copy of the foregoing was served electronically on the following:

William R. Baerg, baerg@mmlawyers.com
Eric J. Brown, ebrown@jdolaw.com
Robert J. Dickson, acgecf@acglaw.com
Patrick J. Duffy, duffy@mmlawyers.com
Jami K. Elison, jamie@mhf-law.com
Michael E. Kreger, mkreger@perkinscoie.com
Terry R. Marston, terry@mhf-law.com
James B. Stoetzer, stoetzerj@lanepowell.com

and by mail on:

Paul J. Nangle, Paul J. Nangle & Associates
101 Christensen Dr, Anchorage, AK 99501

 s/Peter C. Partnow

011680.0076/156764.1

**LANE POWELL LLC**
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

**Opposition of Coffman Engineers, Inc. to Motion to Reconsider
Order at Docket 339 as to Dismissal of Business Devastation Claim**
*Absolute Envtl. Servs., Inc. v. Forrest McKinley, et al.* **(Case No. 3:03-cv-00199-RRB)**      Page 7 of 7