Michael E. Kreger
Perkins Coie LLP
1029 W. Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561
(907) 276-3108 (Facsimile)
mkreger@perkinscoie.com

Attorneys for Defendants Brechan Enterprises, Inc. and
Safeco Insurance Company of America

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska corporation,<br><br>Plaintiff,<br><br>v.<br><br>FORREST J. MCKINLEY, et al.,<br><br>Defendants. | Case No. 3:03-cv-0199-RRB |

**BRECHAN AND SAFECO'S OPPOSITION
TO ABSOLUTE'S MOTION TO RECONSIDER ORDER
GRANTING PARTIAL SUMMARY JUDGMENT
ON ABSOLUTE'S BUSINESS DEVASTATION CLAIM**

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

ABSOLUTE v. MCKINLEY, et al.
Case No. 3:03-cv-0199-RRB                - 1 -                [38599-0012/AA062700.015]

The Court granted the motions for partial summary judgment at Dockets 216 and 219. Absolute has not identified any basis for the Court to reconsider its decision.[1]

The Court properly found that expert opinions of Lembke and Rulien should be excluded, because they both candidly testified that they had not analyzed the business devastation claim and had not formed opinions on it. The Court also properly found that under Geolar, the jury would lack any basis for making a determination concerning business devastation damages.

Absolute has not identified any error of law in the Court's analysis. Absolute has not identified significant evidence that the Court overlooked. Absolute simply reargues points already considered by the Court, or raises meritless attacks on the Court's decision.

Much of Absolute's argument is that Absolute produced various financial documents during discovery, and these documents were the subject of deposition questions. But Absolute's argument rests on a wild distortion of the issues considered on this motion.

Absolute hired Mr. Rulien to give an opinion about Absolute's value as of December 2003, while making the assumption that Absolute did not incur any losses on the Cargo Wharf project. With that as the starting point, the next question was Absolute's current value, and any causal analysis concerning why its

---

[1] Brechan also joins in Coffman's opposition to Absolute's Motion for Reconsideration.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

ABSOLUTE v. MCKINLEY, et al.
Case No. 3:03-cv-0199-RRB              - 2 -                [38599-0012/AA062700.015]

current value is what it is. Both of Absolute's experts testified that they had not been asked to analyze this issue, and had not done so, and had no opinions to express regarding the value of any business devastation claim. The Court properly excluded any testimony by Lembke and Rulien on this basis. Order at 12. Defendants also deposed Absolute under Rule 30(b)(6) to determine what information Absolute had about Absolute's current value. Mr. Olson—the person designated by Absolute as most knowledgeable on this subject—testified that he did not know. Thus, the record before the Court included no testimony concerning an "after" valuation of Absolute.

After the defendants filed their summary judgment motions, Absolute attempted to create an issue as to its current value by submitting materials that it had not previously disclosed to the other parties—an August 21, 2006 declaration from Mr. Rulien, an August 18, 2006 declaration from Mr. Olson, and July 2006 financial data about Absolute. Absolute claimed that these new materials demonstrated Absolute's current lack of value. The Court properly disregarded this information, for a variety of reasons stated in detail in Coffman's and Brechan's reply briefs and in the Court's Order.

Now, Absolute's principal point for reconsideration is that it had previously disclosed <u>other</u> financial information about Absolute, including its 2004 profit and loss statements and balance sheets, and that Mr. Olson had been deposed about the 2004 data. But the <u>2004</u> financial data was not at issue in these motions. In response to the defendants' summary judgment motions, Absolute claimed that its business devastation damages were proved by the <u>2006</u> data and

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

ABSOLUTE v. MCKINLEY, et al.
Case No. 3:03-cv-0199-RRB                - 3 -                [38599-0012/AA062700.015]

testimony, which it disclosed for the first time with its opposition brief filed on August 21, 2006. The Court properly excluded the August 2006 data, again for a variety of valid evidentiary and discovery reasons reflected in the prior briefs and the Court's order. While it is true that the 2004 financial data had been produced earlier, even Absolute regarded it as irrelevant to the business devastation claim, as Absolute did not rely on it in opposing the defendants' motions for summary judgment.[2]

Moreover, the 2004 financial data that Absolute has submitted with its motion for reconsideration is not a business valuation. It is a balance sheet and a profit and loss statement. Neither Mr. Rulien, nor Mr. Lembke, nor even Mr. Olson, testified that they could form, or had formed, an opinion as to Absolute's <u>value</u> based on the 2004 profit and loss statement and balance sheet. Thus, this prior disclosure did nothing to fill the gap that is fatal to this claim, the lack of admissible evidence to establish Absolute's value after the completion of Cargo Wharf project. The point remains, as the Court ruled, that the evidence is insufficient to meet the requirements of proof for a business devastation claim, under the standard set in <u>Geolar</u>.

Absolute also argues that the Court should consider the opinion of David

---

[2] With regard to the late-disclosed documents or opinions, Absolute keeps saying that there was no discovery motion filed. Absolute never says exactly why this matters, and in fact, it does not matter. As Brechan discussed on in the original briefing (Docket 299 at pp. 4-5), Rule 37(c) is self-executing. No discovery motion is necessary in order for the Court to refuse to consider materials not previously produced in discovery. <u>Yeti by Molly Ltd. v. Deckers Outdoor Corp.</u>, 259 F.3d 1101, 1106 (9th Cir. 2001).

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

ABSOLUTE v. MCKINLEY, et al.
Case No. 3:03-cv-0199-RRB        - 4 -        [38599-0012/AA062700.015]

Olson regarding Absolute's current value. Brechan addressed this issue in its reply brief (Docket 299 at 7-11), and refers back to those points. Absolute's motion for reconsideration misses the mark again. Absolute says, again, that Mr. Olson can testify as a business owner about his company's financial affairs, but accepting that point for purposes of argument, that does not mean that he has the expertise to express a business valuation opinion. To the contrary, he conceded at his deposition that he has no accounting background and he has never done a business valuation. Absolute Dep. at 39 (Ex. 4 to Docket 219). Even if he could express an opinion on this subject, when he was asked in clear language to do so, he said he did not know the company's value. He is not permitted to change this testimony to create a genuine issue of material fact to defeat summary judgment.

## CONCLUSION

The Court properly granted partial summary judgment on the business devastation claim. As Absolute concedes by its silence, the testimony of its experts was properly excluded because they conceded they had not evaluated Absolute's current value or the amount of any business devastation loss. In response to the motions for summary judgment, Absolute failed to meet its burden of demonstrating admissible evidence to establish a loss as required by Geolar. The motion for reconsideration should be denied.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

ABSOLUTE v. MCKINLEY, et al.
Case No. 3:03-cv-0199-RRB     - 5 -     [38599-0012/AA062700.015]

DATED at Anchorage, Alaska on September 28, 2006.

**PERKINS COIE LLP**
Attorneys for Defendant
Brechan Enterprises, Inc.

By  /s/ Michael E. Kreger
    Michael E. Kreger
    Alaska Bar No. 8311170
    James N. Leik
    Alaska Bar No. 8111109
    Perkins Coie LLP
    1029 W. Third Avenue, Suite 300
    Anchorage, Alaska  99501
    (907) 279-8561
    (907) 276-3108 (Facsimile)
    Email: mkreger@perkinscoie.com

I hereby certify that on September 28, 2006, the foregoing was served electronically on Robert J. Dickson, Peter C. Partnow, William R. Baerg, Terry R. Marston II, James B. Stoetzer, and Eric J. Brown.

 /s/ Michael E. Kreger
    Michael E. Kreger

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

ABSOLUTE v. MCKINLEY, et al.
Case No. 3:03-cv-0199-RRB    - 6 -    [38599-0012/AA062700.015]