Peter C. Partnow, ASBA No. 7206029
James B. Stoetzer, ASBA No. 7911130
Lane Powell LLC
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Tel:  907-277-9511
Fax:  907-276-2631
PartnowP@LanePowell.com

Attorneys for Third-Party Defendant
Coffman Engineers, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska corporation,<br><br>                            Plaintiff,<br>v.<br><br>FORREST J. MCKINLEY, an individual, d/b/a "Imperial Industrial Coatings" and EMERCO, INC., a California corporation d/b/a Imperial Industrial Coatings, BRECHAN ENTERPRISES, INC., an Alaska corporation; and SAFECO INSURANCE COMPANY OF AMERICA, a Washington corporation,<br><br>                            Defendants. | Case No. 3:03-cv-00199-RRB<br><br>**REPLY OF COFFMAN ENGINEERS, INC. TO ABSOLUTE'S OPPOSITION TO COFFMAN'S MOTION IN LIMINE REGARDING PUNITIVE DAMAGES**[1] |
| EMERCO, INC., a California corporation d/b/a Imperial Industrial Coatings, and the States for Use and Benefit of EMERCO, INC.,<br><br>   Counterclaimant/Third-Party Claimant,<br><br>    v.<br><br>ABSOLUTE ENVIRONMENTAL SERVICES INC., an Alaska corporation, et al.,<br><br>   Cross-Defendants/Third-Party Defendants. | |

---

[1] The court specifically ordered a reply on the punitive damages issues by noon on September 28, 2006.  By separate reply, Coffman will address its remaining motions in limine which have not yet been ruled on by the court.

**LANE POWELL LLC**
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

| | |
|---|---|
| THE UNITED STATES OF AMERICA *for the use and benefit of* ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, | |
| Plaintiff, | |
| v. | |
| SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation. | |
| Defendants. | |
| BRECHAN ENTERPRISES, INC., an Alaska corporation, | |
| Counterclaim Plaintiff, | |
| v. | |
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, | |
| Counterclaim Defendant. | |
| BRECHAN ENTERPRISES, INC., an Alaska corporation, | |
| Third-Party Plaintiff, | |
| v. | |
| COFFMAN ENGINEERS, INC, a Washington Corporation. | |
| Third-Party Defendant. | |
| ABSOLUTE ENVIRONMENTAL SERVICES INC., an Alaska Corporation, | |
| Plaintiff/Cross-Claimant, | |
| v. | |
| COFFMAN ENGINEERS, INC, a Washington Corporation. | |
| Third-Party Defendant. | |

**Reply of Coffman to Absolute's Opposition to Coffman's Motion in Limine Regarding Punitive Damages**
*Absolute Envtl. Servs., Inc. v. Forrest McKinley, et al.* **(Case No. 3:03-cv-00199-RRB)**     **Page 2 of 12**

Third-party defendant and cross-claimant Coffman Engineers, Inc. ("Coffman") submits this brief in reply to the opposition of plaintiff Absolute Environmental Services ("Absolute") to Coffman's motion in limine relating to punitive damages.

## I.  INTRODUCTION

Motion No. 10 of Coffman's Motions in Limine (Docket No. 326), filed on September 8, 2006, seeks to exclude any evidence, opinion or argument regarding punitive damages, and any aspect of the current investigation of BP or Coffman's involvement or dealings with BP. *Id.*  This motion is based on the fact that in a letter dated September 8, 2006 the same day Coffman filed its motions, Absolute's counsel (in the context of settlement negotiations), for the first time, suggested a claim for punitive damages against Coffman.  Absolute essentially acknowledged it had not pled punitive damages in its cross-claim, but asserted it was not required to do so under governing Alaska authority.  Absolute went on to state that, based on "news reports", it intended to introduce evidence regarding the investigation of BP with regard to North Slope pipeline maintenance issues, and would argue that Coffman "whitewashed" matters pertaining to the BP situation.  Coffman noted in its motion in limine that not only was Absolute's punitive damages threat untimely and unwarranted, but that any argument or evidence would be inappropriate and contrary to Evidence Rules 401, 402, 403, 404 and 608(b).

In its opposition brief, Absolute now argues it <u>did</u> plead punitive damages in its cross-claim against Coffman, that in any event, under *Great Divide Insurance v. Carpenter*, 79 P.3d 599 (Alaska 2003), it need not do so, and that inclusion of a punitive damages jury instruction submitted several days ago constituted sufficient notice of its intent to seek punitive damages.

## II.  ARGUMENT[2]

Absolute's argument in opposition is wrong on many levels, misrepresents the contents of its cross-claim, and utterly ignores the fact that at no time during discovery did it ever reveal its intent to

---

[2] To the extent not specifically raised in this reply, Coffman joins in the arguments set forth on behalf of Brechan Enterprises, Inc. in its Response to Absolute's Brief (Docket 372) Regarding Punitive Damages.  *See* Docket 391.

**Reply of Coffman to Absolute's Opposition to Coffman's Motion in Limine Regarding Punitive Damages**
*Absolute Envtl. Servs., Inc. v. Forrest McKinley, et al.* **(Case No. 3:03-cv-00199-RRB)**                                **Page 3 of 12**

**LANE POWELL LLC**
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

seek punitive damages, despite being asked in interrogatories to describe all damages it was seeking. Absolute's request for punitive damages is nothing more than an eleventh hour tactical ploy occasioned by the dismissal of its business devastation claim. Coffman's motion in limine should be granted, and Absolute should be precluded from introducing any evidence, opinion or argument regarding punitive damages or any aspect of Coffman's involvement with BP.

      **A.**      **Federal Procedural Law Applies in This Case, and Bars Absolute's Untimely Assertion of Punitive Damages Claim in Its Proposed Jury Instructions.**

Absolute argues, contrary to basic hornbook law, that Alaska procedural law determines whether it is allowed to assert a claim for punitive damages on the eve of trial without pleading punitive damages or amending its complaint. Opposition p. 11. While state substantive law governs federal diversity cases, *see, e.g.*, *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), state procedural law in "direct collision" with one or more Federal Rules of Civil Procedure has no application. *Hanna v. Plummer*, 380 US 460 (1965). Instead, Federal Rules of Civil Procedure govern whenever they are "sufficiently broad to control the issue before the Court." *Walker v. Armco Steel Corp.*, 446 U.S. 740, 749-50 (1980). The federal rules are to be given their "plain meaning." *Id.* at 750 n.9. Thus, while Absolute is correct that AS 09.17.020(a) provides the substantive standards for awarding punitive damages, two Federal Rules dictate when and how a claim for punitive damages may be asserted in federal court.

First, Fed. R. Civ. P. 8(a)(3) requires that claims for relief include "a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded." If Absolute intended to assert a claim for punitive damages, it was required to do so was in its complaint. *See, e.g.*, *Clark v. Allstate Ins. Co.*, 106 F. Supp.2d 1016, 1020 (S.D. Cal. 2000) ("Here, Plaintiff's Complaint complies with Rules 8 and 9 because it *clearly requests punitive damages* and makes conclusory assertions of intentional and malicious misconduct.") (Emphasis added.) Absolute's cross-claim against Coffman made no mention of punitive damages, despite specifically demanding compensatory damages, restitution, interest, and attorney's fees. Coffman directs the Court's attention to Absolute's cross-claim, Docket No. 133.

**LANE POWELL LLC**
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

The case of *Campbell v. Thornton*, 644 F. Supp. 103, (W.D. Mo. 1986), is illustrative. There, the complaint neither included a prayer for punitive damages nor "allege[d] that the defendants had acted willfully, maliciously, or with callous disregard for the plaintiff's rights." *Id.* at 105. The Court held that plaintiff's motion to amend the pleadings to conform to the evidence did not provide "fair notice of plaintiff's intention to seek punitive damages," and granted the defendant judgment as a matter of law "for the reason that plaintiff failed to allege an adequate basis for the recovery of punitive damages in his complaint." *Id.*

Additionally, Fed. R. Civ. P. 9(g) provides that "[w]hen items of special damages are claimed, they shall be specifically stated." "Rule 9(g) unambiguously requires a plaintiff to set forth a demand for punitive damages in its complaint." *Citron v. Armstrong World Industries, Inc.*, 721 F. Supp. 1259, 1261 (S.D. Fla. 1989). Again, Absolute made no specific statement asserting punitive damages.

The Federal Rules also specify the mechanism for asserting claims not included in the original complaint. Rule 15(a) provides the procedure by which a party may amend its complaint prior to the expiration for the deadline set in the pretrial order. Rule 16(b) provides the procedure by which a party may seek to amend its pleadings after the deadline set by the pretrial order has passed. Absolute has failed to comply with *any* of these procedures.

Instead, in what appears to be a covert attempt to overrule *Hanna* and *Walker*, Absolute relies exclusively on Alaska procedural law to support its argument that it is entitled to assert a punitive damage claim for the first time after discovery has closed and two weeks before trial. Absolute's brief is entirely "unhelpful because [it] relied heavily on [Alaska] decisions that do not govern the adequacy of pleadings in federal court." *Clark*, 106 F. Supp.2d at 1019 n.3. Absolute relies on *Great Divide Ins. Co. v. Carpenter*, 79 P.3d 599 (Alaska 2003), where the Court actually *barred* plaintiff's last minute claim for punitive damages as untimely. *Id.* at 613. However, the Court suggested in dictum that the plaintiff's assertion <u>might</u> have been timely and avoided prejudice to the defendant had it been made a month earlier in proposed jury instructions. *Id.* at 612.

**LANE POWELL LLC**
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

**Reply of Coffman to Absolute's Opposition to Coffman's Motion in Limine Regarding Punitive Damages**
*Absolute Envtl. Servs., Inc. v. Forrest McKinley, et al.* **(Case No. 3:03-cv-00199-RRB)**       **Page 5 of 12**

The dictum relied upon by Absolute in *Carpenter*'s procedural ruling directly conflicts with the "plain meaning" of Federal Rules of Civil Procedure 8(a)(3), 9(g), 15(a), and 16(b), which are broad enough to govern each facet of pleading and amendments thereto in federal court.  The Federal Rules govern this case.  *See, e.g., Clark*, 106 F. Supp.2d at 1018-19 (rejecting the use of California's pleading standards for punitive damages claims).  Absolute's non-compliance dictates that its untimely claim for punitive damages be disallowed.

Moreover, even if Absolute were to attempt to comply with these procedures, the Court must deny its request.  Because the deadline for amending pleadings has long since passed, Absolute must show good cause for a late assertion of a claim for punitive damages.  An examination of this standard shows why Absolute has chosen not to take this route.

In evaluating whether good cause exists, "the existence of prejudice or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, [but] the focus of the inquiry is upon the moving party's reasons for seeking modification.  ***If that party was not diligent, the inquiry should end***."  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (emphasis added).  Absolute's explanation for its delay is that it did not receive key evidence until June 2006.[3]  This was three months ago.  In the interim Absolute answered a discovery interrogatory without mentioning punitive damages or producing or indicating the documents upon which it intended to rely.  *See* Partnow Dec., Exhibit B, pp. 10-11.  Aside from the delay *after* receiving the alleged proof, this does not explain why Absolute did not at least investigate the availability of punitive damages immediately upon alleging "fraud," or why its cross-complaint did not simply contain an allegation of punitive damages.  Particularly in light of its numerous late filings, Absolute can make no realistic claim that it was diligent, thus ending the inquiry.

To the extent additional reasons to disallow the late assertion are required, Coffman will suffer significant prejudice if punitive damages are allowed, since it was deprived of the opportunity to conduct discovery into this claim.  Coffman missed the opportunity to discover through

---

[3] This "key" evidence came from Brechan, not Coffman.

**LANE POWELL LLC**
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511 Facsimile 907.276.2631

**Reply of Coffman to Absolute's Opposition to Coffman's Motion in Limine Regarding Punitive Damages**
*Absolute Envtl. Servs., Inc. v. Forrest McKinley, et al.* (Case No. 3:03-cv-00199-RRB)   Page 6 of 12

interrogatories the basis for Absolute's claim, and the opportunity to attempt to resolve it on summary judgment.

The federal courts regularly deny motions to amend pleadings to include punitive damages claims after the pleading amendment deadline has passed. *See, e.g.*, *Freeman v. Busch*, 349 F.3d 582, 589 (8th Cir. 2001); *Martin v. Purina Mills*, 143 F.R.D. 254 (D. Kan. 1992). Late punitive damages assertions are even denied under the more lenient standard of Rule 15(a)—inapplicable here because the amendment deadline had passed. *See Kleinhans v. Lisle Saving Profit Sharing Trust*, 810 F.2d 618, 625-26 (7th Cir. 1987). Absolute's late and procedurally improper attempt to assert a claim for punitive damages against Coffman must be disallowed.

> It is also important to note that Absolute was asked in interrogatories as follows: <u>INTERROGATORY NO. 4</u>: As to any damages which you claim to have incurred as a result of Coffman's conduct, please identify with specificity the amount of all such damages, the act or omission which led to such damages, and the amount of damages attributable to each such act or omission.

In response, Absolute stated as follows:

> "See Mike Lembke and Jeremy Hailey report."

Partnow Dec., Exhibit A, p. 9. Nothing in either the Lembke or Hailey reports gives any indication that punitive damages were sought by Absolute. This fact renders specious any attempt by Absolute to argue, essentially, that it <u>always</u> intended to seek punitive damages. Even more troubling is Absolute's failure to indicate that it was seeking punitive damages in discovery responses made three weeks *after* Absolute acknowledged receipt of the allegedly critical evidence. *See* Partnow Dec., Exhibit B, p. 10.

    **B.**    **<u>Absolute's Punitive Damages Claim Would Be Untimely Under State Procedural Law, as Well</u>.**

Absolute's late assertion of punitive damages would be untimely even under *Carpenter*'s dictum. The *Carpenter* Court suggested—without deciding—that that assertion of a punitive damages claim a full month before trial in proposed jury instructions might have provided sufficient notice and averted prejudice to the defendant. *Carpenter*, 79 P.3d at 612. However, the Court's

**LANE POWELL LLC**
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511 Facsimile 907.276.2631

primary focus was not on the specific procedure, but whether the defendant was prejudiced. *Id.* ("In this case we have little doubt that fair notice that punitive damages would be sought was not given.") Absolute's assertion that its inclusion of the punitive damages claim in its proposed jury instructions forecloses any argument based on fair notice or prejudice would elevate form over substance in a way antithetical substance and holding of the *Carpenter* decision. Where jury instructions were due a mere ten days before trial started, the Court should conduct its own analysis—using the notice and prejudice touchstones of *Carpenter*—to determine whether a late assertion of punitive damages claims should be allowed.

Absolute's assertion a mere two weeks before trial has deprived Coffman of the opportunity to conduct discovery and formulate litigation strategy surrounding the separate evidentiary requirements of a punitive damages claim, leaving it severely prejudiced in defending this claim. S*ee* AS 09.17.020. To the extent that Coffman's discovery practice *did* touch upon issues surrounding punitive damages, Absolute actively frustrated those efforts by not listing punitive damages in its initial disclosures or in response to specific damages interrogatories, and then declining to amend its response as required by Fed. R. Civ. P. 26(e)(2). Indeed, with only days remaining before trial, Coffman has only its own speculation on the evidence upon which Absolute intends to rely.

Absolute suggests that even though it did not plead or request punitive damages in its cross-claim, it was sufficient for it to have pled causes of action upon which punitive damages are sometime awarded. Opposition pp. 11-12. But Alaska law does not automatically support an award of punitive damages for these causes of action. *See, e.g.*, *State Farm Mut. Auto. Ins. Co. v. Weiford*, 831 P.2d 1264, 1267-69 (Alaska 1992) (holding that not all "bad faith" breaches of insurance contracts warrant punitive damages); *Nelson v. Progressive Insurance*, 976 P.2d 859, 865 (Alaska 1999) ("Not all conduct which amounts to [an intentional tort] is sufficiently outrageous to warrant an award of punitive damages.").

Moreover, Absolute's single mention of the word "fraud" in its cross-claim against Coffman does not implicitly include a pleading of the elements of punitive damages. *See* docket No. 133. To

LANE POWELL LLC
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

implicate fraud under Alaska law, a claimant must allege (a) a false representation of fact, (b) knowledge of the falsity, (c) intention to induce reliance, (d) justifiable reliance, and (e) damages. *Jarvis v. Ensminger*, 134 P.3d 353, 363 (Alaska 2006). Punitive damages require outrageous conduct, malice, or reckless indifference. AS 09.17.020(a). To support a claim for punitive damages, conduct alleged in a complaint must either be "necessarily outrageous" or "characterized" as such. *Carpenter*, 79 P.2d at 612. Absolute's single invocation of "fraud" is insufficient to meet this requirement. Absolute's failure to plead punitive damages—by either the federal or state standard—was its first indication that it was not seeking them; its response to Coffman's damages interrogatory confirmed this fact.

### C. Absolute's Discovery Misconduct Prevents It From Asserting a Claim for Punitive Damages.

Federal Rule of Civil Procedure 26(a)(1)(C) requires disclosure of "a computation of any category of damages claimed by the disclosing party . . . ." Absolute made no mention of punitive damages in its initial disclosures. Nor did Absolute supplement its initial disclosures at any time to include amounts for or a claim of punitive damages.

Absolute's failure to mention punitive damages in response to several discovery requests asking it to list and calculate all claimed damages—and to supplement its responses, as required by Fed. R. Civ. P. 26(e)(2)—resulted in further prejudice, as Coffman justifiably relied on Absolute's implicit statement that it was not seeking punitive damages in conducting discovery, formulating litigation strategy, and performing trial preparation. It failed to mention punitive damages in its discovery responses even three weeks *after* receiving the allegedly "critical" evidence. *See* Partnow Dec., Exhibit B, p. 10. Absolute also specifically claimed at that time to have produced all documents related to its damages claims. *Id.* at 11. In short, Absolute willfully violated its discovery responsibilities in order to ambush Coffman with a punitive damages claim on the eve of trial.

In addition to Absolute's failure to plead punitive damages, its discovery violations also require that this Court refuse to allow Absolute to present its punitive damage claim. Federal Civil

**LANE POWELL LLC**
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

Rule 26(e)(2) provides that "[a] party is under a duty seasonably to amend a prior response to an interrogatory, request for production, or request for admission if the party learns that the response is in some material respect incomplete or incorrect . . . ." Federal Civil Rule 37(c)(1) states that "[a] party that without substantial justification fails to . . . amend a prior response as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed."

Absolute's suggestion that its failure to plead, disclose, or reveal its punitive damages claim in response to specific interrogatories is harmless under AS 09.17.020(e) is also incorrect. That statute is procedural in nature, regulating certain limited discovery surrounding punitive damages. Pursuant to *Hanna* and *Walker*, the Federal Rules of Civil Procedure govern discovery in federal diversity suits. Absolute cannot hide behind AS 09.17.020(e).

Moreover, even if AS 09.17.020(e) did apply, it would not excuse Absolute's failure to list or calculate its punitive damage claim in response to specific discovery requests. AS 09.17.020(e) provides for delayed discovery of only two issues: the amount of financial gain that the defendant gained or expected to gain, and the defendant's financial condition. Neither of these issues was implicated by Coffman's discovery requests to Absolute.

### D. Absolute's Case Law Is Not on Point and Should Be Disregarded.

Absolute's citation to *United States v. CNA Financial Corp.*, 381 F. Supp.2d 1088 (D. Alaska 2005), stands for the unremarkable position that a claim of insurance bad faith can support an award of punitive damages;[4] it is utterly irrelevant to the issue whether Absolute may assert a claim for punitive damages on the eve of trial. *CNA Financial* might be relevant to the sufficiency of Absolute's pleadings to support its untimely claim for punitive damages under Alaska state procedural law. But that law does not govern this case, and is unavailing in any case. As established above, the Federal Rules of Civil Procedure require each party making a claim to state all forms of

---

[4] Alaska courts have consistently treated insurance contracts differently than commercial contracts negotiated at arm's length, and have developed a separate jurisprudence for the interpretation and enforcement of these contracts. *CNA Financial*'s precedential value on this point is weak, at best.

**LANE POWELL LLC**
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

**Reply of Coffman to Absolute's Opposition to Coffman's Motion in Limine Regarding Punitive Damages**
*Absolute Envtl. Servs., Inc. v. Forrest McKinley, et al.* (Case No. 3:03-cv-00199-RRB)    Page 10 of 12

relief being requested. Absolute is not entitled to make a late assertion of punitive damages simply because it is proceeding to trial on its breach of contract claims.

Absolute's citation to *Casciola v. F.S. Air Service, Inc.*, 120 P.3d 1059 (Alaska 2005), is similarly inapposite. Specifically, Absolute asserts that *Casciola* establishes its right to introduce evidence of unrelated acts to prove fraud and intentional deceit. Doc. No. 372 at 13. In that case, the trial court noted in passing while imposing punitive damages that "'Defendants' actions also appear . . . to have been . . . part of a series of deliberate actions.'" *Casciola*, 120 P.3d at 1062 (quoting lower court). The *Casciola* Court on appeal then noted in passing that the defendants' conduct "appears to be part of a larger pattern of wrongdoing" and "emblematic of a larger pattern." *Id.* at 1068.

*Casciola*'s casual mention of other possible wrongdoing by the defendant is not an invitation to disregard the clear mandate of Federal Rules of Evidence 401, 402, 403, 404(a) and 608 and open the trial to an exploration by Absolute of all prior allegedly bad acts of Coffman. Moreover, at no point has Absolute listed any witnesses competent or purporting to testify to Coffman's "routine practice," "character" or alleged prior bad acts. Absolute has not designated any exhibits on these issues, nor has it stated the factual basis for its untimely punitive damages claim, despite a discovery request specifically asking it to do so. Additionally, due to Absolute's failure to mention this (still ill-defined) claim and theory, this claim has not been a subject of discovery.

Absolute's vague suggestion that it will present such evidence to establish a "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident" cannot be taken seriously, and should not be allowed in any event. This dubious assertion has no bearing on the threshold issue of whether Absolute should be allowed to ambush Coffman shortly before trial with a punitive damages claim after failing to plead punitive damages, disclaiming them in discovery practice, and failing to amend its cross-claim or its misleading discovery responses.

### III.   CONCLUSION

Absolute's untimely attempt to assert a claim for punitive damages on the eve of trial must be denied. Absolute failed to comply with governing federal pleading requirements; it then failed to

**LANE POWELL LLC**
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511   Facsimile 907.276.2631

**Reply of Coffman to Absolute's Opposition to Coffman's Motion in Limine Regarding Punitive Damages**
*Absolute Envtl. Servs., Inc. v. Forrest McKinley, et al.* **(Case No. 3:03-cv-00199-RRB)**            **Page 11 of 12**

mention its punitive damages claim in response to specific damages interrogatories; it then failed to supplement its discovery responses, choosing instead to ambush Coffman with this claim at the eleventh hour. Coffman's ability to defend against this new claim has been severely prejudiced, and significant attention has been diverted from its trial preparation to respond to Absolute's untimely assertion. Even under the inapplicable state procedural law upon which Absolute inappropriately seeks to rely, its untimely punitive damages claim must be disallowed.

DATED this 28th day of September, 2006.

LANE POWELL LLC
Attorneys for Coffman Engineers, Inc.

By  s/ Peter C. Partnow
    Peter C. Partnow, ASBA No. 7206029
    James B Stoetzer, ASBA No. 7911130
    301 W. Northern Lights Blvd., Suite 301
    Anchorage, Alaska 99503-2648
    Tel:  907-277-9511
    Fax:  907-276-2631
    Email:  PartnowP@LanePowell.com

I certify that on September 28, 2006, a copy of the foregoing was served electronically on the following:

William R. Baerg, baerg@mmlawyers.com
Eric J. Brown, ebrown@jdolaw.com
Robert J. Dickson, acgecf@acglaw.com
Patrick J. Duffy, duffy@mmlawyers.com
Jami K. Elison, jamie@mhf-law.com
Michael E. Kreger, mkreger@perkinscoie.com
Terry R. Marston, terry@mhf-law.com
James B. Stoetzer, stoetzerj@lanepowell.com
James E. Niemer, niemerj@lanepowell.com

and by mail on:

Paul J. Nangle, Paul J. Nangle & Associates
101 Christensen Dr, Anchorage, AK 99501

 s/Peter C. Partnow

011680.0076/156772.1