Terry R. Marston, *pro hac vice*, terry@mhf-law.com
Jami K. Elison, *pro hac vice*, jamie@mhf-law.com
MARSTON HEFFERNAN FOREMAN, PLLC
16880 N.E. 79th Street
Redmond, Washington 98052
(425) 861-5700

PAUL J. NANGLE & ASSOCIATES
Kerry Building
101 Christensen Drive
Anchorage, Alaska 99501
Telephone: (907) 274-8866

Attorney for Plaintiff ABSOLUTE ENVIRONMENTAL SERVICES, INC.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, )<br><br>Plaintiff, )<br><br>vs. )<br><br>FORREST J. MCKINLEY, an individual, d/b/a "Imperial Industrial Coatings" and EMERCO, INC., a California Corporation, d/b/a Imperial Industrial Coatings, BRECHAN ENTERPRISES, INC., an Alaska corporation; and SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation. )<br><br>Defendants. )<br>EMERCO, INC., a California corporation d/b/a) Imperial Industrial Coatings, and the States for ) Use and Benefit of EMERCO, INC., )<br><br>Counterclaimant/Third-party Claimant, )<br><br>v. )<br><br>ABSOLUTE ENVIRONMENTAL SERVICES) INC., an Alaska corporation, et al., )<br><br>Cross-defendants/Third-party Defendants. ) | Case No.: A03-0199CV (RRB)<br><br><br><br>**ABSOLUTE ENVIRONMENTAL'S RESPONSES TO COFFMAN'S FIRST DISCOVERY REQUESTS** |

ABSOLUTE ENVIRONMENTAL'S RESPONSES TO COFFMAN'S FIRST DISCOVERY REQUESTS
Case No. A03-0199CV (RRB)-- 1

EXHIBIT __A__
PAGE __1__ OF __20__

| | |
|---|---|
| 1 | THE UNITED STATES OF AMERICA *for the use and benefit of* ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, ) ) ) ) |
| 2 | |
| 3 | ) |
| 4 | Plaintiff, ) vs. ) |
| 5 | ) |
| 6 | SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation. ) ) |
| 7 | Defendants. ) ) |
| 8 | |
| 9 | BRECHAN ENTERPRISES, INC., an Alaska ) corporation, ) |
| 10 | ) Counterclaim Plaintiff, ) |
| 11 | vs. ) ) |
| 12 | ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, ) ) |
| 13 | ) Counterclaim Defendant. ) |
| 14 | BRECHAN ENTERPRISES, INC., an Alaska ) corporation, ) |
| 15 | ) |
| 16 | Third-Party Plaintiff, ) vs. ) |
| 17 | COFFMAN ENGINEERS, INC, a Washington ) Corporation. ) |
| 18 | Third-Party Defendant. ) |
| 19 | ABSOLUTE ENVIRONMENTAL SERVICES ) |
| 20 | INC., an Alaska Corporation, ) ) |
| 21 | Plaintiff/Cross-claimant, ) |
| 22 | vs. ) ) |
| 23 | COFFMAN ENGINEERS, INC, a Washington ) Corporation. ) |
| 24 | Third-Party Defendant. ) ) |
| 25 | |
| 26 | |

ABSOLUTE ENVIRONMENTAL'S RESPONSES TO COFFMAN'S FIRST DISCOVERY REQUESTS
Case No. A03-0199CV (RRB)-- 2

EXHIBIT _A_

PAGE _2_ OF _20_

COME NOW third-party defendant Coffman Engineers, Inc., by and through counsel, and pursuant to Rules 33 and 34 of Federal R. Civ. P., to request that plaintiff Absolute Environmental Services, Inc., in this matter answer, in writing, within thirty days (plus three if mailed) of the date of service hereof, the following requests for production, requests for admission, and interrogatories.

Please be advised that Absolute is under a continuing obligation for the supplementation of the answers to these discovery requests based on newly acquired information.

INSTRUCTIONS

Interrogatories:

The interrogatories set forth below are served upon you in accordance with Rules 26 and 33 of the Federal Rules of Civil Procedure. Each interrogatory must be answered separately and in the fullest detail possible, under oath, in the spaces provided, using additional sheets as needed.

If any interrogatory is objected to, the reasons for the objection must be stated. If the objection is made to part of an interrogatory, the part objected to must be specified.

At the conclusion of the answer to each interrogatory, state the name of each person who answered or supplied information for the answer to that particular interrogatory, and, except where the information appears elsewhere, state the address, telephone number, place of employment, occupation, and current whereabouts of each such person.

The answers to these interrogatories must be signed under oath by the person making them, and objections must be signed by the attorney making them. A copy of the answers, and objections if any, must be served upon defendants within thirty days (plus three if mailed) after the date of service of these interrogatories upon you.

ABSOLUTE ENVIRONMENTAL'S RESPONSES TO COFFMAN'S FIRST DISCOVERY REQUESTS
Case No. A03-0199CV (RRB)-- 3

EXHIBIT ___A___

PAGE __3__ OF _20_

1      Please note that in accordance with Rule 26 of Federal R. Civ. P., you may be required to

2  seasonally supplement or amend your answers to these interrogatories to include certain

3  information specified in the Rule that is later acquired by you.

4  Requests for Production:

5      The requests for production set forth below are served upon you in accordance with Rule

6  34 of Federal R. Civ. P. Each document requested must be produced for inspection and copying

7  at the office of Lane Powell LLC within thirty days (plus three if mailed) after service of these

8  requests upon you. Providing copies of those documents to the undersigned within the time

9  period specified above may satisfy the requests.

10      These requests are intended to apply to all documents in your possession, or subject to

11  your custody or control, including documents in the possession of, or subject to the custody or

12  control of, your agents, and attorneys.

13      If any request is objected to, the reasons for the objection must be stated. If an objection

14  is made to part of a request, the part objected to must be specified. Furthermore, as to each

15  document, the production of which is objected to on the ground that it is privileged, please state:

16      (a)    The basis for your contention that the document is privileged;

17      (b)    The name or other means of identification of the document;

18      (c)    The date of the document;

19      (d)    The name, address and relationship to you of the person who prepared the

20  document;

21      (e)    The name, address and relationship to you of the person who prepared the

22  document; and

ABSOLUTE ENVIRONMENTAL'S RESPONSES TO COFFMAN'S FIRST DISCOVERY REQUESTS
Case No. A03-0199CV (RRB)-- 4

(f)    The name, address, telephone number, place of employment, occupation, current whereabouts and relationship to you of every person having possession, custody or control of the document or of any copy thereof.

Requests For Admissions:

The requests for admissions set forth below are served upon you in accordance with Rule 36 of Federal R. Civ. P.  The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow or as the parties may agree to in writing, subject to Rule 29, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the part's attorney.  If objection is made, the reasons therefore shall be stated.  The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter.  A copy of the answers, and objections if any, must be served upon plaintiffs within thirty (30) days after the date of service of these requests for admissions upon you.

Definitions:

Whenever the context in which words are used herein indicates or suggests that such is the intent, words in the singular shall include the plural and vice versa, and words in the masculine, feminine or neuter shall include each of the other genders.

In addition, wherever the terms set forth below appear herein, they shall be construed in accordance with the following definitions:

ABSOLUTE ENVIRONMENTAL'S RESPONSES TO COFFMAN'S FIRST DISCOVERY REQUESTS
Case No. A03-0199CV (RRB)-- 5

EXHIBIT ___A___
PAGE __5__ OF _20_

Document:

The word "document" means any written, recorded or graphic matter, however produced or reproduced. It includes all materials that relate or refer in whole or in part to the subjects referred to in any interrogatory or request for production. If a document has been prepared in several copies, or if additional copies have been made, and the copies are not identical or have undergone alteration, each non-identical copy is a separate "document." The word "document" shall also include all drafts of any requested document.

Identify:

The word "identify," in reference to a person, means furnish the name of the person, together with his or her address, telephone number, place of employment, occupation, and current whereabouts.

The word "identify" in reference to a document means:

(a)     Furnish the name or other means of identification of the document and its date; the name, address, telephone number, place of employment, occupation, and current whereabouts of the person originating the document; and of the person or persons to whom the document or any copies thereof were addressed, given or sent, and, if not otherwise evident, the relationship of all such persons to you; and

(b)     State whether you are in possession of the original document or a copy thereof; and, if not in possession of the original, furnish the name, address, telephone number, place of employment, occupation, and current whereabouts of the custodian of the original.

Person:

The word "person" means all entities, including any individual, firm, partnership, joint venture, corporation, association, or other business enterprise.

ABSOLUTE ENVIRONMENTAL'S RESPONSES TO COFFMAN'S FIRST DISCOVERY REQUESTS
Case No. A03-0199CV (RRB)-- 6

EXHIBIT ____A____

PAGE _6_ OF _20_

1  <u>You and Your</u>:

2     The words "you" and "your" refer to Absolute Environmental Services, Inc., its agents,

3  employees, and attorneys.

4

5     DATED: April 12, 2006.

6                         LANE POWELL LLC
                          Attorneys for Coffman Engineers, Inc.

7

8

9     By _____/s/_____
                          James B. Stoetzer, ASBA No. 7911130

10

11    <u>INTERROGATORY NO. 1</u>:   Please identify with specificity including the precise

12 location of <u>each</u> weld whose condition you contend was negligently or fraudulently

13 misrepresented by Coffman.

14    <u>ANSWER</u>:   All of the poor quality, defective, and water weeping welds applied in 1989

15 and not described in the 11/26/02 specs.

16

17

18    <u>REQUEST FOR PRODUCTION NO. 1</u>:   Please produce any and all documents which

19 reflect, refer to, relate to or support your response to Interrogatory No. 1.

20    <u>RESPONSE</u>:   Phase I Coffman, Brechan, and Swalling documents; Coffman 02405-

21 02422; Phase II Jerry Hardenbergh documents and photos; KEY200001-KEY20890.

22

23

24

25

26

EXHIBIT ___A___

PAGE ___7___ OF __20__

1   INTERROGATORY NO. 2:   Please identify with specificity including the precise

2   location of each seal weld whose condition you contend was negligently or fraudulently

3   misrepresented by Coffman.

4      ANSWER:   See response to Interrogatory No. 1.

5

6      REQUEST FOR PRODUCTION NO. 2:   Please produce any and all documents which

7   reflect, refer to, relate to or support your response to Interrogatory No. 2.

8      RESPONSE:   See response to Interrogatory No. 1.

9

10

11   INTERROGATORY NO. 3:   Please identify with specificity each and every alleged

12   negligent or fraudulent misrepresentation you claim was made by Coffman, including the date

13   when each such misrepresentation was made, who made each such misrepresentation, the person

14   or persons who received or heard each such misrepresentation, the date when Absolute first

15   learned of each such misrepresentation, and the manner in which Absolute learned of each such

16   misrepresentation.

17      ANSWER:   (Misrepresentation of site conditions, scope of work, and how work could be

18   accomplished) November 26, 2002 and when we found the October 30 memo in Imperial

19   Industrial Coating's production of documents it had obtained from the USCG.

20

21

22      REQUEST FOR PRODUCTION NO. 3:   Please produce any and all documents which

23   reflect, refer to, relate to or support your response to Interrogatory No. 3.

24      RESPONSE:   All documents in AES's care, custody, or control have previously been

25   produced.

26
ABSOLUTE ENVIRONMENTAL'S RESPONSES TO COFFMAN'S FIRST DISCOVERY REQUESTS
Case No. A03-0199CV (RRB)-- 8

EXHIBIT _____ A _____
PAGE _____ 8 _____ OF 20

INTERROGATORY NO. 4:  As to any damages which you claim to have incurred as a result of Coffman's conduct, please identify with specificity the amount of all such damages, the act or omission which led to such damages, and the amount of damages attributable to each such act or omission.

ANSWER:  See Mike Lembke and Jeremy Hailey reports.

REQUEST FOR PRODUCTION NO. 4:  Please produce any and all documents which reflect, refer to, relate to or support your response to Interrogatory No. 4.

RESPONSE:  Previously produced.

REQUEST FOR ADMISSION NO. 1:  Please admit that you were not required to perform any welding as part of your Phase II work.

RESPONSE:  Admit.

INTERROGATORY NO. 5:  If your response to Request for Admission No. 1 is anything other than an unqualified admission, please describe in detail any and all welding you were required to perform and the reason why that welding had to be performed.

ANSWER: N/A

ABSOLUTE ENVIRONMENTAL'S RESPONSES TO COFFMAN'S FIRST DISCOVERY REQUESTS
Case No. A03-0199CV (RRB)-- 9

EXHIBIT ___A___
PAGE ___9___ OF 20

REQUEST FOR ADMISSION NO. 2: Please admit that you were not required to repair any defective or missing welds as part of your Phase II work.

RESPONSE: Denied.

INTERROGATORY NO. 6: If your response to Request for Admission No. 2 is anything other than an unqualified admission, please describe in detail any and all defective or missing welds you were required to repair and the reasons why such repair work had to be performed.

ANSWER: All welds performed in the 1989 renovation had to be repaired to meet the acceptance criteria of the specifications.

REQUEST FOR ADMISSION NO. 3: Please admit that the stripe coating and caulking of welds referred to in Imperial's August 2, 2004 response to your Interrogatory No. 2 is not a condition for which you are now seeking damages from Coffman.

RESPONSE: Denied.

INTERROGATORY NO. 7: If your response to Request for Admission No.3 is anything other than an unqualified admission, please describe in detail how the failure to have the referenced welds caulked or stripe coated by others constitutes an element of damages which you believe to be recoverable from Coffman.

ANSWER: Welds caulked and stripe coated by Imperial Industrial Coating required repair by Absolute Environmental Services because prescriptive spec for caulk and stripe coat did not work.

ABSOLUTE ENVIRONMENTAL'S RESPONSES TO COFFMAN'S FIRST DISCOVERY REQUESTS
Case No. A03-0199CV (RRB)-- 10

EXHIBIT ___A___

PAGE __10__ OF__20__

INTERROGATORY NO. 8: Please itemize in detail all categories and amounts of damages for which you seek recovery in this law suit from Imperial, but not from Coffman or Brechan.

ANSWER: See Mike Lembke.

INTERROGATORY NO. 9: Please describe in detail each and every aspect of the design or specifications for Phase II which you claim failed to meet the requirements established by the United States Coast Guard in its RFP for Phase II.

ANSWER: Coffman failed to exercise reasonable care in the preparation of its design.

INTERROGATORY NO. 10: Please describe in detail each aspect of the design or specifications for Phase II which you contend was not feasible.

ANSWER: It was not possible to meet the acceptance criteria for holidays specified using the materials and procedures specified. Also see Jeremy Hailey report.

INTERROGATORY NO. 11: Please describe in detail each aspect of the design or specifications for Phase II which you contend was not practical.

ANSWER: Achieving a holiday-free coating in the vicinity of welds utilizing the specified procedures and materials. Also see Jeremy Hailey report.

INTERROGATORY NO. 12: Please describe in detail each aspect of the design or specifications for Phase II which you contend failed to clear up confusion the "seal weld issue" referred to by you in Paragraph 16 of your cross claim against Coffman.

ABSOLUTE ENVIRONMENTAL'S RESPONSES TO COFFMAN'S FIRST DISCOVERY REQUESTS
Case No. A03-0199CV (RRB)-- 11

EXHIBIT _____A_____

PAGE _11_ OF _20_

ANSWER: The entirety of the 11/26/02 specification.

INTERROGATORY NO. 13: Please describe in detail the specific condition or conditions that you contend constituted "the seal weld issue" referred to by you in Paragraph 16 of your cross claim against Coffman and identify every location covered by the Phase II contract where you allege this issue caused you damage, including the date or dates when such damage occurred, the amount of damages attributable to each such occurrence, and the individuals who were present to observe each occurrence and/or the resulting damage.

ANSWER: See Interrogatory No. 1. April 2, 2003 to the present. All damages, Dave Olson.

REQUEST FOR PRODUCTION NO. 5: Please produce any and all documents which reflect, refer to, relate to or support your response to Interrogatory No. 11.

RESPONSE: All documents have been previously produced.

REQUEST FOR ADMISSION NO.4: Please admit that you submitted your proposal for Phase II based upon the specification for Phase I and prior to receiving or reviewing the revised specifications for Phase II.

RESPONSE: Admit.

REQUEST FOR ADMISSION NO. 5: Please admit that after receiving and reviewing the Phase II specifications, you did not change the amount of your proposal or otherwise modify your proposal for performing the Phase II contract.

ABSOLUTE ENVIRONMENTAL'S RESPONSES TO COFFMAN'S FIRST DISCOVERY REQUESTS
Case No. A03-0199CV (RRB)-- 12

EXHIBIT ___A___

PAGE _12_ OF _20_

1

**RESPONSE:** Denied.

2

3    **INTERROGATORY NO. 14:** If your response to Request for Admission No. 5 is

4    anything other than an unqualified admission, please describe in detail each change which you

5    made to your cost proposal and each modification which you made to your proposal to perform

6    the Phase II work, including the date when each such change was made, the amount or nature of

7    each such change, and the individual(s) who were involved in making each such change.

8        **RESPONSE:** Clarified things in an e-mail between Jason P. and Matt H.

9

10

11    **REQUEST FOR PRODUCTION NO 6:** Please produce any and all documents which

12    reflect, refer to, support or relate to your response to Interrogatory No. 14.

13        **RESPONSE:** E-mail from Jason P. to Matt H. and response.

14

15    **INTERROGATORY NO 15:** Please describe in detail including date, time and location

16    of each instance in which Coffman allegedly failed to observe or evaluate the adequacy of the

17    Phase II coatings specifications during the performance of the Phase II work.

18        **ANSWER:** I have no idea what this means.

19

20

21    **REQUEST FOR ADMISSION NUMBER 6:** Please admit that during your performance

22    of the Phase II work, you at no time complained to anyone with Brechan, Coffman, or the Coast

23    Guard with regard to the adequacy of the Phase II coatings specifications or the adequacy of

24    Coffman's observation of the Phase II work.

25        **RESPONSE:** Admit.

26

ABSOLUTE ENVIRONMENTAL'S RESPONSES TO COFFMAN'S FIRST DISCOVERY REQUESTS
Case No. A03-0199CV (RRB)-- 13

INTERROGATORY NO. 16: If your response to Request for Admission No. 6 is anything other than an unqualified admission, please describe in detail each occasion when you complained about the adequacy of the Phase II coating specifications or Coffman's observation of the Phase II work, including the date when each such complaint was made, the individual to whom each such complaint was made, and the individual who made each such complaint.

RESPONSE: N/A

REQUEST FOR PRODUCTION NO 7: Please produce any and all documents which reflect, refer to, support or relate to your response to Interrogatory No. 14.

RESPONSE: Same as Request for Production No. 6.

INTERROGATORY NO. 17: Please describe in detail each aspect of the Phase II specifications which you contend were not feasible, were impractical, or were inadequate, including the date when each such finding was made, who made each such finding, and the manner in which each such finding was conveyed to Brechan, Coffman, or the Coast Guard.

ANSWER: Objection vague as to reference to findings. Description of the project in terms of Phase I findings regarding welds – Hailey report – request for equitable adjustment.

REQUEST FOR PRODUCTION NO 8: Please produce any and all documents which reflect, refer to, support or relate to your response to Interrogatory No. 15.

ABSOLUTE ENVIRONMENTAL'S RESPONSES TO COFFMAN'S FIRST DISCOVERY REQUESTS
Case No. A03-0199CV (RRB)-- 14

1

RESPONSE: All documents have been produced.

2

3

INTERROGATORY NO. 18: Please describe in detail the factual basis for your

4

contention that Coffman failed to carry out or fulfill its duties as alleged in paragraph 24 of your

5

crossclaim, including the date when each such failure occurred, the nature of each such failure,

6

and the individual(s) who you contend observed each such failure.

7

ANSWER: 11/26/02 Specification, omission Hailey report.

8

9

INTERROGATORY NO. 19: Please describe in detail the factual basis supporting your

10

contention that Coffman failed to exercise reasonable care in performing its duties as alleged in

11

paragraph 25 of your crossclaim, including the date when each such failure occurred, the nature

12

of each such failure, and the individual(s) who you contend observed each such failure.

13

ANSWER: Lembke and Hailey reports.

14

15

INTERROGATORY NO. 20: Please describe in detail each misrepresentation which

16

17

you claim was made by Coffman and upon which you claim to have relied as alleged in

18

Paragraph 31 of your crossclaim and the damage which you claim resulted from each such

19

misrepresentation.

20

ANSWER: Hailey report, Lembke report, description of dock in 11/26/02 spec and

21

findings in Phase I.

22

23

INTERROGATORY NO. 21: To the extent you have not done so in response to the

24

25

interrogatories above, please describe in detail each intentional or fraudulent misrepresentation

26

ABSOLUTE ENVIRONMENTAL'S RESPONSES TO COFFMAN'S FIRST DISCOVERY REQUESTS
Case No. A03-0199CV (RRB)-- 15

EXHIBIT ___A___

PAGE ___15___ OF ___20___

which you contend was made by Coffman, as alleged in Paragraph 33 of your crossclaim, including the date when each such misrepresentation was made, the substance of each such misrepresentation, whether you contend the particular misrepresentation was intentional or fraudulent, the individual or individuals who made each such misrepresentation, and the individual or individuals who relied on each such misrepresentation.

ANSWER: Absolute relied on the misrepresentations, which Absolute has alleged in the alternative were either intentional or negligent; discovery is still pending

REQUEST FOR PRODUCTION NO. 9: Please produce all documents which support or relate to your response to Interrogatory No. 21.

RESPONSE: All documents have been produced. See Mike Lembke and Jeremy Hailey reports.

INTERROGATORY NO. 22: Do you contend that Coffman withheld from you, or failed to provide to you, any information regarding the work performed on the subject project during Phase I of the project? If so, please state the following:

a.    Describe in detail any and all information which was withheld or concealed from you by Coffman;

b.    Whether you requested such information from Coffman;

c.    Whether you requested such information from any other person or entity;

d.    All damages you claim to have suffered or incurred as a result of Coffman's alleged failure or refusal to provide such information.

ANSWER: Yes.

ABSOLUTE ENVIRONMENTAL'S RESPONSES TO COFFMAN'S FIRST DISCOVERY REQUESTS
Case No. A03-0199CV (RRB)-- 16

EXHIBIT ___A___

PAGE __16_ OF_20_

a.  Condition of welds and inability to achieve holiday free in a reasonable manner.

b.  No; the information in the spec's was presumed to be accurate and complete.

c.  No; the information in the spec's was presumed to be accurate and complete.

d.  See Lembke reports.

REQUEST FOR PRODUCTION NO. 10: Please produce any and all documents which support or relate to your response to Interrogatory No. 22.

RESPONSE: See previous.

REQUEST FOR ADMISSION NO .7 : Please admit that you did not encounter any latent defects in the performance of the Phase II work which you are now claiming impacted your work and for which you are now seeking damages from Coffman or Brechan.

RESPONSE: Denied.

INTERROGATORY NO. 23: If your response to Request for Admission No. 7 is anything other than an unqualified admission, please describe in detail each latent condition which you claim impacted your work and caused damages, including the location of each such latent defect, the date and manner in which each such latent defect was discovered, who discovered each such latent defect, the factual basis for your contention that each such defect was latent, the date when each such latent defect was brought to the attention of Coffman, Brecahan or the Coast Guard and, if the defect was not brought to the attention of Coffman, Brechan or the Coast Guard while you were performing the Phase II work, the reason why any

ABSOLUTE ENVIRONMENTAL'S RESPONSES TO COFFMAN'S FIRST DISCOVERY REQUESTS
Case No. A03-0199CV (RRB)-- 17

such latent defect was not brought to the attention of either Coffman, Brechan, or the Coast

Guard at the time you were performing the Phase II work.

RESPONSE: Absolute encountered latent conditions in the form of defective and omitted

welds. Though AES was not aware of it – and Coffman and Brechan were – these types of weld

defects caused the propagation of holidays. Because Absolute was not aware of the mechanism

of the creation of these holidays, it was without the knowledge necessary to alert it to the

possibility of seeking additional compensation during performance of the work.

RESPECTFULLY SUBMITTED this ___15th___ day of May, 2006.

MARSTON HEFFERNAN FOREMAN, PLLC

By _____
   Terry R. Marston II, WSBA No. 14440
   Jami K. Elison,   WSBA No. 31007
   Attorneys for Plaintiff Absolute Environmental
   Service, Inc.

ABSOLUTE ENVIRONMENTAL'S RESPONSES TO COFFMAN'S FIRST DISCOVERY REQUESTS
Case No. A03-0199CV (RRB)-- 18

EXHIBIT ___A___

PAGE ___18___ OF ___20___

**VERIFICATION**

STATE OF WASHINGTON

COUNTY OF KING

ss.

    I, Dave Olson, the President of Absolute Environmental Services, Inc., being first duly sworn, state that I have read the answers to the foregoing interrogatories and that these answers are true, correct, and complete to the best of my knowledge.

        ABSOLUTE ENVIRONMENTAL SERVICES, INC.

By

Its

    SUBSCRIBED AND SWORN TO before me this ___15th___ day of ___May___, 2006.

[Printed Name] _Kristy L. Marlyn_
NOTARY PUBLIC in and for the State of
_Washington_, residing at _Bellevue_
My appointment expires: _11/29/07_

ABSOLUTE ENVIRONMENTAL'S RESPONSES TO COFFMAN'S FIRST DISCOVERY REQUESTS
Case No. A03-0199CV (RRB)-- 19

EXHIBIT ___A___

PAGE _19_ OF _20_

## CERTIFICATE OF SERVICE

The undersigned certifies under penalty of perjury, under the laws of the State of Washington that I am now and at all times herein mentioned, a resident of the State of Washington, over the age of 18 years, not a party to or interested in the above-entitled action, and competent to be a witness herein.

On the date given below I caused to be served in the manner noted copies of the following upon designated counsel:

1.  ABSOLUTE ENVIRONMENTAL'S RESPONSES TO COFFMAN'S FIRST DISCOVERY REQUESTS

| | |
|---|---|
| *VIA US First Class Mail*<br>Eric J. Brown, Esq.<br>Jermain Dunnagan & Owens, P.C.<br>3000 A Street, Suite 300<br>Anchorage, AK 99503-4097<br>*Atty for Forrest McKinley and Emerco* | *VIA US First Class Mail*<br>Mr. William Baerg<br>Patrick Duffy<br>Monteleone & McCrory, LLP<br>725 South Figueroa Street, Suite 3750<br>Los Angeles, CA 90017-5446<br>*Atty for Forrest McKinley and Emerco* |
| *VIA US First Class Mail*<br>Mike Kreger<br>Jacob Nist<br>Perkins Coie, LLP<br>1029 West Third Avenue, Suite 300<br>Anchorage, AK 99501<br>*Atty for Brechan and Safeco* | *VIA E-Mail and US First Class Mail*<br>Peter Partnow<br>Lane Powell Spears Lubersky<br>301 W. Northern Lights Boulevard<br>Suite 301<br>Anchorage, Alaska 99503<br>*Atty for Coffman* |
| *VIA E-Mail and US First Class Mail*<br>James B. Stoetzer<br>Lane Powell Spears Lubersky<br>1420 Fifth Avenue, Suite 4100<br>Seattle, WA 98101<br>*Atty for Coffman* | *VIA US First Class Mail*<br>Robert J. Dickson<br>Atkinson, Conway & Gagnon, Inc.<br>420 L Street, Suite 500<br>Anchorage, AK 99501<br><br>*Atty for Specialty Polymer Coatings* |

SIGNED at Redmond, Washington this _15th_ day of May, 2006.

_____
Kristy L. Martyn

ABSOLUTE ENVIRONMENTAL'S RESPONSES TO COFFMAN'S FIRST DISCOVERY REQUESTS
Case No. A03-0199CV (RRB)-- 20

EXHIBIT___A___

PAGE__20_OF_20_