1   Terry R. Marston, *pro hac vice*, terry@mhf-law.com
    Jami K. Elison, *pro hac vice*, jamie@mhf-law.com
2   MARSTON HEFFERNAN FOREMAN, PLLC
    16880 N.E. 79th Street
3   Redmond, Washington 98052
    (425) 861-5700

4   PAUL J. NANGLE & ASSOCIATES
    Kerry Building
5   101 Christensen Drive
    Anchorage, Alaska 99501
6   Telephone: (907) 274-8866

7

8   Attorney for Plaintiff ABSOLUTE ENVIRONMENTAL SERVICES, INC.

9                    UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF ALASKA

10  ABSOLUTE ENVIRONMENTAL                )
    SERVICES, INC., an Alaska Corporation, )   Case No.: A03-0199CV (RRB)
11                                         )
            Plaintiff,                     )
12                                         )
         vs.                               )
13                                         )   **ABSOLUTE ENVIRONMENTAL'S**
    FORREST J. MCKINLEY, an individual,    )   **RESPONSES TO COFFMAN'S FIRST**
14  d/b/a "Imperial Industrial Coatings" and )  **DISCOVERY REQUESTS**
    EMERCO, INC., a California Corporation, )
15  d/b/a Imperial Industrial Coatings, BRECHAN )
    ENTERPRISES, INC., an Alaska corporation; )
16  and SAFECO INSURANCE COMPANY OF        )
    AMERICA, a Washington Corporation.     )
17                                         )
            Defendants.                    )
18  ──────────────────────────────────────
    EMERCO, INC., a California corporation d/b/a )
19  Imperial Industrial Coatings, and the States for )
    Use and Benefit of EMERCO, INC.,       )
20                                         )
    Counterclaimant/Third-party Claimant,  )
21                                         )
         v.                                )
22                                         )
    ABSOLUTE ENVIRONMENTAL SERVICES )
23  INC., an Alaska corporation, et al.,   )
                                           )
24  Cross-defendants/Third-party Defendants. )
                                           )
25  ──────────────────────────────────────

26

ABSOLUTE ENVIRONMENTAL'S RESPONSES TO COFFMAN'S FIRST DISCOVERY REQUESTS
Case No. A03-0199CV (RRB)-- 1

EXHIBIT ___B___
PAGE __1__ OF _26_

| | |
|---|---|
| THE UNITED STATES OF AMERICA *for the use and benefit of* ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, | ) ) ) ) |
| Plaintiff, | ) |
| vs. | ) ) |
| SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation. | ) ) ) |
| Defendants. | ) ) |
| BRECHAN ENTERPRISES, INC., an Alaska corporation, | ) ) |
| Counterclaim Plaintiff, | ) |
| vs. | ) |
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, | ) ) ) |
| Counterclaim Defendant. | ) |
| BRECHAN ENTERPRISES, INC., an Alaska corporation, | ) ) |
| Third-Party Plaintiff, | ) |
| vs. | ) |
| COFFMAN ENGINEERS, INC, a Washington Corporation. | ) ) |
| Third-Party Defendant. | ) ) |
| ABSOLUTE ENVIRONMENTAL SERVICES INC., an Alaska Corporation, | ) ) |
| Plaintiff/Cross-claimant, | ) |
| vs. | ) |
| COFFMAN ENGINEERS, INC, a Washington Corporation. | ) ) |
| Third-Party Defendant. | ) ) |

ABSOLUTE ENVIRONMENTAL'S RESPONSES TO COFFMAN'S FIRST DISCOVERY REQUESTS
Case No. A03-0199CV (RRB)-- 2

EXHIBIT __B__
PAGE __2__ OF __26__

COME NOW third-party defendant Coffman Engineers, Inc., by and through counsel, and pursuant to Rules 33 and 34 of Federal R. Civ. P., to request that plaintiff Absolute Environmental Services, Inc., in this matter answer, in writing, within thirty days (plus three if mailed) of the date of service hereof, the following requests for production, requests for admission, and interrogatories.

Please be advised that Absolute is under a continuing obligation for the supplementation of the answers to these discovery requests based on newly acquired information.

INSTRUCTIONS

Interrogatories:

The interrogatories set forth below are served upon you in accordance with Rules 26 and 33 of the Federal Rules of Civil Procedure. Each interrogatory must be answered separately and in the fullest detail possible, under oath, in the spaces provided, using additional sheets as needed.

If any interrogatory is objected to, the reasons for the objection must be stated. If the objection is made to part of an interrogatory, the part objected to must be specified.

At the conclusion of the answer to each interrogatory, state the name of each person who answered or supplied information for the answer to that particular interrogatory, and, except where the information appears elsewhere, state the address, telephone number, place of employment, occupation, and current whereabouts of each such person.

The answers to these interrogatories must be signed under oath by the person making them, and objections must be signed by the attorney making them. A copy of the answers, and objections if any, must be served upon defendants within thirty days (plus three if mailed) after the date of service of these interrogatories upon you.

ABSOLUTE ENVIRONMENTAL'S RESPONSES TO COFFMAN'S FIRST DISCOVERY REQUESTS
Case No. A03-0199CV (RRB)-- 3

EXHIBIT __B__
PAGE __3__ OF __26__

Please note that in accordance with Rule 26 of Federal R. Civ. P., you may be required to seasonably supplement or amend your answers to these interrogatories to include certain information specified in the Rule that is later acquired by you.

<u>Requests for Production:</u>

The requests for production set forth below are served upon you in accordance with Rule 34 of Federal R. Civ. P. Each document requested must be produced for inspection and copying at the office of Lane Powell LLC within thirty days (plus three if mailed) after service of these requests upon you. Providing copies of those documents to the undersigned within the time period specified above may satisfy the requests.

These requests are intended to apply to all documents in your possession, or subject to your custody or control, including documents in the possession of, or subject to the custody or control of, your agents, and attorneys.

If any request is objected to, the reasons for the objection must be stated. If an objection is made to part of a request, the part objected to must be specified. Furthermore, as to each document, the production of which is objected to on the ground that it is privileged, please state:

      (a)    The basis for your contention that the document is privileged;

      (b)    The name or other means of identification of the document;

      (c)    The date of the document;

      (d)    The name, address and relationship to you of the person who prepared the document;

      (e)    The name, address and relationship to you of the person who prepared the document; and

(f)     The name, address, telephone number, place of employment, occupation, current whereabouts and relationship to you of every person having possession, custody or control of the document or of any copy thereof.

Requests For Admissions:

The requests for admissions set forth below are served upon you in accordance with Rule 36 of Federal R. Civ. P.  The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow or as the parties may agree to in writing, subject to Rule 29, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the part's attorney.  If objection is made, the reasons therefore shall be stated.  The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter.  A copy of the answers, and objections if any, must be served upon plaintiffs within thirty (30) days after the date of service of these requests for admissions upon you.

Definitions:

Whenever the context in which words are used herein indicates or suggests that such is the intent, words in the singular shall include the plural and vice versa, and words in the masculine, feminine or neuter shall include each of the other genders.

In addition, wherever the terms set forth below appear herein, they shall be construed in accordance with the following definitions:

ABSOLUTE ENVIRONMENTAL'S RESPONSES TO COFFMAN'S FIRST DISCOVERY REQUESTS
Case No. A03-0199CV (RRB)-- 5

EXHIBIT ___B___
PAGE __5__ OF _26_

Document:

The word "document" means any written, recorded or graphic matter, however produced or reproduced.  It includes all materials that relate or refer in whole or in part to the subjects referred to in any interrogatory or request for production.  If a document has been prepared in several copies, or if additional copies have been made, and the copies are not identical or have undergone alteration, each non-identical copy is a separate "document."  The word "document" shall also include all drafts of any requested document.

Identify:

The word "identify," in reference to a person, means furnish the name of the person, together with his or her address, telephone number, place of employment, occupation, and current whereabouts.

The word "identify" in reference to a document means:

(a)    Furnish the name or other means of identification of the document and its date; the name, address, telephone number, place of employment, occupation, and current whereabouts of the person originating the document; and of the person or persons to whom the document or any copies thereof were addressed, given or sent, and, if not otherwise evident, the relationship of all such persons to you; and

(b)    State whether you are in possession of the original document or a copy thereof; and, if not in possession of the original, furnish the name, address, telephone number, place of employment, occupation, and current whereabouts of the custodian of the original.

Person:

The word "person" means all entities, including any individual, firm, partnership, joint venture, corporation, association, or other business enterprise.

ABSOLUTE ENVIRONMENTAL'S RESPONSES TO COFFMAN'S FIRST DISCOVERY REQUESTS
Case No. A03-0199CV (RRB)-- 6

EXHIBIT _B_
PAGE _6_ OF _26_

<u>You and Your</u>:

    The words "you" and "your" refer to Absolute Environmental Services, Inc., its agents, employees, and attorneys.


    DATED:  April 12, 2006.

                     LANE POWELL LLC
                     Attorneys for Coffman Engineers, Inc.


                     By _____ /s/ _____
                     James B. Stoetzer, ASBA No. 7911130


**1**

<u>INTERROGATORY NO. 1</u>:  Please   identify with specificity including the precise location of <u>each</u> weld whose condition you contend was negligently or fraudulently misrepresented by Coffman.

    <u>ANSWER</u>:   All of the poor quality, defective, and water weeping welds applied in 1989 and not described in the 11/26/02 specs.  Coffman learned of the existence of a differing site condition problem on the Original Cargo Wharf in October of 2001 consisting of the existence of an excessive amount of defective and omitted welds (hereafter "the problem welds").  All of the welds on the wharf were made in the course of the 1989 renovation project (see TNH general site assessment report stating that no welds that predated the '89 renovation could be found.  These welds were all performed in the course of the same construction project.  Coffman, knowing of the problem welds, either elected or failed to disclose their existence in the revised plans and specifications notwithstanding its making changes, even grammatical ones, to portions of the

ABSOLUTE ENVIRONMENTAL'S RESPONSES TO COFFMAN'S FIRST DISCOVERY REQUESTS
Case No. A03-0199CV (RRB)-- 7

EXHIBIT ___B___

PAGE ___7___ OF _26_

specifications where one would expect conditions of the severity of these weld problems to be

disclosed (i.e., page one of the sec. 09967).   The locations of these welds are all readily

identifiable by looking at the locations where welding was required in the course of the 1989

renovations (as identified earlier by the page numbers cited), generally consisting of the splice

plate locations at elevations 116'-119' and the locations where additional seismic braces were

welded in during the 1989 work. All of these welds had to be ground smooth in order to achieve

the specified holiday-free coating.

REQUEST FOR PRODUCTION NO. 1:  Please produce any and all documents which

reflect, refer to, relate to or support your response to Interrogatory No. 1.

RESPONSE:    Phase I Coffman, Brechan, and Swalling documents; Coffman 02405-

02422; Phase II Jerry Hardenbergh documents and photos; KEY200001-KEY20890.   See all

documents attached to the Expert Report of Jeremy Hailey.

**2**

INTERROGATORY NO. 2:  Please    identify with specificity including the precise

location of _each_ seal weld whose condition you contend was negligently or fraudulently

misrepresented by Coffman.

ANSWER:  See response to Interrogatory No. 1.

REQUEST FOR PRODUCTION NO. 2:  Please produce any and all documents which

reflect, refer to, relate to or support your response to Interrogatory No. 2.

RESPONSE:  See response to Interrogatory No. 1.

1

2      INTERROGATORY NO. 3:  Please identify with specificity each and every alleged

3      negligent or fraudulent misrepresentation you claim was made by Coffman, including the    date

4

5

6      when each such misrepresentation was made,    who made each such misrepresentation, the

7

8      person or persons who received or heard each such misrepresentation, the    date when Absolute

9

10     first learned of each such misrepresentation, and the    manner in which Absolute learned of each

11

12     such misrepresentation.

13     ANSWER:  (Misrepresentation of site conditions, scope of work, and how work could be

14     accomplished) November 26, 2002 and when we found the October 30 memo in Imperial

15     Industrial Coating's production of documents it had obtained from the USCG.  Dan Stears of

16     Coffman had extensive knowledge of the nature, extent and severity of the "weld problems" at

17     the time he prepared the November 26, 2001 specifications.  He also knew, or should have

18     known, that the weld problems could not be satisfactorily resolved by stripe coating/caulking and

19     that the only effective method of resolving the problems was by structurally modifying the welds

20     by grinding them all.  Mr. Stears did not disclose the existence of the problem that was

21     encountered by the coating applicator in Phase 1, a problem that resulted in the coating applicator

22     being paid additional compensation to deal with the problem under terms far more liberal than

23     those he included in the November 26th specifications.  Mr. Stears, knowing that the revised

24

25

26

specifications agreed to by BEI and FDCC would not work and would necessitate a massive amount of added work, never disclosed this information and never initiated the inclusion of specification modifications that would fairly alert a coating applicator bidding on the work to the necessity and cost of this added work.  Stears' misrepresentations were relied upon by both AESI and IIC.  AESI discovered the first evidence of this problem when IIC produced documents it had obtained through USCG FOIA requests, including most notably Hardenbergh's 10/30/01 memorandum.  Further details have been continually winnowed out of review of subsequently acquired documents and depositions that have continued through the date of this writing.

REQUEST FOR PRODUCTION NO. 3:  Please produce any and all documents which reflect, refer to, relate to or support your response to Interrogatory No. 3.

RESPONSE:  All documents in AES's care, custody, or control have previously been produced.

INTERROGATORY NO. 4:  As to any damages which you claim to have incurred as a result of Coffman's conduct, please identify with specificity the **9** amount of all such damages, the act or omission which led to such damages, and **10** the amount of damages attributable to each such act or omission.

ANSWER:  See Mike Lembke and Jeremy Hailey reports.  The actions of Coffman that led to the damages are described at length in the report and deposition transcript of Jeremy Hailey.  The damages caused are identified and allocated in the report of MKL Associates, and are further identified in the deposition transcript of Michael Lembke.

ABSOLUTE ENVIRONMENTAL'S RESPONSES TO COFFMAN'S FIRST DISCOVERY REQUESTS
Case No. A03-0199CV (RRB)-- 10

EXHIBIT  B
PAGE  10  OF  26

REQUEST FOR PRODUCTION NO. 4:  Please produce any and all documents which reflect, refer to, relate to or support your response to Interrogatory No. 4.

RESPONSE:  Previously produced.


REQUEST FOR ADMISSION NO. 1:  Please admit that you were not required to perform any welding as part of your Phase II work.

RESPONSE:  Admit.


INTERROGATORY NO. 5:  If your response to Request for Admission No. 1 is anything other than an unqualified admission, please describe in detail any and **11** all welding you were required to perform and the reason why that welding had to be performed.

ANSWER:  N/A


REQUEST FOR ADMISSION NO. 2:  Please admit that you were not required to repair any defective or missing welds as part of your Phase II work.

RESPONSE:  Denied.


ABSOLUTE ENVIRONMENTAL'S RESPONSES TO COFFMAN'S FIRST DISCOVERY REQUESTS
Case No. A03-0199CV (RRB)-- 11

EXHIBIT  B
PAGE  11  OF  26

INTERROGATORY NO. 6: If your response to Request for Admission No. 2 is anything other than an unqualified admission, please describe in detail any and all defective or missing welds you were required to repair and the reasons why such repair work had to be performed.

ANSWER: All welds performed in the 1989 renovation had to be repaired to meet the acceptance criteria of the specifications. See response to interrogatory no. 1.

REQUEST FOR ADMISSION NO. 3: Please admit that the stripe coating and caulking of welds referred to in Imperial's August 2, 2004 response to your Interrogatory No. 2 is not a condition for which you are now seeking damages from Coffman.

RESPONSE: Denied.

INTERROGATORY NO. 7: If your response to Request for Admission No.3 is anything other than an unqualified admission, please describe in detail how the failure to have the referenced welds caulked or stripe coated by others constitutes an element of damages which you believe to be recoverable from Coffman.

ANSWER: Welds caulked and stripe coated by Imperial Industrial Coating required repair by Absolute Environmental Services because prescriptive spec for caulk and stripe coat did not work. Absolute had to torch off caulking applied by IIC in order to resolve holidays in weld areas by grinding the welds.

**INTERROGATORY NO. 8:** Please itemize in detail **14** all categories and **15** amounts of

damages for which you seek recovery in this law suit from Imperial, but not from Coffman or

Brechan.

    **ANSWER:** See Report of MKL Associates (Mike Lembke) .

**INTERROGATORY NO. 9:** Please describe in detail each and every **16** aspect of the

design or specifications for Phase II which you claim failed to meet the requirements established

by the United States Coast Guard in its RFP for Phase II.

    **ANSWER:** Coffman failed to exercise reasonable care in the preparation of its design.

Coffman's design was required to be feasible and practical. It was neither. Coffman failed to

disclose the existence of known material site conditions. Coffman specified use of

caulking/stripe coating as its solution to the hidden weld problems. The nature of the problems

(defective and omitted welds), the amount of the problems ("extensive"), the circumstance of the

required work (between tidal flows), and the nature of the material specified (SPC coatings,

which cure quickly, and Sikaflex caulk, which cures slowly) were incompatible with the site

conditions and incapable of yielding the specified coating requirements. The use of Sikaflex

caulk would never have provided a 25-year service life for the coating system.

**17**

INTERROGATORY NO. 10:  Please describe in detail each     aspect of the design or

specifications for Phase II which you contend was not feasible.

ANSWER:    It was not possible to meet the acceptance criteria for holidays specified

using the materials and procedures specified.  See also Jeremy Hailey report and answer above.

**18**

INTERROGATORY NO. 11:  Please describe in detail each     aspect of the design or

specifications for Phase II which you contend was not practical.

ANSWER:    See response to interrogatory number 9.  Achieving a holiday-free coating in

the vicinity of welds utilizing the specified procedures and materials.  Also see Jeremy Hailey

report.

**19**

INTERROGATORY NO. 12:  Please describe in detail each     aspect of the design or

specifications for Phase II which you contend failed to clear up confusion the "seal weld issue"

referred to by you in Paragraph 16 of your cross claim against Coffman.

ANSWER:  The entirety of the 11/26/02 specification.

INTERROGATORY NO. 13:   Please describe in detail the specific condition or

**20**

conditions that you contend constituted "the seal weld issue" referred to by you in Paragraph

ABSOLUTE ENVIRONMENTAL'S RESPONSES TO COFFMAN'S FIRST DISCOVERY REQUESTS
Case No. A03-0199CV (RRB)-- 14

16 of your cross claim against Coffman and identify **21** every location covered by the Phase II

contract where you allege this issue caused you damage, including the **22** date or dates when

such damage occurred, the **23** amount of damages attributable to each such occurrence, and the

individuals who were present to observe each occurrence and/or the resulting damage.

ANSWER: See Interrogatory No. 1. April 2, 2003 to the present. All damages, Dave

Olson. The concept intended by the use of the phrase "the seal weld issue" was intended to

encompass, albeit imprecisely, both the situation of defective and omitted welds as described

earlier. Welding was a BEI requirement; BEI performed no seal welds. Caulking/stripe coating

proved incapable of producing the specified holiday-free coating. As a matter of necessity, AESI

was required to cut off all non-structural steel and grind the welds in order to provide a holiday-

free coating. No contemporaneous records were kept of the exact amount of time spent

performing this work as AESI was neither told nor had independent knowledge of what

constituted a defective weld, the relationship between defective welds, and the propagation of

holidays.

REQUEST FOR PRODUCTION NO. 5: Please produce any and all documents which

reflect, refer to, relate to or support your response to Interrogatory No. 11.

RESPONSE: All documents have been previously produced.

ABSOLUTE ENVIRONMENTAL'S RESPONSES TO COFFMAN'S FIRST DISCOVERY REQUESTS
Case No. A03-0199CV (RRB)-- 15

EXHIBIT  B

PAGE  15  OF  26

REQUEST FOR ADMISSION NO.4:  Please admit that you submitted your proposal for Phase II based upon the specification for Phase I and prior to receiving or reviewing the revised specifications for Phase II.

RESPONSE:  Admit.


REQUEST FOR ADMISSION NO. 5:    Please admit that after receiving and reviewing the Phase II specifications, you did not change the amount of your proposal or otherwise modify your proposal for performing the Phase II contract.

RESPONSE:  Denied.


INTERROGATORY NO. 14:  If your response to Request for Admission No. 5 is anything other than an unqualified admission, please describe in detail 24 each change which you made to your cost proposal and each modification which you made to your proposal to perform the Phase II work, including the 25 date when each such change was made, the 26 amount or nature of each such change, and the 27 individual(s) who were involved in making each such change.

RESPONSE:  Clarified things in an e-mail between Jason P. and Matt H.

REQUEST FOR PRODUCTION NO 6:  Please produce any and all documents which reflect, refer to, support or relate to your response to Interrogatory No. 14.

RESPONSE:  E-mail from Jason P. to Matt H. and response.

INTERROGATORY NO 15:  Please describe in detail including **28** date, **29** time and **30** location of **31** each instance in which Coffman allegedly failed to observe or evaluate the adequacy of the Phase II coatings specifications during the performance of the Phase II work.

ANSWER:  Coffman observed both IIC and AESI struggling with holidays, noted in its daily reports that AESI's grinding of welds would go far to eliminate holidays, but never acknowledged the lack of effectiveness of its coating specification or acknowledged to AESI or IIC that known pre-existing conditions were causing a portion of the problems encountered by IIC and all of the additional work performed by AESI.  This occurred throughout the project.

REQUEST FOR ADMISSION NUMBER 6:  Please admit that during your performance of the Phase II work, you at no time complained to anyone with Brechan, Coffman, or the Coast Guard with regard to the adequacy of the Phase II coatings specifications or the adequacy of Coffman's observation of the Phase II work.

RESPONSE:  Admit.

INTERROGATORY NO. 16:  If your response to Request for Admission No. 6 is anything other than an unqualified admission, please describe in detail **32** each occasion when

ABSOLUTE ENVIRONMENTAL'S RESPONSES TO COFFMAN'S FIRST DISCOVERY REQUESTS
Case No. A03-0199CV (RRB)-- 17

EXHIBIT ___B___
PAGE __17__ OF _26_

1    you complained about the adequacy of the Phase II coating specifications or Coffman's

2    observation of the Phase II work, including the    **33**    date when each such complaint was made, the

3

4    **34**                                                **35**

5    individual to whom each such complaint was made, and the    individual who made each

6

7    such complaint.

8        RESPONSE: N/A

9

10

11

12

13        REQUEST FOR PRODUCTION NO 7:    Please produce any and all documents which

14    reflect, refer to, support or relate to your response to Interrogatory No. 14.

15        RESPONSE:    Same as Request for Production No. 6.

16

17

18        INTERROGATORY NO. 17:    Please describe in detail each    **36**    aspect of the Phase II

19

20    specifications which you contend were not feasible, were impractical, or were inadequate,

21    **37**                                    **38**

22    including the    date when each such finding was made,    who made each such finding, and

23

24

25

26

ABSOLUTE ENVIRONMENTAL'S RESPONSES TO COFFMAN'S FIRST DISCOVERY REQUESTS
Case No. A03-0199CV (RRB)-- 18

**39**

the    manner in which each such finding was conveyed to Brechan, Coffman, or the Coast

Guard.

ANSWER:  See response to earlier interrogatories.  The date that Brechan was notified

was when AESI's Request for Equitable Adjustment was submitted.  Objection vague as to

reference to "findings."  Description of the project in terms of Phase I findings regarding welds –

Hailey report – request for equitable adjustment.  The initial conclusions were drawn by David

Olson upon review of correspondence exchanged between CEI and BEI as well as their internal

memoranda and later confirmed by Jeremy Hailey

REQUEST FOR PRODUCTION NO 8:  Please produce any and all documents which

reflect, refer to, support or relate to your response to Interrogatory No. 15.

RESPONSE:  All documents have been produced.

**40**

INTERROGATORY NO. 18:  Please describe in detail the    factual basis for your

contention that Coffman failed to carry out or fulfill its duties as alleged in paragraph 24 of your

**41**                                    **42**

crossclaim, including the    date when each such failure occurred, the    nature of each such

**44**

failure, and the    individual(s) who you contend observed each such failure.

ANSWER:  11/26/02 Specification, omission Hailey report.

ABSOLUTE ENVIRONMENTAL'S RESPONSES TO COFFMAN'S FIRST DISCOVERY REQUESTS
Case No. A03-0199CV (RRB)-- 19

EXHIBIT _____B_____
PAGE __19_ OF _26_

INTERROGATORY NO. 19: Please describe in detail the factual basis supporting your contention that Coffman failed to exercise reasonable care in performing its duties as alleged in paragraph 25 of your crossclaim, including the **45** date when each such failure occurred, the **46** nature of each such failure, and the **47** individual(s) who you contend observed each such failure.

ANSWER: Lembke and Hailey reports. See responses to the earlier interrogatories, which this interrogatory duplicates.

INTERROGATORY NO. 20: Please describe in detail **48** each misrepresentation which you claim was made by Coffman and upon which you claim to have relied as alleged in Paragraph 31 of your crossclaim and the **49** damage which you claim resulted from each such misrepresentation.

ANSWER: Hailey report, Lembke report, description of dock in 11/26/02 spec and findings in Phase I. See responses to the earlier interrogatories, which this interrogatory duplicates.

INTERROGATORY NO. 21: To the extent you have not done so in response to the

interrogatories above, please describe in detail each **50** intentional or fraudulent

misrepresentation which you contend was made by Coffman, as alleged in Paragraph 33 of your

crossclaim, including the **51** date when each such misrepresentation was made, the substance of

each such misrepresentation, **52** whether you contend the particular misrepresentation was

intentional or fraudulent, the **53** individual or individuals who made each such misrepresentation,

and the **54** individual or individuals who relied on each such misrepresentation.

ANSWER: Absolute relied on the misrepresentations, which Absolute has alleged in the

alternative were either intentional or negligent; discovery is still pending

REQUEST FOR PRODUCTION NO. 9: Please produce all documents which support or

relate to your response to Interrogatory No. 21.

RESPONSE: All documents have been produced. See Mike Lembke and Jeremy Hailey

reports.

ABSOLUTE ENVIRONMENTAL'S RESPONSES TO COFFMAN'S FIRST DISCOVERY REQUESTS
Case No. A03-0199CV (RRB)-- 21

EXHIBIT _____ B

PAGE _21_ OF _26_

1    INTERROGATORY NO. 22: Do you contend that Coffman withheld from you, or failed

2    to provide to you, any information regarding the work performed on the subject project during

3    Phase I of the project? If so, please state the following:

4    **55**

5    a.    Describe in detail any and    all information which was withheld or concealed

6    from you by Coffman;

7

8    **56**

    b.    Whether you requested such information from Coffman;

9

10    **57**

    c.    Whether you requested such information from any other person or entity;

11

12    **58**

13    d.    All    damages you claim to have suffered or incurred as a result of Coffman's

14    alleged failure or refusal to provide such information.

15

16    ANSWER: Yes.

17    a.  Condition of welds and inability to achieve holiday free in a reasonable manner.

18    b.  No; the information in the spec's was presumed to be accurate and complete.

19    c.  No; the information in the spec's was presumed to be accurate and complete.

20    d.  See Lembke reports.

21

22    REQUEST FOR PRODUCTION NO. 10: Please produce any and all documents which

23    support or relate to your response to Interrogatory No. 22.

24    RESPONSE: See previous.

25

26

ABSOLUTE ENVIRONMENTAL'S RESPONSES TO COFFMAN'S FIRST DISCOVERY REQUESTS
Case No. A03-0199CV (RRB)-- 22

<u>REQUEST FOR ADMISSION NO .7 :</u>  Please admit that you did not encounter any

latent defects in the performance of the Phase II work which you are now claiming impacted your

work and for which you are now seeking damages from Coffman or Brechan.

<u>RESPONSE:</u> Denied.


<u>INTERROGATORY NO. 23:</u>  If your response to Request for Admission No. 7 is

anything other than an unqualified admission, please describe in detail **59** each latent condition

which you claim impacted your work and caused damages, including the **60** location of each

such latent defect, the **61** date and manner in which each such latent defect was discovered,

**62** who discovered each such latent defect, the **63** factual basis for your contention that each

such defect was latent, the **64** date when each such latent defect was brought to the attention of

Coffman, Brecahan or the Coast Guard and, if the defect was not brought to the attention of

Coffman, Brechan or the Coast Guard while you were performing the Phase II work,   the

**65** reason why any such latent defect was not brought to the attention of either Coffman,

Brechan, or the Coast Guard at the time you were performing the Phase II work.

ABSOLUTE ENVIRONMENTAL'S RESPONSES TO COFFMAN'S FIRST DISCOVERY REQUESTS
Case No. A03-0199CV (RRB)-- 23

EXHIBIT _B_

PAGE _23_ OF _26_

RESPONSE: Absolute encountered latent conditions in the form of defective and omitted welds. Though AES was not aware of it – and Coffman and Brechan were – these types of weld defects caused the propagation of holidays. Because Absolute was not aware of the mechanism of the creation of these holidays, it was without the knowledge necessary to alert it to the possibility of seeking additional compensation during performance of the work.

RESPECTFULLY SUBMITTED this ___7___ day of July, 2006.

MARSTON HEFFERNAN FOREMAN, PLLC

By _____
Terry R. Marston II, WSBA No. 14440
Jami K. Elison, WSBA No. 31007
Attorneys for Plaintiff Absolute Environmental Service, Inc.

EXHIBIT __B__
PAGE __24__ OF __26__

ABSOLUTE ENVIRONMENTAL'S RESPONSES TO COFFMAN'S FIRST DISCOVERY REQUESTS
Case No. A03-0199CV (RRB)-- 24

1

## **VERIFICATION**

2

STATE OF IDAHO

3                                    ss.

COUNTY OF IDAHO

4

5

6        I, Dave Olson, the President of Absolute Environmental Services, Inc., being first
duly sworn, state that I have read the answers to the foregoing interrogatories and that these
answers are true, correct, and complete to the best of my knowledge.

7

ABSOLUTE ENVIRONMENTAL SERVICES, INC.

8

9    By

10   Its

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ABSOLUTE ENVIRONMENTAL'S RESPONSES TO COFFMAN'S FIRST DISCOVERY REQUESTS
Case No. A03-0199CV (RRB)-- 25

EXHIBIT _B_
PAGE _25_ OF _26_

## CERTIFICATE OF SERVICE

The undersigned certifies under penalty of perjury, under the laws of the State of Washington that I am now and at all times herein mentioned, a resident of the State of Washington, over the age of 18 years, not a party to or interested in the above-entitled action, and competent to be a witness herein.

On the date given below I caused to be served in the manner noted copies of the following upon designated counsel:

1. ABSOLUTE ENVIRONMENTAL'S RESPONSES TO COFFMAN'S FIRST DISCOVERY REQUESTS

| | |
|---|---|
| **VIA E-Mail** <br> Eric J. Brown, Esq. <br> Jermain Dunnagan & Owens, P.C. <br> 3000 A Street, Suite 300 <br> Anchorage, AK 99503-4097 <br> *Atty for Forrest McKinley and Emerco* | **VIA E-Mail** <br> Mr. William Baerg <br> Patrick Duffy <br> Monteleone & McCrory, LLP <br> 725 South Figueroa Street, Suite 3750 <br> Los Angeles, CA 90017-5446 <br> *Atty for Forrest McKinley and Emerco* |
| **VIA E-Mail** <br> Mike Kreger <br> Jacob Nist <br> Perkins Coie, LLP <br> 1029 West Third Avenue, Suite 300 <br> Anchorage, AK 99501 <br> *Atty for Brechan and Safeco* | **VIA E-Mail and US First Class Mail** <br> Peter Partnow <br> Lane Powell Spears Lubersky <br> 301 W. Northern Lights Boulevard <br> Suite 301 <br> Anchorage, Alaska 99503 <br> *Atty for Coffman* |
| **VIA E-Mail and US First Class Mail** <br> James B. Stoetzer <br> Lane Powell Spears Lubersky <br> 1420 Fifth Avenue, Suite 4100 <br> Seattle, WA 98101 <br> *Atty for Coffman* | **VIA E-mail** <br> Robert J. Dickson <br> Atkinson, Conway & Gagnon, Inc. <br> 420 L Street, Suite 500 <br> Anchorage, AK 99501 <br><br> *Atty for Specialty Polymer Coatings* |

SIGNED at Redmond, Washington this 7th day of July, 2006.

Kristy L. Martyn

EXHIBIT B
PAGE 26 OF 26