ERIC J. BROWN, ESQ.
JERMAIN DUNNAGAN & OWENS, P.C.
3000 A Street, Suite 300
Anchorage, Alaska 99503-4097
Telephone: (907) 563-8844
Facsimile: (907) 563-7322
Email: ebrown@jdolaw.com

PATRICK J. DUFFY III, ESQ.
WILLIAM R. BAERG, ESQ.
MONTELEONE & McCRORY, LLP
725 S. Figueroa Street, Suite 3200
Los Angeles, CA 90017-5446
Telephone: (213) 612-9900
Facsimile: (213) 612-9930
Email: duffy@mmlawyers.com; baerg@mmlawyers.com

Attorneys for Defendant Forrest J. McKinley and
Defendant/Counter-Claimant, EMERCO, INC. dba
Imperial Industrial Coatings

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation,<br><br>Plaintiff,<br><br>v.<br><br>FORREST J. McKINLEY and "JANE DOE" McKINLEY, and the marital community composed thereof d/b/a/ "Imperial Industrial Coatings" and EMERCO, INC., a California corporation d/b/a Imperial Industrial Coatings,<br><br>Defendants, | CASE NO. A03-0199 CV (RRB)<br><br>**DEFENDANTS AND COUNTERCLAIMANTS FORREST McKINLEY'S AND EMERCO, INC., d/b/a IMPERIAL INDUSTRIAL COATINGS' OBJECTIONS TO PROPOSED JURY INSTRUCTIONS OF ABSOLUTE ENVIRONMENTAL SERVICES, INC., BRECHAN ENTERPRISES, INC. AND COFFMAN ENGINEERS, INC.** |

EMERCO, INC., a California Corp. d/b/a Imperial Industrial Coatings, and the United States for the Use and Benefit of EMERCO, Inc.,

    Counter-Claimant/Third Party Claimants,

v.

ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, BRECHAN ENTERPRISES, INC., an Alaska corporation, SPECIALTY POLYMER COATING USA, INC., a Canadian Corp., COFFMAN ENGINEERS, INC., a Washington Corp., and SAFECO INSURANCE CO. OF AMERICA, a Washington corporation,

    Cross-Defendants/Third Party Defendants,

---

THE UNITED STATES OF AMERICA for the use and benefit of ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaskan corporation,

    Plaintiff,

v.

SAFECO INSURANCE COMPANY OF AMERICA, a Washington corporation,

    Defendant.

---

BRECHAN ENTERPRISES, INC., an Alaskan corporation,

    Counterclaim Plaintiff,

v.

ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska corporation,

    Counterclaim Defendant,

LAW OFFICES OF
JERMAIN DUNNAGAN & OWENS
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

LAW OFFICES OF
JERMAIN DUNNAGAN & OWENS
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

BRECHAN ENTERPRISES, INC., an Alaskan corporation,

                Third-Party Plaintiff,

v.

COFFMAN ENGINEERS, INC., a Washington corporation,

                Third-Party Defendant.

COME NOW Defendants and Counterclaimants, Forrest McKinley and Emerco, Inc., d/b/a Imperial Industrial Coatings, ("Imperial") by and through their counsel of record, and hereby submit their objections to the proposed jury instructions of Absolute Environmental Services, Inc. ("Absolute"), Brechan Enterprises, Inc. ("Brechan"), and Coffman Engineers, Inc., ("Coffman")

**IMPERIAL'S OBJECTIONS TO ABSOLUTE'S PROPOSED JURY INSTRUCTIONS**

Imperial objects to Absolute's proposed jury instruction number 1 as the next to last sentence may be confusing to the jury. The phrase "A promise to do something in exchange for something that is a *detriment* to the other party or a benefit to the first party" is overly legalistic and should be simplified when the court explains the definition of a contract.

Imperial objects to Absolute's proposed jury instruction number 14 as the first sentence makes no sense unless the word "Absolute" is removed.

Imperial objects to Absolute's proposed jury instruction number 15 as it is ambiguous and confusing. Further, Absolute's proposed jury instruction number 15 does not properly state the law with regard to the legal theory of goods sold and delivered. The legal theory of goods

sold and delivered is a valid cause of action and is based on an implied or quasi contract. It is respectfully submitted that Imperial's specially prepared jury instruction number 7 should be read to the jury and Absolute's proposed jury instruction number 15 should be disregarded.

Imperial objects to Absolute's proposed jury instruction number 20 because it first states the legal requirement that damages be proved with a reasonable degree of certainty and then states: " (1) that the nature of the particular losses its suffered makes it impossible to attach a dollar figure to determine them within a reasonable degree of certainty."

### IMPERIAL'S OBJECTIONS TO BRECHAN'S PROPOSED JURY INSTRUCTIONS

Imperial objects to Brechan's proposed jury instruction number 3 because it implies that Imperial's work did not meet the contract requirements. The last sentence of the proposed instruction reads: "Absolute is not entitled to additional payment from Brechan for completing, repairing or re-doing work that Imperial failed to do. This sentence presupposes that Imperial failed, in some respect, to perform the work in accordance with the contract specifications. If read to the jury, this instruction will prejudice Imperial before the evidence is presented.

Imperial objects to Brechan's proposed jury instruction number 6. In the second paragraph of this proposed instruction, Brechan states: For damages that Absolute claims from Brechan and Imperial for failure to perform their obligations under their contracts with Absolute, Absolute must also prove that at the time Brechan and Imperial entered into their contracts with Absolute, *the defendants had reason to foresee the damages claimed by Absolute would be a probable result if the defendants failed to perform their obligations under the contract.*" This sentence is ambiguous and confusing in that it may be construed by the jury as requiring both Brechan and Imperial to have breached their contracts before Absolute can

recover. Absolute may recover against Brechan without Imperial having been found to have breached its contract with Absolute. Therefore, this instruction should not be read to the jury as it could result in Imperial being found in breach of its contract with Absolute by default.

Imperial objects to Brechan's proposed jury instruction number 7 because it implies that Absolute's and Imperial's job cost estimates were one and the same. This is simply not the case. It is undisputed that Imperial submitted an estimate and entered into a contract with Absolute. Absolute then submitted a totally different (and higher) estimate to Brechan and those two parties entered into a separate contract.

Additionally, it is undisputed that Imperial excluded certain work contained in the prime contract when it entered into its subcontract with Absolute. That work was supposed to be performed by Absolute. A jury could find that Imperial's estimate was reasonable while Absolute's was not. Therefore, requiring the jury to find that both estimates were reasonable could indirectly prejudice Imperial.

### IMPERIAL'S OBJECTIONS TO COFFMAN'S PROPOSED JURY INSTRUCTIONS

Imperial objects to Coffman's proposed jury instruction number 13, which concerns the order of presentation of each party's case. This issue was brought up at a pretrial conference and the court ordered Absolute to provide it with a proposal as to the appropriate sequence of presentation of each party's case. Absolute has not provided a proposal. Therefore, until this issue is resolved, Imperial will maintain its objection to this proposed instruction.

Imperial objects to Coffman's proposed jury instruction number 37 because a duty to disclose does not require that a defendant "be in the business of providing such information" as is suggested in the proposed instruction.

DEFENDANT FORREST J. McKINLEY'S AND DEFENDANT/COUNTER-CLAIMANT
EMERCO, INC. DBA IIC'S OBJECTIONS TO PROPOSED JURY INSTRUCTIONS OF ABSOLUTE,
BRECHAN ENTERPRISES, INC. AND COFFMAN ENGINEERING, INC.
Case No. A03-0199CV (RRB) - 5 of 7

LAW OFFICES OF
JERMAIN DUNNAGAN & OWENS
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

Imperial objects to Coffman's proposed jury instruction number 39 in the section purporting to list the items of loss being claimed by Imperial against Absolute. Imperial's losses include those identified by Coffman, but they also include Absolute's failure to pay for work resulting from differing site conditions, i.e. removal of gray paint, and Absolute's failure to pay to Imperial's mobilization costs as was agreed.

Imperial objects to Coffman's proposed jury instruction number 45 because it implies that Imperial committed wrongful acts. Imperial will be prejudiced if this instruction is read to the jury.

DATED this 28th day of September, 2006 at Anchorage, Alaska.

JERMAIN DUNNAGAN & OWENS, P.C.
Attorneys for Defendant Forrest J. McKinley, and
Defendant/Counter-Claimant/Third-Party Claimant
Emerco, Inc. dba Imperial Industrial Coatings

By:    /s/ Eric J. Brown
Eric J. Brown
ABA No. 9011084

LAW OFFICES OF
JERMAIN DUNNAGAN & OWENS
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

DEFENDANT FORREST J. McKINLEY'S AND DEFENDANT/COUNTER-CLAIMANT
EMERCO, INC. DBA IIC'S OBJECTIONS TO PROPOSED JURY INSTRUCTIONS OF ABSOLUTE,
BRECHAN ENTERPRISES, INC. AND COFFMAN ENGINEERING, INC.
Case No. A03-0199CV (RRB) - 6 of 7

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was filed electronically with the Clerk of the U.S. District Court at Anchorage, Alaska, using the CM/ECF system, which will automatically send notification of this filing (together with a copy of the actual filing) to the following interested parties:

| | |
|---|---|
| Terry R. Marston<br>MARSTON HEFFERNAN FOREMAN, PLLC<br>16880 N.E. 79th Street<br>Redmond, WA 98052 | Patrick Duffy / William Baerg<br>MONTELEONE & McCRORY, LLP<br>725 S. Figueroa Street, Suite 3200<br>Los Angeles, CA 90017-5446 |
| James B. Stoetzer<br>LANE POWELL SPEARS LUBERSKY<br>1420 Fifth Avenue, Suite 4100<br>Seattle, WA 98101 | Peter Partnow<br>LANE POWELL SPEARS LUBERSKY<br>301 West Northern Lights Blvd., Suite 301<br>Anchorage, AK 99503 |
| | Mike Kreger / Jacob Nist<br>PERKINS COIE LLP<br>1029 West Third Avenue, Suite 300<br>Anchorage, AK 99501 |

I further certify that on this 28th day of September, 2006, a copy of the foregoing document was served via U.S. First Class, postage prepaid Mail, upon the following interested party:

Paul J. Nangle
PAUL J. NANGLE & ASSOCIATES
101 Christensen Drive
Anchorage, AK 99501

DATED AND CERTIFIED this 28th day of September, 2006.

　　　/s/ Eric J. Brown

8140.001/131196

LAW OFFICES OF
JERMAIN DUNNAGAN & OWENS
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322