Terry R. Marston, *pro hac vice*, terry@mhf-law.com
Jami K. Elison, *pro hac vice*, jamie@mhf-law.com
Jesse P. Elison, *pro hac vice*, jessee@mhf-law.com
MARSTON HEFFERNAN FOREMAN, PLLC
16880 N.E. 79th Street
Redmond, Washington 98052
(425) 861-5700

PAUL J. NANGLE & ASSOCIATES
Kerry Building
101 Christensen Drive
Anchorage, Alaska 99501
Telephone: (907) 274-8866

Attorney for Plaintiff ABSOLUTE ENVIRONMENTAL SERVICES, INC.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>FORREST J. MCKINLEY, an individual, d/b/a "Imperial Industrial Coatings" and EMERCO, INC., a California Corporation, d/b/a Imperial Industrial Coatings, BRECHAN ENTERPRISES, INC., an Alaska corporation; and SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation.<br><br>Defendants. | Case No.: A03-0199CV (RRB)<br><br>**PLAINTIFF ABSOLUTE'S MOTION FOR RECONSIDERATION OF PUNITIVE DAMAGES ORDER (DOCKET NO. 397) OR, ALTERNATIVELY, MOTION FOR LEAVE TO PRESENT SPECIAL INTERROGATORIES TO JURY** |
| EMERCO, INC., a California corporation d/b/a Imperial Industrial Coatings, and the States for Use and Benefit of EMERCO, INC.,<br><br>Counterclaimant/Third-party Claimant,<br><br>v.<br><br>ABSOLUTE ENVIRONMENTAL SERVICES INC., an Alaska corporation, et al.,<br><br>Cross-defendants/Third-party Defendants. | |

| | |
|---|---|
| THE UNITED STATES OF AMERICA *for the use and benefit of* ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation,<br><br>          Plaintiff,<br>vs.<br><br>SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation.<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| BRECHAN ENTERPRISES, INC., an Alaska corporation,<br><br>          Counterclaim Plaintiff,<br>vs.<br><br>ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation,<br><br>          Counterclaim Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| BRECHAN ENTERPRISES, INC., an Alaska corporation,<br><br>          Third-Party Plaintiff,<br>vs.<br><br>COFFMAN ENGINEERS, INC, a Washington Corporation.<br><br>          Third-Party Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| ABSOLUTE ENVIRONMENTAL SERVICES INC., an Alaska Corporation,<br><br>          Plaintiff/Cross-claimant,<br>vs.<br><br>COFFMAN ENGINEERS, INC, a Washington Corporation.<br><br>          Third-Party Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

PLAINTIFF ABSOLUTE'S MOTION FOR RECONSIDERATION OF PUNITIVE DAMAGES ORDER (DOCKET NO. 397) OR, ALTERNATIVELY, MOTION FOR LEAVE TO PRESENT SPECIAL INTERROGATORIES TO JURY
Case No. A03-0199CV (RRB)-- 2

Plaintiff Absolute Environmental Services, Inc. moves for reconsideration of this Court's "Order re Punitive Damages" (Docket No. 397) or, alternatively, grant Absolute's motion for leave to present special interrogatories to the jury.

Substantive Alaska law creates an entitlement to punitive damages when juries find that a defendant's conduct: (1) was outrageous, including acts done with malice or bad motives; or (2) evidenced reckless indifference to the interest of another person. *See* AS 09.17.020. But, despite the existence of claims upon which punitive damages might arise, this Court has decided to <u>not</u> allow the jury to make such a finding on the evidence that will be presented at trial.

FRCP 54(c) confirms: "[E]very final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings." Absolute's entitlement to at least request certain findings from the jury is secured by AS 09.17.020.

By denying plaintiff's right to request findings pertinent to punitive damages, this Court has preemptively violated FRCP 54(c) and prevented enforcement of AS 09.17.020. As explained in the Minute Order, the Court's ruling is based on an assumption that defendants were not on fair notice that AS 09.17.020 is applicable law in this action. However, all attorneys in this case are required to be on notice that AS 09.17.020 is the law. Certainly it is not the law that Alaska statutes must be plead in order to be enforced.

The cases relied upon by defendants in opposing Absolute's request to allow punitive damages are either distinguishable or else contrary to the rule established by FRCP 54(c). Regardless of whether it is plead, under Alaska substantive law Absolute has a right to have the jury decide whether facts at issue in claims such as fraud, non-disclosure, and violation of the doctrine of superior knowledge, rise to the level of reckless indifference or bad motive. No

defendant will be prejudiced by allowing the jury to answer questions about evidence that is presented. This Court is within its authority to exclude evidence that should not be admitted, but exceeds its authority by refusing to allow the jury to answer questions made necessary by Alaska law.

Absolute requests this Court reconsider and vacate its order denying Absolute the right to pursue punitive damages. In the alternative, Absolute requests this Court grant leave to present special interrogatories to the jury. In the interest of judicial economy, and without any conceivable prejudice to defendants, this Court should agree to present special interrogatories to the jury requiring yes or no responses to the following questions:

(1) Was the conduct of [defendant] outrageous, including acts done with malice or bad motives?

(2) Do you find that the conduct of [defendant] evidenced reckless indifference to the interest of Absolute?

Responses to these interrogatories will either render an appeal moot, or will render moot the necessity of a separate trial after a successful appeal.

DATED this 25th day of September, 2006.

MARSTON HEFFERNAN FOREMAN, PLLC

By  s/Jami K. Elison
　　Terry R. Marston II, WSBA No. 14440
　　Jami K. Elison, WSBA No. 31007
　　Attorneys for Plaintiff Absolute Environmental Service, Inc.

I hereby certify that on the date given a copy of the forgoing was electronically filed with the Clerk of Court using the CM/ECF system and was served electronically on the following:

William R. Baerg, Patrick J. Duffy
Eric J. Brown
Robert J. Dickson
Michael E Kreger, Jacob Nist
James B. Stoetzer, Peter C. Partnow

s/Jami K. Elison　　　　　　.

PLAINTIFF ABSOLUTE'S MOTION FOR RECONSIDERATION OF PUNITIVE DAMAGES ORDER (DOCKET NO. 397) OR, ALTERNATIVELY, MOTION FOR LEAVE TO PRESENT SPECIAL INTERROGATORIES TO JURY
Case No. A03-0199CV (RRB)-- 4