1
2
3
4
5
6
7
8
9
10

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaskan Corporation,<br><br>*Plaintiff*,<br><br>v.<br><br>FORREST J. McKINLEY and "JANE DOE" McKINLEY, and the marital community property composed thereof d/b/a/ "Imperial Industrial Coatings" and EMERCO, INC., a California Corporation d/b/a/ Imperial Industrial Coatings,<br><br>*Defendants*. | CASE NO. A-03-0199 Civil (RRB)<br><br>**GENERAL VERDICT WITH JURY INTERROGATORIES** |
| EMERCO, INC., a California Corporation d/b/a Imperial Industrial Coatings, and the United States for the Use and Benefit of EMERCO, Inc.,<br><br>*Cross-Claimant/Third Party Claimant*,<br><br>v.<br><br>ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaskan Corporation, et al.,<br><br>*Cross-Defendants/Third Party Defendants*. | |

| | |
|---|---|
| THE UNITED STATES OF AMERICA for the use and benefit of ABSOLUTE ENVIRONMENTAL SERVICES, INC., and Alaska corporation, | ) ) ) ) |
| *Plaintiff,* | ) |
| v. | ) ) |
| SAFECO INSURANCE COMPANY OF AMERICA, a Washington corporation, | ) ) ) |
| Defendant. | ) ) |
| BRECHAN ENTERPRISES, INC., an Alaska corporation, | ) ) ) |
| Counterclaim Plaintiff, | ) |
| v. | ) ) |
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska corporation, | ) ) ) |
| Counterclaim Defendant. | ) ) |
| BRECHAN ENTERPRISES, INC., an Alaska corporation, | ) ) ) |
| Third-Party Plaintiff, | ) |
| v. | ) ) |
| COFFMAN ENGINEERS, INC., a Washington corporation, | ) ) ) |
| Third-Party Defendant. | ) ) |

## ABSOLUTE ENVIRONMENTAL SERVICES, INC.'S CLAIMS AGAINST EMERCO, INC., DBA IMPERIAL INDUSTRIAL COATINGS

### BREACH OF CONTRACT/BREACH OF WARRANTY

1. When Absolute escorted Imperial off the project's job site and ordered them not to return to the project, did that constitute a material breach of the subcontract by Absolute and excuse Imperial from further performance of the subcontract?

ANSWER: _____ [Yes/No].

2. Did Absolute's failure to pay Imperial all that it was due under the subcontract constitute a material breach of the subcontract by Absolute and excuse Imperial from performance of the subcontract after August 7, 2003?

ANSWER: _____ [Yes/No].

[If your answer to Questions 1 or 2 was "Yes" go to Question 5. If your anser to both questions was "Yes" go to question 3]

3. Did Imperial materially breach its contract with Absolute causing Absolute damages?

ANSWER:_____ [Yes/No]

[If your answer to Question 3 was "Yes" go Question "4". If your answer to Question 3 was "Yes" go to Question 4. If your answer to Question "3" was "No" go to Question "5".

4. What is the amount of damages that Absolute is entitled to recover from Imperial?

ANSWER: $ --------------------

## EMERCO, INC., DBA IMPERIAL INDUSTRIAL COATINGS' CLAIMS AGAINST ABSOLUTE ENVIRONMENTAL SERVICES, INC.

### FOR CONTRACT BALANCE

5. Did Absolute fail to pay Imperial all of the money earned by Imperial for work of the Kodiak Cargo Wharf project?

ANSWER: _____ [Yes/No]

[If your answer to Question "5" is "Yes" go to Question "6". If your answer to Question "5" is "No" go to Question "7"

6.   What is the amount Absolute owes Imperial unpaid contract earnings?

ANSWER: $_____.

7. Did Absolute materially breach the contract with Imperial causing Imperial damages?
_____ [Yes/No]

[If your answer to Question 7 was "Yes" go to Question 8. If your answer to Question 7 was "No" go to Question 9 .

8.   What is the amount of damages Imperial is entitled to recover from Absolute?

ANSWER: $_____.

## GOODS SOLD AND DELIVERED

9.   On or after August 7, 2003, did Absolute convert property of Imperial that was on or near the Kodiak Cargo Wharf?
_____ [Yes/No].

[If your answer to Question 9 was "Yes" go to Question 10. If your answer to Question 9 was "No" go to Question 11.

10.   What is the amount of money that Imperial entitled to recover against Absolute for the conversion of its property?

ANSWER: $_____.

## ABSOLUTE ENVIRONMENTAL SERVICES, INC.'S CLAIMS AGAINST BRECHAN ENTERPRISES AND SAFECO INSURANCE CO. OF AMERICA

### BREACH OF CONTRACT

9. On the complaint filed by Absolute against Brechan Enterprises, Inc. ("Brechan") for breach of contract, we the jury in the above-entitled action find for _____ [Absolute/Brechan].

    A. If you find in favor of Absolute, what amount of damages is Absolute entitled to recover against Brechan?

    ANSWER: $_____.

### TORT THEORIES

10. On the complaint filed by Absolute against Brechan for claims based on tort theories, we the jury in the above-entitled action find for _____ [Absolute/Brechan].

    A. If you find in favor of Absolute, what amount of damages is Absolute entitled to recover against Brechan?

    ANSWER: $_____.

### EQUITABLE PRINCIPLES

11. On the complaint filed by Absolute against Brechan for damages based on equitable principles, we the jury in the above-entitled action find for _____ [Absolute/Brechan].

A.   If you find in favor of Absolute, what amount of damages is Absolute entitled to recover against Brechan?

ANSWER: $_____.

12.   On the complaint filed by Absolute against Safeco Insurance Company of America ("Safeco") for liability on its payment bond to Absolute, we the jury in the above-entitled action find for _____ [Absolute/Safeco].

A.   If you find in favor of Absolute, what amount of damages is Absolute entitled to recover against Safeco?

ANSWER: $_____.

## BRECHAN ENTERPRISES, INC.'S CLAIMS AGAINST ABSOLUTE ENVIRONMENTAL SERVICES, INC.

### EXPRESS CONTRACTUAL INDEMNITY

9.   On the complaint filed by Brechan against Absolute for express contractual indemnity, we the jury in the above-entitled action find for _____ [Brechan/Absolute].

A.   If you find in favor of Brechan, what amount of damages is Brechan entitled to recover against Absolute?

### IMPLIED CONTRACTUAL INDEMNITY

ANSWER: $_____.

9.   On the complaint filed by Brechan against Absolute for implied contractual indemnity, we the jury in the above-entitled action find for _____

[Brechan/Absolute].

    A.    If you find in favor of Brechan, what amount of damages is Brechan entitled to recover against Absolute?

ANSWER: $_____.

ESTOPPEL

9. On the complaint filed by Brechan against Absolute for estoppel, we the jury in the above-entitled action find for _____ [Brechan/Absolute].

    A.    If you find in favor of Brechan, what amount of damages is Brechan entitled to recover against Absolute?

ANSWER: $_____.

**BRECHAN ENTERPRISES, INC.'S CLAIMS AGAINST COFFMAN ENGINEERS, INC.**

CONTRACTUAL INDEMNITY

9. On the complaint filed by Brechan against Coffman Engineers, Inc. ("Coffman") for express contractual indemnity, we the jury in the above-entitled action find for _____ [Brechan/Coffman].

    A.    If you find in favor of Brechan, what amount of damages is Brechan entitled to recover against Coffman?

IMPLIED CONTRACTUAL INDEMNITY

ANSWER: $_____.

9. On the complaint filed by Brechan against Coffman for implied contractual

1  indemnity, we the jury in the above-entitled action find for _____
2  [Brechan/Coffman].
3
4            A.    If you find in favor of Brechan, what amount of damages is Brechan
5  entitled to recover against Coffman?
6
7       ANSWER: $_____.
8
9                       EQUITABLE APPORTIONMENT
10       9.    On the complaint filed by Brechan against Coffman for equitable apportionment,
11 we the jury in the above-entitled action find for _____
12 [Brechan/Absolute].
13
14           A.    If you find in favor of Brechan, what percentage of damages are the
15 responsibility of Brechan, and what percentage of damages are the responsibility of Coffman?
16 [Note: The total of both parties cannot exceed 100%].
17
18       Brechan: _____%         Coffman: _____%
19
20
21 Please sign, date, and return this verdict without answering any more questions.
22
23 DATED:                              _____
24                                          Presiding Juror
25
26
27
28

# CERTIFICATE OF SERVICE BY ECF

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I certify that on September 29, 2006, a copy of the foregoing was served by ECF on:

Eric J. Brown, ebrown@jdolaw.com
Robert J. Dickson, acgecf@acglaw.com
Patrick J. Duffy, duffy@mmlawyers.com
Jami K. Elison, jamie@mhf-law.com
Michael E. Kreger, mkreger@perkinscoie.com
Terry R. Marston, terry@mhf-law.com
Peter C. Partnow, PartnowP@LanePowell.com
James B. Stoetzer, StoetzerJ@LanePowell.com

and by facsimile on:

Paul J. Nangle
Paul J. Nangle & Associates
101 Christensen Dr.
Anchorage, AK 99501
FAX NO.:     (907) 279-1794

I declare under penalty of perjury under the laws of the United States that the above is true and correct. Executed on September 29, 2006, at Los Angeles, California.

SALLIE RASPA