Peter C. Partnow, ASBA No. 7206029
James B. Stoetzer, ASBA No. 7911130
Lane Powell LLC
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Tel:  907-277-9511
Fax:  907-276-2631
PartnowP@LanePowell.com

Attorneys for Third-Party Defendant
Coffman Engineers, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska corporation,<br><br>                                        Plaintiff,<br>v.<br><br>FORREST J. MCKINLEY, an individual, d/b/a "Imperial Industrial Coatings" and EMERCO, INC., a California corporation d/b/a Imperial Industrial Coatings, BRECHAN ENTERPRISES, INC., an Alaska corporation; and SAFECO INSURANCE COMPANY OF AMERICA, a Washington corporation,<br><br>                                        Defendants. | Case No. 3:03-cv-00199-RRB<br><br>**OBJECTIONS OF COFFMAN ENGINEERS, INC. TO PROPOSED JURY INSTRUCTIONS OF ABSOLUTE, <u>IMPERIAL AND BRECHAN</u>** |
| EMERCO, INC., a California corporation d/b/a Imperial Industrial Coatings, and the States for Use and Benefit of EMERCO, INC.,<br><br>    Counterclaimant/Third-Party Claimant,<br><br>     v.<br><br>ABSOLUTE ENVIRONMENTAL SERVICES INC., an Alaska corporation, et al.,<br><br>    Cross-Defendants/Third-Party Defendants. | |

**LANE POWELL** LLC
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

**LANE POWELL LLC**
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

| | |
|---|---|
| THE UNITED STATES OF AMERICA *for the use and benefit of* ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, | |
| Plaintiff, | |
| v. | |
| SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation. | |
| Defendants. | |
| BRECHAN ENTERPRISES, INC., an Alaska corporation, | |
| Counterclaim Plaintiff, | |
| v. | |
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, | |
| Counterclaim Defendant. | |
| BRECHAN ENTERPRISES, INC., an Alaska corporation, | |
| Third-Party Plaintiff, | |
| v. | |
| COFFMAN ENGINEERS, INC, a Washington Corporation. | |
| Third-Party Defendant. | |
| ABSOLUTE ENVIRONMENTAL SERVICES INC., an Alaska Corporation, | |
| Plaintiff/Cross-Claimant, | |
| v. | |
| COFFMAN ENGINEERS, INC, a Washington Corporation. | |
| Third-Party Defendant. | |

Third-party defendant and cross-claimant Coffman Engineers, Inc. ("Coffman") by and through its undersigned counsel, states the following objections to the jury instructions proposed by plaintiff Absolute Environmental Services, Inc. ("Absolute"), defendants Forrest J. McKinley d/b/a Imperial Industrial Coatings and Emerco d/b/a Imperial Industrial Coatings (collectively "Imperial"), Brechan Enterprises, Inc., and Safeco Insurance Company of America (collectively "Brechan").

## I. OBJECTIONS TO ABSOLUTE'S PROPOSED JURY INSTRUCTIONS

**Proposed Alaska Civil Pattern Jury Instructions:**

Coffman objects to a number of the Alaska Civil Pattern Jury Instructions proposed by Absolute, including the following:

1.  Alaska Pattern Jury Instruction 2.4. This proposed jury instruction is duplicative of Coffman's proposed Instruction No. 19. Both proposed instructions deal with the definition of "preponderance of evidence." Coffman's proposed instruction, however, is based on the Ninth Circuit Model Instruction 9.1, and is more appropriate to the present case. Coffman's proposed instruction should be used.

2.  Alaska Pattern Jury Instruction 3.07. This proposed instruction is duplicative of Coffman's proposed Jury Instruction No. 33, which is based on the Alaska Civil Pattern Instruction 3.06, addressing the definition of "legal cause." Coffman's proposed instruction includes and subsumes the "multiple causes" issue addressed in Alaska Pattern Instruction 3.07 as proposed by Absolute. Coffman's proposed instruction should be used.

3.  Alaska Pattern Jury Instruction 17.02. This proposed jury instruction addresses Absolute's claim against Brechan based on non-disclosure. While Absolute alleges claims for negligent and fraudulent misrepresentation against Coffman, it does not allege a claim against Coffman for "non-disclosure." Consequently, absent modification of Absolute's proposed instruction to clarify this fact, Absolute's proposed instruction is prejudicial to Coffman and should be rejected. Moreover, Absolute's proposed instruction is duplicative of Brechan's proposed Instruction No. 1. Brechan's instruction constitutes a more accurate reflection of governing authority regarding a cause of action for non-disclosure. To the extent the Court elects to utilize a jury

**LANE POWELL LLC**
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

instruction involving the non-disclosure claim, Coffman submits that Brechan's is the more appropriate.

4. Alaska Pattern Jury Instructions 20.20A and 20.20B. These instructions relate to punitive damages. Absolute's claim for punitive damages was rejected by the Court in its order entered at Docket No. 397. Consequently, these jury instructions are unnecessary and inappropriate.

5. Alaska Pattern Jury Instruction 23.01C. This proposed instruction relates to agency issues arising from contract claims. Absolute has made no attempt to modify this pattern instruction to reflect the parties to which it is to be applied. However, since Absolute has no contract claims against Coffman, any such modifications cannot and should not relate to Coffman or Absolute's claims against Coffman. Coffman reserves the right to further object to this proposed jury instruction in the event that Absolute attempts to modify it.

6. Alaska Pattern Jury Instruction 24.03. *See* objection to Alaska Pattern Jury Instruction 23.01C.

7. Alaska Pattern Jury Instruction 24.09A. *See* objection to Alaska Pattern Jury Instruction 23.01C.

Absolute also proposes jury instructions 1 through 22, all of which are based on the American Bar Association Model Jury Instruction, Construction Litigation. Coffman objects generally to all of those proposed instructions. Absolute has modified or drafted those proposed instructions in such a manner as to suggest to the jury that they should find in Absolute's favor. Moreover, they are duplicative of many of the Alaska and Ninth Circuit pattern instructions that have been proposed by Coffman, Brechan and Imperial. Several also include or relate to causes of action that were not pled and are not at issue in this litigation.

Coffman's objections to the individual proposed instructions are as follows:

Absolute's Proposed Instruction No. 1: Coffman objects to this proposed instruction as unnecessary and irrelevant. No issues have been raised regarding the existence of the contracts that are at issue in this litigation.

**LANE POWELL LLC**
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

<u>Absolute's Proposed Instruction No. 2</u>: As noted above, Absolute does not allege a claim against Coffman for superior knowledge; it alleges claims against Coffman for negligent and fraudulent misrepresentation. However, in the event that the Court utilizes a jury instruction relating to Absolute's claim against Brechan for "superior knowledge", Coffman submits that Brechan's proposed instruction is more even-handed and presents a more accurate reflection of the law governing this cause of action.

<u>Absolute's Proposed Instruction No. 3</u>: Coffman objects to this proposed instruction as incomplete and misleading. For example, Absolute contends in this instruction that a contractor "is not responsible for the consequences of defects in the plans and specifications." This is not always the case. Where an alleged defect in the plans or specifications is obvious or apparent, a contractor's failure to notice such a defect or bring it to the attention of the owner or the design professional, that contractor can be responsible for the consequences of such defect. Additionally, as written, Absolute's proposed instruction would relieve it of any responsibility for its failure to conduct an appropriate site visit within industry standards and the standard of care. This, too, is an inaccurate reflection of governing law. This proposed instruction should be rejected.

<u>Absolute's Proposed Instruction No. 4</u>: As written, this instruction heavily favors Absolute, and predisposes the jury toward a finding in Absolute's favor. Additionally, Absolute fails to provide any appropriate authority for the propositions contained in this proposed instruction. For example, the instruction states that the work Absolute was to perform had to be "explicitly" specified in the contract. Coffman is aware of no governing authority that supports this proposition. This proposed instruction should be rejected.

<u>Absolute's Proposed Instruction No. 5</u>: Again, Absolute provides no authority for this proposed instruction, nor for the standards it sets on itself in the instruction. For example, Absolute contends that "bidders are expected to use normal powers of observation" when performing site investigations. This proposed instruction fails to point out that bidders are also expected to have the knowledge and experience of a reasonably competent contractor. This fact is not reflected in this proposed instruction. It should be rejected.

**LANE POWELL LLC**
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

Absolute's Proposed Instruction No. 6:  As noted above, Absolute had no contract with Coffman.  Consequently, this jury instruction would be misleading unless it is modified to identify the parties to which it relates.

Absolute's Proposed Instruction No. 7:  This proposed instruction is unnecessary and irrelevant.  No disputes exist regarding the existence of the written contracts between Absolute and Imperial and Absolute and Brechan.  Consequently, Absolute has no claims for quasi-contract or quantum meruit. This proposed instruction should be rejected.

Absolute's Proposed Instruction No. 8:  In this proposed instruction, Absolute uses the American Bar Association Model Construction Litigation Jury Instruction, rather than the Alaska Pattern Jury Instruction.  Alaska substantive law governs this case.  The proposed instruction is an inaccurate reflection of Alaska law and should be rejected.

Absolute's Proposed Instruction No. 9:  Again, Absolute substitutes an American Bar Association Model Jury Instruction instead of an Alaska Pattern Instruction for its negligent misrepresentation claim.  Absolute's proposed instruction does not accurately reflect Alaska law and should be rejected.

Absolute's Proposed Instruction No. 11:  Absolute again seeks to substitute an ABA Model Instruction for the Alaska pattern Instruction proposed by Coffman in its proposed Jury Instruction No. 31.  The comments to that ABA model instruction confirm that it is derived from case law from all over the country, but not from Alaska.  Again, Alaska substantive law governs this issue, and the Alaska Pattern Instruction as proposed by Coffman should be utilized.

Absolute's Proposed Instruction No.12:  No Alaska law supports this proposed instruction.  This proposed instruction, which purports to impose duties of good faith and loyalty on Coffman in favor of Absolute.  There is absolutely no authority in Alaska that would support the use of this jury instruction.  It should be rejected.

Absolute's Proposed Instruction No. 13:  In this proposed instruction, Absolute seeks to impose upon Imperial an obligation to perform its work in a workmanlike manner.  Coffman does

**LANE POWELL LLC**
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

not dispute this. However, this jury instruction must be modified to impose the same duty on Absolute in connection with its subcontract with Brechan.

Absolute's Proposed Instruction No. 17: Absolute again seeks to supplant the pattern instructions from the Ninth Circuit with a generic instruction from the American Bar Association. Coffman's proposed jury instructions 38 and 39 more accurately reflect the governing law with regard to the award of and calculation of damages. Absolute's proposed Instruction No. 17 should be rejected in favor of Coffman's proposed instructions 38 and 39.

Absolute's Proposed Instruction No. 18: See discussion regarding proposed Instruction No. 17.

Absolute's Proposed Instruction No. 19: Absolute's proposed instruction seeks to supplant governing Alaska authority regarding causation and foreseeability and replace it with generic law from a mix of jurisdictions. Again, Alaska substantive law governs the issue of causation, and Alaska Pattern Jury Instruction 3.06, proposed by Coffman at Jury Instruction No. 33, should apply.

Absolute's Proposed Instruction No. 20: Absolute's proposed jury instruction 20 relates to its attempt to obtain a total cost recovery against the defendants. However, the ABA model instruction proposed by Absolute does not reflect governing Alaska law with regard to this matter, including *Geolar, Inc. v. Gilbert/Commonwealth*, 874 P.2d 937 (Alaska 1994) and *Municipality of Anchorage v. Frank Coluccio Construction*, 826 P.2d 316 (1992). The total cost jury instruction submitted by Brechan under its Instruction No. 7 is more appropriate and is an accurate reflection of Alaska law in this regard. Brechan's proposed instruction 7 should be used.

## II. OBJECTIONS TO IMPERIAL'S PROPOSED JURY INSTRUCTIONS

Imperial's Proposed Jury Instructions No. 1.2 and Specially Prepared Instruction No. 3: Coffman objects to these proposed instructions in that they do not accurately reflect the claims and defenses of all the parties in this action. Rather, they focus primarily on Imperial's claims against Absolute. They do not describe or define Coffman's defenses to Absolute's claims. To the extent a similar jury instruction will be given, Coffman submits that the text of its "Proposed Statement of the Case" be used in place of the language proposed by Imperial. Moreover, special Instruction 3 does

**LANE POWELL LLC**
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

not reflect what actually transpired in this case—Imperial <u>did</u> sue Coffman and Brechan, and later dismissed all of its claims against those parties with prejudice.  Furthermore, because Absolute has never pled a claim pursuant to which it could "pass through" Imperial's damages to Coffman or Brechan, no such claims are now available to Absolute.  Thus, this proposed instruction is factually and legally inaccurate.  It should be rejected.

<u>Imperial's Amended Proposed Jury Instruction No. 4</u>:  This proposed instruction, as amended, is not in conformance with Alaska law, and in fact misstates Alaska law.  This proposed instruction fails to reflect the fact that a subcontractor's failure to properly examine the site renders the subcontractor responsible, at least in part, for its damages.   It refers to "Differing Site Conditions" in "federal contracts" that have no application to the present case.  The proposed instruction contradicts the contract language at issue herein.  It provides no standard or basis from which the jury could determine whether a differing site condition in fact existed.  It should be rejected.

<u>Imperial's Proposed Jury Instruction No. 5</u>:  This proposed instruction favors Imperial and Absolute.  If any similar instruction is to be used, it must also reflect the fact that the burden of proof is on Imperial or Absolute to establish by a preponderance of the evidence that the work it performed was in fact, extra or additional under the terms of its contract.  As it exists right now, Imperial's proposed Instruction No. 5 is prejudicial and should be rejected.

<u>Imperial's Proposed Special Instruction No. 6</u>:  Imperial's proposed Special Instruction 6 is too simplistic and should be rejected.  The fact that a subcontractor has breached a second tier subcontract does not necessarily excuse the second tier subcontractor's nonperformance in all respects, nor does it entitle the second tier subcontractor to damages, absent proof of a causal connection between that breach and the damages.  These facts are not set forth in this proposed instruction, and it should be rejected.

<u>Imperial's Proposed Special Instruction No. 8</u>:  In the event prejudgment interest is to be awarded, it should calculated  by the Court.  No expert or other testimony presented to date deals with such issues as the prevailing rate to be applied to prejudgment interest; consequently, the jury

**LANE POWELL LLC**
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

would be required to speculate as to that rate.  Permitting the jury to speculate on this issue would be improper and inappropriate.  This proposed instruction should be rejected.

DATED this 29th day of September, 2006.

>LANE POWELL LLC
>Attorneys for Coffman Engineers, Inc.
>
>By  s/ Peter C. Partnow
>    Peter C. Partnow, ASBA No. 7206029
>    James B Stoetzer, ASBA No. 7911130
>    301 W. Northern Lights Blvd., Suite 301
>    Anchorage, Alaska 99503-2648
>    Tel:  907-277-9511
>    Fax:  907-276-2631
>    Email:  PartnowP@LanePowell.com

I certify that on September 29, 2006, a copy of the foregoing was served electronically on the following:

William R. Baerg, baerg@mmlawyers.com
Eric J. Brown, ebrown@jdolaw.com
Robert J. Dickson, acgecf@acglaw.com
Patrick J. Duffy, duffy@mmlawyers.com
Jami K. Elison, jamie@mhf-law.com
Michael E. Kreger, mkreger@perkinscoie.com
Terry R. Marston, terry@mhf-law.com
James B. Stoetzer, stoetzerj@lanepowell.com
James E. Niemer, niemerj@lanepowell.com

and by mail on:

Paul J. Nangle, Paul J. Nangle & Associates
101 Christensen Dr, Anchorage, AK 99501

 s/Peter C. Partnow

011680.0076/156798.1

**LANE POWELL LLC**
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631