Terry R. Marston, *pro hac vice*, terry@mhf-law.com
Jami K. Elison, *pro hac vice*, jamie@mhf-law.com
Jesse P. Elison, *pro hac vice*, jessee@mhf-law.com
MARSTON HEFFERNAN FOREMAN, PLLC
16880 N.E. 79th Street
Redmond, Washington 98052
(425) 861-5700

PAUL J. NANGLE & ASSOCIATES
Kerry Building
101 Christensen Drive
Anchorage, Alaska 99501
Telephone: (907) 274-8866

Attorney for Plaintiff ABSOLUTE ENVIRONMENTAL SERVICES, INC.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation,

Plaintiff,

vs.

FORREST J. MCKINLEY, an individual, d/b/a "Imperial Industrial Coatings" and EMERCO, INC., a California Corporation, d/b/a Imperial Industrial Coatings, BRECHAN ENTERPRISES, INC., an Alaska corporation; and SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation.

Defendants.

Case No.: A03-0199CV (RRB)

**ABSOLUTE'S OBJECTIONS TO JURY INSTRUCTIONS OF SAFECO, BRECHAN, COFFMAN, AND IMPERIAL**

EMERCO, INC., a California corporation d/b/a Imperial Industrial Coatings, and the States for Use and Benefit of EMERCO, INC.,

Counterclaimant/Third-party Claimant,

v.

ABSOLUTE ENVIRONMENTAL SERVICES INC., an Alaska corporation, et al.,

Cross-defendants/Third-party Defendants.

---

THE UNITED STATES OF AMERICA *for the use and benefit of* ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation,

Plaintiff,

vs.

SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation.

Defendants.

---

BRECHAN ENTERPRISES, INC., an Alaska corporation,

Counterclaim Plaintiff,

vs.

ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation,

Counterclaim Defendant.

BRECHAN ENTERPRISES, INC., an Alaska corporation,

Third-Party Plaintiff,

vs.

COFFMAN ENGINEERS, INC, a Washington Corporation.

Third-Party Defendant.

ABSOLUTE ENVIRONMENTAL SERVICES INC., an Alaska Corporation,

Plaintiff/Cross-claimant,

vs.

COFFMAN ENGINEERS, INC, a Washington Corporation.

Third-Party Defendant.

COME NOW, plaintiff, ABSOLUTE ENVIRONMENTAL SERVICES, INC., by and through its undersigned attorneys of record, and hereby objects to the following Proposed Jury Instructions.

**SAFECO**

**Objections to Instruction re Safeco's Surety Bond is Not an Insurance Policy**

The purposed instruction contains multiple subjects and a factual allegation that cannot be represented as fact. The last line must be stricken. Whether Brechan must pay Safeco for any amount Safeco pays depends on the General Indemnity Agreement between those two parties (or between Safeco and some other entity or individual) and cannot be represented as fact.

**Objections to Instruction re Additional Defense of the Surety**

The proposed instruction is misleading and confusing. It mistakes the law by stating that "original" contract work must be performed after June 22, 2004 because additional work added

to the original contract extended the filing period. The instruction is confusing because most of the contract work performed in this project can be called "repair work." The distinction the proposed instruction attempts to make is legally invalid because it does not use the principles of substantial completion, final completion, or warranty work. The instruction's use of "correcting defects" and "repairs" is confusing and prejudicial.

**Objections to Instruction re Bond Covers Labor and Materials Only**

The proposed instruction is legally erroneous and misleading. In addition to labor and materials, the bond covers other elements of a contract price including equipment, certain overhead costs, and other contract fees.

**COFFMAN**

**COFFMAN INSTRUCTION NO. 44 – COMPARATIVE FAULT**

The proposed instruction is vague, misleading, and misstates Absolute's duties under the law.

**COFFMAN INSTRUCTION NO. 45 – RESPONDEAT SUPERIOR RE ABSOLUTE**

The proposed instruction is legally erroneous, misstating the business relationship between Absolute and Imperial.

**BRECHAN**

**BRECHAN'S INSTRUCTION NO. 1** NONDISCLOSURE AND DUTY TO DISCLOSE 'SUPERIOR KNOWLEDGE."

**ABSOLUTES OBJECTS** on the basis that the doctrine of Superior Knowledge does not have eleven (11) elements, it is overbroad, and confusing. The instruction on Superior

Knowledge should be limited to 4 elements: ONE: combining Brechan's elements (1) & (3); TWO: (7); THREE: (4); and FOUR: (6). See *GAF Corp. United States*, 932 F.2d 947, 949 (Fed. Cir. 1991).

**BRECHAN'S INSTRUCTION NO. 2** IMPLIED WARRANTY OF ADEQUACY OF COATING SPECIFICATION.

**ABSOLUTE OBJECTS** on the basis that the Implied Warrant of Specifications cause of action does not include six (6) elements, it is overbroad, and confusing.

**BRECHAN'S INSTRUCTION NO. 3** SUBCONTRACTOR'S WARRANTY.

**ABSOLUTE OBJECTS** on the basis that this instruction improperly ignores the causation element of the subcontractor's failure to meet requirements.

**BRECHAN'S INSTRUCTION NO. 6** DAMAGES.

**ABSOLUTE OBJECTS** on the basis that it omits Coffman as a party who has reason to foresee that damages would be a probable result.

**BRECHAN'S INSTRUCTION NO. 7** DAMAGES: TOTAL COST METHOD

**ABSOLUTE OBJECTS** on the basis that Absolute did not use a "Total Cost Method" to measure their damages. This instruction also improperly places requirements on the civil role of the jury to determine the amount of damages with reasonable certainty after entitlement to damages has been proven.

**IMPERIAL**

**IMPERIAL/McKINLEY'S SPECIALLY PREPARED JURY INSTRUCITON 1**

**ABSOLUTES OBJECTS** on the basis that it improperly states a finding and is not an instruction, and it is confusing.

**IMPERIAL/McKINLEY'S SPECIALLY PREPARED JURY INSTRUCITON 3**

**ABSOLUTES OBJECTS** on the basis that it inaccurately states the law of liability, is confusing, and introduces more than once legal concept.

**IMPERIAL/McKINLEY'S SPECIALLY PREPARED JURY INSTRUCITON 6**

**ABSOLUTES OBJECTS** on the basis that it is vague.

**IMPERIAL/McKINLEY'S SPECIALLY PREPARED JURY INSTRUCITON 7**

**ABSOLUTES OBJECTS** on the basis that it improperly invokes the role of the jury to determine a remedy in equity or a "contract implied by law."

**IMPERIAL/McKINLEY'S SPECIALLY PREPARED JURY INSTRUCITON 8**

**ABSOLUTES OBJECTS** on the basis that it is vague and the use of the multiple use of the word "accrues" is ambiguous.

DATED this 29th day of September, 2006.

MARSTON HEFFERNAN FOREMAN, PLLC

By _____s/Jami K. Elison_______________________
Terry R. Marston II, WSBA No. 14440
Jami K. Elison, WSBA No. 31007
Attorneys for Plaintiff Absolute Environmental Service, Inc.

I hereby certify that on the date given a copy of the forgoing was served electronically on the following:

William R. Baerg, Patrick J. Duffy

Eric J. Brown
Robert J. Dickson
Michael E Kreger, Jacob Nist
James B. Stoetzer, Peter C. Partnow

s/Jami K. Elison .