Peter C. Partnow, ASBA No. 7206029
James B. Stoetzer, ASBA No. 7911130
Lane Powell LLC
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Tel:  907-277-9511
Fax:  907-276-2631
PartnowP@LanePowell.com

Attorneys for Third-Party Defendant
Coffman Engineers, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska corporation,<br><br>      Plaintiff,<br><br>v.<br><br>FORREST J. McKINLEY, an individual, d/b/a "Imperial industrial Coatings"; and EMERCO, INC., a California corporation, d/b/a Imperial Industrial Coatings; BRECHAN ENTERPRIESES, INC., an Alaska corporation; and SAFECO INSURANCE COMPANY OF AMERICA, a Washington corporation,<br><br>      Defendants. | Case No. 3:03-cv-00199-RRB |
| EMERCO, INC., a California corporation d/b/a Imperial Industrial Coatings, and the United States for the Use and Benefit of EMERCO, INC.,<br><br>  Counterclaimant/Third-Party Claimant,<br><br>v.<br><br>ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska corporation, et al.,<br><br>  Cross-Defendants/Third-Party Defendants. | **REPLY OF COFFMAN ENGINEERS, INC. TO ABSOLUTE'S OPPOSITION TO <u>COFFMAN'S MOTIONS IN LIMINE</u>** |

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511   Facsimile 907.276.2631

|  |
|---|
| THE UNITED STATES OF AMERICA for the use and benefit of ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska corporation, <br><br>                             Plaintiff, <br><br> v. <br><br> SAFECO INSURANCE COMPANY OF AMERICA, a Washington corporation, <br><br>                             Defendant. |
| BRECHAN ENTERPRISES, INC., an Alaska corporation, <br><br>                             Counterclaim Plaintiff, <br><br> v. <br><br> ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska corporation, <br><br>                             Counterclaim Defendant. |
| BRECHAN ENTERPRISES, INC., an Alaska corporation, <br><br>                             Third-Party Plaintiff, <br><br> v. <br><br> COFFMAN ENGINEERS, INC., a Washington corporation, <br><br>                             Third-Party Defendant. |

      COMES NOW defendant Coffman Engineers, Inc., by and through counsel, and replies to Absolute Environmental Services, Inc's opposition to its motions in limine. The Court has already ruled on motions 1, 7 and 10. Coffman will address the remaining motions below.

    **2.**     **Expert Opinions by Messrs. Hailey, Schilling, or Vernon Which (1) Go Beyond The Opinions Stated in Their Respective Expert Reports or Depositions in This Case, or (2) Are Based on Documents or Other Factual Information Which Was Within the Scope of Initial Disclosures, Propounded Written Discovery, or Deposition Inquiry**.

      Absolute acknowledges that it should not be allowed to put on opinion testimony that was not previously disclosed. That is all Coffman asks. However, in light of the "moving target" that

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

Absolute has continually presented in this case, an order confirming this and granting Coffman's motion in limine is appropriate and warranted.

While expert evaluations may be an ongoing process, Absolute also has an ongoing obligation under Rule 26(e) to amend and update its expert disclosures. If the opinions of Messrs. Hailey, Schilling, or Vernon have changed, Absolute had—and has—an obligation to supplement its disclosures and reports. Absolute has provided no supplementary disclosures, and cannot now offer different expert opinions than those disclosed unless the deviation is based upon evidence presented by the other parties at trial. Moreover, Absolute's witness list states that these witnesses are expected to testify only about the opinions expressed in their published reports. Doc. No. 313. The Court should therefore issue an order restricting these witnesses to their previously disclosed testimony.

Absolute's invocation of Fed. R. Evid. 703 is inapposite. Of course experts may express opinions based upon facts and data presented to them by other parties for the first time at trial. But Rule 703 does not permit a party to withhold facts or data from its own expert, only to introduce them at trial in a calculated attempt to ambush the opposing party with an undisclosed opinion.

**3. Expert Opinions by Mr. Lembke Which (1) Go Beyond the Opinions Stated in His Expert Reports or Depositions in This Case, or (2) Are Based on Documents or Other Factual Information Which Was Within the Scope of Initial Disclosures, Propounded Written Discovery, or Deposition Inquiry.**

*See* argument above regarding motion in limine 2.

**4. Evidence or Argument by Imperial Regarding the Quantum or Cause(s) of Its Alleged Damages Beyond That Stated in Its Written Discovery Interrogatory Response.**

Absolute largely joins in this motion, expressing reservation with regard to only one part. Absolute argues that Imperial should be allowed to introduce any evidence relevant to *any* issue in the case, regardless of whether that evidence is relevant to Imperial's claims.

But because Imperial may not properly seek to prove damages outside those disclosed in its initial disclosures and in response to discovery requests, it may not now properly seek to prove claims against Coffman or to assert new theories of damages. That being said, there is no reason why Imperial witnesses cannot be *questioned* about specific conditions that they may have observed

**Reply of Coffman Engineers, Inc. to Absolute's Opposition to Coffman's Motions in Limine**
*Absolute Envtl. Servs., Inc. v. Forrest McKinley, et al.* (Case No. 3:03-cv-00199-RRB)   Page 3 of 8

while performing on the project to the extent such information is relevant and material to some issue which is properly before the court. The touchstone must be what the party introducing the evidence seeks to prove, and Court must ask itself "[d]oes the item of evidence tend to prove the matter sought to be proved?" Fed. R. Evid. 401, Advisory Committee Notes (1972).

Imperial has no claim against Coffman. If Absolute (or Brechan or Coffman) wishes to elicit evidence from Imperial's witnesses on issues which are before the court, this is permissible, subject to the normal prohibits against hearsay, etc. However, to permit Imperial to offer evidence on matters not before the court (such as the adequacy of Coffman's QA work or any damages which Coffman allegedly caused Imperial) would result in prejudice to Coffman and would confuse the jury. Such evidence or argument must not be allowed.

**5.    Evidence or Argument Regarding Costs or Attorneys' Fees Which Have Been Incurred in This Litigation.**

The Court has denied the Motion for Reconsideration of the dismissal of Absolute's business devastation claim, upon which Absolute's opposition to this motion in limine was based. Absolute also states that it "does not intend to present evidence of costs or attorney's fees incurred in [this] litigation to the jury." Opposition p. 7. Coffman submits that an order confirming this is appropriate.

**6.    Evidence or Argument Regarding the Alleged Financial Dealings of Absolute's "Sole Shareholder" or Any Other Individual or Entity Other Than Absolute Environmental Services, Inc.**

The Court has denied the Motion for Reconsideration of the dismissal of Absolute's business devastation claim and disallowed Absolute's punitive damages claim. Those claims formed the basis of Absolute's opposition to this motion in limine. Absolute also states that it "does not intend to present evidence of the financial dealings of individuals to the jury." Opposition p. 7. Coffman therefore requests an order prohibiting such evidence or argument.

**8.    Evidence or Opinion Regarding the Condition of the Wharf After the Completion of the Work, or Other Argument or Opinion That the Wharf Will Not Have a Life Expectancy of an Additional 25 Years.**

Absolute's opposition to this motion is both wide-ranging and wide of the mark. First, the sole evidence for Absolute's position that the Coast Guard requested a 25 year life for the coatings

LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511 Facsimile 907.276.2631

consists of a single line in an email months before the specifications were issued. *See* Exhibit A to Elison Dec. Clearly, the specifications actually issued by the Coast Guard—which require a 25 year life for the pilings—must control this issue. The specifications for both phases specifically state:

> 1.1.2  The intent of this coating replacement project is to provide corrosion prevention that in conjunction with coating maintenance and the impressed current cathodic protection system will provide the dock pile structure an additional 25 years of useful life.

Despite this fact, Absolute seems to think this issue is relevant for two reasons. First, Absolute contends that it is relevant because it believes that Coffman will argue that Absolute performed "too much work" because it was attempting to meet a standard that would have provided for a 25-year life of the coatings, rather than a 25-year useful life of dock pile structure. Of course, to buy into this argument, one must buy into the belief that Absolute was relying on that one sentence from an email that was sent two years before Absolute even started work on Phase 2 of the project, rather than on the unequivocal language of the specification, which was finalized two months after the email upon which Absolute purportedly relied. However, there is no evidence, nor has there been any suggestion whatsoever that Absolute was relying on that email. If it did, it did so at its own peril since the language of the specification is quite clear in this regard.

Absolute's next argument is almost indecipherable, but appears to contend that the one reference in the April 27, 2001, email to a 25-year coating as compared to the 25-year extension of the useful life of the pile structure set forth in the specification, can be used to demonstrate that Coffman was supposedly willing to dispense with the holiday free standard in order to protect Brechan's financial situation. This is a stretch even for Absolute. Not surprisingly, the argument relies almost exclusively on the misrepresentation of the communications attached to the declaration of counsel in support of Absolute's opposition. For example, Absolute contends that Coffman stated its "willingness to take direction from Brechan" even though Brechan had no corrosion engineering qualifications. Counsel refers to exhibits B and C to his declaration. What counsel fails to point out is that the elimination of options of 1 and 2—suggested by Brechan—was ultimately *rejected* by Coffman; Coffman provided all three options to Brechan and the Coast Guard. Thus, contrary to Absolute's representation, the two options were *not* eliminated and were in fact presented to the Coast Guard.

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511 Facsimile 907.276.2631

It is clear that the "evidence" on which Absolute relies for the contention that Coffman was willing to subordinate its professional responsibilities to assist Brechan out of a non-existent financial quandary does not even exist. Moreover, the contention that a single reference to a 25-year coating life supports this fiction is plainly inaccurate. Coffman's motion in limine in this regard should be granted.

**9. Evidence, Opinion, or Argument Regarding Any Alleged Breach of Any Contract or Obligation to the Coast Guard, Alleged Improper Dealings With the Coast Guard, or Alleged Failure of the Coast Guard to Enforce Obligations Due and Owing to It.**

Again, Absolute has declined to respond directly to Coffman's motion, instead referring the Court to its opposition of an allegedly similar motion filed by Brechan. Opposition p. 11. That document (Doc. No. 371), in turn, provides no argument, but refers to yet another filing. Finally, we arrive at "Absolute's Opposition to Brechan's Motion in Limine to Exclude Expert Opinion Testimony Regarding Brechan's 'Loss Exposure' During Phase I of the Cargo Warf Project." Doc. No. 373. Absolute, in effect, makes no attempt to address the specific interactions raised in Coffman's brief. This fact alone mandates the granting of Coffman's motion.

Moreover, Absolute makes no attempt to address Coffman's argument that any such evidence would be presented through inadmissible hearsay, speculation, and lay opinion. Rather than pointing to persons on its witness list with the requisite personal knowledge or expertise, Absolute responds by listing and quoting various rules of evidence. Absolute is simply unable to present admissible evidence on this subject.

Absolute's case law is not on point. Absolute cites a Sherman Act case addressing a summary judgment. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062 (D. Colo. 1991). Absolute fails to cite the authority upon which that case relies: "Lack of motive bears on the range of permissible conclusions that might be drawn from ambiguous evidence: if petitioners had no rational economic motive to conspire, and if their conduct is consistent with other, equally plausible explanations, the conduct does not give rise to an inference of conspiracy." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 596-97 (1986). As described below, Absolute has made no attempt to identify either Coffman's or the Coast Guard's economic

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511 Facsimile 907.276.2631

motive to conspire (either with each other or with Brechan), and offers no other reason than "to make money" as Brechan's motive.  Respectfully, more is needed.

Absolute makes no attempt to explain how Coffman fits into this or any other theory as having conspired with the Coast Guard.  Absolute's flawed explanation of the respective economic incentives to conspire cannot explain any motive for Coffman to conspire with anyone, absent some combination of altruism towards Brechan and antipathy towards everyone else.

Absolute claims that Fed. R. Evid. 404(b) stands for the proposition that evidence of prior acts need not be supported by eyewitnesses or corroborated.  Absolute appears to believe that it can simply send someone—presumably Mr. Olson—to the stand to make a series of unsupported allegations.  This is simply not true.  *See* Fed. R. Evid. 404(b).  Evidence of the allegedly wrongful acts performed by Coffman against or in conjunction with the Coast Guard, Swalling, or others would require substantial testimony by numerous witnesses that would consume substantial time and resources that would threaten to swallow the trial.  This circus would be prejudicial to Coffman serve no purpose other than to confuse the jury.

### 11. Evidence or Argument That Coffman Failed to Perform its Field Services (QA Work) Properly or in Accordance With the Applicable Standard of Care.

As noted in Coffman's initial motion, Absolute has unconditionally admitted, in response to Coffman's Request for Admission No. 13, that "the QA work performed by Coffman during Phase II of the cargo wharf project comported with normally accepted industry standards for field coating quality assurance."  "Any matter admitted under [Rule 36] is conclusively established unless the court on motion permits withdrawal or amendment of the admission."  Fed. R. Civ. P. 36(b).  Absolute has made no motion to withdraw or amend this admission, even when confronted with this admission.[1]

---

[1]  Nor would such a motion be successful.  Apart from not being able to show good cause under Rule 16(d), the presentation of this action's merits will not be "subserved" by allowing withdrawal or amendment.  Instead, withdrawal or amendment would only serve to open the door to voluminous, irrelevant evidence that would only confuse the jury.  Moreover, all parties have submitted all exhibits and final witness lists.  Coffman would be severely prejudiced by having to prepare for and respond to a new litany of allegations (about which, since Absolute's allegations, there has been no discovery) during trial.  Fed. R. Civ. P. 36(b).  Such a motion to amend—if made—would therefore have to be denied.

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

**Reply of Coffman Engineers, Inc. to Absolute's Opposition to Coffman's Motions in Limine**
*Absolute Envtl. Servs., Inc. v. Forrest McKinley, et al.* (Case No. 3:03-cv-00199-RRB)    Page 7 of 8

Absolute now argues that Coffman "deliberately disregarded field obligations" during Phase I to apparently cover up the failure of the Phase I coating applicator to comply with the specification. To support this contention, Absolute attaches as Exhibit B to counsel's declaration 5 daily summary reports prepared by Coffman's Jerry Hardenburgh. Absolute would have this Court believe that those daily reports reflect Coffman's willingness to forego the holiday-free requirement during the second part of Phase I. In fact, four of those five daily reports reflect the fact that holiday detection was, in fact, taking place. Mr. Hardenburgh has testified that when he says holiday detection, he means high voltage holiday testing. Again, Absolute resorts to reliance on misstatements and the misinterpretation of unequivocal evidence to supports its theories. Absolute's own exhibits demonstrate that there were no "changes in testing patterns" throughout the project or between Phase I and Phase II.

Consequently, the manner in which Coffman performed its quality assurance work is irrelevant to the remaining claims, and Coffman's motion in limine in this regard should be granted.

In short, no party has asserted any claim against Coffman based on its QA work. Such evidence is not relevant to Absolute's claims against Coffman. And Absolute has admitted that Coffman's QA work on Phase II conformed to the applicable standard of care. Under Fed. R. Evid. 401 and 403 and Fed. R. Civ. P. 36(b), Absolute may not argue or introduce evidence that Coffman's QU work was somehow negligent or fraudulent.

DATED this 29th day of September, 2006.

**LANE POWELL LLC**
**301 West Northern Lights Boulevard, Suite 301**
**Anchorage, Alaska 99503-2648**
**Telephone 907.277.9511  Facsimile 907.276.2631**

I certify that on September 29, 2006, a copy of the foregoing was served electronically on the following:

William R. Baerg, baerg@mmlawyers.com
Eric J. Brown, ebrown@jdolaw.com
Robert J. Dickson, acgecf@acglaw.com
Patrick J. Duffy, duffy@mmlawyers.com
Jami K. Elison, jamie@mhf-law.com
Michael E. Kreger, mkreger@perkinscoie.com
Terry R. Marston, terry@mhf-law.com
James B. Stoetzer, stoetzerj@lanepowell.com
James E. Niemer, niemerj@lanepowell.com

and by mail on:
Paul J. Nangle, Paul J. Nangle & Associates
101 Christensen Dr, Anchorage, AK 99501

 s/Peter C. Partnow

011680.0076/156801.1

LANE POWELL LLC
Attorneys for Coffman Engineers, Inc.

By  s/ Peter C. Partnow
    Peter C. Partnow, ASBA No. 7206029
    301 W. Northern Lights Blvd., Suite 301
    Anchorage, Alaska 99503-2648
    Tel:  907-277-9511
    Fax:  907-276-2631
    Email:  PartnowP@LanePowell.com

**Reply of Coffman Engineers, Inc. to Absolute's Opposition to Coffman's Motions in Limine**
*Absolute Envtl. Servs., Inc. v. Forrest McKinley, et al.* **(Case No. 3:03-cv-00199-RRB)**       **Page 8 of 8**