Michael E. Kreger
James N. Leik
Perkins Coie LLP
1029 W. Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561
(907) 276-3108 (Facsimile)
mkreger@perkinscoie.com

Attorneys for Defendants Brechan Enterprises, Inc. and
Safeco Insurance Company of America

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

ABSOLUTE ENVIRONMENTAL
SERVICES, INC., an Alaska corporation,

     Plaintiff,

v.

FORREST J. MCKINLEY, et al.,         Case No. 3:03-cv-0199-RRB

     Defendants.

## BRECHAN AND SAFECO'S
## OBJECTIONS TO JURY INSTRUCTIONS

A.    **Objections to Absolute's Jury Instructions**

    **Absolute's Instruction No. 1 (Contract Definition)**

    Brechan objects to this instruction as unnecessary.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

**Absolute's Instruction No. 2 (Superior Knowledge)**

Brechan objects to this instruction. The proposed instruction does not: (1) make it clear that Absolute bears the burden of proof in establishing the criteria, (2) make it clear that all elements of the claim need to be established, (3) adequately define superior knowledge, and (4) reflect the requirement that Absolute establish that it would have bid the project differently.

Brechan has proposed a single instruction which addresses the superior knowledge (contract) and nondisclosure (tort) theories. See Brechan's Proposed Instruction No. 1. Should the court determine that separate instructions on superior knowledge and nondisclosure are appropriate, in the alternative, Brechan offers instructions 11 and 12, below.

**Absolute's Instruction No. 3 (Spearin Doctrine – Waiver of the Accuracy of the Plans and Specifications)**

1.     A prerequisite for finding liability on this claim is that the specifications at issue be a "design specification" (rather than a performance specification). Blake Constr. Co. v. U.S., 987 F.2d 743, 745 (Fed. Cir. 1993). The difference is whether or not Absolute had any discretion in performance of the work. Absolute's proposed Instruction No. 3 does not describe this difference. Brechan submits a proposed instruction defining performance specifications (Brechan's Instruction No. 13, attached) and resubmits its Instruction No. 2 (Revised) to include this proposed instruction (attached).

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

**ABSOLUTE v. MCKINLEY, et al.**
**Case No. 3:03-cv-0199-RRB**                       [38599-0012/AA062710.005]

2.    A prerequisite for finding liability on this claim is reasonable reliance on the allegedly defective specification. <u>Lewis v. Anchorage Asphalt</u>, 535 P.2d 1188, 1196 (Alaska 1975); <u>Al Johnson Constr. Co. v. U.S.</u>, 834 F.2d 467 (Fed. Cir. 1988). Absolute's proposed instruction does not address this necessary element.

3.    Absolute's instruction is confusing in that it does not provide a checklist for jurors of the elements it must find.

4.    Absolute's instruction is misleading because it does not instruct the jury that the only damages which may be awarded under this theory are those proximately caused by the defect in the specifications.

5.    The proposed instruction does not state that Absolute bears the burden of proof on each of the elements of this claim.

**Absolute's Instruction No. 4 (No Duty to Inquire Re Latent Ambiguities)**

This instruction does not fit the facts. Absolute claims the specification was defective, not ambiguous. Absolute did the work required by the specification (grinding, removal of non-structural steel, caulking, stripe-coating), but claims that the combination of defective welds and requirement to meet a holiday-free condition made the work impossible or unreasonably difficult. This is not a question of the interpretation of a term in the specification. This claim has been pled by Absolute as a breach of the warranty of the plans and specifications.

This is also not an accurate statement of the law. The contract determines the extent of explicitness required in a specification.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

**Absolute's Instruction No. 5 (Duty to Investigate Site)**

This instruction mischaracterizes and obscures the defense. Brechan claims the work was not additional or extra to the contract, but required by the contract. The failure of "defective welds" to be visible during a site inspection does not mean that the work required to coat the dock, including any defective welds, was extra. This instruction, however, implies that it is, and suggests that Absolute can be compensated if it can prove that it didn't see something that defense asserts wasn't there, in any case, or if present, was anticipated in the scope of work.

**Absolute's Instruction No. 6 (Duty to Disclose and Not Hinder Construction)**

The duty not to hinder or interfere or delay is a discrete obligation, having to do with disruptions caused during the project by the owner. This was not pled and the facts do not put this instruction into the case.

The failure to disclose superior knowledge, which is referenced in this instruction, has a distinct test in elements. This instruction purports to duplicate the superior knowledge instruction, but implies a separate and more vaguely breached duty.

**Absolute's Instruction No. 7 (Quasi-Contract, Quantum Meruit)**

1.    Under Alaska law, a party may not recover in quasi-contract or quantum meruit if the work in question was within the scope of an express contract. <u>Mitford v. de LaSala</u>, 666 P.2d 1000, 1006 n.1 (Alaska 1983); <u>Fairbanks</u>

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

N. Star Borough v. Kandik Constr., Inc. and Associates, 795 P.2d 293 (Alaska 1990). Absolute's proposed instruction does not state this requirement.

    2.    Absolute's proposed instruction states that Absolute may recover in quantum meruit and quasi-contract if there is no contract "with respect to certain portions of the work performed at the Kodiak project." This is an incorrect statement of the law. To recover in quantum meruit and quasi-contract, Absolute must show that it performed work "beyond [work] contemplated in the original contract.' Kandik, 795 P.2d at 799; see also Don B. Dobbs, Law of Remedies, § 4.9(4) at 394 (2d 3d. 1993) ("Where there is an express contract dealing with the subject matter, no implied contract or restitution claim will be permitted.").

### Absolute's Instruction No. 8 (Fraud/Misrepresentation)

Brechan objects to this instruction because the claims in this case are for nondisclosure. For nondisclosure claims, the Alaska Supreme Court follows Restatement (2d) of Torts § 551 and any instruction should include all of the elements stated in § 551. See Arctic Tug & Barge Inc. v. Raleigh Schwarz & Powell, 956 P.2d 1199, 1202 (Alaska 1998) (following Restatement § 551).

The first requirement for a claim of nondisclosure is to establish a duty to disclose. Brechan objects to this Instruction because it does not instruct the jury on the requirements for establishing the existence of a duty to disclose, as required under Restatement (2d) of Torts § 551.

Brechan proposed an instruction to address nondisclosure under both the "superior knowledge" doctrine and in tort. See Brechan's Proposed Instruction

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

No. 1.  As an alternate, Brechan submits its Proposed Instruction No. 11, attached, addressing the tort claims for nondisclosure based on Restatement § 551.

### Absolute Instruction No. 9 (Negligent Misrepresentation)

Brechan objects to this instruction because it addresses affirmative statements, while the claims in this case are for nondisclosure.  For nondisclosure claims, the Alaska Supreme Court follows Restatement (2d) of Torts § 551 and any instruction should include all of the elements stated in § 551.  See Arctic Tug & Barge Inc. v. Raleigh Schwarz & Powell, 956 P.2d 1199, 1202 (Alaska 1998) (following Restatement § 551).  See also McElhannon v. Ford, 73 P.3d 827 (N.M. App. 2003).

The first requirement for a claim of nondisclosure is to establish a duty. Brechan objects to this Instruction because it does not instruct the jury on the requirements for establishing the existence of a duty to disclose, as required under Restatement (2d) of Torts § 551.

Brechan proposed an instruction to address nondisclosure under both the "superior knowledge" doctrine and in tort.  See Brechan's Proposed Instruction No. 1.  As an alternate, Brechan submits its Proposed Instruction No. 11, attached, addressing the tort claims for nondisclosure.

Brechan also objects to this instruction because it does not clearly state the elements of the tort.  See Bubbel v. Wien Air Alaska, 682 P.2d 374, 380 (Alaska 1984). In particular, the plaintiff must prove that the facts stated by the defendant were false.  This essential requirement is not clearly stated as an element of the tort.

**PERKINS COIE LLP**
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

**ABSOLUTE v. MCKINLEY, et al.**
**Case No. 3:03-cv-0199-RRB**                - 6 -                [38599-0012/AA062710.005]

The final sentence is improper, as this case does not include a claim for "forbearance of other business opportunities."

### Absolute's Instruction No. 10 (Indemnity)

The parties have agreed that this issue will be resolved by the Court, so there is no need for this instruction.

### Absolute's Instruction No. 14 (Agency)

Brechan objects to this instruction as unnecessary.

### Absolute's Instruction No. 17 (Compensatory Damages)

The first paragraph is covered by Brechan's Instruction No. 5 (9th Circuit Instruction 7.1).

### Absolute's Instruction No. 18 (Reasonable Estimate)

Brechan objects because Absolute deleted the following sentences from the ABA instruction: "You must not guess or speculate about the proper amount of the award of damages. You may not award damages unless the evidence is capable of establishing those damages with a reasonable certainty." Both sentences accurately state Alaska law.

This instruction is unnecessarily repetitive and is not based directly on Alaska law. These subjects are addressed in Brechan's proposed Instruction No. 6, based on Alaska law as cited therein.

### Absolute's Instruction No. 19 (Causation and Foreseeability)

These topics are covered in Brechan's Instruction No. 6, which is based on Alaska law as cited therein. This instruction states similar concepts, but Brechan believes an instruction based more closely on Alaska case law is appropriate.

**PERKINS COIE LLP**
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

### Absolute's Instruction No. 20 (Total-Cost Theory of Recovery)

The jury cannot be instructed on total costs unless the court has made a preliminary determination that the plaintiff has admissible evidence sufficient to prove each of the four elements required for total cost proof. <u>Geolar, Inc. v. Gilbert/Commonwealth, Inc.</u>, 874 P.2d 937, 945 (Alaska 1994). For the reasons stated in Brechan's motion for summary judgment, Absolute cannot meet this burden. Therefore, an instruction permitting total cost proof of damages is improper. If the Court finds that the prerequisites for total cost proof have been met, the Court should give Brechan's Instruction No. 7. It contains language (final paragraph) required under Alaska law, informing the jury that if the jury uses total cost proof, it must determine that the damages were in fact caused by the defendant's conduct. <u>Geolar</u> at 945.

The jury should be instructed on the principle that the contractor is not excused from proving its actual costs because the contractor failed to keep records. This is omitted from Absolute's total cost instruction, and it is addressed in Brechan's instruction.

This instruction is misleading because in describing the four elements of total cost, it does not make clear that Absolute is responsible for its subcontractor, Imperial.

### Absolute's Instruction No. 21 (Lost Profit)

There is no basis for giving this instruction because plaintiff is not presenting lost profit evidence. Its expert witness intends to present a total cost claim, which is addressed by the previous instruction.

**PERKINS COIE LLP**
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

**Absolute's Instruction No. 22 (Interest)**

The court should determine prejudgment interest. Therefore, Brechan objects to this instruction.

### Absolute's Unnumbered Instructions (Designated by Reference)

**APCJI 17.01**: Brechan objects to APCJI 17.01 because this instruction is intended for cases that involve affirmative misrepresentations. This case involves nondisclosure. For nondisclosure claims, the Alaska Supreme Court follows Restatement (2d) of Torts § 551, and the instruction must follow those elements. They are not reflected in this Instruction.

Brechan also objects to APCJI 17.01 because it does not properly state all of the elements of a fraud claim: (1) a false representation of fact; (2) knowledge of the falsity of the representation; (3) intention to induce reliance; (4) justifiable reliance; and (5) damages. Jarvis v. Ensminger, 134 P.3d 353, 363 (Alaska 2006). This instruction does not require a finding that the defendant made the false statement with the intention that the defendant would rely on it. The statement in element 5 regarding a "buyer's reliance" is inappropriate here, and "justifiable reliance" should be defined. See Restatement (2d) of Torts § 538 (reliance is justifiable if a reasonable person would attach importance to the information in determining choice of action in the transaction).

**APCJI 17.02**: Brechan objects to APCJI 17.02. The Alaska Supreme Court follows Restatement (2d) of Torts § 551 with respect to nondisclosure, and any instruction must include all of the elements adopted by the Restatement. See Arctic Tug & Barge Inc. v. Raleigh Schwarz & Powell, 956 P.2d 1199, 1202

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

(Alaska 1998) (following Restatement § 551).  See also McElhannon v. Ford, 73 P.3d 827 (N.M. App. 2003).

The first requirement for a claim of nondisclosure is to establish a duty. Brechan objects to this Instruction because it does not instruct the jury on the requirements for establishing the existence of a duty to disclose, as required under Restatement (2d) of Torts § 551.  In addition, this instruction does not require a finding that the defendant intended or expected that the plaintiff would rely on the absence of the omitted information.

Brechan proposed an instruction to address nondisclosure under both the "superior knowledge" doctrine and in tort.  See Brechan's Proposed Instruction No. 1.  As an alternate, Brechan submits its Proposed Instruction No. 11, attached, addressing the tort claims for nondisclosure.

**APCJI 20.20A and 20.20B:**  The Court has ruled that punitive damages are not part of this case, so these instructions cannot be given.

**APCJI 23.01:**  There is no Alaska instruction with this designation.  If it refers to APCJI 23.01A, Brechan is unaware of any reason to give this instruction.

**APCJI 23.03:**  Brechan is unaware of any reason to give this instruction.

**APCPI 24.09A:**  The subjects in APCJI 24.09A are covered in Brechan's proposed Instruction No. 6.  That instruction also includes an instruction on causation that is based on Alaska law as cited, and it should be given instead of APCJI 24.09A.

**ABSOLUTE v. MCKINLEY, et al.**
**Case No. 3:03-cv-0199-RRB**                    - 10 -                    [38599-0012/AA062710.005]

**B.    Objections to Imperial's Jury Instructions**

**Imperial's Specially Prepared Instruction No. 3**

1.    This instruction is ambiguous and should not be given.  To the extent it implies that Imperial may recover for damages caused by Brechan, it is misleading since Imperial's claims against Brechan and Safeco have been dismissed with prejudice, with no opposition from Absolute.

The proposed instruction is also incorrect as applied to Absolute's rights against Brechan.  The proposed instruction reads that "the subcontractor can assert a claim for breach of contract against the prime contractor for the damages it suffered as a result of the public entity having breached its contract with the prime contractor."  The Court ruled that there is no differing site condition clause in the Brechan subcontract with Absolute and dismissed Absolute's claim on that count. Absolute may not recover from Brechan for this claim, on its own or for Imperial.

The proposed instruction reads that "Imperial . . . may only assert claims against . . . Absolute . . . for damages . . . Imperial . . . suffered and which were caused by Brechan."  The reference to Brechan (instead of Absolute) is either a typographical error or, for the reasons above, an incorrect statement of the law of the case.

If Imperial is seeking in this instruction to recover from Brechan through Absolute for claims which the court has not dismissed, Absolute must nonetheless have a right to assert such claims against Brechan in order for it to assert such claims on Imperial's behalf.  Perhaps more pithy, if Absolute has no claim against Brechan, Imperial has no claim which passes past Absolute.  At this point in the

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

case, Absolute's right to assert any claims of Imperial depends upon the damages which Absolute is seeking against Brechan. Absolute's damage calculation against Brechan does not include amounts for claims which Imperial has alleged against Absolute. Absolute has no right to pass through any Imperial claim.

### Imperial's Specially Prepared Instruction No. 4 (As Amended)

At Docket No. 339, this Court held that Absolute could not recover on a "differing site condition" claim against Brechan. As drafted, Imperial's instruction on its face suggests that the jury may allow Absolute to recover against Brechan. The instruction should be revised to reflect that the claim, if any, lies between Imperial and Absolute only.

### Imperial's Specially Prepared Instruction No. 5

1.    This is not an accurate statement of the law. Whether a contractor may make changes to a subcontractor's work is a matter governed by the contractual provisions between the contractor and subcontractor. Phillip L. Bruner & Patrick J. O'Connor, Jr., <u>Bruner & O'Connor on Construction Law</u>, § 4.1 (2002). ("In the absence of a contract clause addressing the subject of 'changes' or 'extras,' a contractor can look for relief under a theory of an implied-in-fact contract."). This instruction is also potentially misleading as drafted. It implies that Absolute may recover against Brechan on Imperial's account on a "constructive change" theory Imperial may maintain against Absolute. Absolute may not. This Court has previously ruled that Absolute may not recover against Brechan for a constructive change.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

3.    This instruction is vague with respect to what constitutes an "extra" or "additional work" under the law.

4.    Brechan and Safeco withdraw their objection if the instruction is rewritten as follows:  "If Absolute ordered Imperial to perform extra or additional work, then Imperial is entitled to compensation for said work despite Absolute's failure to issue a written change order."

### Imperial's Specially Prepared Instruction No. 8

The court should determine prejudgment interest.  Therefore, Brechan objects to this instruction.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

**ABSOLUTE v. MCKINLEY, et al.**
**Case No. 3:03-cv-0199-RRB**                       [38599-0012/AA062710.005]

## BRECHAN'S INSTRUCTION NO. 11
## NONDISCLOSURE (TORT)

Absolute claims that Brechan breached its duties to Absolute by failing to disclose information about defective welds encountered on a prior project. In order to win on this claim, Absolute has the burden of proving each of the following elements by a preponderance of the evidence:

1.    Before Absolute signed the contract with Brechan for the Cargo Wharf project, Brechan had information regarding the scope and cost of Absolute's work on the project;

2.    This information was basic to the contract between Brechan and Absolute;

3.    Brechan knew that Absolute did not have this information and could not reasonably obtain this information through its own efforts, and that Absolute was going to enter into the contract based on a mistake due to Absolute's lack of knowledge of this information;

4.    Brechan knew that because of its relationship with Absolute or the customs of the trade, Absolute would reasonably expect Brechan to disclose this information to Absolute;

5.    Brechan knew that Absolute would justifiably rely on the absence of this information in making a decision to agree to the contract;

6.    Brechan did not disclose this information to Absolute;

**ABSOLUTE v. MCKINLEY, et al.**
**Case No. 3:03-cv-0199-RRB**                    - 14 -                    [38599-0012/AA062710.005]

7.    When Brechan failed to disclose the information to Absolute, Brechan intended that Absolute would rely on the absence of this information in deciding to sign the contract;

8.    When Absolute signed the contract with Brechan, Absolute justifiably relied on a false understanding created by the absence of the undisclosed information. Absolute's reliance was justifiable if a reasonable contractor would attach importance to the absence of the undisclosed information in making a decision to sign this contract;

9.    Absolute's reliance on its false understanding caused by the absence of the undisclosed information caused financial loss to Absolute.

If you find that Absolute has provided all of these elements, then you must find in favor of Absolute on this claim, and then determine damages legally caused by the non-disclosure of the information.

If Absolute has failed to provide any one of these elements, then you must find against Absolute on this claim and you may not award damages to Absolute based on this claim.

Elements 1 through 5 are elements to determine the existence of a duty under Restatement (2d) of Torts § 551(2)(e). See also Restatement § 551 comments j, k and l. Elements 6 through 9 include the additional elements for liability based on Restatement (2d) of Torts §§ 551(1) and 525. See also Jarvis v. Ensminger, 134 P.3d 353, 363 (Alaska 2006) (elements of fraud); Arctic Tug & Barge Inc. v. Raleigh, Schwarz & Powell, 956 P.2d 199, 1202 (Alaska 1998) (following Restatement § 551); Matthews v. Kincaid, 746 P.2d 470 (Alaska 1987); McElhannon v. Ford, 73 P.2d 827, 831 (NM App. 2003).

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

## BRECHAN'S INSTRUCTION NO. 12
## "SUPERIOR KNOWLEDGE"

Absolute claims that Brechan breached its contract with Absolute by failing to disclose information about defective welds encountered on a prior project.

In order to win on this claim, Absolute has the burden of proving each of the following elements by a preponderance of the evidence:

(1)    That Brechan had superior knowledge about defective welding conditions which were encountered by Swalling during the Phase I project. Superior knowledge is information that is vital to the performance of a contract, material to the performance problems that arose, and that can only be reasonably obtained from one source.

(2)    That Absolute was not aware of the information Brechan had about defective welds occurring on the prior project, and could not reasonably discover this information through its own efforts.

(3)    That Brechan recognized that the disclosure of this information would be vital to Absolute to prepare a reasonable proposal for the next project.

(4)    That Brechan knew that Absolute did not have this information and that Absolute was not reasonably likely to learn this information from its own inquiries or from any other source.

(5)    That Brechan did not provide this information to Absolute.

(6)    That the revised coating specification for Absolute's project did not put Absolute on notice about the possibility of defective welds.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

**ABSOLUTE v. MCKINLEY, et al.**
**Case No. 3:03-cv-0199-RRB**          - 16 -          [38599-0012/AA062710.005]

(7)    That Absolute would have made a different price proposal to Brechan had it been provided with the superior knowledge prior to entering into the subcontract with Brechan.

If you find that Absolute has provided all of these elements, then you must find in favor of Absolute on this claim, and then determine damages legally caused by the non-disclosure of the information.

If Absolute has failed to provide any one of these elements, then you must find against Absolute on this claim and you may not award damages to Absolute based on this claim.

GAF Corp. v. United States, 19 Cl. Ct. 490, 497 (1990); aff'd 932 F.2d 947 (Fed. Cir. 1991), cert. denied, 502 U.S. 1071 (1992). Intercontinental Manufacturing Co. v. United States, 4 Cl. Ct. 591, 598-99 (1984); Granite Construction Co. v. United States, 24 Cl. Ct. 735, 744 (1991); Morrison-Knudsen Company, Inc. v. State, 519 P.2d 834 (Alaska 1974).

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

## BRECHAN'S INSTRUCTION NO. 13
## PERFORMANCE SPECIFICATIONS

Brechan contends that the coating specification was a "performance specification" which permitted Absolute to select the means and methods of doing the work needed to achieve the required result. When a contractor chooses its own methods of achieving the contractually required result, there is no warranty that the method the contractor chooses will be successful.

I will now define a "performance specification":

Performance specifications are provisions of a contract from the owner to the contractor that set forth some objective standard to be achieved by the contractor in the performance of the work, and the contractor is expected to exercise its skill and judgment in selecting the means, methods, and/or equipment to meet the contract standards. Your determination of whether the provisions at issue here constitute performance standards should be informed mostly by your determination of which party selected, or under the contract should have selected, the materials and means used to perform the contract to meet those objective standards. If the contractor had the responsibility to select the materials and means to meet the contract standards, you should find these provisions to be performance specifications. If the owner selected the materials and means, however, these provisions are not performance specifications.

It is the owner's burden to prove that the contract provisions are performance specifications.

If you find that the specification was a performance specification, then Absolute cannot prevail on its claim for breach of implied warranty of the

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

**ABSOLUTE v. MCKINLEY, et al.**
**Case No. 3:03-cv-0199-RRB**                    - 18 -                    [38599-0012/AA062710.005]

adequacy of the specification, and you need not consider the following instruction on the Implied Warranty of the Adequacy of the Plans and Specifications.

See ABA Model Jury Instructions Construction Litigation, at 6.04.

**ABSOLUTE v. MCKINLEY, et al.**
**Case No. 3:03-cv-0199-RRB**                    - 19 -                    [38599-0012/AA062710.005]

## BRECHAN'S INSTRUCTION NO. 2, REVISED
## IMPLIED WARRANTY OF ADEQUACY
## OF COATING SPECIFICATION

Absolute claims that the specification for the Coast Guard wharf coating project was defective, and that the defective specification caused Absolute to incur extra costs in performing its subcontract.

In order to win on this claim, Absolute has the burden of proving each of the following elements by a preponderance of the evidence:

1)    the coating applicators performed their work in accordance with the prescribed methods and in a workmanlike manner;

2)    when it prepared its price proposal for its subcontract with Brechan, Absolute relied on the specification;

3)    Absolute's reliance on the specification was reasonable;

4)    the specification was defective; and

5)    the defect in the specification caused Absolute to incur costs in excess of the costs that Absolute would have incurred if the specifications were not defective.

If Absolute has proved all of these elements, then you must find in favor of Absolute on this claim, and determine damages. If Absolute has failed to prove any one of these elements, you must find against Absolute on this claim and you may not award damages to Absolute based on this claim.

Al Johnson Constr. Co. v. United States, 854 F.2d 467 (Fed. Cir. 1988) (citing United States v. Spearin, 248 U.S. 132 (1918)); Fairbanks North Star Borough v. Kandik Const., Inc. & Associates, 795 P.2d 793 (Alaska 1990), vacated in part on other grounds, 823 P.2d 632 (Alaska 1991); Lewis v. Anchorage Asphalt, 535 P.2d 1188, 1196 n. 19 (Alaska 1975).

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

DATED at Anchorage, Alaska on September 29, 2006.

**PERKINS COIE** LLP
Attorneys for Defendant
Brechan Enterprises, Inc.


By   /s/ Michael E. Kreger
     Michael E. Kreger
     Alaska Bar No. 8311170
     James N. Leik
     Alaska Bar No. 8111109
     Perkins Coie LLP
     1029 W. Third Avenue, Suite 300
     Anchorage, Alaska  99501
     (907) 279-8561
     (907) 276-3108 (Facsimile)
     Email:  mkreger@perkinscoie.com


I hereby certify that on September 29, 2006, the
foregoing was served electronically on Robert J.
Dickson, Peter C. Partnow, William R. Baerg, Terry
R. Marston II, James B. Stoetzer, and Eric J. Brown.

  /s/ Michael E. Kreger
     Michael E. Kreger

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

**ABSOLUTE v. MCKINLEY, et al.**
Case No. 3:03-cv-0199-RRB          - 21 -          [38599-0012/AA062710.005]