Michael E. Kreger
Perkins Coie LLP
1029 W. Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561
(907) 276-3108 (Facsimile)
mkreger@perkinscoie.com

Attorneys for Defendants Brechan Enterprises, Inc.
and Safeco Insurance Company of America

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., et al.,<br><br>    Plaintiffs,<br>v.<br><br>FORREST J. MCKINLEY, et al.,<br><br>    Defendants. | Case No. 3:03-cv-0199-rrb |

**OBJECTIONS TO DEPOSITION DESIGNATIONS OF
ABSOLUTE ENVIRONMENTAL SERVICES, INC. AND
COUNTER-DESIGNATIONS**

Brechan Enterprises, Inc. ("Brechan") and Safeco Insurance Company of America, Inc. ("Safeco") hereby provide their objections to the deposition designations of Absolute Environmental Services, Inc. ("Absolute") and provide their counter-designations to same.

In its deposition excerpts, Absolute sometimes designates the same deposition testimony twice. This may be an administrative oversight. However, to the extent that Absolute intends to read the same testimony to the jury twice, Brechan and Safeco object as asked and answered.

I.     **DEPOSITION OF ANITA REPANICH**

    A.     **Objections of Brechan and Safeco**

        1.     **Objections to testimony interpreting Brechan's JOC contract with the Coast Guard**

The following line of questioning relates to Brechan's contractual relationship with the Coast Guard and the witness' understanding of these various contracts.

    Page 11, Line 16 through Page 14, Line 4

    Page 18, Line 1 through Page 18, Line 11

    Page 19, Line 4 though Page 20, Line 5

    Page 21, Line 14 though Page 21, Line 22

    Page 23, Line 20 through Page 23, Line 25

    Page 24, Line 12 through Page 24, Line 21

    Page 25, Line 9 through Page 26, Line 21

    Page 27, Line 4 through Page 27, Line 20

    Page 28, Line 12 through Page 28, Line 20

    Page 29, Line 1 through Page 29, Line 5

    Page 29, Line 14 through Page 29, Line 22

    Page 31, Line 13 through Page 31, Line 21

    Page 31, Line 22 through Page 32, Line 7

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

Page 32, Line 8 through Page 32, Line 18

Page 33, Line 6 through Page 33, Line 10

Page 35, Line 8 through Page 35, Line 18

Page 35, Line 24 through Page 36, Line 2

Page 36, Line 20 through Page 36, Line 25

Page 37, Line 1 through Page 37, Line 10

Page 37, Line 11 through Page 37, Line 22

Page 37, Line 23 through Page 38, Line 12

Page 39, Line 6 through Page 39, Line 7

Page 40, Line 24 through Page 42, Line 24

Page 43, Line 9 through Page 43, Line 22

Page 44, Line 4 through Page 44, Line 18

Page 44, Line 24 through Page 45, Line 9

Page 45, Line 11 through Page 45, Line 24

Page 46, Line 11 through Page 46, Line 19

Page 49, line 12 through Page 49, Line 17

Page 50, Line 6 through Page 51, Line 25

Page 54, Line 3 through Page 55, Line 17

Page 55, Line 23 through Page 56, Line 3

Page 58, Line 12 through Page 58, Line 23

Page 59, Line 5 through Page 59, Line 125

Page 60, Line 15 through Page 62, Line 9

Page 62, Line 25 through Page 63, Line 16

Page 65, Line 12 through Page 66, Line 5

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

    Page 66, Line 14 through Page 67, Line 7

    Page 67, Line 15 through Page 69, Line 6

    Page 69, Line 18 through Page 70, Line 8

    Page 71, Line 5 through Page 72, Line 9

    Page 72, Line 15 through Page 74, Line 19

    Page 233, Line 6 through Page 234, Line 22

    Page 235, Line 1 through Page 237, Line 1

The above testimony concerns interpretation of Brechan's contract with the United States Coast Guard. This testimony is the subject of a motion in limine filed at Docket No. 321, pursuant to FRE 402, 403 and 404(b). This motion is hereby incorporated by reference.[1]

---

[1] Absolute's allegation in this case is that there was a site condition ("defective welds") that was known to Brechan and Coffman and that should have been disclosed to Absolute. The above testimony bears no relationship to any weld defects on the cargo wharf or any entitlement to additional compensation by Absolute. This testimony is simply irrelevant. Although Absolute has never clearly articulated a theory of relevance of this testimony, it appears as if Absolute is attempting to show that Brechan was somehow "cheating" the government on one or more contracts (it is unknown whether Absolute is making this contention regarding Phase I, Phase II or some other contract). Assuming that Absolute is able to make this showing, it would be highly prejudicial to Brechan. Nevertheless, in order to rebut Absolute's claim, Brechan will have to spend several court days explaining an obscure area of federal contracting law – Indefinite Delivery/Indefinite Quantity contracts. Such a discussion will necessarily involve "best value" determinations by the government, pricing formulas under noncompetitive government contracts, and government partnering arrangements. None of this testimony has anything to do with defective welds, holidays, coating systems, corrosion engineering or the other topics which must be covered in order to address Absolute's "superior knowledge" and "adequacy of plans and specifications" claims. Brechan and Safeco therefore object under Evidence Rule 402, 403 and 404(b).

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

In addition to the reasons articulated at Docket No. 321, Ms. Repanich's testimony concerning Brechan's contract with the Coast Guard is inadmissible because, under Alaska law "[t]estimony of a party as to his subjective intentions concerning the meaning of a particular clause in a contact is not probative." Norville v. Carr-Gottstein Foods Co., 84 P.3d 996, 1003 (2004). Contract interpretation is a matter of law. Still v. Cunningham, 94 P.3d 1104 (Alaska 2004). Additionally, testimony concerning the proper construction of a contract is inadmissible as a legal conclusion. Evangelista v. Inlandboatmen's Union of Pacific, 777 F.2d 1390, 1398 n.3 (9th Cir. 1985) (testimony concerning what a contract permits is an inadmissible legal conclusion).

This testimony is inadmissible because it violates Evidence Rule 1002, also known as the "best evidence rule." "To prove the content of a writing . . . the . . . writing is required." FRE 1002. As such, a party cannot prove the contents of a writing, such as the terms of Brechan's contract with the Coast Guard, by the witness' testimony. U.S. v. Bennett, 363 F.3d 947, 953 (9th Cir. 2004) (best evidence rule violated by introduction of testimony concerning data that was not shown to be unavailable); Weeks v. Latter-Day Saints Hospital, 418 F.2d 1035 (10th Cir. 1969) (efforts to get contents of written rules relative to administration of hospital into evidence by oral testimony was proscribed by best evidence rule).

### 2. Other objections.

Brechan and Safeco's additional objections to this testimony is as follows:

Page 25, Line 25 through Page 26, Line 13
Objection: Lack of foundation.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

Page 27, Line 10 through Page 27, Line 14

Objection: Leading.

Page 31, Line 22 through Page 32, Line 7

Objection: Leading.

Page 35, Line 12 through Page 35, Line 18

Objection: Leading.

Page 37, Line 1 through Page 37, Line 8

Objection: Argumentative.

Page 38, Line 5 through Page 38 Line 12

Objection: Leading.

Page 44, Line 24 through Page 45, Line 5

Objection: No question posed - plaintiff's counsel simply reading through a document.

Page 50, Line 22 through Page 51, Line 15

Objections: Vagueness, lack of foundation and compound.

Page 56, Line 10 through Page 56, Line 21

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

ABSOLUTE v. McKINLEY, et al
3:03-cv-0199-rrb                - 6 -                [38599-0012/AA062720.006]

Objection: Lack of foundation.

Page 65, Line 12 through Page 65, Line 21
Objection: Vagueness.

Page 69, Line 1 through Page 69, Line 6
Objection: Asked and answered.

Page 69, Line 18 through Page 69, Line 25
Objection: Calls for speculation.

Page 71, Line 25 through Page 72, Line 9
Objection: Calls for speculation.

Page 73, Line 3 through Page 73, Line 11
Objection: Plaintiff's counsel is mischaracterizing the witness' testimony.

Page 74, Line 8 through Page 74 Line 19
Objections: Plaintiff's counsel is mischaracterizing the witness' testimony and asked and answered.

Page 75, Line 7 through Page 75, Line 14
Objection: Assumes facts not in evidence and a mischaracterization of prior testimony. Additionally, this relates to the propriety of Brechan's contractual

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

dealings with the United States on the Phase I project and is inadmissible under FRE 402 and 403.

      Page 76, Line 6 through Page 76, Line 10

Objection: Mischaracterization of the witness' prior testimony.

      Page 84, Line 6 through Page 84, Line 19

Objections: Lack of foundation, assumes facts not in evidence and mischaracterization of the witness' prior testimony. This testimony also relates to the amount of coating Brechan was required to perform under the Phase I contract which is not at issue in this case. Brechan and Safeco object pursuant to FRE 402 and 403.

      Page 89, Line 17 through Page 90, Line 10

Objection: Calls for a legal conclusion concerning the proper interpretation of contracts.

      Page 96, Line 1 through Page 96, Line 5

Objection: Lack of foundation.

      Page 96, Line 8 through Page 96, Line 11

Objection: Calls for hearsay. FRE 802.

      Page 96, Line 18 through Page 96, Line 24

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

Objection: Lack of foundation.

Page 99, Line 3 through Page 99, Line 11

Objection: Counsel is mischaracterizing the witness' testimony.

Page 120, Line 16 through Page 120, Line 24

Objection: Leading and assumes facts not in evidence.

Page 121, Line 21 through Page 122, Line 1

Objection: Calls for speculation.

Page 123, Line 1 through Page 123, Line 8

Objection: Mischaracterization of the witness' testimony.

Page 128, Line 4 through Page 128, Line 9

Objections: Calls for a legal conclusion and inadmissible under Rule 402 and 403.

Page 141, Line 6 through Page 141, Line 13

Objections: Calls for speculation and calls for a legal conclusion.

Page 146, Line 23 through Page 147, Line 4

Objection: Calls for speculation. This question also relates to the proprietary of Brechan's contractual dealings with the United States on the Phase I contract and is inadmissible under FRE 402 and 403.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

Page 147, Line 15 through Page 157, Line 22

Objection: Calls for speculation. This question also relates to the proprietary of Brechan's contractual dealings with the United States on the Phase I contract and is inadmissible under FRE 402 and 403.

Page 149, Line 8 through Page 149, Line 15

Objection: Asked and answered.

Page 164, Line 7 through Page 164, Line 19

Objection: This question relates to the proprietary of Brechan's contractual dealings with the United States on the Phase I contract and is inadmissible under FRE 402 and 403.

Page 225, Line 18 through Page 226, Line 3

Objection: Leading.

Page 227, Line 18 through Page 227, Line 24

Objection: The proposed testimony is simply counsel testifying and the witness stating that she did not know if he was correct or not. It should be stricken.

Page 234, Line 8 through Page 234, Line 13

Objection: Leading.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

ABSOLUTE v. McKINLEY, et al
3:03-cv-0199-rrb                - 10 -                [38599-0012/AA062720.006]

Page 243, Line 22 through Page 243, Line 25

Objection: Lack of foundation.

    **B.**    **Counter-designations of Brechan and Safeco**

Page 118, Line 4 through Page 119, Line 12

Page 121, Line 13 through Page 121, Line 13

Page 127, Line 14 through Page 127, Line 22

Page 132, Line 16 through Page 133, Line 16

Page 133, Line 21 through Page 134 Line 1

Page 137, Line 19 through Page 138, Line 7

Page 151, Line 15 through Page 152, Line 4

Page 152, Line 20 through Page 157, Line 10

Page 160, Line 3 through Page 160, Line 17

Page 172, Line 9 through Page 173, Line 15

Page 174, Line 25 through Page 176, Line 7

Page 177, Line 7 through Page 178, Line 21

Page 179, Line 15 through Page 180, Line 4

Page 196, Line 16 through Page 196, Line 22

Page 204, Line 16 through Page 205, Line 2

Page 212, Line 17 through Page 212, Line 25

Page 216, Line 4 through Page 217, Line 16

Page 219, Line 1 through Page 220, Line 13

Page 228, Line 19 through Page 229, Line 9

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

II.   DEPOSITION OF MARTIN BOIVIN

A.   Objections of Brechan and Safeco

Page 14, Line 12 through Page 15, Line 2

Objection: Leading.

Page 35, Line 3 through Page 36, Line 11

Objection: The question is compound because it asks the witness to verify the accuracy of each and every statement within an exhibit.

Page 35, Line 21 through Page 36, Line 11

Objection: Calls for a legal conclusion.

Page 46, Line 12 through Page 46, Line 19

Objection: Leading, lack of foundation, calls for a legal conclusion and is irrelevant.

Page 47, Line 9 through Page 47, Line 12

Objection: This question relates to the propriety of Brechan's dealings with the Coast Guard. It is inadmissible under FRE 402 and 403 and because it calls for a legal conclusion.

Page 64, Line 13 through Page 65, Line 10

Page 66, Line 2 through Page 66, Line 14

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

ABSOLUTE v. McKINLEY, et al
3:03-cv-0199-rrb                                - 12 -                           [38599-0012/AA062720.006]

Page 67, Line 2 through Page 67, Line 23

Objection: The line of questioning relates to Brechan's contractual relationship with the Coast Guard and the witness' understanding of these various contracts. For a detailed explanation of this objection, see Section I.A.1., above.

Page 66, Line 9 through Page 66, Line 14

Objection: Lack of foundation.

Page 68, Line 25 through Page 69, Line 24

Objection: Lack of foundation. This question relates to the propriety of Brechan's dealings with the Coast Guard. It is inadmissible under FRE 402 and 403 and because it calls for a legal conclusion.

Page 94, Line 17 through Page 94, Line 20
Page 94, Line 23 through Page 95, Line 5

Objection: This is not testimony. Instead, it is a discussion between counsel. Absolute has cited this conversation between counsel in support of Absolute's position that Brechan did not produce documents in a timely manner to Absolute. It is objectionable under Rule 402 and 403.

Page 117, Line 23 through Page 118, Line 9

Objection: This testimony also relates to the amount of coating Brechan was required to perform under the Phase I contract which is not at issue in this case. Brechan and Safeco object pursuant to FRE 402 and 403.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

ABSOLUTE v. McKINLEY, et al
3:03-cv-0199-rrb                    - 13 -                    [38599-0012/AA062720.006]

Page 119, Line 1 through Page 121, Line 16

Objection: This testimony also relates to the amount of coating Brechan was required to perform under the Phase I contract which is not at issue in this case. Brechan and Safeco object pursuant to FRE 402 and 403.

Page 124, Line 19 through Page 125, Line 11

Objection: Lack of foundation. Also, this testimony asks about the propriety of Brechan's contractual dealings with the Coast Guard on Phase I. It is inadmissible because it is a legal conclusion and under Rule 402 and 403.

### B. Counter-designations of Brechan and Safeco

Page 15, Line 3 through Page 16, Line 12

Page 22, Line 5 through Page 22, Line 18

Page 30, Line 19 through Page 31, Line 14

Page 39, Line 1 through Page 39, Line 18

Page 40, Line 7 through Page 40, Line 17

Page 46, Line 21 through Page 47, Line 4

Page 51, Line 8 through Page 51, Line 17

Page 52, Line 5 through Page 52, Line 9

Page 55, Line 9 through Page 56, Line 3

Page 80, Line 15 through Page 81, Line 12

Page 87, Line 1 through Page 87, Line 13

Page 98, Line 20 through Page 99, Line 10

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

ABSOLUTE v. McKINLEY, et al
3:03-cv-0199-rrb                    - 14 -                    [38599-0012/AA062720.006]

### III. Deposition of Margaret Wilson

#### A. Objections of Brechan and Safeco

Page 10, Line 4 through Page 10, Line 10

Objection: Calls for a legal conclusion.

Page 32, Line 1 through Page 32, Line 11

Objection: Assumes facts not in evidence and calls for a legal conclusion.

Page 34, Line 14 through Page 35, Line 17

Objection: This line of questioning refers to a conversation the witness had with a co-worker. It is hearsay under FRE 802.

Page 36, Line 21 through Page 37, Line 4

Objection: This line of questioning refers to a conversation the witness had with a co-worker. It is hearsay under FRE 802.

Page 43, Line 22 through Page 44 Line 19

Page 45, Line 17 through Page 46, Line 7

Page 46, Line 15 through Page 46, Line 19

Objection: The line of questioning relates to Brechan's contractual relationship with the Coast Guard and the witness' understanding of these various contracts. For a detailed explanation of this objection, see Section I.A.1., above.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

ABSOLUTE v. McKINLEY, et al
3:03-cv-0199-rrb                    - 15 -                    [38599-0012/AA062720.006]

       Page 53, Line 16 through Page 54, Line 1

Objections: Leading and compound. Also, the line of questioning relates to Brechan's contractual relationship with the Coast Guard and the witness' understanding of these various contracts. For a detailed explanation of this objection, see Section I.A.1., above.

       Page 54, Line 22 through Page 55, Line 1

       Page 56, Line 1 through Page 57, Line 12

       Page 64, Line 4 thorough Page 65, Line 1

Objections: The line of questioning relates to Brechan's contractual relationship with the Coast Guard and the witness' understanding of these various contracts. For a detailed explanation of this objection, see Section I.A.1., above.

       Page 68, Line 25 through Page 69, Line 12

Objection: Lack of foundation.

       Page 80, Line 9 through Page 81, Line 8

Objection: These questions relate to the JOC contract and the amount spent by the government over various years. This testimony is inadmissible. FRE 402 and 403.

       Page 92, Line 11 through Page 14

Objection: This passage does not contain any testimony.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

Page 93, Line 1 through Page 93, Line 9

Objections: Leading, assumes facts not in evidence.

Page 93, Line 1 through Page 93, Line 6

Page 93, Line 10

Page 93, Line 14 through Page 93, Line 15

Page 94, Line 3 through Page 94, Line 22

Objection: These questions relate to the pricing formula contained in the JOC contract with the United States. Absolute appears to believe that this pricing was improper. This is irrelevant. If this testimony is allowed, Brechan will require several hours (if not days) of trial time to educate the court and jury on these pricing formulas. Brechan and Safeco object pursuant to FRE 402 and 403.

Page 106, Line 8 through Page 106, Line 25

Objection: This is not testimony. Instead, it is a discussion between counsel. Absolute has cited this conversation between counsel in support of its position that Brechan did not produce documents in a timely manner to Absolute. It is objectionable under Rule 402 and 403.

### B. Counter-designations

Page 53, Line 3 through Page 53, Line 15

Page 81, Line 7 through Page 82, Line 8

Page 108, Line 9 through Page 112, Line 21

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

DATED at Anchorage, Alaska on October 4, 2006.

**PERKINS COIE** LLP
Attorneys for Defendant
Brechan Enterprises, Inc.


By  /s/ Michael E. Kreger
   Michael E. Kreger
   Alaska Bar No. 8311170
   Perkins Coie LLP
   1029 W. Third Avenue, Suite 300
   Anchorage, Alaska  99501
   (907) 279-8561
   (907) 276-3108 (Facsimile)
   Email:  mkreger@perkinscoie.com


I hereby certify that on October 4, 2006, the
foregoing was served electronically on Robert J.
Dickson, Peter C. Partnow, William R. Baerg, Terry
R. Marston II, James B. Stoetzer, and Eric J. Brown.

  /s/ Michael E. Kreger
      Michael E. Kreger

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

ABSOLUTE v. McKINLEY, et al
3:03-cv-0199-rrb                - 18 -               [38599-0012/AA062720.006]