ERIC J. BROWN, ESQ.
JERMAIN DUNNAGAN & OWENS, P.C.
3000 A. Street, Suite 300
Anchorage, Alaska 99503-4097
Telephone: (907) 563-8844
Facsimile: (907) 563-7322 (ebrown@jdolaw.com)

PATRICK J. DUFFY, III, ESQ.
WILLIAM R. BAERG, ESQ.
MONTELEONE & McCRORY, LLP
725 S. Figueroa Street, Suite 3200
Los Angeles, California 90017-5446
Telephone: (213) 612-9900
Facsimile: (213) 612-9930 (baerg@mmlawyers.com)

Attorneys for Defendant Forrest J. McKinley and
Defendant and Counter-Claimant EMERCO, INC.,
dba Imperial Industrial Coatings

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaskan Corporation,<br><br>*Plaintiff,*<br><br>v.<br><br>FORREST J. McKINLEY and "JANE DOE" McKINLEY, and the marital community property composed thereof d/b/a/ "Imperial Industrial Coatings" and EMERCO, INC., a California Corporation d/b/a/ Imperial Industrial Coatings,<br><br>*Defendants.* | CASE NO. A-03-0199<br>Civil (RRB)<br><br>**OBJECTION AND MOTION TO STRIKE THE BRECHAN/SAFECO DEPOSITION DESIGNATIONS OF SKIP VERNON PURSUANT TO FEDERAL RULES OF EVIDENCE 104, 802, 702 AND 703** |
| EMERCO, INC., a California Corporation d/b/a Imperial Industrial Coatings, and the United States for the Use and Benefit of EMERCO, Inc.,<br><br>*Counter-Claimant/Third Party Claimant,*<br><br>v.<br><br>ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaskan Corporation, et al.,<br><br>*Cross-Defendants/Third Party Defendants.* | |

| | |
|---|---|
| 1<br>2 | THE UNITED STATES OF AMERICA for the use )<br>and benefit of ABSOLUTE ENVIRONMENTAL )<br>SERVICES, INC., and Alaska corporation, ) |
| 3 | *Plaintiff,* ) |
| 4 | v. ) |
| 5<br>6 | SAFECO INSURANCE COMPANY OF )<br>AMERICA, a Washington corporation, )<br>Defendant. ) |
| 7 | ) |
| 8 | BRECHAN ENTERPRISES, INC., an Alaska )<br>corporation, ) |
| 9 | Counterclaim Plaintiff, ) |
| 10 | v. ) |
| 11<br>12 | ABSOLUTE ENVIRONMENTAL SERVICES, )<br>INC., an Alaska corporation, ) |
| 13 | Counterclaim Defendant. ) |

TO THIS HONORABLE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Defendant Forrest McKinley and defendant and counter-claimant Emerco, Inc., dba Imperial Industrial Coatings object to the designations of the deposition of expert witness L. Skip Vernon taken on February 11, 2005, submitted by Brechan Enterprises, Inc., and Safeco Insurance Company of America, and move to strike same pursuant to Federal Rules of Evidence 104 (preliminary determination of fact), 802 (hearsay), 702 (expert testimony) and 703 (bases of expert opinion), and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

The deposition designations are replete with hearsay rather than opinion, and therefore cannot be presented to the jury. *South Central Petroleum Inc., v. Long Brothers Oil Co.*, 974 F.2d 1015 (8th Cir. 1992) (expert testimony based on hearsay allowed, but hearsay excluded). Many of the opinions are not based on matters that can be reasonably relied upon by experts, including factual assumptions that are not true. *Bradley v. Armstrong* 130 F.3d (5th Cir. 1997) ("nothing in Rule 703 requires a court to admit an opinion based on facts that are indisputably

1  wrong. Even if Rule 703 will not require the exclusion of such an unfounded opinion, general
2  principles of relevance will").
3  Rule 702 provides: "If scientific, technical, or other specialized knowledge will assist the
4  trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an
5  expert by knowledge, skill, experience, training, or education, ay testify thereto in the form of an
6  opinion or otherwise."
7  Rule 703 provides: "The facts or data in a particular case upon which an expert bases an
8  opinion or inference may be those perceived by or made known to an expert at or before the
9  hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions
10 or inferences upon the subject, the facts or data need not be admissible in evidence." FRE 703.
11 L. Skip Vernon, the coatings expert designated by Absolute Environmental Services, Inc.,
12 candidly admitted during his deposition that he has no foundation upon which to base an opinion
13 as to the quality of work performed by Emerco, Inc., dba Imperial Industrial Coatings ("IIC"):

14 "The problem that was encountered was that it was very difficult, if
15 not impossible, in most areas to conclusively determine which
16 coating had been applied by who. Due to the nature of the repair
17 work, there were some issues regarding which work was
18 attributable to which contractor." [Depo. Vernon at 49:13-18]
19 * * * *
20 "Q:    So is it correct then in your tour you were not able to
21 identify any condition of the coating which you could conclude
22 was the result of some defective performance by IIC?
23 A:    At the time I was there, repairs were ongoing. The majority
24 of the repairs had been completed, but those repairs were ongoing.
25 I could not identify specific repair work for either contractor."
26 [Depo. Vernon at 59:14-18].
27 Accordingly, Mr. Vernon's opinions as to IIC's work can only be based on speculation or
28 assumptions as to who performed the work. Expert opinions are to be excluded as unhelpful if

OBJECTION AND MOTION TO EXCLUDE THE BRECHAN/SAFECO DEPOSITION DESIGNATIONS OF SKIP VERNON

Page 3

based on speculative assumptions. *In re Air Disaster at Lockerbie Scotland on Dec. 21, 1988* (2nd Cir. 1994) 37 F.3d 804, 824.

Specific examples of impermissible testimony that should be stricken are set forth below:

**Page 52, line 11 to page 62, line 1**

This portion of the deposition transcript is inadmissible on the grounds of hearsay. Succinctly stated, this portion of the transcript consists of the negative comments Mr. Vernon heard being spoken by David Olson and Jerry Hardenbergh about the work of IIC during a site visit. Mr. Vernon does not offer any opinions based on this hearsay; he simply restates the hearsay. Now Brechan and Safeco want the jury to hear Mr. Vernon's recollection of the unsworn comments and complaints of these people. Although an expert may sometimes base an opinion on reliable hearsay, he cannot testify at trial as to the hearsay itself under the guise of expert testimony. The jury does not require the assistance of an expert to hear the remarks of Mr. Olson and Mr. Hardenbergh – it is not an appropriate subject of expert testimony. FRE 410, 702.

**Page 74, line 11 to page 76 line 1**

This portion of the deposition transcript is inadmissible on the grounds of hearsay. Succinctly stated, this portion of the transcript consists of the negative comments and conclusions Mr. Vernon heard being spoken by the U.S. Coast Guard and someone named "Jason" about the work of IIC. Mr. Vernon does not offer any opinions based on this hearsay; he simply restates the hearsay. Now Brechan and Safeco want the jury to hear Mr. Vernon's recollection of the unsworn comments of these people. An expert cannot offer hearsay testimony at trial under the guise of expert testimony. FRE 401, 702.

**Page 76, line 11 to page 78, line 8**

This portion of the deposition transcript is inadmissible on the grounds of hearsay and lack of foundation. Succinctly stated, this portion of the transcript consists of the negative comments and conclusions Mr. Vernon heard being spoken by the David Olson and Jason Peterson about the project. Mr. Vernon does not offer any opinions based on this hearsay; he

1  simply restates the hearsay. Now Brechan and Safeco want the jury to hear Mr. Vernon's
2  recollection of the unsworn comments and conclusion of these people. An expert cannot offer
3  hearsay testimony at trial under the guise of expert testimony. FRE 401, 702.

**Page 78, line 14 to page 79, line 25**

   This portion of the deposition transcript is inadmissible on the grounds of hearsay and lack of foundation. Succinctly stated, this portion of the transcript consists of his opinion that "It appears much of the work performed by IIC was subsequently repaired by AESI," [Depo. Vernon at 78:19-20]. However, the opinion lacks foundation because he has already admitted he was unable to determine which contractor did what work on the project. Hence, the opinion amounts to speculation. [Depo. Vernon at 49:13-18; 59:14-18]. FRE 702, 703.

**Page 80, line 24 to page 82, line 1; Page 83, line 17 to page 83, line 24; Page 84, line 2 to page 84, line 16; Page 84, line 22 to page 85, line 16 ; Page 85, line 22 to page 88, line 14; Page 89, line 9 to page 90, line 17**

   In this portion of the transcript, Mr. Vernon opines that IIC's bid was faulty because it under-bid the square footage of the coating work. However, an expert's opinion rises or falls on the accuracy of the factual assumptions underpinning his opinions. Here, the opinion fails completely because Mr. Vernon's opinion is solely based on a letter dated September 16, 2006, from Tom Puett wherein he stated the project consisted of just under 13,000 square feet. However, as Jason Peterson has testified, the very next day, September 17, 2006, that figure was corrected to reflect the actual square footage of the project. Hence, the entire line of testimony was based on a faulty foundation which has since crumbled. Accordingly, the opinion is not based on a matter that may be reasonably relied upon and should be stricken. FRE 703.

**Page 96, line 4 to page 98, line 21; Page 99, line 1 to page 99, line 15**

This portion of the deposition transcript consists of Mr. Vernon's legal opinion in that he purports to interpret the parties' contract, what was excluded and what was required, and

1  therefore should be excluded. *McHugh v. United Service Auto. Ass'n* (9th Cir. 1999) 164 F.3d
2  451, 454 (interpretation of insurance policy). FRE 702.  Mr. Vernon further opines that IIC
3  should have known of the existence of the gray paint on the piles because he saw photographs of
4  piles that had gray paint on them.  He did not personally see any gray paint.  Moreover, he
5  testified that he did not know whether the gray paint was visible at the time of the site inspection
6  of IIC, and he did not know what piles where photographed that had the gray paint.  He also did
7  not know whether the photographs he saw were of gray paint exposed during the course of the
8  work.  For reasons known only to Brechan and Safeco, they did not choose to designate the
9  portion of Mr. Vernon's deposition transcript where the questioning attorney eviscerated the
10 foundation of Mr. Vernon's opinion. [Depo. Vernon at 99:24 to 104:1].

**Page 121, line 25 to page 122, line 10**; **Page 131, line 17 to page 132, line 18**

This portion of the transcript consists of Mr. Vernon's testimony that obtaining a 100 % holiday free application of the coating was "reasonably attainable."  However, this testimony was proffered prior to Absolute learning that the U.S. Coast Guard, Brechan and Coffman had concealed the defective welds, and that it was not possible to obtain a 100 % holiday free application.  Moreover, Jerry Hardenbergh from Coffman (the designer) has acknowledged that it is not possible to obtain a holiday free application.  Hence, the opinion lacks foundation and is not based on a matter that may be reasonably relied upon and should be stricken. FRE 703.

DATED: October 20, 2006                MONTELEONE & McCRORY LLP

Attorneys for Emerco, Inc., dba Imperial Industrial Coatings and Forrest J. McKinley

By _____
PATRICK J. DUFFY III, ESQ.
CSBN 45042
WILLIAM R. BAERG, ESQ.
CSBN 167399
WSBN 23052

# CERTIFICATE OF SERVICE BY ECF

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I certify that on October 20, 2006, a copy of the foregoing was served by ECF on:

Eric J. Brown, ebrown@jdolaw.com
Robert J. Dickson, acgecf@acglaw.com
Patrick J. Duffy, duffy@mmlawyers.com
Jami K. Elison, jamie@mhf-law.com
Michael E. Kreger, mkreger@perkinscoie.com
Terry R. Marston, terry@mhf-law.com
Peter C. Partnow, PartnowP@LanePowell.com
James B. Stoetzer, StoetzerJ@LanePowell.com

and by facsimile on:

Paul J. Nangle
Paul J. Nangle & Associates
101 Christensen Dr.
Anchorage, AK 99501
FAX NO.:    (907) 279-1794

I declare under penalty of perjury under the laws of the United States that the above is true and correct. Executed on October 20, 2006, at Los Angeles, California.

*[signature]*
SALLIE RASPA