IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation,<br><br>         Plaintiff,<br><br> v.<br><br>FORREST J. MCKINLEY, an individual, d/b/a "Imperial Industrial Coatings" and EMERCO, INC., a California Corporation, d/b/a Imperial Industrial Coatings, BRECHAN ENTERPRISES, INC., an Alaska corporation; and SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation.<br><br>         Defendants. | Case No. 3:03-cv-00199-RRB<br><br>**REVISED SPECIAL VERDICT FORM** |
| EMERCO, INC., a California corporation d/b/a Imperial Industrial Coatings, and the States for Use and Benefit of EMERCO, INC.,<br><br> Counterclaimant/Third-Party Claimant,<br><br> v.<br><br>ABSOLUTE ENVIRONMENTAL SERVICES INC., an Alaska corporation, et al.,<br><br> Cross-defendants/Third-Party Defendants. | |
| THE UNITED STATES OF AMERICA *for the use and benefit of* ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation,<br><br>         Plaintiff,<br><br>v.<br><br>SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation.<br><br>         Defendants. | |

BRECHAN ENTERPRISES, INC., an Alaska corporation,

            Counterclaim Plaintiff,

v.

ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation,

            Counterclaim Defendant.

BRECHAN ENTERPRISES, INC., an Alaska corporation,

            Third-Party Plaintiff,

v.

COFFMAN ENGINEERS, INC, a Washington Corporation.

            Third-Party Defendant.

ABSOLUTE ENVIRONMENTAL SERVICES INC., an Alaska Corporation,

            Plaintiff/Cross-Claimant,

v.

COFFMAN ENGINEERS, INC, a Washington Corporation.

            Third-Party Defendant.

## **LIABILITY**

    1.    Did Absolute establish by a preponderance of the evidence that Imperial breached its contract with or warranty obligations to Absolute?

          ☐ Yes        ☐ No

    2.    Did Imperial establish by a preponderance of the evidence that Absolute breached its contract with Imperial?

          ☐ Yes        ☐ No

3. Did Imperial establish by a preponderance of the evidence that Absolute improperly seized and exercised control over goods and property belonging to Imperial?

☐ Yes   ☐ No

4. Did Absolute establish by a preponderance of the evidence that Brechan breached its contract with Absolute?

☐ Yes   ☐ No

4(a). Did Absolute establish by a preponderance of the evidence that Brechan improperly failed to pay Absolute the full amount billed by Absolute for performing the warranty repairs on work performed by Swalling during Phase I of the cargo wharf project?

☐ Yes   ☐ No

4(b). Did Absolute establish by a preponderance of the evidence that Brechan improperly back charged it (that is withheld funds from Brechan) for work performed by Brechan?

☐ Yes   ☐ No

5. Did Absolute establish by a preponderance of the evidence that Brechan breached a non-contractual duty which it owed to Absolute?

☐ Yes   ☐ No

6. Did Absolute establish by a preponderance of the evidence that Coffman breached a non-contractual duty which it owed to Absolute?

☐ Yes   ☐ No

7. Did Specialty Polymer Coatings breach a non-contractual duty which it owed to Absolute?

☐ Yes   ☐ No

    8.    Did the United States Coast Guard breach a non-contractual duty which it owed to Absolute?

☐ Yes    ☐ No

    9.    Did Tryck, Nyman Hayes breach a non-contractual duty which it owed to Absolute?

☐ Yes    ☐ No

    10.    Did Imperial breach a non-contractual duty which it owed to Absolute?

☐ Yes    ☐ No

    11.    Did Absolute's own actions or inactions cause or contribute to any extra costs which it may have incurred in performing its duties on the Kodiak Cargo Wharf Phase II project?

☐ Yes    ☐ No

**If none of your answers to Question Nos. 1 through 11 are YES, do not answer any further questions. The foreperson should date and sign this verdict form and notify the bailiff that you have reached a verdict. If you did answer YES to any of the above questions, please proceed to answer the questions set forth below.**

## DAMAGES

    12.    If your answer to Question No. 1 above is YES, was it more likely than not that Imperial's breach damaged Absolute by increasing Absolute's cost of performing its contract with Brechan?

☐ Yes    ☐ No

If your answer to Question No. 12 is NO, proceed to Question No. 14.

    13.    If your answer to Question No. 12 is YES, please set forth the amount of damages, if any, you find Absolute is entitled to from Imperial for the increased cost of performing its contract?

$_____

14. If your answer to Question No. 2 above is YES, was it more likely than not that Absolute's breach damaged Imperial by increasing Imperial's cost of performing its contract with Absolute?

☐ Yes      ☐ No

If your answer to Question No. 14 is NO, proceed to Question No. 16.

15. If your answer to Question No. 14 is YES, please set forth the amount of damages, if any, you find Imperial is entitled to from Absolute for the increased cost of performing its contract.

$_____

16. If your answer to Question No. 2 above is YES, was it more likely than not that Absolute improperly failed to pay Imperial any amount due under its contract for work which Imperial performed?

☐ Yes      ☐ No

If your answer to Question No. 16 is NO, proceed to Question No. 18.

17. If your answer to Question No. 2 above is YES, please set forth the amount of damages, if any, you find Imperial is entitled to from Absolute for the increased cost of performing its contract?

$_____

18. If your answer to Question No. 3 above is YES, was it more likely than not that Absolute seized and exercised control over goods and property belonging to Imperial?

☐ Yes      ☐ No

If your answer to Question No. 18 is NO, proceed to Question No. 20.

19. If your answer to Question No. 18 above is YES, please set forth the amount of damages, if any, you find Imperial is entitled to from Absolute for seizing and exercising control over goods and property belonging to Imperial.

$_____

20. If your answer to Question No. 4 above is YES, was it more likely than not that a breach of contract by Brechan increased Absolute's cost of performing its contract with Brechan?

☐ Yes    ☐ No

If your answer to Question No. 19 is NO, proceed to Question No. 21(a).

21. If your answer to Question No. 20 above is YES, please set forth the amount of damages, if any, you find Absolute is entitled to from Brechan as a result of its breach of contract for increased cost of performing its contract.

$_____

21(a). If your answer to Question 4(a) above is YES, please set forth the amount of damages, if any, you find Absolute is entitle to from Brechan as a result of Brechan's failure to pay Absolute for the full amount billed for performing the warranty repairs on work performed by Swalling during Phase I of the cargo wharf project. (**Note: Should you enter an amount in response to Question 21(a), it may not exceed $_____).**

$_____

21(b). If your answer to Question 4(b) above is YES, please set forth the amount of the damages, if any, you find Absolute is entitled to from Brechan as a result of improper back charge by Brechan. (**Note: Should you enter an amount in response to Questions 21(b), it may not exceed $_____).**

$_____

22. If you entered a number other than ZERO in response to Question No. 21 above, please state the date (month and year) when you find that Absolute completed performance of work under its Phase II contract with Brechan.

DATE: _____

23. If your answer to Question No. 5 above is YES, was it more likely than not that a breach of a non-contractual duty by Brechan caused an increase in Absolute's cost of performing its work on Phase II of the cargo wharf project?

☐ Yes    ☐ No

24. If your answer to Question No. 6 above is YES, was it more likely than not that a breach of duty by Coffman caused an increase in Absolute's cost of performing its work on Phase II of the cargo wharf project

☐ Yes    ☐ No

25. If your answer to Question No. 7 above is YES, was it more likely than not that a breach of duty by Specialty Polymer Coatings caused an increase in Absolute's cost of performing its work on Phase II of the cargo wharf project?

☐ Yes    ☐ No

26. If your answer to Question No. 8 above is YES, was it more likely than not that a breach of duty by the United States Coast Guard caused an increase in Absolute's cost of performing its work on Phase II of the cargo wharf project?

☐ Yes    ☐ No

27. If your answer to Question No. 9 above is YES, was it more likely than not that a breach of duty by Tryck Nyman Hayes caused an increase in Absolute's cost of performing its work on Phase II of the cargo wharf project?

☐ Yes    ☐ No

28. If your answer to Question No. 10 above is YES, was it more likely than not that a breach of a duty by Imperial caused an increase in Absolute's cost of performing its work on Phase II of the cargo wharf project?

☐ Yes    ☐ No

29    If your answer to Question No. 11 above is YES, was it more likely than not that Absolute's own actions or inactions caused an increase in its cost of performing its work on Phase II of the cargo wharf project?

☐ Yes        ☐ No

30.   If any of your answers to Question Nos. 23 – 29 above is YES, please set forth the total amount by which Absolute's cost of performing its work on Phase II of the cargo wharf increased as a result of the actions underlying your answers to Question Nos. 23 – 29.  (**Note: Any amount entered in responses to Question 30 must exclude any amounts which you may have entered for breach of contract by Imperial or Brechan as indicated in your answers to Question Nos. 13 and 21.  Also, the amount entered in response to Question 30, when combined with any amounts you may have indicated in your answers to Question Nos. 13 and 21 may not exceed $1,200,581.83.**)

$_____

31.   If you entered a number in response to Question No. 30, please list the percentage of responsibility (from 0 to 100%) of each of the following entities for the number which you listed in your answer to Question 30 above.  You should assign percentages of responsibility only for those entities for which you answered YES in Question Nos. 23 – 29.  (The total percentage of responsibility must equal 100%).

    A.  Absolute                                          _____%
    B.  Brechan                                           _____%
    C.  Coffman                                           _____%
    D.  Imperial                                          _____%
    E.  Specialty Polymer Coatings                        _____%
    F.  Tryck Nyman Hayes                                 _____%
    G.  United States Coast Guard                         _____%

DATED at Anchorage, Alaska this ___ day of November, 2006.

                                                    _____
                                                    Foreperson