Peter C. Partnow, ASBA No. 7206029
James E. Niemer, *pro hac vice*
Lane Powell LLC
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Tel: 907-277-9511
Fax: 907-276-2631
PartnowP@LanePowell.com
NiemerJ@LanePowell.com

Attorneys for Third-Party Defendant
Coffman Engineers, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska corporation,<br><br>         Plaintiff,<br><br>v.<br><br>FORREST J. McKINLEY, an individual, d/b/a "Imperial industrial Coatings"; and EMERCO, INC., a California corporation, d/b/a Imperial Industrial Coatings; BRECHAN ENTERPRIESES, INC., an Alaska corporation; and SAFECO INSURANCE COMPANY OF AMERICA, a Washington corporation,<br><br>         Defendants. | |
| EMERCO, INC., a California corporation d/b/a Imperial Industrial Coatings, and the United States for the Use and Benefit of EMERCO, INC.,<br><br> Counterclaimant/Third-Party Claimant,<br><br>v.<br><br>ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska corporation, et al.,<br><br> Cross-Defendants/Third-Party Defendants. | Case No. 3:03-cv-00199-RRB<br><br>**COFFMAN'S OPPOSITION TO IMPERIAL'S OBJECTION TO AND MOTION TO STRIKE THE BRECHAN/SAFECO DEPOSITION <u>DESIGNATIONS OF SKIP VERNON</u>** |

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

| |
|---|
| THE UNITED STATES OF AMERICA for the use and benefit of ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska corporation, |
| Plaintiff, |
| v. |
| SAFECO INSURANCE COMPANY OF AMERICA, a Washington corporation, |
| Defendant. |
| BRECHAN ENTERPRISES, INC., an Alaska corporation, |
| Counterclaim Plaintiff, |
| v. |
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska corporation, |
| Counterclaim Defendant. |
| BRECHAN ENTERPRISES, INC., an Alaska corporation, |
| Third-Party Plaintiff, |
| v. |
| COFFMAN ENGINEERS, INC., a Washington corporation, |
| Third-Party Defendant. |

COMES NOW Coffman Engineers, Inc., by and through counsel of record, and opposes Absolute's objection and motion to strike the Brechan/Safeco deposition designations of Skip Vernon.

Imperial's motion seeks to prevent Brechan from introducing certain deposition testimony of Skip Vernon, Absolute's former expert in this matter. *See* Doc. No. 445. Mr. Vernon is not expected to testify live at trial. Coffman has also designated portions of Mr. Vernon's testimony,

**Coffman's Opposition to Imperial's Objection and Motion to
Strike the Brechan/Safeco Deposition Designations of Skip Vernon**
*Absolute Envtl. Servs., Inc. v. Forrest McKinley, et al.* **(Case No. 3:03-cv-00199-RRB)**    **Page 2 of 6**

and some of these designations are implicated by Imperial's motion to strike Brechan's designations. *See* Doc. No. 311.

Imperial's first argument is a blanket objection to Mr. Vernon's testimony as inadmissible because he lacked a basis for determining which work was performed by Imperial and which was performed by Absolute, and therefore cannot express an opinion regarding the quality or propriety of Imperial's work. However, Mr. Vernon was on site while repairs were being done, and observed at least some areas where only Imperial had performed work. *See* Deposition of Vernon at pp. 78-79. Moreover, Mr. Vernon relied on the representations of Jerry Hardenberg and David Olson regarding the piles on which Absolute had performed repairs. *Id*. at pp. 58-59. These are the sorts of information sources upon which an expert visiting a site would reasonably rely. Federal R. Evid. 703. Mr. Vernon had a sufficient factual basis for his opinions.

Moreover, even if Imperial's Fed. R. Evid. 702 objection had merit, to the extent that Absolute was responsible to other parties (such as Brechan) for Imperial's work, it is irrelevant whether the inadequate work was performed by Imperial or Absolute or both. The same is true with respect to Absolute's claim that Coffman's misrepresentations caused the increase in its cost of performance. One of Coffman's defenses is that faulty workmanship—not any misrepresentation by Coffman—caused the increased costs. For this purpose, it is irrelevant whether Imperial or Absolute performed the inadequate work. At most, therefore, Imperial may be entitled to a limiting instruction. Exclusion to the testimony is not the proper remedy.

Coffman now turns to Imperial's (somewhat) more specific objections.

**Page 52, line 11 to Page 62, line 1**: Absolute paints with too broad a brush, objecting to these ten pages on the ground that they are inadmissible hearsay. Motion p. 4. However, these pages contain Mr. Vernon's first-hand account of the logistics of his visit to the site (pp. 52-53), his

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

Coffman's Opposition to Imperial's Objection and Motion to
Strike the Brechan/Safeco Deposition Designations of Skip Vernon
*Absolute Envtl. Servs., Inc. v. Forrest McKinley, et al.* (Case No. 3:03-cv-00199-RRB)    Page 3 of 6

experience in similar projects (pp. 55-56), and his observations at the site (pp. 59-62). These statements are not hearsay. The vagueness of Imperial's objection makes it impossible to respond further. If Imperial wishes to challenge specific statements as hearsay, it must do so with specificity, at which time Coffman reserves the right to respond.

**Page 74, line 11 to Page 76, line 1**: Again, Imperial does not object—either "succinctly" or otherwise—to any specific deposition testimony as hearsay. For example, Mr. Vernon's testimony that he had discussions with various persons during his site visit is not hearsay (see pp. 74:18 – 75:7). Nor has Imperial established that any "negative comments and conclusions" will be offered for the truth of the matter asserted—indeed, it cannot do so before the deposition testimony is offered.

**Page 76, line 11 to page 78, line 8**: Coffman has not designated this passage of Mr. Vernon's deposition testimony, and therefore takes no position on its admissibility.

**Page 78, line 14 to page 79, line 25**: Imperial's hearsay objection seems to be that Mr. Vernon based his opinion partly on "information from informed personnel." As Imperial recognizes, however, experts are permitted to base their opinions on hearsay statements. Moreover, Mr. Vernon's opinion is based on his own observations of extensive repairs being performed by Absolute on piles that Imperial had initially coated. His opinion that "[i]t appears that the much of the work performed by IIC was subsequently repaired by AESI" has an adequate foundation—he watched it being done.

**Page 80, line 24 to page 82, line 1; Page 83, line 17 to page 83, line 24; Page 84, line 2 to page 84, line 16; Page 84, line 22 to page 85, line 16; Page 85, line 22 to page 88, line 14; Page 89, line 9 to page 90, line 17**: Imperial's objection to this testimony is that it is based on a faulty factual basis and therefore unreliable and inadmissible as expert testimony. However, the jury

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511 Facsimile 907.276.2631

**Coffman's Opposition to Imperial's Objection and Motion to
Strike the Brechan/Safeco Deposition Designations of Skip Vernon**
*Absolute Envtl. Servs., Inc. v. Forrest McKinley, et al.* **(Case No. 3:03-cv-00199-RRB)**   **Page 4 of 6**

is not required to believe Jason Peterson's testimony that the square footage figure was corrected, and that the correct figure was used. At most, Imperial is entitled to an instruction on conditional relevancy. Moreover, several of Mr. Vernon's criticisms of the bid stand entirely independent of the square footage figure. For example, Mr. Vernon criticized the methodology by which the bid was calculated—the failure to differentiate between the different tasks that would be required to perform the contract and allocate an accurate amount of time for each task (pp. 86-88), and an apparently mis-calculated hourly rate (p. 89).

**Page 96, line 4 to page 98, line 21; Page 99, line 1 to page 99, line 15**: Absolute incorrectly characterizes Mr. Vernon's testimony at this point as interpreting the parties' contract. However, Mr. Vernon simply stated the procedure that would be required to conform to the specifications under Imperial's asserted interpretation. Moreover, Fed. R. Evid. 704(a) provides that "testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." Furthermore, under Alaska law, expert testimony is often extrinsic evidence relevant to the meaning of disputed contractual terms. *See, e.g.*, *Lewis v. Anchorage Asphalt Paving Co.*, 535 P.2d 1188, 1194 (Alaska 1975) (upholding trial court's finding of fact regarding requirements of construction contract based on expert's testimony); *Nordin Const. Co. v. City of Nome*, 489 P.2d 455, 461 (Alaska 1971) (noting that "[t]he jury could infer that the cause of these problems was the failure of Nordin to provide bedding, backfill and compaction required by the contract, especially in view of the expert testimony by Mr. Smith that the design could succeed if the system had been constructed according to specifications"). Mr. Vernon's opinions are admissible.

Imperial's objections regarding the conclusions that Mr. Vernon drew from the photographs discussed go to weight, not admissibility.

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

**Coffman's Opposition to Imperial's Objection and Motion to
Strike the Brechan/Safeco Deposition Designations of Skip Vernon**
*Absolute Envtl. Servs., Inc. v. Forrest McKinley, et al.* **(Case No. 3:03-cv-00199-RRB)**            **Page 5 of 6**

**Page 121, line 25 to page 122, line 10; Page 131, line 17 to page 132, line 18**: Imperial objects to Mr. Vernon's testimony that a 100% holiday-free coating was reasonably attainable on the basis that Mr. Vernon did not know that the Coast Guard, Brechan and Coffman had (allegedly) concealed the defective welds. But whether the weld conditions were concealed *prior to the project* is irrelevant to Mr. Vernon's opinion that a 100% holiday-free standard was reasonably attainable because *Mr. Vernon himself observed the project and observed the weld conditions* before expressing this opinion. In short, the conditions were exactly as Mr. Vernon observed them—they did not change after his visit. Imperial also objects to Mr. Vernon's opinion on the ground that other persons disagree. But this is a matter for the jury to decide—if disagreement rendered expert opinions inadmissible, it would be difficult to image in suit in which *any* expert testimony could be introduced.

DATED this 23rd day of October, 2006.

LANE POWELL LLC
Attorneys for Coffman Engineers, Inc.

By  s/ Peter C. Partnow
Peter C. Partnow, ASBA No. 7206029
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Tel:  907-277-9511
Fax:  907-276-2631
Email:  PartnowP@LanePowell.com

I certify that on October 23, 2006, a copy of the foregoing was served electronically on the following:

William R. Baerg, baerg@mmlawyers.com
Eric J. Brown, ebrown@jdolaw.com
Robert J. Dickson, acgecf@acglaw.com
Patrick J. Duffy, duffy@mmlawyers.com
Jami K. Elison, jamie@mhf-law.com
Michael E. Kreger, mkreger@perkinscoie.com
Terry R. Marston, terry@mhf-law.com
James B. Stoetzer, stoetzerj@lanepowell.com
James E. Niemer, niemerj@lanepowell.com

and by mail on:  Paul J. Nangle

 s/Peter C. Partnow

011680.0076/157134.1

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

**Coffman's Opposition to Imperial's Objection and Motion to
Strike the Brechan/Safeco Deposition Designations of Skip Vernon**
*Absolute Envtl. Servs., Inc. v. Forrest McKinley, et al.* **(Case No. 3:03-cv-00199-RRB)**     **Page 6 of 6**