ERIC J. BROWN, ESQ.
JERMAIN DUNNAGAN & OWENS, P.C.
3000 A. Street, Suite 300
Anchorage, Alaska 99503-4097
Telephone: (907) 563-8844
Facsimile: (907) 563-7322 (ebrown@jdolaw.com)

PATRICK J. DUFFY, III, ESQ.
WILLIAM R. BAERG, ESQ.
MONTELEONE & McCRORY, LLP
725 S. Figueroa Street, Suite 3200
Los Angeles, California 90017-5446
Telephone: (213) 612-9900
Facsimile: (213) 612-9930
(duffy@mmlawyers.com)
(baerg@mmlawyers.com)

Attorneys for Defendant and
Cross-Complainant EMERCO, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaskan Corporation,<br><br>Plaintiff,<br><br>v.<br><br>FORREST J. McKINLEY and "JANE DOE" McKINLEY, and the marital community property composed thereof d/b/a/ "Imperial Industrial Coatings" and EMERCO, INC., a California Corporation d/b/a/ Imperial Industrial Coatings,<br><br>Defendants.<br><br>AND RELATED CROSS-ACTIONS | CASE NO. A-03-0199 Civil (RRB)<br><br>**POCKET BRIEF OF EMERCO, INC., DBA IMPERIAL INDUSTRIAL COATINGS RE: CONVERSION** |

Cross-Defendant Absolute Environmental Services, Inc., ("Absolute") erroneously asserts it may kick its subcontractor Emerco, Inc., dba Imperial Industrial Coatings ("IIC") off the Project, seize over $500,000 worth of IIC's property, and then not pay anything for the property because of a dubious and un-asserted affirmative defense that IIC is not the owner of the property. This risible argument must be rejected as it is unfounded in either fact or law.

Ownership of the property is not at issue in this case. Absolute admitted in its Rule 11 certified pleading entitled, "Absolute Environmental's Answer to Counter-Claim of Emerco d/b/a Imperial Industrial Coatings," [Docket No. 27] at paragraph 13, "Absolute Environmental Services, Inc., admits that Defendant terminated its contract with Absolute and left certain personal property at the Project site." Absolute cannot identify any other person or entity other than IIC who has asserted a right or interest in the property since the date Absolute converted the property until today. In other words, there is no good faith basis to assert IIC is not the owner of the property or otherwise not entitled to the immediate possession of the property. Absolute's president David Olson even wrote in his declaration in support of Absolute's motion for summary adjudication against IIC that the reason Absolute took IIC's equipment was to provide security for losses Absolute anticipated would suffer on the Project as a result of IIC's conduct. [Docket No. 231, Decl. Olson at ¶ 16]. Hence, Absolute has acknowledged IIC's ownership of the property. Were the equipment owned by anyone other than IIC, Absolute would not have been able to offer that justification for the conversion.

Even if there were a good faith basis for Absolute to assert IIC is not the owner of the property at issue in the conversion action, the legal remedy is not dismissal of IIC's claim. Conversion is the intentional exercise of dominion or control over property by a defendant which so seriously interferes with the right of another to control it that the defendant may justly be required to pay the plaintiff the full value of the property. *McKibben v. Mohawk Oil Co., Ltd.* 667 P.2d 1223, 1228 (Alaska 1983) (overruled on other grounds in *Wien Air Alaska v. Bubbel* 723 P.2d 627 (Alaska 1986); RESTATEMENT (SECOND) OF TORTS § 222A(a). Contrary to the assumption underlying the position asserted by Absolute, it is not necessary that the plaintiff in a conversion action be the fee owner of the converted property. All that is required is that the plaintiff have a possessory interest in the property at the time of the conversion. *Id.*; RESTATEMENT (SECOND) OF TORTS §§ 224A, 225.

One who steals or converts property for his own use does not thereby acquire title to the stolen property, even if someone other than the plaintiff has a superior claim to the stolen property. RESTATEMENT (SECOND) OF TORTS § 895(1). Thus, it is no defense to a claim for

conversion that someone other than the plaintiff has a superior claim to the property. Instead, if Absolute's claim had merit it was Absolute's option to either (a) seek to join as an additional party the entity who Absolute claims has a superior interest to the property pursuant to FRCP 19 and 21 or (b) file an interpleader action against the entity who Absolute claims has an ownership interest in the converted property. [FRCP 22].

Pursuant to Federal Rules of Civil Procedure 19(a), a person or entity who is subject to service of process and whose joinder will not deprive the court of subject matter jurisdiction shall be joined as a party to the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person should be joined as a plaintiff but refuses to do so, the person can be made a defendant. As of this date, Absolute has not made a motion under Rule 21 to add any additional parties.

Pursuant to Rule 19(b) if such a person cannot be made a party, then the court will determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed (the absent person being regarded as indispensable). In making a decision, the court considers the following factors: (1) to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties, (2) the extent to which, by protective provisions in the judgment, by the shaping of relief or other measures, the prejudice can be lessened or avoided, (3) whether a judgment rendered in the person's absence will be adequate, and (4) whether the plaintiff will have an adequate remedy if the action is dismissed. Here, even if Rule 19 applies, and if this undisclosed entity cannot be made a party, these factors weigh against dismissal. If a judgment is rendered against Absolute based on its conversion of IIC's property, Absolute can request the judgment be phrased so as to absolve Absolute from any future conflicting claims of ownership, or that the judgment in favor of IIC is subject to any superior claims of ownership in the property.

As noted above, Absolute knows that it does not own the property it took from the job site. Simply exercising dominion and control over the property of another does not confer ownership. IIC owns the property. IIC is the party who shipped up the property to the job site. IIC is the party who was responsible for bringing the property to the job site under its subcontract with Absolute. IIC has sued Absolute for the value of the property. Now Absolute claims that someone else might own the property, and because of this unproven and baseless claim, it argues it is entitled to the drastic remedy of a dismissal. This is wrong. If Absolute has a genuine belief that someone other than IIC owned the property, or that someone other than IIC had a legitimate claim to possession of the property, then Absolute should have filed an interpleader against all other potential claimants pursuant to Federal Rule of Civil Procedure 22(1): "Persons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability. . . . A defendant exposed to similar liability may obtain such interpleader by way of a cross-claim or counterclaim. . . ."

Absolute's argument that the hypothetical existence of other potential claimants to the property it converted, which property belonged to IIC, is without merit and should be rejected.

DATED: November 1, 2006

MONTELEONE & McCRORY LLP

Attorneys for Emerco, Inc., dba Imperial Industrial Coatings and Forrest J. McKinley

By _____
PATRICK J. DUFFY III
WILLIAM R. BAERG

## CERTIFICATE OF SERVICE BY ECF

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I certify that on November 2, 2006, a copy of the foregoing was served by ECF on:

Eric J. Brown, ebrown@jdolaw.com
Robert J. Dickson, acgecf@acglaw.com
Patrick J. Duffy, duffy@mmlawyers.com
Jami K. Elison, jamie@mhf-law.com
Michael E. Kreger, mkreger@perkinscoie.com
Terry R. Marston, terry@mhf-law.com
Peter C. Partnow, PartnowP@LanePowell.com
James B. Stoetzer, StoetzerJ@LanePowell.com

and by facsimile on:

Paul J. Nangle
Paul J. Nangle & Associates
101 Christensen Dr.
Anchorage, AK 99501
FAX NO.:    (907) 279-1794

I declare under penalty of perjury under the laws of the United States that the above is true and correct. Executed on November 2, 2006, at Los Angeles, California.

*(signature)*
SALLIE RASPA