# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaskan Corporation,<br><br>　　Plaintiff,<br><br>　v.<br><br>FORREST J. McKINLEY and "JANE DOE" McKINLEY, and the marital community property composed thereof d/b/a/ "Imperial Industrial Coatings" and EMERCO, INC., a California Corporation d/b/a/ Imperial Industrial Coatings,<br><br>　　Defendants.<br><br>AND RELATED CROSS-ACTIONS | CASE NO. A-03-0199 Civil (RRB)<br><br>**AFFIDAVIT OF WILLIAM R. BAERG RE: DEPOSITION OF CORRPRO COMPANIES, INC.** |

I, William R. Baerg, declare:

1.　I am a partner with Monteleone & McCrory, LLP, and am one of the attorneys for Emerco, Inc., dba Imperial Industrial Coatings ("IIC"), defendant and cross-claimant in this lawsuit. If called as a witness, I would competently testify to the following facts from my personal knowledge and experience.

2.	On January 10, 2005, I executed three deposition subpoenas in connection with this lawsuit.

3.	The first deposition subpoena was directed to Randy Flowers, who I believed was an employee of Corrpro Companies, Inc. ("Corrpro"). Attached hereto as Exhibit 1 is a true and correct copy of this subpoena. I am informed and believe Corrpro was a painting contractor hired by Absolute Environmental Service, Inc., to work on the Project that is the subject of this lawsuit. On that same day I issued a written notice of the deposition of Randy Flowers to the other parties in this lawsuit. Attached hereto as Exhibit 2 is a true and correct copy of this deposition notice. As it turned out, the process server was unable to locate Mr. Flowers and did not serve him. As a result, I served a notice of cancellation of the deposition of Randy Flower. Attached hereto as Exhibit 3 is a true and correct copy of this notice cancelling the deposition.

4.	The second deposition subpoena was directed to Corrpro, and required Corrpro to produce specified records from the Project for copying. Attached hereto as Exhibit 4 is a true and correct copy of this subpoena. On that same day I issued a written notice of the deposition of Corrpro to the other parties in this lawsuit. Attached hereto as Exhibit 5 is a true and correct copy of this deposition notice. The production was scheduled to take place on February 11, 2005 at 9:00 a.m. Sometime after executing the subpoena, and before the date scheduled for the deposition, I received a written proof of service from the process server indicating Corrpro was served with the subpoena. Attached hereto as Exhibit 6 is a true and correct copy of this proof of service. On February 15, 2005, I received a copy of letter from Denise K. Patterson, who represented herself to be Corrpro's attorney, to the deposition officer Wood & Randall, which included copies of various records produced by Corrpro. Attached hereto as Exhibit 7 is a true and correct copy of this letter. The letter stated in the closing paragraph, "For your information, Corrpro closed down its Alaska office in November 2004 and thereafter effected a company-wide reduction in force. Most, if not all, the employees of the Alaska office are no longer with Corrpro as a result of the closing of the office, the reduction in force, or departure from the company prior to November 2004." The documents produced with the letter are attached hereto as Exhibit 8.

5.   The third deposition subpoena was directed to Corrpro, and required Corrpro to send a representative to appear for an oral deposition at the office of the deposition officer on February 18, 2005, at 9:00 a.m. Attached hereto as Exhibit 9 is a true and correct copy of this subpoena. On that same day I issued a written notice of the deposition of Corrpro to the other parties in this lawsuit. Attached hereto as Exhibit 10 is a true and correct copy of this deposition notice. Sometime after executing the subpoena, and before the date scheduled for the deposition, I received a written proof of service from the process server indicating Corrpro was served with the subpoena. Attached hereto as Exhibit 11 is a true and correct copy of this proof of service. On February 18, 2005, at 9:00 a.m, I appeared at the offices of the deposition officer, Wood & Randall. No one from Corrpro appeared at the deposition.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 31st day of October, 2006.

_____
WILLIAM R. BAERG

# CERTIFICATE OF SERVICE BY ECF

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I certify that on November 2, 2006, a copy of the foregoing was served by ECF on:

Eric J. Brown, ebrown@jdolaw.com
Robert J. Dickson, acgecf@acglaw.com
Patrick J. Duffy, duffy@mmlawyers.com
Jami K. Elison, jamie@mhf-law.com
Michael E. Kreger, mkreger@perkinscoie.com
Terry R. Marston, terry@mhf-law.com
Peter C. Partnow, PartnowP@LanePowell.com
James B. Stoetzer, StoetzerJ@LanePowell.com

and by facsimile on:

Paul J. Nangle
Paul J. Nangle & Associates
101 Christensen Dr.
Anchorage, AK 99501
FAX NO.:    (907) 279-1794

I declare under penalty of perjury under the laws of the United States that the above is true and correct. Executed on November 2, 2006, at Los Angeles, California.

_____
SALLIE RASPA