ERIC J. BROWN, ESQ.
JERMAIN DUNNAGAN & OWENS, P.C.
3000 A. Street, Suite 300
Anchorage, Alaska 99503-4097
Telephone: (907) 563-8844
Facsimile: (907) 563-7322 (ebrown@jdolaw.com)

PATRICK J. DUFFY, III, ESQ.
WILLIAM R. BAERG, ESQ.
MONTELEONE & McCRORY, LLP
725 S. Figueroa Street, Suite 3200
Los Angeles, California 90017-5446
Telephone: (213) 612-9900
Facsimile: (213) 612-9930
(duffy@mmlawyers.com)
(baerg@mmlawyers.com)

Attorneys for Defendant and
Cross-Complainant EMERCO, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaskan Corporation,<br><br>    Plaintiff,<br><br>v.<br><br>FORREST J. McKINLEY and "JANE DOE" McKINLEY, and the marital community property composed thereof d/b/a/ "Imperial Industrial Coatings" and EMERCO, INC., a California Corporation d/b/a/ Imperial Industrial Coatings,<br><br>    Defendants.<br><br>AND RELATED CROSS-ACTIONS | CASE NO. A-03-0199 Civil (RRB)<br><br>**AMENDED AND SUPPLEMENTAL JURY INSTRUCTIONS OF EMERCO, INC., DBA IMPERIAL INDUSTRIAL COATINGS** |

Defendant and Cross-Claimant Emerco, Inc., dba Imperial Industrial Coatings, hereby submits the following amended and supplemental jury instructions:

Specially Prepared Jury Instruction No. 4

Specially Prepared Jury Instruction No. 7

Specially Prepared Jury Instruction No. 8

1  Specially Prepared Jury Instruction No. 9
2  Specially Prepared Jury Instruction No. 10
3  Specially Prepared Jury Instruction No. 11
4  Specially Prepared Jury Instruction No. 12
5  Specially Prepared Jury Instruction No. 13
6
7  DATED: November 3, 2006             MONTELEONE & McCRORY LLP
8                                      Attorneys for Emerco, Inc., dba Imperial Industrial
9                                      Coatings and Forrest J. McKinley
10
11                                     By _____
12                                          PATRICK J. DUFFY III
                                            WILLIAM R. BAERG

## CERTIFICATE OF SERVICE BY ECF

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I certify that on November 3, 2006, a copy of the foregoing was served by ECF on:

    Eric J. Brown, ebrown@jdolaw.com
    Robert J. Dickson, acgecf@acglaw.com
    Patrick J. Duffy, duffy@mmlawyers.com
    Jami K. Elison, jamie@mhf-law.com
    Michael E. Kreger, mkreger@perkinscoie.com
    Terry R. Marston, terry@mhf-law.com
    Peter C. Partnow, PartnowP@LanePowell.com
    James B. Stoetzer, StoetzerJ@LanePowell.com

and by facsimile on:

Paul J. Nangle
Paul J. Nangle & Associates
101 Christensen Dr.
Anchorage, AK 99501
FAX NO.:    (907) 279-1794

I declare under penalty of perjury under the laws of the United States that the above is true and correct. Executed on November 3, 2006, at Los Angeles, California.

_____
SALLIE RASPA

## IMPERIAL/McKINLEY'S SPECIALLY PREPARED JURY INSTRUCTION 4
(AMENDED)

It is the general rule that by failing to impart its knowledge of difficulties to be encountered in a federal project, the owner of the project will be liable to the contractor for misrepresentation if the contractor is unable to perform according to the contract provisions.

This is true notwithstanding a provision in the contract that requires bidders to carefully examine the job site before submitting their bids, or any provision in the contract that states the contractor affirms that by bidding the job the contractor had made such an inspection.

In addition, federal contracts contain a "Differing Site Condition" clause that provides for an adjustment in the contract price if the conditions encountered by the contractor (or subcontractor) materially differ from the conditions indicated in the contract (or subcontract) documents, and those different conditions make the work more expensive to perform. In such cases, it is not necessary for the owner to have foreknowledge of the different condition.

LEGAL AUTHORITY:       *United States v. Atlantic Dredging Co.* (1920) 253 U.S. 1, 11-12, 64 L.Ed. 735, 40 S.Ct. 423; *United States v. Spearin* (1918) 248 U.S. 132, 63 L.Ed. 166, 39 S.Ct. 59; *Christie v. United States* (1915) 237 U.S. 234, 59 L.Ed. 933, 35 S.Ct. 565; 48 C.F.R. § 36.502; 48 C.F.R. § 52.236-2.

## IMPERIAL/McKINLEY'S SPECIALLY PREPARED JURY INSTRUCTION NO. 7
(AMENDED)

The owner or lawful possessor of property that is wrongfully taken by a cross-defendant may waive the tort of conversion and elect to treat the conversion as a forced sale, and sue the cross-defendant for the value of the property under a sales contract that is implied by law.

For Imperial to win on its claim against Absolute for taking the equipment and materials on the job site, you must decide that it is more likely than not that:

1. That Imperial owned or had the right to possess the property;

2. That Absolute interfered with Imperial's right to possess the property;

3. That Absolute's act or omission was intentional; and

4. That Absolute's act or omission was the legal cause of Imperial's loss.


LEGAL AUTHORITY:   *Felder v. Reeth* 34 F.2d 744, 97 A.L.R. 244, 5 Alaska Fed. 432 (C.C.A 9th Cir. 1929); *Hallidie v. Enginger* 175 Cal. 505, 166 P. 1 (1917); *Bechtel v. Chase* (1909) 156 Cal. 707, 106 P. 81; 1A CORPUS JURIS SECUNDUM "Actions" §§ 161, 162; RESTATEMENT (SECOND) OF CONTRACTS, § 222A; *McKibben v., Mokawk Oil*, 667 P.2d 1223, 1228 (Alaska 1983); *Martens v. State* 554 P.2d 407, 409 (Alaska 1976).

## IMPERIAL/McKINLEY'S SPECIALLY PREPARED JURY INSTRUCTION NO. 8

A contract is an enforceable agreement between parties. To prove that a contract was created, the party alleging a contract must prove all of the following:

1. That the contract terms were clear enough that the parties could understand what each was required to do;

2. That the parties agreed to give each other something of value; and

3. That the parties agreed to the terms of the contract.

When you examine whether the parties agreed to the terms of the contract, ask yourself if, under the circumstances, a reasonable person would conclude, from the words and conduct of each party, that there was an agreement. You may not consider a party's hidden intentions.

LEGAL AUTHORITY:   California Civil Jury Instructions No. 302; 17 C.J.S. Contracts §§ 2, 3, 9, 12, 770, 795-801; RESTATEMENT (SECOND) OF CONTRACTS, § 33; Bla

# IMPERIAL/McKINLEY'S SPECIALLY PREPARED JURY INSTRUCTION NO. 9

A contract can be either express, implied in fact, or implied in law.

In an express contract, the existence and terms of the contract are stated in words of the writings of the parties.

In an implied in fact contract, the existence and terms of the contract are inferred from the conduct of the parties.

In an implied in law contract, a duty or obligation is created by law for reasons of fairness or justice. The duty or obligation is not based on the express or apparent intention of the parties.

The distinction between an express contract and an implied in fact contract relates only to the manner in which the agreement is shown. Both types of contract are based on the express or apparent intention of the parties.


LEGAL AUTHORITY:   California Book of Approved Jury Instructions No. 10.56; 17 C.J.S. Contracts §§ 5-6, 770, 795-801; RESTATEMENT (SECOND) OF CONTRACTS, § 4, com. b.

# IMPERIAL/McKINLEY'S SPECIALLY PREPARED JURY INSTRUCTION NO. 10

Contracts may be written or oral.

Contracts may be partly written and partly oral.

Oral contracts are just as valid as written contracts.

LEGAL AUTHORITY:    California Civil Jury Instructions No. 304; 17 C.J.S. Contracts §§ 67, 770, 795-801.

## IMPERIAL/McKINLEY'S SPECIALLY PREPARED JURY INSTRUCTION NO. 11

To recover damages for breach of contract, Imperial must prove all of the following:

1. That Imperial and Absolute entered into a contract;

2. That Imperial did all, or substantially all, of the significant things that the contract required Imperial to do, or that Imperial was excused from doing those things;

3. That all of the conditions required by the contract for Absolute's performance had occurred;

4. That Absolute failed to do something that the contract required it to do; and

5. That Imperial was harmed by that failure.


LEGAL AUTHORITY:   California Civil Jury Instructions No. 303; RESTATEMENT (SECOND) OF CONTRACTS, §§ 1, 235; 17 C.J.S. Contracts §§ 600-607, 770, 795-801.

## IMPERIAL/McKINLEY'S SPECIALLY PREPARED JURY INSTRUCTION NO. 12

Absolute contends that the parties did not enter into a contract because the agreement was never written and signed. To overcome this contention, Imperial must prove both of the following:

1. That the parties understood and agreed to the terms of the agreement; and

2. That the parties agreed to be bound without a written agreement or before a written agreement was prepared.

LEGAL AUTHORITY:   California Civil Jury Instructions No. 306; 17 C.J.S. Contracts §§ 37-41, 44-46, 55-56, 58, 770, 795-801.

### IMPERIAL/McKINLEY'S SPECIALLY PREPARED JURY INSTRUCTION NO. 13

When one person renders services to another at the latter's request, or from which the latter derives a benefit, the law imposes an obligation to pay for the reasonable value of the services if both parties had the expectation during the time the services were performed that compensation should be made.

LEGAL AUTHORITY:     California Book of Approved Jury Instructions No. 10.71; C.J.S. Implied and Constructive Contracts §§ 24-32.