ERIC J. BROWN, ESQ.
JERMAIN DUNNAGAN & OWENS, P.C.
3000 A. Street, Suite 300
Anchorage, Alaska 99503-4097
Telephone: (907) 563-8844
Facsimile: (907) 563-7322 (ebrown@jdolaw.com)

PATRICK J. DUFFY, III, ESQ.
WILLIAM R. BAERG, ESQ.
MONTELEONE & McCRORY, LLP
725 S. Figueroa Street, Suite 3200
Los Angeles, California 90017-5446
Telephone: (213) 612-9900
Facsimile: (213) 612-9930
(duffy@mmlawyers.com)
(baerg@mmlawyers.com)

Attorneys for Defendant and
Cross-Complainant EMERCO, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaskan Corporation,<br><br>Plaintiff,<br><br>v.<br><br>FORREST J. McKINLEY and "JANE DOE" McKINLEY, and the marital community property composed thereof d/b/a/ "Imperial Industrial Coatings" and EMERCO, INC., a California Corporation d/b/a/ Imperial Industrial Coatings,<br><br>Defendants.<br><br>AND RELATED CROSS-ACTIONS | CASE NO. A-03-0199 Civil (RRB)<br><br>**POCKET BRIEF OF EMERCO, INC., DBA IMPERIAL INDUSTRIAL COATINGS RE:**<br><br>**FORCED SALE IMPLIED BY LAW FOLLOWING CONVERSION** |

Conversion is the intentional exercise of dominion or control over property by a defendant which so seriously interferes with the right of another to control it that the defendant may justly be required to pay the plaintiff the full value of the property. *McKibben v. Mohawk Oil Co., Ltd.* 667 P.2d 1223, 1228 (Alaska 1983) (overruled on other grounds in *Wien Air Alaska v. Bubbel* 723 P.2d 627 (Alaska 1986); RESTATEMENT (SECOND) OF TORTS § 222A(a).

It has long been the law in Alaska and other jurisdictions that the victim of a conversion may waive the tort of conversion and elect to sue the tortfeasor under an implied contract for the sale of the converted property. For example, where one person steals the property of another, the owner may treat the theft as a contract of sale and sue on the fictitious promise to pay the value of the property. *Felder v. Reeth* 34 F.2d 744, 97 A.L.R. 244, 5 Alaska Fed. 432 (C.C.A 9th Cir. 1929); *Hallidie v. Enginger* 175 Cal. 505, 166 P. 1 (1917); *Bechtel v. Chase* (1909) 156 Cal. 707, 106 P. 81; 1A CORPUS JURIS SECUNDUM "Actions" §§ 161, 162;. In this case, the sale price was fixed by a letter itemizing the property purchased at the prices stated. By failing to return the property, Absolute agreed to the prices stated; equity does not permit one who purloins the property of another to obtain the property at a discounted price. Interest on the sale price is due from the date of the conversion. *Felder v. Reeth* 34 F.2d 744, 748 (9th Cir. Alaska 1929).

DATED: November 3, 2006

MONTELEONE & McCRORY LLP

Attorneys for Emerco, Inc., dba Imperial Industrial Coatings and Forrest J. McKinley

By _____
PATRICK J. DUFFY III
WILLIAM R. BAERG

## CERTIFICATE OF SERVICE BY ECF

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I certify that on November 3, 2006, a copy of the foregoing was served by ECF on:

Eric J. Brown, ebrown@jdolaw.com
Robert J. Dickson, acgecf@acglaw.com
Patrick J. Duffy, duffy@mmlawyers.com
Jami K. Elison, jamie@mhf-law.com
Michael E. Kreger, mkreger@perkinscoie.com
Terry R. Marston, terry@mhf-law.com
Peter C. Partnow, PartnowP@LanePowell.com
James B. Stoetzer, StoetzerJ@LanePowell.com

and by facsimile on:

Paul J. Nangle
Paul J. Nangle & Associates
101 Christensen Dr.
Anchorage, AK 99501
FAX NO.:    (907) 279-1794

I declare under penalty of perjury under the laws of the United States that the above is true and correct. Executed on November 3, 2006, at Los Angeles, California.

_____
SALLIE RASPA