Michael E. Kreger
Perkins Coie LLP
1029 W. Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561
(907) 276-3108 (Facsimile)
mkreger@perkinscoie.com

Attorneys for Defendants Brechan Enterprises, Inc. and
Safeco Insurance Company of America

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

ABSOLUTE ENVIRONMENTAL
SERVICES, INC., an Alaska corporation,

     Plaintiff,

v.

FORREST J. MCKINLEY, et al.,

     Defendants.

Case No. 3:03-cv-0199-RRB

## BRECHAN'S OBJECTIONS TO
## ABSOLUTE'S PROPOSED VERDICT FORM

Brechan states the following objections to Absolute's proposed verdict form.

1.    Brechan objects to Questions 3 and 12.  Question 3 invites the jury to find Brechan liable for <u>Absolute's</u> breach of its contract with Imperial, and to find Brechan liable for any damages assessed against Absolute for such breach.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

Absolute has never alleged any claim against Brechan for such damages. Specifically, Absolute has not alleged any right of indemnity from Brechan, or any other legal basis for such claims. Moreover, Absolute's damage disclosures throughout the case have never included any damages based on Absolute's liability to Imperial. Question 12 drops out with Question 3.

     2.    Brechan objects to the laundry list of alleged breaches of contract in Question 4 (and the same analysis applies to Questions 1, 2 and 8). The verdict form should ask for determinations on the ultimate issues, without adopting or reciting the contentions of any party. Moreover, the description of the breach of contract claims against Brechan in Question 4 is improper. Subparts 4(a), (b) and (c) misstate the elements of the contract and warranty claims which remain in issue (superior knowledge and breach of implied warranty of adequacy of plans). Accurate statements of the elements of these claims are set out in Brechan's proposed jury instructions and also in the briefing on the motions for summary judgment on these claims.

     Subpart 4(d) ("wrongful backcharging") is improper in this instruction because such a claim was not pled or disclosed as a discrete claim against Brechan. This cost was disclosed in Mr. Lembke's March, 2006 second report, Exhibit D, as part of the cost to Absolute (i.e., the backcharge for Coffman's extra time on the project after August 30, 2003) for which Imperial, Coffman or Brechan might be liable. Absolute has not put on proof that the underlying charge for extra inspection services was discretely caused by Brechan, as opposed to Imperial or Coffman.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

3.    Brechan objects to Question 5.  No evidence was submitted on this issue.  This claim presents a legal issue based on undisputed material facts to be decided by the Court.

4.    Brechan objects to Questions 6 and 7 because they are incomplete statements of the elements of a tort claim for nondisclosure.  These statements do not include all of the elements necessary for finding the existence of a duty to disclose, or breach.  See Restatement (2d) of Torts § 551 and Brechan's proposed Instruction No. 11 (Docket 421).

The elements of the tort should be set forth in an instruction, not in a question in the verdict form.  As with the contract claims, the verdict form should only ask for determinations on the ultimate issues, and should not give the jury incomplete and erroneous statements of the elements of the tort.

5.    Brechan objects to the italicized language on pages 5 and 6, "Damage Awards."  It is unnecessary, confusing, and invites the jury to make duplicate awards of damages.

6.    Brechan objects to the omission of questions to determine breach and legal cause as to the tort and contract claims before considering damages.  See Brechan's proposed verdict form (Docket 447).  See also (for example) APCJI Verdict Forms 3.09A-3.09D (jury makes findings on negligence and legal cause before proceeding to damages).

7.    Brechan objects to the second sentence in questions 10, 12, 15, and 16.  The sentence is very difficult to understand and invites the jury to make

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

multiple duplicate awards for the same loss that will be impossible to segregate for purposes of entry of any judgment.

8.    Brechan objects to questions 10, 12, 15, and 16 because they invite the jury to make multiple and duplicative awards for the same losses that will be impossible to segregate for purposes of entry of any judgment.  The jury should determine the damages legally caused by each defendant, as proposed in Brechan's proposed verdict form (Docket 447).  If the jury is asked to make separate awards for tort and contract, apportionment of the tort and breach of warranty damages is required by AS 09.17.080 and AS 09.17.900.  This verdict form makes no provision for such apportionment.

9.    Brechan objects to Questions 18-22 (punitive damages).  These questions are irrelevant to any issue in this case and are highly prejudicial.  The Court ruled prior to trial that the pleadings do not state claims that would support punitive damages.  Order at Docket 397.  Prior to trial, plaintiff elected not to file a motion to amend the pleadings to claim punitive damages, and punitive damages were not tried by consent of the parties.  Since punitive damages were not tried, there is no basis for asking for these findings.  The inclusion of questions suggesting that the defendants' conduct was "outrageous" or displayed "reckless indifference" would be highly prejudicial.  Moreover, if these questions are on the verdict form, plaintiff's closing argument will undoubtedly include a pitch for punitive damages.  Given the fact that punitive damages were not pled or tried, such argument would be improper and highly prejudicial to the defendants. Finally, these questions do not properly state the law that governs punitive damage

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

awards in Alaska.  Plaintiff must prove an entitlement to punitive damages by clear and convincing evidence.  AS 09.17.020(b).  These instructions omit this requirement.

DATED at Anchorage, Alaska on November 6, 2006.

**PERKINS COIE** LLP
Attorneys for Defendant
Brechan Enterprises, Inc.


By ___/s/ Michael E. Kreger_____
    Michael E. Kreger
    Alaska Bar No. 8311170
    James N. Leik
    Alaska Bar No. 8111109
    Perkins Coie LLP
    1029 W. Third Avenue, Suite 300
    Anchorage, Alaska  99501
    (907) 279-8561
    (907) 276-3108 (Facsimile)
    Email:  mkreger@perkinscoie.com


I hereby certify that on November 6, 2006, the foregoing was served electronically on Robert J. Dickson, Peter C. Partnow, William R. Baerg, Terry R. Marston II, James B. Stoetzer, and Eric J. Brown.

___/s/ Michael E. Kreger___
    Michael E. Kreger

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108