Terry R. Marston, *pro hac vice*, terry@mhf-law.com
Jami K. Elison, *pro hac vice*, jamie@mhf-law.com
MARSTON HEFFERNAN FOREMAN, PLLC
16880 N.E. 79th Street
Redmond, Washington 98052
(425) 861-5700

PAUL J. NANGLE & ASSOCIATES
Kerry Building
101 Christensen Drive
Anchorage, Alaska 99501
Telephone: (907) 274-8866

Attorney for Plaintiff ABSOLUTE ENVIRONMENTAL SERVICES, INC.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES INC., an Alaska Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>FORREST J. MCKINLEY, an individual, d/b/a "Imperial Industrial Coatings" and EMERCO, INC., a California Corporation, d/b/a Imperial Industrial Coatings,<br><br>Defendant.<br>_____<br>EMERCO, INC., a California corporation d/b/a Imperial Industrial Coatings, and the States for Use and Benefit of EMERCO, INC.,<br><br>Counterclaimant/Third-party Claimant,<br><br>v.<br><br>ABSOLUTE ENVIRONMENTAL SERVICES INC., an Alaska corporation, et al.,<br><br>Cross-defendants/Third-party Defendants. | Case No.: A03-0199CV (RRB)<br><br>**PLAINTIFF'S FRCP 50 MOTION TO DISMISS BRECHAN'S INDEMNITY CLAIM** |

PLAINTIFF'S FRCP 50 MOTION TO DIMISS BRECHAN'S INDEMNITY CLAIM
Case No. A03-0199CV (RRB)-- 1

## I. RELIEF REQUESTED

Plaintiff Absolute Environmental Services, Inc. ("Absolute") moves for dismissal with prejudice of Brechan's indemnity claim against Absolute by which claim Brechan seeks damages in the form of reimbursement for attorneys fees incurred when Imperial sued Brechan in an earlier phase of this case on a conspiracy theory.

## II. ISSUE

For Brechan to avoid a directed verdict dismissing its breach of contract claim against Absolute seeking indemnity for attorneys fees incurred in defending itself from an earlier suit against it by Imperial, Brechan must have presented evidence: (1) that Imperial's suit was for "bodily injury, sickness, disease, or death, or …. Claims for damage to tangible property other than the work itself", and (2) that the loss was "caused in whole or in part by [a] negligent act or omission" of Absolute. Brechan rested without presenting such evidence. Absolute's motion for directed verdict should be granted and Brechan's suit against Absolute for breach of contract should be dismissed with prejudice.

## III. FACTS

The contract between Absolute and Brechan contains the following clause (Art. 7):

**INDMENIFICATION.** To the fullest extent permitted by law, Subcontractor shall indemnify and hold harmless Owner, Architect, Architect's consultants, and Contractor <u>from all damages, losses, or expenses, including attorneys fees, from any claims or damages for bodily injury, sickness, disease, or death, or from claims for damage to tangible property,</u> other than the Work itself. <u>This indemnification shall extend to claims resulting from performance of this Subcontract and shall apply only to the extent that the claim or loss is caused in whole or in part by any negligent act or omission of Subcontractor or any of its agents, employees or subcontractors.</u> This indemnity shall be effective regardless of whether the claim or loss is caused in some part by a party to be indemnified. The obligation of Subcontractor under this Article shall not extend to claims or losses that primarily caused by the Architect, or

> Architect's consultant's performance or failure to perform professional responsibilities.

(Ex. A242, emphasis added).

During this litigation, Imperial initiated claims against Brechan, Absolute, and Coffman alleging that they had participated in a conspiracy against Imperial. Imperial never quantified any damages arising from the conspiracy and eventually dismissed its claims against Brechan and Coffman with prejudice. Brechan stipulated to the dismissal of that claim with prejudice and without requesting any fees. Brechan also stipulated to the dismissal without obtaining consent from, or even notifying, Absolute. Brechan's argument that Absolute owes an indemnity obligation on the Imperial suit is belied by the fact that when Brechan stipulated to the dismissal of Imperial's claims without any reservation or demand for attorney fees, Brechan did so without obtaining consent, in fact, without even providing notice to Absolute.

Brechan has a counterclaim against Absolute in which Brechan alleges that, under the indemnity agreement recited above, Absolute must compensate Brechan for attorney fees incurred by Brechan in defense of the suit pursued by Imperial. There is no evidence that the suit pursued by Imperial involved damages within the scope of the indemnity agreement. Brechan rested its case-in-chief without presenting any evidence that Absolute caused those damages, or that Absolute or Imperial were negligent in connection with the pursuit of conspiracy claims against Brechan. Brechan failed to present a prima facie case for entitlement.

In open court counsel for Absolute cautioned Brechan about resting Brechan's case without presenting evidence on indemnification. This Court commented that counsel for

Brechan had a decision to make. Brechan elected to not present any evidence to substantiate the necessary factual findings that (1) the Imperial suit involved the type of damages that are within the scope of the indemnity agreement or, (2) that Absolute caused damages and was somehow negligent.

## IV. AUTHORITY

Fed.R.Civ.P. 50 provides:
**(a) Judgment as a Matter of Law.**
(1) If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue.
(2) Motions for judgment as a matter of law may be made at any time before submission of the case to the jury. Such a motion shall specify the judgment sought and the law and the facts on which the moving party is entitled t the judgment.

The parties have all agreed that pure attorney fee questions will be resolved by the Court after the jury returns with a verdict. That makes sense given that such decisions will be based upon a "prevailing party" finding that cannot be made before the jury returns with a verdict. But Brechan's indemnity claim is completely unlike the attorney fee questions that are reserved for later resolution by the Court. Brechan was required to establish by evidence (1) that the damages involved in the Imperial suit were factually within the scope of the indemnity agreement (i.e., bodily injury or property damage), and (2) that Absolute caused those damages and was negligent either through its own conduct or the conduct of its subcontractor:

> It is well settled law that cases are not to be lightly taken from the jury; that jurors are the recognized triers of questions of fact; and that negligence and what is the proximate cause of damages are questions of fact to be properly submitted to and determined by jurors from a consideration of all the attending facts and circumstances.

*Ricketson v. Seaboard Airline Railroad Co.*, 403 F.2d 836, 839 (5th Cir. 1968) (quoting *Swift & Co. v. Morgan & Sturdivant*, 214 F.2d 115, 116 (5th Cir. 1954)).

## V.  CONCLUSION

Plaintiff Absolute Environmental Services, Inc. ("Absolute") moves this Court to dismiss with prejudice Brechan's indemnity claim.

RESPECTFULLY SUBMITTED this 8th day of November, 2006.

MARSTON HEFFERNAN FOREMAN, PLLC

By s/Jami K. Elison
        Terry R. Marston II, WSBA No. 14440
        Jami K. Elison, WSBA No. 31007
        Attorneys for Plaintiff Absolute Environmental Service, Inc.

I hereby certify that on the date given a copy of the forgoing was electronically filed with the Clerk of Court using the CM/ECF system and was served electronically on the following:

William R. Baerg, Patrick J. Duffy
Eric J. Brown
Robert J. Dickson
Michael E Kreger, Jacob Nist
James B. Stoetzer, Peter C. Partnow

s/Jami K. Elison            .