Terry R. Marston, *pro hac vice,* terry@mhf-law.com
Jami K. Elison, *pro hac vice,* jamie@mhf-law.com
MARSTON HEFFERNAN FOREMAN, PLLC
16880 N.E. 79th Street
Redmond, Washington 98052
(425) 861-5700

PAUL J. NANGLE & ASSOCIATES
Kerry Building
101 Christensen Drive
Anchorage, Alaska 99501
Telephone: (907) 274-8866

Attorney for Plaintiff ABSOLUTE ENVIRONMENTAL SERVICES, INC.

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, | ) ) ) Case No.: A03-0199CV (RRB) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| FORREST J. MCKINLEY, an individual, d/b/a "Imperial Industrial Coatings" and EMERCO, INC., a California Corporation, d/b/a Imperial Industrial Coatings, BRECHAN ENTERPRISES, INC., an Alaska corporation; and SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation. | ) **VERDICT FORM** ) **[PROPOSED]** ) ) ) ) ) ) ) |
| Defendants. | ) |
| EMERCO, INC., a California corporation d/b/a Imperial Industrial Coatings, and the States for Use and Benefit of EMERCO, INC., | ) ) ) |
| Counterclaimant/Third-party Claimant, | ) ) |
| v. | ) ) |
| ABSOLUTE ENVIRONMENTAL SERVICES INC., an Alaska corporation, et al., | ) ) ) |
| Cross-defendants/Third-party Defendants. | ) ) ) |

THE UNITED STATES OF AMERICA *for the use and benefit of* ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, )
)
)
)
)

Plaintiff, )
vs. )
)
SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation. )
)
)
Defendants. )
)

BRECHAN ENTERPRISES, INC., an Alaska corporation, )
)
)
Counterclaim Plaintiff, )
vs. )
)
ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, )
)
)
Counterclaim Defendant. )
BRECHAN ENTERPRISES, INC., an Alaska corporation, )
)
)
Third-Party Plaintiff, )
vs. )
)
COFFMAN ENGINEERS, INC, a Washington Corporation. )
)
)
Third-Party Defendant. )

ABSOLUTE ENVIRONMENTAL SERVICES INC., an Alaska Corporation, )
)
)
Plaintiff/Cross-claimant, )
vs. )
)
COFFMAN ENGINEERS, INC, a Washington Corporation. )
)
)
Third-Party Defendant. )

### *Proposed Verdict Form of Absolute Environmental Services, Inc.*

*There are three separate "Sections" to this verdict form. Sections A. and B. involve claims of the parties for which monetary damages are requested. Section A. addresses claims for breach of contract. Section B. addresses claims arising under other legal theories not involving a breach of contract. Occasionally, the law provides a claimant the ability to prove liability and damages under alternate legal theories. That is the case here. Note, though, whether a party is entitled to a damage award under alternate theories, the Court will limit the amount of any actual recovery to an amount not to exceed the amount of the award provided under either theory independently.*

*Therefore, first complete section A. of this verdict form by determining the liability of the claimants to each other under contract. Then, start over again with section B. and determine the liability, if any, of the claimants to each other under the legal theories stated there. When calculating damage awards under section B., do not consider the amount of any damage awards that may have been made in section A.*

### *Section A. [Contract Claims]*

1. Do you find by a preponderance of the evidence that <u>Imperial breached</u> its contract with Absolute causing Absolute substantial financial damages?

Yes ☐     No ☐

If you answered "no" to the question above, move on to the next question. If you answered "yes," state here the dollar amount of the loss(es) you find Imperial caused Absolute:

$_____

2. Do you find by a preponderance of the evidence that <u>Absolute breached</u> its contract with Imperial causing Imperial substantial financial damages?

Yes ☐     No ☐

If you answered "no" to the question above, move on to the next question. If you answered "yes," state here the dollar amount of the loss(es) you find Absolute caused Imperial:

$_____

3. Do you find by a preponderance of the evidence that <u>Brechan breached</u> its contract with Absolute causing Absolute substantial financial damages?

Yes ☐        No ☐

If you answered "no" to the question above, move on to the next question. If you answered "yes," state here the dollar amount of the loss(es) you find Brechan caused Absolute:

$_____

4. Do you find by a preponderance of the evidence that <u>Absolute breached</u> its contract with Brechan causing Brechan substantial financial damages?

Yes ☐        No ☐

If you answered "no" to the question above, move on to the next question. If you answered "yes," state here the dollar amount of the loss(es) you find Absolute caused Brechan:

$_____

5. When did Absolute complete work on the Cargo Wharf project?

Before June 23, 2004 ☐

After June 23, 2004 ☐

### *Section B. [Tort Claims]*

6. Do you find by a preponderance of the evidence that <u>Coffman breached</u> its duty to exercise reasonable care when preparing the Phase II coatings specifications causing Absolute substantial financial damages?

Yes ☐        No ☐

If you answered "no" to the question above, move on to the next question. If you answered "yes," state here the dollar amount of the loss(es) you find Coffman caused Absolute:

$_____

7. Do you find by clear and convincing evidence that Absolute suffered a substantial financial loss caused by Brechan intentionally withholding information it possessed regarding concealed conditions that materially affected the cost of the work?

Yes ☐        No ☐

If you answered "no" to the question above, move on to the next question. If you answered "yes," state here the dollar amount of the loss(es) you find Brechan caused Absolute:

$_____

8. Do you find by clear and convincing evidence that Absolute suffered a substantial financial loss caused by Coffman intentionally withholding information it possessed regarding concealed conditions that materially affected the cost of the work?

Yes ☐          No ☐

If you answered "no" to the question above, move on to the next question. If you answered "yes," state here the dollar amount of the loss(es) you find Coffman caused Absolute:

$_____

### *Section C. [Special Interrogatories]*

9. Do you find by clear and convincing evidence that Brechan's conduct was <u>outrageous</u> (including acts done with malice or bad motive)?

Yes ☐          No ☐

10. Do you find by clear and convincing evidence that Brechan's conduct evidenced <u>reckless indifference</u> to the interests of Absolute?

Yes ☐          No ☐

11. Do you find by clear and convincing evidence that Coffman's conduct was <u>outrageous</u> (including acts done with malice or bad motive)?

Yes ☐          No ☐

12. Do you find by clear and convincing evidence that Coffman's conduct amounted to <u>reckless indifference</u> to the interests of Absolute?

Yes ☐          No ☐

RESPECTFULLY SUBMITTED this 8th day of November, 2006.

MARSTON HEFFERNAN FOREMAN, PLLC

By s/Jami K. Elison_____
Terry R. Marston II, WSBA No. 14440
Jami K. Elison, WSBA No. 31007
Attorneys for Plaintiff Absolute Environmental Service, Inc.

1   I hereby certify that on the date given a copy of the
    forgoing was electronically filed with the Clerk of
2   Court using the CM/ECF system and was served
    electronically on the following:

3   William R. Baerg, Patrick J. Duffy
    Eric J. Brown
4   Robert J. Dickson
    Michael E Kreger, Jacob Nist
5   James B. Stoetzer, Peter C. Partnow

6   s/Jami K. Elison           .

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26