Michael E. Kreger
Perkins Coie LLP
1029 W. Third Avenue, Suite 300
Anchorage, Alaska  99501
(907) 279-8561
(907) 276-3108 (Facsimile)
mkreger@perkinscoie.com

Attorneys for Defendants Brechan Enterprises, Inc.
and Safeco Insurance Company of America

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska corporation,<br><br>    Plaintiff,<br>v.<br><br>FORREST J. MCKINLEY, et al.,<br><br>    Defendants. | Case No. 3:03-cv-0199-RRB |

**BRECHAN'S OBJECTION TO PROPOSED
JURY INSTRUCTION "DRAFT S" (page 35)**

Brechan objects to the Court's proposed jury instruction labeled "Draft S" (page 35 in the packet of instructions distributed on November 6).  This instruction addresses investigation of the site prior to submitting a bid.

Brechan objects to the second sentence in the instruction because it assumes that Absolute did "additional work," and it implies that Brechan agrees with the

PERKINS COIE LLP
251 East Front Street, Suite 400
Boise, ID 83702-7310
208.343.3434 / Facsimile 208.343.3232

ABSOLUTE V. MCKINLEY ET AL.
CASE NO. 3:03-CV-0199-RRB                    - 1 -                    38599-0012/LEGAL12184147.1

characterization of the work as "additional work."  Brechan does not agree that Absolute did any "additional work."

Brechan also objects to the last sentence of the instruction.  The instruction is correct in stating that there is no obligation to disclose information that is apparent to the bidder/contractor on a site visit.  But the last sentence of the instruction is wrong.  It incorrectly states that the only requirement for plaintiff's recovery of compensation for "additional work" is proof that a prebid site visit was not reasonably required, or the additional work would not have been apparent to the contractor from a reasonable site visit.  In fact, each of the substantive legal theories that Absolute is relying upon for its claims against Brechan (superior knowledge/nondisclosure and breach of the implied warranty of the plans and specifications) has other elements of proof.  This instruction would improperly permit the jury to ignore those requirements of proof and award damages to Absolute based on nothing more than a finding that Absolute was not required to make a prebid site visit, or that additional work requirements would not be apparent from a reasonable site visit.

//
//
//
//
//
//
//
//
//

PERKINS COIE LLP
251 East Front Street, Suite 400
Boise, ID 83702-7310
208.343.3434 / Facsimile 208.343.3232

ABSOLUTE V. MCKINLEY ET AL.        - 2 -        38599-0012/LEGAL12184147.1
CASE NO. 3:03-CV-0199-RRB

DATED: November 8, 2006.

**PERKINS COIE LLP**
Attorneys for Defendant
Brechan Enterprises, Inc.

By  /s/ Michael E. Kreger
   Michael E. Kreger
   Alaska Bar No. 8311170
   Perkins Coie LLP
   1029 W. Third Avenue, Suite 300
   Anchorage, Alaska  99501
   (907) 279-8561
   (907) 276-3108 (Facsimile)
   Email:  mkreger@perkinscoie.com

I hereby certify that on November 8, 2006, the
foregoing has been served by electronic mail on Robert
J. Dickson, Peter C. Partnow, William R. Baerg, Terry
R. Marston II, James B. Stoetzer, and Eric J. Brown.

  /s/ Michael E. Kreger
    Michael E. Kreger

PERKINS COIE LLP
251 East Front Street, Suite 400
Boise, ID 83702-7310
208.343.3434 / Facsimile 208.343.3232

ABSOLUTE V. MCKINLEY ET AL.
CASE NO. 3:03-CV-0199-RRB

- 3 -

38599-0012/LEGAL12184147.1