Terry R. Marston, *pro hac vice,* terry@mhf-law.com
Jami K. Elison, *pro hac vice,* jamie@mhf-law.com
MARSTON HEFFERNAN FOREMAN, PLLC
16880 N.E. 79th Street
Redmond, Washington  98052
(425) 861-5700

PAUL J.  NANGLE & ASSOCIATES
Kerry Building
101 Christensen Drive
Anchorage, Alaska  99501
Telephone:  (907) 274-8866


Attorney for Plaintiff ABSOLUTE ENVIRONMENTAL SERVICES, INC.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES INC., an Alaska Corporation,<br><br>Plaintiff,<br>vs.<br><br>FORREST J. MCKINLEY, an individual, d/b/a "Imperial Industrial Coatings" and EMERCO, INC., a California Corporation, d/b/a Imperial Industrial Coatings,<br><br>Defendant.<br>_____<br>EMERCO, INC., a California corporation d/b/a Imperial Industrial Coatings, and the States for Use and Benefit of EMERCO, INC.,<br><br>Counterclaimant/Third-party Claimant,<br><br>v.<br><br>ABSOLUTE ENVIRONMENTAL SERVICES INC., an Alaska corporation, et al.,<br><br>Cross-defendants/Third-party Defendants. | Case No.: A03-0199CV (RRB)<br><br><br><br>**NOTICE OF SUPPLEMENTAL BRIEFING IN SUPPORT OF PLAINTIFF'S FRCP 50 MOTION TO DISMISS IMPERIAL'S DIFFERING SITE CONDITION CLAIM** |

NOTICE OF SUPPLEMENTAL BRIEFING
Case No. A03-0199CV (RRB)-- 1

| | |
|---|---|
| THE UNITED STATES OF AMERICA for the use and benefit of ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, | ) ) ) ) |
| Plaintiff, | ) |
| vs. | ) ) |
| SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation. | ) ) ) |
| Defendants. | ) |
| BRECHAN ENTERPRISES, INC., an Alaska corporation, | ) ) ) |
| Counterclaim Plaintiff, | ) |
| vs. | ) ) |
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, | ) ) ) |
| Counterclaim Defendant | ) |
| BRECHAN ENTERPRISES, INC., an Alaska corporation, | ) ) ) |
| Third-Party Plaintiff, | ) |
| vs. | ) ) |
| COFFMAN ENGINEERS, INC, a Washington Corporation. | ) ) ) |
| Third-Party Defendant. | ) |
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, | ) ) ) |
| Plaintiff/Cross-claimant, | ) |
| vs. | ) ) |
| COFFMAN ENGINEERS, INC, a Washington Corporation. | ) ) ) |
| Third-Party Defendant. | ) |

NOTICE OF SUPPLEMENTAL BRIEFING
Case No. A03-0199CV (RRB)-- 2

ISSUE:

Imperial contends that the Federal Acquisition Regulation [FAR] allowing compensation for differing site conditions was incorporated by reference into its contract with Absolute. If it was not, then Imperial's gray paint claim must be dismissed.

CONTRACT LANGUAGE:

> This agreement is made this 18 day of December 2002, and effective the 18th day of December 2002, by and between Absolute Environmental Services (Contractor) and Imperial Industrial Coating (Subcontractor) to perform the Work identified in Article 2 in accordance with the Project's Contract Documents.

*See* A 248.

LAW:

Under applicable law, the contract language relied upon by Imperial—"in accordance with the Project's Contract Documents"—does not constitute an incorporation by reference of any specific FAR provisions. An incorporation by reference is not effective without an express adoption of terms and conditions:

> The theory of incorporation by reference is relevant to the interpretation of a contract <u>that expressly adopts the terms and conditions of an earlier agreement</u>.

*Trippe Manufacturing Co. v. Niles Audio Corp.*, 401 F.3d 529, 533-34 (3rd Cir. 2005) (emphasis added). It is insufficient to simply mention another document because an incorporation by reference requires both the identification of another document and an expressed intent to be bound by terms:

> A document may be incorporated by reference in a contract if the contract specifically describes the document and expresses the parties' intent to be bound by its terms.

*Management Computer Controls, Inc. v. Charles Perry Constr., Inc.*, 743 So.2d 627, 631 (1999).

On federal projects, it is not uncommon for subcontracts to include incorporations by reference of FARs:

> With respect to the Job Corps project, King argues that Moran's subcontract was governed by the Federal Acquisition Regulations ("FAR") because (1) federal regulations are generally incorporated by reference into contracts; (2) Moran's assistant treasurer, Michael Cartier, read and signed a document regarding Moran's equal employment obligations which stated that FAR 52.222-27, Affirmative Action Compliance Requirements for Construction, was incorporated in the subcontract; and (3) Moran's subcontract with Blinderman incorporated by reference the terms of the general contract with the DOL, which required performance in accordance with certain "standard clauses attached hereto from the FAR, Part 52."

*United States of America v. F.E. Moran, Inc.*, Not Reported in F.Supp.2d, 2002 WL 2003219 (N.D.Ill. 2002). It is clear that FAR provision do not govern subcontract unless they are expressly incorporated by reference:

> Hoffman now contends that termination was wrongful primarily because excusable cause existed under Federal Acquisition Regulation ("FAR") 52.249-10. FAR 52.249-10 is entitled "DEFAULT," and provides, in part, that
> The Contractor's right to proceed shall not be terminated nor the Contractor charged with damages under this clause, if-(1) The delay in completing the work arises from unforeseeable causes beyond the control and without the fault or negligence of the Contractor.
> \* \*\*
> Plaintiff's argument also fails on its merits. <u>As a threshold matter, plaintiff must show that FAR 52.249-10 is included among the contract documents referred to in paragraph 7.1.</u> Paragraph 1.1 of the subcontract states that the subcontract "is governed by *applicable* Federal Acquisition Regulations" (emphasis added). <u>Exhibit B to the subcontract specifically lists those regulations which are included as terms and conditions of the agreement. FAR 52.249-10 is not included on that list or anywhere else in the subcontract or its exhibits. As such, there is no indication that the parties intended that particular regulation to govern the subcontract.</u>

*Lenny Hoffman Excavating, Inc. v. Actus Corp./Sundt Corp.*, Not Reported F.Supp., 1992 WL 229833 (N.D.Ill.). (emphasis added). Even when a contract specifically references that

FAR provisions will govern, an incorporation by reference is not made effective until the FAR provisions to be incorporated are specifically identified. Imperial's subcontract agreement with Absolute does not incorporate by reference terms and conditions of the prime contract, and under no analysis does it incorporate by reference the specific FAR provision regarding differing site conditions upon which Imperial bases its gray paint claim.

RESPECTFULLY SUBMITTED this 9th day of November, 2006.

MARSTON HEFFERNAN FOREMAN, PLLC

By s/Jami K. Elison
    Terry R. Marston II, WSBA No. 14440
    Jami K. Elison, WSBA No. 31007
Attorneys for Plaintiff Absolute Environmental Service, Inc.

I hereby certify that on the date given a copy of the forgoing was electronically filed with the Clerk of Court using the CM/ECF system and was served electronically on the following:

William R. Baerg, Patrick J. Duffy
Eric J. Brown
Robert J. Dickson
Michael E Kreger, Jacob Nist
James B. Stoetzer, Peter C. Partnow

s/Jami K. Elison                    .