James N. Leik
JLeik@perkinscoie.com
Michael E. Kreger
mkreger@perkinscoie.com
PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK  99501-1981
Telephone:  907.279.8561
Facsimile:  907.276.3108

Attorneys for Defendants Brechan Enterprises, Inc.
and Safeco Insurance Company of America

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska corporation,<br><br>Plaintiff,<br>v.<br><br>FORREST J. MCKINLEY, et al.,<br><br>Defendants. | Case No. 3:03-cv-0199-RRB |

**BRECHAN'S OBJECTION TO ABSOLUTE'S VERDICT FORM
DATED NOVEMBER 8, 2006 [DOCKET 474]**

Brechan objects to Absolute's verdict form dated November 8, 2006 (Docket 474).

1.     Brechan objects to the first two paragraphs in italics.  These paragraphs invite and authorize the jury to make duplicate awards of damages.  The form tells the jury to go ahead and do this, because the Court will just sort it out later.  But the

answers to the questions on the form do not give the Court enough information so that it can determine whether an award is duplicative. For example, if the jury were to award an amount against Brechan on line 3 (breach of contract damages) and an amount against Brechan on line 7 (tort damages), what would be the amount of the judgment against Brechan? In light of the directions at the beginning of the form, some of the damages in either line 3 or line 7 may duplicate the damages in the other line. But the Court has no basis to figure out what amount is duplicated and what amount is not.

Similarly, there is no way for the Court to determine if awards from multiple defendants are for the same or different damages. For example, if the jury were to award amounts on lines 6 (Coffman) and 7 (Brechan), are these amounts for a single loss shared among both defendants, or for separate amounts that must be paid separately by each defendant? There will be no way for the Court to tell.

For these reasons, Brechan also objects to Questions 1, 3, 6, 7 and 8. They invite the jury to make multiple and duplicate awards for the same losses, and there is inadequate information to permit the Court to enter judgment in a way that prevents duplicate awards.

2.  This form does not provide for apportionment of fault, which is required for tort and warranty claims. AS 09.17.080, AS 09.17.900.

3.  Brechan objects to the omission of questions to determine breach and legal cause as to the tort and contract claims before considering damages. See Brechan's proposed verdict form (Docket 447) and APCJI verdict forms 3.09A-3.09D (jury makes findings on negligence and legal cause before proceeding to damages).

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

ABSOLUTE V. MCKINLEY ET AL.                     -2-                    38599-0012/LEGAL12228978.1
CASE NO. 3:03-CV-0199-RRB

4.	Brechan objects to Questions 7 and 8 because they are incomplete statements of the requirements of proof for the tort of nondisclosure that do not include all of the elements necessary for finding the existence of a duty to disclose and breach. The verdict form should ask simple questions to determine the ultimate issues, and the elements of the claims should be addressed in the instructions. In addition, these questions can be read to <u>assume</u> that Brechan and Coffman possessed and withheld information, and to ask the jury only to answer whether Absolute suffered a substantial financial loss as a result.

5.	Brechan objects to Questions 9-12 [punitive damages]. These questions are irrelevant to any issue in this case and are highly prejudicial. The Court ruled prior to trial that the pleadings do not state claims that would support punitive damages. Order at Docket 397. Prior to trial, plaintiff elected not to file a motion to amend the pleadings to claim punitive damages, and punitive damages were not tried by consent of the parties. Since punitive damages were not tried, there is no basis for asking for these findings. The inclusion of questions suggesting that the defendants' conduct was "outrageous" or displayed "reckless indifference" would be highly prejudicial. Moreover, if these questions are on the verdict form, plaintiff's closing argument will undoubtedly include a pitch for punitive damages. Given the fact that punitive damages were not pled or tried, such argument would be improper and highly prejudicial to the defendants.

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

ABSOLUTE V. MCKINLEY ET AL.	-3-	38599-0012/LEGAL12228978.1
CASE NO. 3:03-CV-0199-RRB

DATED: November 12, 2006.

>PERKINS COIE LLP
>Attorneys for Defendants
>Brechan Enterprises, Inc. and
>Safeco Insurance Company of America
>
>By: /s/ James N. Leik
>James N. Leik
>Alaska Bar No. 8111109
>jleik@perkinscoie.com
>Michael E. Kreger
>Alaska Bar No. 8311170
>mkreger@perkinscoie.com
>1029 West Third Avenue, Suite 300
>Anchorage, AK 99501-1981
>Telephone: 907.279.8561
>Facsimile: 907.276.3108

I hereby certify that on November 12, 2006, the foregoing has been served by electronic mail on Robert J. Dickson, Peter C. Partnow, William R. Baerg, Terry R. Marston II, James B. Stoetzer, and Eric J. Brown.

/s/ Michael E. Kreger
Michael E. Kreger

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

ABSOLUTE V. MCKINLEY ET AL.
CASE NO. 3:03-CV-0199-RRB                -4-                38599-0012/LEGAL12228978.1