**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

ABSOLUTE    v.    MCKINLEY

DATE:    November 13, 2006    CASE NO.    3:03-CV-0199-RRB

THE HONORABLE RALPH R. BEISTLINE

PROCEEDINGS:    **MINUTE ORDER FROM CHAMBERS
RE PUNITIVE DAMAGES**

Plaintiff continues to assert the propriety of a punitive damage claim in this matter and requests that the subject be included in the verdict form.  As the Court previously indicated, it did not permit Plaintiff to proceed with a punitive damage claim because punitive damages were not pled or otherwise raised until well after discovery closed.  Federal law is clear that punitive damages must be set forth in the pleadings.  Alaska law is not dissimilar.  In fact, Alaska law prohibits disclosure of punitive damage-related discovery until after a verdict has been rendered on liability, and then envisions that discovery will be immediately available to the plaintiff so that the same jury that found liability can address punitive damages.  The possibility for any of this was precluded by the failure to plead punitive damages.

Moreover, punitive damages are not favored in Alaska and any award must be established by clear and convincing evidence of outrageous conduct or reckless indifference to another. Given the fact that the experts who testified in this matter disagree on whether or not the plans and specifications placed Absolute on

notice of the complained of defects, and further noting that the
specifications required a site visit before bidding, and after
considering the evidence presented at trial, the Court concludes
that a reasonable jury could not conclude, by clear and convincing
evidence, that punitive damages were justified. The issues of
negligence and breach of contract, however, remain viable.  The
Court will not include questions regarding punitive damages in the
verdict form.