UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA


  ABSOLUTE, et al.   v.   MCKINLEY, et al.

DATE:   November 13, 2006    CASE NO.   3:03-cv-0199-RRB

THE HONORABLE RALPH R. BEISTLINE

PROCEEDINGS:   **MINUTE ORDER FROM CHAMBERS
RE PERMISSIBLE CAUSES OF ACTION**

---

      The pleadings in this matter, including the intermingling of contract and tort claims, and the manner in which Plaintiff seeks to prorate damages between Defendants, have made the jury instructions and the verdict form almost impossible to formulate. This dilemma was primarily of Plaintiff's making. Nevertheless, the Court will attempt to develop a comprehensible verdict form. In doing so, the Court has considered the pleadings of the parties, as well as the evidence presented at trial. Based thereon, the matter will proceed as follows:

      Absolute will be permitted to proceed against Imperial on its contract claims, and Imperial will be able to proceed against Absolute on its contract claims.

      Absolute will be able to proceed against Brechan on its breach of contract claims, but not as to any tort claims. As previously stated, Absolute is not entitled to punitive damages against Brechan, for both procedural and substantive reasons. Without the punitive damages claim, Absolute's claims against

Brechan, in contract and in tort, are virtually identical. They seek the same damages and would serve only to confuse the jury if instructed as to both.

Absolute will be permitted to pursue its tort claims against Coffman subject to Coffman's comparative and contributory negligence defenses.

The Court will attempt to construct a verdict form along the lines set forth above. In this regard, the parties should note that although the jury will be asked to answer both comparative fault and contributive negligence questions, only Coffman would be the beneficiary of such findings.