Michael E. Kreger
mkreger@perkinscoie.com
James N. Leik
jleik@perkins.coie.com
PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
Telephone: 907.279.8561
Facsimile: 907.276.3108

Attorneys for Defendants Brechan Enterprises, Inc.
and Safeco Insurance Company of America

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska corporation,<br><br>    Plaintiff,<br><br>v.<br><br>FORREST J. MCKINLEY, et al.,<br><br>    Defendants. | Case No. 3:03-cv-0199-RRB |

**BRECHAN'S OBJECTIONS AND
PROPOSED ALTERNATIVE INSTRUCTIONS**

Brechan submits the following objections and proposed alternative instructions
to the instructions proposed by the Court through November 10, 2006.

**Introductory Instruction**. Brechan proposes revisions to the Court's
proposed Introductory Instruction, as set forth in the attachment (page 10).

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

**Draft G, p. 26.**  Brechan objects to this instruction as confusing unless it is limited to the applicable claim.  There is only one issue in this case where the <u>existence</u> of a contract is at issue – Imperial's claim that it and Absolute contracted to perform painting work on tanks N12 and M60.  The proposed instruction should be modified by adding the following sentences preceding the instruction:

> One of the disputes in this case is whether Imperial and Absolute entered into a contract for Imperial to paint tanks known as N12 and M60.  This dispute does not involve Brechan or Coffman.

**Draft U and Draft T, pages 27-28**.  These instructions address the same issues.  Brechan proposes the following instruction in substitution for both (a copy is attached):

> If you decide that it is more likely true than not true that a party to a contract failed to perform a significant promise made in the contract, that there was no legal excuse for that party's failure to perform its promise, and that the failure to perform the promise caused damage to the other party to the contract, your verdict must be in favor of the party that was damaged by the other party's failure to perform.

**Draft D, p. 32**.  This instruction is incomplete because it does not properly instruct the jury that Absolute is contractually responsible to Brechan for Imperial's workmanship and the completion of the project.  (See Brechan's proposed instruction No. 3.)  Brechan proposes a revised instruction, attached.

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

**Draft J, page 33.**  See revision attached, adding element 8, as follows:  "That in performing its work, Absolute encountered undisclosed defective welds that required Absolute to perform extra work under the contract."

**Draft S, p. 35.**  Brechan objects and submits a proposed alternative to the proposed jury instruction "Draft S" (page 35) (copy attached).  (This objection incorporates and supplements Brechan's previous objection at Docket 475.) Brechan's proposed instruction defines a reasonable job site investigation.  Brechan proposes that the definition follow Instruction 41 (in which the Court instructs on Coffman's argument that Absolute conducted an insufficient job site investigation).

A definition of a reasonable job site investigation fits the evidence and the defense.  The definition, alone, also avoids the error of using an affirmative instruction (i.e., assuming that Absolute need only show it performed a reasonable site investigation to establish liability).  As pointed out in Brechan's initial objection to Draft S, that instruction, as stated, presumed that additional, compensable work had been performed.

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK  99501-1981
907.279.8561 / Facsimile 907.276.3108

LEGAL12227873.1

BRECHAN'S SUBSTITUTE FOR DRAFT S

PROPOSED INSTRUCTION 41A

I will define a reasonable job site investigation.

A job site investigation is required if a reasonably experienced and prudent contractor would do so in similar circumstances or if it was required by the by the coating specification in Absolute's contract.  Contractors are expected to use normal powers of observation when conducting job site inspections.  Contractors are also expected to have the knowledge and experience of a reasonably competent contractor.  Generally, however, contractors are not required to conduct an independent subsurface investigation, unless specifically required by the contract.

**Draft L, page 36 and Draft M, page 38:**  The order of these instructions should be reversed.

**Draft AS, page 41**.  In line 3, the word "or" should be "for."

**Draft AF, page 51**.  Brechan proposes an alternative instruction, attached. The instruction is based on AS 09.17.080(b) ("In determining the percentages of fault, the trier of fact shall consider both the nature of the conduct of each person at fault, and the extent of the causal relation between the conduct and the damages claimed."

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

-4-

LEGAL12227873.1

and AS 09.17.900 (defining fault to include "acts or omissions that are in any measure negligent, reckless, or intentional toward the person or property of the actor or others [and] breach of warranty . . . and unreasonable failure to avoid an injury or mitigate damages.")

**Draft AE, page 52**.  Under the Miller Act, the test for starting the limitations period is the last day the work was performed as "part of the original contract." U.S. for the Use of Austin v. Western Elec. Co., 337 F.2d 568, 572 (9th Cir. 1964). Work performed "for the purpose of correcting defects, or making repairs following inspection of the project" does not extend the Miller Act's limitations period.  Id. at 573; T & A Painting, Inc. v. U.S., 673 F. Supp. 994, 996 (N.D. Cal. 1987) ("Miller Act payment bond obligations apply only to work performed under the original contract and not to subsequent work to repair defects.").  Brechan proposes the following instruction (a copy is attached):

> One of Absolute's claims requires that you determine the date that Absolute completed its original contract work on the cargo wharf. Original contract work does not include work that is done in order to correct defects or make repairs to the contractor's work.

**Draft AL, page 53**.  Last sentence of first paragraph:  add "any," as follows: "I am instructing you on principles governing damage awards so that in the event you find any defendant liable, you will know on what basis to consider any award of damages."  Second sentence, second paragraph:  Revise as follows: "In this case, if

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

LEGAL12227873.1

you find that any defendant is liable for any of Absolute's claims, you must award sufficient damages to fairly compensate Absolute for any damages legally caused by that defendant's conduct."

**Draft AT, page 55**. It is unclear what issues in this case this instruction addresses. If this instruction addresses quantum meruit claims, then the claims should be identified in the instruction. In addition, the instruction must state the proper legal elements for a quantum meruit claim. Brechan proposes the following alternative instruction (copy attached):

If certain conditions are met, the law allows a party to recover the reasonable value of services rendered to another party, even though there is not an express agreement between the two parties. In order to win on this claim, the party seeking payment has the burden of proving all of the following elements by a preponderance of the evidence:

(1) the first party did work which conferred a benefit upon the second party;

(2) the second party accepted and retained the benefit under circumstances making it unfair for it to have the benefit without paying the first party for its reasonable value; and

(3) the work in question is not within the scope of an express contract.

If the party seeking payment has proven all of these elements, then you must find in favor of that party and award it the reasonable

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

LEGAL12227873.1

value of its services.  If the party seeking payment has not proved any one of these elements, you must deny the claim.

Authority: <u>Bennett v. Artus</u>, 20 P.3d 560, 563 (Alaska 2001) (stating elements); <u>Fairbanks North Star Borough v. Kandik Construction, Inc.</u>, 795 P.2d 793, 800 (Alaska 1990) (holding that it was reversible error to not instruct the jury on the fourth element).

**Draft AM, page 58**.  Brechan objects to the following sentence:  "If the party seeking damages has produced the best evidence available and if it is sufficient to support a reasonable basis for estimating loss, the party seeking damages is not to be denied recovery because the amount of the damages is incapable of exact ascertainment."  This sentence is not consistent with the instruction on total cost that must be given in this case.  Total cost proof may be the "best evidence available" but if it does not meet the four requirements for total cost proof, it isn't good enough.

**Draft AP, page 59**.  Brechan objects to the first sentence.  Absolute's damage claims for lost profits are directed to Coffman and Imperial as well as Brechan.  In addition, Imperial seeks lost profits from Absolute.  The first sentence should be deleted.  The remainder of the instruction should be revised as follows:

As part of their damages, Absolute and Imperial are claiming profit that they allege they would have received under the contract.  You may award damages based upon anticipated profits if the party claiming lost profits proves each of the following elements by a preponderance of

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK  99501-1981
907.279.8561 / Facsimile 907.276.3108

LEGAL12227873.1

the evidence:  1) that the claimed profits were within the contemplation of the parties at the time the contract was made, that is, that it is reasonable probable that the party would have earned the profits except for the other party's breach; 2) the loss of profit was legally caused by the other party's conduct; and 3) the amount of lost profit is proven with reasonable certainty.  The party claiming lost profits must produce evidence sufficient to afford a reasonable basis for estimating its loss. Damages for profits that are unsatisfactorily proven, remote, or speculative cannot be recovered.

A copy is attached.

**Draft AO, page 62**.  As originally submitted, this was an instruction on total cost proof.  See Absolute's proposed instruction No. 20 (Docket 361, page 25). Brechan objects to omission of a total cost instruction.  Absolute and Brechan both submitted instructions on total cost proof.  See Absolute's proposed instruction No. 20 (Docket 361, page 25 and Brechan's proposed instruction No. 7 (Docket 359, page 12).  A total cost instruction is required, because the jury must determine whether Absolute has satisfied the four elements required for use of total cost or modified total cost proof.  "If the jury is allowed to hear evidence of damages calculated under a total cost method, then it must be instructed not to apply the method unless all four factors are established. . . .  In addition, because the basic flaw with the use of the total cost method is that it assumes causation, we also require that the jury be instructed not to award damages unless the plaintiff proves that the defendant's breach caused them."  Geolar, Inc. v. Gilbert/Commonwealth, 874 P.2d

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

937, 945 (Alaska 1994).  See also K&K Recycling v. Alaska Gold Co., 80 P.2d 702,

718 n. 35 & 719 (Alaska 2003) (approving jury instruction on total cost);

Municipality of Anchorage v. Frank Coluccio Const., 826 P.2d 316, 328 (jury

properly instructed that it must find all four factors); Fairbanks North Star Borough v.

Kandik Construction, Inc., 795 P.2d 793, 799 (Alaska 1990)).

Brechan also objects to the sentence that remains in this instruction, because

the statement that the plaintiff "must link or tie" its damages to specific breaches of

contract is inadequate to state the legal cause requirement.  A "link" or a "tie" is looser

and more remote than legal cause.  This instruction does not conform either to the

specific causation instruction required for total cost proof (see above) or to general

requirements governing proof that claimed damages were legally caused by the

breach.  Fairbanks North Star Borough v. Kandik Construction, Inc., 795 P.2d

793,798 (Alaska 1990) ("Recovery of damages for a breach of contract is not allowed

unless acceptable evidence demonstrates that the damages claimed resulted from and

were caused by the breach").

## INTRODUCTORY INSTRUCTION

Absolute Environmental Services, Inc. ("Absolute") is the plaintiff in this matter. It has asserted claims against Imperial Industrial Coatings dba Emerco, Inc. and Forrest J. McKinley ("Imperial") for breach of contract and has alleged that Imperial (a) failed to perform quality control duties as specified in its contract, (b) failed to timely perform its work in accordance with the project schedule, (c) failed to possess a certification by the coating manufacturer to apply the specified coating products and/or (d) failed to complete its work. Absolute seeks money damages from Imperial because of this.

Imperial has denied Absolute's claims and has asserted its own claim (counterclaim) against Absolute in which Imperial claims that Absolute failed to pay Imperial for amounts earned under the contract for regular contract performance, failed to pay Imperial for extra work it was required to perform outside the contract scope, and failed to pay monies earned for work required by differing site conditions. In addition, Imperial seeks compensation from Absolute for Absolute's taking possession of equipment and materials at the project site and refusing to return them after demand to do so. Imperial contends that Absolute is required to compensate Imperial for these items of equipment and materials at the values stated by Imperial in its demand letter. In addition, Imperial seeks damages for lost profits on the Kodiak Wharf project as a result of being prohibited by Absolute from completing the project in accordance with the contract terms. Imperial also seeks damages from Absolute for refusing to allow Imperial to perform the planned further tank coating projects that it

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

LEGAL12227873.1

had agreed to allow Imperial to perform as its subcontractor.  Imperial seeks money damages from Absolute for the aforesaid items in the total sum of $971,745.36.

Absolute has denied Imperial's counterclaim.

Absolute has also asserted claims against defendant Brechan Enterprises, Inc. ("Brechan") in which it alleges that Absolute was required to do extra work because it encountered unanticipated bad welds on the H-piles and because Brechan knew that such conditions existed and knew that the revised specification would not adequately address the conditions.

Brechan denies Absolute's claims against it.

While Absolute did not have a contract with Coffman Engineers, Inc. ("Coffman"), Absolute has also asserted claims against Coffman in which Absolute alleges that Coffman caused it monetary damages by preparing deficient coatings specifications and by negligently or fraudulently failing to inform Absolute of the conditions which had been encountered by the Phase I contractor.

Coffman denies Absolute's claims against it.

Absolute asserts that it is entitled to damages from Imperial, Brechan and Coffman in the total amount of $975,635.68.  You should be aware that while Absolute has made both breach of contract and tort claims, the total amount of any damages you may award cannot exceed the $975,635.68 sought by Absolute.

As to Absolute's claims against Brechan, separate and apart from the $975,635.68 which Absolute claims from all of the other parties, Absolute also claims that Brechan and only Brechan owes it money for the Phase I warranty work which it performed.  Brechan asserts that it has paid Absolute $15,000, which was its anticipated amount.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

LEGAL12227873.1

One of Absolute's claims requires that you determine a factual question and that is whether the original contract work was completed before or after June 23, 2004.

Finally, Alaska law requires the total amount of any damages awarded for a tort and breach of warranty to be assessed on a percentage of fault basis against the parties to the lawsuit as well as to any non-party who has been proven to have been responsible, in whole or in part, for the damages.  Therefore, you will also be asked to determine, based on the evidence presented, the percentage of those damages which should be assigned to Absolute (for its own fault), to Imperial, Brechan and/or Coffman, as well as to any of several named entities that are not parties to this dispute.

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

-12-

LEGAL12227873.1

**BRECHAN'S SUBSTITUTE FOR COURT'S DRAFTS U AND T**

If you decide that it is more likely true than not true that a party to a contract failed to perform a significant promise made in the contract, that there was no legal excuse for that party's failure to perform its promise, and that the failure to perform the promise caused damage to the other party to the contract, your verdict must be in favor of the party that was damaged by the other party's failure to perform.

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

LEGAL12227873.1

**BRECHAN'S REVISION TO COURT'S DRAFT D**

Whenever a contractor enters into a contract, the law implies a promise by the contractor that the contractor will perform its work in a reasonably good and workmanlike manner, and in accordance with good usage and accepted trade practices. The term "good and workmanlike manner" means the quality of work that would be done by someone who has the knowledge, training or experience necessary for the successful practice of the trade, and that the work will be done in the manner generally considered proficient by those who are capable of judging such work. Another way of stating this is that the contractor agrees that it will use the degree of care that a skilled contractor would use under similar circumstances in the community where the work is done.

Imperial's contract with Absolute included this promise. Absolute claims that Imperial breached this promise. To prevail on this claim, Absolute must prove by a preponderance of the evidence that Imperial's work did not meet this standard, and that Imperial's failure to meet this standard was a legal cause of damage to Absolute.

Absolute's contract with Brechan also included this promise. Even though Absolute hired Imperial to perform the coating work on Absolute's contract with Brechan, Absolute remained responsible to Brechan to complete the work in a manner that satisfied this promise.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

-14-

**BRECHAN'S REVISION TO COURT'S DRAFT J**

Absolute has also asserted claims against Brechan in this matter. Absolute claims that Brechan breached its contract with Absolute by failing to disclose information about defective welds encountered on a prior project.

In order to win on this claim, Absolute has the burden of proving each of the following elements by a preponderance of the evidence:

1.      That Brechan had superior knowledge about defective welding conditions which were encountered by Swalling during the Phase I project. Superior knowledge is information that is vital to the performance of a contract, material to the performance problems that arose, and that can only be reasonably obtained from one source.

2.      That Absolute was not aware of the information Brechan had about defective welds occurring on the prior project and could not reasonably discover this information through its own efforts.

3.      That Brechan recognized that the disclosure of this information would be vital to Absolute to prepare a reasonable proposal for the next project.

4.      That Brechan knew that Absolute did not have this information and that Absolute was not reasonably likely to learn this information from its own inquiries or from any other source.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

LEGAL12227873.1

5.    That Brechan did not provide this information to Absolute.

6.    That the revised coating specification for Absolute's project did not put Absolute on notice of defective welds.

7.    That Absolute would have made a different price proposal to Brechan had it been provided with the superior knowledge prior to entering into the subcontract with Brechan.

8.    That in performing its work, Absolute encountered undisclosed defective welds that required Absolute to perform extra work under the contract.

If you find that Absolute has established all of these elements, then you must find in favor of Absolute on this claim and then determine damages legally caused by the non-disclosure of the information.

If Absolute has failed to prove any one of these elements, then you must find against Absolute on this claim and you may not award damages to Absolute based on this claim.

**BRECHAN'S SUBSTITUTE FOR COURT'S DRAFT S**

**PROPOSED INSTRUCTION 41A**

I will define a reasonable job site investigation.

A job site investigation is required if a reasonably experienced and prudent contractor would do so in similar circumstances or if it was required by the coating specification in Absolute's contract. Contractors are expected to use normal powers of observation when conducting job site inspections. Contractors are also expected to have the knowledge and experience of a reasonably competent contractor. Generally, however, contractors are not required to conduct an independent subsurface investigation, unless specifically required by the contract.

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

LEGAL12227873.1

**BRECHAN'S SUBSTITUTE FOR COURT'S DRAFT AF**

Depending upon your answers to various questions set forth in the verdict form, you may be required to assign percentages of fault to certain parties. The term "fault" includes acts or omissions by a party that are in any way negligent, reckless or intentional toward another party. The term "fault" also includes acts or omissions that that constitute a breach of warranties made or implied in a contract, and it includes any unreasonable failure to avoid loss or to mitigate damages. In assigning percentages of fault to parties, you must consider the nature of each party's conduct, and the extent to which the party's conduct caused the damages in question.

**BRECHAN'S SUBSTITUTE FOR COURT'S DRAFT AE**

One of Absolute's claims requires that you determine the date that Absolute completed its original contract work on the cargo wharf.  Original contract work does not include work that is done in order to correct defects or make repairs to the contractor's work.

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK  99501-1981
907.279.8561 / Facsimile 907.276.3108

LEGAL12227873.1

**BRECHAN'S SUBSTITUTE FOR COURT'S DRAFT AT**

If certain conditions are met, the law allows a party to recover the reasonable value of services rendered to another party, even though there is not an express agreement between the two parties.  In order to win on this claim, the party seeking payment has the burden of proving all of the following elements by a preponderance of the evidence:

(1) the first party did work which conferred a benefit upon the second party;

(2) the second party accepted and retained the benefit under circumstances making it unfair for it to have the benefit without paying the first party for its reasonable value; and

(3) the work in question is not within the scope of an express contract.

If the party seeking payment has proven all of these elements, then you must find in favor of that party and award it the reasonable value of its services.  If the party seeking payment has not proved any one of these elements, you must deny the claim.

**BRECHAN'S SUBSTITUTE FOR COURT'S DRAFT AP**

As part of their damages, Absolute and Imperial are claiming profit that they allege they would have received under the contract. You may award damages based upon anticipated profits if the party claiming lost profits proves each of the following elements by a preponderance of the evidence:  1) that the claimed profits were within the contemplation of the parties at the time the contract was made, that is, that it is reasonable probable that the party would have earned the profits except for the other party's breach; 2) the loss of profit was legally caused by the other party's conduct; and 3) the amount of lost profit is proven with reasonable certainty. The party claiming lost profits must produce evidence sufficient to afford a reasonable basis for estimating its loss. Damages for profits that are unsatisfactorily proven, remote, or speculative cannot be recovered.

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK  99501-1981
907.279.8561 / Facsimile 907.276.3108

LEGAL12227873.1

DATED:  November 13, 2006.

PERKINS COIE LLP
Attorneys for Defendants
Brechan Enterprises, Inc. and
Safeco Insurance Company of America


By:   /s/ Michael E. Kreger
     Michael E. Kreger
     Alaska Bar No. 8311170
     mkreger@perkinscoie.com
     James N. Leik
     Alaska Bar No. 8111109
     jleik@perkinscoie.com
     1029 West Third Avenue, Suite 300
     Anchorage, AK  99501-1981
     Telephone:  907.279.8561
     Facsimile:  907.276.3108


I hereby certify that on November 13, 2006, the
foregoing has been served by electronic mail on Robert
J. Dickson, Peter C. Partnow, William R. Baerg, Terry
R. Marston II, James B. Stoetzer, and Eric J. Brown.

   /s/ Michael E. Kreger
     Michael E. Kreger