Peter C. Partnow, ASBA No. 7206029
James E. Niemer, *pro hac vice*
Lane Powell LLC
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Tel: 907-277-9511
Fax: 907-276-2631
PartnowP@LanePowell.com
NiemerJ@LanePowell.com

Attorneys for Third-Party Defendant
Coffman Engineers, Inc.

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska corporation,<br><br>                    Plaintiff,<br><br>v.<br><br>FORREST J. McKINLEY, an individual, d/b/a "Imperial industrial Coatings"; and EMERCO, INC., a California corporation, d/b/a Imperial Industrial Coatings; BRECHAN ENTERPRIESES, INC., an Alaska corporation; and SAFECO INSURANCE COMPANY OF AMERICA, a Washington corporation,<br><br>                    Defendants. | Case No. 3:03-cv-00199-RRB |
| EMERCO, INC., a California corporation d/b/a Imperial Industrial Coatings, and the United States for the Use and Benefit of EMERCO, INC.,<br><br>     Counterclaimant/Third-Party Claimant,<br><br>v.<br><br>ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska corporation, et al.,<br><br>   Cross-Defendants/Third-Party Defendants. | **COFFMAN'S MOTION<br>FOR DIRECTED VERDICT** |

|                                                                                                                       |
| :-------------------------------------------------------------------------------------------------------------------- |
| THE UNITED STATES OF AMERICA for the use and benefit of ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska corporation, |
| Plaintiff,                                                                                                            |
| v.                                                                                                                    |
| SAFECO INSURANCE COMPANY OF AMERICA, a Washington corporation,                                                        |
| Defendant.                                                                                                            |
| BRECHAN ENTERPRISES, INC., an Alaska corporation,                                                                     |
| Counterclaim Plaintiff,                                                                                               |
| v.                                                                                                                    |
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska corporation,                                                         |
| Counterclaim Defendant.                                                                                               |
| BRECHAN ENTERPRISES, INC., an Alaska corporation,                                                                     |
| Third-Party Plaintiff,                                                                                                |
| v.                                                                                                                    |
| COFFMAN ENGINEERS, INC., a Washington corporation,                                                                    |
| Third-Party Defendant.                                                                                                |

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

Coffman Engineers, Inc. ("Coffman"), by and through counsel, and moves for directed verdict on Absolute's claims. Coffman reasserts and relies on the arguments it made at the conclusion of Absolute's case in chief; however, it submits these additional materials relating to Absolute's claim for fraudulent misrepresentation (failure to disclose).

## I. INTRODUCTION

Absolute has introduced no evidence that would allow the jury to rationally conclude that Coffman intentionally misrepresented or failed to disclose the weld conditions on the Cargo Wharf

Project. Instead, the testimony of its expert, Jeremy Hailey, together with e-mail chains attached to the Absolute-Imperial subcontract, confirms that at a minimum, Coffman did not intentionally misrepresent or conceal information.

## II. DIRECTED VERDICT STANDARD

The Supreme Court, in interpreting Federal Rule of Civil Procedure 50(a)(1), has held that "in the event the trial court concludes that the scintilla of evidence presented supporting a position is insufficient to allow a reasonable juror to conclude that the position more likely than not is true, the court remains free to direct a judgment . . . ." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 598 (1993). *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (noting that "the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict").

> Nor are judges any longer required to submit a question to a jury merely because some evidence has been introduced by the party having the burden of proof, unless the evidence be of such a character that it would warrant the jury in finding a verdict in favor of that party. Formerly it was held that if there was what is called a *scintilla* of evidence in support of a case the judge was bound to leave it to the jury, but recent decisions of high authority have established a more reasonable rule, that ***in every case, before the evidence is left to the jury, there is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed.***

*Anderson*, 477 U.S. at 251 (emphasis added) (quoting *Improvement Co. v. Munson*, 14 Wall. 442, 448, 20 L.Ed. 867 (1872)).

Moreover, the "court is freer to direct a verdict than to grant summary judgment" because "[t]he motion for directed verdict comes after the plaintiff has presented his evidence, or at the close of the trial, so the court has a better basis on which to determine the existence of material issues." *Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 772 (9th Cir. 1981). The "major difference between summary judgment and directed verdict is that credibility determinations may enter into the latter but

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

not the former." *Id.* Therefore, "motions for directed verdict and judgment n. o. v. are better procedures for disposing of cases where there is any initial doubt whether a material issue of fact exists." *Id.*

### III. ARGUMENT

In order to make a prima facie case of fraudulent misrepresentation or concealment, Absolute must introduce evidence from which a reasonable jury could find that all of the elements of this claim exist, including (1) a false representation of fact, (2) scienter (intent to deceive), (3) the intention on the part of Coffman that the statement be relied upon, (4) justifiable reliance on the statement by Absolute, and (5) damages. *Barber v. National Bank of Alaska*, 815 P.2d 857 (Alaska 1991).[1] Similarly, a party may only be liable for negligent failure to disclose under certain limited circumstances.[2] No reasonable jury could find for Absolute on the issues of false representation, failure to disclose, and scienter.

Absolute presented no evidence of Coffman refusing to provide information or failing to respond to any inquiry made to it. Rather, Absolute seeks to have the jury infer that Coffman intentionally or fraudulently withheld information from Absolute.

---

[1] Alaska courts generally adhere to the Restatement (Second) of Torts in determining the substantive content of causes of action. The Restatement (Second) of Torts § 550 states that "[o]ne party to a transaction who by concealment or other action intentionally prevents the other from acquiring material information is subject to the same liability to the other, for pecuniary loss as though he had stated the nonexistence of the matter that the other was thus prevented from discovering." The elements for fraudulent concealment are thus the same as the elements for fraudulent misrepresentation.

[2] According to the Restatement (Second) of Torts as adopted in *Turnbull v. LaRose*, 702 P.2d 1331, 134 (Alaska 1985), a party only has a duty use reasonable care to disclose information to another party to a transaction if (a) there is a fiduciary relationship; (b) additional disclosure is necessary to prevent a partial or ambiguous statement from being misleading; (c) disclosure is necessary to correct a previous incorrect statement; (d) if the party did not believe that the other party would be relying on a pervious false statement but subsequently learns that the party intended to rely on it; and (e) disclosure is reasonably expected because of the relationship between the parties, the customs of the trade, or other circumstances.

LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

Absolute relies exclusively on its expert, Jeremy Hailey, to establish that Coffman should have included information about the Phase I weld issues in the Phase II specifications. However, even Mr. Hailey conceded that if Absolute had been made aware of the Phase I problems through other means, this would change his opinion:

> Q   If Absolute and Imperial were informed through other means about the weld conditions encountered on Bents 1 through 5 in Phase I, would that impact your opinion?
>
> A   If they had been made aware, then I would certainly have taken that into consideration.

Exhibit A, Trial Testimony of J. Hailey, pp. 64:21 to 65:1.

In fact, Mr. Hailey acknowledged that Absolute *had* been made aware of the Phase I weld problems through a series of e-mails between Brechan, Coffman and the Coast Guard that were provided to Absolute and Imperial. These e-mails were attached to the Absolute-Imperial subcontract, indicating that Absolute had reviewed them. Mr. Hailey had not reviewed these documents before expressing his original opinion. The Phase I weld issues feature prominently:

> Q   Okay. This is an e-mail that we're looking at here in the courtroom. It's dated, about halfway down, Monday, November 18th, 2002. And there is a very short statement from Mr. Holmstrom to Mr. Peterson, in which he says, "We're getting input from the coatings designer. Stay tuned. Thanks. Matt."
>
> A   Okay. And just for your information, Mr. Kreger, I do have that in front of me right now.
>
> Q   Excellent. Thank you. So you saw where I was reading from, about in the middle of the page there?
>
> A   "We're getting input from the coatings designer. Stay tuned. Thanks. Matt."
>
> Q   Yes, sir.
>
> A   Yes.
>
> Q   And would you look down below that -- the e-mail immediately below it. And do you recognize that as an e-mail from Dan Stears to Matt Holmstrom?
>
> A   Yes. That's what the heading states on it.
>
> Q   And the second line down, where he writes, "I believe there's about a half dozen issues to modify." And he lists them. One of them is the seal weld issue. Do you see that?

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511   Facsimile 907.276.2631

    A    "*I believe there are a half dozen issues to modify before proceeding to Phase II.*  Test levels need revision.  *The seal weld issue.*  The issue of coating to mud line."  Yes, I do see that.

    Q    Okay.  And then just draw your attention to one more e-mail and then I'll ask you a question about these three.  And that's the one immediately below that, in which Matt Holmstrom is writing to Dan Stears on November 14th.  And he says, "Dan, do you have a..., quote, "'final'," closed quote, *"...coating spec, 09967 that includes the changes we made regarding the seal weld issue."*  Do you see that?

    A    I do see that.

Exhibit B, Trial Testimony of J. Hailey pp. 77:15 to 79:4.

    Brechan and Coffman therefore provided notice to Absolute of the weld problems on Phase I that required a modification of the seal weld specification.  In short, Coffman did not misrepresent, conceal, or fail to disclose the existence of problems with the welds on Phase I.  Because no jury could reasonably conclude that Coffman either failed to provide or actively concealed information regarding the Phase I weld problems, Coffman is entitled to a directed verdict on Absolute's fraudulent misrepresentation and concealment, and negligent misrepresentation and failure to disclose claims.

    Moreover, based on Mr. Hailey's testimony, a reasonable jury could not find that Coffman acted with scienter, or an intention to deceive Absolute.  According to Mr. Hailey, providing these e-mails to subcontractors was not the common practice in the coatings industry:

    Q    You've worked as a designer of coating specifications before, haven't you?
    A    That is correct.
    Q    And isn't it common in the industry to circulate communications between owners and designers and potential contractors regarding the content of specifications?
    A    I would say that it's more common to circulate them between owners and designers as the specifications are being developed.

Exhibit C, Trial Testimony of J. Hailey pp. 79:5 to 79:14.

    Moreover, Absolute reviewed this documentation and actually included it in its subcontract with Imperial.  According to Mr. Hailey, the fact that this documentation was provided

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

to Absolute and Imperial is clear evidence that Coffman did <u>not</u> intend to conceal the weld conditions:

> Q  Sure. And if you were trying to hide the existence of a seal weld issue, would you forward those e-mails to the contractor?
> A  If I was trying to hide something from the contractor, would I forward them that information?
> Q  Yeah.
> (Object)
> A  I would have no reason to try to hide something from a contractor.
> (Inadequate hypothetical)
> Q  And you -- go ahead and testify again, please. We may not have picked up your answer.
> A  Okay. I would have no reason to hide information from a contractor, but I suppose if you -- ***if somebody wanted to hide something, they would not forward information to them.***

Exhibit D, Trial Testimony of J. Hailey pp. 79:15 to 80:6 [emphasis added].

As Mr. Hailey's testimony establishes, the inclusion in the specifications of the e-mail exchange quoted above is plainly inconsistent with any alleged intention to conceal the Phase I weld conditions. Because no jury could reasonably find that Coffman concealed information about the Phase I weld issues from Absolute with the intention to deceive Absolute.

For the reasons stated, Coffman is entitled to a directed verdict on the issue of fraudulent misrepresentation and concealment.

DATED this 13th day of November, 2006.

LANE POWELL LLC
Attorneys for Coffman Engineers, Inc.

By  s/ Peter C. Partnow
    Peter C. Partnow, ASBA No. 7206029
    301 W. Northern Lights Blvd., Suite 301
    Anchorage, Alaska 99503-2648
    Tel:  907-277-9511
    Fax:  907-276-2631
    E-mail:  PartnowP@LanePowell.com

I certify that on November 13, 2006, a copy of the foregoing was served electronically on the following:

William R. Baerg  , baerg@mmlawyers.com
Eric J. Brown, ebrown@jdolaw.com
Robert J. Dickson, acgecf@acglaw.com
Patrick J. Duffy, duffy@mmlawyers.com
Jami K. Elison, jamie@mhf-law.com
Michael E. Kreger, mkreger@perkinscoie.com
Terry R. Marston, terry@mhf-law.com
James B. Stoetzer, stoetzerj@lanepowell.com
James E. Niemer, niemerj@lanepowell.com

By mail::P,J. Nangle, 101 Christensen Dr, Anchorage, AK 99501

 s/Peter C. Partnow
011680.0076/157331.1

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511 Facsimile 907.276.2631

**Coffman's Motion for Directed Verdict**
*Absolute Envtl. Servs., Inc. v. Forrest McKinley, et al.* **(Case No. 3:03-cv-00199-RRB)**    Page 7 of 7