Peter C. Partnow, ASBA No. 7206029
James E. Niemer, *pro hac vice*
Lane Powell LLC
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Tel:  907-277-9511
Fax:  907-276-2631
PartnowP@LanePowell.com
NiemerJ@LanePowell.com

Attorneys for Third-Party Defendant
Coffman Engineers, Inc.

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511   Facsimile 907.276.2631

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska corporation,<br><br>                      Plaintiff,<br><br>v.<br><br>FORREST J. McKINLEY, an individual, d/b/a "Imperial industrial Coatings"; and EMERCO, INC., a California corporation, d/b/a Imperial Industrial Coatings; BRECHAN ENTERPRIESES, INC., an Alaska corporation; and SAFECO INSURANCE COMPANY OF AMERICA, a Washington corporation,<br><br>                      Defendants. | |
| EMERCO, INC., a California corporation d/b/a Imperial Industrial Coatings, and the United States for the Use and Benefit of EMERCO, INC.,<br><br>    Counterclaimant/Third-Party Claimant,<br><br>v.<br><br>ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska corporation, et al.,<br><br>   Cross-Defendants/Third-Party Defendants. | Case No. 3:03-cv-00199-RRB<br><br>**COFFMAN'S OBJECTIONS TO PROPOSED JURY INSTRUCTIONS AND COFFMAN'S PROPOSED ALTERNATIVE INSTRUCTIONS** |

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

| |
|---|
| THE UNITED STATES OF AMERICA for the use and benefit of ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska corporation, <br><br>                                Plaintiff, <br><br> v. <br><br> SAFECO INSURANCE COMPANY OF AMERICA, a Washington corporation, <br><br>                                Defendant. |
| BRECHAN ENTERPRISES, INC., an Alaska corporation, <br><br>                      Counterclaim Plaintiff, <br><br> v. <br><br> ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska corporation, <br><br>                     Counterclaim Defendant. |
| BRECHAN ENTERPRISES, INC., an Alaska corporation, <br><br>                      Third-Party Plaintiff, <br><br> v. <br><br> COFFMAN ENGINEERS, INC., a Washington corporation, <br><br>                      Third-Party Defendant. |

Defendant Coffman Engineers, Inc. ("Coffman"), by and through its attorneys of record, hereby submits its objections to the proposed jury instructions provided by the court. Coffman also submits its proposed alternative instructions proposed by the court.

**Jury Instructions Regarding the Elements, Burden of Proof, and Definition of Professional Negligence:** The court's proposed instructions do not include any instructions regarding the elements that make up a claim for professional negligence, and the burden of proof

regarding those elements. Moreover, no instruction was included that provides the jury with the definition of professional negligence. Coffman's proposed Jury Instructions 31 and 32, fulfill these requirements, and copies of those proposed instructions are attached hereto. Coffman submits that those instructions should be inserted between "Draft M" on page 38, and "Draft I" on page 39.

**Draft S, Page 35:** Coffman objects to this proposed instruction in that, as written, it suggests a verdict in favor of Absolute and further assumes that Absolute did, in fact, perform extra work. Coffman joins in with Brechan's objections in this regard, and submits that Brechan's revised substitute for "Draft S" would be an appropriate substitute.

**Draft L, Page 36:** Coffman objects to the inclusion of the words "materials and" in the 10th and 12th lines of the second paragraph of that proposed instruction. Although Absolute now argues that the "holiday free" finish required under the specification could not be achieved due to some as yet undefined lack of "compatibility" between the SPC material specified and the conditions encountered during Phase II, Absolute has presented no expert testimony to support such an argument. In the absence of expert testimony on this issue, there is no competent evidence whatsoever to support the contention that the selection of the materials in the specification had any causal connection to Absolute's alleged damages, if any. There is no evidence that the material selected was in any way inadequate, and any reference to "materials" should, therefore, be excluded from this proposed instruction.

**Draft M, Page 38:** Coffman objects to this proposed instruction on the grounds that it contains no reference to the fact that expert testimony is required in order to establish that the subject specification was "defective." If this proposed instruction is to be utilized, Coffman's proposed

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511 Facsimile 907.276.2631

instruction nos. 31 and 32, must also be used. As noted above, those instructions set forth the elements, burden of proof, and definition of a claim for professional negligence.

Moreover, this instruction is inappropriate in that there is no evidence that the coating application could not have been performed under the specification as written. In fact, the only competent evidence regarding this issue came from witnesses Charlie Mathias, Paul Pederson and Pete Williams, all of whom confirmed unequivocally that the work could be performed under the specification and, in fact, was performed. The testimony of Absolute's David Olson is incompetent in this regard, since he did not perform any of the actual work. The arguments of Absolute's counsel on this issue do not constitute evidence. In the absence of competent evidence that the selection of the SPC material was somehow inappropriate, this proposed instruction should be modified as requested above.

**Draft I, Page 39-40:** This proposed instruction should be segregated and made into two instructions: one for negligent misrepresentation and one for fraudulent misrepresentation. While the Court has pointed out that the elements of these two causes of action are almost identical, the element distinguishing these two claims, scienter or intent, is very significant, especially to Coffman. By grouping these two causes of action together, the significance of finding an intentional wrongdoing versus a negligent wrongdoing is lost. This would result in unfair prejudice to Coffman. Coffman submits that a separate instruction should be included relating to the fraudulent misrepresentation claim, which instruction would include the scienter element. Additionally, all references in Draft I to "false" statements should be deleted.

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

**Draft AS, Page 41:**   This instruction, which was originally proposed by Coffman, requires alteration as a result of the evidence that was introduced during trial.  Coffman submits the first paragraph should read as follows:

> Coffman has claimed that Absolute's own actions caused some or all of the damages that Absolute claimed to have incurred.  You may allocate fault to Absolute for any damages that it incurred if you find it more likely than not that such damages were caused in whole or in part <u>by Absolute's actions, including but not limited to the following</u>:

Pursuant to this proposed language, the jury would not be limited to allocating fault to Absolute solely on the basis of the three listed items.  The jury should be free to allocate fault to Absolute for conduct outside of those three items.

**Superior Knowledge/Failure to Disclose:**   Coffman also objects to the fact that none of the proposed instructions relate to Absolute's claim that Coffman and/or Brechan possessed superior knowledge and/or failed to disclose pertinent knowledge or information.  The necessary elements that must be established with regard to these claims are set forth in *B.E.C.K. Constructors v. State Department of Highways*, 604 P.2d 578, 584 (Alaska 1997) and *Morrison-Knudsen Co., Inc. v. State*, 519 P.2d 834, 841 (Alaska 1974).  Coffman attaches hereto its proposed jury instruction regarding superior knowledge/failure to disclose, and submits that this proposed instruction should be given immediately following the instruction regarding negligent misrepresentation.

**Draft AF, Page 51:**   Coffman objects to proposed instruction Draft AF on the grounds that it is not an accurate reflection of governing law.  For example, the proposed instruction indicates that Alaska law "permits" the allocation of damages.  In fact, AS 09.17.080 and .900, actually <u>require</u> that the trier of fact allocate damages.  Moreover, this proposed instruction references a "non-party" when it should refer to the plural "non-parties."  This proposed instruction also requires

**LANE POWELL** LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

that the jury allocate damages only to those who have "been proven to have been responsible in whole or in part . . . ." Under AS 09.17.080, the appropriate language would require an allocation of fault among all those whose conduct or actions were "a legal cause" of the damages sustained. Consequently, Coffman submits that its proposed jury instruction no. 41, attached hereto which is an accurate reflection of AS 09.17.080, be substituted for Draft AF.

**Draft AL, Page 53:** Coffman objects to this proposed instruction as confusing, contradictory, and prejudicial to Coffman. The first paragraph of this damages instruction relates only to claims for breach of contract. Despite this fact, the second line of the first paragraph refers to "either one or all of the defendants." Since there are no contract claims against Coffman, that phrase should be replaced with "Imperial or Brechan."

Furthermore, in the second paragraph of that proposed instruction, the third line refers to "a defendant's violation of a plaintiff's rights." This language would tend to confuse the jury since it appears to include tort claims. Thus, the phrase "violation of a plaintiff's rights" should be replaced with "breach of contract." Likewise, in the fourth line of the second paragraph, the phrase "defendant or defendants" should be replaced with "Imperial or Brechan." In the fifth line, the phrase "breach of contract" should be included between the words "Absolute's" and "claims."

**Absence of "Total Cost Claim" Instruction (Draft AO, Page 62):** This proposed instruction began as the total cost instruction from the American Bar Association's Construction Litigation Section's Model Jury Instruction No. 10.07, and was previously submitted under Absolute's Proposed Instruction No. 20. A total cost claim jury instruction is required, since it is up to the jury to decide whether Absolute has satisfied the four elements that must be established in order to allow a claimant to utilize the total cost or modified total cost method of proof. Absolute's

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

proposed Jury Instruction No. 20 is in accordance with governing Alaska authority, including *Geolar, Inc. v. Gilbert/Commonwealth*, 874 P.2d 937, 945 (Alaska 1994) and *K&K Recycling v. Alaska Gold Co.*, 80 P.2d 702, 718, 719 (Alaska 2003).

**Absence of a *Respondeat Superior* Instruction:** Coffman objects to the absence in the Court's proposed jury instruction relating to the doctrine of *respondeat superior*. Such an instruction is necessary and appropriate in order to inform the jury that with regard to Coffman and Brechan, Absolute is responsible for the acts of its subcontractor, Imperial. Coffman submits that its proposed Jury Instruction No. 45, which follows Alaska Pattern Instruction 23.04A, is necessary and appropriate.

**Absence of Instruction Regarding Unanimity:** The courts final proposed instruction which appears at page 65, briefly refers to the requirement that the verdict form must be unanimously agreed upon, Coffman submits that the requirement of unanimity should be more prominently stated. Coffman submits that its proposed Jury Instruction No. 48, which is based on the Ninth Circuit Model Instructions 4.1 and 4.4, are necessary and appropriate to inform the jury in this regard.

DATED this 13th day of November, 2006.

LANE POWELL LLC
Attorneys for Coffman Engineers, Inc.

By  s/ Peter C. Partnow
    Peter C. Partnow, ASBA No. 7206029
    301 W. Northern Lights Blvd., Suite 301
    Anchorage, Alaska 99503-2648
    Tel:  907-277-9511
    Fax:  907-276-2631
    Email:  PartnowP@LanePowell.com

I certify that on November 13, 2006, a copy of the foregoing was served electronically on the following:

William R. Baerg , baerg@mmlawyers.com
Eric J. Brown, ebrown@jdolaw.com
Robert J. Dickson, acgecf@acglaw.com
Patrick J. Duffy, duffy@mmlawyers.com
Jami K. Elison, jamie@mhf-law.com
Michael E. Kreger, mkreger@perkinscoie.com
Terry R. Marston, terry@mhf-law.com
James B. Stoetzer, stoetzerj@lanepowell.com
James E. Niemer, niemerj@lanepowell.com

and by mail on:  P.J. Nangle, Paul J. Nangle & Associates

 s/Peter C. Partnow
011680.0076/157340.1

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631