JURY INSTRUCTION NO. 31

## ELEMENTS AND BURDEN OF PROOF FOR
## ABSOLUTE'S CLAIM AGAINST COFFMAN FOR PROFESSIONAL NEGLIGENCE

Absolute claims that it was harmed because of the professional negligence of Coffman.

In order to find that Absolute is entitled to recover from Coffman for professional negligence, Absolute has the burden of proving each of the following elements by a preponderance of the evidence:

1. the standard of care required of a professional corrosion engineering firm in Alaska such as Coffman was negligent;

2. that Coffman breached or failed to meet that standard of care;

3. that Coffman's failure to meet the required standard of care caused harm to Absolute; and

4. that Absolute was actually harmed.

I will later define negligence and legal cause for you.

---

(Alaska Civil Pattern Jury Instruction 3.01) *See Larman v. Kodiak Elec. Ass'n.*, 514 P.2d 1275 (Alaska 1973); *Linck v. Barokas & Martin*, 667 P.2d 171, 173 (Alaska 1983); *Ball v. Birch, Horton, Bittner & Cherot*, 58 P.3d 481, 485 (Alaska 2002), *citing Kendall v. State*, 692 P.2d 953, 955 (Alaska 1984)

JURY INSTRUCTION NO. 32

DEFINITION OF PROFESSIONAL NEGLIGENCE

I will now define for you the standard of care for a professional such as Coffman.

A corrosion coating engineering failed to meet the professional standard of care if it fails to exercise that degree of skill that a reasonably prudent, skilled, and qualified corrosion coating engineering firm would exercise under the circumstances. In determining the degree of skill that a reasonably prudent, skilled, and qualified coating engineering firm would exercise under the circumstances, you must consider only the expert testimony presented by each party since expert testimony is required to establish both the standard of care and a breach of that standard. I will instruct you on the evaluation of expert testimony in a moment.

If Absolute fails to establish by a preponderance of the evidence that Coffman failed to meet the required standard of care for a corrosion engineering firm, you must return a verdict for Coffman. If you do find that Absolute has proved by a preponderance of the evidence that Coffman failed to meet the required standard of care, you must also decide whether Coffman's negligence was a legal cause of harm to Absolute. I will now instruct you on legal cause.

---

(Alaska Civil Pattern Jury Instruction 8.15 (modifications in italics)) *John's Heating Service v. Lamb*, 46 P.3d 1024, 1038 (Alaska 2002).

**Superior Knowledge/Failure to Disclose**

To establish a party had superior knowledge of conditions or a duty to disclose conditions which would unreasonably increase the cost of an applicator to perform its work on the Kodiak Cargo Wharf, Phase II, the party asserting superior knowledge or duty to disclose by another party must establish by a preponderance of evidence both (1) that the condition which was unknown to the claiming party in fact existed in the Phase II work area and (2) that the party which did have knowledge of the condition occupied a so uniquely-favored a position with regard to the information at issue that no ordinary bidder in the claimant's position could reasonably acquire that information without resort to party who did have the information.

*B_E-C-K Constructors v. State, Department of Highways,* 604 P. 2d 578, 584 (Alaska 1997)

*Morrison-Knudsen Company, Inc. v. State*, 519 P.2d, 834, 841 (Alaska 1974)

## JURY INSTRUCTION NO. 41

## ALLOCATION OF FAULT

If you find that Absolute was damaged and that Coffman's actions were a legal cause of those damages, for each category of damages that you find Absolute suffered, you must now allocate fault among the parties. That is, for each person or entity whose actions you find to be a legal cause of Absolute's damages, you must assign that person or entity a percentage of the fault for causing Absolute's damages. Recall that an event may have more than one legal cause.

Thus, if you find that Absolute is entitled to compensatory damages for extra work that it had to perform, you must determine which person or entity's' wrongful actions were legal causes of these damages, and allocate fault among them. In determining the percentages of fault for Absolute's compensatory damages for extra work, you are to consider both the nature of the conduct of each person or entity at fault, and the extent of the causal relation between the conduct and the damages for extra work.

---

**AS 09.17.080(a) and (b); as 09.17.900**

# JURY INSTRUCTION NO. 45

## RESPONDEAT SUPERIOR RE ABSOLUTE AND IMPERIAL

Imperial was a subcontractor to Absolute on this project. As regards to Coffman and Brechan, Absolute is responsible for the acts of its subcontractor Imperial.

---

**Alaska Pattern Civil Jury Instruction 23.04A (modified)**

# JURY INSTRUCTION NO. 48

## REQUIRED UNANIMITY

Jurors are empanelled for the purpose of reaching a verdict, if they are able, so that there may be an end to the litigation. The object of the jury system in this Court is to secure the unanimous agreement of the jurors by a comparison of the views of and by discussion among the jurors.

In this case, the Verdict Form that you will take with you into the jury room, asks you to decide whether answers to certain questions are more likely than not true. You must unanimously agree on your answer to each of the questions.

---

**Ninth Circuit Model Instruction 4.1 and 4.4 (modified)**