Terry R. Marston, *pro hac vice,* terry@mhf-law.com
Jami K. Elison, *pro hac vice,* jamie@mhf-law.com
MARSTON HEFFERNAN FOREMAN, PLLC
16880 N.E. 79th Street
Redmond, Washington 98052
(425) 861-5700

PAUL J. NANGLE & ASSOCIATES
Kerry Building
101 Christensen Drive
Anchorage, Alaska 99501
Telephone: (907) 274-8866

Attorney for Plaintiff ABSOLUTE ENVIRONMENTAL SERVICES, INC.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>FORREST J. MCKINLEY, an individual, d/b/a "Imperial Industrial Coatings" and EMERCO, INC., a California Corporation, d/b/a Imperial Industrial Coatings, BRECHAN ENTERPRISES, INC., an Alaska corporation; and SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation.<br><br>Defendants.<br><br>EMERCO, INC., a California corporation d/b/a Imperial Industrial Coatings, and the States for Use and Benefit of EMERCO, INC.,<br><br>Counterclaimant/Third-party Claimant,<br><br>v.<br><br>ABSOLUTE ENVIRONMENTAL SERVICES INC., an Alaska corporation, et al.,<br><br>Cross-defendants/Third-party Defendants. | Case No.: A03-0199CV (RRB)<br><br>**NOTICE REQUESTING RECONSIDERATION OF NOVEMBER 13, 2006 MINUTE ORDERS #484 (PUNITIVE DAMAGES) AND #485 (PERMISSIBLE CAUSES OF ACTION)** |

**NOTICE REQUESTING RECONSIDERATION OF NOVEMBER 13, 2006 MINUTE ORDERS
#484 (PUNITIVE DAMAGES) AND #485 (PERMISSIBLE CAUSES OF ACTION)**
Case No. A03-0199CV (RRB)-- 1

| | |
|---|---|
| THE UNITED STATES OF AMERICA *for the use and benefit of* ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, | ) ) ) ) ) |
| Plaintiff, | ) |
| vs. | ) ) |
| SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation. | ) ) ) |
| Defendants. | ) ) |
| BRECHAN ENTERPRISES, INC., an Alaska corporation, | ) ) ) |
| Counterclaim Plaintiff, | ) |
| vs. | ) ) |
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, | ) ) ) |
| Counterclaim Defendant. | ) |
| BRECHAN ENTERPRISES, INC., an Alaska corporation, | ) ) ) |
| Third-Party Plaintiff, | ) |
| vs. | ) ) |
| COFFMAN ENGINEERS, INC, a Washington Corporation. | ) ) ) |
| Third-Party Defendant. | ) ) |
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, | ) ) ) |
| Plaintiff/Cross-claimant, | ) |
| vs. | ) ) |
| COFFMAN ENGINEERS, INC, a Washington Corporation. | ) ) ) |
| Third-Party Defendant. | ) ) |

**NOTICE REQUESTING RECONSIDERATION OF NOVEMBER 13, 2006 MINUTE ORDERS #484 (PUNITIVE DAMAGES) AND #485 (PERMISSIBLE CAUSES OF ACTION)**
Case No. A03-0199CV (RRB)-- 2

**MINUTE ORDER #485**

Before trial defendant Brechan moved for summary judgment on Absolute's tort claims. The motion was denied under FRCP 56(c) due to Absolute's demonstration of the existence of genuine issues of material fact precluding taking the determination away from the jury. At the conclusion of Absolute's case-in-chief, Brechan moved for a directed verdict on Absolute's tort claims. The motion was once again denied, this time under FRCP 50(a)(1) which allows dismissal only when "there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." There was no legal basis for depriving Absolute of its right to have the jury decide its contract and tort claims at those times, nor is there any legal justification for the court to usurp the role of the jury by dismissing these claims now.

Minute Order #485 "Re Permissible Causes of Action" states that the jury will not be permitted to decide upon the factual merits of Absolute's tort claims against Brechan. Minute Order #485 is not lawful and highly prejudicial to Absolute. Counsel for Absolute has been informed by tax counsel for Absolute that a finding Absolute has been a victim of fraud would be a significant factor in a decision to rescind penalties against Absolute assessed by the IRS (over $100,000 to Absolute). Obviously, Absolute's tort claims carry different consequences than its contract claims. Absolute's tort claims are necessary to its further pursuit of punitive damages through the appeal process. The Court's Minute Order considered punitive damages the primary reason why Absolute continued to pursue its tort theories; indeed, that is a compelling reason to pursue tort theories, but not the only one. The Court's Minute Order #484 "Re Punitive Damages" will be addressed separately below.

In Minute Order #485, the Court mentioned difficulties in preparing jury instructions and a verdict form as its principal rationale for deciding to dismiss Absolute's tort claims against

Brechan. Such "difficulties" are not valid grounds to dismiss under either FRCP 56 or FRCP 50. Regarding these difficulties, the Court indicated that plaintiff was to blame for the fact (that must be presumed for purposes of considering dismissal) that multiple defendants caused plaintiff's damages, that under the law different remedies and consequences attach to contract and tort breaches they committed, and that in the face of confusion sown by defense counsel Absolute must apply Alaska's oft criticized allocation statute (created by initiative process). With respect, the dilemma is <u>not</u> as the Court suggested of Plaintiff's making.

In any event, clear jury instructions and an appropriate verdict form are attainable. Absolute has filed a Second Revised Verdict form including a term that provides for allocation of damages in the event that Brechan and Coffman are both found liable under tort theories. It is neither difficult nor unusual to explain to a jury that sometimes conduct constitutes a breach of contract and at the same time a tort. Nor is it difficult to explain that parties, for different reasons, may choose to pursue recovery simultaneously under different legal theories.

In fact, it is <u>well</u> established under Alaska law that a plaintiff may bring a cause of action in both contract and tort arising from the same set of facts. *See Kinzel v. Discovery Drilling, Inc.*, 93 P.3d 427, 432 (Alaska 2004) (reversing trial court's dismissal of contract and tort claims both arising from retaliatory discharge facts); *accord Power Constructors, Inc. v. Taylor & Hintze*, 960 P.2d 20, 34 (Alaska 1998) (permitting both breach of contract and misrepresentation tort claims to go to the jury); *Nome Commercial Co. v. National Bank of Alaska*, 948 P.2d 443, 452 (Alaska 1997) (reversing trial court's directed verdict against Plaintiff on its breach of contract, breach of fiduciary duty and negligence claims); *Alaska Tae Woong Venture, Inc. v. Westward Seafoods, Inc.*, 963 P.2d 1055, 1064-65, 68 (Alaska 1998) (allowing evidence and jury instructions for both misrepresentation claim and breach of contract claim).

The Court retains complete control over the amount that constitutes full recovery. Defense counsel's feigned concern over the alleged risk of duplicative recovery is pure fiction. For example, Absolute seeks judgment from Brechan and also from Brechan's bonding company Safeco for the same amounts, but this routine occurrence has given rise to no panic on the part of defendants. Likewise, even though a jury might find that awards of certain dollar amounts would be justified under contract and also under tort, there is no risk of double recovery because the Court can instruct the jury to identify the total amount of damages suffered by Absolute (without regard to contributory fault) which will operate as a cap on the total amount of recoverable damages. *See* AS 09.17.080 (a)(1).

For the reasons stated above, and because there is no legal basis for dismissing plaintiff's tort claims, Absolute requests that the Court vacate its Minute Order From Chambers Re Permissible Causes of Action (#485).

**<u>MINUTE ORDER #484</u>**

Minute Order #484 "Re Punitive Damages" does not accurately represent the expressed intention of plaintiff in requesting special interrogatories. Minute Order #484 does not confirm with applicable law. And, Minute Order #485 fails to construe the facts in a light most favorable to plaintiff Absolute as required by law for consideration of a dismissal that "a reasonable jury could not conclude, by clear and convincing evidence, that punitive damages were justified." Minute Order #485 should be vacated.

On September 28, 2006 this Court ruled that "Absolute's request to pursue punitive damages is hereby **DENIED**." (Docket #397). Absolute requested reconsideration; this Court denied that request. Absolute proposed, in the alternative, that, if the Court did not allow Absolute to pursue punitive damages, the Court should still present special interrogatories to the

jury to avoid the monumental waste of money and resources retrying the case in the event of reversal of the punitive damage claim rejection.  At the beginning of trial the Court stated that it was keeping those interrogatories in the "back of my mind."

Jury responses to these interrogatories will accomplish one of two things, either an appeal on punitive damages might be rendered moot or else there would be no need for a second trial in the event of a successful appeal.  The Court can order that parties not discuss punitive damages in their closing arguments and the interrogatories themselves do not use the word or convey to the jury that punitive damages are being considered.  In any event, there is no prejudice in presenting these interrogatories and tremendous prejudice in the event they are denied.

The Court's September 28, 2006 ruling adopted "the reasons specifically articulated by the Defendants in their oppositions."  The "Defendants" in their oppositions presented no separately valid legal argument, nor was a valid argument the by-product of melding them together.  In Minute Order #484 the Court reiterates that punitive damages were not pleaded or raised until after discovery.[1]  However, the Court has <u>never</u> identified a legal basis for the Court's controlling assumption that AS 09.17.020 punitive damages must be plead.  Alaska law is to the contrary.  *See Great Divide Ins. Co. v. Carpenter*, 79 P.3d 599, 612 (Alaska, 2003) (ruling that punitive damages attach to an underlying claim, are not a distinct cause of action, and do not need to be plead).

---

[1] On this point, the Court ignores Absolute's oft repeated explanation involving the precipitating wrongful conduct of defendants.  Counsel for Absolute takes seriously the obligation under Rule 11 to not plead a matter without a good faith belief in the existence of facts to support such an allegation.  Brechan withheld over 2,000 highly relevant, in fact <u>critical</u>, documents until the end of discovery.  Several of these key documents have to this date never been produced by Coffman even though Coffman clearly had possession of them too.  By the time these documents were finally produced, Absolute had no opportunity to study and use them until after the conclusion of discovery.  The Court's insistence that punitive damages must be plead before the discovery cutoff (in addition to being contrary to Alaska law on the ground that punitive damages are not a distinct cause of action) <u>invites</u> mischief from defendants who would conceal documents until the conclusion of discovery and thereby avoid exposure to damage punitive damage claims.

**NOTICE REQUESTING RECONSIDERATION OF NOVEMBER 13, 2006 MINUTE ORDERS**
**#484 (PUNITIVE DAMAGES) AND #485 (PERMISSIBLE CAUSES OF ACTION)**
Case No. A03-0199CV (RRB)-- 6

Minute Order #484 contends: "Federal law is clear that punitive damages must be set forth in the pleadings." But that is not true. The Court appears to have adopted the representation that Coffman made by relying on an untenable ruling from a federal district court in Florida (*see* Reply of Coffman, Docket #396, p.5). That court stated: "Rule 9(g) unambiguously requires a plaintiff to set forth a demand for punitive damages in its complaint." *Citron v. Armstrong World Industries, Inc.*, 721 F. Supp. 1259, 1261 (S.D. Fla. 1989). That was an absurd and isolated ruling. On its face Rule 9(g) covers only "Special Damages." And special damages are not punitive damages. "[S]pecial and general damages, both of which are categories of compensatory rather than punitive damages." *Great Divide Ins. Co. v. Carpenter*, 79 P.3d 599, 612 (Alaska 2003); *Era Aviation, Inc. v. Lindfors*, 17 P.3d 40, 49 (Alaska 2000) (maintaining distinction between special and punitive damages in case where jury found no special damages but did find punitive damages).

There is no FRCP that requires that punitive damages be affirmatively pleaded. In light of the tort claims pursued by Absolute and AS 09.17.020's mandate, the Court's ruling that Absolute may not seek punitive damages violates FRCP 54(c):

> [E]very final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings.

Given the absence of any FRCP requiring that punitive damages be affirmatively plead as a distinct cause of action, further discussion of federal caselaw should be irrelevant. All the more so because, contrary to Coffman's primary argument, there is, of course, "no federal general common law." *Erie R.Co. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 822 (1938). Relying on *Texas Industries, Inc. v. Radcliff Materials, Inc.*, 451 U.S. 630, 101 S.Ct. 2061

(1981), the Ninth Circuit has recognized the limited categories when federal courts might fill in gaps and provide the "common law" authority—in a circumstance such as ERISA where Congress has authorized courts to develop rights and obligations under a federally regulated plan. *Pm Group Life Ins. Co. v. Western Growers Assurance Trust*, 953 F.2d 543, 546 (9th Cir. 1992). The provision of punitive damages by AS 08.17.020 is not a federally regulated plan. The Ninth Circuit further confirmed that "where Congress legislates interstitially, leaving state law largely undisturbed…comity and common sense counsel against exercising the power of the federal courts to fashion rules of decision as a matter of federal common law." 953 F.2d at 546.

In its briefing to this Court in September, Absolute explained that under Alaska law discovery on punitive damages is reserved until after the fact finder determines liability. Absolute refuted defendants' argument about discovery prejudice by pointing out that discovery on the issue of punitive damages was expressly prohibited until a finding of liability had been rendered:

> [D]iscovery of evidence that is relevant to the amount of punitive damages to be determined under (c)(3) or (6) of this section may not be conducted until after the fact finder has determined that an award of punitive damages is allowed under (a) and (b) of this section. The court may issue orders as necessary, including directing the parties to have the information relevant to the amount of punitive damages to be determined … available for production immediately at the close of the initial trial in order to minimize delay between the initial trial and the separate proceeding to determine the amount of punitive damages.

AS 09.17.020(e). Despite this plain statutory language, the Court appears to have concluded that there was discovery prejudice to defendants. The Court refused to allow the jury to determine liability for an award of punitive damages. In Minute Order #484, the Court now disregards its own authority to order accelerated discovery post-verdict and blames plaintiff's "failure to plead punitive damages." In any event, the purpose of accelerating discovery is too "minimize the

delay between the initial trial and the separate proceeding," but that is not to say that a delay between the trial and a determination of damages constitutes an obstruction to conducting the separate hearing ever.

Defendants who have been sued for misrepresentation know from the Alaska statute, and caselaw interpreting that statute, that they will be subject to punitive damages if the jury makes the prescribed findings.  However, by ruling that defendants here did not receive "fair notice," the Court has fashioned for defendants an "ignorance of law" defense that cannot be sustained. Federal law offers no refuge for the Court's failure to give meaning to AS 09.17.020.

The Court's short recitation of factual disputes fails to satisfy the legal standards governing evaluation of motions to dismiss under FRCP 56 or FRCP 50.  The Court cannot have construed the numerous facts in the light most favorable to Absolute.  There is a mountain of facts with which a reasonable jury could conclude by clear and convincing evidence that defendants acted with reckless indifference to Absolute's interests.  There are facts that show that Absolute was deliberately set up to endure a million dollar loss so that Coffman would not be sued by Brechan and so that Brechan would neither lose this sum itself nor jeopardize its "relationship" with the Coast Guard.  A jury can weigh what defendants' experts say about whether the plans and specifications informed Absolute of the incompatibility of the coating material, the welds, and the acceptance criteria (as announced by Swalling during Phase I), and the jury can choose to reject the opinions of defendants' experts.  A jury can also conclude that, as Mr. Hardenbergh and Mr. Stears both noted, a site visit would <u>not</u> disclose the circumstances that caused the damages and that Absolute's site visit was adequate.  This Court's ruling about what a reasonable jury would be able to conclude must be vacated.  The Court plainly did not construe the facts in the light most favorable to Absolute before making such a determination.

The Court should vacate Minute Order #484 and Minute Order #485.

RESPECTFULLY SUBMITTED this 14th day of November, 2006.

MARSTON HEFFERNAN FOREMAN, PLLC

By s/Jami K. Elison
    Terry R. Marston II, WSBA No. 14440
    Jami K. Elison, WSBA No. 31007
Attorneys for Plaintiff Absolute Environmental Service, Inc.

---

I hereby certify that on the date given a copy of the forgoing was electronically filed with the Clerk of Court using the CM/ECF system and was served electronically on the following:

William R. Baerg, Patrick J. Duffy
Eric J. Brown
Robert J. Dickson
Michael E Kreger, Jacob Nist
James B. Stoetzer, Peter C. Partnow

s/Jami K. Elison    .

---