IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENT SERVICES, INC., an Alaska Corporation, | |
| Plaintiff, | Case No. 3:03-CV-0199-RRB |
| vs. | |
| FORREST J. MCKINLEY, et al., | **INSTRUCTIONS TO THE JURY** |
| Defendants. | |

**INSTRUCTION NO.** $\underline{\phantom{/}}/\underline{\phantom{/}}$

Ladies and gentlemen, you are now the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions. At the end of the trial, I will give you more detailed instructions. Those instructions will control your deliberations.

It will be your duty to decide from the evidence what the facts are. You, and you alone, are the judges of the facts. You will hear the evidence, decide what the facts are, and then apply those facts to the law which I will give to you. That is how you will reach your verdict. In doing so, you must follow that law whether you agree with it or not. The evidence will consist of the testimony of witnesses, documents, and other things received into evidence as exhibits and any facts on which the lawyers agree or which I may instruct you to accept.

You should not take anything I may say or do during the trial as indicating what I think your verdict should be.

**INSTRUCTION NO.** 2

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which are received into evidence; and

(3) any facts to which the lawyers stipulate.

**INSTRUCTION NO. 3**

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case:

(1) statements and arguments of the attorneys;

(2) questions and objections of the attorneys;

(3) testimony that I instruct you to disregard; and

(4) anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

**INSTRUCTION NO.** 4

Some evidence may be admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

# INSTRUCTION NO. 5

A fact may be proved by direct evidence, by circumstantial evidence, or both.

Direct evidence is given when a witness testifies of his own actual and personal knowledge of the facts in issue to be proved.

Circumstantial evidence is given when a witness testifies to facts from which the jury may infer other and connected facts which usually and reasonably follow from the facts testified to according to the common experience of mankind.

Let me give you an example.

If before you go to bed on a winter night, you look out your window and see it snowing and you reach out the window and feel it on your hand, you have personal knowledge that it is snowing. This is direct evidence.

But, if when you go to sleep the sky and the ground are clear and when you later awaken and the ground is white and covered with snow, you conclude that it snowed even though you did not see the snow fall. This is circumstantial evidence.

Neither type of evidence, that is neither direct nor circumstantial, is entitled to any greater weight than the other.

**INSTRUCTION NO. _6_**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

**INSTRUCTION NO.** __7__

You will hear testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

**INSTRUCTION NO.** $\mathcal{8}$

      In addition to the testimony of witnesses, the parties will also introduce various exhibits into evidence for you to consider. In deciding how much weight, if any, to give an exhibit, you should examine its content and see how it relates to the other evidence in this case. The fact that an exhibit may be given to you for your examination does not necessarily mean that it is entitled to more weight than oral testimony. It may be and it may not be, depending on other facts and other instructions on the law, which I will give you later.

      In order to try to avoid confusion, the parties will attempt to avoid introducing multiple copies of the same exhibit. The fact that an exhibit is identified with a number or letter which indicates it has come from any particular party does not, by itself, carry any weight.

**INSTRUCTION NO. _9_**

When a person is unavailable to testify at trial, the deposition of that person may be used. A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

Deposition testimony of a number of witnesses will be presented to you. Prior to any such deposition testimony, you will be informed of the date on which the particular deposition was taken. Deposition testimony may be presented either through a video of the deposition or through reading from the deposition transcript.

Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way without regard to whether it is presented through a video or through reading from a transcript. When the testimony is introduced through reading from a transcript, do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

**INSTRUCTION NO.** _10_

Evidence may be presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers have been given in writing and under oath, before the actual trial, in response to questions which were submitted in writing under established court procedures. The answers are entitled to the same consideration and are to be judged as to credibility and weight, and otherwise considered by you insofar as possible, as if the answers were made from the witness stand.

**INSTRUCTION NO.** _11_

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**INSTRUCTION NO.** ⎯⎯*12*⎯⎯

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**INSTRUCTION NO.** _13_

At the end of the trial, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial. I urge you to pay close attention to the testimony as it is given.

**INSTRUCTION NO.** $\underline{14}$

If you wish, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you so that you do not hear other answers by witnesses. When you leave, your notes should be left in the courtroom.

Whether or not you take notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

**INSTRUCTION NO.** $\underline{/5}$

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

We will, of course, do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**INSTRUCTION NO.** _16_

I will now say a few words about your conduct as jurors.

First, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case please let me know about it immediately;

Second, do not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it;

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me simply give a signed note to the bailiff to give to me; and

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide that case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

**INSTRUCTION NO.** $17$

      We are about to take our first break during the trial, and I want to remind you of the instruction I gave you earlier. Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately. Do not read or listen to any news reports of the trial. Finally, you are reminded to keep an open mind until all the evidence has been received and you have heard the arguments of counsel, the instructions of the court, and the views of your fellow jurors.

      If you need to speak with me about anything, simply give a signed note to the bailiff to give to me.

      I will not repeat these admonitions each time we recess or adjourn, but you will be reminded of them on such occasions.

**INSTRUCTION NO.** $\underline{18}$

We will now proceed to hear opening statements. The statements of counsel are not evidence. They are the lawyers' efforts to outline the evidence they expect will be presented during trial, but are not themselves proof of anything. You should not draw any conclusions about the case based on the attorneys' opening statements.

**INSTRUCTION NO.** _19_

Members of the jury, now that you have heard the evidence and the arguments of the counsel, it is my duty to instruct you on the law which applies to this case. Copies of these instructions will be available in the jury room for you to consult if you find it necessary.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.

In following my instructions, you must follow all of them, including those read at the beginning of the trial. You should not single out some instructions and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

**INSTRUCTION NO.** $20$

You should decide the case as to each party separately.
Unless otherwise stated, the instructions apply to all parties.

INSTRUCTION NO. _31_

When a party has the burden of proof on any claim or
affirmative defense by a preponderance of the evidence, it means
you must be persuaded by the evidence that the claim or affirmative
defense is more probably true than not true.

You should base your decision on all of the evidence,
regardless of which party presented it.

**INSTRUCTION NO.** $22$

All parties are equal before the law and a corporation or business entity is entitled to the same fair and conscientious consideration by you as any party.

**INSTRUCTION NO.** $23$

Under the law, a corporation is considered to be a person. It can only act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

**INSTRUCTION NO.** $\mathcal{24}$

Certain charts and summaries that have not been received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

**INSTRUCTION NO.** *25*

If you decide that it is more likely true than not true that a party to a contract failed to perform a significant promise made in the contract, that there was no legal excuse for that party's failure to perform its promise, and that the failure to perform the promise caused damage to the other party to the contract, your verdict must be in favor of the party that was damaged by the other party's failure to perform.

**INSTRUCTION NO.** *26*

If certain conditions are met, the law allows a party to recover the reasonable value of services rendered to another party, even though there is not an express agreement between the two parties. The party seeking payment has the burden of proving all of the following elements by a preponderance of the evidence:

1.   The first party did work which conferred a benefit upon the second party;

2.   The second party accepted and retained the benefit under circumstances making it unfair for it to have the benefit without paying the first party for its reasonable value; and

3.   The work in question is not within the scope of an express contract.

If the party seeking payment has proven all of these elements, then you must find in favor of that party and award it the reasonable value of its services. If the party seeking payment has not proved any of these elements, you must deny the claim.

**INSTRUCTION NO.** $27$

Negligence is the failure to exercise reasonable care. It arises in circumstances where one party, who owes a duty of care to another party, violates that duty and causes damages to the other party as a result.

When the Court uses the word "causes" in defining negligence, it is referring to "legal cause."

**INSTRUCTION NO.** $28$

I will now define "legal cause" for you. A legal cause of harm is an act or failure to act which is a substantial factor in bringing about the harm. An act or failure to act is a substantial factor in bringing about harm if it is more likely true than not true that:

1.    The act or failure to act was so important in bringing about the harm that a reasonable person would regard it as a cause and attach responsibility to it; and

2.    The harm would not have occurred but for the act or failure to act.

There is, however, one exception to the requirement that the harm would not have occurred but for the act, or failure to act, of the defendant. If two or more forces operated to cause the harm, one because of the defendant and the others not, and each force by itself was sufficient to cause the harm, then the defendant's act or failure to act is a cause of the harm if it was so important in bringing about the harm that a reasonable person would regard it as a cause and attach responsibility to it.

**INSTRUCTION NO. 29**

Absolute is the Plaintiff in this matter. It has asserted claims against Imperial for breach of contract and has alleged that Imperial:

1. Failed to perform quality control duties as specified in its contract;

2. Failed to timely perform its work in accordance with the project schedule;

3. Failed to possess a certification by the coating manufacturer to apply the specified coating products; and

4. Failed to complete its work.

# INSTRUCTION NO. _30_

Absolute also claims that Imperial failed to perform construction services in a workmanlike manner. Whenever a contractor enters into a contract, the law implies a promise by the contractor that the contractor will perform its work in a reasonably good and workmanlike manner, and in accordance with good usage and accepted trade practices. The term "good and workmanlike manner" means the quality of work that would be done by someone who has the knowledge, training or experience necessary for the successful practice of the trade, and that the work will be done in the manner generally considered proficient by those who are capable of judging such work. Another way of stating this is that the contractor agrees that it will use the degree of care that a skilled contractor would use under similar circumstances in the community where the work is done.

Imperial's contract with Absolute included this promise. Absolute claims that Imperial breached this promise. To prevail on this claim, Absolute must prove by a preponderance of the evidence that Imperial's work did not meet this standard, and that Imperial's failure to meet this standard was a legal cause of damage to Absolute.

Absolute's contract with Brechan also included this promise. Even though Absolute hired Imperial to perform the coating work on Absolute's contract with Brechan, Absolute remained responsible to Brechan to complete the work in a manner that satisfied this promise.

**INSTRUCTION NO.** $31$

Absolute has also asserted claims against Brechan in this matter. Absolute claims that Brechan breached its contract with Absolute by failing to disclose certain information.

Absolute has the burden of proving each of the following elements by a preponderance of the evidence:

1. That Brechan had superior knowledge about conditions which were encountered by Swalling during the Phase I project. Superior knowledge is information that is vital to the performance of a contract, material to the performance problems that arose, and that can only be reasonably obtained from one source.

2. That Absolute was not aware of the vital information Brechan had concerning the prior project and could not reasonably discover this information through its own efforts.

3. That Brechan recognized that the disclosure of this information would be vital to Absolute to prepare a reasonable proposal for the next project.

4. That Brechan knew that Absolute did not have this information and that Absolute was not reasonably likely to learn this information from its own inquiries or from any other source.

5. That Brechan did not provide this information to Absolute.

6.    That   the   revised   coating   specification   for Absolute's project did not put Absolute on notice of such vital conditions.

7.    That Absolute would have made a different price proposal to Brechan had it been provided with the superior knowledge prior to entering into the subcontract with Brechan.

8.    That in performing its work, Absolute encountered undisclosed material conditions that required Absolute to perform extra work under the contract.

If you find that Absolute has established all of these elements, then you must find in favor of Absolute on this claim and then determine damages legally caused by the non-disclosure of the information.

If Absolute has failed to prove any one of these elements, then you must find against Absolute on this claim and you may not award damages to Absolute based on this claim.

# INSTRUCTION NO. 32

The implied warranty of specifications allocates the risk to the party providing the specifications when the specifications it furnishes are not suitable for their intended purpose. As the provider of the specifications, the party providing them impliedly warrants their adequacy for the use intended.

"Prescriptive" specifications describing a method of performance or particular processes that a contractor is to follow are warranted by the party providing them. Implied warranties of specifications generally arise out of provisions dealing with the details of the work.

"Performance" specifications detail the performance characteristics of the end product and are distinguished from design specifications, which dictate contractor performance. There is no implied warranty if the specification provides only for the attainment of end results.

This implied warranty of specifications attaches to the furnished specifications even though the party providing them does not actually prepare the specifications. The party providing them is liable when it obtains the specifications from an architect or engineer of its own and provides them to the contractor.

The implied warranty of specifications extends to each specified alternate method of performance. Thus, if the contractor selects from among alternative methods in the specification, the

owner will be liable if the alternative chosen does not accomplish the desire results.

Although performance to defective specifications may, in some cases, be literally impossible, a finding of impossibility or commercial impracticability is not a necessary element of the implied warranty of specifications.

**INSTRUCTION NO. 33**

Absolute claims that the specification for the Coast Guard wharf coating project supplied to it by Brechan was defective, and that the defective specification caused Absolute to incur extra costs in performing its subcontract.

In order to win on this claim, Absolute has the burden of proving each of the following elements by a preponderance of the evidence:

1.    The coating applicators performed their work in accordance with the prescribed methods and in a workmanlike manner;

2.    When it prepared its price proposal for its subcontract with Brechan, Absolute relied on the specification;

3.    Absolute's reliance on the specification was reasonable;

4.    The specification was defective; and

5.    The defect in the specification caused Absolute to incur costs in excess of the costs that Absolute would have incurred if the specifications were not defective.

If Absolute has proven all of these elements, then you must find in favor of Absolute on this claim and determine damages. If Absolute has failed to prove any one of these elements, you must find against Absolute on this claim and you may not award damages to Absolute based on this claim.

INSTRUCTION NO. 34

Brechan contends that the coating specification was a "performance specification," which permitted Absolute to select the means and methods of doing the work needed to achieve the required result. When a contractor chooses its own methods of achieving the contractually required result, there is no warranty that the method the contractor chooses will be successful.

Performance specifications are provisions of a contract from the owner to the contractor that set forth some objective standard to be achieved by the contractor in the performance of the work, and the contractor is expected to exercise its skill and judgment in selecting the means, methods, and/or equipment to meet the contract standards. Your determination of whether the provisions at issue here constitute performance standards should be informed mostly by your determination of which party selected, or under the contract should have selected, the materials and means used to perform the contract to meet those objective standards. If the contractor had the responsibility to select the materials and means to meet the contract standards, you should find these provisions to be performance specifications. If the owner selected the materials and means, however, these provisions are not performance specifications.

It is Brechan's burden to prove that the contract provisions are performance specifications.

If you find that the specification was a performance specification, then Absolute cannot prevail on its claim for breach of implied warranty of the adequacy of the specification, and you need not consider the preceding instruction on the implied warranty of the adequacy of the plans and specifications.

**INSTRUCTION NO. 35**

Absolute has also asserted claims against Coffman in this matter. Absolute claims it was damaged because Coffman negligently misrepresented certain information. In order to win on this claim, Absolute bears the burden of proving each of the following elements by a preponderance of the evidence:

1. Coffman made a false or misleading representation, either orally, in writing, or by conduct; and

2. Coffman's false or misleading statement was susceptible of knowledge at the time made; and

3. Coffman's false or misleading statement was material. A material statement is one that could be reasonably expected to influence a person's judgment or conduct concerning the transaction in question; and

4. Absolute actually relied on Coffman's false or misleading statement; and

5. Absolute's reliance on the false or misleading statement was justifiable.

6. That as a result of its reliance, Absolute has suffered some damage or injury; and

7. That a reasonably careful corrosion coatings engineering firm, under similar circumstances, would have been aware that the statement was false or misleading; and

8.    That Coffman failed to act as a reasonably careful corrosion coatings engineering firm in communicating the false or misleading information.

If Absolute fails to establish by a preponderance of the evidence that each of the requirements just listed is more likely true than not true, then your verdict must be for Coffman.  If you do find that Absolute has proven each of the above factors by a preponderance of the evidence, you must also decide whether Coffman's negligent misrepresentation was a legal cause of harm to Absolute.  Legal cause has been previously defined.

INSTRUCTION NO. *36*

Absolute claims that it was damaged because Coffman and/or Brechan intentionally and/or fraudulently misrepresented certain information. In order to prevail on this claim, Absolute must establish it is more likely true than not true that:

1.   Coffman and/or Brechan made a false or misleading representation, either orally, in writing, or by conduct; and

2.   Coffman and/or Brechan's false or misleading statement was susceptible of knowledge at the time made; and

3.   Coffman and/or Brechan's false or misleading statement was material. A material statement is one that could be reasonably expected to influence a person's judgment or conduct concerning the transaction in question; and

4.   Absolute actually relied on Coffman and/or Brechan's false or misleading statement; and

5.   Absolute's reliance on the false or misleading statement was justifiable.

6.   That as a result of its reliance, Absolute has suffered some damage or injury; and

7.   That when Coffman and/or Brechan made the false or misleading statements, it was aware that the statement was false; and

8.   That Coffman and/or Brechan acted with a fraudulent intent to deceive Absolute in communicating the false or misleading information.

If Absolute fails to establish by a preponderance of the evidence that each of the requirements just listed is more likely true than not true, then your verdict must be for Coffman and/or Brechan.  If you do find that Absolute has proved each of the above factors by a preponderance of the evidence, you must also decide whether Coffman and/or Brechan's fraudulent misrepresentation was a legal cause of harm to Absolute.

**INSTRUCTION NO. _39_**

Absolute claims that it was harmed because of the professional negligence of Coffman.

In order to find that Absolute is entitled to recover from Coffman for professional negligence, Absolute has the burden of proving each of the following elements by a preponderance of the evidence:

1.   The standard of care required of a professional corrosion engineering firm in Alaska, such as Coffman;

2.   That Coffman breached or failed to meet that standard of care;

3.   That Coffman's failure to meet the required standard of care caused harm to Absolute; and

4.   That Absolute was actually harmed.

**INSTRUCTION NO.** *38*

I will now define for you the standard of care for a professional such as Coffman.

A corrosion coating engineering firm fails to meet the professional standard of care if it fails to exercise that degree of skill that a reasonably prudent, skilled, and qualified corrosion coating engineering firm would exercise under the circumstances. In determining the degree of skill that a reasonably prudent, skilled, and qualified coating engineering firm would exercise under the circumstances, you must consider only the expert testimony presented by each party since expert testimony is required to establish both the standard of care and a breach of that standard. I will instruct you on the evaluation of expert testimony in a moment.

If Absolute fails to establish by a preponderance of the evidence that Coffman failed to meet the required standard of care for a corrosion engineering firm, you must return a verdict for Coffman. If you do find that Absolute has proved by a preponderance of the evidence that Coffman failed to meet the required standard of care, you must also decide whether Coffman's negligence was a legal cause of harm to Absolute. You have previously been instructed as to legal cause.

**INSTRUCTION NO.** _39_

Coffman has claimed that Absolute's own actions caused some or all of the damages that Absolute claims to have incurred. You may allocate fault to Absolute or any damages that it incurred if you find it more likely than not that such damages were caused in whole or in part by the fault of Absolute.

**INSTRUCTION NO.** _40_

Depending upon your answers to various questions set forth in the verdict form, you may be required to assign percentages of fault to certain parties. The term "fault" includes acts or omissions by a party that are in any way negligent, reckless, or intentional toward another party. The term "fault" also includes acts or omissions that constitute a breach of warranties made or implied in a contract, and it includes any unreasonable failure to avoid loss or to mitigate damages. In assigning percentages of fault to parties, you must consider the nature of each party's conduct, and the extent to which the party's conduct caused the damages in question.

**INSTRUCTION NO.** *41*

Coffman and Brechan also claim that some or all of the damages sustained by Absolute were caused by the negligence of SPC.

If you so find, Coffman and Brechan's liability to Absolute, if any, will be reduced by the percentage of SPC's fault.

# INSTRUCTION NO. 42

Imperial has denied Absolute's claims and has asserted its own claim for breach of contract against Absolute in which Imperial claims that Absolute failed to pay Imperial for amounts earned under the contract for regular contract performance, failed to pay Imperial for extra work it was required to perform outside the contract scope, and failed to pay monies earned for work required because of the gray paint. In addition, Imperial seeks compensation from Absolute for Absolute's taking possession of materials and equipment at the project site and refusing to return them after demand to do so. Imperial contends that Absolute is required to compensate Imperial for those items of equipment and materials at the price stated by Imperial in its demand letter. In addition, Imperial seeks damages for lost profits on the Kodiak Wharf project as a result of being prohibited by Absolute from completing the project in accordance with the contract terms.

**INSTRUCTION NO. 43**

As to Imperial's claims against Absolute, you need to determine whether Imperial has established by a preponderance of the evidence:

1.    With respect to its claim for unpaid contract funds, that Absolute failed to pay for all of the contract work performed by Imperial and the amount unpaid;

2.    With respect to its claims for removal of conduit, stripe/caulk welds, cathodic protection, non-structural steel, and the coating of bents 12-13, that it performed such work and that it was beyond the required scope of its subcontract with Absolute and the reasonable value of any such extra work performed;

3.    With respect to its claim for undisclosed gray paint, that it encountered a gray paint coating condition different from the coating indicated to exist in the contract plans or specifications and the reasonable value of its work in removal of such gray paint;

4.    With respect to its claim for lost profits on the Phase II project, that Absolute breached the contract by impairing Imperial from completing the contract work and that had Absolute not done so that Imperial would have made a profit on the uncompleted work and the amount thereof;

5.    With respect to its claim for lost profits on the two tank projects performed by Absolute after the Phase II

contract, that Imperial had a binding agreement by which it was to have performed such projects as a subcontractor to Absolute, and that if Imperial had been allowed to perform those contracts that Imperial would have generated profits and the amount thereof;

6. With respect to its claim for Absolute's taking of the equipment, materials, and other property that Imperial had on the Phase II site, that Absolute took possession of such property and did not return it after demand to do so.

**INSTRUCTION NO.** $44$

To recover damages for breach of contract, Imperial must prove all of the following:

1.    That Imperial and Absolute entered into a contract;

2.    That Imperial did all, or substantially all, of the significant things that the contract required Imperial to do, or that Imperial was excused from doing those things;

3.    That all of the conditions required by the contract for Absolute's performance had occurred;

4.    That Absolute failed to do something that the contract required it to do; and

5.    That Imperial was harmed by that failure.

**INSTRUCTION NO. _45_**

If Absolute ordered Imperial to perform extra or additional work, then Imperial is entitled to compensation for said work, despite Absolute's failure to issue a written change order.

In this case, the burden of proof is on Imperial to establish by a preponderance of the evidence that the work it performed was, in fact, extra or additional under the terms of its contract.

**INSTRUCTION NO. 46**

As part of their damages, Absolute, in its claims against defendants, and Imperial, in its claim against Absolute, are claiming profit that they allege they would have received under the contract. You may award damages based upon anticipated profits if the party claiming lost profits proves each of the following elements by preponderance of the evidence:

1. That the claimed profits were within the contemplation of the parties at the time the contract was made, that is, that it is reasonably probable that the party would have earned the profits except for the other party's breach;

2. The loss of profit was legally caused by the other party's conduct; and

3. The amount of lost profit is proven with reasonable certainty. The party claiming lost profits must produce evidence sufficient to afford a reasonable basis for estimating its loss. Damages for profits that are unsatisfactorily proven, remote or speculative, cannot be recovered.

**INSTRUCTION NO.** $\frac{\mathcal{Y}}{\mathcal{7}}$

Imperial also claims that it is entitled to profits for contracts performed by Absolute on projects known as N12 and N60. For Imperial to recover for these items, you must conclude that a contract existed between Absolute and Imperial, written or oral, for the performance of projects known as N12 and N60.

**INSTRUCTION NO.** 48

Absolute contends that the parties did not enter into a contract with Imperial for the N12 and N60 projects because the agreement was never written and signed. To overcome this contention, Imperial must prove both of the following:

1.     That the parties understood and agreed to the terms of the agreement; and

2.     That the parties agreed to be bound without a written agreement or before a written agreement was prepared.

**INSTRUCTION NO. 49**

The owner or lawful possessor of property that is wrongfully taken may waive the tort of conversion and elect to treat the conversion as a forced sale, and sue the cross-defendant for the value of the property under a sales contract that is implied by law.

For Imperial to win on its claim against Absolute for taking the equipment and materials on the job site, you must decide that it is more likely than not that:

1.    That Imperial owned or had the right to possess the property;

2.    That Absolute interfered with Imperial's right to possess the property;

3.    That Absolute's act or omission was intentional; and

4.    That Absolute's act or omission was the legal cause of Imperial's loss.

**INSTRUCTION NO. 50**

One of Absolute's claims requires that you determine the date that Absolute completed its contract work on the cargo wharf. Contract work does not include warranty work.

**INSTRUCTION NO. 51**

If you find that a party seeking damages has proven by a preponderance of the evidence that either one or all of the defendants have breached contracts or committed negligence, or that a party breached its contract with another party, then you may consider what damages, if any, are due. The fact that I give you instructions on damages should not be taken as an indication that I think damages should be, or should not be, awarded. That is a determination that is left entirely to you, the jury. I am instructing you on principles governing damage awards so that, in the event you should find someone liable, you will know on what basis to consider any award of damages.

The purpose of the law of damages is to award, as far as possible, just and fair compensation for the loss, if any, that resulted from a violation of rights. In this case, if you find that any party is liable regarding any claims, then you must award sufficient damages to compensate that party for any damages proximately caused. These damages are known as compensatory damages. Compensatory damages seek to make the injured party whole, that is, to compensate the party for the damages that it suffered. Compensatory damages represent a sum of money that will fairly, adequately, and reasonably compensate a party for harm caused by another's conduct. Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize a

defendant. Compensatory damages for breach of contract are designed under the law to place the injured party in as good a monetary position as he or she would have enjoyed if performance of the contract had been rendered as promised.

**INSTRUCTION NO.** 52

The party seeking damages has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

The party against whom damages are sought has the burden of proving by a preponderance of the evidence:

1. That the party seeking damages failed to use reasonable efforts to mitigate damages; and

2. The amount by which damages would have been mitigated.

**INSTRUCTION NO. 54**

In awarding compensatory damages, if you so decide to award them, you must be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the party seeking damages is not required to prove its damages with mathematical certainty; rather, it need only prove a sufficient basis for estimating the damages with reasonable certainty. The measurement of damages cannot be based on speculation because only actual, or compensatory, damages are recoverable. You must be able, in view of the evidence offered, to arrive with a reasonable degree of certainty at some conclusion about what the plaintiff lost as a result of the breach. Difficulty in ascertaining the amount of damages is not to be confused with the right of recovery. If the party seeking damages has produced the best evidence available and if it is sufficient to support a reasonable basis for estimating loss, the party seeking damages is not to be denied recovery because the amount of the damages is incapable of exact ascertainment. In all instances, you are to use sound discretion in fixing an award of damages, if any, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence.

Recovery in any contract action requires the plaintiff to prove that the damages are the proximate consequences of the breach and that the damages were reasonably foreseeable at the time the parties entered into the contract.

The proximate consequences of an act or omission are those that follow from the breach in the ordinary course of events. They are the usual consequences that might reasonably have been expected. This is in distinction to remote consequences, which are the unusual and unexpected result, not reasonably to be anticipated from an accidental combination of circumstances or a result over which the defendant had no control. Stated another way, a proximate cause is a "but for" circumstance where the breach is a substantial factor in bringing about the damage.

The plaintiff is required to prove that its damages, if any, were foreseeable to the defendant at the time the parties entered into the contract. This does not mean that the defendant must actually have foreseen the particular loss or damage suffered by the plaintiff. All that is required is that the plaintiff prove by a preponderance of the evidence that a reasonable person in the position of the defendant would have foreseen the harm as a probable result of the breach. Damages are foreseeable if they either follow from the breach in the ordinary course of events or follow from the breach as a result of circumstances that the party

in breach had reason to know. Damages are not recoverable for losses that the party in breach did not have reason to foresee as a probable result of the breach when the contract was made. In establishing proximate causation, plaintiff must segregate any of its damages caused by defendant from those damages caused by third parties or by itself or through no one's fault. If you find that plaintiff has failed to prove what portion of its damages, if any, were proximately caused by defendant, then you may not award plaintiff any damages in this case. Causation and foreseeability must be proven by a preponderance of evidence.

**INSTRUCTION NO.** $56$

The Court will decide whether any party should be reimbursed for some or all of the expenses in this lawsuit, including attorney fees. You should not discuss this subject during your deliberations because it has no bearing on any issues that you will decide.

**INSTRUCTION NO. 57**

At the close of the trial, counsel have the right to argue the case to the jury. The arguments of counsel, based upon study and thought, may be and usually are distinctly helpful; however, it should be remembered that arguments of counsel are not evidence and cannot rightly be considered as such. It is your duty to give careful attention to the arguments of counsel, so far as the same are based upon the evidence which you have heard and the proper deduction there from and the law as given to you by the court in these instructions. But arguments of counsel, if they depart from the facts or from the law, should be disregarded. Counsel, although acting in the best of good faith, may be mistaken in their recollection of testimony given during the trial. You are the ones to finally determine what testimony was given in this case, as well as what conclusions of fact should be drawn there from.

**INSTRUCTION NO. 58**

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**INSTRUCTION NO. _59_**


Jurors are empaneled for the purpose of reaching a verdict, if they are able, so that there may be an end to the litigation. The object of the jury system in this Court is to secure the unanimous agreement of the jurors by a comparison of the views of and by discussion among the jurors.

In this case, the Verdict form that you will take with you into the jury room asks you to decide whether answers to certain questions are more likely than not true. You must unanimously agree on your answer to each of the questions.

**INSTRUCTION NO. 60**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

**INSTRUCTION NO. 69**

On the day you reach your verdict, if you should agree upon your verdict before 4:30 p.m., you should have your foreperson date and sign the verdict form unanimously agreed upon by your members and return it immediately into open court in the presence of the entire jury, together with any exhibits and these instructions.

In the event that you do not arrive at a verdict before 4:30 p.m., you may go to your homes or place of abode for the night, but you must return to the jury room to continue your deliberations at 9:00 a.m. the following morning.

ENTERED this 16 day of November, 2006.

**REDACTED SIGNATURE**

RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE