IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

ABSOLUTE ENVIRONMENT SERVICES,
INC., an Alaska Corporation,

      Plaintiff,

vs.

FORREST J. MCKINLEY, <u>et</u> <u>al.</u>,

      Defendants.

Case No. 3:03-CV-0199-RRB

**JURY VERDICT**

      We, the jury in the above-entitled case, find the following special verdict:

**PART I - ABSOLUTE'S CLAIMS AGAINST IMPERIAL - CONTRACT**

      **1.    Did Imperial fail to perform its obligations under the Absolute/Imperial cargo wharf subcontract?**

      Answer YES or NO.  <u>YES</u>

      If the answer to Question 1 is NO, do not answer Question 2.  Answer Question 3.

      If the answer to Question 1 is YES, answer Question 2.

2.   Was Imperial's failure to perform its obligations under the Absolute/Imperial cargo wharf subcontract a legal cause of financial loss to Absolute?

Answer YES or NO.   YES

If you answered YES to Question 2, you will be asked later in this form to address the issue of damages.   Now answer Question 3.

**IMPERIAL'S CLAIM AGAINST ABSOLUTE - CONTRACT**

3.   Did Absolute fail to perform its obligations under the Absolute/Imperial cargo wharf subcontract?

Answer YES or NO.   NO

If the answer to Question 3 is NO, do not answer Question 4.  Answer Question 5.

If the answer to Question 3 is YES, answer Question 4.

4.   Was Absolute's failure to perform its obligations under that subcontract a legal cause of financial loss to Imperial?

Answer YES or NO.   _____

If you answered YES to Question 4, you will be asked later in this form to address the issue of damages.   Now answer Question 5.

5.   Did a contract exist between Absolute and Imperial to perform coatings work with respect to Tanks N12 and N60?

Answer YES or NO.   NO

JURY VERDICT - 2
3:03-CV-0199-RRB

If your answer to Question 5 is YES, answer Question 6. If your answer to Question 5 is NO, proceed to Question 9.

**6.    Did Imperial tender performance under the N12 and N60 tanks contract?**

Answer YES or NO.    _____

If your answer is YES, answer Question 7.  If not, go to Question 8.

**7.    Did Absolute fail to perform its obligations under the N12 and N60 tanks contract?**

Answer YES or NO.    _____

If your answer is YES to Question 7, answer Question 8. If your answer is NO to Question 7, then go to Question 9.

**8.    Was Absolute's failure to perform its obligations under the Tank N12 and N60 contract a legal cause of financial loss to Imperial?**

Answer YES or NO.    _____

If you answered YES to Question 8, you will be asked later in this form to address the issue of damages.  Now answer the next question.

**IMPERIAL'S CLAIM AGAINST ABSOLUTE - GOODS SOLD AND DELIVERED**

**9.    Did Absolute purchase the materials and equipment identified in the 8/7/03 letter?**

Answer YES or NO.     _____

If the answer to Question 9 is NO, do not answer Question 10. Answer Question 11.

If the answer to Question 9 is YES, answer Question 10.

**10. Was Absolute's failure to pay for the purchase of Imperial's property a legal cause of financial loss to Imperial?**

Answer YES or NO.     _____

If you answered YES to Question 10, you will be asked later in this form to address the issue of damages. Now answer Question 11.

**ABSOLUTE'S CLAIM AGAINST BRECHAN - CONTRACT**

**11. Did Brechan fail to perform its obligations under the contract between Brechan and Absolute?**

Answer YES or NO.     YES

If the answer to Question 11 is NO, do not answer Question 12. Answer Question 13.

If the answer to Question 11 is YES, answer Question 12.

**12. Was Brechan's failure to perform its obligations under its contract with Absolute a legal cause of financial loss to Absolute?**

Answer YES or NO.     YES

If you answered YES to Question 12, you will be asked later in this form to address the issue of damages. Now answer Question 13.

JURY VERDICT - 4
3:03-CV-0199-RRB

**ABSOLUTE'S CLAIM AGAINST COFFMAN - NEGLIGENCE**

**13.  Was Coffman negligent in performing engineering services?**

Answer YES or NO.  ___YES___

If the answer to Question 13 is NO, do not answer Question 14.  Answer Question 15.

If the answer to Question 13 is YES, answer Question 14.

**14.  Was Coffman's negligence a legal cause of financial loss to Absolute?**

Answer YES or NO.  ___YES___

If you answered YES to Question 14, you will be asked later in this form to address the issue of damages.

Please review your answers to Questions 2, 4, 10, 12, and 14.  If you did not answer YES to <u>any</u> of these questions, your deliberations are finished.  The jury foreperson should sign the verdict form.  If you answered YES to <u>any</u> one of these questions, you must answer additional questions.  Please proceed to the next instructions.

Questions 15 through 19 relate only to Absolute's claims against Coffman and Brechan.

**SPECIALTY POLYMER COATINGS (SPC)**

**15.  Was Specialty Polymer Coatings (SPC) at fault?**

Answer YES or NO.  ___NO___

JURY VERDICT - 5
3:03-CV-0199-RRB

If the answer to Question 15 is NO, do not answer Question 16.

If the answer to Question 15 is YES, answer Question 16.

**16. Was SPC's fault a legal cause of any damages Absolute sustained in this matter?**

Answer YES or NO.    _____

**COMPARATIVE NEGLIGENCE**

**17. Was Absolute at fault in this matter insofar as it involves Absolute's claims against Coffman?**

Answer YES or NO.    $No$

If the answer to Question 17 was YES, please answer Question 18.

**18. Was Absolute's fault a legal cause of any damages Absolute sustained in this matter?**

Answer YES or NO.    _____

**19. Was Absolute at fault in this matter, insofar as it involves Absolute's claim against Brechan?**

Answer YES or NO.    $No$

If the answer to Question 19 is YES, please answer Question 20.

**20. Was Absolute's fault a legal cause of any damages Absolute sustained in this matter?**

Answer YES or NO.    _____

JURY VERDICT - 6
3:03-CV-0199-RRB

**PART II - DAMAGES**

**ABSOLUTE'S CLAIMS**

If you previously found that any of the parties listed below are legally at fault for damages sustained by Absolute, i.e. that you answered YES to Part 1, Questions 2, 12, or 14, then please answer the following question.

**21.   What is the total amount of damages sustained by Absolute?**   (Do not include in this amount monies involved in the dispute between Absolute and Brechan regarding Phase 1 warranty work which is the subject of Question 30, or the dispute between Absolute and Imperial for the cost of additional quality assurance services from KTA-Tator which is the subject of Question 34, or the unpaid contract balance that is the subject of Question 32.)

ANSWER:   $ _1,250,000_

Now you need to prorate Absolute's damages between Imperial, Brechan, and Coffman.   You may only attribute a percent of fault to a party you have previously found to be at fault in this matter for either breach of contract or negligence.

**22.   What percent, if any, of Absolute's damages were legally caused by Imperial?**

ANSWER:   _12.5_ %

**23.   What percent, if any, of Absolute's damages were legally caused by Brechan?**

ANSWER:    _47.5_ %

24.  What percent, if any, of Absolute's damages were legally caused by Coffman?

ANSWER:    _40_ %

The total of the above shall equal 100%.

25.  With regard to the percentage of Absolute's damages attributable to Coffman, please set forth what percentage, if any, of said damages were legally caused by the conduct of SPC.

ANSWER:    _⊖_ %

26.  With regard to the percentage of Absolute's damages attributed to Coffman, please set forth what percentage, if any, of these damages were legally caused by Absolute's own negligence.

ANSWER:    _⊖_ %

27.  With regard to the percentage of Absolute's damages attributed to Brechan, please set forth what percentage, if any, of said damages were legally caused by SPC.

ANSWER:    _⊖_ %

28.  With regard to the percentage of Absolute's damages attributed to Brechan, please set forth what percentage, if any, of these damages were legally caused by Absolute's own negligence.

ANSWER:    _⊖_ %

**PHASE 1 WARRANTY WORK**

Absolute performed certain Phase 1 warranty work and sent Brechan an invoice in the amount of $42,980.54 for that work. Brechan paid Absolute $15,000 for this work. Absolute seeks the difference plus overhead and profit of $7,537.96, for a total of $35,518.50. This dispute is separate and apart from the claim by Absolute against Brechan for breach of contract.

**29.  Did Brechan fail to perform any obligations arising from an agreement with Absolute or from a request to Absolute to perform Phase 1 warranty work?**

Answer YES or NO.   _YES_

If you answered NO to Question 29 above, please proceed to the section entitled KTA-Tator Quality Control Costs below. If you answered YES to the above question, please answer Question 30.

**30.  Please set forth the unpaid reasonable value or the unpaid agreed upon amount, if any, for the Phase 1 warranty work done by Absolute. This should not have been included in any prior damage award.**

ANSWER:  $_35,518.50_

**UNPAID CONTRACT BALANCE**

Absolute contends it is owed $96,588.26 by Brechan for an unpaid contract balance.

**31.  Did Brechan fail to pay a contract balance?**

JURY VERDICT - 9
3:03-CV-0199-RRB

Answer YES or NO.    ___YES___

**32.  Please set forth the amount of money Brechan is obligated to pay Absolute for an unpaid contract balance.  This should not have been included in any prior damage award.**

ANSWER:    $ _10,000_

**KTA-TATOR QUALITY CONTROL COSTS**

Absolute paid KTA-Tator $48,818.70 for quality control services after Imperial departed the job site.  There is a dispute as to whether Imperial is liable to Absolute for all, or part, of this sum.

**33.  Did Imperial fail to perform quality control services that it was obligated to perform on this project?**

Answer YES or NO.    ___YES___

If the answer to Question 33 is NO, do not answer Question 34.  If your answer was YES, answer Question 34.

**34.  Please set forth the amount of money Imperial is obligated to pay Absolute for KTA-Tator Quality Control Services. This should not have been included in any prior damage award.**

ANSWER:    $ _48,818.70_

**IMPERIAL'S DAMAGES**

If you answered NO to Part 1, Questions 4, 8, and 10, you need not proceed further.  If you previously found that Absolute is responsible for damages sustained by Imperial in this matter by

answering Yes to Question 4, 8, or 10, please answer Questions 35 and 36.

35.  With regard to Part 1, Question 4, please set forth the dollar amount of damages Imperial is entitled to recover from Absolute because of Absolute's failure to perform obligations under the Absolute/Imperial cargo wharf subcontract.

ANSWER:     $_____⊖_____

36.  With regard to Part 1, Question 8, if you answered YES, please set forth the dollar amount of damages, if any, Imperial is entitled to recover from Absolute because of Absolute's failure to perform obligations under the Tank N12 and N60 contract.

ANSWER:     $_____⊖_____

37.  With regard to Part 1, Question 10, please set forth the dollar amount of damages Imperial is entitled to recover from Absolute because of Absolute's purchase of Imperial property.

ANSWER:     $_____⊖_____

**PART III - THE CLAIM AGAINST SAFECO**

38.  When did Absolute complete work on the cargo wharf project?  Before June 23, 2004, or after June 23, 2004?

ANSWER:     _AFTER_

**PART IV - ADDITIONAL QUESTIONS**

If you found that Absolute was damaged by either Brechan or Coffman and returned damages in Absolute's favor above, please answer the following questions.

39. With regard to Brechan, was its conduct toward Absolute fraudulent and/or intentional as described in Instruction No. 40?

Answer YES or NO.   YES

40. With regard to Coffman, was its conduct toward Absolute fraudulent and/or intentional as described in Instruction No. 40?

Answer YES or NO.   YES

ENTERED this  20  day of November, 2006.

Redacted Signature

FOREPERSON

JURY VERDICT - 12
3:03-CV-0199-RRB