ERIC J. BROWN, ESQ.        (ebrown@jdolaw.com)
JERMAIN DUNNAGAN & OWENS, P.C.
3000 A. Street, Suite 300
Anchorage, Alaska 99503-4097
Telephone: (907) 563-8844
Facsimile: (907) 563-7322

PATRICK J. DUFFY, III, ESQ.
WILLIAM R. BAERG, ESQ.
MONTELEONE & McCRORY, LLP
725 S. Figueroa Street, Suite 3200
Los Angeles, California 90017-5446
Telephone: (213) 612-9900
Facsimile: (213) 612-9930
(duffy@mmlawyers.com)
(baerg@mmlawyers.com)

Attorneys for Defendant and
Cross-Claimant EMERCO, INC.,
dba IMPERIAL INDUSTRIAL COATINGS

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaskan Corporation,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>FORREST J. McKINLEY and "JANE DOE" McKINLEY, and the marital community property composed thereof d/b/a/ "Imperial Industrial Coatings" and EMERCO, INC., a California Corporation d/b/a/ Imperial Industrial Coatings,<br><br>　　　Defendants.<br><br>AND RELATED CROSS-ACTIONS | CASE NO. A-03-0199 Civil (RRB)<br><br>**DECLARATION OF PATRICK J. DUFFY III IN SUPPORT OF DEFENDANT AND CROSS-CLAIMANT, EMERCO, INC., DBA IMPERIAL INDUSTRIAL COATINGS' MOTION FOR NEW TRIAL OR IN THE ALTERNATIVE MOTION FOR ORDER TO ALTER OR AMEND JUDGMENT [FRCP 59]** |

/ / /

/ / /

/ / /

/ / /

## DECLARATION OF PATRICK J. DUFFY III

I, Patrick J. Duffy, declare:

1. I am an attorney at law licensed by the State of California and specially admitted to this honorable court for the within case. I represented Emerco, Inc., a California corporation doing business as Imperial Industrial Coatings ("Imperial") throughout the trial herein.

2. At the outset of the trial the Court ordered that no mention of the locale of my law office or that I was a Los Angeles or California lawyer should be disclosed to the jury. Notwithstanding that order, a few days later counsel for plaintiff Absolute Environmental Services, Inc., an Alaska corporation, Terry Marston, displayed to the jury two letters written by my office at the time of the contract lock-out/termination with my firm's name and address displayed even though I had given him copies of the exhibits with that information deleted. Thereafter, counsel for defendant Coffman Engineers, Inc., Peter Partnow displayed Imperial's answers to interrogatories to the jury with my name and my firm's name and address displayed at the top of the page. At the end of the trial, Mr. Marston questioned Forrest McKinley (Imperial's president) about visiting my office in Los Angeles. There were various other references to my locale and my firm's locale during the trial including a reference by Mr. Marston during closing argument to "Beverly Hills" prices in reference to Imperial's conversion claim.

3. There was no way I could object to any of these actions as it would only have served to increase the focus on the prejudicial nature of the proffers. In my opinion, given the findings of the jury against the other defendants and the evidence adduced at trial the most reasonable explanation for the jury result against Imperial was the out-of-town bias caused by the above referenced actions.

4. During the trial Imperial offered evidence that it had earned $116,309.68 for contract work performed above the amount it was paid on the project. The only counter evidence offered

by Absolute was the testimony of its president, David Olson, that he did not believe Imperial had credited the direct $50,000.00 payment made by defendant Brechan Enterprises, Inc., to the paint supplier, SPC, against that sum. In final argument, Mr. Marston presented Absolute's calculation of the amount Imperial was unpaid for contract work as $50,000.00. Accordingly, there was undisputed evidence that Imperial was owed at least $50,000.00 for unpaid contract work. In addition, it was undisputed that Imperial earned $850.00 for removal of certain conduits, but was not paid for them. Brechan also admitted it owed Absolute $850.00 for the conduit removal.

5. The contract (Exhibit 1-248) clearly identified that Imperial's work began at Bent 13. Notwithstanding that fact, it is undisputed that Imperial was directed to paint the cross-bracing between Bent 12 and Bent 13. Imperial presented evidence that it earned $29,202.64 for this work. There was no counter evidence presented by Absolute on damages. The only "defense" to this claim was the testimony of Mr. Olson that Mr. Tom Puett of Imperial agreed to trade this work for an Absolute jacket. Mr. Olson not only admitted that the asserted trade is not reflected in any letter or other document discussing the dispute between the parties, but he admitted he never gave or tendered the jacket to Mr. Puett.

6. The evidence was undisputed that Absolute/Brechan were to remove the cathodic protection wires and anodes out of Imperial's way, but that they failed to do so despite demand of Imperial that they do so at the outset of the project and the promise that the work would be done. The added costs for Imperial of $7,476.32 in dealing with this interference were also undisputed.

7. No evidence was presented in support of the contention (Verdict issues 33 and 34) that Imperial materially failed to perform its quality control functions on the project. The only evidence presented was that Absolute sent letters contending such was the case, but no evidence was presented on the issue by Absolute. The only person who might have offered such evidence was Mr. Olson who admitted he had no percipient knowledge on the issue, but relied on hearsay information from the job site in sending the "notice to cure" letters. Such information was not

1  received in evidence for the truth of the matters asserted. On the contrary, Imperial presented
2  evidence without rebuttal including the expert testimony of Mark Schilling that it did comply
3  with the contract's quality control requirements.

5      8. In response to Imperial's conversion claim, Absolute presented evidence through its
6  expert witness, Mike Tope of Alaska Equipment Rental, and Trial Exhibit A369, that the value
7  of the materials and equipment it seized from Imperial at the time of the lock-out/termination
8  was $78,959.50.

10      Executed at Los Angeles, California this 20th day of December, 2006.

12      I declare under penalty of perjury pursuant to the laws of the United States that the
13  foregoing is true and correct.

*[signature]*
PATRICK J. DUFFY III

**CERTIFICATE OF SERVICE BY ECF**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

      I certify that on January 3, 2007, a copy of the foregoing was **served by ECF** on:

Eric J. Brown, ebrown@jdolaw.com  
Peter C. Partnow, PartnowP@LanePowell.com  
Michael E. Kreger, mkreger@perkinscoie.com  
Terry R. Marston, terry@mhf-law.com  
Patrick J. Duffy, duffy@mmlawyers.com  
James B. Stoetzer, StoetzerJ@LanePowell.com  
Jami K. Elison, jamie@mhf-law.com  

**and by facsimile on**:     Paul J. Nangle, Paul J. Nangle & Associates   [FAX NO.:   (907) 279-1794]

I declare under penalty of perjury under the laws of the United States that the above is true and correct.  Executed on January 3, 2007, at Los Angeles, California.

_[signature]_  
SALLIE RASPA