Michael E. Kreger, Alaska Bar No. 8311170
MKreger@perkinscoie.com
Jacob B. Nist, Alaska Bar No. 211051
JNist@perkinscoie.com
PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK  99501-1981
Telephone:  907.279.8561
Facsimile:  907.276.3108

Attorneys for Defendants Brechan Enterprises, Inc.
and Safeco Insurance Company of America, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| Absolute Environmental Services, Inc. et al.,<br><br>   Plaintiffs,<br><br> v.<br><br>Forrest J. McKinley, et al.,<br><br>   Defendants. | Case No. 3:03-cv-0199-rrb |

**OBJECTION TO SUBSTITUTE PROPOSED JUDGMENT
OF ABSOLUTE ENVIRONMENTAL SERVICES, INC.
[DOCKET NOS. 517, 527]**

Defendants Brechan Enterprises, Inc. ("Brechan") and Safeco Insurance

Company of America, Inc. ("Safeco") object to the substitute proposed judgment of

Absolute. v. McKinley, et al.    -1-    38599-0012/LEGAL12946584.1
Case No. 3:03-cv-0199-rrb

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK  99501-1981
907.279.8561 / Facsimile 907.276.3108

Plaintiff Absolute Environmental Services, Inc. ("Absolute") [Docket 527] on the following grounds.[1]

## I.   THE SUBSTITUTE PROPOSED JUDGMENT VIOLATES CIVIL RULES 54 AND 58.

Absolute's substitute proposed judgment is contrary to the requirements of the Federal Rules of Civil Procedure. Under Fed. R. Civ. P. 54(a), a "judgment shall not contain a recital of pleadings . . . or the record of prior proceedings." Under FRCP 58, a judgment should only "recite the terms of the judgment without offering additional explanation or citation of authority." Fed. R. Civ. P. 58 (2002 advisory committee's note); *see also* 12 *Moore's Federal Practice*, § 58.05[4][a] ("a final order or judgment must be 'self-contained' and not refer, for purposes of completeness or explanation, to other proceedings or other documents."); *Otis v. City of Chicago*, 29 F.3d 1159, 1163 (7th Cir. 1994) ("judgment should be a self-contained document, saying who has won and what relief has been awarded, but omitting the reasons for this disposition, which should appear in the court's opinion"). *See Pacific Employers Ins. Co. v. Domino's Pizza, Inc.*, 144 F.3d 1270, 1278 (9th Cir. 1998) *and U.S. v. Haynes*, 158 F.3d 1327, 1331 (D.C. Cir. 1998) (improper judgment where court issued a three page document including the procedural history of the case, court's reasoning and legal analysis).

Absolute's proposed judgment violates these requirements. Paragraphs 1-10 of Absolute's substitute proposed judgment purport to recite prior rulings in this case.

---

[1] Brechan and Safeco join in the objection of Emerco, Inc. ("Imperial") dated January 2, 2007, at paragraphs 1-3. Although Imperial's objections were made to an earlier proposed judgment, these objections remain pertinent.

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

Absolute. v. McKinley, et al.
Case No. 3:03-cv-0199-rrb            -2-            38599-0012/LEGAL12946584.1

Paragraphs 11-16 of the substitute proposed judgment re-format and emphasize selected responses by the jury to certain special interrogatories. Page 6 contains legal analysis. The Federal Rules Advisory Committee has prepared forms illustrating the proper form of judgment. Form 31 illustrates the simplicity required. Absolute's proposed form of judgment contains argument and analysis, and is improper.

Additionally, in making these arguments, Absolute's proposed "speaking judgment" includes several errors. These errors include:

    (1)    Paragraph 3 of the proposed judgment states that Absolute's tort claim for non-disclosure was "DISMISSED" by the Court. This is incorrect. The Court stated that it would not separately instruct the jury on Absolute's nondisclosure tort claim because the court believed that it was duplicative of Absolute's "superior knowledge" claim. Docket No. 485. The tort claim of non-disclosure was not dismissed.

    (2)    Paragraph 4 of the proposed judgment states that Absolute's negligence claim against Brechan was "DISMISSED" by the Court on September 15, 2006. This is incorrect. Absolute never asserted a negligence claim against Brechan. Instead, Absolute asserted a claim for "negligent design" in an effort to impose a professional standard of care on Brechan. It was undisputed that Brechan was not a design professional. Brechan's motion for partial summary judgment was granted on that basis. Docket No. 339. Further, the summary judgment order was dated September 19, 2006 – not September 15, 2006 as asserted by Absolute.

In short, there is no need to sort through these and other recharacterizations because under FRCP 54 and 58, none of this proposed recapitalization should be included in the judgment.

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

Absolute. v. McKinley, et al.
Case No. 3:03-cv-0199-rrb
-3-
38599-0012/LEGAL12946584.1

**II. ABSOLUTE'S PROPOSED JUDGMENTS AGAINST BRECHAN AND SAFECO ARE INCORRECT.**

Without explanation, Absolute proposes judgments of principal amounts against Brechan and Safeco of $838,645.90. Judgment cannot be entered as proposed for two reasons. First, the amount of the judgment cannot be determined by the Court at this time because the judgment amount must be offset by the settlement that Absolute recovered from Coffman, and the amount of that settlement is presently unknown. Second, assuming (without conceding) the jury's verdict amount of unsegregated damages is correct, the judgment amount proposed by Absolute against Brechan is $200,000.00 greater than the verdict amount.

**1. The judgment against Brechan, Safeco and Imperial must be offset by the settlement funds recovered by Absolute from Coffman.**

Brechan and Safeco object to Absolute's proposed judgment because Absolute's damage award has not been reduced by the Coffman settlement. On January 3, 2007, Absolute stipulated to dismiss its claim against Coffman pursuant to a December 29, 2006 settlement agreement. Under the rule of offset in Alaska law, this settlement recovery by Absolute offsets the amount of Absolute's recovery from Brechan, Safeco and Imperial. *See Universal Motors, Inc. v. Neary*, 984 P.2d 515, 518 (Alaska 1999). *See also Norcon, Inc. v. Kotowski*, 971 P.2d 158, 171 (Alaska 1999) (*cited* in *Neary* at p. 518 n. 13).

The Alaska Supreme Court acknowledged and illustrated the principle of settlement offset using a hypothetical example in *Neary*. The Court assumed a situation where a plaintiff ("P") sues one defendant ("D1"), establishes damages of $1,000,000, and the jury finds P 50% at fault and D1 as 50% at fault. As such, P

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

Absolute. v. McKinley, et al.
Case No. 3:03-cv-0199-rrb
-4-
38599-0012/LEGAL12946584.1

recovers $500,000 from D1.  Subsequently, P sues another defendant ("D2") and again establishes $1,000,000 in damages.  In the second lawsuit, however,

> P is found twenty percent at fault, D1 is ten percent, and D2 is seventy percent. Except for the first trial, D2 would have to pay P $700,000.  <u>But since P has already received $500,000 from the first trial, D2 is entitled to an offset of this amount and will only be liable for $200,000</u>.  Thus, P's total recovery is $700,000.

*Neary*, 984 P.2d at 518 (emphasis added).

Similarly, in *Kotowski*, the plaintiff sued three companies, Exxon ("D1"), Norcon ("D2") and Veco[2] and sought compensatory damages for emotional distress and lost earnings damages from each.  The plaintiff settled with D1 for $20,000.  D2 did not settle, and the jury held it liable for $10,344.40 in compensatory damages. The Alaska Supreme Court held that D2 was entitled to an offset against the compensatory damage award by the amount that the plaintiff received from D1 in the settlement.  *Kotowski*, 971 P.2d at 171.

The amount of the Coffman/Absolute settlement is undisclosed and, therefore, the Court and the non-settling parties do not know how much should be offset from Absolute's recovery.  The Court must learn the settlement amount and set it off against the remaining judgments.

**2.   Even ignoring Alaska law regarding offsets, Absolute's proposed judgment amount against Brechan is incorrect.**

On Page 5, Absolute proposed a judgment against Brechan of $838,645.90. Absolute has made an error in its calculation of this proposed judgment.  The amounts, as calculated from the verdict form and without the offset or other corrections, yield the following calculation:

---

[2] The jury found for Veco on all claims.

Absolute. v. McKinley, et al.
Case No. 3:03-cv-0199-rrb
-5-
38599-0012/LEGAL12946584.1

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK  99501-1981
907.279.8561 / Facsimile 907.276.3108

| | |
|---|---:|
| Unsegregated Amount:<br>$1,250,000.00 x 47.5%<br>*Reference: Verdict Form, Interrogatories 21 and 23* | $593,750.00 |
| Phase I Warranty Work:<br>*Reference: Verdict Form, Interrogatory 30* | $35,518.50 |
| Unpaid Contract Balance:<br>*Reference: Verdict Form, Interrogatory 32* | $10,000.00 |
| **Total:** | **$639,268.50** |

The substituted proposed judgment against Imperial, unlike the proposed judgment against Brechan, uses the verdict's percentage and amounts of 12.5% of $1,250,000.[3] This is further evidence that the proposed judgment calculation against Brechan contains error.

### III.     ENTRY OF FINAL JUDGMENT AGAINST SAFECO IS PREMATURE

The Court has yet to resolve the claims against Safeco and Forrest J. McKinley. As to Safeco, the penal sum of the bond (i.e., the maximum amount Safeco may be held liable for in this action) has not been determined. For this reason, no judgment may be entered against Safeco at this time.[4]

### IV.     THE POST JUDGMENT INTEREST RATE IS INCORRECT.

Absolute's proposed judgment includes a post-judgment rate of interest at 8.25%. This rate is incorrect. In causes of action based upon state law and brought in federal court, the federal post-judgment interest rate controls. *Northrop Corp. v.*

---

[3] .125 x $1,250,000 plus $48,818.70=$205,068.70.

[4] Brechan and Absolute have been unable to stipulate to a penal amount of the bond. Brechan's briefing on this issue will be provided to the Court on or before January 10, 2007.

Absolute. v. McKinley, et al.
Case No. 3:03-cv-0199-rrb

-6-

38599-0012/LEGAL12946584.1

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

*Triad Int'l Mktg., S.A.*, 842 F.2d 1154, 1155 (9th Cir. 1988); *In re Cardelucci*, 285 F.3d 1231 (9th Cir. 2002).

## CONCLUSION

For the reasons set out above, the Court should:

(1)  Order the disclosure of the Coffman settlement; and

(2)  Order the parties to timely prepare, with appropriate briefing, proposed simple forms of judgment based on appropriate credits from the Coffman settlement against each proposed judgment debtor's correctly-calculated obligation.

Respectfully submitted this January 5, 2007.

          s/ Michael E. Kreger
          Michael E. Kreger
          Alaska Bar No. 8311170
          MKreger@perkinscoie.com
          **Perkins Coie LLP**
          1029 West Third Avenue, Suite 300
          Anchorage, AK  99501-1981
          Telephone:  907.279.8561
          Facsimile:  907.276.3108

          Attorneys for Defendants Brechan Enterprises, Inc. and Safeco Insurance Company of America, Inc.

**PERKINS COIE LLP**
1029 West Third Avenue, Suite 300
Anchorage, AK  99501-1981
907.279.8561 / Facsimile 907.276.3108

Absolute. v. McKinley, et al.
Case No. 3:03-cv-0199-rrb
-7-
38599-0012/LEGAL12946584.1

I hereby certify that on January 5, 2007, the foregoing has been served by electronic mail on Peter C. Partnow, William R. Baerg, Terry R. Marston II, James B. Stoetzer, and Eric J. Brown.

  /s/ Michael E. Kreger
     Michael E. Kreger

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK  99501-1981
907.279.8561 / Facsimile 907.276.3108

Absolute. v. McKinley, et al.
Case No. 3:03-cv-0199-rrb

-8-

38599-0012/LEGAL12946584.1