Terry R. Marston, *pro hac vice,* terry@marstonelison.com
Jami K. Elison, *pro hac vice,* jami@marstonelison.com
MARSTON ELISON, PLLC
16880 N.E. 79th Street
Redmond, Washington 98052
(425) 861-5700

PAUL J. NANGLE & ASSOCIATES
Kerry Building
101 Christensen Drive
Anchorage, Alaska 99501
Telephone: (907) 274-8866

Attorney for Plaintiff ABSOLUTE ENVIRONMENTAL SERVICES, INC.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES INC., an Alaska Corporation, <br><br> Plaintiff, <br><br> vs. <br><br> FORREST J. MCKINLEY, an individual, d/b/a "Imperial Industrial Coatings" and EMERCO, INC., a California Corporation, d/b/a Imperial Industrial Coatings, <br><br> Defendant. | Case No.: A03-0199CV (RRB) <br><br><br> **ABSOLUTE'S OPPOSITION TO EMERCO'S MOTION FOR NEW TRIAL DATE OR TO ALTER OR AMEND JUDGMENT** |
| EMERCO, INC., a California corporation d/b/a Imperial Industrial Coatings, and the States for Use and Benefit of EMERCO, INC., <br><br> Counterclaimant/Third-party Claimant, <br><br> v. <br><br> ABSOLUTE ENVIRONMENTAL SERVICES INC., an Alaska corporation, et al., <br><br> Cross-defendants/Third-party Defendants. | |

ABSOLUTE'S OPPOSITION TO EMERCO'S MOTION FOR NEW TRIAL DATE OR TO ALTER OR
AMEND JUDGMENT
Case No. A03-0199CV (RRB)-- 1

| | |
|---|---|
| 1 | THE UNITED STATES OF AMERICA for the ) |
|   | and benefit of ABSOLUTE ENVIRONMENTA ) |
| 2 | SERVICES, INC., an Alaska Corporation, ) |
|   | ) |
| 3 | Plaintiff, ) |
| 4 | vs. ) |
|   | ) |
| 5 | SAFECO INSURANCE COMPANY OF ) |
|   | AMERICA, a Washington Corporation. ) |
| 6 | ) |
|   | Defendants. ) |
| 7 | _____ |
|   | BRECHAN ENTERPRISES, INC., an Alaska ) |
| 8 | corporation, ) |
|   | ) |
| 9 | Counterclaim Plaintiff, ) |
|   | vs. ) |
| 10 | ) |
|   | ABSOLUTE ENVIRONMENTAL SERVICES ) |
| 11 | INC., an Alaska Corporation, ) |
|   | ) |
| 12 | Counterclaim Defendant ) |
|   | _____ |
| 13 | BRECHAN ENTERPRISES, INC., an Alaska ) |
|   | corporation, ) |
| 14 | ) |
|   | Third-Party Plaintiff, ) |
| 15 | vs. ) |
|   | ) |
| 16 | COFFMAN ENGINEERS, INC, a Washington ) |
|   | Corporation. ) |
| 17 | ) |
|   | Third-Party Defendant. ) |
| 18 | _____ |
|   | ABSOLUTE ENVIRONMENTAL ) |
| 19 | SERVICES, INC., an Alaska Corporation, ) |
|   | ) |
| 20 | Plaintiff/Cross-claimant, ) |
| 21 | vs. ) |
|   | ) |
| 22 | COFFMAN ENGINEERS, INC, a Washington ) |
|   | Corporation. ) |
| 23 | ) |
|   | Third-Party Defendant. ) |
| 24 | _____ |
| 25 | |
| 26 | |

ABSOLUTE'S OPPOSITION TO EMERCO'S MOTION FOR NEW TRIAL DATE OR TO ALTER OR
AMEND JUDGMENT
Case No. A03-0199CV (RRB)-- 2

## I. RELIEF REQUESTED

Absolute Environmental Services, Inc. ("Absolute") requests this Court deny Emerco's Motion for New Trial or Alternative Motion for Order to Alter or Amend Judgment.

## II. FACTS

The jury weighed the evidence that was presented during a 7-week trial in October and November of last year. The evidence presented amply supports the jury's verdict.

Emerco's motion is supported solely by the declaration of counsel for Emerco, Inc., Patrick J. Duffy. Mr. Duffy's declaration mischaracterizes the evidence in a self-serving way and completely disregards the substantial body of evidence presented at trial that was contrary to the conclusion he would have the court reach. Mr. Duffy's declaration fails to substantiate the existence of facts that would be necessary to overturn the verdict of the jury in this case.

Absolute relies on the trial transcript and the exhibits admitted in evidence at trial and presents the accompanying Declaration of Jami K. Elison to summarize the most pertinent facts.

The jury was entitled to reach the conclusions it did and the verdict it rendered was based on not only substantial, but compelling, evidence.

## III. AUTHORITY

Emerco's requests for a new trial or, in the alternative, grant of a partial judgments notwithstanding the verdict (JNOV) are unsubstantiated and must be denied.

1. **Because Evidence Presented at Trial is Consistent with the Jury's Verdict And There Is No Reason to Conclude The Jury "Clearly" Reached A "Seriously Erroneous Result," a New Trial Should <u>Not</u> Be Granted.**

Emerco does not recite the controlling Ninth Circuit standard for motions brought under Fed.R.Civ.P. 59:

> A district court may grant a motion for a new trial based on the insufficiency of the evidence only if the verdict "is against the 'great weight' of the evidence or 'it is quite clear that the jury has reached a seriously erroneous result.'"

*Hemmings v. Tidyman's Inc.*, 285 F.3d 1174, 1189 (9th Cir. 2002) (quoting *Ace v. Aetna Life Ins. Co.*, 139 F.3d 1241, 1248 (9th Cir. 1998). In the present case, the evidence clearly supports the conclusions reached by the jury eliminating any further consideration of Emerco's motion. *See* accompanying Elison Decl.

### 2.  JNOV should not be granted on any issues.

Although Emerco requests judgment notwithstanding the verdict on every component of Emerco's claims, Emerco again fails to recite the legal standard applicable to JNOVs:

> A JNOV is proper if the evidence, construed in the light most favorable to the nonmoving party, <u>permits only one reasonable conclusion</u>, and that conclusion is contrary to the jury's.

*Vollrath Co. v. Sammi Corp.*, 9 F.3d 1455, 1460 (9th Cir. 1993) (emphasis added). The evidence supported at trial amply supported the jury's conclusions. *See* accompanying Elison Decl.

### 3.  There Is No Evidence That Emerco Was Harmed by Being "Home-Towned."

There is no evidence of any actual prejudice resulting from disclosures by the moving party and others that Emerco's legal counsel resided in California. Federal courts require substantive evidence of actual prejudice and reject arguments such as Emerco's when, as is the case here, "there was virtually no evidence to support this contention." *Central Telecommunications, Inc. v. TCI Cablevision, Inc.*, 610 F.Supp. 891, 907 (D.C. Mo. 1985). Emerco was not home-towned. Emerco simply lost on the merits. *See* accompanying Elison Decl.

### 4. Emerco Itself Disclosed to the Jury Its California Connections and Cannot Seek Reversal Based on a Factor That It Introduced.

Emerco's own trial counsel as well as its witnesses repeatedly stated and/or testified on several occasions that the location of Emerco's business, that the residences of its owner and witnesses, and that the location of its law firm were in California. When any prejudice that (arguably) occurred was most frequently perpetrated by the complaining party, there is no legal basis to consider the claim for relief.

> [I]t appears that error, if any, would be subject to the 'invited error doctrine': 'A defendant cannot complain on appeal of alleged errors invited or induced by himself, particularly where as here, it is not clear that the defendant was prejudiced thereby.'

*U.S. v. Collins*, 690 F.2d 431, 439 (5th Cir. 1982) (quoting *U.S. v. Lewis*, 524 F.2d 991, 992 (5th Cir. 1975).

Emerco's only evidence offered to substantiate its damage claim was its own Answers to Damages Interrogatories propounded by Absolute. Nevertheless, Emerco complains that Coffman's counsel having presented the Interrogatory Answers to the jury. At no time did Emerco object to the document being admitted into evidence, nor did it object to that document being included in the documents sent back to the jury for its deliberation. Emerco never offered a redacted version of Interrogatory Answers and relied upon it repeatedly in presenting its own evidence. Further, Emerco's witness Tom Puett testified to the jury that he visited the same attorneys while visiting his ill wife in California. Emerco has no right to complain of any disclosure to the jury that its attorneys were from California.

**5.     Emerco, By Its Own Admission, Failed to Object at Trial When Mention Was Made by its Own Counsel, by Its Own Witnesses and by Others Regarding the California Location of Its Attorneys' Offices.**

Emerco admits that it did not object at trial when testimony established that its legal counsel was from California. Emerco is barred from making that argument now. The jury sat through *scores* of side-bars and would not have been alerted to the fact that Emerco was objecting to references to California. Emerco offers no excuse for its own references to California, its own failures to conceal this information, or its failure to make timely objections when such references were made by others.

> The general rule is that an appellant's failure to raise an objection at trial will ordinarily foreclose him from raising that issue on appeal.

*In re Eashai*, 87 F.3d 1082, 1085 fn. 2 (9th Cir. 1996).

> By failing to object to evidence at trial and request a ruling on such an objection, a party waives the right to raise admissibility issues on appeal.

*Marbled Murrelet v. Babbitt*, 83 F.3d 1060, 1066 (9th Cir. 1996).

> The failure of a litigant to request a ruling is a waiver of the right to raise any issue before this Court concerning admissibility… 'it is … elementary that before a party can successfully contend that certain testimony should not be considered by this Court [on review], it is necessary that the party not only object to the admission of said evidence, but also, seek a ruling on its objection.' *Dale Benz, Inc., Contractors v. American Casualty Co., etc.*, 305 F.2d 641 (9th Cir. 1962).
>
> To permit a party to challenge the admissibility of evidence on appeal after failing to direct the trial court's attention to its failure to rule, would give the appellant an unfair advantage. By remaining silent in the trial court, he denies his opponent the opportunity to lay a better foundation or present other competent evidence. The trial court is also deprived of the opportunity to explain its ruling or to correct its error. <u>Under such circumstances, the objecting party is free to gamble on a favorable judgment before the trial court, knowing that he can seek reversal on appeal because of his failure to obtain a ruling on his objections.</u>

*Fenton v. Freedman*, 748 F.2d 1358, 1360 (9th Cir. 1984)(emphasis added).

### 6. The Findings of The Jury Should Not Be Disturbed.

We review a jury verdict of compensatory damages for substantial evidence, and 'will not disturb an award of damages unless it is clearly unsupported by the evidence.' We afford 'substantial deference to a jury's finding of the appropriate amount of damages,' and we 'must uphold the jury's findings unless the amount is grossly excessive or monstrous, clearly not supported by the evidence, or based only on speculation or guesswork.'

*In re Exxon Valdez*, 270 F.3d 1215, 1247-48 (9th Cir. 2001).

We must uphold the jury's finding unless the amount is grossly excessive or monstrous, clearly not supported by the evidence, or based only on speculation or guesswork.

*Del Monte Dunes at Monterey, Ltd. v. City of Monterey*, 95 F.3d 1422, 1435 (9th Cir. 1996).

Where there is sufficient evidence before the jury on a particular issue, and the instructions of law on the issue are correct, the jury's verdict will not be disturbed.

*Ingram v. A. C and S, Inc.*, 977 F.2d 1332, 1340 (9th Cir. 1992).

A jury's verdict may not be disturbed by this court if it is supported by substantial evidence.

*Jenkins v. Whittaker Corp.*, 785 F.2d 720, 734 (9th Cir. 1986).

[U]nder the federal standard of review, a jury's verdict may not be disturbed unless it is clearly erroneous.

*Kabatoff v. Safeco Ins. Co. of America*, 627 F.2d 207, 209 (9th Cir. 1980). The jury's findings are supported by the record. *See* accompanying Elison Decl.

### IV. CONCLUSION

Emerco's Motion for a New Trial and Alternative Motion for Judgment Notwithstanding the Verdict lack support meeting the requirements identified by the 9th Circuit Court of Appeals to either disregard or modify a jury's verdict. Emerco's motions must be denied.

Dated this 16th day of January, 2007.

MARSTON ELISON, PLLC

By s/Jami K. Elison
    Terry R. Marston II, WSBA No. 14440
    Jami K. Elison, WSBA No. 31007
    Attorneys for Plaintiff Absolute Environmental Service, Inc.

---

I hereby certify that on the date given a copy of the forgoing was electronically filed with the Clerk of Court using the CM/ECF system and was served electronically on the following:

William R. Baerg, Patrick J. Duffy
Eric J. Brown
Robert J. Dickson
Michael E Kreger, Jacob Nist
James B. Stoetzer, Peter C. Partnow

s/Jami K. Elison

---

ABSOLUTE'S OPPOSITION TO EMERCO'S MOTION FOR NEW TRIAL DATE OR TO ALTER OR AMEND JUDGMENT
Case No. A03-0199CV (RRB)-- 8