Terry R. Marston, *pro hac vice,* terry@marstonelison.com
Jami K. Elison, *pro hac vice,* jami@marstonelison.com
MARSTON ELISON, PLLC
16880 N.E. 79th Street
Redmond, Washington 98052
(425) 861-5700

PAUL J. NANGLE & ASSOCIATES
Kerry Building
101 Christensen Drive
Anchorage, Alaska 99501
Telephone: (907) 274-8866

Attorney for Plaintiff ABSOLUTE ENVIRONMENTAL SERVICES, INC.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, | Case No.: A03-0199CV (RRB) |
| Plaintiff, | |
| vs. | **MEMORANDUM IN SUPPORT OF PROPOSED JUDGMENT** |
| FORREST J. MCKINLEY, an individual, d/b/a "Imperial Industrial Coatings" and EMERCO, INC., a California Corporation, d/b/a Imperial Industrial Coatings, BRECHAN ENTERPRISES, INC., an Alaska corporation; and SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation. | |
| Defendants. | |
| EMERCO, INC., a California corporation d/b/a Imperial Industrial Coatings, and the States for Use and Benefit of EMERCO, INC., | |
| Counterclaimant/Third-party Claimant, | |
| v. | |
| ABSOLUTE ENVIRONMENTAL SERVICES INC., an Alaska corporation, et al., | |
| Cross-defendants/Third-party Defendants. | |

| | |
|---|---|
| THE UNITED STATES OF AMERICA *for the use and benefit of* ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, | ) ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation. | ) ) ) |
| Defendants. | ) ) |
| BRECHAN ENTERPRISES, INC., an Alaska corporation, | ) ) ) |
| Counterclaim Plaintiff, | ) ) |
| vs. | ) ) |
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, | ) ) ) |
| Counterclaim Defendant. | ) |
| BRECHAN ENTERPRISES, INC., an Alaska corporation, | ) ) ) |
| Third-Party Plaintiff, | ) ) |
| vs. | ) ) |
| COFFMAN ENGINEERS, INC, a Washington Corporation. | ) ) ) |
| Third-Party Defendant. | ) ) |
| ABSOLUTE ENVIRONMENTAL SERVICES INC., an Alaska Corporation, | ) ) ) |
| Plaintiff/Cross-claimant, | ) ) |
| vs. | ) ) |
| COFFMAN ENGINEERS, INC, a Washington Corporation. | ) ) ) |
| Third-Party Defendant. | ) ) |

**MEMORANDUM IN SUPPORT OF PROPOSED JUDGMENT**
Case No. A03-0199CV (RRB)-- 2

Absolute Environmental Services, Inc. ("Absolute") is entitled to judgment against Brechan Enterprises, Inc. ("Brechan") as a matter of law for Brechan's breach of contract and for all damages arising from Brechan's breach of contract.

## BRECHAN BREACHED ITS CONTRACT WITH ABSOLUTE BY PROVIDING DEFECTIVE PLANS AND SPECIFICATIONS

The Alaska Supreme Court has explained that a breach of the implied warranty of plans and specifications entitles the injured party a recovery pursuant to the contract.

> When providing plans and specifications to a contractor, an owner makes an implied warranty that they will be sufficient for their particular purpose. *Fairbanks N. Star Borough v. Kandik Constr. Inc., & Assocs.*, 795 P.2d 793, 797 (Alaska 1990), *vacated in part on other grounds*, 823 P.2d 632 (Alaska 1991). If defective specifications cause the contractor to incur extra costs in performing the contract, then the contractor may recover those costs that result from breach of implied warranty. *Id.* The implied warranty is part of the bargain between the owner and the independent contractor, and does not exist outside the contract. Because this duty arises solely from a contractual promise, a party cannot use a tort action to enforce it. See *Alaska Pac. Assurance Co. v. Collins*, 794 P.2d 936, 946 (Alaska 1990).

*State, Dept. of Natural Resources v. Transamerica Premier Ins. Co.*, 856 P.2d 766, 772 (Alaska 1993). Absolute proved, and the jury found, as a result of Brechan's breaches and defective plans and specifications that Absolute incurred "extra costs in performing the contract" in the amount of $1,139,268.50. Judgment must be entered on that sum because amounts allocated to Coffman must be included in the total judgment amount that Absolute is authorized to recover from Brechan and Safeco, with appropriate offsets to be allowed for payments against contract losses.

The jury's allocation of fault as between Brechan and Coffman was necessary to establish Coffman's maximum liability because they were only sued in tort by Absolute. That allocation could also be relevant for indemnity claims between Brechan and Coffman. But that allocation

does not reduce Brechan's obligations to Absolute for breach of contract, which obligations arise as a matter of law.

The Alaska Supreme Court explained that the Apportionment Statute AS 09.17.080 applies to tort damages. In *Lake v. Construction Machinery, Inc.*, 787 P.2d 1027, 1030-31 (Alaska 1990), the Court explained that the legislature enacted the Apportionment Statute as part of tort reform. In the context of employment law, it explained that the statute did not abrogate worker compensation statutes. The Court outlined the legislative history of the Apportionment Statute to show the emphasis was on tort reform. No Alaska authority has ever suggested that the Apportionment Statute abrogates employment statutes or that it abrogates the common law remedies provided for a breach of contract. After the 1997 amendment to the Apportionment Statute, AS 09.17.080, the Alaska Supreme Court again emphasized the statute applied to tortfeasors. The Court explained that the 1997 amendment included all intentional joint tortfeasors. *Kodiak Island Borough v. Roe*, 63 P.3d 1009, 1013 (Alaska 2003). The Courts have not interpreted this statute to abrogate breach of contract claims. Thus, Absolute is entitled to judgment against Brechan and Safeco on the damages proved by Absolute and found by the jury. Subject to an appropriate offset for payments against contract losses, Brechan remains fully responsible for its breaches of contract, which include the contract losses allocated to Brechan by the jury and also those allocated to Brechan's design team for defective plans and specifications. Absolute's proposed judgment presents the appropriate sums.

RESPECTFULLY SUBMITTED this 26th day of February, 2007.
MARSTON ELISON, PLLC

By s/Jami K. Elison
  Terry R. Marston II, WSBA No. 14440
  Jami K. Elison, WSBA No. 31007
  Attorneys for Plaintiff Absolute Environmental Service, Inc.

I hereby certify that on the date given a copy of the forgoing was electronically filed with the Clerk of Court using the CM/ECF system and was served electronically on the following:

William R. Baerg, Patrick J. Duffy
Eric J. Brown
Robert J. Dickson
Michael E Kreger, Jacob Nist
James B. Stoetzer, Peter C. Partnow

s/Jami K. Elison

**MEMORANDUM IN SUPPORT OF PROPOSED JUDGMENT**
Case No. A03-0199CV (RRB)-- 5