Michael E. Kreger, Alaska Bar No. 8311170
MKreger@perkinscoie.com
PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK  99501-1981
Telephone:  907.279.8561
Facsimile:  907.276.3108

Attorneys for Defendant
Brechan Enterprises, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska corporation,<br><br>Plaintiff,<br><br>v.<br><br>FORREST J. MCKINLEY, et al.,<br><br>Defendants. | Case No. 3:03-cv-0199-RRB<br><br>**BRECHAN'S OBJECTIONS TO ABSOLUTE'S PROPOSED JUDGMENT** |

**I.   INTRODUCTION**

Brechan, Imperial and Absolute filed proposed judgments on February 26, 2007. Each proposed judgment uses different numbers.[1] Absolute's proposed

---

[1] All three judgments acknowledge the existence of the Coffman settlement and the requirement to calculate the amount of the offset. Brechan's judgment was calculated using the Alaska Supreme Court's formula in American National Watermattress Corp. v. Manville, 642 P.2d 1330, 1342-44 (Alaska 1982). Brechan has filed a sealed memorandum disclosing the actual settlement amount and the calculation of the offset.

Absolute v. McKinley, et al.
Case No. 3:03-cv-0199-RRB         -1-
29410-LEGAL13060428.3

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK  99501-1981
907.279.8561 / Facsimile 907.276.3108

judgment amount against Brechan is 87.5%[2] of the unsegregated damages, even though the jury found Brechan responsible for only 47.5% of the unsegregated damages.

Absolute's proposed judgment is directly inconsistent with the jury verdict, and contrary to the law under which the jury was instructed. The jury made no findings which would permit the Court to enter a judgment against Brechan for Coffman's apportioned share of fault. Absolute's proposed judgment would change the rules and the verdicts entered under those rules.

## II.   DISCUSSION

### A.   Absolute's Proposed Judgment Is Contrary To The Jury's Verdict.

The jury found that Absolute sustained damage in the total amount of $1,250,000.00. Jury Verdict, Docket No. 509 at ¶ 21. The jury found that Brechan breached its contract with Absolute. Docket No. 509 at ¶ 11. The jury found that Brechan's breach of contract was the legal cause of 47.5% of Absolute's damages. Id. at ¶ 24. The jury found that Coffman was "negligent in performing engineering services" (id. at ¶ 13), and that Coffman's conduct legally caused 40% of Absolute's damages. Id. at ¶ 24. The jury found that Imperial failed to perform its obligations with Absolute (id. at ¶ 1), and that Imperial caused 12.5% of Absolute's damages. Id. at ¶ 22.

The jury did not find that Brechan caused 87.5% of Absolute's damages,[3] nor

---

[2] Brechan's 47% + Coffman's 40% = 87% of $1,250,000 = $1,093,375.00 (plus Brechan's separate liability for $48,518.50) = $1,139,768.50.

[3] Absolute says "the jury found as a result of Brechan's breaches and defective plans and specifications that Absolute incurred 'extra costs in performing the contract' in the amount of $1,139,268.50." Memorandum, at 3. That is Absolute's present argument, but it is not what the jury found.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

Absolute v. McKinley, et al.
Case No. 3:03-cv-0199-RRB
29410-LEGAL13060428.3

-2-

was the jury instructed and it did not find that Brechan was jointly liable for any of the damages caused by Coffman.  The jury was instructed that it must apportion fault and to do so, must "consider the extent to which the party's conduct caused the damages in question."  Jury Instruction 39.  The jury found that Brechan was the legal cause of 47.5% percent of an unsegregated pool of total damages Absolute suffered.  The proposed judgment lodged by Absolute contradicts this verdict and if entered, would be error.

**B.  Absolute's Post-Verdict Theory of "Joint Liability" is Also Wrong Because It Necessarily but Erroneously Assumes that Coffman was Found Liable for Negligent Design and that Brechan was Found Liable for a Breach of the Warranty of Plans and Specifications.**

Absolute's proposed judgment implies (and its memorandum claims) that Brechan could be judged liable for not only the 47.5% share apportioned to it, but also be judged liable for Coffman's 40% apportionment.  The factual premise is that there were findings of fact about Brechan's conduct and about Coffman's conduct such that Brechan could be adjudged liable, post verdict, for Coffman's conduct.  This argument has two assumptions which are not supported by the verdict: first, the argument assumes that the jury found that Coffman negligently drafted the plans and specifications; and, second, it assumes that the jury found that Brechan breached the implied warranty of the adequacy of the plans and specifications.  The argument fails because these two assumptions are only post trial speculation about the unstated bases for the jury's verdict.

As to Coffman, the jury was instructed on three possible theories of liability for Coffman, including negligent misrepresentation.  See Jury Instruction 34.  The verdict of liability against Coffman was only that Coffman was "negligent in performing engineering services."  See Verdict at p. 5, ¶ 13.  The verdict entered against Coffman does not require that the jury found that Coffman's plans and

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

Absolute v. McKinley, et al.
Case No. 3:03-cv-0199-RRB                              -3-
29410-LEGAL13060428.3

specifications breached its professional standards of care. The jury was instructed and could well have entered its verdict against Coffman based on plaintiff's negligent misrepresentation theory.

Similarly, there is no reason to conclude that the jury found that Brechan's breach of contract occurred via a breach of the implied warranty of the adequacy of the plans and specifications. The jury was instructed on another breach of contract theory for Brechan, the superior knowledge doctrine. See Jury Instruction 30. The jury may have concluded Brechan breached its contractual duty to disclose its site information without finding that Brechan breached the implied warranty of adequate specifications.[4]

Absolute's proposed judgment is based on conclusions it makes about the legal theories which the jury used to make its findings against Coffman and Brechan. There is, however, no way to know by which legal theory the jury decided Brechan or Coffman caused Absolute's damages. Those unsupportable conclusions are the premises of Absolute's proposed judgment. Absolute's proposed judgment cannot be used because it is not supported by the verdict.

**C.   Absolute's Argument Ignores The Jury's Duty to Apportion Fault and is Contrary to the Court's Duty to Enter Judgment on the Basis of the Several Liability Apportioned by the Jury.**

Absolute argument assumes that the jury found that Brechan breached the implied warranty of plans and specifications. As set out above, the jury's verdict does not say that. However, even if it did, i.e., even if Absolute were correct in presuming

---

[4] The jury may have rejected liability under the implied warranty theory, for example, because one of the five elements of the doctrine was not proven, or because they found that the specification was a performance specification. See, e.g., Instructions 32 and 33.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

Absolute v. McKinley, et al.
Case No. 3:03-cv-0199-RRB                -4-
29410-LEGAL13060428.3

that the jury found that Brechan breached the implied warranty of plans and specifications, Absolute is not entitled to a judgment against Brechan for more than the 47.5% of the damages the jury apportioned to Brechan. Absolute could not be entitled to a judgment for more than the 47.5% because the fault apportioned by the jury to Brechan included any fault based on the breach of the implied warranty. See AS 09.17.900. Fault is defined in the apportionment statute to include fault from breach of warranty Id. ("The term [fault] also includes breach of warranty,…") The Court acknowledged that definition and instructed the jury in accordance with the statute and the plaintiff's theory of implied warranty . See Jury Instruction 39 ("the term fault includes acts or omissions that constitute a breach of warranties made or implied in a contract, . . ."). Any damages caused by Brechan's breach of an implied warranty were subject to fault apportionment, and were apportioned to Brechan in its 47.5%.

This case was tried and decided under the principles of Alaska's apportionment statute, AS 09.17.080. See Jury Instruction 39. Absolute put on proof of its total losses and the jury was directed to decide which, if any, party caused the losses and in what percentages. See, e.g., Verdict Form at ¶ 21, "Now you need to prorate Absolute's damages between Imperial, Brechan and Coffman." The jury apportioned the damages they found Absolute suffered. Verdict, ¶¶ 22, 23, 24. Under Alaska's apportionment statute, the Court is now required to enter judgment "on the basis of several liability in accordance with that party's percentage of fault." AS 09.17.080(f) (emphasis added).[5] Absolute cannot have judgments against the

---

[5] See, e.g., Robinson v. Alaska Properties and Inv., Inc., 878 F.Supp. 1318, 1322 (D. Alaska 1995) (Singleton, J.)("Under the current law [Alaska's apportionment statute, AS 09.17.080] joint and several liability is abolished and the plaintiff may recover from each potential tortfeasor who is joined as a party, only the proportion that his fault bears to her total damages.").

Absolute v. McKinley, et al.
Case No. 3:03-cv-0199-RRB                                   -5-
29410-LEGAL13060428.3

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

several parties based on the fact finder's apportionment of damages, and also have one of those parties judged jointly liable for another party's share.

### E.  Additional Objections

There are four other reasons why Absolute's proposed judgment cannot be used:  First, Absolute's proposal has not calculated and deducted the principal amount of the Coffman settlement offset.  Although Absolute's form of judgment has a line for an offset "to be determined" at the bottom of the calculation, this is not the method under Alaska law for making post-verdict judgment calculations when there has been a prior settlement by one defendant.  Under the Alaska substantive law, the Coffman settlement offset is calculated and deducted before judgment is entered.  See, e.g., Navistar International v. Pleasant, 887 P.2d 951, 957-58 (Alaska 1994), cited in Norcon, Inc. v. Kotowski, 971 P.2d 158, 171 (Alaska 1999); see also, American Nat'l Watermattress Corp. v. Manville, 642 P.2d 1330, 1342-44 (Alaska 1982).  See also Brechan's Memorandum in Support of Judgment Calculation.  Docket 558.  Id.

Second, Absolute's proposal suggests a judgment may be entered against Safeco, even though the amount of the Safeco bond has not been established.  Third, because there is no judgment to be entered against Safeco or defendant Forrest McKinley, the judgments against Brechan and Imperial, to be final, must be entered pursuant to FRCP 54(b).  Fourth, Absolute's proposal uses an incorrect post-judgment interest rate.

## II.  CONCLUSION

For the reasons set out above, Absolute's proposed judgment must be rejected.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK  99501-1981
907.279.8561 / Facsimile 907.276.3108

DATED: March 2, 2007.

        s/ Michael E. Kreger
Michael E. Kreger
Alaska Bar No. 83111170
Perkins Coie LLP
1029 West Third Avenue, Suite 300
Anchorage, AK  99501-1981
Telephone:  907.279.8561
Facsimile:  907.276.3108
mkreger@perkinscoie.com
Attorneys for Defendants
Brechan Enterprises, Inc.

I hereby certify that on March 2, 2007, the foregoing
has been served by electronic mail on William R.
Baerg, Terry R. Marston II, Eric J. Brown, and Thomas
A. Larkin.

  /s/ Michael E. Kreger
    Michael E. Kreger

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK  99501-1981
907.279.8561 / Facsimile 907.276.3108

Absolute v. McKinley, et al.
Case No. 3:03-cv-0199-RRB
29410-LEGAL13060428.3

-7-