Michael E. Kreger, Alaska Bar No. 8311170
MKreger@perkinscoie.com
Jacob B. Nist, Alaska Bar No. 0211051
JNist@perkinscoie.com
PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK  99501-1981
Telephone:  907.279.8561
Facsimile:  907.276.3108

Attorneys for Defendant
Brechan Enterprises, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FORREST J. MCKINLEY, et al.,<br><br>　　　　　Defendants. | Case No. 3:03-CV-0199-RRB |

**REPLY TO ABSOLUTE'S MEMORANDUM REGARDING OFFSETS**

　　　The jury found that Absolute's total damages were $1,344,337.20.  Of this amount, Absolute presented evidence and the jury found that $94,337.20 were separately attributable to Imperial and Brechan's distinct breaches of contract.  As for

the remainder, Absolute presented evidence of its total losses on the project, referred to as "unsegregated damages."

The jury found that Absolute's unsegregated damages in this case were $1,250,000.00. Against this amount, Absolute has already collected $1,195,000.00 from Coffman. Absolute is now requesting that judgment be entered against Brechan and Safeco in the amount of $838,645.90 ($793,127.40 of which represents unsegregated damages). Absolute is also requesting that judgment be entered against Imperial in the amount of $205,068.70 ($156,250.00 of which represents unsegregated damages). Thus, Absolute's proposed outcome is that a judgment of $949,377.40 should be entered in this case against remaining defendants to compensate Absolute for its unsegregated damages, even though Absolute has already been compensated $1,195,000.00 by one party for these damages.

That outcome is clearly barred by Alaska law. Alaska law prohibits a plaintiff from receiving more compensation for an injury than its actual damages.

## I.   ANALYSIS

**A.   Absolute has not responded to the multiple reasons why Brechan cannot be held liable for Coffman's negligence.**

In its objections to Absolute's latest proposed judgment, Brechan provided three reasons why Brechan cannot be held liable for Coffman's negligence. *See* Docket No. 561. To briefly summarize these points again:

- Absolute is contending that Brechan's breach of contract caused 87.5% of its damages. There is an express jury finding that Brechan's breach of contract only caused 47.5% of Absolute's unsegregated damages. Absolute cannot

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

recover damages against Brechan for breach of contract when there is no jury finding of liability on that basis.

- Absolute's theory of joint liability depends on Coffman being held liable for negligently designing the plans and specifications, and Brechan being held liable under the *Spearin Doctrine*. However, several different theories of liability were submitted to the jury and Absolute's contention that Coffman is liable for negligent design and Brechan is liable under the *Spearin Doctrine* amounts to nothing more than speculation.

- Absolute's theory that Brechan can be held jointly liable under the *Spearin Doctrine*, also known as the implied warranty of plans and specifications, is foreclosed by Alaska's apportionment statute. As the Court has already held, claims for breach of warranty are subject to apportionment with judgment to be entered on a several basis only. AS 09.17.900 (fault to be allocated includes recovery for "breach of warranty"). Therefore, Brechan cannot be held jointly liable with Coffman even if there was a finding that Coffman negligently drafted the plans and specifications.

Any one of these points requires this Court to reject Absolute's theory of joint liability. Absolute has failed to respond to any of these points.

**B.     There is no dispute that Alaska law requires the Court to reduce Absolute's damage award by the Coffman settlement.**

Absolute concedes that reducing the judgment against Brechan because of the Coffman settlement is appropriate to some extent to prevent a double recovery. *See* Memorandum Regarding Offsets at 6 (stating that when calculating the judgment, the Court should "subtract the payment made for Absolute's contract losses from the

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

Absolute v. McKinley, et al.
Case No. 3:03-CV-0199-RRB                -3-
38599-0012/LEGAL13075448.1

amount of damages Brechan is liable for."). Absolute is challenging, but without authority, how the offset is calculated.

### C. The offset rule is not limited to joint tortfeasors.

Without any citation to authority, Absolute contends that one defendant is only entitled to offset a plaintiff's settlement with a second defendant where the two defendants are subject to the same theory of liability. See Memorandum Regarding Offsets at 6. Absolute's position on this issue is contrary to Alaska law.

The purpose of the offset rule is to prevent a plaintiff from receiving a double recovery for his or her injury. Universal Motors, Inc. v. Neary, 984 P.2d 515, 518 (Alaska 1999); Norcon, Inc. v. Kotowski, 971 P.2d 158, 171 (Alaska 1999), citing Navistar Intern. Trans. Co. v. Pleasant, 887 P.2d 951, 957 (Alaska 1988). As such, to determine whether or not a judgment is subject to offset, one looks at whether the damages to be offset were overlapping, i.e., were they claimed against both the non-settling and settling defendants. Neary, 984 P.2d at 518; Norcon, 971 P.2d at 171. As noted in Norcon,

> [P] eventually settled with [D1] for $20,000. [P] was awarded compensatory damages for emotional distress and lost earnings [against D2]. These elements of damage were also claimed from [D1]. [D2] argues that the compensatory damage award must be offset by the amount of the [D1] settlement in order to avoid a double recovery. We agree.

Norcon, 971 P.2d at 171. This rationale makes sense. Because the purpose of the offset rule is to avoid a double recovery, it is necessary to identify what damages the plaintiff is claiming in common against the defendants. Absolute does not contest this

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

Absolute v. McKinley, et al.
Case No. 3:03-CV-0199-RRB      -4-
38599-0012/LEGAL13075448.1

basic principle of law. Memorandum Regarding Offsets at 4 ("Because Coffman compensated Absolute for a portion of the project losses, an offset is appropriate to prevent a double recovery to that extent.").

Even though Absolute and Brechan appear to be in agreement that the offset rule is applicable, Absolute next argues that it is the plaintiff's theory of recovery against the various defendants which should control whether or not the offset rule applies. See Memorandum Regarding Offsets at 10-11 (discussing whether or not offset rule applies when a plaintiff is asserting a contract claim against one defendant and a tort claim against another). This is not the rule. If it were, plaintiffs could often obtain a double recovery for their injury. For example, a personal injury plaintiff could first bring a product liability tort claim against the manufacturer of a product, be compensated for 100% of his damages and then sue the retailer of the product under an implied warranty contract claim and again be compensated for 100% of his damages. Obviously, this result is barred by Alaska law because it allows a double recovery for the same injury.[1]

Absolute also incorrectly argues that the jury found that the various defendants cause distinct financial loss to Absolute. See e.g., Memorandum Regarding Offsets

---

[1] A recent example illustrating the fact that the offset rule applies whenever a party is seeking the same damages against more than one defendant is Gibson v. GEICO General Insurance Company, ___ P.3d ___ (Alaska 2007) (Supreme Court Opinion No. 6106, March 2, 2007). In that case a plaintiff injured in an auto accident sued both the other driver and her own underinsured motorist carrier, GEICO. Prior to trial, the plaintiff and the driver settled. The plaintiff proceeded to trial against the UIM carrier. The theories of recovery against the other driver (negligence) and the UIM carrier (breach of a duty to insure) were not the same. GEICO and the driver were not joint tortfeasors, yet the Court, focusing on the common injury for which GEICO and the driver were each responsible, held that the offset was properly applied. GEICO at 12. Absolute's proposition that there is no offset between settling defendants and non-settling defendants where there has been a common loss, unless all defendants were "joint tortfeasors" is not supported by the cases.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

Absolute v. McKinley, et al.
Case No. 3:03-CV-0199-RRB                    -5-
38599-0012/LEGAL13075448.1

at 10 ("The jury found the contract breaches of Emerco and Brechan, and the negligence of Coffman all gave rise to <u>separate and distinct financial losses</u> to Absolute.") This is wrong. The jury did not have evidence that Absolute's unsegregated project losses were separately attributable to a specific defendant. Absolute, on this part of its claim, did not provide any expert or lay testimony that discrete project losses were caused by Coffman, Imperial and Brechan. In short, although there were different legal theories of liability, the primary case, and the only case against Coffman, was tried under a single damages theory that there was an unsegregated loss and that fault for that loss could be apportioned among various defendants and non-parties.[2] Absolute had other, segregated claims against Brechan and Imperial, and it put on evidence of those obligations, their breach, and the damages caused by the breach. But concerning the unsegregated damages, Absolute claimed an undivided project loss and asserted that Coffman, Brechan and Imperial were all responsible for some unspecified portion of it. The legal theories of liability among the defendants do not have to overlap for a plaintiff to claim the overlapping damages against each of the defendants. The law is clear: When, as here, the same damages are claimed against multiple parties, the plaintiff's settlement recovery from a party responsible for a portion of that common damage liability reduces the remaining defendants' exposure for those common damages.

---

[2] There were also separate and distinct damages claimed against Brechan for Absolute's performance of the Phase I contract work and for an unpaid contract balance. These damages are not subject to offset because they do not overlap the damages claimed against Coffman.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

Absolute v. McKinley, et al.
Case No. 3:03-CV-0199-RRB
38599-0012/LEGAL13075448.1
-6-

### D. Plaintiffs are not allowed to evade the offset by making an "internal allocation" of a settlement.

It cannot be reasonably disputed: (1) there is a common damage offset rule in Alaska which prohibits a plaintiff from obtaining a double recovery; and (2) that the offset rule applies when a plaintiff has recovered all or a portion of the same damages from more than one source. The remaining question raised by Absolute is whether or not the offset rule means anything as a practical matter. Absolute argues that a plaintiff may obtain a double recovery for the same damages simply by making a self serving "internal allocation" of damages in a settlement agreement. Absolute's position is not the law in Alaska.

Absolute asserts that the Court cannot rewrite the settlement agreement between itself and Coffman. Brechan is not proposing the Court do so. Obviously, the agreement between Coffman and Absolute is binding as to each other. However, the Court is not bound by this settlement agreement to disregard the law. Section C of Absolute's brief lacks any legal authority for the proposition that a settling party can prepare a self-serving recital of settlement terms and have those followed by the Court in calculating judgments. Absolute settled with Coffman knowing the settlement agreement would reduce the remaining defendants' liability for the unsegregated loss. Similarly, none of the three "freedom to contract" cases cited by Absolute in its Section D stand for the proposition that when one defendant has settled a liability it has in common with other non-settling defendants, that the plaintiff may structure the settlement agreement to achieve a double recovery of compensatory damages.

Without citation to any authority, however, Absolute suggests that, because of the repeal of AS 09.17.090 in 1987, the law in Alaska is now the exact opposite of

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

Absolute v. McKinley, et al.
Case No. 3:03-CV-0199-RRB            -7-
38599-0012/LEGAL13075448.1

what the statute instructed –that any recital Absolute requested and Coffman was willing to sign off controls the amount of an offset. As a matter of statutory interpretation, the repeal of the statute did not necessarily change the law. See McLaughlin v. Lougee, 137 P.3d 267, 276 (Alaska 2006) ("the repeal merely meant that Alaska no longer had a statutory contribution system [but i]t did not mean that common law contribution that is consistent with comparative fault and several liability would be unavailable").

Moreover, the Alaska Supreme Court has consistently recognized the offset rule in the common law despite the repeal of AS 09.17.090 in 1987. See Neary; 984 P.2d at 518, n.13 (citing to Navistar for offset principles); Norcon, 971 P.2d at 171 (same). If the offset rule is to mean anything, it must mean that the parties' "internal allocation" of overlapping damages does not prevent the payment from being offset in a settlement.

Alaska courts have not placed the enforcement of the self-serving recitals of settling parties over the principle to avoid a plaintiff receiving a double recovery. The principle, repeated again and again, is to avoid a double recovery and, to effect that, courts have looked only to the overlap of compensatory damages to determine what amounts are suitable for offset.

### E. Absolute's request for sanctions is meritless.

Absolute has also returned to its familiar tactic of requesting sanctions to bolster its argument when opposing a motion.

Absolute's request for sanctions hardly bears responding to. However, suffice it to say:

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

Absolute v. McKinley, et al.
Case No. 3:03-CV-0199-RRB
38599-0012/LEGAL13075448.1

-8-

- Absolute claims that <u>Navistar</u> is no longer good law and that Brechan should have pointed that out to the Court. <u>Navistar</u> is obviously "good law". It is cited in <u>Norcon, Inc. v. Kotowski</u>, 971 P.2d 158, 171 (Alaska 1999), and in <u>Neary</u>, 984 P.2d at 518 n.13. <u>Norcon</u> and <u>Neary</u> were decided well after the repeal of AS 09.17.090 in 1987. Brechan cites <u>Navistar</u> for the same proposition that the Supreme Court in <u>Norcon</u> and <u>Neary</u> cited it in 1999, namely that the plaintiff's recovery from one settling defendant for overlapping damages for which another defendant was also liable offsets the liability of the remaining defendants.

- Absolute's request for sanctions sounds like a motion under FRCP 11, but Absolute has not attempted to comply with the rule. <u>See</u> FRCP 11(c)(1) (requiring a motion for sanctions to be served on opposing party at least 21 days prior to presentation to the court). Absolute's "request for sanctions" is not a bona fide motion but a rhetorical tactic in lieu of legal authorities for its proposed on the treatment of the Coffman offset.

In short, Absolute's request for sanctions is frivolous.

## II.    CONCLUSION

Alaska law does not permit a plaintiff to obtain a double recovery by earmarking settlement funds paid on account of a common liability. Under Alaska law, the entire amount of Coffman's payment, reduced for the present value of the prejudgment interest, is offset.

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

Absolute v. McKinley, et al.
Case No. 3:03-CV-0199-RRB                                      -9-
38599-0012/LEGAL13075448.1

DATED: March 6, 2007.

        **PERKINS COIE LLP**
        Attorneys for Defendant
        Brechan Enterprises, Inc.

        By:  s/ Michael E. Kreger
           Michael E. Kreger, Alaska Bar No. 8311170
           MKreger@perkinscoie.com
           Jacob B. Nist, Alaska Bar No. 0211051
           JNist@perkinscoie.com
           1029 West Third Avenue, Suite 300
           Anchorage, Alaska 99501
           907.279.8561
           907.276.3108 (facsimile)

I hereby certify that on March 6, 2007, the foregoing has been served by electronic mail on William R. Baerg, Terry R. Marston II, Eric J. Brown, and Thomas A. Larkin.

  s/ Michael E. Kreger
      Michael E. Kreger

**PERKINS COIE LLP**
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

Absolute v. McKinley, et al.
Case No. 3:03-CV-0199-RRB
38599-0012/LEGAL13075448.1

-10-