Terry R. Marston, *pro hac vice,* terry@marstonelison.com
Jami K. Elison, *pro hac vice,* jami@marstonelison.com
Jesse P. Elison, *pro hac vice,* jesse@marstonelison.com
MARSTON ELISON, PLLC
16880 N.E. 79th Street
Redmond, Washington 98052
(425) 861-5700

PAUL J. NANGLE & ASSOCIATES
Kerry Building
101 Christensen Drive
Anchorage, Alaska 99501
Telephone: (907) 274-8866

Attorney for Plaintiff ABSOLUTE ENVIRONMENTAL SERVICES, INC.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES INC., an Alaska Corporation,<br><br>Plaintiff,<br>vs.<br><br>FORREST J. MCKINLEY, an individual, d/b/a "Imperial Industrial Coatings" and EMERCO, INC., a California Corporation, d/b/a Imperial Industrial Coatings,<br><br>Defendant. | Case No.: A03-0199CV (RRB)<br><br><br><br>**MOTION FOR AWARD OF PRE-JUDGMENT INTEREST** |
| EMERCO, INC., a California corporation d/b/a Imperial Industrial Coatings, and the States for Use and Benefit of EMERCO, INC.,<br><br>Counterclaimant/Third-party Claimant,<br><br>v.<br><br>ABSOLUTE ENVIRONMENTAL SERVICES INC., an Alaska corporation, et al.,<br><br>Cross-defendants/Third-party Defendants. | |

| | |
|---|---|
| THE UNITED STATES OF AMERICA for the<br>and benefit of ABSOLUTE ENVIRONMENTAL<br>SERVICES, INC., an Alaska Corporation, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )<br>) |
| SAFECO INSURANCE COMPANY OF<br>AMERICA, a Washington Corporation. | )<br>)<br>) |
| Defendants. | ) |
| BRECHAN ENTERPRISES, INC., an Alaska<br>corporation, | )<br>)<br>) |
| Counterclaim Plaintiff, | ) |
| vs. | )<br>) |
| ABSOLUTE ENVIRONMENTAL SERVICES<br>INC., an Alaska Corporation, | )<br>)<br>) |
| Counterclaim Defendant | ) |
| BRECHAN ENTERPRISES, INC., an Alaska<br>corporation, | )<br>)<br>) |
| Third-Party Plaintiff, | ) |
| vs. | )<br>) |
| COFFMAN ENGINEERS, INC, a Washington<br>Corporation. | )<br>)<br>) |
| Third-Party Defendant. | ) |
| ABSOLUTE ENVIRONMENTAL<br>SERVICES, INC., an Alaska Corporation, | )<br>)<br>) |
| Plaintiff/Cross-claimant, | ) |
| vs. | )<br>) |
| COFFMAN ENGINEERS, INC, a Washington<br>Corporation. | )<br>)<br>) |
| Third-Party Defendant. | ) |

MOTION FOR AWARD OF PRE-JUDGMENT INTEREST
Case No. A03-0199CV (RRB)-- 2

## I. RELIEF REQUESTED

Absolute Environmental Services, Inc. ("Absolute") requests this court award statutory pre-judgment interest on its damage claims against Brechan Enterprises, Inc. ("Brechan"), Safeco Insurance Company, and Emerco, Inc. d/b/a Imperial Industrial Coatings. ("Emerco").

## II. INTRODUCTION

After a seven-week jury trial, Absolute prevailed on its claims against Brechan, Safeco, and Emerco. Brechan, Safeco, and Emerco are all liable for breaches of contract. Brechan breached its contract when it failed to disclose its superior knowledge of latent defective conditions at the time it entered into its contract with Absolute. Safeco breached its contract when, at the time the lawsuit was filed, it failed to pay Absolute for the breaches of its bond principal, Brechan. Emerco breached its contract when it abandoned its subcontract on August 3, 2003 leaving Absolute to complete the contract itself.

For a breach of contract action, the plaintiff is entitled to damages from the date of the breach (however, the principal to which the interest applies can only accrue as the losses come into existence). That final element of the breach of contact claim is Absolute suffering financial losses, damages. Pursuant to AK ST § 09.30.070(a) the applicable interest rate is 9.25%.

## III. ISSUE

Alaska law grants a recovery of pre-judgment interest in breach of contract cases. Interest accrues as of the time of breach. Brechan, Safeco, and Emerco each breached its contract with Absolute. To compensate for the time value of the money lost, Absolute is entitled to an award of pre-judgment interest from each of these defendants.

## IV. EVIDENCE RELIED UPON

This motion relies on and incorporates the pleadings and filings of record and the accompanying Declaration of Terry Marston, with exhibits thereto.

## V. FACTS

### A. Brechan's Interest Obligation.

On December 18, 2002, Absolute entered into a subcontract with Brechan for Phase II of the Cargo Wharf Project on Kodiak Island. On January 31, 2003, Absolute entered into a contract with Emerco[1] and the parties agreed the contract would be dated December 18, 2002.

Brechan entered into a subcontract with Absolute to perform Phase II plus the completion of Phase I. Brechan told Absolute and its subcontractor Emerco that it would not have to compete for the work and it only needed to be able to justify its pricing under the Means construction estimating guide and be less than $1.0 million. Absolute and Brechan representatives discussed the previous Phase, but Brechan never mentioned the technical difficulties it had experienced with the work, including the existing coating/pile conditions and the compatibility of the welds, the coating product and the specified acceptance criteria before signing Absolute to the subcontract. Brechan made no mention of an "enormous" amount of latent defective welds or of how the welds would impact the application of coatings even though the information was known to Brechan and its and its engineering firm.

Brechan never told Absolute about the enormous surface preparation problems encountered by Swalling. Absolute first learned of the known defective weld conditions on Phase I of the project through discovery during litigation with its subcontractor Emerco. Brechan breached its contract with Absolute when it failed to disclose necessary information on December 18, 2002. <u>Absolute suffered damages from the first time that Brechan's payments to Absolute did not compensate Absolute for project costs.</u> The accompanying spreadsheet calculates interest

---

[1] Technically, the contract was entered into with "Imperial Industrial Coatings." By referring to Emerco here, Absolute does not waive its contention that Forrest J. McKinley is liable personally for the judgment entered against Emerco, Inc. previously.

accordingly. See **Exhibit 1** attached to Declaration of Terry R. Marston II for the calculation of the accrued interest in the amount of $218,669.38.

### B. Safeco's Interest Obligation

Safeco was required under the terms of its bond to compensate Absolute (as a 3rd party beneficiary of the bond, a form of contract) for any failure of its bond principle Brechan Enterprises to pay amounts earned by Absolute for work performed on the project or to pay amounts Absolute suffered as damages as a result of Brechan's breach of the subcontract. Safeco breached its contract obligations not later than the date that Absolute filed suit against Safeco on [date]. See **Exhibit 2** attached to Declaration of Terry R. Marston II for the calculation of the accrued interest in the amount of $102,712.06

### C. Emerco's Interest Obligation.

The terms of the subcontract between Absolute and Emerco required Emerco to perform work that would "include all work necessary or incidental to complete the removal of existing pile coatings and application of new pile coatings." The contract sum of the subcontract was for a fixed price of $772,123.

During performance under the subcontract, Absolute provided written notice to Emerco regarding observed deficiencies with written demands to cure the defective performance. Emerco breached its subcontract with Absolute when it abandoned the project on August 3, 2003. On August 7, 2003 Emerco submitted a written notice of termination to Absolute. The notice was submitted prior to Emerco's completion of its work under the contract. Absolute completed the remainder of the subcontract work itself and eventually spent more than $1.2 million of its own money to complete the work. The accompanying spreadsheet calculates interest from the date of

Emerco's abandonment. See **Exhibit 3** attached to Declaration of Terry R. Marston II for the calculation of the accrued interest in the amount of $68,807.50.

## VI.   AUTHORITY

Absolute Environmental Services, Inc. is entitled to prejudgment interest under the law of Alaska. The right to prejudgment interest in an action for breach of contract accrues from the date of contractual breach. *Alderman v. Iditarod Properties, Inc.*, 104 P.3d 136, 145 (Alaska 2004). "The purpose of awarding prejudgment interest is to 'compensate [a] plaintiff for the loss of use of the money from the date of injury until the date of judgment.'" *Alderman* at 145 (quoting *L'imatta v. Vest*, 45 P.3d 310, 321 (Alaska 2002)). In *Alderman*, the court cites *K&K Recycling, Inc. v. Alaska Gold Co.*, 80 P.3d 702, 724 (Alaska 2003) where the cause of action was a contract claim, and the court also held the cause of action accrued when the breach occurred. *K&K Recycling* at 724 (prejudgment interest runs from the date claim accrues). "A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach." *K&K Recycling* at 724 (quoting AS 45.02.725(b)). *K&K Recycling* relied upon *Beaux v. Jacob*, 30 P.3d 90 (Alaska 2001) for the holding that AS 09.30.070(b) only applied to actions for "personal injury, death, or damage to property and does not apply to claims for purely economic loss." *Beaux* at 101. This is a critical holding because the law entitles Absolute to interest from the date of the breach of contract -- not when Brechan was put on notice by written notification pursuant to AS 09.30.070(b). (These cases are consistent with the distinction between prejudgment interest in contract and tort claims as explained in *Morris v. Morris*, 724 P.2d 527, 529 (Alaska 1986): "In contract actions, rights to prejudgment interest generally arise on the date of breach. In tort actions, they arise on the date of injury.")

AK ST § 45.45.010 establishes that the legal rate of interest in the state is "10.5 percent a year." AK ST § 09.30.070(a) states "Notwithstanding AS 45.45.010, the rate of interest on judgments and decrees for the payment of money, including prejudgment interest, is three percentage points above the 12th Federal Reserve District discount rate in effect on January 2 of the year in which the judgment or decree is entered." The current applicable rate is 9.25%. (Reference State Website: www.state.ak.us/courts/int.htm.)

The jury found that Brechan's conduct and Emerco's conduct constituted breaches of contract. Safeco has acknowledged its liability for the amount of the judgment entered against Brechan and has waived any claim that the judgment exceeded the penal sum of its bond. Evidence entered at trial establishes the date of these breaches as they are stated here and calculated in the accompanying Declaration of Terry R. Marston II

## VI.    CONCLUSION

For the reasons stated above, Absolute Environmental Services, Inc. requests awards of prejudgment interest against the following parties in the following amounts:

**Brechan Enterprises, Inc. –** **$218,669.38**

**Safeco Insurance Company of America, Inc. –** **$102,712.06**

**Emerco, Inc. –** **$68,807.50**

DATED this 19th day of March, 2007.

MARSTON ELISON, PLLC

By s/Terry R. Marston
    Terry R. Marston II, WSBA No. 14440
    Jami K. Elison, WSBA No. 31007
    Attorneys for Plaintiff Absolute Environmental
    Service, Inc.

I hereby certify that on the date given a copy of the forgoing was electronically filed with the Clerk of Court using the CM/ECF system and was served electronically on the following:

William R. Baerg, Patrick J. Duffy
Eric J. Brown
Robert J. Dickson
Michael E Kreger, Jacob Nist
James B. Stoetzer, Peter C. Partnow
Thomas A. Larkin

s/Terry R. Marston II