Terry R. Marston, *pro hac vice*, terry@marstonelison.com
Jami K. Elison, *pro hac vice*, jami@marstonelison.com
Jesse P. Elison, *pro hac vice*, jesse@marstonelison.com
MARSTON ELISON, PLLC
16880 N.E. 79th Street
Redmond, Washington 98052
(425) 861-5700

PAUL J. NANGLE & ASSOCIATES
Kerry Building
101 Christensen Drive
Anchorage, Alaska 99501
Telephone: (907) 274-8866

Attorney for Plaintiff ABSOLUTE ENVIRONMENTAL SERVICES, INC.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>FORREST J. MCKINLEY, an individual, d/b/a "Imperial Industrial Coatings" and EMERCO, INC., a California Corporation, d/b/a Imperial Industrial Coatings,<br><br>Defendant.<br>EMERCO, INC., a California corporation d/b/a Imperial Industrial Coatings, and the States for the Use and Benefit of EMERCO, INC.,<br><br>Counterclaimant/Third-party Claimant,<br><br>v.<br><br>ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska corporation, et al.,<br>Cross-defendants/Third-party Defendants. | Case No.: A03-0199CV (RRB)<br><br>**DECLARATION OF DAVE OLSON IN SUPPORT OF MOTION FOR ENHANCED ATTORNEYS' FEES AWARD** |

|   |   |   |
|---|---|---|
| 1 | THE UNITED STATES OF AMERICA for the use and benefit of ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, | ) ) ) ) |
| 2 |  |  |
| 3 |  | ) ) |
| 4 | Plaintiff, | ) |
|   | vs. | ) |
| 5 |  | ) |
| 6 | SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation. | ) ) |
| 7 |  | ) |
|   | Defendants. |  |
| 8 | BRECHAN ENTERPRISES, INC., an Alaska corporation, | ) ) |
| 9 |  |  |
|   | Counterclaim Plaintiff, | ) |
| 10 | vs. |  |
| 11 | ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, | ) ) |
| 12 |  | ) |
| 13 | Counterclaim Defendant. | ) |
| 14 | BRECHAN ENTERPRISES, INC., an Alaska corporation, | ) ) |
| 15 |  | ) |
|   | Third-Party Plaintiff, | ) |
| 16 | vs. | ) |
| 17 | COFFMAN ENGINEERS, INC, a Washington Corporation. | ) ) |
| 18 |  | ) |
|   | Third-Party Defendant. | ) |
| 19 |  |  |
| 20 | ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, | ) ) |
| 21 |  | ) |
|   | Plaintiff/Cross-claimant, | ) |
| 22 | vs. | ) |
| 23 |  | ) |
|   | COFFMAN ENGINEERS, INC, a Washington Corporation. | ) |
| 24 |  | ) |
| 25 | Third-Party Defendant. | ) |
| 26 |  |  |

**DECLARATION OF DAVE OLSON IN SUPPORT OF MOTION FOR ENHANCED ATTORNEYS' FEES AWARD**
Case No. A03-0199CV (RRB)-- 2

I, David E. Olson, declare as follows:

I am the president of Absolute Environmental Services, Inc. ("Absolute"), the Plaintiff in this matter. I am competent to testify to the matters stated here and base this declaration on personal knowledge.

## THE FINAL JUDGMENT

It is now 1,412 days since Absolute began work on the Cargo Wharf Project and 1,285 days since Imperial abandoned the project.

## THE JURY FOUND BRECHAN'S ACTIONS WERE INTENTIONAL

With regard to Brechan, was its conduct toward Absolute fraudulent and/or intentional as described in Instruction No. 40?

Answer YES or NO: **YES**

Jury Question Number 39.

## ABSOLUTE WAS NOT CULPABLE

On March 7, 2007, you stated

> "The parties continue to complicate what has already proven to be a very complicated case."
>
> "Imperial lost its claim against Absolute. That matter is over."
>
> "Absolute won its claim against Imperial, Brechan, and Coffman"
>
> "Absolute also won its claim against Safeco, ..."
>
> "Other than the Safeco matter, there are no further legitimate issues regarding offset or contribution, for no other culpable parties were identified by the jury and the jury determined the total damages and relative portion of fault among the parties."
>
> "Absolute is entitled to Judgment against Brechan for 47.5% of $1,2500,000 ... plus costs, interest, and attorney fees."
>
> "Absolute is entitled to Judgment against Imperial for 12.5% of $1,250,000 ... plus costs, interest, and attorney fees."

## ATTORNEYS FEES

Coffman's attorneys spent $1.5 million in this lawsuit. They tell us Brechan spent more. My company Absolute was forced to spend $1,484,387 in legal fees and costs to obtain a final judgment of $1,250,000. That is a total of **$2,734,387** Absolute had to spend because of the intentional acts of Brechan Enterprises, Inc.

> Total attorneys' fees accrued by Absolute through the date of the Coffman Settlement - $1,484,387.
> Coffman was responsible for – AND PAID – $593,754.80 (based on 40% of Absolute's legal costs).
> Remaining attorney fees still OWED to Absolute $890,626.
> Brechan is responsible for $705,083.82 (based on 47.5% of Absolute's damages).
> Imperial is responsible for or $185,584.37 (based on 12.5% of Absolute's damages).

Unfortunately, Absolute did not have an extra $1,250,000 lying around to finish the project. It also didn't have $1,484,387 _more_ lying around for a lawsuit it did not cause, so something had to give. Here is what gave:

- To finance operations, Absolute had to borrow over $1,000,000 from David Olson (me). In order to lend that kind of money to Absolute, I had to sell my house, my shop building, the building our office was in and everything else I owned in Anchorage. I have no personal property left in Alaska anymore – because Brechan INTENTIONALLY deceived Absolute and took our money.

- To cash flow operations since the credit line was extinguished, Absolute had to discount invoices to customers anywhere from 3% - 10% to get immediate payments instead of payments in 30 to 60 days. This has amounted to another $150,000 plus in losses – because Brechan INTENTIONALLY deceived Absolute and took Absolute's money.

**DECLARATION OF DAVE OLSON IN SUPPORT OF MOTION FOR ENHANCED ATTORNEYS' FEES AWARD**
Case No. A03-0199CV (RRB)-- 4

Not only has Absolute had to pay all of its legal expenses itself (unlike Brechan) it was required to pay the legal fees of its other creditors in the following lawsuits and claims that resulted because Brechan INTENTIONALLY deceived Absolute and took Absolute's money.

1. <u>Satori vs. Absolute</u>
2. <u>Polar Supply vs. Absolute</u>
3. <u>CIT Group vs. Absolute</u>
4. <u>Center Capital vs. Absolute</u>
5. <u>Kodiak Rental Center vs. Absolute</u>
6. <u>QA Services vs. Absolute</u>
7. <u>Carlile vs. Absolute</u>

In addition to these lawsuits, there are other creditors, including the IRS, who are waiting more patiently for this lawsuit to be resolved.

As a result of Brechan's <u>INTENTIONAL</u> conduct, Absolute lost all of its working capital. Without working capital, Absolute went from a thriving company that performed $6,000,000 of work in 2003 to only a third of that in 2004 and 2005 and even less than that in 2006. Absolute went from a company that employed 40+ people before to a company that employs only a dozen or so people now. This means that 25 to 30 good people have lost their jobs because of Brechan Enterprises <u>COMMITTED FRAUD</u>. Brechan <u>STOLE</u> from Absolute Environmental Services. Absolute would not have been in this lawsuit had it not been for Brechan's <u>INTENTIONAL</u> conduct.

Absolute used to have credit, but now because of its IRS tax lien Absolute has no ability to borrow from financial institutions. My personal credit was destroyed by Brechan and this lawsuit after I sold everything I owned and pumped the money back into the company – because Brechan <u>INTENTIONALLY</u> deceived Absolute and took my money.

As it stands right now, Absolute won nothing. Even with Coffman paying $1,195,000 Absolute has still lost **$1,539,387.** That's <u>A LOT</u> of money! It took many years of work to

...
...

put that kind of money together. Many, many, years. And this amount does not take into consideration the Absolute's other business losses Brechan caused.

### JUSTICE VS. INJUSTICE

It was Brechan's actions that made this "<u>a very complicated case</u>." Its actions on the project <u>and then IN THE LAWSUIT</u>. The jury found that not only did Brechan know of the problems associated with the work, it deliberately CONCEALED those problems. Those problems were concealed during the project <u>AND THEN IN THE LAWSUIT</u>. Absolute had to sue the United States Coast Guard in Federal Court in Seattle to get its project records, including letters and emails between Brechan and the Coast Guard and then, as a result, ***<u>THE CRUCIAL 2,100 PAGES OF KEY DOCUMENTS FROM BRECHAN ENTERPRISES</u>***. Incidentally, the Coast Guard held back most of the crucial emails even after being sued in Seattle. If Brechan had not blinked after Absolute forced the Coast Guard to back down, we <u>never</u> would have gotten those incriminating emails.

The greatest injustice of all would be if you were to award 10% fees, rewarding Brechan's bad behavior and punishing Absolute out of hundreds of thousands of dollars because it could not get enhanced attorneys' fees in a lawsuit where it was <u>NOT</u> a culpable party and <u>WAS</u> INTENTIONALLY <u>DEFRAUDED</u>. If enhancements are not given, then the Jury's message will not be heard and <u>their</u> intent will be disregarded. It would be a victory to Brechan if you only awarded Absolute 10% fees or a small enhancement. If Absolute is not awarded all of its fees in portions consistent with the percentages decided by the jury, then Brechan will have gotten away with its final injustice.

**DECLARATION OF DAVE OLSON IN SUPPORT OF MOTION FOR ENHANCED ATTORNEYS' FEES AWARD**
Case No. A03-0199CV (RRB)-- 6

## VEXATIOUS BEHAVIOR

When this particular lawsuit began Absolute Environmental Services was suing Imperial Industrial Coatings and Forrest McKinley.  <u>IMPERIAL</u> countersued Absolute, Brechan, Coffman, and SPC.  Imperial alleged that Absolute, Brechan, Coffman, and SPC were in a conspiracy to steal Imperial's intellectual property.  Of course there was no truth to the idea that anyone was trying to steal trade secrets from Imperial.  But it WAS true that Brechan and Coffman shared knowledge of what happened on Phase I that increased Swalling's pricing for Phase II and resulted in Swalling's leaving the project.  Absolute did not know this though.  In fact, when Absolute, Brechan, Coffman and SPC were sued by Imperial, Absolute, Brechan, Coffman, and SPC entered into a joint defense agreement.  Remarkably, Imperial's farfetched conspiracy was not that far off.  It's just that Absolute and SPC was not part of it and Absolute was the real target.   Unfortunately, Imperial could not figure out what had taken place and prematurely dismissed Brechan and Coffman from the lawsuit.

While the joint defense agreement was in place neither Brechan nor Coffman mentioned Phase I of the project.  They **CONCEALED** the happenings of Phase I when Swalling was on the job.  It wasn't until 18 months into the lawsuit that any information regarding Phase I was discovered.  While the joint defense agreement was in place, Absolute's attorneys took the lead defending against Imperial's claims and Absolute was continually "**CHEERED ON**" by Brechan and Coffman.  Even after Imperial dismissed its claims against Brechan and Coffman, Coffman and Brechan **"CHEERED"** Absolute on in it's misguided quest for reimbursement for all of its losses from Imperial.  As you know, the lawsuit between Absolute and Imperial began in November of 2003.  <u>That largely wasted portion of the lawsuit cost Absolute Environmental Services hundreds of thousands of dollars.</u>

In February of 2005, Brechan and Coffman were released from the lawsuit by Imperial and Imperial only. Absolute Environmental itself brought suit against Brechan in June of 2005. Brechan sued Coffman shortly thereafter. In their silence, Brechan and Coffman increased the cost of this trial by withholding vital information. So vital in fact that the information withheld led to the jury's November 2006 verdict against Brechan and Coffman.

Motions to compel were brought against Brechan and Imperial by Absolute and were granted by this court. The documents eventually garnered from Brechan resulted in uncovering the motive for their actions, including protecting its opportunity to make huge profits by gouging the U.S. Government. Coffman requested and received a trial continuance because of the health of Jim Stoetzer an attorney who then did not even participate in the trial.

Still, "Absolute WON its claim against Brechan, WON its claim against Coffman, and WON its claim against Imperial - the general contractor, the design engineer, and its own subcontractor – ALL IN THE SAME TRIAL – and in a case that was so complicated you said yourself you didn't know how Absolute would be able to explain it to a jury – BUT ABSOLUTE DID!

### THE IMPACT OF THIS LAWSUIT

In March of 2005, the first of my many depositions was taken as a part of this lawsuit. I flew from Seattle to Anchorage the day after. I checked into Providence Hospital in Anchorage the day after that. I spent eight days in Providence with congestive heart failure. The doctor told me not to fly for 60 days or drive for 30 days after my release from the hospital. The doctors could find no reason for my heart failure other than stress related to the

lawsuit. They said, "A heart can only be bathed in adrenaline for so long." I now have an irregular heartbeat and remain on six different medications to keep my heart in check.

### THE CONSEQUENCES FOR PREDATORS

I sat in your criminal court one day during our trial during a lunch break. I watched you hand down a severe sentence to a convicted criminal. He had apparently been convicted of dealing drugs and intimidation. You said then that the criminal had had no meaningful employment for twenty years and had spent the better part of those twenty years abusing women in his life (to the point they feared for their lives), committing crimes, dealing drugs, etc.

I believe you were trying to give him an opportunity to apologize for his actions, but he did not. He remained defiant and blamed everyone but himself for his actions. Not once did he apologize for the pain and grief he caused. He simply continued to blame others and not accept responsibility for his actions. You took no pity on him. You sentenced him to decades in prison. Brechan is like that man. Brechan continues to blame others for what it deliberately did to Absolute. Brechan accepts no responsibility for the devastating losses it caused.

Coffman agreed to pay 100% of its portion of liability for Absolute's total legal fees. That's why Coffman is now dismissed from this lawsuit. Brechan must pay its entire share as well. Without this, justice will not be served. What are enhancements for, if not to make parties whole who were <u>INTENTIONALLY TAKEN ADVANTAGE OF,</u> who had no fault for the damages they suffered, and who were forced to overcome monumental odds in "VERY COMPLEX" LITIGATION caused by the deliberate actions of others. The jury found that

lawsuit. They said, "A heart can only be bathed in adrenaline for so long." I now have an irregular heartbeat and remain on six different medications to keep my heart in check.

### THE CONSEQUENCES FOR PREDATORS

I sat in your criminal court one day during our trial during a lunch break. I watched you hand down a severe sentence to a convicted criminal. He had apparently been convicted of dealing drugs and intimidation. You said then that the criminal had had no meaningful employment for twenty years and had spent the better part of those twenty years abusing women in his life (to the point they feared for their lives), committing crimes, dealing drugs, etc.

I believe you were trying to give him an opportunity to apologize for his actions, but he did not. He remained defiant and blamed everyone but himself for his actions. Not once did he apologize for the pain and grief he caused. He simply continued to blame others and not accept responsibility for his actions. You took no pity on him. You sentenced him to decades in prison. Brechan is like that man. Brechan continues to blame others for what it deliberately did to Absolute. Brechan accepts no responsibility for the devastating losses it caused.

Coffman agreed to pay 100% of its portion of liability for Absolute's total legal fees. That's why Coffman is now dismissed from this lawsuit. Brechan must pay its entire share as well. Without this, justice will not be served. What are enhancements for, if not to make parties whole who were <u>INTENTIONALLY TAKEN ADVANTAGE OF,</u> who had no fault for the damages they suffered, and who were forced to overcome monumental odds in "VERY COMPLEX" LITIGATION caused by the deliberate actions of others. The jury found that

there was no fault whatsoever on the part of Absolute. In its own words, Brechan is *malum in se.*

Declaration made under penalty of perjury this _____ day of March, 2007.

/Signature to be file by errata
David E. Olson
Grangeville, Idaho

**DECLARATION OF DAVE OLSON IN SUPPORT OF MOTION FOR ENHANCED ATTORNEYS' FEES AWARD**
Case No. A03-0199CV (RRB)-- 10