ERIC J. BROWN, ESQ.
JERMAIN DUNNAGAN & OWENS, P.C.
3000 A. Street, Suite 300
Anchorage, Alaska 99503-4097
Telephone: (907) 563-8844
Facsimile: (907) 563-7322 (ebrown@jdolaw.com)

PATRICK J. DUFFY, III, ESQ.
WILLIAM R. BAERG, ESQ.
MONTELEONE & McCRORY, LLP
725 S. Figueroa Street, Suite 3200
Los Angeles, California 90017-5446
Telephone: (213) 612-9900
Facsimile: (213) 612-9930
(duffy@mmlawyers.com)
(baerg@mmlawyers.com)

Attorneys for Defendant and
Cross-Complainant EMERCO, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaskan Corporation,<br><br>　　　Plaintiff,<br><br>　v.<br><br>FORREST J. McKINLEY and "JANE DOE" McKINLEY, and the marital community property composed thereof d/b/a/ "Imperial Industrial Coatings" and EMERCO, INC., a California Corporation d/b/a/ Imperial Industrial Coatings,<br><br>　　　Defendants.<br><br>AND RELATED CROSS-ACTIONS | CASE NO. A-03-0199 Civil (RRB)<br><br>**OPPOSITION OF EMERCO, INC., DBA IMPERIAL INDUSTRIAL COATINGS TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES** |

　　　Defendant Emerco, Inc., dba Imperial Industrial Coatings ("Imperial") opposes Absolute Environmental Services, Inc.'s ("Absolute") motion for attorneys' fees as it pertains to Imperial for the following reasons:

　　　**FIRST**, the fees incurred by Absolute in connection with this lawsuit were both caused and inflated by defendants Brechan Enterprises, Inc. and Coffman Engineers. As noted by

1  Absolute's president, Dave Olson: "Brechan <u>STOLE</u> from Absolute Environmental Services.
2  *Absolute would not have been in this lawsuit had it not been for Brechan's <u>INTENTIONAL</u>*
3  *conduct.*" (italicized emphasis added) [Decl. Olson at p. 5, lines 16-19]. Mr. Olson
4  acknowledged that "It was Brechan's actions that made this '<u>a very complicated case</u>.'" [Id. at p.
5  6, line 5]. Brechan and Coffman made this lawsuit very expensive by misdirecting Absolute
6  against Imperial: "While the joint defense agreement was in place, Absolute's attorneys took the
7  lead defending against Imperial's claims and Absolute was continually **"CHEERED ON"** by
8  Brechan and Coffman. Even after Imperial dismissed its claims against Brechan and Coffman,
9  Coffman and Brechan **"CHEERED"** Absolute on in it's misguided quest for reimbursement for
10  all of its losses from Imperial. As you know, the lawsuit between Absolute and Imperial began
11  in November of 2003. <u>That largely wasted portion of the lawsuit cost Absolute Environmental</u>
12  <u>Services hundreds of thousands of dollars</u>." [Id. at p. 7, lines 19-25]. As acknowledged by Mr.
13  Olson, Brechan and Coffman were the culpable parties in this case. Had they not deceived
14  Absolute about the site conditions from the beginning of the project, the disputes that gave rise
15  to this lawsuit would almost certainly not have arisen. Although the jury found Imperial liable
16  for 12.5 percent of Absolute's total damages, those damages would not have existed in the first
17  place had Brechan and Coffman not concealed the happenings of Phase I when Swalling was on
18  the job. Accordingly, any fees sought by Absolute against Imperial should in fact be solely
19  borne by Brechan.
20        **SECOND**, although the jury found Imperial 12.5% responsible for the damages awarded
21  to Absolute, that does not mean Imperial should be found 12.5% responsible for the attorneys'
22  fees incurred by Absolute. As noted by Mr. Olson in his declaration, but for the misconduct of
23  Brechan and Coffman, as well as their "scorched-earth" litigation conduct described in his
24  motion, Absolute would not have been in this litigation and incurred such high fees. Mr. Olson
25  also acknowledged in his motion that Brechan's concealment of relevant documents during the
26  discovery of this lawsuit also dramatically increased Absolute's fees. Although Imperial was not
27  awarded any damages by the jury, there is no denying that Imperial was also harmed by the
28  conduct of Brechan and Coffman. In addition to its own losses on the project, Imperial also

incurred its own attorneys' fees. It would be inequitable to make Imperial pay 12.5% of Absolute's fees when those fees would never have been incurred but for the conduct of Brechan and Coffman. All fees awarded to Absolute should be paid for by Brechan.

**THIRD,** although the jury found Imperial 12.5% responsible for the damages awarded to Absolute, resulting in a total award of $205,068.70, that sum is actually far less than the damages originally sought against Imperial, which totaled $1,327,899. [Decl. Baerg at ¶ 2, Exhibit 1]. Had Absolute sought $205,068.70 against Imperial from the beginning, it is doubtful that this case would have been litigated as long as it was, or that the case would have gone to trial. However, because of the conduct of Brechan and Coffman in concealing their true role in causing Absolute's damages, Absolute (and Imperial) spend a great deal of time and money unnecessarily litigating against one another. Although Absolute was the prevailing party in that it won a net monetary recovery, Absolute recovered far less than what was originally sought against Imperial. Imperial cannot be blamed for defending itself from a claim of $1.3 million when other parties were found to be primarily responsible.

**FOURTH,** Absolute is not entitled to recover 100% of its fees against Imperial based on the parties' contract. (See Exhibit 3 to Declaration of Terry Marston). The attorneys' fee clauses in the contract were limited to specific kinds of disputes which were not at issue in this case. For example, Article 5 concerned disputes relating to the correction of deficient work (and included overhead and profit in addition to attorneys' fees). Article 7 consisted of an indemnity clause for third party tort claims. These clauses were not general clauses that provided for an award of attorneys' fees in connection with all litigation "arising from or related to" the project or the contract.

**FIFTH,** there is no attempt made by Absolute to segregate the fees it incurred in pursuing and defending the claims *vis a vis* Imperial as opposed to Brechan and Coffman. Should the Court determine that Imperial, and not just Brechan, is responsible for paying Absolute's attorneys' fees, however, then that portion of the fees should be limited to the 10% fee award for a prevailing party in ordinary case, pursuant to Alaska Rule of Civil Procedure 82(b)(1). There is no evidence that Imperial did anything warranting the enhanced fee award.

Accordingly, if Imperial is ordered to pay any fees, that portion of the total fee award should be 10% of $185,548.38 (which represents 12.5% of Absolute's total fees of $1,484,387), for a total of $18,554.84. The remainder of the fees should be paid by Brechan.

For the foregoing reasons, Imperial respectfully requests the motion for attorneys' fees as is pertains to Imperial be denied, and that the fees awarded to Absolute be paid solely by Brechan as a consequence of its fraudulent conduct toward Absolute.

DATED: April 2, 2007

MONTELEONE & McCRORY LLP

Attorneys for Emerco, Inc., dba Imperial Industrial Coatings

By _____
PATRICK J. DUFFY III
WILLIAM R. BAERG

## CERTIFICATE OF SERVICE BY ECF

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I certify that on April 2, 2007, a copy of the foregoing was served by ECF on:

Eric J. Brown, ebrown@jdolaw.com
Robert J. Dickson, acgecf@acglaw.com
Patrick J. Duffy, III, duffy@mmlawyers.com
Jami K. Elison, jamie@mhf-law.com
Thomas A. Larkin, tlarkin@lawssg.com
Terry R. Marston, terry@mhf-law.com
Peter C. Partnow, PartnowP@LanePowell.com
James B. Stoetzer, StoetzerJ@LanePowell.com

and by facsimile on:

Paul J. Nangle
Paul J. Nangle & Associates
101 Christensen Dr.
Anchorage, AK 99501
FAX NO.:     (907) 279-1794

I declare under penalty of perjury under the laws of the United States that the above is true and correct. Executed on April 2, 2007, at Los Angeles, California.

_____
SALLIE RASPA