Michael E. Kreger, Alaska Bar No. 8311170
MKreger@perkinscoie.com
James N. Leik, Alaska Bar No. 811109
JLeik@perkinscoie.com
PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK  99501-1981
Telephone:  907.279.8561
Facsimile:  907.276.3108

Attorneys for Defendant
Brechan Enterprises, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska corporation,<br><br>Plaintiff,<br><br>v.<br><br>FORREST J. MCKINLEY, et. al,<br><br>Defendants. | Case No.: 3:03-cv-0199-RRB |

**BRECHAN'S OPPOSITION TO
ABSOLUTE'S MOTION FOR ATTORNEYS' FEES**

Brechan Enterprises, Inc. opposes Absolute Environmental Services Inc.'s motion for an award of attorneys' fees.  The amount claimed by Absolute does not comply with the governing law under Alaska Rule of Civil Procedure 82.

BRECHAN'S OPPOSITION TO ABSOLUTE'S MOTION FOR ATTORNEYS' FEES
Absolute v. McKinley, et al.
Case No. 3:03-cv-0199-RRB
38599-0012/LEGAL13109875.1

-1-

I.  **The Proper Attorneys' Fee Award is Determined by the Fee Schedule in Alaska Rule of Civil Procedure 82(b)(1).**

Brechan does not dispute that Absolute is the prevailing party. In a case where the prevailing party is awarded a money judgment, there is a presumption that the award of attorneys' fees is determined under the schedule in Alaska Rule of Civil Procedure 82(b)(1). The amount that is awarded under Rule 82(b)(1) is 20% of the first $25,000 awarded in damages, and 10% of the amount in excess of $25,000.

The Court has determined that it will award $639,265.50 in damages to Absolute from Brechan.[1] The Court will determine the amount of prejudgment interest to be award on these damages. When the total amount of damages plus prejudgment interest is determined, the Court can determine the fee award against Brechan under the Rule 82(b)(1) schedule. The amount determined under this schedule is the proper amount of the attorneys' fee award against Brechan.

II. **There is No Basis for Awarding Fees in Excess of the Amount Provided in the Schedule in Rule 82(b)(1).**

   A.  **Absolute has not submitted the records that are required for an award of enhanced fees.**

Absolute claims that it should receive an enhanced award of attorneys' fees, but it has not met a basic threshold requirement for an enhanced fee award under Rule 82. If a successful plaintiff seeks an enhanced fee award above the amount authorized

---

[1] Docket 567.

BRECHAN'S OPPOSITION TO ABSOLUTE'S        -2-
MOTION FOR ATTORNEYS' FEES
Absolute v. McKinley, et al.
Case No. 3:03-cv-0199-RRB
38599-0012/LEGAL13109875.1

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

under Rule 82(b)(1), the plaintiff must submit accurate records of the hours expended and a brief description of the services reflected by those hours. Andrus v. Lena, 975 P.2d 54, 59 (Alaska 1999). Absolute has not satisfied this requirement. With the exception of its bills for its local counsel, Absolute has only submitted its hours and charges, without descriptions of the work performed. Absolute's submission is inadequate as a matter of law to support Absolute's request for enhanced fees, and the Court should deny it on that basis alone.

**B.  Absolute has not met its burden of justifying an enhanced fee award under the relevant factors.**

In addition to failing the threshold requirement to provide descriptions of its services, under Rule 82(b)(3), Absolute has the burden of justifying any departure from the presumptive award under Rule 82(b)(1), described above.[2] Alderman v. Iditarod Properties, Inc., 104 P.3d 136, 143-45 (Alaska 2004) (reversing Superior Court for awarding fees to the plaintiff in excess of the amount set by the Rule 82(b)(1) schedule). Absolute has not justified an enhanced award.

Absolute refers to six factors that it claims support an enhanced fee award. It says the case was complex (factor A), the trial was long (factor B), Absolute's fees were reasonably necessary (factor C), its staffing was reasonable (factor D), it

---

[2] 20% of the first $25,000 awarded against Brechan in damages (including prejudgment interest), and 10% of the amount of damages in excess of $25,000.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

BRECHAN'S OPPOSITION TO ABSOLUTE'S                -3-
MOTION FOR ATTORNEYS' FEES
Absolute v. McKinley, et al.
Case No. 3:03-cv-0199-RRB
38599-0012/LEGAL13109875.1

minimized fees (factor E) and its fees were proportional to its losses (factor H). Absolute's Motion at 3-4.

The Court should not award Absolute enhanced fees based on the complexity of the case, or the length of the trial. Neither the size of the project nor the size of the claim made this case unusually complex.[3] Most of Absolute's work on the cargo wharf project was completed in a single season. The contract amount for Absolute's work was under $1 million, and Absolute claimed underpayment of $1.25 million. Any complexity was largely due to Absolute's decision to present a host of overlapping legal theories, and its refusal to narrow and simplify the claims for efficient trial. And in fact, Absolute consumed the vast majority of the trial time.[4] Moreover, Absolute created complexity by raising the same issues over and over again.[5] Brechan should not be tagged with extra fees based on the complexity of the case and the length of the trial when Absolute chose to make it so.

---

[3] Complexity alone is not a sufficient factor to justify an enhanced fee award. Reid v. Williams, 964 P.2d 453, 462 (Alaska 1998).

[4] Absolute's case in chief took 14 1/2 days. Brechan's case took 3 1/2 days.

[5] For example, at the start of the trial, the Court ruled that Absolute could not claim punitive damages. (Docket 397.) Absolute moved to reconsider (Docket 406), and the Court denied the motion. Absolute then persisted with this issue, prompting the Court to issue another order refusing to submit punitive damages to the jury (Docket 484). Then Absolute filed another motion to reconsider. (Docket 490.)

BRECHAN'S OPPOSITION TO ABSOLUTE'S                -4-
MOTION FOR ATTORNEYS' FEES
Absolute v. McKinley, et al.
Case No. 3:03-cv-0199-RRB
38599-0012/LEGAL13109875.1

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

The other factors that Absolute identifies (factors C, D, E and H) are not factors that can be used to support an upward adjustment in the fee award. These factors can support a <u>downward</u> adjustment from the standard fee award. That is, if a party's attorneys' fees are not reasonably necessary, or it over-staffs a case, or it incurs fees that are disproportionate to the amount at stake, the court may reduce a fee award below the standard percentage. But a party is not entitled to an enhanced fee award simply because its fees were reasonable. Since Brechan does not claim that Absolute's fee award should be reduced from the amount that is allowed under the schedule in Rule 82(b)(1), factors C, D, E and H are irrelevant.

Absolute has <u>not</u> argued that it is entitled to an enhanced fee award based on the unreasonableness of Brechan's defenses (factor F). <u>See</u> Absolute's Motion at pages 3-4. Absolute's omission of any argument based on this factor is correct. Enhanced fees cannot be awarded against a party for asserting legitimate claims or defenses. <u>Alderman,</u> 104 P.3d at 144 (reversing Superior Court for awarding fees to the plaintiff in excess of the amount set by the Rule 82(b)(1) schedule). <u>See also</u> <u>Marathon Oil Co. v. ARCO Alaska, Inc.</u>, 972 P.2d 595, 605 (Alaska 1999). Absolute has not identified any defenses asserted by Brechan that did not have a legitimate basis. In fact, Brechan prevailed on significant aspects of its defense, by obtaining summary judgment dismissing Absolute's business devastation claims, and defeating

BRECHAN'S OPPOSITION TO ABSOLUTE'S             -5-
MOTION FOR ATTORNEYS' FEES
<u>Absolute v. McKinley, et al</u>.
Case No. 3:03-cv-0199-RRB
38599-0012/LEGAL13109875.1

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

Absolute's repeated efforts to make a claim for punitive damages. The fact that the jury found in Absolute's favor on some of its claims does not mean that Brechan's defenses were not legitimate.

### III. Absolute Has Not Demonstrated Any Basis for an Award of Actual Attorneys' Fees.

Absolute argues that it is entitled to full attorneys' fees, but Absolute has not met the high burden of justifying this extreme departure from the partial compensation principle that underlies Alaska Rule 82.

"An award of substantially full attorney's fees is manifestly unreasonable in the absence of bad faith or vexatious conduct by the non-prevailing party." Marathon Oil, 972 P.2d at 605 (internal quotations omitted). In its brief in support of this motion, Absolute submits a single paragraph to support its argument that it is entitled to full fees based on bad faith or vexatious conduct. Absolute Memorandum at 8.

First, Absolute says that Brechan committed vexatious or bad faith conduct "as confirmed by the jury's verdict on fraud."[6] Id. Similarly, Mr. Olsen's declaration restates at great length his claims that Brechan's conduct in connection with the cargo wharf contract was intentional, fraudulent, deceitful and deliberate. None of this is relevant to this motion, and none of this can serve as the basis for an award of actual

---

[6] See also Absolute's Motion at page 4, where Absolute says that full fees are justified because "the jury found Brechan to have acted intentionally and/or fraudulently."

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

BRECHAN'S OPPOSITION TO ABSOLUTE'S     -6-
MOTION FOR ATTORNEYS' FEES
Absolute v. McKinley, et al.
Case No. 3:03-cv-0199-RRB
38599-0012/LEGAL13109875.1

fees. "[C]onduct undertaken in 'bad faith' for the purposes of Rule 82 must relate to <u>conduct during the litigation</u>, and not to actions taken during the underlying transaction . . . ." <u>Alderman</u>, 104 P.3d at 144 (emphasis added).[7] The time and place for compensation for Brechan's conduct in connection with the cargo wharf project was at trial, not in an attorneys' fee award. Absolute cannot obtain a fee award to make up for damages that Absolute wanted to recover at trial, but did not.

The same point applies to Mr. Olsen's lengthy statements about the impact of Absolute's litigation expenses on Absolute's business. (Olson Decl. at 4-5). Assuming that payment of legal fees was a burden on Absolute, this is not a reason to award it actual fees, or even enhanced fees. "The purpose of Rule 82 attorney's fees is to compensate litigants for fees they incur through legal representation, <u>not to compensate litigants for the economic detriment of litigating</u>." <u>Shearer v. Mundt</u>, 36 P.3d 1196, 1198 (Alaska 2001) (emphasis added). The Court should disregard these points entirely in its consideration of the fee award.

Mr. Olson emphasizes that unless the Court awards full fees, Absolute will not be made whole. His complaint goes to the fact that the law does not provide for full compensation for attorneys' fees. In most states, he would not receive <u>any</u> payment for his attorneys' fees. Alaska law provides for <u>partial</u> compensation of fees, unless

---

[7] <u>See also</u> <u>Cole v. Bartels</u>, 4 P.3d 956, 961 n. 24 (Alaska 2000).

BRECHAN'S OPPOSITION TO ABSOLUTE'S            -7-
MOTION FOR ATTORNEYS' FEES
<u>Absolute v. McKinley, et al</u>.
Case No. 3:03-cv-0199-RRB
38599-0012/LEGAL13109875.1

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

the parties agree otherwise.  Absolute did not have an agreement with Brechan requiring either party to pay attorneys' fees.  As a result, Absolute must bear a large portion of its own attorneys' fees.

With respect to Brechan's conduct in the litigation, Absolute has not shown that Brechan did <u>anything</u> that was "vexatious or in bad faith."  In its Motion, Absolute says several times that Brechan engaged in "scorched earth litigation," but Absolute has not identified any specific conduct that allegedly fits this description.  Absolute also refers to alleged "concealment" of documents.  But Absolute has not presented any basis to support its allegation that Brechan "concealed" documents from Absolute, or did anything that was frivolous, vexatious, or in bad faith in connection with its document production.  The lack of merit to this unsupported assertion is demonstrated by the fact that Absolute never moved for any discovery relief or sanctions under Rule 37 based upon Brechan's supplemental document production.  Had there been even a potential discovery violation or any prejudice, the time to bring a motion and for the parties to be heard and to establish a record was during discovery.  There were no violations.

In his declaration, Mr. Olsen also refers to "motions to compel" being granted against Brechan and Imperial.  Absolute filed one motion to compel directed to

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK  99501-1981
907.279.8561 / Facsimile 907.276.3108

BRECHAN'S OPPOSITION TO ABSOLUTE'S         -8-
MOTION FOR ATTORNEYS' FEES
<u>Absolute v. McKinley, et al</u>.
Case No. 3:03-cv-0199-RRB
38599-0012/LEGAL13109875.1

Brechan and Safeco.[8]  [Docket 223.]  This motion sought Brechan's financial statements for 2002-04, its federal tax returns for 2002-04, and its records for an unrelated construction project.  The Court granted this motion to compel.  [Docket 296].  But the mere fact that a court resolves a single discovery dispute by granting a motion to compel does not mean that the party acted in bad faith, or frivolously—much less that its entire defense can be characterized this way.  And in fact, when the Court granted Absolute's motion to compel, the Court did not award attorneys' fees to Absolute, even under the far less demanding standard for awarding fees for prevailing on a motion to compel.  The Court specifically found that "[Brechan's] opposition [to Absolute's motion to compel] is well-taken" and that "[Brechan's] opposition was made in good faith."  Docket 296.  In light of the Court's determination that Brechan's opposition to Absolute's motion to compel was taken in good faith and did not warrant an award of fees, this discovery issue provides no support for awarding actual attorneys' fees to Absolute under the bad faith/vexatious conduct standard.

## IV.  Absolute's Fee Computation is Erroneous.

Absolute claims $738,518.54 in fees from Brechan, based on its argument that the Court should award full fees based on vexatious or bad faith conduct.  Absolute never explains how it computed this figure, but it appears that this amount is

---

[8] The portion of the motion directed to Safeco documents was resolved by the parties.

BRECHAN'S OPPOSITION TO ABSOLUTE'S          -9-
MOTION FOR ATTORNEYS' FEES
Absolute v. McKinley, et al.
Case No. 3:03-cv-0199-RRB
38599-0012/LEGAL13109875.1

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

approximately 47.5% of Absolute's total attorneys' fees in this lawsuit, as stated in the fee summaries submitted by Absolute. Those summaries show attorneys' fees of $1,543,941. 47.5% of this amount is $733,372.

The premise for this computation is wrong, because the base amount that Absolute used to make the computation ($1.5 million) includes a large chunk of attorneys' fees that Absolute incurred in its litigation with Imperial alone. If the Court considers any award against Brechan that is based on Absolute's actual attorneys' fees, it must begin the computation by excluding these fees.

This case began when Absolute sued Imperial in August 2003 (Docket 1).[9] Brechan was not a defendant. In December 2003, <u>Imperial</u> sued Brechan, by naming Brechan as a defendant in a counterclaim. (Docket 8). Absolute still had no claims against Brechan. In January 2005, Imperial dismissed its lawsuit against Brechan. The dismissal Order provided that each party would bear its own costs and attorneys' fees. (Docket 74). On May 23, 2005, Absolute filed a motion for leave to amend its pleadings to add claims against Brechan. (Docket 101).

The attorneys' fees that Absolute incurred in this case before May 23, 2005 were incurred in solely in Absolute's litigation with Imperial, and should be addressed

---

[9] There was a prior lawsuit between Absolute and Imperial in California. Imperial sued Absolute in California in August 2003, but the court dismissed the lawsuit on a jurisdiction and venue motion. Brechan was not a party to the California lawsuit. Absolute's fee bills from Nangle & Associates appear to include time spent on the California lawsuit.

BRECHAN'S OPPOSITION TO ABSOLUTE'S       -10-
MOTION FOR ATTORNEYS' FEES
<u>Absolute v. McKinley, et al</u>.
Case No. 3:03-cv-0199-RRB
38599-0012/LEGAL13109875.1

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

solely in connection with Absolute's motion for an award of attorneys' fees from Imperial. According to Absolute's bare summaries, Absolute incurred $470,909 in fees prior to May 23, 2005.

After May 23, 2005, Absolute claims that it incurred attorneys' fees of $1,073,032, litigating with three defendants, Brechan, Coffman and Imperial. The fees for the period after May 23, 2005 must be divided between these three defendants. Absolute agrees that its attorneys' fees should be divided between the three defendants in accordance with the percentages of responsibility assigned by the jury, i.e., 47.5% for Brechan, 40% for Coffman, and 12.5% for Imperial. Applying these percentages to the fees that Absolute incurred after May 23, 2005 yields <u>full</u> (100%) fee amounts as to each defendant as follows: Brechan $509,690 ($47.5%), Coffman $429,213 (40%) and Imperial $134,129 (12.5%).

As stated above, the Court should award Absolute its fees in accordance with the schedule in Rule 82(b)(1). If the Court departs from the schedule in Rule 82(b)(1) for its award against Brechan, the partial compensation principle of Rule 82 dictates that any fee award against Brechan must be a <u>partial</u> award of Brechan's share of the fees that Absolute incurred in the litigation after May 23, 2005. This means that any award of fees against Brechan must be substantially less than $509,690.

BRECHAN'S OPPOSITION TO ABSOLUTE'S           -11-
MOTION FOR ATTORNEYS' FEES
<u>Absolute v. McKinley, et al</u>.
Case No. 3:03-cv-0199-RRB
38599-0012/LEGAL13109875.1

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK  99501-1981
907.279.8561 / Facsimile 907.276.3108

## V. CONCLUSION

The Court should award Absolute attorneys' fees based on the Rule 82(b)(1) schedule. Judgment will be entered against Brechan for $639,265.50, plus prejudgment interest. The attorneys' fee award under Rule 82(b)(1) is 20% of the first $25,000, and 10% of the amount in excess of $25,000. There is no justification for any higher award.

DATED at Anchorage, Alaska, this 2nd day of April, 2007.

**PERKINS COIE LLP**
Attorneys for Defendant
Brechan Enterprises, Inc.


By   /s/ James N. Leik
    James N. Leik
    Alaska Bar No. 8111109
    Michael E. Kreger
    Alaska Bar No. 8311170
    Perkins Coie LLP
    1029 W. Third Avenue, Suite 300
    Anchorage, Alaska  99501
    (907) 279-8561
    (907) 276-3108 (Facsimile)
    Email:  mkreger@perkinscoie.com
           jleik@perkinscoie.com

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK  99501-1981
907.279.8561 / Facsimile 907.276.3108

BRECHAN'S OPPOSITION TO ABSOLUTE'S     -12-
MOTION FOR ATTORNEYS' FEES
Absolute v. McKinley, et al.
Case No. 3:03-cv-0199-RRB
38599-0012/LEGAL13109875.1

I hereby certify that on April 2, 2007, the foregoing has been served by electronic mail on William R. Baerg, Terry R. Marston II, Eric J. Brown, and Thomas A. Larkin.

  /s/ Michael E. Kreger
     Michael E. Kreger

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK  99501-1981
907.279.8561 / Facsimile 907.276.3108

BRECHAN'S OPPOSITION TO ABSOLUTE'S   -13-
MOTION FOR ATTORNEYS' FEES
<u>Absolute v. McKinley, et al</u>.
Case No. 3:03-cv-0199-RRB
38599-0012/LEGAL13109875.1