Thomas A. Larkin, ASB #0009055
STEWART SOKOL & GRAY LLC
2300 SW First Avenue, Suite 200
Portland, Oregon 97201-5047
Telephone: (503) 221-0699
Fax: (503) 227-5028
Email: tlarkin@lawssg.com
   Of Attorneys for Safeco Insurance Company of America

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA, AT ANCHORAGE

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska corporation, ) ) ) | Case No. 3:03-cv-0199-RRB |
| Plaintiff, ) ) | |
| v. ) ) | **SAFECO INSURANCE COMPANY OF AMERICA'S MEMORANDUM IN OPPOSITION TO MOTION FOR AWARD OF ATTORNEYS' FEES** |
| FORREST J. MCKINLEY, et al., ) ) ) | |
| Defendants. ) _____ ) | |

Defendant, Safeco Insurance Company of America ("Safeco") submits the following memorandum in opposition to Absolute Environmental Services, Inc.'s ("Absolute") Motion for Award of Attorneys' Fees against Safeco.

## I. INTRODUCTION

Absolute's sole basis for an award of attorney fees against Safeco is Alaska R.Civ.P. 82. Absolute's claim against Safeco in these proceedings is based solely on the Miller Act, 40 U.S.C. 3131 *et seq.* Absolute may not recover attorney fees against Safeco under the Miller Act because the Miller Act does not provide for such an award, and there is no contract between Absolute and Brechan that provides for attorney fees. Even if such a contract provision existed, Absolute has not complied with LR 54.3(a)(3) or Rule 82 so as to permit the court to award anything but the

SAFECO'S MEMO IN OPPOSITION TO MOTION FOR AWARD OF ATTORNEYS' FEES
Case No. A03-0199CV (RRB) - Page 1 of 4

scheduled fees under Rule 82.

## II. ARGUMENT

A. **Absolute is not entitled to attorney fees against Safeco because Absolute's only claim against Safeco is under the Miller Act which does not provide for an award, and there is no contract between Absolute and Brechan which provides for an award of attorney fees.**

The only claim Absolute has asserted against Safeco in this litigation is based on Safeco's liability under the Miller Act, 40 U.S.C. 331 *et seq.* In its motion for award of attorney fees, the sole basis for seeking an award against Safeco is under Alaska R.Civ.P. 82. Absolute is not entitled to attorney fees against Safeco under Rule 82.

In the seminal case of *F.D. Rich Co. v. United States ex rel Indus. Lumber Co.*, 417 US 116, 127, 40 L. Ed. 2nd 703, 94 S. Ct. 2157 (1974), the Supreme Court held that the "Miller Act provides a federal cause of action, and the scope of the remedy as well as the substance of the rights created thereby is a matter of federal not state law." The Court reversed the U.S. Court of Appeals for the Ninth Circuit which looked to the "public policy" of the state in which the suit was brought to determine whether attorney fees were awarded in a similar context. Specifically, the Supreme Court found "no evidence of Congressional intent to incorporate state law to govern such an important element of Miller Act litigation as liability for attorney fees." Thus, under Miller Act claims, the American Rule of Fees applies and fees are only available when authorized by statute or an enforceable contract. *Id.* at 129-130.

Since the only claim against Safeco in this action is based on the Miller Act and the only alleged basis for attorney fees against Safeco is Rule 82, Absolute is not entitled to attorney fees against Safeco.

///

STEWART SOKOL & GRAY LLC
ATTORNEYS AT LAW
2300 SW FIRST AVENUE, SUITE 200
PORTLAND, OREGON 97201-5047
(503) 221-0699 FAX (503) 223-5706
www.lawssg.com

B. **Even if Absolute was entitled to attorney fees against Safeco, Absolute has not complied with LR 54.3(a)(3) and with respect to Safeco, there are no unusual circumstances which would mandate the court to vary Rule 82 Attorney Fee Award Basic Formula.**

Much of Absolute's motion and the declarations are focused on the action and inactions of Brechan. There were no jury findings with respect to Safeco's actions or conduct.

Under LR 54.3(3), a motion for attorney fees must be accompanied by an affidavit that provides:

> "[A] total number of hours worked and billing rate for each lawyer and paraprofessional,
>
> [B] the amount charged to the client, if any, and
>
> [C] has attached as exhibits bills sent or other detailed itemizations as may be appropriate."

The billings from Attorney Marston, which are attached as Exhibit 1 and 2 to the declaration and Errata to Declaration of Attorney Marston fail to provide any detail whatsoever of the nature of the work performed so as to permit Safeco to meaningfully evaluate, review or respond to the asserted time entries. See *Andrus v. Lena*, 975 P.2d 54, 59 (Alaska 1999) (under Rule 82, plaintiff must submit accurate records of hours expended and a brief description of the services reflected by those hours).

Accordingly, assuming Absolute can recover attorney fees from Safeco, the Rule 82 Basic Formula should be used.

### III. CONCLUSION

Absolute's only claim against Safeco was under the Miller Act. Absolute's sole basis for seeking attorney fees against Safeco is Rule 82. Under the *F.D. Rich* case, Absolute is not entitled to attorney fees against Safeco under Rule 82, and there is otherwise, no contract between Absolute and Brechan which provides for an award of attorney fees. In the alternative, even if

SAFECO'S MEMO IN OPPOSITION TO MOTION FOR AWARD OF ATTORNEYS' FEES
Case No. A03-0199CV (RRB) - Page 3 of 4

STEWART SOKOL & GRAY LLC
ATTORNEYS AT LAW
2300 SW FIRST AVENUE, SUITE 200
PORTLAND, OREGON 97201-5047
(503) 221-0699 FAX (503) 223-5706
www.lawssg.com

Absolute was entitled to attorney fees against Safeco there are no circumstances which would require the court to deviate from the schedule contained in Rule 82(b). Accordingly, Absolute's motion for attorney fees against Safeco should be denied.

Respectfully submitted this 3rd day of April, 2007.

>STEWART SOKOL & GRAY LLC
>
>/s/Thomas A. Larkin
>Thomas A. Larkin, ASB #0009055
>2300 SW First Avenue, Suite 200
>Portland, Oregon 97201-5047
>Telephone:    (503) 221-0699
>Fax:               (503) 227-5028
>E-mail:          tlarkin@lawssg.com
>         Of Attorneys for Safeco Insurance Company
>         of America

I hereby certify that on the 3rd day of April, 2007,
the foregoing has been served by electronic mail on
William R. Baerg, Terry R. Marston II, Eric J. Brown
and Michael E. Kreger.

/s/ Thomas A. Larkin

W:\Work\Clients Q-S\Safeco\Brechan Absolute Environmental Services\Pleadings\Memo Opposition Motion Award Atty Fees.wpd

STEWART SOKOL & GRAY LLC
ATTORNEYS AT LAW
2300 SW FIRST AVENUE, SUITE 200
PORTLAND, OREGON 97201-5047
(503) 221-0699 FAX (503) 223-5706
www.lawssg.com

SAFECO'S MEMO IN OPPOSITION TO MOTION FOR AWARD OF ATTORNEYS' FEES
Case No. A03-0199CV (RRB) - Page 4 of 4