ERIC J. BROWN (ebrown@jdolaw.com)
JERMAIN DUNNAGAN & OWENS, P.C.
3000 A. Street, Suite 300
Anchorage, Alaska 99503-4097
Telephone: (907) 563-8844
Facsimile: (907) 563-7322


PATRICK J. DUFFY, III (duffy@mmlawyers.com)
WILLIAM R. BAERG (baerg@mmlawyers.com)
MONTELEONE & McCRORY, LLP
725 S. Figueroa Street, Suite 3200
Los Angeles, California 90017-5446
Telephone: (213) 612-9900
Facsimile: (213) 612-9930

Attorneys for Defendant
Forrest J. McKinley

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation,<br><br>    Plaintiff,<br><br>v.<br><br>FORREST J. McKINLEY, an individual, d/b/a/ "Imperial Industrial Coatings" and EMERCO, INC., a California Corporation d/b/a/ Imperial Industrial Coatings,<br><br>    Defendants.<br><br>AND RELATED CROSS-ACTIONS | CASE NO. A-03-0199 Civil (RRB)<br><br>**MOTION FOR ORDER VACATING TRIAL DATE AND STAYING ACTION PENDING APPEAL** |

## INTRODUCTION

Comes now defendant Forrest J. McKinley ("McKinley"), who moves the Court for an order vacating the September 17, 2007, trial date and staying this action during the pendency of the appeal from the Judgment entered in favor of plaintiff Absolute Environmental Services, Inc. ("Absolute") and against Emerco, Inc., dba Imperial Industrial Coatings ("Imperial"). This motion is made on the grounds that the action against McKinley is not yet ripe.

## BACKGROUND

This case arises from a contract to re-coat a wharf for the U.S. Coast Guard. The prime contractor, Brechan Enterprises, Inc. ("Brechan"), subcontracted with Absolute to perform all the coating work. Absolute, in turn, subcontracted with Imperial to perform most the coating work. During the performance of the project several disputes arose between the parties and this litigation ensued. Absolute filed this action against Imperial and McKinley on August 29, 2003. [Docket No. 1] Later, Absolute amended its pleadings to include claims against Brechan and the project's engineer Coffman Engineers, Inc. [Docket No. 7].

Count III of the amended complaint alleged at paragraph 47:

> "47. Defendant Forrest J. McKinley is liable for the acts and omissions of Emerco, Inc. d/b/a Imperial Industrial Coatings, relating to the matters stated herein."

Count IV of the lawsuit alleged at paragraph 49:

> "49. In acting as an agent on behalf of his undisclosed principal Emerco, Inc., Forrest J. McKinley is personally and individually liable to Absolute for performance and damages under the Subcontract to the same extent as Emerco, Inc."

On September 27, 2006, Absolute, Imperial and McKinley entered into a stipulation to bifurcate the trial so that Count III (piercing the corporate veil) and Count IV (liability of Agent for Contract of Undisclosed Principal) of Absolute's First Amended Complaint for Breach of Contract, Breach of Warranty, Alter Ego and Agent Liability would be severed and tried by the court after all other causes of action or issues in the case. [Docket No. 384]. On September 29, 2006, the Court accepted the stipulation and entered an order thereon. [Docket No. 407] Trial of this action commenced on October 2, 2006. The verdict was rendered on November 20, 2006. [Docket No. 509] This Court issued its Order re Final Judgment on March 7, 2007. [Docket No. 567] Imperial timely filed its Notice of Appeal on April 4, 2007. [Docket No 593].

On April 12, 2007, the Court conducted a trial setting conference to set a trial date for the bifurcated claims. Trial on the bifurcated claims is set for September 17, 2007. [Docket No. 603]

# ARGUMENT

## 1. SUMMARY OF ARGUMENT

The trial date of the bifurcated claims should be vacated because those claims are not yet ripe. Reduced to their substance, the trial of the bifurcated claims seeks to pierce the corporate veil of Imperial in order to have McKinley held personally liable for the breach of contract damages awarded by the jury against Imperial. Imperial has appealed that judgment. Because McKinley's potential liability to Absolute wholly depends on Imperial's liability to Absolute, there is no point in litigating the alter ego/undisclosed agency claims unless and until the Court of Appeals has rendered its decision on the appeal. Should the judgment be reversed, then any judgment rendered in the alter ego/undisclosed agency trial will be for no purpose. Courts do not exist to issue advisory opinions on hypothetical claims.

## 2. COURTS DO NOT ADJUDICATE UN-RIPE CLAIMS OR ISSUE ADVISORY OPINIONS

The ripeness doctrine prevents the premature adjudication of disputes. The doctrine is aimed at cases that do not yet have a concrete impact upon the parties. *Thomas v. Union Carbide Agricultural Prod. Co.* (1985) 473 U.S. 568, 580, 105 S.Ct. 3325, 3332; *Exxon Corp. V. Heinze* (9th Cir. 1994) 32 F.3d 1399, 1404. Whereas standing is primarily concerned with who is a proper party to litigate a particular matter, ripeness addresses when that litigation may occur. *Lee v. State of Oregon* (9th Cir. 1997) 107 F.3d 1382, 1387; *Georgia Advocacy Office, Inc. v. Camp* (11th Cir. 1999) 172 F.3d 1294, 1298-1299. The ripeness doctrine is "drawn from both Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction. *National Park Hospitality Association v. Department of the Interior* (2003) 538 U.S. 803, 808, 123 S.Ct. 2026, 2029. A case is not ripe where the existence of the dispute itself hangs on future contingencies that may or may not occur. *Clinton v. Acequia, Inc.* (9th Cir. 1996) 94 F.3d 568, 572. Courts exist to resolve existing disputes between parties. They do not exist to issue advisory opinions. The "case or controversy" requirement shields federal courts from being drawn into abstract or hypothetical cases.

\ \ \

\ \ \

### 3. THE BIFURCATED CLAIMS ARE DERIVATIVE IN NATURE

In certain situations, the corporate entity may be disregarded (i.e., the corporate veil "pierced") and the shareholders of a corporation held personally liable for the debts of the corporation. The presumption, however, is against imposing alter ego liability. Courts regard the alter ego doctrine as a drastic remedy, and disregard the corporate form only reluctantly and cautiously, because the doctrine is fundamentally at odds with the general rule that a corporation is a legal entity separate from its founders and owners, and the law specifically permits owners to incorporate a business for the very purpose of shielding them from its liabilities. *See McKesson HBOC, Inc. v. New York State Common Retirement Fund, Inc.* (9th Cir. 2003) 339 F>3d 1087, 1094-1095; *Skidmore, Owings & Merrill v Canada Life Assur. Co.* (10th Cir. 1990) 907 F.2d 1026, 1027. This is particularly true when the underlying damages are based on breach of contract, rather than tort. *Cascade Energy and Metals Corp. v. Banks* (10th Cir. 1990) 896 F.2d 1557, 1577. In other words, "The alter ego doctrine does not guard every unsatisfied creditor of a corporation but instead affords protection where some conduct amounting to bad faith makes it inequitable for the corporate owner to hide behind the corporate form." *Sonora Diamond Corp. v. Superior Court* (2000) 83 Cal.App.4th 523, 539, 99 Cal.Rptr.2d 824, 837.

Here, Absolute is the judgment creditor of a corporation who seeks to impose alter ego liability against McKinley. All of the claims against McKinley derive from the liability of Imperial for breach of the cargo wharf subcontract; there is no separate and independent basis for seeking to impose liability against McKinley. The basis for imposing liability against McKinley is that he is the alleged "alter ego" of Imperial, either because the corporate veil of Imperial should be pierced or because he was an undisclosed agent of Imperial.

There is now pending an appeal of the judgment upon which Imperial's liability to Absolute is based. Hence, even if the bifurcated matters go to trial and Absolute were to prevail on all its allegations against McKinley, it would be for no purpose should the Court of Appeals reverse the judgment because apart from the judgment, there is no potential liability of McKinley to Absolute. Should Imperial be successful in its appeal of the Judgment, then the parties and the Court would have consumed time, money and other resources for no purpose other than to issue

an advisory opinion on a hypothetical situation. The litigation of such matters are barred by the ripeness doctrine.

## CONCLUSION

For the foregoing reasons, McKinley respectfully requests that this Court vacate the trial date of the bifurcated claims and stay this action pending the appeal from the judgment Absolute obtained against Imperial.

DATED: April 16, 2007                MONTELEONE & McCRORY LLP

Attorneys for Forrest J. McKinley

By _____
PATRICK J. DUFFY III
WILLIAM R. BAERG

## CERTIFICATE OF SERVICE BY ECF

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I certify that on April 17, 2007, a copy of the foregoing was electronically filed with the Clerk of the United States District Court, District of Alaska, using the CM/ECF System and was served electronically on the following:

William R. Baerg, baerg@mmlawyers.com

Eric J. Brown, ebrown@jdolaw.com

Robert J. Dickson, acgecf@acglaw.com

Patrick J. Duffy, III, duffy@mmlawyers.com

Jami K. Elison, jamie@marstonelison.com

Michael E. Kreger, mkreger@perkinscoie.com

Thomas A. Larkin, tlarkin@lawssg.com

Terry R. Marston, terry@marstonelison.com

Paul J. Nangle, PaulJ.Nangle@acsalaska.net

Jacob B. Nist, jnist@perkinscoie.com

Peter C. Partnow, PartnowP@LanePowell.com

James B. Stoetzer, StoetzerJ@LanePowell.com

I declare under penalty of perjury under the laws of the United States that the above is true and correct. Executed on April 17, 2007, at Los Angeles, California.

_____
SALLIE RASPA