1  Terry R. Marston, *pro hac vice,* terry@marstonelison.com
   Jami K. Elison, *pro hac vice,* jami@marstonelison.com
2  Jesse P. Elison, *pro hac vice,* jesse@marstonelison.com
   MARSTON ELISON, PLLC
3  16880 N.E. 79th Street
   Redmond, Washington 98052
4  (425) 861-5700

5  PAUL J. NANGLE & ASSOCIATES
   Kerry Building
6  101 Christensen Drive
   Anchorage, Alaska 99501
7  Telephone: (907) 274-8866

8  Attorney for Plaintiff ABSOLUTE ENVIRONMENTAL SERVICES, INC.

9  UNITED STATES DISTRICT COURT
   FOR THE DISTRICT OF ALASKA

10 ABSOLUTE ENVIRONMENTAL SERVICES)
11 INC., an Alaska Corporation,                )   Case No.: A03-0199CV (RRB)
                                               )
12         Plaintiff,                          )   **ABSOLUTE'S MOTION FOR PARTIAL**
           vs.                                 )   **RECONSIDERATION &**
13                                             )   **CLARIFICATION**
   FORREST J. MCKINLEY, an individual,         )
14 d/b/a "Imperial Industrial Coatings" and    )
   EMERCO, INC., a California Corporation,     )
15 d/b/a Imperial Industrial Coatings,         )
                                               )
16         Defendant.                          )
   _____ )
17 EMERCO, INC., a California corporation d/b/a)
   Imperial Industrial Coatings, and the States for )
18 Use and Benefit of EMERCO, INC.,            )
                                               )
19 Counterclaimant/Third-party Claimant,       )
                                               )
20 v.                                          )
                                               )
21 ABSOLUTE ENVIRONMENTAL                      )
   SERVICES, INC., an Alaska corporation,      )
22 et al.,                                     )
                                               )
23 Cross-defendants/Third-party Defendants.    )
                                               )
24 _____

25

26

| | |
|---|---|
| THE UNITED STATES OF AMERICA for the use and benefit of ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, | ) ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation. | ) ) ) |
| Defendants. | ) |
| BRECHAN ENTERPRISES, INC., an Alaska corporation, | ) ) ) |
| Counterclaim Plaintiff, | ) |
| vs. | ) ) |
| ABSOLUTE ENVIRONMENTAL SERVICES INC., an Alaska Corporation, | ) ) ) |
| Counterclaim Defendant | ) |
| BRECHAN ENTERPRISES, INC., an Alaska corporation, | ) ) ) |
| Third-Party Plaintiff, | ) |
| vs. | ) ) |
| COFFMAN ENGINEERS, INC, a Washington Corporation. | ) ) ) |
| Third-Party Defendant. | ) |
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, | ) ) ) |
| Plaintiff/Cross-claimant, | ) |
| vs. | ) ) |
| COFFMAN ENGINEERS, INC, a Washington Corporation. | ) ) ) |
| Third-Party Defendant. | ) |

ABSOLUTE'S MOTION FOR PARTIAL RECONSIDERATION & CLARIFICATION
Case No. A03-0199CV (RRB)-- 2

## RELIEF REQUESTED

Plaintiff Absolute Environmental Services, Inc. requests partial reconsideration of Order Re Final Judgments, 18th day of April, 2007 (Appendix A) as follows:

(1) Under applicable law, under Article 5 of the Subcontract agreement (Appendix B) Absolute is entitled to a full attorney fee award against Emerco without regard to any limitations imposed by Rule 82.

(2) Courts typically assess enhanced awards under Rule 82 as a percentage of actual fees incurred and using that computation method here for Absolute's fee award against Brechan results in a more equitable outcome.

## MOTION

**1. It was legal error to base fees against Emerco on Rule 82 rather than the Subcontract agreement.**

Absolute and Emerco agreed that contract agreements prevail over the limitations of Rule 82. "[W]here a contract between the parties allows for one party to recover attorney's fees in the event of litigation, 'the contract provision must prevail over any limitations otherwise imposed by Rule 82.'" *Rockstad v. Erikson*, 113 P.3d 1215, 1224 (Alaska 2005). Without any supporting argument, Emerco suggested that the contract clause does not apply. There is no question it applies. Absolute sued Emerco for failing to remedy contractual deficiencies after submitting three cure notices to Emerco. Absolute supplemented Emerco's work force and sued Emerco for damages incurred in completing and correcting Emerco's work. Article 5 states in full:

> FAILURE OF PERFORMANCE. Should Subcontractor fail to satisfy contractual deficiencies within three (3) working days from receipt of Contractor's written notice, then the Contractor, without prejudice to any right or remedies, shall have the right to take whatever steps it deems necessary to correct said deficiencies and charge the cost thereof to Subcontractor, who shall

be liable for payment of same, including reasonable overhead, profit, and attorneys fees.

With the KTA-Tator costs included, the jury found that Emerco was responsible for 15.25% of Absolute's total damages. Having caused that percentage of Absolute's damages, the Court should assess against Emerco and award to Absolute 15.25% of the actual fees incurred by Absolute in this litigation. Basing the award on Rule 82 and not discussing the Subcontract agreement, the April 18, 2007 Order Re Final Judgments awarded Absolute fees against Emerco in the amount of 50% of the judgment against Emerco. That results in an award of $102,534.35. Absolute requests this Court reconsider and award Absolute $237,148[1] in fees against Emerco based on Article 5 of the Subcontract and the jury's allocation of fault to Emerco.

2. **Consistent with applicable law and to allow Absolute to recover a percentage of its total fees incurred, this Court should reconsider the computation method for the fee award against Brechan.**

Because fee awards are designed to provide compensation for fees incurred, the most equitable baseline for an award is the actual attorney fee total. Courts that award enhanced fees under Rule 82 have done so as a percentage of actual fees incurred. *See Cole v. Bartels*, 4 P.3d 956, 961 (Alaska 2000) (75% of actual fees incurred) and *Marathon Oil Co. v. ARCO Alaska, Inc.* (80% of attorney's fees incurred). Using Absolute's actual fees, the jury's allocation of fault, and this Court's determination that a 50% award is appropriate, this Court can clarify an equitable method of computing Absolute's fee award against Brechan: 50% of (47.5% of actual fees). Using those percentages, Absolute requests an award of $369,329.60 from Brechan. Using a different computation method, the April 18, 2007 Order Re. Final Judgments awarded

---

[1] The previous request of $236,854 has been adjusted slightly to be consistent with the total fees documented in the motions and materials filed with this Court. In any event, the amount requested remains 15.25% of the total fees incurred by Absolute.

$319,632.75. Therefore, in essence, Absolute is requesting this Court take the 50% rate decided by this Court, clarify the computation method, base the award on actual fees incurred ($1,555,072) and the jury's allocation of fault (47.5%), and allow Absolute the additional $49,696.85 that results from computing the award as requested. This request is fully consistent with applicable law and results in a more equitable outcome.

## CONCLUSION

First, Absolute is entitled to a full fee award against Emerco. Reconsideration of the April 18, 2007 Order Re. Final Judgment is necessary to enable Absolute to obtain the benefit of Article 5 of its Subcontract agreement with Emerco. Second, clarification is appropriate on the computation method for Absolute's award against Brechan because there is a simple method of computing the award in an equitable manner and consistent with applicable law. By leaving in place the jury's fault allocation and taking the Court's determination that a 50% award is appropriate, Absolute's fee award against Brechan can be computed against actual fees incurred. Absolute requests this relief from this Court.

DATED this 23rd day of April, 2007.

**MARSTON ELISON, PLLC**

By s/Jami K. Elison
    Terry R. Marston II, WSBA No. 14440
    Jami K. Elison, WSBA No. 31007
Attorneys for Plaintiff Absolute Environmental Service, Inc.

I hereby certify that on the date given a copy of the forgoing was electronically filed with the Clerk of Court using the CM/ECF system and was served electronically on the following:

William R. Baerg, Patrick J. Duffy
Eric J. Brown
Robert J. Dickson
Michael E Kreger, Jacob Nist
James B. Stoetzer, Peter C. Partnow
Thomas A. Larkin

s/Jami K. Elison             .