Terry R. Marston, *pro hac vice,* terry@marstonelison.com
Jami K. Elison, *pro hac vice,* jami@marstonelison.com
Jesse P. Elison, *pro hac vice,* jesse@marstonelison.com
MARSTON ELISON, PLLC
16880 N.E. 79th Street
Redmond, Washington 98052
(425) 861-5700

PAUL J. NANGLE & ASSOCIATES
Kerry Building
101 Christensen Drive
Anchorage, Alaska 99501
Telephone: (907) 274-8866

Attorney for Plaintiff ABSOLUTE ENVIRONMENTAL SERVICES, INC.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES INC., an Alaska Corporation,<br><br>Plaintiff,<br>vs.<br><br>FORREST J. MCKINLEY, an individual, d/b/a "Imperial Industrial Coatings" and EMERCO, INC., a California Corporation, d/b/a Imperial Industrial Coatings,<br><br>Defendant.<br>_____<br>EMERCO, INC., a California corporation d/b/a Imperial Industrial Coatings, and the States for Use and Benefit of EMERCO, INC.,<br><br>Counterclaimant/Third-party Claimant,<br><br>v.<br><br>ABSOLUTE ENVIRONMENTAL SERVICES INC., an Alaska corporation, et al.,<br><br>Cross-defendants/Third-party Defendants. | Case No.: A03-0199CV (RRB)<br><br>**ABSOLUTE'S OPPOSITION TO MCKINLEY'S MOTION TO VACATE TRIAL DATE AND STAY ACTION PENDING APPEAL** |

| | |
|---|---|
| THE UNITED STATES OF AMERICA for the use and benefit of ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, | )<br>)<br>)<br>)<br>) |
| Plaintiff, | ) |
| vs. | )<br>) |
| SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation. | )<br>)<br>) |
| Defendants. | ) |
| BRECHAN ENTERPRISES, INC., an Alaska corporation, | )<br>)<br>) |
| Counterclaim Plaintiff, | ) |
| vs. | )<br>) |
| ABSOLUTE ENVIRONMENTAL SERVICES INC., an Alaska Corporation, | )<br>)<br>) |
| Counterclaim Defendant. | ) |
| BRECHAN ENTERPRISES, INC., an Alaska corporation, | )<br>)<br>) |
| Third-Party Plaintiff, | ) |
| vs. | )<br>) |
| COFFMAN ENGINEERS, INC, a Washington Corporation. | )<br>)<br>) |
| Third-Party Defendant. | ) |
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, | )<br>)<br>) |
| Plaintiff/Cross-claimant, | ) |
| vs. | )<br>) |
| COFFMAN ENGINEERS, INC, a Washington Corporation. | )<br>)<br>) |
| Third-Party Defendant. | ) |

## RELIEF REQUESTED

Plaintiff Absolute Environmental Services, Inc. requests this Court deny McKinley's Motion to Vacate Trial Date and Stay Action.

## FACTS

All parties anticipated that trial in this matter would include Absolute's Count III (piercing the corporate veil) and Count IV (liability of Agent for Contract of Undisclosed Principal) against Forrest J. McKinley. All parties prepared for trial accordingly. On September 27, 2006 the parties entered a stipulation to bifurcate those claims. That stipulation had nothing to do with "ripeness." That stipulation was reasonable because on October 2, 2006 the parties would begin a trial that was already going to be long and complex without trying these additional claims. In the interest of economy, the parties bifurcated claims that would have otherwise gone to trial at that time.

Absolute and Forrest J. McKinley now have a trial set for September 2007 on those bifurcated claims. Emerco has filed a notice of appeal on the judgment that will soon be entered against it. At this point in time, there is nothing that would stay Absolute's ability to pursue recovery on that judgment even with the appeal pending. It remains to be seen whether Emerco will post a bond to secure the judgment and file a motion for stay of the judgment under FRAP 8(a)(1). The fact that Emerco has filed a notice of appeal that might take years to resolve has no bearing whatsoever on the legal and factual issues that are appropriately before this Court and scheduled to be resolved at a trial in September. Further delay of the September 2007 trial could only affect evidence and witness recollection in a negative manner. There is no justification for doing so. Emerco's argument is without merit and the legal constitutional principal (ripeness) upon which it bases its motion is obviously misplaced.

## AUTHORITY

McKinley's argument is based on ripeness. But it is clearly misplaced:

> In determining whether a dispute is ripe, the court looks to the situation as of the time suit was filed. *See Malama Makua v. Rumsfeld*, 136 F.Supp.2nd 1155, 1161 (D.Haw.2001) ("ripeness" is an element of jurisdiction and is measured at the time an action is instituted"); *Bradley v. Work*, 916 F.Supp. 1446, 1464 (S.D.Ind.1996) ("ripeness is determined as of the date of filing the action"), *aff'd* 154 F.3d 704 (1998); *cf. Lockary v. Kayfetz*, 917 F.2d 1150, 1153-54 (9th Cir. 1990) (ripeness in takings case determined at time suit was filed). "The ripeness doctrine is designed to prevent premature judicial intervention in uncompleted agency proceedings and to insure that challenged agency decisions have a concrete impact on the parties involved." *Friedman Bros. Inv. Co. v. Lewis*, 676 F.2d 1317, 1319 (9th Cir.1982) (citing *Abbott Labs. v. Gardner*, 387 U.S. 136 136, 148-49, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967), *overruled on other grounds Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980. 51 L.Ed.2d 192 (1977)).

*Democratic Nat'l Committee v. Watada*, 198 F.Supp.2d 1193, 1197 (D.Haw.2002). That federal district court concluded: "Ripeness is not affected by events occurring after a suit is filed." Specifically, ripeness is not affected by Emerco having taken an appeal on a judgment against them.

McKinley's argument is that Absolute might not be able to collect from McKinley due to the pendency of Emerco's appeal. Federal law is clear that one party is entitled to establish its rights against another party without regard to whether it will collect on a money judgment:

> Whether an insurer holds a right to subrogation, however, is different from the question of whether it must indemnify an insured. The right to subrogation can be resolved whether or not the action in which it may or may not be exercised is pending or has even been initiated. Although an insurer does not have a *subrogate interest* in a particular legal claim until liability in that claim is established, whether a party has the *right to subrogation* should be a relevant legal claim arise is a different issue and can be resolved in a declaratory judgment action before the rights or obligations of the insured are established. *See Allendale Mutual Ins. Co. v. Kaiser Engineers Div. of Henry J. Kaiser Co.*, 804 F.2d 592 (10th Cir.1986).

*Metayer v. PFL Life Ins. Co.* 30 F.Supp.2d 57, 59 (D.Me. 1998)(Memorandum of Decision and Order). Under the same analysis, Absolute is entitled to establish its rights against Forrest J. McKinley

as a separate matter from Absolute collection interest against Forrest J. McKinley. That will occur through the September 2007 trial.

The proper legal analysis is not presented in McKinley's motion:

> This court evaluates a motion for stay pending appeal using tests on a continuum like that used for injunctive relief. At one end of the continuum, the appellant "must show both a probability of success on the merits in his appeal and the possibility of irreparable injury. At the other end of the continuum, [the appellant] must demonstrate that serious legal questions are raised and that the balance of hardships tips sharply in his favor."

*Watada*, 198 F.Supp.2d at 1196. McKinley's motion does not assert nor justify those criteria. On the contrary, staying the separate claims against Forrest J. McKinley will create undue delay and an injustice.

## CONCLUSION

This Court should deny McKinley's motion.

DATED this 2nd day of May, 2007.

**MARSTON ELISON, PLLC**

By s/Jami K. Elison
   Terry R. Marston II, WSBA No. 14440
   Jami K. Elison, WSBA No. 31007
Attorneys for Plaintiff Absolute Environmental Service, Inc.

I hereby certify that on the date given a copy of the forgoing was electronically filed with the Clerk of Court using the CM/ECF system and was served electronically on the following:

William R. Baerg, Patrick J. Duffy
Eric J. Brown
Robert J. Dickson
Michael E Kreger, Jacob Nist
James B. Stoetzer, Peter C. Partnow
Thomas A. Larkin

s/Jami K. Elison