Michael E. Kreger
Alaska Bar No. 8311170
mkreger@perkinscoie.com
Perkins Coie LLP
1029 W. Third Avenue, Suite 300
Anchorage, Alaska  99501
(907) 279-8561
(907) 276-3108 (Facsimile)

Attorneys for Defendant Brechan Enterprises, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska corporation,<br><br>Plaintiff,<br><br>v.<br><br>FORREST J. McKINLEY, et al.,<br><br>Defendants. | Case No. A03-0199 Civil (RRB) |

**BRECHAN'S OPPOSITION TO ABSOLUTE'S MOTION
FOR PARTIAL RECONSIDERATION**

Brechan Enterprises opposes Absolute's motion to reconsider the Court's Order dated April 18, 2007 (Docket 606), awarding attorneys' fees to Absolute.

The Court awarded enhanced attorneys' fees under Alaska Rule of Civil Procedure 82(b)(3).  The Court determined the amount of the award by taking a percentage of the verdict against Brechan.  This resulted in an enhanced fee award considerably higher than the amount that would have been awarded to Absolute

under the Rule 82(b)(1) schedule.  Nevertheless, Absolute argues that the Court should have awarded a higher amount by computing the enhanced fee award as a percentage of Absolute's actual fees.  Absolute's argument for reconsideration is not supported by Alaska law.

      First, the Court was not required under Rule 82 to calculate an enhanced fee award to the plaintiff based upon a percentage of Absolute's actual fees.  The text of Rule 82(b)(3) does not specify any particular method for the Court to calculate an enhanced fee award.  The rule simply states that the Court may vary the amount otherwise awarded under 82(b)(1) or 82(b)(2), and leaves it to the Court to determine the basis for its variation.  "The court may vary an attorney's fee award calculated under subparagraph (b)(1) or (2) of this rule if, upon consideration of the factors listed below, the court determines a variation is warranted."  Thus, this Court's approach was not contrary to any provision of Rule 82.

      Second, the case law interpreting Rule 82 also does not require trial judges to compute enhanced fee awards to plaintiffs by using a percentage of plaintiff's actual fees.  In support of its motion for reconsideration, Absolute cites two cases in which Superior Court judges departed from the 82(b)(1) schedule, and awarded fees to plaintiffs based upon a percentage of the plaintiff's actual fees.  The Alaska

Supreme Court affirmed one of the fee awards,[1] and reversed the other one.[2] In Cole, there is no indication that the argument Absolute makes here was considered and decided by the Supreme Court. The opinion has no discussion about whether the Superior Court should have used some other method to compute the plaintiff's fee award. The only point that Cole establishes is that it was not an abuse of discretion for the Superior Court judge to use a "percentage of actual fees" method to calculate the enhanced fee award. Nothing in that decision indicates that it is an abuse of discretion for a trial judge to make an enhanced fee award to the plaintiff based on a percentage of the amount awarded to the plaintiff at trial.

In at least one other reported decision, the Alaska Supreme Court affirmed an enhanced fee award to a plaintiff that was not based on a "percentage of actual fees" calculation. In International Seafoods of Alaska, Inc. v. Bissonette, 146 P.3d 561 (Alaska 2006), the trial judge awarded the plaintiffs the amount calculated under the Rule 82(b)(1) schedule, and then enhanced the award by adding a flat $15,000 to the standard award. Id. at 565. The Supreme Court affirmed. Id. at 572-73. Again, the point is not that the trial judge is required to use this particular methodology for determining the fee award. The point is that the trial judge has

---

[1] Cole v. Bartels, 4 P.3d 956 (Alaska 2000).

discretion in making an enhanced fee award, and may use some method other than a "percentage of actual fees" method.

In this case, the Court reasonably elected not to use a percentage of "actual fees" method. Using a percentage of actual fees method would have plunged the Court into contentious issues regarding which portions of Absolute's attorneys' fees should be included in the base amount. As the Court will recall, Absolute incurred substantial fees (approximately $470,000) during a period when a) Brechan was not a party at all, or b) Imperial was suing Brechan and Absolute was not.[3] If the Court had based its fee award on Absolute's actual fees, the Court would have had to address this issue and perhaps other issues regarding Absolute's actual fees, to determine the base amount for the calculation. The Court's decision avoided this contentious issue, and resolved the fee award using a different and acceptable approach.

---

[2] Marathon Oil Co. v. ARCO Alaska, Inc., 972 P.2d 595, 604-05 (Alaska 1999). Since the Supreme Court reversed the fee award in Marathon Oil, the holding does not support Absolute's argument.

[3] In its motion for reconsideration, Absolute refers to a base number of $1.55 million in actual fees. This number includes approximately $470,000 in attorneys' fees that Absolute incurred before Absolute sued Brechan. If the Court reconsiders its award and switches to a "percentage of actual fees" method, it should exclude these fees from the base amount of Absolute's actual fees. See Brechan's Opposition to Absolute's Motion for Attorneys' Fees (Docket 586) at pp. 10-11.

The amount of the attorneys' fee award against Brechan was within the Court's discretion under Rule 82(b)(3). The Court should deny Absolute's motion for reconsideration of the attorneys' fee award against Brechan.

DATED at Anchorage, Alaska on May 4, 2007.

By   /s/ Michael E. Kreger
Michael E. Kreger
Alaska Bar No. 8311170
Perkins Coie LLP
1029 W. Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561
(907) 276-3108 (Facsimile)
Email: mkreger@perkinscoie.com

I hereby certify that on May 4, 2007, the foregoing
has been served by electronic mail on William R.
Baerg, Terry R. Marston II, Eric J. Brown, and
Thomas A. Larkin.

  /s/ Michael E. Kreger
    Michael E. Kreger

Absolute v. McKinley, et al.
Case No. 3:03-cv-0199-RRB             -5-
38599-0012/LEGAL13196800.1