ERIC J. BROWN, ESQ.
JERMAIN DUNNAGAN & OWENS, P.C.
3000 A. Street, Suite 300
Anchorage, Alaska 99503-4097
Telephone: (907) 563-8844
Facsimile: (907) 563-7322 (ebrown@jdolaw.com)

PATRICK J. DUFFY, III, ESQ.
WILLIAM R. BAERG, ESQ.
MONTELEONE & McCRORY, LLP
725 S. Figueroa Street, Suite 3200
Los Angeles, California 90017-5446
Telephone: (213) 612-9900
Facsimile: (213) 612-9930
(duffy@mmlawyers.com)
(baerg@mmlawyers.com)

Attorneys for Defendant and
Cross-Complainant EMERCO, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaskan Corporation,<br><br>    Plaintiff,<br><br>v.<br><br>FORREST J. McKINLEY and "JANE DOE" McKINLEY, and the marital community property composed thereof d/b/a/ "Imperial Industrial Coatings" and EMERCO, INC., a California Corporation d/b/a/ Imperial Industrial Coatings,<br><br>    Defendants.<br><br>AND RELATED CROSS-ACTIONS | CASE NO. A-03-0199 Civil (RRB)<br><br>**OPPOSITION OF EMERCO, INC., DBA IMPERIAL INDUSTRIAL COATINGS TO PLAINTIFF'S MOTION FOR PARTIAL RECONSIDERATION AND CLARIFICATION RE: ATTORNEYS' FEES** |

Defendant Emerco, Inc., dba Imperial Industrial Coatings ("Imperial") opposes Absolute Environmental Services, Inc.'s ("Absolute") motion for partial reconsideration and clarification of this Court's Order dated April 18, 2007 awarding attorney' fees for the following reasons:

**FIRST:** Absolute wrongly claims that "Absolute and Imperial agreed that contract agreements prevail over the limitations of Rule 82." [Motion for Partial Reconsideration at 2:13-

15]. To the contrary, Imperial argued that those contract provisions do not apply to the fees requested by Absolute in this litigation because the attorneys' fee clauses in the contract were limited to specific kinds of disputes which were not at issue in this case. For example, Article 5 (relied on by Absolute in its motion for reconsideration) concerned disputes specifically tied to the correction of deficient work (and included overhead and profit in addition to attorneys' fees). This clause was not a general clause that provided for an award of attorneys' fees in connection with any and all litigation arising from or related to the project or the contract; just those fees incurred **during the project** in getting the contractor to take steps to cure a defect following a three-day notice. Absolute, however, has not demonstrated what fees are related to any particular three day notice or defect in the work. Assuming Absolute had done so, it is more likely than not that those fees would be much less than the general litigation fees it seeks in the motion. In other words, Absolute is better off pursuing fees under Rule 82 than solely on any contract provision.

**SECOND**: Although the jury found Imperial 12.5 % at fault (not the 15.25 % as claimed by Absolute in its motion for reconsideration), that does not translate to Imperial being responsible for an identical percent of ALL the attorney fees incurred by Absolute in this lawsuit. As conceded by Absolute in its original motion for fees, "Brechan STOLE from Absolute Environmental Services. *Absolute would not have been in this lawsuit had it not been for Brechan's INTENTIONAL conduct.*" (italicized emphasis added) [Decl. Olson at p. 5, lines 16-19]. Mr. Olson acknowledged that "It was Brechan's actions that made this 'a very complicated case.'" [Id. at p. 6, line 5]. Absolute has failed to even attempt to apportion or otherwise correlate the specific attorneys' fees attributable to the Imperial-specific litigation activities. Because Absolute failed to even attempt such apportionment, the Court employed the Rule 82 formula.

Brechan Enterprises made a good point in its opposition, and it is worth repeating: "In this case, the Court reasonably elected not to use a percentage of 'actual fees' method. Using a percentage of actual fees method would have plunged the Court into contentious issues regarding which portions of Absolute's attorney's fees should be included in the base amount." Absolute did not help itself, the parties, or the Court out in any way. Absolute simply presented all of its

1 fees without apportioning them according to which party was involved in the fees, which party
2 caused those fees to be incurred, or what deductions should be made based on lawyer
3 inefficiencies. That would have raised many contentious issues, and Absolute apparently chose
4 not to bring those issues up for consideration. As noted by Brechan Enterprises, "The Court's
5 decision avoided this contentious issue, and resolved the fee award using a different and
6 acceptable approach."

7     For the foregoing reasons, Imperial respectfully requests the motion for reconsideration
8 and clarification be denied.

10 DATED: May 10, 2007             MONTELEONE & McCRORY LLP

11                                       Attorneys for Emerco, Inc., dba Imperial Industrial Coatings

14                                       By _____
15                                             PATRICK J. DUFFY III
                                            WILLIAM R. BAERG

# CERTIFICATE OF SERVICE BY ECF

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I certify that on May 11, 2007, a copy of the foregoing was electronically filed with the Clerk of the United States District Court, District of Alaska, using the CM/ECF System and was served electronically on the following:

William R. Baerg, baerg@mmlawyers.com

Eric J. Brown, ebrown@jdolaw.com

Robert J. Dickson, acgecf@acglaw.com

Patrick J. Duffy, III, duffy@mmlawyers.com

Jami K. Elison, jamie@marstonelison.com

Michael E. Kreger, mkreger@perkinscoie.com

Thomas A. Larkin, tlarkin@lawssg.com

Terry R. Marston, terry@marstonelison.com

Paul J. Nangle, PaulJ.Nangle@acsalaska.net

Jacob B. Nist, jnist@perkinscoie.com

Peter C. Partnow, PartnowP@LanePowell.com

James B. Stoetzer, StoetzerJ@LanePowell.com

I declare under penalty of perjury under the laws of the United States that the above is true and correct. Executed on May 11, 2007, at Los Angeles, California.

_____
SALLIE RASPA