Page 1

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA


ABSOLUTE ENVIRONMENTAL
SERVICES, INC. an Alaska corporation,

       Plaintiff,

   vs.

FORREST J. MCKINLEY, an individual,
d/b/a "Imperial Industrial Coatings"
and EMERCO, INC., a California
Corporation, d/b/a Imperial Industrial
Coatings,

       Defendant.

_____

Case No. A03-0199 CV (RRB)




DEPOSITION OF RALPH THOMAS PUETT

Taken November 1, 2004
Commencing at 9:45 a.m.

Volume I - Pages 1 - 163, inclusive



Taken by the Plaintiff
at
PERKINS, COIE
1029 W. Third Av., Suite 300
Anchorage, AK  99501

Exhibit A, Page 1 of 7

Page 2

1    A P P E A R A N C E S
2

     For Absolute Environmental:
3
                 MARSTON, HEFFERNAN, FOREMAN, PLLC
4                BY:  Terry R. Marston, II
                 16880 N.E. 79th Street
5                Redmond, WA  98502
                 (425) 861-5700
6

     For Brechan Enterprise, Inc.:
7
                 PERKINS COIE
8                BY:  Michael Kreger
                      Jacob Nist
9                1029 West Third Avenue, Suite 300
                 Anchorage, AK  99501
10               (907) 279-8561
11   For Specialty Polymer Coatings:
12               ATKINSON, CONWAY & GAGNON
                 BY:  Robert Dickson
13               420 L Street, Suite 500
                 Anchorage, AK  99501
14               (907) 276-1700
15   For Coffman Engineers:
16               LANE, POWELL, SPEARS, LUBERSKY
                 BY:  Peter Partnow
17               301 W. Northern Lights Blvd., Suite 30
                 Anchorage, AK  99503
18               (907) 264-3317
19   For Defendant:
20               JERMAIN, DUNNAGAN & OWENS
                 BY:  Eric Brown
21               3000 A Street, Suite 300
                 Anchorage, AK  99503
22               (907) 563-8844
23   Present:  Dave Olson
24   Reporter:  Susan J. Warnick, RPR
25

     Midnight Sun Court Reporters   (907) 258-7100

1

2

3    BE IT KNOWN that the aforementioned deposition was taken

4    at the time and place duly noted on the title page, before

5    Susan J. Warnick, Registered Professional Reporter and

6    Notary Public within and for the State of Alaska.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Midnight Sun Court Reporters    (907) 258-7100

Exhibit A, Page 3 of 7

# Annotation Report

# MSJ; Agent's Liability for Undisclosed Principal
## R.T. "Tom" Puett - Deposition Excerpts

|                |                      |
|---------------:|----------------------|
| **Created by** | TRM                  |
| **Creation date** | Jul 24, 2007      |
| **Project**    | absolute-mckinley70  |
| **Sort order** | Transcript, Location |

## Puett, Ralph Thomas - Vol. 1
**5:3-6:4**
**Issues:**     29 McKinley Motion
**User:** terry

```
5: 3            Looking at Exhibit No. 3, which is a court
   4  pleading entitled, Notice of Deposition upon Oral
   5  Examination to Emerco, Inc., pursuant to FRCP 30(b)(6).
   6  And drawing your attention to the second page of that
   7  document where Emerco, Inc., has been requested to provide
   8  for examination a witness knowledgeable in certain areas.
   9            Is it your testimony that you have been
  10  designated by Emerco, Inc., to testify on its behalf in
  11  response to this notice of deposition?
  12  A    No.
  13  Q    Have you seen Exhibit 3 before?
  14  A    No.
  15  Q    Can you tell me what the circumstances of your being
  16  here today are?
  17  A    A witness for Imperial Industrial Coatings.
  18  Q    Who is your employer?
  19  A    Imperial Industrial Coatings.
  20  Q    What is Imperial Industrial Coatings?
  21  A    It's a coatings company.
  22  Q    Is it a sole proprietorship?
  23  A    I don't know that.
  24  Q    Is it a corporation?
  25  A    I don't know that.
6: 1  Q    Is it a limited liability company?
   2  A    I don't know that.
   3  Q    Are you familiar with these terms that I'm using?
   4  A    Yes.
```

## Puett, Ralph Thomas - Vol. 1
**8:6-11**
**Issues:**     28 Agency     29 McKinley Motion
**User:** terry

```
8: 6  Q    Is it your belief that you are employed by a company
   7  named Emerco, Incorporated?
   8  A    No.
   9  Q    Have you ever been employed by a company named
  10  Emerco, Incorporated?
  11  A    No.
```

## Puett, Ralph Thomas - Vol. 1
**11:23-12:24**
**Issues:**     28 Agency     29 McKinley Motion
**User:** terry

```
11:23           If I understand your testimony correctly, what
  24  you're telling me is that you do not believe you were ever
  25  employed by a corporation name Emerco, Incorporated; is
12: 1  that right?
```

Exhibit A, Page 5 of 7

```
 2  A    Yes.
 3  Q    And you never mentioned or told David Olson that you
 4  were employed by a company called Emerco, Incorporated?
 5  A    No.
 6  Q    And during the entirety of the project, wharf project
 7  in Kodiak, you did not believe that you were employed by
 8  Emerco, Incorporated?
 9  A    Yes.
10  Q    But it's your testimony that you don't know whether
11  Imperial Industrial Coatings is a corporation, or is a
12  limited liability company, or is a sole proprietorship; is
13  that right?
14  A    That's correct.
15  Q    Or is in fact any other type of a business entity?
16  A    I don't understand that question.
17  Q    You never inquired as to the nature of the company
18  you were employed by.  Is that a fair statement?
19  A    I don't know that I had to inquire.
20  Q    Forrest McKinley hired you?
21  A    Yes.
22  Q    Was it your understanding that Forrest McKinley was
23  personally responsible for paying your salary?
24  A    That was my understanding.
```

## Puett, Ralph Thomas - Vol. 1
**38:6-40:3**
**Issues:**    28 Agency      29 McKinley Motion
**User:** terry

```
38: 6  Q    Do you have Exhibit No. 1?  It's right here.
     7        Do you recognize Exhibit No. 1?
     8        (Off record.)
     9  BY MR. MARSTON:
    10  Q    Can you tell me what Exhibit No. 1 is?
    11  A    I don't see an exhibit in the back here.
    12        MR. BROWN:  The entire document itself is
    13  Exhibit 1 to the deposition.
    14        THE WITNESS:  Oh.  It's a written response
    15  to interrogatories.
    16  BY MR. MARSTON:
    17  Q    Is that a document you've seen before?
    18  A    Yes.
    19  Q    Were you the author of most of the information
    20  contained within Exhibit 1?
    21  A    Yes.
    22  Q    And is Exhibit 1 in fact a document that bears your
    23  signature on it, third to last page?
    24  A    I signed the verification, yes.
    25  Q    And did you read the entirety of Exhibit 1 before
39: 1  signing the verification?
     2  A    Yes.
     3  Q    And, to the best of your knowledge and belief, all
     4  the information contained there is true?
     5  A    Yes.
     6  Q    I want to ask you again about that signature page.
     7  The second paragraph reads, "I am a project manager of
     8  Emerco, Inc., a party to this action, and am authorized to
     9  make this verification for and on its behalf, and I make
```

10 **that verification for that reason." Do you see that?**
11 A    Yes.
12 **Q    Did you see that language before you signed the**
13 **document?**
14 A    Yes.
15 **Q    And is that statement a true statement?**
16 A    No.
17 **Q    Why did you sign this document and declare it to be**
18 **truthful if in fact you recognized that there was an**
19 **untruthful statement within it?**
20 A    I told Bill Baerg at the time that I was employed by
21 Imperial Industrial Coatings.  He left this language in
22 here.  And it didn't really matter to me.  He said it
23 didn't make a difference.
24 **Q    But you knew it was there and you objected to it to**
25 **Mr. Baerg and, based upon his assurance that it didn't**
40: 1 **make any difference, you went ahead and signed it, even**
   2 **though that statement is a false statement?**
   3 A    That's correct.

absolute-mckinley70                              Created by TRM on Jul 24, 2007