Terry R. Marston, *pro hac vice,* terry@marstonelison.com
Jami K. Elison, *pro hac vice,* jami@marstonelison.com
Jesse P. Elison, *pro hac vice,* jesse@marstonelison.com
MARSTONELISON, PLLC
16880 N.E. 79th Street
Redmond, Washington 98052
(425) 861-5700

PAUL J. NANGLE & ASSOCIATES
Kerry Building
101 Christensen Drive
Anchorage, Alaska 99501
Telephone: (907) 274-8866

Attorney for Plaintiff ABSOLUTE ENVIRONMENTAL SERVICES, INC.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, )<br><br>Plaintiff, )<br>vs. )<br><br>FORREST J. MCKINLEY, an individual, d/b/a "Imperial Industrial Coatings" and EMERCO, INC., a California Corporation, d/b/a Imperial Industrial Coatings, BRECHAN ENTERPRISES, INC., an Alaska corporation; and SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation. )<br><br>Defendants. )<br>EMERCO, INC., a California corporation d/b/a) Imperial Industrial Coatings, and the States for ) Use and Benefit of EMERCO, INC., )<br><br>Counterclaimant/Third-party Claimant, )<br><br>v. )<br><br>ABSOLUTE ENVIRONMENTAL SERVICES) INC., an Alaska corporation, et al., )<br><br>Cross-defendants/Third-party Defendants. ) | Case No.: A03-0199CV (RRB)<br><br>**DECLARATION OF DAVID OLSON IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON LIABILITY OF FORREST J. MCKINLEY AS AN AGENT OF AN UNDISCLOSED PRINCIPAL** |

THE UNITED STATES OF AMERICA *for the use and benefit of* ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation,

                Plaintiff,

      vs.

SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation.

              Defendants.

BRECHAN ENTERPRISES, INC., an Alaska corporation,

           Counterclaim Plaintiff,

      vs.

ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation,

           Counterclaim Defendant.

BRECHAN ENTERPRISES, INC., an Alaska corporation,

           Third-Party Plaintiff,

      vs.

COFFMAN ENGINEERS, INC, a Washington Corporation.

           Third-Party Defendant.

ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation,

           Plaintiff/Cross-claimant,

      vs.

COFFMAN ENGINEERS, INC, a Washington Corporation.

           Third-Party Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

I, David Olson, being first duly sworn, declare and say as follows:

1. I am the president of Absolute Environmental Services, Inc. ("Absolute"), an Alaska corporation with its principal place of business being in Anchorage. I have personal knowledge of the facts set forth below.

2. Absolute was presented with an opportunity to perform as a subcontractor to Brechan Enterprises, Inc. on Phase II of the Kodiak Cargo Wharf Renovation project.

3. After receiving the invitation to submit a pricing proposal to Brechan, I contacted Tom Puett regarding subcontracting to Absolute for a portion of the work on the project. I had met Mr. Puett at a seminar in Texas where Mr. Puett had indicated that he was an experienced coatings contractor. In response to my inquiry, Mr. Puett mentioned that he had left his previous employer and begun work for another company named "Imperial Industrial Coatings." Mr. Puett expressed interest in the Kodiak project and some time later submitted a proposal for the work on behalf of Imperial Industrial Coatings.

4. After negotiating terms, an agreement between Absolute and Imperial was formalized in a written subcontract. Attached hereto as Exhibit A, is a true, correct and complete copy of that subcontract. The parties to the subcontract are identified in that document as "Absolute Environmental Services, Inc." and "Imperial Industrial Coatings." Nothing in the subcontract mentions "Emerco, Inc." or states that "Imperial Industrial Coatings" is a fictitious business name for a corporation named Emerco, Inc.

5. After my signature was placed on the subcontract, it was transmitted to Imperial for Forrest McKinley's counter-signature. McKinley signed for Imperial Industrial Coatings as, "Forrest J. McKinley, Pres." *Id.* (Bate/page no., AES000860). The fully executed contract was returned to us by Imperial on March 4, 2003. *Id.* (Bate/page no., AES000858).

6. Despite numerous communications with Absolute before the subcontract was signed, Tom Puett never informed us that "Imperial Industrial Coatings" was a fictitious business name for a corporation named "Emerco, Inc." I attended nearly all the depositions in this case, including the very first one when Tom Puett admitted under oath that he was not aware of the existence of Emerco, Inc. during the entirety of the project, and that he only learned of its existence during the lawsuit after Imperial had abandoned the project. When it was brought to his attention that he had previously signed interrogatory answers on behalf of "Emerco, Inc.," he continued to deny any knowledge of Emerco, Inc. and testified that he had only signed the interrogatories on its behalf because Imperial's attorneys had instructed him to do so.

7. I also attended the deposition of Forrest McKinley and was present when he was asked if he could account for why Tom Puett would testify that he was unaware until after commencement of the lawsuit that Imperial Industrial Coatings was a dba for a corporation named Emerco, Inc. I heard McKinley respond, "I don't believe that it ever came up in conversation or any paper that passed over his desk. He was the estimator. He was not in the position."

8. McKinley also testified that communications with Absolute were handled by Puett. This is true. I only met Forrest McKinley on one occasion before the end of the project. He stopped by my office in Anchorage before our subcontract was signed. When we met, Tom Puett was also present. At no time during our meeting, or at any other time, did he or Puett ever mention the existence of a corporation named Emerco, Inc. or that Imperial Industrial Coatings was a fictitious business name for Emerco.

9.   I did not learn of the existence of Emerco, Inc. until after I had requested our attorneys to file suit against Imperial in this Court. Before we filed this lawsuit, Imperial had filed a lawsuit of its own against us in California. In that lawsuit, Imperial identified itself in the caption as "Imperial Industrial Coatings, Inc." We looked up that corporation in order to find out who its registered agent was for service of process. There was no record of that corporation in Alaska either as a domestic or foreign corporation doing business in Alaska. There was no record of the corporation within California State filings. There was no record of such a corporation in the records of the county where Imperial's office was said to be. It only when we checked for filings of fictitious business names in that county did the name Imperial Industrial coatings come up. It was said to be a d/b/a of a corporation named Emerco, Inc. When we checked in Alaska for filings for Emerco, Inc., in order to identify its registered agent, I was amazed to find out that Emerco, Inc. had not obtained a registration to do business in Alaska until July 9th (just over three weeks before they abandoned the project) – but they had named by business Absolute Environmental Services, Inc. as its registered agent for service of process.

10.  I had neither been advised of nor consented to acting as registered agent for Imperial Industrial Coatings, much less Emerco, Inc., a corporation I had never heard of. I immediately submitted a resignation to a position I had never agreed to or been informed of.

     I declare under penalty of perjury that the foregoing is true and correct.

     EXECUTED this 24th day of July, 2007 at Kooskia, Idaho.

                                        _____
                                        David E. Olson