ERIC J. BROWN, ESQ.
JERMAIN DUNNAGAN & OWENS, P.C.
3000 A. Street, Suite 300
Anchorage, Alaska 99503-4097
Telephone: (907) 563-8844
Facsimile: (907) 563-7322 (ebrown@jdolaw.com)

PATRICK J. DUFFY, III, ESQ.
WILLIAM R. BAERG, ESQ.
MONTELEONE & McCRORY, LLP
725 S. Figueroa Street, Suite 3200
Los Angeles, California 90017-5446
Telephone: (213) 612-9900
Facsimile: (213) 612-9930
(duffy@mmlawyers.com)
(baerg@mmlawyers.com)

Attorneys for Defendant and
Forrest J. McKinley

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaskan Corporation,<br><br>　　Plaintiff,<br><br>v.<br><br>FORREST J. McKINLEY and "JANE DOE" McKINLEY, and the marital community property composed thereof d/b/a/ "Imperial Industrial Coatings" and EMERCO, INC., a California Corporation d/b/a/ Imperial Industrial Coatings,<br><br>　　Defendants. | CASE NO. A-03-0199 Civil (RRB)<br><br>**OPPOSITION TO MOTION FOR SUMMARY JUDGMENT** |

1. **INTRODUCTION**

Absolute Environmental Service, Inc.'s ("Absolute") motion for summary judgment to hold Forrest J. McKinley personally liable as the agent of an undisclosed principal is best encapsulated by the following dialogue from the classic motion picture *Casablaca*:

| | | |
|---|---|---|
| Rick | : | How can you close me up? On what grounds? |
| Cpt. Renault | : | I'm shocked, shocked to find that gambling is going on in here! |
| Croupier | : | [*handing money to Cpt. Renault*] Your winnings, sir. |
| Cpt. Renault | : | [*sotto voice*] Oh, thank you very much. |

In this case, Absolute feigns shock to learn that when Forrest J. McKinley signed the subcontract agreement as "President" of Imperial Industrial Coatings, he was in fact actually signing the contract on behalf of Imperial Industrial Coatings as its President. Imperial Industrial Coatings is the trade name of Emerco, Inc., which is a California corporation. Its operations are governed by California law. Under California law, a corporation is permitted to use a trade name when it conducts business. When Mr. McKinley signed the subcontract agreement with Absolute, he did so as the President of Imperial Industrial Coatings, not as an individual. It is immaterial that Mr. Olson now makes the subjective claim that he did not know the precise legal status of Imperial. Mr. Olson knew that Mr. McKinley was the agent for a disclosed principal – Imperial Industrial Coatings – and testified so at his deposition. Mr. Olson also acknowledged that Imperial Industrial Coatings was a corporation before he signed the contract. In addition to his own statements, Mr. Olson was on constructive notice that Imperial Industrial Coatings was a trade name for Emerco, Inc. The fact that he knew the identity of the principal as being Imperial Industrial Coatings defeats the motion for summary judgment. Even if the court determines that Mr. Olson's knowledge of the existence of Imperial Industrial Coatings is insufficient, there are triable issues of fact as to whether Mr. Olson knew, of should have known, that Imperial Industrial Coatings was a corporation, and the motion for summary judgment should be denied.

2.  **FACTS DEFEATING SUMMARY JUDGMENT**

Imperial Industrial Coatings is the trade name of Emerco, Inc., which is a California corporation. The corporation, and the trade name, were in good standing at the time of the subcontract was entered into and performed. The fact that Imperial Industrial Coatings was the legal trade name of Emerco, Inc., was published in a newspaper of general circulation in October of 2000. [Decl. McKinley at ¶ 2, Exhibit 1].

The subcontract agreement to which Absolute seeks to hold Mr. McKinley personally liable as an agent for an undisclosed principal was entered into on December 18, 2002, "by and between Absolute Environmental Services (Contractor) and Imperial Industrial Coatings (Subcontractor) . . . ." This is stated on the first page of the subcontract. [Exhibit A, page 2 of 70, attached to the Declaration of David Olson, dated July 24, 2007]

Also printed, in bold type, on the first page of the subcontract agreement is the identification of the subcontractor as being: "**Imperial Industrial Coating**." [Exhibit A, page 2 of 70, attached to the Declaration of David Olson, dated July 24, 2007]

On the second physical page of the subcontract agreement, the subcontract agreement was signed by Forrest J. McKinley as "President" of Imperial Industrial Coatings. Mr. Olson, on the other hand, signed the contract in a much more personal capacity, signing it as the "Owner/President." [Exhibit A, page 3 of 70, attached to the Declaration of David Olson, dated July 24, 2007].

Beneath the signature block for Imperial Industrial Coating is the Subcontractor's Federal Tax ID Number, 33-0918232. It is not an individual's social security number. [Exhibit A, page 3 of 70, attached to the Declaration of David Olson, dated July 24, 2007].

In a letter dated October 22, 2002 (2 months before the subcontract was signed) David Olson signed a letter that stated, "Absolute Environmental Services, Inc. in conjunction with Imperial Industrial Coatings *Corp*. (IICC) has prepared the following cost estimate . . . ." (Emphasis added). Mr. Olson further wrote, "Absolute Environmental Services, Inc. intends to team with Imperial Industrial Coatings *Corp.* of Grand Terrace, California for this project." This letter was incorporated into the subcontract agreement. [Exhibit A, pages 4-5 of 70, attached to

1  the Declaration of David Olson, dated July 24, 2007]. It is well known that "Corp." is an
2  abbreviation for the word "corporation." *See* The New Merriam-Webster Dictionary.
3       In a letter dated September 16, 2002, (3 months before the subcontract was singed) Tom
4  Puett sent a letter to Absolute wherein it provided Imperial Industrial Coating's state license
5  number of 784961 as well as its "Statement of ***Corporate*** Quality Policy." (Emphasis added)..
6  [Exhibit A, page 7-8 of 70, attached to the Declaration of David Olson, dated July 24, 2007].
7       The holder of California Contractor's License number 784961 is Emerco, Inc., dba
8  Imperial Industrial Coatings, which anyone can learn from accessing the internet site of the
9  California Contractor's State License Board, www.cslb.ca.gov. A reasonably prudent contractor
10 always verifies the license status of any subcontractor with whom it does business. [Decl.
11 McKinley at ¶ 3; Decl. Baerg, Exhibit 1]. If Absolute were acting as a reasonably prudent
12 contractor, it would have verified Imperial Industrial Coatings' license status and seen that it was
13 the trade name for Emerco, Inc.
14      David Olson testified at his deposition as follows:
15 "Q: If you turn to the second page of the exhibit, the signature page, you signed for
16     Absolute Environmental as owner, slash, president. What did you mean to
17     indicate by those words, "owner/president"?
18 A: That should read "president."
19 Q: Why should it just read "president"?
20 A: That's my title, is president.
21 Q: And when you signed for the corporation, you signed in your capacity as
22     president?
23 A: That's correct.
24 Q: If you turn to the left, it says Forrest McKinley signing as president. Did you
25     understand when he signed the subcontract that he was signing in the capacity as
26     the president of Imperial Industrial Coatings, the corporation?
27 A: ***I understand he was a representative signing the contract for Imperial***
28     ***Industrial Coatings.***" [Decl. Baerg at ¶ 2, Exhibit 1 at 38:17 - 39:10]

### 3. **LEGAL ARGUMENT**

"Although officers of a corporation will not ordinarily be held personally liable for contracts they make as agents of the corporation, they must disclose their agency and the existence of the corporation before they will be absolved from liability." *Jensen v. Alaska Valuation Services, Inc.* (1984) 688 P.2d 161, 162-163. An agent who makes a contract for an undisclosed or partially disclosed principal will be liable as a party to the contract. *Id.* at 163, *citing* RESTATEMENT (SECOND) OF AGENCY §§ 321, 322 (1958). Disclosed, partially disclosed, and undisclosed principals are defined in the RESTATEMENT (SECOND) OF AGENCY § 4 (1958) as follows:

(1) If, at the time of a transaction conducted by an agent, the other party thereto has notice that the agent is acting for a principal and of the principal's identity, the principal is a disclosed principal.

(2) If the other party has notice that the agent is or may be acting for a principal but has no notice of the principal's identity, the principal for whom the agent is acting is a partially disclosed principal.

(3) If the other party has no notice that the agent is acting for a principal, the one for whom he acts is an undisclosed principal.

The third party will be held to have notice of the agency relationship "if he knows [about it], has reason to know [about] it, should know [about] it, or has been given notification of it." *Jensen, supra*, at 163, *citing* RESTATEMENT (SECOND) OF AGENCY § 9 (1958).

Illustration 2 in the RESTATEMENT (SECOND) OF AGENCY § 4 (1958) provides: "A, acting as agent for P and so stating to T, executes a memorandum of the contract which he signs with his own name. P is a disclosed principal." Similarly in this case, there is no gainsaying that Imperial Industrial Coatings was a disclosed principal to Absolute. That Mr. McKinley was known by Absolute to be acting as an agent for another was expressly disclosed by the fact that

he signed the subcontract agreement as "President." The identity of the principal was identified above Mr. McKinley's name as "Imperial Industrial Coatings." Accordingly, Imperial Industrial Coatings was disclosed as the principal for whom Mr. McKinley was executing the subcontract agreement as its president.

Absolute finds significance in the fact that the subcontract agreement did not state the name "Emerco, Inc." and appears to believe that the corporation's use of a trade name is inadequate disclosure. Absolute is wrong. In order to be absolved from liability as the agent of an undisclosed principal, the law (as articulated above) only requires that the agency relationship be disclosed (which it was) and the identity of the principal be disclosed (which it was). There is no further requirement in the law that the formal legal status of the principal be specifically explained, whether its status is an individual, a partnership, a corporation, or a limited liability corporation. All that is required is that the third party be aware that the agent is not the one who will be responsible for performing the contract, but that some other identified principal will be responsible.

A corporation is governed by the laws of the state of its incorporation. The Restatement provides that "the local law of the state of incorporation will be applied to the existence and extent of a shareholder's liability to the corporation for assessments or contributions and to its creditors for corporate debts." RESTATEMENT (SECOND), CONFLICT OF LAWS § 307 (1971); *See also, Kalb, Voorhis & Co. v. American Financial Corporation*, 8 F.3d 130 (2nd Cir. 1993). California's Business & Professions Code section 17910 *et al.* and 14414 *et al.* permits a corporation to operate its business under a trade name (also referred to as a "fictitious business name" or a "dba") so long as the name is not misleading or confusingly similar to another company's trade name. A trade name is often desirable because it allows a company to operate its business using a name descriptive of its work. Emerco, Inc.'s use of the trade name "Imperial Industrial Coatings" is an example of such a descriptive use because the nature of its business is coatings work. Hence, it was perfectly acceptable and within the law for Emerco, Inc., to enter into its subcontract agreement with Absolute under its registered trade name, Imperial Industrial Coatings.

1 | In any event, the fact that Imperial Industrial Coatings was a corporation was acknowledged by Absolute in the subcontract agreement. Mr. Olson signed a letter that included the abbreviation of "Corp." following the name of Imperial Industrial Coatings. Incorporated into the contract was Imperial Industrial Coatings Statement of Corporate Policy. A Federal Tax ID Number, not a social security number, was furnished in the subcontract. The fact that Absolute was entering into a contract with a corporation, and not an individual, was fully known by Absolute and its president David Olson.

Absolute also had constructive knowledge that Imperial Industrial Coatings was the trade name of the California corporation Emerco, Inc. The license number furnished by Imperial Industrial Coatings was in the name of Emerco, Inc., dba Imperial Industrial Coatings. Any diligent contractor would have known this had it verified the license status of its subcontractor. Moreover, the fact that Imperial Industrial Coatings was the trade name for Emerco, Inc., was published in a newspaper of general circulation. Both of these facts placed Absolute on constructive notice that Imperial Industrial Coatings was the trade name of a corporation known as Emerco, Inc.

**4.    CONCLUSION**

Inasmuch as Absolute knew Mr. McKinley signed the subcontract only as President of Imperial Industrial Coatings, and not as an individual or an unidentified principal, summary judgment should be denied. Even if the legal status as a corporation were required to be disclose (which it was not), triable issues of fact exist as to whether Absolute and Mr. Olson knew, or should have known, that Imperial Industrial Coatings was a corporation and was the trade name for Emerco, Inc.

DATED: August 9, 2007

MONTELEONE & McCRORY LLP

Attorneys for Forrest J. McKinley

By _____
PATRICK J. DUFFY III
WILLIAM R. BAERG

**CERTIFICATE OF SERVICE BY ECF**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I certify that on August 9, 2007, a copy of the foregoing was electronically filed with the Clerk of the United States District Court, District of Alaska, using the CM/ECF System and was served electronically on the following:

William R. Baerg, baerg@mmlawyers.com

Eric J. Brown, ebrown@jdolaw.com

Robert J. Dickson, acgecf@acglaw.com

Patrick J. Duffy, III, duffy@mmlawyers.com

Jami K. Elison, jamie@marstonelison.com

Michael E. Kreger, mkreger@perkinscoie.com

Thomas A. Larkin, tlarkin@lawssg.com

Terry R. Marston, terry@marstonelison.com

Paul J. Nangle, PaulJ.Nangle@acsalaska.net

Jacob B. Nist, jnist@perkinscoie.com

Peter C. Partnow, PartnowP@LanePowell.com

James B. Stoetzer, StoetzerJ@LanePowell.com

I declare under penalty of perjury under the laws of the United States that the above is true and correct. Executed on August 9, 2007, at Los Angeles, California.

_____
SALLIE RASPA