IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

ABSOLUTE ENVIRONMENTAL SERVICES, )
INC., an Alaskan Corporation,    )
                                 )
         Plaintiff,              )
                                 )
    vs.                          )   Case No. A03-0199CV
                                 )   Civil (RRB)
FORREST J. McKINLEY and          )
"JANE DOE" McKINLEY, and the     )
marital community property       )
composed thereof d/b/a "Imperial )
Industrial Coatings" and EMERCO, )
INC., etc.,                      )
                                 )
         Defendants.             )
EMERCO, INC., a California       )
Corporation d/b/a Imperial       )
Industrial Coatings, etc.,       )
                                 )
         Counter-Claimant/       )
         Third Party Claimant,   )
                                 )
    vs.                          )
                                 )
ABSOLUTE ENVIRONMENTAL SERVICES, )
INC., an Alaskan Corporation,    )
et al.,                          )
                                 )
         Cross-Defendants/       )
         Third-Party Defendants. )

DEPOSITION UPON ORAL EXAMINATION

OF

DAVID E. OLSON (VOLUME I)

Taken at 16880 NE 79th Street
Redmond, Washington

DATE TAKEN:      MARCH 7, 2005
REPORTED BY:     JOLENE C. HANECA, RPR, CCR #2741



EXHIBIT 1 - Page 1 of 5

Telephone: 206.287.9066

```
 1                REDMOND, WASHINGTON; MARCH 7, 2005
 2                           9:35 A.M.
 3                            --oOo--
 4
 5   DAVID E. OLSON,           witness herein, having been
 6                             first duly sworn on oath,
 7                             was examined and testified
 8                             as follows:
 9
10                       E X A M I N A T I O N
11   BY MR. DUFFY:
12        Q.    Would you state your name and spell your last
13   please, Mr. Olson.
14        A.    David, middle initial E, Olson, O-L-S-O-N.
15        Q.    Good morning.
16        A.    Good morning.
17        Q.    Have you ever had your deposition taken before?
18        A.    No, I have not.
19        Q.    You have, however, sat through quite a few of
20   the depositions in this case; is that correct?
21        A.    Yes.
22        Q.    Do you think you are fairly familiar with the
23   procedures?
24        A.    Yes.
25        Q.    I will just caution you then to please try to
```

EXHIBIT 1 - Page 2 of 5



BUELL REALTIME REPORTING, LLC
Leaders in Realtime Technology
Telephone: 206.287.9066

```
 1      A.      Page 15 of the specification.
 2      Q.      All right.  Thank you for telling me that.
 3              MR. ELISON:  Would you like the question read
 4  back or do you remember?
 5              THE WITNESS:  As soon as I'm done reviewing.
 6      A.      I don't remember this.
 7      Q.      What is this?
 8      A.      The last page, the IIC-000071, being an
 9  attachment to the contract.
10              I'd have to look at my copy of the contract to
11  state with certainty that this is it, but, generally
12  speaking -- if I understand your question correctly, it
13  was generally speaking?
14      Q.      Yes.
15      A.      That yes, generally speaking, this would be the
16  contract.
17      Q.      If you turn to the second page of the exhibit,
18  the signature page, you signed for Absolute Environmental
19  as owner, slash, president.
20              What did you mean to indicate by those words,
21  "owner, slash, president"?
22      A.      That should read "president."
23      Q.      Why should it just read "president"?
24      A.      That's my title, is president.
25      Q.      And when you signed for the corporation, you
```



```
 1  signed in your capacity as president?
 2       A.    That's correct.
 3       Q.    If you turn to the left, it says Forrest
 4  McKinley signing as president.
 5             Did you understand when he signed the
 6  subcontract that he was signing in the capacity as the
 7  president of Imperial Industrial Coatings, the
 8  corporation?
 9       A.    I understood he was a representative signing
10  the contract for Imperial Industrial Coatings.
11       Q.    And did you have any knowledge that he was
12  something different than a president?
13       A.    I couldn't draw a conclusion on that.
14       Q.    Did you understand at the time you signed this
15  contract that Imperial Industrial Coatings was a
16  corporation?
17       A.    No.
18       Q.    What did you believe it to be?
19       A.    An entity.  I guess I would assume a sole
20  proprietorship.
21       Q.    Did you ever ask Mr. McKinley or anybody else
22  what type of entity Imperial Industrial Coatings was?
23       A.    No.
24       Q.    Didn't the fact that he signed as president
25  indicate to you that in fact Imperial Industrial Coatings
```

EXHIBIT 1 - Page 4 of 5



Buell REALTIME REPORTING, LLC
Leaders in Realtime Technology

Telephone: 206.287.9066

C E R T I F I C A T E

STATE OF WASHINGTON   )
                      ) ss
COUNTY OF KING        )


I, JOLENE C. HANECA, a Certified Shorthand Reporter and Notary Public in and for the State of Washington, do hereby certify that the foregoing transcript of the deposition of DAVID E. OLSON, having been duly sworn, on MARCH 7, 2005, is true and accurate to the best of my knowledge, skill and ability.

IN WITNESS WHEREOF, I have hereunto set my hand and seal this 21ST day of MARCH, 2005.



JOLENE C. HANECA, RPR, CCR

My commission expires:
March 28, 2006

EXHIBIT 1 - Page 5 of 5

**BUELL**
REALTIME REPORTING, LLC
Leaders in Realtime Technology

Telephone: 206.287.9066