Terry R. Marston, *pro hac vice,* terry@marstonelison.com
Jami K. Elison, *pro hac vice,* jami@marstonelison.com
Jesse P. Elison, *pro hac vice*, jesse@marstonelison.com
MARSTON ELISON, PLLC
16880 N.E. 79th Street
Redmond, Washington 98052
(425) 861-5700

PAUL J. NANGLE & ASSOCIATES
Kerry Building
101 Christensen Drive
Anchorage, Alaska 99501
Telephone: (907) 274-8866

Attorneys for Plaintiff ABSOLUTE ENVIRONMENTAL SERVICES, INC.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>FORREST J. MCKINLEY, an individual, d/b/a "Imperial Industrial Coatings" and EMERCO, INC., a California Corporation, d/b/a Imperial Industrial Coatings, BRECHAN ENTERPRISES, INC., an Alaska corporation; and SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation.<br><br>Defendants.<br><br>EMERCO, INC., a California corporation d/b/a Imperial Industrial Coatings, and the States for Use and Benefit of EMERCO, INC.,<br><br>Counterclaimant/Third-party Claimant,<br><br>v.<br><br>ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska corporation, et al.,<br><br>Cross-defendants/Third-party Defendants. | Case No.: A03-0199CV (RRB)<br><br>**ABSOLUTE'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AGAINST FORREST J. MCKINLEY AS AGENT OF UNDISCLOSED PRINCIPAL**<br><br>**ORAL ARGUMENT REQUESTED** |

PLAINTIFF ABSOLUTE'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
AGAINST FORREST J. MCKINLEY AS AGENT OF UNDISCLOSED PRINCIPAL
Case No. A03-0199CV (RRB)-- 1

| | |
|---|---|
| THE UNITED STATES OF AMERICA *for the use and benefit of* ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, | ) ) ) ) ) |
| Plaintiff, | ) |
| vs. | ) ) |
| SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation. | ) ) ) |
| Defendants. | ) ) |
| BRECHAN ENTERPRISES, INC., an Alaska corporation, | ) ) ) |
| Counterclaim Plaintiff, | ) |
| vs. | ) ) |
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, | ) ) ) |
| Counterclaim Defendant. | ) |
| BRECHAN ENTERPRISES, INC., an Alaska corporation, | ) ) ) |
| Third-Party Plaintiff, | ) |
| vs. | ) ) |
| COFFMAN ENGINEERS, INC, a Washington Corporation. | ) ) ) |
| Third-Party Defendant. | ) |
| ABSOLUTE ENVIRONMENTAL SERVICES INC., an Alaska Corporation, | ) ) ) |
| Plaintiff/Cross-claimant, | ) |
| vs. | ) ) |
| COFFMAN ENGINEERS, INC, a Washington Corporation. | ) ) ) |
| Third-Party Defendant. | ) |

PLAINTIFF ABSOLUTE'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
AGAINST FORREST J. MCKINLEY AS AGENT OF UNDISCLOSED PRINCIPAL
Case No. A03-0199CV (RRB)-- 2

Absolute's <u>motion</u> for summary judgment is predicated on the *factual* contention that Forrest J. McKinley, when he personally signed the contract with Absolute for the Kodiak Cargo Wharf Renovation project, failed to disclose to Absolute that he was acting on behalf of a corporation named "Emerco, Inc." McKinley does not deny this. In his opposition, he offers no allegation or declarations contradicting Absolute's position.

Instead, McKinley's opposition is limited to *legal* arguments, despite his silence that Absolute *should have* known that "Imperial Industrial Coatings" was a fictitious business name for Emerco, Inc. and that Absolute had constructive notice that Imperial Industrial Coatings was a fictitious name for Emerco, Inc. However, McKinley cites no legal authority to support his position that disclosure of a fictitious or trade name is adequate disclosure for an agent to avoid personal liability. He cites no legal authority for the existence of a duty on Absolute to inquire into the identity of a named entity. And he cites no legal authority to support his position that constructive notice based on publication in a regional California newspaper constitutes constructive legal notice to Absolute relieving him of his duty to disclose the identity of his principal to avoid personal liability. These *legal* arguments are actually <u>contradicted</u> by the law.

## ISSUE

Whether McKinley's having published in a California newspaper that it had registered there to use the fictitious business name of "Imperial Industrial Coatings" satisfied McKinley's obligation to affirmatively disclose the existence and identity of Emerco, Inc. as the principal for which he was signing the subcontract.

## ARGUMENT

McKinley's quote from the movie *Casablanca* is amusing, but misleading because the factual circumstances are signficantly different. The quote does, though, provide an opportunity to illustrate the important distinction between the circumstances in the movie and those before the

PLAINTIFF ABSOLUTE'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
AGAINST FORREST J. MCKINLEY AS AGENT OF UNDISCLOSED PRINCIPAL
Case No. A03-0199CV (RRB)-- 3

court on this motion. In the movie, Captain Renault - as a participant in the illegal gambling - was eminently aware of its actually taking place on the premises. In the present case, McKinley suggests that Absolute, like Captain Renault, must be feigning ignorance of the fact that he was acting an agent when he signed the subcontract because the subcontract itself mentioned "Imperial Industrial Coatings" and because within it he expressly signed as Imperial's "president." But these facts are not at issue. At issue is whether Forrest McKinley informed Absolute that "Imperial Industrial Coatings" was a fictitious name and that the principal on whose behalf he was really signing was a California corporation named "Emerco, Inc." Unlike Captain Renault's knowledge of the gambling, Absolute did <u>not</u> know of the existence of Emerco, Inc.[1]

"Whether an agent completely fails to make the disclosures or makes partial or inaccurate disclosures, the result is the same." *Odyssey Travel Center, Inc. v. RO Cruises, Inc.*, 262 F.Supp.2d 618, 624 (D.Md. 2003) (citations omitted). "[T]he use of a trade name is not a sufficient disclosure of the identity of the principal." *Lachmann v. Houston Chronicle Publishing Co.*, 375 S.W.2d 783, 785 (Tex.Civ.App. 1964).

McKinley conceded in his opposition to Absolute's summary judgment motion that Absolute was never informed that he was signing their subcontract on behalf of a corporation named Emerco, Inc. Instead he claims that use of a registered fictitious name of Imperial Industrial Coatings constituted constructive legal notice of the identity of Emerco, Inc. McKinley cites no authority in support of this proposition, even under California law, the State where

---

[1] Ironically, it was not just Absolute that was ignorant that "Imperial Industrial Coatings" was a fictitious name of Emerco, Inc. The very attorneys who, in quoting from *Casablanca,* imply that Absolute should have known that "Imperial Industrial Coatings" was actually Emerco, Inc. failed to make this discovery themselves when they filed suit against Absolute in the Federal District Court in California (which was later dismissed on grounds *of forum non conveniens*) on behalf of "Imperial Industrial Coatings, <u>Inc</u>." No mention of Emerco, Inc. appeared in their pleadings.

Emerco was incorporated, where the fictitious name of Imperial Industrial Coatings was registered, and the state whether the publication of that registration took place. The reason it did not was because it could not. Even under California law, the fact of registration and of publication of a fictitious business name does not constitute constructive notice immunizing the agent of an otherwise undisclosed or partially disclosed principal from personal liability. In *J & J Builders Supply v. Caffin*, 248 Cal.App.2d 292, 56 Cal.Rptr. 365, 369 (Cal.2d DCA 1967), wherein the court held:

> Adnuel's [the principal's] filing a certificate stating that it was doing business under the fictitious name of Perry Masonry is immaterial. Adnuel's action is not a performance of Jeffrey's [the agent's] duty to disclose the name of his principal. <u>Constructive notice of the contents of Adnuel's certificate is not a substitute for actual notice of Jeffrey's and Adnuel's capacities in the transaction</u>. Section 2466 of the Civil Code [fictitious name registration] is designed to make available to the public, and especially to creditors, the identities of persons who are doing business under fictitious names for the purpose of benefiting creditors; <u>the purpose is not to estop creditors who do not rely on the public record nor to provide a shield to persons who do business under fictitious names against their creditors who do not avail themselves of the information contained in the records</u> prescribed by section 2466 of the Civil Code.

(emphasis added.) The decision of the California court was cited with approval by a Florida Court of Appeals in *Robinson & St. John Advertising and Public Relations, Inc. v. Lane*, 557 So.2d 908 (Fla.App. 1 Dist.,1990) in rejecting a similar contention that registration of a fictitious business name constituted constructive notice obviating any further common law notice obligations required for an agent to avoid personal liability. The Court in *Robinson and St. John* emphasized that the statutes providing for registration of a fictitious business name, being in contravention of the common law were to be narrowly construed to accomplish the purpose for which they were intended – to avoid deceit or fraud. Accordingly, they would not be construed to

negate the obligation to make an affirmative disclosure of the identity of a principal, which would serve a similar purpose, unless the statute expressly stated so. They do not.

> [T]he trial court concluded that compliance with Florida's Fictitious Name Statute gave notice that " Slender World" was the registered fictitious name of Professional Management Training, Inc. and absolved appellee from any personal liability. <u>We reverse based on the common law principles of agency and a strict reading of Section 865.09</u>, Florida Statutes (1985). As the Florida Supreme Court held in *Carlile v. Game and Fresh Water Fish Commission*, 354 So.2d 362, 364 (Fla.1977), statutes in derogation of common law must be strictly construed. Courts will not infer that such a statute was intended to make any alteration other than was specified and plainly pronounced, and the statute will not be interpreted to displace the common law further than is necessary. [Quotation from statute omitted] Section 865.09 is designed to provide notice to the public, and especially to creditors, of the identities of persons who are doing business under fictitious names for the purpose of protecting creditors from fraud and deceit. [Citation omitted] The statute prohibits noncomplying parties from bringing any action, suit, or proceeding. <u>However, neither the express language of the statute nor case law provide that contracting parties may use the statute as a shield against common law liability.</u>

(Emphasis added.) The Florida decision then reiterated the applicable common law principles from the Restatement of Agency:

> The extent to which an agent must make disclosure of his principal in order to avoid personal liability is explained in 3 Am.Jur.2d Agency § 320 (1962):
>
>> In order for an agent to avoid personal liability on a contract negotiated in his principal's behalf, he must disclose not only that he is an agent but <u>also the identity of his principal</u>, regardless of whether the third person might have known that the agent was acting in a representative capacity. <u>It is not the third person's duty to seek out the identity of the principal; rather, the duty to disclose the identity of the principal is on the agent.</u> The disclosure of an agency is not complete for the purpose of relieving the agent from personal liability unless it embraces the name of the principal; without that, the party dealing with the agent may understand that he intended to pledge his personal liability and responsibility in support of the contract and for its performance. <u>Furthermore, the use of a trade name is not necessarily a sufficient disclosure of the identity of the principal and the fact of agency so as to protect the agent against personal liability</u>

(Emphasis added.)

PLAINTIFF ABSOLUTE'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
AGAINST FORREST J. MCKINLEY AS AGENT OF UNDISCLOSED PRINCIPAL
Case No. A03-0199CV (RRB)-- 6

## CONCLUSION

Even under the law of his home state California, McKinley could not have avoided personal liability failing to disclose the existence and identity of Emerco, Inc. Summary Judgment is appropriate because there is no dispute of the facts concerning the failure to disclosure Emerco and the law supports holding Mr. McKinley liable as an agent of an undisclosed principal. Trial on this claim is unnecessary and judgment should be entered against Forrest J. McKinley for the full amount of the judgment entered against Emerco, Inc. as the agent of an undisclosed principal in accordance with the law of Alaska.

DATED this 16th day of August, 2007.

MARSTON ELISON, PLLC

By s/Terry R. Marston II
  Terry R. Marston II, WSBA No. 14440
  Jami K. Elison,  WSBA No. 31007
  Jesse P. Elison, WSBA No. 36914
Attorneys for Plaintiff Absolute Environmental Service, Inc.

I hereby certify that on the date given a copy of the forgoing was electronically filed with the Clerk of Court using the CM/ECF system and was served electronically on the following:

William R. Baerg, Patrick J. Duffy
Eric J. Brown
Robert J. Dickson
Michael E. Kreger, Jacob Nist
James B. Stoetzer, Peter C. Partnow
Thomas A. Larkin

s/ Terry R. Marston II            .