Terry R. Marston, *pro hac vice,* terry@marstonelison.com
Jami K. Elison, *pro hac vice,* jami@marstonelison.com
MARSTON ELISON, PLLC
16880 N.E. 79th Street
Redmond, Washington 98052
(425) 861-5700

PAUL J. NANGLE & ASSOCIATES
Kerry Building
101 Christensen Drive
Anchorage, Alaska 99501
Telephone: (907) 274-8866

Attorney for Plaintiff ABSOLUTE ENVIRONMENTAL SERVICES, INC.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES INC., an Alaska Corporation,<br><br>Plaintiff,<br>vs.<br><br>FORREST J. MCKINLEY, an individual, d/b/a "Imperial Industrial Coatings" and EMERCO, INC., a California Corporation, d/b/a Imperial Industrial Coatings,<br><br>Defendant.<br>_____<br>EMERCO, INC., a California corporation d/b/a Imperial Industrial Coatings, and the States for Use and Benefit of EMERCO, INC.,<br><br>Counterclaimant/Third-party Claimant,<br><br>v.<br><br>ABSOLUTE ENVIRONMENTAL SERVICES INC., an Alaska corporation, et al.,<br><br>Cross-defendants/Third-party Defendants. | Case No.: A03-0199CV (RRB)<br><br>**MOTION FOR AWARD OF ATTORNEY FEES AGAINST FORREST J. MCKINLEY AND FOR ENTRY OF FINAL JUDGMENT** |

| | |
|---|---|
| THE UNITED STATES OF AMERICA for the use and benefit of ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, | ) ) ) ) |
| Plaintiff, | ) |
| vs. | ) ) |
| SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation. | ) ) ) |
| Defendants. | ) |
| BRECHAN ENTERPRISES, INC., an Alaska corporation, | ) ) ) |
| Counterclaim Plaintiff, | ) |
| vs. | ) ) |
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, | ) ) ) |
| Counterclaim Defendant | ) |
| BRECHAN ENTERPRISES, INC., an Alaska corporation, | ) ) ) |
| Third-Party Plaintiff, | ) |
| vs. | ) ) |
| COFFMAN ENGINEERS, INC, a Washington Corporation. | ) ) ) |
| Third-Party Defendant. | ) |
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, | ) ) ) |
| Plaintiff/Cross-claimant, | ) |
| vs. | ) ) |
| COFFMAN ENGINEERS, INC, a Washington Corporation. | ) ) ) |
| Third-Party Defendant. | ) |

MOTION FOR AWARD OF ATTORNEY FEES AGAINST FORREST J. MCKINLEY AND ENTRY
OF FINAL JUDGMENT
Case No. A03-0199CV (RRB)-- 2

This Court granted Plaintiff Absolute Environmental Services, Inc. ("Absolute") summary judgment on its claims against Forrest J. McKinley on August 22, 2007. Docket No. 650. Since that time, the parties have pursued, but failed to achieve, an informal settlement of all remaining issues between them. Therefore, Absolute moves this Court for an award of attorneys fees against Forrest J. McKinley in the amount of $288,173.00 as authorized under the terms of its contract with Mr. McKinley.

Absolute's entitlement to attorneys' fees is based on the terms of the contract between itself and "Imperial Industrial Coatings." Emerco, Inc. conceded 'Imperial Industrial Coatings' was its fictitious business name. In granting summary judgment to Absolute, the Court determined that Forrest J. McKinley (as an agent of an undisclosed principal) became personally liable for the contract obligations of Emerco, Inc. d/b/a "Imperial Industrial Coatings" when he signed the contract with Absolute. Docket No. 650.

The contract between Absolute and McKinley includes an attorneys' fee clause. See Exhibit A to Declaration of Terry R. Marston II. The attorneys' fee clause requires the losing party, McKinley, to pay the actual attorneys' fees of the prevailing party, Absolute.

> Article 5: *Failure of Performance*. Should subcontractor fail to satisfy contractual deficiencies within three (3) working days from receipt of contractor's written notice, then the contractor, without prejudice to any right or remedies, shall have the right to take whatever steps it deems necessary to correct said deficiencies and charge the cost thereof to subcontractor, who shall be liable for payment of same, including reasonable overhead, profit <u>and attorneys' fees</u>.

*Id.*

Under Alaska law, the courts must enforce a valid attorneys' fee clause in accordance with its terms. See *Rockstad v. Erikson*, 113 P.3d 1215, 1224 (Alaska 2005) (holding the contract

attorney fee provision "must prevail over any limitations otherwise imposed by Rule 82."); also see *Ursin Seafoods, Inc. v. Keener Packing Co.*, 741 P.2d 1175, 1181 (Alaska 1987).[1]

The jury determined "Imperial" was liable for 15.25% of the total losses suffered by Absolute. See Exhibit B-1 and B-2 to Declaration of Terry R. Marston II. Therefore, it is reasonable to allocate 15.25% of the attorneys' fees Absolute incurred during the time when McKinley's co-defendants Brechan and Coffman were still parties to the suit to McKinley. However, Brechan and Coffman had both been dismissed from the suit as of May 23, 2007. See Exhibits C and D to Declaration of Terry R. Marston II. All fees Absolute incurred after Brechan and Coffman had been dismissed were solely in pursuit of a judgment against McKinley who would therefore be responsible for *all* fees Absolute incurred after May 23, 2007.

Absolute's total attorneys' fees *before* May 23, 2007 came to $1,595,102.00. See Exhibit E-G to Declaration of Terry R. Marston II. 15.25% of $1,595,102.00 comes to $243,253.00. Absolute's total attorneys' fees *after* May 23, 2007 minute order came to $44,920.00. The sum of these two figures is $288,173.00. Absolute, therefore, claims entitlement to an award of its actual attorneys' fees against Forrest J. McKinley in the total amount of $288,173.00.

Accordingly, Plaintiff Absolute moves this Court for an award of attorneys' fees and for entry of judgment against defendant Forrest J. McKinley for the principal amount of the court's award, the accrued prejudgment interest, and attorneys' fees.

DATED this 6th day of December, 2007.

MOTION FOR AWARD OF ATTORNEY FEES AGAINST FORREST J. MCKINLEY AND ENTRY OF FINAL JUDGMENT
Case No. A03-0199CV (RRB)-- 4

**MARSTON ELISON, PLLC**

By <u>s/Terry R. Marston II</u>
    Terry R. Marston II, WSBA No. 14440
    Jami K. Elison, WSBA No. 31007
Attorneys for Plaintiff Absolute Environmental Service, Inc.

---

I hereby certify that on the date given a copy of the forgoing was electronically filed with the Clerk of Court using the CM/ECF system and was served electronically on the following:

William R. Baerg, Patrick J. Duffy
Eric J. Brown
Robert J. Dickson
Michael E Kreger, Jacob Nist
James B. Stoetzer, Peter C. Partnow

<u>s/Terry R. Marston II</u>

---

[1] This motion incorporates by reference the legal briefing in support of an award of attorneys' fees against Emerco, Inc. previously filed with the Court. See Appendix A, Docket No. 571, p 8-9, and Appendix B, Docket No. 595, and Appendix C, Docket No.

MOTION FOR AWARD OF ATTORNEY FEES AGAINST FORREST J. MCKINLEY AND ENTRY
OF FINAL JUDGMENT
Case No. A03-0199CV (RRB)-- 5