1 Terry R. Marston, *pro hac vice,* terry@marstonelison.com
Jami K. Elison, *pro hac vice,* jami@marstonelison.com
2 Jesse P. Elison, *pro hac vice,* jesse@marstonelison.com
MARSTON ELISON, PLLC
3 16880 N.E. 79th Street
Redmond, Washington 98052
4 (425) 861-5700

5 PAUL J. NANGLE & ASSOCIATES
Kerry Building
6 101 Christensen Drive
Anchorage, Alaska 99501
7 Telephone: (907) 274-8866

8 Attorney for Plaintiff ABSOLUTE ENVIRONMENTAL SERVICES, INC.

9 UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

10 ABSOLUTE ENVIRONMENTAL SERVICES)
INC., an Alaska Corporation,                    )  Case No.: A03-0199CV (RRB)
11                                               )
                                                 )
12          Plaintiff,                           )
        vs.                                      )
13                                               )  **MOTION FOR AWARD OF**
FORREST J. MCKINLEY, an individual,              )  **ATTORNEYS' FEES**
14 d/b/a "Imperial Industrial Coatings" and       )
EMERCO, INC., a California Corporation,          )
15 d/b/a Imperial Industrial Coatings,            )
                                                 )
16          Defendant.                           )
                                                 )
17 EMERCO, INC., a California corporation d/b/a)
Imperial Industrial Coatings, and the States for )
18 Use and Benefit of EMERCO, INC.,               )
                                                 )
19 Counterclaimant/Third-party Claimant,          )
                                                 )
20 v.                                             )
                                                 )
21 ABSOLUTE ENVIRONMENTAL SERVICES)
INC., an Alaska corporation, et al.,             )
22                                               )
Cross-defendants/Third-party Defendants.         )
23                                               )
                                                 )
24

25

26

| | |
|---|---|
| THE UNITED STATES OF AMERICA for the and benefit of ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation. | ) ) ) |
| Defendants. | ) |

BRECHAN ENTERPRISES, INC., an Alaska corporation,                                                )
)
)
Counterclaim Plaintiff,    )
vs.                                                      )
)
ABSOLUTE ENVIRONMENTAL SERVICES)
INC., an Alaska Corporation,                        )
)
Counterclaim Defendant.)

BRECHAN ENTERPRISES, INC., an Alaska  )
corporation,                                             )
)
Third-Party Plaintiff,    )
vs.                                                       )
)
COFFMAN ENGINEERS, INC, a Washington)
Corporation.                                             )
)
Third-Party Defendant.    )

ABSOLUTE ENVIRONMENTAL                    )
SERVICES, INC., an Alaska Corporation,        )
)
Plaintiff/Cross-claimant,)
vs.                                                      )
)
COFFMAN ENGINEERS, INC, a Washington)
Corporation.                                             )
)
Third-Party Defendant.    )

# I.    RELIEF REQUESTED

As the prevailing party and acknowledging the fault percentages determined by the jury, Absolute Environmental Services, Inc. ("Absolute") requests an award for attorney fees against defendant Brechan Enterprises, Inc. ("Brechan") in the amount of $738,518.54; against defendant Safeco Insurance Company of America ("Safeco") in the amount of $738,518.54[1]; and against defendant Emerco in the amount of $236,854.

# II.    INTRODUCTION

Alaska law recognizes that different fee awards are appropriate for different kinds of cases. Alaska law authorizes a 10% fee award for a prevailing plaintiff in ordinary cases. That does not apply here. Alaska law authorizes a 30% award for a prevailing defendant in ordinary cases. That does not apply here. Alaska law authorizes a 75% award for a prevailing plaintiff in lengthy and complex cases such as this one. That does apply here. Alaska law authorizes a 100% award in cases where there was vexatious or bad faith conduct. That also applies here.

The 10% scheduled award for ordinary cases under Alaska R.Civ.P. 82(b)(1) is inadequate and inapplicable to this case. The "conduct-neutral" criteria in Alaska R.Civ.P. Rule 82(b)(3) confirm the applicability of an "enhanced" fee award. In this case, litigation was complex (82(b)(3)(A)), the trial was long (82(b)(3)(B)), the legal work was reasonably necessary (82(b)(3)(C)), and the staffing of Absolute's attorneys and paralegals was reasonable (82(b)(3)(D)). Absolute learned that, despite its being the plaintiff, it incurred far less in fees than Defendant Brechan did, demonstrating Absolute's efforts to minimize fees (82(b)(3)(E)). Finally, because Absolute's business was all but destroyed, the amount of work performed was

---

[1] By operation of law, attorney fee awards against Brechan and Safeco would be subject to offsets for any future payments made by the other.

proportional to the significance of the matters at stake (82(b)(3)(H)). Applying these "conduct-neutral" criteria, under Alaska law a 75% fee award is justified. Moreover, awards of a 100% recovery of attorney fees are at times appropriate. Brechan pursued a "scorched-earth"[2] litigation to try to cover up what the jury determined to be fraud. Emerco is liable for fees under both Rule 82 and also under contract; thus, the full 12% of Absolute's actual fees incurred should be assessed to Emerco as requested.

## III.   ISSUES

1.   Under Alaska R.Civ.P. 82 fees are awarded to a prevailing plaintiff under (b)(1) for ordinary cases or (b)(3) when special criteria exist. The Court should award fees under (b)(3) and order an enhanced fee award here because of the complexity of the litigation, length of trial, reasonableness of attorney rates and hours expended, importance of issues at stake, and other equitable factors. Established Alaska law authorizes a 75% fee award based on the "conduct-neutral" facts of this case.

2.   Alaska law authorizes a full award of attorneys' fees in cases of vexatious or bad faith conduct. The jury found Brechan to have acted intentionally and/or fraudulently and Brechan's "scorched earth" approach to litigation merits a full fee award.

3.   Absolute is entitled to attorney fees from Emerco under both contract and Rule 82. The jury's 12% pooled damage allocation plus the additional KTA-Tator costs equates to an appropriate award of 15.25% of Absolute's actual attorney fees.

## IV.   EVIDENCE RELIED UPON

This motion relies on and incorporates the pleadings and filings of record and the accompanying Declaration of David Olson and Terry R. Marston.

## V.   SUMMARY OF FACTS

Absolute litigated this complex case against multiple defendants for more than 3 years in multiple states. This lawsuit involved a government contractor's mistreatment of a reputable subcontractor on a construction project at the United States Coast Guard Station on Kodiak. The

---

[2] *See* accompanying declarations.

subjects of this lawsuit were obviously significant to the litigants, but also carried a substantial public interest because Brechan performs multiple government contracts.

Brechan hired Absolute to replace its prior subcontractor and did so with no mention of the existence of the "enormous" amount of problems with coating over welds or the performance of the specified coating system at those welds. During the first phase of this litigation with Emerco, Brechan failed to confide this critical information despite having entered a joint-defense agreement with Absolute. During the second phase of litigation, Brechan concealed thousands of critical documents that were only produced when the Coast Guard had been sued and agreed to finally produce its documents. Withholding these documents for so long dramatically increased the costs of litigation. The accompanying declarations of Dave Olson and Terry Marston summarize this and other activities that caused the escalation of attorney fees in this case. After considering the evidence, the jury determined that Brechan had acted intentionally and fraudulently.

Absolute's right to fees against Emerco arises from both Rule 82 and also from contract. Absolute's right to fees against Brechan and Safeco arise from Rule 82. The issues in this litigation were long, the trial complex, the hours and number of attorneys reasonable, and the matters were significant.

## VI.   AUTHORITY

### A. ABSOLUTE IS THE PREVAILING PARTY

> As a general rule, ... the 'prevailing party' is considered to be the party who has successfully prosecuted or defended against the action, the one who is successful on the 'main issue' of the action and 'in whose favor the decision or verdict is rendered and the judgment entered.' " *Adoption of V.M.C.*, 528 P.2d 788, 795 n.14 (Alaska 1974). Recently, in *Hillman v. Mutual Fire Ins. Co.*, 855 P.2d 1321 (Alaska 1993), we further elaborated upon the prevailing party requirement. We stated that a plaintiff can be the "prevailing party" though not

receiving the full recovery sought if the "plaintiff prevailed on the basic liability question and received an affirmative recovery based on its successful litigation of that question, which was substantial in amount." Id. at 1328.

*Ashley v. Baker*, 867 P.2d 792, 796-97 (Alaska 1994). Absolute <u>is</u> the prevailing party. The verdict and judgment was entered in its favor, it prevailed on the basic liability question, received an affirmative recovery, and successfully overcame <u>every</u> claim asserted against it.

## B. ALASKA LAW AUTHORIZES A 75% FEE AWARD FOR THIS COMPLEX, LENGTHY, AND IMPORTANT CASE

Alaska Rules of Civil Procedure, Rule 82, entitles the Prevailing Party to an award of its attorney fees. The Rule recognizes that there are <u>ordinary</u> cases and there are <u>extraordinary</u> cases. It provides different provisions for these different circumstances. For an ordinary case, part (b)(1) of the Rule provides a formula that allows a <u>plaintiff</u> 10% of actual reasonable fees incurred. The Rule then provides at (b)(2) that a prevailing <u>defendant</u> in an ordinary case may recover 30% of actual reasonable fees incurred. Part (b)(3) of the Rule authorizes a court to vary an attorneys' fee award under this rule when certain factors are found and the court determines a variation is warranted. The majority of the factors in 82(b)(3) are conduct-neutral and clearly applicable to this case.

**(b) Amount of Award**

(3) The court may vary an attorney's fee award calculated under subparagraph (b)(1) or 2) of this rule if, upon consideration of the factors listed below, the court determines a variation is warranted:

(A) the complexity of the litigation;

(B) the length of trial;

(C) the reasonableness of the attorneys' hourly rates and the number of hours expended;

(D) the reasonableness of the number of attorneys used;

(E) the attorneys' efforts to minimize fees;

(F) the reasonableness of the claims and defenses pursued by each side;

(G) vexatious or bad faith conduct;

H) the relationship between the amount of work performed and the significance of the matters at stake;

(I) the extent to which a given fee award may be so onerous to the non-prevailing party that it would deter similarly situated litigants from the voluntary use of the courts;

(J) the extent to which the fees incurred by the prevailing party suggest that they had been influenced by considerations apart from the case at bar, such as a desire to discourage claims by others against the prevailing party or its insurer;  and

(K) other equitable factors deemed relevant.  If the court varies an award, the court shall explain the reasons for the variation.

For this case, the Court should conclude that (b)(3) is the applicable part of the rule.

A variation is appropriate when it is supported by evidence.

The superior court enhanced the attorney's fee awards to Bourque and the Bartelses <u>to seventy-five percent of actual fees incurred</u>.  In its order, the superior court did not explicitly find that Cole's conduct during the litigation was vexatious or in bad faith. Cole claims that this enhancement constitutes an award of substantially full attorney's fees and is not justified in the absence of bad faith or vexatious conduct.

Cole relies primarily on *Marathon Oil Co. v. ARCO Alaska, Inc.*  In that case, the trial court awarded eighty percent of attorney's fees under Rule 82(b)(3) based on the "fundamental unreasonableness of Marathon's position."  Because we disagreed with this assessment and concluded that Marathon had "raised a legitimate issue," we reversed the award.  We also reiterated the rule that "an award of substantially 'full attorney's fees is manifestly unreasonable in the absence of bad faith or vexatious conduct by the non-prevailing party.' "  Under this rule we have required vexatious or bad faith conduct to warrant ninety percent or full attorney's fees awards.  Here, ample evidence supports the trial court's determination that Cole's position was unreasonable.  <u>Moreover, a seventy-five percent fee award does not constitute a "substantially full award" and thus does not require vexatious or bad faith conduct</u>. For these reasons, we affirm the superior court's seventy-five percent enhanced fee awards to Bourque and the Bartelses. (citations omitted) (emphasis added).

MOTION FOR AWARD OF ATTORNEYS' FEES
Case No. A03-0199CV (RRB)-- 7

*Cole v. Bartels*, 4 P.3d 956, 961 (Alaska 2000).

The superior court has "inherent equitable power... to award attorney's fees when the interests of justice so require." *Thomas v. Croft*, 614 P.2d 795, 799 (Alaska 1980). In *International Seafoods of Alaska, Inc. v. Bissonette*, 146 P.3d 561, 573 (Alaska 2006), the court based an augmentation of attorney fees "on the work performed and the efficiency of the class action mechanism." Likewise, the court here should conclude that the outcome proved the merit of Absolute's fees and provide the augmented award authorized by Alaska law.

## C. ALASKA LAW AUTHORIZES A 100% FEE AWARD DUE TO VEXATIOUS OR BAD FAITH CONDUCT

In *Garrison v. Dixon*, 19 P.3d 1229, 1234 (Alaska 2001), the court explained "We will affirm an award of full, actual attorney's fees under Rule 82 where the superior court finds that the losing party has engaged in vexatious or bad faith litigation." As confirmed by the jury's verdict on fraud, Brechan committed vexatious and bad faith conduct. Brechan attempted to first sacrifice Absolute and second to cover up its wrongful conduct. Brechan withheld critical documents and engaged "scorched earth" litigation against the smaller subcontractor. *See* accompanying Olson and Marston declarations. A full award of fees is necessary to do justice here and justified by the jury's finding (verdict 40) and Alaska law.

## D. EMERCO IS LIABLE UNDER CONTRACT AND RULE 82 AND SHOULD BE ASSESSED WITH 15.25% OF THE TOTAL DAMAGES CONSISTENT WITH THE JURY'S FINDINGS.

Emerco is responsible for attorney fees proportional with the fault determined by the jury. With the KTA-Tator costs included (verdict 34), Emerco's liability is for 15.25% of the total damages awarded by the jury. Because Emerco's obligations arise from Rule 82 and from contract, that full amount should be awarded. Alaska law recognizes that attorney fee awards in

contracts are enforceable above the application of Rule 82. "[W]here a contract between the parties allows for one party to recover attorney's fees in the event of litigation, 'the contract provision must prevail over any limitations otherwise imposed by Rule 82.'" *Rockstad v. Erikson*, 113 P.3d 1215, 1224 (Alaska 2005) (quoting *Ursin Seafoods, Inc. v. Keener Packing Co.*, 741 P.2d 1175, 1181 (Alaska 1987)).

## VII.   CONCLUSION

Absolute has requested fees proportional with the degree of fault attributed to the remaining parties. A fee award in the amounts requested in justified by law and fact. Justice cannot be served in this case without a fair award of attorneys fees as authorized by Alaska law. Although established Alaska law authorizes a 75% fee award for this complex case that was litigated for over 3 years from Alaska to California with multiple parties and extensive motion practice culminating in a 7 week jury trial, Alaska law also authorizes a 100% fee award here due to the vexatious or bad faith conduct of the defendants. Brechan tried to sacrifice Absolute and then, second, tried to break Absolute. Brechan gambled on starving out Absolute by taking the most aggressive litigation strategy possible and Brechan must now be accountable for its decisions. The jury found that Brechan's actions were fraudulent and/or intentional. This Court should award the fees requested.

DATED this 20th day of March, 2007.

**MARSTON ELISON, PLLC**


By s/Jami K. Elison
  Terry R. Marston II, WSBA No. 14440
  Jami K. Elison, WSBA No. 31007
Attorneys for Plaintiff Absolute Environmental
Service, Inc.

I hereby certify that on the date given a copy of the forgoing was electronically filed with the Clerk of Court using the CM/ECF system and was served electronically on the following:

William R. Baerg, Patrick J. Duffy
Eric J. Brown
Robert J. Dickson
Michael E Kreger, Jacob Nist
James B. Stoetzer, Peter C. Partnow

s/Jami K. Elison                    .