Terry R. Marston, *pro hac vice,* terry@marstonelison.com
Jami K. Elison, *pro hac vice,* jami@marstonelison.com
Jesse P. Elison, *pro hac vice,* jesse@marstonelison.com
MARSTON ELISON, PLLC
16880 N.E. 79th Street
Redmond, Washington 98052
(425) 861-5700

PAUL J. NANGLE & ASSOCIATES
Kerry Building
101 Christensen Drive
Anchorage, Alaska 99501
Telephone: (907) 274-8866

Attorney for Plaintiff ABSOLUTE ENVIRONMENTAL SERVICES, INC.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES) INC., an Alaska Corporation,<br><br>Plaintiff,<br>vs.<br><br>FORREST J. MCKINLEY, an individual, d/b/a "Imperial Industrial Coatings" and EMERCO, INC., a California Corporation, d/b/a Imperial Industrial Coatings,<br><br>Defendant.<br>_____<br>EMERCO, INC., a California corporation d/b/a Imperial Industrial Coatings, and the States for Use and Benefit of EMERCO, INC.,<br><br>Counterclaimant/Third-party Claimant,<br><br>v.<br><br>ABSOLUTE ENVIRONMENTAL SERVICES INC., an Alaska corporation, et al.,<br><br>Cross-defendants/Third-party Defendants. | Case No.: A03-0199CV (RRB)<br><br>**ABSOLUTE'S REPLY IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AGAINST EMERCO** |

| | |
|---|---|
| THE UNITED STATES OF AMERICA for the use and benefit of ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, | )<br>)<br>)<br>)<br>) |
| Plaintiff,<br>vs. | )<br>)<br>) |
| SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation. | )<br>)<br>) |
| Defendants. | ) |
| BRECHAN ENTERPRISES, INC., an Alaska corporation, | )<br>)<br>) |
| Counterclaim Plaintiff,<br>vs. | )<br>)<br>) |
| ABSOLUTE ENVIRONMENTAL SERVICES INC., an Alaska Corporation, | )<br>)<br>) |
| Counterclaim Defendant | ) |
| BRECHAN ENTERPRISES, INC., an Alaska corporation, | )<br>)<br>) |
| Third-Party Plaintiff,<br>vs. | )<br>)<br>) |
| COFFMAN ENGINEERS, INC, a Washington Corporation. | )<br>)<br>) |
| Third-Party Defendant. | ) |
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, | )<br>)<br>) |
| Plaintiff/Cross-claimant,<br>vs. | )<br>)<br>) |
| COFFMAN ENGINEERS, INC, a Washington Corporation. | )<br>)<br>) |
| Third-Party Defendant. | ) |

ABSOLUTE'S REPLY IN SUPPORT OF
MOTION FOR AWARD OF ATTORNEYS' FEES AGAINST EMERCO
Case No. A03-0199CV (RRB)-- 2

## RELIEF REQUESTED

Plaintiff and Counterclaim Defendant Absolute Environmental Services, Inc., should be awarded fees against Defendant and Counterclaimant Emerco in the amount requested, $236,854.00.

## REPLY

Defendant Emerco correctly argues that Brechan is primarily responsible for the amount of attorney fees incurred in this litigation. Indeed, Brechan's fraudulent conduct and vexatious litigation caused most of the fees. Nonetheless, the jury's allocation of fault stands as a reasonable measure for Emerco's responsibility. The fee award requested by Absolute against Emerco is a conservative sum easily justified by applicable law.

    1.    <u>Absolute is entitled to fees under the subcontract agreement with Emerco.</u>

Emerco's argument that Article 5 of the subcontract does not justify fees is without merit. Absolute established that Emerco "fail[ed] to satisfy contractual deficiencies." (*See* Article 5 of Subcontract Agreement, Ex. 3 to Decl. of Terry Marston, Docket No. 572). Absolute incurred costs and part of this litigation resulted from Absolute having exercised its Article 5 "right to take whatever steps it deems necessary to correct said deficiencies and charge the cost to the Subcontractor, who shall be liable for payment of same, including reasonable overhead, profit, and attorneys fees." (*See* Subcontract Agreement). The trial record confirms that Absolute sent three separate cure notices to Emerco. The jury found Emerco breached its contract with Absolute. (*See* Jury Verdict Nos. 1, 2, 33, 34, Docket No. 509). The subcontract agreement justifies the fee award requested here. Under the subcontract agreement, Absolute is entitled to an award of 100% of the fees caused by Emerco.

2. <u>Absolute prevailed against Emerco both as plaintiff and as defendant against Emerco's counterclaim.</u>

As prevailing plaintiff, Absolute requested fees against Emerco in the amount of 15.25% of fees incurred by Absolute. Emerco's trial brief confirms that <u>Emerco sued Absolute and claimed $1,426,906.33 in damages</u> (Docket No. 353, Ex. A). Emerco recovered no money judgment. Under Rule 82(b)(2) as the prevailing defendant, Absolute is entitled to 30% of fees incurred in defending those claims by Emerco.

## CONCLUSION

Absolute's request of a 15.25% award against Emerco is easily justified by Rule 82 and by the subcontract agreement, and is a reasonable award in light of the jury verdict assessing that same percentage of fault to Emerco.

DATED this 9th day of April, 2007.

**MARSTON ELISON, PLLC**

By <u>s/Jami K. Elison</u>
    Terry R. Marston II, WSBA No. 14440
    Jami K. Elison, WSBA No. 31007
Attorneys for Plaintiff Absolute Environmental Service, Inc.

---

I hereby certify that on the date given a copy of the forgoing was electronically filed with the Clerk of Court using the CM/ECF system and was served electronically on the following:

William R. Baerg, Patrick J. Duffy
Eric J. Brown
Robert J. Dickson
Michael E Kreger, Jacob Nist
James B. Stoetzer, Peter C. Partnow
Thomas A. Larkin

<u>s/Jami K. Elison</u>        .