PATRICK J. DUFFY, III, ESQ.
WILLIAM R. BAERG, ESQ.
MONTELEONE & McCRORY, LLP
725 S. Figueroa Street, Suite 3200
Los Angeles, California 90017-5446
Telephone: (213) 612-9900
Facsimile: (213) 612-9930
(duffy@mmlawyers.com)
(baerg@mmlawyers.com)

Attorneys for Defendant and
Cross-Complainant EMERCO, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaskan Corporation,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>FORREST J. McKINLEY and "JANE DOE" McKINLEY, and the marital community property composed thereof d/b/a/ "Imperial Industrial Coatings" and EMERCO, INC., a California Corporation d/b/a/ Imperial Industrial Coatings,<br><br>　　　　Defendants. | CASE NO. A-03-0199 Civil (RRB)<br><br>**OPPOSITION OF FORREST J. McKINLEY TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES** |

Defendant Forrest J. McKinley ("Mr. McKinley") opposes Absolute Environmental Services, Inc.'s ("Absolute") motion for attorney's fees for the following reasons:

**FIRST**, Absolute has waived any claim for attorney's fees against Mr. McKinley by filing it's motion too late. Pursuant to Local Rule 54.3, in a diversity action, "the court will apply Rule 82, Alaska Rules of Civil Procedure . . . ." This is a federal diversity action. Alaska Rule of Civil Procedure 82 requires a motion for attorney's fees to be made within 10 days of the "judgment as defined by Civil Rule 58.1. Failure to move for attorney's fees within 10 days, or such additional time as the court may allow, shall be construed as a waiver of the party's right to

recover attorney's fees." In this case, the court granted summary judgment on August 22, 2007. It was not until 106 days later, on December 6, 2007, that Absolute moved for attorney's fees. Hence, Absolute has waived its right to recover attorney's fees against Mr. McKinley beyond the fees it has already been awarded.

**SECOND**, Absolute is not entitled to recover 100% of its fees against Mr. McKinley based on contract. (See Exhibit A to Declaration of Terry Marston). The attorney's fee clauses in the contract were limited to specific kinds of disputes between Imperial and Absolute which were not at issue in this case. For example, Article 5 concerned disputes relating to the correction of deficient work (and included overhead and profit in addition to attorney's fees). Article 7 consisted of an indemnity clause for third party tort claims. These clauses were not general clauses that provided for an award of attorney's fees in connection with all litigation "arising from or related to" the project or the contract. Moreover, pursuant to the court's summary judgment, Mr. McKinley is only liable for the debts of Imperial as the agent of an undisclosed principal. Mr. McKinley is not liable as a contracting party or as an "alter ego" of Imperial, and hence, he is not liable for contractual attorney's fees incurred in pursuing an action to hold him vicariously liable for Imperial.

**THIRD**, as the prevailing party on summary judgment, Absolute's fees are limited to those fees permitted by Alaska Rule of Civil Procedure 82(b)(2). That rule provides in cases where the prevailing party recovers no money judgment, the prevailing party in a case that does not go to trial may be awarded 20 percent of its actual attorney's fees which were *necessarily* incurred. In this case, Absolute did not recover a money judgment against Mr. McKinley; it obtained a judicial declaration that Mr. McKinley is liable for the debts of Emerco, Inc., dba Imperial Industrial Coatings based on the theory that Emerco, Inc., was the undisclosed principal of Mr. McKinley. The finding was made pursuant to a motion for summary judgment, not a trial. Hence, at most, Absolute is entitled to recover 20 percent of the attorney fees it *necessarily* incurred. Although Absolute asserts that all fees it incurred since May 23, 2007, total $44,920.00, it has not suggested or substantiated any claim that all of these fees were necessarily incurred against Mr. McKinley. Even if it had, 20% of its total fees is $8,984.00 – the most

1   Absolute could be awarded as attorney's fees against Mr. McKinley under Alaska law.

2   **FOURTH**, the motion for attorney's fees is not supported by sufficient evidence.
3   Absolute's attorney has simply attached various documents and declared that they are true and
4   correct copies of the documents. Absolute has failed to identify claimed fees as being fees that
5   were necessarily incurred, or why the fees were necessary. Moreover, there is no elaboration as
6   to any of the factors set forth in Alaska Rule of Civil Procedure 82(b)(3) which would warrant a
7   variation from the standard table of fees.

8   For the foregoing reasons, McKinley respectfully requests the motion for attorneys' fees
9   be denied, but that if any fees be awarded, they not exceed $8,984.00 as provided by the Local
10  Rules.

12  DATED: December 21, 2007            MONTELEONE & McCRORY LLP
13                                      Attorneys for Forrest J. McKinley

15                                      /s/  *William R. Baerg*
16                                      By_____
                                            PATRICK J. DUFFY III
17                                          WILLIAM R. BAERG

## **DECLARATION OF WILLIAM R. BAERG**

I, William R. Baerg, declare:

1. I am an attorney at law licensed by the State of California and specially admitted to this court for the within case. I represent Forrest J. McKinley.

2. This lawsuit was filed in the United States District Court for the District of Alaska on August 29, 2003, with jurisdiction conferred by virtue of diversity of citizenship, 28 U.S.C. § 1332.

3. This court granted summary judgment on August 22, 2007, against Mr. McKinley and in favor of Absolute Environmental Services, Inc. In its summary judgment, the court held Mr. McKinley liable as the agent of an undisclosed principal. 106 days later, on December 6, 2007, Absolute moved for attorney's fees against Mr. McKinley.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on December 21, 2007 in Los Angeles, California.

/s/   *William R. Baerg*

_____
       WILLIAM R. BAERG

**CERTIFICATE OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I certify that on December 21, 2007, a copy of the foregoing was electronically filed with the Clerk of the United States District Court, District of Alaska, using the CM/ECF System and was served electronically on the following:

William R. Baerg, baerg@mmlawyers.com
Eric J. Brown, ebrown@jdolaw.com
Robert J. Dickson, acgecf@acglaw.com
Jami K. Elison, jamie@mhf-law.com
Michael E. Kreger, mkreger@perkinscoie.com
Terry R. Marston, terry@mhf-law.com
Paul J. Nangle, PaulJ.Nangle@acsalaska.net
Jacob B. Nist, jnist@perkinscoie.com
Peter C. Partnow, PartnowP@LanePowell.com
James B. Stoetzer, StoetzerJ@LanePowell.com

I declare under penalty of perjury under the laws of the United States that the above is true and correct. Executed on December 21, 2007, at Los Angeles, California.

/s/ *William R. Baerg*
_____
WILLIAM R. BAERG