Terry R. Marston, *pro hac vice*, terry@marstonelison.co
Jami K. Elison, *pro hac vice*, jami@marstonelison.com
MARSTON ELISON, PLLC
16880 N.E. 79th Street
Redmond, Washington 98052
(425) 861-5700

PAUL J. NANGLE & ASSOCIATES
Kerry Building
101 Christensen Drive
Anchorage, Alaska 99501
Telephone: (907) 274-8866

Attorney for Plaintiff ABSOLUTE ENVIRONMENTAL SERVICES, INC.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES) INC., an Alaska Corporation,<br><br>Plaintiff,<br>vs.<br>FORREST J. MCKINLEY, an individual, d/b/a "Imperial Industrial Coatings" and EMERCO, INC., a California Corporation, d/b/a Imperial Industrial Coatings,<br><br>Defendant.<br>_____<br>EMERCO, INC., a California corporation d/b/a) Imperial Industrial Coatings, and the States for Use and Benefit of EMERCO, INC.,<br><br>Counterclaimant/Third-party Claimant,<br>v.<br>ABSOLUTE ENVIRONMENTAL SERVICES INC., an Alaska corporation, et al.,<br><br>Cross-defendants/Third-party Defendants. | Case No.: A03-0199CV (RRB)<br><br>**ABSOLUTE'S REPLY TO MCKINLEY'S: (A) OBJECTION TO PROPOSED FINAL JUDGMENT AGAINST FORREST J. MCKINLEY; (B) OBJECTION TO DECLARATION OF MARSTON IN SUPPORT OF PREJUDGMENT INTEREST; AND (C) OPPOSITION TO MOTION FOR FEES** |

|   |   |
|---|---|
| THE UNITED STATES OF AMERICA for the and benefit of ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation. | ) ) ) |
| Defendants. | ) ) |
| BRECHAN ENTERPRISES, INC., an Alaska corporation, | ) ) ) |
| Counterclaim Plaintiff, | ) |
| vs. | ) ) |
| ABSOLUTE ENVIRONMENTAL SERVICES INC., an Alaska Corporation, | ) ) ) |
| Counterclaim Defendant. | ) |
| BRECHAN ENTERPRISES, INC., an Alaska corporation, | ) ) ) |
| Third-Party Plaintiff, | ) |
| vs. | ) ) |
| COFFMAN ENGINEERS, INC, a Washington Corporation. | ) ) ) |
| Third-Party Defendant. | ) |
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, | ) ) ) |
| Plaintiff/Cross-claimant, | ) |
| vs. | ) ) |
| COFFMAN ENGINEERS, INC, a Washington Corporation. | ) ) ) |
| Third-Party Defendant. | ) |

### A. ABSOLUTE'S REPLY TO OBJECTION TO PROPOSED FINAL JUDGMENT AGAINST FORREST J. MCKINLEY

**McKinley is Directly, Not Vicariously, Liable For Breach Of Contract; He Is Liable For Fees And Interest Independently Of Emerco, Inc. Through The Date Final Judgment Is Entered Against Him Personally**

McKinley misrepresents to this Court the nature of his liability to Absolute and the relationship of the judgment obtained by Absolute against him personally and against Emerco, Inc. in order to falsely claim immunity from prejudgment interest and liability for attorneys' fees incurred in obtaining a final judgment against him personally.

Without citing any supporting legal authority, McKinley argues three legal propositions that he claims immunize him from liability for prejudgment interest and attorneys' fees after judgment has been entered against his corporation, Emerco, Inc. Each one of these propositions builds upon the other; however, not one is true:

(1) McKinley argues that his liability to Absolute is merely "vicarious." This is patently false under Alaska law:

> An agent who makes a contract for an undisclosed or partially disclosed principal will be liable *as a party to the contract*. Restatement (Second) of Agency, §§ 321, 322 (1958). Thus, Jensen can avoid liability only if his use of corporate checks disclosed the existence of Arthur Jensen, Inc. and Jensen's intention to the contract on its behalf.

*Jensen v. Alaska Valuation Service, Inc.*, 688 P.2d 161, 162-63 (Alaska 1984)(Plaintiff Absolute's Motion For Summary Judgment Against Forrest J. McKinley, p.7).

(2) McKinley (falsely assuming his liability is merely vicarious) then argues that a judgment entered against him personally "relates back" to the judgment entered against Emerco, Inc. However, as stated above, McKinley's liability is not "vicarious." He is personally liable for breach of contract "*as a party to the contract.*" *Jensen, supra.*

Furthermore, a judgment against a corporation is not the same as a judgment against an individual, even if that individual is its sole shareholder. Without Absolute's having moved for summary judgment against McKinley *personally*, it would have no right to seek satisfaction of its judgment against Emerco from the assets of McKinley personally. It was only after having obtained summary judgment against McKinley personally for breach of contract was there a judgment against McKinley personally that could be satisfied from McKinley's own assets. No judgment against McKinley existed until Absolute brought its motion and the Court granted it. There is no support in the law for the fictional relation-back concept proffered by McKinley, and none was cited by McKinley.

(3) And, finally, McKinley argues (once again assuming falsely that his liability is vicarious and that a judgment entered against him personally relates back to the judgment against Emerco) that accrual of prejudgment interest against him personally and his personal further liability for attorneys' fees is barred after the date judgment was entered against Emerco, Inc.

Once again, McKinley's premises are wholly invalid: McKinley's liability is not vicarious; he is personally liable "as a party to the contract." *Jensen, supra*. There is no support in the law for the fictional *relation-back* concept proffered by McKinley. There is no support in the law for McKinley's concluding argument that accrual of prejudgment interest against him personally and any liability he might have for attorneys' fees incurred by Absolute in obtaining judgments against him personally are barred after the date judgment was entered against Emerco.

**B.  ABSOLUTE'S REPLY TO OBJECTION TO DECLARATION OF TRM IN SUPPORT OF PREJUDGMENT INTEREST**

McKinley objects to the Declaration of Terry R. Marston II in Support of Absolute's Motion for Prejudgment interest against McKinley asserting that the spreadsheet attached to the

declaration lacks foundation as to the preparation of the document and the basis of the data contained therein.

McKinley's objections are without merit. The basis of the interest calculations is expressly set forth in the declaration and is evident on the face of the accompanying spreadsheet itself. As McKinley offered no specific criticism explaining the basis of his "foundation" objection, no more specific response is possible here.

C.  **ABSOLUTE'S REPLY TO MCKINLEY'S OPPOSITION TO MOTION FOR FEES**

McKinley's opposition to Absolute's motion for award of attorneys' fees claims that the contract attorneys' fee clause does not apply to the *type of dispute* between McKinley and Absolute, liability as an agent of an undisclosed principal. McKinley's argument has no merit.

McKinley misrepresents his own *affirmative defense* – that he only signed the contract with Absolute *as an agent* for Emerco, Inc. – as a claim of Absolute. This is absurd and contrary to the record. See, Section B. of Absolute's Motion for Summary Judgment (which successfully obtained the dismissal of McKinley's affirmative defense resulting in entry of judgment against him) stating the following:

> B. AGENCY IS AN AFFIRMATIVE DEFENSE PLACING THE BURDEN OF PROOF ON THE PARTY SEEKING TO USE IT TO AVOID LIABILITY.
> The party seeking the affirmative defense of being an agent bears the burden to prove "all necessary facts to exonerate him from personal liability." *Southwestern Bell Media, Inc. v. Trepper*, 784 S.W.2d 68, 72 (Tex.App. 1989).

Plaintiff Absolute's Motion For Summary Judgment Against Forrest J. McKinley, p.7.

As is confirmed by the allegations within Absolute's Complaint against Forrest J. McKinley in this case, Absolute's claim against McKinley was that, as a party to the contract with Absolute, he breached that contract by failing to cure the defects in his work specified in each of

the three specific "Cure Notices" issued during the project and then wrongfully abandoning the project before completing his work. The attorneys' fees clause in the parties' contract <u>expressly</u> applies to just such a situation, as McKinley in his own briefing on this motion noted:

> For example, Article 5 concerned disputes relating to the correction of deficient work (and included overhead and profit in addition to attorneys' fees).

Opposition of Forrest J. McKinley to Plaintiff's Motion for Attorneys' Fees, p. 2, line 8-9.

McKinley argues that Absolute has not substantiated that the fees it seeks were necessarily incurred in obtaining a judgment against McKinley. From a cursory observation of the District Court's files, this Court will be able to see that the first person named as a defendant in this lawsuit was Forrest J. McKinley. The last person fighting against liability by asserting an invalid agency affirmative defense was Forrest J. McKinley. The last person seeking to evade liability under the terms of his contract for prejudgment interest and attorneys' fees is Forrest J. McKinley. The only defendant still remaining in this lawsuit is Forrest J. McKinley. Therefore, *all* the fees incurred from the first day of this litigation to this moment have all been precipitated in whole or in part by the breaches of contract of Forrest J. McKinley. McKinley's objection is groundless.

Though McKinley's argument suggests otherwise, Absolute's motion for award of attorneys' fees against Forrest J. McKinley is <u>not</u> based on Alaska Rule 82, which only provides for *a partial* fee award. "[W]here a contract between the parties allows for one party to recover attorney's fees in the event of litigation, 'the contract provision must prevail over any limitations otherwise imposed by <u>Rule 82</u>.'" *Rockstad v. Erikson*, 113 P.3d 1215, 1224 (Alaska 2005). Absolute's motion was expressly and <u>solely</u> based on the attorneys' fee clause in article five <u>of the contract</u> McKinley signed with Absolute, which provides for a *complete* fee award in addition to

prejudgment interest *as an element of damages* for breach of contract, as is stated in Absolute's opening brief on this motion.

McKinley argues that under Alaska's Rule 82, a motion for fees must be filed within ten days after the date of entry of judgment or a party waives any claim for attorneys' fees. Even if Absolute were seeking attorneys' fees under Rule 82, McKinley has misstated the triggering event for the ten days which is the issuance of a certificate of distribution by the court clerk.[1] No such certificate has been issued, nor could it be until the remaining issues of entitlement to judgment on the contractual issues of damages in the form of contract interest and attorneys' fees has been resolved by this motion.

McKinley argues that under Alaska's Rule 82, Absolute is entitled to an attorneys' fee award of no more than $8,984 (20% of the $44,920 in attorneys' fees incurred in obtaining the judgment McKinley). The terms of Rule 82 in this regard speak for themselves; however, Absolute is **not** seeking an award of fees under Rule 82 on this motion. Absolute's request for fees is based on the terms of its contract that do not restrict the amount of its fee award to an artificial percentage in the manner that Rule 82 does.

McKinley has also presented a red-herring argument that Absolute should not be allowed an independent judgment against McKinley when it already has a judgment for the same breach against Emerco, Inc. Absolute is fully entitled to an independent judgment which is in fact necessary to pursue collection actions against Mr. McKinley personally. McKinley's misleading argument is that Absolute should not be allowed to collect twice. As a practical matter, there is

---

[1] **(c) Motions for Attorney's Fees.** A motion is required for an award of attorney's fees under this rule or pursuant to contract, statute, regulation, or law. The motion must be filed within 10 days after the date shown in the clerk's certificate of distribution on the judgment as defined by Civil Rule 58.1. Failure to move for attorney's fees within 10 days, or such additional time as the court may allow, shall be construed as a waiver of the party's right to recover attorney's fees. A motion for attorney's fees in a default case must specify actual fees. CR 82

scant chance of this. Absolute has had a judgment against Emerco, Inc. for most of a year now and has yet to collect a single penny, much less to over-collect. However, Absolute wants to be clear that it has no intention of seeking any multiple recoveries and would agree to any reasonable language Mr. McKinley would like to propose to effectuate such a restriction. By arguing against an independent judgment, McKinley is not truly trying to prevent Absolute from collecting twice; rather, McKinley is trying to prevent Absolute from collecting at all.

On the other hand, Absolute is not willing to agree to waive its entitlement to the added attorneys' fees it was forced to incur in endeavoring to overcome the affirmative defenses the Mr. McKinley chose to insist on interposing long after the jury had rendered its judgment and despite the fact that the defense asserted by Mr. McKinley was sufficiently specious that it could not withstand a motion for summary judgment.

The amount of the judgment against Emerco, Inc., a separate legal entity is therefore less than the judgment to be entered against Mr. McKinley. By the same analysis the judgment against Mr. McKinley, who is not Emerco must be larger -- and larger for no other reason than that Mr. McKinley chose to independently continue to fight on at Absolute's very great expense long after there was any legitimate justification for doing so.

## CONCLUSION

For the foregoing reasons, Absolute Environmental Services, Inc., respectfully requests that this Court enter judgment against Forrest J. McKinley for the principal amount of the judgment of $205,069.70, for prejudgment interest in the amount of $84,438.15, and for attorneys' fees in the amount of $288,173.00, for a total Final Judgment to be signed by the Court in the amount of $577,680.85 against Forrest J. McKinley.

1   DATED this 31st day of December, 2007.

                                    **MARSTON ELISON, PLLC**
                                    By s/Terry R. Marston II
                                        Terry R. Marston II, WSBA No. 14440
                                        Jami K. Elison, WSBA No. 31007
                                    Attorneys for Plaintiff Absolute Environmental
                                    Service, Inc.

I hereby certify that on the date given a copy of the forgoing was electronically filed with the Clerk of Court using the CM/ECF system and was served electronically on the following:

William R. Baerg, Patrick J. Duffy
Eric J. Brown
Robert J. Dickson
Michael E Kreger, Jacob Nist
James B. Stoetzer, Peter C. Partnow

s/Terry R. Marston II