Terry R. Marston, *pro hac vice,* terry@marstonelison.co
Jami K. Elison, *pro hac vice,* jami@marstonelison.com
MARSTON ELISON, PLLC
16880 N.E. 79th Street
Redmond, Washington 98052
(425) 861-5700

PAUL J. NANGLE & ASSOCIATES
Kerry Building
101 Christensen Drive
Anchorage, Alaska 99501
Telephone: (907) 274-8866

Attorney for Plaintiff ABSOLUTE ENVIRONMENTAL SERVICES, INC.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES INC., an Alaska Corporation, <br><br> Plaintiff, <br><br> vs. <br><br> FORREST J. MCKINLEY, an individual, d/b/a "Imperial Industrial Coatings" and EMERCO, INC., a California Corporation, d/b/a Imperial Industrial Coatings, <br><br> Defendant. | Case No.: A03-0199CV (RRB) <br><br> **MOTION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1963 PERMITTING PLAINTIFF TO REGISTER THIS COURT'S JUDGMENT IN ANY UNITED STATES DISTRICT** |
| EMERCO, INC., a California corporation d/b/a Imperial Industrial Coatings, and the States for Use and Benefit of EMERCO, INC., <br><br> Counterclaimant/Third-party Claimant, <br><br> v. <br><br> ABSOLUTE ENVIRONMENTAL SERVICES INC., an Alaska corporation, et al., <br><br> Cross-defendants/Third-party Defendants. | |

| | |
|---|---|
| THE UNITED STATES OF AMERICA for the and benefit of ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation. | ) ) ) |
| Defendants. | ) |
| BRECHAN ENTERPRISES, INC., an Alaska corporation, | ) ) ) |
| Counterclaim Plaintiff, | ) |
| vs. | ) ) |
| ABSOLUTE ENVIRONMENTAL SERVICES INC., an Alaska Corporation, | ) ) ) |
| Counterclaim Defendant | ) |
| BRECHAN ENTERPRISES, INC., an Alaska corporation, | ) ) ) |
| Third-Party Plaintiff, | ) |
| vs. | ) ) |
| COFFMAN ENGINEERS, INC, a Washington Corporation. | ) ) ) |
| Third-Party Defendant. | ) |
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, | ) ) ) |
| Plaintiff/Cross-claimant, | ) |
| vs. | ) ) |
| COFFMAN ENGINEERS, INC, a Washington Corporation. | ) ) ) |
| Third-Party Defendant. | ) |

MOTION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1963 PERMITTING PLAINTIFF TO
REGISTER THIS COURT'S JUDGMENT IN ANY UNITED STATES DISTRICT
Case No. A03-0199CV (RRB)-- 2

## RELIEF

Plaintiff Absolute Environmental Services, Inc. ("Absolute") moves this Court for an order pursuant to 28 U.S.C. § 1963 permitting Plaintiff to register this Court's judgment of January 18, 2008, in any United States District where defendant is believed to have property.

## DISCUSSION

This Court entered judgment entered against defendant Forrest J. McKinley in the sum of $403,961.78 on January 18, 2008. Since then, Mr. McKinley has failed to pay any portion of that judgment. Plaintiff, Absolute Environmental Services, Inc. desires to pursue collection efforts on the judgment against Mr. McKinley. McKinley has no assets in the State of Alaska, however, necessitating that Absolute enter the judgment of this Court in the federal judicial districts in California where Mr. McKinley resides and owns property.

The federal statute governing the circumstances when a judgment may be entered in a sister district permit such entry when the judgment has become final or, when a judgment has been appealed, when the District Court that entered the judgment issues an order authorizing the entry of the judgment in a sister jurisdiction for good cause shown.

> A judgment in an action for recovery of money or property entered in any district court ... may be registered by filing a certified copy of such judgment in any other district ... when the judgment has become final by appeal or expiration of the time for appeal <u>or when ordered by the court that entered the judgment for good cause shown</u>.

28 U.S.C. § 1963 (emphasis added). A showing of "good cause" is made by demonstrating the judgment debtor has no assets in the District where the judgment was first entered to satisfy the judgment with.

> The good cause requirement may be satisfied if the judgment debtor has substantial property in a foreign district and insufficient property in the rendering district to satisfy the judgment.

*Schreiber v. Kellogg*, 839 F.Supp. 1157, 1162 (E.D.Pa. 1993). *See also, Spray Drift Task Force v. Burlington Bio-Medical Corp.*, 429 F.Supp.2d 49, (D.D.C. 2006)(granting an order to permit Claimant to immediately register the judgment in other United District Courts pursuant to 28 U.S.C. § 1963).

There is good cause to enter an order to authorizing the registering of this Court's January 18, 2008 judgment in the State of California. Mr. McKinley has no assets within Alaska to satisfy the judgment. He does, however, have substantial assets to cover the judgment in California. See, Declaration of David Olson, Exhibit 1 (listing California property).

There is tremendous potential harm to Absolute in the event that collection would be delayed without a supersedeas bond having been placed. The assets out of which the Court's Judgment might be paid could be dissipated, transferred, or otherwise concealed. Because a supersedeas bond could be placed, staying enforcement of the judgment, no harm could come to Forrest J. McKinley by entering an order authorizing the registration of the judgment in a district where he has property

### **CONCLUSION**

Absolute respectfully requests this Court to enter an Order to authorizing Absolute Environmental Services, Inc. to enter this Court's Judgment in any United States judicial district where Forrest J. McKinley is believed to own property.

DATED this 22nd day of February, 2008.

**MARSTON ELISON, PLLC**

| | |
|---|---|
|1| By s/Terry R. Marston II |
|2| Terry R. Marston II, WSBA No. 14440 |
| | Jami K. Elison, WSBA No. 31007 |
|3| Attorneys for Plaintiff Absolute Environmental Service, Inc. |

I hereby certify that on the date given a copy of the forgoing was electronically filed with the Clerk of Court using the CM/ECF system and was served electronically on the following:

William R. Baerg, Patrick J. Duffy
Eric J. Brown
Robert J. Dickson
Michael E Kreger, Jacob Nist
James B. Stoetzer, Peter C. Partnow

s/Terry R. Marston II