Terry R. Marston, *pro hac vice,* terry@marstonelison.com
Jami K. Elison, *pro hac vice,* jami@marstonelison.com
MARSTON ELISON, PLLC
16880 N.E. 79th Street
Redmond, Washington  98052
(425) 861-5700

PAUL J.  NANGLE & ASSOCIATES
Kerry Building
101 Christensen Drive
Anchorage, Alaska  99501
Telephone:  (907) 274-8866


Attorney for Plaintiff ABSOLUTE ENVIRONMENTAL SERVICES, INC.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES INC., an Alaska Corporation, <br><br>    Plaintiff, <br>    vs. <br><br>FORREST J. MCKINLEY, an individual, d/b/a "Imperial Industrial Coatings" and EMERCO, INC., a California Corporation, d/b/a Imperial Industrial Coatings, <br><br>    Defendant. | Case No.: A03-0199CV (RRB) <br><br> **REPLY IN SUPPORT OF MOTION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1963 PERMITTING PLAINTIFF TO REGISTER THIS COURT'S JUDGMENT IN ANY UNITED STATES DISTRICT** |
| EMERCO, INC., a California corporation d/b/a Imperial Industrial Coatings, and the States for Use and Benefit of EMERCO, INC., <br><br>Counterclaimant/Third-party Claimant, <br><br>v. <br><br>ABSOLUTE ENVIRONMENTAL SERVICES INC., an Alaska corporation, et al., <br><br>Cross-defendants/Third-party Defendants. | |

| | |
|---|---|
| THE UNITED STATES OF AMERICA for the use and benefit of ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, | ) ) ) ) |
| Plaintiff, | ) |
| vs. | ) ) |
| SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation. | ) ) ) |
| Defendants. | ) |
| BRECHAN ENTERPRISES, INC., an Alaska corporation, | ) ) ) |
| Counterclaim Plaintiff, | ) |
| vs. | ) ) |
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, | ) ) ) |
| Counterclaim Defendant | ) |
| BRECHAN ENTERPRISES, INC., an Alaska corporation, | ) ) ) |
| Third-Party Plaintiff, | ) |
| vs. | ) ) |
| COFFMAN ENGINEERS, INC, a Washington Corporation. | ) ) ) |
| Third-Party Defendant. | ) |
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, | ) ) ) |
| Plaintiff/Cross-claimant, | ) |
| vs. | ) ) |
| COFFMAN ENGINEERS, INC, a Washington Corporation. | ) ) ) |
| Third-Party Defendant. | ) |

REPLY IN SUPPORT OF MOTION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1963
PERMITTING PLAINTIFF TO REGISTER THIS COURT'S JUDGMENT IN ANY UNITED STATES
DISTRICT
Case No. A03-0199CV (RRB)-- 2

## **REPLY**

Defendant Forrest J. McKinley offers no meaningful opposition to Plaintiff's motion to register the judgment of this court in California. Plaintiff's motion should therefore be granted.

In its response opposing Plaintiff Absolute's motion to register the judgment of this Court with the Federal District Courts of California, Defendant Forrest J. McKinley offers no substantive objection to the relief Absolute requested. Instead, he quarrels with the procedural sufficiency of the declaration submitted in support of the motion. His contention is that David Olson's declaration that Defendant McKinley possesses assets in California is insufficient to support Plaintiff's motion because it is based "upon information and belief." If Defendant McKinley's does not violate Rule 11 of the Federal Rules of Civil Procedure, it comes as close as anything can without doing so. Rule 11(b) states that

> **Representations to Court**. By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney … is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, --
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause <u>unnecessary delay</u> or <u>needless increase in the cost</u> of litigation;
>
> * * *
>
> (4) <u>the denials of factual contentions are warranted on the evidence</u> or, if specifically so identified, are reasonably based on a lack of information or belief.

Fed. R. Civ. P. 11(b) (emphasis added).

McKinley's cavils about the sufficiency of Mr. Olson's declaration cannot be viewed as meeting the requirements of Rule 11(b) when he knows that

(a) the factual contentions Olson made are *true*;

(b) Olson's "information and belief" were based on Olson's having attended McKinley's depositions before trial in which McKinley testified extensively about the businesses and

properties he owns in California (see accompanying Declaration of Terry R. Marston II in Support of Motion for an Order Pursuant to 28 U.S.C. § 1963 Permitting Plaintiff to Register This Court's Judgment in Any United States District); and

(c) he, McKinley, testified at trial that he resides, and the businesses he owns are located, in California (a fact the Court will recall that he vigorously sought through motions *in limine* to conceal from the jury).

Plaintiff's motion is amply supported by the facts and law. Defendant McKinley's opposition is devoid of merit and nothing more than an effort to delay Plaintiff's obtaining a satisfaction of the judgment entered in its favor by this Court. Accordingly, Plaintiff respectfully requests that this Court grant its motion.

DATED this 14th day of February, 2008.

**MARSTON ELISON, PLLC**

By s/Terry R. Marston II_____
    Terry R. Marston II, WSBA No. 14440
    Jami K. Elison, WSBA No. 31007
Attorneys for Plaintiff Absolute Environmental Service, Inc.

---

I hereby certify that on the date given a copy of the forgoing was electronically filed with the Clerk of Court using the CM/ECF system and was served electronically on the following:

William R. Baerg, Patrick J. Duffy
Eric J. Brown
Robert J. Dickson
Michael E Kreger, Jacob Nist
James B. Stoetzer, Peter C. Partnow

s/Terry R. Marston II_____

---