Terry R. Marston, *pro hac vice,* terry@marstonelison.com
Jami K. Elison, *pro hac vice,* jami@marstonelison.com
Jesse P. Elison, *pro hac vice*, jesse@marstonelison.com
MARSTONELISON, PLLC
16880 N.E. 79th Street
Redmond, Washington  98052
(425) 861-5700

PAUL J.  NANGLE & ASSOCIATES
Kerry Building
101 Christensen Drive
Anchorage, Alaska  99501
Telephone:  (907) 274-8866

Attorney for Plaintiff ABSOLUTE ENVIRONMENTAL SERVICES, INC.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>FORREST J. MCKINLEY, an individual, d/b/a "Imperial Industrial Coatings" and EMERCO, INC., a California Corporation, d/b/a Imperial Industrial Coatings, BRECHAN ENTERPRISES, INC., an Alaska corporation; and SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation.<br><br>Defendants.<br><br>EMERCO, INC., a California corporation d/b/a Imperial Industrial Coatings, and the States for Use and Benefit of EMERCO, INC.,<br><br>Counterclaimant/Third-party Claimant,<br><br>v.<br><br>ABSOLUTE ENVIRONMENTAL SERVICES INC., an Alaska corporation, et al.,<br><br>Cross-defendants/Third-party Defendants. | Case No.: A03-0199CV (RRB)<br><br>**DECLARATION OF TERRY R. MARSTON IN SUPPORT OF MOTION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1963 PERMITTING PLAINTIFF TO REGISTER THIS COURT'S JUDGMENT IN ANY UNITED STATES DISTRICT** |

|   |   |
|---|---|
| THE UNITED STATES OF AMERICA *for the use and benefit of* ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, | ) ) ) ) ) |
| Plaintiff, | ) |
| vs. | ) ) |
| SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation. | ) ) ) |
| Defendants. | ) ) |
| BRECHAN ENTERPRISES, INC., an Alaska corporation, | ) ) ) |
| Counterclaim Plaintiff, | ) |
| vs. | ) ) |
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, | ) ) ) |
| Counterclaim Defendant. | ) |
| BRECHAN ENTERPRISES, INC., an Alaska corporation, | ) ) ) |
| Third-Party Plaintiff, | ) |
| vs. | ) ) |
| COFFMAN ENGINEERS, INC, a Washington Corporation. | ) ) ) |
| Third-Party Defendant. | ) ) |
| ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska Corporation, | ) ) ) |
| Plaintiff/Cross-claimant, | ) |
| vs. | ) ) |
| COFFMAN ENGINEERS, INC, a Washington Corporation. | ) ) ) |
| Third-Party Defendant. | ) |

DECLARATION OF TERRY R. MARSTON IN SUPPORT OF MOTION FOR AN ORDER
PURSUANT TO 28 U.S.C. § 1963 PERMITTING PLAINTIFF TO REGISTER THIS COURT'S
JUDGMENT IN ANY UNITED STATES DISTRICT
Case No. A03-0199CV (RRB)-- 2

I, Terry R. Marston II, being first duly sworn, declare under penalty of perjury as follows:

1. Attached hereto are true and correct copies of excerpts of the deposition of Forrest J. McKinley conducted on February 9, 2005, at the offices of Monteleone & McCrory in Los Angeles California. In attendance at that deposition were Terry R. Marston, David E. Olson, and William Baerg, who was representing Mr. McKinley at that deposition.

2. In preparation for the possibility of going to trial on a theory of corporate disregard ("piercing the corporate veil"), Mr. McKinley was deposed on what assets he owned in California and the relationship of those assets and the various corporations he owns. Mr. McKinley identified various commercial properties, rental properties, and vacation <u>properties he owns in California</u> in the course of that deposition.

169
23　**Q.　HOW MANY TIME SHARES DO YOU OWN?  YOU ALREADY**
24　**IDENTIFIED ONE IN MEXICO AND ANOTHER IN HAWAII.**
25　　**A.　YES.  AND ANOTHER, ANOTHER EIGHT.**

170
1　**Q.　WHERE ARE THE OTHER EIGHT?**
2　　**A.　<u>TAHOE</u>.**
3　**Q.　WHERE ARE THE OTHER EIGHT?**
4　　**A.　TAHOE.**
　　　　　　　　　　　　* * *
16　Q.　ARE THE EIGHT TIME SHARES THAT YOU OWN IN TAHOE
17　IN THE SAME FACILITY?
18　　A.　YES.
19　Q.　DO YOU USE THESE EIGHT TIME SHARES YOURSELF?
20　　A.　I USE ONE A YEAR PROBABLY, MAYBE TWICE A YEAR.
21　Q.　WHY DID YOU PURCHASE EIGHT OF THEM THEN?
22　　A.　BECAUSE THE PRICE WAS REASONABLE, AND WE WERE
23　GOING TO -- I LET MY FRIENDS USE THEM.
24　Q.　SO YOU BOUGHT EIGHT IDENTICAL TIME SHARES IN
25　TAHOE BECAUSE THE PRICE WAS REASONABLE, AND YOU WANTED TO

                                  171
1  MAKE THEM AVAILABLE TO YOUR FRIENDS; IS THAT RIGHT?
2     A.  THAT'S BASICALLY.
                                * * *
17    Q.  SO YOU OWN -- OTHER THAN TIME SHARES YOU OWN, THE
18  CONDOS IN ROSARITO, MEXICO, DO YOU OWN YOUR PERSONAL
19  RESIDENCE?
20    A.  NO.
21    Q.  WHO OWNS YOUR PERSONAL RESIDENCE?
22    A.  MY EX-WIFE.
23    Q.  DO YOU RENT THAT FROM HER?
24    A.  I USE IT.
25    Q.  RENT FREE?

                                  172
1     A.  MAINTAIN.  AND MAINTAIN.
2     Q.  SHE CHARGES YOU NO RENT TO USE IT?
3     A.  NO.
                                * * *
**8     Q.  WHO OWNS 1186 CENTER STREET [Riverside, California]?**
**9     A.  THE PROPERTY I DO.**
                                * * *
22    Q.  HOW LONG HAVE YOU OWNED IT?
23    A.  OH, SIX YEARS, EIGHT YEARS.
24    Q.  DO YOU OWN IT FREE AND CLEAR?
25    A.  NO, SIR.

                                  173
1     Q.  WHO IS YOUR LENDER?
2     A.  THERE IS NO LENDER.  IT'S A PRIVATE NOTE.
                                * * *
**16    Q.  WHO OWNS 983 CENTER STREET [Riverside, California]??**
**17    A.  I DO.**
                                * * *

                                  174
                                * * *
7     Q.  DO YOU GET ANY RENTAL INCOME FROM ANY PROPERTIES
8   OTHER THAN THE HESPERIA PROPERTY AND THE CENTER STREET
9   OFFICE?
10    A.  AND 983, WHATEVER IT IS.
11    Q.  AND WHAT RENT DO YOU GET OFF OF 983?
12    A.  I BELIEVE IT'S $800 A MONTH.
13    Q.  WHAT RENT DO YOU GET OFF OF HESPERIA?

```
                          * * *
                           175
                          * * *
 3    Q.  SO IF YOU HAD FULL OCCUPANCY AND ASSUMING IT WAS
 4  $600 PER UNIT, THEN MAYBE YOU'RE GETTING AS MUCH AS $3,600
 5  A MONTH REVENUE?
 6    A.  I THINK THE MAX EVER PAID IS 3 BECAUSE THERE'S
 7  ALWAYS PROPERTY MANAGEMENT FEES AND DAMAGES AND UNITS TO
 8  PUT BACK TOGETHER.  AND THEN YOU HAVE YOUR LAND -- WE PAY
 9  THE TAXES AND EVERYTHING ON IT SO IT DOESN'T AVERAGE OUT
10  THAT GOOD.
11    Q.  WHAT IS THE RENT YOU GET FROM -- YOU GET RENT
12  FROM 983 AND YOU GET RENT FROM 1180?
13    A.  1180 CENTER STREET?
14    Q.  YES.
15    A.  AND 1186.  1180 PAYS ME 350 A MONTH.
16    Q.  358?
17    A.  350.
18    Q.  350 EVEN?
19    A.  UH-HUH.
20    Q.  983 GIVES YOU 800?
21    A.  UH-HUH.
22    Q.  SO IS THAT YOUR TOTAL RENTAL INCOME APPROXIMATELY
23  EACH MONTH FROM YOUR PROPERTIES DEPENDING UPON YOUR
24  OCCUPANCY?
25    A.  YES.

                           176
                          * * *
 7    Q.  HOW MUCH DO YOU GET FOR THE OFFICE THEN?
 8    A.  1,500 FROM THE COMPANY, AND 1,350 GOES OUT AS
 9  PAYMENTS PLUS TAXES AND INSURANCE.
10    Q.  SO SINCE I DON'T HAVE THOSE EXPENSES FACTORED IN
11  HERE, THEN WE GET 3,000, 3,800, 4,150, 5,150.  SO YOUR NET
12  INCOME FROM RENTALS IS NECESSARILY LESS THAN 5,150 A MONTH?
13    A.  LESS THAN THAT, YES.  PLUS COSTS.
14    Q.  SO IF YOU ANNUALIZE THAT IT'S SOMETHING LESS THAN
15  $60,000 A YEAR?
16    A.  PROBABLY.  IT'S ON THE TAX RETURNS.  YOU REVIEWED
17  THEM.
```

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 14th day of March, 2008 at Redmond, Washington.

                                      s/Terry R. Marston II_____
                                      **Terry R. Marston**